## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § | |
| | § | Case No. 15-_____ (___) |
| | § | |
| | § | Joint Administration Requested |
| Debtors. | § | |

-----------------------------------------------------------------

## DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (II) APPROVING THE DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT FOR UTILITIES; AND (III) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS TO THE DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") respectfully request entry of interim and final orders (i) prohibiting utilities (the "**Utility Companies**"), as that term is used in section 366 of title 11 of the United States Code (the "**Bankruptcy Code**"), from altering, refusing, or discontinuing services to, or discriminating against, the Debtors solely on the basis of the commencement of these chapter 11 cases, a debt owed by the Debtors for services rendered prior to the Petition Date, or any perceived inadequacy of the Debtors' proposed adequate assurance of payment to Utility Companies for postpetition services; (ii) approving the Debtors' proposed adequate

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).  The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

assurance of payment for Utility Companies for postpetition services; and (iii) approving procedures for resolving objections to the Debtors' proposed adequate assurance of payment for Utility Companies for postpetition services.  In support of this Motion, the Debtors rely on and incorporate by reference *Declaration of William J. Nolan in Support of Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"), filed concurrently with this Motion.[2]  In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

**JURISDICTION & VENUE**

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).[3]

**BACKGROUND**

2.      On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

3.      Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada.  Corinthian offered career-oriented diploma and degree programs in diverse fields such as health

---

[2]      Capitalized terms not otherwise defined in this Motion have the meanings used in the First Day Declaration.

[3]      Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

- 2 -

care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology.  As of March 31, 2014, Corinthian operated over 100 campuses and provided educational opportunities to more than 74,000 students and had more than 10,000 employees.  It also offered degrees online.

4.      Among its acquisitions, in January 2010, Corinthian purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**").  Heald, through its subsidiaries, operates Heald College, a 150 year old regionally accredited institution with 12 campuses offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

5.      Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the First Day Declaration.

## RELIEF REQUESTED

6.      By this Motion, the Debtors request entry of interim and final orders, substantially in the forms attached hereto as Exhibit A (the "**Interim Order**") and Exhibit B (the "**Final Order**"), respectively, under Bankruptcy Code sections 105(a) and 366 and Local Rule 9013-1(m), (i) prohibiting Utility Companies from altering, refusing, or discontinuing services to, or discriminating against, the Debtors solely on the basis of the commencement of the Debtors' chapter 11 cases, a debt owed by the Debtors for services rendered prior to the Petition Date, or any perceived inadequacy of the Debtors' proposed adequate assurance of payment for Utility Companies for postpetition services; (ii) approving the Debtors' proposed adequate assurance of payment for Utility Companies for postpetition services; and (iii) approving procedures for resolving objections to the Debtors' proposed adequate assurance of payment for Utility Companies for postpetition services.

RLF1 11876329v.4

## BASIS FOR RELIEF REQUESTED

## I.  FACTS SPECIFIC TO RELIEF REQUESTED

### A.    The Debtors' Utility Services

7.    The Debtors utilize electricity, water, waste disposal, telephone and internet services, and other similar services (collectively, the "**Utility Services**") from Utility Companies to operate their businesses.[4]   A nonexclusive list of Utility Companies that provide Utility Services to the Debtors as of the Petition Date appears as <u>Exhibit C</u> to this Motion (the "**Utility Services List**").[5]  The relief requested applies to all Utility Companies providing Utility Services to the Debtors, whether or not included on the Utility Services List.

8.    Generally, payments for Utility Services are made in arrears.   The Debtors estimate that the costs paid for Utility Services related to its remaining operations are an average of $94,139.27 a month.[6]  The Debtors estimate that their cost for Utility Services during the two weeks following the Petition Date (not including any deposits to be paid) will be approximately

---

[4]    Bankruptcy Code section 366 applies to entities that are traditionally viewed as utilities (such as those that provide electricity, telephone service, water, or gas) and any entity that supplies services that cannot be readily obtained or replaced elsewhere, or which constitute a monopoly with respect to the services that it provides to the debtor.  *See, e.g., One Stop Realtour Place, Inc. v. Allegiance Telecom, Inc. (In re One Stop Realtour Place, Inc.)*, 268 B.R. 430 (Bankr. E.D. Pa. 2001) (looking to the ordinary meaning of "utility" as defined by Merriam Webster and finding that a provider of telephone services is a utility regardless of whether telephone service may be available from another provider); *Good Time Charlie's Ltd. v. Black* (*In re Good Time Charlie's Ltd.*), 25 B.R. 226 (Bankr. E.D. Pa. 1982) (finding that a shopping mall was a utility because it was supplying electricity service to the debtor and it would be economically impractical for the debtor to rewire its business to obtain power directly from the power company).

[5]    The inclusion of any entity on, as well as any omission of any entity from, the Utility Services List is not an admission by the Debtors that such entity is, or is not, a utility within the meaning of Bankruptcy Code section 366, and the Debtors reserve all rights with respect thereto.

[6]    The Debtors' business has changed significantly over the past year, including the sale of a substantial number of its schools on February 2, 2015.  In some instances prior to the sale, a Utility Service provider would bulk bill the Debtors for all locations in which they provided service.  For three (3) Utility Services providers that bulk billed prior to the sale, the Debtors relied on the invoices available after the sale (which in some cases only included one month of service) in order to accurately reflect the Debtors' utility needs going forward.  The Debtors maintain their books and records on fiscal years beginning July 1 each year. Accordingly, for the remaining Utility Service providers the averages reflected here are for fiscal year 2015 (July 1, 2014 - March 30, 2015).

- 4 -

$47,069.64.[7] The Debtors anticipate that their consumption of Utility Services will be significantly diminished during the postpetition period given the current status of their operations.

**B.     The Debtors' Proposed Adequate Assurance**

9.     The Debtors anticipate that they will have sufficient cash on hand to timely pay in full, and in cash, all undisputed postpetition obligations owed to Utility Companies during these chapter 11 cases.  Nevertheless, within 30 days after the Petition Date, the Debtors propose to provide additional assurance of payment to each Utility Company listed on the Utility Services List for postpetition Utility Services.  The Debtors propose to place a cash deposit equal to two weeks of the Debtors' payment for all Utility Services determined necessary postpetition (the "**Utility Deposit**") into a newly created, interest-bearing segregated account (the "**Utility Deposit Account**") for the benefit of any Utility Company.  The Utility Deposit Account will be held in escrow pending further order of the Court, and the Debtors' creditors will have no interest in, or lien on, any Utility Deposit or the Utility Deposit Account.

10.     Based on the average Utility Services monthly cost and the amounts already held by Utility Companies in the form of deposits, the Debtors estimate that the aggregate Utility Deposit will be approximately $47,069.64.[8]  The Debtors propose that the portion of the Utility Deposit attributable to each Utility Company be returned to the Debtors on the earlier of (i) the Debtors' termination of services from such Utility Company, (ii) entry of an order of the Court authorizing the return of such Utility Deposit to the Debtors, or (iii) the effective date of a

---

[7]     The average monthly payment to each Utility Company for Utility Services is shown on <u>Exhibit C</u> to this Motion.

[8]     The proposed amount of the Utility Deposit attributable to each Utility Company is shown on <u>Exhibit C</u> to this Motion.

chapter 11 plan in the Debtors' cases. The Debtors also seek authority to reduce the Utility Deposit to the extent it includes an amount for a Utility Company that the Debtors subsequently determine should be removed from the Utility Services List.

11.     The Utility Deposit, together with the Debtors' ability to pay for postpetition Utility Services in the ordinary course of business (collectively, the "**Proposed Adequate Assurance**"), constitutes "adequate assurance of payment" to Utility Companies for purposes of Bankruptcy Code section 366.

**C.     Adequate Assurance Procedures**

12.     The Debtors believe that no other or further assurance of payment to Utility Companies for postpetition Utility Services beyond the Proposed Adequate Assurance is necessary. However, if a Utility Company believes that additional or alternative assurance of payment is necessary, the Debtors propose the following procedures (the "**Adequate Assurance Procedures**") to resolve requests for additional or alternative assurance of payment in an orderly and fair manner:

a)     Within two days after the date of entry of the Interim Order, the Debtors will fax, email, or serve by first-class mail a copy of the Interim Order to Utility Companies on the Utility Services List.

b)     Any Utility Company dissatisfied with the Proposed Adequate Assurance may make an additional adequate assurance request ("**Additional Adequate Assurance Request**") that sets forth (i) the amount and form of additional or alternative assurance of payment requested; (ii) the type of Utility Services provided and the location(s) where such Utility Services are provided; (iii) a summary of security deposits provided by the Debtors to such Utility Company; and (iv) why the Utility Company believes the Proposed Adequate Assurance is insufficient.

c)     Any such Additional Adequate Assurance Request must be served on (i) Corinthian Colleges, Inc., 6 Hutton Centre Drive, Suite 400, Santa Ana, CA, 92707 (Attn: William J. Nolan); (ii) proposed counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq. and Michael J. Merchant, Esq.); (iii) the Office of the United States Trustee for the

- 6 -

District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, DE 19801 (Attn: Richard L. Schepacarter, Esq.); and (iv) counsel to any statutory committee appointed in these chapter 11 cases.

d)    Prior to the hearing to consider entry of the Final Order (the "**Final Hearing**"), the Debtors may, without further order of this Court, resolve any Additional Adequate Assurance Request by mutual agreement with the objecting Utility Company, and in connection with such resolution, may provide a Utility Company with alternative assurance of payment, to the extent the Debtors believe such alternative assurance is reasonable in the exercise of their business judgment, including, but not limited to, cash deposits, letters of credit, prepayments, and other forms of security; *provided*, *however*, that the Debtors maintain a summary record of such agreements and their respective terms, to be made available to any statutory committee appointed in these chapter 11 cases and the U.S. Trustee on request.

e)    If the Debtors are unable to reach a resolution with an objecting Utility Company prior to the Final Hearing, the Debtors propose that the Court determine the adequacy of the Proposed Adequate Assurance for such Utility Company at the Final Hearing, or at the next regularly scheduled omnibus hearing; *provided*, *however*, that the Debtors may, with the consent of such Utility Company, continue any unresolved Additional Adequate Assurance Request to a hearing date after the Final Hearing, and *provided*, *further*, that the Debtors request that any objecting Utility Company be prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors over any unpaid charges for prepetition Utility Services or any perceived inadequacy of the Proposed Adequate Assurance, pending resolution of any Additional Adequate Assurance Request.

f)    Any Utility Company that does not make an Additional Adequate Assurance Request as described above will be deemed to have received adequate assurance of payment satisfactory to such Utility Company as required by Bankruptcy Code section 366, and will be prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors over any unpaid charges for prepetition Utility Services or any perceived inadequacy of the Proposed Adequate Assurance, subject to such Utility Company's right to seek modification of the Proposed Adequate Assurance under Bankruptcy Code section 366(c)(3), unless otherwise ordered by the Court.

13.    If no Additional Adequate Assurance Requests are filed prior to the Final Hearing, the Debtors request that the Final Order be entered without further notice or hearing.

- 7 -

**D.      Amendments to the Utility Services List**

14.      Although the Debtors have undertaken thorough and good-faith efforts to identify all their Utility Companies, there is a possibility that some Utility Companies currently providing Utility Services to the Debtors may have been unintentionally omitted from the Utility Services List.  To the extent that the Debtors identify additional Utility Companies (each, an "**Additional Utility Company**"), the Debtors will promptly amend the Utility Services List, file a notice of the amendment with the Court, and serve copies of the notice, this Motion, the Interim Order (if and when entered), and the Final Order (if and when entered) on any Additional Utility Companies.

15.      Upon the addition of an Additional Utility Company to the Utility Services List, the Debtors will increase the amount of the Utility Deposit by an amount equal to two weeks of the  Debtors' payment for Utility Services provided by such Additional Utility Company.

16.      The Debtors request that the Interim Order and the Final Order be binding on all Utility Companies providing Utility Services to the Debtors, regardless of when each Utility Company was added to the Utility Services List, *provided that* any Additional Utility Company served with notice of the applicable amendment to the Utility Services List must file and serve an Additional Adequate Assurance Request in compliance with the Adequate Assurance Procedures.  Should any Additional Utility Company file an Additional Adequate Assurance Request, the Debtors request that such Additional Utility Company be prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors over any unpaid charges for prepetition Utility Services or any perceived inadequacy of the Proposed Adequate Assurances, pending resolution of such Additional Adequate Assurance Request.

## II.  LEGAL BASIS FOR RELIEF REQUESTED

17.    The relief requested is essential to avoid interruptions to the Debtors' receipt of Utility Services.  The Debtors require continued and uninterrupted Utility Services to operate their businesses during these cases.  Given the Debtors' need to receive uninterrupted Utility Services, the relief requested fairly balances Utility Companies' rights and the Debtors' rights under the Bankruptcy Code.  The Utility Companies will not be prejudiced by either the Proposed Adequate Assurance or the requirement to provide the Debtors with uninterrupted service.

### A.    The Court Should Approve the Debtors' Proposed Adequate Assurance

18.    Under  Bankruptcy Code section 366(a):

> [A] utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of commencement of a case under [the Bankruptcy Code] or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

11 U.S.C. § 366(a).

19.    In a chapter 11 case, however, a utility may alter, refuse, or discontinue utility service "if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility."  11 U.S.C. § 366(c)(2).[9]

---

[9]    There is an apparent discrepancy between subsections (b) and (c) of Bankruptcy Code section 366 because these two subsections set forth different time periods during which a utility is prohibited from altering, refusing, or discontinuing service.  Specifically, Bankruptcy Code section 366(b) allows a utility to alter, refuse, or discontinue service "if neither the trustee nor the debtor, within *20 days* after the date of the order for relief, furnishes adequate assurance of payment," while Bankruptcy Code section 366(c)(2) allows a utility in "a case filed under chapter 11" to alter, refuse or discontinue service to a chapter 11 debtor "if during the *30-day period* beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service . . . ."  (emphasis added).  Under the statutory construction canon *lex specialis derogut legi generali* ("specific language controls over general"), section 366(c)(2)'s language controls here because the Debtors are chapter 11 debtors.  *See* 3 *Collier on Bankruptcy* ¶ 366.03121 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2006) ("It is unclear how the 30-day period [in Bankruptcy Code section 366(c)(2)] meshes with the normal 20-day

- 9 -

20.    "Assurance of payment" can take the form of:  "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee."  11 U.S.C. § 366(c)(1)(A).  Bankruptcy Code section 366 requires that assurance of payment only be "adequate"; it does not require an absolute guarantee of the debtor's ability to pay.  *In re Great Atlantic & Pacific Tea Co., Inc.*, 2011 WL 5546954, *6 (Bankr. S.D.N.Y. Nov. 14, 2011); *see also In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y 1996), *aff'd sub. nom., Va. Elec. & Power Co., et al. v. Caldor, Inc.-NY, et al.*, 117 F.3d 646, 650 (2d Cir. 1997);  *In re Crystal Cathedral Ministries*, 454 B.R. 124, 128-29 (C.D. Cal. 2011).

21.    It is within the Court's discretion to determine the adequacy of assurance of payment based on the totality of the circumstances and a balancing of "the utility provider's need to be free from unreasonable risk of nonpayment and the debtor's scarce financial resources during bankruptcy." *Great Atlantic*, 2011 WL 5546954, at *5 (*citing In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 81 (Bankr. S.D.N.Y. 2002)).

22.    Under the relief requested the Utility Companies are adequately assured against any risk of nonpayment for future services.  The Debtors' Proposed Adequate Assurance includes a cash deposit equivalent to at least two weeks' of Utility Services.  Courts in this District have concluded that a deposit amounting to two weeks' of utility service constitutes adequate assurance of future payment.[10]

---

period in section 366(b).  The better view is that, because section 366(c) is more specifically applicable to chapter 11 cases, the 30-day period, rather than the 20-day period in section 366(b), should apply.").

[10]    *See, e.g., In re Event Rentals, Inc.,* Case No. 14-10282 (PJW) (Bankr. D. Del. Feb. 18, 2014) [Docket No. 44] (interim order approving adequate assurance procedures providing for a deposit to certain utilities equal to 50% of monthly utility charge); *In re Optim Energy, LLC,* Case No. 14-10262 (BLS) (Bankr. D. Del. Feb. 12, 2014) [Docket No. 31] (interim order approving adequate assurance procedures); *In re Constar Int'l Holdings LLC, et al.,* No. 13-13281 (CSS) [Docket No. 168] (Bankr. D. Del. Jan. 9, 2014) (granting

- 10 -

23.     In addition to the Utility Deposit, the Debtors' ability to pay for future Utility Services in the ordinary course of business with cash on hand supports approval of the Debtors' Proposed Adequate Assurance.   Accordingly, the Debtors' Proposed Adequate Assurance satisfies the requirements of Bankruptcy Code section 366 and should be approved by the Court.

**B.     The Court Should Approve the Adequate Assurance Procedures**

24.     Under Bankruptcy Code section 366, utility companies are entitled to evaluate a debtor's proposed adequate assurance during the 30 days following the petition date.   *See* 11 U.S.C. § 366(c)(2).   Accordingly, to provide Utility Companies with a fair and orderly process for determining adequate assurance of payment, while protecting the Debtors from the burden of addressing numerous requests for additional or alternative adequate assurance in a disorganized manner at a time when the Debtors' efforts could be more productively focused on preserving and maximizing the value of the Debtors' estates, the Debtors request that the Court approve the Adequate Assurance Procedures.

25.     The Adequate Assurance Procedures are reasonable and appropriate, and they ensure that all parties will act in good faith when exercising their rights under Bankruptcy Code section 366.   Moreover, they preserve Utility Companies' rights to seek resolution of the Proposed Adequate Assurance under Bankruptcy Code section 366(c)(3).   Many courts in this District have approved similar procedures.[11]   Accordingly, the Court should approve the proposed Adequate Assurance Procedures.

---

interim and final relief approving adequate assurance procedures); *In re Global Aviation Holdings, Inc., et al.,* No. 13-12945 (MFW) [Docket No. 147] (Bankr. D. Del. Dec. 9, 2013) (same); *In re Longview Power, LLC,* No. 13-12211 (BLS) [Docket No. 272] (Bankr. D. Del. Sept. 25, 2013) (approving adequate assurance deposit equal to two weeks of utility service); *In re Maxcom Telecomunicaciones, S.A.B. de C.V.,* No. 13-11839 (PJW) [Docket No. 116] (Bankr. D. Del. Aug. 15, 2013) (same).

[11]     *In re Natrol, Inc.,* No. 14-11446 (BLS) (July 15, 2014) (authorizing adequate assurance procedures similar to those sought herein); *In re Cal Dive International, Inc.,* No. 15-10458 (CSS) (Bankr. D. Del. Mar. 27, 2015) (same); *In re PSL – North America LLC,* No. 14-11477 (PJW) (Bankr. D. Del. July 14, 2014)

**C.**    **Interim Relief Is Necessary to Avoid Immediate and Irreparable Harm**

26.    Under Federal Rule of Bankruptcy Procedure 6003, the Court may grant a motion to "use . . . property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within 21 days after the chapter 11 case's commencement to the extent "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. Here, the relief requested is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as set forth in the First Day Declaration, and, relief on an interim basis is therefore appropriate under Federal Rule of Bankruptcy Procedure 6003, if applicable.[12]

27.    The urgency of the relief requested justifies immediate relief.  To ensure the relief requested is implemented immediately, the Debtors request that the Court waive the notice requirements under Federal Rule of Bankruptcy Procedure 6004(a), if applicable, and the 14-day stay of an order authorizing the use, sale, or lease of property under Federal Rule of Bankruptcy Procedure 6004(h).

## RESERVATION OF RIGHTS

28.    Nothing contained in this Motion is an admission of the validity of any claim against the Debtors, a waiver of the Debtors' or any other party's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code section 365.  If this Court grants the relief requested in this Motion, any payment made pursuant to the

---

(same); *In Energy Future Holdings Corp.,* No. 14-10979 (CSS) (Bankr. D. Del. June 4, 2014) (same); *In re Coldwater Creek Inc.,* No. 14-10867 (BLS) (Bankr. D. Del. Apr. 14, 2014)(same); *In re Brookstone Holdings Corp.,* No. 14-10752 (BLS) (Bankr. D. Del. Apr. 4, 2014) (same); *In re F & H Acquisition Corp.,* No. 13-13220 (KG) (Bankr. D. Del. Dec. 17, 2013 & Jan. 8, 2014) (same); *In re School Specialty, Inc.,* No. 13-10125 (KJC) (Bankr. D. Del. Feb. 25, 2013) (same); *In re THQ, Inc.,* No. 12-13398 (MFW) (Bankr. D. Del. Jan. 4, 2013) (same); *In re A123 Sys., Inc.,* No. 12-12859 (KJC) (Bankr. D. Del. Nov. 8, 2012) (same); *In re Vertis Holdings, Inc.,* No. 12-12821 (CSS) (Bankr. D. Del. Nov. 1, 2012) (same).

[12]    See the First Day Declaration filed concurrently with this Motion.

- 12 -

RLF1 11876329v.4

Court's order is not intended and should not be construed as an admission to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.   In addition, authorization to pay the claims described in this Motion shall not be deemed a direction to the Debtors to pay such claims.

## NOTICE

29.     The Debtors will provide notice of this Motion by facsimile, e-mail, overnight delivery, or hand delivery to: (i) Office of the United States Trustee for the District of Delaware; (ii) the Utility Companies identified in Exhibit C; (iii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (v) the Department of Education; (vi) the Internal Revenue Services; (vii) the Securities and Exchange Commission; (viii) the United States Attorney of the District of Delaware; (ix) any banking or financial institution that holds the Debtors' accounts; and (x) all parties entitled to notice of this Motion pursuant to Local Rule 9013-1(m).

30.     As this Motion is seeking "first day" relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m).   Due to the urgency of the relief requested, the Debtors submit that no other or further notice is necessary.

## NO PRIOR MOTION

31.     The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

- 13 -

The Debtors respectfully request entry of interim and final orders granting the relief requested in its entirety and any other relief as is just and proper.

Dated: May 4, 2015
      Wilmington, Delaware

/s/ Mark D. Collins
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marisa A. Terranova (No. 5396)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email: collins@rlf.com
     merchant@rlf.com
     terranova@rlf.com
     steele@rlf.com

Proposed Counsel for the Debtors and Debtors in Possession

<u>**Exhibit A**</u>

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § | |
| | § | Case No. 15-_____ (___) |
| | § | |
| | § | Joint Administration Requested |
| Debtors. | § | |
| | § | |

-------------------------------------------------------------

### INTERIM ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (II) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT FOR UTILITIES; AND (III) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS TO DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an interim order (this

"**Order**"): (i) prohibiting Utility Companies from altering, refusing, or discontinuing services to,

or discriminating against, the Debtors solely on the basis of the commencement of the Debtors'

chapter 11 cases, a debt owed by the Debtors for services rendered prior to the Petition Date, or

any perceived inadequacy of the Debtors' proposed adequate assurance of payment for Utility

Companies for postpetition services; (ii) approving the Debtors' proposed adequate assurance of

payment for Utility Companies for postpetition services; and (iii) approving procedures for

resolving objections to the Debtors' proposed adequate assurance of payment for Utility

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2]     The Capitalized terms used but not defined in this Order have the meanings used in the Motion.

Companies for postpetition services, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and upon the First Day Declaration, the record of the Hearing, and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Federal Rule of Bankruptcy Procedure 6003, and that such relief is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis to the extent set forth herein.

2.      The final hearing (the "**Final Hearing**") on the Motion shall be held on _____, 2015, at__:__ _.m. (prevailing Eastern Time).  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on _____, 2015, and served on the following parties:  (i) Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; (iii) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; and (iv) counsel to any statutory committee appointed in these chapter 11 cases.  A copy of the Motion and this

- 2 -

Order will be served in accordance with the requirements of Local Rule 9013-1(m).  Due to the nature of the relief requested in the Motion, no other or further notice need be given.  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3.    Except as provided herein, absent further order of the Court, all Utility Companies, including, but not limited to, those identified on <u>Exhibit 1</u> attached hereto (as amended from time to time, the "**Utility Services List**"), are prohibited from altering, refusing, or discontinuing services to, or discriminating against, the Debtors solely on the basis of the commencement of the Debtors' chapter 11 cases, a debt owed by the Debtors for Utility Services rendered prior to the Petition Date, or any perceived inadequacy of the Debtors' proposed adequate assurance of payment to Utility Companies for postpetition Utility Services.

4.    As adequate assurance of payment to Utility Companies for postpetition Utility Services, the Debtors must deposit cash in an amount equal to two weeks of the Debtors' payment for all Utility Services (the "**Utility Deposit**"), into a newly-created, interest-bearing segregated account (the "**Utility Deposit Account**") for the benefit of the Utility Companies.

5.    Except as may be reduced by application of this Order, the Utility Deposit in the amount of $47,069.64 shall be deposited in the Utility Deposit Account within 30 days after the Petition Date and will be held in such account for the purpose of providing each Utility Company with adequate assurance of payment for postpetition Utility Services to the Debtors.

6.    Except as provided herein with respect to Utility Companies' rights, the Debtors' creditors will have no interest in, or lien on, the Utility Deposit or the Utility Deposit Account.

7.    The portion of the Utility Deposit attributable to each Utility Company must be returned to the Debtors upon the earlier of (i) the Debtors' termination of services from such

Utility Company, (ii) entry of an order of the Court authorizing the return of such Utility Deposit

to the Debtors, or (iii) the effective date of a chapter 11 plan in the Debtors' cases.

8.      The following procedures (the "**Adequate Assurance Procedures**") to resolve

objections to the Debtors' proposed adequate assurance of payment to Utility Companies for

postpetition services are approved:

a)      Within two days after the date of entry of this Order, the Debtors will fax, email, or serve by first-class mail a copy of this Order to Utility Companies on the Utility Services List.

b)      Any Utility Company dissatisfied with the Proposed Adequate Assurance may make an additional adequate assurance request ("**Additional Adequate Assurance Request**") that sets forth (i) the amount and form of additional or alternative assurance of payment requested; (ii) the type of Utility Services provided and the location(s) where such Utility Services are provided; (iii) a summary of any security deposits provided by the Debtors to such Utility Company; and (iv) why the Utility Company believes the Proposed Adequate Assurance is insufficient.

c)      Any such Additional Adequate Assurance Request must be served on (i) Corinthian Colleges, Inc., 6 Hutton Centre Drive, Suite 400, Santa Ana, CA 92707. (Attn: William J. Nolan); (ii) proposed co-counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq. and Michael J. Merchant, Esq.); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, DE 19801 (Attn: Richard L. Schepacarter, Esq.); and (iv) counsel for any statutory committee appointed in these chapter 11 cases.

d)      Before the Final Hearing, the Debtors may, without further order of this Court, resolve any Additional Adequate Assurance Request by mutual agreement with the objecting Utility Company, and in connection with such resolution, may provide a Utility Company with alternative assurance of payment, to the extent the Debtors believe such alternative assurance is reasonable in the exercise of their business judgment, including, but not limited to, cash deposits, letters of credit, prepayments, and other forms of security; *provided*, *however*, that the Debtors maintain a summary record of such agreements and their respective terms, to be made available to any statutory committee appointed in these chapter 11 cases and the Office of the United States Trustee on request.

- 4 -

e)      If the Debtors are unable to reach a resolution with an objecting Utility Company prior to the Final Hearing, the Debtors propose that the Court determine the adequacy of the Proposed Adequate Assurance for such Utility Company at the Final Hearing or at the next regularly scheduled omnibus hearing; *provided*, *however*, that the Debtors, with the consent of such Utility Company, may continue any unresolved Additional Adequate Assurance Request to a hearing date after the date of the Final Hearing, and *provided*, *further*, that the Debtors request that any objecting Utility Company shall be prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors over any unpaid charges for prepetition Utility Services or any perceived inadequacy of the Proposed Adequate Assurance, pending resolution of any Additional Adequate Assurance Request.

f)      Any Utility Company that does not make an Additional Adequate Assurance Request in accordance with the Adequate Assurance Procedures will be deemed to have received adequate assurance of payment satisfactory to such Utility Company as required by Bankruptcy Code section 366, and will be prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors over any unpaid charges for prepetition Utility Services or any perceived inadequacy of the Proposed Adequate Assurance, subject to such Utility Company's right to seek modification of the Proposed Adequate Assurance under Bankruptcy Code section 366(c)(3), unless otherwise ordered by the Court.

9.      The Debtors are authorized to amend the Utility Services List by adding or deleting a Utility Company.  When doing so, the Debtors must file with this Court a notice of such amendment and serve such notice on the affected Utility Company together with a copy of the Motion, this Order, and the Final Order (when and if entered).

10.     The Debtors are authorized to reduce the Utility Deposit to the extent it includes an amount for a Utility Company that the Debtors subsequently determine should be removed from the Utility Services List.

11.     This Order is binding on all Utility Companies, regardless of when such Utility Companies are added to the Utility Services List; *provided*, *however*, that any newly identified Utility Company (an "**Additional Utility Company**") served with notice of the applicable

- 5 -

amendment to the Utility Services List may make an Additional Adequate Assurance Request in compliance with the Adequate Assurance Procedures.

12.     Upon the addition of an Additional Utility Company to the Utility Services List, the Debtors will increase the amount of the Utility Deposit by an amount equal to two weeks of the Debtors' payment for Utility Services provided by such Additional Utility Company.

13.     Should any Additional Utility Company file an Additional Adequate Assurance Request, such Additional Utility Company is prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors over any unpaid charges for prepetition Utility Services or any perceived inadequacy of the Proposed Adequate Assurances, pending resolution of such Additional Adequate Assurance Request.

14.     Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors) is to be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under Bankruptcy Code section 365.

15.     The Debtors' service of the Motion, this Order, or notice of an amendment to the Utility Services List on the Utility Companies does not constitute an admission or concession that any such entity is a utility within the meaning of Bankruptcy Code section 366, and all rights and defenses of the Debtors are reserved with respect thereto.

16.     Payments made pursuant to this Order shall not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

17.     The requirements set forth in Federal Rule of Bankruptcy Procedure 6004(a) are hereby waived.

18.     Notwithstanding the applicability of Federal Rule of Bankruptcy Procedure 6004, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

20.     This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2015
        Wilmington, Delaware


        _____
        UNITED STATES BANKRUPTCY JUDGE

RLF1 11876329v.4

**Exhibit 1**

**Utility Services List**

## Utility Services List

| Utility Provider | Address | City | State | Postal Code | Utility Type | Average Monthly Payment (July 2014 - March 2015) | Existing Utility Deposit | Proposed Adequate Assurance Utility Deposit |
|---|---|---|---|---|---|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY | PO Box 997300 | SACRAMENTO | CA | 95899-7300 | Electricity | 19,813.30 | | 9,906.65 |
| SOUTHERN CALIFORNIA EDISON COMPANY | P.O. BOX 300 | ROSEMEAD | CA | 91772-0001 | Electricity | 18,831.17 | | 9,415.59 |
| REPUBLIC SERVICES | PO BOX 9001099 | LOUISVILLE | KY | 40290-1099 | Trash | 2,878.19 | | 1,439.09 |
| ALAMEDA COUNTY WATER DISTRICT | PO BOX 45676 | SAN FRANCISCO | CA | 94145-0676 | Water | 1,444.84 | | 722.42 |
| CITY OF LONG BEACH | PO Box 630 | LONG BEACH | CA | 90842-0001 | Utilities | 756.12 | | 378.06 |
| EDCO WASTE SERVICES | PO BOX 6538 | BUENA PARK | CA | 90622-6538 | Trash | 659.33 | | 329.66 |
| EDCO WASTE SERVICES | PO BOX 6538 | BUENA PARK | CA | 90622-6538 | Trash | 441.70 | | 220.85 |
| CENTURYLINK QCC | PO BOX 52187 | PHOENIX | AZ | 85072-2187 | Telecom | 16,143.37 | | 8,071.68 |
| Level3 | PO Box 910182 | DENVER | CO | 80291-0182 | | 15,154.08 | | 7,577.04 |

RLF1 11876329v.4

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| AT&T | PO BOX 5019 | CAROL STREAM | IL | 60197-5019 | Telecom | 13,483.82 | | 6,741.91 |
| CENTURYLINK | PO BOX 29040 | PHOENIX | AZ | 85038-9040 | Telecom | 4,533.38 | | 2,266.69 |

**<u>Exhibit B</u>**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § | |
| | § | Case No. 15-_____ (___) |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |

-------------------------------------------------------------

**FINAL ORDER (I) PROHIBITING UTILITIES FROM ALTERING,
REFUSING, OR DISCONTINUING SERVICE; (II) APPROVING DEBTORS'
PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT FOR
UTILITIES; AND (III) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS TO DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of a final order (this

"**Order**"):  (i) prohibiting Utility Companies from altering, refusing, or discontinuing services to,

or discriminating against, the Debtors solely on the basis of the commencement of the Debtors'

chapter 11 cases, a debt owed by the Debtors for services rendered prior to the Petition Date, or

any perceived inadequacy of the Debtors' proposed adequate assurance of payment for Utility

Companies for postpetition services; (ii) approving the Debtors' proposed adequate assurance of

payment for Utility Companies for postpetition services;  and (iii) approving procedures for

resolving objections to the Debtors' proposed adequate assurance of payment for Utility

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).  The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2]     Capitalized terms used but not defined in this Order have the meanings used in the Motion.

Companies for postpetition services, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and hearings having been held to consider the relief requested in the Motion on an interim basis and on a final basis (together the "**Hearings**"); and the Court having entered an order granting the Motion on an interim basis (the "**Interim Order**"); and upon the First Day Declaration, the record of the Hearings, and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein on a final basis.

2.      Absent compliance with the Adequate Assurance Procedures, all Utility Companies, including, but not limited to, those identified on Exhibit 1 hereto (as amended from time to time, the "**Utility Services List**"), are prohibited from (i) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors, on the basis of the commencement of the Debtors' chapter 11 cases, a debt owed by the Debtors for Utility Services rendered prior to the Petition Date, or any perceived inadequacy of the Proposed Adequate

- 2 -

Assurance and (ii) requiring additional or alternative assurance of payment other than the Utility Deposit in the approximate amount of $47,069.64 that the Debtors have placed in the Utility Deposit Account, absent further order of this Court.

3.	If an amount relating to postpetition Utility Services provided by a Utility Company is unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Utility Deposit Account (a "**Disbursement Request**") by giving written notice to (i) Corinthian Colleges, Inc., 6 Hutton Centre Drive, Suite 400, Santa Ana, CA 92707 (Attn: William J. Nolan); (ii)  proposed co-counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq. and Michael J. Merchant, Esq.); and (iii) counsel to any statutory committee appointed in these chapter 11 cases.  A Disbursement Request shall only be honored on the date that is three business days after the date of receipt of the Disbursement Request.

4.	Except as provided herein with respect to Utility Companies' rights, the Debtors' creditors will have no interest in, or lien on, the Utility Deposit or the Utility Deposit Account.

5.	The portion of the Utility Deposit attributable to each Utility Company must be returned to the Debtors upon the earlier of (i) the Debtors' termination of services from such Utility Company; (ii) entry of an order of the Court authorizing the return of such Utility Deposit to the Debtors; or (iii) the effective date of a chapter 11 plan in the Debtors' cases.

6.	Any Utility Company that does not make an Additional Adequate Assurance Request in accordance with the Adequate Assurance Procedures will be deemed to have received adequate assurance of payment satisfactory to such Utility Company as required by Bankruptcy Code section 366, and will be prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors over any unpaid charges for prepetition Utility

- 3 -

Services or any perceived inadequacy of the Proposed Adequate Assurance, subject to such Utility Company's right to seek modification of the Proposed Adequate Assurance under Bankruptcy Code section 366(c)(3), unless otherwise ordered by the Court.

7.      The Debtors are authorized, to amend the Utility Services List by adding or deleting a Utility Company.  When doing so, the Debtors must file with this Court a notice of such amendment and serve such notice on the affected Utility Company together with a copy of the Motion, the Interim Order, and this Order.

8.      The Debtors are authorized to reduce the Utility Deposit to the extent it includes an amount for a Utility Company that the Debtors subsequently determine should be removed from the Utility Services List.

9.      This Order is binding on all Utility Companies, regardless of when such Utility Companies are added to the Utility Services List; *provided*, *however*, that any newly identified Utility Company (an "**Additional Utility Company**") served with notice of the applicable amendment to the Utility Services List must file and serve an Additional Adequate Assurance Request in compliance with the Adequate Assurance Procedures.

10.      Upon the addition of an Additional Utility Company to the Utility Services List, the Debtors will increase the amount of the Utility Deposit by an amount equal to two weeks Debtors' payment for Utility Services provided by such Additional Utility Company.

11.      Should any Additional Utility Company file an Additional Adequate Assurance Request, such Additional Utility Company is prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors over any unpaid charges for prepetition Utility Services or any perceived inadequacy of the Proposed Adequate Assurances, pending resolution of such Additional Adequate Assurance Request.

- 4 -

12.     Consistent with the Adequate Assurance Procedures, the Debtors are authorized to, without further order of this Court, resolve any Additional Adequate Assurance Request by an Additional Utility Company by mutual agreement, and in connection with such resolution, may provide an Additional Utility Company with alternative assurance of payment, to the extent the Debtors believe such alternative assurance is reasonable in the exercise of their business judgment, including, but not limited to, cash deposits, letters of credit, prepayments, and/or other forms of security; *provided*, *however*, that the Debtors shall maintain a summary record of such agreements and their respective terms which shall be available to any official committee appointed in these cases and the Office of the United States Trustee upon request.

13.     If the Debtors are not able to reach a resolution with an objecting Additional Utility Company, the Debtors shall promptly request a hearing before the Court to determine the adequacy of assurance of payment with respect to such Additional Utility Company.

14.     Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors) is to be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under Bankruptcy Code section 365.

15.     The Debtors' service of the Motion, the Interim Order, this Order, or notice of an amendment to the Utility Services List on the Utility Companies does not constitute an

admission or concession that any such entity is a utility within the meaning of Bankruptcy Code section 366, and all rights and defenses of the Debtors are reserved with respect thereto.

16.     Nothing in this Order affects or otherwise modifies the rights of the Utility Companies under Bankruptcy Code section 366(c)(4).

17.     The requirements set forth in Federal Rule of Bankruptcy Procedure 6004(a) are hereby waived.

18.     Notwithstanding the applicability of Federal Rule of Bankruptcy Procedure 6004, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

20.     This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2015
          Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

RLF1 11876329v.4

**<u>Exhibit 1</u>**

**Utility Services List**

## Utility Services List

| Utility Provider | Address | City | State | Postal Code | Utility Type | Average Monthly Payment (July 2014 - March 2015) | Existing Utility Deposit | Proposed Adequate Assurance Utility Deposit |
|---|---|---|---|---|---|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY | PO Box 997300 | SACRAMENTO | CA | 95899-7300 | Electricity | 19,813.30 | | 9,906.65 |
| SOUTHERN CALIFORNIA EDISON COMPANY | P.O. BOX 300 | ROSEMEAD | CA | 91772-0001 | Electricity | 18,831.17 | | 9,415.59 |
| REPUBLIC SERVICES | PO BOX 9001099 | LOUISVILLE | KY | 40290-1099 | Trash | 2,878.19 | | 1,439.09 |
| ALAMEDA COUNTY WATER DISTRICT | PO BOX 45676 | SAN FRANCISCO | CA | 94145-0676 | Water | 1,444.84 | | 722.42 |
| CITY OF LONG BEACH | PO Box 630 | LONG BEACH | CA | 90842-0001 | Utilities | 756.12 | | 378.06 |
| EDCO WASTE SERVICES | PO BOX 6538 | BUENA PARK | CA | 90622-6538 | Trash | 659.33 | | 329.66 |
| EDCO WASTE SERVICES | PO BOX 6538 | BUENA PARK | CA | 90622-6538 | Trash | 441.70 | | 220.85 |
| CENTURYLINK QCC | PO BOX 52187 | PHOENIX | AZ | 85072-2187 | Telecom | 16,143.37 | | 8,071.68 |
| Level3 | PO Box 910182 | DENVER | CO | 80291-0182 | | 15,154.08 | | 7,577.04 |

RLF1 11876329v.4

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| AT&T | PO BOX 5019 | CAROL STREAM | IL | 60197-5019 | Telecom | 13,483.82 | | 6,741.91 |
| CENTURYLINK | PO BOX 29040 | PHOENIX | AZ | 85038-9040 | Telecom | 4,533.38 | | 2,266.69 |