**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Joint Administration Requested |
| Debtors. | § | **Hearing Date: May 27, 2015 @ 2:00 p.m. (EDT)** |
| | § | **Obj. Deadline: May 18, 2015 @ 4:00 p.m. (EDT)** |

---------------------------------------------------

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

**THIS MOTION SEEKS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES. PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR RESPECTIVE CONTRACT OR LEASE IN THE MOTION. A LISTING OF THE PARTIES AND THE CONTRACTS OR LEASES THAT ARE SUBJECT TO THE MOTION APPEARS IN EXHIBITS 1-4 TO EXHIBIT A OF THIS MOTION**

Corinthian Colleges, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), respectfully request entry of an order, under sections 105(a) and 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtors to reject certain executory contracts and unexpired leases, including any amendments or modifications thereto (collectively, the "**Contracts**," and each counterparty thereto, a "**Contract Counterparty**"),

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

*nunc pro tunc* to the Petition Date (defined below). In support of this Motion, the Debtors rely on the *Declaration of William J. Nolan in Support of the Debtors' First Omnibus Motion for Entry of An Order Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases, Effective* Nunc Pro Tunc *to the Petition Date* (the "**Nolan Declaration**"), filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[2]

**BACKGROUND**

2. On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. Further information regarding the Debtors' business operations, capital structure, and reasons for commencing these cases is set forth in the *Declaration of William J. Nolan in Support of Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**") [D.I 10].

**RELIEF REQUESTED**

3. By this Motion, the Debtors seek the entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to reject the Contracts effective *nunc pro tunc* to the Petition Date.

---

[2] Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

## BASIS FOR RELIEF REQUESTED

### I. FACTS SPECIFIC TO RELIEF REQUESTED

4. The Debtors are evaluating the current and expected use of their executory contracts and unexpired leases, the ongoing cost of such contracts and leases, and the effect rejecting these contracts and leases would have on the Debtors' estates. As part of this process, the Debtors have determined that each of the Contracts listed on Exhibits 1-4 to Exhibit A is unnecessary and burdensome to the Debtors' estates and should be rejected as of the Petition Date.

#### A. Vacated Locations

5. Prior to the Petition Date, the Debtors closed several of their locations, including certain offices in different states and storage areas (the "**Vacated Locations**"). The Debtors removed all property from such locations of value that they believe can be subsequently sold or liquidated and intend to abandon all other property remaining at the Vacated Locations (the "**Abandoned Property**"). On or prior to the Petition Date, the Debtors provided notice to each of the Contract Counterparties to the leases for the Vacated Locations (the "**Vacated Locations Leases**") of their intent to vacate and surrender possession of the premises and have returned or provided all keys, keycards and access codes necessary to access the Vacated Locations. The Vacated Locations Leases and related Contract Counterparties are listed on Exhibit 1 to Exhibit A hereto.

#### B. Parking Facility Leases

6. The Debtors are parties to several leases for parking facilities on or near their campuses (the "**Parking Facility Leases**"). As set forth above and in the First Day Declaration, the Debtors ceased instruction at all of their campuses prior to the Petition Date. Because the Debtors no longer have faculty or students at their campuses (although there remain a limited

number of employees necessary to wind down the operations at each facility), they no longer require use of the parking facilities. On or prior to the Petition Date, the Debtors provided notice to each of the Contract Counterparties to the Parking Facility Leases of their intent to reject the Parking Facility Leases and cease use of the related parking facilities. The Parking Facility Leases and related Contract Counterparties are listed on Exhibit 2 to Exhibit A hereto.

**C. Equipment Leases**

7. The Debtors are a party to three significant leases for equipment that they no longer require (the "**Equipment Leases**"): one for printers and copiers, one for postage machines and one for computers and computer equipment. All of this equipment was used in the operation of the Debtors' business, but is no longer necessary given the closure of the related locations. On or prior to the Petition Date, the Debtors provided notice to each of the Contract Counterparties to the Equipment Leases that they no longer require use of the equipment, and that such Contract Counterparties should retrieve their equipment. The Equipment Leases and related Contract Counterparties are listed on Exhibit 3 to Exhibit A hereto.

**D. Ambassador Contract**

8. The Debtors are party to a master services agreement (the "**Ambassador Contract**") with Ambassador Education Solutions ("**Ambassador**") whereby Ambassador provided the Debtors with books and other materials to be sold at their campus locations and also provided employees to effectuate the sale of such materials. The Debtors were charged by Ambassador for such sales at the time the books were sold. With the recent closure of the Debtors' campus locations, the Debtors do not require the services that Ambassador provided under the Ambassador Contract. On or prior to the Petition Date, the Debtors notified Ambassador of the proposed rejection of the Ambassador Contract, and have requested that

Ambassador retrieve any inventory at the Debtors' locations. The Ambassador Contract and related information set forth on Exhibit 4 to Exhibit A hereto.

**E. Personal Property to be Abandoned**

9. As set forth above, the Debtors have removed all property from the Vacated Locations, with the exception of the Abandoned Property. The Debtors have determined that the cost of removing and storing the Abandoned Property exceeds any anticipated value to be realized from the marketing and sale of such property. The Abandoned Property includes, but is not limited to certain Corinthian-branded display items.

## II. LEGAL BASIS FOR RELIEF REQUESTED

### A. Rejection of the Contracts Reflects the Debtors' Sound Business Judgment

10. Bankruptcy Code section 365(a) provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Cent. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). For the benefit of the estate, a debtor may, under Bankruptcy Code section 365, relieve itself of burdensome agreements where performance still remains. *See In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000) (Bankruptcy Code section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.") (internal citations omitted); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989).

11. The decision to assume or reject an executory contract or unexpired lease is a matter within the debtor's "business judgment." *See Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.,* 872 F.2d 36, 40 (3d Cir. 1989); *In re HQ Global Holdings, Inc., 290 B.R. 507, 513 (Bankr. D. Del. 2003).* The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See In re*

*Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also In re Fed. Mogul Global*, 293 B.R. at 126 (rejecting counterparty's argument that a finding of hardship is a prerequisite to application of the business judgment test); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (noting that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). Accordingly, the court should not interfere with or second-guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion. *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987).

12. Here, the Debtors, in their sound business judgment, have determined that the Contracts are not necessary in light of the Debtors' current business needs, nor are they a source of potential value for the Debtors' creditors or other parties in interest. Absent rejection, the Contracts would impose unnecessary ongoing obligations on the Debtors. Based on a cost-benefit analysis, the Debtors have therefore determined, in the sound exercise of their reasonable business judgment, that the Contracts should be rejected.

**B. *Nunc Pro Tunc* Relief Is Appropriate.**

13. Bankruptcy courts are empowered to grant retroactive rejection of a contract or lease under Bankruptcy Code sections 105(a) and 365(a). *See Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (indicating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *see also Pacific Shore Dev., LLC v. At Home Corp. (In*

*re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a).").

14. The equities of these cases favor rejection of the Contracts *nunc pro tunc* to the Petition Date. The *nunc pro tunc* rejection of the Contracts will permit the Debtors to reduce burdensome costs and avoid additional, unnecessary administrative charges for contracts and leases that are not necessary to the Debtors' chapter 11 efforts. Indeed, Courts in this jurisdiction have routinely considered and allowed retroactive rejection of contracts and leases.[3]

15. In *In re Namco Cybertainment, Inc.*, Case No. 98-173 (PJW) (Bankr. D. Del. Jan. 29, 1998) (D.I. 125), this Court permitted retroactive rejection when (a) the premises (and the keys thereto) subject to a lease were surrendered with an unequivocal statement of abandonment to the landlord, (b) the motion was filed and served on the landlord, (c) the official committee of unsecured creditors had consented to the relief requested in the motion, and (d) the debtor acknowledged that it would not have the right to withdraw the motion prior to the hearing. With regard to the Vacated Locations Leases, the Debtors submit that the factors established in Namco have been satisfied here. Specifically, the Debtors surrendered all keys or keycodes and have advised the applicable landlords of their intent to reject the Vacated Locations Leases, and,

[3] *See, e.g.*, *In re Cal Dive International, Inc.*, Case No. 15-10458 (CSS) (Bankr. D. Del. Apr. 6, 2015) (authorizing *nunc pro tunc* rejection of contracts and leases) (D.I. 216); *In re Longview Power, LLC*, Case No. 13-12211 (BLS) (Bankr. D. Del. June 23, 2014) (authorizing rejection of certain executory contracts *nunc pro tunc* to the date of filing the motion) (D.I. 1311); *In re ZCO Liquidation Corp.*, Case No 13-13126 (PJW) (Bankr. D. Del. Feb. 20, 2014) (authorizing rejection of certain executory contract *nunc pro tunc* to the date of filing the motion) (D.I. 320); *In re iGPS Company LLC*, Case No. 13-11459 (KG) (Bankr. D. Del. July 29, 2013) (authorizing rejection of certain employment-related agreements *nunc pro tunc* to the date of filing the motion) (D.I. 411); *In re AES Eastern Energy, L.P.*, Case No. 11-14138 (KJC) (Bankr. D. Del. May 17, 2012) (D.I. 484) (authorizing rejection of unexpired leases *nunc pro tunc* to date of filing the motion); *In re Mail Systems Liquidation, Inc.*, Case No. 11-11187 (PJW) (Bankr. D. Del. Oct. 18, 2011) (D.I. 502) In re Aleris Int'l Inc., Case No. 09-10478 (BLS) (Bankr. D. Del. June 2, 2009) (D.I. 632) (same); *In re Source Interlink Companies Inc.*, Case No. 09-11424 (KG) (Bankr. D. Del. May 27, 2009) (D.I. 223) (authorizing the rejection of leases retroactive to the petition date); *In re Buffets Holdings, Inc.*, Case No. 08-10141 (MFW) (Bankr. D. Del. Feb. 13, 2008) (D.I. 292) (same).

where applicable, that they can immediately retake possession (or have already retaken possession) of the property subject or related to the leases. Moreover, the Debtors are serving this Motion on the Contract Counterparties via overnight mail. Also, as set forth in the Nolan Declaration, the Debtors acknowledge that they do not have the right to withdraw this Motion prior to the hearing. As no statutory committee has been formed in these cases, the element that any committee be informed of the Debtors' intent to reject is irrelevant here. To eliminate potential administrative claims against their estates and avoid further obligations accruing under the Contracts, the Debtors respectfully submit that rejecting the Vacated Locations Leases as of the Petition Date is appropriate.

**C. Abandonment of Personal Property.**

16. Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

17. With regard to any of the Abandoned Property remaining at the Vacant Locations, the Debtors request that such Abandoned Property be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as of the Petition Date. The Abandoned Property remaining at the premises is of inconsequential value or burdensome to the Debtors' estates, and the cost of retrieving, marketing, and reselling the Abandoned Property outweighs any recovery the Debtors could attain for the Abandoned Property. Accordingly, the abandonment of Abandoned Property located at the Vacant Locations is in the best interests of the Debtors, their estates, and their creditors, and parties in interest will have sufficient notice of such abandonment.

18. Courts in this jurisdiction have approved relief similar to that requested herein. *See In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del. June 20,

2014) (authorizing abandonment of personal property at the premises of rejected leases); *In re QCE Finance, Inc.*, No. 14-10543 (PJW) (Bankr. D. Del. Apr. 9, 2014) (same); *In re F&H Acquisition Corp.*, No. 13-13220 (KG) (Bankr. D. Del. Jan. 8, 2014) (same); *In re Rural/Metro Corp.*, No. 13-11952 (KJC) (Bankr. D. Del. Oct. 28, 2013) (same); *In re Friendly Ice Cream Corp.*, No. 11-13167 (KG) (Bankr. D. Del. Oct. 24, 2011) (same).

**WAIVER OF BANKRUPTCY RULES 6006(c) AND 6004(h)**

19. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6006(c) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**RESERVATION OF RIGHTS**

20. Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted is intended or should be construed as: (i) an admission as to the validity or amount of any particular claim against a Debtor; (ii) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (iii) a promise or requirement to pay any particular claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Motion; (v) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (vi) an admission that any of the Contracts are integrated with any other contract or lease; (vii) a waiver by the Debtors of their right to assert that the Contracts were terminated prior to the Petition Date; or (viii) a concession or evidence that the Contracts identified herein have not expired, been terminated, or otherwise currently are not in full force and effect.

**NOTICE**

21. The Debtors will provide notice of this Motion via overnight delivery to the Contract Counterparties and via first class mail to: (i) Office of the United States Trustee for the

District of Delaware; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (iv) any statutory committee appointed in these chapter 11 cases; (v) the Internal Revenue Service; (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002(i); and (vii) any party that may potentially have an interest in the Abandoned Property. The Debtors submit that no other or further notice is necessary under the circumstances.

## NO PRIOR MOTION

22. The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

The Debtors respectfully request entry of an order granting the relief requested in its entirety and any other relief as is just and proper.

Dated: May 4, 2015
Wilmington, Delaware

*/s/* Marisa A. Terranova

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marisa A. Terranova (No. 5396)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Facsimile: 302-651-7701
Email: collins@rlf.com
merchant@rlf.com
terranova@rlf.com
steele@rlf.com

Proposed Counsel for the Debtors and Debtors in Possession