IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § § | |
| | § | Case No. 15-10952 (KJC) |
| | § § | Joint Administration Requested |
| | § | |
| Debtors. | § | **Re: Docket No. 16** |

## DECLARATION OF WILLIAM J. NOLAN IN SUPPORT OF THE DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, EFFECTIVE NUNC PRO TUNC TO THE PETITION DATE

I, William J. Nolan, declare under penalty of perjury:

1.  I am the Chief Restructuring Officer of the Debtors.

2.  I submit this declaration in support of *Debtors' First Omnibus Motion for Entry of An Order Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases, Effective Nunc Pro Tunc to the Petition Date* (the "**Rejection Motion**").[2]  I am generally familiar with the Debtors' businesses, day-to-day operations, financial matters, results of operations, cash flows, and underlying books and records.  All facts in this declaration are based on my personal knowledge, information gathered from my review of relevant documents, and information supplied to me by members of the Debtors' senior management and the Debtors' advisors.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms used but not defined in this Declaration have the meanings used in the Rejection Motion.

3. The Debtors are evaluating the current and expected use of their executory contracts and unexpired leases, the ongoing cost of such leases, and the effect rejecting these contracts and leases would have on the Debtors' estates. I believe that it is in the best interests of the Debtors to reject certain contracts leases pursuant to which the Debtors are no longer receiving a benefit.

**Vacated Locations**

4. Prior to the Petition Date, the Debtors closed several of their locations, including certain offices in different states and storage areas (the "**Vacated Locations**"). The Debtors removed all property from such locations of value that they believe can be subsequently sold or liquidated and intend to abandon all other property remaining at the Vacated Locations (the "**Abandoned Property**"). I believe that on or before the Petition Date, the Debtors provided notice to each of the landlords related to the Vacated Locations of their intent to vacate the premises and have returned or provided all keys, keycards and access codes necessary to access the Vacated Locations.

**Parking Leases**

5. The Debtors are parties to several leases for parking facilities on or near their campuses (the "**Parking Facilities**"). As set forth above and in the First ceased instruction at all of their campuses prior to the Petition Date. Because the Debtors no longer have faculty or students at their campuses (although there remain a limited number of employees necessary to wind down the operations at each facility), they no longer require use of the Parking Facilities. I believe that on or prior to the Petition Date, the Debtors provided notice to each of the landlords under the Parking Facility leases of their intent to reject these leases and cease use of the related Parking Facilities.

RLF1 11657699v.1

**Equipment Leases**

6.      The Debtors are a party to three significant leases for equipment that they no longer require (the "**Equipment Leases**"):  one for printers and copiers, one for postage machines and one for computers and computer equipment.  All of this equipment was used in the operation of the Debtors' business, but is no longer necessary given the closure of the related locations.  I believe that on or prior to the Petition Date, the Debtors provided notice to each of the Contract Counterparties to the Equipment Leases that they no longer require use of the equipment, and that such Contract Counterparties should retrieve their equipment.

**Ambassador Contract**

7.      The Debtors are party to a master services agreement (the "**Ambassador Contract**") with Ambassador Education Solutions ("**Ambassador**") whereby Ambassador provided the Debtors with books and other materials to be sold at their campus locations and also provided employees to effectuate the sale of such materials.  The Debtors were charged by Ambassador for such sales at the time the books were sold.  With the recent closure of the Debtors' campus locations, the Debtors do not require the services that Ambassador provided under the Ambassador Contract.  I believe that on or prior to the Petition Date, the Debtors notified Ambassador of the proposed rejection of the Ambassador Contract, and have requested that Ambassador retrieve any inventory at the Debtors' locations.

**Rejection of the Contracts is Necessary to Preserve the Debtors' Estates**

8.      I believe that the leases for the Vacated Locations and the Parking Facilities as well as the Equipment Lease and the Ambassador Contract (collectively, the "**Contracts**") are no longer needed in light of the Debtors' current business needs, nor are a source of potential value for the Debtors' creditors or other parties in interest.

9. Absent rejection, I believe the Contracts would impose unnecessary ongoing obligations on the Debtors.

**Abandoned Property**

10. As set forth above, the Debtors have removed all property from the Vacated Locations, with the exception of the Abandoned Property. The Debtors have determined that the cost of removing and storing the Abandoned Property exceeds any anticipated value to be realized from the marketing and sale of such property. The Abandoned Property includes, but is not limited to certain Corinthian-branded display items.

11. Based on the foregoing, I believe that abandoning the Personal Property is in the best interest of the Debtors, their estates and their creditors.

Dated:   May 4, 2015
         Charlotte, North Carolina

_____
William J. Nolan
Chief Restructuring Officer