**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] § | |
| § | Case No. 15-10952 (KJC) |
| § | |
| § | Jointly Administered |
| § | |
| § | Re: Docket No. 4 |
| Debtors. § | |

### ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF RUST CONSULTING/OMNI BANKRUPTCY AS CLAIMS AND NOTICING AGENT, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**")[2] of the Debtors for entry of an order (this "**Order**") authorizing the employment and retention of Rust Consulting/Omni Bankruptcy ("**Rust/Omni**") as Claims and Noticing Agent in the Debtors' chapter 11 cases, effective *nunc pro tunc* to the Petition Date, as more fully set forth in the Application; and upon due and sufficient notice of the Application having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms used but not otherwise defined in this Order have the meanings used in the Application.

with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Application (the "**Hearing**"); and upon the Claims Agent Declaration submitted in support of the Application, the First Day Declaration, record of the Hearing and all the proceedings had before the Court; and the Court having found and determined that Rust/Omni has the capability and experience to provide the services described in the Application, that Rust/Omni does not hold an interest adverse to the Debtors or their estates with respect to the matters on which it is to be engaged, and that the employment and retention of Rust/Omni is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. Notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is approved solely as set forth in this Order. In the event of any inconsistency between the Engagement Agreement, the Application, and the Order, the Order shall govern.

3. The Debtors are authorized to retain Rust/Omni as Claims and Noticing Agent, effective *nunc pro tunc* to the Petition Date, under the terms of the Engagement Agreement, and Rust/Omni is authorized and directed to perform Claims and Noticing Services to receive, maintain, record and otherwise administer the proofs of claim filed in these chapter 11 cases, and all related tasks, all as described in the Application.

RLF1 11921314v.2

4. Rust/Omni will serve as the custodian of court records and will be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases, and Rust/Omni is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate upon the Clerk's request.

5. Rust/Omni is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

6. Rust/Omni is authorized to take such other actions to comply with all duties set forth in the Application.

7. The Debtors are authorized to compensate Rust/Omni in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Rust/Omni and the rates charged for each, and to reimburse Rust/Omni for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Rust/Omni to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

8. Rust/Omni will maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and will serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party in interest that specifically requests service of the monthly invoices.

9. The parties shall meet and confer in an attempt to resolve any dispute that might arise relating to the Engagement Agreement or monthly invoices. If the parties, after meeting and conferring, are unable to resolve their dispute, they may seek resolution of the matter from the Court.

10. Under Bankruptcy Code section 503(b)(1)(A), the fees and expenses of Rust/Omni under this Order will be an administrative expense of the Debtors' estates.

11. The Debtors will indemnify Rust/Omni under the terms of the Engagement Agreement, as modified by this Order.

12. Rust/Omni will not be entitled to indemnification, contribution, or reimbursement for services other than those provided under the Engagement Agreement, unless the Court approves such services and requires the Debtors' indemnification, contribution, or reimbursement.

13. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors will have no obligation to indemnify Rust/Omni, or provide contribution or reimbursement to Rust/Omni, for any losses, claims, damages, judgments, liabilities and expenses that are either (i) judicially determined (the determination having become final) to have resulted from, have arisen from, or be related to Rust/Omni's gross negligence or willful misconduct; (ii) a contractual dispute in which the Debtors allege the breach of Rust/Omni's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible under *United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.)*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Rust/Omni should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

14. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) or (ii) the entry of an order closing these chapter 11 cases, Rust/Omni believes that it is entitled to

4

payment by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Rust/Omni must file an application in this Court, and the Debtors will not be required to pay such amounts to Rust/Omni before this Court enters an order approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Rust/Omni for indemnification, contribution, or reimbursement, and not to limit the duration of the Debtors' obligation to indemnify Rust/Omni. Any parties in interest will retain the right to object to any demand by Rust/Omni for indemnification, contribution, or reimbursement.

15. If Rust/Omni is unable to provide the services set out in this Order, Rust/Omni will immediately notify the Clerk and the Debtors' counsel and, upon the Court's approval, turn over all original proofs of claim (if any) and computer information to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

16. Rust/Omni may not cease providing claims processing services during these cases for any reason, including nonpayment, without prior order of the Court authorizing Rust/Omni to do so; *provided, however*, that Rust/Omni may seek such an order on expedited notice by filing a request with the Court and serving notice of such request on the Debtors, the Office of the U.S. Trustee, counsel for the Debtors, and any official committee of creditors appointed in these cases, by facsimile or overnight delivery; *provided further*, that except as expressly precluded herein, the Debtors and Rust/Omni under the Engagement Agreement may terminate or suspend other services.

17. After entry of an order terminating Rust/Omni's services or upon the closing of these cases, Rust/Omni will be responsible for archiving all proofs of claim with the Federal

Archives Record Administration, if applicable, and will be compensated by the Debtors for those costs.

18. Debtors' counsel shall notify the clerk of the Court and Rust/Omni within 7 days of an order of dismissal or conversion of the chapter 11 cases.

19. The Debtors may submit a separate retention application, under Bankruptcy Code section 327 and/or any applicable law, for work that is to be performed by Rust/Omni but is not specifically authorized by this Order.

20. Rust/Omni shall comply with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other general orders or applicable guidelines issued by this Court.

21. The Debtors and Rust/Omni are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Application.

22. Notwithstanding any term in the Engagement Agreement to the contrary, this Court will retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

23. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, this Order is immediately effective and enforceable upon its entry.

Dated: May 5, 2015
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE