**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § § § | Case No. 15-10942 (KJC) |
| | § § | Jointly Administered |
| Debtors. | § § § | Re: Docket No. 6 |

**INTERIM ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (II) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT FOR UTILITIES; AND (III) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS TO DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an interim order (this "**Order**"): (i) prohibiting Utility Companies from altering, refusing, or discontinuing services to, or discriminating against, the Debtors solely on the basis of the commencement of the Debtors' chapter 11 cases, a debt owed by the Debtors for services rendered prior to the Petition Date, or any perceived inadequacy of the Debtors' proposed adequate assurance of payment for Utility Companies for postpetition services; (ii) approving the Debtors' proposed adequate assurance of payment for Utility Companies for postpetition services; and (iii) approving procedures for resolving objections to the Debtors' proposed adequate assurance of payment for Utility

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] The Capitalized terms used but not defined in this Order have the meanings used in the Motion.

Companies for postpetition services, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and upon the First Day Declaration, the record of the Hearing, and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Federal Rule of Bankruptcy Procedure 6003, and that such relief is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The final hearing (the "**Final Hearing**") on the Motion shall be held on May 27, 2015, at 2:00 p.m. (prevailing Eastern Time). Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on May 20, 2015, and served on the following parties: (i) Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; (iii) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; and (iv) counsel to any statutory committee appointed in these chapter 11 cases. A copy of the Motion and this Order will be served in accordance with

the requirements of Local Rule 9013-1(m). Due to the nature of the relief requested in the Motion, no other or further notice need be given. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. Except as provided herein, absent further order of the Court, the Utility Companies identified on Exhibit 1 attached hereto (as amended from time to time, the "**Utility Services List**"), are prohibited from altering, refusing, or discontinuing services to, or discriminating against, the Debtors solely on the basis of the commencement of the Debtors' chapter 11 cases, a debt owed by the Debtors for Utility Services rendered prior to the Petition Date, or any perceived inadequacy of the Debtors' proposed adequate assurance of payment to Utility Companies for postpetition Utility Services.

4. As adequate assurance of payment to Utility Companies for postpetition Utility Services, the Debtors must deposit cash in an amount equal to two weeks of the Debtors' payment for all Utility Services (the "**Utility Deposit**"), into a newly-created, interest-bearing segregated account (the "**Utility Deposit Account**") for the benefit of the Utility Companies.

5. Except as may be reduced by application of this Order, the Utility Deposit in the amount of $47,069.64 shall be deposited in the Utility Deposit Account within 30 days after the Petition Date and will be held in such account for the purpose of providing each Utility Company with adequate assurance of payment for postpetition Utility Services to the Debtors.

6. Except as provided herein with respect to Utility Companies' rights, the Debtors' creditors will have no interest in, or lien on, the Utility Deposit or the Utility Deposit Account.

7. The portion of the Utility Deposit attributable to each Utility Company must be returned to the Debtors upon the earlier of (i) the Debtors' termination of services from such

Utility Company provided, however, in the event of a dispute with such Utility Company regarding post-petition payments, the portion of such Utility Company's Utility Deposit attributable to such dispute shall not be returned absent resolution of the dispute or further order of the Court, (ii) entry of an order of the Court authorizing the return of such Utility Deposit to the Debtors, or (iii) the effective date of a chapter 11 plan in the Debtors' cases.

8. The following procedures (the "**Adequate Assurance Procedures**") to resolve objections to the Debtors' proposed adequate assurance of payment to Utility Companies for postpetition services are approved:

    a) Within two days after the date of entry of this Order, the Debtors will fax, email, or serve by first-class mail a copy of this Order to Utility Companies on the Utility Services List.

    b) Any Utility Company dissatisfied with the Proposed Adequate Assurance may make an additional adequate assurance request ("**Additional Adequate Assurance Request**") that sets forth (i) the amount and form of additional or alternative assurance of payment requested; (ii) the type of Utility Services provided and the location(s) where such Utility Services are provided; (iii) a summary of any security deposits provided by the Debtors to such Utility Company; and (iv) why the Utility Company believes the Proposed Adequate Assurance is insufficient.

    c) Any such Additional Adequate Assurance Request must be served on (i) Corinthian Colleges, Inc., 6 Hutton Centre Drive, Suite 400, Santa Ana, CA 92707. (Attn: William J. Nolan); (ii) proposed co-counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq. and Michael J. Merchant, Esq.); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, DE 19801 (Attn: Richard L. Schepacarter, Esq.); and (iv) counsel for any statutory committee appointed in these chapter 11 cases.

    d) Before the Final Hearing, the Debtors may, without further order of this Court, resolve any Additional Adequate Assurance Request by mutual agreement with the objecting Utility Company, and in connection with such resolution, may provide a Utility Company with alternative assurance of payment, to the extent the Debtors believe such alternative assurance is reasonable in the exercise of their business judgment, including, but not

      limited to, cash deposits, letters of credit, prepayments, and other forms of security; *provided, however*, that the Debtors maintain a summary record of such agreements and their respective terms, to be made available to any statutory committee appointed in these chapter 11 cases and the Office of the United States Trustee on request.

  e)  If the Debtors are unable to reach a resolution with an objecting Utility Company prior to the Final Hearing, the Debtors propose that the Court determine the adequacy of the Proposed Adequate Assurance for such Utility Company at the Final Hearing or at the next regularly scheduled omnibus hearing; *provided, however*, that the Debtors, with the consent of such Utility Company, may continue any unresolved Additional Adequate Assurance Request to a hearing date after the date of the Final Hearing, and *provided, further*, that the Debtors request that any objecting Utility Company shall be prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors over any unpaid charges for prepetition Utility Services or any perceived inadequacy of the Proposed Adequate Assurance, pending resolution of any Additional Adequate Assurance Request. After the Final Hearing, a Utility Company may request a more prompt hearing from the Court should there not be an omnibus hearing date scheduled within 21 days.

  f)  Any Utility Company that does not make an Additional Adequate Assurance Request in accordance with the Adequate Assurance Procedures will be deemed to have received adequate assurance of payment satisfactory to such Utility Company as required by Bankruptcy Code section 366, and will be prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors over any unpaid charges for prepetition Utility Services or any perceived inadequacy of the Proposed Adequate Assurance, subject to such Utility Company's right to seek modification of the Proposed Adequate Assurance under Bankruptcy Code section 366(c)(3), unless otherwise ordered by the Court.

  9.  The Debtors are authorized to amend the Utility Services List by adding or deleting a Utility Company. When doing so, the Debtors must file with this Court a notice of such amendment and serve such notice on the affected Utility Company together with a copy of the Motion, this Order, and the Final Order (when and if entered). The Debtor may amend the Utility Service List to delete a Utility Company only if it has provided two weeks advance notice to such Utility Company, and has not received any objection from such Utility Company. If an

objection is received, the Debtor shall request a hearing before the Court at the next omnibus hearing date, or such other date that the Debtor and the Utility Company may agree.

10. The Debtors are authorized to reduce the Utility Deposit to the extent it includes an amount for a Utility Company that the Debtors subsequently determine should be removed from the Utility Services List.

11. This Order is binding on the Utility Companies identified on Exhibit 1 and any additional Utility Companies subsequently added to the Utility Services List; *provided, however*, that any newly identified Utility Company (an "**Additional Utility Company**") served with notice of the applicable amendment to the Utility Services List may make an Additional Adequate Assurance Request in compliance with the Adequate Assurance Procedures.

12. Upon the addition of an Additional Utility Company to the Utility Services List, the Debtors will increase the amount of the Utility Deposit by an amount equal to two weeks of the Debtors' payment for Utility Services provided by such Additional Utility Company.

13. Should any Additional Utility Company file an Additional Adequate Assurance Request, such Additional Utility Company is prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors over any unpaid charges for prepetition Utility Services or any perceived inadequacy of the Proposed Adequate Assurances, pending resolution of such Additional Adequate Assurance Request.

14. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors) is to be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (iv) a waiver

of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under Bankruptcy Code section 365.

15. The Debtors' service of the Motion, this Order, or notice of an amendment to the Utility Services List on the Utility Companies does not constitute an admission or concession that any such entity is a utility within the meaning of Bankruptcy Code section 366, and all rights and defenses of the Debtors are reserved with respect thereto.

16. Payments made pursuant to this Order shall not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

17. The requirements set forth in Federal Rule of Bankruptcy Procedure 6004(a) are hereby waived.

18. Notwithstanding the applicability of Federal Rule of Bankruptcy Procedure 6004, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Order.

20. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: May 5, 2015
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE