

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] § | |
| § | Case No. 15-10952 (KJC) |
| § | |
| § | Jointly Administered |
| Debtors. § | |
| § | Re: Docket No. 7 |

## ORDER AUTHORIZING DEBTORS TO CONDUCT *DE MINIMIS* ASSET SALES OF $25,000 OR LESS WITHOUT FURTHER ORDER OF THE COURT

Upon the motion (the "**Motion**")[2] of the Debtors for entry of a final order (this "**Order**"): (i) approving procedures by which the Debtors may consummate certain asset sales of limited size without the need for further Court approval and (ii) granting certain related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and venue

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the First Day Declaration, the record of the Hearing, and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. The Miscellaneous Sale Procedures, as set forth in the Motion, are approved, as follows:

    (a) The Miscellaneous Sale Procedures shall apply only to asset sale transactions involving, in each case, the transfer of $25,000 or less in total consideration to a single buyer or group of related buyers per location, as measured by the amount of cash and other consideration to be received by the Debtors on account of the assets to be sold, provided, however, that sales to a single buyer or group of related buyers shall not exceed $125,000 in the aggregate for all locations absent to further order of the Court. The Debtors shall be permitted to sell assets that are encumbered by liens, encumbrances or other interests only to the extent permitted by section 363(f) of the Bankruptcy Code. Further, the Debtors shall be permitted to sell assets co-owned by a Debtor and a third party pursuant to the Miscellaneous Sale Procedures only to the extent that the sale does not violate section 363(h) of the Bankruptcy Code.

(b)    The Debtors will seek offers for the Miscellaneous Assets from liquidators, competitions and other potential purchasers. If the Debtors receive offers for the Miscellaneous Assets from a single buyer or related group of buyers at a single location that exceed $25,000, then such sale will not be subject to these Miscellaneous Sale Procedures. The Debtors shall file a separate motion or motions with the Court seeking approval of any transaction that exceeds the $25,000 threshold (for a single buyer or group of related buyers at a single location).

(c)    After a Debtor enters into a contract or contracts (or bill of sale or other legal document) contemplating a Proposed Sale, the Debtors shall serve a Sale Notice by email (or overnight mail where email addresses are not available) on (i) the U.S. Trustee, (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis, <u>provided</u>, <u>however</u>, that the Debtors shall no longer be required to serve such parties following the appointment of a Committee; (iii) the Committee (if appointed); (iv) the Department of Education; and (v) all known parties holding or asserting liens on or other interests in the assets that are the subject of the Proposed Sale and their respective counsel, including, without limitation, counsel to Bank of America, N.A., as administrative agent for the prepetition lenders (collectively, the "**Interested Parties**").

3.    The Sale Notice shall include the following information with respect to the Proposed Sale:

- a description of the assets, which clearly identifies the specific the assets, that are the subject of the Proposed Sale and their locations;

- the identity of the Debtor which owns such assets ;

- the identity of the nondebtor party or parties to the Proposed Sale and any relationship of the party or parties with the Debtors; provided, however,

RLF1 11922008v.2

> that the Miscellaneous Sale Procedures may not be used to consummate a sale of assets to any "insider" of the Debtors (as defined in section 101(31) of the Bankruptcy Code);

- the identities of any parties known to the Debtors to hold liens on or other interests in the assets and a statement indicating that all such liens or interests are capable of monetary satisfaction;

- the major economic terms and conditions of the Proposed Sale (which information may be provided by attaching the applicable contract or contracts or other relevant documents to the Sale Notice); and

- instructions consistent with the terms described below regarding the procedures to assert Objections.

(a) Interested Parties shall have forty-eight (48) hours from the transmission of the Sale Notice (the "**Notice Period**") to object to the Proposed Sale pursuant to the objection procedures described below.[*] If no Objections are properly asserted prior to expiration of the Notice Period, the applicable Debtor or Debtors shall be authorized, without further notice and without further Court approval, to consummate the Proposed Sale in accordance with the terms and conditions of the underlying contract, contracts or other documents. In addition, the applicable Debtor or Debtors may consummate a Proposed Sale prior to expiration of the applicable Notice Period if each Interested Party consents in writing to the Proposed Sale (or indicates its non-objection to the Proposed Sale). Upon either (i) the expiration of the Notice Period without the receipt of any Objections or (ii) the written consent (or indication of non-objection) of all Interested Parties, the Proposed Sale shall be deemed final and fully authorized by the Court.

(b) If any significant economic terms of a Proposed Sale are amended after transmittal of the Sale Notice, but prior to the expiration of the Notice Period, the applicable Debtor or Debtors shall send a revised Sale Notice to all Interested Parties

[*handwritten annotation: Provided, however, if the Notice Period expires on a weekend, it shall be extended to the same time on the following Monday.]

describing the Proposed Sale, as amended. If a revised Sale Notice is required, the Notice Period shall be extended for an additional forty-eight (48) hours; *provided, however, if such period expires on a weekend, it shall be extended to the same time on the following Monday.*

          (c)    Any Objections to a Proposed Sale must be in writing and served on the Interested Parties so as to be received by all such parties prior to expiration of the Notice Period. Each Objection must state with specificity the grounds for objection. If an Objection to a Proposed Sale is properly served, the Proposed Sale may not proceed absent (i) written withdrawal of the Objection or (ii) entry of an order of the Court specifically approving the Proposed Sale. If an Objection is not resolved on a consensual basis, the applicable Debtor or Debtors may schedule the Proposed Sale and the Objection for hearing at the next available omnibus hearing date in these chapter 11 cases.

          (d)    Buyers shall take title to the assets free and clear of liens, claims, encumbrances and other interests, pursuant to section 363(f) of the Bankruptcy Code. All such liens, claims, encumbrances and other interests shall attach to the proceeds of the sale to the extent the underlying security agreement provides for the continuation of such liens, claims, encumbrances and other interests, with the same validity and priority as with respect to the assets.

    4.    This Court will retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: May  5 , 2015  
       Wilmington, Delaware

                                                             */s/ Kevin J. Carey*  
                                                              THE HONORABLE KEVIN J. CAREY  
                                                              UNITED STATES BANKRUPTCY JUDGE