

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § | |
| | § | Case No. 15-10952 |
| | § | |
| | § | Jointly Administered |
| | § | |
| | § | Re: Docket No. 9 |
| Debtors. | § | |

**INTERIM ORDER (I) AUTHORIZING CONTINUED USE
OF EXISTING CASH MANAGEMENT SYSTEM AND BANK
ACCOUNTS; (II) WAIVING CERTAIN UNITED STATES TRUSTEE
REQUIREMENTS; (III) AUTHORIZING CONTINUED PERFORMANCE OF
INTERCOMPANY TRANSACTIONS; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an interim order (this "**Order**"): (i) authorizing the Debtors to continue to use their centralized cash management system (the "**Cash Management System**") and bank accounts located at various banks, as more fully set forth in the Motion; (ii) waiving certain bank account and related requirements of the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"); (iii) authorizing the Debtors to continue their existing deposit practices under the Cash Management System (subject to certain reasonable changes to the Cash Management System that the Debtors may implement); (iv) extending time to comply with Bankruptcy Code section

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

345(b); and (v) authorizing Intercompany Transactions (as defined below) consistent with historical practice and granting administrative expense priority to Intercompany Transactions, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and upon the First Day Declaration, the record of the Hearing, and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Federal Rule of Bankruptcy Procedure 6003, and that such relief is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The final hearing (the "**Final Hearing**") on the Motion will be held on May 27, 2015, ~~2015~~, at 2:00 p.m. (prevailing Eastern Time). Any objections or responses to entry of a final order on the Motion must be filed on or before 4:00 p.m. (prevailing Eastern Time) on May 20, 2015, and served on the following parties: (i) counsel to the Debtors; (ii) the Office of the United States Trustee for the District of Delaware; (ii) counsel to Bank of America, N.A., in its

capacity as administrative agent under that certain Fourth Amended and Restated Credit Agreement, dated as of May 17, 2012; and (iii) counsel to any statutory committee appointed in these chapter 11 cases. A copy of the Motion and this Order will be served in accordance with the requirements of Local Rule 9013-1(m). Due to the nature of the relief requested in the Motion, no other or further notice need be given. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. Except as otherwise provided herein, (i) the Debtors are authorized and empowered to continue to maintain and use their Cash Management System and Debtor Bank Accounts consistent with their prepetition practices, and (ii) the existing agreements between the Debtors and any applicable Bank (as such term is defined below) shall continue to govern the postpetition cash management relationship between the Debtors and such Bank, and all of the provisions of such agreements shall remain in full force and effect, and the Debtors are authorized to comply with the terms of such agreements.

4. The Debtors are authorized to implement such changes to the Cash Management System as the Debtors may deem necessary or appropriate, including, without limitation, opening any new bank accounts or closing any of the bank accounts. The Banks are authorized to honor the Debtors' requests to open or close such bank accounts in connection with authorized changes to the Cash Management System.

5. The Debtors are authorized but not directed to (i) maintain and continue to use the Debtor Bank Accounts, in the same manner and with existing account numbers, styles, and document forms as are currently employed; (ii) deposit funds in, and withdraw funds from, the Debtor Bank Accounts by usual means, including check, wire transfer, automated clearinghouse

transfer, draft, electronic fund transfer, or other items presented, issued, or drawn on the Debtor Bank Accounts; (iii) pay prepetition and ordinary course bank fees for the Debtor Bank Accounts as set forth herein; (iv) perform their obligations under the Debtor Bank Accounts' governing documents and agreements; and (v) treat the Debtor Bank Accounts for all purposes as DIP Accounts.

6.  All Banks are authorized, effective *nunc pro tunc* to the Petition Date, to continue to administer, service, and maintain the Debtor Bank Accounts, as they were prepetition, without interruption and in the ordinary course, and to receive, process, honor, and pay Disbursements; provided, however, that no checks issued against the Debtor Bank Accounts prior to the commencement of these chapter 11 cases shall be honored except as otherwise authorized by an order of this Court and requested by the Debtors.

7.  All Banks are authorized to accept and honor all representations from the Debtors as to which of these Disbursements should be honored. If any Banks nevertheless dishonor Court-approved Disbursements, the Debtors are authorized to issue replacement Disbursements consistent with the orders of this Court. The Banks shall not be liable to any party, or otherwise in violation of orders of this Court, on account of (a) following the Debtors' instructions or representations as to any order of this Court, (b) the honoring of any prepetition Disbursement or other Disbursement in a good faith belief that the Court has authorized such Disbursement to be honored or (c) an innocent mistake made despite implementation of reasonable item-handling procedures.

8.  The Banks are authorized to charge and the Debtors are authorized to pay or honor the Bank Fees related to the Debtor Bank Accounts. The Banks are also authorized to charge back returned items to the Debtor Bank Accounts in the normal course of business.

9. The Debtors are authorized to continue performing Intercompany Transactions arising from or related to the operation of their businesses in the ordinary course. No intercompany transfers by the Debtors to non-debtor affiliates or subsidiaries are permitted, absent further order of the Court.

10. All payments from any postpetition Intercompany Transactions authorized hereunder are hereby accorded administrative expense priority under Bankruptcy Code section 503(b). In connection with the Intercompany Transactions, the Debtors must continue to maintain current records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced, properly recorded, and distinguished between prepetition and postpetition transactions on intercompany accounts and must include a detailed accounting of such Intercompany Transactions in the Debtors' monthly operating reports.

11. The Debtors are authorized to continue using all Business Forms, substantially in the forms existing immediately prior to the Petition Date without reference to the Debtors' status as debtors in possession; provided that once the Debtors' existing checks have been used, the Debtors will, when reordering checks, require the designation 'Debtor in Possession' and the corresponding bankruptcy case number on all checks; provided further that, with respect to electronic checks and checks which the Debtors or their agents print themselves, the Debtors will begin printing the 'Debtor in Possession' legend on such items within 10 days of the date of entry of this Order.

12. For Banks that have not signed a Uniform Depository Agreement with the U.S. Trustee, the Debtors have 30 days (or such additional time as the U.S. Trustee may agree to) from the Petition Date (the "**Extension Period**") within which to comply with Bankruptcy Code

section 345(b) or to make such other arrangements as agreed with the U.S. Trustee, and such extension is without prejudice to the Debtors' right to request a further extension of the Extension Period or waiver of the requirements of Bankruptcy Code section 345(b) in these cases. For Banks that have signed a Uniform Depository Agreement with the U.S. Trustee, all Debtor Bank Accounts with such banks are deemed to satisfy Bankruptcy Code section 345(b).

13. Within 15 days of the date of entry of this Order, with respect to Banks at which the Debtors hold the Debtor Bank Accounts that are party to a Uniform Depository agreement with the U.S. Trustee, the Debtors must (i) contact each Bank; (ii) provide the Bank with each of the Debtors' tax identification numbers; and (iii) identify each of their Debtor Bank Accounts held at such Bank as being held by a debtor in possession in a bankruptcy case.

14. Within 30 days of the date of entry of this Order, with respect to Banks at which the Debtors hold accounts that are not party to a Uniform Depository agreement with the U.S. Trustee, the Debtors must use their good-faith efforts to cause the Banks to execute a Uniform Depository agreement in a form prescribed by the U.S. Trustee. The Debtors will promptly direct such Banks to internally code the Debtors Bank Accounts as DIP Accounts. The U.S. Trustee's rights to seek relief from this Court on notice in the event that the aforementioned Banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

15. To the extent the Debtors seek to open any new bank accounts or close any existing Debtor Bank Accounts as permitted pursuant to paragraph 4 hereof, the Debtors shall give notice within 15 days after such opening of a new bank account or closing of an existing Debtor Bank Account to the U.S. Trustee and any statutory committees appointed in these chapter 11 cases; **provided, further,** however that the Debtors are authorized to open any such

new bank account at Banks that have executed a Uniform Depository agreement with the U.S. Trustee, or at such Banks that are willing to immediately execute such an agreement.

16. Subject to the terms and conditions in this Order, any and all bank accounts opened by the Debtors on or after the Petition Date at any Bank shall, for all purposes under this Order, be deemed a Debtor Bank Account (as if it had been opened prior to the Petition Date), and any and all Banks at which such bank accounts are opened shall similarly be subject to the rights and obligations imposed under this Order.

17. Despite the use of a consolidated cash management system, the Debtors will calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on disbursements made for the benefit of each Debtor, regardless of whether such Debtor actually makes such disbursements.

18. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors regarding the use of cash collateral (including, without limitation, any applicable budget).

19. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors) will be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any rights, claims, or defenses related thereto; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy or lease under Bankruptcy Code section 365.

20. The requirements set forth in Federal Rule of Bankruptcy Procedure 6004(a) are hereby waived.

21. Notwithstanding the applicability of Federal Rule of Bankruptcy Procedure 6004, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Order.

23. This Court will retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: May 5, 2015
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE