# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al*[1],<br><br>　　　　　　　　　Debtors. | Chapter 11<br>Bankr. Case No. **15-10952-KJC**<br>(Joint Administration) |
| GUY REYNOLDS, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CORINTHIAN COLLEGES, INC.<br><br>　　　　　　　　　Defendant. | Adv. Pro. No. _____ - \_\_\_\_\_ |

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT
## FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq*.
## AND CALIFORNIA LABOR CODE §§ 1400, *et seq*.

Plaintiff Guy Reynolds ("Plaintiff") alleges on behalf of himself and a class of similarly

situated former employees of defendants, by way of his Class Action Complaint against Corinthian

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SPPE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

Colleges, Inc., ("Corinthian")( collectively "Debtor" or "Defendant") by and through his counsel as follows:

## NATURE OF THE ACTION

1. This is a class action for the recovery by Plaintiff Guy Reynolds and other similarly situated employees of the Debtor for damages in the amount of 60 days' pay and ERISA benefits by reason of Debtor's violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 – 2109 and its California counterpart California Labor Code §§ 1400 – 1408 (collectively, the "WARN Acts"). The Plaintiff was an employee of the Debtor and was terminated as part of, or as a result of, a mass layoff ordered by the Debtor on or about April 26, 2015. As such, the Debtor violated the WARN Acts by failing to give the Plaintiff and other similarly situated employees of the Debtor at least 60 days' advance notice of termination, as required by the WARN Acts. As a consequence, the Plaintiff and other similarly situated employees of the Debtor are entitled under the WARN Acts to recover from the Debtor 60 days' wages and ERISA benefits, none of which has been paid. Plaintiff Guy Reynolds was an employee of Corinthian until his termination on or about April 26, 2015.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

4. Venue is proper in this District pursuant to 28 U.S.C § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff*

5.      Plaintiff Guy Reynolds was an employee of Corinthian who worked for six-and-a-half years as a Lead HVAC Instructor.  He worked at one of Defendant's WyoTech school facilities located at 200 Whitney Place, Freemont, California (the "Freemont" Facility) until his termination on or about April 26, 2015.

*Defendant*

6.      Upon information and belief, Defendant Corinthian Colleges, Inc., is a Delaware Corporation with its principal place of business located at 6 Hutton Center Dr., Suite 400, Santa Ana, California.

7.      Upon information and belief at all relevant times, Defendant maintained and operated its business employing more than 50 employees at various campuses, including one in Long Beach, California under the name WyoTech, as well as at other campuses under the name Heald College and Everest Phoenix/Mesa (together the "Facilities"), as that term is defined by the WARN Act (collectively the "Facilities").

8.      On May 4, 2015, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

9.      Until his termination by Defendant, Plaintiff and the other similarly situated persons were employees of Defendants who worked at, received assignments from, or reported to the Facilities.

**WARN ACT CLASS ALLEGATIONS**

10. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, received assignments from, or reported to Defendant's Facilities and were terminated without cause on or about April 26, 2015, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about April 26, 2015, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

11. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

12. Upon information and belief, Defendant employed more than 100 full-time employees who worked at or reported to the Facilities.

13. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendants.

14. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

15. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

    (b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act;

    (c) whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act; and

    (d) whether Defendants operated as a single-employer with its subsidiaries under the WARN Act with respect to the terminations of the Plaintiffs and similarly-situated employees.

16. The Plaintiff's claims are typical of those of the WARN Class. The Plaintiff, like other WARN Class members, worked at or reported to Defendant's Facilities and was terminated on or about April 26, 2015, due to the mass layoffs and/or plant closings ordered by Defendant.

17. The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

18. On or about April 26, 2015, Defendant terminated the Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which they was entitled to receive 60 days advance written notice under the WARN Act.

19.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

20.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

21.     The Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

22.     The relief sought in this proceeding is equitable in nature.

## CALIFORNIA WARN ACT CLASS ALLEGATIONS

23.     The Plaintiff brings the Second Claim for Relief for violation of Labor Code § 1401 on behalf of himself and a class of similarly situated persons pursuant to Labor Code § 1404 and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about April 26, 2015 and thereafter (the "CAL WARN Class").

24. The persons in the CAL WARN Class identified above ("CAL WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

25. On information and belief, the identity of the members of the class and the recent residence address of each of the CAL WARN Class Members is contained in the books and records of Defendant.

26. On information and belief, the rate of pay and benefits that were being paid by Defendant to each CAL WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

27. Common questions of law and fact exist as to members of the CAL WARN Class, including, but not limited to, the following:

(a) whether the members of the CAL WARN Class were employees of the Defendant;

(b) whether Defendant unlawfully terminated the employment of the members of the CAL WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the CAL WARN Act; and

(c) whether Defendant unlawfully failed to pay the CAL WARN Class members 60 days wages and benefits as required by the CAL WARN Act.

(d) whether the Plaintiff's claims are typical of those of the CAL WARN Class.

28. The Plaintiff, like other CAL WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated on or about April 26, 2015 and thereafter, due to the closure of the Facilities ordered by Defendant.

29. The Class Plaintiff will fairly and adequately protect the interests of the CAL WARN Class. The Class Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the CAL WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

30. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the CAL WARN Class predominate over any questions affecting only individual members of the CAL WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of CAL WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual CAL WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

31. Concentrating all the potential litigation concerning the CAL WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the CAL WARN Act rights of all the members of the Class.

32. The Class Plaintiff intends to send notice to all members of the CAL WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF

### Violation of the Federal WARN Act

33. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

34. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

35. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a)(3), and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

36. Beginning on or about April 26, 2015, Defendant ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 210l(a)(2) and 20 C.F.R. § 639.3(i)

37. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01 (a)(8).

38. The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

39. The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l (a)(5).

40. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

41. Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

42. The Plaintiff and each of the Class Members, are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

43. Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued vacation and personal time off for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## CALIFORNIA WARN Act Cause of Action

44. Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

45. Plaintiff together with other employees similarly situated who worked at the Freemont and Long Beach Facilities, and other "covered establishments", are former "employees," of Defendant a defined in Labor Code § 1400(h).

46. Defendant terminated Plaintiff's employment and the employment of other similarly situated employees, pursuant to a "mass layoff," "relocation" or "termination" as defined in Labor Code § 1400 on or about April 26, 2013 or thereafter.

47. Defendant is an "employer" as defined in Labor Code § 1400(b).

48. Defendant violated Labor Code § 1401 by ordering a "mass layoff," "relocation" or "termination" in California without giving written notice at least 60 days before the order took effect to (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

49. As a result of Defendant's violation of Labor Code § 1401, Plaintiff and the other similarly situated employees are entitled to damages under Labor Code § 1402(a) in an amount to be determined.

50. Plaintiff has incurred and the other similarly situated employees will incur attorney's fees in prosecuting this claim and are entitled to an award of attorney's fees under Labor Code § 1404.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. An allowed wage priority claim for up to $12,450 of the WARN Act claims of Plaintiff and each of the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim, equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the federal WARN Act, 29 U.S.C. §2104(a)(1)(A) and the California Labor Code § 1402(a) or, in the alternative a first priority administrative expense claim against Defendants pursuant to 11 U.S.C. § 503(b)(1)(A)(ii) in favor of Plaintiff and the other similarly situated former employees equal to those sums;

E. Reasonable attorneys' fees and the costs and disbursements that the Plaintiff will incur in prosecuting this action, as authorized by the federal WARN Act; and

F. Such other and further relief as this Court may deem just and proper.

Dated: May 5, 2015

Respectfully submitted,

By: /s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, Delaware 19801
Telephone:   (302) 654-0248
Facsimile:    (302) 654-0728
E-mail:        loizides@loizides.com

Jack A. Raisner
René S. Roupinian
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

*Attorneys for the Plaintiff and the Putative Class*