IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | **Objection Deadline: May 20, 2015 at 4:00 p.m. (EDT)** |
| | § | **Hearing Date: May 27, 2015 at 2:00 p.m. (EDT)** |

-------------------------------------------------------------

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE EMPLOYMENT AND COMPENSATION
OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY
COURSE OF BUSINESS, *NUNC PRO TUNC* TO THE PETITION DATE**

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession in these cases (collectively, the "**Debtors**"), respectfully request entry of an order authorizing the Debtors to (i) employ professionals that they use in the ordinary course of business (each, an "**Ordinary Course Professional**" and collectively, the "**Ordinary Course Professionals**"), effective *nunc pro tunc* to the Petition Date, without submitting employment applications and obtaining retention orders for each Ordinary Course Professional and (ii) to compensate and reimburse Ordinary Course Professionals without individual fee applications, subject to the limitations described below.  In support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).  The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

**JURISDICTION & VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[2]

**BACKGROUND**

2. On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Court has entered an order jointly administering these chapter 11 cases [Docket No. 20]. Further information regarding the Debtors' business operations, capital structure, and reasons for commencing these cases is set forth in *Declaration of William J. Nolan in Support of Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**") [Docket No. 10].[3]

3. Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada. Corinthian offered career-oriented diploma and degree programs in diverse fields such as health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology. As of March 31, 2014, Corinthian operated over 100 campuses and provided educational opportunities to more than 74,000 students and had more than 10,000 employees. It also offered degrees online.

---

[2] Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

[3] Capitalized terms not otherwise defined in this Motion have the meanings used in the First Day Declaration.

4. Among its acquisitions, in January 2010, Corinthian purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**"). Heald, through its subsidiaries, operates Heald College, a 150 year old regionally accredited institution with 12 campuses offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

5. Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the First Day Declaration

## RELIEF REQUESTED

6. The Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to Bankruptcy Code sections 105(a), 327, 328(a), and 330, authorizing the Debtors to (i) employ Ordinary Course Professionals, effective *nunc pro tunc* to the Petition Date, without submitting employment applications and obtaining retention orders for each Ordinary Course Professional and (ii) to compensate and reimburse Ordinary Course Professionals without individual fee applications, subject to the limitations described herein.

7. By this Motion, the Debtors are not requesting authority to pay any prepetition amounts owed to Ordinary Course Professionals.

## BASIS FOR RELIEF REQUESTED

### I. FACTS SPECIFIC TO RELIEF REQUESTED

**A.    Ordinary Course Professionals**

8. The Debtors' management and staff, in carrying out their assigned duties and responsibilities, regularly call upon a variety of Ordinary Course Professionals to provide professional services to the Debtors. These Ordinary Course Professionals provide services relating to issues that directly impact the Debtors' day-to-day operations, including specialized

- 3 -

legal services, accounting services, and tax services. To avoid disruption to the Debtors' business operations and ongoing restructuring efforts, it is essential that the Debtors be authorized to continue to employ and compensate these Ordinary Course Professionals, who are familiar with the Debtors' businesses and financial affairs and the matters and responsibilities for which they were retained prepetition. Attached to the Proposed Order as Exhibit 1 is a nonexclusive list of the Ordinary Course Professionals identified by the Debtors.

### B.   Proposed Retention and Compensation Procedures

9.  The Debtors propose the following procedures for retaining and compensating Ordinary Course Professionals:

   a)   Within 28 days after the later of (i) the date of an order of the Court granting this Motion and (ii) the date on which an Ordinary Course Professional commences services for the Debtors, such Ordinary Course Professional must provide to the Debtors' attorneys: (x) an affidavit, substantially in the form attached to the Proposed Order as Exhibit 2, certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter for which such Ordinary Course Professional is to be employed (the "**Ordinary Course Professional Affidavit**") and (y) a completed retention questionnaire, substantially in the form attached to the Proposed Order as Exhibit 3 (the "**Retention Questionnaire**").

   b)   The Debtors' attorneys must then file the Ordinary Course Professional Affidavit and the Retention Questionnaire with the Court and serve each upon (i) the attorneys for any statutory committee appointed in these cases; (ii) counsel to Bank of America, N.A. in its capacity as Administrative Agent for the Lenders and (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, DE 19801 (Attn: Richard L. Schepacarter, Esq.) (collectively, the "**Reviewing Parties**").

   c)   The Reviewing Parties will have 14 days following the date of service to notify the Debtors, in writing, of any objection to the retention stemming from the Ordinary Course Professional Affidavit and the Retention Questionnaire (the "**Retention Objection Deadline**") and to file any such objection with the Court. Service of an objection must be made upon (i) counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark Collins, Esq. and Michael J., Merchant, Esq.); (ii) other Reviewing Parties; and (iii) the applicable Ordinary Course Professional

(collectively, the "**Notice Parties**"), so that any such objection is *actually received* by the Retention Objection Deadline.

d) If no timely objection to the proposed retention of an Ordinary Course Professional is filed and served by the Retention Objection Deadline, the employment of such Ordinary Course Professional will be deemed approved on the terms requested in this Motion without the need for a hearing or further order by the Court. If a timely objection to the proposed retention of an Ordinary Course Professional hereunder is filed and served by the Retention Objection Deadline, and any such objection cannot be resolved within 14 days, the matter must be set for a hearing before the Court.

e) No Ordinary Course Professional may be paid any amounts for invoiced fees or expenses until its Ordinary Course Professional Affidavit and Retention Questionnaire have been properly filed and served and the Retention Objection Deadline has passed without the filing of an objection, or if an objection is timely filed and served by the Retention Objection Deadline, after the parties resolve such objection or the Court enters an order overruling such objection. The Debtors reserve the right to dispute any invoice submitted by any Ordinary Course Professional.

f) The Debtors may supplement the list of Ordinary Course Professionals from time to time. To do so, the Debtors must file a notice or notices of such additional professionals (each, a "**Notice of Additional Ordinary Course Professionals**"), along with the respective Ordinary Course Professional Affidavit and Retention Questionnaire, with the Court and serve such notice upon the Reviewing Parties. The Reviewing Parties will have 14 days following the date of service of a Notice of Additional Ordinary Course Professionals to notify the Debtors, in writing, of any objection to the proposed retention of any additional Ordinary Course Professional, to file any such objection with the Court, and to serve any such objection upon the Notice Parties so as to be *actually received* within 14 days of service of such Notice of Additional Ordinary Course Professionals.

g) If no objection to the proposed retention of an additional Ordinary Course Professional identified on a Notice of Additional Ordinary Course Professionals is timely filed and served, the employment of such additional Ordinary Course Professional will be deemed approved by the Court on the terms requested in this Motion without the need for a hearing or further order by the Court, *provided, however*, that if an objection to the proposed retention of an additional Ordinary Course Professional is timely filed and served, and any such objection cannot be resolved within 14 days, the matter must be set for a hearing before the Court.

h) The Debtors may pay each Ordinary Course Professional without prior application to the Court, one hundred percent (100%) of the fees and reimburse one hundred percent (100%) of the expenses incurred by such Ordinary Course Professional, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services

rendered and expenses actually incurred, *provided, however*, that no single Ordinary Course Professional may be paid in excess of $35,000 per month on average over a rolling three-month period while these chapter 11 cases are pending (the "**Monthly Fee Limit**").

i) If an Ordinary Course Professional's fees and expenses exceed the Monthly Fee Limit, such Ordinary Course Professional must file a monthly fee application (a "**Monthly Fee Application**") on account of the excess amount over the Monthly Fee Limit, and such excess amount over the Monthly Fee Limit will be subject to prior approval of the Court in accordance with Bankruptcy Code section 330, the Federal Rules of Bankruptcy Procedure, the Local Rules, the fee guidelines of the U.S. Trustee, and any other procedures or orders of the Court.

j) Within 30 days after the conclusion of every fiscal quarter, the Debtors will file a statement with the Court that includes with respect to each Ordinary Course Professional paid during the prior fiscal quarter: (i) the name of the Ordinary Course Professional and (ii) the aggregate amounts paid as compensation for services rendered and for reimbursement of expenses incurred by such Ordinary Course Professional during such fiscal quarter. The Debtors will serve this statement on the Reviewing Parties.

## II. LEGAL BASIS FOR RELIEF REQUESTED

10. Under Bankruptcy Code section 327(a), a debtor in possession is authorized to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out [its] duties under the [Bankruptcy Code]." 11 U.S.C. § 327(a).

11. Bankruptcy Code section 327(e) provides that upon Court approval, a debtor may employ an attorney "for a specified purpose"—even where the attorney has previously represented the debtor—if the employment is "in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). Bankruptcy Code section 1107(b) further provides, "[n]otwithstanding section 327(a) of [the Bankruptcy Code], a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a

debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

12. Bankruptcy Code section 328(a) provides, in pertinent part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment . . ." 11 U.S.C. § 328(a). Bankruptcy Code section 330 further provides, in pertinent part, that:

> [a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103 —
>
> (A)  reasonable compensation for actual, necessary services rendered by . . . the professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B)  reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

13. Further, Bankruptcy Code section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

14. The employment of the Ordinary Course Professionals and the payment of monthly compensation on the bases set forth above are in the best interests of the Debtors, their estates and creditors, and other parties in interest. The relief requested in this Motion will save the Debtors the substantial expense associated with applying separately for the employment of each Ordinary Course Professional. Further, the relief requested herein will avoid the incurrence of additional fees relating to preparing and prosecuting fee applications for each Ordinary Course Professional. Likewise, the proposed compensation procedures outlined above will relieve the

Court and the U.S. Trustee of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

15.     In addition, some Ordinary Course Professionals may be unwilling to continue their services if they cannot be paid their monthly invoices unless they complete a time-consuming formal application process.  Given the Ordinary Course Professionals' expertise and familiarity with the particular matters for which they were responsible before the Petition Date, the Debtors' estates would incur additional and unnecessary expense should they be required to retain new professionals to replace any of their Ordinary Course Professionals.  Accordingly, the Debtors request that the Court dispense with the requirement of individual retention and fee applications for Ordinary Course Professionals.

16.     Although certain Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services, the Debtors do not believe that any of the Ordinary Course Professionals hold an interest materially adverse to the Debtors, their creditors, or any parties in interest that should preclude such Ordinary Course Professional from continuing to represent the Debtors.  Further, Bankruptcy Code section 328(c) excludes attorneys retained pursuant to section 327(e) from the requirement that such professional person be disinterested. 11 U.S.C. § 328(c).  Thus, under the above-cited provisions of the Bankruptcy Code, the Court may authorize the retention of the Ordinary Course Professionals.  Indeed, procedures for employment and compensation of ordinary course professionals similar to those proposed in this Motion have been approved in many cases within this District.[4]

---

[4] *See, e.g.*, *In re Quicksilver Resources, Inc.,* Case No. 15-10585 (LSS) Bankr. D. Del. Apr. 14, 2015) (D.I. 203); *In re The Standard Register Company*, Case No. 15-10541 (BLS) (Bankr. D. Del. Apr. 13, 2015); *In re Cal Dive International, Inc.,* Case No. 15-10458 (CSS) (Bankr. D. Del. Apr. 2, 2015) (D.I. 197); *In re Endeavor Operating Corporation*, Case No. 14-12308 (KJC) (Bankr. D. Del. Nov. 6, 2014) (D.I. 155); *In re Trump Entertaining Resorts, Inc.*, Case No. 14-12103 (KG) (Bankr. D. Del. Oct. 6, 2014) (D.I. 221); *In re Phoenix Payment Systems, Inc.*, Case No. 14-11848 (MFW) (Bankr. D. Del. Aug. 28, 2014) (D.I. 114).

RLF1 11925350v.1

17. The Debtors are seeking approval of the employment and compensation of the Ordinary Course Professionals, *nunc pro tunc* to the Petition Date. This would allow Ordinary Course Professionals to be compensated for services provided to the Debtors from the Petition Date through the date of an order granting this Motion. The Debtors believe that *nunc pro tunc* employment of Ordinary Course Professionals will not prejudice any party in interest, as the Ordinary Course Professionals have provided and continue to provide valuable services to the Debtors' estates in the interim period.

18. Based on the foregoing, the Debtors submit that the relief requested in this Motion is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted.

**NOTICE**

19. The Debtors will provide notice of this Motion to: (i) Office of the United States Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to Bank of America, N.A. in its capacity as Administrative Agent for the Lenders; (iv) the Department of Education; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the United States Attorney for the District of Delaware; and (viii) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.

20. Debtors submit that no other or further notice is necessary under the circumstances.

**NO PRIOR MOTION**

21. The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

- 10 -

The Debtors respectfully request entry of an order granting the relief requested and any other relief as is just and proper.

Dated: May 6, 2015
     Wilmington, Delaware

*/s/* Marisa A. Terranova
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marisa A. Terranova (No. 5396)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email: collins@rlf.com
       merchant@rlf.com
       terranova@rlf.com
       steele@rlf.com

Proposed Counsel for the Debtors and Debtors in Possession