**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] § | |
| § | Case No. 15-10952 (KJC) |
| § | |
| § | (Jointly Administered) |
| Debtors. § | **Objection Deadline: May 20, 2015 at 4:00 p.m. (EDT)** |
| § | **Hearing Date: May 27, 2015 at 2:00 p.m. (EDT)** |

---------------------------------------------------------------

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession in these cases (collectively, the "**Debtors**"), respectfully request entry of an order establishing an orderly, regular process for the allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred by attorneys and other professionals. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

**JURISDICTION & VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

**BACKGROUND**

2.      On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. No committees have been appointed or designated.

3.      Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada. Corinthian offered career-oriented diploma and degree programs in diverse fields such as health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology. As of March 31, 2014, Corinthian operated over 100 campuses and provided educational opportunities to more than 74,000 students and had more than 10,000 employees. It also offered degrees online.

4.      Among its acquisitions, in January 2010, the Company purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**"). Heald, through its subsidiaries, operated Heald College, a 150 year old regionally accredited institution with 12 campuses offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

---

[2]  Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

5. A description of the Debtors' business and the reasons for filing these chapter 11 cases is set forth in the *Declaration of William J. Nolan in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 10].[3]

## RELIEF REQUESTED

6. The Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "**Proposed Order**"), establishing an orderly, regular process for the allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred by professionals who will be retained pursuant to Bankruptcy Code sections 327 or 1103 and are required to file applications pursuant to Bankruptcy Code sections 330 and 331 (the "**Retained Professionals**"), and on terms that satisfy the requirements of Federal Rule of Bankruptcy Procedure 2016 and Local Rule 2016-2.[4] Specifically, the Debtors propose that the payment of fees and reimbursement of expenses of Retained Professionals be structured in accordance with the procedures described in this Motion (the "**Compensation Procedures**").

## BASIS FOR RELIEF REQUESTED

### I. FACTS SPECIFIC TO RELIEF REQUESTED

7. The Debtors intend to file applications to retain: (i) Richards, Layton & Finger, P.A. as bankruptcy counsel to the Debtors; (ii) Rust Consulting/Omni Bankruptcy as claims agent and administrative advisor; (iii) FTI Consulting Inc. as crisis manager, including designating William J. Nolan as Chief Restructuring Officer and (iv) other parties upon the review of the Debtors' needs. A statutory committee of unsecured creditors will likely be

---

[3] Capitalized terms not otherwise defined in this Motion have the meanings used in the First Day Declaration.

[4] Unless specifically set forth in this Motion, and for the avoidance of doubt, the Debtors' proposed Compensation Procedures shall not override compensation procedures in any separate order of the Court approving the employment and retention of any professional.

3

appointed in these cases, and, if appointed, would retain counsel and possibly other professionals to represent it.

8.  The Debtors also have filed a motion seeking authority to continue to employ, retain, and pay certain professionals (collectively, the "**Ordinary Course Professionals**") in the ordinary course of business without the need to file individual retention applications, subject to certain fee caps and other procedural requirements and limitations. Under these procedures, if an Ordinary Course Professional's fees exceed the established dollar limitations, it will be required to file applications with the Court before being paid.

9.  There are thus two categories of professionals who may be required to submit, pursuant to Bankruptcy Code sections 330 and 331, interim and final fee applications seeking compensation for services rendered and reimbursement of expenses incurred: (i) the Retained Professionals and (ii) under certain conditions, those Ordinary Course Professionals whose fees and expenses exceed the limitations set forth in the order, if entered, approving the motion to retain Ordinary Course Professionals. The Debtors propose that only the Retained Professionals be required to comply with the proposed compensation and reimbursement procedures outlined herein.

## II. PROPOSED PROCEDURES

### A.  Procedures Applicable to all Retained Professionals

10.  The Debtors request that the Court authorize and establish procedures for the compensation and reimbursement of the Retained Professionals on an interim basis under procedures comparable to those approved in other large chapter 11 cases in this District. Specifically, the Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a particular Retained Professional, the Retained Professionals be

permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following Compensation Procedures:

(a) On or after the 20th day of each calendar month, following the month for which compensation is sought, each Retained Professional seeking interim allowance of its fees and expenses may file an application, which will include the relevant time entry and description and expense detail, with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**").

(b) Each Retained Professional shall serve a copy of such Monthly Fee Application on the following parties (collectively, the "**Notice Parties**"):

   (i) Corinthian Colleges, Inc., 6 Hutton Centre Drive, Suite 400, Santa Ana, CA 92707 (Attn: William J. Nolan);

   (ii) counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. and Michael J. Merchant, Esq.);

   (iii) counsel to Bank of America, N.A. in its capacity as Administrative Agent for the Lenders, (a) Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 (Attn: Jennifer Hagle); and (b) Potter Anderson Corroon LLP, Hercules Plaza, 1313 North Market Street, 6th Floor, P.O. Box 951 Wilmington, Delaware 19801 (Attn: Jeremy Ryan);

   (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Richard L. Schepacarter, Esq.); and

   (v) any counsel to any statutory committee appointed in these chapter 11 cases.

5

(c) Any Retained Professional that fails to file a Monthly Fee Application for a particular month, or months, may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications must comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, applicable Third Circuit law, and to the extent provided herein, the Guidelines established by the Office of the U.S. Trustee.

(d) If any Notice Party wishes to object to the Monthly Fee Applications, the objections must be filed and served, in accordance with the procedures described in subparagraph (e) below, so as to be *actually received* on or before 4:00 p.m. (prevailing Eastern time) on the 21st day (or the next business day if such day is not a business day) following service of each Monthly Fee Application (the "**Objection Deadline**"). Upon the expiration of the Objection Deadline, a Retained Professional submitting the Monthly Fee Application may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (a "**CNO**"). After a CNO is filed, the Debtors are authorized and directed to pay such Retained Professional an amount (the "**Actual Monthly Payment**") equal to the lesser of either (i) 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "**Maximum Monthly Payment**") or (ii) 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection pursuant to subparagraph (e) below.

(e) If any Notice Party wishes to object to a Retained Professional's Monthly Fee Application, it must (i) file a written objection (each, an "**Objection**") with the Court on or before the Objection Deadline and (ii) serve the Objection on the affected Retained Professional and each of the other Notice Parties so that it is *actually received* by the other Notice Parties on or before the Objection Deadline. Any such Objection shall identify, with specificity, the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses and the basis for such Objection. Thereafter, the objecting party and the affected Retained Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Retained Professional may either: (i) file a request with the Court for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Retained Professional (the "**Incremental Amount**"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties.

(f) At three-month intervals or such other intervals convenient to the Court (the "**Interim Fee Period**"), each Retained Professional may file with the Court and serve a request (an "**Interim Fee Application Request**") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any holdbacks filed during the Interim Fee Period pursuant to Bankruptcy Code section 331.  An Interim Fee Application Request, substantially in the form that appears as <u>Exhibit B</u>, must include a brief description identifying:

    (i) the Monthly Fee Applications that are the subject of the request;

    (ii) the amount of fees and expenses requested;

    (iii) the amount of fees and expenses paid to date or subject to an Objection;

    (iv) the deadline for parties other than the Notice Parties to file objections (the "**Additional Objections**") to the Interim Fee Application Request; and

    (v) any other information requested by the Court or required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Local Rules.

(g) Each Retained Professional shall file its Interim Fee Application Request on or before the 45th day, or the next business day if such day is not a business day, after the end of the applicable Interim Fee Period.  Objections, if any, to the Interim Fee Application Requests must be filed and served upon the affected Retained Professional and the Notice Parties so as to be *actually received* on or before 4:00 p.m. (prevailing Eastern time) on the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.  Notice of interim and final fee applications must be served on (i) the Notice Parties and (ii) all parties that filed a notice of appearance with the Clerk of the Court pursuant to Federal Rule of Bankruptcy Procedure 2002 and requested such notice.  The Notice Parties are entitled to receive both the Monthly and Interim Fee Applications and the notice of hearing thereon (the "**Hearing Notice**"), and all other parties entitled to notice are entitled to receive only the Hearing Notice.  Notice given in accordance with this paragraph is deemed sufficient and adequate in full compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules.

(h) The Debtors must request that the Court schedule a hearing on Interim Fee Application Requests at least once every three months or at such other intervals as the Court deems appropriate.  If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

7

(i) Each Retailed Professional may submit its first Monthly Fee Application, covering the period from the Petition Date through May 31, 2015, no earlier than June 20, 2015. Thereafter, the Retained Professionals may submit Monthly Fee Applications in the manner described above.

(j) A pending Objection to payment of compensation or reimbursement of expenses does not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Retained Professional that fails to file a Monthly Fee Application or an Interim Fee Application Request when permitted is ineligible to receive further interim payments of compensation or reimbursements of expenses under the Compensation Procedures until such time as such Monthly Fee Application or Interim Fee Application Request is submitted by the Retained Professional. There are no other consequences for failing to file a Monthly Fee Application or an Interim Fee Application Request when permitted to do so.

(k) Neither (i) the payment of, or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Retained Professionals. All fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

B. **Procedures Applicable to Attorneys**

11. In each Interim Fee Application Request and final fee application, all attorneys who have been or are hereafter retained pursuant to Bankruptcy Code section 327 or 1103, unless such attorney is an ordinary course professional and is not required to file a fee application in accordance with the terms of the order authorizing the employment of ordinary course professionals, (i) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with Bankruptcy Code sections 330 and 331 and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court, and (ii) must make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation*

8

*and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.*

12. In addition, the Debtors request that the Court limit service of the Monthly Fee Applications, Interim Fee Applications, final fee applications and notices of any hearing thereon (the "**Hearing Notices**") as follows: (i) the Notice Parties will be entitled to receive the Monthly Fee Applications, Interim Fee Applications, final fee applications and Hearing Notices; and (ii) parties in interest requesting notice pursuant to Bankruptcy Rule 2002 will be entitled to receive the Hearing Notices and, only upon request to the appropriate professional, the Monthly and Interim Fee Applications and final fee applications. Providing notice of fee applications in this manner will streamline the fee application process, permitting the parties most active in these chapter 11 cases to monitor the fees and expenses incurred by professionals while limiting unnecessary duplication and excess mailing expenses.

13. The Debtors will include in their monthly operating reports all payments made to Retained Professionals in accordance with the Compensation Procedures.

## II. LEGAL BASIS FOR RELIEF REQUESTED

14. Bankruptcy Code section 331 provides:

> [A] debtor's attorney, or any professional person employed under section 327 or 1103 of [the Bankruptcy Code] may apply to the court not more than once every 120 days after an order for relief in a case under [the Bankruptcy Code], or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of [the Bankruptcy Code]. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Although Bankruptcy Code section 331 limits professionals rendering services in these Bankruptcy Cases to payment of fees and expenses only three times per year, courts

9

regularly enter orders, pursuant to Bankruptcy Code section 105(a), establishing procedures providing for the monthly interim compensation and expense reimbursement of professionals. Courts use their section 105(a) power because, while Bankruptcy Code section 331 "expresses the normal rule that interim fee applications may be filed only once every 120 days, it expressly permits the Court, in appropriate circumstances, to permit fee applications to be filed more often." *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000). Accordingly, "[c]ourts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently." *Id.* (citations omitted).

15. The Debtors anticipate that several Retained Professionals will be involved in administering these chapter 11 cases, and absent streamlined compensation procedures, the Retained Professional fee application and review process could be burdensome to the Debtors, the Retained Professionals, the Court, and other parties. By contrast, under the Compensation Procedures, the mechanism for payment of Retained Professionals' fees and expenses will be simplified and will avoid unnecessary burdening the Court. For example, the Compensation Procedures will avoid the need for the Court to review Monthly Fee Applications before payments can be made to Retained Professionals.

16. The Debtors believe that the Compensation Procedures will (i) reduce the burden imposed on the Court by avoiding the need for the immediate review of Monthly Fee Applications; (ii) enable any parties in interest to monitor more closely the costs of administering these cases; (iii) diminish financial burdens on the Retained Professionals and avoid having Retained Professionals fund the costs of the Debtors' chapter 11 cases; and (iv) permit the Debtors to better predict and manage their monthly cash needs.

17. Furthermore, the Debtors submit that the Compensation Procedures are appropriate and consistent with interim compensation procedures established in other chapter 11 cases in this District.[5]

18. For these reasons, the Debtors submit that entry of an order granting the requested relief in this Motion is necessary and appropriate, is in the best interests of their respective estates and creditors, and should be granted in all respects.

## NOTICE

19. The Debtors will provide notice of this Application to: (i) Office of the United States Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (iv) the Department of Education; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the United States Attorney for the District of Delaware; and (viii) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002.

20. The Debtors submit that no other or further notice is necessary under the circumstances.

## NO PRIOR MOTION

21. The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

---

[5] *See, e.g.*, *In re RadioShack Corp.*, Case No 15-10197 (BLS) (Bankr. D. Del. Mar. 9, 2015) (D.I. 872); *In re Endeavour Operating Corp.*, Case No. 14-12308 (KJC) (Bankr. D. Del. Nov. 6, 2014) (D.I. 154); I*n re Trump Entertainment Resorts, Inc.*, Case No. 14-12103 (KG) (Bankr. D. Del. Oct. 6, 2014) (D.I. 227); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del. Sept. 16, 2014) (D. I. 2066); I*n re Phoenix Payment Sys., Inc.*, Case No. 14-11848 (MFW) (Bankr. D. Del. Aug. 27, 2014) (D.I. 110); *In re Tuscany Int'l Holdings (U.S.A.) LTD.*, Case No. 14-10193 (KG) (Bankr. D. Del. Mar. 20, 2014) (D.I. 194).

12

      The Debtors respectfully request entry of an order granting the relief requested in its entirety and any other relief as is just and proper.

| | |
|---|---|
| Dated: May 6, 2015<br>      Wilmington, Delaware | */s/* Amanda R. Steele<br>Mark D. Collins (No. 2981)<br>Michael J. Merchant (No. 3854)<br>Marisa A. Terranova (No. 5396)<br>Amanda R. Steele (No. 5530)<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone:  302-651-7700<br>Facsimile:  302-651-7701<br>Email: collins@rlf.com<br>      merchant@rlf.com<br>      terranova@rlf.com<br>      steele@rlf.com<br><br>Proposed Counsel for the Debtors and Debtors in Possession |