IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al* [1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | Hearing Date: May 27, 2015 at 2:00 p.m. (ET) |
| | § | Objection Deadline: May 20, 2015 at 4:00 p.m. (ET) |

---

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING TIME FOR
DEBTORS TO FILE SCHEDULES AND STATEMENTS**

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), respectfully request entry of an order extending the time by which the Debtors must file their schedules of assets and liabilities, schedules of current income and current expenditures, schedules of executory contracts and unexpired leases, statements of financial affairs, and periodic reports required pursuant to Rule 2015.3(a) of the Federal Rules of Bankruptcy Procedure (collectively, the "**Schedules and Statements**") through and including July 6, 2015. In support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

**JURISDICTION & VENUE**

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[2]

**BACKGROUND**

2.      On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

3.      Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada. Corinthian offered career-oriented diploma and degree programs in diverse fields such as health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology. As of March 31, 2014, Corinthian operated over 100 campuses and provided educational opportunities to more than 74,000 students and had more than 10,000 employees. It also offered degrees online.

4.      Among its acquisitions, in January 2010, Corinthian purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**"). Heald, through its subsidiaries, operates Heald College, a 150 year old regionally accredited institution with 12 campuses

---

[2]     Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

2

offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

5. Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases and the Debtors' goals for these cases, is set forth in the *Declaration of William J. Nolan in Support of Chapter 11 Petitions and First Day Motions* [D.I. 10].

## RELIEF REQUESTED

6. By this Motion, the Debtors request entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to Bankruptcy Code section 521 and Federal Rules of Bankruptcy Procedure 1007(c) and 9006(b), extending the time within which the Debtors must file their Schedules and Statements by approximately 30 days in addition to the extension provided by Local Rule 1007-1(b), for a total of approximately 60 days[3] from the Petition Date to July 6, 2015, without prejudice to the Debtors' ability to request additional extensions or waivers for cause shown.

## BASIS FOR RELIEF REQUESTED

7. Pursuant to Bankruptcy Code section 521 and Bankruptcy Rule 1007, the Debtors are required to file their Schedules and Statements within 14 days of the Petition Date. 11 U.S.C. § 521(a); Fed. R. Bankr. P. 1007(b)(1), (c). Local Rule 1007-1(b) extends the deadline to file the Schedules and Statements to 30 days after the Petition Date if the Debtors file a list of creditors (the "**Creditor Matrix**") with their petitions that includes more than 200 creditors. In this case, the Debtors have filed a Creditor Matrix that identifies more than 200

---

[3] The day that is exactly 60 days following May 4, 2015 is July 3, 2015. The Court is closed on July 3, 2015 due to the observance of a federal holiday, and July 6, 2015 is the immediately proceeding business day.

3

creditors [D.I. 12], and therefore, absent the relief requested herein, the Debtors must file their Schedules and Statements within 30 days after the Petition Date.

8. Bankruptcy Rule 1007(c) provides that an extension of the time to file the Schedules and Statements may be granted "on motion for cause shown."  Fed. R. Bankr. P. 1007(c).  Similarly, Local Rule 1007-1(b) provides that an extension of the time to file the Schedules and Statements "shall be granted, for cause . . . upon filing of a motion by the debtor." Del. Bankr. L.R. 1007-1(b).  Bankruptcy Code section 105(a) grants the Court broad authority to issue any order that is necessary and appropriate to carry out the provisions of the Bankruptcy Code.  11 U.S.C. § 105(a).

9. The Debtors submit that under the circumstances of their chapter 11 cases, sufficient cause exists to extend the deadline to file their Schedules and Statements.  Completing the Schedules and Statements requires the expenditure of considerable time and effort by the Debtors' employees and advisors to collect, review and assemble copious amounts of information.  Before the Petition Date, the Debtors focused primarily on the orderly wind-down of operations at their 29 schools and on preparing the necessary pleadings to commence these cases.  Given the amount of work entailed in completing their Schedules and Statements, and the competing demands upon the Debtors' personnel to address critical operational matters during the initial postpetition period and the continued wind-down of their 29 schools, the Debtors will not be in a position to properly and accurately complete the Schedules and Statements within the required 30-day period.

10. Nevertheless, recognizing the importance of their Schedules and Statements, the Debtors intend to complete the Schedules and Statements as quickly as possible under the circumstances.  Accordingly, the Debtors respectfully request that the Court extend the

4

deadline for the Debtors to file their Schedules and Statements through and including July 6, 2015.[4]

11.     Courts in this District have granted relief similar to the relief requested herein in other large chapter 11 cases.[5] Accordingly, the Debtors submit that their request for an extension of the deadline to file their Schedules and Statements is consistent with precedent in this District and is appropriate and warranted under the circumstances.

12.     The Debtors reserve the right to seek further extensions of the deadline to file their Schedules and Statements and request that any relief granted with respect to this Motion be without prejudice to the Debtors' ability to seek such further extensions or modifications of the requirements of Bankruptcy Code section 521, Bankruptcy Rules 1007 and 2015.3(a), and Local Rule 1007-1.

## NOTICE

13.     The Debtors will provide notice of this Motion to: (i) Office of the United States Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (iv) any statutory committee appointed in these chapter 11 case; (v) the Department of Education; (vi) the Internal Revenue Service;

---

[4]   Pursuant to Local Rule 9006-2, where ". . . a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules, the District Court Rules, or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." *See* Del. Bankr. L.R. 9006-2.

[5]   *In re Cal Dive Int'l, Inc.*, Case No. 15-10458 (CSS) (Bankr. D. Del. Mar. 27, 2015) (granting 75-day extension of deadline to file schedules and statements) (D.I. 165); *In re Overseas Shipholding Group, Inc.*, Case No. 12-20000 (PJW) (Bankr. D. Del. Nov. 15, 2012) (granting 75-day extension of deadline to file schedules and statements) (D.I. 41); *In re NewPage Corp.*, Case No. 11-12804 (KG) (Bankr. D. Del. Oct. 4, 2011) (granting additional 45-day extension of time for filing schedules and statements for a total of 75 days from petition date) (D.I. 306); *In re Washington Mutual. Inc.*, Case No. 08-12229 (MFW) (Bankr. D. Del. Oct. 7, 2008) (granting 90-day extension of time for filing schedules and statements, for a total of 120 days from the petition date) (D.I. 37).

RLF1 11926487v.1

(vii) the Securities and Exchange Commission; and (viii) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002.

14. Debtors submit that no other or further notice is necessary under the circumstances.

## **NO PRIOR MOTION**

15. The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

The Debtors respectfully request entry of an order granting the relief requested in its entirety and any other relief as is just and proper.


Dated: May 6, 2015
      Wilmington, Delaware

*/s/* Amanda R. Steele
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marisa A. Terranova (No. 5396)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email: collins@rlf.com
      merchant@rlf.com
      terranova@rlf.com
      steele@rlf.com

Proposed Counsel for the Debtors and Debtors in Possession