## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | **Hearing Date: May 27, 2015 @ 2:00 p.m. (EDT)** |
| | § | **Obj. Deadline: May 20, 2015 @ 4:00 p.m. (EDT)** |

------------------------------------------------------

### DEBTORS' MOTION FOR ENTRY OF AN ORDER
### (I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN
### UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
### EFFECTIVE *NUNC PRO TUNC* TO THE DATE THAT THE DEBTORS
### SURRENDERED POSSESSION; (II) APPROVING THE *NUNC PRO TUNC*
### ABANDONMENT OF ANY PERSONAL PROPERTY REMAINING AT THE
### LEASE LOCATIONS; AND (III) GRANTING CERTAIN RELATED RELIEF

---

**THIS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY. PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR RESPECTIVE LEASE IN THE MOTION. A LISTING OF THE PARTIES AND THE LEASES THAT ARE SUBJECT TO THE MOTION APPEARS IN <u>EXHIBIT 1</u> TO <u>EXHIBIT A</u> OF THIS MOTION**

---

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), respectfully request the entry of an order, under sections 105(a), 365(a) and 554(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

"**Bankruptcy Rules**"), (i) authorizing the Debtors to reject certain unexpired leases of nonresidential real property, including any amendments or modifications thereto (collectively, the "**Leases**," and each counterparty thereto, a "**Lease Counterparty**"), effective *nunc pro tunc* to (a) the date of the Motion with regards to the Decatur Lease (as defined herein) and (b) the applicable Notice Date (as defined herein) with regards to the Campus Leases (as defined herein) and the Washington D.C. Lease (as defined herein) identified in the Motion; (ii) approving the *nunc pro tunc* abandonment of any personal property remaining at such lease locations; and (iii) granting certain related relief.  In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION & VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).[2]

## BACKGROUND

2.      On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  Further information regarding the Debtors' business operations, capital structure, and reasons for commencing these cases is set forth in the *Declaration of William J. Nolan in Support of Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**") [D.I. 10].

---

[2]     Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

3.      Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada.  Corinthian offered career-oriented diploma and degree programs in diverse fields such as health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology.  As of March 31, 2014, Corinthian operated over 100 campuses and provided educational opportunities to more than 74,000 students and had more than 10,000 employees.  It also offered degrees online.

4.      Among its acquisitions, in January 2010, Corinthian purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**").  Heald, through its subsidiaries, operates Heald College, a 150 year old regionally accredited institution with 12 campuses offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

5.      Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the First Day Declaration

### RELIEF REQUESTED

6.      By this Motion, the Debtors seek the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "**Rejection Order**"), (i) authorizing the Debtors to reject the Leases effective *nunc pro tunc* to (a) the date of the Motion with regards to the Decatur Lease and (b) the applicable Notice Date with regards to all other Leases identified in the Motion; (ii) approving the *nunc pro tunc* abandonment of any personal property remaining at such lease locations; and (iii) granting certain related relief.

<u>**BASIS FOR RELIEF REQUESTED**</u>

**I.  FACTS SPECIFIC TO RELIEF REQUESTED**

**A.     The Decatur Lease**

7.      Prior to the Petition Date, the Debtors closed several of their locations, including certain offices in different states and storage areas (each a "**Vacated Location**", and collectively, the "**Vacated Locations**").  On the Petition Date, the Debtors filed the *Debtors' First Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases, Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 16] (the "**First Rejection Motion**"), seeking to reject the leases for these Vacated Locations *nunc pro tunc* to the Petition Date.  One of the leases for the Vacated Locations (the "**Decatur Lease**") was omitted from the list of leases to be rejected pursuant to the First Rejection Motion to allow the Debtors the time necessary to confirm certain information with regards to the Vacated Location.  The Debtors have now confirmed the necessary information relating to the Decatur Lease and are in a position to reject the Decatur Lease effective as of the date of this Motion.

8.      The Debtors have provided notice to all Lease Counterparties to the Decatur Lease of the Debtors intent to vacate and surrender possession of the premises.  Further, the Debtors returned or provided all keys, keycards and access codes necessary to access the premises prior to the date of this Motion.  Accordingly, the Debtors seek authority to reject the Decatur Lease effective *nunc pro tunc* as of the date of this Motion.

**B.     The Campus Leases**

9.      As detailed in the First Day Declaration, the Debtors closed each of their campus locations effective as of April 27, 2015 and are in the process of liquidating their assets and winding down their operations.  The Debtors anticipate that they will be in a position to surrender possession of many, if not all, of these campus locations prior to June 1, 2015 (thereby

4

stemming the incurrence of administrative rent for the month of June under section 365(d)(3) of the Bankruptcy Code).  Before doing so, however, the Debtors were required to devise a strategy for dealing with the miscellaneous assets which remain at each of the campus locations.

10.     Excluding the Debtors' headquarters, there are thirty-one (31) locations, including twenty-nine (29) campus locations, and two (2) office locations, at which the Debtors own furniture and equipment.  Two of these locations, Fremont and Long Beach, CA (the "**Wyotech Locations**"), were campuses of the Debtors' Wyotech brand.  The Wyotech Locations are multi-building campuses which the Debtors believe may contain assets with significant value, including, but not limited to, auto repair and HVAC related equipment.  The Debtors intend to remain at the Wyotech Locations until they can perform and complete a fulsome sale process for the assets at these facilities.  Accordingly, the two WyoTech Locations are not subject to the relief requested in this Motion.

11.     The Debtors' remaining locations consist of the former Everest and Heald campuses and certain other administrative offices. The Debtors believe that the remaining 29 locations contain furniture and equipment of considerably less value.   The Debtors have instructed the campus presidents at each of these remaining locations in California and Arizona to log and ship all equipment worth over $5,000 that is easily transportable to the nearer of the two Wyotech Locations to allow the Debtors additional time to properly market the assets.  The Debtors believe that the assets that will not be transferred to the Wyotech Locations consist mainly of office furniture and equipment, including, but not limited to, lab equipment (for example, dental chairs and x-ray machines), electronic blackboards or "smartboards", medical lab equipment and supplies and other items utilized in connection with the instruction provided at each respective campus location (the "**Miscellaneous Assets**").

RLF1 11931438v.2

12.     On May 5, 2015, the Court entered the *Order Authorizing Debtors to Conduct* De Minimis *Asset Sales of $25,000 or Less without Further Order of the Court* [Docket No. 23], which authorized the Debtors to consummate certain smaller sales of the Miscellaneous Assets without further order of the Court.  Additionally, the Debtors have today filed a motion seeking approval of the sale of certain additional Miscellaneous Assets at a hearing scheduled in these cases for May 27, 2015 at 2:00 p.m. (Eastern Time) (the "**Hearing**").  Under either scenario, the Debtors will be in a position to reject each of the real property leases relating to the twenty-nine (29) locations (the twenty-seven (27) campus locations and two (2) office locations prior to June 1, 2015, though the exact date of rejection will be dependent upon completion of the asset sales and the date that the Debtors are then able to surrender possession of the premises to the applicable landlord or Lease Counterparty.

13.     In addition, as noted in the First Day Declaration, there are certain campuses at which Zenith agreed to complete the teach-out process.  Zenith's teach-out has been completed at two (2) of these campus locations.  Accordingly, these locations are no longer used for providing instruction.  Like the Debtors' other campus locations, the Debtors own furniture and equipment at these former teach-out campus locations.  The Debtors are in the process of determining the value of the property at these locations and whether such property should be moved to the Wyotech locations for sale, sold pursuant to any of the procedures described in any motion currently pending before the Court or otherwise abandoned.  The leases for the twenty-seven (27) campus locations, two (2) office locations and two (2) teach-out locations are collectively referred to herein as the "**Campus Leases**."

14.     The Debtors anticipate that the average rent accrual for the Campus Leases is approximately $2,500 per day per location.  Accordingly, the Debtors submit that it is necessary

that they be in a position to reject the Campus Leases immediately upon surrendering possession of the premises to the applicable Lease Counterparty.  Accordingly, the Debtors hereby propose a procedure whereby the Debtors will file a notice with the Court and serve such notice on any Lease Counterparty to the respective Campus Lease immediately upon surrendering possession of the premises (including returning or providing all keys, keycards and access codes necessary to access the premises) to the applicable landlord.  The date on which such notice is filed and served (the "**Campus Lease Notice Date**"), shall serve as the proposed effective date of rejection for each respective Campus Lease.

C.     **The Washington D.C. Lease**

15.     In addition to the Decatur Lease, the Debtors omitted a lease for property in Washington D.C. (the "**Washington D.C. Lease**") from the list of leases to be rejected pursuant to the First Rejection Motion to allow the Debtors to remove certain files and other property from that Vacated Location.  The Debtors anticipate completing the process of removing this property over the coming days and at that time will be in a position to reject the Washington D.C. Lease.

16.     The Debtors propose to implement the same procedure to reject the Washington D.C. Lease as that set forth above with respect to the Campus Leases.  The Debtors will file a notice with the Court and serve such notice on all Lease Counterparties to the Washington D.C. Lease immediately upon surrendering possession of the premises (including returning or providing all keys, keycards and access codes necessary to access the premises) to the applicable landlord.  The date on which such notice is filed and served (the "**Washington D.C. Lease Notice Date**"), shall serve as the proposed effective date of rejection for the Washington D.C.

Lease.  The Washington D.C. Lease Notice Date and the Campus Lease Notice Date are collectively referred to herein as the "**Notice Dates**," and each individually, a "**Notice Date**."

17.     At the Hearing, the Debtors shall seek the entry of the Rejection Order authorizing, *inter alia*, (i) rejection of the Decatur Lease effective *nunc pro tunc* to May 6, 2015 and (ii) rejection of the other Leases addressed in this Motion effective *nunc pro tunc* to the applicable Notice Date for each applicable Lease.  The Leases and related Lease Counterparties are listed on Exhibit 1 to the Rejection Order.  The effective date of rejection (the Notice Date) for each Lease will be included in an updated Exhibit 1 to be provided to the Court at or before the Hearing.

## II.  LEGAL BASIS FOR RELIEF REQUESTED

### A.     Rejection of the Leases Reflects the Debtors' Sound Business Judgment

18.     Bankruptcy Code section 365(a) provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a); *see also Univ. Med. Cent. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992).  For the benefit of the estate, a debtor may, under Bankruptcy Code section 365, relieve itself of burdensome agreements where performance still remains.  *See In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000) (Bankruptcy Code section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.") (internal citations omitted); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989).

19.     The decision to assume or reject an executory contract or unexpired lease is a matter within the debtor's "business judgment."  *See Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.,* 872 F.2d 36, 40 (3d Cir. 1989); *In re HQ Global Holdings, Inc., 290 B.R. 507, 513 (Bankr. D. Del. 2003).*  The business judgment standard mandates that a court approve a debtor's

business decision unless the decision is the product of bad faith, whim, or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also In re Fed. Mogul Global*, 293 B.R. at 126 (rejecting counterparty's argument that a finding of hardship is a prerequisite to application of the business judgment test); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (noting that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").  Accordingly, the court should not interfere with or second-guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion.  *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987).

20.    Here, the Debtors, in their sound business judgment, have determined that the Leases are not necessary in light of the Debtors' current business needs, nor are they a source of potential value for the Debtors' creditors or other parties in interest.  Absent rejection, the Leases would impose significant unnecessary ongoing obligations on the Debtors.  Based on a cost-benefit analysis, the Debtors have therefore determined, in the sound exercise of their business judgment, that the Leases should be rejected.

**B.    *Nunc Pro Tunc* Relief Is Appropriate.**

21.    Bankruptcy courts are empowered to grant retroactive rejection of a contract or lease under Bankruptcy Code sections 105(a) and 365(a).  *See Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (indicating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate

retroactively" to the motion filing date); *see also Pacific Shore Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a).").

22.    The equities of these cases favor rejection of the Leases *nunc pro tunc* to (i) May 6, 2015 with regards to the Decatur Lease and (ii) the applicable Notice Date for each of the Campus Leases.  The *nunc pro tunc* rejection of the Leases will permit the Debtors to reduce burdensome costs and avoid additional, unnecessary administrative charges for contracts and leases that are not necessary to the Debtors' chapter 11 efforts.  Indeed, Courts in this jurisdiction have routinely considered and allowed retroactive rejection of contracts and leases.[3]

23.    In *In re Namco Cybertainment, Inc.*, Case No. 98-173 (PJW) (Bankr. D. Del. Jan. 29, 1998) (D.I. 125), this Court permitted retroactive rejection when (a) the premises (and the keys thereto) subject to a lease were surrendered with an unequivocal statement of abandonment to the landlord, (b) the motion was filed and served on the landlord, (c) the official committee of unsecured creditors had consented to the relief requested in the motion, and (d) the debtor acknowledged that it would not have the right to withdraw the motion prior to the hearing.  With regard to the Decatur Lease, the Debtors submit that the factors established in <u>Namco</u> have been

---

[3]    *See, e.g., In re Cal Dive International, Inc.*, Case No. 15-10458 (CSS) (Bankr. D. Del. Apr. 6, 2015) (authorizing *nunc pro tunc* rejection of contracts and leases) (D.I. 216); *In re Longview Power, LLC*, Case No. 13-12211 (BLS) (Bankr. D. Del. June 23, 2014) (authorizing rejection of certain executory contracts *nunc pro tunc* to the date of filing the motion) (D.I. 1311); *In re ZCO Liquidation Corp.*, Case No 13-13126 (PJW) (Bankr. D. Del. Feb. 20, 2014) (authorizing rejection of certain executory contract *nunc pro tunc* to the date of filing the motion) (D.I. 320); *In re iGPS Company LLC*, Case No. 13-11459 (KG) (Bankr. D. Del. July 29, 2013) (authorizing rejection of certain employment-related agreements *nunc pro tunc* to the date of filing the motion) (D.I. 411); *In re AES Eastern Energy, L.P.*, Case No. 11-14138 (KJC) (Bankr. D. Del. May 17, 2012) (D.I. 484) (authorizing rejection of unexpired leases *nunc pro tunc* to date of filing the motion); *In re Mail Systems Liquidation, Inc.*, Case No. 11-11187 (PJW) (Bankr. D. Del. Oct. 18, 2011) (D.I. 502) In re Aleris Int'l Inc., Case No. 09-10478 (BLS) (Bankr. D. Del. June 2, 2009) (D.I. 632) (same); *In re Source Interlink Companies Inc.*, Case No. 09-11424 (KG) (Bankr. D. Del. May 27, 2009) (D.I. 223) (authorizing the rejection of leases retroactive to the petition date); *In re Buffets Holdings, Inc.*, Case No. 08-10141 (MFW) (Bankr. D. Del. Feb. 13, 2008) (D.I. 292) (same).

RLF1 11931438v.2

satisfied as of the date of this Motion.  Specifically, the Debtors surrendered all keys or keycodes and have advised the applicable landlord of their intent to reject the Decatur Lease, and that the landlord can immediately retake possession (or has already retaken possession) of the property subject or related to the lease.  Moreover, the Debtors are serving this Motion on the Lease Counterparties *via* overnight mail.  The Debtors acknowledge that they do not have the right to withdraw this Motion.  As no statutory committee has been formed in these cases to date, the requirement that any committee be informed of the Debtors' intent to reject is irrelevant here. To eliminate potential administrative claims against their estates and avoid further obligations accruing under the Leases, the Debtors respectfully submit that rejecting the Decatur Lease as of May 6, 2015 is appropriate.

24.    With regards to the Campus Leases and the Washington D.C. Lease, the applicable rejection notices will only be filed and served once each of the <u>Namco</u> factors having been satisfied.    Indeed, the Debtors will be filing such notices either following or contemporaneously with the Debtors surrendering possession of the premises to the applicable landlord.  Moreover, the Debtors hereby withdraw the right to withdraw any rejection notice filed with the Court with regards to the Campus Leases or the Washington D.C. Lease. Accordingly, the Debtors submit that *nunc pro tunc* rejection effective of each respective Notice Date is appropriate under applicable law.

## C.    Abandonment of Personal Property Remaining at Lease Locations

25.    Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

11

26.     The Debtors anticipate that there will be Miscellaneous Assets at certain of the locations, as well as other personal property, remaining at the lease locations that is either of inconsequently value to the estate or too burdensome to remove.  The Debtors will generally identify any such property in the rejection notices to be filed with the Court and served on the Lease Counterparties and hereby request authority to abandoned any such personal property effective *nunc pro tunc* to each respective Notice Date (and as of May 6, 2015 for the Decatur Lease), so as to not delay the effective date of rejection for each Lease.

27.     Courts in this jurisdiction have approved relief similar to that requested herein. *See In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del. June 20, 2014) (authorizing abandonment of personal property at the premises of rejected leases); *In re QCE Finance, Inc.*, No. 14-10543 (PJW) (Bankr. D. Del. Apr. 9, 2014) (same); *In re F&H Acquisition Corp.*, No. 13-13220 (KG) (Bankr. D. Del. Jan. 8, 2014) (same); *In re Rural/Metro Corp.*, No. 13-11952 (KJC) (Bankr. D. Del. Oct. 28, 2013) (same); *In re Friendly Ice Cream Corp.*, No. 11-13167 (KG) (Bankr. D. Del. Oct. 24, 2011) (same).

## WAIVER OF BANKRUPTCY RULES 6006(c) AND 6004(h)

28.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6006(c) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## NOTICE

29.     The Debtors will provide notice of this Motion via first class mail to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (iv) any statutory committee

appointed in these chapter 11 cases; (v) the Internal Revenue Service; (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002(i); and (vii) the Lease Counterparties.  The Debtors will also serve the Motion via overnight delivery on all Counterparties to the Decatur Lease, given the proposed May 6, 2015 effective date or rejection.  The Debtors submit that no other or further notice is necessary under the circumstances.

## NO PRIOR MOTION

30.     The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

The Debtors respectfully request the entry of the Rejection Order granting the relief requested in its entirety and any other relief as is just and proper.

Dated: May 6, 2015
          Wilmington, Delaware

/s/ Marisa A. Terranova
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marisa A. Terranova (No. 5396)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email: collins@rlf.com
            merchant@rlf.com
            terranova@rlf.com
            steele@rlf.com

Proposed Counsel for the Debtors and Debtors in Possession

RLF1 11931438v.2