## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Hearing Date: May 27, 2015 @ 2:00 p.m. (EDT)** |
| | § | **Obj. Deadline: May 20, 2015 @ 4:00 p.m. (EDT)** |

---------------------------------------------------------

## DEBTORS' MOTION FOR ENTRY
## OF AN ORDER (I) AUTHORIZING PAYMENT OF
## CERTAIN PREPETITION TAXES AND (II) GRANTING RELATED RELIEF

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), respectfully request entry of an order under sections 105(a), 363(b), 507(a) and 541 of title 11 of the United States Code (the "**Bankruptcy Code**"), (i) authorizing payment in full, and in cash, of any prepetition sales and use taxes, including any related penalties and interest (collectively, the "**Prepetition Taxes**"), to any federal, state, and local authorities (collectively, the "**Taxing Authorities**") in the ordinary course of the Debtors' businesses, in an amount not to exceed $150,000.00 (the "**Prepetition Taxes Cap**"), and (ii) granting certain related relief. In further support of the motion (this "**Motion**"), the Debtors, by and through their undersigned counsel, respectfully represent:

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

## JURISDICTION & VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).[2]

## BACKGROUND

2.      On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

3.      Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada. Corinthian offered career-oriented diploma and degree programs in diverse fields such as health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology.  As of March 31, 2014, Corinthian operated over 100 campuses and provided educational opportunities to more than 74,000 students and had more than 10,000 employees.  It also offered degrees online.

4.      Among its acquisitions, in January 2010, the Company purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**").  Heald, through its subsidiaries, operates Heald College, a 150 year old regionally accredited institution with 12 campuses offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

---

[2]      Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

2

5.      Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases and the Debtors' goals for these cases, is set forth in the *Declaration of William J. Nolan in Support of Chapter 11 Petitions and First Day Motions* [D.I. 10].

## **RELIEF REQUESTED**

6.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, under Bankruptcy Code sections 105(a), 363(b), 507(a) and 541, authorizing the Debtors to pay any Prepetition Taxes that they owe to the Taxing Authorities, including all Prepetition Taxes subsequently determined upon an audit to be owed for periods prior to the Petition Date, in an amount not to exceed the applicable Prepetition Taxes Cap.

7.      The Debtors believe that the Prepetition Taxes have been paid in the ordinary course of business prior to the Petition Date.  The Debtors file this Motion, however, out of an abundance of caution for the authority to pay currently unknown Prepetition Taxes that the Debtors become aware of during the postpetition period.

8.      Further, the Debtors request that this Court authorize all applicable banks and other financial institutions to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts prior to the Petition Date for Prepetition Taxes (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and authorize the banks and financial institutions to rely on the Debtors' representations as to which checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Motion, *provided that* sufficient funds are on deposit in the applicable bank accounts to cover such payments.

RLF1 11879649v.2

## BASIS FOR RELIEF REQUESTED

### I. FACTS SPECIFIC TO RELIEF REQUESTED

9.      In the ordinary course of business, the Debtors incur various sales and use tax liabilities and fees and pay such tax liabilities and fees to the relevant Taxing Authority.  A schedule identifying the Taxing Authorities is attached to the Motion as Exhibit B. The Debtors believe that all known Prepetition Taxes payable or due in the ordinary course of business have been paid prior to the Petition Date.  Out of an abundance of caution, however, by this Motion, the Debtors seek authority to pay up to $150,000.00 in the event that the Debtors become aware of any currently unknown Prepetition Taxes.

10.     During the ordinary course of business, the Debtors collect and remit certain taxes related to the sale, use, and consumption of goods and services arising from the sale, use, and purchase of products, inventory, supplies, or other goods in the Debtors' businesses.  The Debtors also incur use taxes when they purchase materials and services from a vendor that is not registered to collect sales taxes for the state where the property is delivered or the services are provided.  In this circumstance, the vendors are not obligated to charge or remit sales taxes.  As purchasers, however, the Debtors must self-assess and pay the use taxes, when applicable, to the appropriate Taxing Authority.  The Debtors believe that as of the Petition Date, the Prepetition Taxes have been satisfied and estimate that no known Prepetition Taxes payable and due remain unpaid for the prepetition period.[3]

11.     Out of an abundance of caution, however, the Debtors request the authority to pay the Prepetition Taxes should any amounts become due and owing.  Paying Prepetition Taxes in

---

[3]      In the ordinary course of business, the Debtors sometimes undergo audits and reviews conducted by the various Taxing Authorities.  There is a possibility that one or more of the various Taxing Authorities may determine at a later date that the Debtors owe additional prepetition sales or use taxes.  The Debtors request authority to pay any undisputed amounts that are later determined to be due.

4

the ordinary course of business, on their normal due dates, helps the Debtors preserve the value of their estates.  If the Debtors do not make timely payments, they may have to spend time and money resolving a multitude of issues related to these obligations, including whether (i) the obligations are priority, secured, or unsecured; (ii) the obligations are pro-ratable between prepetition or postpetition periods or fully prepetition or postpetition; and (iii) penalties, interest, attorneys' fees, and costs can continue to accrue on a postpetition basis, and if so, whether the penalties, interest, attorneys' fees, and costs are priority, secured, or unsecured obligations.  By this Motion, the Debtors seek the authority to pay the Prepetition Taxes should any amounts become due and owing to avoid these unnecessary potential disputes and costs.

## II.  LEGAL BASIS FOR RELIEF REQUESTED

### A.    Funds Related to Certain Prepetition Taxes May Be Held in Trust and Are Not Property of the Estate

12.    Certain Prepetition Taxes the Debtors seek authority to pay, should any amounts becomes due and owing, are collected or withheld by the Debtors and may be held in trust for the benefit of the applicable Taxing Authority.   Accordingly, these Prepetition Taxes are not property of the Debtors' estates under Bankruptcy Code section 541, and such funds are therefore not available for the satisfaction of creditors' claims.  *See, e.g., Begier v. IRS*, 496 U.S. 53 (1990) (withholding taxes are property held by debtor in trust for another and, as such, not property of the debtors' estates); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95 (3d Cir. 1994) (withheld taxes were subject to a trust); *Al Copeland Enters., Inc. v. Tex.* (*In re Al Copeland Enters.),* 991 F.2d 233, 235 (5th Cir. 1993) (debtors' prepetition collection of sales taxes and interest thereon were held subject to trust and not property of estate); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (excise and withholding taxes are "trust fund" taxes); *see generally Official Comm. of Unsecured Creditors of the Columbia Gas*

*Transmission Corp. v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1060 (3d Cir. 1993) (indicating that even if a statute does not establish an express trust, a constructive trust may be found). Instead, the Debtors may be obligated to remit such funds to the applicable Taxing Authority.

13.     Many federal, state, and local statutes also impose personal liability on officers and directors of companies for certain Prepetition Taxes such entities owe. To the extent that any Prepetition Taxes remain unpaid by the Debtors, the Debtors' directors, officers, and executives may be subject to lawsuits or criminal prosecution during the pendency of these chapter 11 cases. Any such lawsuit or criminal prosecution (and the ensuing potential liability) would distract the Debtors and their officers, directors, and executives from devoting their full attention to the Debtors' businesses and the orderly administration of these chapter 11 cases. The Debtors believe that these distractions would materially and adversely affect their ability to operate in the ordinary course of business and to administer these chapter 11 cases, with resulting detriment to all parties in interest.

**B.      Payment of the Prepetition Taxes Is Appropriate Under Bankruptcy Code Sections 363(b) and 105(a) and the Doctrine of Necessity**

14.     To the extent that the use of the property of the Debtors' estates is implicated here, the relief requested is appropriate under Bankruptcy Code sections 363(b) and 105(a) and the "doctrine of necessity."

15.     Under Bankruptcy Code section 363(b)(1), a debtor may, in the exercise of its sound business judgment and after notice and a hearing, "use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1); *see also Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992) (holding that a court may approve an

application under section 363(b) upon a showing of a good business reason for the disposition).

For a court to apply Bankruptcy Code section 363(b), the debtor must "articulate some business

justification, other than mere appeasement of major creditors . . . ." *In re Ionosphere Clubs, Inc.*,

98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (ruling that debtor's payment of prepetition claims was

necessary to protect its business and to ensure successful reorganization).

16.     Likewise, Bankruptcy Code section 105(a) empowers the Court to "issue any

order, process, or judgment that is necessary or appropriate to carry out the provisions of [the

Bankruptcy Code]."  11 U.S.C. § 105(a).  A bankruptcy court's use of its equitable powers to

"authorize the payment of pre-petition debt when such payment is needed to facilitate the

rehabilitation of the debtor is not a novel concept." *Ionosphere Clubs*, 98 B.R at 175.  Section

105 permits a court to authorize the "pre-plan payment of a pre-petition obligation when

essential to the continued operation of the debtor." *In re NYR L.P.*, 147 B.R. 126, 127 (Bankr.

E.D. Va. 1992) (*citing Ionosphere Clubs*, 98 B.R. at 177).

17.     The Debtors submit that payment of Prepetition Taxes, should any become due

and owing in the ordinary course of business during the postpetition period, is necessary and

appropriate and may be authorized under Bankruptcy Code sections 363(b) and 105(a) pursuant

to the "doctrine of necessity."   In a chapter 11 case, the doctrine of necessity is a mechanism by

which the bankruptcy court can exercise its equitable power to allow payment of prepetition

claims. *See In re Lehigh & New England Ry. Co.,* 657 F.2d 570, 581 (3d Cir. 1981) (holding that

a court may authorize payment of prepetition claims when payment is essential to the continued

operation of debtor, such as where there is a "possibility that the creditor will employ an

immediate economic sanction, failing such payment"); *In re Penn Cent. Transp. Co.*, 467 F.2d

100, 102 n.1 (3d Cir. 1972) (holding that the doctrine of necessity "permit[s] immediate payment

of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims shall have been paid"); *In re Just for Feet, Inc.*, 242 B.R. 821, 824 (D. Del. 1999) (noting that section 105 and the doctrine of necessity provide courts with authority to permit payment of prepetition claims necessary to facilitate a successful reorganization); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (noting that debtors may pay prepetition claims that are essential to continued operation of business).  The rationale for the doctrine of necessity is consistent with the paramount goal of chapter 11— "facilitating the continued operation and rehabilitation of the debtor." *Ionosphere Clubs*, 98 B.R. at 176.

18.     The relief requested in this Motion represents a sound exercise of the Debtors' business judgment and is necessary for the preservation of the value of their estates.  In the event that the Debtors become aware of any unpaid Prepetition Taxes but are not authorized to pay such Prepetition Taxes, the respective Taxing Authorities may subject the Debtors to audits, seek to lift the automatic stay, and perhaps impose liens, all of which would disrupt the administration of these chapter 11 cases and harm all parties in interest.  By satisfying all the Prepetition Taxes, the Debtors may actually reduce the amounts ultimately paid to the Taxing Authorities because prompt payment will avoid the imposition of liens and accrual of interest and penalties based on the Debtors' failure to pay any Prepetition Taxes.  Moreover, courts in this District have routinely authorized payment of prepetition taxes and fees.[4]

---

[4]     *See, e.g.*, *In re Coldwater Creek Inc.*, No. 14-10867 (BLS) (Bankr. D. Del. Apr. 14, 2014); *In re Brookstone Holdings Corp.*, No. 14-10752 (BLS) (Bankr. D. Del. Apr. 4, 2014); *In re Quantum Foods, LLC*, No. 14-10318 (KJC) (Bankr. D. Del. Feb. 20, 2014); *In re Event Rentals, Inc.*, No. 14-10282 (PJW) (Bankr. D. Del. Feb. 18, 2014); *In re F & H Acquisition Corp.*, No. 13-13220 (KG) (Bankr. D. Del. Dec. 17, 2013); *In re EWGS Intermediary, LLC*, No. 13-12876 (MFW) (Bankr. D. Del. Nov. 5, 2013); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Sept. 4, 2013); *In re Rural/Metro Corp.*, No. 13-11952 (KJC) (Bankr. D. Del. Aug. 6, 2013).

**C.     The Prepetition Taxes Constitute Priority Claims Under Bankruptcy Code Section 507(a)(8)**

19.     Certain Prepetition Taxes are entitled to priority status under Bankruptcy Code section 507(a)(8) and must be satisfied before any general unsecured claims against the Debtors' estates. 11 U.S.C. §§ 507(a)(8), 726.[5]  To the extent that the Prepetition Taxes are entitled to priority treatment under section 507(a)(8), the Taxing Authorities may also attempt to assess additional accrued fees, interest, and penalties.  *See* 11 U.S.C. § 507(a)(8)(G) (granting priority status to a "penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss").  Accordingly, payment of the Prepetition Taxes merely expedites the treatment these claims are entitled to and is consistent with the priority scheme of the Bankruptcy Code.  Further, it will save the Debtors the cost of paying any additional accrued amounts to which the Taxing Authorities may be entitled.

**D.     The Debtors Should Be Authorized to Pay the Prepetition Taxes Under Bankruptcy Code Sections 1107(a) and 1108**

20.     The Debtors are operating their businesses as debtors in possession under Bankruptcy Code sections 1107(a) and 1108, and therefore, they are fiduciaries "holding the bankruptcy estate[s] and operating the business[es] for the benefit of [their] creditors and (if the value justifies) [their] equity owners."  *In re CoServ LLC*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).  A chapter 11 debtor in possession has the implicit duty "to protect and preserve the estate, including an operating business's going-concern value."  *Id.*

21.     Courts have noted that a debtor in possession can, in certain instances, fulfill its fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim."  *Id.*  The *CoServ* court specifically noted that preplan satisfaction of prepetition claims would be a valid exercise

---

[5]     Bankruptcy Code section 507(a)(8) affords priority to, among other things, unsecured claims of governmental units for taxes required to be collected or withheld and for which the debtor is liable in whatever capacity, (§ 507(a)(8)(C)).

of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." *Id.* The court provided a three-prong test for determining whether a preplan payment on account of a prepetition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

*Id.* at 498.

22.    Payment of the Prepetition Taxes that the Debtors become aware of during the postpetition period satisfies each element outlined in *CoServ*. First, it is critical that the Debtors deal with the Taxing Authorities because, as described above, the Taxing Authorities could maintain secured or priority claims against the Debtors for the Prepetition Taxes. If they do not pay the Prepetition Taxes, the Debtors anticipate that the Taxing Authorities may act precipitously, instituting audits, bringing litigation, and creating numerous other administrative issues. Second, failure to timely pay the Prepetition Taxes may economically disadvantage the Debtors because (i) the time and expense that the Debtors would need to devote to any audit or litigation instituted by a Taxing Authority over unpaid Prepetition Taxes could far outweigh any savings from the temporary non-payment of such Prepetition Taxes and (ii) interest and penalties may accrue on the Prepetition Taxes. Accordingly, the potential harm and economic disadvantage that would stem from the failure to pay any Prepetition Taxes could be disproportionate to the amount of any prepetition claim that may be paid. Finally, with respect to each Taxing Authority, the Debtors have examined other options short of payment of Prepetition Taxes, should any amounts become due and owing, and have determined that, to avoid expense

10

and disruption of the Debtors' business operations, there may be no practical or legal alternative to paying the Prepetition Taxes.  Therefore, the Debtors may justifiably determine that they can meet their fiduciary duties as debtors in possession under Bankruptcy Code sections 1107(a) and 1108 only by paying the Prepetition Taxes.

23.    Notwithstanding anything to the contrary contained here, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors' regarding the use of cash collateral.

24.    For these reasons, the Debtors submit that the requested relief is reasonable and necessary.

## RESERVATION OF RIGHTS

25.    Nothing contained in this Motion is an admission of the validity of any claim against the Debtors, a waiver of the Debtors' or any other party's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code section 365.  If this Court grants the relief requested in this Motion, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.  In addition, authorization to pay the claims described in this Motion shall not be deemed a direction to the Debtors to pay such claims.

## NOTICE

26.    The Debtors will provide notice of this Motion to: (i) Office of the United States Trustee for the District of Delaware; (ii) the Taxing Authorities identified in Exhibit B; (iii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders;

11

(v) the Department of Education; (vi) the Internal Revenue Service; (vii) the Securities and Exchange Commission; (viii) the United States Attorney General for the District of Delaware; (ix) any banking or financial institution that holds the Debtors' accounts; and (x) all parties entitled to notice of this Motion pursuant to Local Rule 9013-1(m).

27.     The Debtors submit that no other or further notice is necessary under the circumstances.

## <u>NO PRIOR MOTION</u>

28.     The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

12

The Debtors respectfully request entry of an order granting the relief requested in its entirety and any other relief as is just and proper.

Dated: May 7, 2015
      Wilmington, Delaware

                            */s/* Amanda R. Steele
                            Mark D. Collins (No. 2981)
                            Michael J. Merchant (No. 3854)
                            Marisa A. Terranova (No. 5396)
                            Amanda R. Steele (No. 5530)
                            RICHARDS, LAYTON & FINGER, P.A.
                            920 N. King Street
                            Wilmington, Delaware 19801
                            Telephone:  302-651-7700
                            Facsimile:  302-651-7701
                            Email: collins@rlf.com
                                  merchant@rlf.com
                                  terranova@rlf.com
                                  steele@rlf.com

                            Proposed Counsel for the Debtors and Debtors in Possession

RLF1 11879649v.2