**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § § | |

-------------------------------------------------------------

## ORDER (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION TAXES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**"), pursuant to Bankruptcy Code sections 105(a), 363(b), 507(a) and 541, (i) authorizing the Debtors to pay in full, and in cash, certain Prepetition Taxes and (ii) granting certain related relief, as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and that this Court may enter an order consistent with Article III of the United States Constitution; and venue being

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2]    Capitalized terms used but not defined in this Order have the meanings used in the Motion.

RLF1 11879649v.2

proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing, if necessary, having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to pay any and all Prepetition Taxes owed to the Taxing Authorities and related to periods prior to the Petition Date in the ordinary course of business in an aggregate amount not to exceed $150,000.00 (the "**Prepetition Taxes Cap**").

3. The Debtors' banks and financial institutions are authorized to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts prior to the Petition Date for Prepetition Taxes that had not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Order, *provided that* sufficient funds are on deposit in the applicable bank accounts to cover such payments.

4. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors) shall be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection

of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any rights, claims, or defenses related thereto; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under Bankruptcy Code section 365.

5. Nothing in the Motion or this Order shall prejudice the Debtors' right to request further authority from this Court, after notice and an opportunity for a hearing, to pay any Prepetition Taxes in excess of the Prepetition Taxes Cap.

6. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors regarding the use of cash collateral.

7. Payments made pursuant to this Order shall not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

8. The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Order.

9. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2015
       Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE