## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | § |
| | § Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § |
| | § Case No. 15-10952 (KJC) |
| | § |
| | § Jointly Administered |
| Debtors. | § **Objection Deadline: May 20, 2015 at 4:00 p.m. (EDT)** |
| | § **Hearing Date: May 27, 2015 at 2:00 p.m. (EDT)** |

------------------------------------------------------------

### DEBTORS' APPLICATION TO EMPLOY AND RETAIN RICHARDS, LAYTON & FINGER, P.A. AS COUNSEL PURSUANT TO SECTION 327(A) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(A) AND 2016 AND LOCAL RULE 2014-1, *NUNC PRO TUNC* TO THE PETITION DATE

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), respectfully request entry of an order authorizing the Debtors to employ and retain Richards, Layton & Finger, P.A. ("**RL&F**") as their bankruptcy counsel *nunc pro tunc* to May 4, 2015 (the "**Petition Date**"). In support of this Application, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this application (the "**Application**") under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[2]

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

## BACKGROUND

2.      On the Petition Date, each of the Debtors filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada. Corinthian offered career-oriented diploma and degree programs in diverse fields such as health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology.  As of March 31, 2014, Corinthian operated over 100 campuses and provided educational opportunities to more than 74,000 students and had more than 10,000 employees.  It also offered degrees online.

4.      Among its acquisitions, in January 2010, the Corinthian purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**").  Heald, through its subsidiaries, operated Heald College, a 150 year old regionally accredited institution with 12 campuses offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

5.      Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases and the Debtors' goals for these cases, is set forth

---

[2]      Under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

in the *Declaration of William J. Nolan in Support of Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**") [Docket No. 10].

## <u>RELIEF REQUESTED</u>

6.      Pursuant to section 327(a) the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 2014-1 Rules, the Debtors hereby file this Application and request entry of an order authorizing the Debtors to employ and retain RL&F as their bankruptcy counsel *nunc pro tunc* to the Petition Date.  In support of this Application, the Debtors submit the affidavit of Mark D. Collins, a director at RL&F (the "**Collins Affidavit**"), attached hereto as <u>Exhibit A</u> and incorporated by reference herein and the *Declaration of Stan A. Mortensen in Support of the Debtors' Application to Employ and Retain Richards, Layton & Finger, P.A. as Counsel Pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rule 2014-1, Nunc Pro Tunc to the Petition Date* attached hereto as <u>Exhibit B</u> (the "**Mortensen Declaration**").

7.      A proposed form of order approving the relief requested herein is annexed hereto as <u>Exhibit C</u> (the "**Proposed Order**").

## <u>SERVICES TO BE PROVIDED</u>

8.      The Debtors require RL&F to render a variety of legal services during the pendency of these chapter 11 cases and to assist the Debtors in addressing the myriad of issues that may arise therein.  Subject to further order of the Court, the Debtors request the employment and retention of RL&F to render professional services, including, but not limited to:

> a)      advising the Debtors of their rights, powers and duties as debtors and debtors in possession under chapter 11 of the Bankruptcy Code;

b)      taking action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of actions commenced against the Debtors in these chapter 11 cases, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors;

c)      assisting in preparing on behalf of the Debtors all motions, applications, answers, orders, reports and papers in connection with the administration of the Debtors' estates;

d)      assisting the Debtors with the sale of any of their assets pursuant to section 363 of the Bankruptcy Code;

e)      assisting in preparing the Debtors' plan of liquidation;

f)      assisting in preparing the Debtors' disclosure statement and any related documents and pleadings necessary to solicit votes on the Debtors' plan of liquidation;

g)      prosecuting on behalf of the Debtors the proposed plan and seeking approval of all transactions contemplated therein and in any amendments thereto; and

h)      performing other necessary or desirable legal services in connection with these chapter 11 cases.

## BASIS FOR RELIEF REQUESTED

9.     Under section 327(a) of the Bankruptcy Code, a debtor in possession "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

10.     The Debtors believe that RL&F is well qualified to represent them in their bankruptcy cases in an efficient and timely manner. The Debtors have selected RL&F as their bankruptcy counsel because of the firm's extensive experience and knowledge in the field of

4

debtors' and creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience and knowledge in practicing before this Court, its proximity to the Court and its ability to respond quickly to emergency hearings and other emergency matters. RL&F's services will enable the Debtors to execute faithfully their duties as debtors in possession.

11.     To that end, RL&F has stated its desire and willingness to act in these chapter 11 cases and to render the necessary professional services as bankruptcy counsel to the Debtors.

12.     By separate applications, the Debtors are also seeking to employ (i) FTI Consulting Inc. as crisis manager and to provide a chief restructuring officer; and (ii) Rust Consulting/Omni Bankruptcy as the Debtors' claims and noticing agent and administrative advisor. The Debtors have discussed a division of responsibilities with these professionals and intend to monitor carefully these and any other retained professionals to insure a clear delineation of their respective duties and roles so as to prevent duplication of effort. The Debtors recognize that efficient coordination of efforts among the Debtors' professionals and will greatly add to the effective administration of these chapter 11 cases.

## **PROFESSIONAL COMPENSATION**

**A.     Professional Fees**

13.     RL&F intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court. Subject to those provisions, the Debtors propose to pay RL&F its customary hourly rates in effect from time to time as set forth in the Collins Affidavit. The Debtors submit that these rates are reasonable.

14.    RL&F's current hourly rates for matters related to these chapter 11 cases are expected to be within the following ranges:

| Position | Range of Hourly Rates |
|---|---|
| Directors | $585 to $825 an hour |
| Counsel | $525 an hour |
| Associates | $260 to $490 an hour |
| Paraprofessionals | $235 an hour |

15.    The principal professionals and paraprofessionals designated to represent the Debtors and their current standard hourly rates are as follows:

a)    Mark D. Collins              $825 per hour

a)    Michael J. Merchant         $650 per hour

b)    Marisa A. Terranova         $450 per hour

c)    Amanda R. Steele            $425 per hour

d)    Rachel L. Biblo             $260 per hour

e)    Alexander G. Najemy         $260 per hour

f)    Rebecca V. Speaker          $235 per hour

16.    RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first RL&F fee application following such adjustments) and are consistent with the rates charged elsewhere.

17.    Other than the periodic adjustments described above, RL&F's hourly rates and financial terms for the services performed prior to the petition date are identical to the hourly rates and financial terms of the postpetition engagement proposed herein. The Debtors understand that these hourly rates are consistent with the rates that RL&F charges other

6

comparable chapter 11 clients, regardless of the location of the chapter 11 case, and are not significantly different from the rates that RL&F charges in non-bankruptcy representations. Notwithstanding the consistent hourly rates, RL&F as a practice reviews all time charges and makes adjustments as necessary to correct any inefficiency that may appear before billing.

18.     The Debtors and RL&F shortly intend to develop a prospective budget and staffing plan in a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures.

19.     Prior to the Petition Date, the Debtors paid RL&F a total retainer of $405,000.00 (the "**Retainer**") in connection with and in contemplation of these chapter 11 cases.  The Debtors propose that the remainder of the Retainer paid to RL&F and not expended for prepetition services and disbursements be treated as an evergreen retainer to be held by RL&F as security throughout these chapter 11 cases until RL&F's fees and expenses are awarded by final order and payable to RL&F.

20.     Other than as set forth in the Collins Affidavit, no arrangement is proposed between the Debtors and RL&F for compensation to be paid in these chapter 11 cases.  RL&F has informed the Debtors that, except for sharing arrangements among the directors of RL&F, it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

**B.      Expenses**

21.     It is RL&F's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, long-distance telephone charges, regular mail and express mail charges, special or hand delivery charges, document processing charges, printing/photocopying charges,

7

travel expenses, expenses for "working meals," computerized research charges and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  RL&F will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to RL&F's other clients or as previously fixed by this Court.  RL&F believes that it is fair to charge these expenses to the clients incurring them instead of increasing hourly rates and spreading these expenses among all clients.

### DISINTERESTEDNESS

22.    To the best of the Debtors' knowledge and as disclosed herein and in the Collins Affidavit:  (a) RL&F is a "disinterested person" under section 101(14) of the Bankruptcy Code; (b) RL&F does not hold or represent an interest adverse to the Debtors' estates; and (c) RL&F's directors and associates have no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Collins Affidavit.

### RULE 5002

23.    As set forth in the Collins Affidavit, no director or associate of RL&F is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the Office of the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorney for the United States Trustee assigned to these chapter 11 cases or any other employee of the Office of the United States Trustee.  Accordingly, the appointment of RL&F is not prohibited by Bankruptcy Rule 5002.

### NOTICE

24.    No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases.  The Debtors will provide notice of this Application to:  (i) the Office of the United

8

States Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to Bank of America, N.A. in its capacity as Administrative Agent for the Lenders; (iv) the Department of Education; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the United States Attorney for the District of Delaware; and (viii) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002.

## <u>NO PRIOR MOTION</u>

25.     The Debtors have not made any prior motion for the relief sought herein to this Court or any other.

9

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: May 7, 2015
      Santa Ana, California

                            Respectfully Submitted,

                            **Corinthian Colleges, Inc.**
                            (for itself and on behalf of its affiliated debtors
                            as Debtors and Debtors in Possession)

By:                                    

                            Stan A. Mortensen
                            Executive Vice President and General
                            Counsel

RLF1 11922675v.4