# EXHIBIT C

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |

------------------------------------------------------------

**ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN RICHARDS, LAYTON & FINGER, P.A. AS COUNSEL PURSUANT TO SECTION 327(A) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(A) AND 2016 AND LOCAL RULE 2014-1, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application, dated May 7, 2015 (the "**Application**")[2] of Corinthian Colleges, Inc. and its above-captioned debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") for an order, pursuant to sections 327(a), 331 and 1107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Debtors to retain Richards, Layton & Finger, P.A. ("**RL&F**") as bankruptcy counsel in their chapter 11 cases *nunc pro tunc* to the Petition Date, all

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

as more fully described in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided under the circumstances; and it appearing that no other or further notice need be provided; and, if necessary, a hearing having been held to consider the relief requested in the Application (the "**Hearing**"); and due and proper notice of the Hearing having been provided; and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and upon the Collins Affidavit attached to the Application as Exhibit A; and the Mortensen Declaration attached to the Application as Exhibit B; and the Court having found that RL&F is a "disinterested person" as such term is defined under section 101(14), as supplemented by section 1107(b) of the Bankruptcy Code; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. Pursuant to sections 327(a), 328 and 330 of the Bankruptcy Code, the Debtors are authorized to retain and employ RL&F as counsel to the Debtors in these chapter 11 cases, effective *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in the Application.

3. RL&F is authorized to provide the Debtors with the professional services as described in the Application. Specifically, but without limitation, RL&F is authorized to render the following legal services:

a) advising the Debtors of their rights, powers and duties as debtors and debtors in possession under chapter 11 of the Bankruptcy Code;

b) taking action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of actions commenced against the Debtors in these chapter 11 cases, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors;

c) assisting in preparing on behalf of the Debtors all motions, applications, answers, orders, reports and papers in connection with the administration of the Debtors' estates;

d) assisting the Debtors with the sale of any of their assets pursuant to section 363 of the Bankruptcy Code;

e) assisting in preparing the Debtors' plan of liquidation;

f) assisting in preparing the Debtors' disclosure statement and any related documents and pleadings necessary to solicit votes on the Debtors' plan of liquidation;

g) prosecuting on behalf of the Debtors the proposed plan and seeking approval of all transactions contemplated therein and in any amendments thereto;

h) performing other necessary or desirable legal services in connection with these chapter 11 cases; and

4. Notwithstanding anything in the Engagement Letter to the contrary, for the avoidance of doubt, the Bankruptcy Court shall have jurisdiction over any and all matters arising under or in connection with RL&F's engagement by the Debtors and the Engagement Letter.

5. RL&F shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with section 330 of the Bankruptcy Code and applicable provisions of the

Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court. RL&F also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, in connection with the Application and any final fee application(s) to be filed by RL&F in these chapter 11 cases.

6. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

7. RL&F shall first apply its retainer to all prepetition invoices and, thereafter, RL&F shall hold any remaining retainer balance.

8. In the event of any inconsistency between the Application, the Collins Affidavit, the Mortensen Declaration and this Order, the terms of this Order shall govern.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors and RL&F are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: May_____, 2015
Wilmington, Delaware

____________________________________
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE