## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | § |
| | § Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § |
| | § Case No. 15-10952 (KJC) |
| | § |
| | § (Jointly Administered) |
| Debtors. | § |
| | § **Objection Deadline: May 20, 2015 at 4:00 p.m. (EDT)** |
| | § **Hearing Date: May 27, 2015 at 2:00 p.m. (EDT)** |

-------------------------------------------------------------

### DEBTORS' APPLICATION PURSUANT TO BANKRUPTCY CODE SECTION 327(a) AND BANKRUPTCY RULE 2014(a) FOR AUTHORITY TO EMPLOY AND RETAIN RUST CONSULTING/OMNI BANKRUPTCY AS ADMINISTRATIVE AGENT *NUNC PRO TUNC* TO THE PETITION DATE

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") respectfully request entry of an order pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the Debtors to Retain Rust Consutling/Omni Bankruptcy ("**Rust/Omni**") as administrative agent ("**Administrative Agent**"), *nunc pro tunc* to the Petition Date (as defined herein), in connection with the above-captioned chapter 11 cases (the "**Section 327 Application**").  In support of the Section 327 Application, the Debtors rely upon and incorporate by reference the *Declaration of Paul H. Deutch in Support of the Debtors' Application Pursuant to Bankruptcy Code Section*

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).  The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

*327(a) and Bankruptcy Rule 2014(a) for Authority to Employ and Retain Rust Consulting/Omni Bankruptcy as Administrative Agent* Nunc Pro Tunc *to the Petition Date* (the "**Deutch 327 Declaration**") a copy of which is attached hereto as <u>Exhibit B</u>.  In support of this Section 327 Application, the Debtors respectfully represent:

<u>**JURISDICTION**</u>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).[2]

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are Bankruptcy Code section 327(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1.

<u>**BACKGROUND**</u>

4.      On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  No committees have been appointed or designated.

5.      Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada. Corinthian offered career-oriented diploma and degree programs in diverse fields such as health

---

[2]      Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

RLF1 11923641v.3

care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology.  As of March 31, 2014, Corinthian operated over 100 campuses and provided educational opportunities to more than 74,000 students and had more than 10,000 employees.  It also offered degrees online.

6.      Among its acquisitions, in January 2010, the Company purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**").  Heald, through its subsidiaries, operated Heald College, a 150 year old regionally accredited institution with 12 campuses offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

7.      A description of the Debtors' business and the reasons for filing these chapter 11 cases is set forth in the *Declaration of William J. Nolan in Support of Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**") [D.I. 10] filed on the Petition Date and incorporated by reference as if fully set forth herein.

<u>**RELIEF REQUESTED**</u>

8.      On the Petition Date, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing Employment and Retention of Rust Consulting/Omni Bankruptcy as Claims and Noticing Agent,* Nunc Pro Tunc *to the Petition Date* [D.I. 4] (the "**Section 156(c) Application**"), which was approved by the Court on May 5, 2015 (the "**Section 156(c) Order**") [D.I. 20].  Notwithstanding the approval of the 156(c) Application, the Debtors believe that the administration of these chapter 11 cases will require Rust/Omni to perform duties outside the scope of those outlined in the Section 156(c) Application and approved in the Section 156(c) Order.  Accordingly, the Debtors submit this Section 327 Application for authority to employ and retain Rust/Omni as Administrative Agent pursuant to Bankruptcy Code section 327(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1, and in accordance with the terms and

3

conditions of the engagement agreement between the Debtors and Rust/Omni, a copy of which is attached hereto as Exhibit A (the "**Engagement Agreement**").

## RUST/OMNI'S QUALIFICATIONS

9.      As a specialist in claims management and legal administration services, Rust/Omni provides comprehensive administrative solutions for chapter 11 cases.  Rust/Omni is one of the country's leading chapter 11 administrators, with substantial experience in matters of all sizes and levels of complexity, including several large bankruptcy cases pending in both this District and other districts: *In re Karmallop, Inc.*, Case No. 15-10635 (Bankr. D. Del. Mar. 25, 2015); *In re Phoenix Payment Systems*, Case No. 14-11848 (Bankr. D. Del. Aug. 4, 2014); *In re Gridway Energy Holdings, et al.*, Case No. 14-10833 (Bankr. D. Del. Apr. 10, 2014); *In re Restora Healthcare Holdings, LLC, et al.*, Case No. 14-10367 (Bankr. D. Del. Feb. 24, 2014); *In re First Mariner Bancorp*, Case No. 14-11952 (Bankr. D. Md. Feb. 10, 2014); *In re HDOS Enterprises*, Case No. 14-12028 (Bankr. C.D. Cal. Feb. 3, 2014); *In re FAH Liquidating Corp., et al.*, Case No. 13-13087 (Bankr. D. Del. Nov. 22, 2013); *In re SGK Ventures, LLC*, Case No. 13-37603 (Bankr. N.D. Ill. Sep. 24, 2013).  Based on Rust/Omni's experience, the Debtors believe that Rust/Omni is well-qualified to serve as the administrative agent in these chapter 11 cases.

## SERVICES TO BE PROVIDED

10.     Pursuant to the Engagement Agreement, and to the extent requested by the Debtors, Rust/Omni has agreed to perform, among other services, the following:

   (a)     assisting with the preparation and filing of the Debtors' schedules of assets and liabilities and statements of financial affairs;

   (b)     recording all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e); *provided, however*, that if any evidence of transfer of claim(s) is filed with the Court pursuant to Bankruptcy Rule 3001(e), and if the evidence of transfer or notice thereof executed by the parties purports to waive the 21-day notice and objection

period required under Bankruptcy Rule 3001(e), then the Administrative Agent may process the transfer of claim(s) to change the name and address of the claimant of such claim to reflect the transfer, and the effective date of such transfer will be the date the evidence of such transfer was docketed in the case;

(c)    generating and providing claim reports and claim objection exhibits;

(d)    managing the preparation, compilation and mailing of documents to creditors and other parties in interest in connection with the solicitation of a chapter 11 plan (a "**Plan**");

(e)    managing any rights offering pursuant to a Plan;

(f)    managing the publication of legal notices;

(g)    collecting and tabulating votes in connection with any Plan filed by the Debtors and providing ballot reports to the Debtors and their professionals;

(h)    generating an official ballot certification and testifying, if necessary, in support of the ballot tabulation results;

(i)    managing any distributions made pursuant to a Plan; and

(j)    providing any and all necessary administrative tasks not otherwise specifically set forth above as the Debtors or its professionals may require in connection with these chapter 11 cases.

11.    Rust/Omni's appointment as Administrative Agent will provide the Debtors with experienced professionals and services that are essential to a successful reorganization. Rust/Omni will coordinate with the Debtors' other retained professionals in these chapter 11 cases to avoid any unnecessary duplication of services.  Accordingly, the relief requested in this Section 327 Application is in the best interests of the Debtors' estates and all parties in interest.

## PROFESSIONAL COMPENSATION

12.    The Debtors solicited, received, and reviewed rates from other noticing and claims agents and submit that Rust/Omni's rates are competitive with respect to the rates charged by Rust/Omni's competitors for the performance of similar services.  As such, the Debtors believe that Rust/Omni's rates are reasonable given Rust/Omni's extensive bankruptcy experience, expertise, and high quality of service.

5

13.     As referenced in the Section 156(c) Application, prior to the Petition Date, the Debtors provided Rust/Omni a retainer in the amount of $40,000.  Rust/Omni will apply the retainer to all pre-petition invoices, and Rust/Omni seeks to hold any amounts remaining in the retainer as of the Petition Date during these chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

14.     The Debtors propose to compensate Rust/Omni on substantially the terms and conditions set forth in the Engagement Agreement.  To the extent that Rust/Omni's duties exceed the scope of the Section 156(c) Order, Rust/Omni intends to apply to the Court for allowance of compensation and reimbursement of reasonable and necessary out-of-pocket expenses incurred after the Petition Date in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any further orders of the Court (collectively, the "**Fee Guidelines**").

**DISINTERESTEDNESS**

15.     To the best of the Debtors' knowledge, and except as disclosed in the Deutch 327 Declaration, Rust/Omni: (i) is a "disinterested person" within the meaning of Bankruptcy Code section 101(14); (ii) does not hold or represent an interest adverse to the Debtors' estates in connection with any matter on which Rust/Omni will be employed; and (iii) neither Rust/Omni nor any of its employees has any connection with the Debtors, their creditors, the United States Trustee or any other party in interest in these chapter 11 cases.

16.     Prior to the Petition Date, Rust/Omni performed certain professional services for the Debtors in accordance with the Engagement Agreement.  The Debtors do not owe Rust/Omni any amount for services performed or expenses incurred prior to the Petition Date.

17.     In connection with its appointment as Administrative Agent in these chapter 11 cases, Rust/Omni represents, among other things, that it will not employ any past or present

6

employees of the Debtors in connection with its work as the administrative agent in these chapter 11 cases.

18.    Rust/Omni will conduct ongoing reviews of its files to ensure that no conflict or other disqualifying circumstances exist or arise.  If any new material facts or circumstances are discovered that would require disclosure, Rust/Omni will supplement its disclosure to the Court.

19.    To the extent there is any inconsistency between this Section 327 Application, the Engagement Agreement, the Fee Guidelines and any Court order approving this Section 327 Application (the "**Section 327 Order**"), the Section 327 Order shall govern.  A proposed form of the Section 327 Order is attached hereto as Exhibit C.

## **BASIS FOR RELIEF**

20.    Bankruptcy Code section 327(a) provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

See 11 U.S.C. § 327(a).

21.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

See Fed. R. Bankr. P. 2014(a).

22.    In light of the size and complexity of these chapter 11 cases, the Debtors respectfully submit that Rust/Omni's retention and employment pursuant to the terms of the

7

Engagement Agreement are both necessary and in the best interests of the Debtors' estates and all parties in interest to these chapter 11 cases.  The Debtors also believe that the terms and conditions of the Engagement Agreement are reasonable in light of the thousands of anticipated creditors, equity security holders and other parties in interest that will be involved in these chapter 11 cases.

## **NOTICE**

23.     The Debtors will provide notice of this Application to:  (i) Office of the United States Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to Bank of America, N.A. in its capacity as administrative agent for the Debtors' Lenders; (iv) the Department of Education; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the United States Attorney for the District of Delaware; and (viii) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002.

24.     In light of the nature of the relief requested in this Section 327 Application, the Debtors respectfully submit that no further notice is necessary.

## **NO PRIOR MOTION**

25.     The Debtors have not made any prior motion for the relief sought in this Motion to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court: (i) enter the proposed

Section 327 Order granting the relief sought herein; and (ii) grant such other and further relief as

the Court deems just and proper.

Dated: May 7, 2015
Santa Ana, California

Respectfully Submitted,

**Corinthian Colleges, Inc.**
(for itself and on behalf of its affiliated debtors
as Debtors and Debtors in Possession)

By:  /s/

Stan A. Mortensen
Executive Vice President and General
Counsel

9