## **EXHIBIT B**

**Deutch 327 Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § § | Case No. 15-10952 (KJC) |
| | § § | (Jointly Administered) |
| Debtors. | § § | |

---

**DECLARATION OF PAUL H. DEUTCH IN SUPPORT OF THE
DEBTORS' APPLICATION PURSUANT TO BANKRUPTCY CODE
SECTION 327(a) AND BANKRUPTCY RULE 2014(a) FOR AUTHORITY
TO EMPLOY AND RETAIN RUST CONSULTING/OMNI BANKRUPTCY AS
ADMINISTRATIVE AGENT *NUNC PRO TUNC* TO THE PETITION DATE**

I, Paul H. Deutch, under penalty of perjury, declare as follows:

1.  I am the Executive Managing Director of Rust Consulting/Rust/Omni Bankruptcy ("**Rust/Omni**"), which maintains an office at 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367. I am duly authorized to make this declaration on behalf of Rust/Omni. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2.  This declaration is submitted in support of the application (the "**Section 327 Application**") of the above-captioned debtors and debtors in possession (collectively, the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

2

"**Debtors**") for authorization pursuant to Bankruptcy Code section 327(a) and Bankruptcy Rule 2014(a) to employ and retain Rust/Omni as administrative agent ("**Administrative Agent**") in connection with the above-captioned chapter 11 cases and in accordance with the terms and conditions of the Engagement Agreement by and between the Debtors and Rust/Omni dated as of April 30, 2015 (the "**Engagement Agreement**"), a true and correct copy of which is attached to the Section 327 Application as Exhibit A.  The statements contained herein are based upon personal knowledge.

3.    Rust/Omni is an industry leader whose professionals have significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Rust/Omni's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases, including in matters of this size and complexity.  Rust/Omni's professionals have acted as official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide, including: *In re Karmallop, Inc.*, Case No. 15-10635 (Bankr. D. Del. Mar. 25, 2015); *In re Phoenix Payment Systems*, Case No. 14-11848 (Bankr. D. Del. Aug. 4, 2014); *In re Gridway Energy Holdings, et al.*, Case No. 14-10833 (Bankr. D. Del. Apr. 10, 2014); *In re Restora Healthcare Holdings, LLC, et al.*, Case No. 14-10367 (Bankr. D. Del. Feb. 24, 2014); *In re First Mariner Bancorp*, Case No. 14-11952 (Bankr. D. Md. Feb. 10, 2014); *In re HDOS Enterprises*, Case No. 14-12028 (Bankr. C.D. Cal. Feb. 3, 2014); *In re FAH Liquidating Corp., et al.*, Case No. 13-13087 (Bankr. D. Del. Nov. 22, 2013); *In re SGK Ventures, LLC*, Case No. 13-37603 (Bankr. N.D. Ill. Sep. 24, 2013).[2]

---

[2]    Because of the voluminous nature of the cases referenced herein, orders granting Rust /Omni's retention are not attached to the Section 327 Application.  Copies of such orders, however, are available on request of the Debtors' proposed counsel.

4.      The Debtors selected Rust/Omni to serve as the Administrative Agent for the Debtors' estates, as set forth in more detail in the Section 327 Application filed contemporaneously herewith.  To the best of my knowledge, and based upon information provided to me by the Debtors, and except as provided herein, neither Rust/Omni, nor any employee thereof, has any materially adverse connection to the Debtors, their creditors or other relevant parties.  Rust/Omni may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Rust/Omni serves or has served in a neutral capacity as noticing, claims, balloting and/or administrative advisor for another chapter 11 debtor.  In addition, Rust/Omni's personnel may have relationships with some of the Debtors' creditors or other parties-in-interest.  However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal nature and completely unrelated to these chapter 11 cases.

5.      Rust/Omni has and will continue to represent clients in matters unrelated to these chapter 11 cases.  In addition, Rust/Omni has had and will continue to have relationships in the ordinary course of its business with certain vendors, professionals and other parties-in-interest that may be involved in these chapter 11 cases in matters unrelated to thes chapter 11 cases.  Rust/Omni may also provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, the chapter 11 cases or the Debtors.

6.      Rust/Omni has reviewed its electronic database to determine whether it has any relationships with the entities provided by the Debtors.  At this time, I am not aware of any relationship which would present a disqualifying conflict of interest.  Should Rust/Omni discover

any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Rust/Omni will use reasonable efforts to file promptly a supplemental affidavit.

7. To the best of my knowledge, neither Rust/Omni nor any employee thereof has any affiliation with the Debtors, their creditors, other parties-in-interest, the United States Trustee or any other person employed by the Office of the United States Trustee.  To the best of my knowledge, neither Rust/Omni nor any other employee thereof holds any interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged.  Based on the foregoing, I believe that Rust/Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

8. Rust/Omni shares a corporate parent with certain companies that provide integrated technology products and services to the legal profession for electronic discovery, class action settlements, financial transactions, chapter 7 and 13 bankruptcy, litigation and regulatory compliance.  Given the legal and operational separateness of Rust/Omni from its affiliates and the administrative nature of the services performed by such companies, Rust/Omni does not believe that a conflict would arise solely from any relationship or claim of an affiliate or its corporate parent of Rust/Omni.

9. In performing the services described in the Section 327 Application, Rust/Omni will charge the rates set forth on the fee schedule appended to the Engagement Agreement.  These rates are at least as favorable as the prices Rust/Omni charges in cases in which the firm has been retained to perform similar services

10. As referenced in the Section 156(c) Application, Rust/Omni has received a $40,000 retainer from the Debtors.  Rust/Omni has applied the retainer to all pre-petition invoices, and will apply any remaining retainer amounts to post-petition amounts due.

Rust/Omni also seeks to thereafter hold the retainer under the Engagement Agreement during these chapter 11 cases to apply against unpaid fees and expenses incurred in performing services for the Debtors under the Engagement Agreement.

11.     Subject to the Court's approval, the Debtors have agreed to compensate Rust/Omni for professional services rendered pursuant to Bankruptcy Code section 327(a) in connection with these chapter 11 cases according to the terms and conditions of the Engagement Agreement.

12.     To the extent that Rust/Omni's duties exceed the scope of those set forth in the the Section 156(c) Application, Rust/Omni intends to apply to the Court for allowance of compensation and reimbursement of reasonable and necessary out-of-pocket expenses incurred after the Petition Date in accordance with the Fee Guidelines (as defined in the Section 327 Application).

13.     Rust/Omni represents, among other things, that:

(a)  it will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as Administrative Agent;

(b)  by accepting employment in these chapter 11 cases, Rust/Omni waives any right to receive compensation from the United States government;

(c)  in its capacity as Administrative Agent, Rust/Omni will not be an agent of the United States and will not act on behalf of the United States; and

(d)  Rust/Omni will not employ any past or present employees of the Debtors in connection with its work as Administrative Agent.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct. Executed on this 7th day of May, 2015.

*/s/* Paul H. Deutch
Paul H. Deutch
Executive Management Director
Rust Consulting/Omni Bankruptcy