## EXHIBIT C

**Proposed Order**

RLF1 11923641v.3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | § |
| | §  Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § |
| | §  Case No. 15-10952 (KJC) |
| | § |
| | §  (Jointly Administered) |
| Debtors. | § |
| | § |

--------------------------------------------------------------

**ORDER PURSUANT TO BANKRUPTCY CODE SECTION 327(a)**
**AND BANKRUPTCY RULE 2014(a) APPROVING THE EMPLOYMENT AND**
**RETENTION OF RUST CONSULTING/OMNI BANKRUPTCY AS ADMINISTRATIVE**
**AGENT TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the application (the "**Section 327 Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order authorizing the retention and employment of Rust Consulting/Omni Bankruptcy ("**Rust/Omni**"), as administrative agent for the Debtors, *nunc pro tunc* to the Petition Date, pursuant to the terms of the Engagement Agreement, all as more fully described in the Section 327 Application; and upon the Deutch 327 Declaration, attached to the Section 327 Application as <u>Exhibit B</u>; and the

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).  The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Section 327 Application.

Court being satisfied, based on the representations made in the Section 327 Application and the Deutch 327 Declaration, that Rust/Omni is "disinterested" as such term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and as required under Bankruptcy Code section 327(a); and that Rust/Omni represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Section 327 Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Section 327 Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Section 327 Application having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Section 327 Application (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Section 327 Application is in the best interests of the Debtors, their estates, creditors and other parties in interest; and that the legal and factual bases set forth in the Section 327 Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Section 327 Application is granted as provided herein.

2. Pursuant to Bankruptcy Code section 327(a) and Bankruptcy Rule 2014(a), the Debtors are authorized to employ and retain Rust/Omni as Administrative Agent, *nunc pro tunc* to the Petition Date, pursuant to the terms and conditions set forth in the Engagement Agreement.

3. Rust/Omni is authorized to perform all actions and services set forth in the Section 327 Application, including, but not limited to, the following services:

    (a) assisting with the preparation and filing of the Debtors' schedules of assets and liabilities and statements of financial affairs;

    (b) recording all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e); *provided, however*, that if any evidence of transfer of claim(s) is filed with the Court pursuant to Bankruptcy Rule 3001(e), and if the evidence of transfer or notice thereof executed by the parties purports to waive the 21-day notice and objection period required under Bankruptcy Rule 3001(e), then the Administrative Agent may process the transfer of claim(s) to change the name and address of the claimant of such claim to reflect the transfer, and the effective date of such transfer will be the date the evidence of such transfer was docketed in the case;

    (c) generating and providing claim reports and claim objection exhibits;

    (d) managing the preparation, compilation and mailing of documents to creditors and other parties in interest in connection with the solicitation of a chapter 11 plan (a "**Plan**");

    (e) managing any rights offering pursuant to a Plan;

    (f) managing the publication of legal notices;

    (g) collecting and tabulating votes in connection with any Plan filed by the Debtors and providing ballot reports to the Debtors and their professionals;

    (h) generating an official ballot certification and testifying, if necessary, in support of the ballot tabulation results;

    (i) managing any distributions made pursuant to a Plan; and

    (j) providing any and all necessary administrative tasks not otherwise specifically set forth above as the Debtors or its professionals may require in connection with these chapter 11 cases.

4. This Order shall not apply to any services Rust/Omni was authorized to render pursuant to the order approving the Section 156(c) Application.

5. To the extent that Rust/Omni's duties exceed the scope of those set forth in the Section 156(c) Application, Rust/Omni shall be compensated in accordance with, will file

4

interim and final fee applications for allowance of its compensation and expenses pursuant to, and shall be subject to, the Fee Guidelines.

6. Rust/Omni shall be reimbursed for reasonable and necessary expenses as provided in the Fee Guidelines.

7. Rust/Omni shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

8. The Debtors and Rust/Omni are authorized to take such other and further actions necessary to comply with all of the duties set forth in the Section 327 Application.

9. To the extent that there may be any inconsistency between the terms of the Section 327 Application, the Engagement Agreement or this Order, the terms of this Order shall govern.

10. This Court retains jurisdiction with respect to all matters arising from, or related to, the implementation of this Order.

Dated: _____, 2015
      Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE