## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | § |
| | § Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § |
| | § Case No. 15-10952 (KJC) |
| | § |
| | § Jointly Administered |
| Debtors. | § |
| | § **Objection Deadline:  June 1, 2015 at 4:00 p.m. (ET)** |
| | § **Hearing Date:  June 8, 2015 at 10:00 a.m. (ET)** |

---------------------------------------------------------------

## DEBTORS' MOTION TO APPROVE SETTLEMENT
## AGREEMENT WITH ECC ACQUISITION INC. AND OWAIS HASHMI

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") move for the entry of an order approving a proposed settlement agreement (the "**Agreement**")[2] by and between the Debtors and ECC Acquisition Inc. ("**ECC**") and Owais Hashmi ("**Hashmi**" and, together with ECC, the "**Defendants**" and, the Defendants together with the Debtors, the "**Parties**"), a copy of which is attached hereto as Exhibit A.  In support of this motion (this "**Motion**"), the Debtors respectfully state as follows:

## INTRODUCTION

1.      The Debtors seek approval of a settlement with the Defendants based on the consensual resolution of the action (the "**Action**") filed by Debtors Florida Metropolitan

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).  The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Agreement.

University, Inc. ("**Florida Metropolitan**") and Corinthian against the Defendants in the Ontario Superior Court of Justice on January 28, 2015 and the related counterclaims asserted by the Defendants.

2.      The Action stems from a 2015 share sale agreement (the "**Sale Agreement**") whereby ECC and Hashmi, a shareholder of ECC, agreed to purchase all of the shares of Everest Colleges Canada, Inc. ("**Everest**") from Florida Metropolitan and Corinthian for consideration in the amount of $1,000.00 and an additional $1,800,000.00, at closing, to fund Everest's working capital requirements and to provide collateral for certain of Everest's outstanding letters of credit.  The parties entered into the Sale Agreement on January 14, 2015.

3.      On January 20, 2015, the Parties pre-closed the transaction contemplated by the Sale Agreement, which involved executing the required documentation and agreeing to begin funding on the morning of January 21, 2015.  On January 21, 2015, however, Hashmi advised Florida Metropolitan that the Defendants would not consummate the transaction.

4.      On January 28, 2015, Florida Metropolitan and Corinthian commenced the Action by filing a statement of claim alleging, among other wrongdoings, breach of contract, breach of the duties to act in good faith and honestly in the performance of a contract, breach of confidentiality, and tortuous misrepresentation.  On February 10, 2015, Florida Metropolitan and Corinthian amended their statement of claim to add allegations relating to the disclosure of confidential information.

5.      On March 4, 2015, the Defendants filed a statement of defense and counterclaims denying the Debtors' allegations and asserting counterclaims based on misrepresentation, negligence, and breach of contract.  The Defendants alleged damages in the amount of $500,000.00 based on, among other grounds, lost time and business opportunities.

RLF1 11975954v.2

6.     The Parties each dispute the validity and the amount of the opposing parties' claims.  Furthermore, the Debtors have incurred significant litigation fees in pursuit of the Action and have reason to believe that the Defendants would be unable to fund any awarded damages.  Therefore, after arm's-length negotiations, the Parties have arrived at a global compromise that the Debtors believe is in the best interest of their estates and stakeholders.  The Agreement, the material terms of which are described below, resolves the Debtors' claim against the Defendants, the Defendants' counterclaims against the Debtors, and provides for mutual releases.  In sum, the Agreement comprises a comprehensive settlement of potentially contentious disputes between the Debtors and the Defendants.  The Agreement provides for the Defendants to file an amended statement of defense and counterclaims, which will promptly end the Action and all related counterclaims and conserve the resources of the Debtors' estates to the benefit of the Debtors and their stakeholders.  While the Agreement will not result in any net recovery for the Debtors' estates, given the perceived collectability issues on any judgment, the Debtors submit that the Agreement will stem the incurrence of continuing and unnecessary litigation costs.  Accordingly, the Debtors believe that the proposed settlement is in the best interests of the Debtors' estates and should be approved.

### JURISDICTION & VENUE

7.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).[3]

---

[3]     Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

## BACKGROUND

**A.      General**

8.      On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

9.      Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada. Corinthian offered career-oriented diploma and degree programs in diverse fields such as health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology.  As of March 31, 2014, Corinthian operated over 100 campuses and provided educational opportunities to more than 74,000 students and had more than 10,000 employees.  It also offered degrees online.

10.      Among its acquisitions, in January 2010, Corinthian purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**").  Heald, through its subsidiaries, operated Heald College, a 150 year old regionally accredited institution with 12 campuses offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

11.      Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases and the Debtors' goals for these cases, is set forth in the *Declaration of William J. Nolan in Support of Chapter 11 Petitions and First Day Motions* [D.I. 10].

RLF1 11975954v.2

## B.    The Settlement Agreement

12.    The Parties dispute, among other allegations, the validity of the Debtors' claims in the Action and the validity of the Defendants' counterclaims in the Action.  The Parties, however, recognizing that continued litigation would be expensive, time-consuming, and potentially fruitless, have engaged in extensive, arm's-length settlement discussions.  As a result of such discussions, the Parties agreed to a settlement on the following terms:[4]

    a.  The Parties will execute full and final releases, releasing and discharging the opposing parties, their affiliates, and certain other related entities and individuals from all claims arising from or in connection with the Sale Agreement.

    b.  Florida Metropolitan and Corinthian agree not to take, continue, or permit any entity that they now or hereafter control to take or continue proceedings against the Defendants or any other expressly released party in regards to any matter falling within the scope of the Sale Agreement.

    c.  The Defendants agree not to take, continue, or permit any entity that they now or hereafter control to take or continue proceedings against Florida Metropolitan, Corinthian, or any other expressly released party in regards to any matter falling within the scope of the Sale Agreement.

    d.  The Defendants agree to file an amended statement of defense and counterclaim, attached to the Agreement as Schedule B, and thereafter, the Action and all related counterclaims will be dismissed on a no cost basis.

## RELIEF REQUESTED

13.    The Debtors respectfully request entry of an order pursuant to Bankruptcy Code sections 363 and 105(a) and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") approving the Debtors' entry into the Agreement.

14.    Bankruptcy Code section 363(b)(1) is the statutory basis governing approval of settlement agreements.  *Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 & n.2 (3d Cir. 1996). This section provides that the trustee "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).

---

[4]    To the extent of any inconsistency between this summary and the actual terms of the Agreement, the terms of the Agreement will control.

15.     Bankruptcy Code section 105(a) provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Rule 9019 governs the procedural prerequisites to approval of a settlement and provides that "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).  Together, Bankruptcy Code section 105(a) and Rule 9019(a) empower a bankruptcy court to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors.  *See In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's Inc.*, 211 B.R. 798, 801 (D. Del. 1997); *Vaughn v. Drexel Burnham Lambert Group (In re Drexel Burnham Lambert Group)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *In re Texaco*, 84 B.R. 893, 901-02 (Bankr. S.D.N.Y. 1988).

16.     A settlement should be approved if it falls within the range of reasonableness.  *In re Capmark Fin. Group Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010).  Courts in this district consider four factors in determining whether a settlement falls with within the range of reasonableness:  (i) the probability of success in the litigation; (ii) difficulties to be encountered in collection; (iii) the complexity of the litigation and related expense, inconvenience and delay; and (iv) the interests of the creditors.  *Id.* (citing *In re Martin*, 91 F.3d at 393).

17.     In assessing these factors, "[t]he court is not supposed to have a 'mini trial' on the merits, but should 'canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness.'"  *In re Jasmine, Ltd.*, 258 B.R. 119, 123 (D. N.J. 2000) (citing *In re Neshaminy Office Building Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986)); *see also Capmark*, 438 B.R. at 515.  The decision to approve a settlement lies within the Court's sound discretion.  *Capmark*, 438 B.R. at 515.  The court should exercise its discretion in light of the general public

policy favoring settlements. *Id.*; *see also In re Martin*, 91 F.3d at 393 (citing COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th ed. 1993)) (explaining that "compromises are favored in bankruptcy because they minimize the costs of litigation and further the parties' interest in expediting administration of a bankruptcy estate").

18.     The settlement here falls well within the range of reasonableness because the Agreement settles a myriad of difficult factual and legal issues between the Debtors and the Defendants without incurring additional fees and the accompanying risk of litigation.  In essence, in exchange for granting the Defendants a release, the Debtors get the following benefits:  (i) a full release for the Debtors, their affiliates, and other related parties with regards to all matters related to the Sale Agreement; and (ii) the prompt dismissal of the Defendants' counterclaims in the Action without incurring additional legal fees.

19.     The Debtors have thoroughly evaluated the Action and have concluded that the Agreement fairly reflects the risk of further litigating their claims and the Defendants' counterclaims.  While the Debtors believes that they would prevail in the litigation, the litigation would raise complex, fact-intensive issues that may require full discovery and delay the Debtors' ability to move forward in these chapter 11 cases.  The Agreement will save the estate the cost of litigating these fact-intensive issues while still fairly and adequately addressing the interests of the Debtors and their constituents.

20.     Furthermore, the Debtors have reason to believe that if the litigation continues and the Debtors prevail, the Defendants would be unable to fund any awarded damages.  Thus the defined costs associated with continuing to litigate the Action may never be recouped and any damages awarded to the Debtors may never be recovered.

RLF1 11975954v.2

21.     In sum, the Agreement was the product of arm's-length negotiations between the Parties, avoids the continuation of costly litigation in a manner favored in bankruptcy cases, and, is consistent with the Debtors' plans to move towards the resolution of the these chapter 11 cases.  Therefore, the Agreement falls well within the range of reasonableness and should be approved.

## NOTICE

22.     The Debtors will provide notice of this Motion to: (i) Office of the United States Trustee for the District of Delaware; (ii) proposed counsel to the Official Committee of Unsecured Creditors; (iii) the Official Committee of Student Creditors; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (v) the Department of Education; (vi) the United States Attorney General for the District of Delaware; (vii) all parties requesting notice pursuant to Bankruptcy Rule 2002; and (viii) the Defendants.

23.     The Debtors submit that no other or further notice is necessary under the circumstances.

## NO PRIOR MOTION

24.     The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

RLF1 11975954v.2

The Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit B</u>, granting the relief requested in its entirety and any other relief as is just and proper.

Dated: May 18, 2015
      Wilmington, Delaware

*/s/ Rachel L. Biblo*
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marisa A. Terranova (No. 5396)
Amanda R. Steele (No. 5530)
Rachel L. Biblo (No. 6012)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email: collins@rlf.com
      merchant@rlf.com
      terranova@rlf.com
      steele@rlf.com
      biblo@rlf.com

Proposed Counsel for the Debtors and Debtors in Possession