# *Excess Policy*

**Policy Termination**

12.  This policy shall terminate at the earliest of the following times:

(a)  sixty days after the receipt by the **Parent Organization** of a written notice of termination from the Company;

(b)  upon the receipt by the Company of written notice of termination from the **Parent Organization**;

(c)  upon expiration of the **Policy Period**;

(d)  thirty days after the effective date of any alteration or termination of any **Underlying Insurance**, whether by the **Insureds** or any insurer of the **Underlying Insurer**, unless the Company (i) receives written notice of such alteration or termination from the **Parent Organization**, (ii) receives such information as the Company reasonably requests, and (iii) agrees, pursuant to an endorsement, not to terminate this policy; or

(e)  at such other time as may be agreed upon by the Company and the **Parent Organization**.

Notice of cancellation or non-renewal of the **Primary Policy** duly given by the primary insurer shall serve as notice of the cancellation or non-renewal of this policy by the Company.

The Company shall refund the unearned premium computed at customary short rates if the policy is terminated by the **Parent Organization**. Under any other circumstances the refund shall be computed pro rata.

**Termination of Prior Policies**

13.  Any policies specified in Item 7 of the Declarations shall terminate, if not already terminated, as of the inception date of this policy.

**Policy Definitions**

14.  When used in this policy:

**Insureds** means those persons or organizations insured under the **Primary Policy**.

**Parent Organization** means the organization designated in Item 1 of the Declarations.

**Primary Policy** means the policy scheduled in Item 4(A) of the Declarations or any policy of the same insurer replacing or renewing such policy.

**Policy Period** means the period of time specified in Item 5 of the Declarations, subject to prior termination in accordance with Section 12 above. If any extended reporting period is exercised, such extension shall be treated as set forth in the **Primary Policy**.

**Sublimit** means any **Underlying Insurance** limit of liability which:

a.  applies only to a particular grant of coverage under such **Underlying Insurance**, and

b.  reduces and is part of the otherwise applicable limits of liability of such **Underlying Insurance** set forth in Item 4 of the Declarations.

**Policy Definitions**
*(continued)*

**Underlying Insurance** means all policies scheduled in Item 4 of the Declarations and any policies of the same insurers replacing or renewing them.

**Underlying Limit** means the amount equal to the aggregate of all limits of liability as set forth in Item 4 of the Declarations for all **Underlying Insurance**, subject to any **Sublimits**, plus the applicable uninsured retention, if any, under the **Primary Policy**.

*Directors and Officers Liability Excess Chubb*

# Schedule of Forms

To be attached to and form part of                    Company:    Federal Insurance Company
Policy No.    8221-8929

Issued to:    Corinthian Colleges, Inc.


14-02-10840 (4/05 ed.)

14-02-1350 (1/95 ed.)

14-02-15392 (10/09 ed.)

14-02-15393 (11/09 ed.)

14-02-15395 (10/09 ed.)

14-02-15396 (10/09 ed.)

14-02-15397 (10/09 ed.)

14-02-15473 (11/09 ed.)

14-02-8034 (5/03 ed.)

14-02-9228 (2/10 ed.)

**ENDORSEMENT**

Effective date of
this endorsement: March 31, 2010

Company:  Federal Insurance Company

Endorsement No. 1

To be attached to and
form a part of Policy No. 8221-8929

Issued to:  Corinthian Colleges, Inc.

---

RELIANCE ENDORSEMENT

In consideration of the premium charged, it is agreed that in granting coverage under this policy the Company has relied upon the statements and representations contained in the Application (as that term is defined in the **Primary Policy's** Endorsement No. 27) as being true and complete; that such statements and representations are the basis of the Company's decision to insure the risk to which this policy applies; and that the Application (as that term is defined in the **Primary Policy's** Endorsement No. 27) shall be deemed attached to, incorporated into and made a part of this policy.

The title and any headings in this endorsement are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this policy shall remain unchanged.

_____
Authorized Representative

## ENDORSEMENT

Effective date of
this endorsement: March 31, 2010

Company: Federal Insurance Company

Endorsement No. 2

To be attached to and
form a part of Policy No. 8221-8929

Issued to: Corinthian Colleges, Inc.

---

### CALIFORNIA PREMIUM ENDORSEMENT

In consideration of the premium charged, it is agreed that:

It is agreed that in compliance with the ruling of the Commissioner of Insurance of the State of California and the opinion of the Attorney-General of that state requiring that the premium for all bonds or policies be endorsed thereon, the basic premium charged for the attached bond/policy for the period

From:    March 31, 2010

To:    March 31, 2011

Is:    Two Hundred Forty Five Thousand Dollars and No/100 ($245,000.00)

CALIFORNIA SURCHARGE    N/A

ALL OTHER TERMS AND CONDITIONS REMAINED UNCHANGED.

_____
Authorized Representative

14-02-1350 (Ed. 01/1995)

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: March 31, 2010

Federal Insurance Company

Endorsement/Rider No. 3

To be attached to and
form a part of Policy No. 8221-8929

Issued to:  Corinthian Colleges, Inc.

AMEND MAINTENANCE OF UNDERLYING INSURANCE ENDORSEMENT

In consideration of the premium charged, it is agreed that Section 2, Maintenance of Underlying Insurance, of this policy is amended by adding the following at the end thereof:

This policy shall not be invalidated solely by reason of any failure of the **Insured** to comply with the foregoing, but under no circumstances shall the Company be liable under this policy earlier or to any greater extent than it would have been if the **Insured** had complied with this condition.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

EX A - 102

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: March 31, 2010

Federal Insurance Company

Endorsement/Rider No. 4

To be attached to and
form a part of Policy No. 8221-8929

Issued to:  Corinthian Colleges, Inc.

---

AMEND SECTION 9, NOTICE, ENDORSEMENT

In consideration of the premium charged, it is agreed that:

(1)    The first sentence of Section 9 is deleted and replaced with the following.

The **Insureds** shall give to the Company written notice as soon as practicable of the cancellation of any **Underlying Insurance**, any notice given under any **Underlying Insurance** and additional or return premiums charged or paid in connection with any **Underlying Insurance**.

(2)    The last sentence of Section 9 is deleted and replaced with the following:

Such notice shall be effective upon the earliest of the date of actual receipt by the Company at such address or one day following the date such notice is sent.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: March 31, 2010

Federal Insurance Company

Endorsement/Rider No. 5

To be attached to and
form a part of Policy No. 8221-8929

Issued to:  Corinthian Colleges, Inc.

DELETE SECTION 13, TERMINATION OF PRIOR POLICIES, ENDORSEMENT

In consideration of the premium charged, it is agreed that Section 13, Termination of Prior Policies, of this policy is deleted in its entirety.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: March 31, 2010

Federal Insurance Company

Endorsement/Rider No. 6

To be attached to and
form a part of Policy No. 8221-8929

Issued to:  Corinthian Colleges, Inc.

CONFORMANCE WITH UNDERLYING POLICIES ENDORSEMENT

In consideration of the premium charged, it is agreed that:

(1)     The terms of the following provisions of this Policy are deleted and replaced with the terms of same or similarly identified provisions in the **Primary Policy**:

Section 7 (Pending or Prior Matters) subject to the Pending or Prior Date set forth in Item 8 of this policy;

Section 8 (Subrogation – Recoveries);

Section 10 (Company Authorization Clause); and

Section 12 (Policy Termination).

(2)     Notwithstanding anything stated hereinabove, it is expressly understood and agreed that this policy is an agreement that is separate and independent of the **Primary Policy**, and the Company retains the separate and independent right to interpret the terms and conditions of this Policy, including the extent to which the provisions identified in paragraph (1) above conform with the terms of the **Primary Policy**.  It is further understood and agreed that the Company shall in no way be bound by or subject to any interpretation of any terms or conditions of the **Primary Policy**, which is made by or on behalf of the insurer of the **Primary Policy**.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

EX A - 105

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: March 31, 2010

Federal Insurance Company

Endorsement/Rider No. 7

To be attached to and
form a part of Policy No. 8221-8929

Issued to:  Corinthian Colleges, Inc.

---

AMEND SECTION 6 CLAIM PARTICIPATION ENDORSEMENT

In consideration of the premium charged, it is agreed that Section 6, Claim Participation, of this policy is deleted and replaced with the following:

> The Company may, at its sole discretion, reasonably participate in the investigation, settlement or defense of any claim covered by this policy even if the **Underlying Insurance** has not been exhausted.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

EX A - 106

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: March 31, 2010

Federal Insurance Company

Endorsement/Rider No. 8

To be attached to and
form a part of Policy No. 8221-8929

Issued to:  Corinthian Colleges, Inc.

---

AMEND INSURING CLAUSE AND DEPLETION OF UNDERLYING LIMITS SECTION ENDORSEMENT

In consideration of the premium charged, it is agreed that:

(1)   The following definition is added to Section 14, Policy Definitions:

"**Underlying Policy**" means a policy scheduled in Item 4(A) or Item 4(B) of the Declarations (or a policy of the same insurer that replaces or renews any such scheduled policy during the **Policy Period**);

"**Underlying Insurer**" means the insurer(s) of each respective **Underlying Policy**.

(2)   Section 1, Insuring Clause, is deleted and replaced with the following:

The Company shall provide the **Insureds** with insurance during the **Policy Period** excess of the **Underlying Limit**. Coverage hereunder shall attach only after the **Underlying Insurers** and/or the **Insureds** or any other party shall have paid in legal currency the full amount of the **Underlying Limit** for such **Policy Period**. Coverage hereunder shall then apply in conformance with the terms and conditions of the **Primary Policy**, except as otherwise provided herein.

(3)   Section 3, Depletion of Underlying Limit is deleted and replaced with the following:

In the event of exhaustion of the **Underlying Limit** by reason of the **Underlying Insurers** and/or the **Insureds** or any other party, paying in legal currency loss which, except for the amount thereof, would have been covered hereunder, this Policy shall continue in force as primary insurance, subject to its terms and conditions and any retention applicable to the **Primary Policy**, which retention shall be applied to any subsequent loss in the same manner as specified in the **Primary Policy**.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

EX A - 108

**ENDORSEMENT**

Effective date of
this endorsement: March 31, 2010

Company:  Federal Insurance Company

Endorsement No. 9

To be attached to and
form a part of Policy No. 8221-8929

Issued to:  Corinthian Colleges, Inc.

---

NOT FOLLOW FORM OF TERRORISM EXCLUSION ENDORSEMENT

In consideration of the premium charged, it is agreed that:

(1)     This Policy will not conform to, and will not follow the form of, the **Primary Policy**, but only with respect to the following:  to the extent that the **Primary Policy**, whether by virtue of an endorsement or otherwise, excludes or otherwise limits insurance for loss, injury, damage, claim or suit arising from any ''act of terrorism'', as defined by the Terrorism Risk Insurance Act of 2002, such exclusion or other limitation shall not apply to the insurance provided by this Policy.

(2)     The **Insured** acknowledges that no premium has been charged by the Company for its provision of insurance for losses arising out of an act of terrorism, as described in the Company's ''Offeree Disclosure Notice of Terrorism Insurance Coverage'' a copy of which the **Insured** has received.

The title and any headings in this endorsement are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: March 31, 2010

Federal Insurance Company

Endorsement/Rider No. 10

To be attached to and
form a part of Policy No. 8221-8929

Issued to:  Corinthian Colleges, Inc.

---

**COMPLIANCE WITH APPLICABLE TRADE SANCTION LAWS**

It is agreed that this insurance does not apply to the extent that trade or economic sanctions or other similar laws or regulations prohibit the coverage provided by this insurance.


The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.


_____
Authorized Representative

EX A - 110

# EXCESS LIABILITY POLICY DECLARATIONS



Corporate Office
945 E. Paces Ferry Rd.
Suite 1800
Atlanta, GA 30326

| COMPANY SYMBOL | POLICY PREFIX & NUMBER | RENEWAL OF |
|---|---|---|
| N | HS636618 | NHS632558 |

●THIS IS A CLAIMS MADE POLICY.  PLEASE READ IT CAREFULLY.●

THIS POLICY IS ISSUED BY:   RSUI INDEMNITY COMPANY (hereinafter referred to as the Insurer)

**ITEM 1.**   INSURED'S NAME AND MAILING ADDRESS                                      PRODUCER'S NAME AND ADDRESS

CORINTHIAN COLLEGES, INC.
6 HUTTON CENTRE DRIVE, SUITE 400
SANTA ANA, CA 92707

IN CONSIDERATION OF THE PAYMENT OF THE PREMIUM, IN RELIANCE UPON THE STATEMENTS HEREIN OR ATTACHED HERETO, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, THE INSURER AGREES TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

**ITEM 2. POLICY PERIOD:**

FROM      03/31/2010      TO      03/31/2011      12:01 AM Standard Time at the Insured's address as stated herein

**ITEM 3. LIMIT OF LIABILITY:**      $      10,000,000      (A) Aggregate Limit of Liability each policy period

$      20,000,000      (B) Underlying Limits of Liability

**ITEM 4. PREMIUM:**      $      153,250.00

**ITEM 5. COVERAGE:**   Directors and Officers Liability

**ITEM 6. POLICY FORM AND ENDORSEMENTS MADE A PART OF THIS POLICY AT THE TIME OF ISSUE:**
RSG 230014 1007 - SUPPLEMENTAL DECLARATIONS - SCHEDULE OF ENDORSEMENTS; RSG 231007 0807 - EXCESS LIABILITY POLICY

**ITEM 7. FOLLOWED POLICY**

| Insurer | Policy Number | Limits | Premium |
|---|---|---|---|
| National Union Fire Insurance Company of Pittsburgh, PA. | #01-691-05-30 | $10,000,000 | $397,065.00 |

**ITEM 8. UNDERLYING INSURANCE**

**(A) Primary Policy:**

| Insurer | Policy Number | Limits | Premium |
|---|---|---|---|
| National Union Fire Insurance Company of Pittsburgh, PA. | #01-691-05-30 | $10,000,000 | $397,065.00 |

**(B) Underlying Excess Policy(ies):**

| Insurer | Policy Number | Limits | Premium |
|---|---|---|---|
| Federal Insurance Company | #8221-8929 | $10,000,000 xs $10,000,000 | $245,000.00 |

THESE DECLARATIONS TOGETHER WITH THE COMPLETED, SIGNED AND DATED APPLICATION, POLICY FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Countersigned: _____      04/13/2010      _____
                                                                    DATE                      AUTHORIZED REPRESENTATIVE

RSG 230012 0807                         EX A - 111                         A member of Alleghany Insurance Holdings LLC

**EXCESS LIABILITY POLICY SUPPLEMENTAL DECLARATIONS**



POLICY NUMBER:    NHS636618

SCHEDULE OF ENDORSEMENTS

| TITLE | FORM NUMBER |
|-------|-------------|
| Disclosure Pursuant to Terrorism Risk Insurance Act | RSG 204123 0108 |
| Cap on Losses From Certified Acts of Terrorism | RSG 204081 0108 |
| Exclusion - Prior and or Pending Litigation Backdated | RSG 236008 0204 |
| Recognize DIC Payments as Underlying Insurance | RSG 234026 0608 |

RSG 230014 1007                              EX A - 112

**THIS ENDORSEMENT IS ATTACHED TO AND MADE A PART OF THIS POLICY IN RESPONSE TO THE DISCLOSURE REQUIREMENTS OF THE TERRORISM RISK INSURANCE ACT.  THIS ENDORSEMENT DOES NOT GRANT ANY COVERAGE OR CHANGE THE TERMS AND CONDITIONS OF ANY COVERAGE UNDER THIS POLICY.**

# DISCLOSURE PURSUANT TO TERRORISM RISK INSURANCE ACT

**SCHEDULE***

| |
|---|
| **Terrorism Premium (Certified Acts)**          $      **Waived**<br><br>**Additional information, if any, concerning the terrorism premium:** |

*Information required to complete this Schedule, if not shown above, will be shown in the Declarations Page.

A. **Disclosure of Premium**

In accordance with the federal Terrorism Risk Insurance Act, the **Insurer** is required to provide the **Insured** with a notice disclosing the portion of the **Insured's** premium, if any, attributable to coverage for terrorist acts certified under the Terrorism Risk Insurance Act.  The portion of the **Insured's** premium attributable to such coverage is shown in the Schedule of this endorsement or in the policy Declarations Page.

B. **Disclosure of Federal Participation in Payment of Terrorism Losses**

The United States Government, Department of the Treasury, will pay a share of terrorism losses insured under the federal program.  The federal share equals eighty-five percent (85%) of that portion of the amount of such insured losses that exceeds the applicable **Insurer's** retention.  However, if aggregate insured losses attributable to terrorist acts certified under the Terrorism Risk Insurance Act exceed $100 billion in a Program Year (January 1 through December 31), the Treasury shall not make any payment for any portion of the amount of such losses that exceeds $100 billion.

**Policy No.:** NHS636618      **Effective:** 03/31/2010

RSG 204123 0108

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

EX A - 113

**RSUI INDEMNITY COMPANY**

*This Endorsement Changes The Policy.  Please Read It Carefully.*

# CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM

This endorsement modifies insurance provided under the following:

**DIRECTORS AND OFFICERS LIABILITY POLICY – NOT FOR PROFIT ORGANIZATIONS**
**DIRECTORS AND OFFICERS LIABILITY POLICY - PUBLIC COMPANY**
**DIRECTORS AND OFFICERS LIABILITY POLICY - PRIVATE COMPANY**
**EXCESS DIRECTORS AND OFFICERS LIABILITY POLICY**
**EXCESS LIABILITY POLICY**

If aggregate insured losses attributable to terrorist acts certified under the Terrorism Risk Insurance Act exceed $100 billion in a Program Year (January 1 through December 31) and the **Insurer** has met our insurer deductible under the Terrorism Risk Insurance Act, the **Insurer** shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion, and in such case insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

**Certified Act of Terrorism** means an act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States, to be an act of terrorism pursuant to the federal Terrorism Risk Insurance Act.  The criteria contained in the Terrorism Risk Insurance Act for a **Certified Act of Terrorism** include the following:

1.  The act resulted in insured losses in excess of $5 million in the aggregate, attributable to all types of insurance subject to the Terrorism Risk Insurance Act; and

2.  The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

All other terms and conditions of this policy remain unchanged.

**Policy No.:**  NHS636618    **Effective:**  03/31/2010

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

**RSUI INDEMNITY COMPANY**

*This Endorsement Changes The Policy.  Please Read It Carefully.*

# EXCLUSION – PRIOR AND/OR PENDING LITIGATION BACKDATED

This endorsement modifies insurance provided under the following:

**EXCESS DIRECTORS AND OFFICERS LIABILITY POLICY**
**EXCESS LIABILITY POLICY**

The **Insurer** shall not be liable to make any payment for loss in connection with any claim made against any **Insured** alleging, arising out of, based upon or attributable to, in whole or in part, any litigation involving any **Insured** that was commenced or initiated prior to, or pending as of 02/04/99, or arising out of or based upon, in whole or in part, any facts or circumstances underlying or alleged in any such prior or pending litigation.

All other terms and conditions of this policy remain unchanged.

**Policy No.:** NHS636618      **Effective:** 03/31/2010

RSG 236008 0204

EX A - 115

*This Endorsement Changes The Policy.  Please Read It Carefully.*

## RECOGNIZE DIC PAYMENT AS UNDERLYING INSURANCE

This endorsement modifies insurance provided under the following:

**EXCESS LIABILITY POLICY**

SECTION III. - LIMIT OF LIABILITY AND PAYMENTS UNDER UNDERLYING INSURANCE, A. is deleted and replaced by the following:

**A.**   The Insurer shall be liable to pay **Loss** only after all Insurers that issued the **Underlying Insurance**, the **Insureds** and/or the Insurers of any excess DIC Side A policy specifically excess of this policy shall have paid the full amount of the limits provided by the **Underlying Insurance**.  The Insurer shall then be liable to pay only such additional amount up to the Limit of Liability set forth in Item 3. (A) of the Declarations Page.

SECTION IV. – MAINTENANCE OF UNDERLYING INSURANCE, B. and C. are deleted and replaced by the following:

**B.**   The **Underlying Insurance** shall be maintained in full effect while this policy is in force, except for any reduction of the aggregate limits contained therein (as provided for in this Endorsement, or otherwise in this policy), and such maintenance shall be a condition precedent to the attachment of any liability of the Insurer under this policy. To the extent that any **Underlying Insurance** is not maintained in full effect while this policy is in force and no difference in conditions carrier paid, the **Insured** shall be deemed to be self-insured for the amount of the **Underlying Insurance** limit (s) that is not maintained.

**C.**   The Insurer's obligation under this policy shall not be increased, expanded or otherwise modified or changed as a result of the receivership, insolvency, inability or refusal to pay any **Underlying Insurance**. It is agreed that the Insurer shall not pay any amount until all retentions and all **Underlying Insurance** limits have actually been paid by Insurers that issued the **Underlying Insurance**, the **Insureds** and/or the Insurers of any excess DIC Side A policy specifically excess of this policy.

All other terms and conditions of this policy remain unchanged.

**Policy No.:** NHS636618      **Effective:** 03/31/2010

RSG 234026 0608

EX A - 116



**Corporate Office**
945 East Paces Ferry Rd.
Atlanta, GA  30326-1160

# EXCESS LIABILITY POLICY

**NOTICE:** THIS IS A **CLAIMS** MADE AND REPORTED POLICY THAT APPLIES ONLY TO THOSE **CLAIMS** FIRST MADE AGAINST THE **INSURED** DURING THE **POLICY PERIOD** AND REPORTED TO THE INSURER DURING THE **POLICY PERIOD**.  THE LIMIT OF LIABILITY AVAILABLE TO PAY **LOSS** SHALL BE REDUCED OR TOTALLY EXHAUSTED BY PAYMENT OF DEFENSE EXPENSES.

**PLEASE READ YOUR POLICY CAREFULLY**

## CLAIM NOTICE

**Mail notices to:**   **RSUI Group, Inc.**
**945 East Paces Ferry Rd.**
**Suite 1800**
**Atlanta, GA 30326-1160**

**Fax notices to:**   **(404) 260-3997**
**Attn: Claims Department**

*A member of Alleghany Insurance Holdings LLC*

Words and phrases that appear in **bold** text have special meaning.  Refer to SECTION II. - DEFINITIONS.

**I.    INSURING AGREEMENT**

The Insurer designated on the Declarations Page, in consideration of the payment of the premium and in reliance upon all applications, documents and information provided or made available to it by or on behalf of the **Insured**, and subject to all of the terms, conditions and other provisions of this policy, including endorsements hereto, agrees with the **Insured** that the Insurer shall provide the **Insured** with insurance during the **Policy Period** which is in excess of the total limits of liability and any retention or deductible amounts under the **Underlying Insurance**, as set forth in Item 8. of the Declarations Page, and shall pay **Loss** arising from a **Claim** for a **Wrongful Act** first made during the **Policy Period**.

**II.   DEFINITIONS**

**A.   Followed Policy** means the policy indicated in Item 7. of the Declarations page**.**

**B.   Insured** means any natural person or entity designated as such in the **Underlying Insurance**.

**C.   Policy Period** means the period beginning at the inception date and ending at the expiration date stated in Item 2. of the Declarations Page or any earlier cancellation or termination date.

**D.   Underlying Insurance** means the **Primary Policy** and **Underlying Excess Policy(ies)** listed in Item 8. of the Declarations page.

**E.   **The terms **Wrongful Act**, **Loss** and **Claim** shall each have the same meaning as defined in the **Primary Policy**.

**III.  LIMIT OF LIABILITY AND PAYMENTS UNDER UNDERLYING INSURANCE**

**A.   **The Insurer shall be liable to pay **Loss** only after any combination of the **Insured** and all Insurers that issued the **Underlying Insurance** shall have paid the full amount of the limits provided by the **Underlying Insurance**.   The Insurer shall then be liable to pay only such additional amount up to the Limit of Liability set forth in Item 3. (A) of the Declarations Page.

**B.   **Any **Claim**, **Loss** or coverage that is subject to any Sublimit shall not be considered a covered **Loss** under this policy, but shall, for purposes of this policy's attachment, be deemed to have reduced or exhausted the **Underlying Insurance** limits.

**C.   **In the event of the reduction or exhaustion of the aggregate limits of liability in the **Underlying Insurance** by reason of **Loss** paid thereunder for **Claim(s)** first made during the **Policy Period**, this policy shall (1) in the event of reduction, continue in force in excess of the remaining amount of **Underlying Insurance**; or (2) in the event of total exhaustion, continue in force as would the **Followed Policy**, subject to all terms, conditions and other provisions of this policy, including endorsements hereto; provided that in the event of this policy becoming primary insurance, it shall only pay excess of the retention or deductible amount, if any, that would be applicable in the absence of **Underlying Insurance** exhaustion, which retention or deductible amount shall be applied to any subsequent **Loss**. Notice of reduction or exhaustion of any limits of liability within the **Underlying Insurance** shall be given to the Insurer promptly upon such reduction or exhaustion. Nothing herein shall be construed to provide for any duty on the part of the Insurer to defend any **Insured** or to pay defense costs or any other part of **Loss** in addition to the Limit of Liability set forth in Item 3. (A) of the Declarations Page.

**IV.  MAINTENANCE OF UNDERLYING INSURANCE**

**A.   **This policy is subject to the same terms, conditions, other provisions and endorsements (except as regards the premium, the amount and limits of liability, and duty to defend, and except as otherwise provided herein) as are contained in the **Followed Policy** as such policy has been represented to the Insurer to be issued, or as may be added at a later time to restrict coverage. Any changes made to such **Followed Policy** to expand or broaden it shall be effective as part of this policy solely where accepted in writing by the Insurer.

**B.   **The **Underlying Insurance** shall be maintained in full effect while this policy is in force, except for any reduction of the aggregate limits contained therein (as provided for in Section III. C. above), and such maintenance shall be a condition precedent to the attachment of any liability of the Insurer under this policy. To the extent that any **Underlying Insurance** is not maintained in full effect while this policy is in force, the **Insured** shall be deemed to be self-insured for the amount of the **Underlying Insurance** limit(s) that is not maintained.

**C.   **The Insurer's obligation under this policy shall not be increased, expanded or otherwise modified or changed as a result of the receivership, insolvency, inability or refusal to pay any **Underlying Insurance**.  It is agreed that the Insurer shall not pay any amount until all retentions and all **Underlying Insurance** limits have actually been paid by any combination of the **Insured** and all Insurers constituting the **Underlying Insurance**.

**V.   CLAIM AND OTHER NOTICES**

The Insurer shall be given notice in writing as soon as practicable: (a) in the event of cancellation or non-renewal of any **Underlying Insurance**; and (b) of any additional or return premiums assessed in connection with any **Underlying Insurance**. Any changes in policy provisions in the **Underlying Insurance** or any changes in the **Insured** that would require notice under the **Underlying Insurance** shall be reported to the Insurer in writing as soon as practicable, provided always that the Insurer shall not be bound by any such changes without its consent.

Written notice of **Claim** made against any **Insured** or any circumstances or matters that might later result in a **Claim** shall be given to the Insurer in the same manner and at the same time as given to the **Followed Policy**.

**In Witness Whereof**, the Insurer has caused this policy to be executed and attested, but this policy shall not be valid unless countersigned on the Declarations Page by a duly authorized agent of the Insurer.

Secretary

President