## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Case No. 15-10952 (KJC) |
| CORINTHIAN COLLEGES, INC., et al.,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |
|  | RE: D.I. ___ |

### ORDER GRANTING MOTION OF CURRENT AND FORMER DIRECTORS AND OFFICERS OF CORINTHIAN COLLEGES, INC., FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW PAYMENT OF DEFENSE COSTS AND OTHER LOSS UNDER DIRECTORS AND OFFICERS LIABILITY INSURANCE POLICIES

Upon the motion (the "Motion")[2] of Hank Adler, Robert Bosic, Michael Brase, Linda Buchanan, William Buchanan, Nicole Carnagey, Eeva Deshon, Christian Dieckman, John Dionisio, Anna Marie Dunlap, John Fioretto, Barbara Gordon, Terry Hartshorn, Alice Kane, Robert Kenyon, Don King, Robert Lee, Jack Massimino, David Moore, Marc Morial, Kenneth Ord, Robert Owen, David Poldoian, Terry Rawls, Sharon Robinson, Karen Rose, Sumi Shrishrimal, Linda Skladany, Paul St. Pierre, Tim Sullivan, Peter Waller, Beth Wilson, Michelle Zagorski, current and former directors, officers, and employees of Corinthian Colleges, Inc. (collectively, the "Movants") for entry of an order (a) confirming that the proceeds payable to

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Movants under certain directors and officers insurance policies (the "D&O Policies") are not property of the Debtors' estates subject to the automatic stay under 11 U.S.C. § 362(a); or (b) granting relief from or modifying the automatic stay under 11 U.S.C. § 362(d)(1), to the extent that it may be applicable, to allow the Insurers to make payments or advancements of defense costs or other losses to Movants, consistent with the terms and conditions of the D&O Policies; and it appearing that due and sufficient notice of the Motion has been given; and no other or further notice need be provided; and the Court having considered the Motion and any objections or responses thereto; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED** that

1.      The Motion is granted as set forth herein.

2.      The automatic stay imposed under section 362(a) of the Bankruptcy Code does not apply, or, to the extent it does apply, it is lifted and modified to allow the Insurers to make payments or advancements in accordance with the terms and conditions of the D&O Policies.

3.      Any payment or advancement made by the Insurers under the D&O Policies shall not be considered property of the Debtors' estates.

4.      The automatic stay imposed under section 362(a) of the Bankruptcy Code shall not subject any of the Insurers to liability for advancing any payment in connection with past, present, and/or future defense costs and other losses incurred by any Movant with respect to the Actions or any other action or Claim covered by the D&O Policies, subject to the Insurers' reservation of rights.

5.      Nothing in this Order modifies the terms and conditions of the D&O Policies, and all parties reserve their rights thereunder.

6.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.


Dated:  _____, 2015
        Wilmington, Delaware          _____
                                      THE HONORABLE KEVIN J. CAREY
                                      UNITED STATES BANKRUPTCY JUDGE