IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| **CORINTHIAN COLLEGES, INC.,** *et al.* | ) Case No. 15-10952 (KJC) <br> ) (Jointly Administered) |
| **Debtors.** | ) <br> ) Related Docket Nos. 6, 22 & 142 <br> ) <br> ) Obj. Deadline: 5/20/15, 4:00 p.m. <br> ) Hearing Date: 5/27/15, 2:00 p.m. |

**JOINDER OF PENNSYLVANIA ELECTRIC COMPANY TO THE OBJECTION OF SALT RIVER PROJECT AND SOUTHERN CALIFORNIA EDISON COMPANY TO THE DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (II) APPROVING THE DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT FOR UTILITIES; AND (III) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS TO THE DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE**

Pennsylvania Electric Company ("Penelec"), by counsel, hereby joins in the *Objection of Salt River Project and Southern California Edison Company* (the "Objection") to the *Debtors' Motion For Entry of Interim and Final Orders (I) Prohibiting Utilities From Altering, Refusing, or Discontinuing Service, (II) Approving the Debtors' Proposed Form of Adequate Assurance of Payment For Utilities; and (III) Establishing Procedures For Resolving Objections To the Debtors' Proposed Form of Adequate Assurance* (the "Utility Motion"), and sets forth the following:

**Introduction**

1.  Penelec adopts and incorporates by reference herein the *Introduction* section set forth in the Objection.

ME1 20372791v.1

**Facts**

2.      Penelec adopts and incorporates by reference herein the *Facts* section set forth in the Objection.

3.      Although the Debtors have prepetition and post-petition accounts with Penelec, Penelec is not listed on the Utility Services List attached to the Utility Motion.  In addition, there are no sums in the Bank Account for Penelec.

**Facts Concerning Penelec**

4.      Penelec provided the Debtors with prepetition utility goods and/or services and has continued to provide the Debtors with utility goods and/or services since the Petition Date.

5.      Under the Penelec's billing cycle, the Debtors receive approximately one month of utility goods and/or services before Penelec issues a bill for such charges.  Once a bill is issued, the Debtors have approximately 15 days to pay the applicable bill. If the Debtors fail to timely pay the bill, a past due notice is issued and, in most instances, a late fee may be subsequently imposed on the account. If the Debtors fail to pay the bill after the issuance of the past due notice, Penelec issues a notice that informs the Debtors that they must cure the arrearage within a certain period of time or its service will be disconnected.  Accordingly, under Penelec's billing cycle, the Debtors could receive at least two months of unpaid charges before Penelec could cease the supply of goods and/or services for a post-petition payment default.

6.      In order to avoid the need to bring witnesses and have lengthy testimony regarding Penelec's regulated billing cycle, Penelec requests that this Court, pursuant to Rule 201 of the Federal Rules of Evidence, take judicial notice of Penelec's billing cycle. Pursuant to the foregoing request and based on the voluminous size of the applicable documents, Penelec is

providing the following web site link to its tariffs:

> Penelec:
> https://www.firstenergycorp.com/content/customer/customer_choice/pennsylvania/pennsylvania_tariffs.html

7.      Subject to a reservation of Penelec's right to supplement its post-petition deposit request if additional accounts belonging to the Debtors are subsequently identified, Penelec's estimated prepetition debt and post-petition deposit request is as follows:

| **Utility** | **No. of Accts.** | **Est. Prepet. Debt** | **Dep. Request** |
| --- | --- | --- | --- |
| Penelec | 178 | n/a | $87,729 (2-month) |

8.      Penelec held prepetition deposits totaling $56,404.06 that it recouped against prepetition debt pursuant to Section 366(c)(4) of the Bankruptcy Code.  The deposit credit after recoupment can be applied to Penelec's post-petition deposit request.

## Discussion

8.      Penelec incorporates and adopts by reference the legal and factual arguments set forth in the Objection.

WHEREFORE, Penelec respectfully requests that this Court enter an order:

1.      Denying the Utility Motion as to Penelec;

2.      Awarding Penelec the post-petition adequate assurance of payment pursuant to Section 366 in the amount and form satisfactory to Penelec;

3.      Requiring the Debtors to pay Penelec in full for all post-petition utility goods/services provided by Penelec to the Debtors though the date when the Debtors provide notice to Penelec that the Debtors no longer require utility service at a location; and

3

4. Providing such other and further relief as the Court deems just and appropriate.

Dated:    May 19, 2015            **McCARTER & ENGLISH, LLP**

/s/ *William F. Taylor, Jr.*
William F. Taylor, Jr. (#2936)
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE  19801
(302) 984-6313

-and-

Russell R. Johnson III
John M. Craig
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia  23103
Telephone: (804) 749-8861

*Counsel For Pennsylvania Electric Company*

4