**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* | ) Case No. 15-10952 (KJC) |
| Debtors. | ) (Jointly Administered) |
|  | ) Re: Docket Nos. 6, 22, 142 |
|  | ) Obj. Deadline: 5/20/15, 4:00 p.m. |
|  | ) Hearing Date: 5/27/15, 2:00 p.m. |

**JOINDER OF ROCHESTER GAS AND ELECTRIC CORPORATION
TO THE OBJECTION OF SALT RIVER PROJECT AND SOUTHERN
CALIFORNIA EDISON COMPANY TO THE DEBTORS' MOTION FOR
ENTRY OF INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITIES
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (II) APPROVING
THE DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT FOR
UTILITIES; AND (III) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS TO THE DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE**

Rochester Gas and Electric Corporation ("RGE"), by counsel, hereby joins in the *Objection of Salt River Project and Southern California Edison Company* (the "Objection") (Docket No. 142) to the *Debtors' Motion For Entry of Interim and Final Orders (I) Prohibiting Utilities From Altering, Refusing, or Discontinuing Service; (II) Approving the Debtors' Proposed Form of Adequate Assurance of Payment For Utilities; and (III) Establishing Procedures For Resolving Objections To the Debtors' Proposed Form of Adequate Assurance* (the "Utility Motion"), and sets forth the following:

SL1 1368210v1 018560.00193

## Introduction

1. RGE adopts and incorporates by reference herein the *Introduction* section set forth in the Objection.

## Facts

2. RGE adopts and incorporates by reference herein the *Facts* section set forth in the Objection.

3. Although the Debtors had prepetition accounts, and have a post-petition account with RGE, RGE is not listed on the Utility Services List attached to the Utility Motion. In addition, there are no sums in the Bank Account for RGE.

## Facts Concerning RGE

4. RGE provided the Debtors with prepetition utility goods and/or services and has continued to provide the Debtors with utility goods and/or services since the Petition Date.

5. Under the RGE's billing cycle, the Debtors receive approximately one month of utility goods and/or services before RGE issues a bill for such charges. Once a bill is issued, the Debtors have approximately 20 days to pay the applicable bill. If the Debtors fail to timely pay the bill, a past due notice is issued and, in most instances, a late fee may be subsequently imposed on the account. If the Debtors fail to pay the bill after the issuance of the past due notice, RGE issues a notice that informs the Debtors that they must cure the arrearage within a certain period of time or its service will be disconnected.

Accordingly, under RGE's billing cycle, the Debtors could receive at least two months of unpaid charges before RGE could cease the supply of goods and/or services for a post-petition payment default.

6.  In order to avoid the need to bring witnesses and have lengthy testimony regarding RGE's regulated billing cycle, RGE requests that this Court, pursuant to Rule 201 of the Federal Rules of Evidence, take judicial notice of RGE's billing cycle. Pursuant to the foregoing request and based on the voluminous size of the applicable documents, RGE is providing the following web site link to its tariffs:

> RGE:
> http://www.rge.com/SuppliersAndPartners/pricingandtariffs/tariffratesummaries/default.html

7.  Subject to a reservation of RGE's right to supplement its post-petition deposit request if additional accounts belonging to the Debtors are subsequently identified, RGE's estimated prepetition debt and post-petition deposit request is as follows:

| **Utility** | **No. of Accts.** | **Est. Prepet. Debt** | **Dep. Request** |
| --- | --- | --- | --- |
| RGE | 1 | $8,511.29 | $6,075 (2-month) |

### Discussion

8.  RGE incorporates and adopts by reference the legal and factual arguments set forth in the Objection.

3

SL1 1368210v1 018560.00193

WHEREFORE, RGE respectfully requests that this Court enter an order:

1. Denying the Utility Motion as to RGE;

2. Awarding RGE the post-petition adequate assurance of payment pursuant to Section 366 in the amount and form satisfactory to RGE;

3. Requiring the Debtors to pay RGE in full for all post-petition utility goods/services provided by RGE to the Debtors though the date when the Debtors provide notice to RGE that the Debtors no longer require utility service at a location; and

4. Providing such other and further relief as the Court deems just and appropriate.

Dated: May 20, 2015    STEVENS & LEE, P.C.

/s/ John D. Demmy
John D. Demmy (Bar No. 2802)
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Telephone: (302) 425-3308
E-mail: jdd@stevenslee.com

and

Russell R. Johnson III
John M. Craig
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia  23103
Telephone: (804) 749-8861
Facsimile: (804) 749-8862
E-mail: russj4478@aol.com

*Counsel for Rochester Gas and Electric Corporation*

4