IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] ) | |
| ) | Case No. 15-10952 (KJC) |
| ) | |
| ) | Jointly Administered |
| ) | |
| Debtors. ) | Objection Deadline: 5/20/15 at 4:00 p.m. |
| ) | Hearing Date: 5/27/15 at 2:00 p.m. |
| ) | |
| ) | Related to Docket Nos. 46 and 138 |

**OBJECTION OF C.W. SWENSON, INC. TO (A) DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY EFFECTIVE *NUNC PRO TUNC* TO THE DATE THAT THE DEBTORS SURRENDERED POSSESSION; (II) APPROVING THE *NUNC PRO TUNC* ABANDONMENT OF ANY PERSONAL PROPERTY REMAINING AT THE LEASE LOCATION; AND (III) GRANTING CERTAIN RELATED RELIEF; AND (B) NOTICE OF EFFECTIVE DATE OF REJECTION FOR UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**

C.W. Swenson, Inc. ("Swenson"), by and through its undersigned counsel, hereby objects (the "Objection") to the (A) *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property Effective Nunc Pro Tunc to the Date That the Debtors Surrendered Possession; (II) Approving the Nunc Pro Tunc Abandonment of Any Personal Property Remaining at the Lease Location; and (III) Granting Certain Related Relief* (D.I. 46) ("Motion") and (B) *Notice of Effective Date of Rejection for*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

{05168674.DOCX.}

*Unexpired Lease of Nonresidential Real Property* (D.I. 138) ("Notice"), and in support thereof, respectfully states as follows:

### BACKGROUND

1. On May 4, 2015, the above-captioned debtors and debtors-in-possession ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Swenson, as landlord, is a party to an unexpired lease ("Lease") of non-residential real property of the Debtors located at 1450 North Main Street, Salinas, California ("Premises").

3. On May 6, 2015, the Debtors filed the Motion through which they seek authority to (i) reject certain unexpired leases of nonresidential real property effective *nunc pro tunc* to the applicable Notice Dates[2] as set forth in the Motion, and (ii) abandon *nunc pro tunc* any personal property remaining at such lease locations. *Motion*, ¶ 6.

4. Subsequent to the filing of the Motion, the Debtors filed the Notice, which seeks to reject the Lease as of either May 14, 2015 or May 16, 2016 ("Proposed Effective Date of Rejection").[3]

### OBJECTION AND BASIS THEREFOR

5. Section 365(a) of the Bankruptcy Code provides that "the trustee, subject to the court's approval, may assume or reject an executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Given the plain language of the section 365(a), court approval is a condition precedent to the rejection of an unexpired lease. *See In re Thinking Machine Corp.*, 67 F.3d 1021, 1025 (1st Cir. 1995). Normally, the effective date of lease rejection is the date the

---

[2] Capitalized terms not otherwise defined herein shall be used in the same sense and with the same meaning as in the Motion.
[3] Paragraph 3 of the Notice lists May 14, 2015, as the Proposed Effective Date of Rejection for the Lease, whereas Exhibit A of the Notice lists May 16, 2015, as the Proposed Effective Date of Rejection for the Lease.

rejection order is entered by the Court. *See, e.g., In re Fleming Cos.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003); and *In re Chi-Chi's, Inc.*, 305 B.R. 396 (Bankr. D. Del. 2004).

6.      Under certain limited circumstances, however, bankruptcy courts may authorize the rejection of a lease to be effective upon some date other than when the rejection order is entered. For example, *In re Namco Cybertainment, Inc.*, Case No. 98-173 (PJW) (Bankr. D. Del. Jan. 29, 1998) (D.I. 125), the Court permitted retroactive rejection on the condition that (a) the premises were surrendered with an unequivocal statement of abandonment to the landlord, (b) the motion was filed and served on the landlord, (c) the official committee had consented to the relief requested in the motion, and (d) the debtor had acknowledged that it would not have the right to withdraw the motion. *Id.*

7.      Swenson objects to the rejection of the Lease as of the Proposed Effective Date of Rejection because the Debtors have been unable to unequivocally surrender possession of the Premises to Swenson. Specifically, multiple pieces of equipment leased to the Debtors by third parties ("Leased Equipment") remain at the Premises.[4] Specifically, upon information and belief, the Leased Equipment includes several copy machines leased to the Debtors by Ricoh Americas Corporation ("Ricoh"), as well as numerous pieces of computer equipment leased to the Debtors by HP Financial Services ("HPFS" and together with Ricoh, the "Equipment Lessors"). The Equipment Lessors' property is located throughout the Premises.

8.      While the Debtors allege in the Notice that the Equipment Lessors were informed on May 4, 2015 that they must remove the Leased Equipment from the Premises by May 8, 2015, thus far, Swenson has been unable to confirm the accuracy of this information. To date, Swenson has been contacted by Ricoh, but Ricoh will not commit to a date by which its Leased

---

[4] Additionally, various personal property of the Debtors also remains at the Premises and, upon information and belief, it is the Debtors' intent to abandon such property.

Equipment will be removed from the Premises. In addition, Swenson has tried to contact HPFS on multiple occasions, but with no success whatsoever. Accordingly, it is no surprise that the Leased Equipment remained on the Premises as of the Proposed Effective Date of Rejection, and remains there to date.

9.  Pursuant to applicable state law, Swenson may be required to keep the Leased Equipment in place. In addition, the Debtors are enjoying continued use of the Premises because they are being permitted to store their Leased Equipment at the Premises, while at the same time, they have not paid for May rent, and through their attempt to reject the Lease as of the Proposed Effective Date of Rejection, they are attempting to cut off all obligations they owe to Swenson under the Lease.

10. The Debtors should not be permitted to have their cake and eat it too. It is clear that the Debtors have not unequivocally surrendered possession of the Premises to Swenson as of the Proposed Effective Date of Rejection, because they have not adequately dealt with the Leased Equipment. Accordingly, the Lease should not be effectively rejected until either (i) the Leased Equipment is removed from the Premises, or (ii) the order approving the rejection of the Lease establishes that the Proposed Effective Rejection Date is May 16, 2015, and unequivocally permits Swenson to utilize and/or dispose of the Leased Equipment as of the Proposed Effective Rejection Date, without any liability to the Debtors or any third party, including the Equipment Lessors.

WHEREFORE, Swenson respectfully requests that any order entered by this Court be modified consistent with the relief requested herein, and that the Court grant Swenson such other and further relief as is just and proper.

Dated:  May 20, 2015
        Wilmington, Delaware

CONNOLLY GALLAGHER LLP

*/s/ Kelly M. Conlan*
Karen C. Bifferato (#3279)
Kelly M. Conlan (#4786)
The Brandywine Building
1000 North West Street, Suite 1400
Wilmington, DE 19801
Telephone:  (302) 757-7300
Facsimile:   (302) 757-7299
Email: kbifferato@connollygallagher.com
Email: kconlan@connollygallagher.com

-and-

William A. Van Roo, Esq.
13863 Quarterhorse Drive
Grass Valley, CA  95949-7816
Telephone:  (530) 268-8498
Facsimile: (800) 559-4118
Email:  vanroolaw@gmail.com

*Attorneys for C.W. Swenson, Inc.*