IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § § | |
| | § | **Hearing Date: June 23, 2015 @ 11:00 a.m. (EDT)** |
| | § | **Obj. Deadline: June 16, 2015 @ 4:00 p.m. (EDT)** |

---

**DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY EFFECTIVE *NUNC PRO TUNC* TO THE DATE THAT THE DEBTORS SURRENDER POSSESSION; (II) APPROVING THE ABANDONMENT OF ANY PERSONAL PROPERTY REMAINING AT THE LEASE LOCATIONS; AND (III) GRANTING CERTAIN RELATED RELIEF**

> **THIS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY. PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR RESPECTIVE LEASE IN THE MOTION. A LISTING OF THE PARTIES AND THE LEASES THAT ARE SUBJECT TO THE MOTION APPEARS IN <u>EXHIBIT 1</u> TO <u>EXHIBIT A</u> OF THIS MOTION.**

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), respectfully request the entry of an order, under sections 105(a), 365(a) and 554(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

"**Bankruptcy Rules**"), (i) authorizing the Debtors to reject certain unexpired leases of nonresidential property, including any amendments or modifications thereto (collectively the "**Leases,**" and any counterparty thereto, a "**Lease Counterparty**"), effective *nunc pro tunc* to the applicable Notice Date (as defined herein); (ii) approving the abandonment of certain personal property (the "**Abandoned Property**") in connection with the rejection of the Leases; and (iii) granting certain related relief.  In support of this motion (the "**Motion**"), the Debtors respectfully state as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).[2]

## BACKGROUND

2. On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  Further information regarding the Debtors' business operations, capital structure, and reasons for commencing these cases is set forth in the *Declaration of William J. Nolan in Support of Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**") [D.I. 10].

3. Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada. Corinthian offered career-oriented diploma and degree programs in diverse fields such

---

[2] Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

as health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology. As of March 31, 2014, Corinthian operated over 100 campuses and provided educational opportunities to more than 74,000 students and had more than 10,000 employees. It also offered degrees online.

4. Among its acquisitions, in January 2010, Corinthian purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**"). Heald, through its subsidiaries, operated Heald College, a 150 year old regionally accredited institution with 12 campuses offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

5. Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the First Day Declaration.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek the entry of an order, substantially in the form attached hereto as Exhibit A (the "**Rejection Order**"), (i) authorizing the Debtors to reject the Leases effective *nunc pro tunc* to the applicable Notice Date; (ii) approving the abandonment of the Abandoned Property in connection with the rejection of the Leases; and (iii) granting certain related relief.

## BASIS FOR RELIEF REQUESTED

**I. FACTS SPECIFIC TO RELIEF REQUESTED**

**A.    The Leases**

7. On the Petition Date, the Debtors filed the *Debtors' First Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases, Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 16] (the "**First Rejection Motion**"), seeking to reject certain executory contracts and unexpired nonresidential leases *nunc pro tunc*

3

to the Petition Date. On May 6, 2015, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property Effective* Nunc Pro Tunc *to the Date that the Debtors Surrendered Possession; (II) Approving the* Nunc Pro Tunc *Abandonment of any Personal Property Remaining at the Lease Locations; and (III) Granting Related Relief* [D.I. 46] (the "**Second Rejection Motion**" and together with the First Rejection Motion, the "**Previous Rejection Motions**"), seeking to reject additional unexpired leases *nunc pro tunc* to the date that the Debtors surrender possession of the associated premises.

8. As detailed in the First Day Declaration, the Debtors closed each of their campus locations effective as of April 27, 2015 and are in the process of liquidating their assets and winding down their operations. As of the filing of this Motion, the Debtors have surrendered possession of several of their campus locations and anticipate that they will be in a position to surrender possession of several additional locations prior to June 1, 2015, all as more fully set forth in the Second Rejection Motion.[3] Certain of the Debtors' campus and other locations, however, were not addressed in the Previous Rejection Motions, based on the view that the Debtors will continue to occupy such locations beyond the month of May in connection with their ongoing personal property sale efforts (several of the Leases relate to the Debtors' WyoTech locations in California where more valuable property is located). The Debtors have, however, determined that they may be able to further consolidate leased space, and therefore be in a position to reject additional leases. Rejection of the Leases would allow the Debtors to further reduce their lease obligations while continuing their efforts to sell their remaining assets.

---

[3] As noted above, certain of the Leases were included in the relief sought pursuant to the Second Rejection Motion. This Motion seeks to reject these Outstanding Leases to the extent that the Debtors are unable to surrender possession of such Outstanding Leases prior to the hearing on the Second Rejection Motion.

9. Pursuant to this Motion, the Debtors seek to reject the Leases *nunc pro tunc* to the date upon which the Debtors surrender possession of the premises, which is anticipated to be prior to the hearing on this Motion). In the event that there are locations identified on Exhibit 1 to Exhibit A of this Motion for which the Debtors are unable to vacate prior to the hearing on the Motion, the Leases will be the subject of a subsequent motion to be filed with the Court.

10. As noted above, the Debtors anticipate that they will be able to surrender possession of the premises associated with the Leases prior to consideration of this Motion. The average rent accrual for the Leases is approximately $2,000 per day per location. Accordingly, the Debtors submit that it is necessary that they be in a position to reject the Leases immediately upon surrendering possession of the premises to the applicable Lease Counterparty. Accordingly, the Debtors hereby propose a procedure whereby the Debtors will file a notice with the Court and serve such notice on any Lease Counterparty to the respective Leases immediately upon surrendering possession of the premises (including returning or providing all keys, keycards and access codes necessary to access the premises) to the applicable landlord. The date on which such notice is filed and served (the "**Notice Date**"), shall serve as the proposed effective date of rejection for each respective Leases.

11. The Debtors anticipate that there will be Abandoned Property remaining at the locations covered by the Leases that is either of inconsequential value to the estate or too burdensome to remove. The Debtors will generally identify any such property in the rejection notices to be filed with the Court and served on the Lease Counterparties.

**C.    LEGAL BASIS FOR RELIEF REQUESTED**

**A.    Rejection of the Leases Reflects the Debtors' Sound Business Judgment**

12. Bankruptcy Code section 365(a) provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11

5

U.S.C. § 365(a); *see also Univ. Med. Cent. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). For the benefit of the estate, a debtor may, under Bankruptcy Code section 365, relieve itself of burdensome agreements where performance still remains. *See In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000) (Bankruptcy Code section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.") (internal citations omitted); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989).

13.     The decision to assume or reject an executory contract or unexpired lease is a matter within the debtor's "business judgment." *See Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.,* 872 F.2d 36, 40 (3d Cir. 1989); *In re HQ Global Holdings, Inc., 290 B.R. 507, 513 (Bankr. D. Del. 2003).* The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also In re Fed. Mogul Global*, 293 B.R. at 126 (rejecting counterparty's argument that a finding of hardship is a prerequisite to application of the business judgment test); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (noting that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). Accordingly, the court should not interfere with or second-guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion. *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987).

14.     Here, the Debtors, in their sound business judgment, have determined that the Leases are not necessary in light of the Debtors' current business needs, nor are they a source of potential value for the Debtors' creditors or other parties in interest.  Absent rejection, the Leases would impose significant unnecessary ongoing obligations on the Debtors.  Based on a cost-benefit analysis, the Debtors have therefore determined, in the sound exercise of their business judgment, that the Leases should be rejected.

**B.     *Nunc Pro Tunc* Relief Is Appropriate with Respect to the Leases.**

15.     Bankruptcy courts are empowered to grant retroactive rejection of a contract or lease under Bankruptcy Code sections 105(a) and 365(a).  *See Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (indicating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *see also Pacific Shore Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a).").

16.     The equities of these cases favor rejection of the Leases *nunc pro tunc* to the applicable Notice Date.  The *nunc pro tunc* rejection of the Leases will permit the Debtors to reduce burdensome costs and avoid additional, unnecessary administrative charges for contracts and leases that are not necessary to the Debtors' chapter 11 efforts.  Indeed, Courts in this jurisdiction have routinely considered and allowed retroactive rejection of contracts and leases.[4]

---

[4]    *See, e.g.*, *In re Cal Dive International, Inc.*, Case No. 15-10458 (CSS) (Bankr. D. Del. Apr. 6, 2015) (authorizing *nunc pro tunc* rejection of contracts and leases) (D.I. 216); *In re Longview Power, LLC*, Case No. 13-12211 (BLS) (Bankr. D. Del. June 23, 2014) (authorizing rejection of certain executory contracts *nunc pro tunc* to the date of filing the motion) (D.I. 1311); *In re ZCO Liquidation Corp.*, Case No 13-13126 (PJW)

17. In *In re Namco Cybertainment, Inc.*, Case No. 98-173 (PJW) (Bankr. D. Del. Jan. 29, 1998) (D.I. 125), this Court permitted retroactive rejection when (a) the premises (and the keys thereto) subject to a lease were surrendered with an unequivocal statement of abandonment to the landlord, (b) the motion was filed and served on the landlord, (c) the official committee of unsecured creditors had consented to the relief requested in the motion, and (d) the debtor acknowledged that it would not have the right to withdraw the motion prior to the hearing.  With regard to the Leases, the applicable rejection notices will only be filed and served once each of the Namco factors having been satisfied.  Indeed, the Debtors will be filing such notices either following or contemporaneously with the Debtors surrendering possession of the premises to the applicable landlord.  Moreover, the Debtors hereby withdraw the right to withdraw any rejection notice filed with the Court with regards to the Leases.  Accordingly, the Debtors submit that *nunc pro tunc* rejection of the Leases effective as of each respective Notice Date is appropriate under applicable law.

C.  **Abandonment of Abandoned Property Remaining at Lease Locations**

18. Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

---

(continued…)

(Bankr. D. Del. Feb. 20, 2014) (authorizing rejection of certain executory contract *nunc pro tunc* to the date of filing the motion) (D.I. 320); *In re iGPS Company LLC*, Case No. 13-11459 (KG) (Bankr. D. Del. July 29, 2013) (authorizing rejection of certain employment-related agreements *nunc pro tunc* to the date of filing the motion) (D.I. 411); *In re AES Eastern Energy, L.P.*, Case No. 11-14138 (KJC) (Bankr. D. Del. May 17, 2012) (D.I. 484) (authorizing rejection of unexpired leases *nunc pro tunc* to date of filing the motion); *In re Mail Systems Liquidation, Inc.*, Case No. 11-11187 (PJW) (Bankr. D. Del. Oct. 18, 2011) (D.I. 502) In re Aleris Int'l Inc., Case No. 09-10478 (BLS) (Bankr. D. Del. June 2, 2009) (D.I. 632) (same); *In re Source Interlink Companies Inc.*, Case No. 09-11424 (KG) (Bankr. D. Del. May 27, 2009) (D.I. 223) (authorizing the rejection of leases retroactive to the petition date); *In re Buffets Holdings, Inc.*, Case No. 08-10141 (MFW) (Bankr. D. Del. Feb. 13, 2008) (D.I. 292) (same).

19. The Debtors anticipate that there will be Abandoned Property, remaining at certain of the lease locations that is either of inconsequential value to the estates or too burdensome to remove. The Debtors will generally identify any such property in the rejection notices to be filed with the Court and served on the Lease Counterparties and hereby request authority to abandoned any such personal property effective *nunc pro tunc* to each respective Notice Date with respect to the Abandoned Property abandoned at the premises related to the Leases.

20. Courts in this jurisdiction have approved relief similar to that requested herein. *See In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del. June 20, 2014) (authorizing abandonment of personal property at the premises of rejected leases); *In re QCE Finance, Inc.*, No. 14-10543 (PJW) (Bankr. D. Del. Apr. 9, 2014) (same); *In re F&H Acquisition Corp.*, No. 13-13220 (KG) (Bankr. D. Del. Jan. 8, 2014) (same); *In re Rural/Metro Corp.*, No. 13-11952 (KJC) (Bankr. D. Del. Oct. 28, 2013) (same); *In re Friendly Ice Cream Corp.*, No. 11-13167 (KG) (Bankr. D. Del. Oct. 24, 2011) (same).

## NOTICE

21. The Debtors will provide notice of this Motion to: (i) Office of the United States Trustee for the District of Delaware; (ii) proposed counsel to the Official Committee of Unsecured Creditors; (iii) proposed counsel to the Official Committee of Student Creditors; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (v) the Internal Revenue Service; (vi) the Lease Counterparties and (vii) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002.

**NO PRIOR MOTION**

22. The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

The Debtors respectfully request the entry of the Rejection Order granting the relief requested in its entirety and any other relief as is just and proper.

| | |
|---|---|
| Dated: May 21, 2015<br>Wilmington, Delaware | */s/* Marisa A. Terranova<br>Mark D. Collins (No. 2981)<br>Michael J. Merchant (No. 3854)<br>Marisa A. Terranova (No. 5396)<br>Amanda R. Steele (No. 5530)<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-651-7700<br>Facsimile: 302-651-7701<br>Email: collins@rlf.com<br>    merchant@rlf.com<br>    terranova@rlf.com<br>    steele@rlf.com<br><br>Proposed Counsel for the Debtors and Debtors in Possession |