# EXHIBIT B

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | **Re: Docket Nos. 41 & 84** |

------------------------------------------------------------

**ORDER (I) AUTHORIZING THE DEBTORS
TO CONDUCT AND CONSUMMATE ASSET SALES EXCEEDING THE
THRESHOLDS SET FORTH IN THE *DE MINIMIS* ASSET SALE ORDER; (II)
APPROVING SUCH SALES; AND (III) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**"): (i) authorizing the Debtors to conduct and consummate sales of certain miscellaneous assets exceeding the thresholds set forth in the *De Minimis* Asset Sale Order; (ii) approving the sales of such assets; and (iii) granting certain related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

RLF1 ~~11923429v.2~~12021304v.2

Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the First Day Declaration, the record of the Hearing, and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that implementation of the Miscellaneous Sale Procedures constituted a sound exercise of the Debtors' business judgment that allowed the Debtors to maximize the value received pursuant to the Proposed Sales, while stemming the incurrence of unnecessary administrative rent under the related real property leases; and that the notice afforded under the Miscellaneous Sale Procedures was reasonable under the circumstances and provided the Interested Parties with adequate and ample notice of and an opportunity to object to each of the Proposed Sales being approved pursuant to this Order; and that each of the Proposed Sales is the product of arm's-length, good faith negotiations and therefore should entitled to the protections afforded under section 363(m) of the Bankruptcy Code; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. The Proposed Sales, as set forth on <u>Exhibit 1</u> hereto, are authorized and approved and any objections to the Proposed Sales are hereby overruled.

3. The buyers shall take title to the assets free and clear of liens, claims, encumbrances and other interests, pursuant to section 363(f) of the Bankruptcy Code.  All such liens, claims, encumbrances, and other interests shall attach to the proceeds of the sale to the

3

extent the underlying security agreement provides for the continuation of such liens, claims, encumbrances, and other interests, with the same validity and priority as with respect to the assets.

4. The buyers of the Miscellaneous Assets are entitled to the protections of section ~~362(m~~363(m) of the Bankruptcy Code.

5. The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion.

6. This Court will retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: May \_\_\_\_\_, 2015
        Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Proposed Sales

| Asset Subject to Proposed Sale and Location of Asset | Buyer and Buyer's Relationship to Debtors | Known Parties Holding Liens or Other Interest in the Asset | Major Economic Terms and Conditions of Proposed Sale |
|---|---|---|---|
| ~~1.~~ Assets located at 1819 S. Excise Ave, Ontario Metro CA | San Joaquin Valley College, Inc. | Bank of America, N.A. | Aggregate Purchase Price of $200,000 |
| ~~2.~~ | | | |
| ~~3.~~ | | | |
| ~~4.~~ | | | |

RLF1 ~~11923429v.2~~12021304v.2