# EXHIBIT B

**Blackline**

RLF1 12035802v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: § <br> § Chapter 11 <br> CORINTHIAN COLLEGES, INC., *et al.*[1] § <br> § Case No. 15-10952 (KJC) <br> § <br> § (Jointly Administered) <br> Debtors. § <br> § <br> § **Re: Docket No. 44** | |

---------------------------------------------------------------

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "**Motion**"),[2] of the Debtors for entry of an order (this "**Order**") authorizing and establishing procedures for interim compensation for services rendered and reimbursement of expenses incurred by attorneys and other professionals, as more fully set forth in the Motion; and upon due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms used but not defined in this Order shall have the meanings used in the Motion.

venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been scheduled and, to the extent necessary, held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing (if any was held) and all the proceedings had before the Court; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing (if any was held) establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein on a final basis.

2. Except as otherwise provided in an order of the Court authorizing the retention of a particular professional or the Ordinary Course Professionals, the professionals retained pursuant to an order of the Court in these cases (the "**Retained Professionals**")[3] may seek interim payment of compensation and reimbursement of expenses in accordance with the following Compensation Procedures:

   (a) On or after the 20th day of each calendar month, following the month for which compensation is sought, each Retained Professional seeking interim allowance of its fees and expenses may file an application, which will include the relevant time entry and description and expense detail, with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**").

   (b) Each Retained Professional shall serve a copy of such Monthly Fee Application on the following parties (collectively, the "**Notice Parties**"):

      (i) Corinthian Colleges, Inc., 6 Hutton Centre Drive, Suite 400, Santa Ana CA 92707 (Attn: William J. Nolan);

      (ii) counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware

---

[3] For the purposes of this Order, Retained Professionals shall include the proposed professionals of any statutory committee appointed in these chapter 11 cases.

|     |      |                                                                                                                                                                                                                                                                                                           |
|-----|------|---|

19801 (Attn: Mark D. Collins, Esq. and Michael J. Merchant, Esq.);

(i) counsel to Bank of America, N.A. in its capacity as Administrative Agent for the Debtors' Lenders, (a) Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 (Attn: Jennifer Hagle); and (b) Potter Anderson Corroon LLP, Hercules Plaza, 1313 North Market Street, 6th Floor, P.O. Box 951 Wilmington, Delaware 19801(Attn: Jeremy Ryan);

(iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Richard L. Schepacarter, Esq.); and

(iv) any counsel to any statutory committee appointed in these chapter 11 cases.

(c) Any Retained Professional that fails to file a Monthly Fee Application for a particular month, or months, may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications must comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, applicable Third Circuit law, and to the extent provided herein, the Guidelines established by the Office of the U.S. Trustee.

(d) If any Notice Party wishes to object to the Monthly Fee Applications, the objections must be filed and served, in accordance with the procedures described in subparagraph (e) below, so as to be *actually received* on or before 4:00 p.m. (prevailing Eastern time) on the 21st day (or the next business day if such day is not a business day) following service of each Monthly Fee Application (the "**Objection Deadline**"). Upon the expiration of the Objection Deadline, a Retained Professional submitting the Monthly Fee Application may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (a "**CNO**"). After a CNO is filed, the Debtors are authorized and directed to pay such Retained Professional (whose retention has been approved by the Court) an amount (the "**Actual Monthly Payment**") equal to the lesser of either (i) 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "**Maximum Monthly Payment**") or (ii) 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection pursuant to subparagraph (e) below.

(e) If any Notice Party wishes to object to a Retained Professional's Monthly Fee Application, it must (i) file a written objection (each, an "**Objection**") with the Court on or before the Objection Deadline and (ii) serve the

3

      Objection on the affected Retained Professional and each of the other Notice Parties so that it is *actually received* by the other Notice Parties on or before the Objection Deadline. Any such Objection shall identify, with specificity, the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses and the basis for such Objection. Thereafter, the objecting party and the affected Retained Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Retained Professional may either: (i) file a request with the Court for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Retained Professional (the "**Incremental Amount**"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties.

(f)   At three-month intervals or such other intervals convenient to the Court (the "**Interim Fee Period**"), each Retained Professional may file with the Court and serve a request (an "**Interim Fee Application Request**") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any holdbacks filed during the Interim Fee Period pursuant to Bankruptcy Code section 331. An Interim Fee Application Request, substantially in the form that appears as <u>Exhibit B</u>, must include a brief description identifying:

    (i)   the Monthly Fee Applications that are the subject of the request;

    (ii)   the amount of fees and expenses requested;

    (iii)   the amount of fees and expenses paid to date or subject to an Objection;

    (iv)   the deadline for parties other than the Notice Parties to file objections (the "**Additional Objections**") to the Interim Fee Application Request; and

    (v)   any other information requested by the Court or required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Local Rules.

(g)   Each Retained Professional shall file its Interim Fee Application Request on or before the 45th day, or the next business day if such day is not a business day, after the end of the applicable Interim Fee Period. Objections, if any, to the Interim Fee Application Requests must be filed and served upon the affected Retained Professional and the Notice Parties so as to be *actually received* on or before 4:00 p.m. (prevailing Eastern time) on the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application

4

Request.  Notice of interim and final fee applications must be served on (i) the Notice Parties and (ii) all parties that filed a notice of appearance with the Clerk of the Court pursuant to Federal Rule of Bankruptcy Procedure 2002 and requested such notice.  The Notice Parties are entitled to receive both the Monthly and Interim Fee Applications and the notice of hearing thereon (the "**Hearing Notice**"), and all other parties entitled to notice are entitled to receive only the Hearing Notice.  Notice given in accordance with this paragraph is deemed sufficient and adequate in full compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules.

(h) The Debtors must request that the Court schedule a hearing on Interim Fee Application Requests at least once every three months or at such other intervals as the Court deems appropriate.  If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

(i) Each Retailed Professional may submit its first Monthly Fee Application, covering the period from the Petition Date through May 31, 2015, no earlier than June 20, 2015.  Thereafter, the Retained Professionals may submit Monthly Fee Applications in the manner described above.

(j) A pending Objection to payment of compensation or reimbursement of expenses does not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.  Any Retained Professional that fails to file a Monthly Fee Application or an Interim Fee Application Request when permitted is ineligible to receive further interim payments of compensation or reimbursements of expenses under the Compensation Procedures until such time as such Monthly Fee Application or Interim Fee Application Request is submitted by the Retained Professional.  There are no other consequences for failing to file a Monthly Fee Application or an Interim Fee Application Request when permitted to do so.

(k) Neither (i) the payment of, or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Retained Professionals.  All fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

3. In each Interim Fee Application Request and final fee application, all attorneys who have been or are hereafter retained pursuant to Bankruptcy Code section 327 or

5

1103, unless such attorney is an ordinary course professional and is not required to file a fee application in accordance with the terms of the order authorizing the employment of ordinary course professionals, (i) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with Bankruptcy Code sections 330 and 331 and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court and (ii) must make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*.

        4.     Except as otherwise set forth herein or ordered by the Court, the Compensation Procedures set forth above are approved and will govern all fee applications filed pursuant to Bankruptcy Code sections 330 and 331 by Retained Professionals who are retained in these cases under Bankruptcy Code section 327 or 1103, as well as such other professionals to whom the Court determines that this Order should be made applicable.

        5.     The Debtors must serve the Monthly Fee Applications, Interim Fee Applications, the Hearing Notices as follows: (i) the Notice Parties will be entitled to receive the Monthly Fee Applications, Interim Fee Applications, final fee applications and Hearing Notices; and (ii) parties in interest requesting notice pursuant to Bankruptcy Rule 2002 will be entitled to receive the Hearing Notices and, only upon request to the appropriate Retained Professional, the Monthly and Interim Fee Applications and final fee applications.

6. All time periods referenced in this Order and in the Compensation Procedures shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006(a).

7. A copy of this Order must be served on all Retained Professionals.

8. The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion

9. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: ⎯⎯⎯⎯⎯May____, 2015
    Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

7

RLF1 12035322v.1

| Comparison Details | |
|---|---|
| Title | **pdfDocs compareDocs Comparison Results** |
| Date & Time | 5/22/2015 11:51:11 AM |
| Comparison Time | 0.72 seconds |
| compareDocs version | v3.4.15.4 |

| Sources | |
|---|---|
| Original Document | [#12035309] [v1] CCI - Order Approving Interim Comp Motion - as filed.docxDMS Information |
| Modified Document | [#12035322] [v1] CCI - Order Approving Interim Comp Motion - final.docxDMS information |

| Comparison Statistics | |
|---|---|
| Insertions | 6 |
| Deletions | 3 |
| Changes | 1 |
| Moves | 0 |
| TOTAL CHANGES | 10 |
| | |
| | |
| | |
| | |

| Word Rendering Set Markup Options | |
|---|---|
| Name | Standard |
| Insertions | |
| Deletions | |
| Moves / Moves | |
| Inserted cells | |
| Deleted cells | |
| Merged cells | |
| Formatting | Color only. |
| Changed lines | Mark left border. |
| Comments color | ByAuthorcolor options] |
| Balloons | False |

| compareDocs Settings Used | Category | Option Selected |
|---|---|---|
| Open Comparison Report after Saving | General | Always |
| Report Type | Word | Track Changes |
| Character Level | Word | False |
| Include Headers / Footers | Word | True |
| Include Footnotes / Endnotes | Word | True |
| Include List Numbers | Word | True |
| Include Tables | Word | True |
| Include Field Codes | Word | True |
| Include Moves | Word | True |
| Show Track Changes Toolbar | Word | True |
| Show Reviewing Pane | Word | False |
| Update Automatic Links at Open | Word | False |
| Summary Report | Word | End |
| Include Change Detail Report | Word | Separate |
| Document View | Word | Print |
| Remove Personal Information | Word | False |