IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] § | |
| § | Case No. 15-10952 (KJC) |
| § | |
| § | (Jointly Administered) |
| § | |
| Debtors. § | Hearing Date: May 27, 2015 @ 2:00 p.m. (EDT) |
| § | **Re: Docket No. 55** |

**SUPPLEMENTAL DECLARATION OF WILLIAM J. NOLAN IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF FTI CONSULTING, INC. AS CRISIS MANAGER AND (II) DESIGNATING WILLIAM J. NOLAN AS CHIEF RESTRUCTURING OFFICER, NUNC PRO TUNC TO THE PETITION DATE**

I, William J. Nolan, under penalty of perjury, declare as follows:

1. I am a Senior Managing Director of FTI Consulting, Inc. ("**FTI**"), which has an office located at 214 N. Tryon Street, Suite 1900, Charlotte, NC 28202. I am duly authorized to make this declaration on behalf of FTI. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto[2].

2. On May 7, 2015, Corinthian Colleges, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Application for Entry of*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

*an Order (I) Authorizing the Retention and Employment of FTI Consulting, Inc. as Crisis Manager and (II) Designating William J. Nolan as Chief Restructuring Officer Nunc Pro Tunc to the Petition Date* [Docket No. 55] (the "**Application**").

3. Attached to the Application as Exhibit A was the *Declaration of William J. Nolan in Support of Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of FTI Consulting, Inc. as Crisis Manager and (II) Designating William J. Nolan as Chief Restructuring Officer* Nunc Pro Tunc *to the Petition Date* (the "**Declaration**"). The Declaration was submitted in support of the Application to, among other things, provide disclosure pursuant to the Bankruptcy Code,[3] the Federal Rules of Bankruptcy Procedure and the Local Rules.

4. I am submitting this supplemental declaration (the "**Supplemental Declaration**") in further support of the Application and in response to certain informal comments received from the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") regarding the Declaration. Except as otherwise set forth herein, the prior Declaration is incorporated herein as if fully set forth herein.

5. In connection with its retention, FTI searched its client database to ascertain FTI's relationship with entities listed on Exhibit 2 to the Declaration (collectively, the "**Potential Parties in Interest**"). FTI identified certain Potential Parties in Interest with which FTI has relationships on Exhibit 3 to the Declaration, and the U.S. Trustee has requested additional information with respect to certain of these parties (the "**UST List**").

6. Subsequent to the filing of the Declaration, additional potential parties in interest have been identified. Accordingly, attached hereto as Exhibit A is a revised list of actual or

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

potential parties in interest in the chapter 11 cases of the Debtors ( the "Chapter 11 Cases") , inclusive of the parties identified on the UST List, for which FTI has searched its client database to ascertain FTI's relationship with such parties (collectively, the "**Revised Potential Parties in Interest**"). FTI has utilized FTI's conflicts database management system, which is designated to reveal the potential for conflicts of interest and other connections to the Revised Potential Parties in Interest. Such results are printed and have been reviewed by myself and the Engagement Personnel. Where needed, we contacted various individuals at FTI shown on the system report as having previously submitted relevant connections information to the system. We have also researched relevant "hits" for the information set forth herein. From such individuals and these databases, we have obtained information and guidance with regard to FTI's particular connections to the Potential Parties in Interest.

7. The attached Exhibit B hereto identifies those parties who were also listed on Exhibit A hereto, with regard to whom FTI has determined through such investigation that it has or had any relationships. For ease of reference, such list provides a breakdown by category of relationship and whether such party is currently or was within the last five (5) years a client of FTI.

8. **To the best of my knowledge and after due inquiry, neither I nor FTI are currently employed, and have not previously been employed, by any entity identified on Exhibit B hereto, other than the Debtors, in matters related to the Debtors or these Chapter 11 Cases, except as set forth on Exhibit C hereto. Furthermore, none of the parties identified on Exhibit B hereto represented more than 2% of annual revenues[4] for each of 2013 and 2014, with the vast majority representing less than 1% of annual revenues for each of those years and with each of the parties identified on the UST List representing**

---

[4] As referred to herein " annual revenues" means the annual reported revenues in accordance GAAP.

40000/0527-11867880v3

less than 1% of annual revenues for each of 2013 and 2014.[5] With respect to the Debtors, as set forth in the Declaration, FTI previously provided statistical/economic analysis, communications research, and accounting advisory services to certain of the Debtors, and more recently the Debtors initially engaged FTI on May 30, 2014, and on July 1, 2014, I was appointed CRO by Corinthian's board of directors. Excluding the recent and current engagement that commenced on May 30, 2014 as set forth above, prior services rendered on behalf of any of the entities that are now Debtors in the Chapter 11 cases concluded in 2010, except that FTI's most recent prior matter on behalf of Corinthian with respect to providing, through counsel, an economic analysis (statistical regression) relating to a *Qui Tam* matter concerning compensation of admissions personnel was closed in June 2013.

9. Further, as part of its diverse practice, FTI appears in numerous cases and proceedings, and participates in transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who may be creditors or parties in interest, or represent claimants and parties in-interest, in the Chapter 11 Cases. Further, FTI has performed in the past, and may perform in the future, advisory consulting and other services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of which may be involved in these Chapter 11 Cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships with these entities are in connection with these Chapter 11 Cases.

10. To the extent that FTI hereafter discovers information that requires disclosure, FTI will promptly file a supplemental disclosure with the Bankruptcy Court.

---

[5] In 2013, only three of the parties, and in 2014, only two of the parties, identified on Exhibit B hereto, represented between 1% and 2% of annual revenues for each of those respective years, with all such parties being law firms, with the services rendered being for multiple client matters unrelated to the Debtors or the Chapter 11 Cases.

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on: May 26, 2015

_____
William J. Nolan
Senior Managing Director of FTI Consulting, Inc.