**<u>EXHIBIT B</u>**

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Re: Docket ~~No~~Nos. 5 & 21** |

-------------------------------------------------------------

**SECOND INTERIM ORDER (I) AUTHORIZING THE
DEBTORS TO (A) PAY CERTAIN EMPLOYEE-RELATED EXPENSES AND
(B) CONTINUE THEIR WORKERS' COMPENSATION POLICY AND PAY ALL
OBLIGATIONS IN RESPECT THEREOF AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an interim order (this "**Order**") (i) authorizing the Debtors to (a) maintain, supplement, amend, extend, renew, or replace their Workers' Compensation Policy on an uninterrupted basis, and (b) pay the Insurance Obligations and the Employee-Related Expenses; and (ii) granting certain related relief, as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).  The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2]    Capitalized terms used but not defined in this Order have the meanings used in the Motion.

Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and upon the First Day Declaration, the record of the Hearing, and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Federal Rule of Bankruptcy Procedure 6003, and that such relief is in the best interests of the Debtors, their estates and creditors and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted on an interim basis to the extent set forth herein.

The final hearing (the "**Final Hearing**") on the Motion will be held on May 27, 2015, at 2:00 p.m. (prevailing Eastern Time).  Any objections or responses to entry of a final order on the Motion must be filed on or before 4:00 p.m. (prevailing Eastern Time) on May 20, 2015, and served on the following parties:  (i) the Debtors; (ii) 2.the Office of the United States Trustee for the District of Delaware; (iii) any statutory committee appointed in these chapter 11 cases; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent to the Lenders; and (v) any parties entitled to notice pursuant to Local Rule 2002-1(b).  A copy of the Motion and this Order will be served in accordance with Local Rule 9013-1(m).  Due to the nature of the relief requested in the Motion, no other or further notice need be given.  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

2.      The final hearing (the "**Final Hearing**") on the Motion will be continued to June 8, 2015, at 1:00 p.m. (prevailing Eastern Time).

3.      The Debtors are authorized to maintain, supplement, amend, extend, renew, or replace their Workers' Compensation Policy in the ordinary course of business.

4.      The Debtors are authorized, but not required, to pay the Insurance Obligations in an amount not to exceed $350,000, as they come due in the ordinary course of business pursuant to the Interim Order; provided, however, the Debtors shall consult with counsel for the Official Committee of Unsecured Creditors prior to making payments exceeding $205,000 with respect to any Workers' Compensation Policy or any replacement policy.

5.      The Debtors are authorized, but not required, to pay the Employee-Related Expenses, in amounts not to exceed $40,000 in Reimbursable Expenses, $800,000 in Prepetition Payroll obligations, $~~15,000~~ 18,000 in Payroll-Related Benefits, and $488,417.30 in Healthcare Premium obligations for April 2015.

6.      The Debtors are authorized, but not required, to pay the stop-loss insurance premium for the Debtors' benefit plans in an amount not to exceed $60,000.

7.      Notwithstanding any other provision of this Order, no payments to any individual employees shall exceed the amounts set forth in Bankruptcy Code sections ~~507(a)94~~507(a)(4) and 507(a)(5).

8.      Nothing herein shall be deemed to (1) authorize the payment of any amounts in satisfaction of bonus or severance obligations or which are subject to section 503(c) of the Bankruptcy Code; or (2) authorize the Debtors to cash out unpaid vacation/leave time upon termination of an employee, unless applicable state law requires such payment.

3

9.      The Debtors' banks and financial institutions are authorized to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts prior to the Petition Date for the Employee-Related Expenses and the Insurance Obligations that have not been honored and paid as of the Petition Date (or to re-issue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Order, *provided that* sufficient funds are on deposit in the applicable bank accounts to cover such payments.

10.     Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors) shall be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any rights, claims, or defenses related thereto; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under Bankruptcy Code section 365.

11.     Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors regarding the use of cash collateral.

12.     The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

13.     Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

4

14.     The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Order.

15.     This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: May _____, 2015
      Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

RLF1 12044160v.1