# ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § § § § § § § § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | | Case No. 15-10942 (KJC) |
| Debtors. | | Jointly Administered<br>Re: Docket Nos. 6 & 22 |

**FINAL ORDER (I) PROHIBITING UTILITIES FROM ALTERING,
REFUSING, OR DISCONTINUING SERVICE; (II) APPROVING DEBTORS'
PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT FOR
UTILITIES; AND (III) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS TO DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of a final order (this "**Order**"): (i) prohibiting Utility Companies from altering, refusing, or discontinuing services to, or discriminating against, the Debtors solely on the basis of the commencement of the Debtors' chapter 11 cases, a debt owed by the Debtors for services rendered prior to the Petition Date, or any perceived inadequacy of the Debtors' proposed adequate assurance of payment for Utility Companies for postpetition services; (ii) approving the Debtors' proposed adequate assurance of payment for Utility Companies for postpetition services; and (iii) approving procedures for resolving objections to the Debtors' proposed adequate assurance of payment for Utility

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

Companies for postpetition services, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and hearings having been held to consider the relief requested in the Motion on an interim basis and on a final basis (together the "**Hearings**"); and the Court having entered an order granting the Motion on an interim basis (the "**Interim Order**"); and upon the First Day Declaration, the record of the Hearings, and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein on a final basis.

2. Absent compliance with the Adequate Assurance Procedures, the Utility Companies identified on <u>Exhibit 1</u> hereto (as amended from time to time, the "**Utility Services List**"), are prohibited from (i) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors, on the basis of the commencement of the Debtors' chapter 11 cases, a debt owed by the Debtors for Utility Services rendered prior to the Petition Date, or any perceived inadequacy of the Proposed Adequate Assurance and (ii) requiring additional or

alternative assurance of payment other than the Utility Deposit in the approximate amount of $47,069.64 that the Debtors have placed in the Utility Deposit Account, absent further order of this Court.

3. If an amount relating to postpetition Utility Services provided by a Utility Company is unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Utility Deposit Account (a "**Disbursement Request**") by giving written notice to (i) Corinthian Colleges, Inc., 6 Hutton Centre Drive, Suite 400, Santa Ana, CA 92707 (Attn: William J. Nolan); (ii) proposed co-counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq. and Michael J. Merchant, Esq.); and (iii) counsel to any statutory committee appointed in these chapter 11 cases. A Disbursement Request shall only be honored on the date that is three business days after the date of receipt of the Disbursement Request.

4. Except as provided herein with respect to Utility Companies' rights, the Debtors' creditors will have no interest in, or lien on, the Utility Deposit or the Utility Deposit Account.

5. The portion of the Utility Deposit attributable to each Utility Company must be returned to the Debtors upon the earlier of (i) the Debtors' termination of services from such Utility Company provided, however, in the event of a dispute with such Utility Company regarding post-petition payments, the portion of such Utility Company's Utility Deposit attributable to such dispute shall not be returned absent resolution of the dispute or further order of the Court, (ii) entry of an order of the Court authorizing the return of such Utility Deposit to the Debtors, or (iii) the effective date of a chapter 11 plan in the Debtors' cases.

6. Any Utility Company that does not make an Additional Adequate Assurance Request in accordance with the Adequate Assurance Procedures will be deemed to have received

adequate assurance of payment satisfactory to such Utility Company as required by Bankruptcy Code section 366, and will be prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors over any unpaid charges for prepetition Utility Services or any perceived inadequacy of the Proposed Adequate Assurance, subject to such Utility Company's right to seek modification of the Proposed Adequate Assurance under Bankruptcy Code section 366(c)(3), unless otherwise ordered by the Court.

7. The Debtors are authorized to amend the Utility Services List by adding or deleting a Utility Company. When doing so, the Debtors must file with this Court a notice of such amendment and serve such notice on the affected Utility Company together with a copy of the Motion, the Interim Order, and this Order. The Debtor may amend the Utility Service List to delete a Utility Company only if it has provided two weeks advance notice to such Utility Company, and has not received any objection from such Utility Company. If an objection is received, the Debtor shall request a hearing before the Court at the next omnibus hearing date, or such other date that the Debtor and the Utility Company may agree.

8. The Debtors are authorized to reduce the Utility Deposit to the extent it includes an amount for a Utility Company that the Debtors subsequently determine should be removed from the Utility Services List. Any funds released from the Utility Deposit shall be available to the Debtors to be used in accordance with the *Order (Interim) Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 507 (I) Authorizing the Use of Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief* [Docket No. 24], any further order approving the Debtors' use of cash collateral and related budget.

9. This Order is binding on the Utility Companies identified on <u>Exhibit 1</u> and any additional Utility Companies subsequently added to the Utility Services List; *provided, however*, that any newly identified Utility Company (an "**Additional Utility Company**") served with notice of the applicable amendment to the Utility Services List must file and serve an Additional Adequate Assurance Request in compliance with the Adequate Assurance Procedures.

10. Upon the addition of an Additional Utility Company to the Utility Services List, the Debtors will increase the amount of the Utility Deposit by an amount equal to two weeks Debtors' payment for Utility Services provided by such Additional Utility Company.

11. Should any Additional Utility Company file an Additional Adequate Assurance Request, such Additional Utility Company is prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors over any unpaid charges for prepetition Utility Services or any perceived inadequacy of the Proposed Adequate Assurances, pending resolution of such Additional Adequate Assurance Request.

12. Consistent with the Adequate Assurance Procedures, the Debtors are authorized to, without further order of this Court, resolve any Additional Adequate Assurance Request by an Additional Utility Company by mutual agreement, and in connection with such resolution, may provide an Additional Utility Company with alternative assurance of payment, to the extent the Debtors believe such alternative assurance is reasonable in the exercise of their business judgment, including, but not limited to, cash deposits, letters of credit, prepayments, and/or other forms of security; *provided, however*, that the Debtors shall maintain a summary record of such agreements and their respective terms which shall be available to any official committee appointed in these cases and the Office of the United States Trustee upon request.

13. If the Debtors are not able to reach a resolution with an objecting Additional Utility Company, the Debtors shall promptly request a hearing before the Court to determine the adequacy of assurance of payment with respect to such Additional Utility Company.

14. Notwithstanding anything in this Order to the contrary, the final hearing on the Motion as it relates to Salt River Project, Southern California Edison Company, Pennsylvania Electric Company and Rochester Gas and Electric Corporation (the "**Objecting Utilities**") has been adjourned to the hearing scheduled for June 8, 2015 at 1:00 p.m. (EDT) (the "**Final Hearing**"); provided, however, that the Interim Order, to the extent applicable, will continue to apply to the Objecting Utilities pending the Final Hearing.

15. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors) is to be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under Bankruptcy Code section 365.

16. The Debtors' service of the Motion, the Interim Order, this Order, or notice of an amendment to the Utility Services List on the Utility Companies does not constitute an admission or concession that any such entity is a utility within the meaning of Bankruptcy Code section 366, and all rights and defenses of the Debtors are reserved with respect thereto.

17. Nothing in this Order affects or otherwise modifies the rights of the Utility Companies under Bankruptcy Code section 366(c)(4).

RLF1 12026167v.1

18.  The requirements set forth in Federal Rule of Bankruptcy Procedure 6004(a) are hereby waived.

19.  Notwithstanding the applicability of Federal Rule of Bankruptcy Procedure 6004, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20.  The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Order.

21.  This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: May 27, 2015
       Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE