**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., et al.[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | Re: Docket No. 43 |

## ORDER AUTHORIZING THE EMPLOYMENT AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order"), authorizing the employment and compensation of professionals utilized in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective *nunc pro tunc* to the Petition Date, as more fully described in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested in the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested in the Motion being a core proceeding under 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms used but not defined in this Order shall have the meanings used in the Motion.

Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been scheduled and, to the extent necessary, held to consider the relief requested in the Motion (the "**Hearing**"); and upon the First Day Declaration, the record of the Hearing (if any was held), and all of the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein

2. Pursuant to Bankruptcy Code sections 105(a), 327, 328(a), and 330, the Debtors are authorized to employ, in the ordinary course of their business, the Ordinary Course Professionals, including, but not limited to, those listed on Exhibit 1 hereto, effective *nunc pro tunc* to the Petition Date, under the terms and conditions set forth in this Order.

3. The following procedures for retaining and compensating Ordinary Course Professionals are approved:

   a) Within 28 days after the later of (i) the date of an order of the Court granting this Motion and (ii) the date on which an Ordinary Course Professional commences services for the Debtors, such Ordinary Course Professional must provide to the Debtors' attorneys: (x) an affidavit, substantially in the form attached to the Proposed Order as Exhibit 2, certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter for which such Ordinary Course Professional is to be employed (the "**Ordinary Course Professional Affidavit**") and (y) a completed retention questionnaire, substantially in the form attached to the Proposed Order as Exhibit 3 (the "**Retention Questionnaire**").

   b) The Debtors' attorneys must then file the Ordinary Course Professional Affidavit and the Retention Questionnaire with the Court and serve each (i) the attorneys for any statutory committee appointed in these cases; (ii) counsel to Bank of America, N.A. in its capacity as Administrative Agent for the Lenders and (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs

Federal Building, 844 North King Street, Suite 2207, Wilmington, DE 19801 (Attn: Richard L. Schepacarter, Esq.) (collectively, the "**Reviewing Parties**").

c) The Reviewing Parties have 14 days following the date of service to notify the Debtors, in writing, of any objection to the retention stemming from the Ordinary Course Professional Affidavit and the Retention Questionnaire (the "**Retention Objection Deadline**") and to file any such objection with the Court. Service of an objection must be made upon (i) counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq. and Michael J., Merchant, Esq.); (ii) other Reviewing Parties; and (iii) the applicable Ordinary Course Professional (collectively, the "**Notice Parties**"), so that any such objection is *actually received* by the Retention Objection Deadline.

d) If no timely objection to the proposed retention of an Ordinary Course Professional is filed and served by the Retention Objection Deadline, the employment of such Ordinary Course Professional will be deemed approved on the terms requested in this Motion without the need for a hearing or further order by the Court. If a timely objection to the proposed retention of an Ordinary Course Professional hereunder is filed and served by the Retention Objection Deadline, and any such objection cannot be resolved within 14 days, the matter must be set for a hearing before the Court.

e) No Ordinary Course Professional may be paid any amounts for invoiced fees or expenses until its Ordinary Course Professional Affidavit and Retention Questionnaire have been properly filed and served and the Retention Objection Deadline has passed without the filing of an objection, or if an objection is timely filed and served by the Retention Objection Deadline, after the parties resolve such objection or the Court enters an order overruling such objection. The Debtors' right to dispute any invoice submitted by any Ordinary Course Professional is reserved.

f) The Debtors may supplement the list of Ordinary Course Professionals from time to time. To do so, the Debtors must file a notice or notices of such additional professionals (each, a "**Notice of Additional Ordinary Course Professionals**"), along with the respective Ordinary Course Professional Affidavit and Retention Questionnaire, with the Court and serve such notice upon the Reviewing Parties. The Reviewing Parties will have 14 days following the date of service of a Notice of Additional Ordinary Course Professionals to notify the Debtors, in writing, of any objection to the proposed retention of any additional Ordinary Course Professional, to file any such objection with the Court, and to serve any such objection upon the Notice Parties so as to be *actually received* within 14 days of service of such Notice of Additional Ordinary Course Professionals.

g) If no objection to the proposed retention of an additional Ordinary Course Professional identified on a Notice of Additional Ordinary Course Professionals is timely filed and served, the employment of such additional Ordinary Course

- 3 -

Professional will be deemed approved by the Court on the terms requested in this Motion without the need for a hearing or further order by the Court, *provided, however*, that if an objection to the proposed retention of an additional Ordinary Course Professional is timely filed and served, and any such objection cannot be resolved within 14 days, the matter must be set for a hearing before the Court.

h) The Debtors may pay each Ordinary Course Professional without prior application to the Court, one hundred percent (100%) of the fees and reimburse one hundred percent (100%) of the expenses incurred by such Ordinary Course Professional, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred, *provided, however*, that no single Ordinary Course Professional may be paid in excess of $35,000 per month on average over a rolling three-month period while these chapter 11 cases are pending (the "**Monthly Fee Limit**").

i) If an Ordinary Course Professional's fees and expenses exceed the Monthly Fee Limit, such Ordinary Course Professional must file a monthly fee application (a "**Monthly Fee Application**") on account of the excess amount over the Monthly Fee Limit, and such excess amount over the Monthly Fee Limit will be subject to prior approval of the Court in accordance with Bankruptcy Code section 330, the Federal Rules of Bankruptcy Procedure, the Local Rules, the fee guidelines of the U.S. Trustee, and any other procedures or orders of the Court.

j) Within 30 days after the conclusion of every fiscal quarter, the Debtors will file a statement with the Court that includes with respect to each Ordinary Course Professional paid during the prior fiscal quarter: (i) the name of the Ordinary Course Professional and (ii) the aggregate amounts paid as compensation for services rendered and for reimbursement of expenses incurred by such Ordinary Course Professional during such fiscal quarter. The Debtors will serve this statement on the Reviewing Parties.

4. This Order does not apply to any professional retained by the Debtors pursuant to a separate order of this Court.

5. The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Order

6. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: _May 27_ 2015
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

RLF1 12051450v.2