IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 15-10952 (KJC)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 22, 2015 at 11:00 a.m. (ET)**<br>**Obj. Deadline: June 15, 2015 at 4:00 p.m. (ET)** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO AUTHORIZE THE EMPLOYMENT AND RETENTION OF THE
ROSNER LAW GROUP LLC AS DELAWARE COUNSEL TO
CREDITORS' COMMITTEE *NUNC PRO TUNC* TO MAY 13, 2015**

The Official Committee of Unsecured Creditors (the "Committee") hereby submits this application (the "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to employ and retain The Rosner Law Group LLC ("RLG") as its Delaware counsel *nunc pro tunc* to May 13, 2015, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Application, the Committee respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

{00016030. }

## JURISDICTION

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## BACKGROUND

2. On May 4, 2015 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware (the "Court"). The Debtors continue in possession of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Debtors' chapter 11 cases.

3. The Committee was appointed by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") on May 13, 2015 [D.I. 100].

4. On May 13, 2015, the Committee selected Brown Rudnick LLP ("Brown Rudnick") as its lead counsel and RLG as its Delaware counsel in these chapter 11 cases subject to Court approval.

## RETENTION OF THE ROSNER LAW GROUP LLC

5. The Committee seeks to employ RLG as its Delaware counsel to represent it and perform services for the Committee in connection with carrying out its duties and responsibilities under the Bankruptcy Code during these chapter 11 cases.

6. Pursuant to section 1103(a) of the Bankruptcy Code, a committee appointed under section 1102 of the Bankruptcy Code may, with the Court's approval, select one or more

2

{00016030. }

attorneys, accountants, or other agents to perform services for such committee. Pursuant to section 1103(a) of the Bankruptcy Code, the Committee requests that the Court approve the employment of RLG as its Delaware counsel in these chapter 11 cases. The Committee seeks approval of such retention *nunc pro tunc* to May 13, 2015, because the Committee required RLG to begin work immediately to effectively represent the Committee.

7. By separate application, the Committee is seeking to employ and retain Brown Rudnick as its lead counsel in these chapter 11 cases. Pursuant to Local Rule 9010-1(c), the Committee is required to retain Delaware counsel as well. Brown Rudnick and RLG will seek to avoid and/or minimize duplication of services rendered to the Committee in these chapter 11 cases.

8. The Committee has selected RLG as its Delaware counsel because of the firm's extensive experience and knowledge in the field of creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge practicing before this Court, its proximity to the Court and its ability to respond quickly to emergency hearings and other emergency matters in this Court. The Committee believes that RLG is both well qualified and able to represent it in these chapter 11 cases in a most efficient and timely manner.

9. The Committee believes that the services of RLG are necessary to enable it to execute faithfully its statutory duties. RLG will render the following professional services:

   a. provide legal advice regarding local rules, practices, and procedures and provide substantive and strategic advice on how to accomplish the Committee's goals in connection with the prosecution of these cases, bearing in mind that the Court relies on Delaware counsel such as RLG to be involved in all aspects of these bankruptcy cases;

3

{00016030.}

b. review, comment upon and/or prepare drafts of documents to be filed with the Court as Delaware counsel to the Committee;

c. appear in Court and at any meeting with the U.S. Trustee and any meeting of creditors at any given time on behalf of the Committee as its Delaware counsel;

d. perform various services in connection with the administration of these cases including, without limitation, (i) preparing certificates of no objection, certifications of counsel, notices of fee applications and hearings, and hearing binders of documents and pleadings, (ii) monitoring the docket for filings and coordinating with Brown Rudnick on pending matters that need responses, (iii) preparing and maintaining critical dates memoranda to monitor pending applications, motions, hearing dates and other matters and the deadlines associated with the same, and (iv) handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of these cases and coordinating with Brown Rudnick on any necessary responses; and

e. perform all other services assigned by the Committee, in consultation with Brown Rudnick, to RLG as Delaware counsel to the Committee.

10. RLG has stated its desire and willingness to act in these chapter 11 cases and to render the necessary professional services as Delaware counsel to the Committee. Furthermore, to the best of the Committee's knowledge, RLG does not have any connection with or any interest adverse to that of the Committee, the Debtors' creditors, or any other party in interest, or their respective attorneys, except as may be set forth in the Declaration of Frederick B. Rosner (the "Rosner Declaration"), a copy of which is attached hereto as **Exhibit B**, or in any supplemental declaration.

11. RLG intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, proposes that RLG be paid the discounted hourly rates set forth in the Rosner Declaration. The Committee submits that these

rates are reasonable and consistent with the United State Trustees' Appendix B - Guidelines for U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases.

### DISINTERESTEDNESS OF THE ROSNER LAW GROUP LLC

12. To the best of the Committee's knowledge, information and belief, and except as set forth in the Rosner Declaration, RLG does not hold any interest adverse to the Committee or the Debtors' Estates, is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and, while employed by the Committee, will not represent any person having an adverse interest in connection with these cases or any other entity.

### NO PRIOR REQUEST

13. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) granting this Application, (ii) authorizing the Committee to retain and employ RLG as its Delaware counsel *nunc pro tunc* to May 13, 2015 and (iii) granting such other and further relief the Court deems just and proper.

Dated: June 1, 2015
   New York, New York

                             Respectfully submitted,

                             THE OFFICIAL COMMITTEE OF
                             UNSECURED CREDITORS FOR
                             CORINTHIAN COLLEGES, INC., *et al.*

                             By: /s/ Therese Burkhart
                             Name: Therese Burkhart
                                  Chairperson of the Committee
                             For:  McKinley Avenue, LLC