**EXHIBIT A**
[Amended Proposed Order]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CORINTHIAN COLLEGES, INC., et al.,[1]<br><br>Debtors. | Case No. 15-10952 (KJC)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>RE: D.I. 149 |

**ORDER GRANTING MOTION OF CURRENT AND FORMER DIRECTORS AND OFFICERS OF CORINTHIAN COLLEGES, INC., FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW PAYMENT OF DEFENSE COSTS AND OTHER LOSS UNDER DIRECTORS AND OFFICERS LIABILITY INSURANCE POLICIES**

Upon the motion (the "Motion")[2] of Hank Adler, Robert Bosic, Michael Brase, Linda Buchanan, William Buchanan, Nicole Carnagey, Eeva Deshon, Christian Dieckman, John Dionisio, Anna Marie Dunlap, John Fioretto, Barbara Gordon, Terry Hartshorn, Alice Kane, Robert Kenyon, Don King, Robert Lee, Jack Massimino, David Moore, Marc Morial, Kenneth Ord, Robert Owen, David Poldoian, Terry Rawls, Sharon Robinson, Karen Rose, Sumi Shrishrimal, Linda Skladany, Paul St. Pierre, Tim Sullivan, Peter Waller, Beth Wilson, Michelle Reed Zagorski, current and former directors, officers, and employees of Corinthian Colleges, Inc. (collectively, the "Movants") for entry of an order (a) confirming that the proceeds payable to the Movants under certain directors and officers insurance policies (the "D&O Policies") are

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

not property of the Debtors' estates subject to the automatic stay under 11 U.S.C. § 362(a); or (b) granting relief from or modifying the automatic stay under 11 U.S.C. § 362(d)(1), to the extent that it may be applicable, to allow the Insurers to make payments or advancements of defense costs and other losses to the Movants, consistent with the terms and conditions of the D&O Policies; and it appearing that due and sufficient notice of the Motion has been given; and no other or further notice need be provided; and the Court having considered the Motion and any objections or responses thereto; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED** that

    1. The Motion is granted as set forth herein.

    2. The automatic stay imposed under section 362(a) of the Bankruptcy Code does not apply, or, to the extent it does apply, it is lifted and modified to allow the Insurers to make payments or advancements in accordance with the terms and conditions of the D&O Policies.

    3. Notwithstanding any other provision of this Order, and with the exception of any right of the Insurers to seek repayment of amounts advanced consistent with the terms of the D&O Policies, any payment or advancement made by the Insurers under the D&O Policies shall not be subject to disgorgement, avoidance, clawback, or any other similar action, claim, or proceeding, whether legal or equitable in nature, brought by any party, including, without limitation, the Debtors, the Committee, and the Student Committee.

    4. Subject to further order of this Court entered pursuant to paragraph 8 of this Order, the automatic stay imposed under section 362(a) of the Bankruptcy Code shall not subject any of the Insurers to liability for advancing any payment in connection with past, present, and/or future defense costs and other losses incurred by any Movant with respect to the

Actions or any other action or Claim covered by the D&O Policies, subject to the Insurers' reservation of rights; provided, however, that any future order of this Court modifying or vacating this Order shall not subject any of the Insurers to liability for the advancement of any payment in connection with past, present, and/or future defense costs and other losses incurred by any Movant with respect to the Actions or any other action or Claim covered by the D&O Policies made prior to the entry of an order modifying or vacating this Order.

5. Nothing in this Order modifies the terms and conditions of the D&O Policies, and all parties reserve their rights thereunder.

6. Following entry of this Order and until further order of the Court, counsel for the Movants shall provide written notice (the "Notice") to the Debtors (or, in the event that any of the following are appointed, any Chapter 11 trustee, Chapter 7 trustee, or distribution trust trustee), counsel to the Official Committee of Unsecured Creditors (the "Committee"), and counsel to the Official Committee of Student Creditors (the "Student Committee") of (x) on a quarterly basis, the total aggregate dollar amount billed to the Insurers for payment, (y) on a quarterly basis, the total aggregate dollar amount of proceeds actually paid to the Movants or on behalf of the Movants under the D&O Policies, and (z) prior to payment, when the total dollar amount billed or reasonably expected for defense costs or other losses under the D&O Policies from and after the date of entry of this Order aggregate $10 million. The Notice will provide the total aggregate dollar amount of defense costs and other losses (including attorneys' fees, costs, and expenses) expected, billed to, and paid by the Insurers under the D&O Policies. The Notice is intended to allow the Debtors (or, in the event that any of the following are appointed, any Chapter 11 trustee, Chapter 7 trustee, or distribution trust trustee), the Committee, and the Student Committee to monitor defense costs and other losses that are reasonably expected, billed

to, and paid out, by the Insurers under the D&O Policies. The Notice shall not include any requirement that the Movants or their respective counsel disclose to the Debtors, the Committee, or the Student Committee, their counsel or anyone else any information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable privileges or confidentialities (including, without limitation, any description of work, billing statements, or time entries). All such privileges and confidentialities are hereby deemed expressly preserved.

    7.  The Court declines to make any determination, at this time, of the extent, if any, to which the proceeds of the D&O Policies are property of the Debtors' bankruptcy estates. However, the Court finds, in granting the Motion, that the Movants under the D&O Policies have an interest in the D&O Policies and that the Insurers may and are permitted to advance or pay defense and other related costs incurred by the Movants in accordance with the terms and conditions of the D&O Policies and this Order, notwithstanding the Debtors' bankruptcy filing or the automatic stay, subject to paragraph 3 of this Order.

    8.  Should the Debtors (or, in the event that any of the following are appointed, any Chapter 11 trustee, Chapter 7 trustee, or distribution trust trustee), the Committee, or the Student Committee, at any point in the future, wish to vacate or modify the provisions of this Order, any of the Debtors, the Committee, or the Student Committee shall file a motion to vacate or modify, as applicable, on due and appropriate notice to the Insured Persons with an opportunity to object and be heard.

    9.  For purposes of clarification, the Court finds that, to the extent the proceeds of the D&O Policies are subsequently determined to be property of the Debtors' bankruptcy estates, and solely for the purpose of implementing the provisions of this Order, pursuant to 11 U.S.C. § 362(d)(1), the automatic stay is hereby lifted for "cause" to allow the

Insurers to make payments or advancements of proceeds to the Movants under the D&O Policies in accordance with the terms and conditions of the D&O Policies and this Order.

10. The relief granted herein shall extend to all other Insured Persons upon the execution of a written agreement by the Insured Person(s) agreeing to the terms of this Order, including, but not limited to, the notice provisions set forth above. The Movants will provide the Debtors (or, in the event that any of the following are appointed, any Chapter 11 trustee, Chapter 7 trustee, or distribution trust trustee), the Committee, and the Student Committee with the names of any additional Insured Persons added pursuant to this paragraph.

11. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2015
      Wilmington, Delaware       THE HONORABLE KEVIN J. CAREY
                                                          UNITED STATES BANKRUPTCY JUDGE