IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] § | |
| § | Case No. 15-10952 (KJC) |
| § | |
| § | Jointly Administered |
| Debtors. § | |
| § | **Hearing Date: June 30, 2015 at 2:00 p.m. (ET)** |
| § | **Objection Deadline: June 19, 2015 at 4:00 p.m. (ET)** |

---------------------------------------------------------------

**DEBTORS' MOTION FOR AN ORDER
(I) ESTABLISHING PROCEDURES FOR SELLING
MISCELLANEOUS ASSETS AND (II) GRANTING CERTAIN RELATED RELIEF**

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") respectfully request the entry of an order, pursuant to sections 105 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rules of Bankruptcy Procedure 2002 and 6004(h), (i) approving procedures by which the Debtors may sell assets of limited value without the need for further Court approval and (ii) granting certain related relief. In support of this Motion, the Debtors rely on and incorporate by reference the *Declaration of William J. Nolan in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**") [Docket No. 10]. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

## JURISDICTION & VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[2]

## BACKGROUND

### A. General Background

2. On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

3. Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the First Day Declaration.

### B. The Debtors' Miscellaneous Property

4. As detailed in the First Day Declaration, the Debtors closed each of their campus locations effective as of April 27, 2015 and are in the process of liquidating their assets and winding down their operations. With respect to the Debtors' 29 campus locations closed prior to the Petition Date, this Court entered two orders [Docket Nos. 23 & 224] authorizing the Debtors to sell the miscellaneous assets at those locations. Further, the Debtors instructed the campus presidents at each of the closed locations to log and ship all equipment worth over $5,000 that was easily transportable to the nearer of the Fremont and Long Beach, CA locations (the "**Wyotech Locations**") to allow the Debtors additional time to properly market the assets.

---

[2] Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

Contemporaneously with the filing of this Motion, the Debtors are filing a Motion seeking authority to retain Great American Global Partners, LLC, as consultant, in connection with the disposition of assets at the Wyotech Locations. Accordingly, this Motion is not intended to seek relief with respect to the assets to be sold at the Wyotech Locations.

5. Excluding the locations discussed above, the Debtors believe that the 14 teach-out schools currently subleased by Zenith Education Group, Inc. and any other remaining locations contain furniture and equipment of *de minimis* value. The Debtors believe that the assets consist mainly of office furniture and equipment, including, but not limited to, lab equipment (for example, dental chairs and x-ray machines), electronic blackboards or "smartboards", medical lab equipment and supplies and other items utilized in connection with the instruction provided at each respective campus location (the "**Miscellaneous Assets**").[3]

6. The Debtors expect that in the next few weeks and months they will vacate the remaining locations and will seek to sell any Miscellaneous Assets at those locations. Requiring the Debtors to obtain Court approval under Bankruptcy code section 363(b)(1)[4] for every sale of Miscellaneous Assets would unnecessarily burden the Court and increase costs for the Debtors' estates. Indeed, given the small amounts involved in these transactions, costs and delays associated with seeking Court approval of an individual sale could, in some cases, eliminate, or substantially undermine, the economic benefits of a transaction. To minimize this burden and cost, the Debtors thus seek approval of procedures, detailed below, permitting them to sell the Miscellaneous Assets.

---

[3] Notably, the majority of the Debtors' computer equipment is leased, and therefore, is not property of the Debtors.

[4] Bankruptcy Code section 363(b)(1) states that a "trustee after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

**RELIEF REQUESTED**

7. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), (i) approving procedures by which the Debtors may sell the Miscellaneous Assets without the need for further Court approval and (ii) granting certain related relief.

**PROPOSED PROCEDURES**

8. The Debtors propose the following procedures to govern the sale of Miscellaneous Assets (the "**Miscellaneous Asset Sale Procedures**"):

   a. For sales of Miscellaneous Assets to a single buyer or related group of buyers involving $25,000 or less in total consideration per location and for sales of Miscellaneous Assets from multiple locations involving the aggregate consideration of $125,000 or less to a single buyer of related group of buyers:

      i. The Debtors are authorized to consummate such transaction(s) if the Debtors determine in the reasonable exercise of their business judgment that such sales are in the best interests of their estates, without further order of the Court, *provided that*, after the Debtors enter into a contract or contracts (or bill of sale or other legal document) contemplating a proposed sale, the Debtors shall file with the Court and serve by email (or overnight mail where email addresses are unavailable) a notice of the proposed sale, substantially in the form attached to the Proposed Order as Exhibit 1 (the "**Sale Notice**"), on (i) the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"); (ii) proposed counsel to the Official Committee of Unsecured Creditors; (iii) proposed counsel to the Official Committee of Student Creditors; and (iv) all known parties holding or asserting liens on or other interests in the assets that are the subject of the proposed sale and their respective counsel, including, without limitation, counsel to Bank of America, N.A., as administrative agent for the prepetition lenders (collectively, the "**Interested Parties**").

      ii. The Sale Notice shall provide in reasonable detail: (a) a description of the assets that are the subject of the proposed sale and their locations; (b) the identity of the Debtor that owns such assets; (c) the identity of the non-debtor party or parties to the proposed sale and any relationship of the party or parties

4

with the Debtors; (d) the identities of any parties known to the Debtors to hold liens on or other interests in the assets and a statement indicating that all such liens or interests are capable of monetary satisfaction; (e) the major economic terms and conditions of the proposed sale; and (f) instructions consistent with the terms described below regarding the procedures to assert objections to the proposed sale.

Any objection to the proposed sale of Miscellaneous Assets (an "**Objection**") must: (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be served on (A) counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn.:  Mark D. Collins, Esq. and Michael J. Merchant, Esq.), (B) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn.:  Timothy Jay Fox, Jr., Esq. and Richard L. Schepacarter, Esq.), (C) proposed counsel to the Official Committee of Unsecured Creditors, Brown Rudnick LLP, Seven Times Square, New York, New York, 10036 (Attn.:  H. Jeffrey Schwartz, Esq. and Bennett S. Silverberg, Esq.) and The Rosner Law Group LLC, 824 Market Street, Suite 810, Wilmington, Delaware 19801 (Attn.:  Frederick B. Rosner, Esq. and Julia B. Klein, Esq.), (D) proposed counsel to the Official Committee of Student Creditors, Robins Kaplan LLP, 2049 Century Park East, Suite 3400, Los Angeles, California 90067 (Attn.:  Scott F. Gautier, Esq., Lorie A. Ball, Esq., and Cynthia C. Hernandez, Esq.) and Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801 (Attn.: Christopher A. Ward, Esq. and Shanti M. Katona, Esq.), and (E) counsel to Bank of America, N.A, Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 (Attn.:  Jennifer C. Hagle, Esq. and Anna Gumport, Esq.) and Potter Anderson Corroon LLP, 1313 North Market Street, Sixth Floor, P.O. Box 951, Wilmington, Delaware 19899 (Attn.:  Jeremy W. Ryan, Esq. and Etta R. Mayers, Esq.), so as to be received within forty-eight (48) hours from the date of service of the Sale Notice (the "**Notice Period**"); provided, however, if the Notice Period expires on a weekend, the period shall be extended to the same time on the following Monday. If an Objection is not resolved on a consensual basis, the Debtors may schedule the proposed sale and Objection for hearing at the next available omnibus hearing date in these chapter 11 cases.

   iii.    Any such sales will be free and clear of all liens, claims, interests, and encumbrances (collectively, the "**Liens**") with

5

        such Liens attaching to the sale proceeds with the same validity, extent, and priority as immediately prior to the transaction.

   iv.   The Debtors are authorized to take any actions that are reasonable and necessary to close the sales and obtain the proceeds thereof, including paying reasonable fees to third-party sales agents.

b.  For sales of Miscellaneous Assets to a single buyer or related group of buyers involving more than $25,000 and up to $100,000 in total consideration per location and for sales of Miscellaneous Assets from multiple locations involving the aggregate consideration of $400,000 or less to a single buyer of related group of buyers:

   i.   The Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such sales are in the best interests of their estates, without further order of the Court, subject to the procedures set forth herein.

   ii.   Any such transactions will be free and clear of all Liens with such Liens attaching to the sale proceeds with the same validity, extent, and priority as immediately prior to the transaction.

   iii.   The Debtors are authorized to take any actions that are reasonable and necessary to close the sale and obtain the proceeds thereof, including paying reasonable fees to third-party sales agents.

   iv.   The Debtors must file a Sale Notice with the Court and serve the Sale Notice by e-mail or overnight mail on the Interested Parties, at least seven (7) calendar days prior to closing such sale or effectuating such transfer.

   v.   The Sale Notice shall provide in reasonable detail: (a) a description of the assets that are the subject of the proposed sale and their locations; (b) the identity of the Debtor that owns such assets; (c) the identity of the non-debtor party or parties to the proposed sale and any relationship of the party or parties with the Debtors; (d) the identities of any parties known to the Debtors to hold liens on or other interests in the assets and a statement indicating that all such liens or interests are capable of monetary satisfaction; (e) the major economic terms and conditions of the proposed sale; and (f) instructions consistent

      with the terms described below regarding the procedures to assert objections to the proposed sale.

  vi.  Any Objection to the proposed sale of Miscellaneous Assets must: (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be served on (A) counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn.: Mark D. Collins, Esq. and Michael J. Merchant, Esq.), (B) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn.: Timothy Jay Fox, Jr., Esq. and Richard L. Schepacarter, Esq.), (C) proposed counsel to the Official Committee of Unsecured Creditors, Brown Rudnick LLP, Seven Times Square, New York, New York, 10036 (Attn.: H. Jeffrey Schwartz, Esq. and Bennett S. Silverberg, Esq.) and The Rosner Law Group LLC, 824 Market Street, Suite 810, Wilmington, Delaware 19801 (Attn.: Frederick B. Rosner, Esq. and Julia B. Klein, Esq.), (D) proposed counsel to the Official Committee of Student Creditors, Robins Kaplan LLP, 2049 Century Park East, Suite 3400, Los Angeles, California 90067 (Attn.: Scott F. Gautier, Esq., Lorie A. Ball, Esq., and Cynthia C. Hernandez, Esq.) and Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801 (Attn.: Christopher A. Ward, Esq. and Shanti M. Katona, Esq.), and (E) counsel to Bank of America, N.A, Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 (Attn.: Jennifer C. Hagle, Esq. and Anna Gumport, Esq.) and Potter Anderson Corroon LLP, 1313 North Market Street, Sixth Floor, P.O. Box 951, Wilmington, Delaware 19899 (Attn.: Jeremy W. Ryan, Esq. and Etta R. Mayers, Esq.), so as to be received within seven (7) calendar days of the date of service of the Sale Notice.

  vii.  If no Objections are received by the Debtors within seven (7) calendar days of the date of service of the Sale Notice, the Debtors may immediately consummate the sale.

  viii.  If an Objection is timely received by the Debtors and cannot be resolved consensually, then the Miscellaneous Asset(s) may only be sold or transferred upon further order of the Court, after notice and a hearing, or resolution of the Objection.

    9.    So that parties in interest are kept apprised of all Miscellaneous Asset sales, the Debtors will file a written report (a "**Quarterly Report**") with the Court and serve a copy of the Quarterly Report on the Interested Parties, beginning with the period ending on June

30, 2015, and at three-month intervals thereafter, no later than 30 days after the end of such period, concerning any such Miscellaneous Asset sales made during the period pursuant to the Miscellaneous Asset Sale Procedures, including the name(s) of the purchasing parties and the types and amounts of the sales.

10.     Notwithstanding the foregoing, the Debtors are not seeking the authority to sell Miscellaneous Asset to "insiders," as that term is defined in Bankruptcy Code section 101.

## I. LEGAL BASIS FOR RELIEF REQUESTED

### A. The Miscellaneous Asset Sale Procedures Are Appropriate Under Bankruptcy Code Section 363(b)

11.     Bankruptcy Code section 363(b)(1) provides, in relevant part, that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." The notice and hearing requirements contained in section 363(b)(1) are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances.  11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").

12.     Generally, Bankruptcy Rules 2002(a)(2) and 2002(i) require that a minimum of 21 days' notice of proposed sales of property outside the ordinary course of business be provided by mail to "the debtor, the trustee, all creditors and indenture trustees" and any committee appointed under Bankruptcy Code section 1102.  As noted above, the "notice" required by Bankruptcy Code section 363(b)(1) is "such notice as is appropriate in the particular circumstances."  11 U.S.C. § 102(1)(A).  Pursuant to Bankruptcy Rule 2002(i), courts may limit notice of asset sales outside of the ordinary course of a debtor's business, even without a prior

8

showing of cause, to any official committee appointed under Bankruptcy Code section 1102 requesting notice.

13. Bankruptcy courts have recognized that, when determining whether notice is appropriate under the circumstances for purposes of Bankruptcy Code section 102(1)(A), they are "guided by fundamental notions of procedural due process." *In re Lomas Fin. Corp.*, 212 B.R. 46, 54 (Bankr. D. Del. 1997). Due process "requires that any notice is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997). In sum, if basic due process is afforded to interested parties and appropriate cause is established, a court may determine that limited notice of an asset sale is appropriate.

14. As the Debtors wind down their operations, the Miscellaneous Assets are of little or no use or value to the Debtors' estates. The Debtors do not have the luxury of waiting an extended notice period for approval of each asset sale, as the additional accruing rent under the leases would likely outweigh any benefit to be realized from the sale transactions. To that end, the Debtors have proposed the Miscellaneous Asset Sale Procedures, which will permit them to efficiently and expeditiously sell Miscellaneous Assets during these cases. Under these proposed procedures, parties with an interest in the Miscellaneous Assets are fully protected by the opportunity to object to a proposed sale and to attend a hearing, if desired.

15. Specifically, all Interested Parties will receive a Sale Notice for all proposed sales of Miscellaneous Assets, which will provide: (a) a description of the assets that are the subject of the proposed sale and their locations; (b) the identity of the Debtor that owns

such assets; (c) the identity of the non-debtor party or parties to the proposed sale and any relationship of the party or parties with the Debtors; (d) the identities of any parties known to the Debtors to hold liens on or other interests in the assets and a statement indicating that all such liens or interests are capable of monetary satisfaction; (e) the major economic terms and conditions of the proposed sale; and (f) instructions regarding the procedures to assert objections to the proposed sale.

16. The typical process of obtaining court approval of each Miscellaneous Asset sale would create costs for the Debtors' estates that could undermine or eliminate the economic benefits of the underlying transactions and in some instances, may hinder the Debtors' ability to take advantage of sale opportunities that are available only for a limited time. The Debtors therefore propose to streamline the process and shorten the applicable notice periods as described herein to maximize the net value realized from Miscellaneous Asset sales for the benefit of all parties in interest.

17. In light of the demonstrable benefits of streamlined procedures to sell small assets and the legal justifications described above, procedures similar to the Miscellaneous Asset Sale Procedures have been approved in other chapter 11 cases in this District.[5]

**B. The Miscellaneous Assets Should be Sold Free and Clear of Liens, Claims, Interests, and Encumbrances**

---

[5] *See, e.g.*, *In re Cal Dive Int'l Inc.*, Case No. 15-10458 (CSS) (Bankr. D. Del. Apr. 6, 2015) (authorizing sales up to $250,000 on 10-days advanced notice and authorizing the sale of assets with a value of no more than $50,000 without further order of the Court) *In re Source Home Entertainment, LLC*, Case No. 14-11553 (KG) (Bankr. D. Del. July 18, 2014) (authorizing sales up to $250,000); *In re Fresh & Easy Neighborhood Market Inc.*, Case No. 13-12569 (KJC) (Bankr. D. Del. Nov. 26, 2013) (authorizing sales up to $250,000); *In re Vertis Holdings, Inc.*, Case No. 12-12821 (CSS) (Bankr. D. Del. Feb. 15, 2013) (authorizing sales up to $250,000); *In re NewPage Corp.*, Case No. 11-12804 (KG) (Bankr. D. Del. Dec. 13, 2011) (authorizing the sale of assets with a value of no more than $25,000 without further Court approval and without general notices); *In re Harry & David Holdings, Inc.*, Case No. 11-10884 (MFW) (Bankr. D. Del. April 27, 2011) (authorizing the sale of assets with a value of no more than $250,000 on 10-days advanced notice and authorizing the sale of assets with a value of no more than $25,000 without further notice).

18. Pursuant to Bankruptcy Code section 363(f), a debtor may sell property of the estate "free and clear of any interest in such property of an entity other than the estate" if any one of the following conditions is satisfied:

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f)(1)-(5).

19. This provision is supplemented by Bankruptcy Code section 105(a), which provides that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

20. Because Bankruptcy Code section 363(f) is stated in the disjunctive, satisfaction of any one of its five requirements will suffice to permit the sale of the assets "free and clear" of liens and interests. *See In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) (citing *Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988)); *In re Dundee Equity Corp.*, Case No. 89-10233 (FGC), 1992 WL 53743, at *4 (Bankr. S.D.N.Y. Mar. 6, 1992).

21. The Debtors propose to sell the Miscellaneous Assets in a commercially reasonable manner and expect that the value of the proceeds from such sales will fairly reflect the value of the property. The Debtors also propose that any holder of a lien on a Miscellaneous Asset sold pursuant to the Miscellaneous Asset Sale Procedures will have a corresponding

security interest in the proceeds of such sale. Further, any such lien holder, as an Interested Party, would have an opportunity to object to the proposed sale and should be deemed to consent to such sale, within the meaning of Bankruptcy Code section 363(f)(2), in the absence of objecting to the sale. Accordingly, the requirements of Bankruptcy Code section 363(f) will be satisfied for the sale of the Miscellaneous Assets free and clear of all liens, claims, interests, and encumbrances.

## C. Purchasers of the Miscellaneous Assets Should be Afforded All Protections Under Bankruptcy Code Section 363(m) as Good Faith Purchasers

22.     Bankruptcy Code section 363(m) protects a good faith purchaser's interest in property purchased from the debtor notwithstanding that a sale conducted under section 363(b) is later reversed or modified on appeal. Specifically, section 363(m) states that:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

23.     The Debtors submit that the selection of a purchaser for the Miscellaneous Assets and any attendant sale agreement shall be the product of arm's-length, good faith negotiations. Accordingly, the Debtors request that the Court make a finding in the Proposed Order that purchasers of the Miscellaneous Assets have purchased such assets in good faith and are entitled to the full protections of Bankruptcy Code section 363(m).

## D. The Court Should Waive the Stay Under Bankruptcy Rule 6004(h)

24.     Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after

entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* 10 Collier on Bankruptcy ¶ 6004.11 at 6004-19 (citing *Advisory Committee on the Federal Rules of Bankruptcy Procedure, Committee Notes on Rules – 1999 Amendment at subdivision (g)* (1999)). Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day period, the leading treatise on bankruptcy suggests that the stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 Collier on Bankruptcy ¶ 6004.10 at 6004-20 (15th ed. 2008). The treatise further provides that if an objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. Id.

25.  The Debtors submit that under the circumstances, ample cause exists to justify the waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h). Any delay in the Debtors' ability to sell Miscellaneous Assets would be detrimental to the Debtors and their estates and creditors. Accordingly, the Debtors seek a waiver of the 14-day stay of any order approving this Motion and request that each sale under the procedures described in this Motion, be deemed immediately approved when consummated thereunder.

## NOTICE

26.  The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) proposed counsel to the Official Committee of Unsecured Creditors; (iii) proposed counsel to the Official Committee of Student Creditors; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (v) the Department of Education; (vi) the Internal Revenue Service; (vii) the Securities and Exchange Commission; (viii) the United States

Attorney for the District of Delaware; (xi) any banking or financial institution that holds the Debtors' accounts; (x) any other known party holding liens with respect to the Miscellaneous Assets; and (xi) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002.

27. Debtors submit that no other or further notice is necessary under the circumstances.

## NO PRIOR MOTION

28. The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

The Debtors respectfully request entry of an order granting the relief requested in its entirety and any other relief as is just and proper.

Dated: June 5, 2015  
    Wilmington, Delaware

*/s/ Amanda R. Steele*  
Mark D. Collins (No. 2981)  
Michael J. Merchant (No. 3854)  
Marisa A. Terranova (No. 5396)  
Amanda R. Steele (No. 5530)  
RICHARDS, LAYTON & FINGER, P.A.  
920 N. King Street  
Wilmington, Delaware 19801  
Telephone: 302-651-7700  
Facsimile: 302-651-7701  
Email: collins@rlf.com  
      merchant@rlf.com  
      terranova@rlf.com  
      steele@rlf.com

Attorneys for the Debtors and Debtors in Possession