**EXHIBIT A**

RLF1 12063454v.3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |

---

**ORDER (I) ESTABLISHING PROCEDURES FOR SELLING
MISCELLANEOUS ASSETS AND (II) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "**Motion**"),[2] of the Debtors for entry of an order (this "**Order**") establishing procedures by which the Debtors may conduct and consummate the sale of Miscellaneous Assets, as more fully set forth in the Motion; and upon due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been scheduled and, to the extent necessary, held to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms used but not defined in this Order shall have the meanings used in the Motion.

RLF1 12063454v.3

consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing (if any was held) and all the proceedings had before the Court; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing (if any was held) establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. Pursuant to Bankruptcy Code section 363(b) and Bankruptcy Rule 2002(a)(2), the Debtors are authorized, but not required, to sell Miscellaneous Assets in accordance with the Miscellaneous Asset Sale Procedures:

   a. For sales of Miscellaneous Assets to a single buyer or related group of buyers involving $25,000 or less in total consideration per location and for sales of Miscellaneous Assets from multiple locations involving the aggregate consideration of $125,000 or less to a single buyer of related group of buyers:

      i. The Debtors are authorized to consummate such transaction(s) if the Debtors determine in the reasonable exercise of their business judgment that such sales are in the best interests of their estates, without further order of the Court, *provided that*, after the Debtors enter into a contract or contracts (or bill of sale or other legal document) contemplating a proposed sale, the Debtors shall file with the Court and serve by email (or overnight mail where email addresses are unavailable) a notice of the proposed sale, substantially in the form attached to the Proposed Order as Exhibit 1 (the "**Sale Notice**"), on (i) the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"); (ii) proposed counsel to the Official Committee of Unsecured Creditors; (iii) proposed counsel to the Official Committee of Student Creditors; and (iv) all known parties holding or asserting liens on or other interests in the assets that are the subject of the proposed sale and their respective counsel, including, without limitation, counsel to Bank of America, N.A., as administrative agent for the prepetition lenders (collectively, the "**Interested Parties**").

ii. The Sale Notice shall provide in reasonable detail: (a) a description of the assets that are the subject of the proposed sale and their locations; (b) the identity of the Debtor that owns such assets; (c) the identity of the non-debtor party or parties to the proposed sale and any relationship of the party or parties with the Debtors; (d) the identities of any parties known to the Debtors to hold liens on or other interests in the assets and a statement indicating that all such liens or interests are capable of monetary satisfaction; (e) the major economic terms and conditions of the proposed sale; and (f) instructions consistent with the terms described below regarding the procedures to assert objections to the proposed sale.

iii. Any objection to the proposed sale of Miscellaneous Assets (an "**Objection**") must: (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be served on (A) counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn.: Mark D. Collins, Esq. and Michael J. Merchant, Esq.), (B) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn.: Timothy Jay Fox, Jr., Esq. and Richard L. Schepacarter, Esq.), (C) proposed counsel to the Official Committee of Unsecured Creditors, Brown Rudnick LLP, Seven Times Square, New York, New York, 10036 (Attn.: H. Jeffrey Schwartz, Esq. and Bennett S. Silverberg, Esq.) and The Rosner Law Group LLC, 824 Market Street, Suite 810, Wilmington, Delaware 19801 (Attn.: Frederick B. Rosner, Esq. and Julia B. Klein, Esq.), (D) proposed counsel to the Official Committee of Student Creditors, Robins Kaplan LLP, 2049 Century Park East, Suite 3400, Los Angeles, California 90067 (Attn.: Scott F. Gautier, Esq., Lorie A. Ball, Esq., and Cynthia C. Hernandez, Esq.) and Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801 (Attn.: Christopher A. Ward, Esq. and Shanti M. Katona, Esq.), and (E) counsel to Bank of America, N.A, Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 (Attn.: Jennifer C. Hagle, Esq. and Anna Gumport, Esq.) and Potter Anderson Corroon LLP, 1313 North Market Street, Sixth Floor, P.O. Box 951, Wilmington, Delaware 19899 (Attn.: Jeremy W. Ryan, Esq. and Etta R. Mayers, Esq.), so as to be received within forty-eight (48) hours from the date of service of the Sale Notice (the "**Notice Period**"); provided, however, if the Notice Period expires on a weekend, the period shall be extended to the same time on the following Monday. If an Objection is not resolved on a consensual basis, the Debtors may schedule the proposed sale and Objection for

3

       hearing at the next available omnibus hearing date in these chapter 11 cases.

   iv.   Any such sales will be free and clear of all liens, claims, interests, and encumbrances (collectively, the "**Liens**") with such Liens attaching to the sale proceeds with the same validity, extent, and priority as immediately prior to the transaction.

   v.   The Debtors are authorized to take any actions that are reasonable and necessary to close the sales and obtain the proceeds thereof, including paying reasonable fees to third-party sales agents.

b. For sales of Miscellaneous Assets to a single buyer or related group of buyers involving more than $25,000 and up to $100,000 in total consideration per location and for sales of Miscellaneous Assets from multiple locations involving the aggregate consideration of $400,000 or less to a single buyer of related group of buyers:

   i.   The Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such sales are in the best interests of their estates, without further order of the Court, subject to the procedures set forth herein.

   ii.   Any such transactions will be free and clear of all Liens with such Liens attaching to the sale proceeds with the same validity, extent, and priority as immediately prior to the transaction.

   iii.   The Debtors are authorized to take any actions that are reasonable and necessary to close the sale and obtain the proceeds thereof, including paying reasonable fees to third-party sales agents.

   iv.   The Debtors must file a Sale Notice with the Court and serve the Sale Notice by e-mail or overnight mail on the Interested Parties, at least seven (7) calendar days prior to closing such sale or effectuating such transfer.

   v.   The Sale Notice shall provide in reasonable detail: (a) a description of the assets that are the subject of the proposed sale and their locations; (b) the identity of the Debtor that owns such assets; (c) the identity of the non-debtor party or parties to the proposed sale and any relationship of the party or parties with the Debtors; (d) the identities of any parties known to the

4

        Debtors to hold liens on or other interests in the assets and a statement indicating that all such liens or interests are capable of monetary satisfaction; (e) the major economic terms and conditions of the proposed sale; and (f) instructions consistent with the terms described below regarding the procedures to assert objections to the proposed sale.

vi. Any Objection to the proposed sale of Miscellaneous Assets must: (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be served on (A) counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn.: Mark D. Collins, Esq. and Michael J. Merchant, Esq.), (B) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn.: Timothy Jay Fox, Jr., Esq. and Richard L. Schepacarter, Esq.), (C) proposed counsel to the Official Committee of Unsecured Creditors, Brown Rudnick LLP, Seven Times Square, New York, New York, 10036 (Attn.: H. Jeffrey Schwartz, Esq. and Bennett S. Silverberg, Esq.) and The Rosner Law Group LLC, 824 Market Street, Suite 810, Wilmington, Delaware 19801 (Attn.: Frederick B. Rosner, Esq. and Julia B. Klein, Esq.), (D) proposed counsel to the Official Committee of Student Creditors, Robins Kaplan LLP, 2049 Century Park East, Suite 3400, Los Angeles, California 90067 (Attn.: Scott F. Gautier, Esq., Lorie A. Ball, Esq., and Cynthia C. Hernandez, Esq.) and Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801 (Attn.: Christopher A. Ward, Esq. and Shanti M. Katona, Esq.), and (E) counsel to Bank of America, N.A, Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 (Attn.: Jennifer C. Hagle, Esq. and Anna Gumport, Esq.) and Potter Anderson Corroon LLP, 1313 North Market Street, Sixth Floor, P.O. Box 951, Wilmington, Delaware 19899 (Attn.: Jeremy W. Ryan, Esq. and Etta R. Mayers, Esq.), so as to be received within seven (7) calendar days of the date of service of the Sale Notice.

vii. If no Objections are received by the Debtors within seven (7) calendar days of the date of service of the Sale Notice, the Debtors may immediately consummate the sale.

viii. If an Objection is timely received by the Debtors and cannot be resolved consensually, then the Miscellaneous Asset(s) may only be sold or transferred upon further order of the Court, after notice and a hearing, or resolution of the Objection.

5

3. The Debtors must file a written report (a "**Quarterly Report**") with the Court and serve a copy of the Quarterly Report on the Interested Parties, beginning with the period ending on June 30, 2015, and at three-month intervals thereafter, no later than 30 days after the end of such period, concerning any such Miscellaneous Asset sales made during the period pursuant to the Miscellaneous Asset Sale Procedures, including the name(s) of the purchasing parties and the types and amounts of the sales.

4. Sales to "insiders," as that term is defined in Bankruptcy Code section 101, are not approved by this Order.

5. Buyers shall take title to the assets free and clear of all liens, claims, encumbrances, and other interests, pursuant to section 363(f) of the Bankruptcy Code. All such liens, claims, encumbrances, and other interests shall attach to the proceeds of the sale to the extent the underlying security agreement provides for the continuation of such liens, claims, encumbrances, and other interests, with the same validity and priority as with respect to the assets.

6. Any holder of a Lien who did not object, or who withdrew its objection, to the sale of Miscellaneous Assets are deemed to have consented to such sale under Bankruptcy Code section 363(f)(2).

7. The sale of any Miscellaneous Assets shall be deemed arm's-length transactions, and the purchasers of such assets shall be entitled to the protections of Bankruptcy Code section 363(m).

8. Nothing in the Miscellaneous Asset Sale Procedures prevents the Debtors, in their sole discretion, from seeking the separate approval of this Court, at any time, of any

proposed sale upon notice and a hearing, independent of the Miscellaneous Asset Sale Procedures.

9. The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion

10. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2015
        Wilmington, Delaware

                                THE HONORABLE KEVIN J. CAREY
                                UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**Form of Sale Notice**

RLF1 12063454v.3

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.*[1]<br><br><br>         Debtors. | § <br> §    Chapter 11 <br> § <br> §    Case No. 15-10952 (KJC) <br> § <br> §    Jointly Administered <br> § |

## NOTICE OF PROPOSED SALE OF MISCELLANEOUS ASSETS PURSUANT TO THE MISCELLANEOUS ASSET SALE PROCEDURES

**PLEASE TAKE NOTICE** that, on May 4, 2015, Corinthian Colleges, Inc. and certain of its affiliated debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2015, the Court entered an order (the "**Miscellaneous Asset Sale Order**", D.I. [___]), a copy of which is attached hereto as Exhibit A, authorizing the Debtors to sell or transfer certain miscellaneous assets pursuant to the procedures set forth in the Miscellaneous Asset Sale Order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Miscellaneous Asset Sale Order, the Debtors propose to sell the following assets (the "**Assets**") to [_____] (the "**Purchaser**") pursuant to an agreement dated [_____, _____] (the "**Purchase Agreement**").

**Debtor Which Owns the Assets.** [_____].

**Description of the Assets**. The Assets consist of [_____].

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

RLF1 12063454v.3

**Purchase Price**. The Purchaser has agreed to pay a purchase price of $[_____] for the Assets.

**Significant Terms and Conditions of the Purchase Agreement**. Pursuant to the Purchase Agreement [_____].

**Known Parties Holding Liens or Other Interest in the Asset.** [_____].

**PLEASE TAKE FURTHER NOTICE** that this Notice is being provided in accordance with, and sets forth the information required under, the Miscellaneous Asset Sale Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtors propose to sell the Assets to Purchaser on an "as is, where is" basis, free and clear of all liens, claims, interests, and encumbrances pursuant to Bankruptcy Code section 363(f) (the "**Proposed Sale**").

**PLEASE TAKE FURTHER NOTICE** that any objection to the Proposed Sale (an "**Objection**") must: (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be served on on (A) counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn.: Mark D. Collins, Esq. and Michael J. Merchant, Esq.), (B) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn.: Timothy Jay Fox, Jr., Esq. and Richard L. Schepacarter, Esq.), (C) proposed counsel to the Official Committee of Unsecured Creditors, Brown Rudnick LLP, Seven Times Square, New York, New York, 10036 (Attn.: H. Jeffrey Schwartz, Esq. and Bennett S. Silverberg, Esq.) and The Rosner Law Group LLC, 824 Market Street, Suite 810, Wilmington, Delaware 19801 (Attn.: Frederick B. Rosner, Esq. and Julia B. Klein, Esq.), (D) proposed counsel to the Official Committee of Student Creditors, Robins Kaplan LLP, 2049 Century Park East, Suite 3400, Los Angeles, California 90067 (Attn.: Scott F. Gautier, Esq., Lorie A. Ball, Esq., and Cynthia C. Hernandez, Esq.) and Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801 (Attn.: Christopher A. Ward, Esq. and Shanti M. Katona, Esq.), and (E) counsel to Bank of America, N.A, Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 (Attn.: Jennifer C. Hagle, Esq. and Anna Gumport, Esq.) and Potter Anderson Corroon LLP, 1313 North Market Street, Sixth Floor, P.O. Box 951, Wilmington, Delaware 19899 (Attn.: Jeremy W. Ryan, Esq. and Etta R. Mayers, Esq.), so as to be received on or before **[_____, _____]** (the "**Objection Deadline**").

2

3

**PLEASE TAKE FURTHER NOTICE** that if no Objections are received by the Debtors by the Objection Deadline, then the Debtors may proceed with the Proposed Sale in accordance with the terms of the Miscellaneous Asset Sale Order.

Dated: [_____]
Wilmington, Delaware

                      Mark D. Collins (No. 2981)
                      Michael J. Merchant (No. 3854)
                      Marisa A. Terranova (No. 5396)
                      Amanda R. Steele (No. 5530)
                      RICHARDS, LAYTON & FINGER, P.A.
                      920 N. King Street
                      Wilmington, Delaware 19801
                      Telephone:  302-651-7700
                      Facsimile:  302-651-7701
                      Email:  collins@rlf.com
                                merchant@rlf.com
                                terranova@rlf.com
                                steele@rlf.com

                      Attorneys for the Debtors and Debtors in Possession

RLF1 12063454v.3