## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x

|   |   |   |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Corinthian Colleges, Inc., *et al.,*[1] | : | Case No. 15-10952 (KJC) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

----------------------------------------------------------------x

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Corinthian Colleges, Inc. (Case No. 15-10952 (KJC)) ("Corinthian" or the "Company") and its twenty four domestic direct and indirect subsidiaries (together with Corinthian, the "Debtors") submit their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") pursuant to section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On May 4, 2015 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly under case number 15-10952 (KJC). The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules and Statements were prepared by the Debtors' management and are unaudited. While those members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after

---

[1]     The Debtors are the following twenty five entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Corinthian Colleges, Inc. (7312), Everest College Phoenix, Inc. (6173), Heald College, LLC (9639), Ashmead Education, Inc. (9120), Career Choices, Inc. (1425), CDI Education USA, Inc. (0505), Corinthian Property Group, Inc. (2106), Corinthian Schools, Inc. (0525), ECAT Acquisition, Inc. (7789), ETON Education, Inc.(3608), Florida Metropolitan University, Inc. (7605), Grand Rapids Educational Center, Inc. (2031), Heald Capital, LLC (6164), Heald Education, LLC (1465), Heald Real Estate, LLC (4281), MJB Acquisition Corporation (1912), Pegasus Education, Inc. (2336), Quickstart Intelligence Corporation (5665), Rhodes Business Group, Inc. (6709), Rhodes Colleges, Inc. (7311), SD III-B Heald Holdings Corp. (9707), Sequoia Education, Inc. (5739), Socle Education, Inc. (3477), SP PE VII-B Heald Holdings Corp. (0115), and Titan Schools, Inc. (3201).

reasonable inquiries, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements.  Accordingly, the Debtors reserve their right to amend and/or supplement their Schedules and Statements from time to time as may be necessary or appropriate and they will do so as information becomes available.

These Global Notes and Statement of Limitations, Methodology and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

## General Comments

**Reservation of Rights.**  The Debtors reserve the right to dispute, or to assert setoff or other defenses to, any claim reflected in the Schedules and Statements as to amount, liability and classification.  The Debtors also reserve all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in their Schedules and Statements.

**Basis of Presentation**.  The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor.  For financial reporting purposes, Corinthian historically has prepared consolidated financial statements, which included financial information for all of its subsidiaries and which in the past have been audited annually.  Unlike the consolidated financial information used for the Company's financial reporting purposes, the Schedules and Statements reflect the assets and liabilities of each individual Debtor based on such Debtor's non-audited book and tax records.  In separating out information among Debtors, the Debtors were required to make certain assumptions about the responsibility for liabilities of certain Debtors because specific documentation identifying the particular Debtor that was responsible for a liability was not readily available in every instance.  Corinthian does not, other than annually on an unaudited, non-GAAP (defined below) basis for tax return compliance purposes, prepare individual financial statements for its subsidiaries and the Debtors do not maintain full, separate, stand-alone accounting records for each Debtor in their general ledger.  Therefore, audited financial statements and supporting schedules have not been prepared for each Debtor.  These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors or various equity holders on an intermittent basis.  It should also be noted that the Debtors use a consolidated cash management system through which the Debtors pay substantially all liabilities and expenses.

The Schedules and Statements have been signed by Robert C. Owen, Executive Vice President, Chief Financial Officer, Treasurer, and Assistant Secretary of every debtor entity with the exception of Corinthian Colleges, Inc. (Executive Vice President and Chief Financial Officer), Heald College, LLC (Chief Accounting Officer), and Quickstart Intelligence Corporation (Executive Vice President, Treasurer, and Director).  In reviewing and signing the Schedules and

Statements, Mr. Owen has necessarily relied upon the efforts, statements and representations of the accounting and non-accounting personnel located at the Debtors' offices who report to Mr. Owen, either directly or indirectly, and those accounting and non-accounting personnel located at Zenith Education Group, Inc. ("Zenith") who are responsible for maintaining the accounting records of the Debtors under that certain transaction services agreement ("TSA") between certain Debtors and Zenith pursuant to that certain Asset Purchase Agreement ("APA") dated November 19, 2014, between certain Debtors and Zenith.  Mr. Owen has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

**Date of Valuations**.  Except as otherwise noted in the Schedules and Statements, all liabilities are valued as of May 4, 2015 and all assets as of April 30, 2015.  The Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts and expenses to the appropriate Debtor entity "as of" such dates.  All values are stated in United States currency except for a few bank accounts that are held in Canadian currency.  In some instances, the Debtors have used estimates or pro-rated amounts where actual data as of the aforementioned dates was not available.  The Debtors have made a reasonable effort to allocate liabilities between the pre- and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and post-petition periods and amend the Schedules and Statements accordingly.

**Book Value.**  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting and/or tax books and records as of (i) April 30, 2015 for asset values and (ii) the May 4, 2015 for liability values.  Therefore, unless otherwise noted, the Schedules are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values.  It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests.

Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers.  As such, the detail includes error corrections and value adjustments (shown as negative values or multiple line items for an individual asset ID).  The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date, but reserve their right to re-evaluate such values during their chapter 11 cases and take appropriate impairment charges, in accordance with GAAP, to accurately reflect the carrying values.

**Property and Equipment – Owned.**  Owned property and equipment are recorded at cost.  Depreciation and amortization are calculated based on common depreciation methods and depreciable periods ranging from 3 to 39 years.  Although accelerated depreciation methods may be used for tax reporting purposes, the Schedules and Statements reflect straight-line methods.

**Causes of Action.**  The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and

neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Litigation.**   Certain litigation actions (the "Litigation Actions") reflected as claims against a particular Debtor may relate to any of the other Debtors.   The Debtors have made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor that is the party to the Litigation Action as of the Petition Date.   The inclusion of any Litigation Action in these Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action and the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

**Application of Vendor Credits.**   In the ordinary course of their businesses, the Debtors apply credits against amounts otherwise due to vendors.   These credits arise because, among other matters, (i) materials ordered and paid for may not be delivered, (ii) materials delivered may be damaged or unusable and (iii) vendors provide volume rebates and cash discounts.   Certain of these credits are subject to change.   Vendor claims are listed at the amounts entered on the Debtors' books and records, which may or may not reflect credits or allowances due from such creditors to the Debtors.   The Debtors reserve all of their rights respecting such credits and allowances.

**Claims.**   Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of May 4, 2015.   The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced.   By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all un-invoiced vendor charges.   To the extent that a claim of a particular vendor is an aggregate of multiple invoices, the Debtors have reflected the claim with a date of "various."

The Debtors intentionally have not included "non-cash" accruals, *i.e.* accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments, in the Schedules and Statements.

The Bankruptcy Court has authorized the Debtors, among other matters, to (i) pay prepetition wages, salaries, employee benefits and other related obligations and (ii) pay certain prepetition sales, use and other taxes.   While the Debtors have made their best efforts to reflect the claims, by vendor, net of these various adjustments as well as "vendor credits" discussed above, the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements.   Moreover, the Debtors have not attempted to reflect any alleged recoupments in the claims of utility companies or other parties holding prepetition deposits that may assert (or have asserted) a recoupment right.

As discussed above, Corinthian entered into that certain APA with Zenith. That APA included a provision for a working capital adjustment under which Zenith would pay certain pre-petition liabilities of Corinthian. As a result, some liabilities that were outstanding as of the Petition Date may be satisfied by Zenith post-petition pursuant to the working capital adjustment under that APA.

RLF1 12088007v.1
RLF1 12094610v.1

Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," "or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to (i) object to or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses to, any claim reflected on the Schedules as to amount, liability or classification or (ii) otherwise to designate subsequently any claim as "disputed," "contingent" or "unliquidated."

**Employee Claims.** The Bankruptcy Court entered an order granting authority to, but not requiring, the Debtors to pay prepetition employee wages, salaries, benefits and other related obligations. The Debtors currently expect that certain prepetition employee claims for wages, salaries, benefits, workers' compensation, and other related obligations either have been or will be paid in the ordinary course of business and therefore, the Schedules and Statements do not include claims that were paid and cleared post-petition. The Debtors expect that some amounts included on the schedules will be satisfied post-petition in the ordinary course pursuant to the authority granted to the Debtors to pay prepetition wages, salaries, benefits and other related obligations. The Debtors have listed claims related to (i) pre-petition employee outstanding checks as of June 5, 2015, (ii) uncashed employee stale checks, (iii) long term incentive program, (iv) deferred compensation, and (v) employee contracts in Schedules E and F. Notwithstanding the foregoing, the Debtors reserve their rights to evaluate whether to modify or terminate any employee plan or program and modify or terminate, with respect to discretionary obligations, or seek to modify or terminate any such plans or programs. In the event that any employee plans or programs are modified or terminated, or sought to be modified or terminated, affected employees would receive by mail notice thereof, thereby allowing any such affected party to assert claims against the Debtors arising therefrom.

**Addresses of Employees and Students.** The Debtors have listed the addresses of their current employees (and former directors and officers) as the Debtors' corporate address and redacted their students' addresses to protect the privacy of the Debtors' employees and students. The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' employees and students.

**Intercompany Payables/Receivables.** As mentioned above, the Debtors do not maintain stand-alone financials for each legal entity except for tax return compliance purposes. For purposes of these Schedules and Statements, the Debtors have reported intercompany payables and receivables on Schedules B-16 and F as a net balance payable or receivable between the various Debtors.

_____

RLF1 12088007v.1
RLF1 12094610v.1

**Schedules**

**Schedule A – Real Property**

The information presented represents the owned real property of the Debtors. Debtors, Titan Schools, Inc. and MJB Acquisition Corp., own two parcels of undeveloped land in the Laramie River Business Park in Laramie, WY. The land was transferred to the Debtors when they purchased the outstanding stock of Wyo-Tech Acquisition Corporation in July 2002 and the Debtors did not record a separate cost or market value for the land in its books and records with respect to the purchase transaction. As of the Petition Date, this asset was reflected with an "undetermined" value in the schedules.

**Schedule B – Personal Property**

Item 2 – Bank Accounts.

The Debtors included three separate, segregated escrow accounts with Citibank, N.A. in the Schedules and Statements. One escrow account is a reserve fund established between Corinthian and the Department of Education to be used exclusively for student refunds. The other two accounts are related to escrow accounts for certain adjustment and indemnification obligations pursuant to the Zenith APA. While Corinthian is a party to the escrow accounts, the escrow accounts are not Debtor bank accounts.

The Debtors included bank accounts with Bank of America for receipt of state grant funds from California, Arizona, and New York in the Schedules and Statements. These accounts are custodial, off balance sheet accounts where states deposited funds pending determination of student eligibility. It is anticipated that most, if not all, of the funds in these accounts will revert back to the states.

There is a separate Rabbi Trust bank account for the Debtors' Deferred Compensation Plan (the "Deferred Compensation Plan") governed by that certain Master Trust Agreement dated April 1, 2013 between Corinthian Colleges, Inc. and First American Trust, FSB (the "Trustee"). This bank account has not been included in the Schedules and Statements since it is not in the name of the Debtors and is separately managed by the Trustee for the benefit of the beneficiaries (John Mathias, Evelyn A. Schemmel, and Michelle Lee Reed Zagorski) of the deferred compensation plan.

Item 9 – Interests in Insurance Policies. The Debtors maintain certain insurance policies essential to its continued operations, including, but not limited to, property, casualty, motor vehicle and general liability, and director and officer insurance policies. The terms of the policies are similar to insurance policies typically maintained by corporate entities that are similar in size and nature to the Company. The Company's insurance policies generally are structured to provide coverage for all of its direct and indirect subsidiaries and affiliates. Also, the Debtors have an insurance policy with American Zurich Insurance Company ("Zurich"), which is secured by a $6.5 million letter of credit from Bank of America, N.A, to cover pre-petition workers' compensation claims. The Debtors do not know whether the pre-petition workers compensation claims will exceed the $6.5 million letter of credit.

RLF1 12088007v.1
RLF1 12094610v.1

Item 13 – Stock and Interests in Incorporated and Unincorporated Businesses.  Each Debtor's Schedule B includes its ownership interests, if any, in direct subsidiaries.  In general, the value of such stock is dependent upon the calculated value of the underlying subsidiaries' equity and profits and losses over time.  Since (i) investment in subsidiaries and intercompany balances are not maintained on a subsidiary-by-subsidiary basis in Corinthian's general ledger and (ii) the Debtors did not undertake a historical analysis to assign values to the subsidiary stock, the value of the subsidiary stock is listed as "undetermined".  The Debtors' consolidated balance sheet listed investment in subsidiary balances for certain entities, including Corinthian Colleges, Inc., Heald College, LLC, Florida Metropolitan University, Inc. and Rhodes College, Inc., which was eliminated upon consolidation.  The stand-alone investment in subsidiary balances for these specific entities have been listed in the Schedules and Statements.

Item 16 – Accounts Receivable.  Because the detailed trade accounts receivable are reflective of the Debtors' proprietary customer lists (which primarily consist of receivables from students for educational services that have been delivered), trade accounts receivable are reported in the aggregate only. The Debtors reserve all of their rights with respect to such credits and allowances.

Item 18 – Other Liquidated Debts Owed to Debtor Including Tax Refunds.  This item includes the Debtors' calculated tax refunds from various taxing authorities.

Item 22 – Patents, Copyrights, and Other Intellectual Property.  The Debtors have made their best efforts to identify and list all patents, copyrights and other intellectual property.  As of the Petition Date, these assets were reflected in the Debtors' ledger with zero dollar values, and on these schedules with "undetermined" as the value.

Item 24 – Customer Lists.  The customer list contains confidential commercial information. Pursuant to 11 U.S.C. §107(b), the list will not be included in the Schedules of Assets. Additionally, under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232(g) and 34 C.F.R. § 99, schools are generally required to obtain written permission from a parent or eligible student in order to release any information from the student's education record. The customer list contains information protected by FERPA. Accordingly, the list will not be included in the schedules of assets.

Item 30 – Inventory.  As discussed above, Corinthian entered into that certain APA with Zenith. Pursuant to the APA, the Debtors' inventory for the schools that were sold was included as part of the purchased assets that was transferred to Zenith.  The inventory that was not sold primarily consisted of enrollment materials and was consumed by the remaining schools. The Debtors' books and records reflect no inventory balances as of April 30, 2015.  Consequently, the Debtors have not attempted to report inventory information in the Schedules and Statements.

Item 35 – Other Personal Property.  The Schedules and Statements include an asset "Other Non-Current Assets – Receivables from Campus Student Funding, LLC Program".  The Debtors entered into a loan origination agreement with Campus Student Funding, LLC ("Campus Student Funding") for the purpose of creating a private education discount loan program for the Debtors' students.  Under the agreement, an unaffiliated bank made private education loans to eligible students and, subsequently, sold those loans to Campus Student Funding.  Also, the Debtors have guaranteed to purchase any of the student notes from Campus Student Funding on which no

-7-

payment has been made for over 90 days.  The Debtors have recorded a net long-term receivable on its books and records for the sum of all future loan payments expected to be received from student borrowers by the Debtors to account for this loan program. The receivable should be paid to the Debtors as Campus Student Funding receives student payments in excess of the initial principal balance, less discount paid. The Debtors have also recorded a short-term payable on its books and records for amounts owed to Campus Student Funding for loans on which no payment has been made for 90 days under the guarantee. The receivable has been listed as an asset in Schedule B - Item 35 and the related claim of Campus Student Funding has been listed in Schedule D.

## Schedule D – Creditors Holding Secured Claims

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors.  No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

## Schedule E – Creditors Holding Unsecured Priority Claims

Certain of the claims of state and local taxing authorities set forth in Schedule E, which the Debtors have designated as contingent, disputed and unliquidated, ultimately may be deemed to be secured claims pursuant to state or local laws.

Certain of the claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits.  The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule E does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

## Schedule G – Executory Contracts and Unexpired Leases

The businesses of the Debtors are complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The Debtors hereby

reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary.  Furthermore, the Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on these Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein.  Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.  Certain of the executory agreements may not have been memorialized and could be subject to dispute.  Executory agreements that are oral in nature have been scheduled to the best of the Debtors' knowledge.  Because most of the Debtors' purchase orders are short term and have been or will soon be fully performed, Schedule G does not include purchase orders in existence as of the Petition Date.  Certain executory contracts entered with Corinthian Colleges, Inc. and its subsidiaries may have been listed in Schedule G of the parent debtor, Corinthian Colleges, Inc., only and not its subsidiary debtors.  Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements.  Such agreements, if any, are not set forth in Schedule G.  Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

The Debtors included an Assignment, Assumption and Consent Agreement between Ricoh USA, Inc. ("Ricoh") and Corinthian Colleges, Inc. and Zenith Education Group, Inc. in Schedule G. Corinthian Colleges agreed to assign leases to Zenith for certain multi-function devices, copiers and other equipment.  Although the agreement was not executed, Ricoh has not billed the Debtors for the equipment that was intended to be assumed.

**Statements**

Questions 1 (Income from Employment or Operation of Business) and 2 (Income Other than from Employment or Operation of Business).  As mentioned above, the Debtors do not maintain stand-alone financials for each legal entity except for tax return compliance purposes.  For purposes of these Statements, the Debtors have reported book net operating income as calculated for corporate income tax return compliance purposes.

Question 3b – Payments to Creditors.  As indicated above, the Debtors do not maintain day-to-day, stand-alone financial records for each legal entity except for certain tax return compliance purposes.  Further, the Debtors process all of their disbursements through a consolidated, centralized processing facility without regard for the individual Debtor entity involved.

Consequently, for purposes of these Schedules and Statements, the Debtors have attempted to allocate and assign the payments made to creditors in the 90 days preceding the Petition Date to the individual Debtor entities based on (i) the nature of the payment and (ii) the entity receiving the benefit of the payment.  The responses to this question 3b reflect the creditor's payment activity by payment date as opposed to cleared date and by vendor/creditor code as it appears in the Debtors' payment register.  As such, the information includes associated credit memo information.  It may not reflect any subsequent stop payment or void information.  Neither does it reflect any payroll/payroll tax related payments during the 90 days preceding May 4, 2015.  The analysis of the creditor payments related to the $6,225 threshold was completed based on the consolidated creditor information prior to allocating and assigning the payments to the individual Debtors.  Therefore, a response to question 3b may include creditors with aggregated payment amounts of less than $6,225.

As discussed above, Corinthian entered into that certain APA with Zenith. That APA included a provision for a working capital adjustment under which Zenith has made payments to Corinthian's vendors within 90 days preceding the Petition Date.  Zenith also agreed to pay $7.5M on behalf of Corinthian to Balboa Student Loan Trust ("Balboa") pursuant to the closing memorandum under the APA.  The payment was on account of student refund obligations that Corinthian owed to Balboa with respect to the sale of a portfolio of student loans to Turnstile Capital Management, LLC which was subsequently transferred to Balboa.  These payments were made by Zenith to Corinthian's creditors pursuant to the APA and as such are not included in the responses to question 3b.

Question 7 – Gifts and Charitable Contributions.  To the extent information regarding gifts and charitable contributions is available, the Debtors have included it in the Statements.  In the ordinary course of business, the Debtors make certain immaterial gifts and/or charitable contributions (both cash and goods, including sponsorships) at their local sites which are neither recorded at the corporate level nor separately classified for tax purposes.  The Debtors' Schedules and Statements do not include information regarding such amounts.

Question 13 – Setoffs.  The Debtors have provided information related to their loan origination agreement with Campus Student Funding, LLC. The Debtors, in the ordinary course of business with their vendors and under the TSA with Zenith Education Group, frequently exercise rights of set-off with respect to such parties. The Debtors also accepted payment in their various facilities in the form of credit cards and were involved in setoff transactions every day.  It would be unduly burdensome for the Debtor to identify each set-off separately for purposes of the Statement of Financial Affairs.

Question 14 – Property Held for Another Person. The property listed on this exhibit is owned by various vendors and is leased for use by the Debtors.  The property includes copiers, printers, postage meters, and computer equipment.

Question 17 – Environmental Information.  The Debtors have not conducted a thorough review of prepetition environmental matters.  Accordingly, the Debtors have provided the environmental information to the best of their ability based on information compiled prior to the Petition Date.

-10-

Question 19 – Books, Records and Financial Statements.

Question 19b - Auditors.  Ernst &Young and Weworski & Associates have been the Debtors' auditors within the two years prior to the Petition Date.  Ernst & Young provided services to audit the Debtors' financial statements and internal controls over financial reporting.  Weworski & Associates provided services to audit the Debtors' Student Financial Assistance programs (e.g. Federal Pell Grant Program, Federal Perkins Loan Program, Federal Work-Study Program, etc.).

Question 19d – Financial Statement Recipients.  From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.  Recipients have included regulatory agencies, financial institutions, investment banks, customers, vendors, unions, debtholders and their legal and financial advisors.  Financial statements have also been available to the public through SEC filings and provided to other parties as requested.  Rather than provide an extensive list of financial statement recipients (a process that would prove onerous for the Debtors), the Debtors offer this Global Note.

Question 20a and 20b – Inventories.  See comment in Schedule B – Item 30 above.

Question 23 – Distributions by a Corporation (Including to Insiders).  The Debtors have reflected payments and distributions to insiders on the Statement of each Debtor, as applicable.  The amounts presented on the Statements are reflective of the net payments received by each of the reported insiders. Additionally, Rupert Altschuler is a listed officer of Corinthian with the title Division President, Everest Canada. Consequently, Mr. Altschuler's payroll, expenses, and other distributions were made through the Debtors' Canadian subsidiary, Everest Colleges Canada, Inc. Everest Colleges Canada, Inc. and its subsidiary Career Canada C.F.P. filed for Canadian bankruptcy protections under the Bankruptcy and Insolvency Act on February 20, 2015. Since these debtors are not included in this bankruptcy filing, these distributions are not included in these Statements.


***END OF GLOBAL NOTES***

**SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

RLF1 12088007v.1
RLF1 12094610v.1

B7 (Official Form 7) (04/13)

# STATEMENT OF FINANCIAL AFFAIRS

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF DELAWARE

In re  **MJB Acquisition Corporation**                                            Case No.  15-10971

Debtor                                                                    (if known)

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as  "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*Definitions*

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately proceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. § 101(2), (31).

### 1.  Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $ 262,006.48 | OPERATIONS 07/01/2014 - 04/30/2015 |
| $ (2,805,463.60) | OPERATIONS 07/01/2013 - 06/30/2014 |
| $ 1,950,424.84 | OPERATIONS 07/01/2012 - 06/30/2013 |

B7 (04/13)

# STATEMENT OF FINANCIAL AFFAIRS

In re  MJB Acquisition Corporation

Case No.   15-10971

**2. Income other than from employment or operation of business**

None ☐  State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $  (1,862,715.41) | IMPAIRMENT LOSS<br>7/1/2014 - 4/30/2015 |
| $  (87,562.82) | IMPAIRMENT LOSS<br>7/1/2013 - 6/30/2014 |
| $  (217.00) | IMPAIRMENT LOSS<br>7/1/2012 - 6/30/2013 |

**3. Payments to creditors**

None ☒  Complete a. or b., as appropriate, and c.

a.  Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITORS | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐  b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAMES AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| BLAKE BROS., LLC<br>1660 N. 4TH STREET, SUITE C<br>LARAMIE, WY 82072 | 02/17/2015 | $19,030.78 | |
| COCO (WY) QRS 16-51, INC.<br>C/O W.P. CAREY & CO. LLC<br>50 ROCKEFELLER PLAZA 2ND FL.<br>NEW YORK, NY 10020 | 02/04/2015 | $21,401.84 | |
| COCO-DORM ( PA ), LP<br>FIRST COMMONWEALTH BANK<br>C/O ROBIN L. MCCORMICK, COMMERCIAL<br>PORTFOLIO SPEC. H<br>INDIANA, PA 15701 | 02/04/2015 | $9,872.72 | |
| FALL CREEK PROPERTIES, LLC<br>C/O MIKE COOLEY<br>4579 BROADVIEW COURT<br>CASTLE ROCK, CO 80109 | 02/25/2015<br>02/25/2015 | $10,680.00<br>$53,160.00 | |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B7 (04/13)

# STATEMENT OF FINANCIAL AFFAIRS

In re  MJB Acquisition Corporation                                           Case No.   15-10971

---

None
[X]  c.  All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAMES AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
[ ]  a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

PLEASE SEE ATTACHED SOFA 4A EXHIBIT

None
[X]  b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5.  Repossessions, foreclosures and returns**

None
[X]  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OF RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6.  Assignments and receiverships**

None
[X]  a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

B7 (04/13)

## STATEMENT OF FINANCIAL AFFAIRS

In re  MJB Acquisition Corporation                                    Case No.   15-10971

None
[X]  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None
[X]  List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None
[X]  List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCE AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None
[X]  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

B7 (04/13)

## STATEMENT OF FINANCIAL AFFAIRS

In re  MJB Acquisition Corporation                                             Case No.   15-10971

---

**10. Other transfers**

None ☐  a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFERREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| HILCO INDUSTRIAL, LLC 50 MONROE AVE. NW, SUITE 450 GRAND RAPIDS, MI 49503 | 9/11/2014 | OFFICE EQUIPMENT AND MACHINERY AT WYOTECH SACRAMENTO FACILITY $ 700,000.00 |
| STORE CAPITAL ACQUISITIONS, LLC 8501 E. PRINCESS DR. SCOTTSDALE, AZ 85255 | 2/25/2015 | WYOTECH BLAIRSVILLE LAND AND BUILDINGS 500 INNOVATION DRIVE, 15 TECHNOLOGY DRIVE, BLAIRSVILLE, PA LOT: 2, 3, 4, 7, 8, 9, 16, 17 $15,563,851.97 |
| ZENITH EDUCATION GROUP 1 IMATION PLACE, BUILDING 2 OAKDALE, MN 55128 | 2/2/2015 | EVEREST PLUS ASSET SALE  $24,000,000.00 |

THE PAYMENT OF $24,000,000 FOR THE ASSET SALE (THAT CLOSED ON FEBRUARY 2, 2015) BETWEEN ZENITH EDUCATION GROUP AND CORINTHIAN COLLEGES, INC. WAS THE ENTIRE PURCHASE PRICE FOR ASSETS OF ALL ENTITIES SUBJECT TO THE TRANSACTION. THE PURCHASE PRICE IS SUBJECT TO (I) THE ESTIMATED CLOSING WORKING CAPITAL ADJUSTMENT ($3,500,000 SUBJECT TO ADJUSTMENT), (II) THE INDEMNIFICATION ESCROW AMOUNT ($8,000,000), (III) THE ADJUSTMENT ESCROW AMOUNT ($500,000), AND (IV) THE PAYMENT TO THE UNITED STATES DEPARTMENT OF EDUCATION ($12,000,000) PURSUANT TO THAT CERTAIN ASSET PURCHASE AGREEMENT.

---

None ☒  b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

B7 (04/13)

# STATEMENT OF FINANCIAL AFFAIRS

In re  MJB Acquisition Corporation

Case No.  15-10971

## 11.  Closed financial records

None ☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| S&T BANK<br>P.O. BOX 190<br>INDIANA, PA 15701 | DBA WYOTECH/ OPERATING ACCOUNT<br>475 DEPOSITORY<br>XXXXXX0218<br>$0.00 | 01/31/2015 |
| BANK OF THE WEST<br>NEWPORT BEACH OFFICE #748<br>4400 MACARTHUR BLVD., SUITE 150<br>NEWPORT BEACH, CA 92660 | DBA WYOTECH<br>LARAMIE DEPOSITS<br>XXXXXX8269<br>$0.00 | 02/09/215 |
| BANK OF THE WEST<br>NEWPORT BEACH OFFICE #748<br>4400 MACARTHUR BLVD., SUITE 150<br>NEWPORT BEACH, CA 92660 | WYOTECH -LARAMIE<br>FEDERAL FUNDS- PERKINS<br>XXXXXX2135<br>$0.00 | 04/15/2015 |
| BANK OF THE WEST<br>NEWPORT BEACH OFFICE #748<br>4400 MACARTHUR BLVD., SUITE 150<br>NEWPORT BEACH, CA 92660 | WYOTECH -LARAMIE<br>FEDERAL FUNDS - ED PAY<br>XXXXXX2226<br>$0.00 | 04/15/2015 |
| BANK OF THE WEST<br>NEWPORT BEACH OFFICE #748<br>4400 MACARTHUR BLVD., SUITE 150<br>NEWPORT BEACH, CA 92660 | WYOTECH -LARAMIE<br>FEDERAL FUNDS - DIR LOAN<br>XXXXXX2259<br>$0.00 | 04/15/2015 |

## 12.  Safe deposit boxes

None ☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAME AND ADDRESSES OF THOSE WITH ACCESS TO THE BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

B7 (04/13)

# STATEMENT OF FINANCIAL AFFAIRS

In re  MJB Acquisition Corporation                                        Case No.   15-10971

**13. Setoffs**

None ☐

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

THE DEBTORS HAVE PROVIDED INFORMATION RELATED TO THEIR LOAN ORIGINATION AGREEMENT WITH CAMPUS STUDENT FUNDING, LLC.  THE DEBTORS, IN THE ORDINARY COURSE OF BUSINESS WITH THEIR VENDORS AND UNDER THEIR TRANSACTION SERVICES AGREEMENT PURSUANT TO THE ASSET PURCHASE AGREEMENT WITH ZENITH EDUCATION GROUP, FREQUENTLY EXERCISE RIGHTS OF SET-OFF WITH RESPECT TO SUCH PARTIES. THE DEBTORS ALSO ACCEPTED PAYMENT IN THEIR VARIOUS FACILITIES IN THE FORM OF CREDIT CARDS AND WERE INVOLVED IN SETOFF TRANSACTIONS EVERY DAY.  IT WOULD BE UNDULY BURDENSOME FOR THE DEBTOR TO IDENTIFY EACH SET-OFF SEPARATELY FOR PURPOSES OF THE STATEMENT OF FINANCIAL AFFAIRS.

**14. Property held for another person**

None ☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None ☒

If debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATE OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None ☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

B7 (04/13)

# STATEMENT OF FINANCIAL AFFAIRS

In re  MJB Acquisition Corporation                                    Case No.   15-10971

**17. Environmental Information**

None ☐

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☐

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| WYOMING TECHINCAL INSTITUTE - LARAMIE 4389 N. 3RD LARAMIE, WY 82072 | UNITED STATE ENVIRONMENTAL PROTECTION AGENCY - REGION 8 1595 WYNKOOP STREET DENVER, CO 80202 | 11/07/2011 | 40 C.F.R. § 141.403(A) |

None ☒

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒

c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

B7 (04/13)

# STATEMENT OF FINANCIAL AFFAIRS

In re  MJB Acquisition Corporation                                        Case No.   15-10971

**18.  Nature, location, and name of business**

None
[X]
a.  If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME AND ADDRESS | LAST FOUR DIGITS OF SOC. SEC. NO./COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | NATURE OF BUSINESS | BEGINNING AND ENDING DATES OF OPERATION |
| --- | --- | --- | --- |

None
[X]
b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
| --- | --- |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

B7 (04/13)

# STATEMENT OF FINANCIAL AFFAIRS

In re  MJB Acquisition Corporation                                      Case No.  15-10971

---

**19. Books, records and financial statements**

None ☐  a.  List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
| --- | --- |
| ROBERT KENYON - VP AND CONTROLLER 6 HUTTON CENTRE DRIVE SUITE 400 SANTA ANA, CA 92707 | 04/24/2006 - 02/02/2015 |
| ROBERT KENYON - SVP FINANCE, CHIEF ACCOUNTING OFFICER OF ZENITH EDUCATION GROUP 5 HUTTON CENTRE DRIVE SUITE 500 SANTA ANA, CA 92707 | 02/02/2015 - PRESENT |
| ROBERT C. OWEN - EXECUTIVE VICE PRESIDENT, CHIEF FINANCIAL OFFICER, TREASURER AND ASSISTANT SECRETARY 6 HUTTON CENTRE DRIVE SUITE 400 SANTA ANA, CA 92707 | 11/03/2003 - PRESENT |

None ☐  b.  List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
| --- | --- | --- |
| ERNST & YOUNG LLP | 18111 VON KARMAN AVE. IRVINE, CA 92162 | 2002 - PRESENT |
| WEWORSKI & ASSOCIATES CO | 4660 LA JOLLA VILLAGE DR. SAN DIEGO, CA 92122 | 1999 - PRESENT |

None ☐  c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
| --- | --- |
| ROBERT KENYON SVP FINANCE, CHIEF ACCOUNTING OFFICER OF ZENITH EDUCATION GROUP | 5 HUTTON CENTRE DRIVE, SUITE 500 SANTA ANA, CA 92707 |

B7 (04/13)

## STATEMENT OF FINANCIAL AFFAIRS

In re  MJB Acquisition Corporation                                    Case No.   15-10971

None ☐ d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
| --- | --- |

THE DEBTORS PROVIDED FINANCIAL STATEMENTS IN THE ORDINARY COURSE OF BUSINESS TO CERTAIN PARTIES FOR BUSINESS, STATUTORY, CREDIT, FINANCING AND OTHER REASONS. RECIPIENTS HAVE INCLUDED REGULATORY AGENCIES, FINANCIAL INSTITUTIONS, INVESTMENT BANKS, SHAREHOLDERS, CUSTOMERS, VENDORS, DEBTHOLDERS AND THEIR LEGAL AND FINANCIAL ADVISORS. FINANCIAL STATEMENTS HAVE ALSO BEEN AVAILABLE TO THE PUBLIC THROUGH SEC FILINGS AND PROVIDED TO OTHER PARTIES AS REQUESTED. RATHER THAN PROVIDE A LIST OF FINANCIAL STATEMENT RECIPIENTS, THE DEBTORS OFFER THIS GLOBAL NOTE.

### 20.  Inventories

None ☒ a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (SPECIFY COST, MARKET OR OTHER BASIS) |
| --- | --- | --- |

None ☒ b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
| --- | --- |

### 21.  Current Partners, Officers, Directors and Shareholders

None ☒ a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |

None ☐ b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |

PLEASE SEE ATTACHED SOFA 21B EXHIBIT

B7 (04/13)

# STATEMENT OF FINANCIAL AFFAIRS

In re  MJB Acquisition Corporation                                                    Case No.   15-10971

**22.  Former partners, officers, directors and shareholders**

None
[X]  a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None
[ ]  b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|
| BETH A. WILSON<br>6 HUTTON CENTRE DRIVE<br>SUITE 400<br>SANTA ANA, CA 92707 | EXECUTIVE VICE PRESIDENT | 03/09/2015 |
| KENNETH STEPHEN ORD<br>6 HUTTON CENTRE DRIVE<br>SUITE 400<br>SANTA ANA, CA 92707 | EXECUTIVE VICE PRESIDENT AND CHIEF ADMINISTRATIVE OFFICER | 03/09/2015 |

**23.  Withdrawals from a partnership or distributions by a corporation**

None
[X]  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|------|------|------|

**24. Tax Consolidation Group**

None
[ ]  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|----------------------------|--------------------------------------|
| CORINTHIAN COLLEGES, INC. | 33-0717312 |

**25. Pension Funds**

None
[ ]  If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|----------------------|--------------------------------------|
| CORINTHIAN 401(K) PLAN | 33-0717312 |

# STATEMENT OF FINANCIAL AFFAIRS

## EXHIBIT 4a

## SUITS AND ADMINISTRATIVE PROCEEDINGS

**MJB Acquisition Corporation**
**Case No. 15-10971**
**SOFA 4a. Suits and Administrative Proceedings**

| CASE CAPTION | CASE NUMBER | NATURE OF PROCEEDING | COURT | LOCATION | STATUS |
|---|---|---|---|---|---|
| IN RE: ALLEN, JOSEPH | | ADMINISTRATIVE ACTION RELATED TO RACE, SEX, DISABILITY, RETALIATION | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | 131 M STREET, NE, WASHINGTON, DC 20507 | OPEN |
| IN RE: FEELER, DANIEL | | ADMINISTRATIVE ACTION RELATED TO SHIFT DIFFERENTIAL | DIVISION OF LABOR STANDARDS ENFORCEMENT | 455 GOLDEN GATE AVENUE 9TH FLOOR SAN FRANCISCO, CA 94102 | OPEN |
| IN RE: HILL, GREGORY | | ADMINISTRATIVE ACTION RELATED TO PROMO INCREASE | DIVISION OF LABOR STANDARDS ENFORCEMENT | 455 GOLDEN GATE AVENUE 9TH FLOOR SAN FRANCISCO, CA 94102 | OPEN |
| IN RE: MCALLISTER, ROBERT | | ADMINISTRATIVE ACTION RELATED TO VACATION AND SICK PAY AT TERM | WYOMING DEPARTMENT OF WORKFORCE SERVICES | 1510 EAST PERSHING BLVD. WEST WING CHEYENNE, WY 82002 | OPEN |
| PEOPLE OF THE STATE OF CALIFORNIA V. HEALD COLLEGE, LLC; CORINTHIAN COLLEGES, INC.; CORINTHIAN SCHOOLS, INC.; SEQUOIA EDUCATION, INC.; CAREER CHOICES, INC.; MJB ACQUISITION CORP.; TITAN SCHOOLS, INC.; RHODES COLLEGES, INC.; FLORIDA METROPOLITAN UNIVERSITY, INC,; EVEREST COLLEGE PHOENIX, INC. | CGC-13-534793 | ATTORNEY GENERAL COMPLAINT FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER EQUITABLE RELIEF | SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN FRANCISCO | 400 MCALLISTER STREET SAN FRANCISCO, CA 94102 | OPEN |
| STEPHANIE A. FITTS V. JOSHUA H. VANVALKENBURG AND CRYSTAL PEREZ V. BURRELL TOWNSHIP AND MJB ACQUISITION CORP., DBA WYOTECH | 11796 C.D. 2011 | PERSONAL INJURY | COURT OF COMMON PLEAS OF INDIANA COUNTY, PENNSYLVANIA | 825 PHILADELPHIA STREET INDIANA, PA 15701 | OPEN |

**MJB Acquisition Corporation**
**Case No. 15-10971**
**SOFA 4a. Suits and Administrative Proceedings**

| CASE CAPTION | CASE NUMBER | NATURE OF PROCEEDING | COURT | LOCATION | STATUS |
|---|---|---|---|---|---|
| THE TIMBERS, LLC V. MJB ACQUISITION CORP. AND CORINTHIAN COLLEGES, INC. | 33C17 | COMPLAINT FOR BREACH OF CONTRACT | CIRCUIT COURT OF THE 2ND JUDICIAL DISTRICT, ALBANY COUNTY, STATE OF WYOMING | 525 GRAND AVENUE ROOM 400 LARAMIE, WY 82070 | SETTLED |

# STATEMENT OF FINANCIAL AFFAIRS

## EXHIBIT 21b

## CURRENT OFFICERS, DIRECTORS AND SHAREHOLDERS

**MJB Acquisition Corporation**
**Case No: 15-10971**
**Sofa 21b. Current Partners, Officers, Directors and Shareholders**

| Name | Address | Title | Nature and Percentage of Stock Ownership |
|------|---------|-------|-------------------------------------------|
| TITAN SCHOOLS, INC. | | | 100% OWNERSHIP |
| JACK D. MASSIMINO | | CHAIRMAN OF THE BOARD, PRESIDENT AND CHIEF EXECUTIVE OFFICER | N/A |
| STAN A. MORTENSEN | 6 HUTTON CENTRE DRIVE SUITE 400 SANTA ANA, CA 92707 | EXECUTIVE VICE PRESIDENT, GENERAL COUNSEL AND CORPORATE SECRETARY | N/A |
| KENNETH STEPHEN ORD | | DIRECTOR | N/A |
| ROBERT C. OWEN | | EXECUTIVE VICE PRESIDENT, CHIEF FINANCIAL OFFICER, TREASURER AND ASSISTANT SECRETARY | N/A |
| BETH A. WILSON | | DIRECTOR | N/A |

B6 Declaration (Official Form 6 - Declaration) (12/07)

**In re**  MJB Acquisition Corporation                    **Case No.**  15-10971

                    **Debtor**

# DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date:  _6/8/15_                    Signature _____

                    **28**  continuation sheets attached

---

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*