## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

In re                                              :    Chapter 11
                                                   :
Corinthian Colleges, Inc., *et al.,*[1]            :    Case No. 15-10952 (KJC)
                                                   :
                              Debtors.             :    (Jointly Administered)
                                                   :

-------------------------------------------------------------x

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Corinthian Colleges, Inc. (Case No. 15-10952 (KJC)) ("Corinthian" or the "Company") and its twenty four domestic direct and indirect subsidiaries (together with Corinthian, the "Debtors") submit their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") pursuant to section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On May 4, 2015 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly under case number 15-10952 (KJC). The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules and Statements were prepared by the Debtors' management and are unaudited. While those members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after

---

[1]     The Debtors are the following twenty five entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Corinthian Colleges, Inc. (7312), Everest College Phoenix, Inc. (6173), Heald College, LLC (9639), Ashmead Education, Inc. (9120), Career Choices, Inc. (1425), CDI Education USA, Inc. (0505), Corinthian Property Group, Inc. (2106), Corinthian Schools, Inc. (0525), ECAT Acquisition, Inc. (7789), ETON Education, Inc.(3608), Florida Metropolitan University, Inc. (7605), Grand Rapids Educational Center, Inc. (2031), Heald Capital, LLC (6164), Heald Education, LLC (1465), Heald Real Estate, LLC (4281), MJB Acquisition Corporation (1912), Pegasus Education, Inc. (2336), Quickstart Intelligence Corporation (5665), Rhodes Business Group, Inc. (6709), Rhodes Colleges, Inc. (7311), SD III-B Heald Holdings Corp. (9707), Sequoia Education, Inc. (5739), Socle Education, Inc. (3477), SP PE VII-B Heald Holdings Corp. (0115), and Titan Schools, Inc. (3201).

reasonable inquiries, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements. Accordingly, the Debtors reserve their right to amend and/or supplement their Schedules and Statements from time to time as may be necessary or appropriate and they will do so as information becomes available.

These Global Notes and Statement of Limitations, Methodology and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

## General Comments

**Reservation of Rights.** The Debtors reserve the right to dispute, or to assert setoff or other defenses to, any claim reflected in the Schedules and Statements as to amount, liability and classification. The Debtors also reserve all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in their Schedules and Statements.

**Basis of Presentation**. The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor. For financial reporting purposes, Corinthian historically has prepared consolidated financial statements, which included financial information for all of its subsidiaries and which in the past have been audited annually. Unlike the consolidated financial information used for the Company's financial reporting purposes, the Schedules and Statements reflect the assets and liabilities of each individual Debtor based on such Debtor's non-audited book and tax records. In separating out information among Debtors, the Debtors were required to make certain assumptions about the responsibility for liabilities of certain Debtors because specific documentation identifying the particular Debtor that was responsible for a liability was not readily available in every instance. Corinthian does not, other than annually on an unaudited, non-GAAP (defined below) basis for tax return compliance purposes, prepare individual financial statements for its subsidiaries and the Debtors do not maintain full, separate, stand-alone accounting records for each Debtor in their general ledger. Therefore, audited financial statements and supporting schedules have not been prepared for each Debtor. These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors or various equity holders on an intermittent basis. It should also be noted that the Debtors use a consolidated cash management system through which the Debtors pay substantially all liabilities and expenses.

The Schedules and Statements have been signed by Robert C. Owen, Executive Vice President, Chief Financial Officer, Treasurer, and Assistant Secretary of every debtor entity with the exception of Corinthian Colleges, Inc. (Executive Vice President and Chief Financial Officer), Heald College, LLC (Chief Accounting Officer), and Quickstart Intelligence Corporation (Executive Vice President, Treasurer, and Director). In reviewing and signing the Schedules and

Statements, Mr. Owen has necessarily relied upon the efforts, statements and representations of the accounting and non-accounting personnel located at the Debtors' offices who report to Mr. Owen, either directly or indirectly, and those accounting and non-accounting personnel located at Zenith Education Group, Inc. ("Zenith") who are responsible for maintaining the accounting records of the Debtors under that certain transaction services agreement ("TSA") between certain Debtors and Zenith pursuant to that certain Asset Purchase Agreement ("APA") dated November 19, 2014, between certain Debtors and Zenith.  Mr. Owen has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

**Date of Valuations**.  Except as otherwise noted in the Schedules and Statements, all liabilities are valued as of May 4, 2015 and all assets as of April 30, 2015.  The Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts and expenses to the appropriate Debtor entity "as of" such dates.  All values are stated in United States currency except for a few bank accounts that are held in Canadian currency.  In some instances, the Debtors have used estimates or pro-rated amounts where actual data as of the aforementioned dates was not available.  The Debtors have made a reasonable effort to allocate liabilities between the pre- and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and post-petition periods and amend the Schedules and Statements accordingly.

**Book Value.**  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting and/or tax books and records as of (i) April 30, 2015 for asset values and (ii) the May 4, 2015 for liability values.  Therefore, unless otherwise noted, the Schedules are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values.  It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests.

Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers.  As such, the detail includes error corrections and value adjustments (shown as negative values or multiple line items for an individual asset ID).  The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date, but reserve their right to re-evaluate such values during their chapter 11 cases and take appropriate impairment charges, in accordance with GAAP, to accurately reflect the carrying values.

**Property and Equipment – Owned.**  Owned property and equipment are recorded at cost. Depreciation and amortization are calculated based on common depreciation methods and depreciable periods ranging from 3 to 39 years.  Although accelerated depreciation methods may be used for tax reporting purposes, the Schedules and Statements reflect straight-line methods.

**Causes of Action.**  The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and

neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Litigation.**  Certain litigation actions (the "<u>Litigation Actions</u>") reflected as claims against a particular Debtor may relate to any of the other Debtors.  The Debtors have made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor that is the party to the Litigation Action as of the Petition Date.  The inclusion of any Litigation Action in these Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action and the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

**Application of Vendor Credits.**  In the ordinary course of their businesses, the Debtors apply credits against amounts otherwise due to vendors.  These credits arise because, among other matters, (i) materials ordered and paid for may not be delivered, (ii) materials delivered may be damaged or unusable and (iii) vendors provide volume rebates and cash discounts.  Certain of these credits are subject to change.  Vendor claims are listed at the amounts entered on the Debtors' books and records, which may or may not reflect credits or allowances due from such creditors to the Debtors.  The Debtors reserve all of their rights respecting such credits and allowances.

**Claims.**  Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of May 4, 2015.  The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced.  By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all un-invoiced vendor charges.  To the extent that a claim of a particular vendor is an aggregate of multiple invoices, the Debtors have reflected the claim with a date of "various."

The Debtors intentionally have not included "non-cash" accruals, *i.e.* accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments, in the Schedules and Statements.

The Bankruptcy Court has authorized the Debtors, among other matters, to (i) pay prepetition wages, salaries, employee benefits and other related obligations and (ii) pay certain prepetition sales, use and other taxes.  While the Debtors have made their best efforts to reflect the claims, by vendor, net of these various adjustments as well as "vendor credits" discussed above, the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements.  Moreover, the Debtors have not attempted to reflect any alleged recoupments in the claims of utility companies or other parties holding prepetition deposits that may assert (or have asserted) a recoupment right.

As discussed above, Corinthian entered into that certain APA with Zenith. That APA included a provision for a working capital adjustment under which Zenith would pay certain pre-petition liabilities of Corinthian. As a result, some liabilities that were outstanding as of the Petition Date may be satisfied by Zenith post-petition pursuant to the working capital adjustment under that APA.

-4-

Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," "or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to (i) object to or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses to, any claim reflected on the Schedules as to amount, liability or classification or (ii) otherwise to designate subsequently any claim as "disputed," "contingent" or "unliquidated."

**Employee Claims.**   The Bankruptcy Court entered an order granting authority to, but not requiring, the Debtors to pay prepetition employee wages, salaries, benefits and other related obligations. The Debtors currently expect that certain prepetition employee claims for wages, salaries, benefits, workers' compensation, and other related obligations either have been or will be paid in the ordinary course of business and therefore, the Schedules and Statements do not include claims that were paid and cleared post-petition. The Debtors expect that some amounts included on the schedules will be satisfied post-petition in the ordinary course pursuant to the authority granted to the Debtors to pay prepetition wages, salaries, benefits and other related obligations. The Debtors have listed claims related to (i) pre-petition employee outstanding checks as of June 5, 2015, (ii) uncashed employee stale checks, (iii) long term incentive program, (iv) deferred compensation, and (v) employee contracts in Schedules E and F. Notwithstanding the foregoing, the Debtors reserve their rights to evaluate whether to modify or terminate any employee plan or program and modify or terminate, with respect to discretionary obligations, or seek to modify or terminate any such plans or programs. In the event that any employee plans or programs are modified or terminated, or sought to be modified or terminated, affected employees would receive by mail notice thereof, thereby allowing any such affected party to assert claims against the Debtors arising therefrom.

**Addresses of Employees and Students.**   The Debtors have listed the addresses of their current employees (and former directors and officers) as the Debtors' corporate address and redacted their students' addresses to protect the privacy of the Debtors' employees and students. The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' employees and students.

**Intercompany Payables/Receivables.**   As mentioned above, the Debtors do not maintain stand-alone financials for each legal entity except for tax return compliance purposes. For purposes of these Schedules and Statements, the Debtors have reported intercompany payables and receivables on Schedules B-16 and F as a net balance payable or receivable between the various Debtors.

RLF1 12088007v.1
RLF1 12094610v.1

## Schedules

### Schedule A – Real Property

The information presented represents the owned real property of the Debtors.  Debtors, Titan Schools, Inc. and MJB Acquisition Corp., own two parcels of undeveloped land in the Laramie River Business Park in Laramie, WY.  The land was transferred to the Debtors when they purchased the outstanding stock of Wyo-Tech Acquisition Corporation in July 2002 and the Debtors did not record a separate cost or market value for the land in its books and records with respect to the purchase transaction.  As of the Petition Date, this asset was reflected with an "undetermined" value in the schedules.

### Schedule B – Personal Property

Item 2 – Bank Accounts.

The Debtors included three separate, segregated escrow accounts with Citibank, N.A. in the Schedules and Statements.  One escrow account is a reserve fund established between Corinthian and the Department of Education to be used exclusively for student refunds.  The other two accounts are related to escrow accounts for certain adjustment and indemnification obligations pursuant to the Zenith APA.  While Corinthian is a party to the escrow accounts, the escrow accounts are not Debtor bank accounts.

The Debtors included bank accounts with Bank of America for receipt of state grant funds from California, Arizona, and New York in the Schedules and Statements.  These accounts are custodial, off balance sheet accounts where states deposited funds pending determination of student eligibility. It is anticipated that most, if not all, of the funds in these accounts will revert back to the states.

There is a separate Rabbi Trust bank account for the Debtors' Deferred Compensation Plan (the "Deferred Compensation Plan") governed by that certain Master Trust Agreement dated April 1, 2013 between Corinthian Colleges, Inc. and First American Trust, FSB (the "Trustee").  This bank account has not been included in the Schedules and Statements since it is not in the name of the Debtors and is separately managed by the Trustee for the benefit of the beneficiaries (John Mathias, Evelyn A. Schemmel, and Michelle Lee Reed Zagorski) of the deferred compensation plan.

Item 9 – Interests in Insurance Policies.  The Debtors maintain certain insurance policies essential to its continued operations, including, but not limited to, property, casualty, motor vehicle and general liability, and director and officer insurance policies. The terms of the policies are similar to insurance policies typically maintained by corporate entities that are similar in size and nature to the Company.  The Company's insurance policies generally are structured to provide coverage for all of its direct and indirect subsidiaries and affiliates.  Also, the Debtors have an insurance policy with American Zurich Insurance Company ("Zurich"), which is secured by a $6.5 million letter of credit from Bank of America, N.A, to cover pre-petition workers' compensation claims. The Debtors do not know whether the pre-petition workers compensation claims will exceed the $6.5 million letter of credit.

RLF1 12088007v.1
RLF1 12094610v.1

<u>Item 13 – Stock and Interests in Incorporated and Unincorporated Businesses</u>.  Each Debtor's Schedule B includes its ownership interests, if any, in direct subsidiaries.  In general, the value of such stock is dependent upon the calculated value of the underlying subsidiaries' equity and profits and losses over time.  Since (i) investment in subsidiaries and intercompany balances are not maintained on a subsidiary-by-subsidiary basis in Corinthian's general ledger and (ii) the Debtors did not undertake a historical analysis to assign values to the subsidiary stock, the value of the subsidiary stock is listed as "undetermined".  The Debtors' consolidated balance sheet listed investment in subsidiary balances for certain entities, including Corinthian Colleges, Inc., Heald College, LLC, Florida Metropolitan University, Inc. and Rhodes College, Inc., which was eliminated upon consolidation.  The stand-alone investment in subsidiary balances for these specific entities have been listed in the Schedules and Statements.

<u>Item 16 – Accounts Receivable</u>.  Because the detailed trade accounts receivable are reflective of the Debtors' proprietary customer lists (which primarily consist of receivables from students for educational services that have been delivered), trade accounts receivable are reported in the aggregate only. The Debtors reserve all of their rights with respect to such credits and allowances.

<u>Item 18 – Other Liquidated Debts Owed to Debtor Including Tax Refunds</u>.  This item includes the Debtors' calculated tax refunds from various taxing authorities.

<u>Item 22 – Patents, Copyrights, and Other Intellectual Property</u>.  The Debtors have made their best efforts to identify and list all patents, copyrights and other intellectual property.  As of the Petition Date, these assets were reflected in the Debtors' ledger with zero dollar values, and on these schedules with "undetermined" as the value.

<u>Item 24 – Customer Lists</u>.   The customer list contains confidential commercial information.  Pursuant to 11 U.S.C. §107(b), the list will not be included in the Schedules of Assets.  Additionally, under the Family Educational Rights and Privacy Act ("<u>FERPA</u>"), 20 U.S.C. §1232(g) and 34 C.F.R. § 99, schools are generally required to obtain written permission from a parent or eligible student in order to release any information from the student's education record.  The customer list contains information protected by FERPA. Accordingly, the list will not be included in the schedules of assets.

<u>Item 30 – Inventory</u>.  As discussed above, Corinthian entered into that certain APA with Zenith.  Pursuant to the APA, the Debtors' inventory for the schools that were sold was included as part of the purchased assets that was transferred to Zenith.  The inventory that was not sold primarily consisted of enrollment materials and was consumed by the remaining schools. The Debtors' books and records reflect no inventory balances as of April 30, 2015.  Consequently, the Debtors have not attempted to report inventory information in the Schedules and Statements.

<u>Item 35 – Other Personal Property</u>.  The Schedules and Statements include an asset "Other Non-Current Assets – Receivables from Campus Student Funding, LLC Program".  The Debtors entered into a loan origination agreement with Campus Student Funding, LLC ("<u>Campus Student Funding</u>") for the purpose of creating a private education discount loan program for the Debtors' students.  Under the agreement, an unaffiliated bank made private education loans to eligible students and, subsequently, sold those loans to Campus Student Funding.  Also, the Debtors have guaranteed to purchase any of the student notes from Campus Student Funding on which no

payment has been made for over 90 days.  The Debtors have recorded a net long-term receivable on its books and records for the sum of all future loan payments expected to be received from student borrowers by the Debtors to account for this loan program. The receivable should be paid to the Debtors as Campus Student Funding receives student payments in excess of the initial principal balance, less discount paid. The Debtors have also recorded a short-term payable on its books and records for amounts owed to Campus Student Funding for loans on which no payment has been made for 90 days under the guarantee. The receivable has been listed as an asset in Schedule B - Item 35 and the related claim of Campus Student Funding has been listed in Schedule D.

## Schedule D – Creditors Holding Secured Claims

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors.  No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

## Schedule E – Creditors Holding Unsecured Priority Claims

Certain of the claims of state and local taxing authorities set forth in Schedule E, which the Debtors have designated as contingent, disputed and unliquidated, ultimately may be deemed to be secured claims pursuant to state or local laws.

Certain of the claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits.  The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule E does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

## Schedule G – Executory Contracts and Unexpired Leases

The businesses of the Debtors are complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The Debtors hereby

RLF1 12088007v.1
RLF1 12094610v.1

reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary. Furthermore, the Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on these Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have been scheduled to the best of the Debtors' knowledge. Because most of the Debtors' purchase orders are short term and have been or will soon be fully performed, Schedule G does not include purchase orders in existence as of the Petition Date. Certain executory contracts entered with Corinthian Colleges, Inc. and its subsidiaries may have been listed in Schedule G of the parent debtor, Corinthian Colleges, Inc., only and not its subsidiary debtors. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

The Debtors included an Assignment, Assumption and Consent Agreement between Ricoh USA, Inc. ("Ricoh") and Corinthian Colleges, Inc. and Zenith Education Group, Inc. in Schedule G. Corinthian Colleges agreed to assign leases to Zenith for certain multi-function devices, copiers and other equipment. Although the agreement was not executed, Ricoh has not billed the Debtors for the equipment that was intended to be assumed.


**Statements**

Questions 1 (Income from Employment or Operation of Business) and 2 (Income Other than from Employment or Operation of Business). As mentioned above, the Debtors do not maintain stand-alone financials for each legal entity except for tax return compliance purposes. For purposes of these Statements, the Debtors have reported book net operating income as calculated for corporate income tax return compliance purposes.

Question 3b – Payments to Creditors. As indicated above, the Debtors do not maintain day-to-day, stand-alone financial records for each legal entity except for certain tax return compliance purposes. Further, the Debtors process all of their disbursements through a consolidated, centralized processing facility without regard for the individual Debtor entity involved.

RLF1 12088007v.1
RLF1 12094610v.1

Consequently, for purposes of these Schedules and Statements, the Debtors have attempted to allocate and assign the payments made to creditors in the 90 days preceding the Petition Date to the individual Debtor entities based on (i) the nature of the payment and (ii) the entity receiving the benefit of the payment.  The responses to this question 3b reflect the creditor's payment activity by payment date as opposed to cleared date and by vendor/creditor code as it appears in the Debtors' payment register.  As such, the information includes associated credit memo information.  It may not reflect any subsequent stop payment or void information.  Neither does it reflect any payroll/payroll tax related payments during the 90 days preceding May 4, 2015.  The analysis of the creditor payments related to the $6,225 threshold was completed based on the consolidated creditor information prior to allocating and assigning the payments to the individual Debtors.  Therefore, a response to question 3b may include creditors with aggregated payment amounts of less than $6,225.

As discussed above, Corinthian entered into that certain APA with Zenith. That APA included a provision for a working capital adjustment under which Zenith has made payments to Corinthian's vendors within 90 days preceding the Petition Date.  Zenith also agreed to pay $7.5M on behalf of Corinthian to Balboa Student Loan Trust ("Balboa") pursuant to the closing memorandum under the APA.  The payment was on account of student refund obligations that Corinthian owed to Balboa with respect to the sale of a portfolio of student loans to Turnstile Capital Management, LLC which was subsequently transferred to Balboa.  These payments were made by Zenith to Corinthian's creditors pursuant to the APA and as such are not included in the responses to question 3b.


Question 7 – Gifts and Charitable Contributions.  To the extent information regarding gifts and charitable contributions is available, the Debtors have included it in the Statements.  In the ordinary course of business, the Debtors make certain immaterial gifts and/or charitable contributions (both cash and goods, including sponsorships) at their local sites which are neither recorded at the corporate level nor separately classified for tax purposes.  The Debtors' Schedules and Statements do not include information regarding such amounts.

Question 13 – Setoffs.  The Debtors have provided information related to their loan origination agreement with Campus Student Funding, LLC. The Debtors, in the ordinary course of business with their vendors and under the TSA with Zenith Education Group, frequently exercise rights of set-off with respect to such parties. The Debtors also accepted payment in their various facilities in the form of credit cards and were involved in setoff transactions every day.  It would be unduly burdensome for the Debtor to identify each set-off separately for purposes of the Statement of Financial Affairs.

Question 14 – Property Held for Another Person. The property listed on this exhibit is owned by various vendors and is leased for use by the Debtors.  The property includes copiers, printers, postage meters, and computer equipment.

Question 17 – Environmental Information.  The Debtors have not conducted a thorough review of prepetition environmental matters.  Accordingly, the Debtors have provided the environmental information to the best of their ability based on information compiled prior to the Petition Date.

Question 19 – Books, Records and Financial Statements.

Question 19b - Auditors.  Ernst &Young and Weworski & Associates have been the Debtors' auditors within the two years prior to the Petition Date.  Ernst & Young provided services to audit the Debtors' financial statements and internal controls over financial reporting.  Weworski & Associates provided services to audit the Debtors' Student Financial Assistance programs (e.g. Federal Pell Grant Program, Federal Perkins Loan Program, Federal Work-Study Program, etc.).

Question 19d – Financial Statement Recipients.  From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.  Recipients have included regulatory agencies, financial institutions, investment banks, customers, vendors, unions, debtholders and their legal and financial advisors.  Financial statements have also been available to the public through SEC filings and provided to other parties as requested.  Rather than provide an extensive list of financial statement recipients (a process that would prove onerous for the Debtors), the Debtors offer this Global Note.

Question 20a and 20b – Inventories.  See comment in Schedule B – Item 30 above.

Question 23 – Distributions by a Corporation (Including to Insiders).  The Debtors have reflected payments and distributions to insiders on the Statement of each Debtor, as applicable.  The amounts presented on the Statements are reflective of the net payments received by each of the reported insiders. Additionally, Rupert Altschuler is a listed officer of Corinthian with the title Division President, Everest Canada. Consequently, Mr. Altschuler's payroll, expenses, and other distributions were made through the Debtors' Canadian subsidiary, Everest Colleges Canada, Inc. Everest Colleges Canada, Inc. and its subsidiary Career Canada C.F.P. filed for Canadian bankruptcy protections under the Bankruptcy and Insolvency Act on February 20, 2015. Since these debtors are not included in this bankruptcy filing, these distributions are not included in these Statements.


***END OF GLOBAL NOTES***

**SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

RLF1 12088007v.1
RLF1 12094610v.1

B6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
# District Of Delaware

**Heald Real Estate, LLC**                                        **15-10958**          **11**

Debtor                                                            Case No. (If known)     Chapter

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | OTHER |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | |
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 5 | $0.00 | | |
| C - Property Claimed As Exempt | NO | 0 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $95,952,140.31 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 1 | | $0.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 4 | | | |
| H - Codebtors | YES | 8 | | | |
| I - Current Income of Individual Debtor(s) | NO | 0 | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | 0 | | | |
| Total | | 22 | $0.00 | $95,952,140.31 | |

B6

B6A (Official Form 6A) (12/07)

In re    Heald Real Estate, LLC                                    Case No.    15-10958
_____                              _____
                    Debtor                                              (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, inlcuding all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If any entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J OR C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **NONE** | | | | |

Total _____

Subtotal _____
(Total of this page)                               $0.00

Page 1 of  1

B6B (Official Form 6B) (12/07)

| In re | Heald Real Estate, LLC | Case No.: | 15-10958 |
|---|---|---|---|
| | Debtor. | | (If known) |

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.   CASH ON HAND. | x | | | |
| 2.   CHECKING, SAVINGS OR OTHER FINANCIAL ACCOUNTS, CERTIFICATES OF DEPOSIT OR SHARES IN BANKS, SAVINGS AND LOAN, THRIFT, BUILDING AND LOAN, AND HOMESTEAD ASSOCIATIONS, OR CREDIT UNIONS, BROKERAGE HOUSES, OR COOPERATIVES. | x | | | |
| 3.   SECURITY DEPOSITS WITH PUBLIC UTILITIES, TELEPHONE COMPANIES, LANDLORDS, AND OTHERS. | x | | | |
| 4.   HOUSEHOLD GOODS AND FURNISHINGS, INCLUDING AUDIO, VIDEO, AND COMPUTER EQUIPMENT. | x | | | |
| 5.   BOOKS; PICTURES AND OTHER ART OBJECTS; ANTIQUES; STAMP, COIN, RECORD, TAPE, COMPACT DISC, AND OTHER COLLECTIONS OR COLLECTIBLES. | x | | | |
| 6.   WEARING APPAREL. | x | | | |

**B6B (Official Form 6B) (12/07)**

| In re | Heald Real Estate, LLC | | Case No.: | 15-10958 | |
|---|---|---|---|---|---|
| | | Debtor. | | | (If known) |

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 7. FURS AND JEWELRY. | x | | | |
| 8. FIREARMS AND SPORTS, PHOTOGRAPHIC, AND OTHER HOBBY EQUIPMENT. | x | | | |
| 9. INTERESTS IN INSURANCE POLICIES. NAME INSURANCE COMPANY OF EACH POLICY AND ITEMIZE SURRENDER OR REFUND VALUE OF EACH. | | PLEASE SEE ATTACHED EXHIBIT B-9 | | UNDETERMINED |
| 10. ANNUITIES. ITEMIZE AND NAME EACH ISSUER. | x | | | |
| 11. INTERESTS IN AN EDUCATION IRA AS DEFINED IN 26 U.S.C. § 530(B)(1) OR UNDER A QUALIFIED STATE TUITION PLAN AS DEFINED IN 26 U.S.C. § 529(B)(1). GIVE PARTICULARS. (FILE SEPARATELY THE RECORD(S) OF ANY SUCH INTEREST(S). 11 U.S.C. § 521(C).) | x | | | |
| 12. INTERESTS IN IRA, ERISA, KEOGH, OR OTHER PENSION OR PROFIT SHARING PLANS. GIVE PARTICULARS. | x | | | |
| 13. STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES. ITEMIZE. | x | | | |
| 14. INTERESTS IN PARTNERSHIPS OR JOINT VENTURES. ITEMIZE. | x | | | |

**B6B (Official Form 6B) (12/07)**

| In re   Heald Real Estate, LLC | Case No.:   15-10958 |
|---|---|
| Debtor. | (If known) |

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15.  GOVERNMENT AND CORPORATE BONDS AND OTHER NEGOTIABLE AND NONNEGOTIABLE INSTRUMENTS. | x | | | |
| 16.  ACCOUNTS RECEIVABLE. | x | | | |
| 17.  ALIMONY, MAINTENANCE, SUPPORT, AND PROPERTY SETTLEMENTS TO WHICH THE DEBTOR IS OR MAY BE ENTITLED. GIVE PARTICULARS. | x | | | |
| 18.  OTHER LIQUIDATED DEBTS OWED TO DEBTOR INCLUDING TAX REFUNDS. GIVE PARTICULARS. | x | | | |
| 19.  EQUITABLE OR FUTURE INTERESTS, LIFE ESTATES, AND RIGHTS OR POWERS EXERCISABLE FOR THE BENEFIT OF THE DEBTOR OTHER THAN THOSE LISTED IN SCHEDULE A – REAL PROPERTY. | x | | | |
| 20.  CONTINGENT AND NONCONTINGENT INTERESTS IN ESTATE OF A DECEDENT, DEATH BENEFIT PLAN, LIFE INSURANCE POLICY, OR TRUST. | x | | | |
| 21.  OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OF EVERY NATURE, INCLUDING TAX REFUNDS, COUNTERCLAIMS OF THE DEBTOR, AND RIGHTS TO SETOFF CLAIMS. GIVE ESTIMATED VALUE OF EACH. | x | | | |
| 22.  PATENTS, COPYRIGHTS, AND OTHER INTELLECTUAL PROPERTY. GIVE PARTICULARS. | x | | | |

**B6B (Official Form 6B) (12/07)**

| In re | Heald Real Estate, LLC | Case No.: | 15-10958 |
|---|---|---|---|
| | Debtor. | | (If known) |

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23. LICENSES, FRANCHISES, AND OTHER GENERAL INTANGIBLES. GIVE PARTICULARS. | x | | | |
| 24. CUSTOMER LISTS OR OTHER COMPILATIONS CONTAINING PERSONALLY IDENTIFIABLE INFORMATION (AS DEFINED IN 11 U.S.C. § 101(41A)) PROVIDED TO THE DEBTOR BY INDIVIDUALS IN CONNECTION WITH OBTAINING A PRODUCT OR SERVICE FROM THE DEBTOR PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES. | | *SEE FOOTNOTE BELOW | | |
| 25. AUTOMOBILES, TRUCKS, TRAILERS, AND OTHER VEHICLES AND ACCESSORIES. | x | | | |
| 26. BOATS, MOTORS, AND ACCESSORIES. | x | | | |
| 27. AIRCRAFT AND ACCESSORIES. | x | | | |
| 28. OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES. | x | | | |
| 29. MACHINERY, FIXTURES, EQUIPMENT, AND SUPPLIES USED IN BUSINESS. | x | | | |
| 30. INVENTORY. | x | | | |

*The customer list contains confidential commercial information. Pursuant to 11 U.S.C. §107(b), the list will not be included in the Schedules of Assets. Additionally, under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232(g) and 34 C.F.R. § 99, schools are generally required to obtain written permission from a parent or eligible student in order to release any information from the student's education record. The customer list contains information protected by FERPA. Accordingly, the list will not be included in the schedules of assets.

**B6B (Official Form 6B) (12/07)**

| In re  Heald Real Estate, LLC | Case No.:  15-10958 |
|---|---|
| Debtor. | (If known) |

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 31.  ANIMALS. | x | | | |
| 32.  CROPS - GROWING OR HARVESTED. GIVE PARTICULARS. | x | | | |
| 33.  FARMING EQUIPMENT AND IMPLEMENTS. | x | | | |
| 34.  FARM SUPPLIES, CHEMICALS, AND FEED. | x | | | |
| 35.  OTHER PERSONAL PROPERTY OF ANY KIND NOT ALREADY LISTED. ITEMIZE. | x | | | |

Total                    $0.00

# SCHEDULES OF ASSETS AND LIABILITIES

## EXHIBIT B-9

## INTERESTS IN INSURANCE POLICIES

**Heald Real Estate, LLC**
**Case No. 15-10958**
**Schedule B-9: Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each.**

| Description of Policy | Interest in Policy | Net Book Value |
|---|---|---|
| CARRIER : AMERICAN ZURICH INSURANCE COMPANY, POLICY: WC 9304937-14 - WORKERS COMPENSATION, TERM: 2/2/2015-7/1/2015 | INSURED | UNDETERMINED |
| CARRIER : AXIS INSURANCE COMPANY, POLICY: MNP772770-14 - GENERAL LIABILITY INSURANCE - US, TERM: 3/31/2014-7/1/2015 | INSURED | UNDETERMINED |
| CARRIER : AXIS INSURANCE COMPANY, POLICY: MNU772789/01/2014 - EXCESS LIABILITY, TERM: 3/31/2014-7/1/2015 | INSURED | UNDETERMINED |
| CARRIER : EMPIRE INSURANCE COMPANIES, POLICY: XPP4603531 - DIFFERENCE IN CONDITIONS EQ, FLOOD & WIND, TERM: 3/31/2014-7/1/2015 | INSURED | UNDETERMINED |
| CARRIER : FEDERAL INSURANCE COMPANY, POLICY: 662-70-40 - COMMERCIAL PROPERTY, TERM: 3/31/2014-7/1/2015 | INSURED | UNDETERMINED |
| CARRIER : FEDERAL INSURANCE COMPANY, POLICY: 7642-58-87 HOU - MACHINERY BREAKDOWN INSURANCE, TERM: 3/31/2014-7/1/2015 | INSURED | UNDETERMINED |
| CARRIER : HOMELAND INSURANCE COMPANY OF NEW YORK, POLICY: 795001540 - COMMERCIAL PROPERTY, TERM: 3/31/2014-7/1/2015 | INSURED | UNDETERMINED |
| CARRIER : LIBERTY INSURANCE UNDERWRITERS INC., POLICY: AHV-102696003 - STUDENT MEDICAL MALPRACTICE, TERM: 5/23/2014-5/23/2015 | INSURED | UNDETERMINED |
| CARRIER : LIBERTY INSURANCE UNDERWRITERS INC., POLICY: AHV-102698003 - STUDENT MEDICAL MALPRACTICE, TERM: 5/23/2014-5/23/2015 | INSURED | UNDETERMINED |
| CARRIER : NATIONAL UNION FIRE INSURANCE CO OF PITT, PA. (AIG), POLICY: 02-778-51-66 - D&O, TERM: 3/31/2015-3/31/2018 | INSURED | UNDETERMINED |
| CARRIER : NATIONAL UNION FIRE INSURANCE CO OF PITT, PA. (AIG), POLICY: 02-791-51-56 - SIDE A DIC, TERM: 3/31/2015-3/31/2018 | INSURED | UNDETERMINED |
| CARRIER : NATIONAL UNION FIRE INSURANCE CO OF PITT, PA. (AIG), POLICY: 02-812-6265 - FIDUCIARY LIABILITY, TERM: 3/31/2015-3/31/2018 | INSURED | UNDETERMINED |
| CARRIER : NAVIGATORS SPECIALTY INSURANCE COMPANY, POLICY: SF13ESP0A4L00NC - POLLUTION LEGAL LIABILITY, TERM: 3/31/2013-3-31/2016 | INSURED | UNDETERMINED |
| CARRIER : RSUI INDEMNITY COMPANY, POLICY: NHS656563 - D&O - EXCESS, TERM: 3/31/2015-3/31/2018 | INSURED | UNDETERMINED |
| CARRIER : XL SPECIALTY INSURANCE COMPANY, POLICY: ELU133658-14 - D&O - EXCESS, TERM: 3/31/2015-3/31/2018 | INSURED | UNDETERMINED |
| CARRIER : XL SPECIALTY INSURANCE COMPANY, POLICY: ELU138421-15 - NEW D&O, SIDE A ONLY, TERM: 3/31/2015-3/31/2016 | INSURED | UNDETERMINED |
| CARRIER : ZURICH AMERICAN INSURANCE COMPANY, POLICY: BAP 5532875-00 - AUTO INSURANCE POLICY, TERM: 3/31/2014-7/1/2015 | INSURED | UNDETERMINED |

B6C (Official Form 6C) (04/13)

In re  **Heald Real Estate, LLC**                                                                              Case No.  **15-10958**
                                    Debtor                                                                                              (If known)


# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT


Debtor claims the exemptions to which debtor is entitled under:

(Check one box)

☐  11 U.S.C. § 522 (b)(2)                                    ☐  Check if debtor claims a homestead exemption that exceeds $155,675.*
☐  11 U.S.C. § 522 (b)(3)


| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF THE PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **NONE** | | | |

B6D (Official Form 6D) (12/07)

| In re  **Heald Real Estate, LLC** | Case No.:  **15-10958** |
|---|---|
| Debtor. | (If known) |

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule.  Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT* | UNLIQUIDATED* | DISPUTED* | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last four digits of **ACCOUNT NO.** _____<br>**BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT 800 FIFTH AVE, FLOOR 17 SEATTLE, WA 98104** | Y | | **UCC LIEN**<br><br>**VALUE** | X | X | X | **UNKNOWN** | **UNKNOWN** |
| Last four digits of **ACCOUNT NO.** _____<br>**BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT ATTN: JANET SLEEPER SAG MIDDLE MARKET SEATTLE 800 FIFTH AVE, FLOOR 17 SEATTLE, WA 98104-3176** | Y | | **GUARANTOR SENIOR SECURED CREDIT FACILITY**<br><br>**VALUE** | | | | **$95,952,140.31** | **UNKNOWN** |

| | Total | **$95,952,140.31** | **UNKNOWN** |
|---|---|---|---|
| | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

| | Subtotal (Total of this page) | **$95,952,140.31** | **$0.00** |
|---|---|---|---|

\* Contingent, unliquidated and disputed with respect to status as secured creditor.

<u>0</u> Continuation Sheets Attached

| Heald Real Estate, LLC | 15-10958 |
|---|---|
| Debtor | Case No. (If known) |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing a "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts _not_ entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS  *(Check the appropriate box(es) below if claims in that category are listed on the attached sheets)*

[ ] **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ] **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

[ ] **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying indepenedent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ] **Contributions to employee benefit plans.**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the creation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

[ ] **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

[ ] **Deposits by individuals**
Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

[ ] **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

[ ] **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Page 1 of 1

| Heald Real Estate, LLC | 15-10958 |
|---|---|
| Debtor | Case No. (If known) |

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a "minor child" is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on the page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing a "H," "W," "J," or "C," in the column labeled "Husband, Wife, Joint or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

**X**  Check this box if debtor has no creditors holding general unsecured claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **NONE** | | | | | | | |
| | | | | | | Total | |

| | | |
|---|---|---|
| Page 1 of 1 | Subtotal (Total of this page) | $0.00 |

**Heald Real Estate, LLC**                                                                    **15-10958**

Debtor                                                                                      Case No. (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B, a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed.R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY<br>777 SOUTH FIGUEROA STREET, SUITE 3900<br>LOS ANGELES, CA 90017 | WORKERS COMPENSATION  INSURANCE |
| AXIS INSURANCE COMPANY<br>303 WEST MADISON # 500<br>CHICAGO, IL 60606 | EXCESS LIABILITY  INSURANCE |
| AXIS INSURANCE COMPANY<br>11680 GREAT OAKS WAY<br>ALPHARETTA, GA 30022 | GENERAL LIABILITY INSURANCE - US  INSURANCE |
| BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT<br>JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 | AMENDMENT NO. 1 TO CREDIT AGREEMENT  SENIOR SECURED CREDIT FACILITY |
| BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT<br>JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 | AMENDMENT NO. 1 TO DOMESTIC PLEDGE AND SECURITY AGREEMENT SENIOR SECURED CREDIT FACILITY |
| BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT<br>JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 | CONSENT AGREEMENT AND AMENDMENT NO. 5 TO CREDIT AGREEMENT SENIOR SECURED CREDIT FACILITY |
| BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT<br>JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 | CONSENT AND AMENDMENT NO. 3 TO CREDIT AGREEMENT  SENIOR SECURED CREDIT FACILITY |

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
## (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OR ANY GOVERNMENT CONTRACT |
|---|---|
| BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT JANET SLEEPER SAG MIDDLE MARKET SEATTLE 800 5TH AVE SEATTLE, WA 98104-3176 | CONSENT AND AMENDMENT NO. 4 TO CREDIT AGREEMENT  SENIOR SECURED CREDIT FACILITY |
| BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT JANET SLEEPER SAG MIDDLE MARKET SEATTLE 800 5TH AVE SEATTLE, WA 98104-3176 | DOMESTIC PLEDGE AND SECURITY AGREEMENT  SENIOR SECURED CREDIT FACILITY |
| BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT JANET SLEEPER SAG MIDDLE MARKET SEATTLE 800 5TH AVE SEATTLE, WA 98104-3176 | FORBEARANCE AND CONSENT AGREEMENT,  SENIOR SECURED CREDIT FACILITY |
| BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT JANET SLEEPER SAG MIDDLE MARKET SEATTLE 800 5TH AVE SEATTLE, WA 98104-3176 | FOURTH AMENDED AND RESTATED CREDIT AGREEMENT  SENIOR SECURED CREDIT FACILITY |
| BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT JANET SLEEPER SAG MIDDLE MARKET SEATTLE 800 5TH AVE SEATTLE, WA 98104-3176 | WAIVER AGREEMENT  SENIOR SECURED CREDIT FACILITY |
| BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT JANET SLEEPER SAG MIDDLE MARKET SEATTLE 800 5TH AVE SEATTLE, WA 98104-3176 | WAIVER AND AMENDMENT NO. 2 TO CREDIT AGREEMENT  SENIOR SECURED CREDIT FACILITY |
| EMPIRE INSURANCE COMPANIES 13810 FNB PARKWAY OMAHA, NE 68154-5202 | DIFFERENCE IN CONDITIONS EQ, FLOOD & WIND  INSURANCE |
| FEDERAL INSURANCE COMPANY 555 S. FLOWER STREET, 3RD FLOOR LOS ANGELES, CA 90071 | COMMERCIAL PROPERTY  INSURANCE |
| FEDERAL INSURANCE COMPANY 555 S. FLOWER STREET, 3RD FLOOR LOS ANGELES, CA 90071 | MACHINERY BREAKDOWN INSURANCE |

**Heald Real Estate, LLC**          15-10958

Debtor        Case No. (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
## (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OR ANY GOVERNMENT CONTRACT |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK<br>150 ROYALI STREET<br>CANTON,, MA 02021 | COMMERCIAL PROPERTY  INSURANCE |
| LIBERTY INSURANCE UNDERWRITERS INC.<br>55 WATER STREET, 18TH FLOOR<br>NEW YORK, NY  10041 | STUDENT MEDICAL MALPRACTICE  INSURANCE |
| NATIONAL UNION FIRE INSURANCE CO OF PITT, PA. (AIG)<br>175 WATER STREET<br>NEW YORK, NY 10038-4969 | D&O  INSURANCE |
| NATIONAL UNION FIRE INSURANCE CO OF PITT, PA. (AIG)<br>175 WATER STREET<br>NEW YORK, NY 10038-4969 | FIDUCIARY LIABILITY  INSURANCE |
| NATIONAL UNION FIRE INSURANCE CO OF PITT, PA. (AIG)<br>175 WATER STREET<br>NEW YORK, NY 10038-4969 | SIDE A DIC  INSURANCE |
| NAVIGATORS SPECIALTY INSURANCE COMPANY<br>1 PENN PLAZA<br>NEW YORK, NY 10119 | POLLUTION LEGAL LIABILITY  INSURANCE |
| RSUI INDEMNITY COMPANY<br>945 E. PACES FERRY ROAD, SUITE 1800<br>ATLANTA, GA 30326 | D&O - EXCESS  INSURANCE |
| U.S. DEPARTMENT OF EDUCATION<br>400 MARYLAND AVENUE, SW<br>WASHINGTON, DC 20202 | FIRST AMENDMENT TO MEMORANDUM OF UNDERSTANDING BETWEEN THE U.S. DEPARTMENT OF EDUCATION AND CORINTHIAN COLLEGES, INC.<br>MEMORANDUM OF UNDERSTANDING |
| U.S. DEPARTMENT OF EDUCATION<br>400 MARYLAND AVENUE, SW<br>WASHINGTON, DC 20202 | FIRST AMENDMENT TO OPERATING AGREEMENT BY AND BETWEEN THE U.S. DEPARTMENT OF EDUCATION AND CORINTHIAN COLLEGES, INC.<br>OPERATING AGREEMENT |

**Heald Real Estate, LLC**
Debtor

15-10958
Case No. (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
## (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OR ANY GOVERNMENT CONTRACT |
|---|---|
| U.S. DEPARTMENT OF EDUCATION<br>400 MARYLAND AVENUE, SW<br>WASHINGTON, DC 20202 | MEMORANDUM OF UNDERSTANDING BETWEEN THE U.S. DEPARTMENT OF EDUCATION AND CORINTHIAN COLLEGES, INC. |
| U.S. DEPARTMENT OF EDUCATION<br>400 MARYLAND AVENUE, SW<br>WASHINGTON, DC 20202 | OPERATING AGREEMENT BETWEEN THE U.S. DEPARTMENT OF EDUCATION AND CORINTHIAN COLLEGES, INC. |
| U.S. DEPARTMENT OF EDUCATION<br>400 MARYLAND AVENUE, SW<br>WASHINGTON, DC 20202 | SECOND AMENDMENT TO OPERATING AGREEMENT BY AND BETWEEN THE U.S. DEPARTMENT OF EDUCATION AND CORINTHIAN COLLEGES, INC. |
| U.S. DEPARTMENT OF EDUCATION<br>400 MARYLAND AVENUE, SW<br>WASHINGTON, DC 20202 | THIRD AMENDMENT TO OPERATING AGREEMENT BY AND BETWEEN THE U.S. DEPARTMENT OF EDUCATION AND CORINTHIAN COLLEGES, INC. |
| XL SPECIALTY INSURANCE COMPANY<br>70 SEAVIEW AVENUE<br>STAMFORD, CT 06902-6040 | D&O - EXCESS  INSURANCE |
| XL SPECIALTY INSURANCE COMPANY<br>70 SEAVIEW AVENUE<br>STAMFORD, CT 06902-6040 | NEW D&O, SIDE A ONLY  INSURANCE |
| ZENITH EDUCATION GROUP, INC.<br>C/O ECMC GROUP, INC.<br>1 IMATION PLACE, BUILDING 2<br>OAKDALE, MN 55128 | TRANSITION SERVICES AGREEMENT |
| ZURICH AMERICAN INSURANCE COMPANY<br>1400 AMERICAN LANE<br>SCHAUMBURG, IL 60196 | AUTO INSURANCE POLICY  INSURANCE |

**B6H (Official Form 6H) (12/07)**

| Heald Real Estate, LLC | 15-10958 |
|---|---|
| Debtor | Case No. (If known) |

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| ASHMEAD EDUCATION, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |
| ASHMEAD EDUCATION, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| CAREER CHOICES, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| CDI EDUCATION USA, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |

**Heald Real Estate, LLC**

**15-10958**

Debtor

Case No. (If known)

# SCHEDULE H - CODEBTORS
## (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| CDI EDUCATION USA, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| CORINTHIAN COLLEGES, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| CORINTHIAN PROPERTY GROUP, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |
| CORINTHIAN PROPERTY GROUP, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| CORINTHIAN SCHOOLS, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |
| CORINTHIAN SCHOOLS, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |

**Heald Real Estate, LLC**

15-10958

Debtor

Case No. (If known)

# SCHEDULE H - CODEBTORS
## (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| ECAT ACQUISITION, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |
| ECAT ACQUISITION, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| ETON EDUCATION, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |
| ETON EDUCATION, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| EVEREST COLLEGE PHOENIX, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| FLORIDA METROPOLITAN UNIVERSITY, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |

**Heald Real Estate, LLC**

Debtor

**15-10958**

Case No. (If known)

# SCHEDULE H - CODEBTORS
## (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| FLORIDA METROPOLITAN UNIVERSITY, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| GRAND RAPIDS EDUCATIONAL CENTER, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| HEALD CAPITAL LLC<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |
| HEALD CAPITAL LLC<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| HEALD COLLEGE, LLC<br>1340 TREAT BLVD., SUITE 325<br>WALNUT CREEK, CA 94597 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| HEALD EDUCATION, LLC<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |

| Heald Real Estate, LLC | 15-10958 |
|---|---|
| Debtor | Case No. (If known) |

# SCHEDULE H - CODEBTORS
## (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| HEALD EDUCATION, LLC<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| MJB ACQUISITION CORPORATION<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |
| MJB ACQUISITION CORPORATION<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| PEGASUS EDUCATION, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |
| PEGASUS EDUCATION, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| QUICKSTART INTELLIGENCE CORPORATION<br>16815 VON KARMAN AVE. STE. #100<br>IRVINE, CA 92606 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |

**Heald Real Estate, LLC**                                    **15-10958**

Debtor                                                        Case No. (If known)

# SCHEDULE H - CODEBTORS
## (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| RHODES BUSINESS GROUP, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |
| RHODES BUSINESS GROUP, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| RHODES COLLEGES, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |
| RHODES COLLEGES, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| SD III-B HEALD HOLDINGS CORP.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |
| SD III-B HEALD HOLDINGS CORP.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |

**Heald Real Estate, LLC**

**15-10958**

Debtor

Case No. (If known)

# SCHEDULE H - CODEBTORS
## (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| SEQUOIA EDUCATION, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| SOCLE EDUCATION, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |
| SOCLE EDUCATION, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| SP PE VII-B HEALD HOLDINGS CORP.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |
| SP PE VII-B HEALD HOLDINGS CORP.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |
| TITAN SCHOOLS, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A. AS DOMESTIC ADMINISTRATIVE AGENT<br>800 FIFTH AVE, FLOOR 17<br>SEATTLE, WA 98104 |

**Heald Real Estate, LLC**

Debtor

**15-10958**

Case No. (If known)

# SCHEDULE H - CODEBTORS
## (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| TITAN SCHOOLS, INC.<br>6 HUTTON CENTRE DRIVE, SUITE 400<br>SANTA ANA, CA 92707 | BANK OF AMERICA, N.A., AS DOMESTIC AND CANADIAN<br>ADMINISTRATIVE AGENT<br>OTHER BANKS: U.S. BANK, N.A; MUFG UNION BANK, N.A.; BANK OF<br>THE WEST; ONE WEST BANK, N.A<br>ATTN: JANET SLEEPER<br>SAG MIDDLE MARKET SEATTLE<br>800 5TH AVE<br>SEATTLE, WA 98104-3176 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

**In re**   Heald Real Estate, LLC                     **Case No.**   15-10958

                  **Debtor**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP**

I, the  of the Heald Real Estate, LLC, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**36**__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date:   4/8/15                     Signature _____

_Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571._