**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CORINTHIAN COLLEGES, INC., *et al.*[1], | : | Case No. 15-10952 (KJC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: Docket No. 363** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION OF THE COMMITTEE OF STUDENT CREDITORS FOR AN ORDER APPLYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(A) AND 105(A) AND GRANTING RELATED RELIEF**

Pursuant to Federal Rules of Evidence 101, 201, 1101, and Federal Rule of Bankruptcy Procedure 9017, the Committee of Student Creditors, (the "Student Committee") by their undersigned counsel, hereby requests that the Court take judicial notice of the following documents that were publicly filed in consideration of the Motion For An Order Supplementing Or Extending The Automatic Stay Pursuant To 11 U.S.C. §§362(a) and 105(a) (the "Motion") filed concurrently herewith:

1. Corinthian Colleges, United States Senate Committee on Health and Education Labor and Pensions (2012), *The United States Senate Committee on Health Education Labor and Pensions ("HELP") Report*, attached hereto as Exhibit A. Condensed version of the report is *available at* http://www.help.senate.gov/imo/media/for_profit_report/PartII/Corinthian.pdf,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425, Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Educations, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

- 2 -

(last accessed June 8, 2015);

2. Complaint for Permanent Injunction and Other Relief entitled *Consumer Fin. Prot. Bureau v. Corinthian Colls., Inc. d/b/a/ Everest Coll., Everest Inst., Everest Univ., Everest Univ. Online, Everest Coll. Phoenix, Everest Coll. Online, WyoTech and Heald Coll.,* filed on September 16, 2014 in the United States District Court, Northern District of Illinois, Eastern Division, Case No. 14-7194, attached hereto as Exhibit B;

3. Complaint for Civil Penalties, Injunction and Other Equitable Relief entitled *The People of the State of California vs. Corinthian Schools, Inc., a Delaware corporation doing business as Bryman Coll. and Everest Coll. and Titan Schools, Inc., a Delaware corporation doing business as Nat'l Inst. of Tech.*, filed on July 31, 2007 in the Superior Court of the State of California, for the County of Los Angeles, Case No. BC374999 attached hereto as Exhibit C;

4. Complaint in the case entitled *Commonwealth of Massachusetts v. Corinthian Colls., Inc. and Corinthian Schools, Inc.*, filed on April 3, 2014 in the Superior Court of the Commonwealth of Massachusetts, Case No. 14-1093, attached hereto as Exhibit D;

5. Complaint entitled *State of Wisconsin v. Corinthian Colls., Inc.,* filed on October 27, 2014 in the Circuit Court for the State of Wisconsin, Milwaukee County, Case No. 2014-CX-00006, attached hereto as Exhibit E;

6. First Amended Complaint for Civil Penalties, Permanent Injunction, and Other Equitable Relief in the case entitled *The People of the State of California v. Heald Coll., LLC, et al.*, filed on February 19, 2014 in the Superior Court of the State of California, County of San Francisco, Case No. CGC-13-537494, attached hereto as Exhibit F;

7. Notice of Entry of Modification of Final Judgment Entered on July 31, 2007, in the case of *The People of the State of California vs. Corinthian Schools, Inc., a Delaware corporation doing business as Bryman Coll. and Everest Coll. and Titan Schools, Inc., a Delaware corporation doing business as Nat'l Inst. of Tech*, filed on May 26, 2011 in the Superior Court of the State of California, for the County of Los Angeles, Case No. BC374999 attached hereto as Exhibit G;

8.      U.S. Dept. of Edu. Notice of Intent to Fine Heald College, Apr. 14, 2015, attached hereto as Exhibit H; and

9.      Institutional Eligibility for Participation in Title IV Student Aid Programs Under Higher Education Act: Background and Reauthorization Issues, Order Code RL33909 (March 9, 2007), available at: http://assets.opencrs.com/rpts/RL33909_20070309.pdf, attached hereto as Exhibit I (last accessed June 8, 2015).

## The Court May Properly Take Judicial Notice of the Requested Documents

Pursuant to the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b)(1)-(2).  The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). The Federal Rules of Evidence are applicable to these proceedings as set forth therein and as further detailed in the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Evid. 101(a) ("[t]hese rules apply to proceedings in United States courts"); Fed. R. Evid. 1101(a) ('[t]hese rules apply to proceedings before . . . United States bankruptcy . . . judges"); Fed. R. Bankr P. 9017 ("[t]he Federal Rules of Evidence …apply in cases under the Code"). At the evidentiary hearing to consider the Motion, this Court should take judicial notice of each exhibit attached hereto.

The Court may take judicial notice of facts within the public record, including federal government or agency documents published on websites. *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information on official government website); *In re Wellbutrin SR/Zyban Antitrust Litig.,* 281 F.Supp.2d 751, 755 n. 2 (E.D. Pa. 2003) (taking judicial notice of federal agency documents published on websites); *Del Puerto Water Dist. v.*

*United States Bureau of Reclamation,* 271 F.Supp.2d 1224, 1234 (E.D. Cal. 2003) (taking judicial notice of public documents, including Senate and House Reports); *In re AgriBiotech Sec. Litig.*, 2000 U.S. Dist. LEXIS 5643, at *4-5 (D. Nev. 2000) (taking judicial notice of official government documents available on the world wide web). In addition, the Court may take judicial notice of pleadings filed in other courts. *Sea Star Line, LLC v. Emerald Equip. Leasing, Inc.*, 648 F. Supp. 2d 626, 639 (D. Del. 2009) (taking judicial notice of pleadings that had been filed in that court and other federal district courts); *Southmark Prime Plus v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991) (citing *Green v. Warden*, 699 F.2d 364, 369 (7th Cir.), cert. denied, 461 U.S. 960 (1983) ("Furthermore, federal courts may also take notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.")).

Here, the attached exhibits include pleadings filed in other courts, a final case judgment, a United States Senate Committee report, a Congressional Research Service report and a United States Department of Education letter published in the public domain or on websites. The attached exhibits are public records that the Student Committee has hereby provided to the Court. Thus, the Court may properly take judicial notice of the exhibits attached hereto.

WHEREFORE, the Student Committee respectfully requests that the Court take judicial notice of each attached exhibit, items 1 through 9, and that the Court grant the Student Committee such other and further relief as is just.

Dated:  June 8, 2015
       Wilmington, Delaware

**POLSINELLI PC**

  */s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com

-and-

**ROBINS KAPLAN LLP**
Scott F. Gautier, Esq.
Lorie A. Ball, Esq.
Cynthia C. Hernandez, Esq.
2049 Century Park East, Suite 3400
Los Angeles, California 90067
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
sgautier@robinskaplan.com
lball@robinskaplan.com
chernandez@robinskaplan.com

*Proposed Counsel for The Official Committee of Student Creditors*

-and-

50545024.1

- 6 -

**PUBLIC COUNSEL LLP**
Mark Rosenbaum, CA Bar No. 59940
Anne Richardson, CA Bar No. 151541
Alisa Hartz, CA Bar No. 285141
Dexter Rappleye, CA Bar No. 302182
610 S. Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089
mrosenbaum@publiccounsel.org
arichardson@publichcounsel.org
ahartz@publiccounsel.org
drappleye@publiccounsel.com

*Proposed Special Counsel to the Official Committee of Student Creditors*

61038510.2

50545024.1