# EXHIBIT C

AMOUNT
TO 6103.5 G..._____550.00
PLUS A ONE TIME ADMINISTRATIVE FEE UPON JUDGMENT
IF THE PARTY BECOMES A JUDGMENT CREDITOR.

1  EDMUND G. BROWN JR., Attorney General
   of the State of California
2  ALBERT NORMAN SHELDEN
     Senior Assistant Attorney General
3  MARGARET REITER
     Supervising Deputy Attorney General
4  ROBYN SMITH (Bar No. 165446)
   BENJAMIN G. DIEHL (Bar No. 192984)
5    Deputy Attorneys General
   300 So. Spring Street, Suite 1702
6  Los Angeles, California 90013
   Telephone:    (213) 897-2015
7  Facsimile:    (213) 897-4951

8  Attorneys for Plaintiff,
   the People of the State of California

9

FILED
LOS ANGELES SUPERIOR COURT

JUL 3 1 2007

JOHN A. CLARKE, CLERK

BY D.M. SWAIN, DEPUTY

Case assigned to
Judge

10

11                SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                    FOR THE COUNTY OF LOS ANGELES

13

14  THE PEOPLE OF THE STATE OF              CASE NO. BC374999
    CALIFORNIA,
15                                          COMPLAINT FOR CIVIL PENALTIES,
                    Plaintiff,              INJUNCTION AND OTHER
16                                          EQUITABLE RELIEF
17          v.

18  CORINTHIAN SCHOOLS, INC., a Delaware
    corporation doing business as Bryman College
19  and Everest College and TITAN SCHOOLS,
    INC., a Delaware corporation doing business as
20  National Institute of Technology,

21                  Defendants.

22

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR CIVIL PENALTIES, INJUNCTION AND OTHER EQUITABLE RELIEF

1

## COMPLAINT

2    Plaintiff the People of the State of California ( "plaintiff"), by and through Edmund G.

3  Brown Jr., Attorney General of the State of California, is informed and believes and thereupon

4  alleges as follows:

5

## DEFENDANTS

6    1.    Defendant Corinthian Schools, Inc. is a Delaware corporation with its principal

7  place of business located at 6 Hutton Centre Drive, Suite 400, Santa Ana, California. Corinthian

8  Schools, Inc. is a wholly-owned subsidiary of Corinthian Colleges, Inc. and does now, and at all

9  relevant times did, business in California under the names Bryman College ("Bryman") and

10 Everest College ("Everest"), among other fictitious business names.

11    2.    Defendant Titan Schools, Inc. ("Titan Schools") is a Delaware corporation with its

12 principal place of business located at 6 Hutton Centre Drive, Suite 400, Santa Ana, California.

13 Titan Schools is a wholly-owned subsidiary of Corinthian Colleges, Inc. and does now, and at all

14 relevant times did, business in California under the name National Institute of Technology,

15 ("NIT"), among other fictitious business names.

16    3.    Corinthian Schools, Inc. and Titan Schools shall be referred to collectively as

17 "Corinthian" or "Defendants."

18    4.    Whenever reference is made in this Complaint to any act of Defendants, that

19 allegation shall mean that each defendant acted individually and jointly with the other defendant.

20    5.    Any allegation about acts of any corporate or other business defendant means that

21 the corporation or other business did the acts alleged through its officers, directors, employees,

22 agents and/or representatives while they were acting within the actual or ostensible scope of their

23 authority.

24    6.    At all relevant times, each defendant committed the acts, caused or directed others

25 to commit the acts, or permitted others to commit the acts alleged in this Complaint.

26    7.    The violations of law alleged in this Complaint occurred in Los Angeles County

27 and elsewhere throughout California.

28

---

2

**COMPLAINT FOR CIVIL PENALTIES, INJUNCTION AND OTHER EQUITABLE RELIEF**

1

## DEFENDANTS' BUSINESS PRACTICES

2    8.    Operating under the names Bryman College, Everest College and the National

3  Institute of Technology, Corinthian offers vocational programs at approximately 14 schools

4  located throughout California, including in Los Angeles and San Jose Counties. The programs

5  are offered primarily to people who have left high school and are beyond the age for compulsory

6  attendance at high school. Programs typically last from six to thirteen months. Corinthian's

7  charges for these short vocational programs typically range between $7,000 and $15,000, with

8  some longer courses costing as much as $27,000. The vocational programs Corinthian offers

9  include, among others, Dental Assisting, Massage Therapy, Medical Assisting, Medical

10  Administrative Assistant, Medical Billing, Pharmacy Technician, and Homeland Security. The

11  vast majority of students enrolled pay the high cost of these courses through financing

12  Defendants offer or arrange through lenders via a combination of government grants, government

13  subsidized loans, high-cost private loans and Corinthian's own credit programs. Students who

14  are unable to obtain a good-paying job in the field they studied may be saddled with the debt and

15  the negative consequences of that debt for years to come, because with a few limited exceptions

16  such debt is not dischargeable in bankruptcy.

17    9.    Defendants have engaged in a persistent pattern of unlawful conduct. For many of

18  the vocational programs Corinthian offers, Defendants' own records show that a substantial

19  percentage of students do not complete the programs and, of those who complete the program, a

20  large majority do not successfully obtain employment within six months after completing the

21  course. In addition, the percentages of former students whom Corinthian's documents claim

22  successfully obtain employment are inflated. In some instances, Corinthian's records even list

23  non-existent businesses as the students' places of employment. The salaries Corinthian's records

24  claim that its former students earn are also often incorrect and inflated. Defendants have placed

25  intense pressure on their schools, particularly the recruitment employees and those who supervise

26  them to meet a pre-set quota of "starts." That means the employees are to enroll at least a certain

27  number of students who stay in school beyond the five-day period during which students may

28

3

**COMPLAINT FOR CIVIL PENALTIES, INJUNCTION AND OTHER EQUITABLE RELIEF**

withdraw from school and obtain a full refund under California Education Code.  Defendants use various untrue and misleading statements to induce students to enroll and not cancel Corinthian's programs, despite the poor chances of success, and engage in additional unfair, unlawful or fraudulent business acts and practices.

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**VIOLATIONS OF BUSINESS AND PROFESSIONS CODE
SECTION 17500 (UNTRUE OR MISLEADING STATEMENTS)**

10.    Plaintiff incorporates all paragraphs of this Complaint set forth above.

11.    Defendants have violated and continue to violate Business and Professions Code section 17500 by making or disseminating untrue or misleading statements, or causing untrue or misleading statements to be made or disseminated in or from California, with the intent to induce members of the public to enroll in vocational training programs offered by Defendants and to purchase other goods or services. Specifically, the untrue or misleading statements are the following:

a.    Statements to prospective students and others about how successful Corinthian's students have been, or will be, in obtaining employment in the fields, occupations or job titles for which they trained, or to which the programs were represented to lead,  including: (i) statements that indicate a very high percentage of Corinthian's students obtain employment, which Defendants have no basis to believe is true; (ii) statements that divert prospective students' and others' attention from Corinthian's own statistics showing the low percentage of former students who obtained such employment to other, less specific employment information of unknown reliability and employment percentages not calculated in accordance with California law; (iii) failing to disclose or adequately disclose Corinthian's own statistics showing the low percentage of students who complete or graduate from Corinthian's programs; (iv) failing to disclose or adequately disclose Corinthian's own statistics showing the low percentage of former students who obtain employment; and (v) statements reporting a higher percentage of students who obtained employment than is true.  Among other reasons,

4

**COMPLAINT FOR CIVIL PENALTIES, INJUNCTION AND OTHER EQUITABLE RELIEF**

these statements are untrue or misleading for the reasons stated.

b.      Statements regarding the starting salaries earned by their students who have completed their programs and obtained employment in the occupations or job titles to which the programs were represented to lead or secured employment in the field for which they were trained.  Among other reasons, Defendants' statements are untrue or misleading because they overstate the starting salaries former students have earned.

c.      Statements that Corinthian is authorized to offer the vocational programs it offers.  These statements are untrue or misleading because (i) some of those programs do not meet the performance standards for student completion or for employment of those who complete the program, which Defendants are required by law to meet; and (ii) Defendants are prohibited from offering those programs that do not meet the applicable performance standards for student completion and/or employment of those who complete, or for job placement of enrollees, which Defendants are required by law to meet.

d.      Statements that Corinthian's programs will train students for careers in particular job titles or occupations.  These statements are untrue or misleading because Defendants know that many students will not complete the programs they enroll in, and even of those who do, a large majority will not find employment after completion of the program in the occupations or job titles to which the programs of instruction are represented to lead or in the vocational, trade or career field for which they are purportedly trained.

e.      Statements that Corinthian's schools or programs are approved by the California Department of Education.  These statements are untrue or misleading because Corinthian schools are not so approved and state approval by another agency does not imply any endorsement or recommendation by the state, but means only that the schools met the minimum state standards at the time they obtained approval to operate or offer a program.

///

COMPLAINT FOR CIVIL PENALTIES, INJUNCTION AND OTHER EQUITABLE RELIEF

12.     Defendants knew or by the exercise of reasonable care should have known that the statements set forth above were untrue or misleading at the time the statements were made.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)

13.     Plaintiff incorporates all paragraphs of this Complaint set forth above.

14.     Defendants have engaged in and continue to engage in unfair competition as defined in Business and Professions Code section 17200 as set forth in this paragraph:

a.     Defendants have provided inaccurate information regarding employment of Corinthian students to the Bureau for Private Postsecondary and Vocational Education and the Attorney General.

b.     Defendants have failed to provide the disclosures required under section 94859 of the Education Code or failed to provide those disclosures accurately, including disclosures regarding completion percentages, employment percentages and starting salaries of Defendants' graduates.

c.     Defendants have failed to provide the disclosures required under section 94816(a) of the Education Code or failed to provide those disclosures accurately, including disclosures regarding completion percentages, employment percentages, and starting salaries of Defendants' graduates.

d.     In violation of section 94866 of the Education Code, Defendants have failed to provide, or failed to provide an accurate, Notice of Student's Rights to students that states that a student may cancel a class with no obligation at any time up to the fifth business day following the first class session, or that students' have ongoing rights which extend after that time to withdraw and obtain a refund.

e.     Defendants have made untrue or misleading statements in violation of section 94832(a) of the Education Code by engaging in the conduct more specifically set forth in paragraphs 9 through 13 of the Complaint.

///

6

**COMPLAINT FOR CIVIL PENALTIES, INJUNCTION AND OTHER EQUITABLE RELIEF**

f.     Defendants have engaged in false, misleading or deceptive conduct in violation of section 94832(b) of the Education Code by engaging in the conduct more specifically set forth in paragraphs 9 through 13 of the Complaint.

g.     Defendants have made false or misleading statements in violation of section 94830(h) of the Education Code by engaging in the conduct more specifically set forth in paragraphs 9 through 13 of the Complaint.

h.     Defendants have violated section 94832(i) of the Education Code by representing that their schools or programs are approved by the California Department of Education, or are approved by the state without clearly and conspicuously also disclosing that approval means only that the schools met the minimum state standards and does not imply any endorsement or recommendation by the state.

i.     Defendants have violated section 94816(b) of the Education Code by failing to provide prospective students with a disclosure stating, among other terms, that units earned in the specified program offered at Defendants' schools in most cases will probably not be transferable to any other college or university.

j.     Defendants have violated section 94854 of the Education Code by offering programs subject to Education Code section 94854 that do not meet the performance standards required by law.  In particular, Defendants have violated subparagraphs (a)(1) and (2) of section 94854 by offering programs without satisfying the requirements that: (i) 60% (sixty percent) or more of those students who begin and do not cancel a program (under section 94867) and who are not prevented from completing it for one or more of the reasons set forth in section 94854(c), complete it within the applicable time period; and (ii) 70% (seventy percent) or more of the students who complete a program within the applicable time period obtain employment (as defined in section 94854(k)(2)(A)) starting within 6 months of completing the program, in occupations or job titles to which the program was represented to lead., and complete and start employment as defined in section 94854(k)(2)(A).

7

COMPLAINT FOR CIVIL PENALTIES, INJUNCTION AND OTHER EQUITABLE RELIEF

k.      Defendants have also violated section 94854(g) of the Education Code by offering programs that fail to meet one or both of the standards under section 94854(a) (60 percent completion, as defined, and 70 percent employment, as defined) and which also fail to meet the minimum placement rate required by section 94854(f)(1)(B), as defined and described in sections 94854(k), (m), (n) and (o), in that fewer than 42 percent of those who enrolled, did not cancel under section 94867, and who were scheduled to complete during the applicable time period, completed and obtained employment.

l.      Defendants have improperly counted as having found employment students who do not satisfy the requirements of section 94854(a)(2), as defined in 94854(k)(2) of the Education Code.

m.      In violation of section 94832(h)(2) of the Education Code, Defendants have falsified records, including records related to the percentage of students who complete Corinthian's programs, the number of students who obtain employment in the job titles or occupations to which their programs were represented to lead or in the fields for which they were trained, and starting wages earned by those students.

n.      In violation of section 94859(a) of the Education Code, Defendants have failed to provide students with one or more of the following before the prospective students sign any enrollment agreement: a school catalog, a copy of the enrollment agreement, a disclosure of placement and completion percentages for the program in which the student is enrolling, and a disclosure regarding the starting salaries of Defendants' graduates for the program in which the student is enrolling.

o.      In violation of section 94859(f) of the Education Code, Defendants have failed to allow students a reasonable opportunity to read and review one or more of the following before they sign an enrollment agreement: a school catalog, a copy of the enrollment agreement, a disclosure of placement and completion percentages for the program in which the student is enrolling, and a disclosure regarding the starting salaries of Defendants' graduates for the program in which the student is enrolling.

8

**COMPLAINT FOR CIVIL PENALTIES, INJUNCTION AND OTHER EQUITABLE RELIEF**

1    p.    Defendants have engaged in the conduct more specifically set forth in

2    paragraphs 9 through 13 of the Complaint.

3    q.    Defendants have violated section 17500 of the Business and Professions

4    Code by engaging in the conduct identified in the First Cause of Action to the Complaint.

5    r.    Defendants have violated the Consumer Legal Remedies Act, in particular

6    subdivision (a)(5) of section 1770 of the Civil Code, misrepresenting that the percentage

7    of Corinthian's students who find employment in the occupations or job titles to which

8    their program of instruction is represented to lead, or secure employment in the field for

9    which they were trained, is higher than it in fact is; misrepresenting that the starting

10    salaries earned by Corinthian's students after completing their programs are higher than

11    they in fact are; and misrepresenting that the programs Corinthian offers meet the

12    requirements set by the Education Code when in fact the programs do not.

13    s.    Defendants do not provide important information about the cost of their

14    programs and related charges, or about students' refund rights, all of which are required

15    by law to be contained in the enrollment agreement or otherwise provided to students

16    before they enroll, either because Defendants do not consistently provide the relevant

17    documents or because the documents do not contain the information required, but

18    Defendants nevertheless require students to sign documents that represent such

19    information has been provided to them.

20    t.    Defendants have required confidentiality clauses in agreements settling

21    disputes with third parties, including students, former students, and graduates, which bar

22    those who settle from discussing any of the bases for their disputes with "any

23    governmental agency," and which purport to require those who settle to pay Defendants

24    liquidated damages, in the amount of the entire sum paid under any settlement, if such

25    confidentiality clause is violated.

26    ///

27    ///

28

9

**COMPLAINT FOR CIVIL PENALTIES, INJUNCTION AND OTHER EQUITABLE RELIEF**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.     Pursuant to Business and Professions Code section 17535, that all Defendants, their employees, agents, representatives, successors, assigns, and all persons who act in concert or participate with them be permanently enjoined from making any untrue or misleading statements in violation of Business and Professions Codes section 17500, including the untrue or misleading statements alleged in the First Cause of Action.

2.     Pursuant to Business and Professions Code section 17203, that all Defendants, their employees, agents, representatives, successors, assigns, and all persons who act in concert or participate with them be permanently enjoined from committing any acts of unfair competition, including the violations alleged in the Second Cause of Action.

3.     Pursuant to Business and Professions Code sections 17535 and 17203, that the Court make such orders or judgments as may be necessary to restore to any person in interest any money or property which may have been acquired by means of false or misleading advertising or unfair competition.

4.     Pursuant to Business and Professions Code section 17536, that Defendants, and each of them, be ordered to pay a civil penalty for each violation of Business and Professions Code section 17500 by Defendants.

5.     Pursuant to Business and Professions Code section 17206, that Defendants, and each of them, be ordered to pay a civil penalty for each violation of Business and Professions Code section 17200 by Defendants.

6.     That Plaintiff recover its costs of suit, including costs of investigation.

///

///

///

///

10

**COMPLAINT FOR CIVIL PENALTIES, INJUNCTION AND OTHER EQUITABLE RELIEF**

1        7.        For such other and further relief as the Court may deem just and proper.

2  Dated: July 27 2007                                    Respectfully submitted,
                                                         EDMUND G. BROWN JR.
3                                                          Attorney General of the State of California
                                                         ALBERT NORMAN SHELDEN
4                                                          Senior Assistant Attorney General
                                                         MARGARET REITER
5                                                          Supervising Deputy Attorney General
                                                         ROBYN C. SMITH
6                                                         BENJAMIN G. DIEHL
                                                          Deputy Attorneys General

7
                                                         By_____
8                                                            ROBYN SMITH
                                                            Deputy Attorney General
9                                                           Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR CIVIL PENALTIES, INJUNCTION AND OTHER EQUITABLE RELIEF**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ROBYN C. SMITH (State Bar # 165446)
Office of the Attorney General
300 S. Spring Street, Ste 1702, Los Angeles, California 90013
TELEPHONE NO.: (213) 897-2015   FAX NO.: (213) 897-4951
ATTORNEY FOR *(Name):* The People of the State of California, et al., Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District -- Stanley Mosk Courthouse

**FILED**
LOS ANGELES SUPERIOR COURT
JUL 3 1 2007
JOHN A. CLARKE, CLERK
BY D.M. SWAIN, DEPUTY

CASE NAME:
The People of the State of California v. Corinthian Schools, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | BC374999 |
| | | JUDGE:  DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [X] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action *(specify):* 2

5. This case [ ] is [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 27 , 2007

ROBYN C. SMITH
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2006] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 201.8, 1800–1812; Standards of Judicial Administration, § 19 www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE:<br>The People of the State of California v. Corinthian Schools, Inc., et al. | CASE NUMBER<br>BC374999 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL __0__ ☐ HOURS/ ☒ DAYS.

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070   Asbestos Property Damage | 2. |
| | | ☐ A7221   Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210   Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240   Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250   Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270   Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property** | Business Tort  (07) | ☒ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2. ③ |
| | Civil Rights  (08) | ☐ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ☐ A6016   Intellectual Property | 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LexisNexis® Automated California County Forms

| SHORT TITLE: | CASE NUMBER |
|---|---|
| The People of the State of California v. Corinthian Schools, Inc., et al. | |

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

*Side labels (top to bottom):* Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Employment | Contract | Real Property | Judicial Review  Unlawful Detainer

CIV 109 03-04 (Rev. 03/06)

LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 2 of 4

LexisNexis® Automated California County Forms

| SHORT TITLE:                                                              | CASE NUMBER |
|---------------------------------------------------------------------------|-------------|
| The People of the State of California v. Corinthian Schools, Inc., et al. |             |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment | 2., 9. |
| | | ☐ A6160   Abstract of Judgment | 2., 6. |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment | 2., 3., 9. |
| | | ☐ A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190   Election Contest | 2. |
| | | ☐ A6110   Petition for Change of Name | 2., 7. |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100   Other Civil Petition | 2., 9. |

CIV 109 03-04 (Rev. 03/06)

LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 3 of 4

LexisNexis® Automated California County Forms

| SHORT TITLE: | CASE NUMBER |
|---|---|
| The People of the State of California v. Corinthian Schools, Inc., et al. | |

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE ☐1.☐2.☒3.☐4.☐5.☐6.☐7.☐8.☐9.☐10. | ADDRESS: 3460 Wilshire Blvd. |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90010 | |
|---|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Los Angeles Superior Court  (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: __7/27/07__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet form CM-010.

4.  Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIV 109 03-04 (Rev. 03/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4
LexisNexis® Automated California County Forms