# **EXHIBIT G**

1   KAMALA D. HARRIS
      Attorney General of California
2   FRANCES T. GRUNDER
      Senior Assistant Attorney General
3   BENJAMIN DIEHL
      Supervising Deputy Attorney General
4   KRISTINA KETCHEL
      Deputy Attorney General
5   State Bar No. 247829
      300 South Spring Street, Suite 1702
6   Los Angeles, CA 90013
      Telephone: (213) 897-8764
7   Fax: (213) 897-4951
      E-mail: Kristina.Ketchel@doj.ca.gov
8
    *Attorneys for Plaintiff People of the*
9   *State of California*

FILED
LOS ANGELES SUPERIOR COURT

MAY 26 2011

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

10              SUPER IOR COURT OF THE STATE OF CALIFORNIA

11                  FOR THE COUNTY OF LOS ANGELES

12

13  | | |
    |---|---|
14  THE PEOPLE OF THE STATE OF CALIFORNIA,                         | Case No. BC374999
15                                          Plaintiff,             | **NOTICE OF ENTRY OF MODIFICATION OF FINAL JUDGMENT ENTERED JULY 31, 2007**
16              v.
17  CORINTHIAN SCHOOLS, INC., a Delaware                          | Date:    May 25, 2011
18  corporation doing business as Bryman College                  | Time:    8:30 a.m.
    and Everest College; and TITAN SCHOOLS,                       | Dept:    64
19  INC., a Delaware corporation doing business                   | Judge:   The Honorable Kenneth R.
    as National Institute of Technology,                          |            Freeman
20
21                                         Defendants.
22
23
24
25
26
27
28

                                        1

1        Notice is given that on May 25, 2011, the Court granted Plaintiff's Motion for

2 Modification of Final Judgment Entered July 31, 2007, and entered the Modification of Final

3 Judgment Entered July 31, 2007. The Modification is attached as Attachment 1.

4 DATED: May 25, 2011                 Respectfully submitted,

5                                KAMALA D. HARRIS
                                Attorney General of California

6                                 FRANCES T. GRUNDER
                                Senior Assistant Attorney General

7                                 BENJAMIN DIEHL
                                Supervising Deputy Attorney General

8

9

10                                 *Kristina Ketchel*

11                                 KRISTINA KETCHEL
                                Deputy Attorney General

12                                 *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF ENTRY OF MODIFICATION OF FINAL JUDGMENT ENTERED JULY 31, 2007  (BC374999)



# ATTACHMENT 1

1

2

3    **ORIGINAL FILED**

4    MAY 2 5 2011

5    LOS ANGELES

6    SUPERIOR COURT

7

8    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9    FOR THE COUNTY OF LOS ANGELES

10

11

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | Case No. BC374999 |
| Plaintiff, | [PROPOSED] MODIFICATION OF FINAL JUDGMENT ENTERED JULY 31, 2007 |
| v. | Dept:     64 |
| CORINTHIAN SCHOOLS, INC., a Delaware corporation doing business as Bryman College and Everest College; and TITAN SCHOOLS, INC., a Delaware corporation doing business as National Institute of Technology, | Judge:    The Honorable Kenneth R. Freeman |
| Defendants. | |

12

13

14

15

16

17

18

19

20    The Court having considered the Motion for Modification of Final Judgment Entered July

21    31, 2007 and related documents filed by Plaintiff the People of the State of California

22    ("Plaintiff"), the record in this case, and the evidence in support thereof, and good cause

23    appearing therefrom,

24    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

25    (A)    Paragraph 13 to the Final Judgment entered on July 31, 2007, attached hereto as

26    Exhibit 1, is amended to read as follows:

27    13.    Regarding the sum of $4,300,000 (Four Million, Three Hundred Thousand

28    Dollars) paid jointly and severally by Defendants to the Attorney General for distribution to

1

1    students, the Attorney General shall, at her sole discretion, determine which students who

2    completed their programs in California between January 1, 2003, and June 29, 2007, inclusive,

3    are eligible to receive funds according to the following criteria:

4                      (a)      The distribution shall include:

5                              (i)      Students who signed a declaration at the Attorney General's

6    request on or before August 1, 2007; and

7                             (ii)      Students who, according to Defendants' records or

8    declarations obtained from employers by the Attorney General on or before August 1, 2007,

9    completed a program in California between January 1, 2003, and June 29, 2007, inclusive, that

10    had an average placement rate of 60 percent or lower, and did not obtain full-time employment

11    for which the student trained.

12                     (b)      The funds shall be distributed to the students identified in

13    subparagraph (a) according to the following calculation and based on Defendants' records,

14    declarations obtained from employers by the Attorney General on or before August 1, 2007, and

15    information obtained by the Attorney General or the Administrator:

16                             (i)      Students who completed a program with an average

17    placement rate of forty-two (42) percent or lower will receive twenty (20) percent of the amount

18    the student paid to Defendants for the program (excluding grant amounts and less any money paid

19    by Defendants to the student);

20                            (ii)      Students who completed a program with an average

21    placement rate above forty-two (42) percent but not exceeding fifty (50) percent will receive ten

22    (10) percent of the amount the student paid to Defendants for the program (excluding grant

23    amounts and less any money paid by Defendants to the student);

24                          (iii)      Students who completed a program with an average

25    placement rate above fifty (50) percent but not exceeding fifty-nine and three-quarters (59 3/4)

26    percent will receive five (5) percent of the amount the student paid to Defendants for the program

27    (excluding grant amounts and less any money paid by Defendants to the student); and

28                          (iv)      Students who completed a program with an average

2

1   placement rate of sixty (60) percent, and any students who signed a declaration at the Attorney

2   General's request on or before August 1, 2007 and completed a program with an average

3   placement rate of sixty (60) percent or higher, will receive two and one-half (2 1/2) percent of the

4   amount the student paid to Defendants for the program (excluding grant amounts and less any

5   money paid by Defendants to the student).

6               (c)     The Attorney General shall make distributions to additional

7   students at her sole discretion.

8       (B)     All other provisions and paragraphs of the Final Judgment entered on July 31,

9   2007, remain unchanged.

10      (C)     This Modification of Final Judgment Entered July 31, 2007, shall take effect

11   immediately upon entry by the clerk, and the clerk is ordered to enter it forthwith.

12

**KENNETH R. FREEMAN**

13   Date: 5-25-2011

14                           Judge, California Superior Court

3

EXHIBIT 1

ORIGINAL FILED

JUL 3 1 2007

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

THE PEOPLE OF THE STATE OF
CALIFORNIA,

               Plaintiff,

     v.

CORINTHIAN SCHOOLS, INC., a Delaware
corporation doing business as Bryman College
and Everest College; and TITAN SCHOOLS,
INC., a Delaware corporation doing business as
National Institute of Technology,

               Defendants.

Case No. BC374999

FINAL JUDGMENT

    Plaintiff, the People of the State of California, appearing through Edmund G. Brown Jr.,
Attorney General, by Deputy Attorneys General Robyn C. Smith and Benjamin Diehl, and
Defendants Corinthian Schools, Inc. and Titan Schools, Inc., appearing through their counsel,
Manatt, Phelps and Phillips, LLP, by Clayton S. Friedman, and O'Melveny and Myers LLP, by
Carolyn Kubota, having stipulated to the entry of this Final Judgment (hereinafter "Judgment")
without the taking of evidence; without trial or adjudication of any issue of fact or law or any
adjudication of or decision regarding the substantive merits of any claim or defense in this case;
this Judgment not constituting a finding or evidence of or an admission regarding any issue of
any kind, including without limitation any admission by Defendants that they have engaged in

1   any unlawful conduct; this Judgment not limiting or prejudicing Defendants' right to defend

2   themselves in any other action or proceeding; the Court having considered the Stipulation for

3   Entry of Final Judgment executed by the parties and filed herewith; and good cause appearing

4   therefor,

5        **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

6       1.    This Court has jurisdiction of the subject matter hereof and the parties hereto.

7       2.    Venue is proper in this Court.

8       3.    In this action, the People alleged specific violations of sections 17200 and 17500

9   of the Business and Professions Code and certain specified provisions of the Education Code,

10  among others.

11      4.    The injunctive provisions of this Judgment shall apply to the diploma programs

12  offered in California by Defendants Corinthian Schools, Inc. and Titan Schools, Inc., their

13  predecessors, agents, employees, officers, directors, representatives, successors, partners, assigns,

14  and any and all persons acting in concert or participating with Defendants Corinthian Schools,

15  Inc. and Titan Schools, Inc., all of whom are referred to collectively as "Defendants;" except that

16  the injunctive provisions of this Judgment do not apply to the diploma programs presently

17  offered at Defendants' Wyotech campuses.

18      5.    All relief under Paragraphs 4 through 26 of this Judgment is ordered pursuant to

19  the Court's powers, including the Court's powers under sections 17203 and 17535 of the

20  California Business and Professions Code.

21      6.    Defendants are enjoined for eighteen months from enrolling new students in the

22  following programs at the following campuses after June 29, 2007:

23          A.    The Pharmacy Technician program at the Anaheim campus, presently

24              located at 511 North Brookhurst, Anaheim, California;

25          B.    The Medical Lab Assistant program at the City of Industry campus,

26              presently located at 12801 Crossroads Parkway South, City of Industry,

27              California;

28          C.    The Medical Administrative Assistant program at the Gardena campus,

FINAL JUDGMENT

1                       presently located at 1045 West Redondo Beach Boulevard, Gardena,

2                       California;

3       D.      The Pharmacy Technician program at the Los Angeles campus, presently

4                       located at 3460 Wilshire Boulevard, Los Angeles, California;

5       E.      The Business Management program at the Ontario campus, presently

6                       located at South Milliken Avenue, Ontario, California;

7       F.      The Medical Lab Assistant and Homeland Security programs at the San

8                       Bernadino campus, presently located at 217 East Club Center Drive, San

9                       Bernardino, California;

10     G.      The Medical Administrative Assistant and Medical Insurance Billing and

11                      Coding programs at the San Francisco campus, presently located at 814

12                      Mission Street, San Francisco, California;

13     H.      The Pharmacy Technician program at the San Jose campus, presently

14                      located at 1245 South Winchester Boulevard, San Jose, California; and

15     I.      The Business Management program at the West Los Angeles campus,

16                      presently located at 3000 South Robertson Boulevard, Los Angeles,

17                      California.

18 If Defendants choose to stop providing instruction in any program identified in this paragraph to

19 any student who had started the program on or before June 29, 2007, and who had not completed

20 the program by the date Defendants stop providing instruction, then Defendants shall provide a

21 full refund to each such student.

22      7.      Upon entry of this Judgment, Defendants are immediately and permanently

23 enjoined from engaging in or performing, directly or indirectly, all of the following:

24       A.      Making or causing to be made any untrue or misleading statement about

25                      the employment or salaries that students will or may obtain after enrolling

26                      in or completing any of Defendants' programs. Prohibited statements

27                      include, but are not limited to (i) any statement related to Defendants' own

28                      students' employment or salaries that is not substantiated by Defendants'



records; (ii) any statement based on information in Defendants' records that Defendants know or should know is inaccurate; and (iii) any statement that contradicts or suggests that a prospective student should disregard any employment or salary disclosures based on Defendants' own records that Defendants make or are required to make.

B.  Failing to provide a student, before he or she enrolls in any program, a retainable copy of written disclosures about employment and salaries to the extent that (i) such disclosures are required by Education Code sections 94816(a) or 94859(a)(2), if applicable, or (ii) Defendants are required to provide such disclosures in accordance with then-current California law or pursuant to an agreement with an agency of the State of California (other than the Attorney General).

C.  Enrolling any student in any program without providing that student with written disclosures that conform to the requirements of then-current California law, including any Notice of Cancellation, Notice of Student Rights and/or enrollment agreement to the extent required by then-current law.

D.  Making or causing to be made any untrue, misleading or deceptive statement or engaging in any unlawful, unfair or fraudulent act or practice in connection with any matter relating to: (i) the recruitment of students for enrollment; (ii) the offer or sale of any program of instruction; (iii) program length or credits; (iv) the transferability of credits, (v) the withholding of loan or grant funds from a student; or (vi) the employment of students.

E.  Making or causing to be made any untrue or misleading statement about (i) licensure requirements for employment; (ii) completion percentages; (iii) admissions requirements; (iv) government approval; (v) accreditation; or (vi) rights of cancellation and withdrawal.

4

FINAL JUDGMENT

 

8.    Beginning 60 days after entry of this Judgment, Defendants are permanently enjoined from engaging in or performing, directly or indirectly, all of the following:

A.    Making or causing to be made any statement regarding any student whom Defendants' records state is self-employed unless Defendants possess documents evidencing the student's self-employment, such as checks, invoices, or bills for payment of services rendered by the student, tax returns, contracts, social security contribution records, records of accounts receivable or customer payments, invoices for business supplies, rent receipts, appointment book entries, or business licenses. To the extent that Defendants do not possess such documents for a particular student, but obtain a statement, signed by the student, that he or she is self-employed, Defendants may state that the student is self-employed if they (i) obtain confirmation, thirty or more days after the student has completed the program, that the student has worked and obtained pay as a self-employed person; (ii) confirm with the student the existence, and make reasonable efforts to obtain copies, of documents of the kind described in this paragraph, evidencing the student's self-employment; and (iii) record the name and address of the person confirming the student's self-employment, and the date such confirmation is obtained.

B.    Failing to provide to any prospective student, during his or her first visit to any of Defendants' campuses subject to this Judgment, all disclosures required by then-current law regarding employment, completion, salaries of former students, and transferability, the enrollment agreement, and any other documents that the Defendants request students read, sign, date, and/or initial.

C.    Directly or indirectly pressuring any prospective student to sign, date, and/or initial any document before the student has had a reasonable opportunity to read and consider the document.

5

E.    Enrolling a student in a program without, prior to enrollment, clearly
identifying any non-refundable charges on the schedule of charges
provided to the student.

F.    Using any settlement agreement that in any way conditions or limits, either
expressly or implicitly, the ability of any party to that agreement from
communicating with any third-party without including a statement to the
effect that nothing in the settlement agreement prohibits or places any
conditions on communication between any government agency and any
party to the agreement regarding the underlying dispute.

This Judgment does not prevent Defendants from making statements about prospective
employment or salaries based on reliable third-party information, provided that if during the
same campus visit in which such statements are made Defendants give to the student all
disclosures that are required by law regarding Defendants' own students' employment and
salaries, as substantiated by Defendants' records.

9.    Within sixty (60) days after the entry of this Judgment, Defendants shall provide
training regarding the injunctive provisions of this Judgment to any current employee and any
third party directly involved in, or who supervise any employee or any third party directly
involved in, speaking with prospective students regarding admissions or financial aid, assisting
students with job placement, or obtaining or recording information related to Defendants'
students' completion, employment or salaries, and shall provide page one through Paragraph 3 on
page 2, Paragraph 7 on page 3 through the end of Paragraph 8 on page 6, and the signature page
of this Judgment to each such employee and third party. For a period of five years from the date
of entry of this Judgment, Defendants shall provide, no later than 10 days after any such person
begins work, a copy of page one through Paragraph 3 on page 2, Paragraph 7 on page 3 through
the end of Paragraph 8 on page 6, and the signature page of this Judgment to each new employee
and each new third party directly involved in, or who supervise any employee or any third party
directly involved in, speaking with prospective students regarding admissions or financial aid,
assisting students with job placement, or obtaining or recording information related to

6

FINAL JUDGMENT



1    Defendants' students' completion, employment or salaries.

2           10.    For four years from the date of entry of this Judgment, Defendants shall provide to

3    the Attorney General, within thirty (30) days of receipt of a written request from the Attorney

4    General, all information requested for the purpose of enabling the Attorney General to determine

5    compliance with the provisions of this Judgment.

6           11.    Information provided under Paragraph 10 shall have the same protection from

7    disclosure in response to any request from a member of the public as information the Attorney

8    General obtains in the course of an investigation.

9           12.    Nothing in this Judgment limits the rights of the Attorney General to request or

10   obtain information from Defendants as otherwise provided in this Judgment or as provided by

11   law.

12          13.    No later than five days after execution of the Stipulation for Entry of Judgment

13   filed herewith, Defendants shall jointly and severally pay the sum of $4,300,000 (Four Million,

14   Three Hundred Thousand Dollars) to the Attorney General for distribution to students. The

15   Attorney General shall, at his sole discretion, determine which students who completed their

16   programs between January 1, 2003, and June 29, 2007, inclusive, are eligible to receive funds

17   distributed pursuant to this paragraph, and in what amounts.

18          14.    Defendants shall cancel a total amount of $1,500,000 (One Million, Five Hundred

19   Thousand Dollars) of outstanding credit contract obligations owed to Defendants and incurred by

20   students on or after January 1, 2003, as follows:

21                 A.    On or before August 15, 2007, Defendants may satisfy obligations under

22          this Paragraph 14, first by canceling credit contract obligations owed by students who, as

23          of July 31, 2007, were no more than 150 days delinquent (late) on their monthly

24          payments.

25                 B.    To the extent that the total dollar value of the obligations canceled

26          pursuant to Paragraph A fails to meet the total amount of $1,500,000 (One Million, Five

27          Hundred Thousand Dollars), on or before September 15, 2007, Defendants may satisfy

28          the difference by canceling credit contract obligations owed by students who, as of

1    August 31, 2007, were no more than 150 days delinquent (late) on their monthly

2    payments.

3            C.    To the extent that the total dollar value of the obligations canceled

4    pursuant to Paragraphs A and B fails to meet the total amount of $1,500,000 (One

5    Million, Five Hundred Thousand Dollars), on or before October 15, 2007, Defendants

6    shall satisfy the difference by canceling credit contract obligations owed by students who,

7    as of September 30, 2007, were no more than 150 days delinquent (late) on their monthly

8    payments.

9    Further, on or before November 1, 2007, Defendants shall notify all credit reporting agencies to

10   which they provide information regarding obligations owed by students of the identity of students

11   whose debt has been canceled pursuant to this Judgment, and the amount of debt that is canceled.

12   Defendants shall provide written verification of the amount of canceled debt to each such

13   student, and shall also permanently record the amount of canceled debt in all paper and electronic

14   records they maintain or have in their possession regarding each credit contract affected by this

15   paragraph. If the cancellation of debt results in a zero balance due on any credit contract

16   obligation, all paper and electronic records regarding that credit contract obligation shall be

17   marked to indicate that the obligation has been paid in full.

18         15.    The distribution of the funds identified in Paragraph 13 shall be administered by a

19   third-party administrator ("Administrator") selected by the Attorney General and retained by

20   Defendants within thirty (30) days of the date of entry of this Judgment or within such other

21   reasonable time to which Defendants and the Attorney General may agree. The Administrator's

22   responsibilities, as set forth in this Judgment, shall be described in a letter of engagement that is

23   approved by the Attorney General. The Administrator shall be independent of Defendants and

24   shall be substantially experienced in the administration of programs where funds are distributed

25   to consumers, including such programs involving government agencies.

26         16.    The $4,300,000 (Four Million, Three Hundred Thousand Dollars) paid by

27   Defendants pursuant to Paragraph 13 shall be transferred to a separate interest-bearing account

28   (the "Account") established by the Administrator for the purposes of this Judgment. Any interest

FINAL JUDGMENT

1    earned on this amount shall be added to the Account.

2        17.    The cost of the Administrator shall be borne as follows:  Defendants shall pay

3    $100,000 (One Hundred Thousand Dollars) of administrative expenses to the Administrator and

4    the Attorney General shall pay any administrative expenses in excess of that amount.  If less than

5    $100,000 (One Hundred Thousand Dollars) is needed for administrative expenses, the

6    Administrator shall refund the difference to Defendants.

7        18.    Defendants shall, at their expense, promptly provide to the Attorney General and

8    the Administrator all documents and information, including without limitation data bases or

9    spreadsheets, names of students, most recent addresses, e-mail addresses, if any, Social Security

10   Numbers, and driver's license numbers, requested by the Attorney General or the Administrator

11   for the purposes of determining which students shall be eligible to receive any funds under this

12   Judgment, the amount of funds for which each student is eligible, and the identity and location of

13   each eligible student, or for facilitating the distribution of funds to eligible students or for the

14   Administrator's performance of its duties under this Judgment.  The information received by the

15   Administrator and Attorney General and all information generated by the Administrator shall be

16   treated as confidential personal identifying information and shall not be disclosed to third parties

17   except with respect to other government agencies for the sole purpose of locating students who

18   are eligible to receive any funds under the terms of this Judgment or unless required by law.

19       19.    Based on the information provided by Defendants, the Attorney General, with the

20   assistance of the Administrator, shall determine the students potentially eligible to receive any of

21   the funds to be distributed to students pursuant to this Judgment.  The Administrator shall

22   conduct reasonable address checks, including, when appropriate, using the United States Postal

23   Service's National Change of Address database or the equivalent, to confirm and update the

24   address information provided by Defendants regarding each such potentially eligible student.

25   The Administrator shall use reasonable skip tracing services to locate a potentially eligible

26   student for whom a current address cannot otherwise be reasonably obtained.  If Defendants have

27   reason to believe that an address they provided to the Administrator is not accurate, they shall

28   notify the Administrator and the Attorney General.

20.     The Attorney General shall direct the Administrator with respect to the distribution of the moneys in the Account. The Attorney General shall determine which students are eligible to receive a payment and the amount to be paid to each such student for whom the Administrator has obtained a current address. Within fifteen (15) days of the Attorney General's request, the Administrator shall provide a list of all such eligible students, and estimated amounts they will receive, to the Attorney General and Defendants.

21.     Within thirty (30) days of the Attorney General's request, the Administrator shall send by first-class U.S. mail to each eligible student, in envelopes marked with the Administrator's return address, a check in the amount determined by the Attorney General. Each check issued by the Administrator shall bear substantially the notation, "This check is void if not cashed within ninety (90) days from the date printed on the check." Each check issued by the Administrator shall be accompanied by a letter of explanation from the Attorney General.

22.     If a student is eligible to receive funds from the Account and discharge or cancellation of debt sufficient to provide (i) a full refund of all amounts he or she has paid to Defendants, (ii) all moneys he or she has paid on any debt incurred in connection with his or her enrollment in a program offered by Defendants, and (iii) cancellation or payment of all amounts outstanding, including principal and interest, on all debts that he or she incurred in connection with his or her enrollment in a program offered by Defendants, then the consumer's acceptance of the funds provided under the terms of this Judgment may be conditioned on the limited release of claims a student may have against Defendants for the violations specifically alleged in the first and second causes of action in the People's complaint that apply to the student's program.

23.     Within fifteen (15) days of any check being returned as undeliverable or expiring (90 days after issuance) without being deposited, the Administrator shall attempt to determine the current address of the relevant eligible student by checking the United States Postal Service's National Change of Address database or the equivalent. The Administrator shall use reasonable skip tracing services to locate an eligible student for whom a current address cannot otherwise be reasonably obtained. Where new address information is available, the Administrator shall send a letter, to be approved by the Attorney General, to each student requesting a confirmation of

FINAL JUDGMENT



1  address within thirty (30) days of the date of the letter. Each letter shall be sent with a

2  confirmation card and pre-addressed envelope, with first-class postage pre-paid. The

3  Administrator shall send to students who return the confirmation of address cards, by first-class

4  U.S. mail, a check in the correct amount with the letter of explanation from the Attorney General,

5  as described in Paragraph 21 above.

6       24.    One hundred (100) days and again two-hundred (200) days after all checks have

7  been mailed, the Administrator shall provide Defendants and the Attorney General a written

8  report showing the names of all students to whom a check was mailed since the last written

9  report and whether the check was cashed, was returned by the Post Office as undeliverable, or

10  was not returned as undeliverable but was not cashed within ninety (90) days.

11      25.    If, despite efforts by the Administrator to locate and distribute payments to all

12  eligible students as provided in Paragraphs 19 and 23, as provided above, the amount in the

13  Account is not depleted, then any money remaining in the Account shall be disbursed to the

14  Consumer Protection Prosecution Trust Fund previously created by the Stipulated Final

15  Judgment and Permanent Injunction, filed on September 21, 1989, in Alameda County Superior

16  Court case number 656038-0. A certified check (or equivalent) payable to the "Consumer

17  Protection Prosecution Trust Fund" drawn by the Administrator for the residual amount, if any,

18  shall be delivered to the Attorney General as soon as practicable in accordance with the terms of

19  this Judgment.

20      26.    The Administrator shall provide a final accounting of all payments from the

21  Account. The final accounting shall include a report showing the names of all students to whom

22  a check was mailed, the amount of each check, whether each check was cashed, was returned by

23  the Post Office as undeliverable, or was not returned as undeliverable but was not cashed, the

24  total amount paid to students, and the remaining amount transferred from the Account to the

25  Consumer Protection Prosecution Trust Fund.

26      27.    On entry of this Judgment, Defendants shall jointly and severally pay $700,000

27  (Seven Hundred Thousand Dollars) to the Attorney General, by certified check (or the

28  equivalent) payable to the Attorney General of California. Of this sum, $200,000 (Two Hundred




1 | Thousand Dollars) shall be paid as costs of investigation, attorneys' fees, and other expenses

2 | related to the investigation and resolution of this matter and $500,000 (Five Hundred Thousand

3 | Dollars) shall be deposited in the Unfair Competition Law Fund.

4 |      28.    This Judgment resolves the above-captioned action, and is meant to resolve those,

5 | and only those, matters specifically set forth in the allegations of the Complaint filed in this

6 | action, for conduct which occurred prior to the entry of this Judgment.

7 |      29.    All documents and notices to be provided to any party under this Judgment are

8 | sufficient if given by nationally recognized overnight courier service or personal delivery to the

9 | named party at the address below:

10 |            A.    If to Defendants: Clayton S. Friedman, Manatt, Phelps & Phillips, LLP,

11 |                 695 Town Center Drive, 14th Floor, Costa Mesa, California, 92626;

12 |                 Carolyn J. Kubota, O'Melveny & Myers LLP, 400 South Hope Street, Los

13 |                 Angeles, California, 90071; and to the Attention of the General Counsel,

14 |                 Corinthian Schools, Inc., 6 Hutton Centre Drive, Suite 400, Santa Ana,

15 |                 California, 92707.

16 |            B.    If to the Attorney General: Deputy Attorney General Robyn C. Smith,

17 |                 Office of the California Attorney General, 300 S. Spring Street, Suite

18 |                 1702, Los Angeles, California, 90013.

19 | Notice is effective when delivered personally or on the business day after it is sent by nationally

20 | recognized courier service for next day delivery. Any party may designate some other person to

21 | receive Reports or notices or change its notice address by giving notice in accordance with this

22 | paragraph.

23 |      30.    All payments required to be made to the Attorney General shall be personally

24 | delivered to Benjamin Diehl at the address set forth in Paragraph 29(B) (or to such other person

25 | and address identified in writing by the Attorney General).

26 |      31.    Nothing in this Judgment shall be construed as relieving any of the Defendants of

27 | their obligation to comply, or as prohibiting any of those parties from complying, with all

28 | applicable local, state and federal laws, regulations or rules, nor shall any of the provisions of this

1 Judgment be deemed to be permission to engage in any acts or practices prohibited by any

2 applicable law, regulation, or rule.

3     32.    This Court shall retain jurisdiction over this matter for the purposes of enabling

4 any party to this Judgment to apply to the Court at any time, after serving notice on all other

5 parties, for such further orders and directions as might be necessary or appropriate for the

6 construction or carrying out of this Judgment, for modification of the injunctive provisions of

7 this Judgment, and for the Attorney General to apply at any time for enforcement of any

8 provisions of this Judgment and for punishment for any violation of this Judgment.

9     33.    This Judgment shall take effect immediately upon entry by the clerk, and the clerk

10 is ordered to enter it forthwith.

11

12 Date: **JUL 3 1 2007**         /S/ KENNETH R. FREEMAN

13                            Judge, California Superior Court
                            KENNETH R. FREEMAN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL JUDGMENT

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **People of the State of California v. Corinthian Schools, Inc., etal.**
Case No.:     **Los Angeles Superior Court, Central District, BC374999**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 300 South Spring Street, Suite 1702, Los Angeles, CA 90013.

On May 26, 2011, I served the attached **NOTICE OF ENTRY OF MODIFICATION OF FINAL JUDGMENT ENTERED JULY 31, 2007** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as follows:

Clayton S. Friedman
**MANATT, PHELPS & PHILLIPS, LLP**
Park Tower
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
*Attorney Representing Defendant,*
*Corinthian Schools, Inc.,*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 26, 2011, at Los Angeles, California.

| Gwen Blanchard | *Gwen Blanchard* |
|----------------|------------------|
| Declarant | Signature |

LA2007601353
60632226.doc