IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § § § | Case No. 15-10952 (KJC) |
| | § § | Jointly Administered |
| Debtors. | § § § | Hearing Date: June 30, 2015 @ 11:00 a.m. (EDT) |
| | § | Proposed Obj. Deadline: June 16, 2015 @ 4:00 p.m. (EDT) |

--------------------------------------------------------

### DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 501, 502, 503 AND 1111(A), FED. R. BANKR. P. 2002 AND 3003(C)(3) AND DEL. BANKR. L.R. 2002-1(E) FOR ORDER ESTABLISHING BAR DATES FOR FILING CLAIMS AND APPROVING FORM AND MANNER OF NOTICE THEREOF

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") hereby file this motion (the "**Motion**") for entry of an order (the "**Bar Date Order**") under sections 501, 502, 503, and 1111(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"): (i) establishing deadlines for filing proofs of claim ("**Proofs of Claim**") against the Debtors for claims that arose prior to the Petition Date (as defined herein);

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

RLF1 12076561v.2

and (ii) approving the forms and manner of noticing thereof. In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[2]

## BACKGROUND

2.      On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On May 13, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors (the "**Creditors' Committee**"). Additionally, on May 15, 2015, the U.S. Trustee appointed an official committee of student creditors (the "**Student Committee**").

4.      Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada. Corinthian offered career-oriented diploma and degree programs in diverse fields such as health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology. As of March 31, 2014, Corinthian operated over 100 campuses and provided educational opportunities to more than 74,000 students and had more than 10,000 employees. It also offered degrees online.

---

[2] Under rule 9013-1(f) of the Local Rules, the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

5.      Among its acquisitions, in January 2010, Corinthian purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**").  Heald, through its subsidiaries, operated Heald College, a 150 year old regionally accredited institution with 12 campuses offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

6.      Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the *Declaration of William J. Nolan in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**").

7.      On June 8, 2015, the Debtors filed their schedules of asset and liabilities, schedules of current income and current expenditures, schedules of executory contracts and unexpired leases and statements of financial affairs (collectively, the "**Schedules**").

## RELIEF REQUESTED

8.      By this Motion, the Debtors request entry of an order establishing deadlines for filing Proofs of Claim (as defined below) in these chapter 11 cases and approving the form and manner of notice thereof.  The proposed deadlines (collectively, the "**Bar Dates**") are as follows:

    a)    except as otherwise provided herein, the date to be designated by the Debtors in a Bar Date Notice (as defined below) to be filed with the Court as the deadline for all persons and entities (excluding governmental units) holding a claim against any of the Debtors that arose prior to the Petition Date to file a Proof of Claim in these chapter 11 cases, shall be no earlier than the first business day that is at least 30 days after the Service Date (as defined below in paragraph 8), at 5:00 p.m. (prevailing Eastern Time) (the "**General Bar Date**");

    b)    November 2, 2015, at 5:00 p.m. (prevailing Eastern Time) (the "**Governmental Unit Bar Date**"), as the deadline for each governmental unit (as defined in Bankruptcy Code section 101(27)), holding a claim against any of the Debtors, to file a Proof of Claim in the chapter 11 cases;

3

c) the later of (i) the General Bar Date or (ii) 5:00 p.m. (prevailing Eastern time) on the date that is 30 days after service of a notice on an affected claimant of an amendment to the Schedules that is filed after the Service Date and that (A) reduces the undisputed, noncontingent, and liquidated amount of such claimant's claim, (B) changes the nature or characterization of such claimant's claim, or (C) adds a new claim with respect to such claimant to the Schedules (the "**Amended Schedule Bar Date**"), as the deadline to file a Proof of Claim with respect to such amended claim;[3] and

d) except as otherwise set forth in any order authorizing rejection of an executory contract or unexpired lease, the later of (i) the General Bar Date or (ii) 30 days after entry of any order authorizing the rejection of an executory contract or unexpired lease (the "**Rejection Bar Date**"), as the deadline to file a Proof of Claim relating to the Debtors' rejection of such contract or lease.

## ESTABLISHMENT OF THE BAR DATES

9. The Debtors submit that the notice period provided by the Bar Dates is sufficient to comply with the Bankruptcy Rules in light of the proposed notice procedures provided herein. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides in relevant part: "The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases, other than Bankruptcy Code section 502(b)(9), which provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file proofs of claim.

---

[3] The imposition of the Amended Schedule Bar Date is consistent with Local Rule 1009-2, which provides a creditor with 21 days to file a proof of claim after the date that notice of the applicable amendment is served on such creditor.

10. Here, the Debtors propose to give all creditors at least 30 days' notice prior to the earliest of the potentially applicable Bar Dates, which is more than the minimum notice required by the Rules. Thus, all creditors will have adequate time to review the Schedules and their own records and file a Proof of Claim, if necessary, before the earliest of the Bar Dates.

11. The Debtors require complete and accurate information regarding the nature, validity, amount, and status of all claims against the Debtors that will be asserted in the chapter 11 Cases. The Debtors seek to establish the Bar Dates to determine what claims may be asserted against the Debtors in addition to those listed in the Schedules. Indeed, the Debtors are in the process of formulating their chapter 11 liquidating plan and submit that a complete understanding of the claims asserted against their estates will facilitate the plan process. Moreover, the establishment of the Bar Dates will assist the Debtors in identifying these parties to solicit in connection with any voting on the plan. For these reasons, the Bar Dates and the form and manner of notice proposed in this Motion are appropriate and should be approved. Nevertheless, the Debtors request that they be permitted (but not required) to agree, by stipulation to be filed with the Court in advance of the General Bar Date, to extend either of such Bar Dates on behalf of a requesting claimant.

12. **General Bar Date**. The Debtors request that the Court establish 5:00 p.m. (prevailing Eastern Time) on the date to be specified by the Debtors that is not less than 30 days after the date Debtors complete service (the "**Service Date**") of the notice of Bar Dates, substantially in the form attached hereto as Exhibit A (the "**Bar Date Notice**"), upon all known entities holding potential claims subject to the Bar Date. To the extent there are no objections to this Motion, the Debtors estimate that the Bar Date will be approximately July 20, 2015. This

will provide parties in interest with at least 30 days' notice of the Bar Date, allowing all potential claimants sufficient time to file their proof of claim.

13. With the Court's permission, on the Service Date, the Debtors intend to provide notice of the Bar Date by mailing a copy of the Bar Date Notice, together with a Proof of Claim form,[4] by first-class United States mail, postage prepaid, to all known persons and entities holding potential claims against the Debtors. The General Bar Date, keyed to the Service Date of 30 days earlier, will ensure that potential creditors receive more than adequate notice of the deadlines for filing Proofs of Claim in these chapter 11 cases.

14. The General Bar Date would be the date by which all persons and entities (excluding governmental units) holding prepetition claims must file Proofs of Claim unless they fall within one of the exceptions set forth in this Motion. Subject to these exceptions, the Bar Dates would apply to all persons or entities holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under Bankruptcy Code sections 507(a)(4), (5), and (8) and 503(b)(9)) and unsecured nonpriority claims.

15. **<u>Governmental Unit Bar Date</u>**. Bankruptcy Code section 502(b)(9) provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules or a court order] may provide." 11 U.S.C. § 502(b)(9). Accordingly, the Debtors propose to establish November 2, 2015, at 5:00 p.m. (prevailing Eastern Time) as the deadline for all governmental units (as defined in Bankruptcy Code section 101(27)) to file Proofs of Claim against the Debtors in the chapter 11 cases. The Governmental Unit Bar Date would apply to all governmental units

---

[4] The Proof of Claim form is substantially in the form of Official Bankruptcy Form B10 but has been modified, and may be further modified in certain limited respects, to accommodate the claims process in the chapter 11 cases.

holding claims against the Debtors (whether secured, unsecured priority, or unsecured nonpriority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arose from (a) prepetition tax years or periods or (b) prepetition transactions to which the Debtors were a party.

16. **Amended Schedule Bar Date**.  The Debtors have the right to (a) dispute or assert offsets or defenses against any filed claim or any claims listed or reflected in the Schedules as to nature, amount, liability, characterization, or otherwise; (b) subsequently designate any claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules.  If the Debtors amend or supplement their Schedules after the Service Date to (i) reduce the undisputed, noncontingent, and liquidated amount of a claim, (ii) change the nature or characterization of a claim, or (iii) add a new claim to the Schedules, the Debtors propose that the affected claimant be required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim on or prior to the Amended Schedule Bar Date.

17. **Rejection Bar Date**.  The Debtors anticipate that certain persons or entities may assert claims in connection with the Debtors' rejection of executory contracts or unexpired leases pursuant to Bankruptcy Code section 365 ("**Rejection Damages Claims**").  The Debtors propose that the Court establish the Rejection Bar Date as the deadline for filing Proofs of Claim for any Rejection Damages Claims.

## PARTIES REQUIRED TO FILE PROOFS OF CLAIM

18. The proposed Bar Date Order provides that each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust, or governmental unit) asserting a claim against one or more of the Debtors is required to file a separate Proof of Claim in the bankruptcy case of each Debtor

against whom a claim is asserted.  Each Proof of Claim must substantially comply with Official Bankruptcy Form 10 or the tailored form attached hereto as <u>Exhibit B</u>.

19. All Proofs of Claim must be *actually received* on or before the Bar Date associated with such claim by the Debtors' claims agent, Rust Consulting/Omni Bankruptcy ("**Rust/Omni**"), no later than 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date, either by (i) mailing the original Proof of Claim by regular mail to or (ii) delivering such original Proof of Claim by overnight mail, courier service, hand delivery or in person to Corinthian Colleges, Inc. Claims Processing c/o Rust Consulting/Omni Bankruptcy, 5955 DeSoto Avenue, Suite 100, Woodland Hills, CA 91367.  Proofs of Claim will be deemed filed when actually received by Rust/Omni at the addresses listed in the Bar Date Notice by one of the approved methods of delivery.

20. **Proofs of Claim will be deemed timely filed only if they are *actually received* by Rust/Omni on or before the applicable Bar Date.**

## PARTIES NOT REQUIRED TO FILE PROOFS OF CLAIM

21. The Debtors propose that the following persons or entities are *not required* to file Proofs of Claim:

- the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

- any person or entity that has already properly filed a Proof of Claim against the correct Debtor(s) with either Rust/Omni or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

- any person or entity (i) whose claim is listed in the Debtors' Schedules or any amendments thereto, *and* (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an

8

- obligation of the specific Debtor against which the claim is listed in the Schedules);

- professionals retained by the Debtors or any statutory committee pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to Bankruptcy Code sections 330, 331, and 503(b);

- current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or post-petition services to the Debtors;

- any Debtor asserting a claim against another Debtor;

- any person or entity whose claim against the Debtors has been allowed by an order of the Court, entered on or before the applicable Bar Date; and

- the Administrative Agent and the Prepetition Lenders, as defined in and under the *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 507 (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief* [D.I. 24] and any order approving the Debtors' use of cash collateral on a final basis (the "**Cash Collateral Order**").

## FILING CLAIMS AGAINST MULTIPLE DEBTORS

22.    The Debtors also propose that all entities asserting Proofs of Claim against more than one Debtor be required to file a separate Proof of Claim with respect to each such Debtor and identify on each Proof of Claim the particular Debtor against which their claim is asserted. Requiring parties to identify the Debtor against which a claim is asserted will greatly expedite the Debtors' review of Proofs of Claim in the chapter 11 cases and will not be unduly burdensome on claimants.  The Debtors also propose that if more than one Debtor is listed on any particular Proof of Claim form, then the Debtors will treat such claim as filed only against the first listed Debtor.  Finally, the Debtors propose that any claim filed under the joint

9

administration case number (Corinthian Colleges, Inc., Case No. 15-10952 (KJC)) or otherwise without identifying a Debtor be deemed as filed only against Corinthian Colleges, Inc.

### EFFECT OF FAILURE TO FILE CLAIM

23. The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a timely Proof of Claim in the form and manner specified in the Bar Date Order and who fails to do so on or before the Bar Date associated with such claim: (a) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a Proof of Claim with respect thereto in these chapter 11 cases; (b) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting upon any plan in these proceedings; and (c) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim.

### PROPOSED PROCEDURES FOR PROVIDING NOTICE OF THE BAR DATES AND OF PROCEDURES FOR FILING CLAIMS

24. The Debtors intend to provide the Bar Date Notice on the Service Date by mailing a copy of the Bar Date Notice, together with a Proof of Claim form, by first-class United States mail, postage prepaid, to all known persons and entities holding potential prepetition claims against the Debtors (as identified in the Schedules or the creditor matrix filed with the Court). The setting of the General Bar Date no earlier than 30 days after the Service Date will ensure that creditors receive no less than 30 days' notice of the earliest of the Bar Dates, which notice exceeds the minimum 21-day notice period provided by Bankruptcy Rule 2002(a)(7).

25. Furthermore, the Debtors intend to provide notice of the General Bar Date to unknown creditors by causing a copy of the notice attached hereto as <u>Exhibit C</u> (the "**Publication Notice**") to be published at least once no later than 21 days prior to the

General Bar Date in the *Los Angeles Times* (or similar regional publication) and the national edition of *USA Today*. In the Debtors' judgment, this publication is likely to reach the widest possible audience of creditors who may not otherwise have notice of these chapter 11 cases.

26. The Bar Date Notice and the Publication Notice (a) set forth the Bar Dates; (b) advise creditors under what circumstances they must file a Proof of Claim; (c) alert creditors to the consequences of failing to file a timely Proof of Claim; (d) set forth the address to which Proofs of Claim must be sent for filing; and (e) notify creditors that (i) Proofs of Claim must be filed with original signatures and (ii) facsimile or email filings of Proofs of Claim are not acceptable and are not valid for any purpose. The Debtors submit that the Bar Date Notice and the Publication Notice will provide creditors with sufficient information to file properly prepared and executed Proofs of Claim in a timely manner.

## BASIS FOR RELIEF REQUESTED

27. The Debtors must ensure that creditors and other interested parties receive adequate and appropriate notice of the Bar Dates. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *See Chemetron Corp. v. Jones (In re Chemetron Corp.)*, 72 F.3d 341, 345 (3d Cir. 1995). As the Third Circuit in *Chemetron* explained, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown claimants, notification by publication will generally suffice." *Id.* at 346 (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon

11

RLF1 12076561v.2

investigation, do not in due course of business come to knowledge [of the debtor]." *Chemetron*, 71 F.3d at 346 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

28.  In defining the efforts required to identify "known" creditors, the Third Circuit has stated:

> Precedent demonstrates that what is required is not a vast, open-ended investigation . . . . The requisite search instead focuses on the debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required. Only those claimants who are identifiable through a diligent search are "reasonably ascertainable" and hence "known" creditors.

*Chemetron*, 72 F.3d at 346-47 (citations omitted). As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a given case.'" *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citing *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir. 1989), *cert. denied*, 493 U.S. 811 (1989)).

29.  The Debtors submit that the proposed notice procedures respecting the Bar Dates satisfies the *Chemetron* standard. Through the process of completing the Schedules, the Debtors have identified those persons and entities that are known to the Debtors to hold claims against one or more of the Debtors, or are likely to be potential holders of claims. The potential claimants were identified following careful review of the Debtors' books and records and those of the Debtors' professionals, where applicable.

30.  The Publication Notice that the Debtors may publish has been tailored to provide notice of the Bar Dates on an extensive basis throughout the United States. The Debtors believe that the Publication Notice would provide any claimants unknown to the Debtors that may potentially hold claims against any of the Debtors with adequate notice of the Bar Dates. In

addition, the Debtors believe that the Publication Notice constitutes good and sufficient notice to "unknown" creditors, as defined by the Third Circuit in *Chemetron*.

## NOTICE

31. The Debtors will provide notice of this Motion via first class mail to: (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Student Committee; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (v) the Internal Revenue Service; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002(i). The Debtors submit that no other or further notice is necessary under the circumstances.

## NO PRIOR MOTION

32. The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit D, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: June 9, 2015
     Wilmington, Delaware

*/s/* Marisa A. Terranova
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marisa A. Terranova (No. 5396)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Facsimile: 302-651-7701
Email: collins@rlf.com
     merchant@rlf.com
     terranova@rlf.com
     steele@rlf.com

Counsel for the Debtors and Debtors in Possession