## **EXHIBIT D**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |

-------------------------------------------------------

**ORDER PURSUANT TO 11 U.S.C. §§ 501, 502, 503 AND
1111(A), FED. R. BANKR. P. 2002 AND 3003(C)(3) AND DEL.
BANKR. L.R. 2002-1(E) ESTABLISHING BAR DATES FOR FILING
CLAIMS AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order under sections 501, 502, 503, and 1111(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure, and Rule 2002-1(e)(i) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware establishing deadlines for filing Proofs of Claim against the Debtors in these chapter 11 cases and (ii) approving the form and manner of notice thereof; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 12076561v.2

2

no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is hereby granted as set forth herein.

2. Each person or entity, including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit, that holds or asserts a claim, as defined in Bankruptcy Code section 101(5), against any of the Debtors shall file a separate Proof of Claim in the bankruptcy case of each Debtor against whom a claim is asserted; *provided, however*, that the Debtors may agree in writing to permit a claimant to file a Proof of Claim asserting a claim against more than one Debtor if such Proof of Claim clearly identifies the Debtors and the liability of each.

3. Except as otherwise provided herein, any person and entity (excluding any governmental unit), asserting a claim against the Debtors in these chapter 11 cases shall file a Proof of Claim so that it is received, as provided in paragraphs 7 and 8 below, by Rust Consulting/Omni Bankruptcy ("**Rust/Omni**") on or before the General Bar Date to be designated by the Debtors, which shall be no earlier than the first business day that is at least 30 days after the Service Date of the Bar Date Notice, at 5:00 p.m. (prevailing Eastern Time). The Debtors shall include the designated General Bar Date in the Bar Date Notice and shall file a separate Notice of Designation of General Bar Date making the designated General Bar Date a matter of record. The Debtors may agree, by written stipulation in advance of the General Bar Date, to extend the General Bar Date on behalf of any claimant, but shall not be required to do so.

4. All governmental units (as defined in Bankruptcy Code section 101(27)) asserting claims against one or more of the Debtors shall file Proofs of Claim so it is received, as provided

in paragraphs 7 and 8 below, by Rust/Omni on or before **November 2, 2015, at 5:00 p.m. (prevailing Eastern Time)**.

5.     If, on or after the date on which the Debtors serve the Bar Date Notice, the Debtors amend or supplement their Schedules (a) to reduce the undisputed, noncontingent, and liquidated amount of a claim, (b) to change the nature or characterization of a claim, or (c) to add a new claim to the Schedules, the affected claimant shall file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim in accordance with the procedures described herein so that it is received, as provided in paragraphs seven and eight below, by Rust/Omni on or before the later of (x) the General Bar Date or (y) 30 days after the claimant is served with notice of the applicable amendment or supplement to the Schedules.

6.     In the event a Debtor rejects executory contracts or unexpired leases pursuant to Bankruptcy Code section 365, Proofs of Claim in connection with Rejection Damages Claims shall be filed so that they are received, as provided in paragraphs 7 and 8 below, by Rust/Omni on or before the later of (i) the General Bar Date and (ii) 30 days after the entry of such Court order.

7.     Proofs of Claim mailed or delivered to Rust/Omni will be deemed timely filed only if *actually received* by Rust/Omni on or before the bar date associated with such claim at the following address: Corinthian Colleges, Inc. Claims Processing c/o Rust Consulting/Omni Bankruptcy, 5955 DeSoto Avenue, Suite 100, Woodland Hills, CA 91367.

8.     Rust/Omni shall not accept Proofs of Claim by facsimile, telecopy, e-mail, or other electronic submission.

9.     The following persons or entities are not required to file Proofs of Claim:

- the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

RLF1 12076561v.2

- any person or entity that has already properly filed a Proof of Claim against the correct Debtor(s) with either Rust/Omni or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

- any person or entity (i) whose claim is listed in the Debtors' Schedules or any amendments thereto, *and* (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

- professionals retained by the Debtors or any statutory committee pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to Bankruptcy Code sections 330, 331, and 503(b);

- current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or post-petition services to the Debtors;

- any Debtor asserting a claim against another Debtor;

- any person or entity whose claim against the Debtors has been allowed by an order of the Court, entered on or before the applicable Bar Date; and

- the Administrative Agent and the Prepetition Lenders under the Cash Collateral Order.

10. Any entity asserting a Proof of Claim against more than one Debtor shall file a separate Proof of Claim with respect to each such Debtor and identify on each Proof of Claim the particular Debtor against which their claim is asserted. If more than one Debtor is listed on any particular Proof of Claim form, such claim shall be deemed to have been filed only against the first listed Debtor. Any claim filed under the joint administration case number (Corinthian Colleges, Inc., Case No. 15-10952 (KJC)) or otherwise without identifying a Debtor shall be deemed as filed only against Debtor Corinthian Colleges, Inc.

4

11. Any person or entity that is required to file a timely Proof of Claim in the form and manner specified by this Order and who fails to do so on or before the Bar Date associated with such claim (a) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a Proof of Claim with respect thereto in these chapter 11 cases; (b) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on any plan in the chapter 11 cases; and (c) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim.

12. The Bar Date Notice, substantially in the form attached to the Motion as <u>Exhibit A</u>, and the Proof of Claim form, substantially in the form attached to the Motion as <u>Exhibit B</u>, are hereby approved in all respects.

13. The Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors of the Debtors if it is served, together with the Proof of Claim form, by being deposited in first-class U.S. mail, postage prepaid no later than 30 days before the General Bar Date, upon all known persons and entities holding potential claims against the Debtors (as identified in the Schedules or on the creditor matrix filed with the Court).

14. The Debtors will publish the Publication Notice, substantially in the form attached to the Motion as <u>Exhibit C</u>, in the *Los Angeles Times* and the national edition of *USA Today*, no later than 21 days prior to the General Bar Date, which Publication Notice is hereby approved in all respects and shall be deemed good, adequate, and sufficient notice of the General Bar Date by publication.

15. Nothing in this Order shall prejudice the right of the Debtors or any other party in interest herein to dispute, or to assert offsets or defenses to, any claim reflected in the Schedules

as to amount, liability, characterization, or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Wilmington, Delaware
Dated: _____, 2015

                              THE HONORABLE KEVIN J. CAREY
                              UNITED STATES BANKRUPTCY JUDGE

RLF1 12076561v.2