## __EXHIBIT B__

**Approval Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |

-----------------------------------------------------------------

### ORDER (I) AUTHORIZING DEBTORS TO ENTER INTO CONSULTING/AUCTION AGREEMENT WITH GREAT AMERICAN GLOBAL PARTNERS, LLC AND APPROVING THE TERMS THEREOF, (II) AUTHORIZING SALE OF ASSETS IN ACCORDANCE WITH AGREEMENT AND (III) GRANTING CERTAIN RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Approval Order**") (i) authorizing the Debtors to enter into that certain Consulting/Auction Agreement, dated as of June 9, 2015 (the "**Consulting Agreement**"), with Great American Global Partners, LLC ("**GAGP**" or the "**Consultant**") relating to the sale assets identified on <u>Exhibit A</u> to the Consulting Agreement (the "**Assets**") and approving the terms thereof, (ii) authorizing the sale of the Assets in accordance with the terms of the Consulting Agreement, and (iii) granting certain related relief, as more fully set forth in the Motion; and upon due and sufficient notice of the Motion having been provided under the particular

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).  The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2]     Capitalized terms used but not defined in this Order shall have the meanings used in the Motion.

circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been scheduled and, to the extent necessary, held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing (if any was held) and all the proceedings had before the Court; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing (if any was held) establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is IT IS HEREBY FURTHER FOUND AND DETERMINED, AS FOLLOWS:

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.      To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Notice of the Motion, and of the hearing to consider approval of the Motion was given as otherwise required by applicable law, as evidenced by the affidavits of service on file with the Clerk of the Court.

D.      The notice provided of the Motion and of the hearing to consider approval of the Motion was adequate and sufficient under the circumstances and the Court hereby finds that no further notice of the relief requested in the Motion is required.

E.      GAGP acted in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of sections 363(m) and (n) of the Bankruptcy Code in connection with all of the transactions contemplated by the Consulting Agreement.  The Consulting Agreement was negotiated and entered into in good faith, based upon arm's length bargaining, and without collusion or fraud.  Neither the Debtors nor GAGP have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of or implicate section 363(n) of the Bankruptcy Code to the Consulting Agreement or to the consummation of the transactions contemplated thereby. GAGP is entitled to all the protections of section 363(m) of the Bankruptcy Code.

F.      The offer of GAGP, upon the terms and conditions set forth in the Consulting Agreement, including the form and total consideration to be realized by the Debtors pursuant to the Consulting Agreement, (i) is the highest and best offer received by the Debtors; (ii) is fair and reasonable; and (iii) is in the best interests of the Debtors' creditors and estates.

G.      The conduct of the Sale will provide an efficient means for the Debtors to dispose of the Assets in accordance with the terms of the Consulting Agreement.

H.      GAGP's advancement of the Guaranteed Amount constitutes an extension of credit, which, pursuant to the terms of the Consulting Agreement, shall be repaid from the first $1.535 million in proceeds received from the Sale (but shall not constitute a separate repayment obligation of the Debtors or their estates).    As such, pursuant to Section 4.4 of the Consulting Agreement, the Debtors have consented to providing GAGP with a security interest in the Assets

to secure payment of the Guaranteed Amount.  The Court hereby finds that the advancement of the Guaranteed Amount constitutes a good faith extension of credit under section 364(e) of the Bankruptcy Code and, as such, the reversal or modification on appeal of the Court's authorization to consummate the transactions contemplated by the Consulting Agreement and the security interest thereunder should not affect the validity of such transactions unless such authorization has been stayed pending appeal.

it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Debtors are hereby authorized and empowered to enter into the Consulting Agreement, and the Consulting Agreement is hereby approved in its entirety and is incorporated herein by reference, and it is further ordered that all amounts payable to GAGP under the Consulting Agreement shall be payable to GAGP without the need for further order of the Court and without the need to file formal applications for approval of compensation and reimbursement of expenses; provided, however, within thirty (30) days of the Sale Termination Date, the Debtors shall file on GAGP's behalf, with assistance from GAGP, a summary of proceeds realized and amounts paid, which summary shall be in full satisfaction of any Bankruptcy Code requirements including, but not limited to, sections 327, 328, 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

3.      GAGP is hereby authorized, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, to conduct the Sale at the Wyotech Locations on behalf of the Debtors in accordance with the Consulting Agreement.

4.      GAGP shall have a security interest in the Assets to secure payment of the Guaranteed Amount; provided, however, that the repayment of the Guaranteed Amount shall

come from the first $1.535 million in proceeds received from the sale of the Assets and shall not constitute a repayment obligation of the Debtors or their estates.

5.    Pursuant to section 363(f) of the Bankruptcy Code, the assets being auctioned by GAGP on behalf of the Debtors pursuant to the Consulting Agreement shall be sold free and clear of any and all mortgages, security interests, conditional sales or title retention agreements, pledges, hypothecations, liens, judgments, encumbrances or claims of any kind or nature (including, without limitation, any and all "claims" as defined in section 101(5) of the Bankruptcy Code), whether arising by agreement, any statute or otherwise and whether arising before, on or after the date on which these chapter 11 cases were commenced (collectively, the "**Liens**"), with such Liens, if any, to attach to the Guaranteed Amount and any other amounts payable to the Debtors under the Consulting Agreement with the same validity, force and effect as the same had with respect to the assets at issue, subject to any and all defenses, claims and/or counterclaims or setoffs that may exist.

6.    All of the transactions contemplated by the Consulting Agreement shall be protected by section 363(m) of the Bankruptcy Code in the event that this Approval Order is reversed or modified on appeal.

7.    The Sale at the Wyotech Locations shall be conducted by the Debtors and GAGP notwithstanding any restrictive provision of any lease, sublease or other agreement relative to occupancy affecting or purporting to restrict the conduct of the Sale, provided, however, that nothing in this Approval Order shall impact any objection that any of the Debtors' landlords may have to assumption, assignment or rejection of their respective lease or to any proposed cure amount or rejection damages claim in association with such assumption, assignment or rejection.

5

8. This Court shall retain exclusive jurisdiction with regard to all issues or disputes in connection with the Approval Order and the relief provided for herein, including, without limitation, to protect the Debtors, the landlords and/or GAGP from interference with the Sale, and to resolve any disputes related to the Sale or arising under the Consulting Agreement or the implementation thereof.

9. The Debtors, GAGP and each of their respective officers, employees and agents be, and they hereby are, authorized to execute such documents and to do such acts as are necessary or desirable to carry out the Sale and effectuate the Consulting Agreement and the related actions set forth therein.

10. GAGP shall have the right to use the Wyotech Locations and all related Wyotech Location services, furniture, fixtures, equipment and other assets of the Debtors as designated hereunder for the purpose of conducting the Sale, in accordance with the provisions of the Consulting Agreement through the Sale Termination Date.

11. The Debtors and/or GAGP (acting on the Debtors' behalf) may abandon at the Wyotech Locations any Assets that have not been sold by the Sale Termination Date pursuant to section 554 of the Bankruptcy Code.

12. To the extent, if any, anything contained in this Approval Order conflicts with a provision in the Consulting Agreement, this Approval Order shall govern and control. The Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation of this Approval Order.

13. The transactions contemplated by the Consulting Agreement are not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

6

14.     Notwithstanding Bankruptcy Rules 6004, and 6006, this Approval Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.  In the absence of any person or entity obtaining a stay pending appeal, the Debtors and GAGP are free to perform under the Consulting Agreement at any time, subject to the terms of the Consulting Agreement and GAGP shall be afforded the protections of section 363(m) of the Bankruptcy Code as to all aspects of the transactions under and pursuant to the Consulting Agreement if this Approval Order or any authorization contained herein is reversed or modified on appeal.

15.     GAGP is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Consulting Agreement and the conduct of the Sale.

Dated:     _____, 2015
           Wilmington, Delaware


           _____
           THE HONORABLE KEVIN J. CAREY
           UNITED STATES BANKRUPTCY JUDGE

RLF1 12068767v.4