IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Re: D.I. 374** |
| | § | |

**DEBTORS' MOTION TO (I) SHORTEN THE OBJECTION PERIOD FOR DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 501, 502, 503 AND 1111(a), FED. R. BANKR. P. 2002 AND 3003(c)(3) AND DEL. BANKR. L.R. 2002-1(e) FOR ORDER ESTABLISHING BAR DATES FOR FILING CLAIMS AND APPROVING FORM AND MANNER OF NOTICE THEREOF AND (II) WAIVE WAITING PERIOD SET FORTH IN DEL. BANKR. L.R. 9013-1(j)**

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), respectfully submit this motion (this "**Motion to Shorten**") for entry of an order, pursuant to section 105 of title 11 of the United States Code, (the "**Bankruptcy Code**"), rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rules 9006-1(c) and (e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") (i) permitting the parties to raise objections, if any, to the *Debtors' Motion Pursuant to 11 U.S.C. §§ 501, 502, 503 and 1111(a), Fed. R. Bankr. P. 2002 and 3003(c)(3) and Del. Bankr.*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

*L.R. 2002-1(e) for Order Establishing Bar Dates for Filing Claims and Approving Form and Manner of Notice Thereof* [D.I. 374] (the "**Bar Date Motion**") by no later than June 16, 2015 at 4:00 p.m. (EDT) (the "**Objection Deadline**") and (ii) waiving the forty-eight (48) hour waiting period set forth in Local Rule 9013-1(j) between the objection deadline and the filing of a certificate of no objection (the "**CNO**") regarding the Bar Date Motion. Pursuant to the Bar Date Motion, the Debtors are seeking the entry of an order (i) establishing certain Bar Dates[2] by which all entities must file proofs of claim in the above-captioned chapter 11 cases and (ii) approving the forms and manner of noticing thereof. For the reasons set forth herein, the Debtors believe shortening the time within which parties-in-interest must file objections to the Bar Date Motion is necessary and appropriate, and respectfully request that the Court enter an order shortening notice with respect to the Bar Date Motion. In support of this Motion to Shorten, the Debtors respectfully state as follows:

## JURISDICTION & VENUE

1.   This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[3]

## BACKGROUND

2.   On May 4, 2015, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Motion.

[3]   Under Rule 9013-1(f) of the Local Rules, the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

2

3. On May 13, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors (the "**Creditors' Committee**"). Additionally, on May 15, 2015, the U.S. Trustee appointed an official committee of student creditors (the "**Student Committee**").

4. Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada. Corinthian offered career-oriented diploma and degree programs in diverse fields such as health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology. As of March 31, 2014, Corinthian operated over 100 campuses and provided educational opportunities to more than 74,000 students and had more than 10,000 employees. It also offered degrees online.

5. Among its acquisitions, in January 2010, Corinthian purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**"). Heald, through its subsidiaries, operated Heald College, a 150 year old regionally accredited institution with 12 campuses offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

6. Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the *Declaration of William J. Nolan in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**").

7. On June 8, 2015, the Debtors filed their schedules of asset and liabilities, schedules of current income and current expenditures, schedules of executory contracts and unexpired leases and statements of financial affairs (collectively, the "**Schedules**").

**RELIEF REQUESTED**

8. By this Motion to Shorten, the Debtors seek the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "**Proposed Order**"), (i) setting the Objection Deadline for the Bar Date Motion as June 16, 2015 at 4:00 p.m. (EDT), (ii) waiving the forty-eight (48) hour waiting period set forth in Local Rule 9013-1(j) between the Objection Date and the filing of a CNO regarding the Motion and (iii) granting such other and further relief to the Debtors as the Bankruptcy Court deems appropriate.

**BASIS FOR RELIEF REQUESTED**

9. Local Rule 9006-1 governs objection deadlines for motions filed with the Court. Specifically, Local Rules 9006-1(c)(ii) provides that "the movant may establish any objection deadline that is no earlier than fourteen (14) days after the date of service and no earlier than seven (7) days before the hearing date." Local Rule 9006-1(e) provides that such notice can be shortened by order of the Bankruptcy Court upon written motion specifying the exigencies justifying shortened notice. <u>See</u> Del. Bankr. L.R. 9006-1(e); <u>see</u> <u>also</u> Fed. R. Bankr. P. 9006(c) (providing that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without notice order the period reduced"). Local Rule 9013-1(j) requires a forty-eight (48) hour waiting period between an objection deadline and a movant's ability to file a CNO with respect to the related motion (the "**CNO Waiting Period**").

10. For the reasons set forth herein, the Debtors respectfully submit that the exigencies of these chapter 11 cases justify shortening the objection period for the Bar Date Motion to 4:00 p.m. (EDT) on June 16, 2015 (the "**Objection Deadline**"). The Debtors also request that the Bankruptcy Court waive the CNO Waiting Period so as to allow the Debtors to

4

file a CNO immediately after the objection expiration of the Objection Deadline on June 16, 2015.

11.     As set forth in the Bar Date Motion, the Debtors are seeking the entry of an order fixing Bar Dates for filing proofs of claim in the chapter 11 cases. The Debtors intend to propose a plan of liquidation in the next few weeks and to seek confirmation of such plan at the hearing currently scheduled for August 26, 2015 before this Court. In order to facilitate the plan process, the Debtors are seeking to set a bar date as early as possible in these chapter 11 cases while still providing creditors with adequate time to file their proofs of claim. Importantly, by this Motion to Shorten, the Debtors are seeking to shorten only the objection period for the relief requested in the Bar Date Motion and are not seeking to shorten notice of the Bar Dates themselves. In fact, the Debtors are proposing to provide (i) all creditors at least 30 days' notice prior to the General Bar Date, the Amended Schedule Bar Date and the Rejection Bar Date, more than the minimum notice required by the Bankruptcy and Local Rules and (ii) governmental units 180 days from the Petition Date, as required pursuant to Bankruptcy Code section 502(b)(9).

12.     In order to ensure that the Bar Dates are set as early as possible, the Debtors have filed the Bar Date Motion one day after filing their Schedules. The Debtors also provided a draft of the Bar Date Motion to the Creditors' Committee and the Student Committee prior to filing the Bar Date Motion and invited comments from these Committees. By approving the proposed Objection Deadline and waiving the CNO Waiting Period, the General Bar Date could be as early as July 20, 2015 (assuming that there are no objections to the Bar Date Motion). With this date as the General Bar Date, the Debtors will have received all timely-filed proofs of claims in

advance of the proposed disclosure statement hearing on July 22, 2015. The Debtors therefore will be able to properly solicit their plan in advance of the proposed confirmation hearing date.

## NOTICE

13. The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Student Committee; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Debtors' pre-petition lenders; and (v) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is necessary under the circumstances.

## NO PRIOR MOTION

14. The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

WHEREFORE, The Debtors respectfully request the entry of the Proposed Order granting the relief requested in its entirety and any other relief as is just and proper.

Dated: June 9, 2015  
    Wilmington, Delaware

/s/ Marisa A. Terranova  
Mark D. Collins (No. 2981)  
Michael J. Merchant (No. 3854)  
Marisa A. Terranova (No. 5396)  
Amanda R. Steele (No. 5530)  
RICHARDS, LAYTON & FINGER, P.A.  
920 N. King Street  
Wilmington, Delaware 19801  
Telephone: 302-651-7700  
Facsimile: 302-651-7701  
Email: collins@rlf.com  
       merchant@rlf.com  
       terranova@rlf.com  
       steele@rlf.com

Counsel for the Debtors and Debtors in Possession