# EXHIBIT A

**Proposed Order**

RLF1 12106413v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § § | |
| | § | Case No. 15-10952 (KJC) |
| | § § | Jointly Administered |
| Debtors. | § § | |
| | § | Re: D.I. 374 & ____ |

------------------------------------------------------

**ORDER (I) SHORTENING THE OBJECTION PERIOD FOR DEBTORS'
MOTION PURSUANT TO 11 U.S.C. §§ 501, 502, 503 AND 1111(a),
FED. R. BANKR. P. 2002 AND 3003(c)(3) AND DEL. BANKR. L.R. 2002-1(e)
FOR ORDER ESTABLISHING BAR DATES FOR FILING CLAIMS
AND APPROVING FORM AND MANNER OF NOTICE THEREOF AND
(II) WAIVING WAITING PERIOD SET FORTH IN DEL. BANKR. L.R. 9013-1(j)**

Upon the motion (the "**Motion**")[2] of Corinthian Colleges, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), for the entry of an order (this "**Order**") (i) shortening the notice and objection periods for *Debtors' Motion Pursuant to 11 U.S.C. §§ 501, 502, 503 and 1111(a), Fed. R. Bankr. P. 2002 and 3003(c)(3) and Del. Bankr. L.R. 2002-1(e) for Order Establishing Bar Dates for Filing Claims and Approving Form and Manner of Notice Thereof* and (ii) waiving the waiting period between the objection deadline and the allowed filing of a CNO; and upon due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The objection deadline for the Debtors' Bar Date Motion is June 16, 2015 at 4:00 p.m. (EDT) (the "**Objection Deadline**").

3. The forty-eight hour waiting period set forth under Local Rule 9013-1(j) is waived and the Debtors are authorized to file a CNO regarding the Bar Date Motion upon the expiration of the Objection Deadline, provided no objections are timely filed.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon it entry.

4. The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion.

5. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2015
    Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE