**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § § § | Case No. 15-10952 (KJC) |
| | § § | Jointly Administered |
| Debtors. | § § § § | **Hearing Date: June 30, 2015 @ 2:00 p.m. (EDT)** **Obj. Deadline: June 23, 2015 @ 4:00 p.m. (EDT)** |

**DEBTORS' SUPPLEMENTAL MOTION
FOR ENTRY OF AN ORDER AUTHORIZING THE
PAYMENT OF CERTAIN DENTAL BENEFIT EXPENSES**

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), respectfully request entry of a supplemental order (i) authorizing the Debtors to pay certain Dental Benefit Expenses (as defined below) and (ii) granting certain related relief. In support of this Supplemental Motion, the Debtors rely upon and incorporate by reference the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Certain Employee-Related Expenses and (B) Continue Their Workers' Compensation Policy and Pay All Obligations in Respect Thereof and (II) Granting Related Relief* [Docket No. 5] (the "**Original Motion**") and the *Declaration of William J. Nolan in Support of Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**")

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

RLF1 12132425v.2

[Docket No. 10].[2] In further support of the Supplemental Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION & VENUE

1. This Court has jurisdiction to consider this supplemental motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).

## BACKGROUND

**A. General Background**

2. On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

3. On May 13, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors (the "**Creditors' Committee**"). Additionally, the U.S. Trustee appointed an official committee of student creditors (the "**Student Committee**").

4. Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada. Corinthian offered career-oriented diploma and degree programs in diverse fields such as health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology. As of March 31, 2014, Corinthian operated over 100 campuses and

---

[2] Capitalized terms not otherwise defined in this Supplemental Motion have the meanings used in the Original Motion or the First Day Declaration.

provided educational opportunities to more than 74,000 students and had more than 10,000 employees. It also offered degrees online.

5. Among its acquisitions, in January 2010, Corinthian purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**"). Heald, through its subsidiaries, operated Heald College, a 150 year old regionally accredited institution with 12 campuses offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

6. Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases and the Debtors' goals for these cases, is set forth in the First Day Declaration.

B. **The Original Motion**

7. On the Petition Date, the Debtor filed the Original Motion. Pursuant to the Original Motion, the Debtors sought interim and final orders authorizing the Debtors to pay certain Employee-Related Expenses and continue their workers' compensation policy.

8. On May 5, 2015, the Court entered the *Interim Order (I) Authorizing the Debtors to (A) Pay Certain Employee-Related Expenses and (B) Continue Their Workers' Compensation Policy and Pay All Obligations in Respect Thereof and (II) Granting Related Relief* [Docket No. 21] authorizing the Debtors to pay, on an interim basis, certain Employee-Related Expenses and continue their workers' compensation policy subject to certain caps set forth therein.

9. On June 8, 2015, the Court entered the *Final Order (I) Authorizing the Debtors to (A) Pay Certain Employee-Related Expenses and (B) Continue Their Workers' Compensation Policy and Pay All Obligations in Respect Thereof and (II) Granting Related Relief* [Docket No. 343] (the "**Final Order**") approving the relief requested in the Original Motion on a final basis.

RLF1 12132425v.2

10. In addition to the Employee-Related Expenses set forth in the Original Motion, the Debtors also maintained a self-insured dental policy with Delta Dental (**"Delta Dental"**). Prior to the Petition Date, the Debtors attempted to pre-fund the outstanding self-insured Dental Claims (as defined below) based on an actuarial estimate of historical Dental Claims. Following the entry of the Final Order, however, the Debtors were informed that the pre-funded amount had been exhausted and the Debtors owe additional Dental Benefit Expenses.

**RELIEF REQUESTED**

11. By this Supplemental Motion, the Debtors request entry of a supplemental order, substantially in the form attached hereto as Exhibit A (the "**Supplemental Order**"), authorizing the Debtors to pay certain employee Dental Benefit Expenses.

12. Further, the Debtors request that this Court authorize all applicable banks and other financial institutions to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts prior to the Petition Date for Dental Benefit Expenses (or to re-issue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and authorize the banks and financial institutions to rely on the Debtors' representations as to which checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Supplemental Motion, *provided that* sufficient funds are on deposit in the applicable bank accounts to cover such payments.

**BASIS FOR RELIEF REQUESTED**

**I. FACTS SPECIFIC TO RELIEF REQUESTED**

**A.     The Debtors' Dental Benefit Expenses**

13. As set forth above, the Debtors maintained a self-insured dental policy with Delta Dental. Pursuant to the dental policy, the Debtors paid Delta Dental a monthly administrative

fee of approximately $4,838.36 (the "**Administrative Fee**").  Prior to the Petition Date, the Debtors did not pay the Administrative Fee for April 2015.

14. As administrator of the Debtors' dental policy, Delta Dental paid the allowed claims of the Debtors' employees and the Debtors were required to reimburse Delta Dental for those claims (the "**Dental Claims**" and together with the Administrative Fee, the "**Dental Benefit Expenses**").  Prior to the Petition Date, the Debtors attempted to pre-fund the outstanding self-insured Dental Claims based on an actuarial estimate of historical Dental Claims provided to the Debtors on April 22, 2015.  The Dental Claims submitted to Delta Dental have been triple the Debtors' historical Dental Claims.  As a result, the prefunded amount for the Dental Claims has been exhausted and Delta Dental has paid $22,540.64 on account of Dental Claims in excess of the Debtors' prefunded amount.  In addition, there are an additional 128 Dental Claims totaling approximately $120,000 that have not been processed by Delta Dental due to the Debtors' failure to pay the Administrative Fee for April 2015.  Accordingly, the Debtors seek authority to pay the Dental Benefit Expenses, in the amounts not to exceed $4,838.36 for the Administrative Fee and up to $147,540.64 in Dental Claims.

## II. LEGAL BASIS FOR RELIEF REQUESTED

### A. Payment of the Dental Benefit Expenses Should Be Authorized Under Section 507(a) of the Bankruptcy Code

15. Section 507(a)(5) of the Bankruptcy Code requires that certain claims for prepetition employee benefit contributions be accorded priority in payment in an amount not to exceed $12,475 for each individual.  The Debtors believe that the Dental Benefit Expenses fall below the $12,475 per individual cap of Section 507(a)(5) of the Bankruptcy Code, to the extent such cap is applicable.  Payment of the Dental Benefit Expenses merely expedites the treatment afforded to such claims and is consistent with the priority scheme of the Bankruptcy Code.

5

Therefore, the Debtors respectfully request that they be authorized to pay all accrued but unpaid Dental Benefit Expenses.

**B.    Payment of the Dental Benefit Expenses is Appropriate Under Bankruptcy Code Sections 363(b), 105(a), and the Doctrine of Necessity**

16.    Under Bankruptcy Code section 363(b)(1), a debtor may, in the exercise of its sound business judgment and after notice and a hearing, "use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1); *see also Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992) (holding that a court may approve an application under section 363(b) upon a showing of a good business reason for the disposition). For a court to apply Bankruptcy Code section 363(b), the debtor must "articulate some business justification, other than mere appeasement of major creditors . . . ." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (ruling that debtor's payment of prepetition claims was necessary to protect its business and to ensure successful reorganization).

17.    Additionally, Bankruptcy Code section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *Ionosphere Clubs*, 98 B.R at 175. Bankruptcy Code section 105 permits a court to authorize the "pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor." *In re NYR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (*citing Ionosphere Clubs*, 98 B.R. at 177).

18.    Payment of any Dental Benefit Expenses is necessary and appropriate and may be authorized under Bankruptcy Code sections 363(b) and 105(a) under the "doctrine of necessity."

6

The "doctrine of necessity" functions in a chapter 11 case as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of prepetition claims. *See In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims when payment is essential to continued operation of debtor, such as where there is a "possibility that the creditor will employ an immediate economic sanction, failing such payment"); *In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (holding that the "necessity of payment" doctrine "permit[s] immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims shall have been paid"); *In re Just for Feet, Inc.*, 242 B.R. 821, 824 (D. Del. 1999) (noting that section 105 and the necessity of payment doctrine provide courts with authority to permit payment of prepetition claims necessary to facilitate a successful reorganization). The rationale for this "necessity of payment" doctrine is consistent with the paramount goal of chapter 11—"facilitating the continued operation and rehabilitation of the debtor." *Ionosphere Clubs*, 98 B.R. at 176.

19. Here, to facilitate the successful administration of these chapter 11 cases and to avoid Delta Dental from refusing to continue to administer the Dental Claims, it is essential for the Debtors to pay all the Dental Benefit Expenses. If Delta Dental discontinues the administrative services it provides, then the Debtors would have the administrative burden of administering the Dental Claims. Accordingly, it is more efficient and beneficial to the Debtors' estates for Delta Dental to continue to administer the Dental Claims. The Debtors' authority to make the payments with respect to the Dental Benefit Expenses is warranted under Bankruptcy Code sections 363(b) and 105(a). Accordingly, for these reasons, and the supporting authority

found in Bankruptcy Code sections 105(a), 363(b), and 541, the Debtors submit that the relief requested is essential, appropriate, and in the best interests of their estates and should be granted.

### C. The Court Should Authorize Banks to Honor and Pay Checks Issued and Electronic Funds Transferred to Pay the Dental Benefit Expenses

20. The Debtors further request that the Court authorize their banking institutions and all other applicable banks and other financial institutions to receive, process, honor, and pay any and all checks drawn or electronic funds relating to the Dental Benefit Expenses, whether such checks were presented prior to or after the Petition Date. Under the Debtors' existing cash management system, checks or wire transfer requests can be readily identified as for an authorized payment of the Dental Benefit Expenses. As such, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently. The Debtors also seek authority to issue new postpetition checks or effect new electronic fund transfers on account of the Dental Benefit Expenses or to replace any prepetition checks or electronic fund transfer requests that may be dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases.

21. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors regarding the use of cash collateral.

22. The urgency of the relief requested justifies immediate relief. To ensure the relief requested is implemented immediately, the Debtors request that the Court waive the notice requirements under Federal Rule of Bankruptcy Procedure 6004(a), if applicable, and the 14-day stay of an order authorizing the use, sale, or lease of property under Federal Rule of Bankruptcy Procedure 6004(h).

**RESERVATION OF RIGHTS**

23. Nothing contained in this Supplemental Motion is an admission of the validity of any claim against the Debtors, a waiver of the Debtors' or any other party's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code section 365. If this Court grants the relief requested in this Supplemental Motion, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim. In addition, authorization to pay the claims described in this Supplemental Motion shall not be deemed a direction to the Debtors to pay such claims.

**NOTICE**

24. The Debtors will provide notice of this Supplemental Motion by overnight delivery: (i) Office of the United States Trustee for the District of Delaware; (ii) counsel the Creditors' Committee; (iii) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (iv) counsel to the Student Committee; (v) Delta Dental; (vi) the Department of Education; (vii) the Internal Revenue Service; (viii) the Securities and Exchange Commission; (ix) the United States Attorney for the District of Delaware; (x) any banking or financial institution that holds the Debtors' accounts; and (xi) all parties entitled to notice of this Supplemental Motion pursuant to Bankruptcy Rule 2002.

25. The Debtors submit that no other or further notice is necessary under the circumstances.

**NO PRIOR MOTION**

26. The Debtors have not made any prior motion for the relief sought in this Supplemental Motion to this Court or any other.

The Debtors respectfully request entry of the Supplemental Order, substantially in the form attached hereto as Exhibit A, granting the relief requested in its entirety and any other relief as is just and proper.

Dated: June 11, 2015  
      Wilmington, Delaware

/s/ Amanda R. Steele  
Mark D. Collins (No. 2981)  
Michael J. Merchant (No. 3854)  
Marisa A. Terranova (No. 5396)  
Amanda R. Steele (No. 5530)  
RICHARDS, LAYTON & FINGER, P.A.  
920 N. King Street  
Wilmington, Delaware 19801  
Telephone: 302-651-7700  
Facsimile: 302-651-7701  
Email: collins@rlf.com  
      merchant@rlf.com  
      terranova@rlf.com  
      steele@rlf.com

Counsel for the Debtors and Debtors in Possession