IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § § | Case No. 15-10952 (KJC) |
| | § § | Jointly Administered |
| Debtors. | § § | |
| | § | **Hearing Date: July 22, 2015 @ 10:00 a.m. (EDT)** |
| | § | **Obj. Deadline: June 29, 2015 @ 4:00 p.m. (EDT)** |

**DEBTORS' AMENDED MOTION FOR ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CERTAIN SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS AND A REDACTED VERSION OF THE CREDITOR MATRIX**

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), respectfully request the entry of an order pursuant to section 107(c) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") authorizing the Debtors to file under seal (i) references to a *qui tam* action in Item 4(a) of certain of the Debtors' Statements of Financial Affairs (the "**SoFAs**"); (ii) Schedule B24 of certain of the Debtors' Schedules of Assets and Liabilities (the "**Schedules**"); (iii) addresses of certain of the Debtors' former students listed as creditors in Schedule F; and (iv) addresses of the Debtors' former students listed in their creditor matrix [D.I.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

12] (the "**Creditor Matrix**").  In support of this motion (the "**Motion**"), the Debtors respectfully state as follows:

## JURISDICTION & VENUE

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).[2]

## BACKGROUND

2.    On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The United States Trustee (the "**U.S. Trustee**") has appointed an Official Committee of Unsecured Creditors [D.I. 100] (the "**Creditors' Committee**") and an Official Committee of Student Creditors [D.I. 120] (the "**Student Committee**").  Further information regarding the Debtors' business operations, capital structure, and reasons for commencing these cases is set forth in the *Declaration of William J. Nolan in Support of Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**") [D.I. 10].

3.    Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada. Corinthian offered career-oriented diploma and degree programs in diverse fields such as health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology.  As of March 31, 2014, Corinthian operated

---

[2] Under Rule 9013-1(f) of the Local Rules, the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

2

over 100 campuses and provided educational opportunities to more than 74,000 students and had more than 10,000 employees. It also offered degrees online.

4. Among its acquisitions, in January 2010, Corinthian purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**"). Heald, through its subsidiaries, operated Heald College, a 150 year old regionally accredited institution with 12 campuses offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

5. Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the First Day Declaration.

6. On the Petition Date, the Debtors filed the Creditor Matrix, which included certain of the Debtors' former students. The students' addresses on the Creditor Matrix were redacted. On June 8, 2015, the Debtors filed their Schedules and SoFAs. Certain of the information in the Schedules and SoFAs was also redacted. Contemporaneously with filing the Schedules and SoFAs, the Debtors filed the *Debtors' Motion for Order Authorizing the Debtors to File Under Seal Certain Schedules and Statements of Financial Affairs* [D.I. 289] (the "**Original Seal Motion**"). This Motion amends and supersedes the Original Seal Motion.

## RELIEF REQUESTED

7. By this Motion, the Debtors seek the entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), authorizing the Debtors to file under seal (i) all references to the *Qui Tam* Action (defined below) in the SoFAs, (ii) Schedule B24 of certain of the Debtors' Schedules, (iii) references to former students' addresses listed in Schedule F of certain of the Debtors' Schedules, and (iv) references to former students' addresses listed in the Creditor Matrix.

**BASIS FOR RELIEF REQUESTED**

8. The Bankruptcy Code and the Bankruptcy Rules authorize this Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(c) of the Bankruptcy Code provides, in relevant part, as follows:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> > (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under this title.

11 U.S.C. § 107(c)(1).

9. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may seek an order protecting the disclosure of confidential information. Bankruptcy Rule 9018 provides, in relevant part, as follows:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . or (3) to protect governmental matters that are made confidential by statute of regulation.

Fed. R. Bankr. P. 9018.

10. The Court has broad authority to issue a protective order under Bankruptcy Rule 9018. *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

**A.     *Qui Tam* Actions**

11.     SoFA Item 4(a) requires the Debtors to list "all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of [the] bankruptcy case." Official Form B7.  Certain of the Debtors are defendants in a prepetition qui tam action (the "***Qui Tam* Action**"), whereby certain of the Debtors' former employees have filed actions against the Debtors under the False Claims Act, 31 U.S.C. § 3729-3733 (the "**False Claims Act**"), alleging that the Debtors made false statements about compliance with federal law under the Higher Education Act.  Accordingly, these Debtors are required to disclose these actions in their SoFAs.

12.     As with all *qui tam* litigation, the *Qui Tam* Action was filed in accordance with the False Claims Act under seal by private citizens in the name of the government.  See 31 U.S.C. § 3730(b)(2).  Such actions are filed under seal to allow the Department of Justice (the "**DOJ**") an opportunity to investigate the potential claims against the defendant and determine if the government wants to join, or 'intervene", in the case on behalf of the plaintiff.  Placing the litigation under seal provides a greater degree of confidentiality to all parties during this investigation period.  While the litigation is initially sealed for 60 days, the DOJ can request numerous extensions in order to complete its investigation and the litigation can remain under seal for an extensive amount of time.  *See In re Haven Eldercare, LLC*, 2012 WL 1357054, at *3 (Bankr. D. Conn. Apr. 17, 2012) (litigation was filed under seal near date bankruptcy petition was filed and remained under seal more than two years later until government refused to intervene).  As of the filing of this Motion, the *Qui Tam* Action is under seal.

13.     Authorizing the Debtors to file references to the *Qui Tam* Action in Item 4(a) of their SoFAs under seal is consistent with Bankruptcy Rule 9018, which provides that the Court may make any order to protect governmental matters that are made confidential by statute of

regulation. Further, authorizing this treatment would assist the Debtors in avoiding possible sanctions for disclosing sealed information. *See U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 243 (9th Cir. 1995) (unauthorized disclosure of information related to *qui tam* litigation would have led to sanctions from court had the government been able to prove actual damage from disclosure).

### B.    The Customer Lists and Student Addresses

14.    Schedule B24 requires to the Debtors to provide "Customer Lists or Other Compilations Containing Personally Identifiable Information. . . provided to the Debtors by Individuals in Connection with Obtaining a Product or Service from the Debtor Primarily for personal, family, or household purposes." See Official Form B6B. The Debtors' most recent student list may be considered a customer list and, as such, the Debtors are filing their student lists in an abundance of caution. Accordingly, the Debtors' customer lists (the "**Customer Lists**") are lists of former students. In addition, certain of the Debtors' former students are creditors of the Debtors estates. As such, these former students have been listed on Schedule F. Finally, the Debtors have included certain of their former students in the Creditor Matrix to ensure that these individuals receive notices that are served on all potential creditors.

15.    The Customer Lists and the former students' addresses should not be publicly filed pursuant to Bankruptcy Code Section 107(c) as they contain the Debtors' former students' personally identifiably information. Public disclosure of such information could create undue risk of identity theft or other unlawful injury to the former students.

16.    In addition, pursuant to the Family Educational Rights and Privacy Act, educational institutions are required to obtain written permission from a parent or eligible student in order to release any information from the student's education record. See 20 U.S.C. §1232(g)

6

and 34 C.F.R. § 99. Certain of the information that would be included in the Customer Lists may qualify as the type of information that would require written consent to reveal. Therefore, an order authorizing the Debtors to file this information under seal would be consistent with Bankruptcy Rule 9018.

## NOTICE

17. The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) proposed counsel to the Creditors' Committee; (iii) proposed counsel to the Student Committee; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; and (v) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002.

## PRIOR MOTION

18. This Motion amends and supersedes the Original Seal Motion.

The Debtors respectfully request the entry of the Proposed Order granting the relief requested in its entirety and any other relief as is just and proper.

Dated: June 15, 2015
    Wilmington, Delaware

/s/ Marisa A. Terranova
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marisa A. Terranova (No. 5396)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Facsimile: 302-651-7701
Email: collins@rlf.com
      merchant@rlf.com
      terranova@rlf.com
      steele@rlf.com

Counsel for the Debtors and Debtors in Possession