# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 15-10952 (KJC)<br><br>(Jointly Administered)<br><br>Re: D.I. \_\_\_\_\_ |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF THE ROSNER LAW GROUP LLC AS DELAWARE COUNSEL TO THE COMMITTEE *NUNC PRO TUNC* TO MAY 13, 2015

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 Cases of the above-captioned debtors and debtors-in-possession (the "Debtors") to authorize the Committee to retain and employ The Rosner Law Group LLC ("RLG") as its Delaware bankruptcy counsel *nunc pro tunc* to May 13, 2015; and the Court having reviewed the Application, and the Court finding that: (a) the Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (c) notice of the Application has been provided to: (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel to the Debtors' prepetition secured lenders; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002; and such notice was due and sufficient under the circumstances and no other or further notice need be provided; and the Court having considered the Application and the Rosner Declaration; and the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

{00016031. }

Court having determined that the legal and factual bases set forth in the Application and the Rosner Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. The Committee be, and hereby is, authorized to employ and retain RLG as its Delaware counsel, *nunc pro tunc* to May 13, 2015, in accordance with the terms and conditions set forth in the Application.

3. RLG shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules, and any Order entered by this Court with respect to compensation of professionals.

4. RLG Shall apply for compensation in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court. RLG also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under ii U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with this application and the interim and final fee applications to be filed by RLG in these chapter 11 cases.

5. Notwithstanding anything to the contrary in the Application or the Engagement Letter, RLG will not seek reimbursement of expenses for office supplies. RLG shall provide ten (10) business days' notice to the Debtors and U.S. Trustee before any increases in the

{00016031.}

rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. RLG shall not charge a markup with respect to fees billed by contract attorneys who are hired by RLG to provide services to the Committee and RLG shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, RLG shall not share fees with existing or future contract attorneys who advise on these chapter 11 cases or enter into fee sharing arrangements with such contract attorneys. Notwithstanding anything to the contrary in the Application or the Rosner Declaration, RLG shall not be reimbursed for any secretarial or other overtime charges, if any, incurred in connection with these chapter 11 cases. RLG shall not charge the estate for office supplies.

7. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. The Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: June ___, 2015
       Wilmington, Delaware
                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE

{00016031.}