# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 15-10952 (KJC)<br><br>Jointly Administered<br><br>Re: D.I. _____ |

### ORDER AUTHORIZING EMPLOYMENT
### AND RETENTION OF BROWN RUDNICK LLP AS CO-COUNSEL FOR THE
### OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
### CORINTHIAN COLLEGES, INC., *NUNC PRO TUNC* TO MAY 13, 2015

This matter having been brought before the Court by the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned cases, upon application (the "Application")[2] for entry of an order (this "Order") pursuant to Section 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Del. Bankr. LP 2014-1 (the "Local Rules"), authorizing the *nunc pro tunc* employment and retention of Brown Rudnick LLP ("Brown Rudnick") as co-counsel for the Committee, effective as of May 13, 2015; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the consideration of the Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b); and the Court having considered

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505, SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).  The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2]     Any terms not defined herein shall have the meanings ascribed to them in the Application.

the Application, the accompanying Declaration of H. Jeffrey Schwartz, Esq. in Support of

Application for Order Authorizing the Retention of Brown Rudnick LLP as Co-Counsel for the

Official Committee of Unsecured Creditors of Corinthian Colleges, Inc. and all responses or

objections to the Application; and the Court being satisfied that Brown Rudnick is a disinterested

person and does not hold or represent an interest adverse to the Debtors' estates with respect to

any of the matters for which Brown Rudnick is to be engaged; and the Court finding that the

employment of Brown Rudnick is necessary to the performance of the Committee's duties; and

notice of this Order having been given to all parties entitled to receive notice; and it appearing

that no other notice need be given; and after due deliberation and sufficient cause appearing

therefor, it is hereby

ORDERED, that the Application is approved, as set forth herein; and it is further

ORDERED, that pursuant to Sections 328 and 1103(a) of the Bankruptcy Code,

the Committee is authorized to employ and retain Brown Rudnick as bankruptcy counsel *nunc*

*pro tunc* as of May 13, 2015, and it is further

ORDERED, that Brown Rudnick shall apply for compensation for professional

services rendered and reimbursement of expenses incurred in connection with the Debtors'

chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and

applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures

and orders of the Court. Brown Rudnick also intends to make a reasonable effort to comply with

the U.S. Trustee's requests for information and additional disclosures as set forth in the

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

*under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1,*

*2013* (the Revised UST Guidelines"), both in connection with this application and the interim

and final fee applications to be filed by Brown Rudnick in these chapter 11 cases. Notwithstanding anything to the contrary in the Application or the Engagement Letter, Brown Rudnick will not seek reimbursement of expenses for office supplies. Notwithstanding anything to the contrary in the Application, Declaration or Engagement Agreement, during the course of the Bankruptcy cases, Brown Rudnick shall not be reimbursed for any secretarial or other overtime charges; and it is further

ORDERED, that Brown Rudnick shall provide ten (10) business days' notice to the Debtors and U.S. Trustee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; and it is further

ORDERED, that Brown Rudnick shall not charge a markup with respect to fees billed by contract attorneys who are hired by Brown Rudnick to provide services to the Committee and Brown Rudnick shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, Brown Rudnick shall not share fees with existing or future contract attorneys who advise on these chapter 11 cases or enter into fee sharing arrangements with such contract attorneys; and it is further

3

ORDERED, that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: _____, 2015
   Wilmington, Delaware

            _____
            HONORABLE KEVIN J. CAREY
            UNITED STATES BANKRUPTCY JUDGE

61961100

4