## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CORINTHIAN COLLEGES, INC., *et al.*[1], | : | Case No. 15-10952 (KJC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### APPLICATION OF THE OFFICIAL COMMITTEE OF STUDENT CREDITORS FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 328(a) AND 1103(a) AND BANKRUPTCY RULES 2014(a) AND 2016(b) APPROVING THE EMPLOYMENT AND RETENTION OF POLSINELLI PC *NUNC PRO TUNC* TO MAY 21, 2015, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF STUDENT CREDITORS

The Official Committee of Student Creditors (the "**Student Committee**"), appointed on May 15, 2015, in the above-captioned chapter 11 cases of Corinthian Colleges, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), hereby submits this application (the "**Application**") pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for an order authorizing the retention and employment of POLSINELLI PC ("**Polsinelli**") as co-counsel for the Student Committee *nunc pro tunc* to the March 21, 2015. In support of this Application, the Student Committee submits the Declaration of Christopher A. Ward, Esq. (the "**Ward Declaration**") attached hereto as Exhibit A, which is hereby incorporated by reference, and the *Declaration of Tasha Courtright, Solely in*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425, Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Educations, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

*her Capacity as the Chair of the Official Committee of Student Creditors, in Support of the Application for an Order Approving the Employment and Retention of Polsinelli PC, nunc pro tunc to May 21, 2015 as Co-Counsel to the Student Committee*, attached hereto as Exhibit B, which is also hereby incorporated by reference (the "**Courtright Declaration**," and together with the Ward Declaration, the "**Declarations**").  In further support of this Application, the Student Committee respectfully represents as follows:

## I.
## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The Student Committee confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") to the entry of a final order by this Court in connection with this Application to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## II.
## BACKGROUND

4.      On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "**Court**") commencing the above-captioned chapter 11 cases (the "**Cases**"). The factual background regarding the Debtors, including their business operations and the events leading to the filing of these Cases, is set forth in detail in the *Declaration of William J. Nolan In Support of Chapter 11 Petitions and First Day Motions* [Docket No. 10].

5.      On May 13, 2015, the Office of the United States Trustee appointed a Committee of Unsecured Creditors in connection with the cases [Docket No. 100].

6.      On May 15, 2015, the Office of the United States Trustee subsequently appointed the Student Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code [Docket No. 120].

7.      The seven Student Committee members include: Tasha Courtright, Jessica King, Amber Thompson, Crystal Loeser, Michael Adorno-Miranda, Krystle Powell, and Brittany Ann Smith Jackl.

8.      The Student Committee has retained Robins Kaplan LLP as its bankruptcy counsel, Public Counsel as its special counsel, and Polsinelli as its co-counsel to serve.

### III.
### RELIEF REQUESTED

9.      By this Application, the Student Committee seeks to employ and retain Polsinelli *nunc pro tunc* to May 21, 2015 to represent the Student Committee as its co-counsel in connection with the Debtors' Cases. Accordingly, the Student Committee respectfully requests entry of an order pursuant to section 328(a) and 1103(a) of the Bankruptcy Code, in substantially the form attached hereto, authorizing the Student Committee to employ and retain Polsinelli as its co-counsel in these Cases.

50502408.1

IV.
**BASIS FOR RELIEF REQUESTED**

10.    Section 328(a) of the Bankruptcy Code empowers a committee appointed under section 1102 of the Bankruptcy Code to employ attorneys under section 1103 of the Bankruptcy Code under any reasonable terms and conditions with the court's approval.  11 U.S.C. § 328(a).  Pursuant to section 1103(b) of the Bankruptcy Code, an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case.  11 U.S.C. § 1103(b).

11.    In connection with the proposed retention by the Student Committee in these Cases, Polsinelli received a list identifying the parties-in-interest from the Debtors.  To the best of the Student Committee's knowledge, information and belief, and except as disclosed herein and in the Ward Declaration, neither Polsinelli nor any of its shareholders, counsel, of counsel, senior partners, or associates has had nor presently has any connections with the Debtors, their creditors, equity security holders, or any other party-in-interest, or their respective attorneys, accountants, the United States Trustee, or any person currently employed in the Office of the United States Trustee, in any matters related to the Debtors or their estates.  Polsinelli is a "disinterested person" as defined in the Bankruptcy Code.

12.    The Student Committee has selected Polsinelli because of its attorneys' experience and knowledge in chapter 11 cases pending in the United States Bankruptcy Court for the District of Delaware and because of the absence of any conflict of interest.  Polsinelli has advised the Student Committee that Polsinelli may have in the past represented or opposed, may currently represent or oppose, and may in the future represent or oppose, in matters wholly unrelated to the Debtors' pending Cases, entities that are claimants of the Debtors or other parties-in-interest (or vendors or service providers thereto) in these Cases.  Polsinelli has not

4

(except as disclosed in the Ward Declaration) and will not represent any such parties, or any of their affiliates or subsidiaries, in relation to the Student Committee, the Debtors, or these Cases.

13.    The Student Committee seeks to retain Polsinelli as its co-counsel because of Polsinelli's extensive general legal experience and knowledge, and in particular, its recognized expertise in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code; its expertise, experience, and knowledge in practicing before this Court; its proximity to this Court; and its ability to respond quickly to emergency hearings and other emergency matters in this Court.  Further, Polsinelli's appearance before this Court for the applications, motions, and other matters in these Cases will be efficient and cost-effective for the Debtors' estates.  The Student Committee believes that Polsinelli is both well-qualified and uniquely able to represent it in these Cases in a most efficient and timely manner.

14.    Polsinelli has extensive experience in numerous other chapter 11 bankruptcy cases including, *inter alia*, recent engagements as:  Delaware bankruptcy counsel and conflicts counsel to the Official Committee of TCEH Unsecured Creditors of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC, and their direct and indirect subsidiaries; Delaware bankruptcy counsel and conflicts counsel to the Official Committee of Allied Nevada Gold Corp.; Delaware bankruptcy counsel to the Official Committee of Unsecured Creditors of The Standard Register Company; Delaware Bankruptcy Counsel to Official Committee of Unsecured Creditors of Saab Cars North America; and Delaware bankruptcy counsel to Official Committee of Unsecured Creditors of Simplexity, LLC.

15.    By separate application, the Student Committee is also seeking approval to employ Robins Kaplan LLP ("**RK**") and Public Counsel to serve as counsel in these Cases.  The Student Committee believes that if this Court approves the employment of RK, Polsinelli, and

50502408.1

Public Counsel, these firms will allocate their delivery of services to the Student Committee so as to avoid any unnecessary duplication of services. Polsinelli and the attorneys involved in the Cases from RK have developed a good working rapport that will assure that there is no duplication of effort in these Cases. It is the carefully considered view of the Student Committee that, considering the various interests involved in these Cases, including the fact that these Cases are pending in Delaware and Delaware counsel is requirement under the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), that representation of the Student Committee by RK, Public Counsel and Polsinelli is necessary, advisable, and in the best interests of the Student Committee.

16.     In addition, RK and Polsinelli have held organizational meetings to discuss the appropriate scope of services of the three firms and the firms have developed a working plan to assure that there are no duplication of services rendered on behalf of the Student Committee.

17.     The services Polsinelli has rendered and may be required to render for the Student Committee include, without limitation, the following:

(a)     in conjunction with RK and Public Counsel, providing legal advice with respect to the powers and duties available to the Student Committee, an official committee appointed under section 1102 of the Bankruptcy Code;

(b)     as related to the interests of the thousands of students of the Debtors, assisting RK and Public Counsel in the investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses, and any other matter relevant to these cases or to the formulation of a plan or plans of reorganization or liquidation;

(c)     assisting RK and Public Counsel in preparing on behalf of the Student Committee necessary applications, motions, complaints, answers, orders, agreements and other legal papers;

(d)     reviewing, analyzing and assisting RK and Public Counsel in responding to all pleadings filed by the Debtors or other parties-in-interest in these Cases and appearing in Court to present necessary motions, applications and pleadings and to otherwise protect the interest of the Student Committee;

(e)     consulting with the Debtors and their professionals, the Official Committee of Unsecured Creditors and its professionals, other parties-in-interest and their professionals, and the United States Trustee concerning the administration of the Debtors' respective estates;

(f)     representing the Student Committee in hearings and other judicial proceedings;

(g)     advising RK, Public Counsel and the Student Committee on practice and procedure in the United States Bankruptcy Court for the District of Delaware and with respect to the Local Rules and local practice; and

(h)     performing all other legal services for the Student Committee in connection with these Cases.

18.     Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis.  11 U.S.C. § 328(a).  Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, the Student Committee requests that Polsinelli be compensated on an hourly basis, plus

7

reimbursement of the actual and necessary expenses that Polsinelli incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered, subject to discounts that Polsinelli agreed to provide for the benefit of the Student Committee. All Polsinelli professionals shall invoice at a 10% discount from their standard hourly rates.

19.     Polsinelli has advised the Student Committee that Polsinelli's discounted hourly rates for professionals who will be primarily responsible for this matter range from $270 to $700 per hour for shareholders, from $180 to $400 per hour for associates and senior counsel, and from $90 to $250 per hour for paraprofessionals. The primary attorneys and paralegals expected to represent the Student Committee, and their respective discounted hourly rates are:

| | | |
|---|---|---|
| (a) | Christopher A. Ward (Delaware shareholder) | $585 per hour |
| (b) | Shanti M. Katona (Delaware shareholder) | $378 per hour |
| (c) | Jarrett K. Vine (Delaware associate) | $324 per hour |
| (d) | Lindsey M. Suprum (Delaware paralegal) | $238.50 per hour |

Other attorneys and paralegals will render services to the Student Committee as needed. These rates are commensurate with the standard national rates charged by Polsinelli to other similarly situated clients and on similar matters. The hourly rates set forth above are subject to periodic adjustment to reflect economic and other conditions.

20.     The Student Committee also submits that such rates are reasonable and should be approved by the Court at this time, subject to a determination of the amounts to be paid to Polsinelli upon applications for allowance. Moreover, the Student Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, propose to reimburse Polsinelli for its actual and necessary expenses.

## V.
## NO PRIOR REQUEST

21.     The Student Committee has made no previous application or motion for the relief sought herein to this or any other Court.

## VI.
## NOTICE

22.     The Student Committee shall provide notice of this Application on the date hereof via U.S. first class mail to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Debtors; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to Bank of America, N.A. in its capacity as Administrative Agent for the Lenders; and (e) all other parties that have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). The Student Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Student Committee respectfully requests the relief requested herein and such other and further relief as is just and proper.

Dated:                          THE OFFICIAL COMMITTEE OF
      June 17, 2015             STUDENT CREDITORS

                                _____
                                Tasha Courtright
                                Committee Chair

50502408.1