## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., et al. [1] | (Jointly Administered) |
| Debtors. | Case No. 15-10952-KJC |
| | **Objection Deadline: July 2, 2015 @ 4:00 p.m.**<br>**Hearing Date: July 22, 2015 @ 3:00 p.m.** |

**APPLICATION OF THE COMMITTEE OF STUDENT CREDITORS FOR AN
ORDER UNDER BANKRUPTCY CODE SECTIONS 328(a) AND 1103(a) AND
BANKRUPTCY RULES 2014(a) AND 2016(b) APPROVING THE EMPLOYMENT AND
RETENTION OF PUBLIC COUNSEL AS COUNSEL TO THE COMMITTEE OF
STUDENT CREDITORS *NUNC PRO TUNC* TO MAY 16, 2015**

The Official Committee of Student Creditors appointed in the above-captioned cases (the

"**Student Committee**") for Corinthian Colleges, Inc. (the "**Debtors**"), hereby submits this

Application ("**Application**") to employ Public Counsel ("**Public Counsel**" or "**the Firm**") as

special counsel in connection with these chapter 11 cases.  The Application is based on this

Application, the records and docket in the Debtors' chapter 11 cases, the Declaration of Tasha

Courtright (the "**Courtright Declaration**") that is attached hereto as Exhibit A, the  Declaration

of Mark Rosenbaum (the "**Rosenbaum Declaration**") that is attached hereto as Exhibit B, and

---

[1]  The Debtors in these cases, along with the USBC case numbers, are:  Corinthian Schools, Inc. 15-10955
(KJC); Rhodes Colleges, Inc. 15-10957 (KJC); Florida Metropolitan University, Inc., 15-10962 (KJC);
Corinthian Property Group, Inc. 15-10966 (KJC); Titan Schools, Inc. 15-10970 (KJC); Career Choices, Inc.
15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., 15-10961 (KJC);
Ashmead Education, Inc., 15-10967(KJC) ; MJB Acquisition Corporation, 15-10971 (KJC); ECAT
Acquisition, Inc., Case No. 15-10975 ; (KJC) Pegasus Education, Inc., 15-10953 (KJC); Grand Rapids
Education Center, Inc., 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest
College Phoenix, Inc., 15-10960 (KJC); CDI Education USA, Inc. 15-10963 (KJC); SP PE VII-B Heald
Holdings Corp., 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital
LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education,
LLC, 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence
Corporation, Case No. 15-10973 (KJC); Socle Education, Inc., Case No. 15-10976 (KJC).  The Debtors'
corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

such other matters as the Court may consider.

## I.
## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334

and the *Amended Standing Order of Reference from the United States District Court for the*

*District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. §

157(b)(2).  Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408

and 1409.

2.      The Student Committee confirms its consent pursuant to Rule 9013-1(f) of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "**Local Rules**") to the entry of a final order by this Court in connection

with this Application to the extent that it is later determined that this Court, absent consent of the

parties, cannot enter final orders or judgments in connection herewith consistent with Article III

of the United States Constitution.

## II.
## BACKGROUND

3.      On May 4, 2015 (the "**Petition Date**"), the Debtors filed their voluntary petitions for

relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") to

commence the above-captioned cases.  The Debtors are operating as debtors in possession

pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.      On May 15, 2015, the Office of the United States Trustee (the "**UST**") appointed the

following members of the Student Committee: Tasha Courtright; Jessica King, Amber

Thompson; Crystal Loeser, Michael Adorno-Miranda, Krystle Powell and Brittany Ann Smith

Jackl.

61046493.1

5.     The Student Committee elected Tasha Courtright as its chairperson and on May 20, 2015 the Student Committee adopted *By-Laws Of The Official Committee Of Student Creditors Of Corinthian Colleges, Inc.* (The "**Bylaws**").   The Bylaws provide that the chairperson of the Student Committee has the authority to sign this Application on behalf of the Student Committee.

6.     The Student Committee has determined that it is necessary and appropriate to retain special counsel to assist and represent the Student Committee  in connection with, among other things, the rights of students under the Higher Education Act and other laws affecting student loan debt.   Therefore, the Student Committee has decided, subject to the approval of the Bankruptcy Court and pursuant to Bankruptcy Code section 328 and 1103, Rule 2014 of the Federal Rules of Bankruptcy Procedure ("**FRBP**"), and Rule 2014-1 of the Local Bankruptcy Rules, to employ the Firm as the Student Committee's special counsel in connection with the Debtors' chapter 11 cases.   The Student Committee has also decided to retain Robins Kaplan LLP ("**Robins Kaplan**") to act as bankruptcy counsel and Polsinelli PC ("**Polsinelli**") to act as co-counsel, subject to court approval, and applications to employ Robins Kaplan and Polsinelli are being filed concurrently herewith.

### III.
### RELIEF REQUESTED

7.     By this Application, the Student Committee seeks to employ and retain Public Counsel *nunc pro tunc* to May 16, 2015 to represent the Student Committee.   Accordingly, the Student Committee respectfully requests entry of an order pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, in substantially the form attached hereto as Exhibit C, authorizing the Student Committee to employ and retain Public Counsel as its special counsel in these cases.

- 3 -

61046493.1

## IV.
## BASIS FOR RELIEF REQUESTED

8.     Section 328(a) of the Bankruptcy Code empowers a committee appointed under

section 1102 of the Bankruptcy Code to employ attorneys under section 1103 of the Bankruptcy

Code under any reasonable terms and conditions with the court's approval.  11 U.S.C. § 328(a).

Pursuant to section 1103(b) of the Bankruptcy Code, an attorney employed to represent a

committee may not, while employed by such committee, represent any other entity having an

adverse interest in connection with the case.  11 U.S.C. § 1103(b).

9.     The Student Committee has reviewed this Application, the Rosenbaum Declaration

and the proposed budget and staffing plan for work to be completed through July 31, 2015, and

believes that the retention and employment of the Firm *nunc pro tunc* to May 16, 2015 is in the

best interests of the Student Committee, the Debtors, the Debtors' estates and creditors.  *Nunc*

*pro tunc* relief should be granted because immediately upon the appointment of the Student

Committee, the Firm began analyzing the issues unique to the students and the claims of students

to gain a comprehensive understanding of the Debtors' operations and relationship with its

creditors.

10.     Public Counsel is the nation's largest pro bono law firm.  In addition to its staff of

over 70 attorneys, it works with thousands of volunteer attorneys from other law firms who assist

in representing over 30,000 children, youth, families, and community organizations every year.

The Firm provides a wide variety of legal services to low-income individuals, nonprofits and

small businesses. The Firm has a Board of Directors that includes over 70 professionals in

various fields.  Public Counsel's Board Members all serve on a volunteer basis, and in their

capacity as Board Members, they provide financial oversight, set organizational strategy and

policies, and assist with fundraising for the organization.  In their capacity as Board Members,

- 4 -

they do not have any attorney-client relationship with Public Counsel's clients, nor do they have any input into the conduct of individual cases.

11.     The Firm has attorneys who practice in the areas of consumer rights, civil rights litigation and education law and is well-qualified to represent the Student Committee. All attorneys comprising or associated with the Firm who will render services in these cases are duly admitted to practice law in the appropriate state and/or federal courts of California. The Student Committee has retained Polsinelli PC ("Polsinelli") to act as Delaware and conflicts counsel and Polsinelli has filed a Pro Hac Vice application to allow Mark Rosenbaum to practice before the Delaware Bankruptcy Court.

12.     A summary of the experience and qualifications of those members of the Firm expected to render services to the Student Committee is annexed to the Rosenbaum Declaration as Exhibit 1 and is incorporated herein by this reference.

13.     The Student Committee requires special counsel to render the following types of professional services:

> (a)     to advise the Student Committee of students' rights under the Higher Education Act, federal regulations and other laws affecting student loan debt;
>
> (b)     to attend meetings and negotiate with the representatives of the Debtors and other parties in interest including those governmental entities that are also investigating and/or pursuing litigation against Corinthian;
>
> (c)     to provide assistance to Robins Kaplan as Bankruptcy Counsel regarding the consumer protection, student loan, and higher education laws affecting the Student Committee;

61046493.1

(d)    to assist advise, and represent the Student Committee in investigating and analyzing potential lawsuits, where appropriate; and

(e)    to assist and advise the Student Committee in its examination, investigation, and analysis of the conduct of the Debtors' affairs, assets, and liabilities, and bring lawsuits, where appropriate.

14.    A summary of the customary hourly rates for those members of the Firm expected to render services to the Student Committee is annexed to the Rosenbaum Declaration as Exhibit 2 and incorporated herein by this reference. Other attorneys and paralegals will render services to the Student Committee as needed.  The customary hourly rates may be adjusted periodically to reflect the advancing experience, capabilities, and seniority of professionals.   Public Counsel is a pro bono law firm and does not bill its clients for services.  It does, however, regularly make applications for attorney's fees in state and federal court.  Such attorney's fees awards constitute a critical portion of the budget by which Public Counsel can continue to operate. The fees that Public Counsel charges are consistent with the market rate of fees for attorneys with comparable areas of skill, expertise, and experience. Public Counsel regularly reviews the fees of attorneys practicing in both the private sector and other public interest law firms to confirm that its fees are in line with the fees of other similarly situated counsel. Public Counsel shall provide notice to the members of the Student Committee before any increase in the rates set forth in the Application are implemented.  The Firm's customary hourly rates range from $750 to $925 for senior attorneys with 20 to 40+ years of experience, $690 to $740 for attorneys with 15 to 20 years of experience, $275 to $400 for attorneys with 1 to three years of experience, and $225 for paralegals.  These rates are commensurate with the standard rates charged by Public Counsel when making applications for attorney's fees before courts in California and across the nation.

- 6 -

15.    The Firm will not provide services or legal advice for matters or issues outside of student loan debt, or bankruptcy law matters or issues.  Without limiting the generality of the foregoing, the Firm will not provide advice or representation in the areas of healthcare, taxation, labor, securities, ERISA, corporate, real estate, probate/estate planning, criminal, or other specialties of the law.

16.    Notwithstanding the foregoing, the Student Committee may, from time to time, request that the Firm undertake specific matters beyond the limited scope of the responsibilities set forth above.  Should the Firm agree in its discretion to undertake any such specific matters, the Student Committee seeks authority herein to employ the Firm for such matters, in addition to those set forth above, without further order of the Bankruptcy Court.

17.    To the best of the Firm's knowledge, based upon the annexed Rosenbaum Declaration and any supplemental declarations that may be filed, and after conducting an investigation of potential conflicts of interest arising from the Firm's representation of the Student Committee, the Firm and the attorneys comprising or employed by it do not hold or represent an interest adverse to the Student Committee or the estates and do not have any connection with the Student Committee, the Debtors, their creditors, or any other party in interest in these cases, or their attorneys or accountants, except as stated in the Rosenbaum Declaration.

18.    As disclosed on Exhibit 4, the Firm or members of the Firm may (in the past, currently or in the future): (i) represent three of the students who are on the Committee and other students who hold student loan debt with Corinthian, (ii) serve as co-counsel or otherwise work on cases unrelated to the Debtors' bankruptcy cases with one or more of the professionals employed by Creditors, the estates, or other parties in interest, or (iii) in the case of some of the

Firm's Board members, serve on the Board of Directors of one or more of the Debtors' creditors, or have previously represented one or more of the Debtor entities.

19.    The Firm does not believe its relationships, as described above, constitute actual or potential conflicts.  The Firm will supplement this disclosure and advise the Bankruptcy Court and the United States Trustee if it becomes aware that any potential conflict has become actual or is likely to become actual.

20.    The Firm is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code in that the Firm, its shareholders, counsel, and associates:

        (a)    are not creditors, equity security holders, or insiders;

        (b)    are not and were not, within two (2) years before the date of the filing of the petitions, directors, officers, or employees of the Debtors; and

        (c)    do not have interests materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

11 U.S.C. § 101(14).

21.    The Student Committee has approved the Firm's budget and staffing plan from the date the Firm was retained, May 16, 2015, through July 31, 2015.  The budget and staffing plan may be amended as necessary to reflect changed or unanticipated developments.

22.    It is contemplated that the Firm may seek monthly compensation, interim compensation during the cases, and final compensation at the conclusion of the cases, as permitted by Bankruptcy Code sections 328(a), 330 and 331, FRBP Rule 2016, and Local Bankruptcy Rule 2014-1 and pursuant to the Court's Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals, entered on May 26, 2015. There is no agreement or understanding between the Firm and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the cases, except members of the Firm.

23.    The Student Committee believes that the employment of the Firm as the Student Committee's special counsel is in the best interests of the estates and student creditors in these chapter 11 cases.

## V.
## NO PRIOR REQUEST

24.    The Student Committee has made no previous application or motion for the relief sought herein to this or any other Court.

## VI.
## NOTICE

25.    The Student Committee will provide notice of this Application via first class mail to: (i) Office of the United States Trustee for the District of Delaware; (ii) counsel to Debtors; (iii) counsel to Bank of America, N.A. in its capacity as Administrative Agent for the Lenders; (iv) counsel to the Official Committee of Unsecured Creditors; and (v) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.

26.    The Student Committee submits that no other or further notice is necessary under the circumstances.

## CONCLUSION

WHEREFORE, the Student Committee requests that the Bankruptcy Court approve its employment of Public Counsel as the Student Committee's special counsel, effective as of May 16, 2015, the date the Student Committee retained the Firm as its counsel, to render services as described above with compensation and reimbursement of expenses to be paid in accordance

61046493.1

with Bankruptcy Code sections 328, 330 and 331 as an expense of administration pursuant to

Bankruptcy Code sections 503(b) and 507(a) in such amount as the Bankruptcy Court may

hereafter determine and allow.

DATED: June 17, 2015                Respectfully submitted,

                                    THE OFFICIAL COMMITTEE OF STUDENT
                                    CREDITORS

                                    By: _____
                                        Tasha Courtright
                                        Chairperson of the Student Committee

- 10 -

61046493.1