IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., et al.[1] | (Jointly Administered) |
| Debtor. | Case No. 15-10952-KJC |
| | Objection Deadline: July 2, 2015 @ 4:00 p.m. |
| | Hearing Date: July 22, 2015 @ 3:00 p.m. |

**APPLICATION OF THE COMMITTEE OF STUDENT CREDITORS FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 328(a) AND 1103(a) AND BANKRUPTCY RULES 2014(a) AND 2016(b) APPROVING THE EMPLOYMENT AND RETENTION OF ROBINS KAPLAN LLP AS COUNSEL TO THE COMMITTEE OF STUDENT CREDITORS *NUNC PRO TUNC* TO MAY 16, 2015**

The Official Committee of Student Creditors appointed in the above-captioned cases (the "**Student Committee**") for Corinthian Colleges, Inc. (the "**Debtors**"), hereby submits this Application ("**Application**") to employ Robins Kaplan LLP ("**Robins Kaplan**" or "**the Firm**") as its bankruptcy counsel in connection with these chapter 11 cases. The Application is based on this Application, the records and docket in the Debtors' chapter 11 cases, the Declaration of Tasha Courtright (the "**Courtright Declaration**") that is attached hereto as Exhibit A, the Declaration of Scott F. Gautier (the "**Gautier Declaration**") that is attached hereto as Exhibit B,

---

[1] The Debtors in these cases, along with the USBC case numbers, are: Corinthian Schools, Inc. 15-10955 (KJC); Rhodes Colleges, Inc. 15-10957 (KJC); Florida Metropolitan University, Inc., 15-10962 (KJC); Corinthian Property Group, Inc. 15-10966 (KJC); Titan Schools, Inc. 15-10970 (KJC); Career Choices, Inc. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., 15-10961 (KJC); Ashmead Education, Inc., 15-10967(KJC) ; MJB Acquisition Corporation, 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975 ; (KJC) Pegasus Education, Inc., 15-10953 (KJC); Grand Rapids Education Center, Inc., 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., 15-10960 (KJC); CDI Education USA, Inc. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); Socle Education, Inc., Case No. 15-10976 (KJC). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

61043156.1
50606781.1

and such other matters as the Court may consider.

## I.
## JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The Student Committee confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") to the entry of a final order by this Court in connection with this Application to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## II.
## BACKGROUND

3.  On May 4, 2015 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") to commence the above-captioned cases. The Debtors are operating as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.  On May 15, 2015, the Office of the United States Trustee (the "**UST**") appointed the following members of the Student Committee: Tasha Courtright; Jessica King, Amber Thompson; Crystal Loeser, Michael Adorno-Miranda, Krystle Powell and Brittany Ann Smith Jackl.

5. The Student Committee elected Tasha Courtright as its chairperson and on May 20, 2015 the Student Committee adopted *By-Laws Of The Official Committee Of Student Creditors Of Corinthian Colleges, Inc.* (The "**Bylaws**"). The Bylaws provide that the chairperson of the Student Committee has the authority to sign this Application on behalf of the Student Committee.

6. The Student Committee has determined that it is necessary and appropriate to retain bankruptcy counsel to assist and represent the Student Committee. Therefore, the Student Committee has decided, subject to the approval of the Bankruptcy Court and pursuant to Bankruptcy Code section 328 and 1103, Rule 2014 of the Federal Rules of Bankruptcy Procedure ("**FRBP**"), and Rule 2014-1 of the Local Bankruptcy Rules, to employ the Firm as the Student Committee's bankruptcy counsel in connection with the Debtors' chapter 11 cases. The Student Committee has also decided to retain Public Counsel LLP ("**Public Counsel**") to act as special counsel and Polsinelli PC ("**Polsinelli**") to act as Delaware counsel and conflicts counsel, subject to court approval, and applications to employ Public Counsel and Polsinelli are being filed concurrently herewith.

### III.
### RELIEF REQUESTED

7. By this Application, the Student Committee seeks to employ and retain Robins Kaplan *nunc pro tunc* to May 16, 2015 to represent the Student Committee. Accordingly, the Student Committee respectfully requests entry of an order pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, in substantially the form attached hereto as Exhibit C, authorizing the Student Committee to employ and retain Robins Kaplan as its bankruptcy counsel in these cases.

## IV.
## BASIS FOR RELIEF REQUESTED

8. Section 328(a) of the Bankruptcy Code empowers a committee appointed under section 1102 of the Bankruptcy Code to employ attorneys under section 1103 of the Bankruptcy Code under any reasonable terms and conditions with the court's approval. 11 U.S.C. § 328(a). Pursuant to section 1103(b) of the Bankruptcy Code, an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. 11 U.S.C. § 1103(b).

9. The Student Committee has reviewed this Application, the Gautier Declaration and the proposed budget and staffing plan for work to be completed through July 31, 2015, and believes that the retention and employment of the Firm *nunc pro tunc* to May 16, 2015 is in the best interests of the Student Committee, the Debtors, the Debtors' estates and creditors. *Nunc pro tunc* relief should be granted because immediately upon the appointment of the Student Committee, the Firm began analyzing the issues unique to the students and the claims of students, as well as reviewing the numerous pleadings filed in these Chapter 11 cases, as well as all publicly available information, to gain a comprehensive understanding of the Debtors' operations, debt structure and relationship with its pre- and post-petition secured creditors.

10. The Firm has attorneys who practice in the areas of insolvency, reorganization, and bankruptcy law and is well-qualified to represent the Student Committee. All attorneys comprising or associated with the Firm who will render services in these cases are duly admitted to practice law in the appropriate state and/or federal courts of California or Minnesota.

11. The Firm has retained Polsinelli to act as Delaware and conflicts counsel and has filed Pro Hac Vice applications for the three primary attorneys who will be rendering services in this matter, Scott F. Gautier, Lorie A. Ball and Cynthia C. Hernandez. The Pro Hac Vice

applications have been approved and orders have been entered allowing them to practice before this court. The Student Committee believes that if this Court approves the employment of Polsinelli and Public Counsel, these firms will allocate their delivery of services to the Student Committee so as to avoid any unnecessary duplication of services. Robins Kaplan, Polsinelli and Public Counsel have developed a good working rapport that will assure that there is no duplication of effort in these cases. It is the carefully considered view of the Student Committee that, considering the various interests involved in these cases that representation of the Student Committee by Robins Kaplan, Public Counsel and Polsinelli is necessary, advisable, and in the best interests of the Student Committee

12. A summary of the experience and qualifications of those members of the Firm expected to render services to the Student Committee is annexed to the Gautier Declaration as Exhibit 1 and is incorporated herein by this reference.

13. The Student Committee requires bankruptcy counsel to render the following types of professional services:

    (a) to advise the Student Committee of its rights, duties, and powers in these chapter 11 cases;

    (b) to assist, advise, and represent the Student Committee in its consultation with the Debtors relative to the administration of these chapter 11 cases;

    (c) to assist, advise, and represent the Student Committee in investigating and analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales or dispositions, and bring lawsuits, where appropriate;

    (d)    to attend meetings and negotiate with the representatives of the Debtors and secured creditors and other parties in interest;

    (e)    as related to the interests of the thousands of students of the Debtors, to assist and advise the Student Committee in its examination, investigation of the conduct of the Debtors, the financial condition of the Debtors, and the operation of the Debtors' businesses and bring lawsuits, where appropriate;

    (f)    to assist the Student Committee in the review, analysis, and negotiation of any plan of reorganization or liquidation that may be filed and to assist the Student Committee in the review, analysis, and negotiation of the disclosure statement accompanying any plan of reorganization or liquidation; and

    (g)    to assist the Student Committee in the review, analysis, and negotiation of any financing or funding agreements.

    14.    A summary of the customary hourly rates for those members of the Firm expected to render services to the Student Committee is annexed to the Gautier Declaration as Exhibit 2 and incorporated herein by this reference. Other attorneys and paralegals will render services to the Student Committee as needed. The customary hourly rates may be adjusted periodically to reflect the advancing experience, capabilities, and seniority of professionals, as well as general economic factors. Robins Kaplan shall provide notice to the members of the Student Committee before any increase in the rates set forth in the Application are implemented. The Firm's customary hourly rates range from $400 to $810 for partners, principals and of counsel attorneys, $360 to $495 for associates, and $195 to $225 for paralegals. These rates are commensurate with the standard national rates charged by Robins Kaplan to other similarly situated clients and on similar matters.

15. The Firm will not provide services or legal advice for matters or issues outside of insolvency or bankruptcy law matters or issues. Without limiting the generality of the foregoing, the Firm will not provide advice or representation in the areas of healthcare, taxation, labor, securities, ERISA, corporate, real estate, probate/estate planning, criminal, or other non-bankruptcy or non-debtor/creditor specialties of the law.

16. Notwithstanding the foregoing, the Student Committee may, from time-to-time, request that the Firm undertake specific matters beyond the limited scope of the responsibilities set forth above. Should the Firm agree in its discretion to undertake any such specific matters, the Student Committee seeks authority herein to employ the Firm for such matters, in addition to those set forth above, without further order of the Bankruptcy Court.

17. To the best of the Firm's knowledge, based upon the annexed Gautier Declaration and any supplemental declarations that may be filed, and after conducting an investigation of potential conflicts of interest arising from the Firm's representation of the Student Committee, the Firm and the attorneys comprising or employed by it do not hold or represent an interest adverse to the Student Committee or the estates and do not have any connection with the Student Committee, the Debtors, their creditors, or any other party in interest in these cases, or their attorneys or accountants, except as stated in the Gautier Declaration.

18. In matters unrelated to the Debtors' bankruptcy cases, the Firm or members of the Firm may (in the past, currently or in the future): (i) represent one or more creditors of the Debtor or other parties in interest in the Debtors' bankruptcy cases, (ii) serve as co-counsel or otherwise work with one or more of the professionals employed by the estates or other parties in interest, or (iii) socialize with one or more of the parties in interest and/or their professionals.

61043156.1
50606781.1

19. The Firm does not believe its relationships, as described above, constitute actual or potential conflicts. The Firm will supplement this disclosure and advise the Bankruptcy Court and the United States Trustee if it becomes aware that any potential conflict has become actual or is likely to become actual.

20. The Firm is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code in that the Firm, its shareholders, counsel, and associates:

    (a) are not creditors, equity security holders, or insiders;

    (b) are not and were not, within two (2) years before the date of the filing of the petitions, directors, officers, or employees of the Debtors; and

    (c) do not have interests materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

11 U.S.C. § 101(14).

21. The Student Committee has approved the Firm's budget and staffing plan from the date the Firm was retained, May 16, 2015, through July 31, 2015. The budget and staffing plan may be amended as necessary to reflect changed or unanticipated developments.

22. It is contemplated that the Firm may seek compensation in these cases on an hourly basis, plus reimbursement of expenses, including monthly compensation, interim compensation during the cases, and final compensation at the conclusion of the cases, as permitted by Bankruptcy Code sections 328(a), 330 and 331, FRBP Rule 2016, and Local Bankruptcy Rule 2014-1 and pursuant to the Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, entered on May 26, 2015. There is no agreement

or understanding between the Firm and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the cases, except members of the Firm.[1]

23. The Student Committee believes that the employment of the Firm as the Student Committee's bankruptcy counsel is in the best interests of the estates and student creditors in these chapter 11 cases.

## V.
## NO PRIOR REQUEST

24. The Student Committee has made no previous application or motion for the relief sought herein to this or any other Court.

## VI.
## NOTICE

25. The Student Committee will provide notice of this Application via first class mail to: (i) Office of the United States Trustee for the District of Delaware; (ii) counsel to Debtors; (iii) counsel to Bank of America, N.A. in its capacity as Administrative Agent for the Lenders; (iv) counsel to the Official Committee of unsecured Creditors; and (v) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.

26. The Student Committee submits that no other or further notice is necessary under the circumstances.

## CONCLUSION

WHEREFORE, the Student Committee requests that the Bankruptcy Court approve its employment of Robins Kaplan as the Student Committee's bankruptcy counsel, effective as of May 16, 2015, the date the Student Committee retained the Firm as its counsel, to render services

---

[1] While the Firm does not share any fees with Public Counsel, LLC, the Firm make periodic charitable donations to Public Counsel, LLC. In addition to paid engagements, Public Counsel, LLC is the largest pro bono law firm in the nation that relies, in part, on charitable contributions from donors to fund a wide spectrum of services for people who live at or below the poverty level.

61043156.1
50606781.1

as described above with compensation and reimbursement of expenses to be paid in accordance with Bankruptcy Code sections 328, 330 and 331 as an expense of administration pursuant to Bankruptcy Code sections 503(b) and 507(a) in such amount as the Bankruptcy Court may hereafter determine and allow.

DATED: June 17, 2015          Respectfully submitted,

THE OFFICIAL COMMITTEE OF STUDENT CREDITORS

By: _____
Tasha Courtright
Chairperson of the Student Committee