## EXHIBIT A

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., et al.[1] | (Jointly Administered) |
| Debtor. | Case No. 15-10952-KJC |

**DECLARATION OF TASHA COURTRIGHT IN SUPPORT OF APPLICATION OF THE COMMITTEE OF STUDENT CREDITORS FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 328(a) AND 1103(a) AND BANKRUPTCY RULES 2014(a) AND 2016(b) APPROVING THE EMPLOYMENT AND RETENTION OF ROBINS KAPLAN LLP AS COUNSEL TO THE COMMITTEE OF STUDENT CREDITORS *NUNC PRO TUNC* TO MAY 16, 2015**

I, Tasha Courtright, declare as follows:

1. I am the chair of the Official Committee of Student Creditors for Corinthian Colleges, Inc., (the "**Student Committee**"). Except as otherwise stated, I have personal knowledge of the matters set forth herein and, if called as a witness, would competently testify thereto.

2. I make this declaration solely in my capacity as the Chair of the Student Committee in support of the Application of the Student Committee to Employ Robins Kaplan LLP ("**Robins**

---

[1] The Debtors in these cases, along with the USBC case numbers, are: Corinthian Schools, Inc. 15-10955 (KJC); Rhodes Colleges, Inc. 15-10957 (KJC); Florida Metropolitan University, Inc., 15-10962 (KJC); Corinthian Property Group, Inc. 15-10966 (KJC); Titan Schools, Inc. 15-10970 (KJC); Career Choices, Inc. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., 15-10961 (KJC); Ashmead Education, Inc., 15-10967(KJC) ; MJB Acquisition Corporation, 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975 ; (KJC) Pegasus Education, Inc., 15-10953 (KJC); Grand Rapids Education Center, Inc., 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., 15-10960 (KJC); CDI Education USA, Inc. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); Socle Education, Inc., Case No. 15-10976 (KJC). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

Kaplan" or the "**Firm**") as Bankruptcy Counsel (the "**Application**"). Capitalized terms used, but not defined herein, shall the have the meanings ascribed to such terms in the Application.

3. On May 4, 2015, the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") to commence the above-captioned cases.

4. On May 15, 2015, the Office of the United States Trustee (the "**UST**") appointed the following members of the Official Committee of Student Creditors of Corinthian Colleges, Inc.:, Jessica King, Amber Thompson, Crystal Loeser, Michael Adorno-Miranda, Krystle Powell, Brittany Ann Smith Jackl, and me.

5. The Student Committee elected me as its chairperson and on May 20, 2015 the Student Committee adopted *By-Laws Of The Official Committee Of Student Creditors Of Corinthian Colleges, Inc.* (The "**Bylaws**"). The Bylaws provide that I, as the chairperson of the Student Committee, have the authority to sign this Application on behalf of the Student Committee.

6. The Student Committee has determined that it is necessary and appropriate to retain bankruptcy counsel to assist and represent the Student Committee. Therefore, the Student Committee has decided to employ Robins Kaplan as the Student Committee's bankruptcy counsel in connection with the Debtors' chapter 11 cases.

7. On May 20, 2015, the Student Committee held a meeting and voted to retain Robins Kaplan as its bankruptcy counsel, effective as of May 16, 2015. The Student Committee believes that the employment of the Firm as the Student Committee's bankruptcy counsel is in the best interests of the estates and student creditors in these chapter 11 cases.

8.      In selecting Robins Kaplan as its bankruptcy counsel, the Student Committee considered its expertise in the relevant legal issues and experience in similar proceedings. While the Student Committee did not interview any other law firm candidates, prior to the formation of the Student Committee, Robins Kaplan had represented an ad hoc committee of student creditors that included three members of the Student Committee. Thus, Robins Kaplan was familiar with the issues unique to the Student Committee, the Student Committee's goals, the Debtors and many of the potential legal issues that may arise in the context of these chapter 11 cases. I believe that for this reason, and based on Robins Kaplan's experience in corporate reorganization, Robins Kaplan is well qualified to represent the Student Committee.

9.      The rates to be charged by Robins Kaplan for this engagement are set forth in the Application. Robins Kaplan has informed the Student Committee that its current hourly rates are its respective standard hourly rates for work of this nature. Robins Kaplan further informed the Student Committee that it operates in a national and regional marketplace for legal services in which rates are driven by multiple factors relating to individual lawyers and there are of specialty, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Robins Kaplan has further informed the Student Committee that its rates and material terms of engagement are comparable to the rates and material terms of engagement of other comparably skilled bankruptcy professionals and that none of the rates vary based on the geographic location of these cases. The Student Committee has been informed that all fees requested by Robins Kaplan first will be approved by the Student Committee before being submitted to the Court on notice. The Student Committee is advised that Robins Kaplan will

endeavor to minimize any duplication of efforts with Public Counsel and Polsinelli and will endeavor to have appropriate tasks handled either by a paralegal or a law clerk, as appropriate.

10. As set forth above, prior to the formation of the Student Committee, the Firm represented an ad hoc committee of students and immediately upon the appointment of the Student Committee, the Firm began working with the Student Committee in analyzing the issues unique to the students and the claims of students, as well as reviewing the numerous pleadings filed in these chapter 11 cases, as well as all publicly available information, to gain a comprehensive understanding of the Debtors' operations, debt structure and relationship with its pre- and post-petition secured creditors.

11. I have reviewed and approved the Firm's budget and staffing plan from the date the Firm was retained, May 16, 2015, through July 31, 2015. I understand that the budget and staffing plan may be amended as necessary to reflect changed or unanticipated developments.

12. The employment of the Firm as bankruptcy counsel to the Student Committee in these chapter 11 cases is in the best interest of the Student Committee, the Debtors, other students and creditors, and the estates.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of June, 2015.

                                                    Tasha Courtright