UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                                          CASE NO. 15-10952 (KJC)

CORINTHIAN COLLEGES, INC., *et al.*,            Chapter 11
                                                Jointly Administered
   DEBTORS.
                                                Hearing: June 30, 2015 at 2:00 p.m. ET

**Local Texas Tax Authorities' Objection to Debtors' Motion for an Order**
**(I) Establishing Procedures for Selling Miscellaneous Assets and**
**(II) Granting Certain Related Relief**

TO THE HONORABLE COURT:

   NOW COME   Bexar County, Dallas County and Tarrant County (jointly the "Local Texas Tax Authorities" or "Tax Authorities") and file their Objection to the Debtors' Motion for entry of an Order establishing procedures to allow the Debtors to sell certain miscellaneous assets and for other related relief (hereinafter the "Sale Motion").    In support of their Objection, the Tax Authorities would show the Court the following:

I.

   The Local Texas Tax Authorities are political subdivisions of the State of Texas authorized to assess and collect ad valorem taxes pursuant to the laws of the State.   The Tax Authorities have filed secured claims totaling approximately $110,000 for ad valorem taxes owed on the Debtors' real and personal property for the 2015 tax year.

II.

The claims of the Tax Authorities are secured with unavoidable liens that are superior to that of any other secured claimant pursuant to the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code §§ 32.01 and 32.05(b). The priority of the tax claims and related liens is determined under applicable non-bankruptcy law.   11 U.S.C. § 506; <u>Butner v. U.S.</u>, 440 U.S. 48, 55 (1979).   The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.  <u>See</u> Texas Property tax Code §32.05 (b); <u>See also</u> <u>Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.</u>, 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien).        The tax lien arises on January 1 of each tax year and "floats" to after acquired property. <u>See</u> <u>City of Dallas v. Cornerstone Bank</u>, 879 S.W. 2d 264 (Tex. App. - Dallas 1994).   The tax lien is a lien *in solido* and is a lien on all personal property of the Debtor.   <u>See</u> <u>In re Universal Seismic</u>, 288 F.3d 205 (5th Cir. 2002).   The tax lien is also unavoidable.   <u>See</u> <u>In re: Winns</u>, 177 B.R. 253 (Bankr. W.D. Tex. 1995).   The Tax Authorities' liens are "ABL Permitted Third Party Liens" and were not primed or subordinated under the DIP financing order.

III.

While the sale terms provide that the tax liens attach to the sale proceeds, this does not adequately protect the tax liens and claims as required by 11 U.S.C. § 363(e).    The proceeds from the sale of the Tax Authorities' collateral constitute the cash collateral of these claimants, and they object to the use of their collateral to pay any other creditors of this estate.   Pursuant to 11 U.S.C. § 363(c) (4), absent consent by these claimants or an order of the Court permitting use of their cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession.

2

The Debtors have not filed a motion seeking to use the cash collateral of these claimants nor has there been notice or a hearing on the use of these claimants' collateral. Accordingly, absent their consent, a segregated account must be established from the sale proceeds to comply with the requirements of § 363(c)(4). The Tax Authorities should not have to object to every Sale Notice, some on as little as 48 hours notice, in order for their tax liens and claims to be adequately protected – the order establishing the sale procedures should provide for adequate protection with respect to each and every sale.

The proceeds from the sale of the Tax Authorities' collateral should not be distributed to any other party unless and until their claims, including any interest thereon as allowed under 11 U.S.C. §§ 506(b), 511 and 1129, are paid in full. The Tax Authorities claims are secured by Permitted Prior Liens as set forth in the final cash collateral order. However this order provides that proceeds from the sale of the Tax Authorities' collateral will go into a "Deposit Account" controlled by an Administrative Agent representing other parties which have perfected Prepetition Liens on the accounts. Such co-mingling of funds puts the liens and claims of the Tax Authorities at risk. No funds from the sale of their collateral should be available to the Administrative Agent or the Debtors to pay other parties unless and until the claims of the Tax Authorities are paid in full.

Although no credit bid is anticipated at this time, in such event, there may be no sale proceeds to which the liens can attach or which may be used to pay the claims of the Tax Authorities. If there is a credit bid by a junior lienholder, the property should be sold subject to the senior tax liens or the liens should be paid at closing. A credit bid by a junior lienholder is an attempt to avoid the consequences of foreclosing/seizing the property under applicable non-bankruptcy law which would require it to take the property subject to the tax liens. There is no legal or equitable basis

3

for thus subordinating or avoiding the tax liens.     Absent provisions for the adequate protection of

the tax liens, the Local Texas Tax Authorities object to the approval of a sale on a credit bid.


IV.

WHEREFORE, the Local Texas Tax Authorities object to the Debtors' Sale Motion and request

this Court to order appropriate provisions to assure the protection of the position of these secured

tax creditors, and further request other and such relief as is just and proper.

Dated: June 19, 2015

Respectfully submitted,

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

BY:   /s/ Elizabeth Weller
            Elizabeth Weller
            Tex. Bar No. 00785514

2777 N. Stemmons Fwy., Ste. 1000
Dallas, TX 75207
 (469)221-5075 phone
(469)221-5003 fax
BethW@LGBS.com email

Counsel for the Local Texas Tax Authorities


CERTIFICATE OF SERVICE

I hereby certify that this 19th day of June, 2015 , I caused a true and exact copy of the foregoing to
be served upon all parties to the Court's electronic noticing system and upon the parties set forth on
the attached Service List via email as indicated..

      /s/ Elizabeth Weller
      Elizabeth Weller

4

**Service List**


Richards, Layton & Finger, P.A.
Mark Collins at Collins@rlf.com
Michael Merchant at merchant@rlf.com

Office of the U.S. Trustee
Timothy J. Fox at timothy.j.fox@usdoj.gov
Richard L. Schepacarter at Richard.l.schepacarter@usdoj.gov

Brown Rudnick LLP
Jeffrey Schwartz at jschwartz@brownrudnick.com
Bennett Silverberg at bsilverberg@brownrudnick.com

The Rosner Law Group
Frederick Rosner at rosner@teamrosner.com
Julia Klein at klein@teamrosner.com

Robins Kaplan LLP
Scott Gautier at SGautier@RobinsKaplan.com
Lorie Ball at LBall@RobinsKaplan.com
Cynthia Hernandez at CHernandez@RobinsKaplan.com

Polsinelli PC
Christopher Ward at cward@polsinelli.com
Shanti Katona at skatona@polsinelli.com

Sidley Austin LLP
Jennifer Hagle at  jhagle@sidley.com
Anna Gumport at  agumport@sidley.com

Potter Anderson Corroon LLP
Jeremy Ryan at jryan@potteranderson.com
Etta Mayers at emayers@potteranderson.com

5