# EXHIBIT 2

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE COUNTY**
                                   **BRANCH 41**

STATE OF WISCONSIN                              Case No. 2014 CX 00006
17 West Main Street
Post Office Box 7857                            Complex Forfeiture: 30109
Madison, Wisconsin 53707-7857
                                                The Honorable John Dimotto
            Plaintiff,

v.

CORINTHIAN COLLEGES, INC.,
6 Hutton Centre Drive
Suite 400
Santa Ana, California 92707,

            Defendant.

**CORINTHIAN COLLEGES'**
**ANSWER TO THE GOVERNMENT'S COMPLAINT**

Defendant Corinthian Colleges (the "School") for its Answer to the State of Wisconsin's ("Government") Complaint denies all factual allegations and every part and portion of the Complaint filed by the Attorney General, except as expressly admitted or otherwise qualified herein. The School, by and through its undersigned attorneys, answers the Government's allegations as follows:

**PRELIMINARY STATEMENT**

It is richly ironic that a complaint alleging misrepresentations would so blatantly omit important facts central to an honest telling and affirmatively alter quoted materials. The combination of material omission and distortion results in a significant variation from the actual facts that will be demonstrated at trial.

1

The Complaint wholly omits the *full loan forgiveness* the School provided *to every student* who failed to graduate *regardless of the reason*:  pregnancy; attendance issues; child care; health concerns; transportation challenges; incarceration.  This forgiveness included *all* those unable to obtain externship sites, but extended well beyond.  The School acknowledged its poor business decision to open a campus in downtown Milwaukee in the middle of the Great Recession.  Although this amounted to nothing more than imprudent business judgment that cost the School millions of dollars in losses, the School made it right with students, even those harmed by the Milwaukee economic environment that made it more difficult than anticipated to place students in externships.  The unprecedented step of such a sizeable, voluntary refund is not mentioned once in the Government's complaint.

The Government also materially alters a quotation recited in the Complaint.  In paragraph 19 of the Complaint, the Government distorts an editorial written by Mark Sullivan, the future President of the School's Milwaukee campus.  The editorial referenced Everest's prior-year *nationwide* placement rate.  This quote is altered to suggest the School claimed the Milwaukee campus had a 78% placement rate.  This distorts the editorial in two material ways.  First, the placement rate referred to all Everest campuses, not the Milwaukee campus.  Second, it refers to a time and economic environment *before* the Milwaukee campus was opened.  (See Compl. ¶ 19 ("Despite the recession and a tough job market, last year 78% of Everest [Milwaukee's] graduates found employment in their fields of study." (bracketed word not in original)).

The School acted as a responsible citizen by repaying and forgiving student debt, the very remedy the Government requests without disclosing that students have already received that remedy.  Not only does the government not mention that all the students who did not

graduate had their debt forgiven, but it seeks debt forgiveness for all students who obtained gainful employment based on the strength of the School's education and training.

The Complaint is an unfortunate misrepresentation of the facts, and the School looks forward to vindication in this Court.

## THE PARTIES

1. The School admits the identity of Plaintiff.

2. The School admits the factual allegations in Paragraph 2.

3. The School admits the factual allegations of Paragraph 3 except those relating to the number of campuses and students.

4. The School admits that it entered an Operating Agreement with the U.S. Department of Education. The terms of the operating agreement speak for itself. The Milwaukee campus was voluntarily taught-out long before June 2014.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Government's Complaint is a jurisdictional statement and contains conclusions of law to which no response is required. The School denies that it has committed any violations of Wis. Stat. § 100.18(1) or Wis. Admin. Code ch. ATCP 127.

6. Paragraph 6 of the Government's Complaint is a jurisdictional statement and contains conclusions of law to which no response is required. If a response is required, the School admits venue is proper.

## STATEMENT OF FACTS

7. The School admits the factual allegations of Paragraph 7.

8. The School admits the factual allegations of Paragraph 8.

9. The School admits the factual allegations of Paragraph 9.

10.    The School denies the factual allegations of Paragraph 10.

11.    The School denies the factual allegations of Paragraph 11.

12.    The School denies the factual allegations of Paragraph 12.

13.    The School denies the factual allegations of Paragraph 13.

14.    The School denies the factual allegations of Paragraph 14.

15.    The School denies the factual allegations of Paragraph 15.

16.    The School denies the factual allegations of Paragraph 16.

17.    The School admits the factual allegations of Paragraph 17.

18.    The School denies the factual allegations of Paragraph 18.  The School's documents speak for themselves.

19.    The School admits the publication of an opinion editorial cited in Paragraph 19 but notes with disappoint—although not surprise—the Government's material alteration of the quoted piece.  Consistent with the misleading nature of this Complaint, the Government added "Milwaukee" to the quote which actually referenced other Everest Campuses throughout the country as it was published before the Milwaukee Campus even graduated a single student.

20.    The School denies the factual allegations of Paragraph 20, except to admit the WEAB approved the school's offering of five allied health programs at Everest Milwaukee.

21.    The School denies the factual allegations of Paragraph 21, except to admit the WEAB approved the School's Massage Therapy program.

22.    The School admits the factual allegations of Paragraph 22.

23.    The School denies the factual allegations of Paragraph 23.

24.    The School denies the factual allegations of Paragraph 24.

25.    The School denies the factual allegations of Paragraph 25.

26.     The School denies the factual allegations of Paragraph 26.

27.     The School denies the factual allegations of Paragraph 27.

28.     The School denies the factual allegations of Paragraph 28.

29.     The School denies the factual allegations of Paragraph 29.

30.     The School denies the factual allegations of Paragraph 30.

31.     The School denies the factual allegations of Paragraph 31.

32.     The School denies the factual allegations of Paragraph 32.

33.     The School denies the factual allegations of Paragraph 33.

34.     The School denies the factual allegations of Paragraph 34.

35.     The School denies the factual allegations of Paragraph 35.

36.     The School denies the factual allegations of Paragraph 36.

37.     The School denies the factual allegations of Paragraph 37.

38.     The School denies the factual allegations of Paragraph 38.

39.     The School denies the factual allegations of Paragraph 39.

40.     The School denies the factual allegations of Paragraph 40.

41.     The School denies the factual allegations of Paragraph 41.

42.     The School denies the factual allegations of Paragraph 42.

43.     The School denies the factual allegations of Paragraph 43.

44.     The School denies the factual allegations of Paragraph 44.

45.     The School denies the factual allegations of Paragraph 45.

46.     The School denies the factual allegations of Paragraph 46.

47.     The School denies the factual allegations of Paragraph 47.

48.     The School denies the factual allegations of Paragraph 48.

49.    The School denies the factual allegations of Paragraph 49.

50.    The School denies the factual allegations of Paragraph 50.

51.    The School denies the factual allegations of Paragraph 51.

52.    The School denies the factual allegations of Paragraph 52.

53.    The School denies the factual allegations of Paragraph 53.

54.    The School denies the factual allegations of Paragraph 54.

55.    The School denies the factual allegations of Paragraph 55.

56.    The School denies the factual allegations of Paragraph 56.

57.    The School denies the factual allegations of Paragraph 57.

58.    The School denies the factual allegations of Paragraph 58.

59.    The School denies the factual allegations of Paragraph 59.

60.    The School denies the factual allegations of Paragraph 60.

61.    The School denies the factual allegations of Paragraph 61.

62.    The School denies the factual allegations of Paragraph 62.

63.    The School denies the factual allegations of Paragraph 63.

64.    The School denies the factual allegations of Paragraph 64.

65.    The School denies the factual allegations of Paragraph 65.

66.    The School denies the factual allegations of Paragraph 66.

67.    The School denies the factual allegations of Paragraph 67.

68.    The School denies the factual allegations of Paragraph 68.

69.    The School denies the factual allegations of Paragraph 69.

70.    The School denies the factual allegations of Paragraph 70.

71.    The School denies the factual allegations of Paragraph 71.

72.     The School denies the factual allegations of Paragraph 72.

73.     The School denies the factual allegations of Paragraph 73.

74.     The School denies the factual allegations of Paragraph 74.

75.     The School denies the factual allegations of Paragraph 75.

76.     The School denies the factual allegations of Paragraph 76.

77.     The School denies the factual allegations of Paragraph 77.

78.     The School denies the factual allegations of Paragraph 78.

79.     The School denies the factual allegations of Paragraph 79.

80.     The School denies the factual allegations of Paragraph 80.

81.     The School denies the factual allegations of Paragraph 81.

82.     The School denies the factual allegations of Paragraph 82.

83.     The School denies the factual allegations of Paragraph 83.

84.     The School denies the factual allegations of Paragraph 84.

85.     The School denies the factual allegations of Paragraph 85.

86.     The School denies the factual allegations of Paragraph 86.

87.     The School denies the factual allegations of Paragraph 87.

88.     The School denies the factual allegations of Paragraph 88.

89.     The School denies the factual allegations of Paragraph 89.

90.     The School denies the factual allegations of Paragraph 90.

91.     The School denies the factual allegations of Paragraph 91.

92.     The School denies the factual allegations of Paragraph 92.

93.     The School denies the factual allegations of Paragraph 93.

94.     The School denies the factual allegations of Paragraph 94.

95.     The School denies the factual allegations of Paragraph 95.

96.     The School denies the factual allegations of Paragraph 96.

97.     The School denies the factual allegations of Paragraph 97.

98.     The School denies the factual allegations of Paragraph 98.

99.     The School denies the factual allegations of Paragraph 99.

100.    The School denies the factual allegations of Paragraph 100.

101.    The School denies the factual allegations of Paragraph 101.

102.    The School denies the factual allegations of Paragraph 102.

103.    The School denies the factual allegations of Paragraph 103.

104.    The School denies the factual allegations of Paragraph 104.

105.    The School denies the factual allegations of Paragraph 105.

106.    The School denies the factual allegations of Paragraph 106.

107.    The School denies the factual allegations of Paragraph 107.

108.    The School denies the factual allegations of Paragraph 108.

## COUNT I

109.    The School denies the factual allegations of Paragraph 109.

110.    The School denies the factual allegations of Paragraph 110.

111.    The School denies the factual allegations of Paragraph 111.

112.    The School denies the factual allegations of Paragraph 112.

## COUNT II

113.    The School denies the factual allegations of Paragraph 113.

114.    The School denies the factual allegations of Paragraph 114.

115.    The School denies the factual allegations of Paragraph 115.

116.    The School denies the factual allegations of Paragraph 116.

117.    The School denies the factual allegations of Paragraph 117.

118.    The School denies the factual allegations of Paragraph 118.

119.    The School denies the factual allegations of Paragraph 119.

120.    The School denies the factual allegations of Paragraph 120.

121.    The School denies the factual allegations of Paragraph 121.

122.    The School denies the factual allegations of Paragraph 122.

## COUNT III

123.    The School denies the factual allegations of Paragraph 123.

124.    The School denies the factual allegations of Paragraph 124.

125.    The School denies the factual allegations of Paragraph 125.

126.    The School denies the factual allegations of Paragraph 126.

127.    The School denies the factual allegations of Paragraph 127.

128.    The School denies the factual allegations of Paragraph 128.

129.    The School denies the factual allegations of Paragraph 129.

130.    The School denies the factual allegations of Paragraph 130.

## AFFIRMATIVE DEFENSES

The School asserts the following affirmative defenses to the Complaint. In asserting these affirmative defenses, the School does not assume the burden to establish any fact or proposition where that burden is properly imposed on the Government.

### First Affirmative Defense

The Government's Complaint contains claims which fail to state a claim upon which relief may be granted.

9

### Second Affirmative Defense

The Government's claims are barred because the Government failed to join one or more indispensable parties.

### Third Affirmative Defense

The injuries and damages of the Government, if any, were caused by the actions or omission of the Government and/or persons other than the School.

### Fourth Affirmative Defense

The Government's claims are preempted, in whole or in part, by federal law.

### Fifth Affirmative Defense

The Government's claims against the School are barred because the School has complied with all applicable laws or regulations of the Federal government and the State of Wisconsin.

### Sixth Affirmative Defense

The Government's claims are barred, in whole or in part, insofar as the State of Wisconsin seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Seventh Affirmative Defense

The Government's claims against the School are barred, in whole or in part, by the doctrine of laches, estoppel and waiver.

10

**Eighth Affirmative Defense**

The School reserves the right to allege other affirmative defenses as they may become known during the course of discovery.

DATED this  23rd day of December, 2014          **FAEGRE BAKER DANIELS LLP**

Daniel Herber
2200 Wells Fargo Center; 90 S. 7th Street
Minneapolis, MN  55402
Phone:  (612) 766-7000
Facsimile:  (612) 766-1600
Email:  Daniel.Herber@Faegrebd.com

**ATTORNEY FOR DEFENDANT
CORINTHIAN COLLEGES, INC.**

11

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF MINNESOTA   )
                     ) ss.
COUNTY OF HENNEPIN   )

      Kathy E. Olmscheid, of the City of Minneapolis, County of Hennepin, in the State of Minnesota, being duly sworn, says that on December 23, 2014, she served the attached:

**CORINTHIAN COLLEGES ANSWER TO THE GOVERNMENT'S COMPLAINT**

upon the following attorneys in this action, by placing two copies thereof in an envelope and arranging for the deposit of same, postage prepaid, in the United States Mail, at Minneapolis, Minnesota, directed to said attorney(s) at the following address(es):

Lara Sutherlin
Assistant Attorney General
Wisconsin Department of Justice
PO Box 7857
Madison, WI 53707-7857

Subscribed and sworn to before me
this 23rd day of December, 2014.

Notary Public

> BARBARA L NALLICK
> Notary Public
> Minnesota
> Commission Expires January 31, 2018