# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.* [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10952-KJC<br><br>(Jointly Administered)<br><br>Related to Docket No. 363 |

**[PROPOSED] ORDER GRANTING COMMITTEE OF STUDENT CREDITORS' MOTION FOR AN ORDER APPLYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(A) AND 105(A) AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Student Committee for an Order Applying the Automatic Stay Pursuant to 11 U.S.C. §§ 362(a) and 105(a); and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. §157(b); and that this Court may enter an order consistent with Article III of the United States Constitution; and venue being proper before this court under 28 U.S.C. §§1408 and 1409; and a hearing, if necessary, having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all the proceedings before the Court; and the Court having

---

[1] The Debtors' bankruptcy cases are: Corinthian Schools, Inc. Case No. 15-10955 (KJC); Rhodes Colleges, Inc. Case No. 15-10957 (KJC); Florida Metropolitan University, Inc., Case No. 15-10962 (KJC); Corinthian Property Group, Inc. Case No. 15-10966 (KJC); Titan Schools, Inc. Case No. 15-10970 (KJC); Career Choices, Inc. Case No. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., Case No. 15-10961 (KJC); Ashmead Education, Inc., Case No. 15-10967(KJC); MJB Acquisition Corporation, Case No. 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975; (KJC) Pegasus Education, Inc., Case No. 15-10953 (KJC); Grand Rapids Education Center, Inc., Case No. 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., Case No. 15-10960 (KJC); CDI Education USA, Inc. Case No. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., Case No. 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, Case No. 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); and Socle Education, Inc., Case No. 15-10976 (KJC).

[2] Capitalized terms used but not defined in this Order have the meanings ascribed to such terms in the Motion.

found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED, in part, as set forth herein.

2. The "automatic stay" afforded under Bankruptcy Code section 362(a) shall operate as a stay applicable to the Department of Education and its agents and assigns (the "Governmental Parties") through and including August 26, 2015, of any act to collect, assess or recover a claim or debt which relates to funds provided pursuant to Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1070 et seq. (a "Federal Student Loan") for the purpose of paying the expenses necessary for students to attend the Debtors' colleges; expenses may include students' tuition, fees, room and board, books, supplies, equipment, dependent child care expenses, transportation, commuting expenses, personal computer, and loan fees.

3. A further hearing (a) to determine whether the stay shall be applied to the Governmental Parties beyond August 26, 2015; and (b) to determine whether the stay shall be applied to any party other than the Governmental Parties (the "Non-Governmental Parties") shall be set for August 26, 2015 at 11:00 a.m. Any objection to the Motion by any Non-Governmental Party shall be due on August 19, 2015 at 4:00 p.m. (Eastern), or as otherwise agreed by the parties.

4. All rights of the Non-Governmental Parties related to the Motion are fully reserved. Any findings or determinations with respect to the remaining relief requested in the Motion shall not be binding on any Non-Governmental Parties, and will not in any way constitute a finding or admission of liability with respect to the Debtors or any Non-Governmental Parties.

61041145.5

5. The Court will retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.


Dated: ___, 2015    _____
      Wilmington, Delaware    THE HONORABLE KEVIN J. CAREY
                                                   UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.* [1]<br><br>                  Debtors. | Chapter 11<br><br>Case No. 15-10952-KJC<br><br>(Jointly Administered)<br><br>Related to Docket No. 363 |

**[PROPOSED] ORDER GRANTING COMMITTEE OF STUDENT CREDITORS' MOTION FOR AN ORDER APPLYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(A) AND 105(A) AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Student Committee for an Order Applying the Automatic Stay Pursuant to 11 U.S.C. §§ 362(a) and 105(a); and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. §157(b); and that this Court may enter an order consistent with Article III of the United States Constitution; and venue being proper before this court under 28 U.S.C. §§1408 and 1409; and a hearing, if necessary, having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all the proceedings before the Court; and the Court having

---

[1] The Debtors' bankruptcy cases are: Corinthian Schools, Inc. Case No. 15-10955 (KJC); Rhodes Colleges, Inc. Case No. 15-10957 (KJC); Florida Metropolitan University, Inc., Case No. 15-10962 (KJC); Corinthian Property Group, Inc. Case No. 15-10966 (KJC); Titan Schools, Inc. Case No. 15-10970 (KJC); Career Choices, Inc. Case No. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., Case No. 15-10961 (KJC); Ashmead Education, Inc., Case No. 15-10967(KJC); MJB Acquisition Corporation, Case No. 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975; (KJC) Pegasus Education, Inc., Case No. 15-10953 (KJC); Grand Rapids Education Center, Inc., Case No. 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., Case No. 15-10960 (KJC); CDI Education USA, Inc. Case No. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., Case No. 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, Case No. 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); and Socle Education, Inc., Case No. 15-10976 (KJC).

[2] Capitalized terms used but not defined in this Order have the meanings ascribed to such terms in the Motion.

61041145.5

found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED, in part, as set forth herein.

2. 2. The "automatic stay" afforded under Bankruptcy Code section 362(a) is hereby applied, supplemented and extended to shall operate as a stay, applicable to all entities, the Department of Education and its agents and assigns (the "Governmental Parties") through and including August 26, 2015, of any act to collect, assess or recover a claim or debt which relates to funds provided pursuant to (i) Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1070 et seq. (a "Federal Student Loan"); or (ii) the Genesis, EducationPlus or other private student loan program (a "Private Student Loan") for the purpose of paying the expenses necessary for students to attend the Debtors' colleges; expenses may have included include students' tuition, fees, room and board, books, supplies, equipment, dependent child care expenses, transportation, commuting expenses, personal computer, and loan fees.

3. A further hearing (a) to determine whether the stay shall be applied to the Governmental Parties beyond August 26, 2015; and (b) to determine whether the stay shall be applied to any party other than the Governmental Parties (the "Non-Governmental Parties") shall be set for August 26, 2015 at 11:00 a.m.  Any objection to the Motion by any Non-Governmental Party shall be due on August 19, 2015 at 4:00 p.m. (Eastern), or as otherwise agreed by the parties.

4. All rights of the Non-Governmental Parties related to the Motion are fully reserved.  Any findings or determinations with respect to the remaining relief requested in the Motion shall not be binding on any Non-Governmental Parties, and will not in any way constitute a finding or admission of liability with respect to the Debtors or any

61041145.5

Non-Governmental Parties.

5. The Court will retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: ___, 2015
       Wilmington, Delaware               _____
                                                       THE HONORABLE KEVIN J. CAREY
                                                       UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare Compare on Wednesday, June 24, 2015 2:24:57 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://LA-DMS/LA/61041145/3 |
| Description | #61041145v3<LA> - Order Granting Motion to Extend Automatic Stay |
| Document 2 ID | interwovenSite://LA-DMS/LA/61041145/5 |
| Description | #61041145v5<LA> - Order Granting Motion to Extend Automatic Stay |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 11 |
| Deletions | 8 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 19 |