# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

CORINTHIAN COLLEGES, INC., *et al.* [1]

Debtors.

Chapter 11

Case No. 15-10952-KJC

(Jointly Administered)

Related to Docket No. 363

**[PROPOSED] ORDER GRANTING COMMITTEE OF STUDENT CREDITORS'
MOTION FOR AN ORDER APPLYING THE AUTOMATIC STAY PURSUANT TO
11 U.S.C. §§ 362(A) AND 105(A) AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Student Committee for an Order Applying the Automatic Stay Pursuant to 11 U.S.C. §§ 362(a) and 105(a); and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. §157(b); and that this Court may enter an order consistent with Article III of the United States Constitution; and venue being proper before this court under 28 U.S.C. §§1408 and 1409; and a hearing, if necessary, having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all the proceedings before the Court; and the Court having

[1] The Debtors' bankruptcy cases are: Corinthian Schools, Inc. Case No. 15-10955 (KJC); Rhodes Colleges, Inc. Case No. 15-10957 (KJC); Florida Metropolitan University, Inc., Case No. 15-10962 (KJC); Corinthian Property Group, Inc. Case No. 15-10966 (KJC); Titan Schools, Inc. Case No. 15-10970 (KJC); Career Choices, Inc. Case No. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., Case No. 15-10961 (KJC); Ashmead Education, Inc., Case No. 15-10967(KJC); MJB Acquisition Corporation, Case No. 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975; (KJC) Pegasus Education, Inc., Case No. 15-10953 (KJC); Grand Rapids Education Center, Inc., Case No. 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., Case No. 15-10960 (KJC); CDI Education USA, Inc. Case No. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., Case No. 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, Case No. 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); and Socle Education, Inc., Case No. 15-10976 (KJC).

[2] Capitalized terms used but not defined in this Order have the meanings ascribed to such terms in the Motion.

61041145.5

found and determined that the relief requested in the Motion is in the best interests of the

Debtors, their estates and creditors, and any parties in interest; and that the legal and factual

bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein;

and after due deliberation thereon and sufficient cause appearing therefore, it is HEREBY

ORDERED THAT:

1.      The Motion is GRANTED, in part, as set forth herein.

2.      The "automatic stay" afforded under Bankruptcy Code section 362(a) shall

operate as a stay applicable to the Department of Education and its agents and assigns

(the "Governmental Parties") through and including August 26, 2015, of any act to

collect, assess or recover a claim or debt which relates to funds provided pursuant to Title

IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1070 et seq. (a

"Federal Student Loan") for the purpose of paying the expenses necessary for students to

attend the Debtors' colleges; expenses may include students' tuition, fees, room and

board, books, supplies, equipment, dependent child care expenses, transportation,

commuting expenses, personal computer, and loan fees.

3.      A further hearing (a) to determine whether the stay shall be applied to the

Governmental Parties beyond August 26, 2015; and (b) to determine whether the stay

shall be applied to any party other than the Governmental Parties (the "Non-

Governmental Parties") shall be set for August 26, 2015 at 11:00 a.m.  Any objection to

the Motion by any Non-Governmental Party shall be due on August 19, 2015 at 4:00

p.m. (Eastern), or as otherwise agreed by the parties.

4.      All rights of the Non-Governmental Parties related to the Motion are fully

reserved.  Any findings or determinations with respect to the remaining relief requested

in the Motion shall not be binding on any Non-Governmental Parties, and will not in any

way constitute a finding or admission of liability with respect to the Debtors or any Non-

Governmental Parties.

5.     The Court will retain jurisdiction over all matters arising from or related to

the implementation or interpretation of this Order.

Dated: ___, 2015                          _____
         Wilmington, Delaware                        THE HONORABLE KEVIN J. CAREY
                                                      UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.* [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10952-KJC<br><br>(Jointly Administered)<br><br>Related to Docket No. 363 |

**[PROPOSED] ORDER GRANTING COMMITTEE OF STUDENT CREDITORS' MOTION FOR AN ORDER APPLYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(A) AND 105(A) AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Student Committee for an Order Applying the Automatic Stay Pursuant to 11 U.S.C. §§ 362(a) and 105(a); and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. §157(b); and that this Court may enter an order consistent with Article III of the United States Constitution; and venue being proper before this court under 28 U.S.C. §§1408 and 1409; and a hearing, if necessary, having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all the proceedings before the Court; and the Court having

---

[1] The Debtors' bankruptcy cases are: Corinthian Schools, Inc. Case No. 15-10955 (KJC); Rhodes Colleges, Inc. Case No. 15-10957 (KJC); Florida Metropolitan University, Inc., Case No. 15-10962 (KJC); Corinthian Property Group, Inc. Case No. 15-10966 (KJC); Titan Schools, Inc. Case No. 15-10970 (KJC); Career Choices, Inc. Case No. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., Case No. 15-10961 (KJC); Ashmead Education, Inc., Case No. 15-10967(KJC); MJB Acquisition Corporation, Case No. 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975; (KJC) Pegasus Education, Inc., Case No. 15-10953 (KJC); Grand Rapids Education Center, Inc., Case No. 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., Case No. 15-10960 (KJC); CDI Education USA, Inc. Case No. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., Case No. 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, Case No. 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); and Socle Education, Inc., Case No. 15-10976 (KJC).

[2] Capitalized terms used but not defined in this Order have the meanings ascribed to such terms in the Motion.

61041145.5

found and determined that the relief requested in the Motion is in the best interests of the

Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases

set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and

after due deliberation thereon and sufficient cause appearing therefore, it is HEREBY

ORDERED THAT:

      1.     The Motion is GRANTED, in part, as set forth herein.

      2. 2. The "automatic stay" afforded under Bankruptcy Code section 362(a) is hereby applied, supplemented and extended toshall operate as a stay, applicable to all entities,the Department of Education and its agents and assigns (the "Governmental Parties") through and including August 26, 2015, of any act to collect, assess or recover a claim or debt which relates to funds provided pursuant to (i) Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1070 et seq. (a "Federal Student Loan"); or (ii) the Genesis, EducationPlus or other private student loan program (a "Private Student Loan") for the purpose of paying the expenses necessary for students to attend the Debtors' colleges; expenses may have includedinclude students' tuition, fees, room and board, books, supplies, equipment, dependent child care expenses, transportation, commuting expenses, personal computer, and loan fees.

      3.     A further hearing (a) to determine whether the stay shall be applied to the Governmental Parties beyond August 26, 2015; and (b) to determine whether the stay shall be applied to any party other than the Governmental Parties (the "Non-Governmental Parties") shall be set for August 26, 2015 at 11:00 a.m.  Any objection to the Motion by any Non-Governmental Party shall be due on August 19, 2015 at 4:00 p.m. (Eastern), or as otherwise agreed by the parties.

      4.     All rights of the Non-Governmental Parties related to the Motion are fully reserved.  Any findings or determinations with respect to the remaining relief requested in the Motion shall not be binding on any Non-Governmental Parties, and will not in any way constitute a finding or admission of liability with respect to the Debtors or any

Non-Governmental Parties.

5.   The Court will retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: ___, 2015                    _____
        Wilmington, Delaware                    THE HONORABLE KEVIN J. CAREY
                                   UNITED STATES BANKRUPTCY JUDGE

61041145.3

61041145.5

Document comparison by Workshare Compare on Wednesday, June 24, 2015 2:24:57 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://LA-DMS/LA/61041145/3 |
| Description | #61041145v3<LA> - Order Granting Motion to Extend Automatic Stay |
| Document 2 ID | interwovenSite://LA-DMS/LA/61041145/5 |
| Description | #61041145v5<LA> - Order Granting Motion to Extend Automatic Stay |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 11 |
| Deletions | 8 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 19 |