# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al* [1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Re: Docket No. 393** |

-----------------------------------------------------------

## SUPPLEMENTAL ORDER AUTHORIZING THE
## PAYMENT OF CERTAIN DENTAL BENEFIT EXPENSES

Upon the supplemental motion (the "**Supplemental Motion**")[2] of the Debtors for entry of a supplemental order (this "**Supplemental Order**") (i) authorizing the Debtors to pay the Dental Benefit Expenses; and (ii) granting certain related relief, as more fully set forth in the Supplemental Motion; and due and sufficient notice of the Supplemental Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Supplemental Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Supplemental Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms used but not defined in this Supplemental Order have the meanings used in the Supplemental Motion.

2

hearing having been held to consider the relief requested in the Supplemental Motion (the "**Hearing**"); and upon the Original Motion and the First Day Declaration, the record of the Hearing, and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Supplemental Motion is in the best interests of the Debtors, their estates and creditors and any parties in interest; and that the legal and factual bases set forth in the Supplemental Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Supplemental Motion is granted to the extent set forth herein.

2. The Debtors are authorized, but not required, to pay the Dental Benefit Expenses, in amounts not to exceed $4,838.36 in Administrative Fees and $147,540.64 in Dental Claims.

3. The Debtors' banks and financial institutions are authorized to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts prior to the Petition Date for the Dental Benefit Expenses that have not been honored and paid as of the Petition Date (or to re-issue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Supplemental Order, *provided that* sufficient funds are on deposit in the applicable bank accounts to cover such payments.

4. Notwithstanding any other provision of this Supplemental Order, no payments to any individual employees shall exceed the amounts set forth in Bankruptcy Code sections 507(a)(4) and 507(a)(5).

RLF1 12281657v.1

5. Nothing in the Supplemental Motion or this Supplemental Order or the relief granted (including any actions taken or payments made by the Debtors) shall be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any rights, claims, or defenses related thereto; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under Bankruptcy Code section 365.

6. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors regarding the use of cash collateral.

7. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Supplemental Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Supplemental Order.

9. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Supplemental Order.

Dated: _____, 2015
      Wilmington, Delaware

                                              _____
                                              THE HONORABLE KEVIN J. CAREY
                                              UNITED STATES BANKRUPTCY JUDGE