## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* | Case No. 15-10952 (KJC) |
| Debtors.[1] | Jointly Administered |
|  | **Hearing Date: Only if an Objection is Filed** |
|  | **Objection Deadline: July 16, 2015 at 4:00 p.m. (prevailing Eastern Time)** |

### FIRST MONTHLY FEE APPLICATION OF BROWN RUDNICK LLP, AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR PAYMENT OF INTERIM COMPENSATION AND FOR REIMBURSEMENT OF DISBURSEMENTS INCURRED (FOR THE PERIOD MAY 13, 2015 THROUGH MAY 31, 2015)

| | |
|---|---|
| Name of applicant: | Brown Rudnick LLP ("**Brown Rudnick**") |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors (the "**Committee**") |
| Date retention approved: | June 1, 2015, *nunc pro tunc* to May 13, 2015 |
| Period for which compensation and reimbursement is sought: | May 13, 2015 through May 31, 2015 |
| Amount of compensation sought as actual, reasonable, and necessary: | $112,136.50 (interim compensation sought for 80% of that amount, or $89,709.20) |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505, SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

Amount of reimbursement sought as
actual, reasonable, and necessary:          $114.50

This is an _x_ interim application          _____ final application

This is the First Monthly Fee Application for Compensation and Reimbursement of
Disbursements.

## SUMMARY OF BROWN RUDNICK LLP

## May 13, 2015 through May 31, 2015

| TIME AND COMPENSATION BREAKDOWN – PARTNERS | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| H. Jeffrey Schwartz | Partner; Admitted to New York Bar in 2007; Admitted to Ohio Bar in 1980; Restructuring | $1,235.00 | 36.1 | $44,583.50 |
| Bennett S. Silverberg* | Partner; Admitted to New York Bar in 2001; Restructuring | $885.00 | 45.3 | $38,409.00 |
| Ronald Rus | Partner; Admitted to California Bar in 1975; Restructuring | $880.00 | 1.5 | $1,320.00 |
| Lauren E. Curry | Partner; Admitted to New York Bar in 2008 and District of Columbia Bar in 2010; White Collar Defense and Government Investigations | $730.00 | 5.2 | $3,796.00 |
| **TOTAL** | | | **88.1** | **$88,108.50** |
| **PARTNER BLENDED RATE** | | | | **$1,000.10** |

\* Reflects 50% reduction to non-working travel time.

| TIME AND COMPENSATION BREAKDOWN – ASSOCIATES AND OTHER COUNSEL | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| Shoshana B. Kaiser | Associate; Admitted to New York Bar in 2009; Litigation | $720.00 | 0.6 | $432.00 |
| Brian P. Oldham | Associate; Admitted to Colorado Bar in 2007 and District of Columbia Bar in 2008; White Collar Defense and Government Investigations | $605.00 | 2.3 | $1,391.50 |
| Jacob T. Beiswenger | Associate; Admitted to New York Bar in 2013; Restructuring | $570.00 | 26.1 | $14,877.00 |
| Joseph A. Spina | Associate; Admitted to New York Bar in 2015; Restructuring | $475.00 | 0.9 | $427.50 |
| Lara N. Burke | Associate; Admitted to Virginia Bar in 2013 and District of Columbia Bar in 2014; Restructuring | $470.00 | 2.6 | $1,222.00 |
| **TOTAL** | | | **32.5** | **$18,350.00** |
| **ASSOCIATE BLENDED RATE** | | | | **$564.62** |

\* Reflects 50% reduction to non-working travel time.

| TIME AND COMPENSATION BREAKDOWN - PARAPROFESSIONALS | | | | |
|---|---|---|---|---|
| Name of Professional Person | Position/Numbers of Years | Hourly Billing Rate | Total Hours Billed | Total Compensation |
| Carol S. Ennis | Paralegal for over 30 years; Restructuring | $340.00 | 16.7 | $5,678.00 |
| **TOTAL** | | | **16.7** | **$5,678.00** |
| **GRAND TOTAL** | | | 137.3 | $112,136.50 |
| **BLENDED RATE** | | | | $816.73 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 15-10952 (KJC)<br><br>Jointly Administered<br><br>**Hearing Date: To Be Determined**<br><br>**Objection Deadline:  July 16, 2015 at 4:00 p.m.<br>(prevailing Eastern Time)** |

### FIRST MONTHLY FEE APPLICATION OF
### BROWN RUDNICK LLP, AS COUNSEL FOR THE OFFICIAL COMMITTEE OF
### UNSECURED CREDITORS FOR PAYMENT OF INTERIM COMPENSATION AND
### FOR REIMBURSEMENT OF DISBURSEMENTS INCURRED
### (FOR THE PERIOD MAY 13, 2015 THROUGH MAY 31, 2015)

Brown Rudnick LLP ("**Brown Rudnick**"), counsel to the Official Committee of

Unsecured Creditors (the "**Committee**"), hereby submits this First Monthly Fee Application for

Allowance of Interim Compensation and Reimbursement of Disbursements (the "**Application**")

seeking payment or reimbursement of (i) $89,709.20, representing 80% of Brown Rudnick's fees

of $112,136.50, and (ii) 100% of Brown Rudnick's disbursements in the amount of $114.50, for

the period of May 13, 2015 through May 31, 2015 (the "**Application Period**"), as set forth more

particularly herein, pursuant to 11 U.S.C. §§ 328, 330, and 331, Fed. R. Bankr. P. 2016, the

Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local**

**Rules**"), the United States Trustee Fee Guidelines – Guidelines for Reviewing Applications for

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan
University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc.
(1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB
Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids
Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI
Education USA, Inc. (0505, SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707),
Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC
(9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).  The Debtors' corporate
headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

Compensation and Reimbursement of Disbursements Filed under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) (the "**UST Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals* of this Court dated May 26, 2015 [Docket No. 201] (the "**Interim Fee Order**").  In support of this Application, Brown Rudnick hereby states as follows:

## BACKGROUND

1.    On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtors continue to operate and manage their businesses as debtors-in-possession.

2.    On May 13, 2015, the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), pursuant to Bankruptcy Code Section 1102(a)(1), appointed five members to the Committee.  The members of the Committee are: (i) Campus Student Funding, LLC, (ii) McKinley Avenue, LLC, (iii) Lampert at 25500 Industrial Blvd., LLC, a California Limited Liability Company, (iv) Guy Q. Reynolds, and (v) Marriott Hotel Services, Inc.  Thereafter, the Committee selected Brown Rudnick LLP and The Rosner Law Group LLC to serve as its co-counsel in these chapter 11 cases.

3.    On June 1, 2015, the Committee filed an application to employ and retain Brown Rudnick as its counsel (the "**Retention Application**"), *nunc pro tunc* to May 13, 2015.  On June 23, 2015, the Court approved Brown Rudnick's retention as counsel to the Committee *nunc pro tunc* to May 13, 2015 [Docket No. 450].

4.    On May 26, 2015, the Court entered the Interim Fee Order [Docket No. 201].  Pursuant to the Interim Fee Order, the Court established a procedure for interim compensation and reimbursement of disbursements for professionals appointed in these cases.  In particular, the Court authorized the filing and service to certain notice parties of monthly interim fee

applications by professionals appointed in these cases (including professionals employed by the Committee) and payment by the Debtors of 80% of fees and 100% of expenses, in the absence of an objection made within twenty-one (21) days of service of the pertinent application.

## PAYMENT AND REIMBURSEMENT REQUESTED

5.    Brown Rudnick submits this Application (a) for payment of reasonable compensation for actual, reasonable, and necessary professional services performed by it as counsel for the Committee during the Application Period, and (b) for reimbursement of actual, reasonable, and necessary disbursements made to pay expenses incurred in representing the Committee during the Application Period. This Application is made pursuant to the provisions of Sections 328, 330, and 331 of the Bankruptcy Code, Fed. R. Bankr. P. 2016, the Local Rules, the UST Guidelines, the Interim Fee Order, and the Retention Order. This is Brown Rudnick's first monthly fee application.

6.    During the Application Period, Brown Rudnick rendered legal services to the Committee having a value of $112,136.50 in fees, calculated at Brown Rudnick's usual and customary hourly rates as more specifically set forth herein. In addition, Brown Rudnick made disbursements to pay expenses in the amount of $114.50 during the Application Period. Thus, the total amount of fees (80% of the aggregate amount of fees for the Application Period) and disbursements for which Brown Rudnick seeks approval and payment on an interim basis for the Application Period is $89,823.70.

7.    Professional services and disbursements for which compensation and reimbursement are sought were rendered and expended on behalf of the Committee pursuant to Chapter 11 of the Bankruptcy Code. Brown Rudnick believes it is appropriate that it be compensated for the time spent and be reimbursed for the disbursements incurred in connection with these matters. All of the fees and disbursements sought to be paid or reimbursed in this

-3-

Application were actual, necessary, and reasonable, and benefited the Debtors' estates and creditors.

8.      As set forth in the Retention Application, the Committee retained Brown Rudnick as its counsel to provide the following professional services:

i.      assisting and advising the Committee in its discussions with the Debtors and other parties in interest regarding the overall administration of these cases;

ii.     representing the Committee at hearings to be held before this Court and communicating with the Committee regarding the matters heard and the issues raised as well as the decisions and considerations of this Court;

iii.    assisting and advising the Committee in its examination and analysis of the conduct of the Debtors' affairs;

iv.     reviewing and analyzing pleadings, orders, schedules, and other documents filed and to be filed with this Court by interested parties in these cases; advising the Committee as to the necessity, propriety, and impact of the foregoing upon these cases; and consenting or objecting to pleadings or orders on behalf of the Committee, as appropriate;

v.      assisting the Committee in preparing such applications, motions, memoranda, proposed orders, and other pleadings as may be required in support of positions taken by the Committee, including all trial preparation as may be necessary;

vi.     conferring with the professionals retained by the Debtors and other parties in interest, as well as with such other professionals as may be selected and employed by the Committee;

vii.    coordinating the receipt and dissemination of information prepared by and received from the Debtors' professionals, as well as such information as may be received from professionals engaged by the Committee or other parties-in-interest in these cases;

viii.   participating in such examinations of the Debtors and other witnesses as may be necessary in order to analyze and determine, among other things, the Debtors' assets and financial condition, whether the Debtors have made any avoidable transfers of property, or whether causes of action exist on behalf of the Debtors' estates;

ix.     negotiating and formulating a plan of reorganization for the Debtors; and

x.      assisting the Committee generally in performing such other services as
may be desirable or required for the discharge of the Committee's duties
pursuant to section 1103 of the Bankruptcy Code.

## REASONABLE AND NECESSARY SERVICES RENDERED

9.      As described in more detail below, during the Application Period, Brown Rudnick
advised the Committee on a broad range of issues.

a.      <u>DIP Financing/Cash Collateral (57.6 hours)</u>.   During the Application Period, Brown
Rudnick reviewed and analyzed the *Debtors' Motion for Entry of Interim and Final Orders
Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 507 (I) Authorizing the Use of Cash Collateral;
(II) Granting Adequate Protection to Prepetition Secured Parties; (III) Scheduling a Final
Hearing; and (IV) Granting Related Relief*, dated May 4, 2015 [Docket No. 8] (the "<u>Cash
Collateral Motion</u>"), the related interim order [Docket No. 24], and the Budget attached thereto,
in order to assess the availability and preservation of estate assets for the benefit of general
unsecured creditors and evaluate the feasibility of funding these Chapter 11 cases to a Chapter 11
plan of liquidation.   Additionally, Brown Rudnick prepared the Committee's objection to the
Cash Collateral Motion and negotiated a consensual resolution with the Debtors and Bank of
America, N.A., as Domestic Administrative Agent for the Lenders, regarding the terms of a final
order on the Cash Collateral Motion and budget.   On June 8, 2015, the Court entered a final order
approving the Cash Collateral Motion [Docket No. 346].

b.      <u>Case Administration (22.7 hours)</u>.   During the Application Period, Brown
Rudnick drafted bylaws, consulted with the Committee regarding planning and strategy, and
furnished timely responses to all Committee inquiries.

c.      <u>Meetings and Communications with Creditors (18 hours)</u>.   During the
Application Period, Brown Rudnick conducted extensive communications with the
representatives of the Committee, advising and answering questions on the progress of

information gathering and discussions with the Debtors' counsel, and held Committee meetings regarding key case issues.

        d.     <u>Lien and Claim Investigation (12.3 hours)</u>.  During the Application Period, Brown Rudnick prepared an initial list of document requests in connection with the Committee's lien and claim investigation.

        e.     <u>Employment and Fee Applications (11.6)</u>.  Upon being selected as counsel for the Committee, Brown Rudnick prepared the Retention Application.  In conjunction with preparing the Retention Application, Brown Rudnick conducted an extensive conflicts search to ensure that Brown Rudnick was "disinterested" as defined under the Bankruptcy Code.  Such services were necessary to comply with the retention requirements of the Bankruptcy Code and other pertinent rules and ensure that Brown Rudnick could properly serve as counsel to the Committee in these Chapter 11 cases.

        During the Application Period, Brown Rudnick also coordinated the Committee's interview and selection of its financial advisor and Delaware co-counsel.  Brown Rudnick then assisted with the preparation of a retention application for the Committee's financial advisor, Gavin/Solmonese LLC.

        10.     Attached hereto as <u>Exhibit A</u> is a summary of the value of the services rendered by Brown Rudnick during the Application Period.

        11.     Attached hereto as <u>Exhibit B</u> are detailed time entries indicating the daily work performed by each Brown Rudnick professional with respect to whom compensation is sought during the Application Period.

        12.     In rendering the legal services described in <u>Exhibit B</u>, Brown Rudnick made disbursements to pay expenses in the amount of $114.50 during the Application Period.  These disbursements are set forth in detail and are itemized in <u>Exhibit C</u>.

13.    Brown Rudnick has not previously applied for payment of any fees or reimbursement of any disbursement during these cases. Brown Rudnick does not hold a retainer in respect of its services as counsel to the Committee.

14.    In accordance with Section 504 of the Bankruptcy Code and Fed. R. Bankr. P. 2016(a), no agreement or understanding exists between Brown Rudnick and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

15.    No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Brown Rudnick.

16.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that this Application complies with that Local Rule.

17.    Brown Rudnick reserves all rights and claims. Without limiting the generality of the foregoing, Brown Rudnick reserves its right to submit future monthly fee applications, interim fee applications, and final fee applications, including, without limitation, fee applications seeking final allowance of all amounts sought to be paid or reimbursed herein and in respect of any amounts held back pursuant to the Interim Fee Order or otherwise.

**WHEREFORE**, Brown Rudnick requests immediate payment or reimbursement by the Debtors of the following amounts in connection with its representation of the Committee for the Application Period:

1.  interim compensation of $89,709.20 (which is 80% of the aggregate amount of Brown Rudnick's fees totaling $112,136.50 for the Application Period); and

2.  $114.50 in disbursements.

Dated: June 25, 2015
New York, New York

BROWN RUDNICK LLP

/s/ H. Jeffrey Schwartz
H. Jeffrey Schwartz, Esq. (admitted *pro hac vice*)
Bennett S. Silverberg, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
jschwartz@brownrudnick.com
bsilverberg@brownrudnick.com

*Co-Counsel to the Official*
*Committee of Unsecured Creditors*