IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § § § § | Case No. 15-10952 (KJC) |
| | § | Jointly Administered |
| Debtors. | § § | D.I. 268, 487 |

ORDER AUTHORIZING THE DEBTORS TO (A) ASSUME EMPLOYMENT
AGREEMENTS WITH PRICEWATERHOUSECOOPERS, LLP AND (B) EMPLOY
AND RETAIN PRICEWATERHOUSECOOPERS, LLP AS TAX ADVISOR
*NUNC PRO TUNC* TO THE PETITION DATE

Upon the motion, dated June 2, 2015 (the "**Motion**"),[2] of Corinthian Colleges, Inc. and its above-captioned debtor affiliates (collectively, the "**Debtors**") for an order, pursuant to sections 327(a), 328, 365(a) and 1107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Debtors to (i) assume that certain State Reverse Sales/Use Tax Refund and Income Tax Refund Engagement Letters (the "**Engagement Agreements**") between Corinthian and PricewaterhouseCoopers, LLP ("**PwC**") and (b) employ and retain PwC as tax advisor to the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 12292184v.1

Debtors effective *nunc pro tunc* to the Petition Date to continue providing the Sales/Use Tax Refund Services, Income Tax Refund Services and CA FTB Audit Support Services, all as more fully described in the Motion; and the Debtors have received informal comments to the Motion from the Office of the United States Trustee for the District of Delaware, which have been resolved pursuant to the modifications made to this form of Order (and PwC's agreement to waive its rights to collection of the contingency fee associated with the State of California refund check received by the Debtors in May 2015); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the circumstances; and it appearing that no other or further notice need be provided; and, if necessary, a hearing having been held to consider the relief requested in the motion (the "**Hearing**"); and due and proper notice of the Hearing having been provided; and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and upon the Whitney Declaration attached to the Motion as Exhibit A; the Engagement Agreements attached to the Motion as Exhibit B and Exhibit C; and the SOW attached to the Motion as Exhibit D and the Court having found that PwC is a "disinterested person" as such term is defined under section 101(14), as supplemented by section 1107(b) of the Bankruptcy Code; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. Pursuant to sections 327, 328 and 365 of the Bankruptcy Code, the Debtors are authorized to (i) assume the Employment Agreements with PwC; and (ii) retain and employ PwC as tax advisor to the Debtors in these chapter 11 cases, effective *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in the Motion.

3. PwC shall be compensated for the Sales/Use Tax Refund Services and Income Tax Refund Services in accordance with the contingency fee arrangement set forth in the Engagement Agreements, excluding the May 2015 refund associated with the State of California Sales/use Tax Refund Services. With regards to any fees incurred in connection with the CA FTB Audit Support Services, and with regards to any requests for the reimbursement of reasonable expenses relating to either the Income and Sales/Use Tax Refund Services or the CA FTB Audit Support Services, PwC shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, and Local Rules of this Court, and such procedures as may be fixed by order of this Court; provided, however, that PwC may submit time records in a summary format that shall set forth a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors. PwC will submit time records describing the services rendered and the amount of time spent on each date, and shall be authorized to submit time entries in half-hour (.5) increments, in rendering tax consulting services and, therefore, the information requirements of Local Rule 2016-2(d) are hereby modified and waived, to the extent necessary, with respect to PwC.

3

4.  Notwithstanding anything in this Motion, the Engagement Agreements or the Whitney Declaration to the contrary, PwC has agreed to waive (i) its right to collection of the contingency fee associated with the State of California refund check (as a result of prepetition Sales/use Tax Refund Services) received by the Debtors in May 2015; and (ii) its claim of approximately $40,000 on account of hourly tax advisory services provided to the Debtors prior to the Petition Date. PwC shall not be compensated for any pre-petition services and expressly waives any claims as such. For the avoidance of doubt, PwC is not waiving any right to any contingency fee relating to Income Tax Refund Services including the approximate refund of $800,000 related to the California Enterprise Zone credit where additional work is required post-petition and an income tax refund of approximately $588,000 in the State of Michigan where additional work is required post-petition.

5.  Notwithstanding the terms of the Engagement Agreements, the indemnifications obligations of the Debtors are modified as follows:

   a) Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, PwC, in accordance with the Engagement Agreements, for any claim arising from, related to, or in connection with their performance of the services described in the Engagement Agreement;

   b) PwC shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreements for services other than those described in the Engagement Agreements, unless such services and indemnification therefore are approved by the Court;

   c) The Debtors shall have no obligation to indemnify PwC, or provide contribution or reimbursement to PwC, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from PwC's gross negligence or willful misconduct; (b) for a contractual dispute in which the Debtors allege the breach of PwC's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination as to the exclusions set forth in clauses (a) and (b) above, but determined by the Court, after notice and a hearing to

4

      be a claim or expense for which PwC should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreements as modified by this Order;

d)     If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (b) the entry of an order closing these chapter 11 cases, PwC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreements (as modified by this Order), including without limitation the advancement of defense costs, PwC must file an application therefore in this Court, and the Debtors may not pay any such amounts to PwC before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by PwC for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify PwC. All parties in interest shall retain the right to object to any demand by PwC for indemnification, contribution, or reimbursement; and

e)     There shall be no limitation of liability in favor of PwC.

6. In the event of any inconsistency between the Motion, the Whitney Declaration, the Engagement Agreements and this Order, the terms of this Order shall govern.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtors and PwC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: June 29, 2015  
Wilmington, Delaware

                                    THE HONORABLE KEVIN J. CAREY  
                                    UNITED STATES BANKRUPTCY JUDGE