IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.*[1]<br><br><br>Debtors. | § Chapter 11<br>§<br>§ Case No. 15-10952 (KJC)<br>§<br>§ Jointly Administered<br>§<br>§ Hearing Date: July 22, 2015 at 3:00 p.m. (ET)<br>§ Objection Deadline: July 15, 2015 at 4:00 p.m. (ET)<br>§ Re Docket No. 520 |

-------------------------------------------------------------

**DEBTORS' MOTION FOR THE ENTRY OF AN
ORDER (A) APPROVING THE DISCLOSURE STATEMENT,
(B) ESTABLISHING PROCEDURES FOR SOLICITATION AND
TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN OF LIQUIDATION,
(C) APPROVING THE FORMS OF BALLOT AND SOLICITATION MATERIALS,
(D) ESTABLISHING VOTING RECORD DATE, (E) FIXING THE DATE, TIME AND
PLACE FOR THE CONFIRMATION HEARING AND THE DEADLINE FOR FILING
OBJECTIONS THERETO, AND (F) APPROVING RELATED NOTICE PROCEDURES**

Corinthian Colleges, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), by and through its undersigned counsel, hereby move (the "**Motion**"), pursuant to sections 105(a), 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§101 *et seq.* (the "**Bankruptcy Code**") and Rules 2002(b), 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for the entry of: an order (a) approving the *Debtors' Combined Disclosure Statement* (the "**Disclosure**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

**Statement**") *and Chapter 11 Plan of Liquidation* (the "**Plan**") [Docket No. 520] (collectively, the "**Combined Plan and Disclosure Statement**") for solicitation purposes only, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (c) approving the forms of ballot and solicitation materials, (d) establishing a voting record date, (e) fixing the date, time and place for the confirmation hearing and deadline for filing objections thereto, and (f) approving the related notice provisions. In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).[2]

## BACKGROUND

2. On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

3. On May 13, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors (the "**Creditors' Committee**"). Additionally, the U.S. Trustee appointed an official committee of student creditors (the "**Student Committee**", and together with the Creditors' Committee, the "**Committees**") on May 15, 2015.

---

[2] Under Rule 9013(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") the Debtors hereby consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties; cannot enter final orders in connection with consistent with Article III of the United States Constitution.

2

4.  Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada. Corinthian offered career-oriented diploma and degree programs in diverse fields such as health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology. As of March 31, 2014, Corinthian operated over 100 campuses and provided educational opportunities to more than 74,000 students and had more than 10,000 employees. It also offered degrees online.

5.  Among its acquisitions, in January 2010, Corinthian purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**"). Heald, through its subsidiaries, operated Heald College, a 150 year old regionally accredited institution with 12 campuses offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

6.  Article III of the Combined Plan and Disclosure Statement provides a detailed description of the Debtors' organizational structure, historical business operations and summaries of certain material events that have occurred during these chapter 11 cases and is incorporated herein by reference.

7.  The Combined Plan and Disclosure Statement has been proposed by the Debtors because the Debtors believe that the Combined Plan and Disclosure Statement provides the most efficient means to conclude the Debtors' cases and distribute the assets available to the holders of allowed claims. In general, the Combined Plan and Disclosure Statement provides for the establishment of the Distribution Trust (as defined therein) for the purpose of, administering the Debtors' remaining assets and making distributions to holder of allowed claims.

8. The Plan provides the following classification and treatment of claims:

| Class | Type | Status Under Plan | Voting Status |
|---|---|---|---|
| 1 | Prepetition Lenders Secured Claims | Impaired | Entitled to Vote |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 3 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| 5 | Intercompany Claims | Impaired | Deemed to Reject |
| 6 | Equity Interests | Impaired | Deemed to Reject |

9. As set forth above, holders of claims in classes 1 and 4 are the only holders of claims or interests that are entitled to vote on the Plan. All other holders of claims or interests are not entitled to vote on the Plan because such holder either holds (i) a claim that is unimpaired under the Plan or (ii) a claim or interest that does not entitle them to receive or retain any property under the Plan.

10. In addition, the Plan contains various provisions allowing for the winddown of the Debtors' estates and the closing of these chapter 11 cases.

**RELIEF REQUESTED**

11. The Debtors submit this Motion in connection with the Debtors' proposed Combined Plan and Disclosure Statement. As set forth herein, the Debtors seek, among other things, entry of an order, substantially in the form attached hereto as Exhibit A, (the "**Disclosure Statement Approval and Procedures Order**"), granting the following relief: (a) approval of the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code for solicitation purposes only, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (c) approving the form of ballot and solicitation materials, (d) establishing a voting record date, (e) fixing the date, time and place for the confirmation hearing and deadline for filing objections thereto, and (f) approving the related notice provisions.

**DISCLOSURE STATEMENT**

A.  **Approval of the Disclosure Statement**

12.  Section 1125 of the Bankruptcy Code requires that a disclosure statement be approved by the court as containing "adequate information" prior to a debtor's solicitation of acceptances or rejections of a plan. 11 U.S.C. § 1125(b). "Adequate information" is defined in the Bankruptcy Code as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant case to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a). The Debtors' Disclosure Statement therefore must, as a whole, provide information that is reasonably practicable to permit an informed judgment by impaired creditors entitled to vote on the plan. *See Krystol-Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F3d 314, 322 (3d Cir. 2003). Essentially, the Disclosure Statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Fevretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

13.  In evaluating whether a disclosure statement provides "adequate information," courts adhere to section 1125's instruction that making this determination is a flexible exercise based on the facts and circumstances of each case and is within the broad

discretion of the Court. *See* 11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable *in light of the nature and history of the debtor and the condition of the debtor's books and records . . .* ") (emphasis added); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of New York v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case.").

14.   In accordance with these precepts, the Disclosure Statement provides a summary of the Debtors' cases, assets and liabilities, and estimates (where possible) of distributions to the holders of allowed claims.

15.   Specifically, the Disclosure Statement contains the pertinent information necessary for holders of eligible claims to make an informed decision about whether to vote to accept or reject the plan, including, among other things, information regarding:

- a summary of the classification and treatment of all classes of creditors and equity interests;
- a brief summary of the Debtors' remaining assets and liabilities;
- the Debtors' prepetition capital structure and indebtedness;
- the provisions governing distributions under the Plan; and
- the means for implementation of the plan.

16.   The Debtors respectfully submit that the Combined Plan and Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code.

**SOLICITATION PROCEDURES**

A. **Approval of Forms of Ballot**

17. In accordance with Bankruptcy Rules 3017(d) and 3018(c), the Debtors propose to mail to the holders of claims entitled to vote on the Plan, the forms of ballot attached hereto as Exhibit B (the "**Ballots**"). Ballots will be served on claimholders in Classes 1 and 4 (the "**Voting Classes**"). One form will be served on claimholders in Class 1 and a separate form will be served on claimholders in Class 4. The Ballot provides (i) claimholders in the Voting Classes with clear instructions on how to complete and return the Ballot, (ii) prominently features the Voting Deadline, and (iii) clearly and unequivocally states that Ballots received after the Voting Deadline will not be counted. The Debtors request that the Court approve the form of each Ballot.

18. The Voting Classes are the only classes that will receive a Ballot to vote to accept or reject the Disclosure Statement. Classes 2, 3, 5 and 6 (the "**Non-Voting Classes**," and together with the Voting Classes, the "**Classes**") are not entitled to vote on the Plan as they have been conclusively presumed to have accepted the Plan in accordance with section 1126(f) or rejected the Plan in accordance with section 1126(g) of the Bankruptcy Code.

B. **Voting Deadline for the Receipt of Ballots**

19. Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . . ." The Debtors anticipate commencing the plan solicitation period by mailing the Ballots and other approved solicitation materials to the Voting Classes no later than three (3) business days after the entry of the Disclosure Statement Approval and Procedures Order. Based on this schedule, the Debtors propose that all Ballots being cast must

be properly executed, completed and delivered, by mail, overnight courier, personal delivery or email to Rust Consulting/Omni Bankruptcy (the "**Balloting Agent**"), or by uploaded to the Balloting Agent's website http://omnimgt.com/corinthiancolleges (the "**Website**"), so that the Ballots are actually <u>received</u> no later than 5:00 p.m. prevailing Eastern Time on August 21, 2015 (the "**Voting Deadline**"). This date will give claimholders sufficient time to review the solicitation materials and vote, and provides the Debtors with enough time to tabulate the Ballots and prepare for whatever issues the voted Ballots may raise in connection with confirmation of the Plan.

### C. Procedures for Tabulating Votes

20. Section 1126(c) of the Bankruptcy Code provides that a class of claims has accepted a plan if such plan has been accepted by creditors that hold at least two-thirds in dollar amount and more than one-half in number of the allowed claims in that class that have actually cast ballots for acceptance or rejection of the plan. *See* 11 U.S.C. § 1126(c). Pursuant to the order establishing bar dates [Docket No. 429], the deadline for general creditors to file proofs of claim against the Debtors is July 20, 2015 at 5:00 p.m. (ET). Accordingly, for purposes of voting on the Plan, the Debtors propose that each Claim (a) for which a proof of claim was timely received by the applicable deadline; or (b) that is listed in the Debtors' *Schedules of Assets and Liabilities* and not listed as disputed, contingent or unliquidated as to amount; and, in either case, as to which no objection to the allowance thereof has been filed prior to entry of the Disclosure Statement Approval and Procedures Order, be allowed solely for voting purposes.

21. The Debtors propose that the following procedures be utilized in tabulating the votes to accept or reject the Plan (the "**Tabulation Procedures**") and respectfully request that the Tabulation Procedures be approved:

a)   Except as permitted by the Court, any Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the Debtors' request for confirmation of the Plan.

b)   Any Ballot that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and rejection of the Plan will not be counted.

c)   Any Ballot that is returned indicating acceptance or rejection of the Plan but is unsigned will not be counted.

d)   Whenever a claimholder casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated Ballot timely received will be deemed to reflect the voter's intent and will thus supersede any prior Ballots.

e)   If a claimholder casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

f)   Each claimholder will be deemed to have voted the full amount of its Claim as set forth on the Ballot.

g)   Claimholders may not split their vote within a Class, thus each claimholder will be required to vote all of its claims within the Voting Class either to accept or reject the Plan.

h)   Ballots partially rejecting and partially accepting the Plan will not be counted.

i)   The method of delivery of Ballots to the Balloting Agent is at the risk of each claimholder, and such delivery will be deemed made only when the original Ballot is actually received by the Balloting Agent.

j)   No Ballot should be sent directly to the Debtors.

k)   The Debtors expressly reserve the right to amend the terms of the plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtors make material changes in the terms of the plan, the Debtors will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.

l)   If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a claimholder, such person will be required to indicate such capacity when signing and, at the Balloting Agent's discretion, must submit proper evidence satisfactory to the Balloting Agent to so act on behalf of the claimholder.

m)   Any claimholder who has delivered a valid Ballot voting on the plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

9

RLF1 12094535v.2

n)  Subject to any contrary order of the Court, the Debtors further reserves the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot unless otherwise directed by the Court.

o)  Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

p)  Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

q)  For purposes of determining whether the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code have been satisfied, the Balloting Agent will tabulate only those Ballots received prior to the Voting Deadline or otherwise ordered by the Court.

r)  Ballots received that do not evidence the amount or evidence an incorrect amount of such Creditor's Claim shall be completed or corrected, as the case may be, based upon a Final Order of the Court or, if no such Final Order exits, then (i) based upon timely filed proofs of Claim, or (ii) the Schedules filed by the Debtors if no proof of claim has been filed by such Creditor, and counted as a vote to accept or reject the plan.

22. The Debtors respectfully submit that the Tabulation Procedures will establish a fair and equitable voting process, particularly given the right of parties to seek temporary allowance of their claims on some other basis, as described in greater detail below. Therefore, the Debtors seek the Court's approval of such proposed rules.

D.  **Procedures for Temporary Allowance of Claims**

23. The Debtors propose that any holder of a claim that seeks to challenge the temporary allowance of its claim for voting purposes based on the Tabulation Procedures be

required to file a motion, pursuant to Bankruptcy Rule 3018(a),[3] for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") and serve the Rule 3018 Motion on the Debtors so that it is received no later than 4:00 p.m. (ET) on August 14, 2015.  The Debtors will then have until August 19, 2015 at 4:00 p.m. (ET) to file and serve responses to any Rule 3018 Motion.  In accordance with Bankruptcy Rule 3018, the Debtors further propose that any Ballot submitted by a claimholder that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Procedures and other applicable provisions contained herein unless and until the underlying claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

## CONFIRMATION HEARING, RECORD DATE AND SOLICITATION PACKAGES

### A. Confirmation Hearing, Confirmation Objection Deadline and Notice Thereof

24. Bankruptcy Rule 3017(c) provides that, on or before the approval of the Disclosure Statement, the Court "may fix the date for the hearing on confirmation."  In accordance with this provision, the Debtors request that the hearing on confirmation of the Plan be set for for August 26, 2015 at 1:00 p.m. (ET).  The Debtors further request that objections to confirmation of the Plan, if any, must:  (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or equity interest of such party; and (iii) be filed with the Court and served on: (i) on counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn.:  Mark D. Collins, Esq. and Michael J. Merchant, Esq.); (ii) counsel to Bank of America, N.A, Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 (Attn.:  Jennifer C. Hagle,

---

[3] Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purposes of accepting or rejecting a plan."

Esq. and Anna Gumport, Esq.) and Potter Anderson Corroon LLP, 1313 North Market Street, Sixth Floor, P.O. Box 951, Wilmington, Delaware 19899 (Attn.: Jeremy W. Ryan, Esq. and Etta R. Mayers, Esq.); (iii) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn.: Timothy Jay Fox, Jr., Esq. and Richard L. Schepacarter, Esq.); (iv) counsel for the Creditors' Committee, Brown Rudnick LLP, Seven Times Square, New York, New York, 10036 (Attn.: H. Jeffrey Schwartz, Esq. and Bennett S. Silverberg, Esq.) and The Rosner Law Group LLC, 824 Market Street, Suite 810, Wilmington, Delaware 19801 (Attn.: Frederick B. Rosner, Esq. and Julia B. Klein, Esq.); and (v) counsel to the Student Committee, Robins Kaplan LLP, 2049 Century Park East, Suite 3400, Los Angeles, California 90067 (Attn.: Scott F. Gautier, Esq., Lorie A. Ball, Esq., and Cynthia C. Hernandez, Esq.) and Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801 (Attn.: Christopher A. Ward, Esq. and Shanti M. Katona, Esq.), so as to be received by no later than 4:00 p.m. (ET) on August 21, 2015 (the "**Confirmation Objection Deadline**"). The Debtors reserve the right to file a consolidated reply to any such objections no later than August 25, 2015 at 12:00 p.m. (ET).

25.     Bankruptcy Rule 2002(b) requires that the Debtors provide notice to all creditors and parties in interest at least 28 days prior to the deadline for filing objections to confirmation of the Combined Plan and Disclosure Statement, and the hearing on the final approval of the Combined Plan and Disclosure Statement. Bankruptcy Rule 2002(d), in turn, requires that equity security holders be given notice of these matters in the manner and form directed by the Court. All parties in interest will be served with notice of the hearing on confirmation of the Plan (the "**Confirmation Notice**"), a copy of which is attached hereto as Exhibit C. Specifically, the Debtors propose to serve the Confirmation Notice on: (i) those parties who have requested notice pursuant to Bankruptcy Rule 2002, (ii) counsel to Bank of

America, N.A., in its capacity as administrative agent, (iii) the Department of Education; (iv) the Securities and Exchange Commission, (v) the Internal Revenue Service, (vi) the U.S. Trustee, (vii) holders of claims or interests in the Non-Voting Classes; (viii) counsel to the Creditors' Committee; (ix) counsel to the Student Committee; and (ix) all persons or entities listed on the Debtors' creditor matrix [Docket No. 12].

26. In accordance with Bankruptcy Rule 3017(c), the Debtors intend to serve a copy of the Confirmation Notice upon such parties no later than July 24, 2015. The Confirmation Notice will forth: (i) the Voting Deadline for the submission of Ballots to accept or reject the Plan; (ii) the deadline for filing Rule 3018 Motions; (iii) the Confirmation Objection Deadline; (iv) the time, date and place of the hearing on confirmation of the Plan, and (v) instructions on how to obtain copies of the Combined Plan and Disclosure Statement.

### B. The Record Date

27. Bankruptcy Rule 3017(d) provides that the Court may set the date on which the Disclosure Statement is approved or another date as the record date for determining which holders of securities are entitled to receive solicitation materials, including ballots for voting on a plan of reorganization. *See* Fed. R. Bankr. P. 3017(d). The Debtors propose that the Court establish the date the Court enters the Disclosure Statement Approval and Procedures Order as the record date (the "**Record Date**") for purposes of determining which holders of Claims in the Voting Class are entitled to receive a Ballot to vote to accept or reject the Plan.

28. With respect to any transferred claim, the Debtors propose that the transferee will be entitled to receive and cast a Ballot on account of the transferred claim only if: (a) all actions necessary to effect the transfer of payment and interest of the claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including, without limitation, the passage of any applicable objection period); or (b) the transferee files, no later

13

than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

### C. The Solicitation Packages

29. Bankruptcy Rule 3017(d) identifies the materials that must be provided to the claimholders for purposes of soliciting votes and providing adequate notice of the hearing on confirmation of a plan:

> Upon approval of a disclosure statement,--except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders--the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1) the disclosure statement approved by the court;
>
> (2) the plan or a court-approved summary of the plan;
>
> (3) notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (4) any other information as the court may direct, including any court order approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with [Bankruptcy] Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . . .

Fed. R. Bankr. P. 3017(d).

30. In accordance with Bankruptcy Rule 3017(d), the Debtors propose that, after entry of the Disclosure Statement Approval and Procedures Order, the following materials be mailed by the Balloting Agent to all claimholders in the Voting Class (the "**Solicitation Package**"):

14

RLF1 12094535v.2

    a)  the Confirmation Notice;

    b)  a copy of the Combined Plan and Disclosure Statement; and

    c)  an appropriate form of Ballot.

   31.  The Balloting Agent intends to mail the Solicitation Packages on or before July 24, 2015 to claimholders in the Voting Classes. Consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Debtors request that no Solicitation Packages be mailed to holders of claims and interests in the Non-Voting Classes that are conclusively deemed to accept or reject the plan. As previously noted, however, in accordance with Bankruptcy Rule 3017(d), the Debtors propose that such parties will receive the Confirmation Notice and may request copies of the Combined Plan and Disclosure Statement.

   32.  In addition to the foregoing service, the Balloting Agent will continue to maintain the Website and the Website will allow access to copies of the Plan Documents. Notice of the Website will be given to all holders of claims and interests and other parties in interest in the Confirmation Notice and the Ballot. The Debtors believe that transmittal of the notice containing the link to the Website, in lieu of sending copies of the Combined Plan and Disclosure Statement to all holders of claims and interests and other parties in interest, will result in significant savings to the Debtors' estates. In addition, the undersigned counsel for the Debtors or the Balloting Agent will provide copies of the Combined Plan and Disclosure Statement to any holder of claims or interests and other parties in interest upon request.

   33.  The Debtors submit that the foregoing procedures for providing notice of Confirmation Hearing, the Confirmation Objection Deadline and related matters fully comply with Bankruptcy Rules 2002 and 3017 and the time limits set forth therein, and are both fair to holders of claims and interests and other parties in interest and are calculated to result in votes

and objections that will be known in sufficient time to permit an organized and efficient confirmation hearing on the Plan. Accordingly, the Debtors respectfully request that the Court approve such notice procedures as appropriate under the circumstances and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

## NO PRIOR REQUEST

34. No prior request for the relief sought herein has been made by the Debtors to this or any other Court.

## NOTICE

35. No trustee or examiner has been appointed in these chapter 11 cases. A copy of the Motion was served upon the following parties via first class mail: (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) proposed counsel to the Student's Committee; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (v) the Department of Education; (vi) the Internal Revenue Service; (vii) the Securities and Exchange Commission; (viii) the United States Attorney for the District of Delaware; (ix) any banking or financial institution that holds the Debtors' accounts; and (x) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein and the irreparable harm to the Debtors, the estates and their creditors that will ensue if the relief herein is not granted, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that this Court enter the Disclosure Statement Approval and Procedures Order and provide such further relief as the Court deems just and proper.

RLF1 12094535v.2

| | |
|---|---|
| Dated: July 1, 2015<br>Wilmington, Delaware | */s/ Amanda R. Steele*<br>Mark D. Collins (No. 2981)<br>Michael J. Merchant (No. 3854)<br>Marisa A. Terranova (No. 5396)<br>Amanda R. Steele (No. 5530)<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone:  302-651-7700<br>Facsimile:  302-651-7701<br>Email: collins@rlf.com<br>           merchant@rlf.com<br>           terranova@rlf.com<br>           steele@rlf.com<br><br>Attorneys for the Debtors and Debtors in Possession |

RLF1 12094535v.2