## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Re: Docket No. 521** |
| | § | |

-------------------------------------------------------------

### DEBTORS' MOTION FOR ENTRY OF AN
### ORDER SHORTENING NOTICE OF HEARING ON
### DISCLOSURE STATEMENT AND LIMITING NOTICE THEREOF

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), respectfully submit this motion (this "**Motion**") seeking the entry of an order (i) shortening notice of the hearing (the "**Disclosure Statement Hearing**") to consider approval of the Disclosure Statement (as defined herein); and (ii) limiting notice of the Disclosure Statement Hearing.  In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).  The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

## JURISDICTION

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).[2]

## BACKGROUND

1.      On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").  The Debtors are debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On May 13, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors (the "**Creditors' Committee**").  Additionally, the U.S. Trustee appointed an official committee of student creditors (the "**Student Committee**", and together with the Creditors' Committee, the "**Committees**") on May 15, 2015.

3.      On the date hereof, the Debtors filed the *Debtors' Combined Disclosure Statement* (the "**Disclosure Statement**") *and Chapter 11 Plan of Liquidation* (the "**Plan**") [Docket No. 520].  In formulating the Plan and Disclosure Statement, the Debtors consulted with Bank of America, N.A., in its capacity as administrative agent for the Debtors' prepetition lenders (the **"Administrative Agent"**), and the Committees.  The Debtors believe that the Plan and Disclosure Statement are consistent with their discussions with the Administraive Agent and

---

[2]     Under Rule 9013-1(f) of the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

the Committees and the Debtors have agreed to consider any reasonable comments that such parties may have to the Plan and Disclosure Statement prior to the Disclosure Statement Hearing.

4.      Also on the date hereof, the Debtors have filed the *Debtors' Motion for the Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Liquidation, (C) Approving the Forms of Ballot and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto, and (F) Approving Related Notice Procedures* [D.I. 521] (the "**Solicitation Procedures Motion**").

## RELIEF REQUESTED

5.      By this Motion, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) shortening notice of the Disclosure Statement Hearing, (ii) scheduling the Disclosure Statement Hearing for the hearing currently scheduled in these cases for July 22, 2015 at 3:00 p.m. (EDT), (iii) setting the deadline to file written objections, if any, to the Disclosure Statement as July 15, 2015 at 4:00 p.m. (EDT) (the "**Objection Deadline**"), and (iv) limiting notice of the Disclosure Statement Hearing.

## BASIS FOR RELIEF REQUESTED

**A.      Expedited Consideration of the Disclosure Statement**

6.      Rules 2002 and 3017 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") require at least twenty-eight (28) days' notice of the hearing on approval of a disclosure statement and the objection deadline related thereto.  <u>See</u> Fed. R. Bankr. P. 2002(b), (d) and 3017(a).  Additionally, Local Rule 3017-1 provides that the hearing on approval of a disclosure statement "shall be at least thirty-five (35) days following service of the disclosure statement and the objection deadline shall be at least twenty-eight (28) days from

3

service of the disclosure statement."  <u>See</u> Del. Bankr. L.R. 3017-1(a).   However, Bankruptcy Rule 9006 provides that the Court may, in its discretion, for cause shown, order the reduction of such periods.  <u>See</u> Fed. R. Bankr. P. 9006.

7.     Absent the relief requested in this Motion, the Bankruptcy Rules and Local Rules would require that the Disclosure Statement Hearing be no earlier than August 5, 2015 and that the Objection Deadline be no earlier than July 29, 2015.   For the reasons set forth below, the Debtors respectfully submit that cause exists to shorten the notice periods so that the Disclosure Statement Hearing may be held on July 22, 2015 at 3:00 p.m. (EDT) and the Objection Deadline may be set for July 15, 2015 at 4:00 p.m. (EDT).

8.     Expedited consideration of the Disclosure Statement is in the best interest of the Debtors, their creditors and other stakeholders.  Since the Petition Date, the Debtors have been working diligently to wind down their affairs and liquidate their estates as quickly and orderly as possible.  Because the Debtors ceased their business operations prior to the Petition Date and have not obtained debtor-in-possession financing, they do not have an ongoing source of income to fund these chapter 11 cases.   Accordingly, the Debtors must complete the plan process, including approval of the Disclosure Statement and confirmation of the Plan (including solicitation thereof), prior to the end of August in order to help ensure that there are sufficient funds to satisfy all administrative expenses arising in these cases.  Shortening the notice and objection periods for the Disclosure Statement so that the Disclosure Statement Hearing can proceed on July 22, 2015 will enable the Debtors to move forward with a plan process consistent with this timeline.

9.     Accordingly, cause exists to schedule the Disclosure Statement Hearing for July 22, 2015 at 3:00 p.m. (EDT) and the Objection Deadline for July 15, 2015 at 4:00 p.m. (EDT).

**B.      Limiting Notice of the Disclosure Statement Hearing**

10.      Bankruptcy Rule 3017(a) requires "notice to the debtor, creditors, equity security holders and other parties in interest to consider the disclosure statement and any objections or modifications thereto." Fed. R. Bankr. P. 3017(a). The Debtors submit that it is in the best interests of their estates to limit notice of the Disclosure Statement Hearing. The Debtors propose to provide notice of the Disclosure Statement Hearing to (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) proposed counsel to the Student's Committee; (iv) counsel to the Administrative Agent; (v) the Department of Education; (vi) the Internal Revenue Service; (vii) the Securities and Exchange Commission; (viii) the United States Attorney for the District of Delaware; (ix) any banking or financial institution that holds the Debtors' accounts; and (x) all parties that have requsted notice of motions filed in these cases pursuant to Bankruptcy Rule 2002 (the **"Notice Parties"**).

11.      As discussed above, the Debtors ceased operations prior to the Petition Date and have been actively liquidating their assets and winding down their affairs. The Debtors are operating on a limited cash collateral budget without the benefit of any additional DIP financing. Accordingly, it is imperative that the conserve cash in order to pay any administrative and priority claims that must be paid in order for the Plan to go effective. Absent the relief requested in this Motion, the Debtors would be required to serve nearly 150,000 parties with notice of the Disclosure Statement Hearing. The Debtors submit that such notice would be prohibitively expensive. Moreover, the Debtors submit that service on all 160,000 parties is unnecessary, as these parites are adequately represented by the Committees, which have been and will continue to be heavily involved in the negotiation of the Plan and Disclosure Statement. Moreover, assuming the Court approves the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code, any creditors entitled to vote on the Plan will get notice in

5

accordance with the solicitation procedures proposed in the Solicitation Procedures Motion. Accordingly, the Debtors submit that limiting notice of the Disclosure Statement Hearing to the Notice Parties is appropriate.

## NOTICE

12.     No trustee or examiner has been appointed in these chapter 11 cases.  A copy of the Motion was served upon the Notice Parties via overnight delivery.  In light of the nature of the relief requested herein and the irreparable harm to the Debtors, the estates and their creditors that will ensue if the relief herein is not granted, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief to the Debtors as is just and proper.

Dated: July 1, 2015                          /s/ Marisa A. Terranova
      Wilmington, Delaware             Mark D. Collins (No. 2981)
                                         Michael J. Merchant (No. 3854)
                                         Marisa A. Terranova (No. 5396)
                                         Amanda R. Steele (No. 5530)
                                       RICHARDS, LAYTON & FINGER, P.A.
                                       920 N. King Street
                                         Wilmington, Delaware 19801
                                         Telephone:  302-651-7700
                                         Facsimile:  302-651-7701
                                         Email: collins@rlf.com
                                               merchant@rlf.com
                                             terranova@rlf.com
                                             steele@rlf.com

                                         Attorneys for the Debtors and Debtors in Possession

RLF1 12339408v.2