# **<u>EXHIBIT A</u>**

50728873.2



**U.S. Department of Justice**
**Civil Division**

*Street Address*
1100 L St., N.W., Room 10024
Washington, D.C. 20005

*Postal Service Address*
P.O. Box 875 Ben Franklin Station
Washington, D.C. 20044-0875

**LLOYD H. RANDOLPH**       VOICE: 202-307-0356   FAX: 202-514-9163       E-MAIL: Lloyd.Randolph@usdoj.gov
*Assistant Director*

July 9, 2015

**VIA ELECTRONIC MAIL**

Scott F. Gautier, Esq.
Robins Kaplan LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
SGautier@RobinsKaplan.com

    Re: *In re Corinthian Colleges, Inc.*, No. 15-10952-KJC (Bankr. D. Del.) (jointly administered)

Dear Scott:

    I write on behalf of ED to memorialize our agreement concerning CSC's withdrawal with prejudice of the Motion in the above-referenced cases ("Cases").[1]

    Not later than 4:00 p.m. Eastern Daylight Time on July 10, 2015, CSC will file a paper in the Cases that withdraws the Motion. In exchange, ED will use reasonable efforts to accomplish the following.

    First, subject to obtaining the requisite approvals, through November 6, 2015 ("Voluntary Stay Termination Date"), the United States will cease judicial collection activities arising from a default on a Loan to a Student to attend a School. Such cases have been referred to an Office of the United States Attorney ("USAO") in numerous federal districts. To cease these judicial collection activities, approval by these districts' USAO is needed. *See* 28 U.S.C. § 516. For already-commenced cases, approval may also be needed from the court where the case is pending. In light of our agreement, ED promptly will request each of these USAOs (a) to cease

---

[1] In this letter, reference is made to any school (each, a "School") operated by any debtor (each, a "Debtor") in these cases, to any person (a "Student") who obtained a direct loan ("Loan") from the Department of Education ("ED") to attend a School, and to the June 8, 2015 Motion (docket no. 363) by the Committee of Student Creditors ("CSC") for an Order Applying the Automatic Stay Pursuant to 11 U.S.C. §§ 362(A) and 105(A) and Granting Related Relief ("Motion").

2

judicial collection activities, including any prejudgment wage garnishments, through the Voluntary Stay Termination Date, and (b) to seek necessary judicial approvals, if any.

Second, ED will communicate a notice ("Notice") to the approximately 50,000 Students who attended Heald College on or after 2010. The Notice will state ED's willingness to place each Heald Student's Loans in forbearance on the Student's request. The Notice also will describe the Students' rights under § 685.206(c)(1) (discharge based on Student's claim against a School under applicable state law). The Notice also will detail a hotline telephone number that Heald Students may call for more information. ED will pay for the creation and transmission of the Notice and will manage this process; the Cases' bankruptcy court will not oversee or supervise it. Transmission of the Notice will first be attempted by email to Students' last known primary email address. ED will begin sending these emails not later than one business day after CSC's withdrawal of the Motion. If delivery fails for ED's initial emailed Notice to a Student's primary email, ED will re-send the Notice to any alternate email address available to ED. ED also will send the Notice via Postal Service mail to Students for whom ED does not have an email address or to whom ED's emails prove undeliverable. For transmission of the Notice via Postal Service mail, ED will hire a contractor. ED expects about two weeks will be required to send an initial email to all Heald Students. At this time, ED does not know how many notices may need to be sent by Postal Service mail and so does not know when mailing of these notices will be completed.

Sincerely,

Lloyd H. Randolph

cc: Christopher Ward (cward@polsinelli.com)

So agreed:

_____
Scott F. Gautier / Lorie A Ball
Counsel to the Committee of Student Creditors