# **<u>EXHIBIT A</u>**

50359142.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CORINTHIAN COLLEGES, INC., *et al.*[1], | : | Case No. 15-10952 (KJC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: Docket Nos. 436 and 549** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF POLSINELLI PC *NUNC PRO TUNC* TO MAY 21, 2015, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF STUDENT CREDITORS

Upon the application of the official committee of student creditors (the "**Student Committee**") appointed in the chapter 11 cases of Corinthian Colleges, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") for an order, pursuant to sections 328 and 1103 of Title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing the Student Committee to employ and retain Polsinelli PC ("**Polsinelli**") as co-counsel to the Student Committee in these cases, *nunc pro tunc* to May 21, 2015 (the "**Application**"); and upon the Declaration of Christopher A. Ward (the "**Ward Declaration**"), a shareholder of Polsinelli, which is annexed to the Application; and upon the *First Supplemental Declaration of Christopher A. Ward, Esq. in Support of the Application of the Student Committee Approving the Employment and Retention of Polsinelli PC, Nunc Pro Tunc to May 21, 2015, as Co-Counsel to*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425, Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Educations, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

the Student Committee (the "**Supplemental Ward Declaration**"); and upon the *Declaration of Tasha Courtright, Solely in her Capacity as the Chair of the Official Committee of Student Creditors, in Support of the Application for an Order Approving the Employment and Retention of Polsinelli PC, nunc pro tunc to May 21, 2015 as Co-Counsel to the Student Committee*, also annexed to the Application (the "**Courtright Declaration**," and collectively with the Ward Declaration and the Supplemental Ward Declaration, the "**Declarations**") it appearing that due and proper notice of the Application has been given; and after due deliberation, and sufficient cause appearing therefore; it is hereby

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that pursuant to sections 328 and 1103 of the Bankruptcy Code, the Student Committee is hereby authorized and empowered to employ Polsinelli as its co-counsel in these chapter 11 cases, *nunc pro tunc* to May 21, 2015, and Polsinelli is authorized to perform the services set forth in the Application and the Declarations; and it is further

ORDERED that Polsinelli shall be compensated in accordance with the procedures set forth in sections 328, 330, and 331 of the Bankruptcy Code, and applicable Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, and such other procedures as may be fixed by order of this Court; and it is further

ORDERED that Polsinelli shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the

"**Revised UST Guidelines**"), both in connection with this Application and the interim and final fee applications to be filed by Polsinelli in these chapter 11 cases; and it is further;

ORDERED that notwithstanding anything to the contrary in the Application, Polsinelli will not seek reimbursement of expenses for office supplies, any secretarial or other overtime charges; and it is further

ORDERED that Polsinelli shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Polsinelli to provide services to the Committee and shall ensure that any such contract attorneys are subject to conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, Polsinelli shall neither share fees with existing or future contract attorneys who advise the Committee nor enter into fee sharing arrangements with such contract attorneys; and it is further

ORDERED that prior to any increases in Polsinelli's rates for any individual employed by Polsinelli and providing services in the cases, Polsinelli shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee, and the Student Committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Student Committee has consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2015

                                           The Honorable Kevin J. Carey
                                           United States Bankruptcy Judge