# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |

-----------------------------------------------------------

**ORDER (I) AUTHORIZING THE DEBTORS TO SELL
CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS
AND ENCUMBRANCES AND (II) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "**Motion**"),[2] of the Debtors, pursuant to section 363 of the Bankruptcy Code, Rules 2002 and 6004 of the Bankruptcy Rules and Local Rule 6004-1, for authorization for the Debtors to sell the Assets, pursuant to that certain Purchase Agreement, dated as of July 14, 2015, a copy of which is attached hereto as <u>Exhibit 1</u> (the "**Purchase Agreement**"), between Debtor Florida Metropolitan University, Inc. and Corporate Ridge Office, LLC (the "**Purchaser**"), free and clear of all liens, claims, encumbrances and other interests, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings given to them in the Motion.

RLF1 12478922v.2

1408 and 1409; and due and proper notice of the Motion having been provided to under the particular circumstances and no further notice being necessary; and the relief requested in the Motion being in the best interests of the Debtors and their estates; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Purchase Agreement, substantially in the form attached hereto as <u>Exhibit 1</u>, and all of the terms and conditions thereof are approved.

3. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized and empowered to perform under, consummate and implement, the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and to take all further actions as may be reasonably required for the purpose of assigning, transferring, granting, conveying and conferring the Assets to the Purchaser or as may be necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement.

4. Pursuant to section 363(f) of the Bankruptcy Code, the sale shall be free and clear of any and all liens, claims and encumbrances against the Assets, with such liens, claims and encumbrances, if any, attaching to the proceeds of the sale with the same force, effect, and priority as such liens, claims and encumbrances, if any, have on the Assets, as appropriate.

5. The transactions contemplated by the Purchase Agreement are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and

accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale of the Assets to the Purchaser, unless such authorization is duly stayed pending such appeal. The Purchaser is a purchaser in good faith of the Assets, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

6. The consideration provided by the Purchaser for the Assets under the Purchase Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

7. The rights and defenses of the Debtors and any other party in interest with respect to whether any assertion that any liens, claims and encumbrances, if any, will attach to the proceeds of the sale hereby are preserved.

8. Any stay under Bankruptcy Rule 6004 (to the extent applicable) is hereby waived.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2015
      Wilmington, Delaware

                                          THE HONORABLE KEVIN J. CAREY
                                          UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**The Purchase Agreement**

# PURCHASE AGREEMENT

This **Purchase Agreement**, dated as of July 14, 2015, is executed and delivered by the undersigned Florida Metropolitan University, Inc. (the "**Seller**") in favor of Corporate Ridge Office, LLC (the "**Purchaser**" and together with the Seller, the "**Parties**").

WHEREAS, on May 4, 2015 (the "**Petition Date**"), the Seller and its related affiliates (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"); and

WHEREAS, Corinthian Colleges, Inc., as lessee, and the Purchaser, as lessor, are parties to a lease of nonresidential real property (the "**Lease**") relating to the Debtors' Colorado Springs location (1575 Garden of the Gods) (the "**Colorado Springs Location**"); and

WHEREAS, the Debtors and Zenith Education Group, Inc. ("**Zenith**") are parties to a transition services agreement (the "**Transition Services Agreement**") whereby Zenith agreed to reimburse the Debtors for certain lease obligations at certain locations, including the Colorado Springs Location, but has failed to pay or reimburse the Debtors for amounts due under the Lease for the months of May through July 2015; and

WHEREAS, the Debtors are in the process of liquidating their assets and winding down their estates and, in connection with such efforts, have conducted a process to sell Seller's personal property located at the Colorado Springs Location; and

WHEREAS, Purchaser has submitted a credit bid to purchase the Purchased Assets (as defined herein) and the Debtors have accepted the Purchaser's credit bid based upon a determination that it was the highest and best bid received for the Purchased Assets and, at least in part, to minimize the administrative obligations that the Debtors may have under the Lease based on Zenith's failure to reimburse the Debtors for the rent in accordance with the terms of the Transition Services Agreement; and

WHEREAS, subject to the approval of the Court, the Seller shall consummate the sale of the Purchased Assets to the Purchaser pursuant to section 363 of the Bankruptcy Code; and

WHEREAS, the Seller and Purchaser agree that the proposed transaction is the product of a good faith arm's-length negotiations between the Seller and the Purchaser; and

WHEREAS, the Purchaser shall take title to the Purchased Assets free and clear of all liens, claims, encumbrances and other interests, pursuant to section 363(f) of the Bankruptcy Code.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. <u>Description of Assets.</u>  The assets shall include the Seller's owned personal property at the Colorado Springs Location, including all furniture, fixtures and equipment (including, but not limited to, desks, chairs, tables, lighting fixtures, cable and wiring, telecommunications equipment, projectors, whiteboards, computer monitors, computer keyboards, and personal computer hardware) (collectively, the "**Purchased Assets**").

2. <u>Sale and Assignment of Assets.</u>  The consideration to be provided by the Purchaser shall be in the form of a credit bid of up to $275,363.30 consisting of (i) a credit bid in the amount of $183,768.84 consisting of the estimated amount of the Purchaser's administrative rent claim for amounts outstanding under the Lease from May 4, 2015 through June 30, 2015; and (ii) a credit bid in the amount of $91,884.42 (the "**July Rent**") consisting of the estimated amount of the Purchaser's administrative rent claim under the Lease for the month of July 2015, provided that the credit bid of July Rent shall be reduced by fifty percent of any amount that the Debtors are able to recover from Zenith on account of the July Rent, which amount shall be paid by the Debtors (or Seller) to Purchaser as provided in Section 6 below.  In exchange for such consideration, the Seller shall sell, assign, transfer, convey and deliver to Purchaser all of Seller's rights, title and interests in and to the Purchased Assets.

3. <u>Administrative Rent Claims</u>.  Purchaser waives any and all additional administrative rent claims that it may have against the Debtors for rents accruing from August 1, 2015 forward until the consummation of the proposed transaction; provided and on the condition that the Debtors seek to reject the Lease, pursuant to section 365 of the Bankruptcy Code, immediately following the consummation of the sale of the Purchased Assets to Purchaser.

4. <u>Approval of the Court</u>.  Seller shall seek approval of this transaction by the Court without the need for an auction or further competitive bidding process for the Purchased Assets.

5. <u>Reservation of Claims Against Zenith</u>.  Purchaser acknowledges that the Debtors selection of the Purchaser as the highest and best bidder for the Assets and the acceptance of the credit bid shall not in any way relieve Zenith of its obligations to reimburse the Debtors for rent and related costs in accordance with the terms of the Transition Services Agreement and the Debtors fully reserve their right to recover such amounts from Zenith.

6. <u>Payment of July Rent Amounts</u>.  Seller or the Debtors shall pay Purchaser any amounts due and owing on account of July Rent, subject to the terms of the Purchase Agreement, within fourteen (14) days of the Seller or the Debtors receiving any payment from Zenith pursuant to the terms of the Transition Services Agreement on account of July Rent.  Purchaser acknowledges that no amounts will be allocated to July Rent unless the amounts received by the Debtors from Zenith on account of outstanding rent obligations under the Lease exceed $183,768.84 (as the first $183,768.84 will be allocated to May and June rent).  For the avoidance of doubt, the Parties acknowledge that the Debtors shall have no obligation to pay any July Rent to the Purchaser unless and until Zenith has paid July Rent to the Debtors pursuant to the Transition Services Agreement.  In the event that the Seller or the Debtors fail to recover any July Rent from Zenith under the Transition Services Agreement, the entirety of July Rent shall

be part of Purchaser's credit bid for the Purchased Assets pursuant to Paragraph 2 of this Purchase Agreement.

7. <u>Pre-petition Claims</u>. The Purchaser retains any and all additional pre-petition claims that it may have in the bankruptcy case for the pre-petition prior to the Petition Date.

8. <u>Terms of Transaction.</u> Seller represents and warrants that Seller has good and marketable, indefeasible, title to the Personal Property and has the right to convey, assign, transfer and deliver title to the Purchased Assets free and clear of all liens, claims, encumbrances and other interests. Seller makes no other representations or warranties whatsoever express or implied, with respect to any matter relating to the Purchased Assets, including income to be derived or expenses to be incurred in connection with the Purchased Assets, the physical condition of any tangible Purchased Assets, the value of the Purchased Assets (or any portion thereof), the transferability of the Purchased Assets (or any portion thereof), the merchantability or fitness of the Purchased Assets (or any portion thereof) for any particular purpose, the location or existences of the Purchased Assets, or any other matter or thing relating to the Purchased Assets. Without in any way limiting the forgoing and except as otherwise expressly provided in this Section 8, **SELLER HEREBY DISCLAIMS ANY WARRANTY (EXPRESS OR IMPLIED) OF MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE AS TO ANY PORTION OF THE PURCHASED ASSETS**. On or prior to the date of the transfer of the Purchased Assets, the Purchaser has conducted an independent inspection and investigation of the physical condition of all portions of the Purchased Assets and all such other matters relating to or affecting or comprising the Purchased Assets and all such other matters relating to or affecting or comprising the Purchased Assets as Purchaser deemed necessary or appropriate and that in proceeding with the contemplated sale of the Purchased Assets, Purchaser is doing so based solely upon such independent inspections and investigations. **Accordingly, Purchaser accepts the Purchased Assets "AS IS," "WHERE IS," and "WITH ALL FAULTS."**

9. IN WITNESS WHEREOF, the Parties have caused this Purchase Agreement to be executed as of the date first written above.

SELLER:
Florida Metropolitan University, Inc.

By: _____
William J. Nolan
Chief Restructuring Officer

3

RLF1 12490135v.3

**PURCHASER:**
Corporate Ridge Office, LLC

By: _____
Sharon K. Eshima,
Manager

