UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* : | Chapter 11 |
| : | |
| : | Bankruptcy Case Number 15-10952-KJC |
| CORINTHIAN COLLEGES, INC., *et. al.* : | |
| : | |
| : | |
| Debtors-in-Possession : | |

Hearing Date: None set
Objection Deadline: N/A

**THE UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE AND OBJECTION PERIODS REGARDING THE DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND (II) GRANTING CERTAIN RELATED RELIEF (D.E. 573)**

In support of his Objection to the Motion For An Order Expediting Consideration of, and Shortening the Notice Period Applicable to the Debtors' Motion for Entry of an Order Shortening Notice and Objection Periods Regarding the Debtors' Motion for an Order (I) Authorizing the Debtors to Sell Certain Assets Free and Clear of all Liens, Claims and Encumbrances and (II) Granting Certain Related Relief (D.E. 573, "Motion to Shorten")[1], Andrew R. Vara, Acting United States Trustee for Region 3 ("U.S. Trustee"), avers:

1. This Court has jurisdiction to hear the above-captioned Objection.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with supervising the administration of cases under Chapter 11 of the Bankruptcy Code.

3. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the above-captioned Objection.

**STATEMENT OF FACTS**

4. On Tuesday evening July 14, 2015 at approximately 8:00 p.m., the Debtors filed

---

[1] Terms shall have the same meaning as ascribed to them in the Motion.

the Motion to Shorten. The Motion to Shorten seeks an expedited hearing, on a week's notice, for authorization of a sale with unique terms. The Debtors attempt to style this transaction as one that comports with the De Minimis Asset Sale procedures, which were established on the first day of the case, in regard to everything other than the purchase price. However, unlike those sales, this one involves a proposed credit bid rather than a cash transaction. Additionally, according to the terms of the Purchase Agreement, the underlying lease obligation owed to the Purchaser was supposed to be reimbursed by Zenith under the terms of Transition Services Agreement. The rights of each of the parties under the various agreements are complicated and require more time for analysis than the week the Motion to Shorten seeks to adjudicate this matter.

5. The Motion to Shorten requests an objection deadline at the time of the Hearing on July 22, 2015.

6. The Motion to Shorten and Sale Motions were filed a number of hours after the close of court on July 14, 2015. Parties in interest will have only a week to review the Sale Motion. Additionally, no factual support was attached to the Sale Motion. In light of the complicated nature of the claims as among the Debtors, the Purchaser, and Zenith, and the unknown impact on the estate more time should be provided to the parties in interest to analyze the transaction.

## THE MOTION DENIES DUE PROCESS

7. In *Folger Adam Security, Inc. v. DeMatteis/MacGregor*, 209 F.3d 252 (3d Cir. 2000), the Third Circuit restated the basic principle of due process, in not permitting an attempted sale to be free and clear of affirmative defenses: "Due process requires 'notice reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections." 209 F.3d at 265 [citations omitted].

8. The Motion to Shorten does not explain why the Sale Motion could not have been filed sufficiently in advance to provide adequate time to review its unique terms and assess the

rights of the parties vis-a-vi the Lease with the Purchaser.  Unlike the De Minimis Asset sales, there appears to be a genuine dispute regarding whose obligation the payment of the rent is. The Debtors position on that dispute, is creating the proverbial "melting ice cube" that the Debtors believe requires the Sale Motion to be heard on shortened notice.

9.     The United States Trustee submits that the Motion to Shorten be denied because it is parties in interest will have insufficient opportunity to review and respond to the Sale Motion, particularly assessing the credit bid nature of the sale, and the rights of the Debtors against Zenith for failing to reimburse the Debtors for lease obligations.  Neither the Court nor the parties in interest should be subjected to having to determine the propriety of proposed sale on the miniscule timeframe the Debtors have requested on this unique issue.

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Debtors' Motions and/or granting such other relief that this Court deems appropriate.

Respectfully submitted,

**Andrew R. Vara,**
**ACTING UNITED STATES TRUSTEE, Region 3**

**Date:  July 15, 2015**     **BY:**     /s/
Timothy J. Fox, Jr., Esquire
Trial Attorney
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)