IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*,[1] | Case No.: 15-10952 (KJC) |
| Debtors. | Hearing Date: August 13, 2015 at 1:30 p.m.<br>Objection Deadline: August 6, 2015 at 4:00 p.m. |

**SHACO, INC.'S MOTION FOR ALLOWANCE AND PAYMENT
OF ADMINISTRATIVE EXPENSES CLAIM PURSUANT TO 11 U.S.C. §503(b)(1)(A)**

Shaco, Inc. ("Landlord"), by and through undersigned counsel, pursuant to 11 U.S.C. §§105(a) and 503(b)(1)(A), respectfully moves the Court to enter an Order allowing Landlord a priority administrative expense claim against the Debtors' estate in the amount of $31,105.14 and directing payment thereof as requested herein. In support of this Motion, Landlord states as follows:

1. Landlord is the owner of a multi-tenant retail property at 217 E. Club Center Drive, San Bernadino, California 92408.

2. On November 25, 2002, Landlord leased Suite A, 271 E. Club Center Drive, San Bernadino, California 92408 to one of the Debtors, Corinthian Colleges, Inc., a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

11134
70108.001

Delaware corporation ("Tenant"). The Standard Industrial/Commercial Multi-Tenant Lease-Net ("Lease") is attached hereto as Exhibit A.

3. The term of the Lease ran from March 1, 2003 through February 28, 2011. Exhibit A, ¶1.3.

4. Under an Addendum to the Lease, Tenant received two five year renewal options (Exhibit A, Addendum, p. 9) and the common area operating expense calculation was modified. Exhibit A, Addendum, p.p. 2-7.

5. The Lease required payment of base rent (Exhibit A, ¶1.5) and common area operating expenses. Exhibit A, ¶4.2.

6. Landlord estimated the annual common area maintenance ("CAM") charges and billed the Tenant each month for 1/12 of the estimated CAM charges. At the end of the year, there was a reconciliation (based on actual allocable charges). The Tenant was asked to pay additional CAM charges, if due. This happened in 2015, for 2014 CAM charges.

7. There is a fixed rent escalation clause. Exhibit A, Addendum, p 2.

8. Tenant provided a security deposit of $30,922.34. Exhibit A, ¶1.7(c).

9. In the event of a breach, Landlord's remedies include collection of unpaid rent at the termination of the Lease, collection of unpaid future rent until mitigation, recovery of "any other amount necessary to compensate Lessor for all the detriment proximately caused by the Lessee's failure to perform its obligations under this lease," and recovery of reasonable attorneys' fees. Exhibit A, ¶13.2(a).

10. On August 31, 2009, Landlord and Tenant entered into an Amendment to Lease, renewing the original lease for five years. The Amendment to Lease is attached hereto as Exhibit B. Tenant also leased additional adjacent space. Exhibit B, ¶2.3, 3.3, 3.5.

11. On January 16, 2013, Landlord and Tenant entered into a Second Amendment to Lease, renewing the Lease through February 2023. Exhibit C, ¶2.7. The Second Amendment to Lease is attached hereto as Exhibit C.

12. Landlord agreed to pay up to $810,000.00 to Tenant for tenant improvements. Exhibit C, ¶2.8 and internal Exhibit B to Second Amendment to Lease Work Letter Agreement. Landlord advanced $810,000.00 for the benefit of Tenant.

13. The rent was fixed under the Second Amendment to Lease. *See*, Exhibit C, internal Exhibit A to Second Amendment to Lease Rent Schedule. Monthly rent for March 1, 2015 through February 29, 2016 is $47,631.05. Monthly rent for March 1, 2016 through February 29, 2017 is $46,248.98.

14. On August 1, 2014, Landlord and Tenant entered into another Amendment to Lease. The 2014 Amendment to Lease is attached hereto as Exhibit D. The 2014 Amendment to Lease provided a temporary limited rent modification. That modification rent program was over by May 1, 2015.

15. On March 24, 2015, Landlord invoiced Tenant for $1,475.65 (the balance due on the 2014 CAM charges), which was not paid. The invoice is attached hereto as Exhibit E.

16. On or about May 4, 2015 ("Petition Date"), the above-captioned debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware ("Court").

17. After the Petition Date, on May 19, 2015, William J. Nolan sent a lease rejection notice to Landlord on behalf of Tenant ("Rejection Date"). D.I. 158. At about the same time, Tenant returned the keys and surrendered the premises.

18. The amount of outstanding rent due under the Lease for the Petition Date (May 4, 2015) to the Rejection Date (May 19, 2015) is $23,047.28 (May 15, 2015 rent of $47,631.05 divided by 31 days multiplied by 15 days), plus $3,057.86 (50% of CAM charges for May 2015, $6,319.57 divided by 31 days multiplied by 15 days) and reasonable attorneys' fees estimated to be $5,000.00.

19. Accordingly, Landlord is entitled to an administrative priority claim under §503(b)(1)(A) of the Bankruptcy Code as actual, necessary costs and expenses of preserving the estate. *See, In re Goody's Family Clothing, Inc.*, 610 F.3d 812 (3rd Cir. 2010 (holding "stub rent" is an administrative expense within the meaning of §503(b)(1) of the Bankruptcy Code to the extent that it confers an actual and necessary benefit to the debtor in the operation of its business).

20. Based on the foregoing, Landlord is entitled to an allowed priority administrative expense claim against the Debtors' estate in the amount of $31,105.14.

**WHEREFORE,** Landlord respectfully requests that this Court enter an order, substantially in the form attached as hereto: (a) granting this Motion; (b) allowing Landlord a priority Administrative Expense Claim against the Debtors' estate in the amount of $31,105.14; (c) authorizing Debtors, or their agents, to pay the Administrative Expense Claim to Landlord no later than the date on which payment of other allowed administrative claims is made in these Chapter 11 cases; and (d) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ *Kevin A. Guerke*

Kevin A. Guerke (DE 4096)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19801
(302) 888-0600
kguerke@svglaw.com

*Counsel for Shaco, Inc.*

Date: July 20, 2015