IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., et al.[1]<br><br>Debtor. | Chapter 11<br><br>(Jointly Administered)<br><br>Case No. 15-10952-KJC<br><br>Re: Docket No. 437 566 |

ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF STUDENT
CREDITORS TO EMPLOY PUBLIC COUNSEL AS SPECIAL COUNSEL PURSUANT
TO 11 U.S.C. §§ AND 328 and 1103, *NUNC PRO TUNC* TO MAY 16, 2015

Upon the application of the Official Committee of Student Creditors (the "**Student Committee**") appointed in the chapter 11 cases of the Debtors for an order, pursuant to sections 328 and 1103 of Title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing the Student Committee to employ and retain Public Counsel (the "**Firm**" or "**Public Counsel**") as special counsel to the Student Committee in these cases, *nunc pro tunc* to May 16, 2015 (the "**Application**"); and upon the declaration of Mark Rosenbaum (the "**Rosenbaum Declaration**"),

---

[1] The Debtors in these cases, along with the USBC case numbers, are: Corinthian Schools, Inc. 15-10955 (KJC); Rhodes Colleges, Inc. 15-10957 (KJC); Florida Metropolitan University, Inc., 15-10962 (KJC); Corinthian Property Group, Inc. 15-10966 (KJC); Titan Schools, Inc. 15-10970 (KJC); Career Choices, Inc. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., 15-10961 (KJC); Ashmead Education, Inc., 15-10967(KJC) ; MJB Acquisition Corporation, 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975 ; (KJC) Pegasus Education, Inc., 15-10953 (KJC); Grand Rapids Education Center, Inc., 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., 15-10960 (KJC); CDI Education USA, Inc. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); Socle Education, Inc., Case No. 15-10976 (KJC). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707..

a partner in the Firm, which is annexed to the Application; and upon the Declaration of Tasha Courtright, solely in the capacity as the Chair of the Student Committee (the "**Courtright Declaration**"), which is annexed to the Application; and upon the supplemental declaration of Mark Rosenbaum (the "**Supplemental Rosenbaum Declaration**"); and it appearing that due and proper notice of the Application has been given; and after due deliberation, and sufficient cause appearing therefore; and the Court being satisfied that Public Counsel is a disinterested person and does not hold or represent an interest adverse to the Debtors' estates with respect to any of the matter for which Public Counsel is to be engaged; and the Court finding that the employment of Public Counsel is necessary to the performance of the Student Committee's duties; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that pursuant to sections 328 and 1103 of the Bankruptcy Code, the Student Committee is hereby authorized and empowered to employ Public Counsel as its special counsel in these chapter 11 cases, *nunc pro tunc* to May 16, 2015, and Public Counsel is authorized to perform the services set forth in the Application and the Declarations; and it is further

ORDERED that Public Counsel shall be compensated in accordance with the procedures set forth in sections 328, 330, and 331 of the Bankruptcy Code, and applicable Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, any guidelines of the U.S. Trustee, the Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, entered on May 26, 2015, and such other procedures as may be fixed by order of this Court; and it is further

ORDERED that Public Counsel shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Public Counsel also intends to make a reasonable effort to comply with the U.S. trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "Revised UST Guidelines"), both in connection with this application and the interim and final fee applications to be filed by Public Counsel in these chapter 11 cases; and it is further

ORDERED that notwithstanding anything to the contrary in the Application, Public Counsel will not seek reimbursement of expenses for office supplies; and it is further

Ordered that Public Counsel shall not charge a markup with respect to fees billed by contract attorneys who are hired by Public Counsel to provide services to the Student Committee and Public Counsel shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, Public Counsel shall not share fees with existing or future contract attorneys who advise on these Chapter 11 cases or enter into fee sharing arrangements with such contract attorneys; and it is further

ORDERED that notwithstanding anything to the contrary in the Application, during the course of the Bankruptcy cases, Public Counsel shall not be reimbursed for any secretarial or other overtime charges; and it is further

ORDERED that Public Counsel shall bill for its services at a 50% discount of its normal hourly rates for this matter, and it is further

ORDERED that Public Counsel will provide ten (10) business days' notice to the Student Committee and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _July 20_, 2015

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

4817-4444-5733, v. 1