IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |

-----------------------------------------------------------

**NOTICE OF PROPOSED SALE OF MISCELLANEOUS ASSETS
PURSUANT TO THE MISCELLANEOUS ASSET SALE PROCEDURES**

      **PLEASE TAKE NOTICE** that, on May 4, 2015, Corinthian Colleges, Inc. and certain of its affiliated debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

      **PLEASE TAKE FURTHER NOTICE** that on June 29, 2015, the Court entered an order (the "**Miscellaneous Asset Sale Order**", D.I. 488) authorizing the Debtors to sell or transfer certain miscellaneous assets pursuant to the procedures set forth in the Miscellaneous Asset Sale Order.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to the Miscellaneous Asset Sale Order, the Debtors propose to sell the following assets (the "**Assets**") to Business Property Lending, Inc., as successor to GE Commercial Finance Business Property Corporation as attorney in fact for the Master Servicer of the GE Business Loan Pass Through Certificates, Series 2006-1 (the "**Purchaser**") pursuant to an agreement substantially in the form attached hereto as <u>Exhibit A</u> (the "**Purchase Agreement**").

      **Debtors Which Owns the Assets.** Grand Rapids Education Centers, Inc.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

RLF1 12573799v.1

**Description of the Assets**. The Assets consist of the entire inventory of furnishings, fixtures, equipment at the Earth City (St. Louis), MO campus. The entire inventory includes of any and all furnishing, fixtures, and equipment.

**Purchase Price**. The Purchaser has agreed to pay a total purchase price of $25,000 for the Assets.

**Significant Terms and Conditions of the Purchase Agreement**. The significant terms and conditions of the sale are set forth in the Purchase Agreement.

**Known Parties Holding Liens or Other Interest in the Asset.** Bank of America, N.A.

**PLEASE TAKE FURTHER NOTICE** that this Notice is being provided in accordance with, and sets forth the information required under, the Miscellaneous Asset Sale Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtors propose to sell the Assets to Purchaser on an "as is, where is" basis, free and clear of all liens, claims, interests, and encumbrances pursuant to Bankruptcy Code section 363(f) (the "**Proposed Sale**").

**PLEASE TAKE FURTHER NOTICE** that any objection to the Proposed Sale (an "**Objection**") must: (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be served on on (A) counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn.: Mark D. Collins, Esq. and Michael J. Merchant, Esq.), (B) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn.: Timothy Jay Fox, Jr., Esq. and Richard L. Schepacarter, Esq.), (C) counsel to the Official Committee of Unsecured Creditors, Brown Rudnick LLP, Seven Times Square, New York, New York, 10036 (Attn.: H. Jeffrey Schwartz, Esq. and Bennett S. Silverberg, Esq.) and The Rosner Law Group LLC, 824 Market Street, Suite 810, Wilmington, Delaware 19801 (Attn.: Frederick B. Rosner, Esq. and Julia B. Klein, Esq.), (D) proposed counsel to the Official Committee of Student Creditors, Robins Kaplan LLP, 2049 Century Park East, Suite 3400, Los Angeles, California 90067 (Attn.: Scott F. Gautier, Esq., Lorie A. Ball, Esq., and Cynthia C. Hernandez, Esq.) and Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801 (Attn.: Christopher A. Ward, Esq. and Shanti M. Katona, Esq.), and (E) counsel to Bank of America, N.A, Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 (Attn.: Jennifer C. Hagle, Esq. and Anna Gumport, Esq.) and Potter Anderson Corroon LLP, 1313 North Market Street, Sixth Floor, P.O. Box 951, Wilmington, Delaware 19899 (Attn.: Jeremy W. Ryan, Esq. and Etta R. Mayers, Esq.), so as to be received on or before **July 22, 2015 at 5:00 p.m. (ET)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are received by the Debtors by the Objection Deadline, then the Debtors may proceed with the Proposed Sale in accordance with the terms of the Miscellaneous Asset Sale Order.

Dated: July 20, 2015
Wilmington, Delaware

/s/ Amanda R. Steele
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marisa A. Terranova (No. 5396)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email: collins@rlf.com
　　　　merchant@rlf.com
　　　　terranova@rlf.com
　　　　steele@rlf.com

Attorneys for the Debtors and Debtors in Possession

3

RLF1 12573799v.1

**Exhibit A**
**(Purchase Agreement)**

# PURCHASE AGREEMENT

This **PURCHASE AGREEMENT**, dated as of July __, 2015, is executed and delivered by the undersigned Grand Rapids Education Centers, Inc. (the "**Seller**"), in favor of Business Property Lending, Inc., as successor to GE Commercial Finance Business Property Corporation as attorney in fact for the Master Servicer of the GE Business Loan Pass Through Certificates, Series 2006-1 (the "**Purchaser**").

WHEREAS, on May 4, 2015, the Seller filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

WHEREAS, on June 29, 2015, the Court entered the *Order (I) Establishing Procedures for Selling Miscellaneous Assets and (II) Granting Certain Related Relief* [Docket No. 488] (the "**Miscellaneous Asset Sale Order**").

WHEREAS, on July 20, 2015, pursuant to the Miscellaneous Asset Sale Order, the Seller offered the Purchaser to enter into an agreement for the sale of the assets described on Exhibit A hereto (collectively, the "**Purchased Assets**").

WHEREAS, on July 20, 2015, pursuant to the Miscellaneous Asset Sale Order, the Seller served a *Notice of Proposed Sale of Miscellaneous Assets Pursuant to the Miscellaneous Asset Sale Procedures* (the "**Miscellaneous Asset Sale Notice**") on the Interested Parties (as defined in the Miscellaneous Asset Sale Order).

WHEREAS, pursuant to the Miscellaneous Asset Sale Order, no objections were received on or before July 22, 2015 at 5:00 p.m. (ET) (forty-eight (48) hours after service of the Miscellaneous Asset Sale Notice); and therefore, the Seller is authorized to consummate the sale to the Purchaser without the need for a further order of the Court.

WHEREAS, the Seller and Purchaser agree that the proposed transaction is the product of a good faith arm's-length negotiations between the Seller and the Purchaser.

WHEREAS, pursuant to paragraph 5 of the Miscellaneous Asset Sale Order, the Purchaser shall take title to the Purchased Assets free and clear of all liens, claims, encumbrances and other interests, pursuant to section 363(f) of the United States Bankruptcy Code.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Seller and the Purchaser hereby agree as follows:

1. Description of Assets.  The assets included in this Purchase Agreement consist only of the Purchased Assets.

2. <u>Sale and Assignment of Assets.</u>  In consideration of the sum of $25,000, the receipt of which is hereby acknowledged, the Seller hereby sells, assigns, transfers, conveys and delivers to Purchaser all of Seller's rights, title and interests in and to the Purchased Assets.

3. <u>Terms of Transaction.</u>  Seller makes no representations or warranties whatsoever express or implied, with respect to any matter relating to the Purchased Assets, including income to be derived or expenses to be incurred in connection with the Purchased Assets, the physical condition of any tangible Purchased Assets, the value of the Purchased Assets (or any portion thereof), the transferability of the Purchased Assets (or any portion thereof), the merchantability or fitness of the Purchased Assets (or any portion thereof) for any particular purpose, the location or existences of the Purchased Assets, or any other matter or thing relating to the Purchased Assets.  Without in any way limiting the forgoing **SELLER HEREBY DISCLAIMS ANY WARRANTY (EXPRESS OR IMPLIED) OF MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE AS TO ANY PORTION OF THE PURCHASED ASSETS**.  On or prior to the date of the transfer of the Purchased Assets, the Purchaser has conducted an independent inspection and investigation of the physical condition of all portions of the Purchased Assets and all such other matters relating to or affecting or comprising the Purchased Assets and all such other matters relating to or affecting or comprising the Purchased Assets as Purchaser deemed necessary or appropriate and that in proceeding with the contemplated sale of the Purchased Assets, Purchaser is doing so based solely upon such independent inspections and investigations.  **Accordingly, Purchaser accepts the Purchased Assets "AS IS," "WHERE IS," and "WITH ALL FAULTS."**

4. IN WITNESS WHEREOF, Seller and Purchase have caused this Purchase Agreement to be executed as of the date first written above.

**SELLER**:
Grand Rapids Education Centers, Inc.
By: _____
William J. Nolan
Chief Restructuring Officer


**PURCHASER:**
Business Property Lending, Inc., as successor to GE Commercial Finance Business Property Corporation as attorney in fact for the Master Servicer of the GE Business Loan Pass Through Certificates, Series 2006-1
By: _____

RLF1 12573810v.1