**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., ET AL.,<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10952 (KJC)<br><br>Jointly Administered<br><br>Hearing Date:  July 22, 2015, at 1pm |

**THE PEOPLE OF THE STATE OF CALIFORNIA'S STATEMENT OF INSUFFICIENT NOTICE CONCERNING DEBTORS' MOTION TO APPROVE DISCLOSURE STATEMENT [DOCKET NO. 521] AND OBJECTION TO DEBTORS' NOTICE OF AMENDED AGENDA [DOCKET NO. 601]**

1. On July 20, 2015, Debtors[1] served notice that they intend "to file an amended Combined Plan and Disclosure Statement" on July 21 or July 22.  [Docket No. 601.] Nonetheless, Debtors still intend that the hearing to approve the Disclosure Statement on July 22 "will go forward." *Id*.  Debtors' intention to file critical amended plan documents the day before or the day of the hearing violates due process because it provides patently insufficient notice of the plan documents for which Debtors seek approval and no meaningful objection period.  The Hearing should be continued at least 14 days from when Debtors file and provide notice of their amended plan documents.

2. The People timely objected to the initial Disclosure Statement as "woefully inadequate" because, among other reasons, it amounts to no more than a "barebones" template with a sweeping release for Bank of America and other lenders.  [Docket No. 576.]  Debtors' intention to amend and alter their initial Disclosure Statement on the eve of the approval hearing reinforces the People's Objection that creditors are not receiving adequate disclosures and

---

[1] Unless otherwise specified, capitalized terms used, but not otherwise defined, have the same meaning as in the People's Objection to Debtors' Motion to Approve Disclosure Statement [Docket No. 576] ("Objection").

1

information concerning the Plan.

3.   Here, the lack of notice and a meaningful opportunity to present objections plainly does not comport with due process.  The objection period must be a sufficient to apprise parties in interest of an upcoming hearing to approve a disclosure statement and afford those parties with the opportunity to review the disclosure statement and present their objections.  This is consistent with the Supreme Court's general insistence on due process.  *See generally Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process . . . is notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'").  The objection period cannot start running when Debtors file a barebones template that serves as a placeholder for when the real amended plan documents are filed.  *See In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) ("In other words, the notice must be such that it would . . . reasonably allow the parties to 'choose for [themselves] whether to appear or default, acquiesce or contest.'") (citation omitted).

4.   Approval of the Disclosure Statement was already being heard on shortened time [Docket No. 523] because, according to Debtors, the "limited cash collateral budget" imposed by Bank of America and other lenders means that Debtors "must complete the plan process, including approval of the Disclosure Statement and confirmation of the Plan (including solicitation thereof), prior to the end of August . . . ." [Docket No. 522.]  However, it appears that the "the limited cash collateral budget" is simply insufficient for Debtors to comply with the requirements of due process and the Bankruptcy Code.  The desire to expedite this bankruptcy process is no justification to abolish the due-process rights of creditors.  *See e.g., In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983) ("The need for expedition . . . is not a justification for abandoning proper standards.") (citation omitted).

/ / /

5.  For these reasons, the Court should continue the hearing at least 14 days from when Debtors file and provide notice of their amended plan documents.

Dated: July 21, 2015

KAMALA D. HARRIS
Attorney General of California

By: ___/s/ Bernard A. Eskandari___
NICKLAS A. AKERS
Senior Assistant Attorney General
NICHOLAS G. CAMPINS
BERNARD A. ESKANDARI
Deputy Attorneys General
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 897-2652
 Fax:  (213) 897-4951
 Email:  bernard.eskandari@doj.ca.gov

*Attorneys for the People of the State of California*