**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | |
| Debtors. | Case No. 15-10952-KJC |
| | (Jointly Administered) |
| | **Re: Docket No. 621** |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION FOR AN ORDER ALLOWING THE STUDENT COMMITTEE TO FILE A COLLECTIVE PROOF OF CLAIM PURSUANT TO 11 U.S.C. §§ 105(A), 501, AND 502 AND GRANTING RELATED RELIEF**

Pursuant to Federal Rules of Evidence 101, 201, 1101, and Federal Rule of Bankruptcy Procedure 9017, the Committee of Student Creditors (the "Student Committee"), by their undersigned counsel, hereby requests that the Court take judicial notice of the following documents that were publicly filed in consideration of the Motion For An Order Allowing The Student Committee To File A Collective Proof of Claim Pursuant to 11 U.S.C. §§105(A), 501 and 502 (the "Motion") filed concurrently herewith:

1.      Corinthian Colleges, United States Senate Committee on Health and Education Labor and Pensions (2012), *The United States Senate Committee on Health Education Labor and Pensions ("HELP") Report*, attached hereto as Exhibit A. Condensed version of the report

---

[1] The Debtors' bankruptcy cases are: Corinthian Schools, Inc. Case No. 15-10955 (KJC); Rhodes Colleges, Inc. Case No. 15-10957 (KJC); Florida Metropolitan University, Inc., Case No. 15-10962 (KJC); Corinthian Property Group, Inc. Case No. 15-10966 (KJC); Titan Schools, Inc. Case No. 15-10970 (KJC); Career Choices, Inc. Case No. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., Case No. 15-10961 (KJC); Ashmead Education, Inc., Case No. 15-10967(KJC); MJB Acquisition Corporation, Case No. 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975; (KJC) Pegasus Education, Inc., Case No. 15-10953 (KJC); Grand Rapids Education Center, Inc., Case No. 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., Case No. 15-10960 (KJC); CDI Education USA, Inc. Case No. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., Case No. 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, Case No. 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); and Socle Education, Inc., Case No. 15-10976 (KJC).

is *available at* http://www.help.senate.gov/imo/media/for_profit_report/PartII/Corinthian.pdf, (last accessed July 21, 2015);

2.      Complaint for Permanent Injunction and Other Relief entitled *Consumer Fin. Prot. Bureau v. Corinthian Colls., Inc. d/b/a/ Everest Coll., Everest Inst., Everest Univ., Everest Univ. Online, Everest Coll. Phoenix, Everest Coll. Online, WyoTech and Heald Coll.,* filed on September 16, 2014 in the United States District Court, Northern District of Illinois, Eastern Division, Case No. 14-7194, attached hereto as Exhibit B;

3.      Complaint for Civil Penalties, Injunction and Other Equitable Relief entitled *The People of the State of California vs. Corinthian Schools, Inc., a Delaware corporation doing business as Bryman Coll. and Everest Coll. and Titan Schools, Inc., a Delaware corporation doing business as Nat'l Inst. of Tech.,* filed on July 31, 2007 in the Superior Court of the State of California, for the County of Los Angeles, Case No. BC374999 attached hereto as Exhibit C;

4.      Complaint in the case entitled *Commonwealth of Massachusetts v. Corinthian Colls., Inc. and Corinthian Schools, Inc.,* filed on April 3, 2014 in the Superior Court of the Commonwealth of Massachusetts, Case No. 14-1093, attached hereto as Exhibit D;

5.      Complaint entitled *State of Wisconsin v. Corinthian Colls., Inc.,* filed on October 27, 2014 in the Circuit Court for the State of Wisconsin, Milwaukee County, Case No. 2014-CX-00006, attached hereto as Exhibit E;

6.      First Amended Complaint for Civil Penalties, Permanent Injunction, and Other Equitable Relief in the case entitled *The People of the State of California v. Heald Coll., LLC, et al.,* filed on February 19, 2014 in the Superior Court of the State of California, County of San Francisco, Case No. CGC-13-537493, attached hereto as Exhibit F;

7.      Notice of Entry of Modification of Final Judgment Entered on July 31, 2007, in the case of *The People of the State of California vs. Corinthian Schools, Inc., a Delaware corporation doing business as Bryman Coll. and Everest Coll. and Titan Schools, Inc., a Delaware corporation doing business as Nat'l Inst. of Tech,* filed on May 26, 2011 in the Superior Court of the State of California, for the County of Los Angeles, Case No. BC374999

attached hereto as Exhibit G;

8.      U.S. Dept. of Edu. Notice of Intent to Fine Heald College, Apr. 14, 2015, attached hereto as Exhibit H;

9.      Excerpts of the Form 10-K Annual Report for Corinthian Colleges, Inc.  Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended June 30, 2000, attached hereto as Exhibit I;

10.      Excerpts of the Form 10-K Annual Report for Corinthian Colleges, Inc. Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended June 30, 2001, attached hereto as Exhibit J;

11.      Excerpts of the Form 10-K Annual Report for Corinthian Colleges, Inc. Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended June 30, 2002, attached hereto as Exhibit K;

12.      Excerpts of the Form 10-K Annual Report for Corinthian Colleges, Inc. Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended June 30, 2003, attached hereto as Exhibit L;

13.      Excerpts of the Form 10-K Annual Report for Corinthian Colleges, Inc. Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended June 30, 2004, attached hereto as Exhibit M;

14.      Excerpts of the Form 10-K Annual Report for Corinthian Colleges, Inc. Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended June 30, 2005, attached hereto as Exhibit N;

15.      Excerpts of the Form 10-K Annual Report for Corinthian Colleges, Inc. Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended June 30, 2006, attached hereto as Exhibit O;

16.      Excerpts of the Form 10-K Annual Report for Corinthian Colleges, Inc. Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended June 30, 2007, attached hereto as Exhibit P;

17.    Excerpts of the Form 10-K Annual Report for Corinthian Colleges, Inc. Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended June 30, 2008, attached hereto as Exhibit Q;

18.    Excerpts of the Form 10-K Annual Report for Corinthian Colleges, Inc. Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended June 30, 2009, attached hereto as Exhibit R;

19.    Excerpts of the Form 10-K Annual Report for Corinthian Colleges, Inc. Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended June 30, 2010, attached hereto as Exhibit S;

20.    Excerpts of the Form 10-K Annual Report for Corinthian Colleges, Inc. Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended June 30, 2011, attached hereto as Exhibit T;

21.    Excerpts of the Form 10-K Annual Report for Corinthian Colleges, Inc. Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended June 30, 2012, attached hereto as Exhibit U;

22.    Excerpts of the Form 10-K Annual Report for Corinthian Colleges, Inc. Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended June 30, 2013, attached hereto as Exhibit V;

23.    Excerpts of the Form 10-Q Quarterly Report for Corinthian Colleges, Inc. Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the quarterly period ended March 31, 2014, attached hereto as Exhibit W; and

24.    Excerpts of *In Re: Corinthian Colleges, Inc, et al.* Case No. 15-10952(KJC) Hearing Transcript dated June 30, 2015, attached hereto as Exhibit X.

## The Court May Properly Take Judicial Notice of the Requested Documents

Pursuant to the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b)(1)-(2). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). The Federal Rules of Evidence are applicable to these proceedings as set forth therein and as further detailed in the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Evid. 101(a) ("[t]hese rules apply to proceedings in United States courts"); Fed. R. Evid. 1101(a) ('[t]hese rules apply to proceedings before . . . United States bankruptcy . . . judges"); Fed. R. Bankr P. 9017 ("[t]he Federal Rules of Evidence . . . apply in cases under the Code"). At the evidentiary hearing to consider the Motion, this Court should take judicial notice of each exhibit attached hereto.

The Court may take judicial notice of facts within the public record, including federal government or agency documents published on websites and public disclosure documents filed with the Securities and Exchange Commission. *Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information on official government website); *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (taking judicial notice of properly-authenticated public disclosure documents filed with SEC); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. Pa. 2002) (same); *In re Wellbutrin SR/Zyban Antitrust Litig.,* 281 F.Supp.2d 751, 755 n. 2 (E.D. Pa. 2003) (taking judicial notice of federal agency documents published on websites); *Del Puerto Water Dist. v. United States Bureau of Reclamation,* 271 F.Supp.2d 1224, 1234 (E.D. Cal. 2003) (taking judicial notice of public documents, including Senate and House Reports); *In re AgriBiotech Sec. Litig.*, 2000 U.S. Dist. LEXIS 5643, at *4-5 (D. Nev. 2000) (taking judicial notice of official government documents available on the world wide web). In addition, the Court

may take judicial notice of hearing transcripts in this case and pleadings filed in other courts. *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) (court taking judicial notice of hearing transcript excerpts); *Sea Star Line, LLC v. Emerald Equip. Leasing, Inc*., 648 F. Supp. 2d 626, 639 (D. Del. 2009) (taking judicial notice of pleadings that had been filed in that court and other federal district courts); *In re Comfort Co*., 2009 Bankr. LEXIS 4616, *9-10 (Bankr. D. Del. Feb. 4, 2009) (taking judicial notice of hearing transcripts, pleadings, orders, and other documents); *Copley Press, Inc. v. Peregrine Sys. (In re Peregrine Sys.)*, 311 B.R. 679, 691-92 (D. Del. 2004); *Southmark Prime Plus v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991) (citing *Green v. Warden*, 699 F.2d 364, 369 (7th Cir.), cert. denied, 461 U.S. 960 (1983) ("Furthermore, federal courts may also take notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.")).

Here, the attached exhibits include pleadings filed in other courts, a final case judgment, a United States Senate Committee report, a United States Department of Education letter published in the public domain, Debtors' public disclosure documents such as Form 10-K and Form 10-Q filed from 2000 through 2014 with the Securities and Exchange Commission and a hearing transcript in this case. The attached exhibits are public records that the Student Committee has hereby provided to the Court. Thus, the Court may properly take judicial notice of the exhibits attached hereto.

WHEREFORE, the Student Committee respectfully requests that the Court take judicial notice of each attached exhibit, items 1 through 24, and that the Court grant the Student Committee such other and further relief as is just.

Dated:  July 22, 2015
        Wilmington, Delaware

**POLSINELLI PC**

/s/ *Shanti M. Katona*
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
**cward@polsinelli.com**
**skatona@polsinelli.com**

-and-

**ROBINS KAPLAN LLP**
Scott F. Gautier, Esq.
Lorie A. Ball, Esq.
Cynthia C. Hernandez, Esq.
2049 Century Park East, Suite 3400
Los Angeles, California 90067
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
**sgautier@robinskaplan.com**
**lball@robinskaplan.com**
**chernandez@robinskaplan.com**

*Counsel to the Official Committee of Student
Creditors*

-and-

**PUBLIC COUNSEL LLP**
Mark Rosenbaum, CA Bar No. 59940
Anne Richardson, CA Bar No. 151541
Alisa Hartz, CA Bar No. 285141
Dexter Rappleye, CA Bar No. 302182
610 S. Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089
**mrosenbaum@publiccounsel.org**
**arichardson@publiccounsel.org**
**ahartz@publiccounsel.org**
**drappleye@publiccounsel.org**

*Special Counsel to the Official Committee of
Student Creditors*

50792885.1