# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Corinthian Colleges, Inc. *et al.*, | Case No. 15-10952 (KJC) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: August 13, 2015 @ 1:30 p.m. |
| | Obj. Deadline: August 6, 2015 @ 4:00 p.m. |

## MOTION OF AEROTEK, INC. FOR AN ORDER UNDER RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING LIMITED DISCOVERY FROM CORINTHIAN COLLEGES, INC.

Aerotek, Inc., by and through its undersigned counsel, hereby requests, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, entry of an order requiring Debtor Corinthian Colleges, Inc. ("Corinthian") to produce to it certain limited documents as described herein. In support thereof, Aerotek respectfully states as follows:

### JURISDICTION

1. On May 4, 2015, Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are § 105(a) of the Bankruptcy Code, Bankruptcy Rule 2004 and Local Rule 2004-1.

## BACKGROUND

3. Movant Aerotek, Inc. ("Aerotek") is incorporated in Maryland, and maintains its principal place of business at 7301 Parkway Drive, Hanover, Maryland 21076.

4. Aerotek is engaged in the temporary staffing services business providing temporary personnel to customers with staffing needs.

5. On April 4, 2011, Aerotek and Corinthian entered into a Master Purchase Agreement (the "MPA") whereby Aerotek agreed to provide temporary labor to Corinthian to perform work under Corinthian's operational supervision and to provide related services as requested by Corinthian. A true and correct copy of the Master Purchase Agreement dated April 1, 2011, is attached hereto as **Exhibit A** and incorporated by reference.

6. In exchange for Aerotek's agreeing to place employees with Corinthian, Corinthian agreed to pay Aerotek as set forth in the MPA.

7. Corinthian has failed to make payments to Aerotek for the staffing services provided by Aerotek which has caused Aerotek to incur damages of at least $810,633.52.

8. On August 29, 2014, Aerotek filed an action (the "California Action") against Corinthian in U.S. District Court C.D. California, Case No. 14-01392, seeking to recover the damages, interest, and attorneys' fees that Corinthian owes to Aerotek in excess of $810,633.52.

9. In December 2014, the Parties reached a tentative settlement of the California Action per a December 18, 2014 Settlement Agreement ("Settlement Agreement"), whereby Aerotek agreed to reduce its claim to $350,000, but if the $350,000 amount was not paid within 120 days, the Settlement Agreement could be voided.

10. The Settlement Agreement was in part tied to a sale of certain of Corinthian's assets to Zenith Education Group, Inc. ("Zenith") pursuant to a November 19, 2014 Asset Purchase Agreement ("Zenith APA").

11. Specifically, Corinthian represented in the Settlement Agreement that the liability to Aerotek would be paid by Zenith (Corinthian "warrant[ed] and represent[ed] that liability for payment of the Settlement Amount to Aerotek will be included in the liabilities being assumed by Zenith Education Group, Inc.").

12. To date Aerotek has not been paid the $350,000 settlement amount.

13. Also, despite the fact Corinthian assured Aerotek in the Settlement Agreement and in other communications that Zenith agreed to assume and pay the liability to Aerotek under the terms of the Zenith APA, Zenith has not paid Aerotek and denies any obligation to pay.

14. A copy of the Zenith APA is available as part of a Corinthian public filing. However, the Zenith APA does not contain all of its schedules, exhibits and other attachments.

15. Aerotek has tried unsuccessfully to otherwise obtain a complete copy of the Zenith APA to determine whether Zenith is in fact obligated to pay the debt to it.

16. Thus, Aerotek contacted bankruptcy counsel for Corinthian to obtain a copy of the complete Zenith APA and also certain communications between Corinthian and Zenith related to the Aerotek debt, but to date counsel has not provided them.

### RELIEF REQUESTED AND BASIS THEREFORE

17. By this Motion, Aerotek requests an order pursuant to Bankruptcy Rule 2004 directing Corinthian to produce to Aerotek two limited categories of documents:

(a) A copy of the November 2014 Zenith APA with all Schedules thereto including but not limited to Schedule 1.3(g), all exhibits and other attachments thereto, all supplements, amendments and addendums thereto, and all related closing documents including but not limited to the document(s) referenced as "Final Closing Working Capital" (collectively, the "Complete Zenith APA"); and

(b) All communications, including but not limited to e-mails, letters, memos and other correspondence, between any employee, representative or counsel for Corinthian and any employee, representative or counsel for Zenith during the period September 1, 2014 to May 2, 2015 referencing Aerotek or payment of the debt owed to Aerotek as referenced herein.[1]

18. Aerotek seeks to obtain the Complete Zenith APA and the other documents under Bankruptcy Rule 2004 on the basis that this information relates to the acts, conduct, assets, liabilities and financial condition of the Debtors, and which may affect the administration of the Debtors' estates.

19. Bankruptcy Rule 2004 permits a "party in interest" to obtain discovery of information relating to the "acts, conduct, or property or to the liabilities or financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b).

20. The scope of permitted discovery under Rule 2004 "is 'unfettered and broad.'" *In re Washington Mutual, Inc.*, 408 B.R. 45, 49 (Bank. D. Del. 2009) (quoting *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bank. N.D.N.Y. 1996)).

---

[1] Upon information and belief in house counsel for Corinthian (Brenden Sheehey at bsheehey@cci.edu) had written communications with in house counsel for Zenith regarding the Aerotek debt and the potential payment of the Aerotek debt.

4

21. Bankruptcy courts have held that Rule 2004 motions "'are to be decided by balancing the competing interests of the parties, weighing the relevance and necessity for the information sought by the [movant] against the extent of the inconvenience and intrusion to the witness.'" *In re Pub. Serv. Co. of N.H.*, 91 B.R. 198, 199 (Bankr. D.N.H. 1988) (citation omitted). In making this determination, courts consider the purpose of the request as well as the degree of alleged intrusiveness. *See In re Drexel Burnham Lambert Group*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991) (discussing evolution and purpose of Rule 2004 and granting Rule 2004 discovery motion where "requested purpose" was for "claims amendment and claims litigation").

22. The documents sought are needed by Aerotek to determine if it also has a claim against Zenith for the debt which Aerotek believes is owed by Corinthian. This may affect the administration of the Debtors' estates because to the extent Aerotek does have a claim against Zenith for the debt and is able to recover on the claim, which will eliminate or reduce a claim against the estates.

23. The request for the Complete Zenith APA and the other documents will not be intrusive to Corinthian because the APA is essentially one document which Corinthian presumably has in electronic form, and the other documents are very limited in number and scope.

24. Also, production of the Complete Zenith APA will not prejudice Corinthian. Aerotek's claims against Corinthian are under the 2011 MPA between the parties, not the Zenith APA. As indicated, the Zenith APA and other documents are needed to determine whether Aerotek also has a claim against Zenith for the debt, which could benefit Debtors' estates.

25. No previous motion for the relief sought herein has been made to this or any other court.

## NOTICE

26. Aerotek has provided notice of this Motion to: (i) the U.S. Trustee; (ii) counsel for the agent for the Debtors' debtor-in-possession lenders; (iii) counsel for the Debtors; (iii) all other persons requesting notices pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, Aerotek respectfully submits that no further notice is necessary.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

27. Counsel for Aerotek certifies that Aerotek has complied with Local Rule 2004-1. Counsel for Aerotek has communicated with Corinthian's counsel regarding production of the requested information and informed Corinthian's counsel that Aerotek intended to file this Motion. Corinthian's counsel has to date not provided the requested documents.

## CONCLUSION

For the foregoing reasons, Aerotek respectfully requests entry of an order, substantially in the form attached hereto as Exhibit B, directing Corinthian to produce to Aerotek:

(a) A copy of the November 2014 Zenith APA with all Schedules thereto including but not limited to Schedule 1.3(g), all exhibits and other attachments thereto, all supplements, amendments and addendums thereto, and all related closing documents including but not limited to the document(s) referenced as "Final Closing Working Capital; and

(b) All communications, including but not limited to e-mails, letters, memos and other correspondence, between any employee, representative or counsel for Corinthian and any employee, representative or counsel for Zenith during the period September 1, 2014 to May 2, 2015 referencing Aerotek or payment of the debt owed to Aerotek as referenced herein.

Dated: Wilmington, Delaware
July 22, 2015

**SULLIVAN HAZELTINE ALLINSON LLC**

_____
William A. Hazeltine (No. 3294)
901 N. Market St., Suite 1300
Wilmington, DE 19801
Telephone: (302) 428-8191
Facsimile: (302) 428-8195

– and –

**SHOOK, HARDY & BACON L.L.P.**
Mark Moedritzer
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Aerotek, Inc.*