

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | Re: Docket Nos. 572 & 633 |

**ORDER (I) AUTHORIZING THE DEBTORS TO TRANSFER
CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS
AND ENCUMBRANCE IN CONNECTION WITH THE SETTLEMENT
OF CORPORATE RIDGE OFFICE, LLC'S ADMINISTRATIVE
RENT CLAIMS; AND (II) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "**Motion**"),[2] of the Debtors, pursuant to sections 105(a) and 363 of the Bankruptcy Code, Rules 2002, 6004 and 9019 of the Bankruptcy Rules and Local Rule 6004-1, for (i) authorization for the Debtors to transfer the Assets, pursuant to that certain Purchase Agreement, dated as of July 14, 2015, a copy of which is attached hereto as <u>Exhibit 1</u> (the "**Purchase Agreement**"), between Debtor Florida Metropolitan University, Inc. and Corporate Ridge Office, LLC (the "**Purchaser**"), free and clear of all liens, claims, encumbrances and other interests in accordance with the settlement of the Purchaser's administrative rent claims embodied in the Purchase Agreement, as more fully described in the Motion; and the Court having jurisdiction to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings given to them in the Motion.

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to under the particular circumstances and no further notice being necessary; and the relief requested in the Motion being in the best interests of the Debtors and their estates; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Purchase Agreement, substantially in the form attached hereto as Exhibit 1, and all of the terms and conditions thereof are approved.

3. The settlement of Purchaser's administrative rent claims for the period of the Petition Date through July 2015, as embodied in the Purchase Agreement, is approved pursuant to Bankruptcy Rule 9019.

4. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized and empowered to perform under, consummate and implement, the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and to take all further actions as may be reasonably required for the purpose of assigning, transferring, granting, conveying and conferring the Assets to the Purchaser or as may be necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement.

5. Pursuant to section 363(f) of the Bankruptcy Code, the sale shall be free and clear of any and all liens, claims and encumbrances against the Assets, with such liens, claims and encumbrances, if any, attaching to the proceeds of the sale with the same force, effect, and priority as such liens, claims and encumbrances, if any, have on the Assets, as appropriate.

6. The transactions contemplated by the Purchase Agreement are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale of the Assets to the Purchaser, unless such authorization is duly stayed pending such appeal. The Purchaser is a purchaser in good faith of the Assets, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

7. The consideration provided by the Purchaser for the Assets under the Purchase Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

8. The rights and defenses of the Debtors and any other party in interest with respect to whether any assertion that any liens, claims and encumbrances, if any, will attach to the proceeds of the sale hereby are preserved.

9. The Debtors shall reserve up to $65,311.72 of any amounts received by Zenith for the administrative rent of the Colorado Springs Location pending resolution of 2015 personal property tax claim of El Paso County, Colorado.

10. Any stay under Bankruptcy Rule 6004 (to the extent applicable) is hereby waived.

11.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: July 27, 2015
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE