IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | Re: Docket Nos. 521 & 646 |

## ORDER (A) APPROVING DISCLOSURE STATEMENT, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN OF LIQUIDATION, (C) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS, (D) ESTABLISHING VOTING RECORD DATE, (E) FIXING THE DATE, TIME AND PLACE FOR THE CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO, AND (F) APPROVING RELATED NOTICE PROCEDURES

Upon consideration of the *Debtors' Motion for the Entry of an Order: (a) Approving the Disclosure Statement, (b) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan of Liquidation, (c) Approving the Form of Ballots and Solicitation Materials, (d) Establishing Voting Record Date, (e) Fixing the Date, Time and Place for the Confirmation Hearing, and (f) Approving Related Notice Procedures* (the "**Motion**")[2]; and upon consideration of the Motion and all pleadings related thereto, including

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms used but not defined in this Order shall have the meanings used in the Motion.

RLF1 12577274v.2

the statements of counsel and evidence proffered at the hearing (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and Hearing establish just cause for the relief granted herein;

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.  This is a core proceeding pursuant to 28 U.S. C. § 157(b)(2).

C.  Notice of the Motion and the Hearing was sufficient and proper under the circumstances and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

D.  The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtors, their respective estates and creditors.

E.  The forms of ballot attached hereto as Exhibit 1 (the "**Ballots**"): (i) are consistent with Official Form No. 14, (ii) adequately address the particular needs of these chapter 11 cases, (iii) are appropriate for the Voting Classes, and (iv) comply with Bankruptcy Rule 3017(d).

F.  Ballots need not be provided to holders of claims or interests in following Classes, as such Non-Voting Classes are either Unimpaired and are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code or are Impaired but will neither retain nor receive any property under the plan and are thus conclusively deemed to have rejected the plan under section 1126(g) of the Bankruptcy Code:

| Class | Type | Status Under Plan | Voting Status |
|---|---|---|---|
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 3 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 6 | Intercompany Claims | Impaired | Deemed to Reject |

2

| 7 | Equity Interests | Impaired | Deemed to Reject |

G.　　The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for claimholders to make informed decisions to accept or reject the Plan and submit their Ballots in a timely fashion.

H.　　The Tabulation Procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

I.　　The contents of the Solicitation Packages and the procedures for providing notice of the hearing on confirmation of the Plan and the other matters set forth in the Confirmation Notice comply with the Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.　　The Motion is **GRANTED**.

2.　　The Disclosure Statement, as amended and modified, is approved.

3.　　The Ballots substantially in the forms attached hereto as Exhibit 1 are approved.

4.　　The Ballots shall be distributed to the claimholders in the Voting Classes entitled to vote to accept or reject the Plan.

5.　　In order to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered, by either mail, overnight courier, personal delivery, email or uploaded to the Balloting Agent's Website so that they are actually received no later than **5:00 p.m. prevailing Eastern Time on August 21, 2015** (the "**Voting Deadline**")

RLF1 12577274v.2

and such voting deadline is hereby approved pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1, as such solicitation period has been shortened to twenty-two (22) days.

6. Solely, for the purposes of voting on the Plan, each Claim (I) (a) for which a proof of claim was timely filed with the Court by the Bar Date; or (b) that is listed in the Schedules and not listed as disputed, contingent or unliquidated as to amount; and, in either case, as to which no objection to the allowance thereof has been filed by August 4, 2015; and (II) Class 1 Prepetition Lenders Secured Claims and Class 4 Prepetition Lenders Deficiency Claims, shall be allowed.

7. The following procedures shall be utilized in tabulating the Ballots (the "**Tabulation Procedures**"):

> a) Unless otherwise provided in these Tabulation Procedures, a claim will be deemed temporarily allowed for voting purposes only in an amount equal to: (A) the amount of such claim as set forth in the Debtors' Schedules if no proof of claim has been timely filed in respect of such claim; (B) if a proof of claim has been timely filed in respect of such claim to which the Debtors (or other party in interest) has not objected, the amount set forth in such proof of claim; or (C) the amount of such claim as set forth in any stipulation allowing such claim or settlement agreement resolving disputes related to such claim filed with the Court prior to the Voting Deadline, whether or not such stipulation or agreement has been approved by the Court as of the Voting Deadline.
>
> b) If a claim for which no proof of claim has been timely filed is listed in the Schedules, but is listed as contingent, unliquidated or disputed, either in whole or in part, or if no claim amount is specified, such claim shall be disallowed for voting purposes unless a stipulation allowing such claim or settlement agreement resolving disputes related to such claim has been filed, as set forth above; <u>provided, however,</u> that any undisputed portion, if any, of such claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Procedures.
>
> c) If a claim for which a proof of claim has been timely filed has not been disallowed and is not subject to a pending objection or

4

adversary proceeding as of the Voting Record Date, is marked or otherwise referenced on its face as contingent, unliquidated or disputed, either in whole or in part, or if no claim amount is specified on such proof of claim, such claim shall be temporarily allowed solely for voting purposes in the amount of $1.00, irrespective of how such claim may or may not be set forth in the Schedules; provided, however, that any undisputed portion, if any, of such claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Procedures.

d) If a claimant holds more than one claim in a Voting Class against the Debtors based upon different transactions, such claimant shall be entitled to one vote for numerosity purposes in the aggregate dollar amount of all of said claims; to the extent possible, the Debtors shall mail each claimant in such Voting Class a single Ballot on behalf of all claims held by such claimant in that Voting Class.

e) Unless otherwise provided in these Tabulation Procedures, if a claimant failed to timely file a proof of claim then such claim is considered disputed on those grounds and that claimant shall not be entitled to vote.

f) If a claimant timely filed a multiple duplicative proofs of claim against different Debtors based on the same transaction, the claimant shall be entitled to one vote for numerosity purposes in the dollar amount of asserted on one of the proofs of claim.

g) If a claimant timely filed one proof of claim against multiple Debtors based on the same transaction, the claimant shall be entitled to one vote for numerosity purposes in the dollar amount stated on such claim.

h) Except as permitted by the Court, any Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the Debtors' request for confirmation of the Plan.

i) Any Ballot that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and rejection of the Plan will not be counted.

j) Any Ballot that is returned indicating acceptance or rejection of the plan but is unsigned will not be counted.

k) Whenever a claimholder casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated

Ballot timely received will be deemed to reflect the voter's intent and will thus supersede any prior Ballots.

l) If a claimholder casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

m) Each claimholder will be deemed to have voted the full amount of its Claim as set forth on the Ballot.

n) Claimholders may not split their vote within a Class, thus each claimholder will be required to vote all of its Claims within the Voting Class either to accept or reject the Plan.

o) Ballots partially rejecting and partially accepting the Plan will not be counted.

p) The method of delivery of Ballots to the Balloting Agent is at the risk of each claimholder, and such delivery will be deemed made only when the original Ballot is actually received by the Balloting Agent.

q) No Ballot should be sent directly to the Debtors.

r) The Debtors expressly reserve the right to amend the terms of the plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtors make material changes in the terms of the plan, the Debtors will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.

s) If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a claimholder, such person will be required to indicate such capacity when signing and, at the Balloting Agent's discretion, must submit proper evidence satisfactory to the Balloting Agent to so act on behalf of the claimholder; provided, however, that in the case of Class 1 Prepetition Lenders Secured Claims and Class 4 Prepetition Lenders Deficiency Claims, the Administrative Agent's indication on the Class 1 and Class 4 Ballots that it is voting as or on behalf of a Holder or Holders of such Claims shall constitute sufficient evidence of the Administrative Agent's authority to vote on such Claims under the Prepetition Loan Documents.

t) Any claimholder who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

RLF1 12577274v.2

u)     Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot unless otherwise directed by the Court.

v)     Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

w)     Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

x)     For purposes of determining whether the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code have been satisfied, the Balloting Agent will tabulate only those Ballots received prior to the Voting Deadline or otherwise ordered by the Court.

y)     Ballots received that do not evidence the amount or evidence an incorrect amount of such Creditor's Claim shall be completed or corrected, as the case may be, based upon a Final Order of the Court or, if no such Final Order exits, then (i) based upon timely filed proofs of Claim, or (ii) the Schedules filed by the Debtors if no proof of claim has been filed by such Creditor, and counted as a vote to accept or reject the plan.

8.     Upon completion of the balloting, the Balloting Agent will certify the amount and number of allowed Claims of the Voting Class accepting or rejecting the Plan. The Debtors shall cause such certification to be filed with the Court prior to the hearing on confirmation of the Plan.

9.     If any claimholder seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such claimholder must file a motion,

RLF1 12577274v.2

pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing its Claim or Equity Interest in a different amount or classification for purposes of voting to accept or reject the Combined Plan and Disclosure Statement (a "**Rule 3018 Motion**") and serve the Rule 3018 Motion on the Debtors so that it is received no later than 4:00 p.m. prevailing Eastern Time on August 14, 2015 at 4:00 p.m. (ET). The Debtors shall then have until August 19, 2015 at 4:00 p.m. (ET) to file and serve any responses to such Rule 3018 Motions. Any Ballot submitted by a claimholder that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying Claim or Equity Interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

10. The hearing on confirmation of the Plan is hereby scheduled for August 26, 2015 at 1:00 p.m. (ET). The hearing on confirmation of the Plan may be continued from time to time by the Court without further notice other than the announcement of the adjourned date(s) at the final hearing on confirmation of the Plan or any continued hearing.

11. Objections to confirmation of the Plan, if any, must: (i) be in writing; (ii) be filed with the Court and served on: (a) on counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn.: Mark D. Collins, Esq. and Michael J. Merchant, Esq.); (b) counsel to Bank of America, N.A, Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 (Attn.: Jennifer C. Hagle, Esq. and Anna Gumport, Esq.) and Potter Anderson Corroon LLP, 1313 North Market Street, Sixth Floor, P.O. Box 951, Wilmington, Delaware 19899 (Attn.: Jeremy W. Ryan, Esq. and Etta R. Mayers, Esq.); (c) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn.:

RLF1 12577274v.2

Timothy Jay Fox, Jr., Esq. and Richard L. Schepacarter, Esq.); (d) counsel for the Creditors' Committee, Brown Rudnick LLP, Seven Times Square, New York, New York, 10036 (Attn.: H. Jeffrey Schwartz, Esq. and Bennett S. Silverberg, Esq.) and The Rosner Law Group LLC, 824 Market Street, Suite 810, Wilmington, Delaware 19801 (Attn.: Frederick B. Rosner, Esq. and Julia B. Klein, Esq.); and (e) counsel to the Student Committee, Robins Kaplan LLP, 2049 Century Park East, Suite 3400, Los Angeles, California 90067 (Attn.: Scott F. Gautier, Esq., Lorie A. Ball, Esq., and Cynthia C. Hernandez, Esq.) and Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801 (Attn.: Christopher A. Ward, Esq. and Shanti M. Katona, Esq.), so as to be are received no later than **4:00 p.m. prevailing Eastern Time on August 21, 2015** (the "**Confirmation Objection Deadline**") and such objection deadline is hereby approved pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1, as such objection period has been shortened to twenty-two (22) days.

12. The Debtors are authorized to file a consolidated reply to any objections to confirmation of the Plan no later than August 25, 2015 at 12:00 p.m. (ET).

13. The Confirmation Notice in substantially the form attached to the Motion as <u>Exhibit C</u> is approved. The Debtors shall serve the Confirmation Notice on: (i) those parties who have requested notice pursuant to Bankruptcy Rule 2002, (ii) counsel to Bank of America, N.A., in its capacity as administrative agent, (iii) the Department of Education; (iv) the Securities and Exchange Commission, (v) Internal Revenue Service, (vi) the U.S. Trustee, (vii) holders of claims or interests in the Non-Voting Classes; (viii) counsel to the Creditors' Committee; (ix) counsel to the Student Committee; and (ix) all persons or entities listed on the Debtors' creditor matrix [Docket No. 12], no later than July 30, 2015.

14. The Balloting Agent is directed to maintain the Website where all holders of claims and interests can access copies of the Combined Plan and Disclosure Statement and this Order. Counsel for the Debtors are further directed to provide copies of the Combined Plan and Disclosure Statement and this Order to any party requesting such copies.

15. Notice of the address of the Website shall be given to all holders of claims and interests and other parties in interest in the Confirmation Notice and the Ballot.

16. Pursuant to Bankruptcy Rule 3017(d), the date on which this Order is entered shall be the record date for purposes of determining which holders of Claims are entitled to receive Solicitation Packages and, where applicable, vote on the Plan (the "**Record Date**").

17. The Balloting Agent shall mail or transmit Solicitation Packages no later than three (3) business days after the entry of this Order to the Voting Class containing copies of: (a) the Confirmation Notice; (b) a single-spaced version of the Combined Plan and Disclosure Statement; and (c) a form of Ballot.

18. The Debtors are authorized to make non-substantive and ministerial changes to any documents in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, single-spacing the Combined Plan and Disclosure Statement, changes to correct typographical and grammatical errors and to make conforming changes among the Combined Plan and Disclosure Statement and any other materials included in the Solicitation Package prior to their distribution.

19. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

20. The Court shall retain jurisdiction as to all matters relating to the interpretation, implementation, and enforcement of this Order.

21. The terms of this Order shall be effective immediately upon its entry.

Dated: July 27, 2015
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

RLF1 12577274v.2