IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | Hearing Date: August 26, 2015 @ 1:00 p.m. (EDT) |
| | § | Obj. Deadline: August 10, 2015 @ 4:00 p.m. (EDT) |

---------------------------------------------------------

**DEBTORS' SECOND OMNIBUS MOTION FOR ENTRY OF AN
ORDER AUTHORIZING THE DEBTORS TO REJECT CERTAIN
EXECUTORY CONTRACTS, EFFECTIVE *NUNC PRO TUNC* TO JULY 27, 2015**

**THIS MOTION SEEKS TO REJECT CERTAIN EXECUTORY CONTRACTS. PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR RESPECTIVE EXECUTORY CONTRACTS IN THE MOTION. A LISTING OF THE PARTIES AND THE EXECUTORY CONTRACTS THAT ARE THE SUBJECT OF THE MOTION APPEARS IN EXHIBIT 1 TO EXHIBIT A OF THIS MOTION**

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), respectfully request the entry of an order, under sections 105(a), 365(a) and 554(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtors to reject certain executory contracts, including any amendments or modifications thereto (collectively, the "**Executory Contracts**," and each

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

counterparty thereto, a "**Contract Counterparty**"), *nunc pro tunc* to the date hereof.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION & VENUE

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).[2]

## BACKGROUND

2.  On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The United States Trustee (the "**U.S. Trustee**") has appointed an Official Committee of Unsecured Creditors [D.I. 100] (the "**Creditors' Committee**") and an Official Committee of Student Creditors [D.I. 120] (collectively, the "**Student Committee**").  Further information regarding the Debtors' business operations, capital structure, and reasons for commencing these cases is set forth in the *Declaration of William J. Nolan in Support of Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**") [D.I. 10].

3.  Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada. Corinthian offered career-oriented diploma and degree programs in diverse fields such as health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology.  As of March 31, 2014, Corinthian operated over 100 campuses and

---

[2] Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

2

provided educational opportunities to more than 74,000 students and had more than 10,000 employees. It also offered degrees online.

4.	Among its acquisitions, in January 2010, Corinthian purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**"). Heald, through its subsidiaries, operated Heald College, a 150 year old regionally accredited institution with 12 campuses offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

5.	Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the First Day Declaration.

## RELIEF REQUESTED

6.	By this Motion, the Debtors seek the entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), authorizing the Debtors to reject the Executory Contracts effective *nunc pro tunc* to July 27, 2015.

## BASIS FOR RELIEF REQUESTED

### I.  FACTS SPECIFIC TO RELIEF REQUESTED

7.	The Debtors are evaluating the current and expected use of their executory contracts and unexpired leases, the ongoing cost of such contracts, and the effect rejecting these contracts would have on the Debtors' business. As part of this process, the Debtors have determined that each of the Executory Contracts listed on Exhibit 1 to the Proposed Order is unnecessary and burdensome to the Debtors' estates and should be rejected as of the date of the filing of this Motion, the date by which the Debtors will have provided the Contract Counterparties with notice of their intention to reject the Executory Contracts.

8.	As set forth in the First Day Declaration, the Debtors closed each of their operating campus locations effective as of April 27, 2015 and are in the process of liquidating

their assets and winding down their operations. Since the Petition Date, the Debtors have surrendered possession of the premises covered by many of their leases and are working to surrender the remaining locations as quickly and orderly as possible. The Executory Contracts include equipment leases for equipment that the Debtors do not require as a part of their wind-down process.

## II. LEGAL BASIS FOR RELIEF REQUESTED

### A. Rejection of the Contracts Reflects the Debtors' Sound Business Judgment

9. Bankruptcy Code section 365(a) provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Cent. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). For the benefit of the estate, a debtor may, under Bankruptcy Code section 365, relieve itself of burdensome agreements where performance still remains. *See In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000) (Bankruptcy Code section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.") (internal citations omitted); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989).

10. The decision to assume or reject an executory contract or unexpired lease is a matter within the debtor's "business judgment." *See Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.,* 872 F.2d 36, 40 (3d Cir. 1989); *In re HQ Global Holdings, Inc., 290 B.R. 507, 513 (Bankr. D. Del. 2003).* The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also In re Fed. Mogul Global*, 293 B.R. at 126 (rejecting counterparty's argument that a finding of hardship is a prerequisite to application of the business judgment test); *Summit Land Co. v. Allen (In re*

4

RLF1 12614010v.1

*Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (noting that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). Accordingly, the court should not interfere with or second-guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion. *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987).

11.     Here, the Debtors, in their sound business judgment, have determined that the Executory Contracts are not necessary in light of the Debtors' current business needs, nor are they a source of potential value for the Debtors' creditors or other parties in interest. Absent rejection, the Executory Contracts could impose unnecessary ongoing obligations on the Debtors. Based on a cost-benefit analysis, the Debtors have therefore determined, in the sound exercise of their reasonable business judgment, that the Executory Contracts should be rejected.

B.     *Nunc Pro Tunc* **Relief Is Appropriate.**

12.     Bankruptcy courts are empowered to grant retroactive rejection of a contract or lease under Bankruptcy Code sections 105(a) and 365(a). *See Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (indicating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *see also Pacific Shore Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a).").

13. The equities of these cases favor rejection of the Executory Contracts *nunc pro tunc* to the date of the filing of this Motion. On one hand, *nunc pro tunc* rejection will permit the Debtors to reduce burdensome costs and avoid additional, unnecessary administrative charges for contracts that are not necessary to operations or the Debtors' chapter 11 efforts. On the other hand, the Contract Counterparties will not be unduly prejudiced if the Executory Contracts are rejected *nunc pro tunc* because the Debtors have advised them of their intent to reject the Executory Contracts. To eliminate potential administrative claims against their estates and avoid further obligations accruing under the Executory Contracts, the Debtors respectfully submit that rejecting the Executory Contracts as of the date of the filing of this Motion is appropriate.

## WAIVER OF BANKRUPTCY RULE 6006(f)(6) WITH RESPECT TO THE EXECUTORY CONTRACTS

14. Bankruptcy Rule 6006(f)(6) requires that an omnibus motion to reject multiple contracts "be limited to no more than 100 executory contracts or unexpired leases." Fed R. Bankr. P. 6006. However, courts may waive the requirements of Bankruptcy Rule 6006(f)(6) for cause. See In re Old Carco LLC, 406 B.R. 180, 207–10 (Bankr. S.D.N.Y. 2009) ("Specifically, the 2007 Advisory Committee Note to Rule 6006 states that '[a]n omnibus motion to assume, assign, or reject multiple executory contracts and unexpired leases must comply with the procedural requirements set forth in subdivision (f) of the rule, unless the court orders otherwise . . . .'"). Rule 6006(f)(6) is intended to ensure that lease or contract counterparties can easily locate their information in a debtor's omnibus motion. See 10 Collier on Bankruptcy ¶ 6006.05 (15th ed. rev.).

15. The Debtors respectfully submit that cause exists here to waive the requirements of Rule 6006(f)(6). A single motion avoids the confusion and inefficiency that might otherwise

6

result if the Debtors were required file separate pleadings requesting the same relief. Furthermore, the Debtors have listed the Executory Contracts in an organized and clear chart attached as <u>Exhibit 1</u> to <u>Exhibit A</u>, listing each Contract Counterparty in alphabetical order as required by Bankruptcy Rule 6006(f)(2), and have otherwise complied with all other requirements of Bankruptcy Rule 6006(f).  Therefore, the Debtors respectfully request that this Court waive Bankruptcy Rule 6006(f)(6) with respect to this Motion

### **WAIVER OF BANKRUPTCY RULES 6006(c) AND 6004(h)**

16.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6006(c) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### **RESERVATION OF RIGHTS**

17.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted is intended or should be construed as: (i) an admission as to the validity or amount of any particular claim against a Debtor; (ii) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (iii) a promise or requirement to pay any particular claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Motion; (v) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (vi) an admission that any of the Executory Contracts are integrated with any other contract or lease; (vii) a waiver by the Debtors of their right to assert that the Executory Contracts were terminated prior to the Petition Date; or (viii) a concession or evidence that the Executory Contracts identified herein have not expired, been terminated, or otherwise currently are not in full force and effect.

RLF1 12614010v.1

## **NOTICE**

18. The Debtors will provide notice of this Motion via first class mail to: (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee ; (iii) counsel to the Student Committee; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (v) the Internal Revenue Service; (vi) all Contract Counterparties; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002(i). The Debtors submit that no other or further notice is necessary under the circumstances.

## **NO PRIOR MOTION**

19. The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

The Debtors respectfully request the entry of the Proposed Order granting the relief requested in its entirety and any other relief as is just and proper.

Dated: July 27, 2015  
       Wilmington, Delaware

/s/ Marisa A. Terranova  
Mark D. Collins (No. 2981)  
Michael J. Merchant (No. 3854)  
Marisa A. Terranova (No. 5396)  
Amanda R. Steele (No. 5530)  
RICHARDS, LAYTON & FINGER, P.A.  
920 N. King Street  
Wilmington, Delaware 19801  
Telephone: 302-651-7700  
Facsimile: 302-651-7701  
Email: collins@rlf.com  
       merchant@rlf.com  
       terranova@rlf.com  
       steele@rlf.com

Counsel for the Debtors and Debtors in Possession

RLF1 12614010v.1