**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | Case No. 15-10952-KJC |
| Debtors. | |

**NOTICE OF SUBPOENA TO ZENITH EDUCATION GROUP
TO PRODUCE DOCUMENTS**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure, the Official Committee of Student Creditors, by its undersigned counsel, is serving the attached subpoena to Zenith Education Group requesting production of documents.

[Signature Page Follows]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425, Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Educations, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

Dated:  July 30, 2015
        Wilmington, Delaware

**POLSINELLI PC**

/s/ *Shanti M. Katona*
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com

*-and-*

**ROBINS KAPLAN LLP**
Scott F. Gautier, Esq.
Lorie A. Ball, Esq.
Cynthia C. Hernandez, Esq.
2049 Century Park East, Suite 3400
Los Angeles, California 90067
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
sgautier@robinskaplan.com
lball@robinskaplan.com
chernandez@robinskaplan.com

*Counsel to the Official Committee of Student Creditors*

**PUBLIC COUNSEL LLP**
Mark Rosenbaum, CA Bar No. 59940
Anne Richardson, CA Bar No. 151541
Alisa Hartz, CA Bar No. 285141
Dexter Rappleye, CA Bar No. 302182
610 S. Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089
mrosenbaum@publiccounsel.org
arichardson@publiccounsel.org
ahartz@publiccounsel.org
drappleye@publiccounsel.org

*Special Counsel to the Official Committee of Student Creditors*

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

District of _Delaware_

In re _Corinthian Colleges, Inc., et al.,_
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. _15-10952_

Chapter _11_

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: **Diana Scherer, Senior Vice President and Deputy General Counsel, Zenith Education Group, 5 Hutton Center Drive, Santa Ana, CA, 92707**

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: *see* **Attachment A** *for detailed document requests*

| PLACE Shanti M. Katona, skatona@polsinelli.com, Polsinelli PC, 2049 Century Park East, Suite 2300, Los Angeles, CA, 90067 | DATE AND TIME Monday, August 10, 2015 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Tuesday, July 28, 2015_

CLERK OF COURT

OR

_____    /s/ Shanti M. Katona (Del. Bar No. 5352)
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Committee of Student Creditors**, who issues or requests this subpoena, are:
Shanti M. Katona, Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, DE 19801 (302) 252-0920

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT A

1. All versions of the websites of any schools formerly owned by Corinthian Colleges, Inc., or its subsidiaries or affiliates in your possession, custody and control
2. All disclosures made to any students at any time by Corinthian Colleges, Inc. relating to the hiring, employment or salary of Corinthian's graduates.
3. All documents relating to the actual hiring, employment or salary of the graduates of schools formerly owned by Corinthian Colleges, Inc.
4. All communications between Corinthian Colleges, Inc. and the U.S. Department of Education or any other government entities relating to the actual or advertised rates of hiring, employment and salary of the graduates of schools owned by Corinthian.
5. All communications, including but not limited to emails, referenced in the Complaints filed by the Attorneys General of California,[1] Wisconsin,[2] and Massachusetts,[3] and by the federal Consumer Financial Protection Bureau.[4]
6. All data kept internally or reported externally on the cohort default rates of Corinthian graduates.
7. All data kept internally or reported externally in support of Corinthian schools' School Performance Fact Sheets.
8. Any charts or other materials detailing the ownership or organizational structure of Corinthian Colleges, Inc.
9. All documents relating to the training and instructing of employees responsible for marketing or recruitment of prospective students.
10. All communications between employees responsible for marketing or recruitment of prospective students and any other Corinthian employee regarding marketing and recruitment of prospective students.
11. All communications between and among Corinthian's management including Regional Vice Presidents, supervisors of recruitment, and employees responsible for marketing or recruitment of prospective students, regarding marketing or recruitment of prospective students.
12. All communications between Corinthian employees and any auditors or accrediting agencies.
13. All records made or disclosed in connection with any audits, inspections, or other investigations, as well as any disciplinary proceedings of any kind, carried out by auditors, accrediting agencies, the U.S. Department of Education, or any other government entity.
14. All communications relating to any audits, inspections, or other investigations, as well as any disciplinary proceedings of any kind, carried out by auditors, accrediting agencies, the U.S. Department of Education, or any other government entity.

---

[1] First Amended Complaint for Civil Penalties, Permanent Injunction, and Other Equitable Relief, *California v. Heald College, LLC*, No. CGC-13-534793 (S.F. Sup. Ct. Feb. 19, 2014), *available at* https://oag.ca.gov/sites/all/files/agweb/pdfs/consumers/first-amended-complaint.pdf?.

[2] Complaint, *Wisconsin v. Corinthian Colleges, Inc.*, No. 2014 CX 00006 (Milwaukee Cnty. Cir. Ct. Oct. 27, 2014), *available at* http://www.doj.state.wi.us/sites/default/files/2014-news/complaint-corinthian-colleges-20141027.pdf.

[3] Complaint, *Massachusetts v. Corinthian Colleges, Inc.*, No. 14-1093 (Suffolk Cnty. Sup. Ct. Apr. 3, 2014), *available at* http://www.mass.gov/ago/docs/press/2014/everest-complaint.pdf.

[4] Complaint for Permanent Injunction and Other Relief, *Consumer Financial Protection Bureau v. Corinthian Colleges, Inc.*, No. 14-7194 (N.D. Ill. Sept. 16, 2014), *available at* http://files.consumerfinance.gov/f/201409_cfpb_complaint_corinthian.pdf.