# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: ) <br> ) <br> CORINTHIAN COLLEGES, INC., et al.,[1] ) <br> ) <br> Debtors. ) <br> ) <br> ) | Chapter 11 <br><br> Case No. 15-10952 (KJC) <br><br> Jointly Administered. <br><br> **Objections Due By: Aug. 19, 2015** <br> **Hearing Date:  Aug. 26, 2015** |

### MOTION OF CALIFORNIA BUREAU FOR PRIVATE POSTSECONDARY EDUCATION FOR DETERMINATION THAT THE AUTOMATIC STAY PROVISION DOES NOT APPLY TO ITS DISCIPLINARY ACTION

The California Bureau for Private Postsecondary Education, on behalf of the California Department of Consumer Affairs, respectfully requests entry of an order pursuant to Section 364(b)(4) of Title 11 of the United States Bankruptcy Code confirming that the automatic stay does not apply to its disciplinary action in *In the Matter of the Accusation Against Corinthian Colleges, Inc.; dba Everest College and WyoTech (California Schools Only); Jack Massimino, Chairman and CEO*, Case Number 1000393 (the "Disciplinary Action").

### Jurisdiction and Venue

The Court has jurisdiction to consider this motion under 28 U.S.C. sections 157 and 1334, and venue is proper under 28 U.S.C. sections 1408 and 1409.  This is a core proceeding under 28 U.S.C. section 157(b)(2).  The statutory bases for the relief requested herein are Bankruptcy Code sections 105 and 362.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425, Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Educations, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

**Background of the Disciplinary Action**

The California Bureau for Private Postsecondary Education is responsible for granting private higher education institutions license to operate (called, an "approval to operate") in California, as provided in California Education Code (California Education Code sections 94810 *et seq.*) and related regulations (California Code of Regulations, title 5, sections 7000 *et seq.*); disciplining such institutions; and promulgating regulations related to obtaining approval to operate and discipline.

Debtor Corinthian Colleges, Inc. (CCI) owns and manages thirteen education institutions in California with approvals to operate. Second Amended Accusation, ¶ 2.[2] The Disciplinary Action was initiated by the Bureau through a Notice of Emergency Decision it issued on April 17, 2015 to CCI, pursuant to California Code of Regulations, title 5, section 75150(d), informing it that effective at the close of business on April 23, 2015, the Bureau would issue an Emergency Decision requiring that CCI "cease enrollment of any new students in all programs" at its approved institutions. The Bureau's Emergency Decision became effective on April 23, 2015.

As part of its Emergency Decision, and pursuant to California Government Code section 11460.60, subdivisions (a) and (b), on April 24, 2015, the Bureau filed and served a pleading initiating a disciplinary proceeding (titled, an "Accusation") naming CCI and its CEO and Chairman, Jack Massimino. Two days later, on April 26, CCI announced the immediate closure of all of its institutions. Nearly a week later, on May 4, CCI filed a voluntary chapter 11 petition in this Court.

During a telephone conference on July 15, 2015, counsel for CCI and Massimino represented for the first time their belief that the bankruptcy automatic stay stays the Disciplinary Action. The next day, the Bureau received a letter from Massimino stating his surrender of CCI's approvals to operate. However, pursuant to California Business and Professions Code

---

[2] A copy of the Second Amended Accusation is submitted with this Motion.

section 118(b), the Bureau may discipline CCI's approvals to operate notwithstanding this unilateral surrender.  Business and Professions Code section 118(b) states:

> The suspension, expiration, or forfeiture by operation of law of a license issued by a board in the department, or its suspension, forfeiture, or cancellation by order of the board or by order of a court of law, or its surrender without the written consent of the board, shall not, during any period in which it may be renewed, restored, reissued, or reinstated, deprive the board of its authority to institute or continue a disciplinary proceeding against the licensee upon any ground provided by law or to enter an order suspending or revoking the license or otherwise taking disciplinary action against the licensee on any such ground.

The operative pleading in the Disciplinary Action, the Second Amended Accusation, states grounds for disciplining CCI's approvals to operate based on CCI's failure to possess sufficient financial funds (Second Amended Accusation, ¶ 33); failure to provide financial statements to the Bureau upon request (Second Amended Accusation, ¶ 34); and failure to comply with State law related to closure of a school and maintenance of school records (Second Amended Accusation, ¶¶ 35-40).

### The Automatic Stay Does Not Apply to the Disciplinary Action

Section 362(b)(4) of the Bankruptcy Code provides an exception to the automatic stay provision of the Code for "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's [] police and regulatory power, including the enforcement of a judgment . . . ."  11 U.S.C. § 362(b)(4).  The Section 362(b)(4) exception "applies to instances where the governmental unit sues a debtor or enforce consumer protection laws, antifraud acts, safety regulations, or similar police or regulatory laws.  Furthermore, governmental actions which seek to fix damages for violations of such police or regulatory laws are not stayed."  2 Norton Bankr. L. & Prac. 3d § 43:19.

The Disciplinary Action is limited to disciplining CCI's approvals to operate.  Courts agree that disciplinary proceedings initiated by a governmental entity, like the Bureau, are not subject to the automatic stay.  In *Massachusetts Board of Registration in Pharmacy v. Drug*

*Assist Health Solutions, Inc.*, for example, Massachusetts' pharmacy board sought to discipline a debtor-pharmacy's license notwithstanding a bankruptcy stay. 337 B.R. 5, 6 (D. Mass. 2006). The debtor-pharmacy obtained an injunction staying the board's disciplinary proceeding. *Id.* The Massachusetts District Court reversed that order ruling that the disciplinary proceeding fell within the Section 362(b)(4) exception as it "was clearly an expression of governmental regulatory power" intended to protect the public. *Id.* (relying on In re McMullen, 386 F.3d 320, 324-25 (1st Cir. 2004) ("[Section 364(b)(4)] discourages debtors from submitting bankruptcy petition[s] either primarily or solely for the purpose of evading impending governmental efforts to invoke the governmental police powers to enjoin or deter ongoing debtor conduct which would seriously threaten the public safety and welfare . . .")). Similarly, in *Wade v. State Bar of Arizona*, the Ninth Circuit Court of Appeals affirmed a bankruptcy court's ruling that the Section 362(b)(4) exception applied to a disciplinary proceeding initiated by Arizona's State Bar; and, in *In the Matter of Halo Wireless Incorporated*, the Fifth Circuit Court of Appeals affirmed a bankruptcy court's ruling that the exception to the stay applied to public utility commission proceedings. 948 F.2d 1122, 1124-25 (9th Cir. 1991) and 684 F.3d 581, 595 (5th Cir. 2012).

While CCI may prefer to not face the consequences of violating the Education Code and related regulations, under the Bankruptcy Code the inquiry is an objective one, based solely on the existence of a governmental policy or regulatory action. A debtor may not violate State law and then use the stay provision as a shield to prevent the State from prosecuting an action based on the violation.

**Conclusion**

      The Bureau respectfully requests that the Court enter an order confirming that the automatic stay does not apply to the Disciplinary Action.

Dated: July 31, 2015

                                BUREAU FOR PRIVATE POSTSECONDARY
                                EDUCATION, FOR THE CALIFORNIA
                                DEPARTMENT OF CONSUMER AFFAIRS
                                KAMALA D. HARRIS
                                CALIFORNIA ATTORNEY GENERAL

                                By: /s/ *Carter Ott*

                                Carter Ott
                                Deputy Attorney General
                                1515 Clay Street, 20th Flr.
                                P.O. Box 70550
                                Oakland, CA  94612-0550
                                Telephone:  (510) 622-2219
                                Facsimile:  (510) 622-2270
                                Email:  carter.ott@doj.ca.gov
                                Attorney for the California Bureau for Private
                                Postsecondary Education