1   KAMALA D. HARRIS
    Attorney General of California
2   DIANN SOKOLOFF
    Supervising Deputy Attorney General
3   CARTER OTT
    Deputy Attorney General
4   State Bar No. 221660
     1515 Clay Street, 20th Floor
5   P.O. Box 70550
    Oakland, CA  94612-0550
6   Telephone:  (510) 622-2219
    Facsimile:  (510) 622-2270
7   E-mail: Carter.Ott@doj.ca.gov
    *Attorneys for Complainant*

8

**BEFORE THE**
9   **DEPARTMENT OF CONSUMER AFFAIRS**
**FOR THE BUREAU FOR PRIVATE POSTSECONDARY EDUCATION**
10   **STATE OF CALIFORNIA**

11

| | |
|---|---|
| 12   In the Matter of the Accusation Against: | Case No. 1000393 |
| 13   **CORINTHIAN COLLEGES, INC., DBA EVEREST COLLEGE AND WYOTECH** | |
| 14   **(CALIFORNIA SCHOOLS ONLY); JACK MASSIMINO, CHAIRMAN AND CEO** | **SECOND AMENDED ACCUSATION** |
| 15   **6 Hutton Centre Dr., Ste. 400 Santa Ana, CA  92707** | |
| 16 | |
| 17   **Approval to Operate Institution Code Numbers 1900741 (1045 W. Redondo Beach** | |
| 18   **Blvd., #275, Gardena, CA 90247); 1900731 (2215 W. Mission Rd., Alhambra, CA** | |
| 19   **91803); 1904591 (18040 Sherman Wy., Ste. 400, Reseda, CA 91335); (continued on page 12)** | |
| 20 | |
| 21                Respondents. | |

(continued on page 12)

22       Complainant alleges:

23                        <u>PARTIES</u>

24        1.     Joanne Wenzel (Complainant) brings this Second Amended Accusation solely in her

25   official capacity as the Chief of the Bureau for Private Postsecondary Education, Department of

26   Consumer Affairs.

27        2.     The Bureau granted an approval to operate by means of accreditation to eleven (11)

28   Everest College, Institution Code Numbers 1900741, 1900731, 1904591, 1913561, 1917331,

1

1924201, 3000221, 3303781, 3600141, 3601871, and 98946206; and two (2) WyoTech

campuses, Institution Code Numbers 0102871 and 1904031.  Obtaining approval by accreditation

requires that the institutions' owner obtain accreditation through an accredited agency recognized

by the United States Department of Education (USDOE).  The listed Everest College and

WyoTech institutions are owned by Corinthian Colleges, Inc. (CCI), a California corporation.

CCI is directed and managed by its CEO and Chairman, Jack Massimino.  Unless otherwise

stated, the Everest College and WyoTech institutions listed in the caption, CCI, and Mr.

Massimino are referenced in this Second Amended Accusation collectively as "Respondent."

## JURISDICTION

3.     This Second Amended Accusation is brought before the Director of the Department

of Consumer Affairs (Director) for the Bureau for Private Postsecondary Education, under the

authority of the following laws.

4.     Business and Professions Code section 118 states, in part:

. . .

"(b) The suspension, expiration, or forfeiture by operation of law of a license issued by a

board in the department, or its suspension, forfeiture, or cancellation by order of the board or by

order of a court of law, or its surrender without the written consent of the board, shall not, during

any period in which it may be renewed, restored, reissued, or reinstated, deprive the board of its

authority to institute or continue a disciplinary proceeding against the licensee upon any ground

provided by law or to enter an order suspending or revoking the license or otherwise taking

disciplinary action against the licensee on any such ground.

"(c) As used in this section, 'board' includes an individual who is authorized by any

provision of this code to issue, suspend, or revoke a license, and 'license' includes 'certificate,'

'registration,' and 'permit.'"

5.     Business and Professions Code section 477 states:

"As used in this division:

"(a) 'Board' includes 'bureau,' 'commission,' 'committee,' 'department,' 'division,'

'examining committee,' 'program,' and 'agency.'

2

1    "(b) 'License' includes certificate, registration or other means to engage in a business or

2    profession regulated by this code."

3        6.    Government Code section 11460.60 states:

4    "(a) After issuing an emergency decision under this article for temporary, interim relief, the

5    agency shall conduct an adjudicative proceeding under a formal, informal, or other applicable

6    hearing procedure to resolve the underlying issues giving rise to the temporary, interim relief.

7    "(b) The agency shall commence an adjudicative proceeding under another procedure

8    within 10 days after issuing an emergency decision under this article, notwithstanding the

9    pendency of proceedings for judicial review of the emergency decision."

10                       STATUTORY & REGULATORY PROVISIONS

11       7.    Education Code section 94813 states:

12   "'Accredited' means an institution is accredited by an accrediting agency recognized by the

13   United States Department of Education."

14       8.    Education Code section 94814 states:

15   "'Accrediting agency' is an agency recognized by the United States Department of

16   Education."

17       9.    Education Code section 94900 states:

18   "(a) An institution shall maintain records of the name, address, e-mail address, and

19   telephone number of each student who is enrolled in an educational program in that institution.

20   "(b) An institution shall maintain, for each student granted a degree or certificate by that

21   institution, permanent records of all of the following:

22   "(1) The degree or certificate granted and the date on which that degree or certificate was

23   granted.

24   "(2) The courses and units on which the certificate or degree was based.

25   "(3) The grades earned by the student in each of those courses."

26   /////

27   /////

28   /////

                                    3

10.    Education Code section 94926 states:

"At least 30 days prior to closing, the institution shall notify the bureau in writing of its intention to close. The notice shall be accompanied by a closure plan, which shall include, but not necessarily be limited to, all of the following:

"(a) A plan for providing teach-outs of educational programs, including any agreements with any other postsecondary educational institutions to provide teach-outs.

"(b) If no teach-out plan is contemplated, or for students who do not wish to participate in a teach-out, arrangements for making refunds within 45 days from the date of closure, or for institutions that participate in federal student financial aid programs arrangements for making refunds and returning federal student financial aid program funds.

"(c) If the institution is a participant in federal student financial aid programs, it shall provide students information concerning these programs and institutional closures.

"(d) A plan for the disposition of student records.11.    Education Code section 94927 states:

"An institution shall be considered in default of the enrollment agreement when an educational program is discontinued or canceled or the institution closes prior to completion of the educational program. When an institution is in default, student institutional charges may be refunded on a pro rata basis if the bureau determines that the school has made provision for students enrolled at the time of default to complete a comparable educational program at another institution at no additional charge to the students beyond the amount of the total charges in the original enrollment agreement. If the institution does not make that provision, a total refund of all institutional charges shall be made to students."

12.    Education Code section 94927.5 states:

"(a) Prior to closing, an institution shall provide the bureau with the following:

"(1) Pertinent student records, including transcripts, as determined by the bureau, pursuant to regulations adopted by the bureau.

"(2) If the institution is an accredited institution, a plan for the retention of records and transcripts, approved by the institution's accrediting agency, that provides information as to how a

4

1    student may obtain a transcript or any other information about the student's coursework and

2    degrees completed.

3        "(b) Subdivision (a) applies to all private postsecondary institutions, including institutions

4    that are otherwise exempt from this chapter pursuant to Article 4 (commencing with Section

5    94874)."

6        13.    Education Code section 94934 states, in part:

7        "(a) As part of the compliance program, an institution shall submit an annual report to the

8    bureau, under penalty of perjury, signed by a responsible corporate officer, by July 1 of each year,

9    or another date designated by the bureau, and it shall include the following information for

10   educational programs offered in the reporting period:

11       . . .

12       "(9) Additional information deemed by the bureau to be reasonably required to ascertain

13   compliance with this chapter.

14       . . . ."14. Code of Regulations, title 5, section 71745 states:

15       "(a) The institution shall document that it has at all times sufficient assets and financial

16   resources to do all of the following:

17       "(1) Provide all of the educational programs that the institution represented it would

18   provide.

19       "(2) Ensure that all students admitted to its educational programs have a reasonable

20   opportunity to complete the programs and obtain their degrees or diplomas.

21       "(3) Maintain the minimum standards required by the Act and this chapter.

22       "(4) Pay timely refunds as required by Article 13 of the Act.

23       "(5) Pay all operating expenses due within 30 days.

24       "(6) Maintain a ratio of current assets to current liabilities of 1.25 to 1.00 or greater at the

25   end of the most recent fiscal year when using generally accepted accounting principles, or for an

26   institution participating in Title IV of the federal Higher Education Act of 1965, meet the

27   composite score requirements of the U.S. Department of Education.  For the purposes of this

28   section, current assets does not include: intangible assets, including goodwill, going concern

5

value, organization expense, startup costs, long-term prepayment of deferred charges, and non-returnable deposits, or state or federal grant or loan funds that are not the property of the institution but are held for future disbursement for the benefit of students. Unearned tuition shall be accounted for in accordance with general accepted accounting principles.

"(b) At an institution's request, the Bureau may consider the financial resources of a parent company if the parent company, as defined by section 94853 of the Code, meets and maintains all of the following provisions:

"(1) consents in writing to be sued in California;

"(2) consents in writing to be subject to the jurisdiction of the Bureau with respect to the institution's regulation under the Act and this Chapter;

"(3) designates and maintains an agent for service of process, consistent with section 74190;

"(4) agrees in writing to pay any refund, claim, penalty, or judgment that the institution is obligated to pay; and

"(5) files financial reports, maintains financial records, and consents in writing to permit the inspection and copying of financial records to the same extent as is required of the institution.

"(c) An institution shall provide to the Bureau its most current financial statements upon request."

15.    Code of Regulations, title 5, section 71920 states:

"(a) The institution shall maintain a file for each student who enrolls in the institution whether or not the student completes the educational service.

/////

/////

/////

/////

/////

/////

6

1    "(b) In addition to the requirements of section 94900, the file shall contain all of the

2    following pertinent student records:

3    "(1) Written records and transcripts of any formal education or training, testing, or

4    experience that are relevant to the student's qualifications for admission to the institution or the

5    institution's award of credit or acceptance of transfer credits including the following:

6    "(A) Verification of high school completion or equivalency or other documentation

7    establishing the student's ability to do college level work, such as successful completion of an

8    ability-to-benefit test;

9    "(B) Records documenting units of credit earned at other institutions that have been

10   accepted and applied by the institution as transfer credits toward the student's completion of an

11   educational program;

12   "(C) Grades or findings from any examination of academic ability or educational

13   achievement used for admission or college placement purposes;

14   "(D) All of the documents evidencing a student's prior experiential learning upon which the

15   institution and the faculty base the award of any credit;

16   "(2) Personal information regarding a student's age, gender, and ethnicity if that information

17   has been voluntarily supplied by the student;

18   "(3) Copies of all documents signed by the student, including contracts, instruments of

19   indebtedness, and documents relating to financial aid;

20   "(4) Records of the dates of enrollment and, if applicable, withdrawal from the institution,

21   leaves of absence, and graduation; and

22   "(5) In addition to the requirements of section 94900(b) of the Code, a transcript showing

23   all of the following:

24   "(A) The courses or other educational programs that were completed, or were attempted but

25   not completed, and the dates of completion or withdrawal;

26   "(B) Credit awarded for prior experiential learning, including the course title for which

27   credit was awarded and the amount of credit;

28   /////

7

1    "(C) Credit for courses earned at other institutions;

2    "(D) Credit based on any examination of academic ability or educational achievement used

3    for admission or college placement purposes;

4    "(E) The name, address, website address, and telephone number of the institution.

5    "(6) For independent study courses, course outlines or learning contracts signed by the

6    faculty and administrators who approved the course;

7    "(7) The dissertations, theses, and other student projects submitted by graduate students;

8    "(8) A copy of documents relating to student financial aid that are required to be maintained

9    by law or by a loan guarantee agency;

10    "(9) A document showing the total amount of money received from or on behalf of the

11    student and the date or dates on which the money was received;

12    "(10) A document specifying the amount of a refund, including the amount refunded for

13    tuition and the amount for other itemized charges, the method of calculating the refund, the date

14    the refund was made, and the name and address of the person or entity to which the refund was

15    sent;

16    "(11) Copies of any official advisory notices or warnings regarding the student's progress;

17    and

18    "(12) Complaints received from the student."

19    16.    Code of Regulations, title 5, section 71930 states:

20    "(a) An institution shall maintain all records required by the Act and this chapter. The

21    records shall be maintained in this state.

22    "(b)(1) In addition to permanently retaining a transcript as required by section 94900(b) of

23    the Code, the institution shall maintain for a period of 5 years the pertinent student records

24    described in Section 71920 from the student's date of completion or withdrawal.

25    "(2) Notwithstanding (b)(1), the institution shall maintain records relating to federal

26    financial aid programs as provided by federal law.

27

28

8

1    "(c) A record is considered current for three years following a student's completion or

2    withdrawal. A record may be stored on microfilm, microfiche, computer disk, or any other

3    method of record storage only if all of the following apply:

4    "(1) The record may be stored without loss of information or legibility for the period within

5    which the record is required to be maintained by the Act;

6    "(2) For a record that is current, the institution maintains functioning devices that can

7    immediately reproduce exact, legible printed copies of stored records. The devices shall be

8    maintained in reasonably close proximity to the stored records at the institution's primary

9    administrative location in California. For a record that is no longer current, the institution shall be

10   able to reproduce exact, legible printed copies within two (2) business days.

11   "(3) The institution has personnel scheduled to be present at all times during normal

12   business hours who know how to operate the devices and can explain the operation of the devices

13   to any person authorized by the Act to inspect and copy records; and

14   "(4) Any person authorized by the Act or this chapter to inspect and copy records shall be

15   given immediate access to the document reproduction devices for the purpose of inspecting and

16   copying stored records and shall, upon request, reimburse the institution for the reasonable cost of

17   using the institution's equipment and material to make copies at a rate not to exceed ten cents

18   ($0.10) per page.

19   "(d) The institution shall maintain a second set of all academic and financial records

20   required by the Act and this chapter at a different location unless the original records, including

21   records stored pursuant to subdivision (b) of this section, are maintained in a manner secure from

22   damage or loss. An acceptable manner of storage under this subsection would include fire

23   resistant cabinets.

24   "(e) All records that the institution is required to maintain by the Act or this chapter shall be

25   made immediately available by the institution for inspection and copying during normal business

26   hours by the Bureau and any entity authorized to conduct investigations.

27   "(f) If an institution closes, the institution and its owners are jointly and severally

28   responsible to arrange at their expense for the storage and safekeeping in California of all records

1  required to be maintained by the Act and this chapter for as long as those records must be

2  maintained. The repository of the records shall make these records immediately available for

3  inspection and copying, without charge except as allowed under subdivision (c)(4) of this section,

4  during normal business hours by any entity authorized by law to inspect and copy records."

5       17.    Code of Regulations, title 5, section 74110 states:

6  "(a) The annual report required by section 94934 of the Code shall include the information

7  required by section 94934 for all educational programs offered in the prior calendar year.

8       "(b) In addition to the information required by section 94934 provided under penalty of

9  perjury, the institution shall have annual financial statements prepared for the institution's prior

10  fiscal year and signed under penalty of perjury, and shall submit a hard copy under separate cover

11  of such statements in conjunction with its annual report. The form, content and mode of

12  preparation of financial statements shall comply with section 74115 of this Division. The Bureau

13  may request that the institution immediately make available for inspection to a representative of

14  the Bureau, these financial statements at the offices of the institution.

15       "(c) An institution shall file its annual report by September 1st. The Bureau may extend the

16  period for filing if the institution demonstrates evidence of substantial need but in no case longer

17  than 60 days. The institution shall not change the date of its filing its annual report because of a

18  change in the fiscal year without the Bureau's approval.

19       "(d) The annual report shall be electronically filed by submitting the information required

20  by section 94934 of the Code via the Bureau's website, electronically attaching, as directed, the

21  School Performance Fact Sheet and the school catalog. An institution without the capability to

22  submit the information electronically shall inform the Bureau not less than 45 days prior to the

23  date the information is required by subdivision (c), and receive direction on alternative means of

24  submission."

25       18.    Code of Regulations, title 5, section 74115 states:

26  "(a) This section applies to every set of financial statements required to be prepared or filed

27  by the Act or by this chapter.

28

1  "(b) A set of financial statements shall contain, at a minimum, a balance sheet, an income

2  statement, and a cash flow statement, and the preparation of financial statements, shall comply

3  with all of the following:

4  "(1) Audited and reviewed financial statements shall be conducted and prepared in

5  accordance with the generally accepted accounting principles established by the American

6  Institute of Certified Public Accountants by an independent certified public accountant who is not

7  an employee, officer, or corporate director or member of the governing board of the institution.

8  "(2) Financial statements prepared on an annual basis as required by section 74110(b) shall

9  be prepared in accordance with the generally accepted accounting principles established by the

10  American Institute of Certified Public Accountants. Nonprofit institutions shall provide annual

11  financial statements as required under generally accepted accounting principles for nonprofit

12  organizations.

13  "(3) The financial statements shall establish that the institution meets the requirements for

14  financial resources required by Section 71745.

15  "(4) If an audit performed to determine compliance with any federal or state student

16  financial aid program reveals any failure to comply with the requirements of the program and the

17  noncompliance creates any liability or potential liability for the institution, the financial

18  statements shall reflect the liability or potential liability.

19  "(5) Any audits shall demonstrate that the accountant obtained an understanding of the

20  institution's internal financial control structure, assessed any risks, and has reported any material

21  deficiencies in the internal controls.

22  "(c) Work papers for the financial statements shall be retained for five years from the date

23  of the statements and shall be made available to the Bureau upon request.

24  "(d) 'Current' with respect to financial statements means completed no sooner than 120

25  days prior to the time it is submitted to the Bureau, and covering no less than the most recent

26  complete fiscal year. If more than 8 months will have elapsed between the close of the most

27  recent complete fiscal year and the time it is submitted, the fiscal statements shall also cover no

28  less than five months of that current fiscal year."

11

19.    Code of Regulations, title 5, section 76240 states, in part:

"All institutions, including those exempt from Bureau regulation pursuant to the Code, shall do the following prior to closing:

"(a) At least 30 days prior to closing, the institution shall notify the Bureau in writing of its intention to close and provide a closure plan. The closure plan shall include:

"(1) The exact date and reason for the closure.

"(2) The last date of instruction for each educational service or program.

"(3) A list of students who were enrolled at any time during the 60 days prior to closure.

"(4) If any student will not be provided complete educational services or the educational program, the institution shall provide:

"(A) A plan for providing teach-outs or transfers, including the details of any agreements with other institutions.

"(B) If no teach-out is contemplated, or for students who do not wish to participate in a teach-out, arrangements for making refunds within 45 days from the date of closure, or for institutions that participate in federal student financial aid programs arrangements for making refunds and returning federal student financial aid program funds.

"(5) A plan for the disposition of student records.

"(6) A plan to notify students of their rights and options under the Act and this chapter.

". . . ."

20.    Code of Federal Regulations, title 34, section 668.24 states, in part:

". . .

"(c) Required records.

"(1) The records that an institution must maintain in order to comply with the provisions of this section include but are not limited to—

"(i) The Student Aid Report (SAR) or Institutional Student Information Record (ISIR) used to determine eligibility for title IV, HEA program funds;

"(ii) Application data submitted to the Secretary, lender, or guaranty agency by the institution on behalf of the student or parent;

12

1   "(iii) Documentation of each student's or parent borrower's eligibility for title IV, HEA

2   program funds;

3   "(iv) Documentation relating to each student's or parent borrower's receipt of title IV, HEA

4   program funds, including but not limited to documentation of—

5   "(A) The amount of the grant, loan, or FWS award; its payment period; its loan period, if

6   appropriate; and the calculations used to determine the amount of the grant, loan, or FWS award;

7   "(B) The date and amount of each disbursement or delivery of grant or loan funds, and the

8   date and amount of each payment of FWS wages;

9   "(C) The amount, date, and basis of the institution's calculation of any refunds or

10  overpayments due to or on behalf of the student, or the treatment of title IV, HEA program funds

11  when a student withdraws; and

12  "(D) The payment of any overpayment or the return of any title IV, HEA program funds to

13  the title IV, HEA program fund, a lender, or the Secretary, as appropriate;

14  "(v) Documentation of and information collected at any initial or exit loan counseling

15  required by applicable program regulations;

16  "(vi) Reports and forms used by the institution in its participation in a title IV, HEA

17  program, and any records needed to verify data that appear in those reports and forms; and

18  "(vii) Documentation supporting the institution's calculations of its completion or

19  graduation rates under §§ 668.46 and 668.49.

20  "(2) In addition to the records required under this part—

21  "(i) Participants in the Federal Perkins Loan Program shall follow procedures established in

22  34 CFR 674.19 for documentation of repayment history for that program;

23  "(ii) Participants in the FWS Program shall follow procedures established in 34 CFR 675.19

24  for documentation of work, earnings, and payroll transactions for that program; and

25  "(iii) Participants in the FFEL Program shall follow procedures established in 34 CFR

26  682.610 for documentation of additional loan record requirements for that program.

27  /////

28  /////

13

1   "(d) General.

2   . . .

3   "(4) If an institution closes, stops providing educational programs, is terminated or

4   suspended from the title IV, HEA programs, or undergoes a change of ownership that results in a

5   change of control as described in 34 CFR 600.31, it shall provide for—

6   "(i) The retention of required records; and

7   "(ii) Access to those records, for inspection and copying, by the Secretary or the Secretary's

8   authorized representative, and, for a school participating in the FFEL Program, the appropriate

9   guaranty agency.

10  "(e) Record retention. Unless otherwise directed by the Secretary—

11  "(1) An institution shall keep records relating to its administration of the Federal Perkins

12  Loan, FWS, FSEOG, Federal Pell Grant, ACG, National SMART Grant, or TEACH Grant

13  Program for three years after the end of the award year for which the aid was awarded and

14  disbursed under those programs, provided that an institution shall keep—

15  "(i) The Fiscal Operations Report and Application to Participate in the Federal Perkins

16  Loan, FSEOG, and FWS Programs (FISAP), and any records necessary to support the data

17  contained in the FISAP, including "income grid information," for three years after the end of the

18  award year in which the FISAP is submitted; and

19  "(ii) Repayment records for a Federal Perkins loan, including records relating to

20  cancellation and deferment requests, in accordance with the provisions of 34 CFR 674.19;

21  "(2)(i) An institution shall keep records relating to a student or parent borrower's eligibility

22  and participation in the FFEL or Direct Loan Program for three years after the end of the award

23  year in which the student last attended the institution; and

24  "(ii) An institution shall keep all other records relating to its participation in the FFEL or

25  Direct Loan Program, including records of any other reports or forms, for three years after the end

26  of the award year in which the records are submitted; and

27

28

14

1    "(3) An institution shall keep all records involved in any loan, claim, or expenditure

2    questioned by a title IV, HEA program audit, program review, investigation, or other review until

3    the later of—

4        "(i) The resolution of that questioned loan, claim, or expenditure; or

5        "(ii) The end of the retention period applicable to the record.

6        . . . ."

7                                    COST RECOVERY

8        21.    Business and Professions Code section 125.3 provides, in part, that the Board may

9    request the administrative law judge to direct a licentiate found to have committed a violation or

10   violations of the licensing act to pay a sum not to exceed the reasonable costs of the investigation

11   and enforcement of the case, with failure of the licentiate to comply subjecting the license to not

12   being renewed or reinstated.  If a case settles, recovery of investigation and enforcement costs

13   may be included in a stipulated settlement.

14                                   FACTUAL BACKGROUND

15   *I.*    ***Respondent Fails to  Produce Current Financial Statements***

16       22.    On July 7, 2014, CCI entered into an Operating Agreement with the USDOE that,

17   among other things, required CCI to produce certain documents by specified deadlines, teach out

18   and close twelve (12) of its schools, and pursue selling the remainder of its Title IV-eligible

19   schools.

20       23.    On September 16, 2014, CCI filed with the United States Securities and Exchange

21   Commission a Form 10-K stating an inability to produce current financial statements:

22       The efforts required to comply with the terms of the Operating Agreement have
         put significant constraints on [CCI's] resources, **preventing it from obtaining**
23       **and compiling the information required to complete and file its Annual**
         **Report on Form 10-K for the fiscal year ended June 30, 2014**. . . . In addition,
24       the uncertain outcome of the school sales that [CCI] is pursuing creates
         **uncertainties regarding the valuation of [CCI's] assets, as well as its financial**
25       **condition and results of operations as of and for the fiscal year ended June**
         **30, 2014.**[1]
26

27   ───────────────────────
     [1]  https://www.sec.gov/Archives/edgar/data/1066134/000110465914066574/a14-
28   17861_4nt10k.htm (emphasis added)

                                            15

24.    As of July 9, 2014, Everest College began notifying its students of a possible sale of the school.  Respondent also informed its institutions' students about pending state and federal regulatory investigations, warning "[I]f an enforcement action is taken, it could negatively impact our ability to operate this school and your ability to complete your program at this school as expected."  Respondent also requested that its institutions' students confirm, by signature, receipt of this caveat before signing enrollment agreements.

25.    Under Education Code section 94934, Respondent is required  to provide the Bureau with its current financial statements no later than September 1 for each year.  "Current," in describing financial statements, "means completed no sooner than 120 days prior to the time it is submitted to the Bureau, and covering no less than the most recent complete fiscal year."  Cal. Code Regs., title 5, § 74115, subd. (d).

26.    Respondent did not submit current financial statements by September 1, 2014, and indicated it could not produce current financial statements.  Specifically, on December 24, 2015, Bureau Compliance Inspector Brian Brisco conducted a review of the consolidated financial statements that Respondent had most recently submitted for Everest College and WyoTech. Based on his review, Compliance Inspector Brisco found that Respondent did not submit "current" financial statements.  Rather, the financial statements Respondent offered were for the 2012- 2013 fiscal year and were prepared on September 3, 2013.

27.    On December 23, 2014, Bureau Compliance Manager Wayne Brenner sent an email to CCI's Vice President of Accreditation and Licensing, John Andrews, requesting a copy of Respondent's most recent audited financial statements.  On December 31, 2014, Mr. Andrews responded via an email indicating that Respondent was not able to provide current financial statements:

> As previously disclosed in a Report on Form 8-K filed with the [SEC], on July 7, 2014, [CCI] entered into an Operating Agreement, subsequently amended [] with the [USDOE] which became effective July 8, 2014, and which, among other things, required [CCI] to produce certain documents within certain time periods, provide certain financial and other information to an independent Monitor and subject a large part of the Company's operations and financial activities oversight by that Monitor, teach out and close 12 of its schools, and pursue selling the remainder of its Title IV-eligible schools. The efforts required to comply with the terms of the Operating Agreement have put significant constraints on [CCI's]

16

**resources, preventing it from obtaining and compiling the information required to complete and file its Annual Report on Form 10-K for the fiscal year ended June 30, 2014 in a timely manner.**[2]

28.     Between January 2015 and February 2015, the Bureau conducted unannounced compliance inspections of the eleven (11) Everest and two (2) WyoTech campuses referenced by institution code in the caption of this Second Amended Accusation.  During those inspections, the institutions failed to and could not provide current financial statements as required by Code of Regulations, title 5, section 74115, subdivision (d).

### II.     Regulatory Action by the United States Department of Education

29.     On March 3, 2015, the USDOE issued a Letter Of Credit Request to Jack Massimino, which allows CCI to continue to participate in Title IV provided that it posts an irrevocable letter of credit in the amount of $34,506,372.

30.     On April 14, 2015, the USDOE issued a Notice Of Intent To Fine Heald College. Non-party Heald College is owned by CCI.  Through the Notice, the USDOE fined Heald College $29,665,000.00 based on findings that Heald College failed to meet the fiduciary standard of conduct by misrepresenting its placement rates to current and prospective students and its accreditors and by failing to comply with federal regulations requiring the complete and accurate disclosure of its placement rates.

### III.     The Bureau Issues an Emergency Decision and  Commences This Disciplinary Action; CCI Closes is Campuses and Files for Bankruptcy

31.     On April 17, 2015, the Bureau issued Respondent a Notice Of Emergency Decision, pursuant to Code of Regulations, title 5, section 75150, subdivision (d) and Government Code section 11460.50.  This Notice informed Respondent that, effective at the close of business on April 23, 2015, an Emergency Decision would be issued requiring that Respondent "cease enrollment of any new students in all programs" at the Everest College and WyoTech campuses referenced by institution code in the caption of this Second Amended Accusation.  Pursuant to Code of Regulations, title 5, section 75150, subdivision (f), the Bureau offered Respondent the

---

[2]  Emphasis added.

1    opportunity to state its opposition to the Emergency Decision at a hearing on April 22 before the

2    Director of Consumer Affairs.  Respondent declined to be heard.  The Bureau's Emergency

3    Decision became effective on April 23, 2015.

4        32.    As part of its Emergency Decision, and pursuant to Government Code section

5    11460.60, subdivisions (a) and (b), on April 24, 2015, the Bureau filed and served an Accusation

6    against Respondent.  The Accusation did not seek revocation or suspension of Respondent's

7    approvals to operate.  Instead, it sought an order sustaining the Bureau's Emergency Decision

8    and requiring Respondent to pay the Bureau's reasonable investigative and enforcement costs.

9    Two days later, on April 26, CCI announced the immediate closure of all of its institutions.

10   Nearly a week later, on May 4, CCI filed a voluntary chapter 11 petition in the Bankruptcy Court

11   for the District of Delaware (Case No. 15-10952).  The petition lists assets of approximately

12   $19.2 million and liabilities of $143.1 million.

13                         FIRST CAUSE FOR DISCIPLINE
                        (Possession of Sufficient Financial Resources)
14          (Cal. Code Regs., title 5, §§ 71745, subds. (a) and (b), and 74115, subd. (b)(3))

15       33.    Respondent has subjected its approvals to operate to disciplinary action for failing or

16   being unable to demonstrate that its institutions meet the requirements for financial resources

17   required by Code of Regulations, title 5, section 71745, subdivisions (a) and (b).  The

18   circumstances are set forth in paragraphs 22 through 32, above.

19
                          SECOND CAUSE FOR DISCIPLINE
20                     (Failure to Provide Financial Statements Upon Request)
              (Educ. Code § 94934, subd. (a)(9); Cal. Code Regs., title 5, §§ 71745, subd. (c);
21                          74110, subd. (b) and (c); and 74115)

22       34.    Respondent has subjected its approvals to operate to disciplinary action for failing to

23   produce "current" financial statements.  (Educ. Code § 94934, subd. (a)(9); Cal. Code Regs., title

24   5, §§ 71745, subd. (c); 74110, subd. (b) and (c); and 74115).  The circumstances are set forth in

25   paragraphs 22 through 32, above.

26   /////

27   /////

28   /////

                                      18

### THIRD CAUSE FOR DISCIPLINE
(Failure to Provide Notice of Intention to Close and Closure Plan)
(Educ. Code § 94926, subds. (a), (b), and (d), and
Cal. Code Regs., title 5, § 76240, subd. (a))

35.     Respondent has subjected its approvals to operate to disciplinary action for failing to notify the Bureau in writing, at least 30 days prior to closing, of its intention to close its institutions or provide a closure plan; offering a plan for providing teach-outs of educational programs; making arrangements for refunds within 45 days from the date of closure; making arrangements for refunds and returning federal student financial aid program funds; and making a plan for disposition of student records. (Educ. Code § 94926, subds. (a), (b), and (d), and Cal. Code Regs., title 5, § 76240, subd. (a)).

### FOURTH CAUSE FOR DISCIPLINE
(Default of Enrollment Agreement)
(Educ. Code § 94927)

36.     Respondent has subjected its approvals to operate to disciplinary action for failing to make a total refund of all institutional charges to students. (Educ. Code § 94927).  In particular, Respondent's institutions are in default, pursuant to Section 94927, because their educational programs are discontinued or canceled and its institutions closed prior to completion of their educational programs.  In addition, the Bureau did not determine that Respondent's institutions have made provision for students enrolled at the time of default to complete a comparable educational program at another institution at no additional charge to the students beyond the amount of the total charges in the original enrollment agreement.  Accordingly, pursuant to Section 94927, Respondent was required to make a total refund of all institutional charges to its students.  Respondent, however, failed to refund these charges to its students.

### FIFTH CAUSE FOR DISCIPLINE
(Failure to Provide Records)
(Educ. Code § 94927.5, subds. (a)(1) and (b) and
Cal. Code Regs., title 5, § 71920 and 76240, subd. (a)(5))

37.     Respondent has subjected its approvals to operate to disciplinary action for failing to provide the Bureau with pertinent student records, including transcripts, prior to closure of Respondent's institutions. (Educ. Code § 94927.5, subds. (a)(1) and (b) and Cal. Code Regs.,

19

1  title 5, § 71920 and 76240, subd. (a)(5)).  To date, Respondent has failed to provide the Bureau

2  with any student records.

3                              SIXTH CAUSE FOR DISCIPLINE
          (Failure to Provide a Plan for Retention of Records and Transcripts)
4                      (Educ. Code § 94927.5, subds. (a)(2) and (b))

5        38.    Respondent has subjected its approvals to operate to disciplinary action for failing to

6  provide a plan for the retention of records and transcripts, approved by its institutions' accrediting

7  agency, that provides information on how a student may obtain a transcript or any other

8  information about the student's coursework and degrees completed.  (Educ. Code § 94927.5,

9  subds. (a)(2) and (b)).

10

11                           SEVENTH CAUSE FOR DISCIPLINE
                               (Failure to Maintain Records)
          (Educ. Code § 94900; Cal. Code Regs., title 5, §§ 71920 and 71930;
12                       and 34 CFR 668.24, subds. (c), (d), and (e))

13       39.    Respondent has subjected its approvals to operate to disciplinary action for failing to

14  arranging at its expense for the storage and safekeeping in California of all records required to be

15  maintained by the California Private Postsecondary Education Act of 2009 and applicable

16  regulations for as long as those records must be maintained.  (Educ. Code § 94900; Cal. Code

17  Regs., title 5, §§ 71920 and 71930; and 34 CFR 668.24).

18       40.    In particular, Code of Regulations, title 5, section 71930 states that institutions must

19  permanently maintain transcripts, as required by Education Code section 94900, subdivision (b);

20  maintain for a period of five years the pertinent student records described in Code of Regulations,

21  title 5, section 71920; and maintain records relating to federal financial aid programs as provided

22  by federal law.  Yet Respondent has informed the Bureau that it intends to abandon its files and

23  documents, including records that must be maintained by law.

24  /////

25  /////

26  /////

27  /////

28  /////

                                        20

1

PRAYER

2  WHEREFORE, Complainant requests that a hearing be held on the matters herein alleged,

3  and that following the hearing, the Director of the Department of Consumer Affairs issue a

4  decision:

5  1.  Revoking or suspending Respondent's institution code numbers 0102871, 1900741,

6  1900731, 1904031, 1904591, 1913561, 1917331, 1924201, 3000221, 3303781, 3600141,

7  3601871, and 98946206;

8  2.  Ordering Respondent to pay the Bureau for Private Postsecondary Education the

9  reasonable costs of the investigation and enforcement of this case; and

10  3.  Taking such other and further action as deemed necessary and proper.

11

12

13  DATED: ___7/29/15___

14  JOANNE WENZEL
Chief

15  Bureau for Private Postsecondary Education
Department of Consumer Affairs

16  State of California
*Complainant*

17

18  SF2015900232

19

20

21

22

23

24

25

26

27

28

21

**Approval to Operate Institution Code Numbers (continued from caption):**

1913561 (12801 Crossroads Pkwy South, City of Industry, CA 91746);

1917331 (3000 S. Robertson Blvd., Ste. 300, Los Angeles, CA 90034);

1924201 (1231 Cabrillo Ave., Ste. 201, Torrance, CA 90501);

3000221 (511 N. Brookhurst St., Ste. 300, Anaheim, CA 92801);

3303781 (1819 S. Excise Ave., Ontario, CA 91761-8525);

3600141 (217 E. Club Center Dr., #A, San Bernardino, CA 92408);

3601871 (1460 S. Millikin Ave., Ontario, CA 91761);

98946206 (500 Santa Ana Blvd., Santa Ana, CA 92701);

0102871 (200 Whitney Pl., Fremont, CA 94539); and

1904031 (2161 Technology Pl., Long Beach, CA 90810)