**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Hearing Date:  Aug. 26, 2015 at 1:00 p.m. (ET)** |
| | § | **Obj. Deadline:  Aug. 17, 2015 at 4:30 p.m. (ET)** |

------------------------------------------------------------

**DEBTORS' MOTION TO EXTEND THE DEADLINE BY**
**WHICH THE DEBTORS MAY REMOVE CIVIL ACTIONS**

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") hereby file this motion (the "**Motion**") for entry of an order, pursuant to 28 U.S.C. § 1452 and rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), extending the deadline by which the Debtors may file notices of removal under Bankruptcy Rule 9027(a) (the "**Removal Deadline**") by approximately ninety (90) days[2] from August 3, 2015 through and including November 2, 2015. In support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).  The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2]   The day that is exactly ninety (90) days following August 3, 2015 is November 1, 2015, a Sunday; November 2, 2015 is the next business day.

**JURISDICTION & VENUE**

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).[3]

**GENERAL BACKGROUND**

1.      On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

2.      On May 13, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors (the "**Creditors' Committee**").  Additionally, the U.S. Trustee appointed an official committee of student creditors (the "**Student Committee**") on May 15, 2015.

3.      Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the *Declaration of William J. Nolan in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10] (the "**First-Day Declaration**").

4.      Corinthian was founded in February 1995, and through acquisitions became one of the largest for-profit post-secondary education companies in the United States and Canada. Corinthian offered career-oriented diploma and degree programs in diverse fields such as health care, business, criminal justice, transportation technology and maintenance, construction trades,

---

[3]    Under rule 9013-1(f) of the Local Rules, the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

RLF1 12700094v.1

and information technology.  As of March 31, 2014, Corinthian operated over 100 campuses and provided educational opportunities to more than 74,000 students and had more than 10,000 employees.  It also offered degrees online.

5.      Among its acquisitions, in January 2010, Corinthian purchased Heald Capital, LLC, a Delaware limited liability company ("**Heald**").  Heald, through its subsidiaries, operated Heald College, a 150 year old regionally accredited institution with 12 campuses offering associate degree curricula in, among other fields, healthcare, business, legal, and information technology.

6.      Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the First Day Declaration.

## RELIEF REQUESTED

7.      By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 9006(b), extending the Removal Deadline through and including November 2, 2015.  The Debtors respectfully request that the proposed Removal Deadline of November 2, 2015 apply to all matters specified in Bankruptcy Rules 9027(a)(2) and (3).

## BASIS FOR RELIEF REQUESTED

8.      28 U.S.C. § 1452 and Bankruptcy Rule 9027 govern the removal of pending civil actions.  Specifically, Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

9.      Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Bankruptcy Rule 9027(a)(2).

10.     Bankruptcy Rule 9006(b) provides that the court may extend unexpired time periods, such as the Debtor's removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Bankruptcy Rule 9006(b).

11.     It is well-settled, in this District and others, that this Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027.  See Pacor, Inc. v. Higgins, 743 F.2d 984, 996 n.17 (3d Cir. 1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 134-35 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); see also Caperton v. A.T. Massey Coal Co., Inc., 251 B.R. 322, 325 (S.D. W.Va. 2000) (explaining that Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); Raff v. Gordon, 58 B.R. 988, 990 (E.D. Pa. 1986) (providing that an expansion of time to file notices of removal is authorized under the Bankruptcy Rules); In re Jandous Elec. Constr. Corp., 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (finding that the period in which to file motion to remove may be expanded pursuant to

4

Bankruptcy Rule 9006); In re World Fin. Servs. Ctr., Inc., 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (finding that the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

12.     The Debtors are party to certain civil actions for which they have not yet made a decision as to whether removal is appropriate.  Accordingly, the Debtors believe that it is prudent to seek an extension of the time prescribed under Bankruptcy Rule 9027(a), through and including November 2, 2015, to protect their rights to remove those civil actions if they deem removal to be appropriate.  The extension sought will afford the Debtors additional time to determine whether to remove any pending civil action and will assure that the Debtors do not forfeit valuable rights under 28 U.S.C. § 1452.  Further, the rights of the Debtors' adversaries will not be prejudiced by such an extension because any party to an action that is removed may seek to have it remanded to the state court pursuant to 28 U.S.C. § 1452(b).

13.     From the Petition Date until now, the Debtors have addressed the most immediate issues in the case, such as the selling of assets, assuming and rejecting executory contracts and drafting a plan of liquidation.  During this truncated time period, the Debtors have continued to assess the various civil actions to which they are a party; however, the Debtors have yet to finish their analysis as to whether any pending actions should be removed.  As a result, the Debtors submit that cause exists to extend the time within which the Debtors must remove claims and actions.

14.     The Debtors further request that the order approving this Motion be without prejudice to (a) any position that the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any given civil action pending against the Debtors and (b) the

5

right of the Debtors to seek further extensions of the period in which it may remove civil actions pursuant to Bankruptcy Rule 9027.

15.     For the reasons stated above, the Debtors submit that the relief requested herein is in their best interests, as well as in the best interests of their estates and creditors.

## NOTICE

16.     The Debtors will provide notice of this Motion to:  (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Student Committee; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (v) the Department of Education; and (vi) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002.

17.     The Debtors submit that no other or further notice is necessary under the circumstances.

## NO PRIOR MOTION

18.     The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit A, extending the Removal Deadline through and including November 2, 2015.

Dated: August 3, 2015
Wilmington, Delaware

/s/ Marisa A. Terranova
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marisa A. Terranova (No. 5396)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email:  collins@rlf.com
merchant@rlf.com
terranova@rlf.com
steele@rlf.com

Attorneys for the Debtors and Debtors in Possession

RLF1 12700094v.1