## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |
| | § **Hearing Date: Aug. 26, 2015 at 10:00 a.m. (ET)** | |
| | § **Response Deadline: Aug. 18, 2015 at 4:00 p.m.(ET)** | |

-------------------------------------------------------------

## DEBTORS' OMNIBUS OBJECTION TO
## DISPUTED CLAIMS SOLELY FOR VOTING PURPOSES

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") hereby object to the asserted amount of the disputed claims (collectively, the "**Claims**") of the claimants as set forth on <u>Exhibit A</u> hereto (collectively, the "**Claimants**"), solely for purposes of voting to accept or reject the *Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 655] (the "**Plan**"). In support of the Objection, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

## JURISDICTION & VENUE

1.     This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).[2]

## GENERAL BACKGROUND

2.     On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

3.     On May 13, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors (the "**Creditors' Committee**").  Additionally, the U.S. Trustee appointed an official committee of student creditors (the "**Student Committee**") on May 15, 2015.

4.     Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the *Declaration of William J. Nolan in Support of the Debtors' Chapter 11 Petitions and First Day Objections* [Docket No. 10].

## LEGAL BASIS FOR RELIEF REQUESTED

### A.     The Solicitation Procedures Order

5.     On July 1, 2015, the Debtors filed the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 520].  On July 27, 2015, the Debtors

---

[2]     Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware, the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Objection if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

RLF1 12670377v.1

filed an amended and modified version of the Plan and combined disclosure statement (the "**Disclosure Statement**") incorporating certain comments received by interested parties.   On July 27, 2015, the Court entered an order approving the Disclosure Statement and various procedures regarding the solicitation and tabulation of votes in connection with the Plan [Docket No. 658] (the "**Solicitation Procedures Order**").

    6. Paragraph 7(a) of the Solicitation Procedures Order provides, in general, that creditors are entitled to vote in favor or against the Plan in the amount of their timely filed proof of claim.   However, because such claims have not been allowed by the Court, and consistent with Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),[3] paragraphs 6 and 7(a) of the Solicitation Procedures Order only entitle a creditor to vote in the amount of their timely filed proof of claim if the Debtors (or other party in interest) have not objected to the allowance thereof.   The purpose of paragraphs 6 and 7(a) of the Solicitation Procedures Order is to prevent contingent or disputed creditors who may not ultimately have allowed claims in these chapter 11 cases in an amount near the amount asserted in their proofs of claim, or at all, from exercising undue voting weight in connection with the Plan.   The Debtors have identified the Claimants as these such creditors.

**B.** **The Claims**

    7. The Debtors and their advisors have reviewed the proofs of claim filed in these chapter 11 cases and have identified two types of claims to object to solely for voting purposes.   First, eight (8) of the Claims set forth on Exhibit A are claims that arise from litigation or other investigations of wrongdoing against the Debtors (collectively, the "**Disputed,**

---

[3] Bankruptcy Rule 3018(a) provides, in relevant part, that "Notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting the plan."

**Unliquidated and Contingent Claims**").  The Debtors dispute the allegations asserted in the Disputed, Unliquidated and Contingent Claims and prior to the Petition Date actively contested such allegations.  In addition, no judgments have been entered against the Debtors with respect to the allegations contained in the Disputed, Unliquidated and Contingent Claims.  The remaining five (5) Claims are alleged claims for which no supporting documentation was attached to the Claims (collectively, the "**No Supporting Documentation Claims**").  As a result, the Debtors are unable to fully evaluate the basis for the No Supporting Documentation Claims. In addition, looking at the minimal information provided on the proofs of claim, the Debtors dispute the basis, if any, asserted in the No Supporting Documentation Claims.

8.     As set forth above, at best, the Claims are either contingent, unliquidated or disputed.   Accordingly, the Debtors propose that the Claimants be entitled to vote on the Plan in the amount of $1.00 similarly to those creditors who timely filed proofs of claim that are marked on their face as contingent, unliquidated or disputed.  *See* Solicitation Procedures Order ¶ 7(c) ("If a claim for which a proof of claim has been timely filed … is marked or otherwise referenced on its face as contingent, unliquidated or disputed … such claim shall be temporarily allowed solely for voting purposes in the amount of $1.00 ….").

## <u>RESERVATION OF RIGHTS</u>

9.     While the Debtors have performed an initial review of the Claims, the Debtors have not completed this process.  Therefore, the Debtors seek to allow the Claims at $1.00 solely for purposes of voting to accept or reject the Plan.  The Debtors reserve all of their rights to object to the Claims on any and all procedural and substantive grounds at a later time. At the same time, allowance of the Claims for voting purposes as a result of this Objection would

not affect the right of the Claimants to assert the full amount set forth in their respective proofs of claim for purposes of distributions under the Plan.

## **NOTICE**

10.       The Debtors will provide notice of this Objection to:  (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Student Committee; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (v) the Department of Education; (vi) the Internal Revenue Service; (vii) the Securities and Exchange Commission; (viii) the United States Attorney for the District of Delaware; (ix) the Claimants; and (x) all parties entitled to notice of this Objection pursuant to Bankruptcy Rule 2002.

11.       The Debtors submit that no other or further notice is necessary under the circumstances.

RLF1 12670377v.1

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B, (a) allowing the Claims in the proposed amounts set forth herein solely for purposes of voting on the Plan and (b) any other relief as is just and proper.

Dated: August 4, 2015
          Wilmington, Delaware

/s/ Amanda R. Steele
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marisa A. Terranova (No. 5396)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email: collins@rlf.com
          merchant@rlf.com
          terranova@rlf.com
          steele@rlf.com

Attorneys for the Debtors and Debtors in Possession