IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, *et al.*, | Case No. 15-10952 (KJC) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: August 26, 2015 @ 1:00 p.m. (ET) |
| | Obj. Deadline: August 19, 2015 @ 4:00 p.m. (ET) |

**BB&S DEVELOPMENT, LLC'S MOTION FOR RELIEF FROM
THE AUTOMATIC STAY TO PERMIT BB&S TO IMMEDIATELY APPLY
DEBTOR'S SECURITY DEPOSIT TO ITS CLAIM**

BB&S Development, LLC ("**BB&S**"), landlord at certain real property located at 6035 NE 78th Court, Portland, Oregon, 97218 (the "**Property**"), by and through its undersigned counsel, moves the Court under 11 U.S.C. § 362(d)(1) for relief from the automatic stay to set off part of the prepetition debt Heald College, LLC, one of the above-captioned debtors (the "**Debtor**"), owes to BB&S against the Debtor's security deposit (the "**Security Deposit**"). BB&S's claim against the Debtor is comprised of unpaid prepetition rent and statutory lease rejection damages. BB&S requests the Court's authority to apply the security deposit to its claim immediately. BB&S's motion is supported by the Declaration of Gary W. Stachlowski attached as Exhibit 1 and the following representations:

## BACKGROUND

1. BB&S and Debtor entered into a lease agreement dated August 6, 2008 (the "**Lease**"), whereby Debtor leases the Property from BB&S. BB&S and Debtor entered a lease amendment dated September 1, 2014 (the "**Amendment**"). Copies of the Lease and Amendment are attached as Exhibits 2 and 3, respectively.

2. Under the Lease and Amendment, Debtor agreed to lease the Property from BB&S through December 31, 2018. Debtor agreed to pay to BB&S base rent and additional rent (collectively, "**Rent**") on a monthly basis for the entire term of the Lease.

7978098/

3. Pursuant to section 4(d) of the Lease, Debtor paid to BB&S a security deposit equal to the last month's rent under the Lease (the "**Security Deposit**"). The Security Deposit, presently held by BB&S, totals $62,863.97. Declaration of Gary W. Stachlowski, ¶ 4.

4. On May 4, 2015, Debtor (along with multiple related entities) filed a voluntary petition (the "**Petition Date**").

5. On May 6, 2015, Debtor filed a motion to reject the Lease. Docket No. 46. On May 29, 2015, the Court entered an order approving the rejection of the Lease, *nunc pro tunc* to May 15, 2015. Docket No. 234.

6. BB&S has retained Colliers International to market the Property for lease to a replacement tenant. BB&S has been actively marketing the Property at all times since it learned that Debtor would be relinquishing its tenancy at the Property. Presently, no replacement tenant has been located. Declaration of Gary W. Stachlowski, ¶ 3.

## BB&S'S CLAIM

7. BB&S timely filed two proofs of claim. Claim No. 2397 in the amount of $738,556.26 represents BB&S's lease rejection damages under 11 U.S.C. § 502(b)(6).[1] Claim No. 2715 in the amount of $5,897.05 represents prepetition arrearage in Debtor's payment of Rent.

8. As is set forth above, despite commercially reasonable efforts, BB&S has been unable to locate a replacement tenant for the Property. As of July 31, 2015, the "lost rent" damages incurred by BB&S as a result of Debtor's breach of their lease for the Property total $176,911.46 (based on agreed-upon current monthly rental rate of $57,529.44 per month and monthly CAM charge of $3,406.73). Damages will continue to accrue. Declaration of Gary W. Stachlowski, ¶ 5.

---

[1] BB&S calculated its lease rejection damages based on one year of post-petition rent.

7978098/

2

**RELIEF REQUESTED**

9. BB&S's motion seeks entry of an order substantially in the form attached hereto, granting it relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1) to allow BB&S to immediately apply Debtor's security deposit to BB&S's prepetition claim for accrued Rent and lease rejection damages.

**BASIS FOR RELIEF REQUESTED**

10. Under section 4(d) of the Lease, BB&S is obligated to return the Security Deposit to Debtor within 30 days of termination of the Lease. However, in the event of a breach of the Lease, that same section gives BB&S the right to apply all or part of the Security Deposit to the damages resulting from the breach. However, any action by a creditor to setoff a debt owing to the debtor that arose prior to the debtor's filing of its bankruptcy petition against a debt owed by the debtor is subject to the automatic stay. 11 U.S.C. § 362(a)(7). Accordingly, BB&S seeks relief from the automatic stay to exercise its right under the Lease to apply the Security Deposit to its prepetition[2] claim.

11. Under section 362(d)(1) of the Bankruptcy Code this Court may grant a party relief from the automatic stay for "cause." 11 U.S.C. § 362(d)(1). Because "cause" is not defined in the Bankruptcy Code, whether relief should be granted is to be determined based on the facts of each case. *See In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999). Bankruptcy courts have consistently found a creditor's desire to exercise a setoff right constitutes "cause" for relief from the automatic stay. *See e.g.,* 11 U.S.C. § 553(a) (listing section 362 as one of the few exceptions to a creditor's setoff right); *In re Garden Ridge Corp.*, 338 B.R. 627, 631-32 (Bankr. D. Del. 2006); *Official Comm. of Unsecured Creditors v. Mfr. and Traders Trust Co. (In re Bennett Funding Group, Inc.)*, 146 F.3d 136, 140-41 (2d Cir. 1998) (holding that the bankruptcy court did not abuse its discretion by lifting the automatic stay to allow bank to exercise right of

---

[2] Claims for lease rejection damages are deemed to arise prepetition, despite the fact that rejection takes place after commencement of the bankruptcy case. *See, e.g., In re Telligenix Corp.*, 436 B.R. 211, 213 (Bankr. M.D. Fla. 2010).

7978098/

3

setoff). Sufficient "cause" exists to grant relief from stay so that BB&S can exercise its contractual right under the Lease to apply the Security Deposit to its claim.

12. The issue of a landlord's right to apply a security deposit of a debtor who has defaulted on a lease is well settled. *In re PPI Enterprises (U.S.), Inc.* 324 F.3d 197, 208 (3rd Cir. 2003) ("the prevailing view … favors deduction of a security deposit from the § 502(b)(6) cap of a landlord's claim"); *In re APF Co.*, 270 B.R. 363, 264-65 (Bankr. D. Del. 2001) ("Cases have uniformly held that security deposits held by the landlord or applied by the landlord after the termination of the lease will be deducted from that landlord's § 502(b)(6) claim") (Citations Ommitted); *In re PYXSYS Corp.*, 288 B.R. 309, 319 (Bankr. D. Mass. 2003) ("Regarding the security deposit, it is clearly the case that Congress intended the amount of a security deposit to be applied to a landlord's pre-petition claims, whether by way of lease arrearages or lease rejection damages."). BB&S has a right to apply the Security Deposit to its claim.

13. BB&S's claim greatly exceeds the amount of the Security Deposit. The total amount of BB&S's prepetition claim, representing Rent arrearages and rejections damages is $744,453.31. That amount is more than 10 times the amount of the Security Deposit ($62,863.97). While BB&S would have an obligation to reduce its claim by any amount it mitigates its damages, even if BB&S found a replacement tenant today (which it has not), the amount of lost rent that has accrued through July 31, 2015 ($176,911.46) is nearly 3 times the amount of the Security Deposit. There is no reasonable basis to delay BB&S's right to apply the Security Deposit as its final approved claim will unquestionably exceed the amount of the Security Deposit.

14. While the authority allowing a landlord to apply its security deposit is clear, BB&S alternatively seeks authority pursuant to 11 U.S.C. § 553 to offset its security deposit against its claim. Section 553 permits a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the bankruptcy case where the following four conditions exist:

      (i)     the creditor holds a "claim against the debtor that arose before the commencement of the case;

      (ii)    the creditor owes a debt to the debtor that also arose before the commencement of the case;

      (iii)   the claim and debt are mutual; and

      (iv)   the claim and debt are each valid and enforceable.

11 U.S.C. § 553(a). Each of these conditions are met in this case. BB&S's claim for Rent arrearages arose prepetition; BB&S's claim for lease rejection damages is deemed to have arisen prepetition. *See, e.g., In re Telligenix Corp.*, 436 B.R. at 213. Under the plain language of section 4(d) of the Lease, BB&S owes a debt (the Security Deposit) to Debtor.

    **WHEREFORE**, BB&S respectfully requests entry of an order: (1) authorizing BB&S to immediately apply the Security Deposit to its claim, and (2) granting BB&S such further relief as is just and proper.

Dated: August 5, 2015

**MORRIS JAMES LLP**

_/s/ Eric J. Monzo_
Eric J. Monzo (DE Bar No. 5214)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: emonzo@morrisjames.com

-and-

Daniel C. Peterson
**COSGRAVE VERGEER KESTER LLP**
500 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019
Email: dpeterson@cosgravelaw.com
*Attorneys for BB&S Development, LLC*

7978098/