**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC.,[1] | Case No. 15-10952 |
| Debtors. | (Jointly Administered) |
| | Docket Ref. No. 638 |

**THOMAS EDUCATION VENTURES, LLC'S OBJECTION TO DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO SELL CERTAIN INTELLECTUAL PROPERTY ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND (II) GRANTING CERTAIN RELATED RELIEF**

Thomas Education Ventures, LLC ("**Thomas Education**"), by and through its undersigned counsel, hereby submits this objection (the "**Objection**") to the *Debtors' Motion for an Order (I) Authorizing the Debtors to Sell Certain Intellectual Property Assets Free and Clear of All Liens, Claims and Encumbrances and (II) Granting Certain Related Relief* [Docket No. 638] (the "**Sale Motion**") filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") on July 23, 2015.  In support of its Objection, Thomas Education respectfully states as follows:

**Preliminary Statement**[2]

1.    The Debtors' decision to sell the Heald Assets pursuant to the Purchase Agreement cannot be an exercise of the Debtors' sound business judgment as the Purchaser's bid

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

1

of a cash payment of $80,000 does not represent the highest and otherwise best offer for the Assets.  Thomas Education is prepared to pay more for the Heald Assets than the consideration set forth in the Purchase Agreement.

2.  The "process" engaged in by the Debtors to market and solicit bids for the Heald Assets was not authorized by this Court, was not designed to maximize value, and did not result in the highest and otherwise best bid for the Heald Assets.  Specifically the Debtors' decisions to (i) use internal resources to market the Heald Assets, (ii) eschew a traditional sales process, and (iii) avoid the establishment of court approved bidding procedures, resulted in the Debtors receiving less than the maximum value for the Heald Assets.  The resulting transaction is not in the best interests of the Debtors' estates.

3.  As the "process" described in the Sale Motion failed to secure the highest and best bids for the Heald Assets, the Sale Motion should be denied and the Debtors should be compelled to conduct a proper sale process.

## Background

4.  On or around June 24, 2015 a representative for the Debtor circulated a teaser (the "**Teaser**") to 160 parties the Debtors identified as potential purchasers.  A copy of the Teaser is attached hereto as Exhibit A.  The Teaser requested that a party interested in acquiring the Heald Assets submit an indication of interest and an initial bid such that the initial bid be received by the Debtors on or before July 10, 2015.  The Teaser also indicated that final bids were anticipated to be determined on or around July 16, 2015.  The Teaser further stated that "Corinthian will seek Court approval of the sale of the [Heald] Assets immediately after it has determine [sic] the highest and best bid for the assets."

5.  Thomas Education is committed to submitting a bid for the Heald Assets and is

prepared to purchase the Heald Assets for $90,000 (the "**Thomas Bid**"). Further, Thomas Education is prepared to close on the sale of the Heald Assets as expeditiously as reasonably practicable upon entry of an order approving the sale of the Heald Assets to Thomas Education.

### Objection

6. Thomas Education believes it is in the best interest of all parties in interest to consider the Thomas Bid, and to compel the Debtors to obtain the highest and best bid for the Heald Assets. While not a creditor in these chapter 11 cases, Thomas Education submits that it has standing to raise this Objection. With a better offer on the table for the Heald Assets, Thomas Education should be heard by the court. *See, e.g., In re Colony Hill Assocs.,* 111 F.3d 269, 274 (2d Cir. 1997); *In re Moran*, 566 F.3d 676, 681-82 (6th Cir. 2009); *In re Fin. News Network, Inc.*, 126 B.R. 152, 155 (S.D.N.Y. 1991) (standing for disqualified bidder whose bid was not considered); *Cedar Island Builders, Inc. v. S. Cnty. Sand & Gravel*, 151 B.R. 298, 300-02 (D.R.I. 1993) (standing where denied the opportunity to bid).

7. Thomas Education's willingness to bid undermines the assertions in the Sale Motion that the Debtors' decision to sell the Heald Assets to the Purchaser is justified as exercise of the Debtors' sound business judgment. In fact, the Thomas Bid clearly contradicts the assertion in the Sale Motion that "the Debtors believe that Purchaser's bid of a cash payment of $80,000 represents the highest and otherwise best offer for the [Heald] Assets." Sale Motion at ¶15. Further, contrary to the Debtors' submissions in the Sale Motion, the bidding process described in the Sale Motion *did not* maximize the value received for the Heald Assets. *See* Sale Motion ¶15. Therefore, the Debtors cannot articulate a reasonable basis for its business decision to accept the transaction represented by the Purchase Agreement.

8. Instead, the Debtors, outside of a court approved process, frustrated the purpose

3

of section 363 of the Bankruptcy Code.  *See Toibb v. Radloff*, 501 U.S. 157, 163 (1991) (recognizing the Bankruptcy Code's general policy of "maximizing the value of the bankruptcy estate); *see also In re Trans World Airlines, Inc.*, 2001 WL 1820326, at *11 (Bankr. D. Del. 2001) ("The purpose of a § 363(b) sale is to transform assets … into cash in an effort to maximize value."); *In re C.W. Mining Co.*, 636 F.3d 1257, 1265 (10th Cir. 2011) (noting that the major purpose behind bankruptcy law is "maximizing the value of the estate for its creditors"). Therefore, as the Thomas Bid is clearly the highest and otherwise best offer for the Heald Assets, the Sale Motion fails to articulate a reasonable basis for the Debtors' business decision to sell the Heald Assets to the Purchaser.

9. While it is true that a court should not refuse to confirm an appropriate and adequate bid received in a properly and fairly conducted sale merely because a later, higher bid is received after the close of an auction, the Debtors did not obtain the approval of bid procedures, nor did the Debtors conduct a proper auction.

10. In *In re Financial News Network, Inc.*, the Second Circuit affirmed a district court's ruling to reopen an auction for a higher bid, as, in addition to other factors, a clear winner had not emerged from the auction.  980 F.2d 165, 170 (2d Cir. 1992).  Indeed, in *In re Bigler*, in considering whether to reopen an auction, the court stated, "…when there has been an irregularity in the auction process or some other circumstance relating to the auction process has occurred such that, as a matter of equity, the auction should be reopened."  443 B.R. 101 (Bankr. S.D. Tex. 2010).

11. The Third Circuit has not directly addressed the issue of whether, and under what circumstances, a bankruptcy court can disapprove a regularly conducted § 363 auction sale and reopen bidding because of a later higher bid.  In considering this issue, other courts typically

4

weigh two competing considerations: the best interests of creditors and the integrity and finality of judicial auctions. *See, e.g., Corporate Assets, Inc. v. Paloian,* 368 F.3d 761, 767 (7th Cir. 2004); *In re Food Barn Stores, Inc.,* 107 F.3d 558, 562 (8th Cir. 1997); *In re Financial News Network Inc.,* 980 F.2d 165, 166 (2nd Cir. 1992); *First Nat'l Bank v. M/V Lightning Power,* 776 F.2d 1258, 1259 (5th Cir.1985); *cf. Cargill Inc. v. Charter Int'l Oil Co. (In re Charter Co.),* 829 F.2d 1054, 1055 n. 1 (11th Cir. 1987). Walking the tightrope between upholding orderly judicial sales process and ensuring the greatest return to creditors, courts facing similar situations have considered: (1) the applicable bidding procedures and the reasonable expectations of bidders based on those procedures; (2) the amount of the overbid and the impact on creditors; (3) whether the new bidder acted in good faith; and (4) whether a sale order has been entered.

12. Each of these factors weighs in favor of accepting the Thomas Bid. The Debtors did not conduct the sale of the Heald Assets in accordance with any court approved bidding procedures. Further, the Teaser clearly indicated that the Debtors would not seek court approval of the sale of the Heald Assets until the Debtors determined they had received the highest and best bid for the assets. The Thomas Bid represents a substantial overbid compared to the Purchase Price. Thomas Education has, at all times, acted in good faith. Finally, a sale order has not been entered.

13. Further, there is no urgency for the approval of the sale of the Heald Assets. As noted in the Sale Motion, the Debtors are no longer operating, and therefore have no further use for the Heald Assets. Therefore, while Thomas Education is prepared to close on the Thomas Bid on the same timeframe as the Purchaser, any delay to allow the Debtors to conduct an appropriate auction process will not prejudice the Debtors or these chapter 11 cases.

14. Thomas Education simply seeks a fair opportunity to acquire the Heald Assets.

Thomas Education has proposed a substantially higher purchase price for the Heald Assets, and is prepared to move quickly to affect the sale in the event the timing of the sale is material to the Debtors, or their creditors.

## Conclusion

15. For all of these reasons, Thomas Education respectfully requests that this Court deny the (i) Sale Motion, or, in the alternative, continue the hearing on the Sale Motion to a later date to allow the Debtors to conduct a fulsome auction for the Heald Assets and (ii) grant such other and further relief as this Court deems just and proper.

Dated:  August 6, 2015

GREENBERG TRAURIG, LLP

*/s/ Dennis A. Meloro*
Dennis A. Meloro (DE Bar No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone:  (302) 661-7000
Facsimile:  (302) 661-7360
Email:  melorod@gtlaw.com

-and-

Nancy A. Mitchell
Matthew L. Hinker (DE Bar No. 5348)
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: 212-801-9200
Facsimile:  212-801-6400
Email: mitchelln@gtlaw.com
            hinkerm@gtlaw.com

*Counsel for Thomas Education Ventures, LLC*

NY 245332238v4