## **EXHIBIT A**

RLF1 12777102v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| | § | |
| Debtors. | § | Re: Docket No. 637 |

---

**ORDER AUTHORIZING REJECTION OF OPERATING AGREEMENT
BETWEEN THE DEBTORS AND THE DEPARTMENT OF EDUCATION**

Upon the motion (the "**Motion**") of Corinthian Colleges, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**") authorizing the Debtors to reject that certain Operating Agreement, effective as of July 8, 2014 (as amended, restated, supplemented or otherwise modified from time to time, the **"Operating Agreement"**), between the Debtors and the United States Department of Education; and upon due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

2

consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been scheduled and, to the extent necessary, held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing (if any was held), and all the proceedings had before the Court; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing (if any was held) establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The Motion is granted as set forth herein.

    2.    Pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Debtors are authorized to reject the Operating Agreement and any and all amendments thereto, including, but not limited to, (i) the *First Amendment to Operating Agreement*, dated July 17, 2014, (ii) the *Second Amendment to Operating Agreement*, dated September 12, 2014, and (iii) the *Third Amendment to Operating Agreement*, dated December 9, 2014.

    3.    Notice of the Motion as provided therein is deemed to be good and sufficient notice of such Motion, and the requirements of the Local Rules are satisfied by the contents of the Motion.

    4.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

    5.    The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion

3

      6.      This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2015
      Wilmington, Delaware

                                                                                        _____
                                                                                    THE HONORABLE KEVIN J. CAREY
                                                                                    UNITED STATES BANKRUPTCY JUDGE