# **EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | |
| Debtors. | Case No. 15-10952-KJC |
| | (Jointly Administered) |

### AMENDED ORDER GRANTING COMMITTEE OF STUDENT CREDITORS' MOTION FOR AN ORDER ALLOWING STUDENT COMMITTEE TO FILE A COLLECTIVE PROOF OF CLAIM PURSUANT TO 11 U.S.C. §§105(A), 501, AND 502 AND GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Student Committee for an Order Allowing Student Committee To File A Collective Proof Of Claim Pursuant To 11 U.S.C. §§105(A), 501, and 502 and Granting Related Relief; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. §157(b); and that this Court may enter an order consistent with Article III of the United States Constitution; and venue being proper before this court under 28 U.S.C. §§1408 and 1409; and a hearing, if necessary, having

---

[1] The Debtors' bankruptcy cases are: Corinthian Schools, Inc. Case No. 15-10955 (KJC); Rhodes Colleges, Inc. Case No. 15-10957 (KJC); Florida Metropolitan University, Inc., Case No. 15-10962 (KJC); Corinthian Property Group, Inc. Case No. 15-10966 (KJC); Titan Schools, Inc. Case No. 15-10970 (KJC); Career Choices, Inc. Case No. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., Case No. 15-10961 (KJC); Ashmead Education, Inc., Case No. 15-10967(KJC); MJB Acquisition Corporation, Case No. 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975; (KJC) Pegasus Education, Inc., Case No. 15-10953 (KJC); Grand Rapids Education Center, Inc., Case No. 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., Case No. 15-10960 (KJC); CDI Education USA, Inc. Case No. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., Case No. 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, Case No. 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); and Socle Education, Inc., Case No. 15-10976 (KJC).

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion.

*Formatted: Default Paragraph Font*

~~6105620061066205.2~~
50951421.1
~~50951425.1~~

been held to consider the relief requested in the Motion (the "Hearing"); and upon the documents filed in support of the Motion, the record of the Hearing and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as further set forth herein.

2. ~~2.~~ Subject to Paragraph 3 below, Tasha Courtright, the chair of the Student Committee, is authorized to file the Collective Student Claim ~~in the estimated amount of $2.5 billion~~ as ~~an~~the authorized agent representative for all Students that attended the Debtors' colleges ~~and~~, assert that they were ~~damaged~~harmed by the ~~Debtors' misconduct,~~Debtors, and that have not filed ~~a~~an individual proof of claim in order to participate in any collective treatment afforded to students pursuant to the ~~Debtors' Bankruptcy Cases.~~ Plan. The Collective Student Claim is allowed solely for purposes of voting on the Plan in the estimated amount of $2.5 billion. All parties' rights to object to the asserted amount and allowance of the Collective Student Claim on any ground are fully preserved.

3. ~~3.~~ If the Effective Date of the Plan does not occur prior to September 25, 2015, then the Bankruptcy Court shall hold a hearing on October [ ] at [ ] (the "October Hearing") to reconsider the Motion on a de novo basis and all parties' rights to raise any and all objections to the relief requested in the Motion are fully preserved. The deadline to respond to the Motion shall be 4 p.m. ET seven days before the October Hearing and any replies must be filed no later than 4 p.m. ET three days before the October Hearing.

4. The Court will retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

*Formatted: Default Paragraph Font*

~~61056200~~61066205.2
50951421.1
~~50951425.1~~

Dated: ___, 2015
    Wilmington, Delaware

                                        THE HONORABLE KEVIN J. CAREY
                                        UNITED STATES BANKRUPTCY JUDGE