August 3, 2015
11740 N.17 Th St. #6
Tampa, FL, 33612

To the United States Bankruptcy court for the District of Delaware:

Subject: Chapter 11 case No. 15-109529(KJC) CLASS 5 STATUS CLAIM VOTE

AUG    2015

Dear Honorable Kevin J. Carey

I attest the named Defendants knowingly ,and maliously violated the rules of the Dept. of Education

public policy of 2008.It clearly states in the original law created in 1965 in relation to Governmental

subsidiary benefits that usage is contingent on meeting criteria and adhering to the Department of

Education's requirements. In accordance with the Higher Education Opportunity Act of 2008 (HEOA), by

October 29, 2011 each post secondary institution in the United States that participates in Title 4 student

aid programs must post a net price calculator on its website that uses institutional data to provide

estimated net price information to current and prospective students and their families based on a student's

individual circumstances. To assist institutions in meeting this obligation, The National Center for

Education statistics, in cooperation with the Office of Postsecondary Education and IT Innovative

Solutions Corp, has designed and developed a fully functional net price calculator available to all Title 4

postsecondary institutions for use on their websites.

http://npc.inovas.net/institution/.locatedhttp://npc.inovas.net/institution/.

The Higher Education Opportunity Act (Public Law 110-315)(HEOA) was enacted on August 14, 2008, and reauthorizes the Higher Education Act of 1965, as amended the acronym (HEOA).This case is a diversity case based on the amount in question and the location of plaintiff parties.

On July 17, 2014 the Department of Veterans Affairs GI Bill Education Center and Everest University Inc. mutually assented knowingly into a contract to pay for the academic year Aug 1, 2013 ending July 31, 2014 in the amount of 19,198.31.The Operating Agreement was originally made on July 8, 2014.The Debtors and the Department of Education entered into three different amendment to the Operating Agreement. This is also the Second amended and modified version of the Combined Disclosure Plan. The Debtors and the Department of Education entered into the original Operating Agreement on July 17, 2014. The Second Operating Agreement amended version was placed into effect on September 12, 2014. The Third Operating Amended Version was established on December 9, 2014 to misallocate Title 4 funds. I assert that the Everest University and its Administration Staff did knowingly misrepresent its financial position, and in fact created the debt liability through illegal loan practices in turn creating misuse of illegibility plus the ensuing Chapter 11 filed presently. I state that 90% of the revenue Everest University collected in 2013-2014 was Title 4 benefits. During a three week delay in cash receipts payments more confusion was caused for the students enrolled at Everest University Inc. This types of problems were common place at Everest University The VA agreed to pay final cost of Post 9/11 GI Bill for the academic year of 13-14 in order to finish the year at Everest in spite of Everest's loss of eligibility and sanctions from the SEC by Oct.5, 2014 To avoid overpayment my VRE Counselor Tracy Van Ess was consulted to stop the Post 9/11 GI benefits ,and begin the VRE Employment Program in Oct of 2014..I state that Everest University Inc. did violate the Truth in Lending Practices regarding its position in an effort to obtain Title 4 funds ;furthermore, deemed

such practices as legal and therefore need to be punished in accordance with the applicable laws. Once they have stopped the illegal practices to obtain title 4 benefits they should be afforded a chance to negotiate in good faith as per Section 129 of the Bankruptcy Code in regards to feasibility of class 5 loans in relation to the other various class statuses because it was class 5 that was impaired the most definitively. I cite these cases Commonwealth of Massachusetts v. Corinthian Colls., Inc. case No14-093, The People of the State of California v. Heald Coll., LLC, CET AL., case No.13-537494, Consumer Protection Bureau v. Corinthian Colls., Inc. et al case No.14-7194, State of Wisconsin v. Corinthian Colls., Inc., case No.2014 –CX- 00006 and ask that judicial notice of the facts pertaining to the Qui Tam Claim and admissibility of the tortuous acts be noted on the court's official transcript. Such violations constitute a criminal punishment as pertaining to fraud and misrepresentation as described in Delaware State Laws. In the Delaware State  Law Code section 2513 reads as following: The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice. It shall also be an unlawful practice to misrepresent the geographic location of a business or supplier which raises or sells flowers and/or ornamental plants by: (1) Listing a local telephone number in a local telephone directory if: a. Calls to the telephone number are routinely forwarded or otherwise transferred to a business location that is outside the calling area covered by the local telephone directory other than to counties contiguous to this State; and b. The listing fails to identify the locality and state of the supplier's business; or(2) Listing a fictitious business name or an assumed business name in a local telephone directory if: a. The

name misrepresents the supplier's geographic location; and b. The listing fails to identify the

locality and state of the supplier's business.(b) This section shall not apply:

(1) To the owner or publisher of newspapers, magazines, publications or printed matter

wherein such advertisement appears, or to the owner or operator of a radio or television

station which disseminates such advertisement when the owner, publisher or operator has

no knowledge of the intent, design or purpose of the advertiser; or (2) To any

advertisement or merchandising practice which is subject to and complies with the rules

and regulations, of and the statutes administered by, the Federal Trade Commission; or

(3) To matters subject to the jurisdiction of the Public Service Commission, or of the

Insurance Commissioner of this State. (6 Del. C. 1953, § 2513; 55 Del. Laws, c. 46; 69

Del. Laws, c. 203, § 23; 71 Del. Laws, c. 420, § 1; 71 Del. Laws, c. 470, §§ 12, 13. ;).

(2) In Governmental Law cases against the named Defendants each lawsuit contains

allegations that the Debtors, among other things, subjected students to unlawful debt-

collection practices, violated consumer protection laws, misrepresented facts relating to

the urgency of enrollment, the schools placement statistics, the earnings of graduates, the

quality of the schools programs, the transferability of the credits, the availability of

externships, and nature and availability of financial aid.

There have been several decisions have rendered against the school for its deceptive advertising

of graduation job placements rates, and predatory lending practices. In these cases damages and

penalties were distributed (Commonwealth of Massachusetts v. Corinthian Colls., Inc. case

No14-093,The People of the State of California v. Heald Coll., LLC,CET AL., case No.13-

537494,Consumer Protection Bureau v. Corinthian Colls., Inc. et al case No.14-7194, State of Wisconsin v. Corinthian Colls., Inc., case No.2014 –CX- 00006).

In my case , I state the Defendants did act maliously , and permissibly to slow down my VA Post 9/11 GI Bill benefits including Tuition Assistance , Book Voucher stipends through misrepresenting their accreditation and position in order to purposely misstate ,material facts relating to urgency of my enrollment , transferability of credits , and the nature and availability of financial aid. My reason for voting NO is the student loan amounts, and the facts that I did not receive the money they have slated that I received. I have complained on numerous occasions, and it is well documented.

In the document filed with the Bankruptcy court of Delaware it does not define the estimated amount to be awarded for class 5 status claims. I say this is also a deceptive practice, and constitutes the grounds for removal of the constitutional caps limits for damages because of the acts by Everest University to impede the progress of certain students. I can also establish that since 90% of the misallocated money was Governmental subsidiary loans the impairment was intended to create capital gains for the affiliates of Everest University.

Based on the preponderance of evidence from case law, the various Amendments added to the original contract and in consideration that this combined Disclosure Plan is in the Second Version of the types of Combined plans it is more likely than not Everest University intentionally deployed these named unlawful practices in a effort to defraud the Department of Education of its benefits through legally eligible students under a false pretense of being an Accredited University.

I give for an example the list of terms in the definition packet excluding a clear concept of the term "undetermined". All other terms and concepts clearly are defined. This term is not absolute in context usage, so it could mean various things when used in an unclear modification of its usage. This coupled with the Prior Inconsistent acts of the Defendant's constantly revising Amendments give rise to questionable misuse of Title 4 benefits on several occasions ;consequently, they serve as grounds to move for summary Judgment to be rendered. I also request penalties be levied to deter the attempts to circumnavigate the monitoring of such Student Reserve Funds. By creating these sanctions the Balancing Act of debt to income ratio will return to more normal levels.

This has creating a balancing Act between the probative value of Higher Education, and feasibility of the deceptive practice involved in Truth in Lending at for –profit Universities. This equitable distribution of income has tax penalties code errors.

THEREFORE, I request your Honor take into consideration all admissible evidence in creating a disclosure statement that is not so all – inclusive , express- in fact rights and privileges, without uniformality, mutual assent , consideration ,and re-assimilate with the Creditors Committee and the Student Committee in accordance with section 1129 of the Bankruptcy Code. Both Committee's should note doctrine for known prior inconsistent statements creating admissibility of statements and formulate a solution. This solution may involve conversion to Chapter 7 based on their feasibility of class 5 being impaired the most , yet class 1 is set to gain more earnest income ,but has been impaired the least. This is further facilitates a necessity for precedent ,and should affirm that the impairment for class 1 was cash collateral in essence ; therefore, give its urgency, but still it is unethical and morally unsound practice based on the University's Accreditation lack to still financial support them.

| BallotID: 78324 ClmSchNo: C432 | Creditor: DENNIS ERROLL HARVEY JR. | Vote Amt: $103,456.00 |
|---|---|---|

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |

------------------------------------------------------------

## CLASS 5 BALLOT FOR ACCEPTING OR REJECTING
## DEBTORS' CHAPTER 11 PLAN OF LIQUIDATION

Corinthian Colleges, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Second Amended and Modified Combined Disclosure Statement* (the "**Disclosure Statement**") *and Chapter 11 Plan of Liquidation* (the "**Plan**") [Docket No. 655] (collectively, as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "**Combined Plan and Disclosure Statement**") on July 27, 2015. On July 27, 2015 (the "**Record Date**"), the Court approved the Disclosure Statement [Docket No. 658]. The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a copy of the Combined Plan and Disclosure Statement, you may obtain a copy from the Rust Consulting/Omni Bankruptcy (the "**Balloting Agent**") website, at www.omnimgt.com/corinthiancolleges.

The Plan identifies 7 Classes of Claims against and Interests in the Debtors. Only Claims in Classes 1, 4 and 5 are entitled to vote on the Plan. This Ballot is to be used by holders of Class 5 Claims only. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

**You should review the Combined Plan and Disclosure Statement before you vote. You may wish to seek legal advice concerning the Combined Plan and Disclosure Statement and your classification and treatment under the Plan. If your Ballot is not received by 5:00 p.m. (EDT) on August 21, 2015 and such deadline is not extended, your vote will not count as**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

| BallotID: 78324<br>ClmSchNo: C432 | Creditor: DENNIS ERROLL HARVEY JR. | Vote Amt: $103,456.00 |
|---|---|---|

either an acceptance or rejection of the Plan. **If the Plan is confirmed by the Court, it will be binding on you whether or not you vote. Only holders of Allowed Claims in Classes 1, 4 and 5 as of July 27, 2015, the Record Date, may vote to accept or reject.**

**CLASS 5 CLAIMS (Student Claims and Government Education Claims):**

• Class 5 Claims are treated as impaired. Allowed Class 5 Claims may vote to accept or to reject the Plan.

The undersigned, the Record Date holder of an Allowed Class 5 Claim(s) against the Debtors, in the unpaid amount of $ _103,456.00_ :[2]

___ **ACCEPTS PLAN**                    ✓**REJECTS PLAN**
(mark only one)

## SIGNATURE

1.      By signing this Ballot, the undersigned creditor hereby certifies has reviewed a copy of the Combined Plan and Disclosure Statement.

2.      By signing this Ballot, the undersigned creditor hereby certifies that it is the Record Date holder of the Claim(s) set forth above and has full power and authority to vote to accept or reject the Plan. The undersigned also acknowledges that the solicitation is pursuant to the information contained in the Combined Plan and Disclosure Statement.

Name: _Dennis E. Harvey Jr_    Signature: _Dennis Arvell Harvey Jr_
Entity: _____    Date: _08-02-2015_
Title: _Student_
Address: _11740 N. 17th St #6 Tampa, FL, 33612_
Email: _sugar wallace @ yahoo.com_
Fax: _____

**Please mail or email this Ballot per the Instructions below.**

**INSTRUCTIONS AND DEFINITIONS**

1.      Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Combined Plan and Disclosure Statement.

2.      This Ballot relates to your claim(s) as a Class 5 creditor of the Debtors. Class 5 creditors are holders of an Allowed Student Claim or Allowed Government Education Claims. All creditors in Class 5 who are permitted to vote should complete this Ballot and return it in the

---

[2]      For voting purposes only. Subject to tabulation rules.

B10 (Official Form 10) (04/13)

## UNITED STATES BANKRUPTCY COURT   DISTRICT OF DELAWARE

**PROOF OF CLAIM**

Name of Debtor & Case No: 15-10952 (KJC)

- [✓] Corinthian Colleges, Inc. 15-10952
- [✓] CDI Education USA, Inc. 15-10963
- [ ] ECAT Acquisition, Inc. 15-10975
- [✓] Florida Metropolitan University, Inc. 15-10962
- [ ] Heald College, LLC 15-10969
- [ ] MJB Acquisition Corporation 15-10971
- [✓] Rhodes Business Group, Inc. 15-10959
- [ ] Sequoia Education, Inc. 15-10974
- [ ] Titan Schools, Inc. 15-10970
- [ ] Ashmead Education, Inc. 15-10967
- [ ] Corinthian Property Group, Inc. 15-10966
- [ ] ETON Education, Inc. 15-10961
- [ ] Grand Rapids Educational Center, Inc. 15-10956
- [ ] Heald Education, LLC 15-10964
- [ ] Pegasus Education, Inc. 15-10953
- [✓] Rhodes Colleges, Inc. 15-10957
- [ ] Socle Education, Inc. 15-10976
- [✓] Career Choices, Inc. 15-10972
- [✓] Corinthian Schools, Inc. 15-10955
- [✓] Everest College Phoenix, Inc. 15-10960
- [ ] Heald Capital LLC 15-10954
- [ ] Heald Real Estate, LLC 15-10958
- [ ] QuickStart Intelligence Corporation 15-10973
- [ ] SD III-B Heald Holdings Corp. 15-10968
- [ ] SP PE VII-B Heald Holdings Corp. 15-10965

NOTE: Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.

**COURT USE ONLY**

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

Dennis Erroll Harvey Jr.
11740 N. 17th St. #6
Tampa, FL, 33612

TEL: (813) 298-4004

email: sugarwallace@yahoo.com

Name and address where payment should be sent (if different from above):
Name:_____
Address 1:_____
Address 2:_____
Address 3:_____
Address 4:_____
Address 5:_____
TEL: (___)___-____
email:_____

- [ ] Check box to indicate that this claim amends a previously filed claim.
- Court Claim Number: _____ (If known)
- Filed On: __/__/__
- [ ] Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Carefully read instructions included with this Proof of Claim before completing. In order to have your claim considered for payment and/or voting purposes, complete ALL applicable questions. The original of this Proof of Claim must be sent to: **Corinthian Colleges, Inc., c/o Rust Consulting | Omni Bankruptcy, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367 by July 20, 2015 at 5:00 pm prevailing Eastern Time or November 2, 2015 at 5:00 pm prevailing Eastern time for governmental entities.**

**1. Amount of Claim as of Date Case Filed:** $ 103456.00

If all or part of your claim is secured, complete item 4.
If all or part of your claim is entitled to priority, complete item 5.
[✓] Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim** money loaned, 53,985.00
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 0764

**3a. Debtor may have scheduled account as:**
(See instruction #3a)
# 589636866412 E0066
# 112254827

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim.**      (See instruction #4)

☑ Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges as of time case was filed included in secured claim, if any:

$ ___

| | | | | . | |
See Redacted Doc

Nature of property or right of setoff:    ☐ Real Estate    ☑ Motor Vehicle    ☑ Other

Basis for perfection: ___See Redacted Doc___

Describe: | | | | | | |

Value of Property:   $   2 7 9 7 . 2 8 | |

**Amount Secured**    $   | | 1 0 2 | 6 3 1 | . 0 0

Annual Interest Rate:   .06 % ☐ Fixed    or    ☑ Variable
(when case was filed)

**Amount Unsecured**   $   | | | 1 8 4 9 . 0 0 |

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $12,475*), earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).   $

Amount entitled to priority:

| | 1 0 2 | 6 3 1 | . 0 0 |

☑ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☑ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:**   The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secure, box 4 has been completed and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim.      *(See instruction #7 and definition of "redacted".)*
DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:**      (See instruction #8)
Check the appropriate box.

☑ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   DENNIS Erroll Harvey Jr.
Title:   Student
Company:   ___

Address and telephone number (if different from notice address above)
___
___
___

(Signature)   *Dennis Erroll Harvey Jr.*   (Date) July 1, 2015

Telephone number:   ___   email:   ___

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.