IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: § <br> § <br> CORINTHIAN COLLEGES, INC., *et al.*[1] § <br> § <br> § <br> § <br> § <br> Debtors. § | Chapter 11 <br><br> Case No. 15-10952 (KJC) <br><br> (Jointly Administered) |

**SECOND SUPPLEMENTAL DECLARATION OF WILLIAM J. NOLAN WITH RESPECT TO (I) THE RETENTION AND EMPLOYMENT OF FTI CONSULTING, INC. AS CRISIS MANAGER AND (II) WILLIAM J. NOLAN AS CHIEF RESTRUCTURING OFFICER, NUNC PRO TUNC TO THE PETITION DATE**

I, William J. Nolan, under penalty of perjury, declare as follows:

1. I am a Senior Managing Director of FTI Consulting, Inc. ("**FTI**")[2], which has an office located at 214 N. Tryon Street, Suite 1900, Charlotte, NC 28202. I am duly authorized to make this declaration on behalf of FTI. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto[3].

2. On May 7, 2015, Corinthian Colleges, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Application for Entry of*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application (as hereinafter defined).

[3] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

*an Order (I) Authorizing the Retention and Employment of FTI Consulting, Inc. as Crisis Manager and (II) Designating William J. Nolan as Chief Restructuring Officer Nunc Pro Tunc to the Petition Date* [Docket No. 55] (the "**Application**").

3. By Order dated May 29, 2015, Docket No. 235, FTI Consulting, Inc. was retained as Crisis Manager and I was designated as Chief Restructuring Officer for the Debtors, *nunc pro tunc* to the Petition Date.

4. Attached to the Application as Exhibit A was the *Declaration of William J. Nolan in Support of Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of FTI Consulting, Inc. as Crisis Manager and (II) Designating William J. Nolan as Chief Restructuring Officer* Nunc Pro Tunc *to the Petition Date* (the "**Declaration**"). The Declaration was submitted in support of the Application to provide, among other things, disclosure pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the local rules of this Court.

5. Thereafter, the office of the United States Trustee's requested additional information in connection with the Application. To address such request, I caused the "Supplemental Declaration of William J. Nolan in Support of Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of FTI Consulting, Inc. as Crisis Manager and (II) Designating William J. Nolan as Chief Restructuring Officer, Nunc Pro Tunc to the Petition Date" to be filed On May 26, 2015, Docket No. 205 (the "**First Supplemental Disclosure**").

6. This second supplemental declaration is being filed in furtherance of FTI's obligation to provide supplemental disclosures relating to relationships with individuals or entitles who have appeared in the chapter 11 cases of the Debtors (the "**Chapter 11 Cases**") or

came to the attention of FTI from and after the preparation and filing of the First Supplemental Disclosure (the "**Second Supplemental Declaration**").

7. Subsequent to the filing of the First Supplemental Declaration and through and including August 5, 2015, additional actual or potential parties in interest have been identified. Accordingly, attached hereto as <u>Exhibit A</u> is a supplemental list of actual or potential parties in interest in the Chapter 11 Cases. Where such parties have appeared in a representative capacity, the identity of the represented party is also identified, where known. FTI has searched its client database to ascertain FTI's relationship with such parties (collectively, the "**Supplemental Parties in Interest List**"). FTI has utilized FTI's conflicts database management system, which is designated to reveal the potential for conflicts of interest and other connections to the parties identified on Supplemental Parties in Interest List. Such results are printed and have been reviewed by myself and other FTI engagement personnel. Where needed, we contacted various individuals at FTI shown on the system report as having previously submitted relevant connections information to the system. We have also researched relevant "hits" for the information set forth herein. From such individuals and these databases, we have obtained information and guidance with regard to FTI's particular connections to the parties identified on Supplemental Parties in Interest List.

8. The attached <u>Exhibit B</u> hereto identifies those parties who were also listed on Exhibit A hereto, with regard to whom FTI has determined through such investigation that it has active relationships. A relationship is considered active if billing has been generated for such client in the preceding six month period. The attached <u>Exhibit C</u> hereto identifies those parties who were also listed on Exhibit A hereto, with regard to whom FTI has determined through such investigation that it does not currently have an active relationship as described above, or that has otherwise been marked "closed" on FTI's systems in the last 5 years.

40000/0527-12082549v3

9. To the best of my knowledge and after due inquiry, neither I nor FTI are currently employed, and have not previously been employed, by any entity identified on Exhibits B and C hereto in matters related to the Debtors or these Chapter 11 Cases. Furthermore, none of the parties identified on Exhibits B or C hereto represented more than 1% of annual revenues[4] for each of 2013 and 2014.

10. To the extent that FTI hereafter discovers information that requires disclosure, FTI will promptly file a further supplemental disclosure with the Bankruptcy Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on: August 12, 2015

_____
William J. Nolan

---

[4] As referred to herein "annual revenues" means the annual reported revenues in accordance GAAP.

4

40000/0527-12082549v3