## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
|  | : | Case No. 15-10952-KJC |
|---|---|---|
| **In re** | : | **(Chapter 11/Jointly Administered)** |
|  | : |  |
| **CORINTHIAN COLLEGES, INC.,** *et al.* | : | Prop. Obj. Deadline: August 25, 2015 at 4:00 p.m. |
|  | : | Prop. Hearing Date: August 26, 2015 at 1:00 p.m. |
|  | : |  |
| **Debtors.** | : |  |

--------------------------------------------------------- x   **Re Docket Number: 346**

### UNITED STATES' MOTION
### TO EXTEND THE INVESTIGATION TERMINATION DATE
### IN THE CASH COLLATERAL ORDER

The United States, on behalf of its Department of Education ("ED"), requests an order

extending the "Investigation Termination Date" established by the *Final Order Pursuant To 11*

*U.S.C. §§ 105, 361, 362, 363 and 507 (i) Authorizing The Use Of Cash Collateral, (ii) Granting*

*Adequate Protection To Prepetition Secured Parties, and (iii) Granting Related Relief* ¶ 12 (Doc.

346) ("Cash Collateral Order").[1] ED is concerned that the Debtors'[2] liquidation will be funded

by federal student loan disbursements that are held in trust for the United States and are not part

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Cash Collateral Order.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

of the Debtors' estate.  ED needs additional time to trace those funds through the Debtors'

numerous bank accounts to determine whether the Debtors' accounts still contain trust funds and,

if so, how much.  In addition, an extension of the deadline will provide ED with time to work

with the Debtors and the Administrative Agent, Bank of America, N.A. ("BofA") to avoid costly

litigation.

## JURISDICTION & VENUE

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and

venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C.

§ 157(b).

## REQUESTED RELIEF

Specifically, ED seeks an extension of the Investigation Termination Date to the

Effective Date of the *Debtors' Second Amended and Modified Combined Disclosure Statement*

*and Chapter 11 Plan of Liquidation Plan* (Doc. 656-1 (Blackline) ("Second Modified Plan" or

"Plan") or the effective date of such other modified or amended plan confirmed by the Court.

For the avoidance of doubt, if the Second Modified Plan is not confirmed or is confirmed but

does not become effective, the Investigation Termination Date, and the right of a chapter 7

trustee to file and prosecute challenges in the event that these cases are converted to chapter 7 of

the Bankruptcy Code as provided in ¶ 12 of the Cash Collateral Order, shall not be deemed to

have expired or been otherwise waived.[3]  (This relief is set forth in the proposed order attached

as Exhibit A.)

---

[3]  This extension is the same as that stipulated to BofA and the Committee of General Unsecured
Creditors ("GUC") on August 11, 2015 (Doc. 636), and approved by this Court's order of
August 13, 2015 (Doc. 639).

**<u>BACKGROUND</u>**

Under the Cash Collateral Order, parties in interest have until the earlier of the confirmation of a plan of liquidation or August 15, 2015 (the "Termination Date") "to investigate the validity, perfection and enforceability" of the Prepetition Secured Parties' Prepetition Liens, including Prepetition Liens in the Debtors' accounts.  (Doc. 346 ¶ 12.)  Further, parties in interest must file an objection to the validity of the Prepetition Liens by the Termination Date.  (*Id.*)  As set forth below, the United States is investigating whether money in accounts allegedly pledged to the Prepetition Secured Parties is held in trust for the United States, and requests an extension to the Termination Date for additional time to investigate this issue.

Upon information and belief, from 2010 to the Petition Date, most of the Debtors' income came from Direct Loans and Federal Pell Grants to students funded under Title IV of the Higher Education Act.  Title IV funds received by an educational institution are held in trust for students and the United States.  34 C.F.R. § 668.161.  Only after those funds are credited to a student's tuition or paid to a student for living expenses do they cease to be federal – hence trust funds.  Thus, to the extent the Debtors received Title IV funds from ED that were neither credited to the Debtors' accounts for tuition nor disbursed to students for living expenses, those funds remained trust funds in the hands of the Debtors for the United States and never became, and thus are not now, part of the estate.

The 25 Debtors filed chapter 11 petitions on May 4, 2015.  The labyrinthine complexity of the Debtors' flow of funds  is demonstrated in Debtors' same-day 40-page motion for an interim cash collateral order (Doc. 9) ("Interim Motion") – with a three-page exhibit table of their 80 bank accounts (Interim Motion, Exhibit C) and a flow chart of its cash management

process (Interim Motion, Exhibit D) – and their first Monthly Operating Report filed on June 30, 2015 (Doc. 513) – 195 pages of tables, spreadsheets, and bank statements.

Debtors maintained 34 "T4 Accounts" at Bank of the West for receipt of Title IV funds from the federal government.  Interim Motion ¶ 16.

Debtors also maintained a "T4 Concentration Account" at Bank of the West into which all Title IV funds from the T4 accounts were transferred.  Interim Motion ¶ 16.  According to the Debtors, funds from the T4 Concentration Account were then transferred to other accounts, including the BMO Harris Concentration Account, the BofA Concentration Account, and the Union Concentration Account.  *Id.* ¶ 17.

Though the Debtors do not explicitly state in the filings what "triggered" transfers out of the T4 Concentration Account, it appears that funds deposited into the T4 Concentration Account were transferred on a daily basis to the corporate concentration account.  The Debtors may have transferred funds if it was determined that tuition and fees had been paid for a group of students who qualified for Pell Grant or Direct Loans.  Because the Debtors could disburse funds by crediting a tuition and fees debt, the Debtors could have transferred an equal amount from the T4 Concentration Account into an operating account of the Debtors as soon as it learned that tuition and fees had been paid.  In addition to Title IV funds that were credited to tuition and fees, however, in the normal course the Debtors also disbursed Title IV funds to students to cover living expenses.  Interim Motion ¶ 19.

The fact that the Debtors transferred funds from the T4 Concentration Account into the operating account for students who were receiving federal assistance does not necessarily mean that the Debtors had at that point actually spent all those funds for designated purposes, including the "living expense" portion of those funds.  Upon information and belief, the Debtors drew

about $35 million of federal aid during the month of April.  ED has reason to believe that about

15% of the total federal aid awarded – about $5 million – was designated for "living expenses,"

which must be disbursed by check to the student.  ED understands that: Debtors handled these

commitments ("credit balances") after all funds had been transferred into a corporate account, by

then issuing checks on a corporate subaccount (the "student refund account"), to deliver those

funds to students.  The Debtors funded these checks by waiting until a check was deposited for

payment by the student and only then transferring funds from the corporate account to the

student refund account.  ED has not yet been able to identify the accounts used for these

transactions and therefore has not yet had an opportunity to review records of that student refund

account.

       Regardless of the source of the funds used to cover these checks, no disbursement

occurred unless and until the check was issued and cashed.  Any federal funds Debtors received

but did not actually disburse by a cashed check remained in the original corporate account or

were transferred to other corporate accounts.

## BASIS FOR RELIEF

       Until they are spent, federal student aid funds in the hands of a recipient entity remain

federal funds, and are not part of the estate of a debtor.  *See Westmoreland Human Opportunities

v. Walsh*, 246 F3d 233 (3rd Cir. 2001); *In re Lan Tamers, Inc.*, 329 F.3d 204 (1st Cir. 2003); *In

re Joliet-Will County Community Action Agency*, 847 F.2d 430 (7th Cir. 1988).  ED has, since

the Cash Collateral Order was entered, come to believe that federal funds not earned by the

Debtors came into the Debtors' corporate accounts and may well remain there.  ED needs

additional time to complete its investigation because it involves a complex and time-consuming

process of tracing funds from the Debtors' numerous bank accounts that initially received ED

deposits, through several accounts that consolidated the funds, then to other accounts that the Debtors used for payroll and other operations, or for payment of student living expense. This complex investigation requires more time for ED to gather sufficient documentation – including detailed records of account transactions and ledgers – to properly analyze thousands of transactions and decide whether to object to application of the Cash Collateral Order to any such funds. Given the amount of work entailed in tracing these funds and the importance of ensuring that federal trust funds are not used to pay the Debtors' creditors, and the competing demands upon ED's staff to address other time-sensitive matters during this bankruptcy – including multiple modifications to the disclosure statement and plan, the Committee of Student Creditors' ("CSC") motion to stay ED administrative proceedings relating to students and the CSC's recently served subpoenas – ED was not afforded enough time to properly and accurately determine whether trust funds remain in the Debtors' accounts.

Complicating ED's investigation is the Debtors' apparent failure to meet federal cash management requirements, at least as to the living expense funding: the school must keep federal funds in an account labeled either as federal funds (e.g., "T4") or notify the bank that the account contains federal funds. 34 CFR 668.163(a)(2). Because the Debtors moved the federal funds for living expense payments into non-labeled accounts (e.g., BMO Harris Concentration Account, Interim Motion ¶ 17), Debtors appear to have violated ED's regulations.

Because of the complexity and apparent deficiencies in the Debtors' cash management systems, ED requests an extension of its Investigation Termination Date, so that it will have the same deadline as the GUC, i.e., the plan's effective date, to investigate whether ED has an objection to the scope of the Cash Collateral Order as affecting such funds.

## CONCLUSION

For the foregoing reasons, the Motion should be granted.  Until the Motion is heard, as provided by Local Rule 9006-2, the Investigation Termination Date is extended because the Motion was filed before the expiration of the period prescribed by the Cash Collateral Order.


Dated:  August 14, 2015                    Respectfully submitted

                                           BENJAMIN C. MIZER
                                           Principal Deputy Assistant Attorney General

                                           CHARLES M. OBERLY, III
                                           United States Attorney

                                           ELLEN SLIGHTS
                                           Assistant United States Attorney

                                           /s/Danielle A. Pham
                                           RUTH A. HARVEY
                                           TRACY J. WHITAKER
                                           LLOYD H. RANDOLPH
                                           (D. C. Bar No. 376009)
                                           JOHN R. KRESSE
                                           DANIELLE A. PHAM
                                           Civil Division
                                           U. S. Department of Justice
                                           P. O. Box 875
                                           Ben Franklin Station
                                           Washington, D.C.  20044-0875
                                           (202) 307-0356

                                           ATTORNEYS FOR THE UNITED STATES

Exhibit A

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
                                                       :    Case No. 15-10952-KJC
In re                                                  :    (Chapter 11/Jointly Administered)
                                                       :
CORINTHIAN COLLEGES, INC., et al.                      :
                                                       :    Hearing Date:  August 26, 2015, 1:00 p.m.
                                     Debtors.          :
-------------------------------------------------------x    Re Docket Number: 346
```

### [PROPOSED] ORDER GRANTING UNITED STATES' MOTION
### TO EXTEND THE INVESTIGATION TERMINATION DATE
### IN THE CASH COLLATERAL ORDER

Upon the motion (the "Motion")[1] of the United States Motion To Extend The Investigation

Termination Date In The Cash Collateral Order ("**CCO**"); and due and sufficient notice of the

Motion having been provided under the particular circumstances, and it appearing that no other

or further notice need be provided; and the Court having jurisdiction to consider the Motion and

the relief requested therein in accordance with 28 U.S.C. §§157 and 1334; and consideration of

the Motion and the relief requested therein being a core proceeding under 28 U.S.C. §157(b); and

that this Court may enter an order consistent with Article III of the United States Constitution;

and venue being proper before this court under 28 U.S.C. §§1408 and 1409; and a hearing, if

necessary, having been held to consider the relief requested in the Motion (the "Hearing"); and

upon the documents filed in support of the Motion, the record of the Hearing and all the

proceedings before the Court; and the Court having found and determined that the relief

requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any

parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion.

establish just cause for the relief granted herein; and after due deliberation thereon and sufficient

cause appearing therefore, it is HEREBY ORDERED THAT:

1.    The Motion is GRANTED as further set forth herein.

2.    The Investigation Termination Date is extended to the Effective Date of the

*Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11*

*Plan of Liquidation Plan* (Doc. 656-1 (Blackline) ("Plan")), if approved.

3.    Solely with respect to ED, the Investigation Termination Date, and all of the

rights of ED and the Prepetition Secured Parties as set forth in ¶ 12 of the CCO, are

hereby extended and reserved until the Effective Date of the Second Modified Plan, as

may be further amended or modified with the consent of the Administrative Agent. For

the avoidance of doubt, if the Second Modified Plan is not confirmed or is confirmed but

does not become effective, the Investigation Termination Date, and the right of a chapter

7 trustee to file and prosecute Challenges in the event that these cases are converted to

chapter 7 of the Bankruptcy Code as provided in ¶ 12 of the CCO, shall not be deemed to

have expired or been otherwise waived.

4.    The Court will retain jurisdiction over all matters arising from or related to

the implementation or interpretation of this Order.


Dated: ___, 2015                    _____
        Wilmington, Delaware            THE HONORABLE KEVIN J. CAREY
                                        UNITED STATES BANKRUPTCY JUDGE

<u>CERTIFICATE OF SERVICE</u>

I, Danielle A. Pham, hereby certify that on the 14th day of August, 2015, I caused a true and correct copy of the foregoing **UNITED STATES' MOTION TO EXTEND THE INVESTIGATION TERMINATION DATE IN THE CASH COLLATERAL ORDER** to be served electronically through the Court's ECF system upon those who have entered an appearance in this proceeding, and through electronic mail on the parties listed below.

Dated: August 14, 2015

/s/Danielle A. Pham
Danielle A. Pham

<u>COUNSEL TO THE STUDENT COMMITTEE</u>
Christopher A. Ward, Esq.
Shanti M. Katona, Esq.
POLSINELLI PC
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
cward@polsinelli.com
skatona@polsinelli.com

Scott F. Gautier, Esq.
Lorie A. Ball, Esq.
Cynthia C. Hernandez, Esq.
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, California 90067
sgautier@robinskaplan.com
lball@robinskaplan.com
chernandez@robinskaplan.com

Mark Rosenbaum, Esq.
Anne Richardson, Esq.
Alisa Hartz, Esq.
Dexter Rappleye, Esq.
PUBLIC COUNSEL LLP
610 S. Ardmore Avenue
Los Angeles, CA 90005
mrosenbaum@publiccounsel.org
arichardson@publiccounsel.org
ahartz@publiccounsel.org
drappleye@publiccounsel.com

<u>COUNSEL TO THE DEBTORS</u>
Mark D. Collins, Esq.
Michael J. Merchant, Esq.
Marisa A. Terranova, Esq.
Amanda R. Steele, Esq.
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
collins@rlf.com
merchant@rlf.com
terranova@rlf.com
steele@rlf.com

<u>COUNSEL TO BANK OF AMERICA, N.A., IN ITS CAPACITY AS ADMINISTRATIVE AGENT FOR THE LENDERS</u>
POTTER ANDERSON & CORROON LLP
Jeremy W. Ryan
Etta R. Mayers
1313 North Market Street, Sixth Floor
Wilmington, DE 19899-0951
jryan@potteranderson.com
emayers@potteranderson.com

SIDLEY AUSTIN LLP
Jennifer C. Hagle
Anna Gumport
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
jhagle@sidley.com
agumport@sidley.com

COUNSEL TO BANK OF AMERICA, N.A.,
IN ITS CAPACITY AS ADMINISTRATIVE
AGENT FOR THE LENDERS
Jeffrey H. Schwartz, Esq.
Bennet S. Silverberg, Esq.
Brown Rudnick LLP
Seven Times Square
New York, NY 10036
jschwartz@brownrudnick.com
bsilverberg@brownrudnick.com

Frederick B. Rosner, Esq.
Julia B. Klein, Esq.
The Rosner Law Group LLC
824 Market St. Suite 810
Wilmington, DE 19801
rosner@teamrosner.com
klein@teamrosner.com


OFFICE OF THE UNITED STATES TRUSTEE
Richard L. Schepacarter, Esq.
Timothy Jay Fox, Jr., Esq.
Office of the United States Trustee
U. S. Department of Justice
844 King Street, Suite 2207
Lockbox #35
Wilmington, DE 19801
timothy.fox@usdoj.gov
richard.schepacarter@usdoj.gov