## EXHIBIT A

**Draft of Distribution Trust Agreement**

## CORINTHIAN DISTRIBUTION TRUST AGREEMENT

This Corinthian Distribution Trust Agreement (the **"Distribution Trust Agreement"**), made this ___ day of _____, 2015, by and among (a) Corinthian Colleges, Inc., (**"Corinthian"**), on behalf of itself and the other Debtors, (b) the individual identified on <u>Exhibit A</u>, as trustee for the distribution trust established pursuant to this Distribution Trust Agreement (such person and each successor trustee the **"Distribution Trustee"**), and (c) Wilmington Trust, National Association as Delaware resident trustee (together with any successor Delaware resident trustee appointed under the terms hereof, the **"Resident Trustee"**) is executed to facilitate the implementation of the Chapter 11 Plan of Liquidation for the Corinthian Debtors dated July 27, 2015 (as the same may be amended, modified or supplemented from time to time in accordance with the terms and provisions thereof, the **"Plan"**) that provides for the establishment of the Delaware statutory trust created hereby (the **"Distribution Trust"**). Each of the Debtors and the Distribution Trustee are sometimes referred to individually as a **"Party"** and collectively as the **"Parties."**

## RECITALS

WHEREAS, Corinthian and certain of its Affiliates filed for protection under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 4, 2015 (the **"Petition Date"**), (Corinthian and all such Affiliates, collectively, as debtors and debtors in possession, the **"Debtors"**) in the United States Bankruptcy Court for the District of Delaware (the **"Bankruptcy Court"**); and

WHEREAS, on _____, 2015, the Bankruptcy Court entered its order confirming the Plan (the **"Confirmation Order"**); and

WHEREAS, the Plan provides, among other things, as of the effective date of the Plan (the **"Effective Date"**), for (a) the creation of the Distribution Trust and the creation of the Distribution Trust Beneficial Interests for the benefit of the Distribution Trust Beneficiaries, (b) the transfer to the Distribution Trust of the Aggregate Trust Assets, and (c) the administration and liquidation of the Aggregate Trust Assets and the distribution of the proceeds therefrom to the Distribution Trust Beneficiaries, in accordance with this Distribution Trust Agreement, the Plan, and the Confirmation Order; and

WHEREAS, pursuant to Treasury Regulation Section 301.7701-4(d), the Distribution Trust is being created for the primary purpose of liquidating the Aggregate Trust Assets in an expeditious but orderly manner for the benefit of the Distribution Trust Beneficiaries, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to and consistent with the liquidating purpose of the Distribution Trust and the Plan; and

WHEREAS, the Distribution Trust is intended to qualify as a "grantor trust" for U.S. federal income tax purposes, pursuant to Sections 671-677 of the IRC, with the Distribution Trust Beneficiaries to be treated as the grantors of the Distribution Trust and deemed to be the owners of the Aggregate Trust Assets (subject to the rights of creditors of the Distribution Trust), and, consequently, the transfer of the Aggregate Trust Assets to the Distribution Trust shall be

treated as a deemed transfer of those assets from the Debtors to the Distribution Trust Beneficiaries followed by a deemed transfer by such Distribution Trust Beneficiaries to the Distribution Trust for federal income tax purposes; and

WHEREAS, the Distribution Trustee was duly appointed as a representative of the Debtors' estates pursuant to Sections 1123(a)(5), (a)(7), and (b)(3)(B) of the Bankruptcy Code to hold and pursue the Causes of Action; and

WHEREAS, on _____, 2015 the Certificate of Trust of Corinthian Distribution Trust was filed in accordance with the Trust Act with the office of the Secretary of State of Delaware.

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order, in consideration of the premises, the mutual agreements of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties hereby agree as follows:

## ARTICLE I.
## DEFINITIONS

For all purposes of this Distribution Trust Agreement, capitalized terms used herein and not otherwise defined shall have the meanings assigned to such terms in Annex A attached hereto and made part hereof. Capitalized terms used herein and not otherwise defined herein or in <u>Annex A</u> shall have the meanings ascribed to such terms in the Plan. Unless otherwise specified, Article, Section, and Paragraph references herein are to Articles, Sections, and Paragraphs of this Distribution Trust Agreement.

## ARTICLE II.
## ESTABLISHMENT OF THE DISTRIBUTION TRUST

2.1     <u>Establishment of Distribution Trust and Appointment of Distribution Trustee</u>.

(a)     Pursuant to the Plan, the Parties hereby establish a Delaware statutory trust which shall be known as the "**Corinthian Distribution Trust**" on behalf of the Distribution Trust Beneficiaries.  This Distribution Trust Agreement constitutes the governing instrument of the Distribution Trust.   The Distribution Trustee and the Resident Trustee are hereby authorized and directed to execute and file the Certificate of Trust with the Office of the Secretary of State of the State of Delaware.

(b)     The Distribution Trustee is hereby appointed as trustee of the Distribution Trust effective as of the Effective Date and agrees to accept such appointment and hold the assets of the Distribution Trust in trust for the Distribution Trust Beneficiaries subject to the terms of the Plan, the Confirmation Order, and this Distribution Trust Agreement. The Distribution Trustee and each successor trustee serving from time to time hereunder shall have all the rights, powers, and duties set forth herein.

(c)     Subject to the terms of this Distribution Trust Agreement, any action by the Distribution Trustee which affects the interests of more than one Distribution Trust

Beneficiary shall be binding and conclusive on all Distribution Trust Beneficiaries, even if such Distribution Trust Beneficiaries have different or conflicting interests.

(d)    The Distribution Trustee shall not be required to give any bond or surety or other security for the performance of its duties unless otherwise ordered by the Bankruptcy Court.

2.2    <u>Transfer of the Aggregate Trust Assets</u>.  Pursuant to the Plan, as of the Effective Date:

(a)    Upon the occurrence of the Effective Date of the Plan to the extent provided in the Plan, title to all of the Aggregate Trust Assets of the Debtors existing on such date shall be transferred, assigned, delivered and shall vest in the Distribution Trust free and clear of all Claims, Equity Interests, Liens, security interests, encumbrances, and other interests free and clear of any and all liens, claims, encumbrances, or interests of any kind in such property.

(b)    Upon the occurrence of the Effective Date of the Plan, the Debtors shall transfer, assign, and deliver to the Distribution Trust and the Distribution Trustee, without waiver, all of their respective rights, title and interests in and to any privilege or immunity attaching to any documents or communications (whether written or oral) whether or not associated with any of the Causes of Action (collectively, **"Privileges"** and, together with Causes of Actions, **"Assigned Actions"**), which shall vest in the Distribution Trustee and the Distribution Trust, in trust, and, consistent with Section 1123(b)(3)(B) of the Bankruptcy Code, for the benefit of the Distribution Trust Beneficiaries. For purposes of the transfer of documents, the Distribution Trust is an assignee and successor to the Debtors in respect of the Assigned Actions and shall be treated as such in any review of confidentiality restrictions in requested documents. For purposes of this Section 2.2(b), "privilege" means attorney-client privilege or work product protection (or both as the case may be) as those terms are defined in Federal Rule of Evidence 502(g) or any other privilege available under applicable law.

2.3    <u>Funding of the Distribution Trust</u>.  Any failure or inability of the Distribution Trust to obtain funding will not affect the enforceability of the Distribution Trust, provided that nothing herein shall preclude the Distribution Trustee from seeking additional financing from sources other than the Aggregate Trust Assets  in the discharge of its fiduciary duties.

2.4    <u>Title to the Aggregate Trust Assets</u>.  The transfer of the Aggregate Trust Assets to the Distribution Trust pursuant to Section 2.2 hereof is being made by the Debtors for the sole benefit, and on behalf of, the Distribution Trust Beneficiaries. Upon the transfer of the Aggregate Trust Assets to the Distribution Trust, the Distribution Trust shall succeed to all of the Debtors' and Distribution Trust Beneficiaries' rights, title, and interests in the Aggregate Trust Assets and no other entity shall have any interest, legal, beneficial, or otherwise, in the Distribution Trust or the Aggregate Trust Assets upon their assignment and transfer to the Distribution Trust (other than as provided herein or in the Plan).

2.5    <u>Nature and Purpose of the Distribution Trust</u>.

(a)    <u>Purpose</u>.  The Distribution Trust shall be established for the sole purpose of implementing the Plan on behalf of, and for the benefit of, the Distribution Trust

3

Beneficiaries, and to serve as a mechanism for liquidating, converting to Cash and distributing the Aggregate Trust Assets for the benefit of the Distribution Trust Beneficiaries with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purposes of the Distribution Trust. The Distribution Trust is organized and established as a trust pursuant to which the Distribution Trustee, subject to the terms and conditions contained herein and in the Plan, is to hold the Aggregate Trust Assets and dispose of the same in accordance with this Distribution Trust Agreement and the Plan in accordance with Treasury Regulation Section 301.7701-4(d).

      (b)   <u>Relationship</u>.  This Distribution Trust Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust. The Distribution Trust is not intended to be, and shall not be deemed to be, or be treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Distribution Trustee, or the Distribution Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint ventures. The relationship of the Distribution Trust Beneficiaries to the Distribution Trustee shall be solely that of beneficiaries of a trust and shall not be deemed a principal and agency relationship, and their rights shall be limited to those conferred upon them by this Distribution Trust Agreement.

      2.6   <u>Appointment as Representative</u>.    Pursuant to Section 1123(b)(3) of the Bankruptcy Code, the Distribution Trustee shall be the duly appointed representative of the Debtors' estates for certain limited purposes, and, as such, to the extent provided herein, the Distribution Trustee succeeds to the rights and powers of the Debtors' estates and/or a trustee in bankruptcy solely with respect to prosecution of the Assigned Actions for the benefit of the Distribution Trust Beneficiaries. To the extent that any Assigned Actions cannot be transferred to the Distribution Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by Section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Aggregate Trust Assets shall be deemed to have been retained by the Debtors (other than for tax purposes) and the Distribution Trustee shall be deemed to have been designated as a representative of the Debtors' estates to the extent provided herein pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code solely to enforce and pursue such Assigned Actions on behalf of the estates. Notwithstanding the foregoing, all net proceeds of the Aggregate Trust Assets shall be distributed consistent with the provisions of the Plan and this Distribution Trust Agreement.

      2.7   <u>Relationship to, and Incorporation of, the Plan</u>.  The principal purpose of this Distribution Trust Agreement is to aid in the implementation of the Plan and the Confirmation Order, and therefore this Distribution Trust Agreement incorporates the provisions of the Plan and the Confirmation Order by this reference. To that end, the Distribution Trustee shall have full power and authority to take any action consistent with the purpose and provisions of the Plan, to seek any orders from the Bankruptcy Court in furtherance of implementation of the Plan that directly affect the interests of the Distribution Trust, and to seek any orders from the Bankruptcy Court solely in furtherance of this Distribution Trust Agreement. As among the Distribution Trust, the Distribution Trustee, the Distribution Trust Beneficiaries, and the Debtors, if any provisions of this Distribution Trust Agreement are found to be inconsistent with the provisions of the Plan, or the Confirmation Order, each such document shall have controlling

effect in the following rank order: (a) the Confirmation Order; (b) this Distribution Trust Agreement; and (c) the Plan.

## ARTICLE III.
## DISTRIBUTION TRUST BENEFICIAL INTERESTS

3.1     <u>Distribution Trust Beneficial Interests</u>.  Distribution Trust Beneficial Interests will be represented by book entries on the books and records of the Distribution Trust by amount and by class.

3.2     <u>Allocation of Distribution Trust Beneficial Interests</u>.   The allocation of the Distribution Trust Beneficial Interests shall be accomplished as set forth in Section VIII of the Plan and the distribution of the Aggregate Trust Assets shall be accomplished as set forth in Section IX of the Plan.

3.3     <u>Interests Beneficial Only</u>.   The ownership of a Distribution Trust Beneficial Interest shall not entitle any Distribution Trust Beneficiary to any title in or to the assets of the Distribution Trust as such (which title shall be vested in the Distribution Trustee) or to any right to call for a partition or division of the assets of the Distribution Trust or to require an accounting. No surviving spouse, heir, or devisee of any deceased Distribution Trust Beneficiary shall have any right of dower, homestead or inheritance, or of partition, or any other right, statutory or otherwise, in the Aggregate Trust Assets.

3.4     <u>Identification of Holders of Distribution Trust Beneficial Interests</u>.    The Distribution Trust will not issue any certificate or certificates to evidence any Distribution Trust Interests. The record holders of Distribution Trust Interests shall be recorded and set forth in a register maintained by the Distribution Trustee expressly for such purpose (**"Register"**). Such Register shall be updated timely as and if Disputed Claims become Allowed Claims. Other than providing information to the Distribution Trustee as to the Disputed Claims that have become Allowed Claims, none of the Debtors or their agents, professionals, contractors or employees shall have any responsibility or liability for the maintenance of the Register. All references in this Distribution Trust Agreement to holders of Distribution Trust Beneficial Interests shall be read to mean holders of record as set forth in the official Register maintained by the Distribution Trustee and shall not mean any beneficial owner not recorded on such official registry. The Distribution Trustee shall, upon the written request of a holder of a Distribution Trust Beneficial Interest, provide reasonably adequate documentary evidence of such holder's Distribution Trust Beneficial Interest as indicated in the Register.  The expense of providing such documentation shall be borne by the requesting holder of the Distribution Trust Beneficial Interest.

3.5     <u>Non-Transferability of Distribution Trust Beneficial Interests</u>.   No transfer, assignment, pledge or hypothecation of any Distribution Trust Beneficial Interests, either in whole or in part, shall be permitted except  by operation of law, or by will or under the laws of descent and distribution. Any transfer permitted under this Section 3.5 will not be effective until and unless the Distribution Trustee receives written notice of such transfer. In addition to compliance with Article XI hereof, the limitations imposed by this Section 3.5 on the transferability of Distribution Trust Beneficial Interests may not be amended without the approval of the Bankruptcy Court after proper notice.

5

3.6    <u>Conflicting Distribution Trust Beneficial Interests</u>.  If any conflicting claims or demands are made or asserted with respect to a Distribution Trust Beneficial Interest, the Distribution Trustee shall be entitled, at its sole discretion, to refuse to comply with any such conflicting claims or demands.  In so refusing, the Distribution Trustee, at its sole election, may elect to make no payment or distribution with respect to the Distribution Trust Beneficial Interests subject to the claims or demands involved, or any part thereof, and the Distribution Trustee shall refer such conflicting claims or demands to the Bankruptcy Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands.  In so doing, the Distribution Trustee shall not be or become liable to any party for its refusal to comply with any such conflicting claims or demands.

3.7    <u>Exemption from Registration</u>.  The parties hereto intend that the rights of the Distribution Trust Beneficiaries arising under this Distribution Trust shall not be "securities" under applicable laws, but none of the parties hereto represent or warrant that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws. If such rights constitute securities, the parties hereto intend for the exemption from registration provided by Section 1145 of the Bankruptcy Code and under applicable securities laws to apply to their issuance under the Plan.

3.8    <u>Change of Address</u>.  A Distribution Trust Beneficiary may, after the Effective Date, select an alternative distribution address by providing notice to the Distribution Trustee identifying such alternative distribution address. Such notification shall be effective only upon receipt by the Distribution Trustee. Absent actual receipt of such notice by the Distribution Trustee, the Distribution Trustee shall not recognize any such change of distribution address.

3.9    <u>Tax Identification Numbers</u>.   The Distribution Trustee may require any Distribution Trust Beneficiary to furnish to the Distribution Trustee its social security number or employer or taxpayer identification number as assigned by the IRS and complete any related documentation (including but not limited to a Form W-8BEN or Form W-9), and the Distribution Trustee may condition any distribution to any Distribution Trust Beneficiary upon the receipt of such information and the receipt of such other documents as the Distribution Trustee reasonably requests.

## ARTICLE IV.
## RIGHTS, POWERS AND DUTIES OF DISTRIBUTION TRUSTEE

4.1    <u>Role of the Distribution Trustee</u>.  In furtherance of and consistent with the purpose of the Distribution Trust and the Plan, subject to the terms and conditions contained herein and in the Plan, the Distribution Trustee shall (i) hold the Aggregate Trust Assets for the benefit of Distribution Trust Beneficiaries, except that the Distribution Trustee, upon approval by the Oversight Board, may cause legal title or evidence of title to any of the Aggregate Trust Assets to be held by any nominee or person, on such terms, in such manner, and with such power as the Distribution Trustee may determine advisable, and (ii) make Distribution Trust Distributions in accordance with provisions of the Plan and this Distribution Trust Agreement. Subject to Section 7.3 hereof, the Distribution Trustee shall be responsible for all decisions and duties with respect to the Distribution Trust and the Aggregate Trust Assets. In all circumstances, the Distribution Trustee shall act in the best interests of all Distribution Trust Beneficiaries and

6

in furtherance of the purpose of the Distribution Trust, and shall use commercially reasonable efforts to dispose of the Aggregate Trust Assets and to make timely Distribution Trust Distributions and not unduly prolong the duration of the Distribution Trust.

4.2    Rights of Action/Reservation of Rights.  Except as otherwise provided in the Plan or the Confirmation Order, or in any contract, instrument, release, indenture, or other agreement entered into in connection with the Plan, and except with respect to the Releases, in accordance with Section 1123(b) of the Bankruptcy Code, and subject to Section 7.3 hereof, the Distribution Trust shall reserve, retain and may enforce, sue on, settle, compromise, transfer or assign (or decline to do any of the foregoing) all Causes of Action, and the Distribution Trustee shall, at its option, be deemed substituted for the Debtors and/or their estates in the same as the party in such actions.  Except as otherwise expressly set forth therein, nothing contained in the Plan or the Confirmation Order shall be deemed to be a waiver or the relinquishment of any right or Causes of Action that the Debtors or their Estates may have or which the Distribution Trust may choose to assert (subject to this Distribution Trust Agreement), under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including, any and all Claims against any Person (and any government, governmental agency or any subdivision, department or other instrumentality thereof), to the extent such Person (and any government, governmental agency or any subdivision, department or other instrumentality thereof) asserts a cross-claim, counterclaim and/or Claim for setoff which seeks affirmative relief against any of the Debtors, their officers, directors, or representatives.   The Distribution Trustee shall be deemed the appointed representative to, and may, except as otherwise provided in the Plan or the Confirmation Order, pursue, litigate, compromise, settle, transfer, or assign any such rights, claims, Causes of Action, suits, or proceedings as appropriate, in accordance with the best interests of the Distribution Trust and the Distribution Trust Beneficiaries.

4.3    Liability of Distribution Trustee:

(i)    the Distribution Trustee shall not be personally liable for any error of judgment made in good faith, except to the extent such error of judgment constitutes willful misconduct, gross negligence, or fraud;

(ii)    no provision of this Distribution Trust Agreement shall require the Distribution Trustee to expend or risk its personal funds or otherwise incur any financial liability in the performance of its rights or powers hereunder if the Distribution Trustee has reasonable grounds to believe that the payment of such funds or adequate indemnity against such risk or liability is not reasonably assured or provided to it;

(iii)    the Distribution Trustee shall not be personally liable for the validity or sufficiency of this Distribution Trust Agreement or for the due execution hereof by the other parties hereto;

(iv)    the Distribution Trustee acts solely as Distribution Trustee hereunder and not in its individual capacity, and all persons having any claim against the Distribution Trustee by reason of the transactions contemplated by this Distribution Trust Agreement shall look only to the Aggregate Trust Assets for payment or satisfaction thereof;

(v)  the Distribution Trustee shall not be personally liable for any representation, warranty, covenant, agreement, or indebtedness of the Distribution Trust.

4.4  <u>Delegation of Duties</u>:

(a)  The Distribution Trustee shall have the sole discretion, upon written notice to the Oversight Board, to delegate all authority for preparing Budgets and related financial reporting, reconciling Claims, prosecuting objections to Disputed Claims and settling or otherwise resolving Disputed Claims to the financial advisor retained by the Distribution Trust; <u>provided</u>, <u>however</u>, that the Distribution Trustee may not delegate the Distribution Trustee's authority as a member of the Oversight Board.  Upon such Notice, the remaining members of the Oversight Board shall be responsible for exercising all rights, duties and powers of the Oversight Board with respect to such matters.

(b)  If the written notice described in Section 4.4(a) is given, the Distribution Trustee shall have no liability to the Distribution Trust or any third party with respect to the allowance, dispute, settlement or other resolution of any Claim or Disputed claim for which duties were delegated.  The Distribution Trustee shall be entitled to the fullest indemnification provided for in Section 8.5 hereof.

4.5  <u>Authority to Settle Assigned Actions</u>.  Subject to Section 7.3 hereof, the Distribution Trustee shall be empowered and authorized to settle, dispose of or abandon any Assigned Actions (including any counterclaims to the extent such counterclaims are set off against the proceeds of any such Assigned Actions), and any determinations by the Distribution Trustee with regard to the amount or timing of settlement or other disposition of any Assigned Action shall be conclusive and binding on all Distribution Trust Beneficiaries and all other parties in interest.

4.6  <u>Retention of Counsel and Other Professionals</u>.

(a)  The Distribution Trustee may, consistent with the Plan and the Budget, but without necessity for review or approval by the Bankruptcy Court or any other Person (a) retain such independent experts and advisors (including, but not limited to, counsel, tax advisors, consultants, or other professionals) as the Distribution Trustee deems necessary to aid it in the performance of its duties and responsibilities hereunder and under the Plan and to perform such other functions as may be appropriate in furtherance of the intent and purpose of this Distribution Trust Agreement, and (b) commit the Distribution Trust to provide such professional persons or entities reasonable compensation and reimbursement from the Aggregate Trust Assets for services rendered and expenses incurred. The Distribution Trustee may select any of the foregoing professionals in its sole discretion, without regard to such professionals' affiliation with the Distribution Trustee, prior employment in any capacity in the Debtors' bankruptcy cases on behalf of the Debtors, their estates, or the Creditors' Committee. The Distribution Trustee will make all reasonable and customary arrangements for payment or reimbursement of such compensation and expenses.

4.7  <u>Distribution Trust Expenses</u>.

(a)    The Distribution Trust shall pay all reasonable fees, costs, and expenses of the Distribution Trust that are (i) incurred in connection with the administration of the Distribution Trust, the protection, preservation, liquidation and distribution of Aggregate Trust Assets, and the costs of investigating, prosecuting, resolving and/or settling or objecting to any Claims (including but not limited to Disputed  Claims or any Disputed Ownership Fund under Section 9.4 hereof and Section IX.E of the Plan), any tax liability imposed on the Distribution Trust or the Disputed Ownership Fund, and any fees, costs and expenses of the Distribution Trustee, the Resident Trustee, the members of the Oversight Board, and any and all professionals retained by such parties; (ii) obligations or other liabilities incurred or assumed by the Distribution Trust (including but not limited to any Reserves established or assumed by the Distribution Trust under the Plan); (iii) reasonably necessary to meet contingent liabilities and to maintain the value of the Aggregate Trust Assets during liquidation; and (iv) to satisfy any other obligations of the Distribution Trust set forth in the Plan, the Confirmation Order, or the Distribution Trust Agreement.  All fees, costs and expenses of the Distribution Trust shall be subject to the Budget.

(b)    The Distribution Trustee shall, consistent with the Plan, retain Cash and fund one or more Distribution Trust Reserve, at any time and from time to time, with such amounts as the Distribution Trustee, in its reasonable discretion (after consultation with the Oversight Board), deems reasonable and appropriate to ensure that the Distribution Trust will be able to meet its obligations for fees, costs, and expenses as set forth in Section 4.7(a) hereof.

(c)    Notwithstanding any other provision of this Distribution Trust Agreement to the contrary, the Distribution Trustee shall not be required to take any action or enter into or maintain any claim, demand, action, or proceeding relating to the Distribution Trust unless it shall have, or have access to, sufficient funds for that purpose.

4.8    Budget.  With respect to each twelve month period (each a "Budget Period") and initially as soon as practicable after the Effective Date, the Distribution Trustee shall submit to the Oversight Board a proposed budget covering such Budget Period.  Such budget shall not become effective unless and until approved by a majority of the Oversight Board (as so approved, the "Budget"), and except as approved by such majority, the amount expended by the Distribution Trust in any Budget Period shall not exceed the budgeted amount therefor set forth in such Budget by more than fifteen percent (15%) in the aggregate.  Additionally, beginning with the second Budget Period, the Distribution Trustee shall further provide the Oversight Board with a comparison between the proposed budget and the Budget then in effect, along with an explanation of the differences between the two in reasonable detail.

4.9    Distributions.

(a)    In the reasonable discretion of the Distribution Trustee and subject to the requirements of Revenue Procedure 94-45, the Distribution Trustee shall, in one or more Ditribution Trust Distributions, distribute Cash on hand (including, but not limited to, the Distribution Trust's net income and net proceeds from the Aggregate Trust Assets, any Cash received on account of Aggregate Trust Assets, and treating as Cash for purposes of this Section 4.6 any permitted investments under Section 4.11 below), except such amounts (i) as are reserved for distribution to holders of  Disputed  Claims (as of the time of such distribution

9

but only until such Disputed Claim is resolved), which amounts shall be segregated and held in the Disputed Claims Reserve pursuant to Section IX.E. of the Plan, and (ii) as are reasonably necessary for the Distribution Trust to meet its other obligations under Section 4.7(a) hereof. The Distribution Trustee shall make all such Distribution Trust Distributions in accordance with provisions of the Plan and this Distribution Trust Agreement; the net income of the Distribution Trust and all net proceeds from the sale of Aggregate Trust Assets shall be distributed at least annually (except that the Distribution Trustee may retain an amount of Cash or other Aggregate Trust Assets or net income of the Distribution Trust reasonably necessary to maintain the value of the Aggregate Trust Assets for to meet claims and contingent liabilities (including Disputed Claims)).

(b)    The Distribution Trustee shall make the initial Distribution Trust Distribution to the Distribution Trust Beneficiaries on a date determined by the Distribution Trustee, as authorized by the Oversight Board, after sufficient Aggregate Trust Assets have been received and appropriate reserves have been established as provided for herein and in the Plan. The Distribution Trustee shall make such other Distribution Trust Distributions to the Distribution Trust Beneficiaries on such dates determined by the Distribution Trustee, as authorized by the Oversight Board; provided, that, (i) the Trustee shall not distribute any Liquidating Trust Assets to any Beneficiaries prior to the earliest date on which the Distribution Trust Beneficiary is entitled to receive such Distribution Trust Distributions in accordance with the Plan and this Trust Agreement, and (ii) the Distribution Trustee shall not be required to make any Distribution Trust Distribution to the Beneficiaries if the Aggregate Trust Assets available for distribution to the Beneficiaries are not sufficient, in the Distribution Trustee's reasonable discretion (after consultation with the Oversight Board), to justify incurring the Distribution Trust Expenses necessarily associated with making such Distribution Trust Distribution.

(c)    Prior to making any Distribution Trust Distribution, the Distribution Trust shall retain sufficient funds to meet the fees, costs and expenses set forth in Section 4.7(a).

(d)    The Distribution Trust may withhold from amounts distributable to any Person any and all amounts, determined in the Distribution Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive, or other governmental requirement (including, without limitation, tax withholding relating to wage claims). Any Aggregate Trust Assets which are undistributable in accordance with this Section 4.6(c) as of the termination of the Distribution Trust shall be distributed in accordance with provisions of the Plan and this Distribution Trust Agreement.

(e)    The Distribution Trustee may retain a distribution agent for the effective administration and distribution of amounts payable to Distribution Trust Beneficiaries; provided, however, that such distribution agent shall have no greater authority than, and shall be subject to the same restrictions as, the Distribution Trustee under the Distribution Trust Agreement.

(f)    Subject to Bankruptcy Rule 9010, any Distribution Trust Distribution or delivery to a holder of an Allowed Claim shall be made: (1) at the addresses set forth on the respective proofs of Claim Filed by such Holders; (2) at the address set forth in any written

10

notices of address changes delivered to the Distribution Trustee after the date of any related proof of Claim; or (3) at the address reflected in the Schedules if no proof of Claim is filed with the Distribution Trustee (as to Claims administered by the Distribution Trust) has not received a written notice of a change of address. Except as set forth in the Plan, if any Distribution Trust Distribution or other communication from the Debtors or the Distribution Trust is returned as undeliverable, no further Distribution Trust Distribution shall be made to such holder unless the Distribution Trustee is notified in writing of such holder's then current address. Undeliverable Distribution Trust Distributions shall remain in the possession of the Distribution Trustee until the earlier of (i) such time as a Distribution Trust Distribution becomes deliverable or (ii) such undeliverable Distribution Trust Distribution becomes an unclaimed Distribution Trust Distribution pursuant to the provisions of the Plan and this Distribution Trust Agreement. Except as required by law, the Distribution Trustee (or its duly authorized agent) shall have no obligation to locate any Distribution Trust Beneficiary.

(g)    After final Distribution Trust Distributions have been made in accordance with the Combined Plan and Disclosure Statement, the Distribution Trust shall not be obligated to make a Distribution Trust Distribution of less than twenty five dollars ($25) to any holder of Allowed General Unsecured Claims. In lieu of making any further Distribution Trust Distributions to the holders of such Claims, the Distribution Trustee may distribute such Cash to the charity of its choice; provided such charity is a Section 501(c)(3) under the IRC, is exempt from federal income tax, is not a "private foundation" under the IRC, and is unrelated to the Debtors, the Distribution Trustee, the Resident Trustee, the Oversight Board Members, or any Related Persons thereof.

(h)    Checks issued in respect of Allowed Claims shall be null and void if not negotiated within three (3) months after the date of issuance thereof. Requests for reissuance of any voided check shall be made directly to the Distribution Trustee by the holder of the Allowed Claim to whom such check was originally issued. Any Claim in respect of such a voided check shall be made within three (3) months after the date of issuance of such check. If no request is made as provided in the preceding sentence, the Check shall revert to the Distribution Trustee and such Distribution shall be deemed to be reduced to zero.

(i)    Cash payments to foreign holders of Distribution Trust Beneficial Interests may be made, at the option of the Distribution Trustee, in such funds and by such means as are necessary or customary in the foreign jurisdiction of such foreign holder.

(j)    The Distribution Trustee shall have the discretion to determine the timing of Distribution Trust Distributions in the most efficient and cost-effective manner possible; provided, however, that the Distribution Trustee's discretion may not be exercised in a manner inconsistent with any express requirements of the Plan.

4.10    <u>Distribution Record Date</u>. As of the close of business on the Distribution Record Date, the various transfer registers for each of the Classes of Claims as maintained by the Debtors or their agents shall be deemed closed, and there shall be no further changes in the record holders of any of the Claims. The Distribution Trustee shall have no obligation to recognize any transfer of any Claims occurring on or after the Distribution Record Date. Subject to Section 3.5, the Distribution Trustee shall be entitled to recognize and deal for all purposes

hereunder only with those record holders stated on the transfer ledgers as of the close of business on the Distribution Record Date.

4.11    <u>Reserves for Disputed Claims</u>.    Subject to Section 7.3 hereof, the Distribution Trustee shall create one or more separate reserves for Disputed Claims in consultation with the Oversight Board. The Distribution Trustee may establish one or more Disputed Claims Reserves, to hold assets, and any interest, dividends or proceeds of such assets, separately from other assets of the Distribution Trust, subject to an allocable share of all expenses and obligations of the Distribution Trust, on account of Disputed Claims. The Distribution Trustee shall remove funds from the Disputed Claims Reserves as Disputed Claims are resolved, which funds shall be distributed as set forth in the Plan and this Distribution Trust Agreement. No interest shall be paid on any Disputed Claim that later becomes an Allowed Claim.  To the extent such Disputed Claim is disallowed, the corresponding reserved amount shall be deposited by the Distribution Trustee into the Distribution Trust Account and shall be distributed as provided in the Plan and this Distribution Trust Agreement.

(a)    The Distribution Trustee shall reserve Cash and/or a portion of other Aggregate Trust Assets for Distribution on account of each Disputed Claim, (i) with respect to liquidated Claims, the amount of Cash and such portion of other Aggregate Trust Assets that such holder would have been allocated under the Plan if the full amount of the Disputed Claim asserted in a filed Proof of Claim or Administrative Claim had been allowed as of the Effective Date, or, with respect to unliquidated Claims, the amount of Cash and such portion of other Aggregate Trust Assets that the holder would have been allocated under the Plan if the amount reasonably estimated by the Debtor or the Distribution Trustee as the maximum allowable amount of such Claim had been allowed as the Effective Date, (b) such other amount of Cash and such portion of Creditor Trust Assets as the Distribution Trustee and such holder of the Disputed Claim agree, or (c) such amount of Cash and such portion of Aggregate Trust Assets ordered by the Bankruptcy Court.

(b)    Amounts in each Disputed Reserve, net of any taxes paid or payable, shall be distributed as follows: if, following the Effective Date, all or any portion of a Disputed Claim becomes an Allowed Claim, the Distribution Trustee shall distribute from the Disputed Reserve, to the holder of such Allowed Claim, on the next applicable Distribution Date, the amount of Cash or other Aggregate Trust Assets which the holder of the Allowed Claim is entitled to receive in accordance with the terms of the Plan and this Distribution Trust Agreement.  At such time as all or a portion of a Disputed Claim is disallowed pursuant to a Final Order, the Distribution Trustee shall release the amount of Cash and the portion of other Aggregate Trust Assets that would have been allocated to the holder of such Disputed Claim from the Disputed Reserve and such Cash shall become available for Distribution to the holders of Allowed Claims in accordance with the terms of the Plan and this Distribution Trust Agreement.

(c)    Each Disputed Reserve shall be closed and extinguished by the Distribution Trustee when all Distributions and other dispositions of Cash or other property required to be made hereunder and under the Plan will have been made in accordance with the terms hereunder and under the Plan. Upon closure of a Disputed Reserve, all Cash or other property remaining in that Disputed Reserve shall revest in and become the property of the

Distribution Trust. All funds or other property that vests or revests in the Distribution Trust pursuant to this section shall be applied in accordance with this Distribution Trust Agreement.

4.12    Management of the Aggregate Trust Assets.

(a)    The Aggregate Trust Assets and all other property held from time to time by the Distribution Trust and any earnings, including without limitation, interest, on any of the foregoing shall be applied by the Distribution Trustee in accordance with the terms of this Distribution Trust Agreement for the benefit of the Distribution Trust Beneficiaries, and for no other party.

(b)    Except as otherwise provided in this Distribution Trust Agreement, the Plan or the Confirmation Order, and subject to Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, but without prior or further authorization, the Distribution Trustee may control and exercise authority over the Aggregate Trust Assets, over the acquisition, management and disposition thereof and over the management and conduct of the Distribution Trust, in each case, to the extent necessary to enable the Distribution dating Trustee to fulfill the intents and purposes of this Distribution Trust Agreement. No person dealing with the Distribution Trust will be obligated to inquire into the authority of the Distribution Trustee in connection with the acquisition, management or disposition of the Aggregate Trust Assets.

(c)    In connection with the management and use of the Aggregate Trust Assets and except as otherwise expressly limited in this Distribution Trust Agreement, the Plan or the Confirmation Order, the Distribution Trustee will have in addition to any powers conferred upon the Distribution Trustee by any other provision of this Distribution Trust Agreement, the power to take any and all actions as, in the Distribution Trustee's discretion, are necessary or advisable to effectuate the primary purposes of the Distribution Trust, including, without limitation, the power and authority, to the extent  consistent with the Plan and the Budget, as applicable, (i) to distribute the Aggregate Trust Assets to Distribution Trust Beneficiaries in accordance with the terms of this Distribution Trust Agreement and the Plan, (ii) to pay all expenses of the Distribution Trust, (iii) to sell, convey, transfer, assign, liquidate or abandon the Aggregate Trust Assets, or any part thereof or any interest therein, upon such terms and for such consideration as the Oversight Board deems reasonable, (iv) to endorse the payment of notes or other obligations of any Person or to make contracts with respect thereto, and (v) to borrow such sums of money, at any time and from time to time, for such periods of time, upon such terms and conditions, from such Persons, for such purposes as the Oversight Board deems reasonable.

(d)    All decisions and actions by the Distribution Trustee under the authority of this Distribution Trust Agreement will be binding upon all of the Distribution Trust Beneficiaries and the Distribution Trust.

4.13    Investment of Cash.  The Distribution Trustee may invest any Cash (including any earnings thereon or proceeds therefrom) in United States Treasury bills and notes, institutional money market funds, commercial paper and time deposits and certificates of deposit with commercial banks, in each case, with a maturity of twelve months or less; provided,

13

however, that the scope of any such investments shall be limited to investments permitted to be made by a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) or under applicable IRS guidelines, rulings, or other controlling authorities.

4.14    Additional Powers of the Distribution Trustee.  In addition to the powers set forth in the Plan, the Confirmation Order, or this Distribution Trust Agreement, and subject to the Treasury Regulations governing liquidating trusts, the consent rights of the Oversight Board as set forth in this Distribution Trust Agreement, and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, the Distribution Trustee shall be empowered to:

(a)    open bank accounts, including a Distribution Trust Account, and hold, manage, convert to Cash, and distribute the Aggregate Trust Assets, including all Distribution Trust Recoveries, in accordance with provisions of the Plan and this Distribution Trust Agreement;

(b)    pay or reserve for payment of all reasonable fees, costs and expenses of the Distribution Trust, in accordance with the provisions of the Plan and this Distribution Trust Agreement, including, without limitation, Section 4.7(a) hereof;

(c)    perform the duties, exercise the powers, and assert the rights of the Debtors and/or their Estates or a trustee under Sections 704 and 1106 of the Bankruptcy Code with respect to the Aggregate Trust Assets, including assert claims, defenses, offsets, and privileges;

(d)    protect and enforce the rights of the Distribution Trust to the Aggregate Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law and general principles of equity;

(e)    determine and satisfy any and all obligations or liabilities created, incurred or assumed by the Distribution Trust;

(f)    assert or waive any privilege or defense on behalf of the Distribution Trust;

(g)    hold, manage, and distribute Cash or non-Cash Aggregate Trust Assets obtained through the exercise of its power and authority and make all disbursements and Distribution Trust Distributions relating to the Aggregate Trust Assets;

(h)    obtain insurance coverage with respect to the potential liabilities and obligations of the Distribution Trust, the Distribution Trustee, the Resident Trustee, and the Oversight Board under this Distribution Trust Agreement (in the form of a directors and officers policy, an errors and omissions policy or otherwise);

(i)    file, if necessary, any and all tax and information returns with respect to the Distribution  Trust and pay taxes properly payable by the Distribution Trust, if any;

14

(j)    request any appropriate tax determination with respect to the Distribution Trust, including, without limitation, a determination pursuant to Section 505 of the Bankruptcy Code;

(k)    retain and reasonably compensate for services rendered and expenses incurred an accounting firm or financial consulting firm to perform such reviews and/or audits of the financial books and records of the Distribution Trust as may be appropriate in the Distribution Trustee's discretion and to prepare and file any tax returns or informational returns for the Distribution Trust as may be required;

(l)    take or refrain from taking any and all actions the Distribution Trustee reasonably deems necessary for the continuation, protection, and maximization of the Aggregate Trust Assets consistent with the purposes of the Distribution Trust;

(m)    take all steps and execute all instruments and documents the Distribution Trustee reasonably deems necessary to effectuate the purposes of the Distribution Trust and the Plan;

(n)    make continuing efforts to dispose of the Aggregate Trust Assets, make timely distributions, and not unduly prolong the duration of the Distribution Trust;

(o)    prepare and report, in the manner requested by the Oversight Board, a monthly report of the status of the process of the winding down of the Estates; and

(p)    act as a signatory for the Debtors as necessary to effectuate the purposes of the Distribution Trust and the Plan;

(q)    monitor and enforce implementation of the Plan and take all actions the Distribution Trustee reasonably deems necessary under the Plan, the Confirmation Order, and this Distribution Trust Agreement and the obligations thereunder and hereunder; and

(r)    exercise such other powers as may be vested in the Distribution Trustee pursuant to an order of the Bankruptcy Court, the Plan, the Confirmation Order and this Distribution Trust Agreement to be necessary and proper to carry out the purposes of the Distribution Trust; and

(s)    take all necessary actions and file all appropriate motions to obtain an order closing the Chapter 11 Cases.

4.15    <u>Limitations on Power and Authority of the Distribution Trustee</u>.  Notwithstanding anything in this Distribution Trust Agreement to the contrary, the Distribution Trustee will not have the authority to do any of the following:

(a)    take any action in contravention of this Distribution Trust Agreement, the Plan, or the Confirmation Order;

(b)    take any action which would make it impossible to carry on the activities of the Distribution Trust;

(c)    possess property of the Distribution Trust or assign the Distribution Trust's rights in specific property for other than Distribution Trust purposes and as provided herein;

(d)    engage in any trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purposes of the Distribution Trust;

(e)    permit the Distribution Trust to receive or retain cash or cash equivalents in excess of a reasonable amount necessary to meet claims and contingent liabilities (including without limitation expected expenses) or to maintain the value of its assets during liquidation;

(f)    receive transfers of any listed stocks or securities, or any readily-marketable assets or any operating assets of a going business, except as is absolutely necessary or required under the Plan and the Confirmation Order; provided, however, that in no event shall the Distribution Trustee receive any such investment that would jeopardize treatment of the Distribution Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation Section 301.7701-4(d), or any successor provision thereof;

(g)    exercise any investment power other than the power to invest in demand and time deposits in banks or savings institutions, or temporary investments such as short term certificates of deposit or Treasury bills or other investments that may be held by a "liquidating trust" for federal income tax purposes under Treasury Regulation Section 301.7701-4(d), or any successor provision thereof;

(h)    receive or retain any operating assets of a going business, a partnership interest in a partnership that holds operating assets, or fifty percent (50%) or more of the stock of a corporation with operating assets, except as is absolutely necessary or required under the Plan and the Confirmation Order; provided, however, that in no event shall the Distribution Trustee receive or retain any such asset or interest that would jeopardize treatment of the Distribution Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation Section 301.7701-4(d), or any successor provision thereof; and

(i)    take any other action that would jeopardize treatment of the Distribution Trust as a liquidating trust for federal income tax purposes under Treasury Regulation Section 301.7701-4(d), or any successor provision thereof.

(j)    take any action which requires prior written consent of the Oversight Board pursuant to Section 7.3 hereof, without having received such consent.

4.16    <u>Books and Records</u>.  The Distribution Trustee shall maintain books and records relating to the Aggregate Trust Assets and income of the Distribution Trust and the payment of, expenses of, and liabilities of claims against or assumed by, the Distribution Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof. Such books and records shall be maintained as reasonably necessary to facilitate compliance with the tax reporting requirements of the Distribution Trust. Nothing in this Distribution Trust Agreement requires the Distribution Trustee to file any accounting or seek approval of any court with respect to the administration of the Distribution Trust, or as a condition for managing any payment or distribution out of the Aggregate Trust Assets.

4.17    Reports.

(a)    The Distribution Trustee shall timely prepare, file and distribute such statements, reports and submissions as may be necessary to cause the Distribution Trust and the Distribution Trustee to be in compliance with applicable law.

(b)    Securities Reports.    To the extent that the Distribution Trust Interests are deemed securities the issuance of Distribution Trust Interests under the Plan shall be exempt from registration under the Securities Act of 1933, as amended, and applicable state and local laws requiring registration of securities pursuant to Section 1145 of the Bankruptcy Code. If the Distribution Trustee determines, with the advice of counsel, that the Distribution Trustee is required to comply with the registration and reporting requirements of the Securities Exchange Act of 1934, as amended, or the Investment Company Act of 1940, as amended, then the Distribution Trustee shall take commercially reasonable efforts to comply with such reporting requirements and file periodic reports with the Securities and Exchange Commission.

(c)    Financial Reports.    After the close of the calendar year-end following the Effective Date and for each calendar year end thereafter, and as soon as practicable upon termination of the Distribution Trust, the Distribution Trustee shall prepare or have prepared financial statements of the Distribution Trust for such period, which shall be made available to Distribution Trust Beneficiaries by means of actual notice, or the Distribution Trustee may post any such financial statements on a web site maintained by the Distribution Trustee or electronically file it with the Bankruptcy Court in lieu of actual notice to each Distribution Trust Beneficiary (unless otherwise required by law).

4.18    Compliance with Laws.    Any and all distributions of Aggregate Trust Assets and proceeds of borrowings, if any, shall be in compliance with applicable laws, including, but not limited to, applicable federal and state securities laws.

## ARTICLE V.
## THE DISTRIBUTION TRUSTEE

5.1    Independent Trustee.    The Distribution Trustee may not be a Distribution Trust Beneficiary or related or subordinate (within the meaning of Section 672(c) of the IRC) to any Distribution Trust Beneficiary.

5.2    Citizenship.    The Distribution Trustee shall be a U.S. person.

5.3    Trustee's Compensation and Reimbursement.    The Distribution Trustee shall receive compensation from the Distribution Trust as follows:

(a)    Compensation.    The Distribution Trustee shall receive as reasonable compensation in connection with the performance of services (including any work performed prior to the Effective Date) as set forth in Exhibit B hereto; provided, however, that the Distribution Trustee and the Oversight Board may agree to modify the terms of the Distribution Trustee's compensation as they deem mutually desirable and necessary to further the intent and purpose of the Distribution Trust and the Plan.  If the Distribution Trustee resigns or is removed, the Oversight Board shall give written consent to the compensation for

17

the successor Distribution Trustee if greater than the compensation for the predecessor Distribution Trustee.

(b)    Expenses.    In addition, the Distribution Trust will reimburse the Distribution Trustee (out of the Aggregate Trust Assets) for all reasonable, out-of-pocket expenses incurred by the Distribution Trustee in connection with the performance of its duties hereunder and under the Plan, consistent with the Budget.

(c)    Payment.    The fees and expenses payable to the Distribution Trustee shall, consistent with the Budget, be paid to the Distribution Trustee (out of the Aggregate Trust Assets) without necessity for review or approval by the Bankruptcy Court or any other Person. The Bankruptcy Court shall retain jurisdiction to adjudicate any dispute regarding the fees, compensation, and expenses of the Distribution Trustee.

5.4    Resignation.    The Distribution Trustee may resign by giving not less than thirty (30) days' prior written notice thereof to the Bankruptcy Court and the Oversight Board. Unless the Bankruptcy Court (on motion of any Distribution Trust Beneficiary) orders otherwise, (i) such resignation shall become effective on the date on which the Bankruptcy Court appoints a successor Distribution Trustee or a replacement Distribution Trustee is appointed pursuant to Section 5.6 of of this Distribution Trust Agreement, provided the Oversight Board shall select a replacement Distribution Trustee within sixty (60) days of the notice from the Distribution Trustee and (ii) the Distribution Trustee shall be entitled to compensation and reimbursement up to the date on which the Distribution Trustee's resignation becomes effective.

5.5    Removal.    The Distribution Trustee may be removed as Distribution Trustee, only for cause, by any Distribution Trust Beneficiary upon motion and prior written notice and service thereof to the Bankruptcy Court and the Oversight Board, and then, only to the extent approved by the Bankruptcy Court. To the extent there is any dispute or motion regarding the removal of the Distribution Trustee (including any dispute relating to any compensation or expense reimbursement due under this Distribution Trust Agreement), the Bankruptcy Court shall retain jurisdiction to consider and adjudicate any such dispute. Notwithstanding the foregoing, the Distribution Trustee will continue to serve as a trustee after its removal until the earlier of (i) the time when appointment of a successor Distribution Trustee will become effective in accordance with Section 5.6 of this Distribution Trust Agreement or (ii) such date as the Bankruptcy Court otherwise orders. For purposes of this Section 5.5, "cause" means (a) the Person's willful failure to perform its material duties hereunder, which is not remedied within thirty (30) days of notice; (b) the Person's commission of an act of fraud, theft, or embezzlement during the duties described hereunder; or (c) the Person's conviction for the commission of a felony with all appeals having been exhausted or appeal periods lapsed; provided, however, that no "cause" shall exist involving subsection (a) above until the Person first has failed to cure such failure within thirty (30) days of having been given written notice of such failure. For purposes of the foregoing, no act or failure to act on the part of the Person shall be considered "willful" unless it is done, or permitted to be done, by the Person without reasonable belief that such Person's action or omission was in the best interests of the Distribution Trust.

5.6    Appointment of Successor Distribution Trustee.    Upon the resignation or removal of the Distribution Trustee, the remaining members of the Oversight Board shall appoint a

PAC 1197992v.5RLF1 12808836v.1

successor.  If the remaining Oversight Board Members cannot timely agree upon the successor Distribution Trustee, the Bankruptcy Court shall make the appointment.  Any successor Distribution Trustee appointed hereunder shall execute, acknowledge, and file with the Distribution Trust records an instrument accepting the appointment under this Distribution Trust Agreement and agreeing to be bound thereto, and thereupon, the successor Distribution Trustee, without any further act, deed, or conveyance, shall become vested with all rights, powers, trusts, and duties of the predecessor Distribution Trustee; provided, however, that a removed or resigning Distribution Trustee shall, nevertheless, when requested in writing by the successor Distribution Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Distribution Trustee under the Distribution Trust all the estates, properties, rights, powers, and trusts of such predecessor Distribution Trustee.  In no event shall any successor Distribution Trustee be an employee or affiliate of a member of the Creditors' Committee or a competitor of the Debtors.

5.7     <u>Effect of Resignation or Removal</u>.  The death, resignation, incompetency or removal of the Distribution Trustee shall not operate to terminate the Distribution Trust created by this Distribution Trust Agreement or to revoke any existing agency created pursuant to the terms of this Distribution Trust Agreement or invalidate any action theretofore taken by the Distribution Trustee or any prior Distribution Trustee. In the event of the resignation or removal of the Distribution Trustee, such Distribution Trustee will promptly (a) execute and deliver such documents, instruments and other writings as may be ordered by the Bankruptcy Court or reasonably requested by the successor Distribution Trustee to effect the termination of such Distribution Trustee's capacity under this Distribution Trust Agreement, (b) deliver to the Bankruptcy Court (if required) or the successor Distribution Trustee all documents, instruments, records and other writings related to the Distribution Trust as may be in the possession of such Distribution Trustee (provided that such Distribution Trustee may retain one copy of such documents for archival purposes) and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Distribution Trustee.

5.8     <u>Confidentiality</u>.  The Distribution Trustee shall, during the period that the Distribution Trustee serves as Distribution Trustee under this Distribution Trust Agreement and following the termination of this Distribution Trust Agreement or following its removal or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Aggregate Trust Assets relates or of which the Distribution Trustee has become aware in the Distribution Trustee's capacity as Distribution Trustee, except as otherwise required by law.

## ARTICLE VI.
## THE RESIDENT TRUSTEE

6.1     <u>Appointment</u>.  The Resident Trustee shall act solely for the purpose of complying with the requirement of Section 3807(a) of the Trust Act that the Distribution Trust have one trustee, which, in the case of a natural person, is a resident of the State of Delaware, or which in all other cases, has its principal place of business in the State of Delaware.

6.2     <u>Powers</u>.

(a)    The duties and responsibilities of the Resident Trustee shall be limited solely to (i) accepting legal process served on the Distribution Trust in the State of Delaware, and (ii) the execution of any certificates required to be filed with the office of the Secretary of State of the State of Delaware that the Resident Trustee is required to execute under Section 3811 of the Trust Act (including without limitation the Certificate of Trust) and there shall be no other duties (including fiduciary duties) or obligations, express or implied, at law or in equity, of the Resident Trustee. To the extent that, at law or in equity, the Resident Trustee has duties (including fiduciary duties) and liabilities relating to the Distribution Trust, the Distribution Trustee, or the Distribution Trust Beneficiaries, such duties and liabilities are replaced by the duties and liabilities of the Resident Trustee expressly set forth in this Agreement. To the fullest extent permitted by law, the Resident Trustee shall have no management responsibilities or owe any fiduciary duties to the Distribution Trust, the Distribution Trustee, or the Distribution Trust Beneficiaries. The Distribution Trustee and the Resident Trustee shall file the Certificate of Trust with the Secretary of State of the State of Delaware as provided under the Trust Act.

(b)    By its execution hereof, the Resident Trustee accepts the trusteeship of the Distribution Trust on the terms expressly set forth herein. Except as otherwise expressly required by Section 6.2(a), the Resident Trustee shall not have any duty or liability with respect to the administration of the Distribution Trust, the investment of the Aggregate Trust Assets or the distribution of the Aggregate Trust Assets to the Distribution Trust Beneficiaries, and no such duties shall be implied. The Resident Trustee shall not be liable for the acts or omissions of the Distribution Trustee, nor shall the Resident Trustee be liable for supervising or monitoring the performance of the duties and obligations of the Distribution Trustee under this Distribution Trust Agreement, except as expressly required by Section 6.2(a). The Resident Trustee shall not be obligated to give any bond or other security for the performance of any of its duties hereunder. The Resident Trustee shall not be personally liable under any circumstances, except for its own willful misconduct, bad faith or gross negligence. Without limiting the foregoing:

(i)    the Resident Trustee shall not be personally liable for any error of judgment made in good faith, except to the extent such error of judgment constitutes willful misconduct, gross negligence, or fraud;

(ii)    no provision of this Distribution Trust Agreement shall require the Resident Trustee to expend or risk its personal funds or otherwise incur any financial liability in the performance of its rights or powers hereunder if the Resident Trustee has reasonable grounds to believe that the payment of such funds or adequate indemnity against such risk or liability is not reasonably assured or provided to it;

(iii)    the Resident Trustee shall not be personally liable for the validity or sufficiency of this Distribution Trust Agreement or for the due execution hereof by the other parties hereto;

(iv)    the Resident Trustee may request the Distribution Trustee to provide a certificate or other written instruction with regard to any fact or matter the manner of ascertainment of which is not specifically prescribed herein or if the Resident Trustee is unsure

20

of any action it has been asked to take or refrain from taking, and such certificate or other written instruction shall constitute full protection to the Resident Trustee for any action taken or omitted to be taken by it in good faith in reliance thereon;

(v)       in the exercise or administration of the Distribution Trust hereunder, the Resident Trustee (a) may act directly or through agents or attorneys pursuant to agreements entered into with any of them, and (b) may consult with nationally recognized counsel selected by it in good faith and with due care and employed by it, and it shall not be liable for anything done, suffered or omitted in good faith by it in accordance with the advice or opinion of any such counsel;

(vi)      the Resident Trustee acts solely as Resident Trustee hereunder and not in its individual capacity, and all persons having any claim against the Resident Trustee by reason of the transactions contemplated by this Distribution Trust Agreement shall look only to the Aggregate Trust Assets for payment or satisfaction thereof; and

(vii)     the Resident Trustee shall not be personally liable for any representation, warranty, covenant, agreement, or indebtedness of the Distribution Trust.

6.3    <u>Compensation and Expenses</u>.  The Resident Trustee shall, consistent with the Budget, be entitled to receive compensation for its services pursuant to the terms of a separate fee agreement with the Distribution Trustee and shall be reimbursed for its reasonable out-of-pocket expenses incident to the performance of its duties under this Distribution Trust Agreement, in each case, without further motion, application or notice to, or order or approval of, the Bankruptcy Court.

6.4    <u>Duration and Replacement</u>.  The Resident Trustee shall serve for the duration of the Distribution Trust or until the earlier of (i) the effective date of the Resident Trustee's resignation, or (ii) the effective date of the removal of the Resident Trustee. The Resident Trustee may resign at any time by giving thirty (30) days' written notice to the Distribution Trustee; provided, however, that such resignation shall not be effective until such time as a successor Resident Trustee has accepted appointment. The Resident Trustee may be removed at any time by the Distribution Trustee, with the prior consent of the Oversight Board, by providing thirty (30) days' written notice to the Resident Trustee; provided, however, such removal shall not be effective until such time as a successor Resident Trustee has accepted appointment. Upon the resignation or removal of the Resident Trustee, the Distribution Trustee, with the consent of the Oversight Board, shall appoint a successor Resident Trustee. If no successor Resident Trustee shall have been appointed and shall have accepted such appointment within forty-five (45) days after the giving of such notice of resignation or removal, the Resident Trustee may (at the sole cost and expense of the Distribution Trust) petition the Bankruptcy Court for the appointment of a successor Resident Trustee.  Any successor Resident Trustee appointed pursuant to this Section 6.4 shall be eligible to act in such capacity in accordance with this Agreement and, following compliance with this Section 6.4, shall become fully vested with the rights, powers, duties and obligations of its predecessor under this Agreement, with like effect as if originally named as Resident Trustee. Any such successor Resident Trustee shall notify the predecessor Resident Trustee of its appointment by providing written notice to the predecessor

Resident Trustee and upon receipt of such notice, the predecessor Resident Trustee shall be discharged of its duties herein.

## ARTICLE VII.
## OVERSIGHT BOARD

7.1    _Oversight Board Generally_.    Pursuant to the Plan and this Distribution Trust Agreement, the Oversight Board ("**Oversight Board**") shall be created on the Effective Date. The Oversight Board's role shall be to advise, oversee, and approve the actions of the Distribution Trustee to the extent required herein. The Oversight Board shall be comprised of three (3) members, each of whom shall at all times be "United States Persons" as defined in Section 7701(a)(30) of the Internal Revenue Code (the "**Oversight Board Members**"), which members and any successor of any such member under shall be appointed in accordance with the Plan. The Oversight Board shall have such duties and powers as provided for in this Trust Agreement. Except as otherwise expressly provided herein, consent of a majority of the Oversight Board Members shall be required to take any action or make any decision of the Oversight Board. The initial Oversight Board Members shall be [_____], for the Creditors' Committee, [_____], for the Prepetition Secured Parties, and [_____], the Distribution Trustee.

7.2    _Resignation and Replacement of Oversight Board Members_.

(a)    _Resignation_.    Any Oversight Board Member may resign at any time, and shall resign in the event it is no longer an employee, officer, or director of or a consultant to a Prepetition Secured Party, by in each case giving at least thirty (30) days' prior written notice from the date such notice is delivered to the other Oversight Board Members and to the Distribution Trustee. The resignation of any Oversight Board Member shall take effect upon the later of (i) receipt of notice thereof; (ii) such time as shall be specified in such notice, and, (iii) unless otherwise specified therein, upon the appointment of a successor Oversight Board Member;

(b)    _Removal and Replacement_.    The Oversight Board Member appointed by the Creditors' Committee may be removed and replaced by the Creditors' Committee. The Oversight Board Member designated by the Prepetition Secured Parties may be removed and replaced by the Prepetition Secured Parties. The Distribution Trustee shall serve as member of the Oversight Board, with any successor Distribution Trustee to be appointed pursuant to Section 5.6 hereof.

7.3    _Powers of the Oversight Board._

(a)    The Oversight Board shall provide advice, instruction and direction on matters arising in the administration and in the disposition and distribution of the Aggregate Trust Assets, and in the pursuit of Assigned Actions, as requested by the Distribution Trustee or as specifically provided in the Plan or this Distribution Trust Agreement, and shall be authorized to take any and all actions reasonably necessary or appropriate to performing its oversight of the Distribution Trustee in carrying out its duties hereunder and under the Plan. The Oversight Board shall have the rights and powers with respect to Distribution Trust

PAC 1197992v.5RLF1 12808836v.1

Objections as set forth in Section XI.B of the Plan.  The costs and expenses of the Distribution Trust shall be subject to a Budget approved by the Oversight Board as set forth in Section VIII.A.4.c of the Plan and Section 4.8 hereof.

(b)     In addition, the powers of the Distribution Trustee shall be subject to the prior written consent of the Oversight Board with respect to the following and as otherwise set forth in this Trust Agreement:

(i)     The commencement of any Causes of Action by the Distribution Trust where the disputed amount at issue equals or exceeds [$1,000,000];

(ii)     The sale, transfer, assignment or other disposition of any Aggregate Trust Assets having a valuation (for any individual transaction or series of related transactions) equal to or in excess of [$500,000];

(iii)     The abandonment of any Aggregate Trust Assets that have a valuation (for any individual transaction or series of related transactions) equal to or in excess of [$5,000];

(iv)     The borrowing of any funds by the Distribution Trust or pledge of any portion of the Aggregate Trust Assets;

(v)     The amendment or waiver of any substantive provision of this Distribution Trust Agreement;

(vi)     The release or indemnity in favor of any third other than as set forth in the Plan; or

(vii)     The resolution of any matter which could reasonably be expected to have a material adverse effect on the amount of distributions to be made by the Distribution Trust.

(c)     The Distribution Trustee and the Resident Trustee shall disclose to the Oversight Board any connections, conflicts or potential conflicts of interest that the Distribution Trustee, the Resident Trustee or their respective Related Parties has with respect to the exercise of any rights, powers, duties and privileges under this Distribution Trust Agreement.  In the event that the Distribution Trustee cannot take or refrain from taking any action, including without limitation, the prosecution of any Causes of Action nor the objection to any Claim, by reason of an actual or potential conflict of interest, the Oversight Board acting by majority shall be authorized to take any such actions in its place and stead, including without limitation by the retention of Professionals for purpose of taking such actions.

(d)     The Distribution Trustee may, at any time, decide to recommend that any matter before the Distribution Trustee, under any provision of this Distribution Trust Agreement, be decided by consent of the Oversight Board.

7.4     <u>Compensation of Oversight Board</u>.  Oversight Board Members shall be entitled to receive compensation in connection with their duties in accordance with the terms set forth in

23

Exhibit C. Unless otherwise agreed by the Oversight Board Members, the compensation of the Oversight Board Members (other than the Distribution Trustee) shall be identical. Oversight Board Members shall be reimbursed by the Distribution Trust for all reasonable and duly documented expenses, which reimbursement shall include the reasonable expense for fees paid to counsel retained by the individual Oversight Board Members in connection with carrying out their responsibilities hereunder, subject to a cap of no less than [$_____] in each twelve month period, to be established by the Oversight Board in its discretion as part of the Budget. For the avoidance of doubt, this cap shall be inapplicable to attorneys' fees incurred by an Oversight Board Member as an Indemnified Person, which fees shall be payable subject to Article VIII.

## ARTICLE VIII.
## LIABILITY AND INDEMNIFICATION

8.1     No Further Liability.  None of the Distribution Trustee and its Related Persons including Related Persons retained by the Distribution Trust, the Resident Trustee and its Related Persons, or the Oversight Board Members and their Related Persons (collectively, the **"Indemnified Persons"**) shall be liable for the act or omission taken or omitted to be taken in its capacity as the Distribution Trustee, Resident Trustee, Oversight Board Member, or Related Persons thereto, other than acts or omissions resulting from such Indemnified Person's willful misconduct, gross negligence or fraud. The Distribution Trustee, Resident Trustee, and any Oversight Board Member may, in connection with the performance of their functions, and in their sole and absolute discretion, consult with their attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such persons.  Notwithstanding such authority, neither the Distribution Trustee, Resident Trustee, nor any Oversight Board Member shall be under any obligation to consult with his or her attorneys, accountants, financial advisors or agents, and their determination not to do so shall not result in the imposition of liability on the Distribution Trustee, Resident Trustee, any Oversight Board Member, or Related Persons thereto, unless such determination constitutes willful misconduct, gross negligence or fraud.  To the fullest extent permitted by Section 3806(e) of the Trust Act, the Distribution Trustee shall have no liability for breach of duties, including fiduciary duties. Without limiting the generality of the foregoing, the Distribution Trustee, Resident Trustee, and Oversight Board Member may rely without independent investigation on copies of orders of the Bankruptcy Court reasonably believed by him or her to be genuine, and shall have no liability for actions taken in reliance thereon. None of the provisions of this Distribution Trust Agreement shall require the Distribution Trustee, Resident Trustee, or Oversight Board to expend or risk their own funds or otherwise incur personal financial liability in the performance of any of their duties hereunder or in the exercise of any of their rights and powers. The Distribution Trustee may rely without inquiry upon writings delivered to it under the Plan which the Distribution Trustee reasonably believes to be genuine and to have been given by a proper Person. Notwithstanding the foregoing, nothing in this Section 8.1 shall relieve the Distribution Trustee, Resident Trustee, and Oversight Board Members from any liability for any actions or omissions arising out of its gross negligence, fraud or willful misconduct. Any action taken or omitted to be taken in the case of the Distribution Trustee with the express approval of the Bankruptcy Court will conclusively be deemed not to constitute gross negligence, fraud or willful misconduct.

8.2    <u>Reliance</u>.  Except as otherwise provided in this Trust Agreement, the Plan, or the Confirmation Order, the Distribution Trustee, Resident Trustee, and any Oversight Board Member may rely and shall be protected in acting upon any resolution, statement, instrument, opinion, report, notice, request consent, order or other paper or document reasonably believed by him or her to be genuine and to have been signed or presented by the proper party or parties.

8.3    <u>Liability to Third Persons</u>.  No Distribution Trust Beneficiary shall be subject to any personal liability whatsoever, in tort, contract or otherwise, to any person in connection with the Aggregate Trust Assets or the affairs of the Distribution Trustee. The Distribution Trustee and any counsel, accountants, appraisers and other professionals retained by the Distribution Trust, the Resident Trustee, and the Oversight Board Members shall not be subject to any personal liability whatsoever, in tort, contract or otherwise, to any person (including, in the case of the Distribution Trustee, to any counsel, accountants, appraisers or other professionals retained by the Distribution Trust retained by the Distribution Trustee in accordance with this Trust Agreement) in connection with the Aggregate Trust Assets or the affairs of the Distribution Trust and shall not be liable with respect to any action taken or omitted to be taken in good faith, except for actions and omissions determined by a final order of the Bankruptcy Court to be due to their respective gross negligence, intentional fraud, criminal conduct or willful misconduct, and all such persons shall look solely to the Aggregate Trust Assets for satisfaction of claims of any nature arising in connection with affairs of the Distribution Trust. Other than as set forth in the Plan or in the Confirmation Order, nothing in this Section 8.3 shall be deemed to release any Distribution Trust Beneficiary from any actions or omissions occurring prior to the Effective Date.

8.4    <u>Exculpation</u>.  As of the Effective Date, the Distribution Trustee and any counsel, accountants, appraisers and other professionals retained by the Distribution Trust, the Resident Trustee, and Oversight Board Members shall be and hereby are exculpated by all Persons, including without limitation, Distribution Trust Beneficiaries, holders of Claims, holders of Equity interests, and other parties-in-interest, from any and all claims, causes of action and other assertions of liability arising out of or related to the discharge of their respective powers and duties conferred by the Plan, this Distribution Trust Agreement or any order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan, or applicable law or otherwise, except for actions or omissions to act that are determined by final order of the Bankruptcy Court to have arisen out of their own respective intentional fraud, criminal conduct, gross negligence or willful misconduct. No Distribution Trust Beneficiary, holder of a Claim, holder of an Equity Interest, or other party-in-interest shall have or be permitted to pursue any claim or cause of action against the Distribution Trustee, the Distribution Trust, the employees, professionals or representatives of either the Distribution Trustee or the Distribution Trust (including any counsel, accountants, appraisers and other professionals retained by the Distribution Trust), the Resident Trustee, or the Oversight Board Members for making payments in accordance with, or for implementing, the provisions of the Plan, the Confirmation Order, and this Distribution Trust Agreement. Any action taken or omitted to be taken with the express approval of the Bankruptcy Court shall conclusively be deemed not to constitute gross negligence or willful misconduct.

25

8.5     Indemnification.

(a)     To the fullest extent permitted by law, the Distribution Trust, to the extent of its assets legally available for that purpose, shall indemnify and hold harmless the Indemnified Persons from and against any and all loss, cost, damage, expense (including, without limitation, fees and expenses of attorneys and other advisors and any court costs incurred by any Indemnified Person) or liability by reason of anything any Indemnified Person did, does or refrains from doing for the business or affairs of the Distribution Trust, except to the extent that it is finally judicially determined by a court of competent jurisdiction that the loss, cost, damage, expense or liability resulted from the Indemnified Person's gross negligence, fraud or willful misconduct.

(b)     Notwithstanding any provision herein to the contrary, the Indemnified Persons, Resident Trustee, and Oversight Board Members shall be entitled to obtain advances from the Distribution Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts and omissions, actual or alleged, of an Indemnified Person in its capacity as such, provided, however, that the Indemnified Persons receiving such advances shall repay the amounts so advanced to the Distribution Trust immediately upon the entry of a final, non-appealable judgment or order finding that such Indemnified Persons were not entitled to any indemnity under the provisions of this Section 8.5. The foregoing indemnity in respect of any Indemnified Person shall survive the termination of such Distribution Person from the capacity for which they are indemnified. Termination or modification of this Distribution Trust Agreement shall not affect any indemnification rights or obligations then existing.

(c)     Any Indemnified Person, the Resident Trustee, and any Oversight Board Member may waive the benefits of indemnification under this Section 8.5, but only by an instrument in writing executed by such person.

(d)     Any Claim of the Indemnified Persons, the Resident Trustee, or the Oversight Board Members to be indemnified, held harmless or reimbursed shall be satisfied solely from first, bonds or any applicable insurance that the Distribution Trust has purchased, as provided in Section 4.12, and second, to the extent the proceeds of such bonds or insurance are insufficient to satisfy any such claims, the Aggregate Trust Assets.

(e)     As far as practicable, the Distribution Trustee shall cause any written instrument creating an obligation of the Distribution Trust to include a reference to this Distribution Trust Agreement and to provide that none of the Distribution Trust Beneficiaries, Oversight Board Members, Resident Trustee, or the Distribution Trustee or its agents or professionals shall be liable thereunder and that the other parties to such instruments shall look solely to the Aggregate Trust Assets for payment of any claim thereunder or the performance thereof; provided, however, that the omission of such provision for any such instrument shall not render liable any Distribution Trust Beneficiary, Oversight Board Member, Resident Trustee, or Distribution Trustee or Distribution Trustee's agents or professionals.

8.6     Distribution Trust Liabilities.  All liabilities of the Distribution Trust, including without limitation indemnity obligations under Section 8.5 of this Distribution Trust Agreement,

will be liabilities of the Distribution Trust as an entity, and will be paid or satisfied from Aggregate Trust Assets. No liability of the Distribution Trust will be payable in whole or in part by any Trust Distribution Beneficiary individually or in the Trust Distribution Beneficiary's capacity as a Distribution Trust Beneficiary, by the Distribution Trustee, Resident Trustee or Oversight Board Member individually or in the their capacity as Distribution Trustee, Resident Trustee, or Oversight Board Member, or by any member, partner, shareholder, director, officer, professional, employees, agent, affiliate or advisor of any Distribution Trust Beneficiary, the Distribution Trustee, the Resident Trustee, the Oversight Board Members or their respective affiliates.

8.7    <u>Limitation of Liability</u>.  The Distribution Trustee and any counsel, accountants, appraisers and other professionals retained by the Distribution Trust, the Resident Trustee, and Oversight Board Members shall not be liable for punitive, exemplary, consequential, special or other damages for a breach of this Distribution Trust Agreement under any circumstances.

8.8    <u>Burden of Proof</u>.  In making a determination with respect to entitlement to exculpation or indemnification hereunder, the person, persons or entity making such determination shall presume that the Indemnified Person is entitled to exculpation and indemnification under this Distribution Trust Agreement, and any person seeking to overcome such presumption shall have the burden of proof to overcome that presumption.

8.9    <u>Insurance</u>.  The Distribution Trustee shall obtain and maintain customary insurance coverage for the protection of the Distribution Trustee, the Resident Trustee, and the Oversight Board under this Distribution Trustee Agreement unless both the Distribution Trustee and the Oversight Board unanimously agree that such insurance should not be required.

# ARTICLE IX.
## TAX MATTERS

9.1    <u>Treatment of Aggregate Trust Assets Transfer</u>.  For all United States federal income tax purposes, all Parties (including the Debtors, the Distribution Trustee, the Plan Administrator, and the Distribution Trust Beneficiaries shall treat the transfer of the Aggregate Trust Assets to the Distribution Trust  as (i) a transfer of the Aggregate Trust Assets (subject to any obligations related to those assets) directly to the Distribution Trust Beneficiaries, followed by (ii) the transfer by such Distribution Trust Beneficiaries of such Aggregate Trust Assets (other than the Aggregate Trust Assets allocable to a Disputed Claims Reserve) to the Distribution Trust in exchange for Distribution Trust Beneficial Intereststt. Accordingly, the  Distribution Trust Beneficiaries shall be treated for federal income tax purposes (and, to the extent permitted, for state and local income tax purposes) as the grantors and owners of their respective shares of the Aggregate Trust Assets (other than the Aggregate Trust Assets allocable to a Disputed Claims Reserve).

9.2    <u>Income Tax Status</u>.

(a)    For United States federal income tax purposes (and for purposes of all state, local and other jurisdictions to the extent applicable), this Distribution Trust shall be treated as a liquidating trust pursuant to Treasury Regulation Section 301.7701-4(d) and as a

grantor trust pursuant to IRC Sections 671-677. To the extent consistent with Revenue Procedure 94-45 and not otherwise inconsistent with this Distribution Trust Agreement, this Distribution Trust Agreement shall be construed so as to satisfy the requirements liquidating trust status.

       (b)   The Distribution Trust shall at all times be administered so as to constitute a domestic trust for United States federal income tax purposes.

    9.3   <u>Tax Returns</u>.  Except with respect to the Disputed Claims Reserve, in accordance with IRC Section 6012 and Treasury Regulation Section 1.671-4(a), the Distribution Trust shall file with the IRS annual tax returns on Form 1041 as a grantor trust. In addition, the Distribution Trust shall file in a timely manner such other tax returns, including any state and local tax returns, as are required by applicable law and pay any taxes shown as due thereon. Within a reasonable time following the end of the taxable year, the Distribution Trust shall send to each Distribution Trust Beneficiary a separate statement setting forth such Distribution Trust Beneficiary's or share of items of income, gain, loss, deduction or credit and will instruct each such Distribution Trust Beneficiary to report such items on his/her applicable income tax return. The Distribution Trust may provide each Distribution Trust Beneficiary with a copy of the Form 1041 for the Distribution Trust (without attaching any other Beneficiary's Schedule K-1 or other applicable information form) along with such Distribution Trust Beneficiary's Schedule K-1 or other applicable information form in order to satisfy the foregoing requirement. The Distribution Trust shall allocate the taxable income, gain, loss, deduction or credit of the Distribution Trust with respect to each Distribution Trust Beneficiary as follows: (a) Allocations of Distribution Trust taxable income shall be determined by reference to the manner in which an amount of Cash equal to such taxable income would be distributed (without regard to any restriction on distributions described herein or in the Plan) if, immediately prior to such deemed distribution, the Distribution Trust had distributed all of its other assets (valued at their tax book value) to the Distribution Trust Beneficiaries in accordance with provisions of the Plan and this Distribution Trust Agreement (treating all Claims that are Disputed as if they were Allowed Claims), in each case up to the tax book value of the assets treated as contributed by such holders, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Distribution Trust; and (b) allocations of taxable loss of the Distribution Trust shall be determined by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the remaining Aggregate Trust Assets. For these purposes, the tax book value of the Aggregate Trust Assets shall equal the fair market value of the Aggregate Trust Assets on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the IRC, the Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

    9.4   <u>Reporting Related to Reserves for Disputed Claims</u>. The Distribution Trustee may, file a tax election to treat any Disputed Claims Reserve as a Disputed Ownership Fund ("DOF") within the meaning of Treasury Regulation Section 1.468B-9 for United States federal income tax purposes rather than to tax such reserve as a part of the Distribution Trust.  If such an election is made, the Distribution Trust shall comply with all United States federal, and state and local, tax reporting and tax compliance requirements as may be applicable to the DOF, including but not limited to, the filing of a separate United States federal income tax return for the DOF and the payment of United States federal and/or state or local income tax due. All Distribution

Trust Beneficiaries, and all holders of Disputed Claims, shall be bound by such income tax treatment.

9.5     <u>Withholding of Taxes and Reporting Related to Distribution Trust Operations</u>. The Distribution Trust shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority, and all distributions made by the Distribution Trust shall be subject to any such withholding and reporting requirements. The Distribution Trustee shall be authorized to take any and all actions that may be necessary or appropriate to comply with any such withholding, payment, and reporting requirements. All amounts properly withheld from distributions to a Distribution Trust Beneficiary as required by applicable law and paid over to the applicable taxing authority for the account of such Distribution Trust Beneficiary shall be treated as part of the distributions to such Distribution Trust Beneficiary. To the extent that the operation of the Distribution Trust or the liquidation of the Aggregate Trust Assets creates a tax liability imposed on the Distribution Trust, including the Disputed Claims Reserve, the Distribution Trust shall timely pay such tax liability and any such payment shall be considered a cost and expense of the operation of the Distribution Trust payable without Bankruptcy Court order. Any federal, state or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from distributions hereunder. All Distribution Trust Beneficiaries shall be required to provide any information necessary to effect the withholding of such taxes.

9.6     <u>Valuation</u>.  As soon as possible after the Effective Date, the Distribution Trustee shall make a good faith valuation of the Aggregate Trust Assets and advise the Oversight Board of such valuation.  Such valuation shall be made available from time to time, to the extent relevant, and used consistently by all parties (including the Debtors, the Creditors' Committee, the Distribution Trustee, the Oversight Board, and the Distribution Trust Beneficiaries) for all federal income tax purposes. The Distribution Trust also shall file (or cause to be filed) any other statements, returns or disclosures relating to the Distribution Trust that are required by any governmental unit.

9.7     <u>Expedited Determination of Taxes</u>.  The Distribution Trustee may request an expedited determination of taxes of the Distribution Trust, including any Disputed Claims Reserve, under Section 505 of the Bankruptcy Code for all returns filed for, or on behalf of, the Distribution Trust for all taxable periods through the termination of the Distribution Trust.

9.8     <u>Debtors' Tax Matters</u>.  The Distribution Trustee shall, in its sole and absolute discretion, (i) be authorized to exercise all powers regarding the Debtors' tax matters, including filing tax returns, to the same extent as if the Distribution Trustee were the Debtors, (ii) complete and file the Debtors' federal, state, and local tax returns, (iii) request an expedited determination of any unpaid tax liability of the Debtors under Section 505 of the Bankruptcy Code for all tax periods of the Debtors ending after the Petition Date through the liquidation of the Debtors as determined under applicable tax laws, to the extent not previously requested, and (iv) represent the interest and account of the Debtors before any taxing authority in all matters, including, but not limited to, any action, suit, proceeding, or audit.

## ARTICLE X.
## TERMINATION OF DISTRIBUTION TRUST

The Distribution Trustee and the Distribution Trust shall be discharged or dissolved, as the case may be, at such time as (a) the Distribution Trustee determines that the pursuit of additional Assigned Actions is not likely to yield sufficient additional Cash to justify further pursuit of such claims and (b) all distributions of Cash and other Aggregate Trust Assets required to be made by the Distribution Trustee under the Plan and this Distribution Trust Agreement have been made in accordance with provisions of the Plan and this Distribution Trust Agreement, but in no event shall the Distribution Trust be dissolved later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion made by a party in interest within the six (6) month period prior to such fifth (5th) anniversary (and, in the event of further extension, at least six (6) months prior to the end of any extension period), determines that a fixed period extension (not to exceed three (3) years, together with any prior extensions, without a favorable letter ruling from the IRS that any further extension would not adversely affect the status of the Distribution Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery on and liquidation of the Aggregate Trust Assets. Upon dissolution of the Distribution Trust, any remaining Cash on hand and other Aggregate Trust Assets shall be distributed in accordance with provisions of the Plan and this Distribution Trust Agreement. Article VIII shall survive any termination of the Distribution Trust Agreement.

## ARTICLE XI.
## AMENDMENT AND WAIVER

Any substantive provision of this Distribution Trust Agreement may be amended or waived in writing by the Distribution Trustee, (i) upon approval of the Bankruptcy Court or (ii) with the unanimous consent of the Oversight Board. Technical amendments to this Distribution Trust Agreement may be made, as necessary to clarify this Distribution Trust Agreement or enable the Distribution Trustee to effectuate the terms of this Distribution Trust Agreement, by the Distribution Trustee with the majority consent of the Oversight Board; provided, however, that all amendments of this Distribution Trust Agreement shall be consistent with the purpose and intention of the Distribution Trust to liquidate in an expeditious but orderly manner the Aggregate Trust Assets in accordance with Treasury Regulation Section 301.7701-4(d) and Section 2.5 hereof.

## ARTICLE XII.
## MISCELLANEOUS PROVISIONS

12.1    Intention of Parties to Establish Distribution Trust.    This Distribution Trust Agreement is intended to create for federal income tax purposes a "liquidating trust" that satisfies the requirements of Revenue Procedure 94-45 and, to the extent provided by law, shall be governed and construed in all respects as such a liquidating trust. Notwithstanding anything to the contrary contained herein, any ambiguity herein shall be construed consistent herewith and, if necessary, this Distribution Trust Agreement may be amended to comply with such federal income tax laws, which amendments may apply retroactively.

12.2    Effectiveness.  This Distribution Trust Agreement shall become effective on the Effective Date.

12.3    Counterparts.  This Distribution Trust Agreement may be executed in two or more counterparts, all of which shall be taken together to constitute one and the same instrument.

12.4    Governing Law.  Except to the extent the Bankruptcy Code or Federal Rules of Bankruptcy Procedure are applicable, this Distribution Trust Agreement shall be governed by, and construed and enforced in accordance with, the federal laws of the United States and, to the extent there is no applicable federal law, the domestic laws of the state of Delaware, without giving effect to the principles of conflicts of law thereof.

12.5    Headings.  Sections, subheadings and other headings used in this Distribution Trust Agreement are for convenience only and shall not affect the construction or interpretation of this Distribution Trust Agreement or any provision thereof.

12.6    Severability.  If any provision of this Distribution Trust Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Distribution Trust Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provisions of this Distribution Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

12.7    Notices.  All notices, requests or other communications, required or permitted to be made in accordance with this Distribution Trust Agreement including any change of address of any Beneficiary for the purposes of receiving distributions from the Distribution Trust shall be in writing and shall be delivered personally or by first class or express mail, return receipt requested or fax with confirmation of receipt or email with receipt acknowledgement. Notices should be directed to:

(a)    If to the Distribution Trust, the Distribution Trustee, the Oversight Board, or the Resident Trustee: as specified in Exhibit A.

(b)    If to a Beneficiary: to the name and address set forth on the Register maintained by the Distribution Trustee, provided that general notices to all Distribution Trust Beneficiaries may be made by posting such notice to a web-site identified in advance for communication with Distribution Trust Beneficiaries.

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Distribution Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

**CORINTHIAN COLLEGES, INC.,** on behalf of itself and the other Debtors

By: _____

Name:_____

Title:_____

[                    ], DISTRIBUTION TRUSTEE OF THE CORINTHIAN DISTRIBUTION TRUST ESTABLISHED UNDER THE CORINTHIAN DISTRIBUTION TRUST AGREEMENT DATED PURSUANT TO THE CHAPTER 11 PLAN OF LIQUIDATION FOR CORINTHIAN COLLEGES, INC.

_____

[Name], as Distribution Trustee

WILMINGTON TRUST, NATIONAL ASSOCIATION, as Resident Trustee

By: _____

Name:_____

Title:____ _____

32

## APPENDIX A

### DEFINITIONS

**"Aggregate Trust Assets"** means collectively, the Distribution Trust Assets and Distribution Trust Seed Money.

"**Certificate of Trust**" means the certificate of trust of the Distribution Trust as required by Section 3810 of the Trust Act in substantially the form set forth in Exhibit D hereto.

"**Disputed Claims Reserve**" means the reserve or Disputed Ownership Fund created by the Distribution Trustee pursuant to Section 9.4 hereof.

"**Distribution Trust Beneficial Interests**" means a specified interest in the Distribution Trust, which entitles its holder to receive distributions from the Distribution Trust as forth in this Trust Agreement.

"**Distribution Trust Beneficiaries**" means the holder of Distribution Trust Beneficial Interests.

"**Distribution Trust Distribution**" means the distributions of Cash (or other Aggregate Trust Assets) to be made by the Distribution Trustee in accordance with the terms of the Plan and the Distribution Trust Documents.

"**Distribution Trust Recoveries**" means, at any time, the amount of Cash or other consideration obtained by or paid to the Distribution Trustee (or other Person acting on behalf of the Distribution Trust) in connection with the monetization of any Aggregate Trust Assets.

"**Distribution Trust Reserve**" means one or more  accounts or record entries to be established by the Distribution Trustee to be used by or on behalf of the Distribution Trust in accordance with Section 4.5(b) hereof.

" **"IRC"** means the Internal Revenue Code of 1986, as amended.

**"IRS"** means the Internal Revenue Service.

**"Related Persons"** means, with respect to any Person, such Person's predecessors, successors, assigns and present and former shareholders, affiliates (whether by operation of law or otherwise), subsidiaries, principals, employees, agents, officers, directors, managers, trustees, partners, members, professionals, representatives, advisors, attorneys, financial advisors, accountants, investment bankers, and consultants, and any Person claiming by or through them.

**"Treasury Regulation"** means any regulation promulgated under the Internal Revenue Code of 1986, as amended.

"**Trust Act**" means the Delaware Statutory Trust Act, 12 Del. C. § 3801 et seq., as the same may be amended from time to time, or any successor statute.

PAC 1197992v.5RLF1 12808836v.1

## EXHIBIT A

**Trustee for the Distribution Trust**

**Contact Information for the Distribution Trustee and Resident Trustee**

To the Distribution Trustee:

With a copy to:

To the Resident Trustee:

Wilmington Trust, National Association
1100 N. Market Street
Wilmington, DE 19890
Attn: Christopher J. Slaybaugh, CCTS
Tel: (302) 636-6395
Fax: (302) 636-4149
Email: cslaybaugh@wilmingtontrust.com

With a copy to:

Ross Antonacci
Morris James LLP
P.O. Box 2306
Wilmington, DE 19899
Tel: (302) 888-6914
Fax: (302) 888-6989
Email: rantonacci@morrisjames.com

## EXHIBIT B

### Compensation for Distribution Trustee

The following aggregate compensation schedule shall apply to the Distribution Trustee:

The Distribution Trustee shall charge a percentage fee (a "Contingent Fee") applicable to the gross proceeds received in settlement, judgment or otherwise related to any actions prosecuted by the trust, other than preference actions. The applicable percentage shall be 6% for settlements or judgments entered into or occurred within 12 months of the effective date, 5.5% for settlements or judgments entered into or incurred within the second 12 months of the effective date, and 5% for settlements or judgments entered into or incurred thereafter. The Distribution Trust, upon receipt of the proceeds of a particular settlement or judgment, shall pay all fees due to the Distribution Trustee for the particular settlement of judgment. To the extent the Trust requires Trust administration matters, including but not limited to distributions, tax withholding or reporting, court reporting, beneficiary information statements, claims reconciliation, objection, allowance or administration. such services, the Trust shall engage other legal, accounting or administrative services professionals, or at the Distribution Trustee's option and with the approval by a majority of the Oversight Board, pay the Distribution Trustee or its professionals at prevailing rates and expenses for such services.

## EXHIBIT C

**Oversight Board Member Compensation**

The Oversight Board Members shall be compensated as follows:

## EXHIBIT D

### Form of Certificate of Trust

### CERTIFICATE OF TRUST
### OF
### CORINTHIAN DISTRIBUTION TRUST

This Certificate of Trust of the Corinthian Distribution Trust (the "*Trust*") is being duly executed and filed by the undersigned trustees of the Trust, to form a statutory trust under the Delaware Statutory Trust Act (12 Del. Code § 3801 *et seq.*) (the "*Act*").

1.      **Name**. The name of the statutory trust formed hereby is:

Corinthian Distribution Trust.

2.      **Delaware Trustee**. The name and business address of the Delaware Trustee of the Trust in the State of Delaware is:

Wilmington Trust, National Association, Rodney Square North, 1100 North Market Street, Wilmington, Delaware  19890-1605, Attention: Corporate Trust Administration.

3.      **Effective Date**. This Certificate of Trust shall be effective upon filing.

**IN WITNESS WHEREOF**, the undersigned have duly executed this Certificate of Trust in accordance with Section 3811(a) of the Act.

| DISTRIBUTION TRUSTEE: | DELAWARE TRUSTEE: |
|---|---|
| _____ | WILMINGTON TRUST, NATIONAL ASSOCIATION<br><br>By:_____<br>Name:<br>Title: |