# EXHIBIT B

# Draft of Student Trust Agreement

RLF1 12807731v.2

# STUDENT TRUST AGREEMENT

This Student Trust Agreement (the "Student Trust Agreement"), is being entered into as of August __, 2015, by and between Corinthian Schools, Inc. (Case No. 15-10955); Rhodes Colleges, Inc. (Case No. 15-10957); Florida Metropolitan University, Inc., (Case No. 15-10962); Corinthian Property Group, Inc. (Case No. 15-10966); Titan Schools, Inc. (Case No. 15-10970); Career Choices, Inc. (Case No. 15-10972); Sequoia Education (Case No. 15-10974); Eton Education, Inc., Case No. 15-10961); Ashmead Education, Inc., (Case No. 15-10967); MJB Acquisition Corporation (Case No. 15-10971); ECAT Acquisition, Inc. (Case No. 15-10975); Pegasus Education, Inc. (Case No. 15-10953); Grand Rapids Education Center, Inc. (Case No. 15-10956); Rhodes Business Group, Inc. (Case No. 15-10959); Everest College Phoenix, Inc. (Case No. 15-10960); CDI Education USA, Inc. (Case No. 15-10963); SP PE VII-B Heald Holdings Corp. (Case No. 15-10965); SD III-B Heald Holdings Corp. (Case No. 15-10968); Heald Capital LLC (Case No. 15-10954); Heald Real Estate, LLC (Case No. 15-10958); Heald Education, LLC (Case No. 15-10964); Heald College, LLC (Case No. 15-10969); Quickstart Intelligence Corporation (Case No. 15-10973); and Socle Education, Inc. (Case No. 15-10976) (collectively the "Debtors"), as debtors and debtors-in-possession in the chapter 11 cases pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), (jointly administered as Case No. 15-10955), and Development Specialists, Inc. solely in its capacity as trustee under this Student Trust Agreement (the "Student Trustee"). The Debtors' Second Amended and Modified Combined Disclosure Statement and Plan of Student (the "Plan")[1] was confirmed by the Bankruptcy Court's order, entered on the docket on August ___, 2015 [ECF No. ___] and became effective on _____[Date] (the "Confirmation Order" and "Effective Date," respectively) and provides, *inter alia*, for:

(a) The transfer (the "Transfer") of all right, title and interest of the Debtors in the Student Trust Assets to the Student Trust on the Effective Date for distribution to, or for the benefit of, the holders of Allowed Student 507(a)(7) Deposit Claims, Allowed Student Claims, Allowed Government Education Claims and Allowed Fee Claims in the amount of any Student Committee Fee Overage (the "Beneficiaries") pursuant to and in accordance with this Student Trust Agreement, the Plan and the Confirmation Order;

(b) The treatment of the Transfer for federal income tax purposes as the transfer of the Student Trust Assets by the Debtors to the Beneficiaries followed by the transfer of such assets by the Beneficiaries to the Student Trust in exchange for their respective beneficial interests therein;

(c) The treatment for all purposes, including federal income tax purposes, of the Beneficiaries as the deemed owners of their respective Student Trust Assets and as the grantors of the Student Trust;

(d) The treatment of the Student Trust as a grantor trust for federal income tax purposes;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Plan.

(e) The valuation of the Student Trust Assets by the Student Trustee and the use of such valuations by the Student Trustee and the Beneficiaries for all federal income tax purposes;

(f) The management of the Student Trust Assets by the Student Trustee; and

(g) The distribution of the Student Trust Assets or the proceeds thereof to the Beneficiaries as set forth in the Plan, the Confirmation Order and this Student Trust Agreement.

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order and in consideration of the mutual agreements of the parties contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the parties hereby agree as follows:

## ARTICLE I
## DECLARATION OF TRUST

Section 1.1  Purpose of the Student Trust.  Each Debtor and the Student Trustee, pursuant to the Plan and the Confirmation Order and in accordance with the Bankruptcy Code, applicable tax statutes, rules and regulations, to the extent incorporated in this Student Trust Agreement, hereby settle the Student Trust on behalf of and for the sole benefit of the Beneficiaries and for the sole purpose of Student the Student Trust Assets and distributing the Student Trust Assets or proceeds thereof to the Beneficiaries pursuant to the Plan and in accordance with Treas. Reg. § 301.7701-4(d).  The Student Trust has no objective to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the sole purpose of the Student Trust.  It shall not be the objective or purpose of this Student Trust to, and the Student Trustee shall have no authority to, conduct a trade or business except as reasonable and necessary to, and consistent with, the Student of the Student Trust Assets.  In particular, the Student Trust, through the Student Trustee, will do the following: (a) accept and place all Student Trust Assets into the Student Trust; (b) administer the Student Trust Assets, (c) object to, if advisable, and resolve all Disputed Student Claims, (d) make all distributions of Student Trust Assets in accordance with the Plan to the extent such distributions are to be made from the Student Trust Assets including the establishment of Student Benefit Programs, if any, (e) take all actions and executing all agreements, instruments, and other documents necessary to implement the provisions of the Plan with respect to the Student Trust, (f) retain professionals and other agents, as necessary and (g) take such steps as are reasonable and necessary to accomplish the Student Trust's purpose, all as provided in, and subject to the terms and provisions of, the Plan, the Confirmation Order and this Student Trust Agreement.  The Student Trust Assets shall be held for the exclusive and sole benefit of the Beneficiaries and shall only be used to fund distributions to, or Student Benefit Programs for the benefit of, such Beneficiaries in accordance with the Plan and to fund payment of costs, fees, and expenses incurred in connection with the administration of the Student Trust.

Section 1.2  Rights of Debtors.  The Debtors shall have no claim to or right or interest in, whether direct, residual, contingent or otherwise, in the Student Trust Assets once such assets have been transferred to the Student Trust.

2

61068560.3

Section 1.3    Name of the Student Trust.  The Student Trust established hereby shall be known as the "CCI Student Creditors Trust."  In connection with the exercise of its powers, the Student Trustee may use the name or such variation thereof as it sees fit, and may transact the affairs of the Student Trust in such name.

Section 1.4    Transfer of Assets to Create Student Trust.  Effective as of the Effective Date, the Debtors hereby grant, release, transfer, convey and deliver to the Student Trustee and its successors (i) the Student Books and Records; and (ii) all interests of any and every kind owned or otherwise held by the Debtors and their estates in the Student Refund Reserve to be held in trust and to be used, distributed and applied as specified in the Plan, the Confirmation Order, and this Student Trust Agreement.  Through this transfer, such assets are Student Trust Assets and the Student Trust has the sole and exclusive right, title and interest in and possession of the Student Trust Assets.

Section 1.5    Acceptance by Student Trustee. The Student Trustee hereby accepts and confirms the following: (a) the appointment to serve as Student Trustee; (b) the Transfer of the Student Trust Assets, and all right, title and interest therein, to the Student Trust; and (c) the obligations and duties imposed on it by this Student Trust Agreement.  The Student Trustee agrees to receive, hold, administer and distribute the Student Trust Assets and the income derived therefrom, and to reconcile, administer and satisfy the Student Committee Fee Overage, the Allowed Student 507(a)(7) Deposit Claims, the Allowed Student Claims and the Allowed Government Education Claims pursuant to the terms of the Plan, the Confirmation Order and this Student Trust Agreement.

## ARTICLE II
## TERMINATION OF TRUST

Section 2.1    Maximum Term.  The Student Trust shall terminate its existence upon the occurrence of the complete liquidation, administration and distribution of its assets in accordance with the Plan and the full performance of all other duties and functions set forth in the Plan and this Student Trust Agreement.  Notwithstanding the foregoing, the Student Trust shall terminate no later than the third anniversary of the Effective Date (the "Initial Student Trust Term"); provided, however, that, if necessary to accomplish the purpose of the Student Trust, the Student Trustee may extend the term of the Student Trust for up to an additional two years (the "Supplemental Student Trust Term") by (a) filing a notice of its intent to extend the term of the Student Trust with the Bankruptcy Court, (b) serving such notice on the United States Trustee, the Beneficiaries and the Managing Boards (as defined below), (c) providing the United States Trustee, the Beneficiaries and the Managing Boards at least ten days to object to the requested extension prior to the termination of the Initial Student Trust Term, and (d) receiving approval for the Supplemental Student Trust Term by an order of the Bankruptcy Court within six months of the beginning of the Supplemental Student Trust Term.  The Student Trustee may, if the Initial Student Trust Term has expired, seek entry of an order from the Bankruptcy Court providing for a reinstatement and implementation of the Supplemental Student Trust Term.

Section 2.2    Winding Up and Discharge of the Student Trustee.  For purposes of winding up the affairs of the Student Trust at its termination, the Student Trustee shall continue to act as Student Trustee until its duties have been fully discharged.  After doing so, the Student

3

Trustee, its agents, professionals and employees, if any, shall have no further duties or obligations hereunder, except as required by this Student Trust Agreement, the Plan, the Confirmation Order or applicable law concerning the termination of a trust.

Section 2.3    Unclaimed Distributions.    All unclaimed payments or distributions made to any Creditor under the Plan on behalf of the Debtors, including but not limited to, unnegotiated checks or drafts, shall revert, after six months, to the Student Trustee to be redistributed pursuant to the Plan and this Student Trust Agreement, and shall be forfeited as to the affected Creditors.  Any Creditor whose payment is forfeited under this provision will thereafter be treated as having a Disallowed Claim.  At such time as the Student Trustee has declared and made the final distribution to allowed beneficial interests in the Student Trust, and when six months from that final distribution is made, any unclaimed funds shall be deemed forfeited by the creditor not claiming such funds.  Thereafter, the Student Trustee shall be authorized to distribute any such remaining unclaimed funds to any not-for-profit tax exempt institution of the Student Trustee's choice, so long as it complies with 11 U.S.C. §347.

### ARTICLE III
### OBLIGATIONS OF THE STUDENT TRUSTEE

Section 3.1    Establishment and Maintenance of Accounts and Reserves.  On the Effective Date, or as soon thereafter as practicable, the Student Trustee shall establish accounts and reserves at an institution(s) approved by the United States Trustee.  Changes in the amounts maintained in any account or reserve may be made at any time thereafter in the discretion of the Student Trustee in consultation with the Managing Board.

Section 3.2    Disputed Claims Reserve.

(a)    Prior to making each of the distributions under the Plan, the Student Trustee shall create and fund an account or accounts, to the extent that sufficient assets are available, with an amount of cash equal to the distributions to which holders of Disputed Student 507(a)(7) Deposit Claims would be entitled under the Plan as of such date if such Disputed Student 507(a)(7) Deposit Claims were Allowed Student 507(a)(7) Deposit Claims (the "Disputed Claims Reserves"); provided, however, that the Student Trustee may at any time file a motion(s) pursuant to section 502(c) of the Bankruptcy Code for an order(s) estimating and limiting the amount of cash which shall be deposited in any Disputed Claims Reserves in respect of any Disputed Student 507(a)(7) Deposit Claims, with notice and an opportunity to be heard to the affected holders of such Disputed Claims.

(b)    To the extent that the Student Trustee elects to make pro rata cash distributions to holders of Allowed Student Claims and Allowed Government Education Claims, then prior to making any such distribution, the Student Trustee shall deposit in the Disputed Claims Reserves (or establish a new Disputed Claims Reserve) an amount of cash equal to the pro rata distributions to which holders of Disputed Student Claims and Disputed Government Education Claims would be entitled as of such date if such Disputed Claims were Allowed Claims; provided, however, that the Student Trustee may at any time file a motion(s) pursuant to section 502(c) of the Bankruptcy Code for an order(s) estimating and limiting the amount of cash which shall be deposited in any Disputed Claims Reserves in respect of any Disputed Student

Claims of Disputed Government Education Claims, with notice and an opportunity to be heard to the affected holders of such Disputed Claims.

(c) After a Final Order has been entered or other final resolution has been reached with respect to any given Disputed Claim for which cash was reserved in a Disputed Claims Reserve, the balance, if any, of cash remaining in such Disputed Claims Reserve on account of such Disputed Claim, after making any distribution to which the holder of such Claims may have become entitled by virtue of such Final Order or other final resolution, shall be transferred to any other account established by the Student Trustee.

Section 3.3    Use of Assets.  All cash or other property held or collected by the Student Trustee shall be used solely for the purposes contemplated by the Plan or this Student Trust Agreement.

Section 3.4    Distributions.  As soon as practicable after the Effective Date of the Plan, after reserves for the Student Trust expenses (provided that such reserves shall not exceed $250,000 until such time as all Allowed Student 507(a)(7) Deposit Claims have been paid in full and Disputed Student 507(a)(7) Deposit Claims have been reserved for), the Student Trustee will distribute the cash proceeds of the Student Trust to the holders of Allowed Fee Claims in the amount of the Student Committee Fee Overage and to Allowed Student 507(a)(7) Deposit Claims (the "Initial Distributions").  At the discretion of the Student Trustee, in consultation with the Managing Board, the Student Trustee may elect to make pro rata distributions of the funds remaining in the Student Trust to all holders of Allowed Student Claims and Allowed Government Education Claims after all Initial Distributions have been made or reserved for and after funding or reserving for any Student Benefit Programs.

Section 3.5    Student Benefit Programs.  Within 60 days of the Effective Date, and from time to time thereafter as determined by a majority vote of the Managing Board, the Managing Board shall meet to consider the establishment of Student Benefit Programs.  The Managing Board may budget any amount remaining in the Student Trust after payment of, and reserves for, Student Trust expenses, Disputed 507(a)(7) Deposit Claims and the Initial Distributions, for the implementation and execution of Student Benefit Programs.  Student Benefit Programs shall be established as set forth in Section 8.3 hereof.

### ARTICLE IV
### POWERS AND DUTIES OF THE STUDENT TRUSTEE

Section 4.1    Duties of Student Trustee.  The Student Trustee shall have such duties and responsibilities as are specified in the Plan, the Confirmation Order and this Student Trust Agreement.

Section 4.2    Authority of Student Trustee.  The Student Trust and the Student Trustee shall be vested with the property, rights, interests, and powers of the Debtors transferred to the Student Trust, as specified in the Plan or the Confirmation Order.  The Student Trustee shall make continuing efforts to make timely distributions and not unduly prolong the duration of the Student Trust.  The Student Trustee's rights and authority shall be limited to the Student Trust Assets and shall include, without limitation, all of the following:

5

(a) to hold legal title to any and all rights of the holders of the Student Trust Interests in or arising from the Student Trust Assets, including, without limitation, collecting and receiving any and all money and other property belonging to the Student Trust (including, without limitation, any Student Trust Proceeds) and, subject to the approval of the Managing Board, the right to vote any claim or interest relating to a Student Trust Claim in a case under the Bankruptcy Code and receive any distribution thereon;

(b) in consultation with the Managing Board, to perform the duties, exercise the powers, and assert the rights of a trustee under sections 704 and 1106 of the Bankruptcy Code, including, without limitation, (i) commencing, prosecuting or settling causes of action relating to the Student Trust Assets, (ii) enforcing contracts, (iii) asserting claims, defenses, offsets and privileges, (iv) interposing and prosecuting objections to Claims and (v) asserting rights which may run with the land, or otherwise affect the rights, obligations, or property of the Debtors,

(c) receive and hold any and all the right, title and interest in and to any and all papers, documents, maps, records, files, or other communications constituting Student Books and Records, whether in paper or electronic format, in the Debtors' possession or in the possession of the Debtors' professionals or custodians

(d) receive, control, manage and dispose of all Student Trust Assets for the benefit of the Beneficiaries who may receive distributions under the Plan;

(e) act as custodian of the Student Trust Assets and liquidate and reduce such assets to cash at such time as the Student Trustee deems appropriate to accomplish the purpose of the Student Trust, in accordance with the terms of the Plan and the Student Trust Agreement;

(f) calculate and pay all distributions required or permitted to be made from the Student Trust Assets under the Plan, this Student Trust Agreement and/or orders of the Bankruptcy Court;

(g) subject to the provisions of the Plan and this Student Trust Agreement, establish, fund, and/or administer the Disputed Claims Reserve and such other reserves and accounts as may be authorized by this Student Trust Agreement, the Plan, or order of the Bankruptcy Court;

(h) employ, supervise and compensate attorneys, accountants, financial advisors and other professionals or other persons retained to represent the interests of and serve on behalf of the Student Trust (the "Trust Professionals") and waive any conflicts of interest as deemed necessary or appropriate in its discretion. The Student Trustee may commit the Student Trust to and shall pay such Trust Professionals reasonable compensation for services rendered and expenses incurred. A law firm or other professional shall not be disqualified from being employed by the Student Trustee solely because of its current or prior retention as counsel or professional to the Student Committee in the Chapter 11 Cases;

(i) file the tax returns described in Section 7.4 in the manner described therein;

(j) object to, assert counterclaims to, or seek to recharacterize, reclassify or subordinate Student 507(a)(7) Deposit Claims, Student Claims or Government Education Claims filed against any of the Debtors and compromise and settle, abandon or dismiss any and all Disputed Student Claims or Disputed Government Education Claims in accordance with the terms of the Plan;

(k) seek estimation of contingent or unliquidated Student 507(a)(7) Deposit Claims, Student Claims or Government Education Claims under section 502(c) of the Bankruptcy Code;

(l) seek determination of tax liability under section 505 of the Bankruptcy Code;

(m) pay all expenses and make other necessary payments relating to the Student Trust Assets;

(n) assert or waive any privilege or defense of the Debtors related to the Student Trust Assets;

(o) seek the examination of any entity under Bankruptcy Rule 2004;

(p) perform any and all acts necessary or appropriate for the conservation and protection of the Student Trust Assets;

(q) exercise all powers and rights, and take all actions contemplated by or provided for under this Student Trust Agreement; and

(r) take any and all other actions necessary or appropriate to implement or consummate the Plan and the provisions of this Student Trust Agreement.

Section 4.3   Limitations on the Student Trustee.  Notwithstanding anything in this Student Trust Agreement to the contrary, the Student Trustee, in its capacity as such, shall not do or undertake any of the following:  (i) guaranty any debt; (ii) loan Student Trust Assets; (iii) purchase Student Trust Assets from the Student Trust; (iv) transfer Student Trust Assets to another trust with respect to which the Student Trustee serves as trustee; or (v) except as otherwise reasonably necessary to maintain the value of the Student Trust Assets and to further the purpose of the Student Trust, invest Student Trust Assets other than in short-term, liquid investments, such as bank demand and time deposits, short-term bank or saving institution certificates of deposit or Treasury Bills.  In addition, notwithstanding anything in the Combined Plan and Disclosure Statement, the Student Trust Agreement or the Confirmation Order to the contrary, the proceeds of the Student Reserve Fund shall not be used by the Student Trustee or the Student Trust to pursue, investigate, commence and/or prosecute claims or causes of action against (i) the Prepetition Secured Parties or their Related Persons, in their capacities as such (as the Debtors' rights and interests in the Student Reserve Fund are being conveyed to the Student Trust based solely on the agreement of the Prepetition Secured Parties' to release any Liens they may have on the Student Reserve Fund and to forgo any recoveries therefrom); and (ii) the Debtors' current and former officers' and directors (as the D & O Policies and any Causes of

Action against the Debtors' current and former officers' and directors constitute Distribution Trust Assets).

Section 4.4    Student Trustee and Conflicts of Interest.  If the Student Trustee determines, in the exercise of its reasonable discretion, that it has a material conflict of interest with respect to the settlement of a Claim, the resolution or prosecution of a Cause of Action, or any other matter, the Student Trustee may select a designee to act on behalf of the Student Trust solely with respect to such matter (the "Designee"), with such Designee's authority to act on behalf of the Student Trust to terminate upon the matter's conclusion.  If the Designee files a pleading, motion or other filing with a court or tribunal on behalf of the Student Trust, it shall do so in its own name as "Designee of the CCI Student Trust."

Section 4.5    Register of Beneficiaries.  The Debtors shall provide the Student Trustee with a copy of the claims register maintained by Rust Consulting/Omni Bankruptcy, which contains the names, addresses and amounts of Allowed Claims of the Beneficiaries (the "Register") as of the close of business on the Effective Date.  Thereafter, the Register will be maintained by the Student Trustee, and changes thereto will be made upon notification proper under this Student Trust Agreement submitted to the Student Trustee.  The Student Trustee shall not be liable for relying on the accuracy of the Register, provided that he has properly maintained the Register in accordance with this Student Trust Agreement.

Section 4.6    Books and Records.  The Student Trustee also shall maintain in respect of the Student Trust and the Beneficiaries, books and records relating to the Student Trust Assets and income realized therefrom and the payment of expenses of and claims against or assumed by the Student Trust in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof.  Such books and records shall be maintained in a manner consistent with the Plan and this Student Trust Agreement.  Except as expressly provided in this Student Trust Agreement, the Plan or the Confirmation Order, nothing in the Student Trust Agreement is intended to require the Student Trustee to file any accounting or seek approval of any court with respect to the administration of the Student Trust, or as a condition for making any payment or distribution out of the Student Trust Assets.  The Student Trustee shall in good faith cooperate with the Distribution Trustee should the Distribution Trustee require access to the Student Books and Records for purposes of administering the Distribution Trust.

Section 4.7    Final Accounting of Student Trustee. The Student Trustee shall within ninety days after the termination of the Student Trust or its resignation, removal, or liquidation (in which case, the obligation contained in this Section shall pass to the Successor Student Trustee), render a final accounting containing at least the following information:

(a)    A description of the Student Trust Assets and their disposition;

(b)    A summarized accounting in sufficient detail of all gains, losses, receipts, disbursements and other transactions in connection with the Student Trust and the Student Trust Assets during the Student Trustee's term of service, including their source and nature;

(c)    Separate entries for all receipts of principal and income;

8

61068560.3

(d)     The ending balance of all Student Trust Assets as of the date of the Student Trustee's accounting, including the cash balance on hand and the name and location of the depository where it is kept;

(e)     All known liabilities owed by the Student Trust; and

(f)     The then current Register of Allowed and Disputed Claims.

The final accounting shall be filed with the Bankruptcy Court.

## ARTICLE V
## LIABILITY OF STUDENT TRUSTEE

Section 5.1    <u>Appointment</u>.  The Student Trustee is Development Specialists, Inc. serving solely in the capacity as Student Trustee of the CCI Student Trust and not otherwise.

Section 5.2    <u>Resignation</u>.  The Student Trustee may resign by giving not less than sixty (60) days' prior written notice thereof to the Managing Board and the United States Trustee; <u>provided</u>, <u>however</u>, that such resignation shall not become effective until the appointment and Bankruptcy Court approval of a successor Student Trustee in accordance with Section 5.4 hereof. If a Student Trustee resigns from its position hereunder, subject to a final accounting, such Student Trustee shall be entitled to all accrued but unpaid fees, expenses, and other compensation to the extent incurred, arising or relating to events occurring before such resignation, and any out-of-pocket expenses reasonably incurred in connection with the transfer of all powers and duties to the successor Student Trustee.

Section 5.3    <u>Removal</u>.  At any time upon the request of the Managing Board through a motion filed in the Bankruptcy Court, the Bankruptcy Court may remove the Student Trustee, including any successor Student Trustee or Designee, for cause.  For purposes of this Section 5.3, "cause" shall mean:  (a) an act of fraud, embezzlement, or theft in connection with the Student Trustee's duties or in the course of its employment in such capacity, (b) the intentional wrongful damage to the Student Trust Assets, (c) the intentional wrongful disclosure of confidential information of the Student Trust resulting in material harm to the Student Trust, or (d) gross negligence by the Student Trustee in connection with the performance of its duties under this Student Trust Agreement.  Unless the Bankruptcy Court orders immediate removal, the Student Trustee shall continue to serve until a successor Student Trustee is appointed, and such appointment becomes effective, in accordance with Section 5.4 hereof.  If the Student Trustee is removed for cause, such Student Trustee shall not be entitled to any accrued but unpaid fees, expenses or other compensation under this Student Trust Agreement or otherwise. If the Student Trustee is unwilling or unable to serve (i) by virtue of its inability to perform its duties under this Student Trust Agreement due to the termination of the corporate entity Development Specialists, Inc., or (ii) for any other reason whatsoever other than for "cause," subject to a final accounting, such Student Trustee shall be entitled to all accrued but unpaid fees, expenses, and other compensation, to the extent incurred, arising or relating to events occurring before its removal or resignation, and to any out-of-pocket expenses reasonably incurred in connection with the transfer of all powers and duties and all rights to any successor Student Trustee.

9

61068560.3

Section 5.4   Appointment of Successor Student Trustee.  In the event of a vacancy by reason of the closure or immediate removal of the Student Trustee or prospective vacancy by reason of resignation or removal, the Managing Board shall have the right to nominate the successor Student Trustee, but the Bankruptcy Court shall be vested with final authority to appoint the successor Student Trustee consistent with the best interests of the Beneficiaries of the Student Trust.  Every successor Student Trustee appointed hereunder shall execute, acknowledge and deliver to the Bankruptcy Court and the retiring Student Trustee, if any, an instrument accepting such appointment subject to the terms and provisions hereof.  The successor Student Trustee, without any further act, shall become vested with all the rights, powers and duties of the Student Trustee; provided, however, that no Student Trustee shall be liable for the acts or omissions of any prior or later Student Trustee.

Section 5.5   Continuity.  The closure of Development Specialists, Inc., resignation or removal of the Student Trustee shall not terminate the Student Trust or revoke any existing agency (other than any agency of such Student Trustee as a Student Trustee) created pursuant to the Student Trust Agreement or invalidate any action theretofore taken by the Student Trustee, and the successor Student Trustee agrees that the provisions of the Student Trust Agreement shall be binding on and inure to the benefit of each successor Student Trustee and all its heirs and legal and personal representatives, successors or assigns.  In the event of the resignation or removal of the Student Trustee, such Student Trustee shall (a) execute and deliver by the effective date of its resignation or removal such documents, instruments and other writings as may be reasonably required to effect the termination of such Student Trustee's capacity under this Student Trust Agreement and (b) assist and cooperate in effecting the assumption of such Student Trustee's obligations and functions by the successor Student Trustee.  If, for any reason, the Student Trustee fails to execute the documents described in clause (a) of the preceding sentence, the Bankruptcy Court may enter such orders as are necessary to effect termination of such Student Trustee's capacity under this Student Trust Agreement.

Section 5.6   Compensation.  The Student Trustee shall be compensated on an hourly basis based on its normal and customary rates for such services and shall be entitled to reimbursement of expenses incurred.  Any Trust Professionals or agents retained or utilized by the Student Trustee shall be entitled to reasonable compensation for services rendered and reimbursement of expenses incurred.  After the Effective Date, the payment of the fees and expenses of the Student Trustee and its agents, financial advisors, attorneys, consultants, independent contractors, representatives and other Trust Professionals shall be made in the ordinary course of business and shall not be subject to the approval of the Bankruptcy Court.  Any successor Student Trustee shall receive such reasonable compensation and reimbursement of expenses in the same manner as the initial Student Trustee.  The Managing Board shall not be entitled to reimbursement of any attorneys' fees or other professional fees from the Student Trust; provided, however, that the Managing Board shall have the right to be reimbursed by the Student Trust for any actual and reasonable out of pocket expenses incurred in serving on the Managing Board upon submitting proof of the incurrence of such expenses to the Student Trustee.  The Trust Professionals shall transmit all invoices detailing their services and expenses to the Managing Board.  The Managing Board shall have five (5) business days to notify the Trust Professional of an objection to such invoice.  If no objection to the invoice is made, the Student Trustee shall be authorized to remit payment to the Trust Professional.  If objection is made to an invoice the Student Trustee, Managing Board, and Trust Professional shall attempt to

10

reach an amicable resolution to the dispute, but if no resolution is made after thirty (30) days from the date such objection is made, the Trust Professional may submit the dispute to the Bankruptcy Court for determination of the appropriate amount to be paid.

Section 5.7    <u>Indemnification; Limitation of Liability etc</u>.

(a)    The Student Trust shall indemnify and hold harmless each of (i) the Student Trustee, its officers and employees, (ii) the Trust Professionals, and (iii) the Managing Board and its/their heirs, legal representatives and permitted assigns (collectively, the "Indemnified Parties"), from and against and with respect to any and all liabilities, losses, damages, claims, costs and expenses, including, but not limited to, attorneys' fees, arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the Student Trust Agreement, the Estates or the implementation or administration of the Plan, except to the extent it is finally determined by a final and non-appealable order from a federal court with competent jurisdiction within the District of Delaware that such Indemnified Party was grossly negligent or acted in bad faith or in a manner whereby such Indemnified Party knew or should have known to be not in, or opposed to, the best interests of the Beneficiaries, or, with respect to any criminal action or proceeding, had reasonable cause to believe its conduct was unlawful. To the extent the Student Trust indemnifies and holds harmless the Indemnified Parties as provided above, the legal fees and related costs incurred by counsel to the Student Trustee in monitoring and participating in the defense of the claims giving rise to the right of indemnification shall be paid from the Student Trust Assets.

(b)    Each of the Indemnified Parties, whether or not acting upon the advice of counsel, shall incur no liability because of any error of law or fact, mistake of judgment or any matter or thing done or omitted under this Student Trust Agreement except to the extent it is finally determined by a final and non-appealable order from a federal court with competent jurisdiction within the District of Delaware that such Indemnified Party was grossly negligent or acted in bad faith or in a manner whereby such Indemnified Party knew or should have known to be not in, or opposed to, the best interests of the Beneficiaries, or, with respect to any criminal action or proceeding, such Indemnified Party had reasonable cause to believe its conduct was unlawful. Anything done or suffered in good faith by an Indemnified Party in accordance with the advice of counsel which is reasonably relied upon shall be conclusively decided in favor of such Indemnified Party against the Student Trust or other interested party.

(c)    Any Person acting on behalf of Development Specialists, Inc. in its capacity as Student Trustee, a Trust Professional or the Managing Board shall not be liable for acts or defaults of any other person acting at any other time in any such capacity. Each Indemnified Party shall be protected and free from liability in acting upon any notice, request, consent, certificate, declaration, guarantee, affidavit or other paper or document or signature reasonably believed by it to be genuine and to have been signed by the proper party or parties or by the party or parties purporting to have signed the same.

(d)    No provision of this Student Trust Agreement shall require any Indemnified Party to expend or risk its own funds or otherwise incur any financial liability in the performance of any of its duties hereunder, or in the exercise of any of its rights or powers, if

11

they shall have reasonable grounds for believing that repayment of such funds or adequate indemnity against such risk or liability is not reasonably assured to him.

(e) Notwithstanding anything to the contrary in this Student Trust Agreement, each of the Indemnified Parties shall be entitled to deduct and withhold from the Trust's assets and any amounts otherwise payable to any Beneficiary pursuant to this Student Trust Agreement such amounts as may be owed by the Student Trust or the Beneficiaries to the Indemnified Parties as expenses or other liabilities under Section 5.6 or this Section 5.7.

Section 5.8    Insurance.  The Student Trustee shall be authorized to obtain all reasonably necessary insurance coverage for itself and the Trust Professionals, including, but not limited to, coverage with respect to (i) any property that is or may in the future become the property of the Student Trust, and (ii) the liabilities, duties and obligations of the Student Trustee and the Trust Professionals (in the form of an errors and omissions policy or otherwise), the latter of which insurance coverage may, at the sole option of the Student Trustee, remain in effect for a reasonable period after the conclusion of the Student Trustee's service, and the costs and expenses of such insurance coverage shall be an expense for which the Student Trustee is entitled to reimbursement hereunder.

Section 5.9    Reliance by Student Trustee.  The Student Trustee may rely, and shall be fully protected in acting or refraining from acting, if it relies upon any resolution, statement, certificate, instrument, opinion, report, notice, request, consent, order, or other instrument or document that the Student Trustee reasonably believes to be genuine and to have been signed or presented by the proper party or parties or, in the case of cables, telecopies, e-mails and telexes, to have been sent by the proper party or parties, and the Student Trustee may conclusively rely as to the truth of the statements and correctness of the opinions expressed therein.  The Student Trustee may consult with counsel and other professionals with respect to matters in their area of expertise (and the reasonable fees and expenses of such counsel shall be an expense for which the Student Trustee is entitled to reimbursement hereunder), and any advice of counsel reasonably relief upon shall be full and complete authorization and protection in respect of any action taken or not taken by the Student Trustee.  The Student Trustee shall be entitled to rely upon the advice of such professionals in acting or failing to act, and shall not be liable for any act taken or not taken in reliance thereon.  The Student Trustee shall have the right at any time to seek and rely upon instructions from the Bankruptcy Court concerning this Student Trust Agreement, the Plan, the Confirmation Order or any other document executed in connection therewith, and the Student Trustee shall be entitled to rely upon such instructions in acting or failing to act and shall not be liable for any act taken or not taken in reliance thereon.  The Student Trustee may rely upon the Debtors' filed schedules and statements of financial affairs and all other information provided by the Debtors or their representatives to the Student Trustee concerning Claims filed against the Debtors, and their reconciliation and documents supporting such reconciliation.

Section 5.10    Reliance by Persons Dealing with the Student Trustee.  In the absence of actual knowledge to the contrary, any person dealing with the Student Trustee shall be entitled to rely on the authority of the Student Trustee to act on behalf of the Student Trust and shall have no obligation to inquire into the existence of such authority.

12

61068560.3

## ARTICLE VI
## BENEFICIARIES

Section 6.1    Beneficial Interest Only.  The ownership of a beneficial interest in the Student Trust shall not entitle any Beneficiary under the Student Trust to any title in or to the Student Trust Assets or to any right to call for a partition or division of the Student Trust Assets or to require an accounting, except as specifically provided by this Student Trust Agreement.

Section 6.2    Evidence of Beneficial Interest.  Ownership of a beneficial interest in the Student Trust Assets shall not be evidenced by any certificate, security or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Student Trust by the Student Trustee.

Section 6.3    Registration of Beneficial Interest.  The Student Trustee shall cause the Register to be kept at its office or at such other place or places as may be designated by the Student Trustee from time to time. The Register shall reflect the ownership of the beneficial interests of the Beneficiaries.

Section 6.4    Absolute Owners.  The Student Trustee may deem and treat the Beneficiaries reflected as the owner of a beneficial interest on the Register as the absolute owner thereof for the purposes of receiving distributions and payments on account thereof for federal and state income tax purposes and for all other purposes whatsoever.

Section 6.5    Standing of Beneficiary.  Except as expressly provided in the Student Trust Agreement, the Plan or the Confirmation Order, a Beneficiary does not have standing to direct the Student Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party (other than the Student Trustee) upon or with respect to the Student Trust Assets.

## ARTICLE VII
## TAXES

Section 7.1    Income Tax Treatment.  The Debtors, the Student Trustee and the Beneficiaries shall treat the Student Trust as a "liquidating trust" within the meaning of Treasury Regulation § 301.7701-4(d) and any comparable provision of state or local law.  For income tax purposes, the Debtors, the Trustee and the Beneficiaries shall treat the transfer of the Student Trust Assets by the Debtors to the respective Beneficiaries, followed by the transfer of such assets by the Beneficiaries to the Student Trust in exchange for their beneficial interests therein. The Beneficiaries shall be treated for tax purposes as the grantors and deemed owners of their respective shares of the Student Trust Assets, and shall include in their taxable incomes their allocable share of each item of the Student Trust's income, gain, deduction, loss and credit.  All items shall be allocated by the Student Trustee to the Beneficiaries using any reasonable allocation method.

Section 7.2    Disputed Claims Reserve.  The Student Trustee may elect to treat the Disputed Claims Reserve as a discrete trust taxed as a "disputed ownership fund" described in Treasury Regulation § 1.468B-9, in which event no item of income, gain, deduction, loss or credit attributable to the Student Trust Assets held in the Disputed Claims Reserve shall be taxed

13


to a Beneficiary unless and until such Beneficiary receives a distribution from the Disputed Claims Reserve.

Section 7.3   Tax Returns. The Student Trustee shall timely file all tax returns required to be filed by the Student Trust on the basis that the Student Trust is a grantor trust pursuant to Treasury Regulation § 1.671-4(a). If the Student Trustee elects to treat the Disputed Claims Reserve as a disputed ownership fund, it shall timely file all tax returns required to be filed by a disputed ownership fund. As soon as reasonably possible after the close of each calendar year, the Student Trustee shall send each Beneficiary a statement setting forth such Beneficiary's share of the Student Trust's income, gain, deduction, loss and credit for the year and shall instruct the holder to report all such items on his, her or its tax return for such year and pay any tax due with respect thereto. The Student Trustee shall not prepare or file any Debtor tax return.

Section 7.4   Tax Withholding. The Student Trustee shall withhold and pay over to the appropriate taxing authority any amount required to be withheld from any payment made pursuant to this Agreement or the Plan. Any tax withheld shall be treated as distributed to the Beneficiary for purposes of this Agreement. The Student Trustee may require that each Beneficiary certify such Beneficiary's taxpayer identification number, and that payments to such Beneficiary are exempt from backup withholding. The Student Trustee may condition payment to a Beneficiary on prior receipt of such information.

## ARTICLE VIII
## POST-CONFIRMATION MANAGING BOARD

Section 8.1   Creation of the Managing Board. Immediately upon the Student Trustee's entry into this Student Trust Agreement, a post-confirmation Managing Board for the Student Trust shall come into existence (the "Managing Board"). The Managing Board shall be comprised of the following five (5) members: Tasha Courtright, Jessica King, Crystal Loeser, Brittany Ann Smith Jackl and [AG Member]. Each member of the Managing Board shall each be entitled to one vote on matters that are presented to the Trust Committee for decisions.

Section 8.2   Consultation with the Managing Board. The Student Trustee shall consult with the Managing Board from time to time concerning the administration of the Student Trust Assets including, but not limited to, the establishment and operation of any Student Benefit Programs; provided, however, that, other than as set forth in Section 8.3 below, the Student Trustee has the sole discretion to make decisions on behalf of the Student Trust and is not bound to follow any recommendations made by the Managing Board.

Section 8.3   Establishment of Student Benefit Programs. The Student Trustee shall establish and oversee such Student Benefit Programs as recommended by a majority of the Managing Board. The Student Trustee shall consult with the Managing Board, but shall have the sole right to authorize such programs and to approve substantial actions and decisions in connection with all Student Benefit Programs, including, but not limited to, selection of counsel, consultants or professionals and any decision to implement or not to implement or fund any Student Benefit Program. If the Managing Board in good faith disagrees with the Student Trustee, the Managing Board may seek relief from the Bankruptcy Court on notice to the Student Trustee.

Section 8.4    Actions and Decisions of the Managing Board.  All actions, consents and decisions of the Managing Board shall be made by a vote of the majority of the then serving members of the Managing Board at any meeting thereof for which reasonable notice of such meeting has been provided in a manner designed to give each member an opportunity to attend and vote at such meeting.  Meetings may be in person, by telephone or other electronic means.  Notwithstanding the foregoing, any decision, consent or action of the Managing Board that may be authorized by the majority vote of the Managing Board may also be authorized upon the written consent of a majority of the members of the Managing Board.

Section 8.5    Existence of Managing Board and Resignation of Member.  The Managing Board shall continue to serve until the termination of the Student Trust.  A member of the Managing Board may resign at any time, in which event the remaining members of the Managing Board shall have the option of appointing a successor representative, who shall be a Student creditor, or representative of a Student creditor of the Debtors.  The provisions of Sections 5.6 and 5.7 of this Student Trust Agreement shall apply to any such successor, and shall survive such resignation with respect to any former member.

## ARTICLE IX
## MISCELLANEOUS PROVISIONS

Section 9.1    Definitions.  Unless the context otherwise requires, a capitalized term used but not defined herein shall have the meaning given to such term in the Plan.

Section 9.2    Descriptive Headings.  The headings contained in this Student Trust Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Student Trust Agreement.

Section 9.3    Amendment.  This Student Trust Agreement may not be amended except by an instrument executed by the Student Trustee with the approval of the Managing Board and the Bankruptcy Court following the Effective Date.

Section 9.4    Governing Law.  This Student Trust Agreement shall be governed by and construed in accordance with the laws of the District of Delaware without regard to the rules of conflict of laws of the State of Delaware or any other jurisdiction.

Section 9.5    Counterparts; Effectiveness.  This Student Trust Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original but all of which shall constitute one and the same agreement.  This Student Trust Agreement shall become effective when each party hereto shall have received counterparts thereof signed by all the other parties hereto.

Section 9.6    Severability; Validity.  If any provision of this Student Trust Agreement or the application thereof to any person or circumstance is held invalid or unenforceable, the remainder of this Student Trust Agreement, and the application of such provision to other persons or circumstances, shall not be affected thereby, and to such end, the provisions of this Student Trust Agreement are agreed to be severable.

15

61068560.3

Section 9.7    No Waiver by Student Trustee.  No failure by the Student Trustee to exercise or delay in exercising any right, power or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power or privilege hereunder preclude any further exercise thereof, or of any other right, power or privilege.

Section 9.8    Preservation of Privilege and Defenses.  In connection with the rights, claims, and Assets that constitute Student Trust Assets and any objections to Disputed Claims prosecuted or resolved by the Student Trustee in accordance with the Plan (including, without limitation, all defenses, counterclaims, setoffs and recoupments belonging to the Debtors), any applicable privilege or immunity of the Debtors, including, without limitation, any attorney-client privilege or work-product privilege attaching to any documents or communications (whether written or oral) shall vest in the Student Trust.

Section 9.9    No Bond.  Notwithstanding any state law to the contrary, the Student Trustee (including any successor Student Trustee) shall be exempt from giving any bond or other security in any jurisdiction.

Section 9.10   Notices.  Any notice or other communication hereunder shall be in writing and shall be deemed given upon (a) confirmation of receipt of a facsimile transmission, (b) confirmed delivery by a standard overnight carrier or when delivered by hand, or (c) the expiration of five (5) Business Days after the day when mailed by registered or certified mail (postage prepaid, return receipt requested), addressed to the respective parties at the following addresses (or such other address for a party as shall be specified by like notice):

If the Student Trustee, to:

Development Specialists, Inc
Attn: Geoffrey L. Berman
333 South Grand Ave, Suite 4070
Los Angeles, CA  90071-1524

With a copy to:

Robins Kaplan LLP
Attn. Scott F. Gautier
20149 Century Park East
Suite 3400
Los Angeles, CA 90266

Section 9.11   Irrevocability. The Student Trust is irrevocable.

Section 9.12   Relationship to Plan.  The Student Trustee shall have full power and authority to take any action consistent with the purposes and provisions of the Plan.  However, in the event that the provisions of this Student Trust Agreement are found to be inconsistent with the provisions of the Plan, the provisions of the Plan shall control.

16

61068560.3

Section 9.13   Retention of Jurisdiction.  As provided in Article XI of the Plan, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan, including, but not limited to, interpreting and implementing the provisions of this Student Trust Agreement.

Section 9.14   Successors or Assigns. The terms of the Student Trust Agreement shall be binding upon, and shall inure to the benefit of the parties hereto and their respective successors and assigns.

**IN WITNESS WHEREOF**, the parties hereto have either executed and acknowledged this Student Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized representatives all as of the date first above written.

**DEBTORS**

CORINTHIAN COLLEGES, INC.
(for itself and on behalf of its debtor affiliates)

_____

By: Jack D. Massimino
Chairman of the Board and Chief Executive Officer

**TRUSTEE**

DEVELOPMENT SPECIALISTS, INC.,
SOLELY IN ITS CAPACITY AS
STUDENT TRUSTEE OF THE CCI STUDENT TRUST


_____

By: Geoffrey L. Berman
Its: Senior Vice President

17

61068560.3