IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] § | |
| § | Case No. 15-10952 (KJC) |
| § | |
| § | Jointly Administered |
| Debtors. § | **Re: Docket No. 774** |

-------------------------------------------------------------

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER SHORTENING NOTICE AND OBJECTION PERIODS REGARDING
DEBTORS' MOTION TO APPROVE SETTLEMENT AND MUTUAL RELEASE
AGREEMENT BETWEEN DEBTORS AND ZENITH EDUCATION GROUP, INC.**

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession in these cases (collectively, the "**Debtors**"), respectfully request entry of an order, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the **"Local Rules"**), (i) setting a hearing to consider the *Debtors' Motion to Approve Settlement and Mutual Release Agreement Between Debtors and Zenith Education Group, Inc.* [Docket No. 774] (the "**Settlement Motion**")[2] for the omnibus hearing currently scheduled for August 26, 2015 at 1:00 p.m. (ET)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Settlement Motion or the Plan (as defined below).

RLF1 12809790v.1

(the "**Hearing**"); (ii) permitting parties to raise objections, if any, to the Settlement Motion at a date and time to be determined by the Court; and (iii) granting such other and further relief to the Debtors as the Court deems appropriate. In support of this motion (the "**Motion**"), the Debtors respectfully represent:

## RELIEF REQUESTED

1. By this Motion, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit A, (i) shortening the notice period with respect to the relief so that the Settlement Motion will be heard at the Hearing; (ii) permitting parties to raise objections, if any, to the Settlement Motion at a date and time to be determined by the Court; and (iii) granting such other and further relief to the Debtors as the Court deems appropriate.

## BASIS FOR RELIEF REQUESTED

2. Bankruptcy Rule 2002(a)(2) requires that debtors provide parties in interest at least 21 days' notice of the hearing on approval of a settlement. See Fed. R. Bankr. P. 2002(a)(3). A court may, however, shorten such notice periods pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e) for cause shown. Specifically, Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1); see also Del. Bankr. L.R. 9006-1(e) (stating that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice").

3. Contemporaneously herewith, the Debtors have filed the Settlement Motion seeking entry of an order approving that certain *Settlement and Mutual Release Agreement* (the "**Settlement Agreement**"), by and between the Debtors and Zenith Education Group, Inc.

("**Zenith**"). The Settlement Agreement, if approved, will result in approximately $2.5 million (net of certain fees incurred by the escrow agent) in escrowed funds being recovered by the Debtors' estates. By this Motion, the Debtors are requesting permission to have the Settlement Motion (and the terms of the Settlement Agreement) considered by the Court at the Hearing, the same date upon which the Court will consider confirmation of the *Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 655] (the "**Plan**"). For the reasons set forth herein, the Debtors believe that it is appropriate that the Settlement Agreement be considered at the same hearing as the Plan. Accordingly, the Debtors submit that cause exists to shorten the notice periods with respect to the Settlement Motion so that such motion can be heard at the Hearing.

4. The Debtors' Plan provides for a two trust structure: (i) the Distribution Trust, which shall be for the benefit of all Holders of Allowed Claims other than Student Claims and Government Education Claims; and (ii) the Student Trust, which shall be for the benefit of Allowed Student Claims and Allowed Government Education Claims. The Debtors and Zenith have been negotiating the terms of the Settlement Agreement for some time, and rather than having the proceeds of the Settlement Agreement administered by either trust, it has always been contemplated that the Debtors Escrowed Settlement Amount would be transferred to the Administrative Agent, for the benefit of the Prepetition Secured Parties. Specifically, Section VIII.A.1.c. of the Plan provides that all rights, title and interests of the Debtors in the Zenith Escrow Account (which would include the Debtors Escrowed Settlement Amount) shall be transferred to the Administrative Agent, for the benefit of the Prepetition Secured Parties, on the Effective Date of the Plan. Moreover, Section VIII.A.1.c. also provides that "[f]or the avoidance of doubt, the Distribution Trustee shall not administer the Zenith Escrow Account or the NY

State Grant Funds (which are excluded from the Distribution Trust Assets) and shall have no duties to assist with the realization or recovery of such amounts." Given that the Distribution Trustee under the Plan shall have no responsibilities with respect to the Zenith Escrow Account, the Debtors submit that it is appropriate to have the Settlement Agreement considered by the Court on or before the Effective Date of the Plan (which is anticipated to be on or around August 31, 2015). Indeed, as of the Effective Date of the Plan, there will be no estate representative remaining to pursue the Settlement Motion (as the Debtors will be succeeded by the trusts).

5. As such, the Debtors respectfully request that the Court shorten the notice period with respect to the Settlement Motion, so that the Settlement Agreement may be considered by the Court at the confirmation hearing currently scheduled in these chapter 11 cases for August 26, 2015. The Administrative Agent has approved the terms of the Settlement Agreement and consented to the Debtors seeking approval of such on shortened notice.

## **NOTICE**

6. The Debtors will provide notice of this Motion via overnight mail to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the Official Committee of Student Creditors ; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Prepetition Secured Parties; (v) the Department of Education; (vi) Zenith; and (vii) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002.

7. The Debtors submit that no other or further notice is necessary under the circumstances.

The Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested and any other relief as is just and proper.

| | |
|---|---|
| Dated: August 18, 2015<br>Wilmington, Delaware | <u>/s/ Amanda R. Steele</u><br>Mark D. Collins (No. 2981)<br>Michael J. Merchant (No. 3854)<br>Marisa A. Terranova (No. 5396)<br>Amanda R. Steele (No. 5530)<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone:  302-651-7700<br>Facsimile:  302-651-7701<br>Email: collins@rlf.com<br>         merchant@rlf.com<br>         terranova@rlf.com<br>         steele@rlf.com<br><br>Attorneys for the Debtors and Debtors in Possession |