## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, *et al.*, | Case No. 15-10952 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: Sept. 18, 2015 @ 10:00 a.m. (ET)** |
| | **Obj. Deadline: Sept. 9, 2015 @ 4:00 p.m. (ET)** |

## MOTION OF JENNIFER STEVENS FOR
## RELIEF FROM THE AUTOMATIC STAY/CONFIRMATION INJUNCTION

Jennifer Stevens ("Ms. Stevens" or "Plaintiff"), by her undersigned attorneys, moves for relief from the automatic stay imposed by 11 U.S.C. § 362(a) or for relief from any confirmation injunction as follows:

### BACKGROUND

1.      The Court has jurisdiction over the instant motion pursuant to 11 U.S.C. §362(d)(1), 28 U.S.C. §1334(a) and 28 U.S.C. § 157(a).   This motion is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(G).

#### The Debtors

2.      Corinthian Colleges, Inc. ("Corinthian") and other affiliated debtors  including Heald College LLC ("Heald," and collectively with Corinthian and the other affiliates, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court on February 5, 2015 (the "Petition Date").  The cases are being jointly administered.

3.      Following the Petition Date, the Debtors have continued to operate and manage their business and remain in possession of their respective businesses pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

7996472

<u>The Plaintiff, Her Lawsuit, and Her Claims Against the Debtors and Others</u>

4.    The Plaintiff is a creditor and party in interest in these Chapter 11 cases.  On or about December 22, 2014, Plaintiff filed a complaint (the "Complaint") against Heald and two of its employees, Daniel Alonso ("Alonso") and Angel Lowe ("Lowe") (collectively, the Defendants"), in the Superior Court of the State of California for the County of San Francisco. The case is captioned *Jennifer Stevens* v. *Heald College LLC, Daniel Alonso and Angel Lowe* and has been assigned case no. CGC-14-543342 (the "California Action").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

5.    As more fully set forth in the Complaint, Plaintiff's claims arise from Defendant's harassment of Plaintiff on the basis of her pregnancy and related medical conditions, as well as Plaintiff's unlawful termination by the Defendants from her employment as an Admissions Advisor.

6.    As alleged by Ms. Stevens, the Defendants engaged in a pattern of harassing Ms. Stevens through public humiliation, including for medical conditions experienced by Ms. Stevens, public ridicule and outright threats of physical harm to Ms. Stevens and her unborn child.

7.    Plaintiff pursued and exhausted all administrative remedies, and received a right to sue letter from the California Department of Fair Employment and Housing on October 16, 2014. Thereafter, Plaintiff filed the California Action alleging claims for (i) sex (pregnancy) and disability harassment, (ii) discrimination on the basis of sex, physical and mental disabilities, (iii) denial of rights under California's Pregnancy Disability Leave Law, (iv) denial of rights under the California Family Rights Act, (v) failure to provide reasonable accommodations, (vi) failure to engage in the good faith interactive process, (vii) retaliation against Plaintiff for exercising or

7996472

attempting to exercise her rights under the California Family Rights Act, California's Pregnancy Disability Leave Law, and California's Fair Employment & Housing Act, (viii) failure to prevent discrimination, harassment and retaliation from occurring, (ix) wrongful termination in violation of public policy, (x) meal and rest period violations, (xi) failure to pay wages owing at the time of employment separation and (xii) intentional infliction of emotional distress.

8.      Prior to the Petition Date, the Debtors retained counsel to defend the Complaint, including defending claims against Alonso. Debtors and Alonso have each filed an answer. Prepetition, the Debtors responded to written discovery requests, which primarily objected to the requests. Defendant Lowe has appeared pro se in the state court action and has also filed an answer. In addition, in the bankruptcy cases, the Debtors on August 7, 2015 filed a motion for relief to allow its insurance company to pay defense costs of certain individuals, including parties involved in Plaintiff's California Action (D.I. 722).[1]

## Insurance

9.      While Plaintiff has not received a copy of Debtors' insurance policy, despite requests and discovery prior to the bankruptcy stay, Plaintiff understands that the Debtors have insurance for Ms. Stevens' claims and that defense costs, which are being paid, erode and reduce any self-insurance retention ("SIR") or deductible applicable to the claim.

## Status of the Lawsuit

10.      Before the bankruptcy filing, Plaintiff propounded discovery in connection with the California Action against Heald. While Heald lodged various objections to that discovery prior

---

[1] It should be noted that notwithstanding the fact that the automatic stay does not apply to Lowe or Alonso, on May 7, 2015, debtor's defense counsel improperly filed a *Notice of Stay of Proceeding* indicating that the entire California Action was stayed "with regard to all parties." See Notice of Stay of Proceedings attached as Exhibit B.

7996472

to the Petition Date, by virtue of the automatic stay, Heald has so far refused to provide any further substantive response, including the production of any applicable insurance policy(ies) or information regarding their existence or terms.

## REQUEST FOR RELIEF

11.   Plaintiff seeks relief from the automatic stay to continue to litigate the California Action not only against the individuals, but against Heald too, and either collect available insurance or liquidate the claim for purposes of liquidating her proof of claim in the bankruptcy case to the extent insurance is not available or is insufficient.  Nothing herein is intended to limit Plaintiff's action or recovery against Alonso or Lowe.

12.   Cause exists for granting the Plaintiff relief from the automatic stay so as to permit Plaintiff to liquidate her claims against Heald, Alonso and Lowe in California.

### A.   The Automatic Stay Does Not Apply to the Proceeds of the Debtors' Liability Insurance

13.   This Court recently addressed the question whether Chapter 11 debtors "have a significant interest protected by the automatic stay in the *proceeds* of [their] liability insurance policies." *Santa Fe Minerals, Inc. v. BEPCO, L.P. (In re 15375 Memorial Corporation)*, 382 B.R. 652, 687 (Bankr. D. Del. 2008).  The Court concluded that the law in this area "suggests that they do not or, at least, that any interest [the debtors] have in these cases is *de minimis.*" *Id.*

14.   The Court in *15375 Memorial Corp.* cited favorably the Fifth Circuit's leading decision in *Houston v. Edgeworth (In re Edgeworth), 993 F.2d 51 (5th Cir.1993). 382 B.R. at 687.  In *Edgeworth*, the court ruled that, while a debtor may own the insurance policies themselves, the proceeds of those policies is a different matter; where a creditor seeks recovery against a debtor's liability insurance proceeds,  "those insurance proceeds are not property of the estate." *Edgeworth*, 993 F.2d at 56; *see Romero v. Border Steel Rolling*, 2002 WL 31730255, 54

7996472

Fed. Appx. 591 (table) (5th Cir. 2002).

15.    The *15375 Memorial Corp.* Court concluded that "there is virtually no support in the context of these bankruptcy cases for the notion advanced by the Debtors . . . that the automatic stay should be continued in effect to prevent BEPCO from accessing the proceeds of these liability insurance policies." 382 B.R. at 689.

16.    Similarly here, the Debtors do not have any rights to the proceeds from their liability insurance; likewise, the individuals likely have primary rights to the insurance policy for defense costs notwithstanding Heald's bankruptcy.

17.    Plaintiff should accordingly be allowed to proceed and to collect damages within the available coverage limits.

18.    Even if the Debtors' insurance has a substantial deductible or SIR, that fact is of no moment.  It is well established that, where an insured debtor has paid the initial premium, and the policy period has expired, the insurance policy is not an executory contract, despite continuing obligations on the part of the insured.  *Admiral Ins. Co. v Grace Indus., Inc. (In re Grace Indus., Inc.)*, 341 B.R. 399, 402 (Bankr. E.D.N.Y. 2006); *Am. Safety Indem. Co. v. Vanderveer Estates Holding, LLC (In re Vanderveer Estates Holding, LLC)*, 328 B.R. 18, 26 (Bankr.E.D.N.Y.2005); *United Capitol Ins. Co. v. Bernkrant (In re Firearms Import and Export Corp.)*, 131 B.R. 1009, 1013-14 (Bankr.S.D.Fla.1991).

19.    In that event, if the insured fails to perform any of those continuing obligations – such as funding a self-insured retention – that does not excuse the insurer from being required to perform.  *Grace Indus.*, 341 B.R. at 402-03; *Firearms Imports*, 131 B.R. at 1014.

20.    Case law also supports the conclusion that "cause" exists to lift the automatic stay to permit the Plaintiff to (a) liquidate her claims against the Debtors and individuals and (b) to

7996472

obtain payment from the Debtors' insurer. *See, e.g., In re Rexene Products Co.*, 141 B.R. 574

(Bankr. D. Del. 1992).

21.    In determining whether "cause" exists to modify an automatic stay, courts typically

consider:

a.    The prejudice that the debtor or the debtor's estate would suffer if the automatic stay were lifted;
b.    The balance of hardships facing the parties; and
c.    Whether the movant has a reasonable chance of prevailing on the merits in the underlying action.

*See Rexene*, 141 B.R. at 576; *In re Cooke*, 2007 WL 2102687 at *1 (Bankr. D. Del. 2007).

Courts may consider other factors as well, including the courts' and public interest in judicial

economy and the expeditious and economic resolution of litigation. *Cooke*, 2007 WL 2102687

at *1.

22.    Courts recognize that the policies underlying the stay "are not implicated" where

the claimant is not attempting to obtain payment from the debtor to the detriment of other

creditors. *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993) (reversing

bankruptcy court's denial of stay relief).

23.    Where, as here, Plaintiff is seeking to liquidate a claim against a debtor's estate,

relief from the stay is appropriate. *See In re Rexene Products*, 141 B.R. at 577-78.    "[R]elief

from the stay may be granted 'when necessary to permit litigation to be concluded in another

forum, particularly if the nonbankruptcy suit involves multiple parties or is ready for trial.'" *In re*

*SCO Group, Inc.*,   2007 WL 4224407 at *4 (Bankr. D.Del. 2007), *quoting* Lawrence P. King,

*Collier on Bankruptcy* 362.07[3][a] (15th ed.2006).

24.    The legislative history to Section 362 shows Congress recognized that, in

appropriate circumstances, the automatic stay should be terminated to allow non-bankruptcy

litigation to proceed in the non-bankruptcy forum:

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.

H.R. Rep. No. 595, 95th Cong., 1st Sess., 341 (1977).

25. Here, the Debtors will suffer no prejudice if relief from the stay is granted.

   a. Liquidation of the Plaintiff's claims will not impair Debtors' reorganization.

   b. Allowing the Plaintiff's claims in the California Action to go forward in California state court will conserve judicial resources, by allowing parties to litigate the claims where they have already been filed, where all actions relevant to the case occurred, and where other parties and witnesses reside.

26. In contrast, Plaintiff will suffer substantial prejudice and hardship if her case remains stayed.

   a. While Plaintiff could litigate her claims against Alonso and Lowe and proceed to judgment, absent stay relief Plaintiff could be forced to separately litigate the same set of facts against the Debtors in a different venue and a different time frame; Plaintiff would in turn be forced to incur duplicate costs of litigation; potentially lose the availability of some witnesses (which will include witnesses located in San Francisco County, California); and the process would create the possibility of inconsistent verdicts arising out of the same facts, and generally would disserve the interests of judicial economy.

27. The Plaintiff has a reasonable prospect of prevailing on the merits having received her right to sue letter.

7996472

28.   In sum, the balance of the hardships and a consideration of the relevant policies together support granting stay relief as requested herein.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, Plaintiff respectfully requests that this Court grant her relief from the automatic stay and (a) permit Plaintiff to proceed to liquidate her claims in California state court against Heald, Alonso and Lowe; (b) permit any such determined claims to be satisfied against Defendants to the extent of the limits of available insurance, if any, and/or otherwise to be satisfied in accordance the bankruptcy code; and (c) grant such additional relief as the Court deems appropriate.

Respectfully submitted,

Dated: August 19, 2015

**MORRIS JAMES LLP**

Carl N. Kunz, III (#3201)
500 Delaware Avenue, Suite 1500
Post Office Box 2306
Wilmington, Delaware  19899-2306
Telephone:  (302) 888-6800
Facsimile:   (302) 571-1750
E-mail:  ckunz@morrisjames.com

-and-

Christopher LeClerc
LeClerc & LeClerc LLP
235 Montgomery Street, Suite 1019
San Francisco, CA  94104
Telephone: (415) 445-0900
Facsimile: (415) 445-9977
E-mail:  chris@leclerclaw.com

*Attorneys for Jennifer Stevens*

7996472