# EXHIBIT A

| | |
|---|---|
| Christopher R. LeClerc, Esq. (SB# 233479)<br>**LE CLERC & LE CLERC LLP**<br>235 Montgomery Street, Suite 1019<br>San Francisco, CA 94104<br>Telephone: (415) 445-0900<br>Fax: (415) 445-9977<br>Email: chris@leclerclaw.com<br><br>Attorneys for Plaintiff<br>JENNIFER STEVENS | ENDORSED<br>FILED<br>Superior Court of California<br>County of San Francisco<br><br>DEC 22 2014<br><br>CLERK OF THE COURT<br>BY: MARY A. MORAN<br>Deputy Clerk |

IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

[UNLIMITED JURISDICTION]

| | |
|---|---|
| JENNIFER STEVENS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HEALD COLLEGE, LLC, a California Limited Liability Company; DANIEL ALONSO, an individual; ANGEL LOWE, in individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. **CGC-14-543342**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br>1. Sex and Disability Harassment;<br>2. Sex and Disability Discrimination;<br>3. Denial of Rights Under the Pregnancy Disability Leave Law;<br>4. Denied Reinstatement under the CFRA;<br>5. Failure to Provide Reasonable Accommodations;<br>6. Failure to Engage in the Good Faith Interactive Process;<br>7. Retaliation in Violation of the FEHA, CFRA and PDLL;<br>8. Failure to Prevent Harassment, Discrimination, and Retaliation from Occurring;<br>9. Wrongful Termination in Violation of Public Policy;<br>10. Failure to Provide Meal and Rest Periods;<br>11. Failure to Pay All Wages at or near the time of Separation; and<br>12. Intentional Infliction of Emotional Distress.<br>**JURY TRIAL DEMAND** |



COMPLAINT FOR DAMAGES
STEVENS v. HEALD COLLEGE, LLC, et al. (San Francisco Co. Sup. Crt., Case No. _____)

Plaintiff alleges:

## PARTIES

### PLAINTIFF

1. Plaintiff JENNIFER STEVENS, ("Plaintiff" or "STEVENS") is an adult female. Until her unlawful termination described *infra*, Plaintiff was employed by Defendant HEALD COLLEGE, LLC. At all times herein, Plaintiff adequately discharged her job duties and responsibilities and was, at a minimum, a satisfactory employee.

### DEFENDANTS

2. Defendant HEALD COLLEGE, LLC ("HEALD") is a California limited liability company that employed Plaintiff and Defendants ALONSO and LOWE. HEALD is headquartered in California and conducts the majority of its business in California.

3. Defendant DANIEL ALONSO was Plaintiff's supervisor at HEALD at all relevant times in this complaint.

4. Defendant ANGEL LOWE was Plaintiff's co-worker at all relevant times in this complaint. At all relevant times in this complaint, Defendant knew or should have known that LOWE was engaging in harassing Plaintiff.

5. The true names and capacities of defendants sued in the Complaint under the fictitious name of DOES 1 through 50, inclusive, are unknown to plaintiff who therefore sues defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by such unlawful conduct.

6. Hereinafter, HEALD, ALONSO, and LOWE and DOES 1 through 50 are collectively referred to as "Defendants."

7. Whenever reference is made in this complaint to any act of any corporate or other business defendant, such allegations shall mean that such defendant did the acts alleged in the complaint through its officers, directors, employees, agents and/or representatives

while they were acting within the actual or ostensible scope of their authority. Additionally, whenever reference is made to any act of any natural person employed by any corporate or other business entity Defendant, such allegations shall mean that such person did the acts alleged in the complaint while acting within the scope of their actual or ostensible authority.

8. Plaintiff is informed and believes and thereon alleges that at all relevant times, each defendant acted as an agent, representative, employer and/or employee of each of the other defendants and acted within the course and scope of said agency or representation or employment with respect to the causes of action in this complaint.

## *JURISDICTION & VENUE*

9. Plaintiff brings this action pursuant to and under the California Fair Employment & Housing Act (the "FEHA") and California Labor Code, and other common and statutory laws.

10. Venue is proper in this Court because the acts and/or omissions and events set forth in this Complaint occurred in whole or in part in the County of San Francisco, located in California. The Defendants principle place of business is in the County of San Francisco, and Plaintiff was employed by Defendants in the County of San Francisco. Plaintiff is informed and believes and thereon alleges that employment records are maintained in San Francisco County.

11. State policy favors jurisdiction and venue in San Francisco County, California because the State of California has a policy of protecting California residents and ensuring the applicability of California labor laws.

12. Plaintiff is informed and believes, and thereon alleges, that most of the witnesses and evidence relevant to this case are located in San Francisco County in California.

13. Plaintiff is informed and believes, and thereon alleges, that the relative costs and burdens to the parties herein favor the filing of this lawsuit in this Court. Defendant suffers no burden or hardship by having to defend this case in this Court. However, Plaintiff would suffer severe and undue burden and hardship if she was required to file in an alternative

forum, if any such forum exists. Such burden and hardship on Plaintiff includes, but is not limited to prohibitive monetary expenses for travel, obtaining counsel in a different venue and/or jurisdiction, increased expenses to investigate and obtain evidence and depose and interview witnesses.

14. The amount in controversy exceeds the minimum jurisdictional threshold of this Court.

### *EXHAUSTION OF ADMINISTRATIVE REMEDIES*

15. Plaintiff has discharged all necessary administrative remedies and this matter is ripe for adjudication before this Court. On October 16, 2014, Plaintiff filed Department of Fair Employment & Housing ("DFEH") complaint against Defendants. On October 16, 2014, Plaintiff received a notice of case closure and received a DFEH right-to-sue notification.

16. On November 11, 2014, Plaintiff amended her charge to include the fact that she had further received a letter formally terminating her employment with HEALD.

### *GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION*

17. Plaintiff Jennifer Stevens was an employee of HEALD. She was employed as an Admissions Advisor. After learning that she was pregnant, Plaintiff's doctor put her on medical restrictions including that she should not work more than 40 hours per week, that she should take two consecutive days off per week, and that she should take a meal break during her shift.

18. Plaintiff, who until then was on a schedule of "compulsory overtime," communicated her restrictions to her supervisor, Defendant ALONSO. ALONSO became hostile with Plaintiff, telling her that she was "worthless," that she needed to "push herself," and that she was letting down her team. While HEALD is prohibited from setting admissions quotas by law, HEALD has a practice of ignoring the law and setting admissions quotas anyway.

19. ALONSO continued harassing Plaintiff thereafter. He continued to call her worthless, continued to tell her that she needed to push herself and work more hours by getting out of her "comfort zone." He blamed her publicly for the group not making its goal on new admissions. In addition to humiliating Plaintiff publicly for medical restrictions related

3

COMPLAINT FOR DAMAGES
STEVENS v. HEALD COLLEGE, LLC, et al. (San Francisco Co. Sup. Crt., Case No. _____)

to her pregnancy, ALONSO's public ridicule also put strain on Plaintiff's relationships with her co-workers.

20. ALONSO's continuous blaming of Plaintiff caused her to have problems with Defendant LOWE, who she had previously gotten along with. Plaintiff had seen LOWE going through her desk several times during her pregnancy.

21. Plaintiff asked ALONSO if her quota of admittees could be reduced, ALONSO refused to reduce her quota, instead mocking the law that forbids HEALD from putting admissions quotas on its admissions officers.

22. ALONSO and LOWE's harassment of Plaintiff caused her to have numerous panic attacks during her pregnancy.

23. On or about October 17, 2013, Plaintiff was returning to her cubicle and LOWE was in her cubical removing materials from Plaintiff's desk. When Plaintiff walked up, LOWE pushed her out the way to get out of the cubical.

24. On October 18, 2013, Plaintiff was near the entrance to Plaintiff's work area and LOWE was talking to the receptionist. ALONSO's office, which was nearby, had its door open. In a very loud voice designed to be overheard by Plaintiff, LOWE told the receptionist that she "would punch her in the stomach if [I] knew [I] would not go to jail for murder."

25. Hearing this, and ALONSO laughing from his office, Plaintiff became extremely anxious. She called for her finance to pick her up from work, which he did. Plaintiff's healthcare providers thereafter put Plaintiff on medical leave for the duration of her pregnancy, and thereafter due to her recovery from childbirth and for mental health reasons.

26. In July 2014, Plaintiff was release to return to work at HEALD with restrictions. The restrictions included that she should work three eight hour days her first week back, increasing one day a week until she was back at five days per week. By week four, she could increase her eight hour days to whatever number of hours the job required. This was intended to permit Plaintiff a healthy transition back to the HEALD environment.

27. Plaintiff transmitted this note to HEALD. HEALD refused to reinstate Plaintiff.

1 HEALD told Plaintiff that she would have to return to work full time. HEALD told
2 Plaintiff that she would have to provide a different doctor's note than the one that she
3 supplied, and that it would provide her with what information would be needed in the
4 further note. On October 31, 2014, HEALD sent Plaintiff a letter falsely claiming that
5 Plaintiff had indicated her "inability to work is expected to continue for the unforeseen
6 duration" and formally terminated her employment.

7 28. HEALD did not engage in the good faith interactive process with Plaintiff about whether
8 another accommodation was necessary.

### *FIRST CAUSE OF ACTION*
*Sexual & Disability Harassment in Violation of the FEHA & PDLL*
[Against All Defendants]

29. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

30. Defendant HEALD is an employer within the meaning of the California Fair Employment & Housing Act, Cal. Govt. Code § 12940, et seq. (the "FEHA"). At all relevant times alleged herein, Defendant ALONSO was Plaintiff's supervisor and also subject to the anti-harassment provisions of the FEHA. Defendant LOWE was Plaintiff's co-worker, subject to the anti-harassment provisions of the FEHA, and Defendant HEALD knew or should have known about LOWE and ALSONSO's harassment of Plaintiff.

31. The FEHA makes it unlawful to harass an individual on the basis of their sex or disability. Sex is defined to include pregnancy or medical conditions related to pregnancy, childbirth and conditions related to childbirth. Cal. Govt. Code section 12926(r). A pregnancy qualifies as a disability under the FEHA in addition to a protected category under the PDLL.

32. Plaintiff was subjected to unwanted harassing conduct because of her pregnancy and conditions relating to her pregnancy and her medical restrictions related thereto. Additionally, Plaintiff was harassed by these individuals on the basis of her medical restrictions, which qualifies as a disability pursuant to the FEHA.

33. Said harassment was sufficiently severe and/or pervasive to create a hostile working environment within the meaning of the FEHA and PDLL. Plaintiff did consider, and any reasonable person in Plaintiff's circumstances would have considered, the work environment to be hostile and/or abusive.

34. Said harassing conduct was engaged in by supervisors of Plaintiff. Additionally, HEALD and its supervisors and agents knew or should have known that other non-supervisory employees engaged in harassing conduct of Plaintiff and they failed to take immediate and appropriate corrective action.

35. Defendants' harassment of Plaintiff has caused her economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

36. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SECOND CAUSE OF ACTION
*Discrimination on the Basis of Sex and Physical and Mental Disabilities in Violation of FEHA*
[Against Defendant HEALD]

37. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

38. The FEHA makes it unlawful for an employer to discriminate against an employee on the basis of sex, and on the basis of physical and mental disabilities. *See* Govt. Code § 12940(a).

39. HEALD terminated Plaintiff's employment. Plaintiff is informed and believes and thereon alleges that Plaintiff's sex was a motivating factor for HEALD' termination of

Plaintiff's employment. Plaintiff is also informed and believes and thereon alleges that her physical and mental disabilities were motivating reasons for her termination.

40. HEALD' termination of Plaintiff's employment caused her economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

41. HEALD committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### *THIRD CAUSE OF ACTION*
*Denial of PDLL Rights*
[Against Defendant HEALD]

42. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

43. Plaintiff was in need of and requested reasonable accommodations for her pregnancy, including a modified work schedule, meal periods, and time off for her pregnancy, childbirth, and related medical conditions.

44. HEALD did not permit Plaintiff the accommodations requested or reinstate Plaintiff at the conclusion of her leave pursuant to the PDLL.

45. Defendant HEALD' failure to engage in the good faith interactive process caused Plaintiff economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

46. Defendant HEALD committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### FORTH CAUSE OF ACTION
*Denial of CFRA Rights*
[Against Defendant HEALD]

47. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

48. The CFRA makes it unlawful for any qualified employer, such as Defendant HEALD, to refuse to reinstate an employee to the same or substantially similar position at the conclusion of a CFRA qualified leave.

49. HEALD is a qualified employer under CFRA, as it employed 50 or more employees for wages or salary within 75 miles of the San Francisco, California work site where Plaintiff worked.

50. Plaintiff was qualified for and placed on medical leave under CFRA by her health care provider.

51. Plaintiff was not permitted to return from leave, and instead was terminated while on medical leave.

52. Defendant HEALD' denial of Plaintiff's CFRA rights caused Plaintiff economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, severe mental and emotional distress and discomfort.

53. Defendant HEALD committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper

8
COMPLAINT FOR DAMAGES
STEVENS v. HEALD COLLEGE, LLC, et al. (San Francisco Co. Sup. Crt., Case No. _____)

and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

### *FIFTH CAUSE OF ACTION*
*Failure to Provide Reasonable Accommodations in violation of the FEHA*
[Against Defendant HEALD]

54. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

55. Cal. Govt. Code §§ 12940 & 12945 require an employer provide reasonable accommodations to pregnant employees for conditions related to their pregnancy, childbirth, and for other known physical and mental disabilities.

56. Plaintiff was an employee of Defendant HEALD. HEALD was aware of and regarded Plaintiff as being pregnant, having a physical disability, and having a mental disability.

57. Plaintiff requested reasonable accommodations in the form of modified work duties and schedule, a leave for childbirth, recovery, and for mental health. Defendant unilaterally withdrew from providing Plaintiff a reasonable accommodation by terminating her while she was on leave, without engaging in the interactive process with Plaintiff regarding whether she needed continuing leave, some other form of accommodation, or could return to work immediately pursuant to the note that she transmitted to HEALD.

58. Defendant HEALD failure to reasonably accommodate Plaintiff has caused her economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

59. Defendant HEALD committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SIXTH CAUSE OF ACTION
*Failure to Engage in the Good Faith Interactive Process in Violation of the FEHA*
[Against Defendant HEALD]

60. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

61. Defendant HEALD provided Plaintiff reasonable accommodation in the form of modified work duties and schedule, leave from work for pregnancy, childbirth, and related medical conditions, and mental health. Thereafter, while she was on leave as an accommodation, Defendant did cease to provide accommodations and terminated Plaintiff's employment without notifying her that it would refuse to continue to provide accommodations and without permitting her to return to work with the light restrictions provided to her by her healthcare provider.

62. Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation was necessary and/or could be made.

63. Defendant HEALD' failure to engage in the good faith interactive process caused Plaintiff economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

64. Defendant HEALD committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

///

### SEVENTH CAUSE OF ACTION
*Retaliation in Violation of FEHA/PDL/CFRA*
[Against Defendant HEALD]

65. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

66. The FEHA, CFRA, and PDLL make it unlawful for an employer to retaliate against an employee for engaging in any activity protected under those chapters. Plaintiff engaged in protected activities, including, but not limited to: 1) requesting modified job duties and schedules because of pregnancy or related medical conditions; 2) requesting time off for pregnancy related medical conditions; 3) requesting time off for CFRA qualified leaves; and 4) requesting reasonable accommodations.

67. Defendant HEALD discharged Plaintiff, at least in part, because she engaged in the aforementioned conduct. Furthermore, prior to her termination, Defendants engaged in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

68. Defendant HEALD' unlawful and retaliatory treatment and discharge of Plaintiff has caused her economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, severe mental and emotional distress and discomfort.

69. Defendant HEALD committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

///

///

### EIGHTH CAUSE OF ACTION
*Failure to Prevent Discrimination, Harassment and Retaliation from Occurring in Violation of FEHA*
[Against Defendant HEALD]

70. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

71. Plaintiff was subjected to discrimination, harassment, and retaliation on the basis of her sex, pregnancy, physical and mental disability, request for and receiving reasonable accommodation, and request for and taking of medical leave pursuant to the PDLL and CFRA.

72. Defendant HEALD failed to take reasonable steps to prevent the discrimination and retaliation from occurring.

73. Defendant HEALD' failure to prevent discrimination and retaliation from occurring caused Plaintiff economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

74. Defendant HEALD committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### NINTH CAUSE OF ACTION
*Wrongful Termination in Violation of Public Policy*
[Against Defendant HEALD]

75. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

76. California has a fundamental, substantial, and well-established public policy against discrimination and retaliation in the workplace. California also has a fundamental,

substantial, and well-established public policy against discrimination against pregnant women and retaliation against persons for taking protected leaves. These policies are embodied in, *inter alia*, the California constitution, the FEHA, the CFRA, and the PDLL.

77. Plaintiff is informed and believes and thereon alleges that Defendant HEALD was motivated to terminate Plaintiff's employment on the basis of her sex, request for and taking reasonable accommodations, her requests for and taking of pregnancy related leave.

78. Defendant HEALD' unlawful discharge of Plaintiff has caused her economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

79. Defendant HEALD committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### *TENTH CAUSE OF ACTION*
*Meal and Rest Period Violations*
[Against Defendant HEALD]

80. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

81. HEALD failed to provide meal and rest periods in accordance with Labor Code sections 226.7 and 512 and the applicable wage order. Notwithstanding that fact, HEALD failed to pay Plaintiff one hour of pay for each violation thereof, which is now due and owing with interest thereon in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

13
COMPLAINT FOR DAMAGES
STEVENS v. HEALD COLLEGE, LLC, et al. (San Francisco Co. Sup. Crt., Case No. _____)

### ELEVENTH CAUSE OF ACTION
Violations of Labor Code § 203
*Failure to Pay All Wages at the Time of Separation*
[Against Defendant HEALD]

82. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

83. California Labor Code sections 201 and 202 set forth the deadline for payment of all wages owing upon an employee's separation from employment. California Labor Code Section 203 provides that, in the event an employee is not paid all wages owing pursuant to sections 201 and 202, the employee continues to accrue wages upon a daily basis until fully paid.

84. As detailed in this complaint, Plaintiff was not paid all wages owing within the time limits proscribed by Labor Code sections 201 and 202; and as a consequence, she is entitled to continuing wages under Section 203.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

### TWELVTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress
[Against All Defendants]

85. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

86. Defendants' conduct in described herein, including discrimination and harassment on the basis of sex and marital status, constitutes extreme and outrageous conduct.

87. Defendants' conduct, as alleged *supra*, was intended to cause Plaintiff, or at the least, recklessly disregarded the probability that Plaintiff would suffer emotional distress.

88. Defendants' intentional and/or reckless conduct was a substantial factor in causing Plaintiff severe emotional distress.

89. Defendants' unlawful treatment of Plaintiff has caused her economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

1 | 90. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## ***PRAYER FOR RELIEF***

WHEREFORE, Plaintiff makes the following demand:

a) That process be issued and served as provided by law, requiring Defendants, and each of them, to appear and answer or face judgment;

b) For general, special, actual, compensatory and/or nominal damages, as against Defendants, and each of them, in an amount to be determined at trial;

c) For front and back pay and other benefits Plaintiff would have been afforded but-for Defendants', and each of their, unlawful conduct;

d) For punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants, and each of them, from further engaging in the conduct described herein, and to deter others from engaging in the same or similar acts;

e) For disgorgement of all monies owing to Plaintiff;

f) For all statutory penalties provided for by law;

g) For costs and expenses of this litigation;

///
///
///
///
///
///
///

15
COMPLAINT FOR DAMAGES
STEVENS v. HEALD COLLEGE, LLC, et al. (San Francisco Co. Sup. Crt., Case No. _____ )

1  h) For reasonable attorneys' fees where appropriate;

2  i) For pre and post-judgment interest on all damages and other relief awarded herein from

3  all entities against whom such relief may be properly awarded; and,

4  j) For all such other relief as this Court deems just and appropriate.

Dated: December 19, 2014

LE CLERC & LE CLERC LLP

By: _____
Christopher R. LeClerc, ESQ.
Attorney for Plaintiff
JENNIFER STEVENS

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated: December 19, 2014

LE CLERC & LE CLERC LLP

By: _____
Christopher R. LeClerc, ESQ.
Attorney for Plaintiff
JENNIFER STEVENS