IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § § | Case No. 15-10952 (KJC) |
| | § § | Jointly Administered |
| Debtors. | § § | |
| | § | **Hearing Date: 8/26/15 (Requested)** |
| | § | **Obj. Deadline: To Be Determined** |
| | § | **Re: D.I. Nos. 578, 689** |

**DEBTORS' LIMITED RESPONSE AND REQUEST TO CONTINUE MOTIONS
FOR DETERMINATION THAT AUTOMATIC STAY DOES NOT APPLY**

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") file this limited response and motion to continue (the "**Motion**") the August 26 hearing on (and related August 19 response deadline to) each of the (a) *Motion of Commonwealth of Massachusetts, People of the State of California, and State of Wisconsin for Determination that the Automatic Stay Provision Does Not Apply to the States' Actions Against the Debtors* [Docket No. 578] (the "**States' Stay Motion**") and (b) *Motion of California Bureau for Private Postsecondary Education for Determination that the Automatic Stay Provision Does Not Apply to its Disciplinary Action* [Docket No. 689] (the "**Bureau's Stay**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

RLF1 12803157v.2

Motion," and together with the States' Stay Motion, collectively the "**Stay Motions**"). In support of their Motion, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

The confirmation hearing on the *Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 655] (as may be further amended and modified, the "**Plan**") is scheduled for August 26, 2015 (the "**Confirmation Hearing**"). Not surprisingly, then, the Debtors currently are fully engaged with negotiations with numerous parties in interest (including the moving parties under the Stay Motions), and the Debtors continue to make progress with such parties to resolve disputed issues concerning the Debtors' Plan. The Debtors believe that they are firmly on the path to confirmation, and they are dedicating their limited, remaining personnel and other resources towards achieving this important objective.

The movants noticed the Stay Motions for hearing on the same date as the Confirmation Hearing and set August 19 as the response deadline to the Stay Motions. Given the immediacy of the Confirmation Hearing, these dates impose an unnecessary burden on, and distraction to, the Debtors. Moreover, there is no good reason why the Stay Motions should not be heard after the Confirmation Hearing. Indeed, if confirmed, the Plan could become effective as early as the end of this month. Pursuant to the terms of the Plan, on the Effective Date,[2] the Debtors will distribute all of their assets in accordance with the terms of the Plan, will immediately thereafter dissolve (and thus cease to exist) and the automatic stay generally applicable to the Debtors will terminate. As such, the relief requested under the Stay Motions

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

could be substantially (if not entirely) moot if the Court confirms the Plan and the Plan is thereafter consummated.

Because the ultimate disposition of the Stay Motions, as well as the completion of these chapter 11 cases, hinders on the Court's decision made at or soon after the Confirmation Hearing, the Debtors respectfully request a continuance of the hearing on (and an extension of the response deadline to) the Stay Motions until after the Confirmation Hearing.

## BACKGROUND

1. On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

2. On May 13, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors (the "**Creditors' Committee**"). Additionally, the U.S. Trustee appointed an official committee of student creditors (the "**Student Committee**") on May 15, 2015.

3. Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the *Declaration of William J. Nolan in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10] (the "**First-Day Declaration**").

4. Prior to the Petition Date, the States of California and Wisconsin and the Commonwealth of Massachusetts (collectively, the "**States**") each filed civil actions against the Debtors in their respective states (collectively, the "**State Actions**"). Generally, the State Actions seek (among other things): (i) declaratory relief based on the Debtors' pre-petition business operations; (ii) injunctive relief to prevent the Debtors from engaging in specific,

3

RLF1 12803157v.2

alleged business practices in any future business operations by the Debtors; (iii) rescission of tuition payments (in favor of former students) and stock purchases (in favor of current and former shareholders) and orders requiring the payment of money damages to former students and current or former shareholders; and (iv) monetary penalties in favor of, and payable to, the individual States (collectively, the "**State Remedies**").

5. Also prior to the Petition Date, the California Bureau for Private Postsecondary Education through the California Attorney General's Office (the "**Bureau**," and together with the States, the "**Movants**") filed an administrative action against the Debtors in and before the Department of Consumer Affairs for the Bureau for Private Postsecondary Education (the "**Licensing Action**," and together with the State Actions, collectively the "**Actions**"). In the Licensing Action, despite the closure of the Debtors' campuses and the pending liquidation, the Bureau moved to retract or limit the Debtors' licenses to operate private, accredited secondary education facilities in California. In addition to seeking to modify the scope or validity of the Debtors' licenses to engage in business in California, the Bureau also prayed for an award of its costs related to its prosecution of the action against the Debtors totaling approximately $5,000.00. The Debtors voluntarily surrendered their licenses and consider the matter moot, although the Bureau and California Attorney General purport to be proceeding with the Licensing Action.

6. The States filed their Stay Motions on July 15, 2015, and they have moved the Court to enter an order providing that each of the claims for relief in the State Actions are exempt from the automatic stay under and pursuant to 11 U.S.C. § 362(b)(4). The Bureau filed its Stay Motion (seeking similar relief) on July 31, 2015. As noted by the Bureau in its Stay

Motion, the Debtors irrevocably surrendered the licenses at issue under the License Action prior to the Bureau's filing of the Stay Motion.

## RELIEF REQUESTED

7. By this Motion, the Debtors respectfully request that the Court continue the (i) hearing on the Stay Motions currently set for August 26, 2015, to the next regularly scheduled omnibus hearing date in these cases, and (ii) extend the objection deadlines in connection with the Stay Motions to no earlier than one week before such continued hearing date.[3]

## ARGUMENT

8. The States and the Bureau argue (among other things) that the Actions are excepted from the automatic stay pursuant to section 362(b)(4) of the Bankruptcy Code. If necessary, the Debtors could argue that there are substantial grounds on which the Court might disagree with that conclusion. For example, here (among other things):

> (i) the Debtors are no longer engaged in any business operations and intend to distribute all of their assets and terminate their existences on the Effective Date, thereby rendering declaratory or injunctive relief meaningless;
>
> (ii) the Debtors already have irrevocably surrendered the licenses which form the subject of the Licensing Action, thereby mooting that action, and the Bureau cannot justify incurring additional costs or expenses in pursuit of licenses that already have been irrevocably surrendered; and
>
> (iii) the States' requests for rescission and money damages in favor of students and current or former shareholders duplicate relief pursued by the students or the Student Committee in the Bankruptcy Cases and/or (in the case of shareholders) seek relief contrary to the priority scheme embedded in the Bankruptcy Code.

*See, e.g., Enron Corp. v. People of the State of California (In re Enron Corp., et al.)*, 314 B.R. 524, 536 (S.D.N.Y. 2004) (state's claims for injunctive and declaratory relief, rescission and money damages not exempted under section 362(b)(4) where debtor was liquidating and there

---

[3] The Debtors' time to respond to the Stay Motions is automatically extended until after the Court acts on the within Motion. *See* Del. Bankr. L.R. 9006-2.

was no prospect of continued business operations); Cal. Code Regs. tit. 5, § 75080 (2015) ("The surrender [of an approval to operate] shall be deemed irrevocable, and if the institution surrendering the approval desires to regain approval, the person or institution shall submit a new application.").[4]

9. However, the Debtors also strongly believe that now is not the right time to incur the time and expense to litigate these issues. First, as provided in and subject to the Plan, on the Effective Date the Debtors will distribute all of their remaining assets to, among others, the Student Trust and the Distribution Trust, and will immediately thereafter dissolve. As a result, after the Effective Date (and whether or not the States or Bureau intend to prosecute their respective actions to judgment), the plain fact is that the Debtors will be dissolved entities with no remaining assets.

10. Second, as the Debtors intend to dissolve their existences as entities on the Effective Date, the Debtors have agreed (as a result of their on-going discussions and negotiations with the States) to clarify and/or modify the injunction provision under the Plan to confirm that the Debtor entities are not subject to the protection of the Plan injunction. Further, the Plan also provides that the automatic stay under section 362 will terminate immediately upon confirmation of the Plan. Thus, from and after the Effective Date, the Debtor entities (which will no longer exist) will not be subject to either the automatic stay or the injunction created by the Plan, each of which is relief otherwise sought by the Movants under the Stay Motions. As confirmation and consummation of the Plan will confirm and/or moot relief sought by the Movants under the Stay Motions, the Court should continue the Stay Motions until after the Confirmation Hearing.

---

[4] The purpose of this Motion, and the relief requested herein, is to continue the hearing on the merits of the Stay Motions to a later date. Accordingly, the Debtors hereby reserve their rights to more formally respond and/or object to the Stay Motions at an appropriate time.

11. <u>Third</u>, the Debtors have limited personnel and other resources and the Debtors have prioritized confirmation of their Plan for the benefit of their estates, creditors and former students. Continuing the Stay Motions until after the Confirmation Hearing will preserve the Debtors' remaining assets and direct the efficient use of those limited assets pursuant to the terms of the Plan, thereby benefitting the estates as a whole. Moreover, there is no prejudice to the Movants from a limited continuance of the Stay Motions until the omnibus hearing after the Confirmation Hearing. Instead, as described above, confirmation of the Debtors' Plan may provide the very relief that the Movants are seeking under the Stay Motions.

12. <u>Finally</u>, for similar reasons, the Court should not have to expend its time and energy to hear and rule on the Stay Motions until after the Confirmation Hearing. As noted above, the Debtors expect that there are several grounds (legal and factual) on which the Court might conclude that the exception to the automatic stay set forth in section 362(b)(4) does not, or should not, apply to the Stay Motions. Relevant issues likely will require the development of legal and factual issues under applicable law, some of which are unsettled. *See, e.g., In re Nortel Networks, Inc.*, 669 F.3d 128, 139 (3d Cir. 2011) (to determine whether the exception applies, "courts have applied two related and somewhat overlapping tests: the pecuniary purpose test and the public policy test" and noting that "[i]t is unclear whether the government action must meet both tests to fall within the police power exception") (internal quotations omitted); *In re Gandy*, 327 B.R. 796, 803 (Bankr. S.D. Tex. 2005) (under the pecuniary purpose test a court must "distinguish between a police and regulatory enforcement action and an attempt by a governmental unit to collect money damages that do not arise from an exercise of a governmental unit's police or regulatory power).

13.     Accordingly, the Debtors' request for the Court to continue the hearing on the Stay Motions (and the related objection deadline) also preserves and focuses the Court's (as well as the parties) limited resources on the significant matter of moment in the Debtors' cases, the hearing to consider the confirmation of the Debtors' Plan.

## NOTICE

14.     The Debtors will provide notice of this Motion to the States and the Bureau as well as to the following: (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to Student Committee; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (v) the Department of Education; (vi) the Internal Revenue Service; (vii) the Securities and Exchange Commission; (viii) the United States Attorney for the District of Delaware; (ix) the States; (x) the Bureau; and (xi) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is necessary under the circumstances.[5]

---

[5] The Debtors conferred with the Movants but the parties did not reach an agreement prior to the filing of the Motion. After the filing of the Motion, the Debtors remain available to confer with the Movants regarding the relief requested by the Debtors hereunder.

8

WHEREFORE, the Debtors respectfully request entry of the proposed order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested in its entirety and any other relief as is just and proper.

Dated: August 19, 2015
       Wilmington, Delaware

*/s/ Marcos A. Ramos*
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
Marisa A. Terranova (No. 5396)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Facsimile: 302-651-7701
Email: collins@rlf.com
      merchant@rlf.com
      ramos@rlf.com
      terranova@rlf.com

Attorneys for the Debtors
and Debtors in Possession