**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., ET AL.,<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10952 (KJC)<br><br>Jointly Administered |

**OBJECTION OF THE PEOPLE OF THE STATE OF CALIFORNIA TO DEBTORS'**
**REQUEST TO CONTINUE MOTIONS FOR DETERMINATION THAT AUTOMATIC**
**STAY DOES NOT APPLY [DOCKET NO. 783]**

   1.  The People of the State of California (the "People"), by and through Kamala D. Harris, the Attorney General of the State of California, object to Debtors' limited response and request ("Request") to continue the States' *Motion for Determination that the Automatic Stay Provision Does Not Apply to the States' Actions Against Debtors* [Docket No. 578] ("Stay Motion").[1]

**OBJECTION**

   2.  Debtors' Request must be denied for two independent reasons.  First, it is procedurally improper because it does not comply with the motion requirements under the Delaware Bankruptcy Local Rules.  Moreover, even if the Request were proper, it should still be denied because it presents no valid basis for a continuance.

   3.  Debtors have known for weeks—since July 15—that the Stay Motion hearing was scheduled for the same day as the confirmation hearing on August 26.  Debtors have known for weeks that their opposition to the Stay Hearing was due on August 19.  Debtors never made any request to the Court or the People to move any of these dates.  Rather, on the day their opposition was due, Debtors requested a continuance of the Stay Motion and an extension of their opposition, arguing "mootness" and "inconvenience."

---

[1] Capitalized terms not otherwise defined in this objection have the same meaning as in Debtors' Request.

4.      Debtors' eleventh-hour request for a continuance of the Stay Motion and extension of their opposition deadline is improper and baseless. It should be denied.

## A.      Debtors' Request Is Procedurally Improper

5.      The Request does not comply with the Delaware Bankruptcy Local Rules. Debtors base their Request on Local Rule 9006-2.  Request at 5 n.3.  By its plain terms, however, Local Rule 9006-2 requires that Debtors file and serve a "motion"—something Debtors have failed to do.[2]

6.      Debtors' Request does not comply with the requirements for motions under Local Rule 9006-1.  Motions must be served at least "eighteen (18) days . . . prior to the hearing date." Del. Bankr. L.R. 9006-1.  Debtors do not appear to have scheduled a hearing date for their Request, but under the Local Rules, the earliest it could be properly heard is September 7, 2015. If Debtors intend to have their Request heard at the August 26 hearing, then they would need to have their Request heard on shortened notice.  Shortened notice, however, requires an "order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).  Debtors have failed to do this as well.

7.      Debtors have not complied with the motion requirements under the Delaware Bankruptcy Local Rules.  The Court should deny Debtors' Request.  Moreover, because they have not complied with the Local Rules, Debtors are not entitled to any automatic extensions provided by Local Rule 9006-2.

## B.      Debtors Have No Valid Basis for a Continuance

8.      In any case, Debtors have no valid basis for a continuance.  The plain text of 11 U.S.C. § 362(b)(4) mandates the relief the States seek: the automatic stay does not apply to the

---

[2] Delaware Bankruptcy Local Rule 9006-2 reads as follows:

> Bridge Orders Not Required in Certain Circumstances. Unless otherwise provided in the Code or in the Fed. R. Bankr. P., if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of abridge order.

States' pending law-enforcement actions.  All relevant case law is in accord.  In an effort to rebut this, Debtors cite a lone decision from a district outside the Third Circuit, *In re Enron Corp.*, 314 B.R. 524, 536 (S.D.N.Y. 2004).  Request at 5.  But this case is no longer good law even in the Southern District of New York, having been expressly rejected by *In re General Motors LLC Ignition Switch Litigation*, 69 F. Supp. 3d 404, 412 n.4 (S.D.N.Y. 2014).  To avoid addressing the merits of the Stay Motion, Debtors instead seek to postpone adjudication on this straightforward issue by claiming "mootness" and "inconvenience."  Both arguments fail.

9.     Debtors argue that Plan confirmation will moot the relief the States seek.  *See, e.g.*, Request at 6.  This is wrong.  As an initial matter, Debtors' Request relies on the assumption that this Court will confirm the Plan.  Whether that happens is for this Court to decide—and is at this point uncertain.  Debtors' Disclosure Statement was heavily litigated, and the Plan has already received at least one objection, with more a virtual certainty.  In the event that the Plan is not confirmed, any continuance of the Stay Motion now would simply delay its adjudication unnecessarily.

10.     Even if the Court confirms the Plan on August 26, the Stay Motion will not be mooted.  The Plan currently provides that the automatic stay "shall remain in full force and effect until the Effective Date."  Art. XIII.A.[3]  The Effective Date, however, will not occur until the Confirmation Order has become a Final Order.  Art. XV.B.  This could take weeks or months, depending on, for example, whether any parties appeal the Confirmation Order or any other issues that arise in this case.  Thus, even if the Court confirms the Plan on August 26, the Stay Motion will not be moot because the automatic stay will remain in place for at least some time after confirmation.

11.     Contrary to Debtors' assertions, any delay in lifting the automatic stay—and any delay in determining that the States' law-enforcement actions are not subject to the automatic stay—will prejudice the States.  The States' pending law-enforcement actions have been stayed

---

[3] Debtors' Request misstates that "the Plan also provides that the automatic stay under section 362 will terminate immediately upon confirmation of the Plan."  Request at 6.

now for almost four months.  Additional delay, which could last for weeks or even months, would be detrimental to those enforcement actions.  Students who have been harmed by Debtors' actions and who are critical to the States' actions "may disappear, their memories may fade, and other evidence may be lost."  *Burkett v. Cunningham*, 826 F.2d 1208, 1232 (3d Cir. 1987). Debtors cannot be allowed to evade law enforcement by further delaying adjudication of an issue that is a matter of black-letter law.  Moreover, the People's counsel has already expended resources to attend the Stay Motion hearing and confirmation hearing on August 26.  If the Stay Motion is continued, the People may have to expend additional resources to attend another hearing.

12.     Debtors also claim inconvenience.  Debtors request a continuance because they "strongly believe that now is not the right time to incur the time and expense to litigate these issues."  *See, e.g.*, Request at 6.  But that is not a valid basis to continue the Stay Motion over the People's objection.  "[T]he law abhors delay."  *United States v. Weintraub*, 613 F.2d 612, 626 (6th Cir. 1979).  A continuance is unnecessary and unwarranted.  The issues addressed in the Stay Motion are straightforward.  They are ripe now and will be regardless of what happens at the confirmation hearing.  The States' enforcement actions will be prejudiced by further delay.

## CONCLUSION

13.     For these reasons, the Court should deny Debtors' Request.

Dated:  August 19, 2015

KAMALA D. HARRIS
Attorney General of California

By:    /s/ Bernard A. Eskandari
BERNARD A. ESKANDARI
NICHOLAS G. CAMPINS
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 897-2652
  Fax:  (213) 897-4951
  Email:  bernard.eskandari@doj.ca.gov

*Attorneys for the People of the State of California*