IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 15-10952 (KJC)<br><br>Jointly Administered<br><br>[proposed] Hearing Date: 8/26/15 at 1:00 p.m.<br><br>Objection Deadline: TBD |

**APPLICATION FOR ENTRY OF AN ORDER PURSUANT
TO BANKRUPTCY CODE SECTIONS 328(a) AND 1103(a) APPROVING THE
EMPLOYMENT AND RETENTION OF WILLKIE FARR & GALLAGHER LLP
AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO AUGUST 10, 2015**

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Corinthian Colleges, Inc. and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"), respectfully submits this application (the "Application") for entry of an order authorizing the employment and retention of Willkie Farr & Gallagher LLP ("Willkie Farr") as special insurance counsel to the Creditors' Committee for the limited purposes described herein, *nunc pro tunc* to August 10, 2015, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505, SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

Local Rules for the United States Bankruptcy Court District of Delaware (the "Local Rules"). In support of this Application, the Creditors' Committee submits and incorporates by reference the Declaration of Marc Abrams (the "Abrams Declaration"), attached hereto as **Exhibit A**, and the Declaration of Therese Burkhart, chairperson of the Creditors' Committee (the "Burkhart Declaration"), attached hereto as **Exhibit B**, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are Bankruptcy Code Sections 328(a) and 1103(a), Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## BACKGROUND

2. On May 4, 2015 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, commencing these Chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their respective properties as debtors in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3. On May 13, 2015, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Creditors' Committee to represent the interests of general unsecured creditors in these Chapter 11 Cases pursuant to Bankruptcy Code Section 1102(a)(1). See *Notice Of Appointment Of Creditors' Committee Of Unsecured Creditors* [Docket No. 100]. On the same day, the Creditors' Committee selected Brown Rudnick LLP ("Brown Rudnick") and The Rosner Law Group LLC ("RLG") as its legal counsel and Gavin/Solmonese LLC as its financial advisor.

4. On June 8, 2015, this Court entered the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 504 (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, and (III) Granting Related Relief* [Docket No. 346] (the "Final Cash Collateral Order"),[2] which approved the Final Approved Budget and provided that a Supplemental Approved Budget prepared by the Debtors could modify or supplement the Final Approved Budget without further order of the Court if such Supplemental Approved Budget was consented to by the Administrative Agent and a copy was provided to counsel to the Creditors' Committee and counsel to the Students' Committee. See Final Cash Collateral Order ¶ G.

5. On July 1, 2015, the Debtors filed their *Combined Disclosure Statement And Chapter 11 Plan Of Liquidation* [Docket No. 520], as subsequently amended by the *Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation*, dated July 27, 2015 [Docket No. 655] (the "Plan"). Also on July 1, 2015, the Debtors filed a motion seeking approval of the Disclosure Statement and certain solicitation procedures. See Docket No. 521.

6. On July 27, 2015, the Court entered the *Order (A) Approving Disclosure Statement, (B) Establishing Procedures For Solicitation And Tabulation Of Votes To Accept Or Reject The Plan Of Liquidation, (C) Approving The Form Of Ballot And Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing The Date, Time And Place For the Confirmation Hearing And The Deadline For Filing Objections Thereto, And (F) Approving Related Notice Procedures* [Docket No. 658] (the "Solicitation Procedures Order"). Under the

---

[2] Defined terms used but not defined in this paragraph shall have the meanings ascribed to such terms in the Final Cash Collateral Order.

Solicitation Procedures Order, the confirmation hearing on the Debtors' Plan is scheduled for August 26, 2015 at 1:00 p.m. (prevailing Eastern Time).

## RELIEF REQUESTED

7. Pursuant to this Application, the Creditors' Committee seeks authority to retain Willkie Farr as its special insurance counsel in these Chapter 11 Cases for the limited purposes described herein, *nunc pro tunc* to August 10, 2015.

8. The Creditors' Committee selected Willkie Farr because of its extensive experience and knowledge of insurance matters, and believes Willkie Farr is well qualified to represent the Committee in these Chapter 11 Cases on the limited basis described herein.

## WILLKIE FARR'S LIMITED SCOPE OF SERVICES

9. Subject to the direction of the Creditors' Committee and further order of this Court, the professional services to be rendered by Willkie Farr to the Creditors' Committee may include the following limited services:

    a. reviewing and analyzing the Debtors' director and officer liability insurance policies (collectively, the "D&O Policies");

    b. reviewing and analyzing coverage letters issued by the Debtors' various director and officer liability insurers and/or such insurers' outside counsel;

    c. assisting the Creditors' Committee's lead counsel in preserving claims against the Debtors' insurance coverage provided under the D&O Policies;

    d. advising the Creditors' Committee on the consequences with respect to the D&O Policies of any pending actions against the Debtors and/or any current or former director, officer or other insiders of the Debtors;

    e. reviewing and analyzing the impact of any Plan provisions with respect to the D&O Policies, as may be requested in connection with confirmation of the Plan; and

    f. any other related legal services as requested by the Creditors' Committee that is not duplicative of the services provided by Brown Rudnick and RLG.

4

10. The Committee believes that it is necessary to employ special insurance counsel to render professional services as described above so that the Committee may properly fulfill its duties under the Bankruptcy Code. The Creditors' Committee believes that Willkie Farr is well qualified to handle the legal work required to provide special insurance counsel to the Committee in these Chapter 11 Cases. Further, the Creditors' Committee will ensure that Willkie Farr coordinates with Brown Rudnick and RLG to avoid providing duplicative legal services to the Creditors' Committee.

## WILLKIE FARR'S DISINTERESTEDNESS

11. The Creditors' Committee has reviewed the Abrams Declaration, including all of the "connections" to these Chapter 11 Cases disclosed therein, as such term is used in Bankruptcy Rule 2014(a).

12. Notwithstanding any such connections, the Creditors' Committee believes that Willkie Farr is a "disinterested person" as defined in Bankruptcy Code Section 101(14), and does not hold or represent an interest adverse to the Debtors' estates with respect to the matters for which Willkie Farr is to be employed, as required by Bankruptcy Code Section 328(c).

## WILLKIE FARR'S COMPENSATION

13. Willkie Farr proposes to render its services on an hourly fee basis according to its customary hourly rates in effect when the services are rendered. It is anticipated that the primary attorneys at Willkie Farr who will represent the Creditors' Committee are Marc Abrams (whose current hourly rate is $1,275), Jeffrey B. Clancy (whose current hourly rate is $875), and Christopher S. Koenig (whose current hourly rate is $565). Specifically, Jeffrey B. Clancy is a senior corporate associate at Willkie Farr with significant knowledge and experience with D&O and other insurance products and is expected to be the principal timekeeper on this matter. Other Willkie Farr attorneys or paraprofessionals will from time to time provide legal services on

behalf of the Committee in connection with the matters herein described at Willkie Farr's standard hourly rates in effect for those personnel.

14. Willkie Farr's policy is to request reimbursement of its actual and necessary out-of-pocket expenses incurred in connection with providing legal services. Among other things, Willkie Farr charges its clients for telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, after-hours taxi expenses, expenses for working meals or overtime/after-hours meals, computerized research, transcript costs, and secretarial overtime. The Creditors' Committee has been assured that Willkie Farr will charge the Creditors' Committee for these expenses at rates consistent with charges made to other Willkie Farr clients, and subject to the Local Rules, orders of this Court and the guidelines of the U.S. Trustee.

15. Willkie Farr will maintain detailed records of fees and expenses incurred in connection with rendering of the legal services described above, in accordance with applicable rules and guidelines.

16. In connection with its representation of the Creditors' Committee as set forth herein, Willkie Farr will cap its total fees and expenses for this engagement at $75,000 (the "Maximum Compensation Amount"), *provided, however,* that the Maximum Compensation Amount may be increased with the written consent of the Creditors' Committee, so long as such increase is consistent with the amounts allocated to the Creditors' Committee's professionals in the Final Approved Budget, as it may be amended or modified as provided by the Final Cash Collateral Order.

17. Pursuant to Bankruptcy Code Section 328(a), the Creditors' Committee may retain counsel pursuant to reasonable terms and conditions. The Creditors' Committee believes

that the hourly rates and expense policies of Willkie Farr, which are applied to other Willkie Farr clients, all as specifically described above, constitute fair and reasonable terms and conditions for the retention by the Creditors' Committee of Willkie Farr as special insurance counsel in accordance with Bankruptcy Code Section 328(a).

18. On account of its services to the Creditors' Committee, Willkie Farr will seek compensation and reimbursement of expenses consistent with the Court's *Order Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals*, dated as of May 26, 2015 [Docket No. 201] (the "Interim Compensation Order"); *provided, however*, that Willkie Farr will only seek payment of fees and expenses up to the Maximum Compensation Amount.

19. Willkie Farr did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement, other than as set forth in paragraph 16, above.

20. None of the Willkie Farr professionals to be included in this engagement vary their rates based on the geographic location of the bankruptcy cases on which they are engaged.

21. The Creditors' Committee requests that Willkie Farr be allowed compensation for its services and reimbursement for its expenses in accordance with Bankruptcy Code Sections 330 and 331 and Bankruptcy Rule 2016 upon submission of appropriate applications therefor in compliance with all applicable orders, rules, and guidelines, subject to the review and approval of this Court.

## NO PRIOR REQUEST

22. No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, for the reasons set forth herein, the Creditors' Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit C**, (i) granting this Application, (ii) authorizing t the Creditors' Committee to retain and employ Willkie Farr as its special insurance counsel *nunc pro tunc* to August 10, 2015, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: August 20, 2015
New York, New York

        Respectfully submitted,

        OFFICIAL COMMITTEE OF UNSECURED
        CREDITORS OF CORINTHIAN COLLEGES,
        INC., ET AL.

        */s/ Therese Burkhart*

        By:   Therese Burkhart
        Title: Chairperson of the Official Committee of
              Unsecured Creditors of Corinthian Colleges,
              Inc., et al.