# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 15-10952 (KJC)<br><br>Jointly Administered<br><br>**Related Docket No.** ___ |

ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF WILLKIE FARR & GALLAGHER LLP
AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO AUGUST 10, 2015

This matter having been brought before the Court by the Official Committee of Unsecured Creditors (the "Creditors' Committee") in the above-captioned cases, upon application (the "Application")[2] for entry of an order (this "Order") pursuant to Sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court District of Delaware (the "Local Rules"), authorizing the *nunc pro tunc* employment and retention of Willkie Farr & Gallagher LLP ("Willkie Farr") as special insurance counsel to the Creditors' Committee, effective as of August 10, 2015; and the Court having jurisdiction to consider the Application and the relief requested

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505, SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Any capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

therein in accordance with 28 U.S.C. §§ 157 and 1334; and the consideration of the Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b); and the Court having considered the Application, the accompanying Abrams Declaration and Burkhart Declaration (collectively, the "Declarations") and all responses or objections to the Application; and the Court being satisfied that Willkie Farr is a disinterested person and does not hold or represent an interest adverse to the Debtors' estates with respect to any of the matters for which Willkie Farr is to be engaged; and the Court finding that the employment of Willkie Farr is necessary to the performance of the Creditors' Committee's duties; and notice of this Order having been given to all parties entitled to receive notice; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is approved, as set forth herein, and it is further

ORDERED, that pursuant to Bankruptcy Code Sections 328(a) and 1103(a), the Creditors' Committee is authorized to employ and retain Willkie Farr as special insurance counsel *nunc pro tunc* as of August 10, 2015, and it is further

ORDERED, that Willkie Farr shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 cases in compliance with Bankruptcy Code Sections 330 and 331 and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Willkie Farr also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications

to be filed by Willkie Farr in these Chapter 11 Cases. Notwithstanding anything to the contrary in the Application or the Engagement Letter, Willkie Farr will not seek reimbursement of expenses for office supplies. Notwithstanding anything to the contrary in the Application, the Declarations or Engagement Letter, during the course of these Chapter 11 Cases, Willkie Farr shall not be reimbursed for any secretarial or other overtime charges; and it is further

ORDERED, that the total amount of compensation for services rendered and reimbursement for reasonable expenses of Willkie Farr in connection with its representation of the Creditors' Committee shall be capped at a maximum amount of $75,000, *provided, however*, that such cap may be increased if the Creditors' Committee consents in writing and the increased cap is consistent with the amounts allocated to the Creditors' Committee's professionals in the Final Approved Budget (as it may be amended or modified as provided by the Final Cash Collateral Order); and it is further

ORDERED, that Willkie Farr shall provide ten (10) business days' notice to the Debtors and U.S. Trustee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code Section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code Section 330; and it is further

ORDERED, that Willkie Farr shall not charge a markup with respect to fees billed by contract attorneys who are hired by Willkie Farr to provide services to the Creditors' Committee and Willkie Farr shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, Willkie Farr shall not share fees with existing or future contract

attorneys who advise on these Chapter 11 Cases or enter into fee sharing arrangements with such contract attorneys; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: _____, 2015
       Wilmington, Delaware

                                            _____
                                            THE HONORABLE KEVIN J. CAREY
                                            UNITED STATES BANKRUPTCY JUDGE