**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., ET AL., | Case No. 15-10952 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: Aug. 26, 2015, at 1 p.m. |

**OBJECTION OF THE CONSUMER FINANCIAL PROTECTION BUREAU TO
DEBTORS' CHAPTER 11 PLAN OF LIQUIDATION [DOCKET NO. 655]**

**INTRODUCTION**

The Consumer Financial Protection Bureau ("CFPB"), an independent federal agency charged by Congress with implementing and enforcing federal consumer law, hereby objects to the *Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan") [Docket No. 655].[1]

The CFPB has a pre-petition law-enforcement action against certain Debtors pending in the United States District Court for the Northern District of Illinois (Case No. 1:14-CV-07194). In that proceeding, the CFPB seeks an injunction, restitution to harmed consumers, damages, civil money penalties, and other relief. On June 25, 2015, the CFPB filed its proof of claim in this action. The CFPB's enforcement action is included in the Plan's definition of "Governmental Lawsuits" and "Government Education Claims." *See* Art. II.A.81, 82; Art. III.C.

**OBJECTION**

Debtors' Plan does not comply with the Bankruptcy Code and should not be confirmed. The Debtor's Plan is a plan of liquidation as all assets of the Debtor will be distributed upon the effective date as detailed in the plan. *See* Section II.61; III.E.5.a.; and, XII. Despite being a

---

[1] Unless otherwise specified, capitalized terms used, but not otherwise defined, have the same meaning as in the Plan.

1

liquidating plan, Section XIII of the Debtor's Plan purports to discharge (in the guise of an injunction) the debtor from any and all claims.  This discharge provision is directly contrary to 11 U.S.C. § 1141(d)(3).[2]  In order for the Court to confirm a plan, the plan must comply with the applicable provisions of the Bankruptcy Code.  11 U.S.C. § 1129(a)(1).  The inclusion of this discharge provision in the Plan prohibits the Plan's confirmation.

Under 11 U.S.C. § 1141(d)(3), "corporate debtors which are liquidated by [a] plan do not receive a discharge." *In re Fairchild Aircraft Corp.*, 128 B.R. 976, 981-82 (Bankr. W.D. Tex. 1991).  "This limitation prevents such debtors from avoiding the operation of section 727(a)(1) [no discharge for corporations under chapter 7] through the use of a liquidating plan under chapter 11 instead of a chapter 7 liquidation."  8 Collier on Bankruptcy § 1141.05[4] (Alan N. Resnick & Henry J. Somme eds., 16th ed. rev. 2015).  Confirmation of a liquidating plan operates as a denial of discharge.  *Teamsters' Pension Trust Fund v. Malone Realty Co.*, 82 B.R. 346, 349-50 (E.D. Pa. 1988).  "[T]he lack of a discharge means that the creditor is not barred from proceeding against the corporation itself and whatever assets might subsequently come into its possession."  *In re Fairchild Aircraft Corp.*, 128 B.R. at 982.

The three requirements of 11 U.S.C. § 1141(d)(3) are easily met here: (A) the Plan is a "Plan of Liquidation," *see, e.g.,* Art. I; (B) Debtors are winding down and going out of business, *see, e.g.,* Art. III.E.5.a; and (C) Debtors would be denied a discharge under chapter 7 because the Debtors are not individuals, 11 U.S.C § 727(a)(1).  Accordingly, Debtors are "clearly prevent[ed] . . . from obtaining any type of discharge." *In re Sis Corp.*, 120 B.R. 93, 96

---

[2]11 U.S.C § 1141(d)(3) provides that:

> The confirmation of a plan does not discharge a debtor if—
> (A) the plan provides for the liquidation of all or substantially all of the property of the estate;
> (B) the debtor does not engage in business after consummation of the plan; and
> (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

(Bankr. N.D. Ohio 1990).  Despite this, the Plan contains language that operates as a discharge.

Article XIII.A. of the Plan states that "all Persons and Entities who have held, hold or may hold Claims against or interests in the Debtors shall be permanently enjoined from taking any . . . actions against the Debtors . . . ."  "An injunction preventing the post-confirmation prosecution of claims would certainly operate as a discharge of the Debtors.  Accordingly, it is impermissible under the Code." *In re Bigler LP*, 442 B.R. 537, 545 (Bankr. S.D. Tex. 2010) (liquidating plan); *see also, e.g., In re Sacred Heart Hosp. of Norristown*, 182 B.R. 413, 422 (Bankr. E.D. Pa. 1995) (ordering debtor to strike post-confirmation injunction from liquidating plan).  The Plan's broad, post-confirmation injunction applicable to Debtors is plainly a discharge forbidden by § 1141(d)(3).

The Plan's treatment of claims also operates as an impermissible discharge.  For example, the Class 5 treatment of Governmental Education Claims purports to be "in full satisfaction and settlement of and in exchange for such Allowed Claims."  Art. VIII.5.c.  This, however, amounts to a discharge by extinguishing claims against the Debtors.  *In re Fairchild Aircraft Corp.*, 128 B.R. at 982 (liquidating plan cannot impose any "legal impediment to pursuing the corporation").  Debtors' lack of discharge means that "claims or portions of claims not paid by the liquidation will attach to the shell." *Id.*; *see also, e.g.*, *In re Sis Corp.*, 120 B.R. at 96 ("derogation of § 1141(d)(3)" for liquidating plan to "exact a discharge on certain obligations unless otherwise treated in the [p]lan").  The treatment of claims provisions to effect a discharge under the Plan is impermissible under § 1141(d)(3).

As a result, the Plan cannot be confirmed because it does not comply with 11 U.S.C. §1141(d)(3).  *See* 11 U.S.C. § 1129(a)(1).  The CFPB requests the Court deny confirmation of the Plan unless and until modifications are made to the Plan and Confirmation Order that:

    A. Remove Debtors from any Plan injunction;

    B. Remove language stating that the treatment of claims is "in full satisfaction and settlement of and in exchange for such Allowed Claims";

    C. Remove any other language that operates to discharge Debtors; and

       D. Include a provision that reads as follows[3]:

"For the avoidance of doubt, notwithstanding anything to the contrary in the Plan or Confirmation Order, all bankruptcy-related injunctions and stays that were, or may have been, applicable to Debtors shall terminate immediately upon the Effective Date.  Consistent with the provisions of 11 U.S.C. § 1141(d)(3), nothing in the Plan or Confirmation Order is, or shall be construed as, a discharge of Debtors. Nothing in the Plan or Confirmation Order discharges, releases, precludes, enjoins, or stays any action against Debtors, including the Governmental Lawsuits.  Nothing in the Plan or Confirmation Order divests any tribunal of any jurisdiction it may have to adjudicate actions against Debtors, including the Governmental Lawsuits."

---

[3] The proposed inclusion of specific language is necessary to make the injunctive provisions as specific and clear as possible.  *See* Fed. R. Civ. P. 65(d)(1) ("Every order granting an injunction . . . must . . . state its terms specifically . . . .") (incorporated under Fed. R. Bankr. P. 7065); *see also, e.g.*, *Pasadena City Bd. of Ed. v. Spangler*, 427 U.S. 424, 439 (1976) ("Because of the rightly serious view courts have traditionally taken of violations of injunctive orders, and because of the severity of punishment which may be imposed for such violation, such orders must in compliance with Rule 65 be specific and reasonably detailed.").

## **CONCLUSION**

Under 11 U.S.C. § 1129(a)(1), the Court may only confirm a plan that complies with the applicable provisions of the Bankruptcy Code. The Debtors' proposed Plan violates 11 U.S.C. § 1141(d)(3) by including a discharge of the Debtors. As a result the plan does not comply with the applicable provisions of the Bankruptcy Code and the Court should deny confirmation of the Plan.

Dated: August 21, 2015

RESPECTFULLY SUBMITTED,

ANTHONY ALEXIS
DIRECTOR OF ENFORCEMENT

DAVID M. RUBENSTEIN
DEPUTY ENFORCEMENT DIRECTOR

/S/ CYNTHIA GOOEN LESSER
CYNTHIA GOOEN LESSER
GLENN MELCHER
RINA HARRIS TUCKER
JONATHAN B. ENGEL
CHANDANA KOLAVALA
*ENFORCEMENT ATTORNEYS*
CONSUMER FINANCIAL PROTECTION BUREAU
1700 G STREET NW
WASHINGTON, DC 20552
FAX: (202) 435-7722