IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> CORINTHIAN COLLEGES, INC., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 15-10952 (KJC) <br><br> (Jointly Administered) <br><br> Hearing Date: 9/18/15 at 10:00 a.m. ET <br> Obj. Deadline: 9/11/15 at 4:00 p.m. ET |

**MOTION OF LAMPERT AT 25500 INDUSTRIAL BLVD., LLC
REQUESTING ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM
PURSUANT TO 11 U.S.C. § 503(b)**

Lampert at 25500 Industrial Blvd., LLC ("Landlord") by and through its undersigned counsel, hereby files this motion (the "Motion") requesting allowance of, and requiring immediate payment of, its administrative expense claim against debtor Heald College, LLC (the "Debtor") pursuant to 11 U.S.C. §503(b). In support hereof, Landlord respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2), and the statutory basis for the relief requested herein is 11 U.S.C. § 503(b). Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

2. Landlord is the Landlord, and, until May 20, 2015, the Debtor was the Tenant pursuant to a lease ("Lease") of non-residential real property located at 25500 Industrial Boulevard, Hayward, California (the "Premises"). Pursuant to the terms of the Lease, the Debtor

8002840/1

was obligated to pay all rent and additional rent on or before the first day of each month during the term of the Lease.

3. Prior to the May 4, 2015 petition date (the "Petition Date"), the Debtor was in default under the Lease because it had failed to make the payments of certain items of additional rent and real estate taxes which it was obligated to pay pursuant to the terms of the Lease.[1] As of the Petition Date, these unpaid charges under the Lease totaled approximately $335,591.01.

4. Following the Petition Date, the Debtor failed to pay any rent or additional rent or other charges due under the Lease to the Landlord. Instead, the Debtor rejected the lease pursuant to 11 U.S.C. § 365, by motion dated May 6, 2015 [D.I. 46], order dated May 29, 2015 [D.I. 234] and a notice dated May 20, 2015 which provided that the effective date of rejection of the Lease would be the date it was surrendered to Landlord, i.e. May 20, 2015. [D.I. 163].

5. By virtue not surrendering the Premises until May 20, the Debtor had use, access and occupancy of the Premises during the 16-day post-petition, pre-rejection period. As such, the Landlord is entitled to an allowed administrative expense claim rent and additional rent and other charges accruing during that period.

## RELIEF REQUESTED

6. By this Motion, Landlord respectfully seeks allowance and payment of an administrative expense claim under 11 U.S.C. § 503(b) in the total amount of $67381.92.

---

[1] The Lease is voluminous and not attached as an exhibit to this Motion. Copies of the Lease can be provided upon request to Landlord's counsel.

8002840/1

2

## ARGUMENT

7. Section 503(a) and (b) provide as follows:

> (a) An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause.
>
> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including--
>> (1)(A) the actual, necessary costs and expenses of preserving the estate, including--
>> * * *

11 U.S.C. §§503(a) and (b).

8. The Debtor's post-petition use of the Premises following the Petition Date constitutes actual, necessary costs and expenses of the estate as contemplated by §503(b)(1)(A) of the Bankruptcy Code, and as such, should be paid in full. As Judge Sontchi held in *In re Goody's Family Clothing Inc.*, 392 B.R. 604 (Bankr. D. Del. 2008), *aff'd,* 610 F.3d 812 (3d Cir. 2010) not only does Section 503(b)(1) permit a Landlord to recover from a debtor for the post-petition use and occupancy of a Landlord's premises, the mere use and occupancy is sufficient to meet any burden of the Landlord to prove its case under 503(b). In this case, the Debtor admittedly occupied the Premises for 16 days following the petition date, which use and occupancy benefitted the Debtor. Indeed, the Debtor refrained from rejecting the Lease unless and until it surrendered the premises, which it did not do until May 20, 2015. As such, this is a very real admission that the continued use of the Premises benefitted the Debtor's estate, paving the way for allowance and payment of an administrative claim to Landlord.

9. Pursuant to the Terms of the Lease, monthly rent was $114,331.98. Accordingly, the per diem rent for May, 2015 was $3,688.12. Thus, unpaid rent for the post-petition/pre-rejection period of 16 days totals $59,009.92. Under the lease, the Debtor also owed taxes to the Landlord which taxes totaled $190987.70 annually. Accordingly, the Debtor owes Landlord an additional $523.25 per day for the post-petition/pre-rejection period, or taxes totaling $8,372.00. The Landlord is entitled to allowance and payment of a total administrative claim of $67,381.92.

## **CONCLUSION**

10. Landlord respectfully requests the entry of an order (i) allowing the administrative expense claim of Landlord and directing the immediate payment in the amount of $67,381.92 and (ii) granting Landlord such other and further relief as this Court deems just and appropriate.

Dated: August 21, 2015

MORRIS JAMES LLP

_____
Carl N. Kunz, III (DE #3201)
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com

Counsel for Lampert at 25500 Industrial Blvd., LLC