IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC, *et al.*, | Case No. 15-10952 (KJC) |
| Debtors. | Hearing Date: August 27, 2015, at 11:00 AM<br>Objections Due: August 21, 2015, at 4:00 PM |

**OBJECTION BY THE INTERNAL REVENUE SERVICE
TO DEBTORS' PLAN OF LIQUIDATION**

The United States, on behalf of its Internal Revenue Service ("IRS"), by and through the undersigned attorneys, in support of its objection to the Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket No. 655] ("Plan"), avers as follows:

1. On May 4, 2015, the Debtors filed voluntary bankruptcy petitions seeking relief under Chapter 11 of the Bankruptcy Code.

2. IRS is a creditor and party in interest and has filed the following claims:

   a. IRS has asserted an estimated unsecured priority pre-petition claim in the amount of $585,100.56 and a general unsecured pre-petition claim in the amount of $18.53 against Corinthian Colleges, Inc.

   b. IRS has asserted an estimated unsecured priority pre-petition claim against Eton Education, Inc., in the amount of $133,660.61.

   c. IRS has asserted an estimated unsecured priority pre-petition claim against

Pegasus Education, Inc., in the amount of $ 228,218.17.

d. IRS has asserted an estimated unsecured priority pre-petition claim against Sequoia Education, Inc., in the amount of $25,000.00.

e. IRS has asserted an estimated unsecured priority pre-petition claim against Corinthian Schools, Inc., in the amount of $751,192.50.

f. IRS has asserted an estimated unsecured priority pre-petition claim against Ashmead Education, Inc., in the amount of $112,048.05.

g. IRS has asserted an estimated unsecured priority pre-petition claim against SOCLE Education, Inc., in the amount of $164,627.94.

h. IRS has asserted an estimated unsecured priority pre-petition claim against Rhoades Colleges, Inc., in the amount of $81,652.34.

i. IRS has asserted an estimated unsecured priority pre-petition claim against Rhoades Business Group, Inc., in the amount of $299.40.

j. IRS has asserted an estimated unsecured priority pre-petition claim against Titan Schools, Inc., in the amount of $72,213.40.

k. IRS has asserted an estimated unsecured priority pre-petition claim against Everest College Phoenix, Inc., in the amount of $250,000.

l. IRS has asserted an estimated unsecured priority pre-petition claim against MJB Acquisition Corp., in the amount of $261,162.39.

m. IRS has asserted an estimated unsecured priority pre-petition claim against Heald College LLC, in the amount of $100,000.00 and a general unsecured claim in the amount of $5,000.00.

n. IRS has asserted an estimated unsecured priority pre-petition claim against

   Florida Metropolitan University Bank, in the amount of $888,447.00 and a general unsecured claim in the amount of $5,000.00.

  o. IRS has asserted an estimated unsecured priority pre-petition claim against Quickstart Intelligence Corp., in the amount of $55,363.00 and a general unsecured claim in the amount of $110.00.

 3. IRS objects to Article VI(A) of the Plan to the extent the Plan purports to set an administrative claims bar date for taxes described in 11 U.S.C. Section 503(b)(1)(B) and (C) in violation of Section 503(b)(1)(D) of the Bankruptcy Code and Delaware Local Bankruptcy Rule 3002-1(a).

 4. IRS objects to Articles VI(B) and IX(K) of the Plan to the extent the Plan fails to provide for the payment of interest on IRS administrative expense claims. See 11 U.S.C. Section 503(b)(1)(C) and Section 511; United States v. Friendship College, Inc., 737 F.2d 430 (4th Cir. 1984); In re Mark Anthony Construction, Inc., 886 F.2d 1101 (9th Cir. 1989).

 5. If the IRS priority tax claims are not paid in full in cash on the Effective Date, the IRS objects to Articles VI(C) and IX(K) of the Plan to the extent these provisions fail to comport with 11 U.S.C. Section 1129(a)(9)(C) and Section 511 by not providing for the payment of an adequate rate of interest from the Effective Date on such claims.

 6. IRS objects to Article VI (C) of the Plan to the extent that it states that any claim for penalties, other than nonpecuniary loss penalties, will be disallowed and the holder of such claim will not assess or attempt to collect such penalty from the Debtors or the Debtors' estates. While nonpecuniary loss penalties should not be paid as priority tax claims, this provision denies payment of any penalties even as general unsecured claims. Nonpecuniary loss penalties must be paid as general unsecured claims. In United States v. Noland, 517 U.S. 535 (1996), and United

States v. Reorganized CF&I Fabricators of Utah, Inc., 518 U.S. 213, 228-229 (1996), the Supreme Court held that tax penalties could not be automatically subordinated under section 540(c) to general unsecured claims merely because they were tax penalties. See also In re Odom Antennas, Inc., 340 F.3d 705, 709 (8th Cir. 2003); In re Morande Enterprises, Inc., 102 AFTR2d 6596 (M.D. Fla. 2008). Thus, there is no basis to automatically deny a claim for tax penalties in a Chapter 11 case when such penalties should be treated as any other general unsecured claim.

7. IRS objects to, and hereby opts out of, the third party non-debtor limitation of liability, injunction and release provisions set forth in Article XIII of the Plan. The injunction provisions violate the Anti-Injunction Act, I.R.C. Section 7421(a). See American Bicycle Association v. United States, 895 F.2d 1277 (9th Cir. 1990); United States v. Prescription Home Health Care, Inc., 316 F.3d 542 (5th Cir. 2002); In re Plainwell, Inc., 2004-2 USTC Paragraph 50, 393 (D. Del. 2004). The Plan currently defines parties to be released as the Administrative Agent, the Prepetition Lenders and their respective Related Persons (comprising twenty-four enumerated groups of parties, including "current and former directors and officers) (collectively, "Holder Releasees"). Correspondingly, the release and injunction provisions of the Plan extend its protections to the Holder Releasees. While the Third Circuit stopped short of adopting a *per se* rule that a non-debtor release in a reorganization plan is not permissible (as other circuits have done), it held that, at most, such a provision could only be valid in "extraordinary" cases. Gillman v. Continental Airlines (In re Continental Airlines*)*, 203 F.3d 203, 212 (3d Cir. 2000). At minimum, Continental held that such a nonconsensual release of non-debtor entities must contain all of the following "hallmarks": "fairness, necessity to the reorganization, and specific factual findings to support these conclusions." Id. at 214; see also In re: Wash. Mut., Inc., 442 B.R. 314, 351-52 (Bankr. D. Del. 2011) (collecting cases). This Court has interpreted

Continental's holding on non-debtor releases to mean that "limiting the liability of non-debtor parties is a *rare thing that should not be considered absent a showing of exceptional circumstances* in which several key factors are present." In re Genesis Health Ventures, Inc., 266 B.R. 591, 608 (Bankr. D. Del. 2001) (emphasis added). This Court has previously held that a non-Debtor release over a creditor's objection "would not pass muster." Wash. Mut., 442 B.R. at 352 ("This Court has previously held that it does not have the power to grant a third party release of a non-debtor."). Where this Court has even contemplated approval of a non-consensual release, it has required the following factors be present to justify the "rare" release: "(1) the non-consensual release was necessary to the success of the reorganization, (2) the releasees have provided a critical financial contribution to the debtor's plan, (3) the releases' financial contribution is necessary to make the plan feasible, and (4) the release is fair to the non-consenting creditors, i.e., whether the non-consenting creditors received reasonable compensation in exchange for the releases." In re Tribune Co., 464 B.R. 126, 177-78 (Bankr. D. Del. 2011); see also Genesis Health Ventures, 266 B.R. at 607-09. 52. Here, setting aside the question of whether the Debtors have made such a showing against all creditors generally (and they have not), the Debtors make no showing of a single factor, let alone all of the Tribune / Genesis factors, that justifies the extraordinary release of non-Debtors with respect to their potential liability to the IRS.

    8. IRS objects to the Plan to the extent it fails to preserve the setoff and recoupment rights of the IRS. Confirmation of a plan does not extinguish setoff claims when they are timely asserted. United States v. Continental Airlines (In re Continental Airlines), 134 F.3d 536, 542 (3d Cir. 1998), cert. denied, 525 U.S. 929 (1998). Like other creditors, the United States has the common law right to setoff mutual debts. "The government has the same right which belongs to

every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." United States v. Munsey Trust Co. of Washington, D.C., 332 U.S. 234 (1947) (citing Gratiot v. United States, 40 U.S. (15 Pet) 336, 370, 10 L.Ed. 759 (1841)); see also Amoco Prod. Co. v. Fry, 118 F.3d 812, 817 (D.C. Cir. 1997). This right – "which is inherent in the federal government – is broad and 'exists independent of any statutory grant of authority to the executive branch.'" Marre v. United States, 117 F.3d 297, 302 (5th Cir. 1997) (quoting United States v. Tafoya, 803 F.2d 140 (5th Cir. 1986)). Hence, the United States can setoff mutual prepetition debts and claims as well as postpetition debts and claims. Zions First Nat'l Bank, N.A. v. Christiansen Bros. (In re Davidson Lumber Sales, Inc.), 66 F.3d 1560, 1569 (10th Cir. 1995); Palm Beach County Bd. Of Pub. Instruction (In re Alfar Dairy, Inc.), 458 F.2d 1258, 1262 (5th Cir.), cert. denied, 409 U.S. 1048 (1972); Mohawk Indus., Inc. v. United States (In re Mohawk Indus., Inc.), 82 B.R. 174, 178-79 (Bankr. D. Mass. 1987). The Plan makes no provision for these rights. Such treatment is impermissible, because Section 553 of the Bankruptcy Code preserves the right of setoff in bankruptcy as it exists outside bankruptcy, Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995), neither expanding nor constricting it, United States v. Maxwell, 157 F.3d 1099, 1102 (7th Cir. 1998). "[T]he government of the United States suffers no special handicap under § 553 of the Bankruptcy Code," id. at 1103, that alters this principle. Moreover, because "[s]etoff occupie[s] a favored position in our history of jurisprudence," Bohack Corp. v. Borden, Inc., 599 F.2d 1160, 1164 (2d Cir. 1979), courts do not interfere with its exercise absent "the most compelling circumstances." Niagra Mohawk Power Corp. v. Utica Floor Maintenance, Inc. (In re Utica Floor Maintenance, Inc.), 41 B.R. 941, 944 (N.D.N.Y. 1984); see also New Jersey Nat'l Bank v. Gutterman (In re Applied Logic Corp.), 576 F.2d 952 (2d Cir. 1978) ("The rule allowing setoff ... is not one that

courts are free to ignore when they think application would be unjust."). Compelling circumstances generally entail criminal conduct or fraud by the creditor. In re Whimsy, Inc., 221 B.R. 69 (S.D.N.Y. 1998). No such compelling circumstances are present here, and accordingly, the Plan must provide for and preserve the government's setoff rights. Failure to do so violates section 1129(a)(1). ("The court shall confirm a plan only if ... the plan complies with the applicable provisions of this title".)

**WHEREFORE,** IRS respectfully requests that the Court deny confirmation of the Plan and grant such other and further relief as the Court deems necessary and just.

                                                        CHARLES M. OBERLY, III
                                                        United States Attorney

By: _/s/ Ellen W. Slights_
     Ellen W. Slights
     Assistant United States Attorney
     Delaware State Bar No. 2782
     1007 Orange Street, Suite 700
     P.O. Box 2046
     Wilmington, DE 19899-2046

Dated: August 21, 2015

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CORINTHIAN COLLEGES, INC, *et al.*, | : | |
| | : | Case No. 15-10952 (KJC) |
| | : | |
| | : | |
| | : | Hearing Date: August 27, 2015, at 11:00 AM |
| Debtors. | : | Objections Due: August 21, 2015, at 4:00 PM |
| | : | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this OBJECTION BY THE INTERNAL REVENUE SERVICE TO THE DEBTORS' PLAN OF LIQUIDATION was served on the on the electronic service list and on the following on August 21, 2015, in the manner indicated below at the following address:

| |
|---|
| Richards, Layton & Finger, P.A.<br>One Rodney Square, 920 N. King Street<br>Wilmington, Delaware 19801<br>Attn: Mark D. Collins, Esq. andMichael J. Merchant, Esq.<br>collins@RLF.com & merchant@rlf.com<br>(via email) |
| Sidley Austin LLP<br>555 West Fifth Street<br>Suite 400<br>Los Angeles, CA 90013<br>Jennifer C. Hagle, Esq. and Anna Gumport, Esq.<br>Jhagle@sidley.com & agumport@sidley.com<br>(via E-mail) |
| Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street , P. O. Box 951<br>Wilmington, DE 19801<br>Attn: Jeremy W. Ryan, Esq. and Etta R. Mayers, Esq.<br>jryan@potteranderson.com & emayers@potteranderson.com<br>(via E-mail) |

| |
|---|
| Brown Rudnick LLP<br>Seven Times Square<br>New York, NY 10036<br>Attn: H. Jeffery Schwartz, Esq. and Bennett S. Silverberg, Esq.<br>jschwartz@brownrudnick.com &<br>bsilverberg@brownrudnick.com<br>(via E-mail) |
| |
| The Rosner Law Group LLC<br>824 Market Street, Suite 810<br>Wilmington, DE 19801<br>Attn: Julia B. Klein, Esq. and Federick B. Rosner, Esq.<br>klein@teamrosner.com & rosner@teamrosner.com<br>(via e-mail) |
| |
| Robins Kaplan LLP<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA 90067<br>Attn: Scott F. Gautier, Esq., Lorie A. Ball, Esq. and Cynthia C. Hernandez, Esq.<br>sgautier@robinskaplan.com, lball@robinskaplan.com, chernandez@robinskaplan.com<br>(via e-mail) |
| |
| Polsinelli PC<br>222 Delaware Avenue, Suite 1101<br>Wilmington, DE 19801<br>Attn: Christopher A. Ward Esq. and Shanti M. Kotona, Esq.<br>cward@polsinelli.com & skatona@polsinelli.com<br>(via e-mail) |
| |
| United States Trustee<br>J.Caleb Boggs Federal Building<br>844 King Street, Suite 2207, Lock Box 35<br>Wilmington, Delaware 19801<br>Attn: Timothy Jay Fox Jr., Esq.<br>timothy.fox@usdoj.gov<br>(via E-mail) |

/s/ *Marissa Ballasy*
Marissa Ballasy