## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., ET AL., | Case No. 15-10952 (KJC) |
| Debtors. | Jointly Administered |

### OBJECTION OF THE PEOPLE OF THE STATE OF CALIFORNIA
### TO DEBTORS' CHAPTER 11 PLAN OF LIQUIDATION [DOCKET NOS. 655, 805]

1.      The People of the State of California ("People"), by and through Kamala D. Harris, the Attorney General of the State of California, submit this objection to *Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* ("Plan") [Docket No. 655][1] and *Modification to Injunction Provision of Plan* ("Modified Injunction") [Docket No. 805].[2]

2.      The People have a prepetition law-enforcement action pending against certain Debtors in California state court.[3]  On July 8, 2015, the People filed proofs of claim based on their enforcement action.  The People's enforcement action is included in the Plan's definition of "Governmental Lawsuits" and "Government Education Claims."  *See* Art. II.A.81, 82; Art. III.C.

### OBJECTION

3.      Debtors' Plan is unconfirmable because it does not comply with at least two

---

[1] Unless otherwise specified, capitalized terms used, but not otherwise defined, have the same meaning as in the Plan.

[2] Debtors served notice of their Modified Injunction less than a day before objections to the Plan were due.  The Peopel have attempted, where possible and time permitting, to incorporate the Modified Injunction into this objection.  However, given the very short timeframe to evaluate the Modified Injunction and its impact on the Plan, the People must reserve all rights.

[3] The People's pending law-enforcement action is more fully described in *Objection of the People of the State of California and the Commonwealth of Massachusetts to Debtors' Motion to Approve Disclosure Statement* [Docket No. 576].

applicable provisions of the Bankruptcy Code.  *See* 11 U.S.C. § 1129(a)(1) ("The court shall confirm a plan only if . . . [t]he plan complies with the applicable provisions of this title").  First, the Plan discharges Debtors in violation of 11 U.S.C. § 1141(d)(3), which bars liquidating corporate debtors, like Debtors here, from receiving a discharge.  Second, the Plan violates 11 U.S.C. § 524(e) by discharging non-debtor parties, including the Prepetition Lenders.

## A.  The Plan Does Not Comply With 11 U.S.C. § 1141(d)(3) Because It Discharges Liquidating Corporate Debtors

4.      Section 1141(d)(3) forbids Debtors from obtaining a discharge, yet the Plan provides for a discharge by (i) permanently enjoining all persons or entities from "commencing or continuing, in any manner or in any place, any action or other proceeding seeking to collect or to recover in any manner against [Debtors' Estates or property or assets]," which may be read to enjoin all or portions of the People's pending law-enforcement action against Debtors; and (ii) stating that treatment under the Plan are "in full satisfaction and settlement " of the People's Claims.[4]  Moreover, the Plan purports to dissolve Debtor and end their "legal existence under any applicable state or federal law."  The bankruptcy process cannot dissolve Debtors.  Moreover, terminating Debtors' legal existence would operate as an impermissible de facto discharge and potentially preempt various state laws, including those that permit the commencement or continuation of lawsuits against dissolved entities.

5.      The Plan is therefore unconfirmable.  *See* 11 U.S.C. § 1129(a)(1).

6.      Under 11 U.S.C. § 1141(d)(3), "corporate debtors which are liquidated by [a] plan do not receive a discharge."  *In re Fairchild Aircraft Corp.*, 128 B.R. 976, 981-82 (Bankr. W.D.

---

[4] 11 U.S.C § 1141(d)(3) reads as follows:

The confirmation of a plan does not discharge a debtor if—
(A)    the plan provides for the liquidation of all or substantially all of the property of the estate;
(B)    the debtor does not engage in business after consummation of the plan; and
(C)    the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

Tex. 1991). "This provision prevents corporations and partnerships from proceeding under chapter 11 with a plan that is nothing more than a liquidation in order to circumvent section 727(a)'s prohibition against a discharge of a corporation or partnership in a chapter 7 liquidation case." 6 COLLIER ON BANKRUPTCY ¶ 727.01[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2015). Confirmation of a liquidating plan operates as a denial of discharge. *Teamsters' Pension Tr. Fund v. Malone Realty Co.*, 82 B.R. 346, 349-50 (E.D. Pa. 1988). "[T]he lack of a discharge means that the creditor is not barred from proceeding against the corporation itself and whatever assets might subsequently come into its possession." *In re Fairchild Aircraft Corp.*, 128 B.R. at 982.

7.      "Congress designed Section 1141(d)(3) to discourage trading in corporate shells." *Id.* (citing H.R. Rep. No. 595, 95th Cong. 1st Sess. 384 (1977)). "It achieves that goal by freighting the shell with all the claims, so that any claims or portions of claims not paid by the liquidation will attach to the shell, making the shell much less attractive for use in starting up another enterprise." *Id.* For example, "a corporation with a substantial tax loss but with all of its debts discharged would be an attractive vehicle to shield profits." *U.S. Dismant. Corp. v. Jeffrey M. Brown Assocs., Inc.*, No. 97–CV–1309, 2000 WL 433971, at *2 (E.D. Pa. Apr. 13, 2000).

8.      The three requirements of 11 U.S.C. § 1141(d)(3) are easily met here: (i) the Plan is a "Plan of Liquidation," *see, e.g.*, Art. I; (ii) Debtors are winding down and going out of business, *see, e.g.*, Art. III.E.5.a; and (iii) Debtors would be denied a discharge under chapter 7 because the are not individuals, *see* 11 U.S.C § 727(a)(1). Accordingly, Debtors are "clearly prevent[ed] . . . from obtaining any type of discharge." *In re Sis Corp.*, 120 B.R. 93, 96 (Bankr. N.D. Ohio 1990). Despite this, the Plan contains language that operates as a discharge.

9.      First, Article XIII.A of the Modified Injunction states that "all Persons and Entities who have held, hold or may hold Claims against or interests in the Debtors shall be permanently enjoined from taking [certain] actions against [the Debtors'] Estates . . . or any of their respective property or assets . . . ." "An injunction preventing the post-confirmation prosecution of claims would certainly operate as a discharge of the Debtors. Accordingly, it is

3

impermissible under the Code." *In re Bigler LP*, 442 B.R. 537, 545 (Bankr. S.D. Tex. 2010); *see also, e.g.*, *In re Sacred Heart Hosp.*, 182 B.R. 413, 422 (Bankr. E.D. Pa. 1995) (ordering debtor to strike post-confirmation injunction from liquidating plan). "For the same reasons, actions against property of the Estate may not be enjoined after the confirmation of a liquidating plan." *In re Bigler LP*, 442 B.R. at 545. While the Modified Injunction appears to have deleted Debtors from the post-confirmation injunction, any post-confirmation injunction applicable to Debtors, their Estates, or their property and assets is plainly a discharge forbidden by § 1141(d)(3).

10.     Next, the Plan's treatment of claims also operates as an impermissible discharge. For example, the Class 5 treatment of Governmental Education Claims purports to be "in full satisfaction and settlement of and in exchange for such Allowed Claims." Art. VIII.5.c. This, however, amounts to a discharge by extinguishing claims against Debtors. *In re Fairchild Aircraft Corp.*, 128 B.R. at 982 (liquidating plan cannot impose any "legal impediment to pursuing the corporation"). Debtors' lack of discharge means that "claims or portions of claims not paid by the liquidation will attach to the shell." *Id.*; *see also, e.g.*, *In re Sis Corp.*, 120 B.R. at 96 ("derogation of § 1141(d)(3)" for liquidating plan to "exact a discharge on certain obligations unless otherwise treated in the [p]lan"). Treatment of claims under the Plan conflicts with § 1141(d)(3).

11.     Finally, Article XVII.R of the Plan ("Dissolution of Debtors") purports to "deem[] [Debtors] dissolved for all purposes and of no further legal existence under any applicable state or federal law." Article XIII.B of the Modified Injunction includes additional language that Debtors are "immediately . . . dissolving on the Effective Date." There are two issues with Debtors' purported dissolution under the Plan. First, "[d]issolution . . . is not an objective that can be attained in bankruptcy." *In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 126 (3d. Cir. 2004). "After liquidation, any dissolution of the corporation or partnership that the parties desire must be effectuated under state law, since the Code does not provide for dissolution of corporations or partnerships." 6 COLLIER ON BANKRUPTCY, *supra*, ¶ 727.01[3]; *accord, e.g.*, *U.S. Dismant. Corp.,* 2000 WL 433971, at *2 ("a corporation which has been

liquidated in a bankruptcy proceeding is not thereby dissolved"). Additionally, Debtors' attempt to terminate any "further legal existence under any applicable state or federal law" would operate as a de facto discharge by preventing "claims or portions of claims not paid by the liquidation [from] attach[ing] to the shell." *In re Fairchild Aircraft Corp.*, 128 B.R. at 982; *see also U.S. Dismant. Corp.,* 2000 WL 433971, at *2. It also appears to be an impermissible attempt to preempt state laws, including those that permit the commencement or continuation of actions against dissolved entities. *See, e.g.*, Del. Code § 278. The Plan's dissolution provision violates § 1141(d)(3).

12.     Therefore, the Plan violates 11 U.S.C. § 1141(d)(3) and cannot be confirmed.

13.     In the alternative, to address these serious issues, the People respectfully request the following collective edits to the Plan:

(i)     Delete Debtors, their Estates, and any of their respective property or assets from any Plan injunction;

(ii)    Delete all language stating that the treatment of claims is "in full satisfaction and settlement of and in exchange for such Allowed Claims";

(iii)   Delete all language that purports to dissolve Debtors under state law;

(iv)    Delete any other language that operates to discharge Debtors or their Estates; and

(v)     Include a provision that reads as follows[5]:

"For the avoidance of doubt, notwithstanding anything to the contrary in the Plan or Confirmation Order, all bankruptcy-related injunctions and stays that were properly applicable to Debtors shall terminate immediately upon the Effective Date. Consistent with the provisions of 11 U.S.C. § 1141(d)(3), nothing in the

---

[5] The People's proposed inclusion of specific language is necessary to make the injunctive provisions as specific and clear as possible. *See* Fed. R. Civ. P. 65(d)(1) ("Every order granting an injunction . . . must . . . state its terms specifically . . . .") (incorporated under Fed. R. Bankr. P. 7065); *see also, e.g.*, *Pasadena City Bd. of Educ. v. Spangler*, 427 U.S. 424, 439 (1976) ("Because of the rightly serious view courts have traditionally taken of violations of injunctive orders, and because of the severity of punishment which may be imposed for such violation, such orders must in compliance with Rule 65 be specific and reasonably detailed.").

Plan or Confirmation Order is, or shall be construed as, a discharge of Debtors. Nothing in the Plan or Confirmation Order discharges, releases, precludes, enjoins, or stays any action against Debtors, their estates, or their property or assets, including the Governmental Lawsuits.   Nothing in the Plan or Confirmation Order divests any tribunal of any jurisdiction it may have to adjudicate actions against Debtors, including the Governmental Lawsuits."

**B.**     **The Plan Does Not Comply With 11 U.S.C. § 524(e) Because It Discharges Non-Debtor Parties**

14.     The Plan also impermissibly discharges non-debtor parties, including (i) a permanent injunction barring actions against the Distribution Trust and Student Trust, *see* Art.XIII.A; and (ii) a release of all Debtors' claims against the Prepetition Lenders, *see* Art. XIII.C.1.  Under 11 U.S.C. § 524(e), "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."  Under the plain language of § 524(e), the Plan cannot discharge these non-debtor parties.  *See, e.g.*, *In re Lowenschuss*, 67 F.3d 1394, 1401-02 (9th Cir. 1995) ("This court has repeatedly held, without exception, that § 524(e) precludes bankruptcy courts from discharging the liabilities of non-debtors."); *In re Bigler LP*, 442 B.R. at 546 ("[T]he injunction is also inappropriate as applied to the Liquidating Trust. The Liquidating Trust is a third-party who is not entitled to discharge under the plain language of § 524(e) . . . .").

15.     Notwithstanding § 524(e), some courts have held that "under appropriate, limited circumstances a bankruptcy court has the power to issue a permanent injunction or third party release."  *In re Master Mortg. Inv. Fund, Inc.*, 168 B.R. 930, 937 (Bankr. W.D. Mo. 1994) (cited with approval in *In re Cont'l Airlines*, 203 F.3d 203, 213 n.9 (3d. Cir. 2000)).  Those courts caution that a permanent injunction limiting the liability of non-debtor parties is "a rare thing" that should not be considered absent "a showing of exceptional circumstances."  *In re Spansion, Inc.* 426 B.R. 114, 144 (Bankr. D. Del. 2010).  The "hallmarks" of such permissible non-debtor injunctions are "fairness, the necessity of the release to the reorganization, and specific factual findings to support these conclusions."  *In re Cont'l Airlines*, 203 F.3d at 214.

16.     Debtors are liquidating, not reorganizing.  These non-debtor discharges are

plainly impermissible because they cannot possibly be necessary to Debtors' "reorganization." *Id.*; *see also, e.g.*, *In re Spansion, Inc.,* 426 B.R. at 142-43 n.47 (considering "the essential nature of the injunction to the reorganization to the extent that, without the injunction, there is little likelihood of success"); *In re TCI 2 Holdings, LLC*, 428 B.R. 117, 142 (Bankr. D.N.J. 2010) (release must be "necessary for the reorganization of the debtors"); *In re New Towne Dev.*, *LLC*, 410 B.R. 225, 230 (Bankr. M.D. La. 2009) ("The release of non-debtor parties [debtor] has proposed in the Plan is especially unusual because it seeks to protect non-debtor parties even though the debtor itself is not entitled to a discharge."); *cf.* 11 U.S.C. § 524(g)(1)(a) (channeling injunction available only to *reorganizing* debtor to "supplement the injunctive effect of a discharge").

17.      Moreover, there have been no specific factual findings that the non-debtor discharges are fair, nor could there be.  *See, e.g.*, Elizabeth Warren & Jay L. Westbrook, *Secured Party in Possession*, 22 Am. Bankr. Inst. J., Sept. 2003, at 12 (warning of "the use of bankruptcy as a sort of Super Article 9, invoked for the benefit of a single secured creditor").

18.      In sum, the Plan violates 11 U.S.C. § 524(e) and therefore cannot be confirmed.

## CONCLUSION

19.      For these reasons, the Plan is unconfirmable.  *See* 11 U.S.C. § 1129(a)(1).

Dated:  August 21, 2015

KAMALA D. HARRIS
Attorney General of California

By: ___/s/ Bernard A. Eskandari_____
BERNARD A. ESKANDARI
NICHOLAS G. CAMPINS
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 897-2652
  Fax:  (213) 897-4951
  Email:  bernard.eskandari@doj.ca.gov

*Attorneys for the People of the State of California*