**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., ET AL.,<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10952 (KJC)<br><br>Jointly Administered |

**OBJECTION OF THE COMMONWEALTH OF MASSACHUSETTS TO DEBTORS'**
**CHAPTER 11 PLAN OF LIQUIDATION [DOCKET NOS. 655, 805]**

1.      The Commonwealth of Massachusetts ("Commonwealth"), by and through Maura T. Healey, the Attorney General of the Commonwealth, submits this objection to *Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* ("Plan") [Docket No. 655][1] and *Modification to Injunction Provision of Plan* ("Modified Injunction") [Docket No. 805].[2]

2.      The Commonwealth has a separate prepetition law-enforcement action pending against certain Debtors in Massachusetts state court.[3] On August 5, 2015, the Commonwealth filed proofs of claim based on its enforcement action. The Commonwealth's enforcement actions are included in the Plan's definition of "Governmental Lawsuits" and "Government

---

[1] Unless otherwise specified, capitalized terms used, but not otherwise defined, have the same meaning as in the Plan.

[2] Debtors served notice of their Modified Injunction less than a day before objections to the Plan were due. The Commonwealth has attempted, where possible and time permitting, to incorporate the Modified Injunction into this objection. However, given the very short timeframe to evaluate the Modified Injunction and its impact on the Plan, the Commonwealth must reserve all rights.

[3] The Commonwealth's pending law-enforcement action is more fully described in *Objection of the People of the State of California and the Commonwealth of Massachusetts to Debtors' Motion to Approve Disclosure Statement* [Docket No. 576].

1

Education Claims." *See* Art. II.A.81, 82; Art. III.C.

## OBJECTION

3.      Debtors' Plan is unconfirmable because it does not comply with at least two applicable provisions of the Bankruptcy Code. *See* 11 U.S.C. § 1129(a)(1) ("The court shall confirm a plan only if . . . [t]he plan complies with the applicable provisions of this title"). First, the Plan discharges Debtors in violation of 11 U.S.C. § 1141(d)(3), which bars liquidating corporate debtors, like Debtors here, from receiving a discharge. Second, the Plan violates 11 U.S.C. § 524(e) by discharging non-debtor parties, including the Prepetition Lenders.

**A.     The Plan Does Not Comply With 11 U.S.C. § 1141(d)(3) Because It Discharges Liquidating Corporate Debtors**

4.      Section 1141(d)(3) forbids Debtors from obtaining a discharge, yet the Plan provides for a discharge by (i) permanently enjoining all persons or entities from "commencing or continuing, in any manner or in any place, any action or other proceeding seeking to collect or to recover in any manner against [Debtors' Estates or property or assets]," which may be read to enjoin all or portions of the Commonwealth's pending law-enforcement actions against Debtors; and (ii) stating that treatment under the Plan are "in full satisfaction and settlement " of the Commonwealth's Claims.[4] The Plan is therefore unconfirmable. *See* 11 U.S.C. § 1129(a)(1).

5.      Under 11 U.S.C. § 1141(d)(3), "corporate debtors which are liquidated by [a] plan do not receive a discharge." *In re Fairchild Aircraft Corp.*, 128 B.R. 976, 981-82 (Bankr. W.D. Tex. 1991). "This provision prevents corporations and partnerships from proceeding under

---

[4] 11 U.S.C § 1141(d)(3) reads as follows:

> The confirmation of a plan does not discharge a debtor if—
> (A)  the plan provides for the liquidation of all or substantially all of the property of the estate;
> (B)  the debtor does not engage in business after consummation of the plan; and
> (C)  the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

chapter 11 with a plan that is nothing more than a liquidation in order to circumvent section 727(a)'s prohibition against a discharge of a corporation or partnership in a chapter 7 liquidation case." 6 COLLIER ON BANKRUPTCY ¶ 727.01[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2015). Confirmation of a liquidating plan operates as a denial of discharge. *Teamsters' Pension Tr. Fund v. Malone Realty Co.*, 82 B.R. 346, 349-50 (E.D. Pa. 1988). "[T]he lack of a discharge means that the creditor is not barred from proceeding against the corporation itself and whatever assets might subsequently come into its possession." *In re Fairchild Aircraft Corp.*, 128 B.R. at 982.

6. "Congress designed Section 1141(d)(3) to discourage trading in corporate shells." *Id.* (citing H.R. Rep. No. 595, 95th Cong. 1st Sess. 384 (1977)). "It achieves that goal by freighting the shell with all the claims, so that any claims or portions of claims not paid by the liquidation will attach to the shell, making the shell much less attractive for use in starting up another enterprise." *Id.* For example, "a corporation with a substantial tax loss but with all of its debts discharged would be an attractive vehicle to shield profits." *U.S. Dismant. Corp. v. Jeffrey M. Brown Assocs., Inc.*, No. 97–CV–1309, 2000 WL 433971, at *2 (E.D. Pa. Apr. 13, 2000).

7. The three requirements of 11 U.S.C. § 1141(d)(3) are easily met here: (i) the Plan is a "Plan of Liquidation," *see, e.g.*, Art. I; (ii) Debtors are winding down and going out of business, *see, e.g.*, Art. III.E.5.a; and (iii) Debtors would be denied a discharge under chapter 7 because they are not individuals, *see* 11 U.S.C § 727(a)(1). Accordingly, Debtors are "clearly prevent[ed] . . . from obtaining any type of discharge." *In re Sis Corp.*, 120 B.R. 93, 96 (Bankr. N.D. Ohio 1990). Despite this, the Plan contains language that operates as a discharge.

8. First, Article XIII.A of the Modified Injunction states that "all Persons and Entities who have held, hold or may hold Claims against or interests in the Debtors shall be permanently enjoined from taking [certain] actions against [the Debtors'] Estates . . . or any of their respective property or assets . . . ." "An injunction preventing the post-confirmation prosecution of claims would certainly operate as a discharge of the Debtors. Accordingly, it is impermissible under the Code." *In re Bigler LP*, 442 B.R. 537, 545 (Bankr. S.D. Tex. 2010); *see*

*also, e.g.*, *In re Sacred Heart Hosp.*, 182 B.R. 413, 422 (Bankr. E.D. Pa. 1995) (ordering debtor to strike post-confirmation injunction from liquidating plan). "For the same reasons, actions against property of the Estate may not be enjoined after the confirmation of a liquidating plan." *In re Bigler LP*, 442 B.R. at 545. While the Modified Injunction appears to have deleted Debtors from the post-confirmation injunction, any post-confirmation injunction applicable to Debtors, their Estates, or their property and assets is plainly a discharge forbidden by § 1141(d)(3).

9. Next, the Plan's treatment of claims also operates as an impermissible discharge. For example, the Class 5 treatment of Governmental Education Claims purports to be "in full satisfaction and settlement of and in exchange for such Allowed Claims." Art. VIII.5.c. This, however, amounts to a discharge by extinguishing claims against Debtors. *In re Fairchild Aircraft Corp.*, 128 B.R. at 982 (liquidating plan cannot impose any "legal impediment to pursuing the corporation"). Debtors' lack of discharge means that "claims or portions of claims not paid by the liquidation will attach to the shell." *Id.*; *see also, e.g.*, *In re Sis Corp.*, 120 B.R. at 96 ("derogation of § 1141(d)(3)" for liquidating plan to "exact a discharge on certain obligations unless otherwise treated in the [p]lan"). Treatment of claims under the Plan conflicts with § 1141(d)(3).

10. Therefore, the Plan violates 11 U.S.C. § 1141(d)(3) and cannot be confirmed.

11. In the alternative, to address these serious issues, the Commonwealth respectfully requests the following collective edits to the Plan:

    (i) Delete Debtors, their Estates, and any of their respective property or assets from any Plan injunction;

    (ii) Delete all language stating that the treatment of claims is "in full satisfaction and settlement of and in exchange for such Allowed Claims";

    (iii) Delete any other language that operates to discharge Debtors or their Estates; and

      (iv)    Include a provision that reads as follows[5]:

"For the avoidance of doubt, notwithstanding anything to the contrary in the Plan or Confirmation Order, all bankruptcy-related injunctions and stays that were properly applicable to Debtors shall terminate immediately upon the Effective Date. Consistent with the provisions of 11 U.S.C. § 1141(d)(3), nothing in the Plan or Confirmation Order is, or shall be construed as, a discharge of Debtors. Nothing in the Plan or Confirmation Order discharges, releases, precludes, enjoins, or stays any action against Debtors, their estates, or their property or assets, including the Governmental Lawsuits. Nothing in the Plan or Confirmation Order divests any tribunal of any jurisdiction it may have to adjudicate actions against Debtors, including the Governmental Lawsuits."

**B.**    **The Plan Does Not Comply With 11 U.S.C. § 524(e) Because It Discharges Non-Debtor Parties**

12.    The Plan also impermissibly discharges non-debtor parties, including (i) a permanent injunction barring actions against the Distribution Trust and Student Trust, *see* Art.XIII.A; and (ii) a release of all Debtors' claims against the Prepetition Lenders, *see* Art. XIII.C.1. Under 11 U.S.C. § 524(e), "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." Under the plain language of § 524(e), the Plan cannot discharge these non-debtor parties. *See, e.g.*, *In re Lowenschuss*, 67 F.3d 1394, 1401-02 (9th Cir. 1995) ("This court has repeatedly held, without exception, that § 524(e) precludes bankruptcy courts from discharging the liabilities of non-debtors."); *In re Bigler LP*, 442 B.R. at 546 ("[T]he injunction is also inappropriate as applied to the Liquidating Trust. The Liquidating Trust is a third-party who is not entitled to discharge under the plain language of § 524(e) . . . .").

13.    Notwithstanding § 524(e), some courts have held that "under appropriate, limited

---

[5] The Commonwealth's proposed inclusion of specific language is necessary to make the injunctive provisions as specific and clear as possible. *See* Fed. R. Civ. P. 65(d)(1) ("Every order granting an injunction . . . must . . . state its terms specifically . . . .") (incorporated under Fed. R. Bankr. P. 7065); *see also, e.g.*, *Pasadena City Bd. of Educ. v. Spangler*, 427 U.S. 424, 439 (1976) ("Because of the rightly serious view courts have traditionally taken of violations of injunctive orders, and because of the severity of punishment which may be imposed for such violation, such orders must in compliance with Rule 65 be specific and reasonably detailed.").

circumstances a bankruptcy court has the power to issue a permanent injunction or third party release." *In re Master Mortg. Inv. Fund, Inc.*, 168 B.R. 930, 937 (Bankr. W.D. Mo. 1994) (cited with approval in *In re Cont'l Airlines*, 203 F.3d 203, 213 n.9 (3d. Cir. 2000)). Those courts caution that a permanent injunction limiting the liability of non-debtor parties is "a rare thing" that should not be considered absent "a showing of exceptional circumstances." *In re Spansion, Inc.* 426 B.R. 114, 144 (Bankr. D. Del. 2010). The "hallmarks" of such permissible non-debtor injunctions are "fairness, the necessity of the release to the reorganization, and specific factual findings to support these conclusions." *In re Cont'l Airlines*, 203 F.3d at 214.

14. Debtors are liquidating, not reorganizing. These non-debtor discharges are plainly impermissible because they cannot possibly be necessary to Debtors' "reorganization." *Id.*; *see also, e.g.*, *In re Spansion, Inc.,* 426 B.R. at 142-43 n.47 (considering "the essential nature of the injunction to the reorganization to the extent that, without the injunction, there is little likelihood of success"); *In re TCI 2 Holdings, LLC*, 428 B.R. 117, 142 (Bankr. D.N.J. 2010) (release must be "necessary for the reorganization of the debtors"); *In re New Towne Dev.*, *LLC*, 410 B.R. 225, 230 (Bankr. M.D. La. 2009) ("The release of non-debtor parties [debtor] has proposed in the Plan is especially unusual because it seeks to protect non-debtor parties even though the debtor itself is not entitled to a discharge."); *cf.* 11 U.S.C. § 524(g)(1)(a) (channeling injunction available only to *reorganizing* debtor to "supplement the injunctive effect of a discharge").

15. Moreover, there have been no specific factual findings that the non-debtor discharges are fair, nor could there be. *See, e.g.*, Elizabeth Warren & Jay L. Westbrook, *Secured Party in Possession*, 22 AM. BANKR. INST. J., Sept. 2003, at 12 (warning of "the use of bankruptcy as a sort of Super Article 9, invoked for the benefit of a single secured creditor").

16. In sum, the Plan violates 11 U.S.C. § 524(e) and therefore cannot be confirmed.

## **CONCLUSION**

17.    For these reasons, the Plan is unconfirmable. *See* 11 U.S.C. § 1129(a)(1).

Dated:  August 21, 2015          MAURA HEALEY
                                       Attorney General of Massachusetts

                                       By:   /s/ Peter Leight
                                       PETER LEIGHT
                                       GLENN KAPLAN
                                       Assistant Attorneys General
                                        One Ashburton Place, 18th Floor
                                        Boston, MA 02108
                                        Telephone: (617) 727-2200
                                        Fax: (617) 722-0184
                                        Email: peter.leight@state.ma.us

                                       *Attorneys for the Commonwealth of Massachusetts*