**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
| | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| CORINTHIAN COLLEGES, INC., *et al.*,[1] : | Case No. 15-10952 (KJC) |
| : | |
| Debtors. : | (Jointly Administered) |
| : | |
| : | **Re: Docket No. 655** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**LIMITED RESPONSE OF THE OFFICIAL COMMITTEE OF STUDENT CREDITORS IN SUPPORT OF DEBTORS' SECOND AMENDED AND MODIFIED COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION**

The Official Committee of Student Creditors (the "**Student Committee**") in the above-captioned chapter 11 cases of Corinthian Colleges, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), appointed pursuant to section 1102 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the above-captioned jointly administered Chapter 11 cases (the "**Chapter 11 Cases**"), by and through its undersigned counsel, hereby submits this limited response and reservation of rights in support of the *Debtors' Second Amended And Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 655] (the "**Plan**") and respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425, Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Educations, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

61072051.1

**INTRODUCTION**

At the outset of these Chapter 11 Cases, pursuant to Bankruptcy Code section 1102(a)(1), the Office of the United States Trustee for the District of Delaware appointed the Student Committee, a separate official committee comprised of seven former students that attended the Debtors' colleges, to represent the claims and interests of student creditors ("Students") in these Chapter 11 Cases. Since its formation, the mission of the Student Committee has been to help provide Students with the greatest possible relief related to any harms caused by the Debtors' misconduct. Given the very limited assets of the Debtors' estates and the magnitude of debt amassed by the Students (in the tens of billions of dollars), the Student Committee is primarily focused on protecting the rights of Students to receive cancellation of alleged "student loan" obligations that were incurred in connection with the Debtors' misconduct.

During its short tenure, the Student Committee has provided meaningful relief to Students, including: (a) seeking to extend the automatic stay to prevent collection efforts that resulted in a cease of judicial collection efforts from the Department of Education ("**ED**"); (b) obtaining authorization to file a collective proof of claim in the amount of $2.5 billion to protect the rights of Students that have not received effective notice of the Chapter 11 Cases, the proof of claim deadline or their claims and rights in connection with the closure of the Debtors' educational programs; and (c) negotiating significant modifications to the Plan which establishes a separate Student Trust that will be used to ensure that Students receive a discharge of their student loans and other relief to the fullest extent possible under the law.

Throughout the Chapter 11 Cases, the Student Committee has engaged in active negotiations with the Debtors, the General Unsecured Creditors Committee, the prepetition secured lender, the Attorneys General for California, Wisconsin and Massachusetts (the

"**Attorneys General**"), and ED in its attempts to provide Students with the maximum relief possible through these Chapter 11 Cases.

In connection with the Plan, the Student Committee, has raised issues related to: (1) the breadth and scope of the Injunctions contained in section XIII(a) of the Plan ("**Plan Injunction**"); (2) the effect of the proposed dissolution of the Debtors contained in section XVII(R) of the Plan on pending and potential litigation against the Debtors; (3) the amount and treatment of Student 507(a)(7) Deposit Claims - claims related to deposits from Students for which education was not provided due to the closure of the Debtors' schools; and (4) transfer of information and documents that Students may need to obtain discharges of student loan obligations and other relief from non-debtor entities. These documents include the large volume of documents that the Student Committee received from the Debtors which the Student Committee believes should be transferred to the Student Trustee upon the Effective Date. Based on these negotiations, the Debtors have agreed to make a number of changes and clarifications to the Plan to address the concerns of the Student Committee and other parties in interest. Accordingly, the Student Committee supports confirmation of the Plan and urges the Bankruptcy Court to confirm the Plan as set forth herein.

## RESPONSE

**A.** **The Proposed Amendments To The Plan Injunction Should Be Approved**

1.  As originally drafted, the Plan Injunction language prohibited parties from bringing and maintaining suits against the Debtors following the Effective Date. In doing so, the Plan effected an impermissible discharge of the Debtors in violation of Bankruptcy Code section 1141(d)(3). *See* 8 Collier on Bankruptcy § 1141.05[4] (Alan N. Resnick & Henry J. Somme eds., 16th ed. rev. 2015) ("This limitation prevents such debtors from avoiding the operation of

3

section 727(a)(1) [no discharge for corporations under chapter 7] through the use of a liquidating plan under chapter 11 instead of a chapter 7 liquidation."). In response to the concerns raised by the various parties regarding the Plan Injunction, on August 20, 2015, the Debtors filed a *Notice of Filing of Modification to Injunction Provision of Debtor's Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 805]. If the amended language is approved as part of the confirmation hearing, the Plan would provide that the "Plan Injunction language shall not apply to the Debtors" insuring that entities may pursue whatever actions against the Debtors may be necessary to assure relief that may be dependent upon obtaining appropriate judgements. [Id.] The Plan Injunction would also admit that the "Debtors are not receiving a discharge pursuant to section 1141(d)(3) of the Bankruptcy Code in these Chapter 11 Cases." The Student Committee approves and supports the proposed changes to the Plan Injunction. [Id.]

2. However, the Student Committee recognizes the concerns raised by the Attorneys General that the carefully crafted modified Plan Injunction combined with the proposed dissolution of the Debtors could create a perceived ambiguity regarding the ability to sue the Debtors. To the extent the dissolution of the Debtors could later be interpreted, despite the express carve-out provided in the Plan Injunction and the clear provisions of Delaware state law allowing suits against a dissolved company, to destroy the jurisdiction of another court and prevent parties from bringing or maintaining suit, the order confirming the Plan should clearly state that neither confirmation of the Plan nor dissolution of the Debtors is intended to: (i) grant any sort of discharge to the Debtors (which would be prohibited under section 1141(d)(3)); or (ii) affect the jurisdiction of any court except as expressly provided in the Plan; or (iii) negatively affect the ability of any creditor to bring a suit against the Debtors.

3.      Given that the Debtors have not affirmatively confirmed that neither Plan confirmation nor the dissolution will affect the jurisdiction of any court before which an action against the Debtors is currently pending, the need for such clarification becomes heightened. The Debtors cannot agree to remove the impediments to allowing parties to bring and maintain actions and resist full clarification of that bargained for right.

4.      Indeed, if the Student Trust is not allowed to pursue claims against the Debtors as may be necessary to obtain student loan relief, the establishment of the Student Trust will have little value for Students.

5.      The Student Committee is <u>not</u> trading the opportunity to obtain billions of dollars in student loan discharges for the Student Trust.  Rather, the Student Trust is bargained for relief that will hopefully facilitate student loan discharges for tens or hundreds of thousands of Students that may have been victimized by the Debtors' misconduct.

**B.      The Rights of Students To Recover 507(a)(7) Priority Claims Are Being Properly Addressed**

6.      At the request of the Student Committee and ED, over the past several weeks the Debtors, with the help of their financial advisor, FTI Consulting, conducted an extensive review of the Debtors' books and records to determine the identity of all Students that hold Student 507(a)(7) Deposit Claims and the amount of each of those claims.  The Debtor reports that the total amount of the Student 507(a)(7) Deposit Claims is no more than $340,000.  Based on the representation of counsel for the Debtors that such claims have been fully accounted for and that the schedules will be amended to reflect the amounts owed to Students, the Student Committee supports confirmation of the Plan on this point.

**C.    The Student Committee Should Be Authorized To Transfer Documents To the Student Trust**

7.    Finally, the Student Committee requests that the confirmation order provide that the Student Committee is authorized to transfer any and all information, documents and other materials received from the Debtors during these Chapter 11 Cases to the Student Trust and that, with respect to such information, documents and materials, the Student Trust be treated as the successor in interest to the Student Committee and any agreement to which the Student Committee was a party with respect to the receipt of such documents.

8.    In the short three-month period between the formation of the Student Committee and the confirmation hearing, the Student Committee has begun to evaluate and investigate the possible claims or causes of action that Students may hold related to the Debtors' alleged misconduct.  As part of its investigation, the Student Committee has made numerous informal requests for and received thousands of documents and other materials from the Debtors regarding the Debtors' organization, operations, marketing and recruiting policies and procedures.  However, upon confirmation and effectiveness of the Plan, the Student Committee will dissolve and the Student Trust will continue the efforts to seek relief for Students.

9.    Clearly, the purpose of the revised Plan structure is to provide more meaningful relief to Students then *de minimis* or nonexistent distributions at some far distant time.  The Student Trust was designed to provide for an effective advocate for Students, a *de facto* successor to the Student Committee, that will help Students receive the most significant relief that might not otherwise be available without the advantage of a well-funded advocate.  Accordingly, the Student Committee requests and it is appropriate for the Court to order in aid of the Plan that the Student Committee may turn over all documents and materials that were

received from the Debtors, to the Student Trust as the successor in interest to the Student Committee.

**D.     Reservation of Rights**

The Student Committee reserves the right to raise any issues with the Court to the extent that the proposed modifications to the Plan do not adequately address the Student Committee's concerns.  The Student Committee further reserves any and all rights and remedies to, *inter alia*, supplement, augment, alter and/or modify this Response, file an appropriate objection and as may be deemed necessary and to assert such other grounds as may become apparent upon the filing of the subsequent revised amendments, and to take any position in connection with any response or objection filed by any other entity to address any additional concerns that the Student Committee may have regarding the Plan.

## CONCLUSION

For the reasons set forth herein, the Student Committee supports confirmation of the Plan and requests that the following findings and orders be included in the Court's order confirming the Plan:

1. Neither the confirmation of the Plan nor the dissolution of the Debtors thereunder is intended to: (i) grant any sort of discharge to the Debtors (which would be prohibited under section 1141(d)(3)); or (ii) affect the jurisdiction of any court except as expressly provided in the Plan; or (iii) negatively affect the ability of any creditor to bring a suit against the Debtors; and

2. The Student Committee is hereby authorized to turn over any and all documents, materials, or other information that it has received to the Student Trust as a successor in interest and the Student Trustee shall be bound by any agreements to which the Student

Committee was a party with respect to receipt of such documents.

Dated: August 21, 2015  **POLSINELLI PC**

Wilmington, Delaware  /s/ Christopher A. Ward
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Ave., Suite 1100
Wilmington, DE 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com

Local Counsel for the Official Committee of Students Creditors

Scott F. Gautier, CA Bar No. 211742
Lorie A. Ball, CA Bar No. 210703
Cynthia C. Hernandez, CA Bar No. 285770
**ROBINS KAPLAN LLP**
2049 Century Park East
Suite 3400
Los Angeles, CA 90067
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
sgautier@robinskaplan.com
lball@robinskaplan.com
chernandez@robinskaplan.com

Counsel for the Official Committee of Students Creditors

Mark Rosenbaum, CA Bar No. 59940
Anne Richardson, CA Bar No. 151541
Alisa Hartz, CA Bar No. 285141
Dexter Rappleye, CA Bar No. 302182
**Public Counsel LLP**
610 S. Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089
mrosenbaum@publiccounsel.org
arichardson@publichcounsel.org
ahartz@publiccounsel.org
drappleye@publiccounsel.com

Special Counsel to the Official Committee of Student Creditors