# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., ET AL., | Case No. 15-10952 (KJC) |
| Debtors. | Jointly Administered |

**OBJECTION OF COMMONWEALTH OF MASSACHUSETTS TO DEBTORS' REQUEST TO CONTINUE MOTION FOR DETERMINATION THAT AUTOMATIC STAY DOES NOT APPLY [DOCKET NO. 783]**

The Commonwealth of Massachusetts (the "Commonwealth"), by and through Maura Healey, the Attorney General, objects to Debtors' Limited Response and Request ("Request") to continue the States' *Motion for Determination that the Automatic Stay Provision Does Not Apply to the States' Actions Against Debtors* [Docket No. 578] ("States' Motion").

## OBJECTION

While Debtors call their filing a "Request to Continue Motions" (Debtors' Request, p. 1), it is also a request to continue the stays of the States' consumer protection actions against Debtors ("State Actions"). These stays are unlawful and substantially injure the States and Debtors' students. Debtors' Request should be denied.[1]

---

[1] The Commonwealth also joins in the Objection of the People of the State of California to Debtor's Request.

1

1. <u>The Stay is Plainly Inappropriate and in Violation of the Bankruptcy Code</u>

The clear language of the Code and the case law in the Third Circuit, the District of Delaware, and every other circuit that has addressed the issue make clear that the automatic stay provision does not apply to the States' consumer protection actions against debtors. In response, Debtors cite a single case from the Southern District of New York, which, to the extent it is inconsistent with the law of the Third Circuit and the District of Delaware, does not apply here, and which the Southern District itself has stated it "declines to follow". Debtor's Request, pp. 4-5.[2]

Debtors' substantive arguments previewed in the Request, that (i) they are no longer engaged in business, (ii) the States' requests for rescission and money damages duplicate relief pursued by students in the bankruptcy proceeding, and (iii) Debtors are focused on the plan and do not want to spend time or money dealing with the stay issue (Debtors' Request, pp. 5-7), are not legal arguments. None of the arguments is relevant to the applicability of the stay.

Under the statute, the stay does not apply to a government action enforcing police or regulatory laws—notwithstanding Debtors' subsequent business practices (including liquidation or dissolution), duplication, or any claimed inconvenience to Debtors. Nowhere in Debtors' Request do Debtors even suggest (nor could they suggest) that the States' Actions are not police or regulatory enforcement actions.

---

[2] *In re General Motors LLC Ignition Switch Litigation*, 69 F. Supp. 3d 404, 412, n. 4 (S.D.N.Y 2014) ("And while the *Enron* Court noted the shift away from a subjective analysis, *see* 314 B.R. at 534–35, it 'curiously' applied the subjective approach in finding, for case-specific reasons, that the police-power exception did not apply. *Parkway Hosp., Inc.,* 351 B.R. at 289 n. 8; *see Enron,* 314 B.R. at 538–39. For these reasons, the Court declines to follow *Chateaugay Corp., Seitles,* and *Enron.*"). The *Enron* Court applied a subjective analysis and found that the State's primary concern in the litigation, which was filed during the pendency of the bankruptcy proceeding, was to protect its claim in the bankruptcy proceeding. The States' Cases against Debtors here were filed prior to the bankruptcy, and have nothing to do with the States' claims in the bankruptcy court.

2. <u>Delay Prejudices the States</u>

Debtors claim there is no prejudice to the States in continuing the unlawful stay (Debtors Request, p. 7). This is incorrect.

The Commonwealth is pursuing the State Action in order to obtain a determination from the Court that Debtors violated state consumer protection laws by committing numerous unfair and deceptive acts, inducing students to pay large sums of money for an essentially worthless "education". Such a judgment operates, under Department of Education regulations, as a defense to repayment of the students' federal loans, which total many millions of dollars in Massachusetts, billions countrywide. (By contrast, in the bankruptcy proceeding, students will obtain little or no debt relief.) Any delay in obtaining such a judgment will potentially cost the students thousands of dollars in interest payments.

Continuation of the unlawful stay substantially prejudices the States.

3. <u>Relief Through the Debtors' Plan</u>

Debtors state that "confirmation of the Debtors' Plan may provide the very relief that the movants are seeking under the Stay Motions." (Debtors' Request, p. 7; the Debtors also state, for the same reason, that the Plan confirmation will "moot" the relief requested in the States' Motion).

On the contrary, the amended Plan filed on July 27, 2015 stated that "[a]ll injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, shall remain in full force and effect until the Effective Date," Section XIII A. On August 20, 2015, Debtors filed a Revised Plan Injunction. The new language states that "[a]ll injunctions or stays provided for the Debtors in the Chapter 11 Cases under, inter alia, sections 105 or 362 of the Bankruptcy Code, and in existence on the Confirmation Date, shall remain in

full force and effect until the Effective Date, at which time they will terminate." The currently filed plan unlawfully continues the unlawful stay.

In addition, the current Plan states that claims under the Plan are "in full satisfaction and settlement" of the States' claims, Section VIII 5 c. This provision, together with murky injunction language that, on the one hand, enjoins the "commencing or continuing, in any manner or in any place, any action or other proceeding seeking to collect or to recover in any manner against the Estate Assets"—a provision that may be read to apply to the restitution claims in the States' Actions—and, on the other, states that "[a]s the Debtors are distributing the Estate Assets and immediately thereafter dissolving on the Effective Date in accordance with the terms of the Plan, the Plan Injunction shall not apply to the Debtors", creates confusion as to whether the States' Actions may go forward. (The injunction language also improperly suggests that the reason the injunction does not apply to Debtors is that they are dissolving when in fact (i) the injunction does not apply to Debtors because such an injunction is unlawful, and (ii) Debtors' dissolution has no effect on the State Actions against Debtors.[3])

A simple statement in the Plan that the States' Actions are not stayed, and that nothing in the Plan or confirmation order enjoins or releases the States' Actions against Debtors or deprives the State Courts of jurisdiction over the States' Actions would, in fact, "provide the very relief the movants are seeking". Debtors have refused to add such a statement to the Plan.[4]

---

[3] *See, e.g.*, M. G. L. c. 156D, sec. 14.05(b): "Dissolution of a corporation shall not: … (5) prevent commencement of a proceeding by or against the corporation in its corporate name; (6) abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution…."

[4] The Plan and Plan injunction are also objectionable for the reasons set forth in the Objection of the Commonwealth of Massachusetts to Debtors' Chapter 11 Plan of Liquidation [Docket Nos. 655, 805].

Conclusion

When Debtors filed their stay notices in the State Courts in California and Massachusetts, they knew or should have known that under the Bankruptcy Code, the automatic stay does not apply to the States' Actions. Debtors have cynically attempted to do what the Bankruptcy Code explicitly forbids—using the bankruptcy proceeding to avoid the States' enforcement actions.

Debtors' Request should be denied.


Dated: August 21, 2015

MAURA HEALEY
Attorney General of Massachusetts

By:   /s/ *Peter Leight*
PETER LEIGHT
GLENN KAPLAN
Assistant Attorneys General
 One Ashburton Place, 18th Floor
 Boston, MA 02108
 Telephone: (617) 727-2200
 Fax: (617) 722-0184
 Email: peter.leight@state.ma.us

*Attorneys for the Commonwealth of Massachusetts*

**CERTIFICATE OF SERVICE**

I, Jennifer Snow, hereby certify that on the 21st day of August, 2015, I caused a true and correct copy of the foregoing **OBJECTION OF COMMONWEALTH OF MASSACHUSETTS TO DEBTORS'REQUEST TO CONTINUE MOTION FOR DETERMINATION THAT AUTOMATIC STAY DOES NOT APPLY [DOCKET NO. 783]** to be served electronically through the Court's ECF system upon those who have entered an appearance in this proceeding, and through electronic mail on the parties listed below.


Dated: August 21, 2015                                              /s/ Jennifer Snow
                                                                    JENNIFER SNOW

COUNSEL TO THE STUDENT COMMITTEE
Christopher A. Ward, Esq.
Shanti M. Katona, Esq.
POLSINELLI PC
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
cward@polsinelli.com
skatona@polsinelli.com


Scott F. Gautier, Esq.
Lorie A. Ball, Esq.
Cynthia C. Hernandez, Esq.
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400 Los Angeles, California 90067
sgautier@robinskaplan.com
lball@robinskaplan.com
chernandez@robinskaplan.com

Mark Rosenbaum,Esq.
Anne Richardson, Esq.
Alisa Hartz, Esq.
Dexter Rappleye, Esq.
PUBLIC COUNSEL LLP
610 S. Ardmore Avenue
Los Angeles, CA 90005
mrosenbaum@publiccounsel.org
arichardson@publiccounsel.org
ahartz@publiccounsel.org
drappleye@publiccounsel.org

COUNSEL TO THE DEBTORS
Mark D. Collins, Esq.
Michael J. Merchant, Esq.
Marisa A. Terranova, Esq.
Amanda R. Steele, Esq.
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street Wilmington, Delaware 19801
collins@rlf.com
merchant@rlf.com
terranova@rlf.com
steele@rlf.com


COUNSEL TO BANK OF AMERICA,
N.A., IN ITS CAPACITY AS ADMINISTRATIVE AGENT FOR THE LENDERS
POTTER ANDERSON & CORROON LLP
Jeremy W. Ryan
Etta R. Mayers
1313 North Market Street, Sixth Floor
Wilmington, DE 19899-0951
jryan@potteranderson.com
emayers@potteranderson.com

SIDLEY AUSTIN LLP
Jennifer C. Hagle
Anna Gumport
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
jhagle@sidley.com
agumport@sidley.com


OFFICIAL COMMITTEE OF UNSECURED
CREDITORS
Jeffrey H. Schwartz, Esq.
Bennet S. Silverberg, Esq.
Brown Rudnick LLP
Seven Times Square
New York, NY 10036
jschwartz@brownrudnick.com
bsilverberg@brownrudnick.com

Frederick B. Rosner, Esq.
Julia B. Klein, Esq.
The Rosner Law Group LLC 824
Market St. Suite 810
Wilmington, DE 19801
rosner@teamrosner.com
klein@teamrosner.com

OFFICE OF THE UNITED STATES TRUSTEE
Richard L. Schepacarter, Esq.
Timothy Jay Fox, Jr., Esq.
Office of the United States Trustee
U.S. Department of Justice
844 King Street, Suite 2207
Lockbox #35
Wilmington, DE 19801
timothy.fox@usdoj.gov
richard.schepacarter@usdoj.gov