## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Hearing Date: Sept. 18, 2015 @ 10:00 a.m. (EDT)** |
| | § | **Obj. Deadline: Sept. 3, 2015 @ 4:00 p.m. (EDT)** |

-------------------------------------------------------

### DEBTORS' MOTION TO APPROVE STIPULATION BETWEEN
### DEBTORS AND MCKINLEY AVENUE LLC RESOLVING CERTAIN DISPUTES

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") respectfully request the entry of an order, substantially in the form attached hereto as Exhibit A (the "**Order**"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), approving their agreement with McKinley Avenue LLC ("**McKinley**," and together with the Debtors, the "**Parties**") and related *Stipulation Between Debtors and McKinley Avenue LLC Resolving Certain Disputes* (the "**Stipulation**"), in the form to be attached as Exhibit 1 to the proposed Order. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).[2]

## BACKGROUND

### A.      General Background

2.      On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

3.      On May 13, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors (the "**Creditors' Committee**").  Additionally, the U.S. Trustee appointed an official committee of student creditors (the "**Student Committee**") on May 15, 2015.

4.      Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the *Declaration of William J. Nolan in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10].

5.      On July 1, 2015, the Debtors filed the *Debtors' Combined Disclosure Statement* (the "**Disclosure Statement**") *and Chapter 11 Plan of Liquidation* (the "**Plan**"), which was subsequently amended on July 24, 2015 and July 27, 2015 [Docket Nos. 520, 646 and 655, respectively].  On July 27, 2015, the Court entered an order [Docket No. 658] (the "**Solicitation Procedures Order**") approving the Disclosure Statement and procedures regarding the

---

[2]      Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

solicitation and tabulation of votes in connection with the Plan. Pursuant to the Solicitation Procedures Order, the deadline for voting to accept or reject the Plan is August 21, 2015, and the hearing to consider confirmation of the Plan has been set for August 26, 2015.

**B.    The Debtors' Relationship with McKinley**

6.    Prior to the Petition Date, the Debtors and McKinley were parties to a lease, and a related Lease Termination Agreement, dated as of June 30, 2013 (the "**Termination Agreement**"). Under the Termination Agreement, the Debtors executed a promissory note, dated June 30, 2013 (the "**Promissory Note**") payable to McKinley in the total amount of $3,915,631.08.

7.    On or about October 23, 2014, McKinley filed a complaint against the Debtors and an employee of the Debtors (the "**Employee**"), asserting claims for breach of the Promissory Note, intentional misrepresentation, negligent misrepresentation, and strict liability (the "**Action**"). On February 13, 2015, a default judgement (the "**Default Judgment**") was entered in the Action against the Debtors in favor of McKinley in the amount of $1,550,000.00, the then unpaid amount due under the Promissory Note.

8.    On February 18, 2015, the Debtors moved to vacate the Default Judgment and stay collection on that judgment. On February 26, 2015, McKinley filed a Non-Earning Garnishment Summons and Complaint (the "**February 26 Garnishment Complaint**"), seeking to enforce the Default Judgment and garnish funds held by the Debtors in accounts with BMO Harris Bank N.A. ("**BMO**"). Pursuant to the February 26 Garnishment Complaint, BMO garnished $239,684.07 of the Debtors' funds which thereafter were placed by BMO in a segregated account at BMO (the "**February 26 Segregated Funds**").

9.    On March 5, 2015, McKinley filed a second Non-Earning Garnishment Summons and Complaint (the "**March 5 Garnishment Complaint**," and together with the February 26

Garnishment Complaint, the "**Garnishment Actions**"), seeking to garnish additional funds held by the Debtors in accounts with BMO. Pursuant to the March 5 Garnishment Complaint, BMO garnished an additional amount of $760,989.46 of the Debtors' funds which thereafter were placed by BMO in a segregated account at BMO (the "**March 5 Segregated Funds,**" and together with the February 26 Segregated Funds, the "**Segregated Funds**").

## **RELIEF REQUESTED**

10.     The Debtors respectfully request the entry of the Order, substantially in the form attached hereto as Exhibit A, approving their agreement and Stipulation[3] with McKinley.

11.     The essential terms of the Parties' agreement is as follows:[4]

A.     The Segregated Funds will be distributed as follows: BMO shall deliver (i) $25,000 to McKinley, and (ii) the balance of the Segregated Funds (approximately $975,673.50) to the Debtors.

B.     After the Debtors' receipt of the Segregated Funds as described above, the Debtors shall deliver to counsel for McKinley a copy of statements for the time period from February 25, 2015 through and including March 6, 2015, for accounts maintained by the Debtors in Wisconsin with BMO.

C.     McKinley shall have no further recovery from the Debtors with regards to the claims or causes of action in or under the Garnishment Complaints (or the notices of garnishment issued to BMO in connection therewith) or with regards to the Segregated Funds, subject, however, to McKinley's reservation of its claims or recovery (if any) as against BMO.

D.     McKinley agrees to dismiss the Employee from the Action and fully and finally release the Employee from any claims or causes of action that were or could have been brought by McKinley as against the Employee.

E.     Subject to the Debtors' receipt of the Segregated Funds, the Debtors shall release McKinley from any claim or cause of action under and pursuant to 11 U.S.C. § 547.[5]

---

[3]   The Debtors will file the form of Stipulation when executed by the Parties.

[4]   Reference is made to the Stipulation for a complete description of its terms. To the extent any summaries and/or descriptions of the terms of the Stipulation contained in the Motion differ in any way from those contained in the Stipulation, the Stipulation shall govern. All capitalized terms that are used but not defined herein shall have the meanings ascribed to such terms in the Stipulation.

[5]   During the 90 days prior to the Petition Date, the Debtors transferred approximately $165,000 to McKinley in payments under the Promissory Note.

RLF1 12861723v.1

F.      McKinley reserves its right to file a claim in the Debtors' Chapter 11 cases, and the Debtors reserve the right to object to any claim filed by McKinley other than on the grounds of any claim or cause of action under and pursuant to 11 U.S.C. § 547.

## BASIS FOR RELIEF REQUESTED

12.      Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).   Compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (quoting *Case v. L.A. Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).  The compromise or settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also In re Penn Cent. Transp. Co.*, 596 F.2d 1102 (3d Cir. 1979).

13.      "[T]he decision whether to approve a compromise under Bankruptcy Rule 9019 is committed to the sound discretion of the Court, which must determine if the compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).  Courts should not, however, substitute their judgment for that of the debtor, but instead canvas the issues to see whether the compromise falls below the lowest point in the range of reasonableness. *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re W.T. Grant and Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *see also In re World Health*, 344 B.R. at 296 ("The court does not have to be convinced that the settlement is the best possible compromise.  Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.") (internal citations and quotations omitted).

14.      The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a compromise should be approved.  The four enumerated

factors are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Meyers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *accord Will v. Nw. Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that the *Martin* factors are useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor); *see also TMT Trailer Ferry, Inc.*, 390 U.S. 414, 424 (1968); *In re Marvel Entm't Group, Inc.*, 222 B.R. 243 (D. Del. 1998) (proposed settlement held in best interest of the estate); *In re Mavrode*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997). The test boils down to whether the terms of the proposed compromise fall "within a reasonable range of litigation possibilities." *In re Penn Cent.*, 596 F.2d at 1114 (citations omitted); *see also In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992) (same).

15.    The compromise embodied in the Parties' agreement and Stipulation is fair and equitable. The Debtors and their professionals have analyzed the Debtors' claims against McKinley and the claims asserted by McKinley and, in their business judgment, believe that the Stipulation represents an appropriate compromise. Specifically, the Parties are resolving disputes between the Debtors and McKinley related to the Garnishment Actions in a manner that will lead to the release of significant funds to the Debtors and their estates. Their agreement is a result of lengthy good faith and arm's length negotiations between the Debtors and McKinley. In fact, the Debtors have been engaged in negotiations with McKinley related to these issues for several months. Accordingly, the Debtors believe that their agreement and Stipulation is in the best interest of the Debtors and their estates.

16.    Further, the Parties' agreement and Stipulation represents a simpler and more efficient solution than likely could be obtained through further litigation of the Garnishment

RLF1 12861723v.1

Actions, or in the Bankruptcy Court to avoid purported liens (related to the Garnishment Actions) and to recover the Segregated Funds.  Pursuant to the Stipulation, the Debtors' involvement in the Garnishment Actions is resolved and the overwhelming majority of the Segregated Funds are returned to the Debtors, all without the need for further costly litigation or the uncertainty attendant to litigation.  Moreover, McKinley's release of the Employee eliminates the possiblity that the Debtors' insurance coverage might be impaired by further costs associated with the Employee's defense or any judgment against the Employee in the Action.  Simply stated, the Parties' agreement and Stipulation allow the Debtors to resolve several disputes with McKinley and to obtain (in large measure) the Segregated Funds without incurring additional costs of litigation, and obtain other benefits that are beneficial to the Debtors' estates.

17.    The Parties' agreement and Stipulation (i) are fair and equitable; (ii) represent a compromise between the Debtors and McKinley that is reasonable; and (iii) obviate the expense, delay, inconvenience and uncertainty that would attend any further litigation between the Parties. Therefore, the Stipulation satisfies Bankruptcy Rule 9019 and should be approved by the Court.

18.    To the extent that Section 363 of the Bankruptcy Code is implicated in connection with the Parties' agreement and Stipulation, the Debtors seek authority thereunder to execute and perform their obligations under the Stipulation.  The Debtors submit that the terms of the Stipulation have a sound business purpose and represent the exercise of their sound business judgment. Accordingly, any actions required to effectuate the terms of the Stipulation should be authorized and approved pursuant to Section 363(b). *See In re Lionel Corp.*, 722 F. 2d 1063, 1071 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a 363(b) application expressly find from the evidence presented before him a good business reason to

grant the application."); *In re Del. Hudson Ry. Co.*, 124 B.R. 169, 179 (Bankr. D. Del. 1991).[6]

19.    Finally, authorizing the Debtors to enter into and effectuate the terms of the Parties' agreement and Stipulation is well within the equitable powers of this Court. *See* 11 U.S.C. § 105(1) ("The court may issue any order, process, or judgment that is necessary to carry out the provisions of [the Bankruptcy Code]."); *see also Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *In re Cooper Props. Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) (noting that bankruptcy court is "one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

20.    The Stipulation is in the best interests of the Debtors and their estates. Accordingly, it should be approved under Bankruptcy Rule 9019 and sections 105 and 363 of the Bankruptcy Code.

## NOTICE

21.    The Debtors will provide notice of this Motion to:  (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Student Committee; (iv) counsel to Bank of America, N.A., as administrative agent (the **"Administrative Agent"**) for the prepetition lenders under that certain Fourth Amended and Restated Credit Agreement, dated May 17, 2012; (v) the Department of Education; (vi) McKinley; (vii) BMO; and (viii) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002.

---

[6]    To the extent that the provisions of the automatic stay are implicated by the Parties' settlement, or the requirement thereunder for BMO to deliver the Segregated Funds as provided under the Stipulation, the Debtors respectfully move the Court to confirm through any order approving the Stipulation that the automatic stay is lifted for the purposes of the Stipulation and the actions required by the Parties thereunder, as well as for BMO to deliver the Segregated Funds as required under the Stipulation.

## NO PRIOR MOTION

22.     The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

WHEREFORE, the Debtors respectfully request that this Court enter the Order, substantially in the form attached hereto as Exhibit A, (a) approving the Stipulation, (b) authorizing the Debtors to effectuate the compromise embodied therein, and (c) granting such other and further relief as the Court deems appropriate.

Dated: August 21, 2015
       Wilmington, Delaware

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
Marisa A. Terranova (No. 5396)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email: collins@rlf.com
       merchant@rlf.com
       ramos@rlf.com
       terranova@rlf.com

Counsel for the Debtors
and Debtors in Possession

RLF1 12861723v.1