# EXHIBIT A

## Status Chart for Plan Objections

*In re Corinthian Colleges, Inc.*

Chapter 11 Case No. 15-10952 (KJC) (Jointly Administered)

Summary of the Debtors' Responses to Objections to Confirmation[1]

**Objections:**           **Page No.**

A. Letter Response from Dennis Erroll Harvey, Jr. [Docket No. 742] .......... 1

B. Texas Comptroller of Public Accounts' Objection to Confirmation of the Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket No. 776] .......... 1

C. Statement of Wisconsin's Position Regarding the Objection of the People of the State of California and the Commonwealth of Massachusetts to Debtors' Chapter 11 Plan of Liquidation [Docket No. 794] .......... 1

D. Objection of the Consumer Financial Protection Bureau to Debtors' Chapter 11 Plan of Liquidation [Docket No. 808] .......... 1

E. Objection to the Debtors' Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket No. 815] (Arlington ISD and Eagle Mountain Saginaw ISD) .......... 2

F. Limited Objection of BRE/OC Griffin, L.L.C. to Confirmation of Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket No. 818] .......... 2

G. United States' Objection to Confirmation [Docket No. 819] .......... 2

H. Objection of Guy Reynolds and Christine Seymour, on Behalf of Themselves and Others Similarly Situated, to Confirmation of Debtors' Second Amended and Modified Chapter 11 Plan of Liquidation [Docket No. 822] .......... 2

I. Objection by the Internal Revenue Service to Debtor's Plan of Liquidation [Docket No. 823] .......... 3

J. Objection of the People of the State of California to Debtors' Chapter 11 Plan of Liquidation [Docket Nos. 655, 805] [Docket No. 824] .......... 3

K. Limited Objection of Watt Management Company to Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket No. 825] .......... 3

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 655] (as may be amended, supplemented or modified, the "**Plan**").

RLF1 12871391v.2

L.  Objection of the Commonwealth of Massachusetts to Debtors' Chapter 11 Plan of Liquidation [Docket Nos. 655, 805] [Docket No. 826] .................................................................4

M.  Limited Response of the Official Committee of Student Creditors in Support of Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket No. 827] .................................................................4

N.  Amended Objection to the Debtors' Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket No. 851] .................................................................4

| A. Letter Response from Dennis Erroll Harvey, Jr. [Docket No. 742] | |
|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** |
| 1. | Treatment of the Student Claims is unfair in light of the treatment of Prepetition Lenders Secured Claims. | The classification and treatment of Claims under the Plan is consistent with Bankruptcy Code § 1122, 1123(a)(1), 1123(a)(4) and 1129(b). Accordingly, the Plan should be approved. |

| B. Texas Comptroller of Public Accounts' Objection to Confirmation of the Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket No. 776] | |
|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** |
| 2. | The failure to provide for post-effective date interest on Priority Tax Claims violates 11 U.S.C. § 1129(a)(9)(C) and renders the Plan unconfirmable. | The Debtors have added language to the Plan to confirm that the calculation of Allowed Priority Tax Claims shall be in accordance with section 1129(a)(9)(c) of the Bankruptcy Code. |
| 3. | The proposed disallowance of tax penalties entitled to priority status under 11 U.S.C. § 507(a)(8)(G) via plan confirmation fails to comply with the Bankruptcy Code and renders the Plan unconfirmable under 11 U.S.C. § 1129(a)(1). | This language has been deleted. All parties' rights to object to the allowance of penalties as priority Claims are preserved. |

| C. Statement of Wisconsin's Position Regarding the Objection of the People of the State of California and the Commonwealth of Massachusetts to Debtors' Chapter 11 Plan of Liquidation [Docket No. 794] | |
|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** |
| 4. | A statement in support of the objections of the State of California and the Commonwealth of Massachusetts [Docket No. 576] as they relate to the automatic stay. This statement provides that "Wisconsin has not objected to the Plan because Debtors have conceded that the automatic stay imposed in its bankruptcy case does not bar Wisconsin's proceedings against the Debtors." | The statement is a joinder to a prior objection of California and Massachusetts [Docket No. 576]. |

| D. Objection of the Consumer Financial Protection Bureau to Debtors' Chapter 11 Plan of Liquidation [Docket No. 808] | |
|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** |
| 5. | The Plan violates 11 U.S.C. § 1141(d)(3) by including a discharge of the Debtors. | The Debtors have modified the Plan to address the concerns raised in this objection. See Section XIII.B of the Plan. |

**E. Objection to the Debtors' Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket No. 815] (Arlington ISD and Eagle Mountain Saginaw ISD)**

| ITEM | OBJECTION | RESPONSE |
|---|---|---|
| 6. | Objection to Plan to the extent it treats the objecting party's claim as anything other than a secured claim and that it does not provide its secured claims with interim statutory interest as the rate specified under Section 33.01(c) of the Texas Property Tax Code and pursuant to Sections 506(b) and 1129(b)(2)(A)(i)(II) of the Bankruptcy Code from the petition date through the date of payment. | This appears to be a form objection and does not cite to any offending provisions of the Plan. The Debtors believe that the Plan fully complies with the Bankruptcy Code, including sections 506(b) and 1129(b)(2)(A)(i)(II). See treatment of Other Secured Claims in Section VIII.A.2 of the Plan. |

**F. Limited Objection of BRE/OC Griffin, L.L.C. to Confirmation of Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket No. 818]**

| ITEM | OBJECTION | RESPONSE |
|---|---|---|
| 7. | The Plan improperly seeks to bar post-confirmation setoffs, including for security deposits. | The Debtors have modified the Plan to address the concerns raised in this objection. See Section XIII.A of the Plan. |
| 8. | The Plan improperly provides for rejection of leases upon the Effective Date, not the Confirmation Date, contrary to Bankruptcy Code Section 365(d)(4). | The Debtors will surrender the premises associated with the lease between the Debtors and BRE/OC Griffin by no later than August 31, 2015, five days after the Confirmation Date, and will reject such lease as of that date. The Debtors have notified BRE/OC Griffin of their intent to vacate the premises. |

**G. United States' Objection to Confirmation [Docket No. 819]**

| ITEM | OBJECTION | RESPONSE |
|---|---|---|
| 9. | The Plan should be modified to recognize that it does not impact the United States' set off and recoupment rights. | The Debtors have modified the Plan to address the concerns raised in this objection. See Section XIII.A of the Plan. |

**H. Objection of Guy Reynolds and Christine Seymour, on Behalf of Themselves and Others Similarly Situated, to Confirmation of Debtors' Second Amended and Modified Chapter 11 Plan of Liquidation [Docket No. 822]**

2

### I. Objection by the Internal Revenue Service to Debtor's Plan of Liquidation [Docket No. 823]

| ITEM | OBJECTION | RESPONSE |
|---|---|---|
| 10. | Objection to the Plan to the extent the Plan purports to set an administrative claims bar date for taxes. | The Debtors have modified the Plan to address the concerns raised in this objection. Specifically, the Debtors have excluded Claims subject to section 503(b)(1)(D) from the Administrative Expense Claims subject to the Administrative Expense Bar Date. |
| 11. | Objection to the Plan to the extent that it fails to provide for payment of interest on the IRS's Administrative Expense Claims. | The Plan does not fail to provide for payment of interest on the IRS's Administrative Expense Claim. Accordingly, this objection is not applicable to the Plan. |
| 12. | Objection to the Plan to the extent that it disallows claims for penalties. | The Plan does not disallow claims for penalties. Accordingly, this objection is not applicable to the Plan. |
| 13. | Objection to and request to opt out of third party non-debtor limitation of liability, injunction and release provisions of the Plan. | The Debtors have added language to the Confirmation Order at the request of the IRS to address this concern. |
| 14. | Objection to the Plan to the extent it fails to preserve the setoff and recoupment rights of the IRS. | The Plan does not fail to preserve the setoff and recoupment rights of the IRS. Accordingly, this objection is not applicable to the Plan. |

### J. Objection of the People of the State of California to Debtors' Chapter 11 Plan of Liquidation [Docket Nos. 655, 805] [Docket No. 824]

| ITEM | OBJECTION | RESPONSE |
|---|---|---|
| 15. | The Plan violates 11 U.S.C. § 1141(d)(3) by including a discharge of the Debtors. | The Debtors have modified the Plan to address the concerns raised in this objection. See Section XIII.B of the Plan. |

### K. Limited Objection of Watt Management Company to Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket No. 825]

| ITEM | OBJECTION | RESPONSE |
|---|---|---|
| 16. | The injunction provisions should be revised to protect the objecting party's setoff rights. | The Debtors have modified the Plan to address the concerns raised in this objection. See Section XIII.A of the Plan. |
| 17. | The Debtors should provide Watt Management with the date by which they intend to vacate the leased property. | The Debtors will surrender the premises associated with the lease between the Debtors and Watt Management by no later than August 31, 2015, five days after the Confirmation Date, and will reject such lease as of that date. The Debtors have notified Watt Management of their intent to vacate the premises. |

3

**L. Objection of the Commonwealth of Massachusetts to Debtors' Chapter 11 Plan of Liquidation [Docket Nos. 655, 805] [Docket No. 826]**

| ITEM | OBJECTION | RESPONSE |
|---|---|---|
| 18. | The Plan violates 11 U.S.C. § 1141(d)(3) by including a discharge of the Debtors. | The Debtors have modified the Plan to address the concerns raised in this objection. See Section XIII.B of the Plan. |

**M. Limited Response of the Official Committee of Student Creditors in Support of Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket No. 827]**

| ITEM | OBJECTION | RESPONSE |
|---|---|---|
| 19. | The Plan violates 11 U.S.C. § 1141(d)(3) by including a discharge of the Debtors. | The Debtors have modified the Plan to address the concerns raised in this objection. See Section XIII.B of the Plan. |
| 20. | The Student Committee should be authorized to transfer documents to the Student Trust. | The Debtors have added language to the Confirmation Order to address this concern. |

**N. Amended Objection to Debtors' Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket No. 851]**

| ITEM | OBJECTION | RESPONSE |
|---|---|---|
| 21. | This objection raises the same objections set forth in 6 above. The sole difference is the amount of the asserted claims, reduced from $46,727.19 to $14,521.35. | This appears to be a form objection and does not cite to any offending provisions of the Plan. The Debtors believe that the Plan fully complies with the Bankruptcy Code, including sections 506(b) and 1129(b)(2)(A)(i)(II). See treatment of Other Secured Claims in Section VIII.A.2 of the Plan. |