IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*,[1] | Case No. 15-10952-KJC |
| Debtors. | **Re: Docket Nos. 655, 794, 819, 824, 826** |

**STUDENT COMMITTEE'S OMNIBUS REPLY TO THE OBJECTIONS
TO THE PLAN FILED BY THE UNITED STATES AND
<u>VARIOUS ATTORNEYS GENERAL</u>**

In support of confirmation of the Debtors' Second Amended And Modified Combined Disclosure Statement And Chapter 11 Plan Of Liquidation [Docket Nos. 665] (the "Plan"), which is in the best interests of the Debtors' former students (the "Students"), the Official Committee of Student Creditors (the "Student Committee"), in reply to: (a) United States' Objection to Confirmation [Docket No. 819] (the "ED Objection"); (b) Objection of the People of the State of California to Debtors' Chapter 11 Plan of Liquidation [Docket No. 824]: (c) Objection of the Commonwealth of Massachusetts to Debtor's Chapter 11 Plan of Liquidation [Docket No. 826]; and (d) Statement of Wisconsin's Position Regarding the Objection of the People of the State of California and the Commonwealth of Massachusetts to Debtors' Chapter 11 Plan of Liquidation [Docket No. 794 filed August 20, 2015] states the following:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425, Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Educations, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

1

**INTRODUCTION**

The Student Committee supports confirmation of the Plan because the Plan, as modified, is in the best interest of Students and does *not* do any of the following: (i) violate the absolute priority rule; (ii) distribute property improperly; (iii) discharge the Debtors' from any obligations; or (iv) bar any pending or future litigation. The Student Committee supports the requests by the various Attorneys General seeking clarification on these points because any ambiguity could threaten what little relief is afforded to Students pursuant to the Plan.

Through the ED Objection, the Department of Education ("ED") implicitly argues that the Plan must address any misapplication of Title IV Funds that resulted in charges to Students or otherwise. The Student Committee concurs with the principle, but disagrees with the conclusion that ED's concerns—that there *may have been* some misapplication of Title IV funds—are a bar to confirmation of the Plan. Rather, ED's concerns support this Court's continued jurisdiction over any issues related to the Debtors' conduct and any resulting relief that may be afforded to Students.

In fact, after Plan confirmation, adjudication of issues related to the Debtors' conduct will continue to have significant relevance to the relief that can be afforded Students. For example, the Student Committee is informed that the entry of a judgment against the Debtors and in favor of Students that is unsatisfied pursuant to the Plan will give Students access to *hundreds of millions of dollars* of state-supported relief funds. This relief is far more significant than any monetary distributions that Students could ever receive from these Estates. Hence, ensuring Students' access to these funds and other forms of relief (i.e. discharges of student loan debt), by ensuring that the Plan will not interfere with lawsuits seeking judgments against the Debtors or adjudication of the Debtors' conduct, underlies the various Attorneys General objections to

confirmation and is a primary concern for the Student Committee.  The Student Committee maintains that these issues are best addressed by clear statements regarding this Court's continued jurisdiction in the order confirming the Plan.

## DISCUSSION

### A.   The Plan Satisfies The Absolute Priority Rule

The evidence before the Court indicates[2] that all Allowed Student 507(a)(7) Deposit Claims[3] will be paid in full.  As amended by the Debtor on August 21, 2015 [Docket Nos. 832-837], the aggregate sum of such scheduled claims is approximately $342,000.  In addition, there are eighty-nine (89) claims that allege 507(a)(7) claims (some of which may be duplicative of scheduled claims).  The total of these filed claims could account for up to an additional $246,975 in 507(a)(7) amounts owed to Student (89*$2,775).  There are sufficient funds in the Student Trust to pay and reserve for all such claims.  The claims appear complete because the Debtors' professionals have diligently reviewed the Debtors' records with respect to such claims and the Students that were currently attending the Debtors' schools when they closed—those Students that may have made un-refunded deposits—were sent written notice of the claims bar date.

Moreover, to the extent that the Debtors' received funds pursuant to Title IV ("Title IV Funds") related to any individual Student's Title IV loans for classes that were not taught, the Debtors have made the appropriate credit to that Student's account to reflect that the Student has not received, and is not obligated for, such loan.  To the extent that an appropriate credit has not been recorded, ED is able to make that credit to the Student's account and should be directed to do so.  In fact, to the extent that the Debtors made any wrong, wrongful, improper, inappropriate

---

[2] The Student Committee has no first-hand knowledge of the Debtors' accounting methodology or its books and records.  Identical to the Court in this instance, it must rely upon the evidence presented by others with respect to this issue.

[3] Terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

or incorrect charges to a Student's Title IV accounting or failed to process a refund or other credit—as ED purports may be possible—the Court has jurisdiction to correct the error and such jurisdiction continues after confirmation of the Plan. *See* 28 USC §157(B)(2)(A) and (O); *see also* 28 § USC 1334(a) and (b). The Court should ensure that Students are not charged for any Title IV Funds that were not properly applied or otherwise administered by the Debtors by acknowledging and retaining jurisdiction to cancel, and/or enjoin the collection of, any obligations for Title IV Funds that, through the Debtors' misconduct, negligence or oversight, were wrongfully or incorrectly charged to Students.

### B. Funds Distributed To The Student Trust May Not Be Collaterally Attacked

The ED Objection implies that property that is being distributed to the Student Trust (or others) may not be property of the Debtors' Estates. To the extent that any creditor, including ED, had claims to, or interests in, such property, it was incumbent upon such creditor to provide evidence of such claims or interests prior to or at the hearing on confirmation of the Plan; there has been no such argument or evidence presented. *See Kundrat v. BMC Indus.,* 359 B.R. 725 (Bankr. Minn. 2007) (plaintiffs failed to establish a trust before confirmation of a plan and property has been distributed pursuant to the plan free of their asserted claims and interests).

Pursuant to Bankruptcy Code section 1141(c), any property transferred to the Student Trust (or any other entity) under the Plan "is free and clear of all claims and interests of creditors, equity security holders, and of general partners in the [D]ebtor[s]." *See id.* As well, the "Plan Injunction" in section XIII.A. of the Plan protects the Student Trust from being subject to any claims or actions seeking to divest the Student Trust of the assets transferred pursuant to the Plan. For the avoidance of doubt, in light of the ED Objection, the Student Committee respectfully requests that the confirmation order expressly acknowledge that all creditors,

including ED, are estopped and enjoined from asserting any claim or interest in the assets of the Student Trust except as expressly provided in the Student Trust Agreement.

## CONCLUSION

For the reasons set forth in the Limited Response of the Official Committee of Student Creditors in Support of Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket no. 827] and in this Reply, the Student Committee supports confirmation of the Plan and respectfully requests that the Court include the following additional language in any order confirming the Plan:

1. The Bankruptcy Court retains jurisdiction to determine the enforceability of, and to enjoin the collection of, any Students' obligations for Title IV Funds disbursed by the Debtors that, through the Debtors' conduct, misconduct, negligence or oversight, were wrongfully or incorrectly charged to Students;

2. Except as otherwise expressly provided, nothing in the Plan or Confirmation Order shall be interpreted to discharge, release, preclude, enjoin or stay an action against the Debtors or to divest any tribunal of any jurisdiction it may have to adjudicate actions against the Debtors, including the Governmental Lawsuits; and,

3. The Student Committee is hereby authorized to turn over any and all documents, materials, or other information that it has received to the Student Trust as a successor in interest and the Student Trustee shall be bound by any agreements to which the Student Committee was a party with respect to receipt of such documents.[4]

---

[4] This relief relates to arguments and requests set forth in the Student Committee's Limited Response that was previously filed in these cases. It is incorporated here to consolidate the Student Committee's requests for language in the Confirmation Order.

Dated: August 25, 2015
Wilmington, Delaware

**POLSINELLI PC**

   */s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com

      -and-

**ROBINS KAPLAN LLP**
Scott F. Gautier, Esq.
Lorie A. Ball, Esq.
Cynthia C. Hernandez, Esq.
2049 Century Park East, Suite 3400
Los Angeles, California 90067
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
sgautier@robinskaplan.com
lball@robinskaplan.com
chernandez@robinskaplan.com

*Co-Counsel for The Official Committee of Student Creditors*

**Public Counsel LLP**
Mark Rosenbaum, CA Bar No. 59940
Anne Richardson, CA Bar No. 151541
Alisa Hartz, CA Bar No. 285141
Dexter Rappleye, CA Bar No. 302182
610 S. Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089
mrosenbaum@publiccounsel.org
arichardson@publiccounsel.org
ahartz@publiccounsel.org
drappleye@publiccounsel.org

*Special Counsel to the Official Committee of Student Creditors*

51035396.1