# **EXHIBIT A**

# RETAINED CAUSES OF ACTION

Pursuant to Section XII.A.1 of the Combined Plan and Disclosure Statement, on the Effective Date[1], the Debtors and the Debtors' Estates shall transfer to the Distribution Trust the Distribution Trust Seed Money and the Distribution Trust Assets to be utilized, administered and distributed by the Distribution Trustee in accordance with the terms and conditions of the Combined Plan and Disclosure Statement, the Confirmation Order and the Distribution Trust Agreement. The terms "Distribution Trust Assets" is defined in Section II.A.52 of the Combined Plan and Disclosure Statement to mean all rights, title and interests of any and every kind owned or otherwise held by the Debtors or their Estates in any property of any kind, including, but not limited to, all Causes of Action. The term "Causes of Action" is defined in Section II.A.22 of the Combined Plan and Disclosure Statement as follows:

> **"Causes of Action"** means the Avoidance Actions and all other claims, actions, causes of action, choses in action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, third-party claims, counterclaims, and crossclaims of any Debtor and/or any of the Estates against any Entity, based in law or equity, including, but not limited to, under the Bankruptcy Code, whether direct, indirect, derivative, or otherwise and whether asserted or unasserted, and any and all claims and causes against the Dept. of ED and any and all commercial tort claims against any party, including the Debtors' current and former directors and officers; and subject, however, to any releases provided in the Combined Plan and Disclosure Statement, the Confirmation Order, the Final Cash Collateral Order, or any other Final Order of the Bankruptcy Court.

Pursuant to Section IX.F of the Combined Plan and Disclosure Statement, the Distribution Trustee shall, in addition to any powers and authority specifically set forth in other provisions of the Combined Plan and Disclosure Statement and the Distribution Trust Agreement, and subject to the terms and conditions in the Combined Plan and Disclosure Statement and the Distribution Trust Agreement and the rights of the Oversight Board, be empowered to, among other things, assert any of the Debtors' claims, Causes of Action, rights of setoff, or other legal or equitable defenses.

Without limiting the generality of Section II.A.22 of the Combined Plan and Disclosure Statement, the Causes of Action expressly preserved by the Debtors and transferred to the Distribution Trustee shall include, but shall not be limited to, the following:

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Combined Plan and Disclosure Statement.

1. Any and all Avoidance Actions, including, but not limited to, any and all rights to recover or avoid transfers or liens under chapter 5 of the Bankruptcy Code or otherwise, including but limited to, Bankruptcy Code sections 506(d), 522, 541, 542, 543, 544, 545, 547, 548, 549, 550, or 553, or otherwise under the Bankruptcy Code or under similar or related state or federal statutes and common law, including, without limitation, all preference, fraudulent conveyance, fraudulent transfer, and/or other similar avoidance claims, rights, and causes of action, whether or not litigation has been commenced as of the Effective Date to prosecute such Avoidance Actions. The Avoidance Actions may relate, but shall not be limited, to the payments to creditors identified in response to Question 3 and distributions to insiders in response to Question 23 in the Statement of Financial Affairs filed by each of the Debtors under section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, and all amendments and modifications thereto.

2. Any and all claims and causes of action against Zenith Education Group, Inc. (together with any of its affiliates or related parties, "Zenith") relating to or in connection with that certain Asset Purchase Agreement (the "Zenith APA"), whereby certain of the Debtors agreed to, among other things, sell, convey, transfer, assign and deliver to Zenith all of the Debtors' right, title and interest in and to all of the assets, properties and rights of the Debtors that were used in the operation of the Everest Plus Business (as such term is defined by the Zenith APA), that certain Escrow Agreement relating to establishment of an escrow fund in accordance with section 1.7(b) of the Zenith APA, and that certain transition services agreement, whereby Zenith agreed to provide certain support services to facilitate the Debtors' continued operations that were not acquired by Zenith.

3. Any and all claims and causes of action including claims arising under chapter 5 of the Bankruptcy Code, against the Balboa Student Loan Trust.

4. Any and all claims and causes of action related to the Rabbi Trust bank account for the Debtors' Deferred Compensation Plan governed by that certain Master Trust Agreement, dated April 1, 2013 between Corinthian Colleges, Inc. and First American Trust, FSB.

5. Any and all claims and causes of action (including chapter 5 causes of action) held by the Debtors related to the their private and alternative student loan programs including, but not limited to, claims against (a) Genesis Lending Services, Inc. and any of its affiliates and related parties ("Genesis") in connection

with the Debtors' purchase of student loans from Genesis, (b) ASFG, LLC (n/k/a Campus Student Funding, LLC; hereinafter and together with any of its affiliates and related parties, "ASFG") in connection with program structuring fees, management fees and other fees charged by ASFG in connection with the Debtors' alternative student loan program, (c) ASFG connection with the Debtors' purchase of student loans from ASFG pursuant to a backup loan purchase agreement or otherwise, and (d) ASFG in connection with the Debtors' sale of student loans to ASFG and receivables due to the Debtors upon ASFG's collection of amounts on such loans in excess of the amount advanced by ASFG upon the Debtors' sale of such loans.

6. Any and all claims and causes of action (including chapter 5 causes of action) held by the Debtors against 360training.com and any of its affiliates related to the sale of its QuickStart Intelligence Corporation to 360training.com.Any and all claims and causes of action (including chapter 5 causes of action) held by the Debtors against Goal Structured Solutions and any of its affiliates related to the sale of a portfolio of student loans with a face value of $505 million to Goal Structured Solutions.

7. Any and all claims and causes of action against the Debtors' former professionals, including its auditors (Ernst & Young and Weworski & Associates) for professional malpractice.

8. Any and all Causes of Action of the Debtors against the United States Department of Education, Arne Duncan, Secretary, for adjudications of fact and law and monetary damages resulting from, among other things, breach of contract and breaches of the duties of good faith and fair dealing relating to the Program Participation Agreement and the Operating Agreement and taking without just compensation.

9. Any and all Causes of Action against CalGrant/California Student Aid Committee for amounts owed for services rendered by one or more of the Debtors through and including the Spring Term 2015.

10. Any and all Causes of Action against McKinley Avenue LLC and BMO Harris Bank for amounts improperly garnished from accounts owned by the Debtors. The Debtors also have an Avoidance Action against McKinley Avenue LLC, including a preference claim and other avoidance claims, relating to the alleged garnishment lien.

11. Any and all claims and Causes of Action against the current or former officers and directors of the Debtors (inclusive of those individuals identified in response to Questions 21 and 22 in the Statements of Financial Affairs filed by each of the Debtors under section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, and all amendments and modifications thereto, the "D&Os") related to or in connection with the claims and notices of circumstances of claims previously delivered to the Debtors' insurance carriers and litigation currently pending against the Debtors and certain of the D&Os.

12. Any and all Causes of Action against or related to all Entities that owe or that may in the future owe money to the Debtors or the Distribution Trust. Furthermore, the Debtors expressly reserve all Causes of Action against or related to all Entities who assert or may assert that the Debtors or the Distribution Trust owe money to them.

13. Any and all Causes of Action based in whole or in part upon any and all insurance contracts, insurance policies, occurrence policies, and occurrence contracts to which the Debtors or the Distribution Trust is a party or pursuant to which the Debtors or the Distribution Trust has any rights whatsoever, including Causes of Action against insurance carriers, reinsurance carriers, insurance brokers, third party administrators, underwriters, occurrence carriers, or surety bond issuers related to coverage, indemnity, contribution, reimbursement, or any other matters.

14. Any and all Causes of Action based in whole or in part upon any and all postings of a security deposit, adequate assurance payment, or any other type of deposit or collateral.

15. Any and all Claims, defenses, cross claims, and counterclaims against or related to all Entities that are party to or that may in the future become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal, judicial or non-judicial.

16. All pending litigation in which the Debtors are a plaintiff including but not limited to actions disclosed in the answers to question 4a, Suits and Administrative Proceedings, in the Statements of Financial Affairs filed by each of the Debtors under section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, and all amendments and modifications thereto.

**No Entity may rely on the absence of a specific reference in the Combined Plan and Disclosure Statement or this Plan Supplement to any Cause of Action against them as any**

RLF1 12865417v.1

**indication that the Debtors or the Distribution Trustee will not pursue any and all available Causes of Action against them. The Debtors and the Distribution Trustee expressly reserve all rights to prosecute any and all Causes of Action against any Entity, except as otherwise expressly provided in the Combined Plan and Disclosure statement. Unless any Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Combined Plan and Disclosure Statement or a Bankruptcy Court order, the Debtors expressly reserve all Causes of Action, for later adjudication, and therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise), or laches, shall apply to such Causes of Action upon, after, or as a consequence of the confirmation or consummation of the Combined Plan and Disclosure Statement.**