IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE



| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | Case No. 15-10952 (KJC) |
| | Jointly Administered |
| Debtors. | Re: Docket No. 774 |

### ORDER APPROVING SETTLEMENT AND MUTUAL RELEASE AGREEMENT BETWEEN DEBTORS AND ZENITH EDUCATION GROUP, INC.

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**"): approving the Settlement Agreement between the Debtors and Zenith regarding the release of Escrowed Settlement Amounts pursuant to the Asset Purchase Agreement and settlement of the Zenith Claims arising under the Asset Purchase Agreement, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and that this Court may enter a final order consistent

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing, and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED** to the extent set forth herein.

2. The Settlement Agreement, attached hereto as Exhibit 1, is approved with the following modifications:

   (a) Section 1.1.15 of the Settlement Agreement is deleted and replaced in its entirety as follows:

   > 1.1.15   "Zenith Parties" means collectively Zenith and (i) Educational Credit Management Corporation, ECMC Group, Inc., ECMC Holdings Corp., ECMC Foundation, ECMC Solutions, Inc., ECMC Servicing Corporation, Premiere Credit of North America, LLC; (ii) each of their respective predecessors, successors, and assigns, and (iii) each of their respective past and present employees, officers, directors, shareholders, principals, teachers, staff, members, boards, administrators, agents, attorneys, and representatives.

   (b) The Settlement Agreement is modified to include the following as new Section 4.5:

   > 4.5   Notwithstanding the releases set forth in this Section 4, if any Person first becomes a Zenith Party on or after the Effective Date, such Person shall not be entitled to, nor receive the benefit of, the releases set forth in Section 4.1 of this Agreement. In addition and notwithstanding the releases set forth in this Section 4, any Person who is a former officer or director of any of the Debtors shall not be entitled to, nor receive the benefit of, the releases set forth in Section 4.1 of this Agreement, in such capacity as an officer or director of the Debtors.

3.     The Escrow Agent is authorized and directed to release the Escrowed Settlement Amounts.

4.     Notwithstanding anything to the contrary herein, the Debtors Escrowed Settlement Amount remains subject to the liens of the Administrative Agent, and respective prepetition lenders pursuant to the prepetition loan documents and the Final Cash Collateral Order and will be held by the Debtors pending disbursement to holders of Class 1 Prepetition Lenders Secured Claims under the Plan or as otherwise authorized by the Court.

5.     The Debtors and their officers and agents are authorized and directed to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate and fully execute the Settlement Agreement and effectuate its terms.

6.     Nothing in the Settlement Agreement or this Order shall constitute an assumption or rejection of the Transition Services Agreement under section 365 of the Bankruptcy Code, or be construed to release, waive, relinquish, discharge or otherwise affect the Parties' rights and obligations under the Transition Services Agreement.

7.     This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated:   August 26, 2015
         Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

3