# EXHIBIT B

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | Re: Docket Nos. 521, 646, 655 ~~&~~ , 863 **and 906** |
| | § | |

-------------------------------------------------------------

## ORDER CONFIRMING DEBTORS' THIRD
## AMENDED AND MODIFIED COMBINED DISCLOSURE
## STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION

A HEARING HAVING BEEN HELD BY THE COURT on August 26, 2015 (the "**Confirmation Hearing**"), to consider confirmation of the *Debtors' Third Amended and Modified Combined Disclosure Statement* (the "**Disclosure Statement**") *and Chapter 11 Plan of Liquidation* (as amended on August 27, 2015, the "**Plan**") [Docket No. ~~863~~906], and a final version of which is attached hereto as <u>Exhibit A</u>, proposed by Corinthian Colleges, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**");

THE COURT NOTING that on July 27, 2015, the Court entered the *Order (A) Approving Disclosure Statement, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan of Liquidation, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time and Place for the*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

*Confirmation Hearing and the Deadline for Filing Objections thereto, and (F) Approving Related Notice Procedures* [Docket No. 658] (the "**Solicitation Procedures Order**"), approving, among other things, the Disclosure Statement and the Tabulation Procedures (as each term is defined in the Solicitation Procedures Order);

IT APPEARING TO THE COURT that on July 27, 2015, the Debtors filed the *Notice of (I) Deadline for Casting Votes to Accept or Reject the Debtors' Plan of Liquidation, (II) the Hearing to Consider Confirmation of the Combined Plan and Disclosure Statement and (III) Certain Related Matters* [Docket No. 659] and caused such notice to be served, along with copies of the Plan and the Ballots, where applicable, on the parties set forth in that certain *Affidavit of Service* [Docket No. 712] (the "**AOS**") on July 30, 2015;

IT APPEARING TO THE COURT that the Court-approved solicitation and noticing procedures have been followed as set forth in the *Declaration of Catherine Nownes Whitaker Regarding Analysis of Ballots for Accepting or Rejecting Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation*, dated August 24, 2015 [Docket No. 849] (the "**Rust/Omni Declaration**");

IT FURTHER APPEARING TO THE COURT that the Debtors have filed with the Court the (I) *Notice of Filing Plan Supplement* [Docket No. 767] containing the following: (a) a draft of the Distribution Trust Agreement,[2] and (b) a draft of the Student Trust Agreement; (II) the *Notice of Filing Supplemental Information to Plan Supplement* [Docket No. 870], identifying the initial members of the Oversight Board; (III) the *Notice of Filing of Supplemental Information to Plan Supplement* [Docket No. 871], identifying the Student Trustee and the members of the Managing Board who will oversee, direct, and approve the actions of the Student Trust; and (IV)

---

[2]   Capitalized terms used herein without definition have the meanings provided for in the Plan.  In addition, any term used in the Plan or this Order that is not defined in the Plan or this Order, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules, respectively.

the *Notice of Filing List of Retained Causes of Action as an Addition to the Plan Supplement* [Docket No. 881], identifying Causes of Action being retained by the Debtors and transferred to the Distribution Trust pursuant to the Plan (collectively, the "**Plan** ~~**Supplements**~~**Supplement**," with all documents contained in the Plan ~~Supplements~~ Supplement collectively, the "**Plan Documents**");

IT FURTHER APPEARING TO THE COURT that the deadline for filing objections to the Plan has passed and the following objections have been filed:  (a) the *Letter Response from Dennis Erroll Harvey, Jr.* [Docket No. 742]; (b) the *Texas Comptroller of Public Accounts' Objection to Confirmation of the Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 776]; (c) the *Statement of Wisconsin's Position Regarding the Objection of the People of the State of California and the Commonwealth of Massachusetts to Debtors' Chapter 11 Plan of Liquidation* [Docket No. 794]; (d) the *Objection of the Consumer Financial Protection Bureau to Debtors' Chapter 11 Plan of Liquidation* [Docket No. 808]; (e) the *Objection to the Debtors' Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (Arlington ISD and Eagle Mountain Saginaw ISD) [Docket No. 815]; (f) the *Limited Objection of BRE/OC Griffin, L.L.C. to Confirmation of Debtors' Section Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 818]; (g) the *United States' Objection to Confirmation* [Docket No. 819]; (h) the *Objection by the Internal Revenue Service to Debtor's Plan of Liquidation* [Docket No. 823]; (i) *Objection of Guy Reynolds and Christine Seymour, on Behalf of Themselves and Others Similarly Situated, to Confirmation of Debtors' Second Amended and Modified Chapter 11 Plan of Liquidation* [Docket No. 824]; (j) *Limited Objection of Watt Management Company to Debtors' Second Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 825]; (k) *Objection of the Commonwealth of Massachusetts to*

3

*Debtors' Chapter 11 Plan of Liquidation* [Docket No. 826]; and (l) the *Limited Response of the*
*Official Committee of Student Creditors in Support of Debtors' Second Amended and Modified*
*Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 827]
(collectively, the "**Objections**");

IT FURTHER APPEARING TO THE COURT that the deadline for casting ballots to
accept or reject the Plan has passed and that the results of voting have been certified by Rust
Bankruptcy/Omni Consulting, acting as voting agent, as set forth in the Rust/Omni Declaration;

IT FURTHER APPEARING TO THE COURT that (a) the Debtors have filed the
*Declaration of William J. Nolan in Support of Confirmation of Debtors' Second Amended and*
*Modified Combined Disclosure Statement and Chapter 11 Plan Of Liquidation* [Docket No. 866]
(the "**Nolan Declaration**"), (b) the Debtors have presented testimony, evidence and argument of
counsel in support of confirmation of the Plan, and (c) other parties in interest have had the
opportunity to present additional testimony, evidence or argument of counsel;

NOW, THEREFORE, based upon the Court's review of (a) the Plan, (b) the Plan
Documents, (c) the Nolan Declaration, (d) the Rust/Omni Declaration, (e) the Objections, (f) all
of the evidence proffered or adduced at, filings in connection with, and arguments of counsel
made at, the Confirmation Hearing, and (g) the entire record of the Chapter 11 Cases; and after
due deliberation thereon and good cause appearing therefor, and for the reasons set forth on the
record at the Confirmation Hearing;

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.    *Jurisdiction; Venue; Core Proceeding.*    The Court has jurisdiction over the
Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C.

---

[3] The findings of fact and the conclusions of law stated in this Confirmation Order shall constitute findings of fact
and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to the proceeding by Fed. R. Bankr.
P. 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed,
and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

§§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) upon which this Court may issue a final order, and confirmation of a plan by this Court is a constitutional exercise of the jurisdiction conferred by Congress on this Court. This Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.    *Judicial Notice*. The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed with, all orders entered by, and all evidence and argument made, proffered or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

C.    *Transmittal and Mailing of Solicitation Materials and Notices*. The solicitation materials and notices prescribed by the Solicitation Procedures Order were served in compliance with the Solicitation Procedures Order, and such service was appropriate and sufficient. Appropriate and sufficient notice of the Confirmation Hearing and the other deadlines and matters required to be noticed pursuant to the Solicitation Procedures Order was given in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Solicitation Procedures Order, and no other or further notice is or shall be required.

D.    *Adequacy of Solicitation Procedures*. All procedures used to distribute the solicitation materials to the appropriate creditors and interest holders entitled to vote on the Plan and to tabulate the ballots returned by creditors and interest holders were fair and were conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Solicitation Procedures Order. Votes for acceptance or rejection of the Plan were solicited and cast in good faith, and only after transmittal of a disclosure statement containing

5

adequate information, and otherwise in compliance with 11 U.S.C. §§ 1125 and 1126 and Fed. R. Bankr. P. 3017 and 3018.

E.    *Good Faith Solicitation -- 11 U.S.C. § 1125(e)*.  Based upon the record before the Court, the Debtors and their Professionals, as well as the Committees and the Prepetition Secured Parties have acted in good faith within the meaning of 11 U.S.C. §§ 1125(e) and 1129(a)(3), and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Solicitation Procedures Order in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in 11 U.S.C. § 1125, and are entitled to the protections afforded by 11 U.S.C. § 1125(e) and, to the extent applicable, the exculpation and injunctive provisions set forth in Article XIII of the Plan.

F.    *Impaired Classes that Have Voted to Accept or Reject the Plan*.  Classes 1, 4 and 5 are each impaired under and entitled to vote on the Plan.  As evidenced by the Rust/Omni Declaration, which certified both the method and results of the voting, Classes 1, 4, and 5 have voted to accept the Plan pursuant to the requirements of 11 U.S.C. §§ 1124 and 1126.

G.    *Classes Deemed to Accept Plan*.  Classes 2 and 3 are unimpaired under the Plan. Pursuant to 11 U.S.C. § 1126(f), holders of such unimpaired Claims are conclusively presumed to have accepted the Plan.

H.    *Classes Deemed to Reject the Plan*.  Classes 6 and 7 are impaired and will not receive or retain any property under the Plan.  Pursuant to 11 U.S.C. § 1126(g), holders of such impaired Claims are conclusively presumed to have rejected the Plan.

I.    *Releases, Exculpations and Injunctions*.  The release, exculpation and injunction provisions set forth in Section XIII of the Plan: (a) are within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), 1334(b) and 1334(d); (b) are essential to the successful implementation of the Plan pursuant to 11 U.S.C. § 1123(a)(5); (c) are an integral element of the transactions

incorporated into the Plan; (d) confer material benefits on, and are in the best interests of, the Debtors, the Estates and their creditors; and (e) are consistent with 11 U.S.C. §§ 105, 1123 and 1129, and other applicable provisions of the Bankruptcy Code.  With respect to the releases provided pursuant to Section XIII.C.2 of the Plan by the Holders of Claims who did not opt out of such releases, such releases are (a) consensual, (b) in exchange for the good and valuable consideration provided by the Holder Releasees, representing a good faith settlement and compromise of any claims released therein; (c) in the best interests of the Debtors and all holders of Claims; (d) narrowly tailored; (e) fair, equitable and reasonable; and (f) a bar to any of the releasing parties' assertion of any claim released by such provisions.  The record of the Confirmation Hearing and the Chapter 11 Cases is sufficient to support the release, exculpation and injunction provisions contained in the Plan.

J.      *Administrative Consolidation*.  Section XVII.Q provides for the administrative consolidation of the Estates for administrative purposes.  The Disclosure Statement expressly advised the Holders of Claims and Equity Interests of such consolidation and no such Holder objected to such consolidation.  The Plan provides that Holders of Claims and Equity Interests against more than one Debtor are classified in consolidated classes of Claims against and Equity Interests in all Debtors in Section VII of the Plan for administrative convenience with respect to voting and the making of Distributions on account of Claims and Equity Interests.  Such administrative consolidation shall not affect:  (a) the legal and corporate structures of the Debtors; (b) Equity Interests between and among the Debtors; (c) Distributions from any Insurance Policies or proceeds of such policies; (d) the vesting of assets in the Distribution Trust or the Student Trust; or (e) the reporting of disbursements and the payment of Statutory Fees, including those under 28 U.S.C. § 1930(a)(6). In addition, such administrative consolidation shall not constitute a waiver of the mutuality requirement for setoff under section 553 of the

7

Bankruptcy Code.  Accordingly, the administrative consolidation provided for in the Plan is consistent with the requirements of the Bankruptcy Code.

K.    *Plan Compliance with Bankruptcy Code -- 11 U.S.C. § 1129(a)(1)*.  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(1).

(i)    *Proper Classification -- 11 U.S.C. §§ 1122, 1123(a)(1)*.  Aside from Administrative Expense Claims and Priority Tax Claims, which need not be classified, the Plan designates seven Classes of Claims and Equity Interests against the Debtors. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class.  Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate among holders of Claims and Interests.  Thus, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

(ii)    *Specify Unimpaired Classes -- 11 U.S.C. § 1123(a)(2)*.  Section VII of the Plan specifies that Classes 2 and 3 are unimpaired under the Plan, thereby satisfying 11 U.S.C. § 1123(a)(2).

(iii)    *Specify Treatment of Impaired Classes -- 11 U.S.C. § 1123(a)(3)*.  Section VII of the Plan specifies that Classes 1, 4, 5, 6 and 7 are impaired, and Sections VII.A.1 and VII.A.4 - VII.A.7 of the Plan specify the treatment of Claims and Equity Interests in those Classes, thereby satisfying 11 U.S.C. § 1123(a)(3).

(iv)    *No Discrimination -- 11 U.S.C. § 1123(a)(4)*.  The Plan provides for the same treatment by the Debtors for each Claim or Equity Interest in each respective Class

8

unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying 11 U.S.C. § 1123(a)(4).

(v)     *Implementation of Plan -- 11 U.S.C. § 1123(a)(5)*.   The Plan provides adequate and proper means for its implementation, thereby satisfying 11 U.S.C. § 1123(a)(5).

(vi)     *Non-Voting Equity Securities -- 11 U.S.C. § 1123(a)(6)*.   The Debtors have settled and closed their businesses.   Moreover, the Plan provides for the disposal and conveyance of the Debtors' remaining assets and for the distribution of the proceeds thereof to the Holders of Allowed Claims in accordance with the terms thereof.   ~~As a result, upon the Effective Date, the Debtors shall be deemed dissolved for all purposes and of no further legal existence under any applicable state or federal~~ Moreover, the Plan authorizes the Debtors to take any and all steps necessary to effectuate their dissolution under applicable state law.   Accordingly, no securities will be issued by the Debtors. Therefore, 11 U.S.C. § 1123(a)(6) is not applicable.

(vii)     *Selection of Distribution Trustee and Student Trustee -- 11 U.S.C. § 1123(a)(7)*.   The Debtors and/or the Committees have properly and adequately disclosed the identity and affiliations of all individuals proposed to serve on or after the Effective Date as (a) the Distribution Trustee and (b) the Student Trustee, and the manner of selection and appointment of such individuals is consistent with the interests of Holders of Claims and with public policy and, accordingly satisfies the requirements of 11 U.S.C. § 1123(a)(7).

(viii)     *Additional Plan Provisions -- 11 U.S.C. § 1123(b)*.   The Plan's additional provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

(ix) *Compliance with Fed. R. Bankr. P. 3016*.  The Plan is dated and identifies the entities submitting it, thereby satisfying Fed. R. Bankr. P. 3016(a).  The filing of the Disclosure Statement with the Court satisfies Fed. R. Bankr. P. 3016(b).  Further, the Plan and Disclosure Statement describe in specific and conspicuous language all acts to be enjoined and identify the entities that are subject to the injunction, satisfying Fed. R. Bankr. P. 3016(c) to the extent applicable.

(x) *Compliance with Fed. R. Bankr. P. 3017*.  The Debtors have given notice of the Confirmation Hearing as required by Fed. R. Bankr. P. 3017(d) and the Solicitation Procedures Order.  As reflected by, among other things, the AOS and the Rust/Omni Declaration, the solicitation materials prescribed by the Solicitation Procedures Order were transmitted to creditors and interest holders entitled to vote on the Plan in accordance with Fed. R. Bankr. P. 3017(d).

(xi) *Compliance with Fed. R. Bankr. P. 3018*.  The solicitation of votes to accept or reject the Plan satisfies Fed. R. Bankr. P. 3018.  The Plan was transmitted to all creditors and interests holders entitled to vote on the Plan, sufficient time was prescribed for such creditors and interest holders to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with 11 U.S.C. §§ 1125 and 1126, thereby satisfying the requirements of Fed. R. Bankr. P. 3018.

L.    *Compliance with Bankruptcy Code -- 11 U.S.C. § 1129(a)(2)*.  The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2).

M.    *Plan Proposed in Good Faith -- 11 U.S.C. § 1129(a)(3)*.  The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. § 1129(a)(3).  In determining that the Plan has been proposed in good faith, the Court has

examined the totality of the circumstances surrounding the formulation of the Plan.  The Debtors filed these Chapter 11 Cases and the Plan was proposed with legitimate and honest purposes including, among other things, maximization of the recovery to creditors and interest holders under the circumstances of the case.  The Plan and the agreements implemented by the Plan are the result of extensive, arm's-length, good faith negotiations between and among the principal constituencies in these Chapter 11 Cases.  Furthermore, the Plan is consistent with the best interests of the Estates, creditors, interest holders and other stakeholders.

N.     *Payments for Services or Costs and Expenses -- 11 U.S.C. § 1129(a)(4)*.  All payments made or to be made by the Debtors or by a person acquiring property under the Plan, for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying 11 U.S.C. § 1129(a)(4).

O.     *Director, Officers and Insiders -- 11 U.S.C. § 1129(a)(5)*.  Immediately upon the Effective Date, the Debtors' directors and officers shall be deemed to have resigned. Additionally, as set forth above, the Debtors and/or the Committees have properly and adequately disclosed the identity and affiliations of all individuals proposed to serve on or after the Effective Date as (a) the Distribution Trustee and (b) the Student Trustee, as well as the identities of the initial members of the Oversight Board for the Distribution Trust and the Managing Board for the Student Trust.

P.     *No Rate Changes -- 11 U.S.C. § 1129(a)(6)*. There is no regulatory commission having jurisdiction after confirmation of the Plan over the rates of the Debtors and no rate change provided for in the Plan requiring approval of any such commission.  Therefore, 11 U.S.C. § 1129(a)(6) is not applicable.

Q.    *Best Interests of Creditors -- 11 U.S.C. § 1129(a)(7)*.  The Plan satisfies 11 U.S.C. § 1129(a)(7).  The liquidation analysis included in the Disclosure Statement, including, but not limited to Section III.H thereof, and any other evidence proffered or adduced at the Confirmation Hearing (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establish that each holder of an impaired Claim or Equity Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date. Because the majority of the Debtors' assets have already been liquidated to Cash, the value of any Distributions if the Debtors' Chapter 11 Cases were converted to a case under Chapter 7 of the Bankruptcy Code would be less than the value of Distributions under the Plan. This is because conversion of the Chapter 11 Cases to chapter 7 cases would require the appointment of a chapter 7 trustee, and in turn, such chapter 7 trustee's likely retention of new professionals. The "learning curve" that the trustee and new professionals would be faced with comes with potentially additional costs to the Estates and with a delay compared to the time of Distributions under the Plan (and prosecution of Causes of Action).  ~~Worse still~~Furthermore, a chapter 7 trustee would be entitled to statutory fees relating to the Distributions of the already monetized assets made to creditors. Accordingly, a portion of the cash currently available for Distribution to Holders of Claims, including unsecured creditors, would instead be paid to the chapter 7 trustee.

As a result, the Estates would have fewer funds to be distributed in a hypothetical chapter 7 liquidation than they will upon confirmation of the Plan, and therefore Holders of Claims in all Impaired Classes (other than potentially Class 1 - Prepetition Lenders Secured Claims) will recover less than in the hypothetical chapter 7 cases.  In addition, the Plan contains a number of concessions by the Prepetition Secured Parties that will likely result in a greater recovery for the

RLF1 ~~12812184v.4~~12895110v.1

Holders of Allowed General Unsecured Claims, Allowed Student Claims and Allowed Government Education Claims.  Among other things, the Prepetition Secured Parties have agreed to: (i) satisfy first out of their collateral all outstanding Administrative Claims, Priority Claims and Other Priority Claims (other than (i) the Student 507(a)(7) Deposit Claims, which shall be satisfied from the Student Trust Assets, (ii) $150,000 of the Non-Subordinated WARN 507(a)(4) Claim, which shall be satisfied, in part, from the Student Refund Reserve, and (iii) the Subordinated WARN 507(a)(4) Claim, which shall be satisfied in accordance with Section IX.C of the Combined Plan and Disclosure Statement); (ii) to reduce the Pro Rata share of any Distributions from the Distribution Trust on account of the Prepetition Lenders Deficiency Claims by approximately fifteen (15) percent so that Holders of General Unsecured Claims may receive a greater Pro Rata share of such Distributions; (iii) release their Liens on the proceeds of Avoidance Actions, and allow such proceeds to be transferred to the Distribution Trust for the benefit of all Beneficiaries thereof; and (iv) release their Liens on Cash Collateral to allow the use of the Distribution Trust Seed Money to provide necessary funding for the Distribution Trust.  The consideration being provided by the Prepetition Secured Parties would not be available in a hypothetical chapter 7 liquidation, thereby reducing the potential recoveries to other Holders of Allowed General Unsecured Claims.  The Prepetition Secured Parties are also forgoing any recoveries from, and releasing any Liens they may otherwise have had on funds released from, the Student Refund Reserve, which has an estimated value of approximately $4.3 million, for the benefit of the Beneficiaries of the Student Trust.[4]  Absent the compromises contained in the Plan, this value would constitute property of the Debtors' estates subject to Distribution in accordance with the priorities afforded under the Bankruptcy Code.  In turn, that would mean that there would be no funding of any Student Claims Benefit Program, which may

---

[4]    $150,000 of the Student Refund Reserve shall be used to pay the Non-Subordinated WARN 507(a)(4) Claim in accordance with Section VIII.A.3.c of the Plan.

RLF1 12812184v.412895110v.1

include outreach programs and assistance for Students in seeking discharges or releases of their student loan obligations.  The Student Claims Benefit Programs will be an immediate and impactful benefit to all Holders of Allowed Student Claims.  Without the structure of the Plan, and the settlements contained therein, all of the Creditors with Claims of lower priority than Secured Claims would likely receive a diminished recovery on account of their Claims. Accordingly, the "best interests" test of Bankruptcy Code section 1129 is satisfied.

R.    *Acceptance or Rejection by Certain Classes -- 11 U.S.C. § 1129(a)(8)*.  Classes 2 and 3 are Classes of unimpaired Claims that are conclusively presumed to have accepted the Plan under 11 U.S.C. § 1126(f).  Classes 1, 4 and 5 are impaired and have voted to accept the Plan. Classes 6 and 7 are impaired and deemed to have rejected the Plan.

S.    *Treatment of Administrative Expense Claims and Priority Tax Claims -- 11 U.S.C. § 1129(a)(9)*.  The treatment of Administrative Expense Claims and Priority Tax Claims pursuant to Sections VI.B and VI.C of the Plan satisfies the requirements of 11 U.S.C. §§ 1129(a)(9)(A), (B) and (C).

T.    *Acceptance by Impaired Class -- 11 U.S.C. § 1129(a)(10)*.  All of the Classes entitled to vote have voted to accept the Plan in accordance with 11 U.S.C. § 1126(c).  The accepting Classes have accepted the Plan even without the votes of insiders with Allowed Claims.  Therefore, the requirement of 11 U.S.C. § 1129(a)(10) that at least one Class of Claims against the Debtors that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider, has been satisfied.

U.    *Feasibility -- 11 U.S.C. § 1129(a)(11)*.  The Disclosure Statement, the Nolan Declaration and other evidence proffered or adduced by the Debtors at or prior to the Confirmation Hearing with respect to feasibility (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establish that confirmation of the Plan is not likely

to be followed by the need for further financial reorganization, of either the Distribution Trust or the Student Trust.  Based upon the foregoing, the Court finds that the Debtors have satisfied the requirements of 11 U.S.C. § 1129(a)(11).

V.    *Payment of Fees -- 11 U.S.C. § 1129(a)(12)*.  All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid within seven (7) Business Days after the Confirmation Date pursuant to Section VI.E of the Plan, thus satisfying the requirements of 11 U.S.C. § 1129(a)(12).

W.    *Continuation of Retiree Benefits -- 11 U.S.C. § 1129(a)(13)*.  The Debtors do not provide "retiree benefits" as such term is defined in section 1144 of the Bankruptcy Code. Therefore, section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Plan.

X.    *Transfers of Property – 11 U.S.C. § 1129(a)(16)*.  None of the Debtors are a nonprofit corporation and, therefore, 11 U.S.C. § 1129(a)(16) is not applicable.

Y.    *Fair and Equitable; No Unfair Discrimination as to Rejecting Classes -- 11 U.S.C. § 1129(b)*.  Classes 6 and 7 are deemed to reject the Plan.  The Plan does not discriminate unfairly and is fair and equitable with respect to Classes 6 and 7 as required by 11 U.S.C. § 1129(b)(1).  Thus, the Plan may be confirmed notwithstanding 11 U.S.C. § 1129(a)(8).  Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of Classes 6 and 7 and meets the criteria of 11 U.S.C. § 1129(b)(2)(C)(i).  In addition, because no Class lower in the capital structure of the Debtors than Class 7 will retain any interest, and Class 7 Equity Interest Holders will receive what the market has determined is the value of their Equity Interests.

Z.    *Only One Plan -- 11 U.S.C. § 1129(c)*.  Other than the Plan (including previous versions thereof), no other plan has been filed in the Chapter 11 Cases.  Accordingly, the requirements of 11 U.S.C. § 1129(c) have been satisfied.

AA.     *Principal Purpose -- 11 U.S.C. § 1129(d)*.  The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of Section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any such grounds.  The Plan, therefore, satisfies the requirements of 11 U.S.C. § 1129(d).

BB.     *Status of Student 507(a)(7) Deposit Claims Arising from the Deposit of Title IV Funds*.  Following the closure of the Debtors' schools, the Debtors and/or their agents attempted to (i) reverse all charges to student accounts for current Students attending quarter based programs for the terms that were scheduled to run from April 2015 to July 2015, (ii) credit all student accounts for current Students attending diploma programs (including "clock hour") for the portion of the program they were unable to attend due to such closure, and (iii) credit all student accounts for Students that had a credit balance outstanding regardless of whether or not a check for such credit balance was actually issued to the Student, but was never cashed or honored (collectively, the "**Credits and/or Reversals**").  The Debtors and/or their agents then performed return to Title IV calculations on all student accounts in all programs, and then sent student level return files to the Dept. of ED so that all Credits and/or Reversals could properly be applied to Students' federal loan accounts and other sources of Title IV aid.  As a result of the foregoing Credit and Reversal process and the ability to reconcile and any correct any mistakes in this regard pursuant to Section X.H. of the Plan, the Debtors do not believe that any Student holds (or should hold) a Student 507(a)(7) Deposit Claim arising from the deposit of Title IV funds.

CC.     *No Objection to Disposition of Contracts and Leases*.  No party to an executory contract or unexpired lease to be assumed by the Debtors pursuant to the Plan or rejected by the Debtors pursuant to the Plan has objected to the assumption or rejection thereof.  Each rejection of an executory contract or unexpired lease under the Plan shall be legal, valid and binding upon

16

the Debtors, the Trusts and all non-Debtor parties to such executory contract or unexpired leases, all to the same extent as if the rejection had been effectuated by motion.

DD.    *Retention and Preservation of Causes of Action*.  It is in the best interests of the Debtors' Estates and their Creditors that Causes of Action be retained by, and transferred to, the Distribution Trust, and as specified in the Plan Documents, they are so retained and transferred, subject, however, to any releases provided in the Combined Plan and Disclosure Statement, the Confirmation Order, the Final Cash Collateral Order, or any other Final Order of this Court.

EE.    *Engagement in Business*.  Because the Debtors will cease to exist following the Effective Date, and therefore will not engage in business following consummation of the Plan, 11 U.S.C. § 1141(d)(3) is not applicable.

FF.    *Burden of Proof*.  The Debtors have met their burden of proving the elements of 11 U.S.C. §§ 1129(a) and (b) by a preponderance of the evidence.

GG.    *Satisfaction of Confirmation Requirements*.  The Plan satisfies the requirements for confirmation set forth in 11 U.S.C. § 1129.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    Confirmation of Plan.  The Plan is approved and confirmed under 11 U.S.C. § 1129.  The terms of each of the Plan Documents (including, without limitation, the Distribution Trust Agreement and the Student Trust Agreement) are approved, incorporated by reference into, and an integral part of the Plan, and all parties are authorized to comply with the terms thereof.

2.    Overruling of Objections.  The Objections, and any other objections raised at or before the Confirmation Hearing, which were not otherwise withdrawn or resolved herein or by the Plan, to the extent not resolved, are overruled.

3.    Incorporation of Terms and Provisions of Plan.  The terms and provisions of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.  Each

17

term and provision of the Plan is valid, binding and enforceable as though fully set forth herein. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.  The failure specifically to include or reference any particular term or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such term and provision, it being the intent of the Court that the Plan be confirmed in its entirety.

4.      Binding Effect.  Pursuant to section 1141 of the Bankruptcy Code, effective on the Effective Date, and except as expressly provided in this Confirmation Order, the Plan and its provisions shall be binding upon the Debtors, the Creditors' Committee, the Student Committee, the Distribution Trust, the Student Trust, the Distribution Trustee, the Student Trustee, any individual or entity acquiring or receiving property or a distribution under the Plan and any holder of a Claim against or Equity Interest in the Debtors, including all governmental entities, whether or not the Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.  Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a) and the provisions of this Confirmation Order, from and after the Effective Date, the Debtors, the Creditors' Committee, the Student Committee, the Distribution Trust, the Student Trust, the Distribution Trustee, the Student Trustee shall comply with the Plan, the Plan Documents and all other Plan-related documents, and the Plan, the Plan Documents and all other Plan-related documents shall be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

5.      Notice.  Good and sufficient notice of the Confirmation Hearing and the deadline for filing and serving objections to the Plan and confirmation thereof has been provided, which notice is hereby approved.

6.      <u>Application of Absolute Priority Rule</u>.  The Plan satisfies the requirements of 11 U.S.C. § 1129(b) with respect to Class 7.  Therefore, the treatment of the Equity Interests in Classes 7 is approved.

7.      <u>Releases</u>.  The release provisions of Section XIII.C of the Plan are approved, are incorporated by reference into and are an integral part of this Confirmation Order.  Such provisions shall be effective in accordance with their terms.

8.      <u>Injunction</u>.  The injunction provisions of Section XIII.A of the Plan are approved, are incorporated by reference into and are an integral part of this Confirmation Order.  Such provisions shall be effective in accordance with their terms.

9.      <u>Exculpation</u>.   The exculpation provisions of Section XIII.B of the Plan are approved, are incorporated by reference into and are an integral part of this Confirmation Order. Such provisions shall be effective in accordance with their terms.

10.      <u>Cancellation of Interests</u>.  Pursuant to Section VIII.A.7.c of the Plan, except as otherwise specifically provided in the Plan or in this Confirmation Order, all Equity Interests shall be cancelled, deemed terminated and of no further force and effect.

11.      <u>Plan Implementation Authorization</u>.   All implementing actions required or contemplated by the Plan, including the appointments of the Distribution Trustee and the Student Trustee, and the vesting of the Distribution Trust Assets in the Distribution Trust and the Student Trust Assets in the Student Trust, are hereby authorized and approved in all respects in accordance with the Plan.  The Distribution Trust and the Student Trust shall be deemed for all purposes to have been created in connection with the Plan and this Confirmation Order.  The Distribution Trustee and the Student Trustee are authorized to take any action as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, whether or not specifically referred to in the Plan or any exhibit thereto, without further order of

the Court or further action by the Debtors or either trust (as applicable) or any other person.  For the avoidance of doubt, the Debtors and their respective officers and directors and the Distribution Trust, Distribution Trustee, Student Trust and Student Trustee are authorized and empowered to take any and all actions necessary or desirable to implement the transactions contemplated by the Plan and this Confirmation Order, including, without limitation, (i) executing, delivering and performing under the Plan Documents and all other Plan-related documents and (ii) dissolving the Debtors, in each case without any requirement of further vote, consent, approval, authorization or other action by the stockholders, officers or directors, or notice to, order of, or hearing before this Court.  Further, the Debtors, the Distribution Trust or the Distribution Trustee, as applicable, are authorized to file the required documents providing for such dissolution with the State of Delaware or any other applicable state without bringing franchise taxes current and regardless of whether the entities are in good standing.

12.    <u>Governmental Approvals Not Required</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments or agreements, and any amendments or modifications thereto.

13.    <u>Dissolution of the Committees</u>.   Upon the occurrence of the Effective Date, the Creditors' Committee and the Student Committee shall dissolve automatically, whereupon their members, professionals and agents shall be released from any duties and responsibilities in the Chapter 11 Cases and under the Bankruptcy Code (except with respect to (i) obligations arising under confidentiality agreements, which shall remain in full force and effect, (ii) applications for payment of fees and reimbursement of expenses of Professionals, and (iii) any pending motions

or motions for other actions seeking enforcement of implementation of the provisions of the Combined Plan and Disclosure Statement).

14.    Dissolution of the Debtors.    Immediately following the distribution of all of the Debtors' and the Estates' property pursuant to the terms of the Plan, on the Effective Date, (i) the Debtors' directors and officers and any remaining employees shall be deemed to have resigned and ~~the Debtors shall be deemed dissolved for all purposes and of no further legal existence under any~~ (ii) the Debtors and/or the Distribution Trust, as the case may be, are authorized to take any and all actions necessary to effectuate the Debtors' dissolution for all purposes under applicable state ~~or federal~~ law.  The Debtors and the Distribution Trustee are further authorized to take all such further action as is necessary following the Confirmation Date to implement the foregoing.

15.    Exemption from Certain Transfer Taxes.    Pursuant to 11 U.S.C. § 1146(a), any transfers from the Debtors to the Distribution Trust, the Student Trust or any other person pursuant to, in contemplation of, or in connection with the Plan, shall not be taxed under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax, sales or use tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or government assessment, and the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.  Such exemption specifically applies, without limitation, to all documents necessary to evidence and implement distributions under the Plan, including the documents contained in the Plan Supplement and all documents necessary to evidence and implement any of the transactions and actions described in the Plan or the Plan Supplement.  For

21

the avoidance of doubt, ~~the Sale and~~ all ~~other~~ pre-confirmation transfers or sales do not qualify for an exemption pursuant to Section 1146(a) of the Bankruptcy Code.

16.    <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan, or any other amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

17.    <u>Approval of Rejection of Contracts and Leases</u>.   On the Effective Date, all Executory Contracts and unexpired leases not assumed, not subject to a pending motion to assume and/or assign as of the Effective Date, or not rejected before the Effective Date will be deemed rejected pursuant to this Confirmation Order; provided, however, for the avoidance of doubt, that no interest of the Debtors or their Estates in any policy of insurance, including, without limitation, the D&O Policies, is rejected.

18.    <u>Claims Based on Rejection of Executory Contracts</u>.   Claims created by the rejection of Executory Contracts pursuant to Section XIV.A of the Plan must be filed with the Claims Agent by no later than thirty (30) days after the later of (i) notice of entry of this Confirmation Order and the occurrence of the Effective Date, and (ii) other notice that the Executory Contract has been rejected.   Except as expressly provided in the Plan or this Confirmation Order, any Claims arising from the rejection of an Executory Contract or unexpired lease pursuant to Section XIV.A for which proofs of Claim are not timely filed within that time period will be forever barred from assertion against the Debtors, the Estates, their successors and assigns, and their assets and properties.

19.    <u>Administrative Consolidation; Closing of Cases Other than Case No. 15-10952 (KJC)</u>.  The administrative consolidation of the Debtors' estates for all purposes of the Chapter 11 Cases and the Plan, as set forth more fully in Section XVII.Q of the Plan, is hereby

approved and shall be deemed to occur on the Effective Date.  All of the Chapter 11 Cases of the Debtors other than Corinthian Colleges, Inc., Case No. 15-10952 (KJC) (the "**CCI Case**") shall be closed upon the entry of this Confirmation Order.

20.    <u>Transfers by Debtors; Vesting of Assets</u>.  All transfers of property of the Estates, including, without limitation, the vesting of the Distribution Trust Assets in the Distribution Trust and the vesting of the Student Trust Assets in the Student Trust, (a) are legal, valid and effective transfers of property, (b) vest the transferees with good title to such property free and clear of all Claims, interests, Liens, charges or other encumbrances, except as expressly provided in the Plan or this Confirmation Order, (c) do not and will not constitute avoidable transfers under the Bankruptcy Code or under applicable law, (d) do not and will not subject the Distribution Trust, the Distribution Trustee, the Student Trust or the Student Trustee to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, any laws affecting successor, transferee or stamp or recording tax liability, and (e) are for good consideration and value.  All Distribution Trust Assets shall vest in the Distribution Trust free and clear of all Claims, interests, Liens, charges and other encumbrances.  All Student Trust Assets shall vest in the Student Trust free and clear of all Claims, interests, Liens, charges and other encumbrances.  Such vesting does not constitute a voidable transfer under the Bankruptcy Code or applicable non-bankruptcy law.

21.    <u>Retention and Preservation of Causes of Action</u>.  Pursuant to the Plan, the Causes of Action, including those identified in the Plan Supplement, shall be and are hereby preserved and retained, and shall, upon the Effective Date, be transferred to, the Distribution Trust, subject, however, to any releases provided in the Combined Plan and Disclosure Statement, the Confirmation Order, the Final Cash Collateral Order, or any other Final Order of this Court.

RLF1 ~~12812184v.4~~12895110v.1

22.     <u>Transfer of Documents from the Student Committee to the Student Trust</u>.  The Student Committee is hereby authorized to turn over any and all documents, materials, or other information that it has received to the Student Trust as a successor in interest and the Student Trustee shall be bound by any agreements to which the Student Committee was a party with respect to receipt of such documents.

23.     <u>Ratification of Distribution Record Dates</u>.  To facilitate the distribution process, the Court hereby confirms that the Distribution Record Date applicable to Allowed Claims is (i) the General Bar Date for all non-governmental Entities and Persons; and (ii) the Governmental Bar Date for Governmental Units.   The Distribution Trust, the Distribution Trustee, the Student Trust, the Student Trustee and each of their respective agents, successors, and assigns shall have no obligation to recognize, and may disregard without any liability, any transfer of Claims occurring after the Distribution Record Date.

24.     <u>Effect of Conflict Between Plan and Confirmation Order</u>.  The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

25.     <u>Modification</u>.  The Plan may be modified in accordance with Section XVII.A of the Plan.

26.     <u>Reversal</u>.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified or vacated by subsequent order of the Court or any other court, in the absence of a stay of this Confirmation Order, such reversal, modification or vacatur shall not affect the

validity of the acts or obligations incurred or undertaken in good faith under or in connection with the Plan prior to the Debtors', the Distribution Trust's, the Distribution Trustee's, the Student Trust's or the Student Trustee's receipt of written notice of any such order. Notwithstanding any such reversal, modification or vacatur of this Confirmation Order, in the absence of a stay of this Confirmation Order, any such act or obligation incurred or undertaken in good faith pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

27.    <u>Authorization to Consummate Plan</u>.  Notwithstanding Fed. R. Bankr. P. 3020(e), this Confirmation Order shall take effect immediately upon its entry and the Debtors are authorized to consummate the Plan immediately after entry of this Confirmation Order and the satisfaction or waiver of all other conditions to the Effective Date of the Plan, in accordance with the terms of the Plan.  The Plan shall only become effective on the Effective Date.

28.    <u>Administrative Expense Bar Date</u>.  Requests for payment of Administrative Expense Claims (other than Fee Claims, the Prepetition Lenders Adequate Protection Claims and Claims subject to section 503(b)(1)(D)) must be filed no later than sixty (60) days after the Effective Date.   Holders of Administrative Expense Claims (other than Fee Claims, the Prepetition Lenders Adequate Protection Claims and Claims subject to section 503(b)(1)(D)) that do not file requests for the allowance and payment therefore on or before the Administrative Expense Bar Date shall forever be barred from asserting such Administrative Expense Claims against the Debtors or their Estates.

29.    <u>Bar Date for Professional Fee Claims</u>.  Professionals or other Entities asserting a Fee Claim for services rendered before the Effective Date must File and serve on the Distribution Trustee and such other Entities who are designated by the Bankruptcy Rules, the Confirmation

Order, the Fee Order or other order of the Bankruptcy Court a Final Fee Application no later than 45 days after the Effective Date.

30.    <u>Credit and/or Reversal</u>.  If it is later determined upon audit by the Dept. of ED or the Student Trust that any Credit and/or Reversal was inadvertently missed or miscalculated or was not correctly transmitted to the Dept. of ED or correctly posted by the Dept. of ED to such student's file, then (i) the Dept. of ED and/or the Student Trust is fully authorized and directed to make such Credits and/or Reversals to student files after the Effective Date, or (ii) the Court may enter an order after notice and a hearing directing that such Credit and/or Reversal be made

31.    <u>Resolution of IRS Objection</u>.  Notwithstanding any provision to the contrary in this Order or in any Plan Documents, nothing shall: (a) affect the ability of the Internal Revenue Service (the "**IRS**") to pursue any non-debtors to the extent allowed by non-bankruptcy law for any liabilities that may be related to any federal tax liabilities owed by the Debtors or the Estates; (b) affect the rights of the United States to assert setoff and recoupment and such rights are expressly preserved; (c) cause IRS penalties to be automatically disallowed and such penalties shall be treated, assessed and collected in accordance with applicable federal law; or (d) require the IRS to file an administrative claim in order to receive payment for any liability described in sections 503(b)(1)(B) and (C).  To the extent that Allowed Priority Tax Claims held by the IRS (including any penalties, interest or additions to tax entitled to priority under the Bankruptcy Code), if any, are not paid in full in cash on the Effective Date, such Allowed Priority Tax Claims shall accrue interest commencing on the Effective Date at the rate and method set forth in 26 U.S.C. Sections 6621 and 6622.  IRS Administrative Expense Claims that are Allowed pursuant to section 503 of the Bankruptcy Code shall accrue interest and penalties as provided by non-bankruptcy law until paid in full.  Moreover, nothing in this Order or the Plan Documents shall: (a)  effect a release, discharge or otherwise preclude any Claim whatsoever against any

26

Debtor by or on behalf of the IRS relating to any liability arising out of any unfiled pre-petition tax return or any pending audit or audit which may be performed with respect to any pre-petition tax return; and (b) nothing shall enjoin the IRS from amending any claim against any Debtor with respect to any tax liability arising as a result of the filing of an unfiled return or a pending audit or audit that may be performed with respect to any pre-petition or administrative tax return. Further, any liability arising as a result of an unfiled return or final resolution of a pending audit or audit that may be performed with respect to any pre-petition tax return shall be paid in accordance with sections 1129(a)(9)(A) and (C) to the extent required thereunder.

32.    _Notice of Effective Date_.  Within five (5) Business Days following the occurrence of the Effective Date, the Distribution Trustee shall file notice of the Effective Date with the Court and serve a copy of such notice on the parties that have requested notice pursuant to Bankruptcy Rule 2002; which notice shall also serve as notice of the entry of this Order under Bankruptcy Rule 2002(f).

33.    _Substantial Consummation_.    Substantial consummation of the Plan shall be deemed to occur on the Effective Date.

34.    _Final Decree; Dissolution_.    After the Distribution Trust fulfills the standards necessary in order to close the CCI Case, the Distribution Trustee shall file a final decree motion requesting the entry of a final decree pursuant to section 350(a) of the Bankruptcy Code.

35.    _Continuation of Automatic Stay_.  Except as otherwise expressly provided in the Plan, this Confirmation Order, or a separate Order of this Court, all injunctions or stays provided for in the Chapter 11 cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existences on the Confirmation Date, shall remain in full force and effect until the occurrence of the Effective Date.

RLF1 12812184v.412895110v.1

36.    <u>Retention of Jurisdiction</u>.  This Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, without limitation, jurisdiction to:

(a)    hear and determine any objections to Claims and to address any issues relating to Disputed Claims;

(b)    enter and implement such Orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(c)    issue such Orders in aid of execution and consummation of the Plan, the Distribution Trust Agreement and the Student Trust Agreement, to the extent authorized by section 1142 of the Bankruptcy Code;

(d)    consider any amendments to or modifications of the Plan, the Distribution Trust Agreement and the Student Trust Agreement, to cure any defect or omission, or reconcile any inconsistency in any Order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(e)    hear and determine all requests for compensation and reimbursement of expenses to the extent Allowed by the Bankruptcy Court under section 330 or 503 of the Bankruptcy Code;

(f)    hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan, the Distribution Trust Agreement and the Student Trust Agreement;

(g)    hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

(h)    hear any other matter not inconsistent with the Bankruptcy Code;

(i)    enter a final decree closing the Chapter 11 Cases;

RLF1 12812184v.412895110v.1

(j)      ensure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Plan, the Distribution Trust Agreement and the Student Trust Agreement;

(k)      decide or resolve any motions, adversary proceedings, contested or litigated matters arising out of, under, or related to, the Chapter 11 Cases;

(l)      issue injunctions, enter and implement other Orders or take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with the occurrence of the Effective Date or enforcement of the Plan, the Distribution Trust Agreement or the Student Trust Agreement, except as otherwise provided in the Plan;

(m)      determine any other matters that may arise in connection with or related to the Plan, the Confirmation Order, the Distribution Trust Agreement, the Student Trust Agreement, or any contract, instrument, release, indenture or other agreement or document created or implemented in connection with the Plan, the Distribution Trust Agreement or the Student Trust Agreement;

(n)      enforce, interpret, and determine any disputes arising in connection with any stipulations, orders, judgments, injunctions, exculpations, and rulings entered in connection with the Chapter 11 Cases (whether or not the Chapter 11 Cases have been closed);

(o)      resolve disputes concerning any reserves with respect to Disputed Claims or the administration thereof;

(p)      resolve any disputes concerning whether a Person or Entity had sufficient notice of the Chapter 11 Cases, the Bar Dates, the Administrative Expense Bar Date, the Governmental Bar Date, and/or the hearing on the approval of the Plan for the purpose of determining whether a Claim, or Equity Interest is discharged and/or enjoined hereunder or for any other purpose; and

(q)      resolve any other matter or for any purpose specified in the Plan, the
Confirmation Order, the Distribution Trust Agreement, the Student Trust Agreement, or any
other document entered into in connection with any of the foregoing.

Dated: August _____, 2015
        Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

| RLF1 12812184v.412895110v.1

# Exhibit A

# Plan of Liquidation

| Comparison Details | |
|---|---|
| Title | **pdfDocs compareDocs Comparison Results** |
| Date & Time | 8/28/2015 10:49:24 AM |
| Comparison Time | 0.75 seconds |
| compareDocs version | v3.4.15.4 |

| Sources | |
|---|---|
| Original Document | [#12812184] [v4] CCI -  Confirmation Order.docxDMS Information |
| Modified Document | [#12895110] [v1] CCI -  Confirmation Order (Version for Submission to Court - 8/27).docxDMS information |

| Comparison Statistics | |
|---|---|
| Insertions | 9 |
| Deletions | 5 |
| Changes | 7 |
| Moves | 0 |
| TOTAL CHANGES | 21 |
| | |
| | |
| | |
| | |
| | |

| Word Rendering Set Markup Options | |
|---|---|
| Name | Standard |
| Insertions | |
| Deletions | |
| Moves / Moves | |
| Inserted cells | |
| Deleted cells | |
| Merged cells | |
| Formatting | Color only. |
| Changed lines | Mark left border. |
| Comments color | ByAuthorcolor options] |
| Balloons | False |

| compareDocs Settings Used | Category | Option Selected |
|---|---|---|
| Open Comparison Report after Saving | General | Always |
| Report Type | Word | Track Changes |
| Character Level | Word | False |
| Include Headers / Footers | Word | True |
| Include Footnotes / Endnotes | Word | True |
| Include List Numbers | Word | True |
| Include Tables | Word | True |
| Include Field Codes | Word | True |
| Include Moves | Word | True |
| Show Track Changes Toolbar | Word | True |
| Show Reviewing Pane | Word | False |
| Update Automatic Links at Open | Word | False |
| Summary Report | Word | End |
| Include Change Detail Report | Word | Separate |
| Document View | Word | Print |
| Remove Personal Information | Word | False |