## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Hearing Date: Oct. 14, 2015 at 3:00 p.m. (EDT)** |
| | § | **Obj. Deadline: Sept. 15, 2015 at 4:00 p.m. (EDT)** |

-------------------------------------------------------

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## EXTENDING THE DEADLINE BY WHICH THE DEBTORS MUST ASSUME
## OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Corinthian Colleges, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") respectfully request the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 365(d)(4)(B)(i) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), extending the time within which the Debtors may assume or reject unexpired leases of nonresidential real property (the "**Unexpired Leases**") by approximately sixty (60) days, through

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

and including November 2, 2015.[2]  In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.      This   Court   has   jurisdiction   to   consider   this   Motion   under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).[3]

**BACKGROUND**

**A.      General Background**

2.      On May 4, 2015, each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

3.      On May 13, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors (the "**Creditors' Committee**").  Additionally, the U.S. Trustee appointed an official committee of student creditors (the "**Student Committee**") on May 15, 2015.

4.      Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the *Declaration of William J. Nolan in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10].

---

[2]    To comport with Bankruptcy Rule 9006, the Debtors are seeking to extend the deadline through November 2, 2015, as the sixtieth day (October 31, 2015) would otherwise be on a Saturday.

[3]    Pursuant to Local Rule 9013-1(f), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

2

B.    <u>Treatment of Unexpired Leases</u>

5.    To date, the Debtors have filed seven (7) motions [Docket No. 16, 46, 171, 378, 511, 637 and 660] seeking to reject approximately seventy-six (76) unexpired leases and approximately 492 contracts.  The Court entered orders [Docket Nos. 200, 234, 504, 611, 627, 734, 735 and 752] approving all of these motions (partial relief with respect to one of these motions remains outstanding at this time) and authorizing the rejection of all 492 contracts and all but 18 of the leases.  The Debtors have surrendered possession of the premises covered under these 18 leases and intend to submit a proposed form of order finalizing the rejection of these leases prior to the effective date of the Plan (as defined below).

C.    <u>The Plan and the Treatment of Unexpired Leases Thereunder</u>

6.    On July 1, 2015, the Debtors filed the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation*, which was subsequently amended on July 24, 2015, July 27, 2015, August 25, 2015, and August 28, 2015 [Docket Nos. 520, 646, 655, 863, 906, and 909, respectively] (as amended, the "**Plan**").  On August 28, 2015, the Court entered the *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 913] (the "**Confirmation Order**") confirming the Debtor's Plan.  The Effective Date[4] under the Plan has yet to occur.

7.    The Plan provides for the creation of a two trust structure:  (i) the Distribution Trust, for the benefit of Holders of Allowed General Unsecured Claims (other than Student Claims and Government Education Claims); and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims.  The Debtors are currently attempting to work with the respective trustees for each trust on transition issues,

---

[4]    Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

including, but not limited to, a determination of which (if any) of the Unexpired Leases should be assumed and assigned to the trusts.

8.     With regards to the treatment of Unexpired Leases, Section XIV of the Plan provides that "[o]n the Effective Date, all Executory Contracts [defined to include all Unexpired Leases], not previously assumed and/or assigned, not subject to a pending motion to assume and/or assign as of the Effective Date, or not rejected before the Effective Date will be deemed rejected." Accordingly, the Debtors have up until the Effective Date of the Plan to file a motion seeking to assume and assign any Unexpired Leases that have yet to be assumed or rejected in these chapter 11 cases (otherwise such Unexpired Leases will be deemed rejected upon the Effective Date). While the Effective Date is uncertain at this point, it is clear that the Effective Date will be later than September 1, 2015, the current deadline for assuming or rejecting Unexpired Leases under section 365(d)(4) of the Bankruptcy Code. Accordingly, in an abundance of caution, the Debtors hereby seek a modest extension of such period by approximately sixty (60) days, as the Debtors continue to work with the Distribution Trustee and Student Trustee with regards to the treatment of the remaining Unexpired Leases in accordance with the Plan.[5]

### RELIEF REQUESTED

9.     By this Motion, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit A, extending the time within which the Debtors may assume or reject the Unexpired Leases by approximately sixty (60) days, through

---

[5]     For the avoidance of doubt, the Debtors are not seeking to amend or modify Section XIV of the Plan in any respect. In the event that the Debtors' remaining Unexpired Leases are not subject to a pending assumption motion on the Effective Date, they will be deemed rejected in accordance with Section XIV of the Plan.

RLF1 12883636v.2

and including November 2, 2015,[6] as the Debtors work with the Distribution Trustee and the

Student Trustee to address their remaining Unexpired Leases in accordance with the Plan.

## BASIS FOR RELIEF

10.     Section 365(d)(4) of the Bankruptcy Code provides that an unexpired

lease of nonresidential real property under which the debtor is the lessee shall be deemed

rejected if the debtor does not assume or reject such unexpired leases within one-hundred and

twenty (120) days after filing or before plan confirmation.  The Court may extend the period for

ninety (90) days on the motion of the debtor or lessor for cause.  *See* 11 U.S.C. § 365(d)(4).

11.     Courts have recognized the benefits of granting additional time under

section 365(d)(4) of the Bankruptcy Code.  *See In re Channel Home Ctrs., Inc.*, 989 F.2d 682,

687–88 (3d Cir. 1993) (affirming second extension of time even after sixty (60) days had passed

since entry of order for relief); *In re GST Telecom Inc.*, No. 00-1982 2001 WL 686971, at *3 (D.

Del. June 8, 2001) (holding equity dictates that courts can grant debtors additional time in which

to decide whether to assume or reject a particular lease).

12.     The term "cause" as used in section 365(d)(4) is not defined in the

Bankruptcy Code.  Among other considerations, courts use the following non-exclusive factors

in evaluating whether "cause" exists for purposes of section 365(d)(4):

    (1)     whether the cases are complex and involve large numbers of leases;

    (2)     whether the leases are important assets of the estate such that the decision to assume or reject such leases would be central to the debtors' plan of reorganization;

---

[6]     The Debtors note that they have filed this Motion prior to the expiration of the current Section 365(d)(4) deadline.  Pursuant to Local Rule 9006-2, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the [Bankruptcy Rules], these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."  Accordingly, Local Rule 9006-2 automatically extends the time within which the Debtors may assume or reject the unexpired leases pending the Court's hearing to consider the relief requested by this Motion.

(3)    whether the lessor continues to receive postpetition rental payments; and

(4)    whether the debtor's continued occupation . . . could damage the lessor beyond the compensation available to it under the Bankruptcy Code.

*See*, *e.g.*, *In re Burger Boys, Inc.*, 94 F.3d 755, 760–61 (2d Cir. 1996) (noting that the list of factors "is by no means exhaustive" and a bankruptcy court can consider others, such as the complexity of the debtor's case and the number of leases the debtor must evaluate); *see also In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987); *Channel Home Ctrs.*, 989 F.2d at 689.

13.    The time within which the Debtors must assume or reject the unexpired leases of nonresidential real property is currently set to expire on September 1, 2015 (the "**365(d)(4) Deadline**").    As set forth above, on August 28, 2015, the Court entered the Confirmation Order confirming the Plan which provides that all Unexpired Leases not previously assumed or subject to an assumption motion shall be rejected on the Effective Date.    It is currently anticipated that the Effective Date will occur in mid-September (if not sooner).    The Debtors are working to determine the Unexpired Leases that will be needed for administration of the trusts, but have been unable to do so prior to the 365(d)(4) Deadline.    Accordingly, the Debtors request the extension of the 365(d)(4) deadline by approximately sixty (60) days so that they are able to make an informed decision, through working with the respective trustees, regarding the assumption or rejection of the Unexpired Leases prior to the Effective Date.

14.    Here, the factors that courts analyze in deciding whether "cause" exists under section 365(d)(4) weigh in favor of granting the Debtors' request for a sixty (60) day extension of the 365(d)(4) Deadline.    First, the Debtors have made significant progress during the first 120 days of these cases in moving out of their closed campus and other locations and rejecting the underlying property leases.    The remaining Unexpired Leases consist mostly of

6

storage facilities where the Debtors' books and records are maintained.  These books and records may represent valuable assets of the Debtors' estates that are being transferred to the Distribution Trust or Student Trust, respectively, in accordance with the terms of the Plan.  Accordingly, it is important that the Debtors have the time necessary to work with the two (2) trustees to address the desirability of having the Unexpired Leases assumed and assigned to the Distribution Trust or Student Trust, as the case may be.  Moreover, most, if not all, of these storage leases are prepaid for the remaining life of the lease.  Accordingly, there are no postpetition rent amounts owed to the respective landlords and they will not be harmed by the modest sixty (60) day extension requested by this Motion.  Finally, the Debtors are not seeking to modify what is provided in Section XIV of the Plan.  Accordingly, in the event that the Debtors have not filed a motion to assume and assign an Unexpired Lease by the Effective Date, it will be deemed rejected by the Plan (well in advance of the November 2, 2015 deadline requested by this Motion).

15.    Accordingly, the Debtors respectfully request that the Court grant the approximately sixty (60) day extension of the 365(d)(4) Deadline requested herein.

## NOTICE

16.    The Debtors will provide notice of this Motion via first class mail to:  (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Student Committee; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the prepetition lenders; (v) the Internal Revenue Service; (vi) all counterparties to the Unexpired Leases; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002(i).  The Debtors submit that no other or further notice is necessary under the circumstances.

## **NO PRIOR REQUEST**

17.     The Debtors have not made any prior motion for the relief sought in this Motion

to this Court or any other.

WHEREFORE, the Debtors respectfully request that the Court enter the order, substantially in the form attached hereto as Exhibit A:  (a) extending the time within which the Debtors may assume or reject the Unexpired Leases by approximately sixty (60) days, through and including November 2, 2015; and (b) granting related relief.

Dated: September 1, 2015
      Wilmington, Delaware

/s/ Amanda R. Steele
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marisa A. Terranova (No. 5396)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email: collins@rlf.com
      merchant@rlf.com
      terranova@rlf.com
      steele@rlf.com

Counsel for the Debtors and Debtors in Possession