# EXHIBIT 1

## Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al*[1] § | |
| § | Case No. 15-10952 (KJC) |
| § | |
| Debtors. § | Jointly Administered |
| § | |

## STIPULATION BETWEEN DEBTORS AND
## MCKINLEY AVENUE LLC RESOLVING CERTAIN DISPUTES

The above-captioned debtors (collectively, the "Debtors"), and McKinley Avenue LLC ("McKinley," and with the Debtors, the "Parties"), by and through their respective undersigned counsel, hereby stipulate and agree (the "Agreement") as follows:

## RECITALS

A. The Debtors and McKinley were parties to a lease, and a related Lease Termination Agreement dated as of June 30, 2013 (the "Termination Agreement").

B. Under the Termination Agreement, the Debtors executed a promisory note dated June 30, 2013 (the "Promissory Note") payable to McKinley in the total amount of $3,915,631.08, as follows: (i) $2,090,631.08 on or before September 1, 2013 (the "Initial Payment"); (ii) 28 monthly payments of $55,000, beginning September 1, 2014 and ending

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

RLF1 12803780v.3

December 1, 2016 (the "Monthly Payments"); and (iii) $285,000 on or before July 1, 2015 (the "Final Payment," and with the Monthly Payment, the "Amounts").

        C.      On or about September 1, 2013, the Debtors paid the Initial Amount.

        D.      On or about October 23, 2014, McKinley filed a complaint against the Debtors and the Debtors' Senior Vice President of Real Estate, Paul DeMeo (the "Employee"), in the Circuit Court of Milwaukee County Wisconsin (the "Wisconsin Circuit Court"), case number 14-CV-008996, asserting claims for breach of the Promissory Note, intentional misrepresentation, negligent misrepresentation, and strict liability (the "WI Action").

        E.      On February 13, 2015, the Wisconsin Circuit Court entered a default judgment (the "Default Judgment") in the WI Action against the Debtors and in favor of McKinley in the amount of $1,550,000.00, the then unpaid amount of the Amounts.

        F.      On February 18, 2015, the Debtors moved the Wisconsin Circuit Court to vacate the Default Judgment and to stay collection on that judgment (the "Motion to Vacate").

        G.      On February 26, 2015, while the Motion to Vacate was pending, McKinley filed a Non-Earnings Garnishment Summons and Complaint (the "February 26 Garnishment Complaint"), initiating case number 15-CV-1755 in the Wisconsin Circuit Court seeking to enforce the Default Judgment and garnish funds held by the Debtors in accounts in Wisconsin maintained by the Debtors with BMO Harris Bank N.A. ("BMO"). Pursuant to the February 26 Garnishment Complaint, BMO garnished $239,684.07 of the Debtors' funds which thereafter were placed by BMO in a segregated account at BMO (the "February 26 Segregated Funds").

        H.      On March 5, 2015, McKinley filed a second Non-Earnings Garnishment Summons and Complaint (the "March 5 Garnishment Complaint" and together with the February

26 Garnishment Complaint, the "Garnishment Actions"), initiating case number 15-CV-1915 in the Wisconsin Circuit Court. Pursuant to the March 5 Garnishment Complaint, BMO garnished the additional amount of $760,989.46 of the Debtors' funds which thereafter were placed by BMO in a segregated account at BMO (the "March 5 Segregated Funds," and together with the February 26 Segregated Funds, the "Segregated Funds").

I.  On or about July 6, 2015, McKinley filed a proof of claim against debtor Corinthian Colleges, Inc. in the amount of $1,387,475 (the "Proof of Claim").

J.  The Debtors and McKinley have engaged in arms-length negotiations regarding the matters identified above.

NOW, THEREFORE, the Parties STIPULATE AND AGREE, subject to the approval of the Bankruptcy Court, as follows:

## STIPULATION

1.  The above Recitals are true and correct and are incorporated herein by reference.

2.  Segregated Funds: Within 2 business days after the entry of an order approving this Agreement, the Segregated Funds will be distributed as follows: (i) BMO shall deliver $50,000.00 to McKinley; and (ii) BMO shall deliver the balance of the Segregated Funds (of approximately $950,673.50) to the Debtors.

3.  Account Statements: Within 5 business days after the Debtors' receipt of the Segregated Funds (as provided above), the Debtors shall deliver to counsel for McKinley a copy of statements for the time period from February 25, 2015 through and including March 6, 2015, for accounts then maintained by the Debtors with BMO.

4.  The Garnishment Actions: Upon approval of this Agreement by the Bankruptcy Court, McKinley shall have no further claim as against the Debtors with regards to the claims or

causes of action in or under the Garnishment Complaints (or the notices of garnishment issued to BMO in connection therewith) or with regards to the Segregated Funds, subject, however, to McKinley's express reservation of any or all of its claims (if any) as against BMO.

5. <u>WI Action</u>: McKinley hereby agrees to the dismissal with prejudice of the Employee from the WI Action and hereby fully and finally releases the Employee from any claims or causes of action that were or could have been brought by McKinley as against the Employee.

6. <u>Release of McKinley from Claims under 11 U.S.C. § 547</u>: Subject to the Debtors' receipt of the Segregated Funds (as provided above), the Debtors hereby agree to release McKinley from any claims or causes of action under and pursuant to 11 U.S.C. § 547.

7. <u>McKinley's Reservation of Claims (if any) as Against BMO</u>: For the avoidance of doubt (if any), McKinley reserves, and is not waiving or compromising hereunder, any claims that it may have as against BMO other than with regards to BMO's distribution of the Segregated Funds as provided hereunder.

8. <u>McKinley Proof of Claim</u>: McKinley is not waiving or compromising its Proof of Claim and the Debtors reserve their right to object to the Proof of Claim other than on the grounds of any claims or causes of action as against McKinley under 11 U.S.C. § 547.

9. The Parties shall execute, acknowledge, deliver, or cause to be executed, acknowledged, or delivered, all further documents as shall be reasonably necessary or desirable to carry out the provisions of this Agreement. Each Party shall be responsible for their own fees and costs incurred in connection with this Agreement and the implementation of this Agreement.

10. This Agreement may only be amended or modified by a writing signed by all Parties. No waiver of any breach of this Agreement shall be construed as an implied amendment

or agreement to amend or modify any provision of this Agreement. Any notices required or contemplated herein shall also be in writing. The rights and obligations set forth in this Agreement shall inure to the benefit of the Parties, their heirs, and assigns.

11. The execution of this Agreement by any Party does not constitute, imply, or evidence the truth of any claim, the admission of any liability, the validity of any defense, or the existence of any circumstances or facts that could constitute a basis for any claim, liability, or defense.

12. Each Party represents and warrants that the signatory to this Agreement on behalf of such Party has the full power and authority to enter into this Agreement on behalf of such Party and to bind such Party to the terms of this Agreement.

13. All representations, warranties, inducements, and/or statements of intention made by the Parties that relate to this Agreement are embodied in the Agreement, and none of the Parties have relied upon, shall be bound by, or shall be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Agreement.

14. This Agreement may be executed in multiple counterparts, all of which together shall constitute one and the same instrument. This Agreement may be executed and delivered by facsimile or other electronic image, which facsimile or other electronic image counterparts shall be deemed to be originals.

15. The Court will retain jurisdiction over any and all matters arising from the interpretation or implementation of this Agreement.

Date: September 8, 2015
Wilmington, Delaware

*/s/ Stephen W. Spence*  /s/ Marcos A. Ramos

PHILLIPS, GOLDMAN & SPENCE, P.A.
Stephen W. Spence (No. 2033)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

-and-

HALE & WAGNER, S.C.
Christopher T. Hale (SBN 1016363)
839 North Jefferson Street, Suite 400
Milwaukee, Wisconsin 53202
Telephone: (414) 278-7000
Facsimile: (414) 278-7590

Counsel for McKinley

RICHARDS LAYTON & FINGER P.A.
Mark D. Collins (No. 2981)
Marcos A. Ramos (No. 4450)
Amanda R. Steele (No. 5530)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

Counsel for the Debtors