IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] § | |
| § | Case No. 15-10952 (KJC) |
| § | |
| § | Jointly Administered |
| Debtors.    § | |
| § | **Re: Docket No. 306** |

---

**NOTICE OF FILING OF AMENDMENT TO DEBTOR
EVEREST COLLEGE PHOENIX, INC. (CASE NO. 15-10960) SCHEDULE E -
CREDITORS HOLDING UNSECURED PRIORITY CLAIMS**

PLEASE TAKE NOTICE that, on June 8, 2015, Everest College Phoenix, Inc., one of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed its *Schedules of Assets and Liabilities* [Docket No. 306] (the "**Schedules**") with the United States Bankruptcy Court for the District of Delaware.

PLEASE TAKE FURTHER NOTICE that the Debtors have amended their Schedules to modify the scheduled amount of certain claims identified on Schedule E (Creditors Holding Unsecured Priority Claims) to the Schedules ("**Schedule E**"). A copy of the amendment to Schedule E is attached hereto as Exhibit A.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

PLEASE TAKE FURTHER NOTICE that the amendment to Schedule E only affects those claimants and claims identified therein and does not affect any claimants or claims identified in the Schedules that are not identified in the amendment to Schedule E.

PLEASE TAKE FURTHER NOTICE that, pursuant to the *Order Pursuant to 11 U.S.C. §§ 501, 502, 503 and 1111(A), Fed. R. Bankr. P. 2002 and 3003(c)(3) and Del. Bankr. L.R. 2002-1(e) Establishing Bar Dates for Filing Claims and Approving Form and Manner of Notice thereof* [Docket No. 429], if any of the claimants affected by the amendment to Schedule E disagree with the change to the nature, amount or classification or their claim(s), then such claimant must file a proof of claim form with respect to such claim(s) no later than **October 15, 2015 at 5:00 p.m. (ET).** The Debtors will include a proof of claim form when serving the affected claimants with the amendment to Schedule E. In addition, affected claimants who disagree with the amendment to Schedule E as it pertains to their claim(s) may obtain a copy of the proof of claim form at http://omnimgt.com/corinthiancolleges.

| | |
|---|---|
| Dated: September 15, 2015<br>      Wilmington, Delaware | */s/ Amanda R. Steele*<br>Mark D. Collins (No. 2981)<br>Michael J. Merchant (No. 3854)<br>Marisa A. Terranova (No. 5396)<br>Amanda R. Steele (No. 5530)<br>Rachel L. Biblo (No. 6012)<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 N. King Street<br>Wilmington, Delaware 19801<br><br>Counsel for the Debtors and Debtors in Possession |

# **EXHIBIT A**

**(Amended Schedule E)**

**Everest College Phoenix, Inc.**                                                                                        **15-10960**
**Debtor**                                                                                                                **Case No. (If known)**

# AMENDED SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent of guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS   *(Check the appropriate box(es) below if claims in that category are listed on the attached sheets)*

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☒ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independenent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans.**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the creation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

☐ **Claims for Administrative Expenses**
Claims for administrative expenses allowed under 11 U.S.C. § 503(b), and any fees and charges assessed against the estate under chapter 123 or title 28. 11 U.S.C. § 507(a)(2).

*Amounts are subject to adjustment on April 1, 2013, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Page 1 of 2

**FORM B6E (REV. 04/13) - Cont.**

**Everest College Phoenix, Inc.**  **15-10960**
**Debtor**  **Case No. (If known)**

# AMENDED SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (1 continuation sheets attached)

Wages, salaries, and commissions
TYPE OF PRIORITY

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. | ORIGINAL CONTINGENT | ORIGINAL UNLIQUIDATED | ORIGINAL DISPUTED | ORIGINAL TOTAL AMOUNT OF CLAIM | ORIGINAL AMOUNT ENTITLED TO PRIORITY | AMENDED CONTINGENT | AMENDED UNLIQUIDATED | AMENDED DISPUTED | AMENDED TOTAL AMOUNT OF CLAIM | AMENDED AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>DAVID ASHE<br>4272 E. MAPELWOOD CT<br>GILBERT, AZ 85297 | | | EMPLOYEE OUTSTANDING CHECKS | | | | $246.12 | $246.12 | | | | $0.00 | $0.00 |
| ACCOUNT NO.<br>KEVIN SOMMERFIELD<br>725 MERIDIAN COURT<br>DEKALB, IL 60115 | | | EMPLOYEE OUTSTANDING CHECKS | | | | $3,738.68 | $3,738.68 | | | | $1,206.97 | $1,206.97 |
| **Total** | | | | | | | $3,984.80 | $3,984.80 | | | | $1,206.97 | $1,206.97 |

*Amounts are subject to adjustment on April 1, 2013, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Page 2 of 2    **Subtotal** (Total of this page)    $3,984.80    $3,984.80    $1,206.97    $1,206.97

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re   Everest College Phoenix, Inc.                    Case No.   15-10960
                    Debtor

# DECLARATION CONCERNING DEBTOR'S AMENDED SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Chairman and Chief Executive Officer of the Everest College Phoenix, Inc., declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __2__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: 9/15/15        Signature _____
                                Jack Massimino
                                Chairman and Chief Executive Officer

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*