**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | § |
| | §  Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § |
| | §  Case No. 15-10952 (KJC) |
| | § |
| | §  Jointly Administered |
| Debtors. | §  **Objection Deadline: October 6, 2015 at 4:00 pm (ET)** |

**FIRST MONTHLY FEE APPLICATION
OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES FOR TAX ADVISOR
SERVICES FOR THE PERIOD MAY 4, 2015 THROUGH JULY 31, 2015**

**SUMMARY**

| Name of Applicant: | PricewaterhouseCoopers LLP ("**PwC**")[2] |
|---|---|
| Authorized to Provide Professional Services to: | Corinthian Colleges, Inc., *et al* ("**Debtors**") |
| Date of Retention: | Effective *nunc pro tunc* to May 4, 2015 by order signed June 29, 2015 |
| Period for which compensation and reimbursement is sought: | May 4, 2015 through July 31, 2015 (the "**Fee Period**")[3] |
| Amount of Compensation sought as actual, reasonable and necessary: | $29,976.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $0.00 |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the applicable Motion, Order or other filing (e.g. Monthly Fee Application) defined.

[3] The applicant reserves the right to include any time expended in the period indicated above in future application(s) if it is not included herein.

This is a:    _X_ monthly ____ interim ____ final application.

## SUMMARY OF PREVIOUSLY FILED FEE APPLICATIONS

This is the first Monthly Fee Application filed by PwC.

| App No | App Date | Filing Period | Fees Requested | Expenses Requested | CNO Date [Docket No.] | Fees Approved (80/100%) | Expenses Approved (100%) | Fees Pending (20% Holdback) |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |
|  |  | Totals |  |  |  |  |  |  |

The total time expended for fee application preparation is approximately 0.0 hours and the corresponding compensation requested is approximately $0.00.

## SUMMARY BY PROJECT

| Project Category and Billing Category | Total Hours | Compensation |
|---|---|---|
| **Hourly Services** | | |
| *Tax Advisor Services* | | |
| CA FTB Audit Support Services | 65.00 | $28,179.00 |
| **Subtotal - Hours and Compensation - Hourly Services** | **65.00** | **$28,179.00** |
| **Case Administration** | | |
| *Bankruptcy Requirements and Other Court Obligations* | | |
| Employment Applications and Other Court Filings | 2.50 | $1,797.50 |
| **Subtotal - Hours and Compensation - Case Administration** | **2.50** | **$1,797.50** |
| **Total - Hours and Compensation Sought for Reimbursement** | **67.50** | **$29,976.50** |

## SUMMARY BY PROJECT AND PROFESSIONAL

| Project Category and Professional | Position | Rate | Hours | Total Compensation |
|---|---|---|---|---|
| **Hourly Services** | | | | |
| *Tax Advisor Services* | | | | |
| Robert A Garvey | Partner | $719 | 1.00 | $719.00 |
| Lance A. Wood | Partner | $719 | 1.50 | $1,078.50 |
| Christopher A Whitney | Partner | $719 | 5.00 | $3,595.00 |
| George Yashou | Director | $488 | 31.00 | $15,128.00 |
| Nicole Rachel Rayhan | Senior Associate | $289 | 25.20 | $7,282.80 |

| Project Category and Professional | Position | Rate | Hours | Total Compensation |
|---|---|---|---|---|
| *Tax Advisor Services (continued)* | | | | |
| Nathan Andrew Fowler | Senior Associate | $289 | 1.30 | $375.70 |
| *Subtotal - Hours and Compensation - Tax Advisor Services* | | | *65.00* | *$28,179.00* |
| **Subtotal - Hours and Compensation - Hourly Services** | | | **65.00** | **$28,179.00** |
| **Case Administration** | | | | |
| *Bankruptcy Requirements and Other Court Obligations* | | | | |
| Christopher A Whitney | Partner | $719 | 2.50 | $1,797.50 |
| *Subtotal - Hours and Compensation - Bankruptcy Requirements and Other Court Obligations* | | | *2.50* | *$1,797.50* |
| **Subtotal - Hours and Compensation - Case Administration** | | | **2.50** | **$1,797.50** |
| **Total - Hours and Compensation - Hourly Services and Case Administration** | | | **67.50** | **$29,976.50** |

## SUMMARY OF EXPENSE BY TYPE

There were no expenses incurred during the Fee Period.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.*[1]<br><br><br><br>Debtors.<br>------------------------------------------------------------- | § <br>§  Chapter 11<br>§ <br>§  Case No. 15-10952 (KJC)<br>§ <br>§  Jointly Administered<br>§  **Objection Deadline:**   October 6, 2015 at 4:00 pm (ET) |

**FIRST MONTHLY FEE APPLICATION
OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES FOR TAX ADVISOR
SERVICES FOR THE PERIOD MAY 4, 2015 THROUGH JULY 31, 2015**

PricewaterhouseCoopers LLP ("**PwC**")[2] hereby submits this *First Monthly Fee Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses for Tax Advisor Services for the Period May 4, 2015 through July 31, 2015* (the "**Monthly Fee Application**") for interim allowance and payment of compensation for Tax Advisor services performed and expenses incurred during the period May 4, 2015 through July 31, 2015 (the "**Fee Period**").

In support of this Monthly Fee Application, PwC respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).  The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the applicable Motion, Order or other filing (e.g. Monthly Fee Application) defined.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).

## BACKGROUND

2.      On the Petition Date, each of the Debtors filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), thereby commencing the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On June 2, 2015, the Debtors filed the Debtors' Motion for Authorization to (A) Assume Employment Agreements with PricewaterhouseCoopers LLP and (B) Employ and Retain PricewaterhouseCoopers LLP as Tax Advisor *Nunc Pro Tunc* to the Petition Date (the "**Retention Application**").

4.      On June 29, 2015, this Court approved the retention of PwC as tax advisor to the Debtors by entering the Order Authorizing the Debtors to (A) Assume Employment Agreements with PricewaterhouseCoopers LLP and (B) Employ and Retain PricewaterhouseCoopers LLP as Tax Advisor *Nunc Pro Tunc* to the Petition Date (the "**Retention Order**").

## RELIEF REQUESTED

5.      This Monthly Fee Application has been prepared in accordance with the Bankruptcy Code, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* dated May 26, 2015 [Docket No. 2011] *(*the "**Interim Compensation Order**"), and the *United States Trustee Guidelines for Reviewing*

*Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, effective May 17, 1996 (the "**UST Guidelines**", collectively with the Local Bankruptcy Rules and the Compensation Order, the "**Compensation Guidelines**").

6. The Interim Compensation Order establishes certain procedures that each Retained Professional seeking interim allowance of its fees and expenses may file an application with the Court and serve the Monthly Fee Application to various Notice Parties, identified in the Interim Compensation Order, and the Notice Parties may object to such requests. Upon the expiration of the Objection Deadline, each Professional may file a certification of no objection or a certification of partial no objection with the Court, whichever is applicable, after which the Debtors are authorized to pay each Professional an amount equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the applicable Monthly Fee Application or (ii) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection.

    (a) This is PwC's first Monthly Fee Application.

7. Other than as provided in Section 504(b) of the Bankruptcy Code, PwC has not shared, or agreed to share, any compensation received with respect to the Fee Period as a result of this case with any person, firm or entity. No agreement or understanding concerning compensation prohibited by 18 U.S.C. § 155 has been made to PwC by any firm, person or entity. The sole and exclusive source of compensation shall be funds of the Debtors' estates.

8. This is PwC's first Monthly Fee Application. PwC submits this Monthly Fee Application for approval and allowance of interim compensation equal to 80% of the $29,976.50 for actual, reasonable and necessary professional services rendered, and reimbursement of 100%

of the $0.00 for actual, reasonable and necessary expenses incurred during the Fee Period[3] for a total request of $23,981.20 (the "**Total Compensation Amount**").

9. PwC is filing the attached Monthly Fee Application for compensation for professional services rendered and reimbursement of expenses made in these Chapter 11 Cases during the Fee Period. The Monthly Fee Application contains detailed time logs describing the actual and necessary services provided by PwC during the Fee Period, as well as other detailed information required to be included in fee applications. The Monthly Fee Application is comprised of several exhibits which are attached hereto as follows:

- Exhibit A, provides a summary of the hours and compensation by project;

*Hourly and Case Administration Services*

- Exhibit B, provides the summary of the hourly fees, including the name and position of each professional, cumulative hours worked by project, hourly billing rates for the hourly compensation, and the corresponding compensation requested; and

- Exhibit C, provides the daily activity descriptions for the hourly compensation, including the activity description, time and billing rates associated with each activity.

### SUMMARY OF PROFESSIOANL SERVICES RENDERED

10. As described within the Retention Application, PwC continues to provide Tax Advisor services pursuant to the Engagement Agreements. A summary of the hours and compensation sought by type of service is shown below:

| Type of Services | Hours | Total Compensation |
|---|---|---|
| Hourly Services | 65.0 | $28,179.00 |
| Case Administration Services | 2.5 | $1,797.50 |
| **Total - Hours and Compensation Sought for Reimbursement** | **67.5** | **$29,976.50** |

---

[3] PwC reserves its right to seek at a later date compensation for services rendered and expenses incurred during the Fee Period that are not otherwise included in this Monthly Fee Application, due to internal billing delays.

**Hourly Fee Services**

11. During the Fee Period, PwC professionals performed tax advisory services relating to the California Franchise Tax Board ("**FTB**") audit. The hourly time records of PwC, annexed hereto as Exhibit B and Exhibit C, provide a summary and daily breakdown of the time spent by each PwC time keeper.

12. **CA FTB Audit Support Services –** During the Fee Period, PwC professionals provided State and Local Income Tax services to the Debtors by providing advice and assistance with respect to matters relating to the California FTB examination of the Debtors' Corporate Tax Returns for fiscal years ending June 30, 2009 through June 30, 2012 including assistance with various issues including responses to IDRs and communications with the FTB related to non-business income, online payroll, auditor's inquiries related to overall apportionment, sales and use tax credit, audit defense strategy and negotiating the overall scope of the FTB's examination.

**Case Administration**

13. During the Fee Period, PwC reviewed the various Retention Application versions and associated court filings submitted to the Court to employ PwC to provide Tax Advisor Services, as well as prepared the Whitney Declaration and supplemental declaration to support the Retention Application. This included consultation with Debtors' Bankruptcy Counsel, RLF, and PwC client-service professionals. At this time, PwC does not anticipate any additional hours or fees associated with this project category unless the Debtors request additional services from PwC

14. The fees sought by this Monthly Fee Application reflect an aggregate of 67.5 hours of professional time spent and recorded in performing services for the Debtors and their estates during the Fee Period at a blended average hourly rate of $444.10. PwC is only seeking compensation for services rendered to the Debtors and their estates in connection with these

Chapter 11 Cases.

## SUMMARY OF EXPENSES INCURRED

15. Based upon a review of PwC's internal billing records, PwC professionals did not incur any out-of-pocket expenditures during the Fee Period.[4]

## REASONABLE AND NECESSARY SERVICES RENDERED BY PWC

16. This Monthly Fee Application includes details of the services provided by PwC to the Debtors, including, in each instance, the identity of the professionals involved in the provision of such services, the dates of service, the time expended, and a brief description of the services sought. PwC charged and now requests those fees that are reasonable and necessary in order for PwC to perform its duties and obligations to the Debtors and customary in this marketplace for similar chapter 11 cases. The billing rates[5] set forth in the various summaries of professionals and paraprofessionals rendering services during the Fee Period represent customary rates that are routinely billed to PwC's many clients for similar services. The compensation requested in this Monthly Fee Application does not exceed the reasonable value of the services rendered.

17. This Monthly Fee Application covers the period from May 4, 2015 through and including July 31, 2015. Although every effort was made to include all fees and expenses from the Fee Period in this Monthly Fee Application, some fees and/or expenses from the Fee Period might not be included in this Monthly Fee Application due to delays in processing time and receipt of invoices for expenses and/or for preparation for the instant application subsequent to the covered period. Accordingly, PwC reserves the right to make further applications for allowance of fees

---

[4] PwC's standard practice is to treat certain expenses as having been incurred when such obligations are recorded and reflected as payable in PwC's accounting system. Accordingly, reimbursement for certain disbursements incurred during the Fee Period may still be pending submission and will be requested in future statement periods.

[5] Billing rates are subject to change and are reviewed and adjusted periodically.

and expenses not included herein. This Monthly Fee Application is also made without prejudice to PwC's right to seek further interim allowances and/or a final allowance of compensation in the future in accordance with the Retention Order and the Interim Compensation Order.

## **REQUESTED COMPENSATION SHOULD BE ALLOWED**

18. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 of the Bankruptcy Code to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a Court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including --
>
> (a)   the time spent on such services;
>
> (b)   the rates charged for such services;
>
> (c)   whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (d)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field, and;
>
> (f)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330.

19. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PwC is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

20. In rendering these services, PwC made every effort to maximize the benefit to the Debtors and to work with other professionals employed in the case to avoid duplication of effort. PwC believes that the level of services rendered to achieve the results obtained for the benefit of the Debtors' estates was reasonable in light of the number and complexity of the issues involved in this case at the time the services were rendered. PwC judiciously allocated responsibilities to minimize possible duplication of effort.

## **CERTIFICATE OF COMPLIANCE AND WAIVER**

21. To the best of its knowledge, PwC believes that this Monthly Fee Application and the description of services set forth herein of work performed are in compliance with the requirements as outlined within the Compensation Guidelines, as well as its Retention Order which granted a waiver of the information requirements relating to compensation requests set forth in Local Bankruptcy Rule 2016-2(d). To the extent that this Monthly Fee Application does not comply in all respects with the requirements of the Compensation Guidelines, PwC believes that such deviations are not material and respectfully requests that such requirements be waived.

## **NOTICE**

22. Notice of this Monthly Fee Application has been provided to the Debtors and the Notice Parties (as defined within the Interim Compensation Order) and PwC believe that no other or further notice need be provided.

**CONCLUSION**

23. PwC respectfully submits that the Total Compensation Amount requested herein is reasonable compensation for the actual and necessary services rendered based upon the time, nature and value of such services. PwC further asserts that the costs of services rendered and expenses incurred are comparable to the cost of similar services and expenses in matters other than under the Bankruptcy Code and consistent with its Retention Application.

24. In summary, by this Monthly Fee Application, PwC respectfully requests approval and payment by the Debtors of (a) interim compensation for professional services rendered as tax advisory services for the Debtors in the sum of $23,981.20 representing 80% of $29,976.50 incurred during the Fee Period, less a 20% holdback in the amount of $5,995.30; and (b) reimbursement of actual and necessary expenses incurred in the sum of $0.00.

WHEREFORE, PwC requests that is be allowed reimbursement for its fees and expenses incurred during the Fee Period and that such fees and expenses be paid as administrative expenses of the Debtors' estates.

Dated: September 15, 2015

*(signature)* Christopher A. Whitney, CPA
Chris Whitney, Partner
PricewaterhouseCoopers LLP
601 South Figueroa Street,
Los Angeles, CA 90017
*Tax Advisors to the Debtors and Debtors-in-Possession*

# **CERTIFICATION**

STATE OF CALIFORNIA        )
                                               ) ss:
COUNTY OF LOS ANGELES  )

      Chris Whitney, hereby respectfully certifies and verifies as follows:

      1.      I am a Partner in the applicant firm, PricewaterhouseCoopers LLP ("**PwC**").

      2.      I have personally supervised many of the tax advisory services rendered by PwC to the Debtors and am familiar with all other work performed on behalf of the partners and professionals employed by PwC.

      3.      The facts set forth in the foregoing Monthly Fee Application are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Interim Compensation Order signed on May 26, 2015, and submit that the Monthly Fee Application substantially complies with such Rule and Order.

*/s/ Christopher A. Whitney, CPA*
Chris Whitney, Partner
PricewaterhouseCoopers LLP
601 South Figueroa Street,
Los Angeles, CA 90017



**CORINTHIAN COLLEGES, INC., et al., Case 15-10952 (KJC)**
**PricewaterhouseCoopers LLP - Tax Advisor Services**

**Hours and Compensation Submission**
**For the Period May 4, 2015 through July 31, 2015**

**Enclosure:**

PricewaterhouseCoopers LLP invoice for professional fees rendered and expenses incurred
    Fees,    $29,976.50
    Expenses,    $0.00

| **Hours and Compensation:** | **Exhibits:** |
|---|---|
| Summary by Project Category and Billing Category | A |
| *Hourly and Case Administration Services* | |
| Summary of Hours and Fees by Project and Professional | B |
| Professional Services by Project, Professional and Date | C |