## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |
| | § | |

-------------------------------------------------------

## DEBTORS' OBJECTION TO THE CLAIMS
## OF THE COMMONWEALTH OF MASSACHUSETTS

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") hereby file this objection (this "**Objection**") to Claim Nos. 3866 & 3867 (collectively, the "**Claims**") filed by The Commonwealth of Massachusetts by and through the Attorney General (the "**Massachusetts AG**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  In support of this Objection, the Debtors respectfully represent as follows:

### PRELIMINARY STATEMENT

1.     The basis for the Massachusetts AG's Claims is a Complaint (as defined below) filed against certain of the Debtors generally alleging violations of state consumer protection

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).  The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

laws.  As set forth in greater detail below, the Complaint contains allegations that are unfounded and have never been adjudicated as true by an independent tribunal, but have been asserted as the basis for the Massachusetts AG's Claims against the Debtors.  The Debtors have responded formally to the Complaint in the state court action by denying the allegations contained therein and hereby similarly object to the allowance of the Claims.

## JURISDICTION

2.      The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue of this case and this Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A.      General Background**

3.      On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

4.      On May 13, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors (the "**Creditors' Committee**").  The U.S. Trustee appointed an official committee of student creditors (the "**Student Committee**") on May 15, 2015.

5.      Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the *Declaration of William J. Nolan in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10].

**B.      The Plan**

6.      On July 1, 2015, the Debtors filed the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation*, which was subsequently amended on July 24, 2015, July 27, 2015, August 25, 2015, and August 28, 2015 [Docket Nos. 520, 646, 655, 863, 906, and 909, respectively] (as amended, the "**Plan**").   On August 28, 2015, the Court entered the *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 913] (the "**Confirmation Order**") confirming the Debtor's Plan.   The Plan provides for the creation of a two trust structure:  (i) the Distribution Trust[2], for the benefit of Holders of Allowed General Unsecured Claims (other than Student Claims and Government Education Claims); and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims.   The Plan has not yet gone effective. Pursuant to the Plan, the Massachusetts AG's Claims are Government Education Claims.

**C.      The Massachusetts AG Lawsuit**

7.      On April 3, 2014, the Massachusetts AG commenced an action by filing a complaint (the "**Complaint**") against certain of the Debtors[3] in the *Superior Court of the Commonwealth of Massachusetts for Suffolk Country*, Civil Action no. 14-1093 (the "**Massachusetts AG Lawsuit**").   The Complaint alleges violations of the Massachusetts Consumer Protection Act, G.L., c. 93A, § 4.  The Debtors filed an answer (the "**Answer**") to the Complaint on May 8, 2014 denying the allegations contained in the Complaint.  A copy of the Answer is attached hereto as Exhibit A.

8.      In support of the Claims, the Massachusetts AG attaches the Complaint.  The Debtors have and continue to defend against the allegations contained in the Complaint.  As highlighted in the Answer, the allegations against the Debtors are out-of-context, misleading and

---

[2]        Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

[3]        The following Debtors are named in the Complaint: Corinthian and Corinthian Schools, Inc.

3

simply inaccurate.

## RELIEF REQUESTED

9.      By this Objection, the Debtors object to the Claims and seek entry of an order,

attached hereto as <u>Exhibit B</u>, pursuant to section 502 of the Bankruptcy Code and Bankruptcy

Rules 3003 and 3007, (i) disallowing the Claims in full, and (ii) granting such other and further

relief as is just and proper.

## LEGAL BASIS FOR OBJECTION

10.      Section 502(a) of the Bankruptcy Code provides that a proof of claim "is deemed

allowed, unless a party in interest objects."  11 U.S.C. § 502(a).  Pursuant to section 502(b) of

the Bankruptcy Code, if objection to a claim is made, the court, after notice and a hearing, must

determine the amount of the claim fixed as of the date of the filing of the petition. *Id.* at § 502(b).

11.      The burden of proof related to claims and claims objections "shifts between the

proponent of, and objector to, a claim." *In re Smurfit–Stone Container Corp.,* 444 B.R. 111, 117

(Bankr. D. Del. 2011) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)).  As

the Third Circuit has explained:

> The burden of proof for claims brought in the bankruptcy court under 11
> U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the
> claimant must allege facts sufficient to support the claim.  If averments in
> his filed claim meet this standard of sufficiency, it is "prima facie" valid.
> In other words, a claim that alleges facts sufficient to support a legal
> liability to the claimant satisfies the claimant's initial obligation to go
> forward.   The burden of going forward then shifts to the objector to
> produce evidence sufficient to negate the prima facie validity of the filed
> claim.  It is often said that the objector must produce evidence equal in
> force to the prima facie case.   In practice, the objector must produce
> evidence which, if believed, would refute at least one of the allegations
> that is essential to the claim's legal sufficiency.  If the objector produces
> sufficient evidence to negate one or more of the sworn facts in the proof of
> claim, the burden reverts to the claimant to prove the validity of the claim
> by a preponderance of the evidence.  The burden of persuasion is always
> on the claimant.

*In re Allegheny*, 954 F.2d at 173-74 (internal citations omitted).

12.    Here, facts and circumstances exist to rebut the validity of the Claims.  The allegations contained in the Massachusetts AG Lawsuit lack specificity and evidence of materiality, causation and damages.  For example, the allegations are replete with supposed anecdotes, but fail to identify students by name, program or year such that the Debtors could investigate and respond to the specific allegations.  Assuming *arguendo* that the supposed anecdotes are true, the Massachusetts AG fails to state a material difference in the student placement percentages or whether the alleged inaccuracies caused any damages to the students who graduated and obtained employment in their intended field of study.

13.    The Answer contains the Debtors' responses to the allegations set forth in the Claims.  The Debtors fully incorporate by reference the Answer and the reasons set forth therein as the basis for this Objection.  While the Debtors will not belabor the Court with a point-by-point response to each of the allegations contained in the Complaint (the basis for the Claims), the following verbatim abstract from the Debtors' Answer is illustrative of the Debtors' position with respect to the allegations contained in the Massachusetts AG Lawsuit:

"The Government's untrue allegations and the aspersions cast on the School are demeaning to the School and its employees; to School's students who are striving for a career and a better life; and to the employers who hire thousands of the School's qualified graduates. The Government's Complaint also indicts that the oversight provided by the federal Department of Education, the School accreditors; the Commonwealth's own Office of Consumer Affairs and Business Regulation, Department of Professional Licensure; and the Commonwealth of Massachusetts Department of Education, Office of Proprietary Schools.  The Complaint suggests that the School's employees go to work every day for the express purpose of preying on students, which is insulting and preposterous.  The School and its employees are passionately dedicated to providing quality career education where public education has often failed, and to helping graduates find meaningful work in their fields of study. Most of the School's students have not succeeded in a traditional academic environment.  Approximately one-third have tried community college before enrolling at one of our institutions. The School's frequently students have few people in their lives who can provide the support

5

and encouragement they need to achieve a career goal. The School and its employees are committed to honoring the trust that their students place in them as educators, supporters, and members of a community that cares. The School's substantial and on-going investment in placement services has helped tens of thousands of graduates find work in their fields, even during the recent deep and prolonged recession.

As a career institution, the School is subject to a complex and often-conflicting web of federal and state regulation, along with myriad accreditation, licensing, and reporting requirements. The School has been, and continues to be, an industry leader in its commitment to integrity and to the implementation and enhancement of processes and training to promote compliance. The School has devoted substantial resources to not long meet these regulatory requirements, but to exceed them. Rather than acknowledging and commending the School's aspirational goals, the Government is seeking to damage the School or shutter it completely, based on hardened political views that ignore significant facts. The Complaint is replete with cherry-picked, anonymous complaints intended to damage the School's reputation, and yet no a single one of these complains was ever shared with the School despite numerous requests during a three-year-long investigation by the Attorney General's Office ("AGO")

Since May 2, 2011, the AGO has investigated the School for supposed violations of Massachusetts General Laws c. 93(A) ("Chapter 93A"). The School cooperated by providing the AGO with thousands of documents and inviting the General and her staff to inspect the School's Massachusetts campuses (which General Coakley repeatedly declined to do, apparently considering such a visit to observe employees, students and the facilities to be irrelevant.) During the course of this investigation, the AGO has uncovered no evidence of any systemic wrongdoing or violations of law by the School. Rather the AGO compiled (and concealed until now) a laundry list of anonymous complaints, the likes of which could be replicated at any school of sufficient size whether for-profit or not, and which were collected by some unexplained method.

Answer, Exhibit A, pp. 1-3. For these reasons and all the reasons set forth in the Answer, the Massachusetts AG cannot prove the validity of the Claims. Accordingly, the Claims should be disallowed in their entirety.

## RESERVATION OF RIGHTS

14.     The Debtors hereby reserve the right to object in the future to the Claims on any ground, and to amend, modify and/or supplement this Objection, including, without limitation, to

6

object to an amended or newly filed Claims.  Separate notice and hearing will be scheduled for any such objection.

## **NOTICE**

15.    The Debtors will provide notice of this Objection to:  (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Student Committee; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (v) the Internal Revenue Service; (vi) the Massachusetts AG; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002(i).  The Debtors submit that no other or further notice is necessary under the circumstances.

WHEREFORE, the Debtors respectfully request that the Court enter the order, substantially in the form attached hereto as Exhibit B, (i) disallowing the Claims in full, and (i) granting such other and further relief as the Court deems appropriate.

Dated: September 16, 2015
      Wilmington, Delaware

*/s/ Amanda R. Steele*
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marisa A. Terranova (No. 5396)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email: collins@rlf.com
      merchant@rlf.com
      terranova@rlf.com
      steele@rlf.com

Counsel for the Debtors and Debtors in Possession

7