## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |
| | § | |

-------------------------------------------------------

## DEBTORS' OBJECTION TO THE CLAIMS
## OF THE PEOPLE OF THE STATE OF CALIFORNIA

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") hereby file this objection (this "**Objection**") to Claim Nos. 899, 900, 901, 902, 903, 904, 905, 906, 907 and 908 (collectively, the "**Claims**") filed by Attorney General for the State of California on behalf of The People of the State of California (the "**California AG**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  In support of this Objection, the Debtors respectfully represent as follows:

### PRELIMINARY STATEMENT

1.        The basis for the California AG's Claims is an Amended Complaint (as defined

---

[1]        The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).  The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

below) filed against certain of the Debtors generally alleging violations of state consumer and securities laws.  As set forth in greater detail below, the Amended Complaint contains allegations that are unfounded and have never been adjudicated as true by an independent tribunal, but have been asserted as the basis for the California AG's Claims against the Debtors.  The Debtors have responded formally to the Amended Complaint in the state court action by denying the allegations contained therein and hereby similarly object to the allowance of the Claims.

## JURISDICTION

2.      The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue of this case and this Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A.      General Background**

3.      On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

4.      On May 13, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors (the "**Creditors' Committee**").  The U.S. Trustee appointed an official committee of student creditors (the "**Student Committee**") on May 15, 2015.

5.      Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the *Declaration of William J. Nolan in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10].

2

B.    **The Plan**

6.    On July 1, 2015, the Debtors filed the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation*, which was subsequently amended on July 24, 2015, July 27, 2015, August 25, 2015, and August 28, 2015 [Docket Nos. 520, 646, 655, 863, 906, and 909, respectively] (as amended, the "**Plan**").  On August 28, 2015, the Court entered the *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 913] (the "**Confirmation Order**") confirming the Debtor's Plan.  The Plan provides for the creation of a two trust structure:  (i) the Distribution Trust[2], for the benefit of Holders of Allowed General Unsecured Claims (other than Student Claims and Government Education Claims); and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims.  The Plan has not yet gone effective. Pursuant to the Plan, the California AG's Claims are Government Education Claims.

C.    **The California AG Lawsuit**

7.    In October 2013, the California AG commenced an action by filing a complaint (the "**Complaint**") against certain of the Debtors[3] in the *Superior Court of the State of California for the Country of San Francisco*, Case No. CGC-13-534793 (the "**California AG Lawsuit**"). The Complaint alleges, among other things, violations of state consumer and securities laws. The Debtors filed an answer (the "**Answer**") to the Complaint on November 12, 2013 denying the allegations contained in the Complaint.  A copy of the Answer is attached hereto as Exhibit A.

8.    On February 9, 2014, the California AG filed an amended complaint (the

---

[2]    Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

[3]    The following Debtors are named in the Complaint: Corinthian, Heald College, LLC, Corinthian Schools, Inc., Sequoia Education, Inc., Career Choices, Inc. MJB Acquisition Corporation, Titan Schools, Inc., Rhodes Colleges, Inc., Florida Metropolitan University, Inc. and Everest College Phoenix, Inc.

3

"**Amended Complaint**") that is the alleged basis for the Claims against the Debtors.  On March 17, 2015, the Debtors filed an answer to the Amended Complaint denying the allegations contained in the Amended Complaint (the "**Amended Answer**").  A copy of the Amended Answer is attached hereto as <u>Exhibit B</u>.

9.      On July 3, 2014, the California AG further supplemented the Amended Complaint on (the "**Supplemental Amended Complaint**") and Debtors once again responded to the Supplemental Amended Complaint (the "**Answer to Supplemental Complaint**" and together with the Answer and the Amended Answer, the "**Answer**s") denying the allegations contained therein.  A copy of the Answer to the Supplemental Complaint is attached hereto as <u>Exhibit C</u>.

10.      In support of the Claims, the California AG attaches the Amended Complaint. The Debtors have and continue to defend against the allegations contained in the Amended Complaint.  As highlighted in the Answers, the allegations against the Debtors are out-of-context, misleading and simply inaccurate.

## RELIEF REQUESTED

11.      By this Objection, the Debtors object to the Claims and seek entry of an order, attached hereto as <u>Exhibit D</u>, pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, (i) disallowing the Claims in full, and (ii) granting such other and further relief as is just and proper.

## LEGAL BASIS FOR OBJECTION

12.      Section 502(a) of the Bankruptcy Code provides that a proof of claim "is deemed allowed, unless a party in interest objects."  11 U.S.C. § 502(a).  Pursuant to section 502(b) of the Bankruptcy Code, if objection to a claim is made, the court, after notice and a hearing, must determine the amount of the claim fixed as of the date of the filing of the petition. *Id.* at § 502(b).

4

13.     The burden of proof related to claims and claims objections "shifts between the proponent of, and objector to, a claim." *In re Smurfit–Stone Container Corp.,* 444 B.R. 111, 117 (Bankr. D. Del. 2011) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)).  As the Third Circuit has explained:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward.  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim.  It is often said that the objector must produce evidence equal in force to the prima facie case.  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.  The burden of persuasion is always on the claimant.

*In re Allegheny*, 954 F.2d at 173-74 (internal citations omitted).

14.     Here, facts and circumstances exist to rebut the validity of the Claims.  The allegations contained in the California AG Lawsuit lack specificity and evidence of materiality, causation and damages.  For example, the allegations are replete with supposed anecdotes, but fail to identify students by name, program or year such that the Debtors could investigate and respond to the specific allegations.  Assuming *arguendo* that the supposed anecdotes are true, the California AG fails to state a material difference in the student placement percentages or whether the alleged inaccuracies caused any damages to the students who graduated and obtained employment in their intended field of study.

15.     The Answers contain the Debtors' responses to the allegations set forth in the Claims.  The Debtors fully incorporate by reference the Answers and the reasons set forth therein

as the basis for this Objection.  While the Debtors will not belabor the Court with a point-by-point response to each of the allegations contained in the Amended Complaint (the basis for the Claims), the following verbatim abstract from the Debtors' Answer is illustrative of the Debtors' position with respect to the allegations contained in the California AG Lawsuit:

> "The Government's false allegations and the aspersions cast on the School's relationship with its students are offensive and demeaning—to the School and its employees; to its students who are striving for a career and a better life; and to the employers who hire its thousands of qualified graduates. The Government's Complaint also implies that state regulators and accreditation agencies have failed to provide proper oversight of the School. This is ill informed and demonstrably untrue.  The Complaint suggests that the School's employees go to work every day for the express purpose of preying on students. This is insulting and preposterous. The School and its employees are passionately dedicated to providing quality career education, to helping students overcome academic and personal obstacles that stand in the way of completing their programs, and to helping graduates find meaningful work in their fields of study. Most of the School's students have not succeeded in a traditional academic environment; over 40% have tried community college before enrolling at one of its institutions. The School's students have few people in their lives who can provide the support and encouragement they need to achieve a career goal. The School and its employees are committed to honoring the trust that its students place in its institutions. Its campus teams work in concert to teach, mentor, counsel, coach and cheerlead their students to success. Across the School's network of campuses, it has one career services employee for every 108 students; in a typical community college, that ratio is one counselor for approximately 1,000 students, including all types of counseling, from personal to academics to career. The School's substantial and on-going investment in placement services has helped tens of thousands of graduates find work in their fields, even during the recent deep and prolonged recession.  As a career institution, the School is subject to a complex, oft-times conflicting, and extensive web of federal and state regulation, along with myriad accreditation, licensing and reporting requirements. The School has been, and continues to be an industry leader in its commitment to integrity and to the implementation and enhancement of processes and training to promote compliance. The School has devoted substantial resources to not only meet these regulatory requirements, but to exceed them. Rather than acknowledging and commending the School's aspirational goals, the Government is seeking to punish the School. The Complaint is replete with selective, misleading and out-of-context quotations that attempt to turn the School's commitment to high standards against it. In California, the School has cooperated extensively with the Government. It has done so openly and because it has confidence in its internal controls and its people. The School provided several hundred thousand pages of documents, voice recordings and answers to new questions posed on an almost-weekly basis by the

6

Government. The School repeatedly offered to present information and explanation on any issues about which the Government had concerns. Without accepting those offers and without any notice, the Government filed this Complaint—a document built on a foundation of misquoted, deceptively excerpted, and—at best—misunderstood materials. For example, the Government cites a slide from a presentation in paragraph 51(e) for the proposition that there was a "placement file error rate of 53.6 percent to 70.6 percent." In reality, that slide does not even include the word "placement," and the internal review in question did not reflect a single suspect, let alone false placement, contrary to the Government's insinuation. The School will address and expose those mischaracterizations in due course before this Court in a process that begins with this Verified Answer."

Answer, Exhibit A, pp. 2-3.  For these reasons and all the reasons set forth in the Answers, the California AG cannot prove the validity of the Claims.  Accordingly, the Claims should be disallowed in their entirety.

## RESERVATION OF RIGHTS

16.     The Debtors hereby reserve the right to object in the future to the Claims on any ground, and to amend, modify and/or supplement this Objection, including, without limitation, to object to an amended or newly filed Claims.  Separate notice and hearing will be scheduled for any such objection.

## NOTICE

17.     The Debtors will provide notice of this Objection to:  (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Student Committee; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (v) the Internal Revenue Service; (vi) the California AG; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002(i).  The Debtors submit that no other or further notice is necessary under the circumstances.

WHEREFORE, the Debtors respectfully request that the Court enter the order, substantially in the form attached hereto as <u>Exhibit D</u>, (i) disallowing the Claims in full, and (i) granting such other and further relief as the Court deems appropriate.

Dated: September 16, 2015  
      Wilmington, Delaware

<u>/s/ Amanda R. Steele</u>  
Mark D. Collins (No. 2981)  
Michael J. Merchant (No. 3854)  
Marisa A. Terranova (No. 5396)  
Amanda R. Steele (No. 5530)  
RICHARDS, LAYTON & FINGER, P.A.  
920 N. King Street  
Wilmington, Delaware 19801  
Telephone:  302-651-7700  
Facsimile:  302-651-7701  
Email: collins@rlf.com  
      merchant@rlf.com  
      terranova@rlf.com  
      steele@rlf.com

Counsel for the Debtors and Debtors in Possession