**Exhibit C**

**(Answer to Supplemental Complaint)**

RLF1 12969364v.1

IRELL & MANELLA LLP
John C. Hueston (164921)
Brian J. Hennigan (86955)
Andra B. Greene (123931)
Khaldoun Shobaki (232864)
Andrew K. Walsh (273763)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199
E-mail:      jhueston@irell.com
             bhennigan@irell.com
             agreene@irell.com
             kshobaki@irell.com
             awalsh@irell.com

HOMER BONNER JACOBS
Peter W. Homer (pro hac vice)
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 350-5100
Facsimile:   (305) 372-2738
E-mail:      phomer@homerbonner.com

Attorneys for Defendants

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HEALD COLLEGE, LLC; CORINTHIAN COLLEGES, INC.; CORINTHIAN SCHOOLS, INC.; SEQUOIA EDUCATION, INC.; CAREER CHOICES, INC.; MJB ACQUISITION CORPORATION; TITAN SCHOOLS, INC.; RHODES COLLEGES, INC.; FLORIDA METROPOLITAN UNIVERSITY, INC.; EVEREST COLLEGE PHOENIX, INC.; and DOES 1 through 100, INCLUSIVE,<br><br>　　　　Defendants. | Case No. CGC-13-534793<br><br>HEALD COLLEGE, LLC, CORINTHIAN COLLEGES, INC., CORINTHIAN SCHOOLS, INC., SEQUOIA EDUCATION, INC., CAREER CHOICES, INC., MJB ACQUISITION CORPORATION, TITAN SCHOOLS, INC., RHODES COLLEGES, INC., FLORIDA METROPOLITAN UNIVERSITY, INC., AND EVEREST COLLEGE PHOENIX, INC.'S VERIFIED ANSWER TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT<br><br>Assigned to Hon. Curtis E.A. Karnow, Dept. 304<br><br>Trial: April 20, 2015<br>Action Filed: October 10, 2013 |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3083229

The School's Verified Answer To Plaintiff's Supplemental Complaint (Case No. CGC-13-534793)

Pursuant to California Code of Civil Procedure § 464 and Court Order dated July 3, 2014, Defendants Heald College LLC, Corinthian Colleges, Inc., Corinthian Schools, Inc., Sequoia Education, Inc., Career Choices, Inc., MJB Acquisition Corporation, Titan Schools, Inc., Rhodes Colleges, Inc., Florida Metropolitan University, Inc. and Everest College Phoenix, Inc. (collectively, "the School") hereby answer the numbered paragraphs of the People of the State of California's (hereinafter, "the Government") Supplemental Complaint for Civil Penalties, Permanent Injunction, and Other Relief ("Supplemental Complaint") as follows:

## PRELIMINARY STATEMENT

The School and the United States Department of Education ("ED") are in the complex, delicate process of attempting to sell or close ("teach-out") the School's campuses despite an absence of due process or any finding of wrongdoing. The intricate process is intended to keep the School from abruptly ceasing operations, a result that would cause significant harm—to the students, to the School's employees, and to taxpayers. To avoid the catastrophe of a sudden closure, the Operating Agreement is carefully calibrated to maintain the status quo for as many students as possible.

The Government, through its Supplemental Complaint and sought-after preliminary injunctive relief, seeks to change the status quo and increase the likelihood that the School will have to close before its campuses are sold or taught-out. The Government's intent is clearly to frighten rather than inform. The Government's allegations are tantamount to an argument that the School should have given its students incomplete information: while the School waited until an agreement with ED was reached and it could inform its students of the final plan, the Government takes the School to task for what information it provided students in the middle of its negotiations. Highlighting why the Government's allegations are nonsensical, most of the Government's contentions are now out of date or proved inaccurate: since the Government put the Supplemental Complaint before the Court, the School has obtained additional financing, been given access to some Title IV funds without a 21-day waiting period, and started giving its students and potential students notice of the plans to sell and teach-out its campuses.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3083229

The School's Verified Answer To Plaintiff's Supplemental Complaint (Case No. CGC-13-534793)

By seeking to interfere in the School and ED's plan for an orderly wind-down, the Government has lost sight of the forest for the trees. The School's current disclosures are designed to protect the well-being of students, employees, and the people of California. The School is positive that the Government's allegations will prove as meritless as the allegations in its First Amended Complaint, and that the School will be vindicated.

## INTRODUCTION

1. The School is without knowledge or information sufficient to form a belief as to the truth or falsity of the Government's representations about its purported reasons for bringing this action, and denies the allegations in paragraph 1 on that basis. The Government's allegations ignore the fact that the School's plans have been in flux since June 22, 2014. The School denies the Government's characterization of its financial condition, including the quote taken out of context. The June 23, 2014 filing speaks for itself. The School admits that it has entered into an agreement with ED wherein it will attempt to sell or teach-out its campuses to third parties in the near future. Except as expressly admitted herein, the School denies the allegations in paragraph 1.

2. The School admits that it filed Form 8-K Current Reports on June 19, 2014, and June 23, 2014, about its ongoing negotiations with ED. Those filings with the United States Securities and Exchange Commission ("SEC") are a matter of public record. The School denies the allegation that it is refusing to share this information with students, potential students, or their parents. Under the Operating Agreement, the School has distributed ED-approved disclosures to new enrollees and to students at teach-out locations. Further, the School has posted links to the same disclosures on its web sites. The School has also trained its admissions personnel to address questions about the pending sales or teach-outs. Except as expressly admitted herein, the School denies the allegations in paragraph 2.

3. The School denies the allegation that any of the statements listed as (a)-(f) below are <u>currently</u> being published by the School. The School further denies that any of the statements listed in (a)-(f) below would be misleading if currently published. Except as expressly admitted herein, the School denies the allegations in paragraph 3.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3083229

- 3 -
The School's Verified Answer To Plaintiff's Supplemental Complaint (Case No. CGC-13-534793)

     a.   The School denies the allegation that it is currently publishing this statement on any Heald website. Except as expressly admitted herein, the School denies the allegations in paragraph 3(a).

     b.   The School denies the allegation that it is currently publishing this statement on any WyoTech website. Except as expressly admitted herein, the School denies the allegations in paragraph 3(b).

     c.   The School denies the allegation that it is currently publishing this statement on this website. This web page was revised on June 30, 2014, before the Supplemental Complaint was filed. Except as expressly admitted herein, the School denies the allegations in paragraph 3(c).

     d.   The School denies the allegation that it is currently publishing this statement on this website. Except as expressly admitted herein, the School denies the allegations in paragraph 3(d).

     e.   The School denies the allegation that it is currently publishing this statement on these websites. Except as expressly admitted herein, the School denies the allegations in paragraph 3(e).

     f.   The School denies the allegation that it is currently publishing a website with this title. Except as expressly admitted herein, the School denies the allegations in paragraph 3(f).

4.    The School vehemently denies that it engages in "unlawful, unfair and fraudulent practices" as alleged in paragraph 4. The School admits that the costs and fees for the programs listed in paragraph 4 are accurate. Education costs have risen significantly for all education sectors, and have been driven higher by the federal government's 90/10 rule in the proprietary sector. Except as expressly admitted herein, the School denies the allegations in paragraph 4.

5.    The School admits that it advertises to high school students who are interested in higher education, some of whom are minors. The School generally serves older, non-traditional students with varied demographics and advertises on the internet (and other places) to publicize its

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3083229

- 4 -
The School's Verified Answer To Plaintiff's Supplemental Complaint (Case No. CGC-13-534793)

programs and encourage students to better their lives through education. Except as expressly admitted herein, the School denies the allegations in paragraph 5.

6. The allegations in paragraph 6 are conclusions of law and a prayer for relief, to which no response is required. To the extent that they may be construed as factual allegations, the School denies the allegations in paragraph 6. Nonetheless, the School prays that the Government take nothing by the Complaint, that the requested injunctive and equitable relief be denied, and that the School be awarded judgment in this action.

## SUPPLEMENTAL NATURE OF THE COMPLAINT

7. The School admits that the Government began its investigation before December 21, 2012, filed the original Complaint in this action on October 10, 2013 and filed a First Amended Complaint on February 19, 2014. The School is without knowledge or information sufficient to form a belief as to the truth or falsity of the Government's representations about its purported intention to supplement its existing allegations in this action, and denies the allegations in paragraph 7 on that basis. The School notes that despite this long history of investigation and litigation against the School, the Government has refused to go to trial quickly. Except as expressly admitted herein, the School denies the allegations in paragraph 7.

## THE PARTIES

8. The School admits that Kamala D. Harris is the Attorney General of the State of California. The allegations in paragraph 8 are conclusions of law to which no response is required. Except as expressly admitted herein, the School denies the allegations in paragraph 6.

9. The School admits the factual allegations of paragraph 9, noting that Heald College LLC is an indirect subsidiary of Corinthian Colleges, Inc.

10. The allegation in paragraph 10 is the Government's definition of what it means when it uses the term "Heald," and no responsive pleading is required, except that Heald College LLC has no subsidiaries.

11. The School admits the factual allegations of paragraph 11 related to Corinthian Colleges, Inc.'s incorporation, principal place of business, subsidiary ownership and enrollment of students in California.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3083229

- 5 -
The School's Verified Answer To Plaintiff's Supplemental Complaint (Case No. CGC-13-534793)

12. The allegation in paragraph 12 is the Government's definition of what it means when it uses the term "Corinthian Colleges, Inc.," and no responsive pleading is required.

13. The School admits the factual allegations regarding Corinthian Schools, Inc.'s incorporation, principal place of business and nature as a wholly owned subsidiary found in paragraph 13, but denies that Corinthian Schools, Inc. owns the Ontario Metro campus, and denies that Corinthian Schools, Inc. currently owns the Los Angeles – Wilshire, San Francisco, Hayward and San Jose campuses.

14. The allegation in paragraph 14 is the Government's definition of what it means when it uses the term "Corinthian Schools, Inc.," and no responsive pleading is required.

15. The School admits the factual allegations regarding Sequoia Education, Inc.'s incorporation, principal place of business and ownership.

16. The allegation in paragraph 16 is the Government's definition of what it means when it uses the term "Sequoia Education, Inc.," and no responsive pleading is required.

17. The School admits the factual allegations regarding Career Choices, Inc.'s incorporation, principal place of business, subsidiary ownership and nature as a wholly-owned subsidiary.

18. The allegation in paragraph 18 is the Government's definition of what it means when it uses the term "Career Choices, Inc.," and no responsive pleading is required.

19. The School admits the factual allegations regarding MJB Acquisition Corporation's incorporation, principal place of business and ownership.

20. The allegation in paragraph 20 is the Government's definition of what it means when it uses the term "MJB Acquisition Corporation," and no responsive pleading is required.

21. The School admits the factual allegations regarding Titan Schools, Inc.'s incorporation, principal place of business, subsidiary ownership and nature as a wholly owned subsidiary.

22. The allegation in paragraph 22 is the Government's definition of what it means when it uses the term "Titan Schools, Inc.," and no responsive pleading is required.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3083229

- 6 -
The School's Verified Answer To Plaintiff's Supplemental Complaint (Case No. CGC-13-534793)

23. The School admits the factual allegations regarding Rhodes Colleges, Inc.'s incorporation, principal place of business, subsidiary ownership, nature as a wholly owned subsidiary and that it conducts business in California.

24. The allegation in paragraph 24 is the Government's definition of what it means when it uses the term "Rhodes Colleges, Inc.," and no responsive pleading is required.

25. The School admits the factual allegations regarding Florida Metropolitan University, Inc.'s incorporation, principal place of business, subsidiary ownership, nature as a wholly-owned subsidiary and that it conducts business in California.

26. The allegation in paragraph 26 is the Government's definition of what it means when it uses the term "Florida Metropolitan University, Inc.," and no responsive pleading is required.

27. The School admits the factual allegations regarding Everest College Phoenix, Inc.'s incorporation, principal place of business and ownership and that it conducts business in California.

28. The allegation in paragraph 28 is the Government's definition of what it means when it uses the term "Everest College Phoenix, Inc.," and no responsive pleading is required.

29. The School is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29 and denies the allegations on that basis.

30. The allegation in paragraph 30 is the Government's definition of what it means when it uses the term "DOE Defendants 1 to 50," and no responsive pleading is required.

31. The allegation in paragraph 31 is the Government's definition of what it means when it uses the term "DOE Defendants 51 to 100," and no responsive pleading is required.

32. The allegation in paragraph 32 is the Government's explanation of what it means when it uses the terms "CCI" or "Defendants," and no responsive pleading is required.

33. No responsive pleading is required to paragraph 33.

34. The allegations in paragraph 34 are conclusions of law to which no response is required. To the extent that they may be construed as factual allegations, the School denies the allegations in paragraph 34.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3083229

- 7 -
The School's Verified Answer To Plaintiff's Supplemental Complaint (Case No. CGC-13-534793)

35. The allegations in paragraph 35 are conclusions of law to which no response is required. To the extent that they may be construed as factual allegations, the School denies the allegations in paragraph 35.

36. No responsive pleading is required to paragraph 36.

37. The allegations in paragraph 37 are conclusions of law to which no response is required. To the extent that they may be construed as factual allegations, the School denies the allegations in paragraph 37.

38. The allegations in paragraph 38 are conclusions of law to which no response is required. To the extent that they may be construed as factual allegations, the School denies the allegations in paragraph 38.

39. The allegation in paragraph 39 is a conclusion of law to which no response is required.

40. The allegations in paragraph 40 are conclusions of law to which no response is required. To the extent that they may be construed as factual allegations, the School denies the allegations in paragraph 40.

## JURISDICTION AND VENUE

41. The allegation in paragraph 41 is a conclusion of law to which no response is required.

42. The allegation in paragraph 42 is a conclusion of law to which no response is required.

43. The allegation in paragraph 43 is a conclusion of law to which no response is required. To the extent that this is construed as a factual allegation, the School is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in paragraph 43, and denies the allegation on that basis.

44. The allegation in paragraph 44 is a conclusion of law to which no response is required.

45. The allegation in paragraph 45 is a conclusion of law to which no response is required.

46. The allegation in paragraph 46 is a conclusion of law to which no response is required. The Government purportedly bases its claim of jurisdiction on Business and Professions Code sections 17207, subdivision (b) and 17535.5, subdivision (b), and the July 31, 2007 Final Judgment in *People v. Corinthian Schools, Inc., et al.*, No. BC374999 (Los Angeles Superior

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3083229

- 8 -
The School's Verified Answer To Plaintiff's Supplemental Complaint (Case No. CGC-13-534793)

Court). However, the Supplemental Complaint does not allege any violations of those statutes or the final judgment.

## THE GOVERNMENT'S ALLEGATIONS

47. The School admits that it educates students through nationally and regionally accredited campuses and online, including the identified schools.

### The School and ED Reach an Agreement to Maintain the Status Quo

48. The School admits that it received a letter from ED on June 12, 2014, which it disclosed to investors in an 8-K filed on June 19, 2014. The School was consistently producing data and documents to ED pursuant to requests dated January 23, 2014, April 11, 2014, April 22, 2014, and May 13, 2014, but, as stated to ED in a teleconference soon after receipt of the January 23 letter, complying with the immense scope and complexity of ED's requests would require one to two years. The School admits that, on June 12, 2014, its campuses were transferred to Heightened Cash Monitoring 1 (HCM1) and that ED imposed a 21-day delay on the School's ability to draw down funds. The Government's description of HCM1 is a conclusion of law to which no response is required. Except as expressly admitted herein, the School denies the allegations in paragraph 48.

49. The School admits that it disclosed the June 12, 2014 letter from ED in an 8-K filed on June 19, 2014. The Form 8-K is a document that speaks for itself. Except as expressly admitted herein, the School denies the allegations in paragraph 49.

50. The School admits that its share price closed at $.28 on June 19, 2014. The School denies that its share price "collapsed." Except as expressly admitted herein, the School denies the allegations in paragraph 50.

51. The School admits that it disclosed that it had reached a Memorandum of Understanding ("MOU") with ED in an 8-K filed on June 23, 2014. The MOU allowed the School to draw down $16 million in Title IV funds so that it could fund its ordinary course obligations immediately upon submission of student rosters and related data. The Form 8-K is a document that speaks for itself. Except as expressly admitted herein, the School denies the allegations in paragraph 51.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3083229

- 9 -
The School's Verified Answer To Plaintiff's Supplemental Complaint (Case No. CGC-13-534793)

52. The School denies the out-of-context and misleading allegations in paragraph 52. The Government's allegations ignore the cash flow implications on virtually every company in America and ignore that the School's financial position has improved since June 12, 2014, because ED has agreed to allow the School to draw down certain Title IV funds without a 21-day waiting period. The Government's allegations also ignore the School's agreement with one of its creditors allowing it to draw down an additional $9 million pursuant to a credit agreement, disclosed in a June 30, 2014 Form 8-K.

53. The School denies the allegations in paragraph 53. Although the School's position has been in flux since June 12, 2014, the School provided reasonable information to students under the circumstances. The School denies that the examples listed in paragraphs 56(a)-(f) are misleading and / or current examples of the School's websites.

   a. The School admits that, at one point, a Heald military website existed and that this statement appeared on it. The School denies that the website is currently in operation. The School further denies that the statement at issue is misleading.

   b. The School admits that, at one point, a WyoTech military website existed. The School denies that the website is currently in operation. The School denies the allegation that the statements are misleading.

   c. The School admits that, at one point, a Heald website discussed lifetime career services assistance. The School denies that the statements currently appear on Heald websites. The School denies the allegation that the statements are misleading.

   d. The School admits that, at one point, an Everest website included the quoted statement. The School denies that the statement currently appears on Everest websites. The School denies the allegation that the statement is misleading.

   e. The School admits that, at one point, Everest and WyoTech websites included the quoted statement. The School denies that the statements currently appear on Everest and WyoTech websites. The School denies the allegation that the statement is misleading.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3083229

- 10 -
The School's Verified Answer To Plaintiff's Supplemental Complaint (Case No. CGC-13-534793)

    f.   The School admits that, at one point, a WyoTech website included the quoted language. The School denies that the statements currently appear on WyoTech websites. The School denies the allegation that the statements are misleading.

    g.   The School denies that the attached examples represent its websites as they currently exist.

54.   The School denies the allegations in paragraph 54.

**The School and ED Create a Plan to Protect the Students**

55.   The School admits that the MOU with ED contemplates attempted sales or teach-outs of campuses, and that the School disclosed the MOU in its June 23, 2014 8-K.

56.   The School denies the misleading allegations in paragraph 56. The School did not reach an agreement with ED until July 3, 2014. The School disclosed the proposed sale and teach-out campuses in an 8-K filed July 7, 2014. The School and ED reached an agreement on the form of disclosure notices to students at teach-out campuses and to enrolling students on July 9, 2014. The School has made the required disclosures to students and new students. The School denies that the examples listed in paragraphs 56(a)-(f) are misleading and / or current examples of the School's websites.

    a.   The School admits that, at one point, a Heald military website existed and that this statement appeared on it. The School denies that the website is currently in operation. The School further denies that the statement at issue is misleading.

    b.   The School admits that, at one point, a WyoTech military website existed. The School denies that the website is currently in operation. The School denies the allegation that the statements are misleading.

    c.   The School admits that, at one point, a Heald website discussed lifetime career services assistance. The School denies that the statements currently appear on Heald websites. The School denies the allegation that the statements are misleading.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3083229

- 11 -
The School's Verified Answer To Plaintiff's Supplemental Complaint (Case No. CGC-13-534793)

    d.   The School admits that, at one point, an Everest website included the quoted statement. The School denies that the statement currently appears on Everest websites. The School denies the allegation that the statement is misleading.

    e.   The School admits that, at one point, Everest websites included the quoted statement. The School denies that the statements currently appear on Everest websites. The School denies the allegation that the statement is misleading.

    f.   The School admits that, at one point, a WyoTech website included the quoted language. The School denies that the statements currently appear on WyoTech websites. The School denies the allegation that the statements are misleading.

    g.   The School admits that the attached examples accurately reflect the School's websites as of June 25, 2014. The School denies that the attached examples represent the School's websites as they currently exist

57.    The School denies the allegations in paragraph 57.

## FIRST SUPPLEMENTAL CAUSE OF ACTION

## (ALL DEFENDANTS)

58.    No responsive pleading is required to paragraph 58. The School realleges and incorporates its answer to all paragraphs set forth above.

59.    The allegations in paragraph 59 are conclusions of law to which no response is required. The School realleges and incorporates its answer to the paragraphs enumerated in paragraph 59. Except as expressly admitted herein, the School denies the allegations in paragraph 59.

    a.   The allegations in paragraph 59(a) are conclusions of law to which no response is required. To the extent that they may be construed as factual allegations, the School denies the allegations in paragraph 59(a).

    b.   The allegations in paragraph 59(b) are conclusions of law to which no response is required. To the extent that they may be construed as factual allegations, the School denies the allegations in paragraph 59(b).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3083229

- 12 -
The School's Verified Answer To Plaintiff's Supplemental Complaint (Case No. CGC-13-534793)

    c. The allegations in paragraph 59(c) are conclusions of law to which no response is required. To the extent that they may be construed as factual allegations, the School denies the allegations in paragraph 59(c).

    d. The allegations in paragraph 59(d) are conclusions of law to which no response is required. To the extent that they may be construed as factual allegations, the School denies the allegations in paragraph 59(d).

60. The School denies the allegations in paragraph 60.

## SECOND SUPPLEMENTAL CAUSE OF ACTION
## (ALL DEFENDANTS)

61. No responsive pleading is required to paragraph 61. The School realleges and incorporates its answer to all paragraphs set forth above.

62. The allegations in paragraph 62 are conclusions of law to which no response is required. To the extent that they may be construed as factual allegations, the School denies the allegations in paragraph 62.

63. The allegations in paragraph 63 are conclusions of law to which no response is required.

    a. The allegations in paragraph 63(a) are conclusions of law to which no response is required. To the extent that they may be construed as factual allegations, the School denies the allegations in paragraph 63(a).

    b. The allegations in paragraph 63(b) are conclusions of law to which no response is required. To the extent that they may be construed as factual allegations, the School denies the allegations in paragraph 63(b).

    c. The allegations in paragraph 63(c) are conclusions of law to which no response is required. To the extent that they may be construed as factual allegations, the School denies the allegations in paragraph 63(c).

    d. The allegations in paragraph 63(d) are conclusions of law to which no response is required. To the extent that they may be construed as factual allegations, the School denies the allegations in paragraph 63(d).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3083229

- 13 -
The School's Verified Answer To Plaintiff's Supplemental Complaint (Case No. CGC-13-534793)

64. The allegations in paragraph 64 are conclusions of law to which no response is required.

    a. The allegations in paragraph 64(a) are conclusions of law to which no response is required. The School realleges and incorporates its answer to the paragraphs enumerated in paragraph 64(a).

65. The allegation in paragraph 65 is a conclusion of law to which no response is required.

    a. The School is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 65(a) and denies the allegations on that basis.

    b. The School is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 65(b) and denies the allegations on that basis.

    c. The allegations in paragraph 65(c) include conclusions of law to which no response is required. To the extent that they may be construed as factual allegations, the School denies the allegations in paragraph 65(c).

66. The allegations in paragraph 66 are conclusions of law to which no response is required.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that the School bears the burden of proof as to any of them, the School asserts the following affirmative defenses as to all causes of action:

### First Affirmative Defense
### (Failure to State a Claim)

67. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense
### (Unclean Hands)

68. The Complaint is barred because the Government has unclean hands with respect to the claims alleged therein. Specifically, the Government: seeks remedies that are unduly harsh and oppressive; acted in bad faith by filing this suit; deliberately ignored and misrepresented the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3083229

- 14 -
The School's Verified Answer To Plaintiff's Supplemental Complaint (Case No. CGC-13-534793)

evolving nature of the School's position; refused the School's offers to negotiate or work out a compromise; and unfairly seeks injunctive remedies against the School for alleged conduct that the School is not engaging in.

### Third Affirmative Defense

### (Equity)

69. Principles of equity bar the Government from seeking the relief it requests. Among other reasons, equity bars the requested relief because the Government: seeks remedies that are unduly harsh and oppressive; acted in bad faith by filing this suit; deliberately ignored and misrepresented the evolving nature of the School's position; refused the School's offers to negotiate or work out a compromise; and unfairly seeks injunctive remedies against the School for alleged conduct that the School is not engaging in.

### PRAYER FOR RELIEF

WHEREFORE, the School prays that the Government take nothing by the Supplemental Complaint, that the requested injunctive and equitable relief be denied, that the School be awarded judgment in this action and costs of suit incurred herein, and for other such relief as the Court deems just and proper.

Dated: August 1, 2014

IRELL & MANELLA LLP
John C. Hueston
Brian J. Hennigan
Andra B. Greene
Khaldoun Shobaki
Andrew K. Walsh

By: _____/s/  John C. Hueston_____
John C. Hueston (164921)

Attorneys for Defendants

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3083229

- 15 -
The School's Verified Answer To Plaintiff's Supplemental Complaint (Case No. CGC-13-534793)

## VERIFICATION

I, Roger Van Duinen, declare as follows:

I have read the foregoing THE SCHOOL'S VERIFIED ANSWER TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT and know its contents.

I am employed by Corinthian Colleges, Inc., a party to this action, and am authorized to make this verification for and on its behalf. The facts stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief; as to those matters I am informed and believe that they are true.

Executed this 1st day of August 2014, at Santa Ana, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Roger Van Duinen

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3083229

The School's Verified Answer To Plaintiff's Supplemental Complaint (Case No. CGC-13-534793)

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On August 1, 2014, at approximately 4:30 PM Pacific Time, I served the foregoing document described as **HEALD COLLEGE, LLC, CORINTHIAN COLLEGES, INC., CORINTHIAN SCHOOLS, INC., SEQUOIA EDUCATION, INC., CAREER CHOICES, INC., MJB ACQUISITION CORPORATION, TITAN SCHOOLS, INC., RHODES COLLEGES, INC., FLORIDA METROPOLITAN UNIVERSITY, INC., AND EVEREST COLLEGE PHOENIX, INC.'S VERIFIED ANSWER TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT** on each interested party, as follows:

>Kamala D. Harris
>Frances T. Grunder
>Nicklas A. Akers
>Nicholas G. Campins
>David A. Jones
>California Department of Justice
>455 Golden Gate Avenue, Suite 11000
>San Francisco, CA 94102-7004

[X]    (BY ELECTRONIC FILING AND SERVICE) I posted the foregoing document on the Court's File & ServeXpress web site.

Executed on August 1, 2014, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____Khaldoun Shobaki_____           _____(Signature)_____
(Type or print name)