IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § § | Case No. 15-10952 (KJC) |
| | § § | Jointly Administered |
| Debtors. | § § § | |

---

### DEBTORS' OBJECTION TO THE CLAIM
### OF THE CONSUMER FINANCIAL PROTECTION BUREAU

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") hereby file this objection (this "**Objection**") to Claim No.    (the "**Claim**") filed by the Consumer Financial Protection Bureau (the "**CFPB**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of this Objection, the Debtors respectfully represent as follows:

### PRELIMINARY STATEMENT

1.    The basis for the CFPB's Claim is a Complaint (as defined below) filed against Corinthian generally alleging violations of federal consumer protection laws. As set forth in greater detail below, the Complaint contains allegations that are unfounded and have never been

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

RLF1 12979032v.2

adjudicated as true by an independent tribunal, but have been asserted as the basis for the CFPB's Claim against the Debtors. Further, as set forth in the "Defenses" in the Answer, the Debtors raise a number of constitutional defenses to the relief sought by the CFRB. The Debtors have responded formally to the Complaint in the federal court action by denying the allegations contained therein and hereby similarly object to the allowance of the Claim.

## JURISDICTION

2. The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this case and this Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A.     General Background**

3. On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

4. On May 13, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors (the "**Creditors' Committee**"). The U.S. Trustee appointed an official committee of student creditors (the "**Student Committee**") on May 15, 2015.

5. Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the *Declaration of William J. Nolan in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10].

**B.     The Plan**

6.On July 1, 2015, the Debtors filed the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation*, which was subsequently amended on July 24, 2015, July 27, 2015, August 25, 2015, and August 28, 2015 [Docket Nos. 520, 646, 655, 863, 906, and 909, respectively] (as amended, the "**Plan**").  On August 28, 2015, the Court entered the *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 913] (the "**Confirmation Order**") confirming the Debtor's Plan.  The Plan provides for the creation of a two trust structure:  (i) the Distribution Trust[2], for the benefit of Holders of Allowed General Unsecured Claims (other than Student Claims and Government Education Claims); and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims.  The Plan has not yet gone effective.  Pursuant to the Plan, the CFPB's Claim is a Government Education Claim.

**C.****The CFPB Lawsuit**

7. On September 16, 2014, the CFPB commenced an action by filing a complaint (the "**Complaint**") against certain of the Corinthian in the *United States District Court for the Northern District of Illinois Eastern Division*, Case No. 1:14-cv-07194 (the "**CFPB Lawsuit**").[3]  The Complaint alleges violations of the Consumer Financial Protection Act, 12 U.S.C. §§ 5481 *et seq*.  The Debtors filed an answer (the "**Answer**") to the Complaint on September 11, 2015 denying the allegations contained in the Complaint.  A copy of the Answer is attached hereto as Exhibit A.

8. In support of the Claim, the CFPB attaches the Complaint.  The Debtors have and continue to defend against the allegations contained in the Complaint.  As highlighted in the Answer, the allegations against the Debtors are out-of-context, misleading and simply inaccurate.

---

[2]Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.
[3]In addition to its actions against the Debtors, the CFPB has filed actions against other tax-paying schools.

Further, the Debtors raise a number of constitutional defenses in the Complaint to CFPB's ability to bring the CFPB Lawsuit against the Debtors.

## RELIEF REQUESTED

9. By this Objection, the Debtors object to the Claim and seek entry of an order, attached hereto as <u>Exhibit B</u>, pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, (i) disallowing the Claim in full, and (ii) granting such other and further relief as is just and proper.

## LEGAL BASIS FOR OBJECTION

10. Section 502(a) of the Bankruptcy Code provides that a proof of claim "is deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). Pursuant to section 502(b) of the Bankruptcy Code, if objection to a claim is made, the court, after notice and a hearing, must determine the amount of the claim fixed as of the date of the filing of the petition. *Id.* at § 502(b).

11. The burden of proof related to claims and claims objections "shifts between the proponent of, and objector to, a claim." *In re Smurfit–Stone Container Corp.,* 444 B.R. 111, 117 (Bankr. D. Del. 2011) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)). As the Third Circuit has explained:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim

4

> by a preponderance of the evidence. The burden of persuasion is always on the claimant.

*In re Allegheny*, 954 F.2d at 173-74 (internal citations omitted).

12. Here, facts and circumstances exist to rebut the validity of the Claim. The allegations contained in the CFPB Lawsuit lack specificity and evidence of materiality, causation and damages. For example, the allegations are replete with supposed anecdotes, but fail to identify students by name, program or year such that the Debtors could investigate and respond to the specific allegations. Assuming *arguendo* that the supposed anecdotes are true, the CFPB fails to state a material difference in the student placement percentages or whether the alleged inaccuracies caused any damages to the students who graduated and obtained employment in their intended field of study. Further, the CFPB suggests that the private loans offered to the Debtors' students were predatory in nature, however, it fails to mention that students were only offered these loans if, after receiving governmental aid, they lacked other means to pay.

13. The Answer contains the Debtors' responses to the allegations set forth in the Claim. The Debtors fully incorporate by reference the Answer and the reasons set forth therein as the basis for this Objection. While the Debtors will not belabor the Court with a point-by-point response to each of the allegations contained in the Complaint (the basis for the Claim), however, as set forth in the Answer, "Corinthian denies the Bureau's allegations in the strongest possible terms." *See* Answer, Exhibit A, p.2 For these reasons and all the reasons set forth in the Answer, the CFPB cannot prove the validity of the Claim. Accordingly, the Claim should be disallowed in its entirety.

## RESERVATION OF RIGHTS

14. The Debtors hereby reserve the right to object in the future to the Claim on any ground, and to amend, modify and/or supplement this Objection, including, without limitation, to

5

object to an amended or newly filed Claim. Separate notice and hearing will be scheduled for any such objection.

## NOTICE

15. The Debtors will provide notice of this Objection to: (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Student Committee; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (v) the Internal Revenue Service; (vi) the CFPB; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002(i). The Debtors submit that no other or further notice is necessary under the circumstances.

WHEREFORE, the Debtors respectfully request that the Court enter the order, substantially in the form attached hereto as Exhibit B, (i) disallowing the Claim in full, and (i) granting such other and further relief as the Court deems appropriate.

Dated: September 16, 2015
Wilmington, Delaware

*/s/ Amanda R. Steele*
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marisa A. Terranova (No. 5396)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Facsimile: 302-651-7701
Email: collins@rlf.com
       merchant@rlf.com
       terranova@rlf.com
       steele@rlf.com

Counsel for the Debtors and Debtors in Possession