IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |
| | § | |

-------------------------------------------------------

**DEBTORS' OBJECTION TO THE CLAIM
OF THE ILLINOIS OFFICE OF THE ATTORNEY GENERAL**

Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") hereby file this objection (this "**Objection**") to Claim No. 2968 (the "**Claim**") filed by the Illinois Office of the Attorney General (the "**Illinois AG**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of this Objection, the Debtors respectfully represent as follows:

**PRELIMINARY STATEMENT**

1. The basis for the Illinois AG's Claim is an investigation by the Illinois AG regarding the Debtors' alleged violations of consumer protection laws. The Illinois AG has not informed the Debtors of the results of its investigation, but the Debtors deny that any such

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

violation has occurred. In fact, similar allegations by other state and federal organizations have never been adjudicated as true by an independent tribunal. The Debtors have responded formally to allegations similar in nature to those contained in the Claim in state and federal courts and hereby similarly object to the allowance of the Claim.

## JURISDICTION

2.     The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this case and this Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A.     General Background**

3.     On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

4.     On May 13, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors (the "**Creditors' Committee**"). The U.S. Trustee appointed an official committee of student creditors (the "**Student Committee**") on May 15, 2015.

5.     Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases, is set forth in the *Declaration of William J. Nolan in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 10].

**B.     The Plan**

6.     On July 1, 2015, the Debtors filed the *Debtors' Combined Disclosure Statement*

*and Chapter 11 Plan of Liquidation*, which was subsequently amended on July 24, 2015, July 27, 2015, August 25, 2015, and August 28, 2015 [Docket Nos. 520, 646, 655, 863, 906, and 909, respectively] (as amended, the "**Plan**"). On August 28, 2015, the Court entered the *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 913] (the "**Confirmation Order**") confirming the Debtor's Plan. The Plan provides for the creation of a two trust structure: (i) the Distribution Trust[2], for the benefit of Holders of Allowed General Unsecured Claims (other than Student Claims and Government Education Claims); and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims. The Plan has not yet gone effective. Pursuant to the Plan, the Illinois AG's Claim is a Government Education Claim.

C.    The Illinois AG Investigation

7.    Pursuant to the Claim, the Illinois AG is "investigating whether Corinthian engaged in deceptive, unfair or abusive practices" in violation of consumer protection laws (the "**Illinois AG Investigation**"). In response to the Illinois AG Investigation, the Debtors have provided the Illinois AG with rebuttal information in meeting with the Illinois AG and have responded to significant document demands made by the Illinois AG. The Debtors believe the information provided clearly rebuts the allegations subject to the Illinois AG Investigation. The Debtors have and continue to defend against allegations similar to those in nature that are subject to the Illinois AG Investigation. For the Court's convenience, the answers filed by the Debtors in California, Massachusetts and Northern District of Illinois (collectively, the "**Answers**") are attached hereto as Exhibits A-C, respectively. As highlighted in each of the Answers, the allegations against the Debtors are out-of-context, misleading and simply inaccurate.

---

[2]    Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

**RELIEF REQUESTED**

8.      By this Objection, the Debtors object to the Claim and seek entry of an order, attached hereto as <u>Exhibit D</u>, pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, (i) disallowing the Claim in full, and (ii) granting such other and further relief as is just and proper.

**LEGAL BASIS FOR OBJECTION**

9.      Section 502(a) of the Bankruptcy Code provides that a proof of claim "is deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). Pursuant to section 502(b) of the Bankruptcy Code, if objection to a claim is made, the court, after notice and a hearing, must determine the amount of the claim fixed as of the date of the filing of the petition. *Id.* at § 502(b).

10.     The burden of proof related to claims and claims objections "shifts between the proponent of, and objector to, a claim." *In re Smurfit–Stone Container Corp.,* 444 B.R. 111, 117 (Bankr. D. Del. 2011) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)). As the Third Circuit has explained:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant.

*In re Allegheny*, 954 F.2d at 173-74 (internal citations omitted).

11. Here, facts and circumstances exist to rebut the validity of the Claim. The Illinois AG has alleged no wrongdoing by the Debtors and only that it continues to investigate the actions of the Debtors. The Debtors have responded fully to allegations similar in nature to those subject to Illinois AG Investigation and continue to defend and deny such allegations. Each of the Answers contain the Debtors' responses to such allegations. The Debtors fully incorporate by reference the Answers and the reasons set forth therein as the basis for this Objection. The Debtors' Answer in the 2013 California lawsuit is illustrative of the Debtors' position with respect to the allegations similar to those subject to the Illinois AG Investigation:

> The Government's false allegations and the aspersions cast on the School's relationship with its students are offensive and demeaning—to the School and its employees; to its students who are striving for a career and a better life; and to the employers who hire its thousands of qualified graduates. The Government's Complaint also implies that state regulators and accreditation agencies have failed to provide proper oversight of the School. This is ill informed and demonstrably untrue. The Complaint suggests that the School's employees go to work every day for the express purpose of preying on students. This is insulting and preposterous. The School and its employees are passionately dedicated to providing quality career education, to helping students overcome academic and personal obstacles that stand in the way of completing their programs, and to helping graduates find meaningful work in their fields of study. Most of the School's students have not succeeded in a traditional academic environment; over 40% have tried community college before enrolling at one of its institutions. The School's students have few people in their lives who can provide the support and encouragement they need to achieve a career goal. The School and its employees are committed to honoring the trust that its students place in its institutions. Its campus teams work in concert to teach, mentor, counsel, coach and cheerlead their students to success. Across the School's network of campuses, it has one career services employee for every 108 students; in a typical community college, that ratio is one counselor for approximately 1,000 students, including all types of counseling, from personal to academics to career. The School's substantial and on-going investment in placement services has helped tens of thousands of graduates find work in their fields, even during the recent deep and prolonged recession. As a career institution, the School is subject to a complex, oft-times conflicting, and extensive web of federal and state regulation, along with myriad accreditation, licensing and reporting requirements. The School has been, and continues to be an industry leader in its commitment to integrity and to the implementation and enhancement of processes and training to promote compliance. The School has devoted substantial resources to not only meet these

5

regulatory requirements, but to exceed them. Rather than acknowledging and commending the School's aspirational goals, the Government is seeking to punish the School. The Complaint is replete with selective, misleading and out-of-context quotations that attempt to turn the School's commitment to high standards against it. In California, the School has cooperated extensively with the Government. It has done so openly and because it has confidence in its internal controls and its people. The School provided several hundred thousand pages of documents, voice recordings and answers to new questions posed on an almost-weekly basis by the Government. The School repeatedly offered to present information and explanation on any issues about which the Government had concerns. Without accepting those offers and without any notice, the Government filed this Complaint—a document built on a foundation of misquoted, deceptively excerpted, and—at best—misunderstood materials. For example, the Government cites a slide from a presentation in paragraph 51(e) for the proposition that there was a "placement file error rate of 53.6 percent to 70.6 percent." In reality, that slide does not even include the word "placement," and the internal review in question did not reflect a single suspect, let alone false placement, contrary to the Government's insinuation. The School will address and expose those mischaracterizations in due course before this Court in a process that begins with this Verified Answer."

*See* Exhibit A, pp. 2-3; *see also* Exhibit B (similar response contained in the Debtors' Massachusetts Answer). For these reasons all the reasons set forth in the Answers, the Illinois AG cannot prove the validity of the Claim. Accordingly, the Claim should be disallowed in their entirety.

## RESERVATION OF RIGHTS

12. The Debtors hereby reserve the right to object in the future to the Claim on any ground, and to amend, modify and/or supplement this Objection, including, without limitation, to object to an amended or newly filed Claim. Separate notice and hearing will be scheduled for any such objection.

## NOTICE

13. The Debtors will provide notice of this Objection to: (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Student Committee; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (v) the Internal

Revenue Service; (vi) the Illinois AG; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002(i).  The Debtors submit that no other or further notice is necessary under the circumstances.

WHEREFORE, the Debtors respectfully request that the Court enter the order, substantially in the form attached hereto as <u>Exhibit D</u>, (i) disallowing the Claim in full, and (i) granting such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated:  September 16, 2015<br>           Wilmington, Delaware | */s/ Amanda R. Steele*<br>Mark D. Collins (No. 2981)<br>Michael J. Merchant (No. 3854)<br>Marisa A. Terranova (No. 5396)<br>Amanda R. Steele (No. 5530)<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone:  302-651-7700<br>Facsimile:  302-651-7701<br>Email:  collins@rlf.com<br>           merchant@rlf.com<br>           terranova@rlf.com<br>           steele@rlf.com<br><br>Counsel for the Debtors and Debtors in Possession |