## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, *et al.*, | Case No. 15-10952 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: October 14, 2015 at 3:00 p.m.**<br>**Objections Due: October 7, 2015 at 4:00 p.m.** |

## MOTION OF EFN MERRILLVILLE PROPERTY, LLC TO COMPEL DEBTORS TO TIMELY COMPLY WITH THEIR OBLIGATIONS UNDER 11 U.S.C. § 365(d)(3)

EFN Merrillville Property, LLC ("EFN" or "Landlord"), is the Landlord, and the Debtor, Corinthian Colleges, Inc. ("Debtor" or the "Tenant"), was the Tenant pursuant to three leases (the "Leases") relating to three separate spaces in certain non-residential real property located at 8585 Broadway, Merrillville, Indiana (the "Premises"). Landlord, pursuant to 11 U.S.C. § 365(d)(3), hereby moves for entry of an order (i) requiring the Debtor to immediately pay the August 2015 rent to the Landlord in compliance with its obligations under 11 U.S.C. § 365(d)(3). In support of this Motion, Landlord respectfully represents as follows:

### JURISDICTION

1.      The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding arising under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") that the Court has authority to hear and determine within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), and (M). The statutory predicate for the relief sought herein is 11 U.S.C. §§ 365(d)(3) and, alternatively, 365(d)(2). Venue before this Court is proper pursuant to 28 U.S.C. § 1409.

## BACKGROUND

**A.    Procedural Background**

2.    On February 6, 2015 (the "Petition Date"), the above-captioned Debtors commenced these cases by filing voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in the management and operation of their business and property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in these cases.

**B.    The Leases**

3.    EFN is the Landlord, and the Debtor is the Tenant under the Leases relating to the "Premises". The leases are voluminous and copies are not attached hereto, but can be provided upon request to EFN's undersigned counsel.

4.    On January 27, 2015, just prior to the Petition Date, the Debtors, with Landlord's consent, sublet the leased Premises to Zenith Education Group, Inc. ("Zenith") Notwithstanding Landlord's consent to the sublease by Zenith, the Debtors were not released from their obligations to timely pay all rent coming due under the Leases. Until August 2015, all rent was timely paid. However, notwithstanding the fact that the Debtors only rejected the Leases effective August 2015, EFN was not paid rent for the month of August 2015, all of which rent, plus late fees, is now late and more than 45 days overdue.

5.    Pursuant to express terms of the Lease, all obligations due under the Leases are "payable each in advance, upon the first day of every calendar month . . . ." See Leases at pp.1-2.

8053895/1

2

**RELIEF REQUESTED**

A.    **Order Compelling Compliance with Obligations Under 11 U.S.C. § 365(d)(3)**

6.       Section 365(d)(3) of the Bankruptcy Code provides, in pertinent part, that:

> [t]he [debtor-in-possession] shall timely perform all of the
> obligations of the debtor . . . arising from and after the order for
> relief under any unexpired lease of nonresidential lease property . .
> . until such lease is assumed or rejected . . .

11 U.S.C. § 365(d)(3).

7.       As this Court has noted, "The purpose of § 365(d)(3) is to protect landlords by requiring debtors to timely perform their obligations under the lease.  With regard to rent, courts generally agree that § 365(d)(3) requires debtors to pay rent obligations *in full, and without proration, as they come due in the pre-rejection period.*"  In re Valley Media, Inc., 290 B.R. 73, 74 (Bankr. D. Del. 2003) (emphasis added, citations omitted).  See also, In re Montgomery Ward Holding Corp., 268 F.3d 205, 209 (3d Cir. 2001); In re DVI, Inc., 308 B.R. 703 (Bankr. D. Del. 2004) (finding that where lease required payment of rent, in full, by the first day of the month, the rent was due, for 365(d)(3) purposes, on the first day of the month).  As the United States Court of Appeals for the Third Circuit has noted, "an obligation arises under a lease for the purposes of 11 U.S.C. § 365(d)(3) when the legally enforceable duty to perform arises under that lease."  Montgomery Ward, supra, 368 F.3d at 210-11.

8.       Here, pursuant to the express terms of the Leases, and in accordance with the Debtors' affirmative duties under section 365(d)(3), the rent is due, in advance, on the first day of each month.  The Debtors have failed to pay Landlord for the entire month of August, 2015, although the effective date of rejection of the Leases was not until August 31, 2015.

8053895/1

9.      Accordingly, the Debtors have failed to pay Landlord in a timely fashion, and have not complied with their obligations under 11 U.S.C. § 365(d)(3) as required by the Bankruptcy Code, this Court and the Third Circuit.  Landlord has requested payment from the Debtors, but Debtors have so far failed to make payment to the Landlord.  There is no justifiable reason for the delay.

10.     Landlord therefore respectfully requests that this Court order Debtors to immediately pay Landlord for the August 2015 rent, including applicable late fees, as set forth on **Exhibit A** hereto.  The total amount immediately due and owing under all three Leases is $92,457.75.

WHEREFORE, Landlord respectfully requests that this Court enter an order in the form attached as **Exhibit B** immediately compelling the Debtors to pay Landlord August 2015 rent and late fees in the amount of $92,457.75.

Dated: September 17, 2015                  MORRIS JAMES LLP

Carl N. Kunz, III (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899-2306
Telephone:  (302) 888-6800
Facsimile:  (302) 571-1750
E-mail:  ckunz@morrisjames.com

*Counsel to* EFN Merrillville Property, LLC

8053895/1

4