# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, *et al.*, | Case No. 15-10952 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 781** |

### STIPULATION RESOLVING MOTION OF JENNIFER STEVENS FOR RELIEF FROM THE AUTOMATIC STAY AND/OR RELIEF FROM THE CONFIRMATION INJUNCTION

Corinthian Colleges, Inc. ("***Corinthian***") and other affiliated debtors including Heald College LLC ("***Heald***," and collectively with Corinthian and the other affiliates, the "***Debtors***"), on the one hand, and Jennifer Stevens ("***Ms. Stevens***", and, together with the Debtors, the "***Parties***") hereby respectfully stipulate and agree as follows:

### RECITALS

WHEREAS, on May 4, 2015 (the "***Petition Date***"), each of the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "***Court***") voluntary petitions for relief under title 11 of the Unites States Code (the "***Bankruptcy Code***"). The Debtors' cases are being jointly administered pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure. On August 28, 2015, the Court entered an *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 913] (the "***Confirmation Order***") confirming the Debtors' joint plan of reorganization (the "***Plan***"). It is anticipated that the Plan will go effective on September 18, 2015 (the "***Effective Date***").

WHEREAS, on or about December 22, 2014, Ms. Stevens filed suit against the debtor Heald (the "***Debtor-Defendant***") and two officers and/or employees of the Debtor-Defendant, Daniel Alonso ("***Alonso***") and Angel Lowe ("***Lowe***", and, together with the Debtor-Defendant and Alonzo,

the ("***Defendants***"), in the Superior Court of the State of California, In and For the County of San Francisco, Case No. CGC-14-543342 (the "***California Action***").

WHEREAS, in summary, the California Action alleges that the Defendants engaged in a pattern of harassing Ms. Stevens and alleges some twelve causes of action against the Defendants as more particularly set forth in the California Action.

WHEREAS, the Debtor-Defendant has filed an answer to the California Action and Alonso and Lowe are being defended by counsel in the California Action.

WHEREAS the Debtor-Defendant has an Employment Practices Liability Insurance Policy (the "***EPL Policy***") that provides coverage to the Debtors and individual insureds for acts they allegedly committed in their capacities as directors, officers or employees of the Debtors.

WHEREAS, on August 19, 2015, Ms. Stevens filed with the Court the *Motion of Jennifer Stevens for Relief from the Automatic Stay and/or Confirmation Injunction* [Docket No. 781] to allow her (i) to proceed to liquidate her claims in the California action whether by litigation, arbitration, mediation, settlement or otherwise, and (ii) permit any such claims to be satisfied against the Debtor-Defendant, Lowe and Alonso through available insurance including deductibles and/or otherwise to be satisfied in accordance with the provisions of the Plan.

WHEREAS, the Debtors are willing to stipulate to relief from the automatic stay and any Plan injunction in favor of Ms. Stevens for the sole purpose of allowing Ms. Stevens to proceed with the California Action against the applicable Debtor-Defendant and any other applicable defendants, with any recovery against the Debtors' estates being limited solely to any applicable or available proceeds of the EPL Policy or other applicable insurance; nothing herein limits Ms. Stevens rights to collect any judgment against Alonso or Lowe from available insurance or any other assets of Alonso or Lowe.

NOW THEREFORE, subject to the approval of the Court, in order to avoid the costs, risks and inconveniences of litigation, it is hereby stipulated and agreed as follows:

1.      The Parties hereby acknowledge and agree that Ms. Stevens shall have relief from the automatic stay and/or plan injunction for the purpose of allowing Ms. Stevens to pursue the California Action to its full and complete conclusion, whether by settlement or judgment, including any appeals, if any, against the Defendants.

2.      Ms. Stevens hereby acknowledges and agrees that her recovery by judgment or settlement, if any, against the Debtors and their estates shall be limited solely to any proceeds of available insurance, and that Ms. Stevens shall not, except to the extent necessary to pursue insurance recoveries, have any claim against the Debtors' estates or any distribution trust provided under the confirmed Plan.

3.      The Parties hereby acknowledge and agree that this Stipulation shall fully and finally resolve, and Ms. Stevens waives and releases, any direct, pre-petition, post-petition, administrative, or other claim against the Debtors' estates of any kind or nature arising out of or related to the California Action, and any such claim filed in the Bankruptcy Court shall be automatically expunged without further action by the Debtors or the Bankruptcy Court, provided, however, that Ms. Stevens shall retain a claim against the Debtors to the extent necessary to obtain payment of proceeds from the EPL Policy or any other available insurance.

4.      The Parties hereby acknowledge and agree that this Stipulation is entered into solely for the convenience of the Parties and neither this Stipulation nor the fact of its execution will constitute any admission or acknowledgment or liability or wrongdoing on the part of any of the Parties. The Parties will not offer this Stipulation or the fact of its execution into evidence in any proceeding other than a proceeding to approve or enforce this Stipulation or any of its terms.

5.     Each party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.  Each of the undersigned are duly authorized and empowered to execute this Stipulation.

6.     This Stipulation is governed by and shall be construed in accordance with the law of the State of Delaware, without regard to its conflict of laws provisions.  The Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

7.     All of the recitals set forth above are incorporated by reference as if fully set forth herein.   This Stipulation constitutes the complete express agreement of the Parties hereto concerning the subject matter hereof, and no modification or amendment to this Stipulation shall be valid unless it is in writing, signed by the Party or Parties to be charged and approved by the Bankruptcy Court.

8.     It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

9.     This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

10.     This Stipulation is subject to approval of the Bankruptcy Court, and the Parties agree to present the Stipulation promptly to the Bankruptcy Court for approval.  If the Bankruptcy Court does not approve this Stipulation, the Parties will revert to their pre-Stipulation positions, without any prejudice whatsoever from having entered into this Stipulation.

11.    The undersigned attorneys are authorized to execute this Stipulation on behalf of their respective clients.

12.    This Stipulation shall become effective immediately upon entry of an order approving the Stipulation.

| For<br><br>DEBTORS<br><br>/s/ Marisa A. Terranova<br>By:  Mark D. Collins (DE Bar No. 2981)<br>       Marisa A. Terranova (DE Bar No. 5396)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>Telephone:  (302) 651-7531<br>Facsimile:  (302) 651-7701<br>Email:   collins@rlf.com<br>              terranova@rlf.com<br><br><br>Dated:  September 18, 2015 | For<br><br>JENNIFER STEVENS<br><br>/s/ Carl N. Kunz, III<br>By:  Carl N. Kunz, III (DE Bar No. 3201)<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>P.O. Box 2306<br>Wilmington, Delaware  19899-2306<br>Telephone:  (302) 888-6800<br>Facsimile:  (302) 571-1750<br>E-mail:  ckunz@morrisjames.com<br><br>and<br><br>Christopher LeClerc<br>LeClerc & LeClerc LLP<br>235 Montgomery Street, Suite 1019<br>San Francisco, CA  94104<br>Telephone: (415) 445-0900<br>Facsimile: (415) 445-9977<br>E-mail:  chris@leclerclaw.com<br><br><br>Dated:  September 18, 2015 |
|---|---|