IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
In re                                              :   Chapter 11
                                                   :
Corinthian Colleges, Inc., et al.,[1]              :   Case No. 15-10952 (KJC)
                                                   :
            Debtors.                               :   (Jointly Administered)
                                                   :
                                                   :   Objection Deadline: October 13, 2015 at 4:00 p.m.
---------------------------------------------------x

## FIRST MONTHLY APPLICATION OF WILLKIE FARR & GALLAGHER LLP, AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD AUGUST 10, 2015 THROUGH AUGUST 31, 2015

| | |
|---|---|
| Name of Applicant: | Willkie Farr & Gallagher LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | August 26, 2015, nunc pro tunc to August 10, 2015 |
| Period for which compensation and reimbursement is sought: | August 10, 2015 through August 31, 2015 |
| Amount of Interim Compensation sought as actual, reasonable, and necessary: | $67,034.00 |
| Amount of Interim Expense Reimbursement sought as actual, reasonable, and necessary: | $109.59 |

This is a: __X__ monthly ____ interim _____ final application

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707

## MONTHLY COMPENSATION BY INDIVIDUAL

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Bar Admission, Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Marc Abrams | Partner since 1990. Joined firm as a partner in 1990. Member of Delaware Bar since 1978 and NY Bar since 1985. Practices in firm's Business Reorganization & Restructuring Department. | $1,275 | 7.5 | $9,562.50 |
| **ASSOCIATES** | | | | |
| Jeffrey B. Clancy | Joined firm as an associate in 2006. Member of NY Bar since 2001. Practices in firm's Corporate & Financial Services Department. | $875 | 56.9 | $49,787.50 |
| Christopher Koenig | Joined firm as an associate in 2013. Member of Illinois Bar since 2014 and NY Bar since 2014. Practices in firm's Business Reorganization & Restructuring Department | $565 | 13.6 | $7,684.00 |
| **GRAND TOTAL** | | | 78.0 | $67,034.00 |
| **BLENDED RATE**[2] | | $859.41 | | |

---

[2] The blended hourly billing rate of $859.41 is derived by dividing the total fees of $67,034.00 by the total hours of 78.0.

## MONTHLY COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| (01)  Insurance | 61.4 | $54,389.00 |
| (02)  WF&G Retention | 16.6 | $12,645.00 |
| **TOTALS** | **78.0** | **$67,034.00**[3] |

---

[3] In the exercise of its billing discretion, WF&G has voluntarily reduced its requested fees by $6,953.00.

## MONTHLY EXPENSE SUMMARY

| Disbursement Category | Total Costs |
|---|---|
| Local Transportation | $109.59 |
| **TOTAL** | **$109.59** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
Corinthian Colleges, Inc., et al.,[1]              :    Case No. 15-10952 (KJC)
                                                   :
          Debtors.                                 :    (Jointly Administered)
                                                   :
                                                   :    Objection Deadline: October 13, 2015 at 4:00 p.m.
---------------------------------------------------x

**FIRST MONTHLY APPLICATION OF
WILLKIE FARR & GALLAGHER LLP, AS SPECIAL INSURANCE
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR
INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES
INCURRED FOR THE PERIOD AUGUST 10, 2015 THROUGH AUGUST 31, 2015**

Willkie Farr & Gallagher LLP ("**WF&G**"), special insurance counsel to the Official Committee of Unsecured Creditors (the "**Committee**") in the above-captioned cases, submits this application (the "**Application**") for interim allowance of compensation for professional services rendered by WF&G to the Committee for the period August 10, 2015 through August 31, 2015 (the "**Application Period**") and reimbursement of actual and necessary expenses incurred by WF&G during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "**Local Rules**"), the United States Trustee's Guidelines for Reviewing

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "**U.S. Trustee Guidelines**") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (D.I. 201) (the "**Interim Compensation Procedures Order**").[2] In support of this Application, WF&G represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On May 4, 2015 (the "**Petition Date**"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). These Chapter 11 Cases are being jointly administered for procedural purposes only. No Trustee or examiner has been appointed in these Chapter 11 Cases.

3. The Committee was appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") by notice dated May 13, 2015 [D.I. 100]. The Committee selected WF&G as its special insurance counsel in these Chapter 11 Cases.

## WF&G'S RETENTION

4. The Committee selected WF&G because of its extensive experience and knowledge on insurance matters. On August 20, 2015, the Committee filed an *Application for Entry of an Order Pursuant to Bankruptcy Code Sections 328(a) and 1103(a) Approving the Employment and Retention of Willkie Farr & Gallagher LLP as Special Insurance Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to August 10, 2015* [D.I. 791].

---

[2] Capitalized terms not defined herein are defined in the Interim Compensation Procedures Order.

On August 26, 2015, this Court entered the *Order Authorizing the Employment and Retention of Willkie Farr & Gallagher LLP as Special Insurance Counsel to the Official Committee of Unsecured Creditors, Nunc Pro Tunc to August 10, 2015* [D.I. 893].

## FEE PROCEDURES ORDER

5. On May 26, 2015, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6. In particular, the Interim Compensation Procedures Order authorizes certain professionals (each a "**Professional**" and collectively, the "**Professionals**") to submit fee applications for monthly compensation and reimbursement for expenses (each a "**Monthly Fee Application**"), pursuant to the procedures specified therein. The Interim Compensation Procedures Order provides, among other things, that if no objections are made within twenty-one (21) days after service of the Monthly Fee Application, the Debtors are authorized to pay the Professionals eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application.

## SUMMARY OF SERVICES RENDERED

7. Attached hereto as Exhibit A is a detailed statement of fees incurred during the Application Period showing the amount of $67,034.00 due for fees. Exhibit B is a detailed statement of expenses incurred during the Application Period showing the amount of $109.59 due for reimbursement of expenses.

8. The services rendered by WF&G during the Application Period are grouped into the categories set forth in Exhibit A. The attorneys who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in the attachments hereto.

## VALUATION OF SERVICES

9. Attorneys of WF&G have expended a total of 78.9 hours in connection with these cases during the Application Period.

10. The amount of time spent by each of these persons providing services to the Committee for the Application Period is fully set forth in the detail attached hereto as <u>Exhibit A</u>. These are WF&G's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by WF&G for the Application Period as special counsel to the Committee in these Chapter 11 Cases is $67,034.00.[3]

11. WF&G believes that the time entries included in <u>Exhibit A</u> attached hereto and the expense breakdown set forth in <u>Exhibit B</u> attached hereto are in compliance with the requirements of Local Rule 2016-2.

12. WF&G has received no retainer in connection with the legal services to be rendered on behalf of the Committee.

13. During the Application Period, WF&G assisted the Committee, in among other things: (a) reviewing and analyzing the Debtors' director and officer liability insurance policies (collectively, the "**D&O Policies**"); (b) assisting the Committee's lead counsel in identifying claims to preserve against the Debtors' insurance coverage provided under the D&O Policies; (c) advising the Committee on the consequences with respect to the D&O Policies of any pending actions against the Debtors and/or any current or former director, officer or other insiders of the Debtors; and (d) preparation of WF&G's retention application and participation in the hearing on the approval of the application.

---

[3] In the exercise of its billing discretion, WF&G has voluntarily reduced its requested fees by $ 6,953.00.

**RELIEF REQUESTED**

14. WF&G submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it rendered as counsel for the Committee in these Chapter 11 Cases for the period from August 10, 2015 through August 31, 2015, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Committee during that same period.

15. During the period covered by this Application, WF&G incurred fees in the amount of $67,034.00. For the same period, WF&G incurred actual, reasonable and necessary expenses totaling $109.59. As of the date of this Application, WF&G has received no payment for the fees and expenses requested herein.

**DISBURSEMENTS**

16. WF&G has incurred out-of-pocket disbursements during the compensation period in the amount of $109.59. This disbursement sum is related to local transportation/car service charges. It is WF&G's policy to allow attorneys, legal assistants, and secretaries to charge car service to the appropriate client after 9:00 p.m. A detailed review of the expenses incurred for the compensation period may be found in the attachments hereto as Exhibit B.[4]

17. In compliance with Rule 2016-2 of the Local Rules, WF&G represents that its rate for duplication is $.10 per page and that there is no charge for incoming or outgoing telecopier transmissions (excluding related long distance transmission charges for outgoing transmissions) and there is no surcharge for computerized research. Also, in accordance with Local Rule 2016-2, WF&G has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

---

[4] WF&G's standard practice is to treat expenses as having been incurred when such obligations are recorded and reflected as payable in WF&G's accounting system. Accordingly, WF&G may seek reimbursement of disbursements relating to the Application Period in subsequent applications.

18. In addition, WF&G has coordinated with the Committee's other professionals to avoid duplication of efforts.

19. No agreement or understanding exists between WF&G and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

20. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

*[The remainder of this page intentionally left blank.]*

**WHEREFORE**, WF&G respectfully requests that the Court: (a) authorize (i) interim allowance of compensation for professional services rendered by WF&G for the Committee during the Application Period in the amount of $67,034.00, and (ii) reimbursement of actual and necessary expenses incurred by WF&G in connection with the rendition of professional services for the Committee during the Application Period in the amount of $109.59;[5] and (b) grant such other and further relief as the court deems just and proper.

Dated:   New York, New York
         September 22, 2015

                        WILLKIE FARR & GALLAGHER LLP

                        /s/ Marc Abrams
                        Marc Abrams
                        787 Seventh Avenue
                        New York, New York 10019
                        (212) 728-8000

                        *Special Counsel to the Committee of Unsecured Creditors*

---

[5] In accordance with the Interim Compensation Order, the amount payable to WF&G under this Application is $53,736.79 (80% of the compensation requested, plus 100% of expenses requested). WF&G reserves the right to make further adjustments to the amount of fees requested in this Application in connection with any application for interim or final compensation and reimbursement of expenses.