**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Proposed Hearing Date: 10/14/15 at 3:00 p.m. (ET)** |
| | § | **Proposed Obj. Deadline: 10/13/15 at 12:00 p.m. (ET)** |

----------------------------------------------------------------

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING FIRST AMERICAN TRUST, FSB TO (I) TRANSFER TRUST ASSETS TO DISTRIBUTION TRUST, (II) LIQUIDATE RELATED POLICIES AND (III) TERMINATE TRUST**

Craig R. Jalbert, the distribution trustee (the "**Distribution Trustee**") for the distribution trust (the "**Distribution Trust**") established pursuant to the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 909] (the "**Plan**")[2], respectfully requests the entry of an order, pursuant to sections 105(a), 541 and 542 of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing First American Trust, FSB (the "**Trustee**") to (a) transfer the assets (the "**Trust Assets**") of that certain trust (the "**Trust**") established pursuant to certain Master Trust Agreement for Corinthian Colleges, Inc. Deferred Compensation Plan, dated as of April 1, 2013 (the "**Trust Agreement**"), between Corinthian

---

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

2 Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

Colleges, Inc. ("**Corinthian**") and the Trustee, to the Distribution Trust, (b) liquidate the four remaining corporate-owned life insurance policies (the "**Policies**") in which the Trustee invested Trust Assets, and (c) terminate the Trust. In support of this Motion, the Distribution Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[3]

## BACKGROUND

### A. General Background

2. On May 4, 2015 (the "**Petition Date**"), Corinthian and its affiliated debtors (collectively, the "**Debtors**") each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

3. On May 13, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors. The U.S. Trustee appointed an official committee of student creditors on May 15, 2015.

4. On August 28, 2015, the Court entered the *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 913] (the "**Confirmation Order**") confirming the Plan. The Effective Date of the Plan occurred on September 21, 2015 [Docket No. 1014]. The Plan provided that on

[3] Under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Distribution Trustee hereby confirms his consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

the Effective Date all the remaining assets of the Debtors' estates would transfer to two trusts: (i) the Distribution Trust, for the benefit of Holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims (other than Student 507(a)(7) Deposit Claims), Allowed Prepetition Lenders Secured Claims, Allowed Other Secured Claims and Allowed General Unsecured Claims (the "**Distribution Trust Beneficiaries**"), and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims. Accordingly, on the Effective Date, as set forth in the Plan, the Debtors and the Distribution Trustee executed that certain *Corinthian Distribution Trust Agreement*, pursuant to which the Distribution Trust was established to hold assets for the benefit of the Distribution Trust Beneficiaries.

**B. The Trust and the Trust Agreement**

5. On April 1, 2013, the Debtors entered into the Trust Agreement, a copy of which is attached hereto as Exhibit A, which established the Trust for the purpose of providing supplemental retirement benefits to a select group of the Debtors' management and employees (the "**Participants**"). The current estimated value of the Trust Assets is approximately $500,000, including cash and the current liquidation value of the Policies. The Policies consist of corporate-owned life insurance policies in which the Trust invested Trust Assets. Section 4.1 of the Trust Agreement authorized the Trustee, at the Debtors' direction, to invest in insurance contracts, including the Policies which remain as investments of the Trust.

6. Section 1.3 of the Trust Agreement expressly provides that in the event of the Debtors' insolvency the Trust Assets are subject to the claims of the Debtors' general creditors. "Insolvency" is defined in Section 3.6(a) of the Trust Agreement to include the filing of these chapter 11 cases. Further, Section 3.6 of the Trust Agreement requires the Trustee to

"hold the portion of the assets of the Trust allocable to the Insolvent Entity for the benefit of the Insolvent Entity's general creditors" upon determination of the Trustee that the Debtors' are insolvent. *See* Trust Agreement § 3.6(b). Accordingly, upon the filing of these chapter 11 cases, the Trustee was required to hold the Trust Assets for the benefit of the Debtors' general creditors.

**C. <u>The Plan</u>**

7. As set forth above, the Plan provided for the creation of the Distribution Trust and the transfer of all of the Debtors' assets except for the Student Trust Assets to the Distribution Trust for the benefit of the Distribution Trust Beneficiaries. Pursuant to the Plan, the Student Trust Assets do not include the Trust Assets, and accordingly, the Debtors' interests in the Trust Assets were transferred to the Distribution Trust pursuant to the Plan.

8. Therefore, in accordance with the Plan and pursuant to Section 3.6(b) of the Trust Agreement, the Distribution Trustee has requested that the Trustee transfer the Trust Assets to the Distribution Trust. Section 3.10 of the Trust Agreement provides that "[t]o the extent permitted by law, the Trustee is authorized to make any payments directed by court order in any action in which the Trustee has been named as a party." While the Distribution Trustee does not believe that a Court order is necessary in order for the Trustee to transfer the Trust Assets (given the commencement of the chapter 11 cases and the requirements of section 542 of the Bankruptcy Code, the Trustee has requested the entry of a court order out of an abundance of caution. Accordingly, the Distribution Trustee seeks an order from this Court authorizing the Trustee to transfer the Trust Assets to the Distribution Trust.

**RELIEF REQUESTED**

9. By this Motion, the Distribution Trustee seeks entry of an order, substantially in the form attached hereto as Exhibit B, authorizing the Trustee to (i) transfer the Trust Assets to the Distribution Trust, (ii) liquidate the Policies and (iii) terminate the Trust.

**BASIS FOR RELIEF REQUESTED**

10. Section 541(a)(1) broadly defines property of the estate to include any legal or equitable interests of the debtor, wherever located, as of the commencement of the case. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 203 (1983) (although section 541 could be read to limit the estate to those interests of the debtor in property at the time of the filing of the petition, the court viewed the section as a definition of what is included in the estate, rather than as a limitation); *see also Georgia Pac. Corp. v. Sigma Serv. Corp.*, 712 F.2d 962, 967-68 (5th Cir. 1983) (even if all or part of sum of money was subject to constructive trust, where estate had legal interest in property, property was required to be turned over to enable bankruptcy court to decide entitlement to sum); *see generally* Analysis of H.R. 8200, H.R. Rep. No. 595, 95th Cong. 1st Sess. 367-68 (1977). Specifically, courts have held that assets held in rabbi trusts, similar to the Trust, constitute property of the Debtors' estates. *In re Outboard Marine Corp.*, 278 B.R. 778, 785 (Bankr. N.D. Ill. 2002) (assets in a rabbi trust are property of the estate); *In re Collins & Aikman Corp.*, 2006 WL 2310798, *3 (Bankr. E.D. Mich. 2006) (holding that life insurance policies in a rabbi trust are property of the estate). Further, Section 3.6 of the Trust Agreement specifically contemplates that upon the Debtors' bankruptcy the Trust Assets are to be held for the benefit of the Debtors' general creditors. Accordingly, the Trust Assets are property of the Debtors' estates and, pursuant to the Plan, such property was transferred to the Distribution Trust on the Effective Date and is now an asset of the Distribution Trust.

11. Because the Trust Assets are property of the Debtors' estates which has been transferred to the Distribution Trustee, section 542 of the Bankruptcy Code requires that the Trustee transfer the Trust Assets to the Distribution Trustee. Specifically, section 542(a) of the Bankruptcy Code provides, in relevant part:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property . . .

11 U.S.C. § 542(a). Thus, in accordance with section 542 of the Bankruptcy Code and the Plan, the Distribution Trustee seeks authority for the Trustee to transfer the Trust Assets to the Distribution Trust.

12. Further, the transfer of the Trust Assets to the Distribution Trust is in accordance with the terms and purpose of the Trust Agreement and the Plan. The Trust Agreement specifically required that upon the Debtors' bankruptcy the Trust Assets be held for the benefit of the Debtors' general creditors. As set forth in the Plan, the Distribution Trust was created to benefit the Distribution Trust Beneficiaries and distribute the Debtors' remaining assets to such creditors. Accordingly, the transfer of the Trust Assets to the Distribution Trust will ensure that such assets benefit the general creditors of the Debtors as contemplated by the Trust Agreement.

13. Additionally, in order to effectuate the distribution of all the remaining Trust Assets to the Distribution Trust, the Trustee should be authorized to liquidate the Policies. The liquidation of the Policies will allow any value realized for the Policies to be transferred to the Distribution Trust for the benefit of the Beneficiaries thereof.

14. Further, in accordance with Sections 3.7 and 3.8 of the Trust Agreement, the Trustee is authorized to pay its reasonable fees and expenses in connection with the administration of the estate, including reasonable attorney's fees, from the Trust Assets subject to the Distribution Trustee's review and approval of such expenses. The Trustee estimates its fees to be approximately $9,408.50. Prior to the hearing on the Motion, the Trustee and the Distribution Trustee will work to reconcile the exact amount of the fees to be paid to the Trustee from the Trust Assets.

15. Finally, following the transfer of the Trust Assets to the Distribution Trust, the Trustee should be authorized to terminate the Trust. Pursuant to the Trust Agreement, the Trust shall terminate (i) on the date that the Participants and their beneficiaries are no longer entitled to the benefits pursuant to the terms of the Debtors' Deferred Compensation Plan and (ii) all the expenses of the Trust have been paid. *See* Trust Agreement § 9.2. As explained above, upon the Debtors' bankruptcy the Participants were no longer entitled to the Trust Assets as those assets were to be held for the benefit of general creditors. Further, following the transfer of the Trust Assets to the Distribution Trust, the Trust will no longer have any assets and accordingly, the continuation of the Trust will no longer be necessary.

**TRUSTEE SUPPORT**

16. Counsel for the Distribution Trustee has contacted the Trustee regarding the relief requested in this Motion. The Trustee does not object to the relief sought herein.

**NOTICE**

17. The Distribution Trustee will provide notice of this Motion to: (i) the U.S. Trustee; (ii) the Trustee; (iii) counsel to the Student Trust; (iv) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Lenders; (v) the Internal Revenue Service;

and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002(i). The Distribution Trustee submits that no other or further notice is necessary under the circumstances.

**NO PRIOR MOTION**

18. The Distribution Trustee has not made any prior motion for the relief sought in this Motion to this Court or any other.

WHEREFORE, the Distribution Trustee respectfully requests that the Court enter the order, substantially in the form attached hereto as Exhibit B, authorizing the Trustee to (i) transfer the Trust Assets to the Distribution Trust, (ii) liquidate the Policies and (iii) terminate the Trust.

Dated: October 2, 2015
Wilmington, Delaware

*/s/ Amanda R. Steele*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marisa A. Terranova (No. 5396)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Facsimile: 302-651-7701
Email: collins@rlf.com
merchant@rlf.com
terranova@rlf.com
steele@rlf.com

Counsel for the Distribution Trustee