**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | **Re: Docket No. 1025** |

-----------------------------------------------------------

**DISTRIBUTION TRUSTEE'S MOTION FOR ENTRY OF AN
ORDER SHORTENING NOTICE AND OBJECTION PERIODS REGARDING
MOTION FOR ENTRY OF AN ORDER AUTHORIZING FIRST AMERICAN
TRUST, FSB TO (I) TRANSFER TRUST ASSETS TO DISTRIBUTION TRUST,
(II) LIQUIDATE RELATED POLICIES AND (III) TERMINATE TRUST**

Craig R. Jalbert, the distribution trustee (the "**Distribution Trustee**") for the distribution trust (the "**Distribution Trust**") established pursuant to the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 909] (the "**Plan**")[2], respectfully requests entry of an order, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) setting a hearing to consider the *Motion for Entry of an Order Authorizing First American Trust, FSB to (I) Transfer Trust Assets to Distribution Trust, (II) Liquidate*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms not otherwise defined herein have the meaning given to them in the Plan or Trust Motion (as defined below).

*Related Policies and (II) Terminate Trust* [Docket No. 1025] (the "**Trust Motion**")[3] for the omnibus hearing currently scheduled for October 14, 2015 at 3:00 p.m. (ET) (the "**Hearing**"); (ii) permitting parties to raise objections, if any, to the Trust Motion on October 13, 2015 at 12:00 p.m.; and (iii) granting such other and further relief to the Distribution Trustee as the Court deems appropriate. In support of this motion (the "**Motion**"), the Distribution Trustee respectfully represents:

**RELIEF REQUESTED**

1. By this Motion, the Distribution Trustee respectfully request entry of an order, substantially in the form attached hereto as Exhibit A, (i) shortening the notice period with respect to the relief so that the Trust Motion will be heard at the Hearing; (ii) permitting parties to raise objections, if any, to the Trust Motion on October 13, 2015 at 12:00 p.m. (ET); and (iii) granting such other and further relief to the Distribution Trustee as the Court deems appropriate.

**BASIS FOR RELIEF REQUESTED**

2. Local Rule 9006-1(c) requires that all motion papers be filed and served at least 18 days (21 days if service is by first class mail; 19 days if service is by overnight delivery) prior to a hearing date scheduled for such motion, unless approval of shortened notice is granted by the Court pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e). A court may, however, shorten such notice periods pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e) for cause shown. Specifically, Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1); see also

---

[3] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Settlement Motion or the Plan (as defined below).

Del. Bankr. L.R. 9006-1(e) (stating that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice").

3.  Contemporaneously herewith, the Distribution Trustee has filed the Trust Motion seeking entry of an order authorizing First American Trust, FSB (the "**Trustee**") to liquidate and transfer the Trust Assets to the Distribution Trust. The Trust Agreement, if approved, will result in approximately $500,0000 in funds being transferred to the Distribution Trust for the benefit of the Distribution Trust Beneficiaries.

4.  The Distribution Trustee submits that having the Trust Motion heard on shortened noticed is necessary and appropriate under the circumstances. First, the Trust Motion is entirely consensual and having it heard on shortened motion will not prejudice any party in interest. Prior to filing the Trust Motion, the Trustee reviewed and commented to the Trust Motion. Second, the Trust Motion merely provides for the conveyance of estate property to the Distribution Trust in accordance with the terms of the Trust Agreement. Indeed, the Distribution Trustee submits that the Trust Agreement arguably authorizes the transfer of the transfer of the Trust Assets without the need for an order of the Court. It is for this reason, that the Distribution Trustee and other parties in interest had anticipated that the Trust Assets would be transferred to the Distribution Trust on or about the Effective Date without the need for further motion practice. Out of an abundance of caution, however, the Trustee has requested that the Distribution Trustee file the Trust Motion to obtain specific authority to transfer the Trust Assets and to take the other actions contemplated in the Trust Motion (and to provide the specific protections outlined in the proposed form of order). The Distribution Trustee is agreeable to this request, but hereby seeks to have the Trust Motion heard at the October 14, 2015 hearing so as to

provide minimal disruption to the anticipated receipt of the Trust Assets. The Distribution Trustee submits that the Trust Assets are necessary to fund the distributions contemplated under the Plan and the expenses of the Distribution Trust.

5. As such, the Distribution Trustee respectfully requests that the Court shorten the notice period with respect to the Trust Motion, so that the Trust Motion may be considered by the Court at the Hearing.

**NOTICE**

6. The Distribution Trustee will provide notice of this Motion via overnight mail to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Student Trust; (iii) counsel to Bank of America, N.A., in its capacity as Administrative Agent for the Prepetition Secured Parties; (iv) the Trustee; (v) the Internal Revenue Service and (vi) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002.

7. The Distribution Trustee submits that no other or further notice is necessary under the circumstances.

5

The Distribution Trustee respectfully requests entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested and any other relief as is just and proper.

| | |
|---|---|
| Dated: October 2, 2015<br>Wilmington, Delaware | */s/ Amanda R. Steele*<br>Mark D. Collins (No. 2981)<br>Michael J. Merchant (No. 3854)<br>Marisa A. Terranova (No. 5396)<br>Amanda R. Steele (No. 5530)<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone:  302-651-7700<br>Facsimile:  302-651-7701<br>Email: collins@rlf.com<br>         merchant@rlf.com<br>         terranova@rlf.com<br>         steele@rlf.com<br><br>Counsel for the Distribution Trustee |