**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., ET AL., | Case No. 15-10952 (KJC) |
| Debtors. | Jointly Administered |

**RESPONSE OF THE CONSUMER FINANCIAL PROTECTION BUREAU TO**
**DEBTORS' OBJECTION TO CLAIM [DOCKET NO. 970]**

**INTRODUCTION**

The Consumer Financial Protection Bureau ("CFPB"), an independent federal agency charged by Congress with enforcing federal consumer financial law, hereby responds to the objection asserted by the debtors to the CFPB's proof of claim.  [Docket No. 970].  The Court should overrule the objection because the Debtors lack standing and have failed to provide any evidence to overcome the *prima facie* valid claim; in the alternative, the Court should abstain from ruling on the objection.

**BACKGROUND**

On June 25, 2015, the CFPB filed its proof of claim in this action.  That claim is supported by the CFPB's pre-petition law enforcement action against certain Debtors pending in the United States District Court for the Northern District of Illinois (Case No. 1:14-CV-07194). On August 28, 2015, the Court entered the Confirmation Order for the Debtors' liquidating plan which created two trusts to which all the assets of the Debtors and all claims against the Debtors were assigned, the Distribution Trust and the Student Trust.  Class 5 claims consisting of Student Claims and Government Education Claims under the plan were entitled to any distribution only from the Student Trust.  On September 16, 2015, the Debtors filed their objection to the claim of the CFPB.

1

During a status hearing in the CFPB's suit against the Debtors on September 17, 2015, the district court granted Debtors' counsel motion to withdraw their appearance in the matter, after they informed the court that the Debtors would be dissolving pursuant to this Court's August 28, 2015 Confirmation Order.  Subsequently, during a hearing in this Court on September 18, 2015, Debtors' counsel stated that Debtors expected the governmental entities to pursue default judgments against the Debtors.  Debtors' counsel also stated that the reason the objection to claim was filed was "while we [the Debtors] are still in existence" to ensure "the record is clear that the debtors do oppose those claims."  On September 22, 2015, Notice was filed that all conditions to the Effective Date had occurred or been waived and that the Effective Date of the Plan was September 21, 2015.  Pursuant to Paragraph O of the Confirmation Order, on that date, the officers and directors of the Debtors were deemed to have resigned.

## THE DEBTORS LACK STANDING TO OBJECT

Pursuant to 11 U.S.C. § 1107(a), upon the filing of the Debtors' Chapter 11 proceedings, the Debtors became debtors in possession and assumed the duties and obligations of a trustee (with limited exceptions).  Among the duties of the trustee is "if a purpose would be served . . . object to the allowance of any claim that is improper."  11 U.S.C. § 704(a)(5).  But in so doing, the Debtors in possession are required "to act on behalf of the bankruptcy estate, that is, for the benefit of the creditors."  *In re Cybergenics Corp.,* 226 F.3d 237, 243 (3d Cir. 2000).

This case is a liquidating Chapter 11 proceeding in which the Court confirmed a liquidating plan that ended the existence of the Debtors on the Effective Date of September 21, 2015.  All claims were assigned to one of two Trusts and all distributions were to be made by the trustees of those Trusts.  Nonetheless, a mere five days before the Effective Date that pursuant to the confirmed plan transferred all the assets, rights and obligations of the Debtors' estate to the two Trusts, the Debtors filed an objection to the proof of claim of the CFPB.  In so doing, the Debtors were not acting in the interest of creditors and were not otherwise a party in interest entitled to object to a claim pursuant to 11 U.S.C. § 502(a).

The Plan and the Student Trust Agreement provides for a distribution of the Student Trust

assets to holders of Allowed Student 507(a)(7) Deposit Claims and then to a Student Benefits

Claim Program, which is to be established by the Student Trust trustee.  Whether or not the claim

of the CFPB is allowed has no effect on the amount available for distribution from the Student

Trust Assets to either the Allowed Student 507(a)(7) Deposit Claims or to the Student Benefits

Claim Program.  As a result, no creditor of the Debtors would benefit by objecting and

prosecuting that objection to the claim of the CFPB.  Further, Debtors' Counsel made clear at the

September 18 hearing that the objection was not filed in the Debtors capacity as fiduciaries of the

interests of creditors.  Rather the objection was filed merely to benefit the Debtors "while we

[the Debtors] are still in existence" to ensure "the record is clear that the debtors do oppose those

claims."  *See* Exhibit A, September 18, 2015, Hearing Transcript at 9.  In other words, the

objection to the CFPB claim was filed to promote some unknown interest of the defunct entity,

not the fiduciary interests of creditors. .

Debtors cannot be acting as a trustee because their actions in objecting to the claim of the

CFPB are bereft of any benefit to creditors.  As a result, the Debtors in this liquidating Chapter

11 are more like a debtor in a Chapter 7 proceeding.   To have standing to object to a proof of

claim, a person must have a pecuniary interest in the outcome.  *In re Toms*, 229 B.R. 646, 650

(Bankr. E.D. Pa. 1999) *citing In re Cult Awareness Network, Inc.,* 151 F.3d 605, 607 (7th Cir.

1998).   Debtors here clearly have no pecuniary interest because by the terms of the Confirmed

Plan, no assets will revert to the Debtors (and the Debtors will cease to exist).  Unable to benefit

creditors and lacking a pecuniary interest, the Debtors lack standing to object to the claim of the

CFPB.  Therefore, the Court should deny the objection.

### THE OBJECTION PROVIDES NO EVIDENTIARY BASIS
### TO OVERCOME THE *PRIMA FACIE* VALID PROOF OF CLAIM

It is well settled that a filed claim will be allowed unless a party-in-interest objects.  11

U.S.C. § 502(a).  Bankruptcy Rule 3001(f) provides that a properly filed proof of claim is *prima*

*facie* evidence of the validity and amount of the claim.   In order to overcome the presumptive

validity of the CFPB's claim, a party-in-interest must produce evidence sufficient to negate the *prima facie* validity. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 174 (3d Cir. 1992). In objecting, a party-in-interest must produce substantial evidence to overcome the *prima facie* validity of the CFPB's claim. *In re Mid-American Waste Sys., Inc.,* 284 B.R. 53, 65 (Bankr. D. Del. 2002).

Debtors not only fail to produce substantial evidence in support of their objection, they fail to produce any evidence at all. All Debtors provide in support of their objection is a copy of their answer to the CFPB's complaint in the proceeding pending in the district court. Mere rote denials and assertions of legal defenses are not evidence. No factual statements supported by declarations or other admissible evidence are presented. Failing to present any evidence in support their objection, the Debtors cannot be said to have shifted the burden to the CFPB to further support its claim. As a result, the Court should deny the objection.

<u>**THE COURT SHOULD ABSTAIN FROM ADJUDICATING THE OBJECTION**</u>

Even if the Court were to determine that the Debtors have standing and have presented sufficient evidence to overcome the *prima facie* validity of the CFPB's claim, the Court should abstain from adjudicating the objection. The Debtors' Objection to Claim of the CFPB is nothing more than an attempt to adjudicate in the bankruptcy court a lawsuit that involves discrete non-bankruptcy law issues.

The Court should exercise its discretion to abstain here under 28 U.S.C. § 1334(c)(1). There are twelve commonly cited factors that bankruptcy courts weigh in determining whether to grant such permissive abstention: (1) the effect of abstention on efficient administration of bankruptcy estate; (2) the extent to which state law issues predominated; (3) the difficult or unsettled nature of applicable state law; (4) the presence of related proceeding commenced in state or other non-bankruptcy court; (5) whether there was independent basis for federal jurisdiction apart from debtor's bankruptcy filing; (6) the degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance, rather than form, of asserted "core" proceeding; (8) the feasibility of severing state law claims; (9) the burden of bankruptcy court's docket; (10) the likelihood that bankruptcy proceeding involves forum shopping; (11) the

4

existence of right to jury trial; and (12) the presence of non-debtor parties.  *In re Laroche Indus.,*
*Inc.*, 312 B.R. 249, 253-254 (Bankr. D. Del. 2004).

Addressing those factors in order, it is clear they weigh in favor of the Court exercising
its discretion to abstain.  First, adjudicating the objection will have no significant effect on the
administration of the bankruptcy estate.  The Court has confirmed the liquidating plan and the
two Trusts created by the plan have been fully funded.  Adjudication of the objection will not
increase the estate and therefore will have no impact on its creditors.  Further, this Court has no
involvement with the underlying issues in the district court proceeding that forms the basis of the
CFPB's claim.  This factor weighs in favor of abstention.

Second and Third.  These factors do not provide support to abstention as the underlying
issue in the district court proceeding are issues of federal law.

Fourth.  The underlying basis for the CFPB claim is a proceeding filed in the district
court.  This factor weighs in favor of abstention because of the related proceeding filed in
another non-bankruptcy court.

Fifth. This factor weighs against abstention as there is an independent basis for federal
jurisdiction.

Sixth.  The district court litigation is not "inextricably intertwined with the administration
of the estate." *In re Integrated Health Servs., Inc.*, 291 B.R. 615, 621 (Bankr. D. Del. 2003).  As
in *Integrated Health*, the underlying issue in the district court proceeding has to do with the
wrongdoing of the Debtors prior to the filing of the bankruptcy.  This factor weighs in favor of
abstention.

Seventh.  The underlying lawsuit that is the basis for the claim raises issues of federal
consumer law, not bankruptcy law.  There are no substantive issues of bankruptcy law to be
determined, so this factor weighs in favor of abstention.

Eighth.  Other than the final amount of the claim, none of the underlying issues are core
issues to the bankruptcy estate. This factor weighs in favor of abstention.

Ninth.  The district court case is a complex matter that, if litigated in this Court, would

tax its resources. This factor weighs in favor of abstention.

Tenth.  There does not appear to be any forum shopping involved.  This factor does not provide support to abstention.

Eleventh.  In their answer to the CFPB's complaint, the Debtors have demanded a jury trial.  This factor weighs in favor of abstention.

Twelfth.  There are no non-debtor parties in the district court proceeding.  This factor does not provide support to abstention.

The factors favor abstention, but consideration of the factors is not merely a mathematical exercise.  *Trans World Airlines, Inc. v. Karabu Corp.*, 196 B.R. 711, 715 (Bankr. D. Del. 1996). The factors favoring abstention are the more substantive, most notably that that resolution will not impact the bankruptcy estate and that there is no issue of bankruptcy law.  *In re Laroche Indus., Inc.*, 312 B.R. at 255.  As a result, the Court should exercise its discretion and abstain.

## CONCLUSION

The Court should overrule the objection by the Debtors' to the claim of the CFPB because the Debtors lack standing to object.  Further, the objection should be overruled because it fails to provide any evidentiary support to contravene the *prima facie* presumption of validity of the claim of the CFPB.  In the alternative, the Court should abstain from hearing the objection because the underlying dispute involves no issues of bankruptcy law and is better determined in the forum of the district court where the CFPB's suit is pending.


Dated:  October 7, 2015                       RESPECTFULLY SUBMITTED,


                                              ANTHONY ALEXIS
                                              DIRECTOR OF ENFORCEMENT

                                              DAVID M. RUBENSTEIN
                                              DEPUTY ENFORCEMENT DIRECTOR

                                              /s/ CYNTHIA GOOEN LESSER
                                              CYNTHIA GOOEN LESSER
                                              GLENN MELCHER
                                              RINA TUCKER HARRIS
                                              JONATHAN B. ENGEL
                                              CHANDANA KOLAVALA
                                              *ENFORCEMENT ATTORNEYS*
                                              CONSUMER FINANCIAL PROTECTION BUREAU
                                              1700 G STREET NW
                                              WASHINGTON, DC 20552
                                              FAX: (202) 435-7722

<u>CERTIFICATE OF SERVICE</u>

On October 7, 2015, I caused a copy of the foregoing RESPONSE TO DEBTORS' OBJECTION TO CLAIM [DOCKET NO. 970] to be served electronically through the Court's ECF system upon those who have entered an appearance in this in this proceeding, and through electronic mail on the parties listed below.


Dated:          October 7, 2015                    /s/ Cynthia Gooen Lesser_____
                                                   Cynthia Gooen Lesser


Mark D. Collins, Esq.
Michael J. Merchant, Esq.
Marisa A. Terranova, Esq.
Amanda R. Steele, Esq.
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware  19801
collins@rlf.com
merchant@rlf.com
terranova@rlf.com
steele@rlf.com


Richard L. Schepacarter, Esq.
Timothy Jay Fox, Esq.
Office of the United States Trustee
U.S. Department of Justice
844 King Street, Suite 2207
Lockbox #35
Wilmington, Delaware 19801
richard.schepacarter@usdoj.gov
timothy.fox@usdoj.gov