**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., ET AL., | Case No. 15-10952 (KJC) |
| Debtors. | Jointly Administered |
|  | Hearing Date:  None Set |

**THE PEOPLE OF THE STATE OF CALIFORNIA'S INITIAL RESPONSE TO**
**DEBTORS' OBJECTION TO THE PEOPLE'S CLAIMS [DOC. NO. 969]**

The People of the State of California ("People"), by and through Kamala D. Harris, Attorney General for the State of California ("Attorney General"), hereby respond in opposition to *Debtors' Objection to the Claims of the People of the State of California* [Doc. No. 969] ("Objection")[1], which objects to the People's timely filed claims, numbered 899, 900, 901, 902, 903, 904, 905, 906, 907, and 908 (collectively, "People's Claims").  The People's Claims are supported by a pre-petition law-enforcement action, pending in California Superior Court, against certain Debtors for widespread and systematic violations of state consumer-protection and securities laws arising out of Debtors' for-profit education business. ("People's Enforcement Action").  [*See generally* Doc. No. 578, Exhs. A, B.]

The People respectfully request that the Court overrule Debtor's Objection because it is procedurally and substantively deficient:  (i) Debtors lack standing to object to claims; (ii) Debtors have either defaulted on or abandoned their Objection, or both; (iii) Debtors' Objection has no basis in any of the nine enumerated grounds for a proper claim objection under 11 U.S.C. § 502(b); and (iv) Debtors have failed to provide any evidence to overcome the prima facie validity of the People's Claims.  Each of these is alone sufficient to overrule Debtors' Objection.

---

[1] Unless otherwise specified, capitalized terms have the same meaning as in the Objection.

**INITIAL RESPONSE**

1.      On the eve of the Effective Date, Debtors—in both their own capacity and that of debtors in possession[2]—filed improper, unsubstantiated claim objections to the People's Claims and those of other governmental units with an enforcement action or investigation pending against any Debtors.  [*See* Doc. Nos. 968, 970.]  The Court should overrule the Objection to the People's Claims for a number of independent reasons.

2.      First, the Objection must be overruled to the extent Debtors objected in their capacity as debtors in possession.  Because Debtors' Plan has been confirmed and gone effective, there is no longer any debtor in possession and therefore no such standing.  The Objection cannot be maintained by "debtors in possession" and must be overruled.

3.      Next, to the extent that Debtors objected in their own capacity, the Objection must be overruled too.  First, Debtors (in their own capacity) never had standing to object to claims in this liquidation bankruptcy case, in which creditors' claims are unpaid and there is no surplus for Debtors.  Allowance, disallowance, or reduction of the People's Claims cannot possibly adversely affect Debtors' pecuniary interest.  Under these circumstances, it is black-letter law that Debtors lack standing to object to claims.

4.      Moreover, even if Debtors had standing—which they do not—Debtors have now both defaulted on and abandoned their Objection.  First, Debtors are in default because they do not have counsel and, therefore, are barred from appearing in federal court.  Debtors have also abandoned their Objection.  Debtors have dissolved under state law; as of the Effective Date, all Debtors' agents and employees have resigned.  No one is left to prosecute Debtors' objection on their behalf.  Debtors cannot proceed with the Objection both as a matter of law and fact.

---

[2] This distinction between Debtors objecting in their own capacity and that of debtors in possession is important. Debtors must act in one capacity or the other, but not both simultaneously. *See, e.g.*, *In re Chapel Gate Apts., Ltd.*, 64 B.R. 569, 576 (Bankr. N.D. Tex. 1986) ("Where no trustee has been appointed in a case under Chapter 11, the terms 'debtor' and 'debtor-in-possession', though used interchangeably for convenience, are in substance mutually exclusive; an entity can be one or the other but cannot simultaneously occupy both roles."). The capacity in which Debtors act affects, among other things, Debtors' duties. *See, e.g.*, *In re Cybergenics Corp.,* 226 F.3d 237, 243 (3d Cir. 2000) (debtors in possession required "to act on behalf of the bankruptcy estate, that is, for the benefit of the creditors"). As discussed below, it also affects Debtors standing.

5.      Finally—even if there were standing and the Objection were not otherwise defaulted or abandoned—the Objection is still substantively deficient.  It has no basis in 11 U.S.C. § 502(b), which provides the exclusive grounds for a proper claim objection and, in any event, is not supported by evidence, as required by Third Circuit law.

## II.    UPON PLAN CONFIRMATION, DEBTORS-IN-POSSESSION STANDING TERMINATED

6.      The Objection must be overruled to the extent brought by Debtors acting in their capacity as debtors in possession.  As a result of Plan confirmation and the Plan going effective, there is no longer a "debtor in possession"; debtor-in-possession status for standing purposes terminated.  *See, e.g.*, *In re MPF Holding U.S. LLC*, 495 B.R. 303, 323 (Bankr. S.D. Tex. 2013) ("[W]hen a Chapter 11 plan is confirmed, the debtor loses debtor in possession status and with it, standing to pursue claims on behalf of the estate."); *In re Rickel & Assocs., Inc.*, 272 B.R. 74, 98 (Bankr. S.D.N.Y. 2002) (dismissing pre-confirmation action brought by debtor in possession because debtor in possession "ceased to exist upon confirmation, and . . . cannot maintain [the] action"); *In re Jamesway Corp.*, 202 B.R. 697, 701 (Bankr. S.D.N.Y. 1996) ("Upon plan confirmation, the debtor-in-possession and the bankruptcy estate cease to exist . . . .").  Accordingly, the Objection to the People's Claims cannot be maintained and must be dismissed to the extent brought by Debtors in their capacity as debtors in possession.[3]

## III.   DEBTORS NEVER HAD STANDING TO OBJECT TO CLAIMS

7.      The Objection must also be overruled to the extent brought by Debtors in their own capacity because Debtors had no standing to object to claims in this liquidation case.  Under 11 U.S.C. § 502(a), "[a] claim . . . proof of which is filed under section 501 . . . is deemed

---

[3] Consistent with this, Debtors' Plan contemplates that claim objections will be properly brought by either the Distribution Trustee or Student Trustee, depending on which trust administers the assets against which the claim is asserted. *See* Plan Art.XI.C.  The People's Claims are being administered by the Student Trust.  The Student Trustee, however, has not objected to the People's Claims and almost certainly has no intention of doing so because the Student Trust does not expect to make any distributions on account of claims.  Under the circumstances, "continuing to entertain objections only drives up the administrative expenses and further reduces any possible recovery to creditors." *In re Creditors Serv. Corp.*, 206 B.R. 174, 176 (Bankr. S.D. Ohio 1997).  Debtors' frivolous, improper claim objections, filed on the eve of the Effective Date, are a waste of the estates', the People's, and this Court's time and resources.

allowed, unless a party in interest . . . objects."  A "party in interest" must have a personal stake in the outcome of the controversy.  *In re F.A. Dellastatious, Inc.*, 121 B.R. 487, 490 (Bankr. E.D. Va. 1990).  To have a personal stake—and thus standing—a party must have a "pecuniary interest" such that the outcome of the objection will "directly" and "adversely" affect that interest.  *In re Adams*, 424 B.R. 434, 436 (Bank. N.D. Ill. 2010).   The outcome of Debtors' Objection, however, cannot possibly directly or adversely affect Debtors' pecuniary interest.

8.        "It is a long-standing principle of bankruptcy administration that where all claims of creditors will not be paid and there will be no surplus to the debtor, there is no standing to object to the administration for lack of any pecuniary interest in the liquidation of assets and distributions to creditors."  *In re Creditors Serv. Corp.*, 206 B.R. at 176 (citing cases); *accord, e.g.*, *In re Cult Awareness Network, Inc.*, 151 F.3d 605 (7th Cir. 1998) (no "pecuniary interest" for insolvent debtor "because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor"); *In re I & F Corp.*, 219 B.R. 483, 484 (Bankr. S.D. Ohio 1998) ("Unless the estate is solvent and there will be a distribution to the debtor, the debtor has no pecuniary interest in the reduction of a filed claim."); *In re Stanley*, 114 B.R. 777, 778 (Bankr. M.D. Fla. 1990) ("[N]o distribution can be made to the Debtor unless all unsecured claims allowed are paid in full with interest. This Court is satisfied that unless the Debtor can demonstrate that disallowing the claim would produce a surplus which would be available to the Debtor, the Debtor lacks standing to object to the claim.").

9.        Debtors' estates are hopelessly insolvent, and Debtors will not receive a distribution under the Plan.  *See generally, e.g.*, Plan Art.IV ("Summary of Treatment of Claims and Estimated Recoveries").  As such, Debtors have "no 'dog in the fight' as far as bankruptcy recovery goes."  *In re Davidson*, 402 B.R. 877, 883 (Bankr. S.D. Ind. 2009).  Allowance, disallowance, or reduction of the People's Claims will not have any direct or adverse affect on Debtors' pecuniary interest; Debtors, therefore, lack standing to object to the People's Claims.

### IV.    DEBTORS HAVE DEFAULTED ON THEIR OBJECTION

10.     Even if there were standing—which there is not—Debtors have defaulted on their Objection.  Counsel to Debtors has withdrawn; Debtors are no longer represented by counsel.  Because no other attorney has entered an appearance on Debtors' behalf, Debtors are legally barred from appearing in this bankruptcy case or proceeding with their Objection

11.     A corporation may not proceed pro se.  *See, e.g.*, *Simbraw, Inc. v. United States,* 367 F.2d 373, 374 (3d Cir. 1966) ("The authorities in the Federal Courts which have determined the question are uniform in holding that a corporation can do no act except through its agents and that such agents representing the corporation in Court must be attorneys at law who have been admitted to practice, are officers of the Court and subject to its control."); *James v. Daley & Lewis*, 406 F. Supp. 645, 648 (D. Del. 1976) ("And it is equally well settled that under the above statute a corporation may not appear and represent itself in proper person or by its president or officers but only by an attorney admitted to practice law.").  As a result, when a corporation is unrepresented, it is technically in default.  *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) (corporation in default once court granted counsel's motion to withdraw).  Once in default, the corporation is prohibited from proceeding.  *See, e.g., id.* ("[T]he law does not allow a corporation to proceed pro se."); *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) ("[A] corporation cannot appear pro se."); *Simitar Entm't Inc. v. Silva Entm't, Inc.*, 44 F. Supp. 2d 986, 991 (D. Minn. 1999) (corporation's motion was not properly before court because it appeared pro se).

12.     Accordingly, without counsel, Debtors are in default and legally barred from prosecuting the Objection.  For this reason alone, the Court should overrule the Objection.

### V.    DEBTORS HAVE ABANDONED THEIR OBJECTION

13.     Even if Debtors had standing and counsel—which they do not—Debtors have nonetheless abandoned the Objection because they have dissolved and no longer have any employees or agents to act on their behalf.  Debtors served the Objection just three business days before the Plan went effective, with full knowledge that no one would be around to prosecute the

Objection on behalf of Debtors.  On the Effective Date—which occurred in late September [Doc. No. 1014]—"Debtors' directors and officers and any remaining employees [were] deemed to have resigned . . . ."  Plan Art.XVII.R.  Debtors could not plausibly have had a good-faith intention of litigating the Objection.  Indeed, Debtors failed even to notice the Objection for hearing as required by Federal Rule of Bankruptcy Procedure 3007(a) ("A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession, and the trustee at least 30 days prior to the hearing.").  Debtors' failure to set the Objection for hearing, with no ability to cure this deficiency, alone amounts to a failure to prosecute.  *See* Fed. R. Bankr. P. 7041 (failure to comply with court rules is grounds for dismissal of contested matter) (incorporating Fed. R. Civ. P. 41).

14.     Regardless, now that the Effective Date has passed, there is no one left to act on Debtors' behalf—everyone has resigned.  *See* Plan Art.XVII.R.   Debtors cannot prosecute the Objection.  *See, e.g.*, *In re Dole Food Co., Inc. Stockholder Litig.*, 110 A.3d 1257, 1261 (Del. Ch. 2015) ("Because of its lack of a body and mind, a corporation only can act through human agents."); *In re IBIS Corp.*, 272 B.R. 883, 893 (Bankr. E.D. Va. 2001) ("It can be more plausibly argued that the party objecting to the claim has abandoned the objection and that the objection . . . should be dismissed for failure to prosecute in which case the claim would be allowed.").  Debtors have thus abandoned the Objection, and it should be overruled.

## VI.    THE OBJECTION HAS NO BASIS IN 11 U.S.C. § 502(B) AND, IN ANY EVENT, IS UNSUBSTANTIATED BY EVIDENCE

15.     Standing, default, and abandonment aside, the Objection must also be overruled because it is substantively deficient.  The Objection neither cites nor finds a basis in any of the nine required grounds under 11 U.S.C. § 502(b) for exceptions to claim allowance.  Moreover, the Objection is unsubstantiated by any evidence as required for claims objections in the Third Circuit.  Each of these deficiencies alone requires overruling Debtors' Objection.

16.     "The Bankruptcy Code could not be more clear: a claim, proof of which is filed, shall be allowed unless it falls within one of the exceptions set forth in [§] 502(b)."  *In re Dove-*

*Nation*, 318 B.R. 147, 153 (B.A.P. 8th Cir. 2004); *accord, e.g.*, *In re Alessi*, No. 11-25686, 2012 WL 1072214, at *2 (Bankr. D.N.J. Mar. 29, 2012) ("[E]ven where a party in interest objects, the court 'shall allow' the claim unless one of nine exceptions enumerated in § 502(b) applies."). The Objection, however, does not cite or rely on any of the nine enumerated exceptions to claim allowance in § 502(b).

17.    The Objection's failure in this regard requires that the Court overrule it. A claim objection initiates a contested matter governed by Federal Rule of Bankruptcy Procedure 9014. *In re Lomas Fin. Corp.*, 212 B.R. 46, 52 (Bankr. D. Del. 1997). As such, the objector must "state with particularity the grounds therefor, and shall set forth the relief or order sought." Fed. R. Bankr. P. 9013. The Objection does not cite any of the nine exceptions in § 502(b). The People and the Court are left to guess the specific § 502(b) basis for the Objection. *See In re Cowan*, No. 05-60028, 2006 WL 2228957, at *1 (Bankr. N.D. Ind. Aug. 3, 2006) ("[I]t is not the Court's function to guess, or derive by inference, the legal basis upon which [a party] might premise its request for relief."). This alone requires overruling the Objection.

18.    Nor could the Objection cite to any basis in 11 U.S.C. § 502(b). The Objection is based solely on a challenge to the sufficiency of the allegations in the People's Enforcement Action, which is not one of the nine enumerated grounds under § 502(b). But even if it were a proper basis for objection—which it is not—the Objection still misses the mark. The Objection argues that the People's Claims are deficient for failing to allege "damages" and "causation." Deb. Obj, at 5. The Objection misapprehends basic California law. "Damages" is a tort concept, which is inapplicable to the People's Enforcement Action. *See, e.g.*, *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1151 (2003) (California's Unfair Competition Law is not a "substitute for a tort [action]"; "individuals may not recover damages"). Similarly, "causation" (along with "injury," if that is what the Objection meant by "damages") is a standing requirement under California law for actions brought by *private* plaintiffs. These concepts are inapplicable to the People's Enforcement Action, which is a *public* law-enforcement prosecution brought in the name of the People by the Attorney General. *See, e.g.*, *Californians for Disability*

*Rights v. Mervyn's, LLC*, 39 Cal.4th 223, 229 (2006) ("[T]hese limitations [causation and injury] do not apply to claims brought under this chapter by the Attorney General . . . .") (citing Cal. Bus. & Profs. Code § 17203). Accordingly, even if the challenge to the sufficiency of the People's Claims were appropriate under § 502(b)—which it is not—the Objection relies on misapprehensions of California law.

19.     Finally, the Objection is fatally deficient because it fails to present any supporting evidence. It is well established that "the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). "[T]o overcome the prima facie validity of the claim," Debtors' Objection must present "substantial evidence." *In re Mid-Am. Waste Sys., Inc.*, 284 B.R. 53, 65 (Bankr. D. Del. 2002). Debtors do not present any evidence, let alone "substantial evidence," to support their Objection. Debtors do reference an early version of an answer filed in the People's Enforcement Action, but this is not evidence; it is simply a denial of the validity of the People's Claims. *See In re Nejedlo*, 324 B.R. 697, 699 (Bankr. E.D. Wis. 2005) ("[A] party objecting to the claim must produce evidence to rebut the claim or the claim will prevail; the mere denial of the validity or amount is not sufficient to sustain an objection to a claim.") (citing authorities). Moreover, even if an answer were "substantial evidence"—which it is not—the Debtors reference an answer that is not even operative. Debtors subsequently withdrew the referenced answer and filed a subsequent amended answer in California Superior Court. [4] Thus, even the supporting documentation attached to the Objection is non-operative, having been superseded by Debtors' own actions.

20.     The Objection does not comply with 11 U.S.C. § 502(b), nor could it, and in any event, is unsubstantiated by evidence. The Objection should be overruled for these reasons too.

---

[4] Counsel to the People contacted Debtors' former counsel to alert them to this issue. As of the date of the filing of this Initial Response, the Objection has not been corrected or amended.

**IN THE ALTERNATIVE, REQUEST FOR DISCOVERY, HEARINGS,
OR FURTHER MOTION PRACTICE**

21.     To the extent that the Court does not overrule the Objection in its entirety based on this Initial Response, the People reserve the right to seek discovery and to request hearings to prove up their Claims in a contested proceeding.   Moreover, the People reserve the right to request that this Court abstain under 28 U.S.C. § 1334 from consideration of the Objection, so that the California Superior Court, where the People's Enforcement Action is pending, can liquidate the People's Claims.

**CONCLUSION**

22.     For these reasons, the Court should overrule the Objection.

Dated:  October 7, 2015

KAMALA D. HARRIS
Attorney General of California

By:  /s/ Bernard A. Eskandari
NICKLAS A. AKERS
Senior Assistant Attorney General
NICHOLAS G. CAMPINS
BERNARD A. ESKANDARI
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 897-2652
  Fax:  (213) 897-4951
  Email:  bernard.eskandari@doj.ca.gov

*Attorneys for the People of the State of California*