IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., ET AL.,<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10952 (KJC)<br><br>Jointly Administered<br><br>**Hearing Date:  Dec. 10, 2015, 1:00 pm** |

**MOTION OF THE COMMONWEALTH OF MASSACHUSETTS
TO DISMISS DEBTORS' OBJECTION
AND RESPONSE TO DEBTORS' OBJECTION (DOCKET NO. 968)**

The Commonwealth of Massachusetts ("the Commonwealth") respectfully requests entry of an order pursuant to section 502(b) of title 11 of the United State Bankruptcy Code and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure dismissing *Debtors' Objection to the Claims of the Commonwealth of Massachusetts* ("*Debtors' Objection*", Docket No. 968).  The Commonwealth also provides its initial response to *Debtors' Objection*.

The Commonwealth's motion is based on the following grounds:

(1) *Debtors' Objection* does not comply with Rule 3007(a), which requires an objection to be served on the claimant "with notice of the hearing thereon…"  Debtors did not serve such a notice.

(2) Debtors seek an order pursuant to section 502(b) "disallowing the [Commonwealth's] Claims in full" (*Debtors' Objection*, pp. 4, 7, *see also* Exhibit B).  Section 502(b) does not authorize the court to "disallow in full" a claim based on pending state law-enforcement action.

1

(3) Debtors have no standing to object to the Commonwealth's claim, because disallowance of the Commonwealth's claims will not affect any rights of Debtors or permit any recovery by Debtors.

(4) The Commonwealth will not recover anything under the confirmed Plan, and therefore *Debtors' Objection* to the Commonwealth's claims is moot.

## The Commonwealth's Action

The Commonwealth's claims are based on a law-enforcement action currently pending in Massachusetts Superior Court.[1] The action was brought by the Commonwealth more than a year before Debtors' bankruptcy filing and alleges that Debtors violated Massachusetts consumer protection laws and regulations. The Commonwealth's complaint alleges that Debtors "deceived and misled the public and prospective students in order to aggressively enroll students at its Massachusetts campuses with the goal of increasing tuition and fee revenues, and consequently profits, for the company and its shareholders. In advertisements on television and other media, on its website, and in written and oral statements made to recruit and enroll prospective students, [Debtors] misrepresented:

- the urgency of enrollment and the need to enroll immediately in Corinthian schools,
- Everest MA's influence and historical success in finding jobs in the students' field of study,
- the employment opportunities available to Everest MA graduates,
- the earnings of Everest MA graduates,
- the assistance Everest MA schools provide graduates in obtaining employment in their fields of study,

---

[1] A copy of the complaint is attached as Exhibit A.

2

- the nature, character, and quality of Everest MA programs,

- the transferability of Everest MA credits,

- the availability of externships in the students' fields of study, together with the training provided by and employment opportunities accompanying externships, and

- the nature and availability of financial aid." (Complaint ¶¶ 2, 3)

In addition, Debtors "recruited and enrolled students in the Everest MA schools that [they] knew were unable to benefit from the programs and/or were legally unable to obtain employment in their fields of study" and created and steered students into loans that were unfair (*id.*, ¶ 5, 108-118).

During the year prior to the bankruptcy filing, Debtors did not move to dismiss the complaint, to obtain judgment on the pleadings, or to obtain summary judgment. Debtors obstructed discovery and neither produced materials requested by the Commonwealth nor pursued production of materials requested from the Commonwealth.

After the bankruptcy filing, Debtors made a filing informing the Massachusetts court that the action was stayed, notwithstanding the plain language of section 362(b)(4) of the Bankruptcy Code and the undisputed case law in the Third Circuit (and in other circuits) stating that government law enforcement actions are not automatically stayed upon the filing of a bankruptcy petition.

Far from "continu[ing] to defend against the allegations contained in the Complaint," (*Debtors' Objection*, p. 3), Debtors have done everything in their power to obstruct and to avoid defending the Commonwealth's action—and ultimately to avoid accountability for its violations of Massachusetts law.

## I. DEBTORS' OBJECTION SHOULD BE DISMISSED

1. *Debtors' Objection* Does Not Comply with Rule 3007(a)

Debtors' Objection is brought and its proposed order sought pursuant to Rule 3007(a) of the Bankruptcy Rules of Procedure (*Debtors' Objection*, p. 1; Exhibit B). Rule 3007(a) requires an objection to be served on the claimant "with notice of the hearing thereon…." Debtors did not serve such a notice of hearing.

Debtors' failure to comply with Rule 3007(a) was deliberate. Rule 3007(a) requires 30 days' notice prior to the hearing, and Debtors filed their objection on September 16, five days before the Effective Date of the Plan, at which point Debtors initiated the process of dissolving themselves. Debtors had no intention of appearing at a hearing on their objection.

*Debtors' Objection* does not comply with Rule 3007(a), and it should be dismissed.

2. The Relief Requested by Debtors Is Not Authorized by Section 502(b)

Debtors seek an order pursuant to section 502(b) of the Bankruptcy Code, 11 U.S.C. section 502(b), "disallowing the [Commonwealth's] Claims in full" (*Debtors' Objection*, pp. 4, 7). The Proposed Order filed with *Debtors' Objection* asks the Court to rule that "Claim Nos. 3866 and 3867, filed by The Commonwealth of Massachusetts by the and through Attorney General [sic], are disallowed." (*Debtors' Objection*, Exhibit B).

Section 502 (b) does not authorize the court to "disallow in full" a claim based on pending state enforcement action. Assuming a valid objection is made, section 502(b) authorizes the court to "determine the amount of such claim" and requires the court to "*allow such claim in such amount*" (emphasis added). The court may only "disallow in full" a claim based on the exceptions contained in section 502(b)(1)-(9), none of which applies to a pending government enforcement action. "The Bankruptcy Code could not be more clear: a claim, proof of which is

4

filed, shall be allowed unless it falls within one of the exceptions set forth in [§] 502(b)." *In re Dove-Nation*, 318 B.R. 147, 153 (B.A.P. 8th Cir. 2004); *accord, e.g.*, *In re Alessi*, No. 11-25686, 2012 WL 1072214, at *2 (Bankr. D.N.J. Mar. 29, 2012) ("[E]ven where a party in interest objects, the court 'shall allow' the claim unless one of nine exceptions enumerated in § 502(b) applies.").

*Debtors' Objection* does not fall under—nor does it cite or rely on—any of the nine enumerated exceptions to claim allowance in § 502(b). Because the relief requested by Debtors is not authorized by law, *Debtors' Objection* should be dismissed.

3. <u>Debtors Have No Standing to Object to the Commonwealth's Claims</u>

Section 502(a) of the Bankruptcy Code, 11 U.S.C. section 502(a), provides that a claim "is deemed allowed, unless a *party in interest* objects." (Emphasis added.) Debtors are not "parties in interest" because disallowance of the Commonwealth's claims will not affect any rights of Debtors or permit any recovery by Debtors.

Under the Bankruptcy Code, a "party in interest" must have a real and individual stake in the outcome of the controversy. *In re F.A. Dellastatious, Inc.*, 121 B.R. 487, 490 (Bankr. E.D. Va. 1990) (citing *Warth v. Seldin*, 422 U.S. 490 (1975)). A party must have a "pecuniary interest" such that the outcome of the objection will "directly" and "adversely" affect that interest. *In re Adams*, 424 B.R. 434, 436 (Bank. N.D. Ill. 2010). The outcome of *Debtors' Objection* will not affect Debtors' pecuniary interest for two separate reasons:

First, Debtors will receive no distribution under the plan. This is true whether the Commonwealth's claims are allowed or disallowed. "It is a long-standing principle of bankruptcy administration that where all claims of creditors will not be paid and there will be no surplus to the debtor, there is no standing to object to the administration for lack of any

pecuniary interest in the liquidation of assets and distributions to creditors." *In re Creditors Serv. Corp.*, 206 B.R. 174, 176 (Bankr. S.D. Ohio 1997) (citing cases); *accord, e.g.*, *In re Cult Awareness Network, Inc.*, 151 F.3d 605 (7th Cir. 1998) (no "pecuniary interest" for insolvent debtor "because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor"); *In re I & F Corp.*, 219 B.R. 483, 484 (Bankr. S.D. Ohio 1998) ("Unless the estate is solvent and there will be a distribution to the debtor, the debtor has no pecuniary interest in the reduction of a filed claim."); *In re Stanley*, 114 B.R. 777, 778 (Bankr. M.D. Fla. 1990) ("[N]o distribution can be made to the Debtor unless all unsecured claims allowed are paid in full with interest. This Court is satisfied that unless the Debtor can demonstrate that disallowing the claim would produce a surplus which would be available to the Debtor, the Debtor lacks standing to object to the claim.").

Second, Debtors have dissolved (and as of the time they made their objection, on September 16, had stated their intention to dissolve as soon as the plan became effective). Whether the Commonwealth's claim is allowed or disallowed cannot affect Debtors because they no longer exist. As such, Debtors have "no 'dog in the fight' as far as bankruptcy recovery goes." *In re Davidson*, 402 B.R. 877, 883 (Bankr. S.D. Ind. 2009).

Debtors have no standing to object to the Commonwealth's claim.

4. *Debtors' Objection* Is Moot

The Commonwealth will not recover anything under the Plan; this is true whether the Commonwealth's claims are allowed or disallowed. A decision on *Debtors' Objection* will not affect any issue in the bankruptcy case. Therefore, *Debtors' Objection* to the Commonwealth's claims is moot.

## II.  RESPONSE TO *DEBTORS' OBJECTION*

*Debtors' Objection* is deficient and should be overruled because it neither (1) shows that the Commonwealth's complaint does not allege "facts sufficient to support a legal liability to the claimant…", nor (2) presents "evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." (*Debtors' Objection*, p. 4, *quoting from In re Allegheny*, 954 F.2d 167, 173-74 (3d Cir. 1992)).

1. The Commonwealth's Claims Are *Prima Facie* Valid

Bankruptcy Rule 3001(f) provides that a properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim.  Debtors agree—and the Court in *In re Allegheny* ruled—that once a claimant alleges facts sufficient to support a claim, the claim is "'prima facie' valid." *Id*.  The Commonwealth's complaint plainly satisfies this standard.  It contains numerous facts supporting the Commonwealth's claims, including statements of students, former employees, and references to website and documentary materials, some of which are attached to the complaint as exhibits.  Debtors had an opportunity to move to dismiss the complaint or for judgment on the pleadings during the year before the bankruptcy filing and/or during the pendency of the bankruptcy proceeding; the fact that Debtors did not do so is perhaps the best evidence that the complaint is sufficient to state a claim.

In their *Objection*, Debtors state that "the allegations contained in the Massachusetts AG Lawsuit lack specificity and evidence of material, causation and damages." (*Debtors' Objection*, p. 4). In fact, the complaint contains highly specific allegations, *e.g*., paragraphs 32-37, 42-43, 46-51, 56-59, 62-81, 83-84, 86-90, 92-93, 96-98, 101, 105-106, 108-117.  The complaint plainly alleges materiality, causation, and damages, *e.g*., paragraphs 44, 52, 55, 60, 85, 91, 94, 121-124, 127-130.  *Debtors' Objection* gives three "examples" of what it says are failings in the

complaint:

(i) Debtors state that the complaint "fail[s] to identify students by name, program or year such that the Debtors could investigate and respond to the specific allegations." (*Debtors' Objection*, p. 5). The complaint does not identify victims of Debtors' misconduct because of privacy concerns; no rule or law requires a complaint to identify any individual victim, and the absence of specific identifying information does not affect the adequacy of the claims. As noted in the complaint, identifying information was available to Debtors through discovery, but Debtors did not pursue discovery of this information.

(ii) Debtors state that "the Massachusetts AG fails to state a material difference in the student placement percentages…." (*Id.*) However, the complaint explicitly states the placement discrepancy for the sampled programs: Debtors represented that the programs' in-field placement rates for graduates were 71% and 72% respectively, while the actual placement rates were 27% and 23% (Complaint, para. 74). The complaint also specifies the falsification techniques used by Debtors to reach their phony placement numbers, which included fake jobs, out of field jobs, and externships and temporary jobs, including two day health fairs established by Debtors themselves (Complaint, paras. 75-81).

(iii) Debtors state that "the Massachusetts AG fails to state… whether the alleged inaccuracies caused any damages to the students who graduated and obtained employment in their intended field of study." (*Debtors' Objection*, p. 5). This statement says nothing about the 85-90% of Debtors' students who do not graduate (over 50% of students) and/or receive jobs in their fields of study (70 to

8

80% of graduates). As for the 10-15%[2] of students who received jobs in their fields of study, the Complaint alleges that these students were damaged because they (1) were falsely induced to enroll at Debtors' schools, (2) overpaid for a substandard education (Complaint paras. 45-52), (3) were subject to false and/or misleading representations concerning financial aid and debt collection practices (*id.*, paras. 92-94), and (4) were victimized by Debtors unfair loan programs (*id.*, paras. 108-118). *Debtors' Objection* says nothing about these claims.

Debtors' Objection is conclusory and insufficient to affect the *prima facie* validity of the Commonwealth's claims.

2. *Debtors' Objection* Provides No Evidence Refuting the Commonwealth's Claims

In order to overcome the presumptive validity of the Commonwealth's claim, a party-in-interest must produce sufficient evidence to refute an allegation that is essential to the complaint's legal sufficiency. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). *See also In re Mid-American Waste Sys., Inc.,* 284 B.R. 53, 65 (Bankr. D. Del. 2002). *Debtors' Objection* does not present evidence refuting any of the allegations of the Commonwealth's complaint. In fact, the *Objection* presents no evidence at all. Debtors' answer to the complaint is not evidence. *See In re Nejedlo*, 324 B.R. 697, 699 (Bankr. E.D. Wis. 2005) ("[A] party objecting to the claim must produce evidence to rebut the claim or the claim will prevail; the mere denial of the validity or amount is not sufficient to sustain an objection to a claim.") (citing authorities).

*Debtors' Objection* should be overruled.

---

[2] The in-field placement rates for graduates in the pertinent programs were 23% and 27% respectively; since fewer than 50% of students graduate, the placement rate for all students, including both graduates and those students who do not graduate, is between 10 and 15%.

**CONCLUSION**

For the reasons set forth in this Motion and Response, the Court should dismiss the *Debtors' Objection* or, in the alternative, overrule the *Objection*.

Dated: October 9, 2015                                  COMMONWEALTH OF MASSACHUSETTS

                                                          MAURA HEALEY
                                                          MASSACHUSETTS ATTORNEY GENERAL

                                                          By:  /s/ *Peter Leight*

                                                          Peter Leight, BBO #631580
                                                          Assistant Attorney General
                                                          Office of the Attorney General
                                                          One Ashburton Place, 18th Floor
                                                          Boston, MA 02108
                                                          (617) 727-2200
                                                          Fax: 617-722-0184
                                                          peter.leight@state.ma.us

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: <br><br> CORINTHIAN COLLEGES, INC., et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 15-10952 (KJC) <br><br> Jointly Administered. |

**ORDER GRANTING THE MOTION OF THE COMMONWEALTH OF
MASSACHUSETTS TO DISMISS DEBTORS' OBJECTION
(DOCKET NO. 968)**

Upon the Motion of the Commonwealth of Massachusetts to Dismiss Debtors' Objection and Response to Debtors' Objection (Docket No. 968), and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. §157(b); and that this Court may enter an order consistent with Article III of the United States Constitution; and venue being proper before this court under 28 U.S.C. §§1408 and 1409; and a hearing, if necessary, having been held to consider the relief requested in the Motion (the "Hearing"); and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425, Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Educations, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

upon the record of all the proceedings before the Court; and the Court having found and determined that the legal and factual bases set forth in the Motion and at any Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

    1. The Motion is GRANTED.

    2. The *Debtors' Objection to the Claims of the Commonwealth of Massachusetts* (Docket No. 968) is DISMISSED.


Dated: _____, 2015    _____
Wilmington, Delaware
                                                                   THE HONORABLE KEVIN J. CAREY
                                                                   U.S. BANKRUPTCY JUDGE