# EXHIBIT A

## CONFIDENTIALITY TERMS

WHEREAS, on May 4, 2015, Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors (together with Corinthian, the "**Debtors**") commenced cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and the Chapter 11 Cases are being jointly administered under Case No. 15-10952 by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

WHEREAS, on October 9, 2015, the Bankruptcy Court entered its *Order on Motion of Aerotek, Inc. for an Order Under Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing Limited Discovery from Corinthian Colleges, Inc.* [D.I. 1042] (the "**Rule 2004 Order**"), pursuant to which the Debtors are required to produce certain documents to Aerotek, Inc. ("**Aerotek**").

WHEREAS, the documents to be produced to Aerotek may include certain non-public information, including, without limitation, information concerning the Debtors' assets, liabilities, business operations, projections, analyses, compilations, studies, and other documents prepared by the Debtors or their representatives, advisors, or agents, all to the extent not privileged.

WHEREAS, pursuant to the Rule 2004 Order, the Bankruptcy Court has required the submission of proposed confidentiality terms relating to the production of documents to Aerotek;

WHEREAS, the distribution trust established pursuant to the confirmed *Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 909] (the "**Distribution Trust**") is in possession of documents subject to the Rule 2004 Order, intends to turn over those documents to Aerotek and has agreed to the confidentiality terms hereunder.

RLF1 12918445v.5

ACCORDINGLY, the confidentiality terms for documents produced under the Rule 2004 Order (the "**Terms**") are as follows:

1. As used herein, Confidential Information refers to all documents and/or information revealed or produced by the Debtors and designated as "Confidential," "Highly Confidential" or "Attorneys' Eyes Only."

2. All Confidential Information furnished or disclosed to Aerotek in any manner, including, without limitation, in written form, orally, or through any electronic, facsimile or computer-related communication, whether intentionally or unintentionally, under the Rule 2004 Order, shall be used by Aerotek solely for the purposes as set forth by Aerotek in the *Motion of Aerotek, Inc. for an Order Under Bankruptcy Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing Limited Discovery from Corinthian Colleges, Inc.* [Docket No. 626] and shall be kept confidential by Aerotek, and shall not, without the Debtors' or the Distribution Trust's prior written consent, be disclosed by Aerotek, or by Aerotek's advisors, agents, representatives, or employees, to any other person or entity, except as otherwise provided in paragraphs 3 and 4 below.

3. Aerotek shall permit access to documents or information designated as "Confidential" only to the persons specified as follows:

   a. counsel for Aerotek, including in-house counsel;

   b. secretaries, legal assistants, or other employees of counsel for Aerotek;

   c. employees of Aerotek having an actual need for such access to consult with persons described in Paragraph 3(a) or (b) for the purposes as set forth in paragraph 2 hereof;

   d. any persons indicated on the form of document to be the author, addressee, or an actual recipient of the documents;

2

e. experts or litigation support vendors retained and supervised by counsel of record for Aerotek herein only to the extent necessary to perform such work;

f. deponents or trial witnesses to the extent reasonably necessary for the preparation of their testimony;

g. witnesses at deposition, during a hearing or at trial;

h. the Court, Court staff members, and court reporters who record and/or transcribe deposition or other testimony in this proceeding or in other proceedings in which the confidential information is used by Aerotek or is at issue, with suitable precautions calculated to maintain confidentiality; and

i. such other persons to which the Debtors agree in writing.

4. Aerotek shall permit access to documents or information designated as "Highly Confidential" or "Attorneys' Eyes Only" only to the persons specified as follows:

a. the undersigned outside counsel firm for Aerotek; provided further, however, that such counsel may consult with Edward T. Chiolo, Aerotek's Corporate Credit Manager, regarding such material, provided further that (notwithstanding paragraph 5 below) Mr. Chiolo execute the Undertaking attached hereto as **Exhibit 1**;

b. secretaries, legal assistants, or other employees of outside counsel for Aerotek;

c. any persons indicated on the form of document to be the author, addressee, or an actual recipient of the documents;

d. experts or litigation support vendors retained and supervised by counsel of record for Aerotek herein only to the extent necessary to perform such work;

e. the Court, Court staff members, and court reporters who record and/or transcribe deposition or other testimony in this proceeding or in other proceedings in which the confidential information is used by Aerotek or is at issue, with suitable precautions calculated to maintain confidentiality; and

f. such other persons to which the Debtors agree in writing.

5. Persons who are given access to any of the materials covered by these Terms, other than (a) a Court, Court staff members, and court reporters and (b) those persons specified in Paragraphs 3(a), (b) (c) and (d) and 4(a), (b) and (c), shall execute the Undertaking attached

hereto as **Exhibit 1** before any disclosure is made or, in the case of a testifying witness, agree on the record to be bound by the terms and conditions of these Terms. The executed original Undertaking shall be retained and preserved by counsel for the party disclosing the Confidential information and a copy of any such Undertaking shall be delivered to counsel for the Debtors within 3 business days after the earlier of the date on which the Undertaking is executed or the Confidential Information is disclosed.

6. Confidential Information, as used in these Terms, shall refer to any so designated document, information, testimony, or other discovery material and all copies thereof, and shall also refer to the information contained in such materials.

7. No designation for "Confidential," "Highly Confidential" or "Attorneys' Eyes Only" material shall be effective unless there is placed or affixed on such material a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" notice or the equivalent thereof.

8. Persons permitted access to Confidential Information hereunder shall not show, disclose, or convey any such information to any person other than as expressly permitted by these Terms.

9. If at any time a party objects to a designation of Confidential Information under these Terms, the objecting party shall notify the designating party in writing. The objecting party shall identify the material in question, and shall specify in reasonable detail the reason(s) for the objection. Within ten (10) calendar days after the receipt of such notice, the designating party and the objecting party shall meet and confer in an effort to resolve their differences. If no agreement is reached, the objecting party shall have the burden of going forward to challenge the designation of the material as Confidential Information and the party designating the material as

4

Confidential Information shall have the burden of establishing the propriety of such designation. The material shall be maintained as Confidential Information until the Court rules otherwise.

10. In the event any information designated as Confidential Information is used in any hearing in connection with this or another proceeding, it shall not lose its status as Confidential Information through such use, and the parties shall take all steps reasonably required to protect the confidentiality of the information during such use including filing said documents and information under seal.

11. In the event a party that has materials produced by the opposing party and designated as Confidential Information by the opposing party receives a subpoena or other process or order to produce such materials, such party shall, within 48 hours, notify by email counsel of record for the opposing party and provide a copy of the subpoena or other process or order. The opposing party shall then have the burden of defending against or objecting to such subpoena or other process or order to the extent it seeks to prevent or limit the production of the materials pursuant to the subpoena or other process or order.

12. Nothing in these Terms shall prevent any party from producing documents in his, her or its possession to another person in response to a subpoena or other compulsory process. When possible, at least ten (10) days written notice before production or other disclosure shall be given. In no event shall production or other disclosure be made before reasonable notice is given.

13. The Bankruptcy Court's entry of an order approving these Terms shall constitute authority pursuant to Del. Bankr. LR 9018-1(c) for the parties to file future documents under seal without the necessity of filing a separate motion.

14. Nothing in these Terms shall require disclosure of information that counsel

5


contends is protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege. If information subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, the work-product immunity, or any other applicable privilege. If a party has inadvertently or mistakenly produced a document subject to a claim of immunity or privilege, upon request by the Debtors or the Distribution Trust within three (3) business days of discovery of such inadvertent or mistaken production, the document for which a claim of inadvertent production is made shall be returned within three (3) business days of such request and all copies of that document that may have been made shall be destroyed to the extent reasonably practicable, and Aerotek shall not use such information for any purpose other than in connection with a motion to compel. The party returning such material may then move the Bankruptcy Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

15. These Terms shall survive the termination of the Debtors and/or the Chapter 11 Cases, whether by dismissal, final judgment, settlement or otherwise, and shall continue in full force and effect.

16. No modification of these Terms shall be binding or enforceable unless in writing and signed by the parties.

RLF1 12918445v.5

17. These Terms shall survive the conclusion of this proceeding and remain in full force and effect until modified by an order of the Court or terminated by written agreement of the parties.

## EXHIBIT A
### Undertaking

I, _____, declare that I have read, in its entirety, the *Order Approving Confidentiality Agreement* (the "**Protective Order**") and the exhibit thereto entered in the matter captioned *In re: Corinthian Colleges, Inc., et al.*, Case No. 15-10952, in the United States Bankruptcy Court, District of Delaware. I understand the Protective Order's terms, agree to be fully bound by such terms, and hereby submit to the jurisdiction of the U.S. Bankruptcy Court for the District of Delaware for purposes of the Protective Order's enforcement. I understand, in particular, that any Confidential Information (as defined in the Protective Order), including, without limitation, any copies, excerpts, or summaries thereof and materials containing Confidential Information, including any knowledge or information derived from any of these items, may be used only for purposes set forth in the Protective Order and may not be used for any other purposes, including, without limitation, any business or commercial purpose.

I further understand that failure to abide fully by the terms of the Protective Order may result in legal action against me, such as for contempt of court and liability for monetary damages, and I agree to adhere to and be bound by its terms.

Dated:_____          Signed:_____

RLF1 12918445v.5