## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., et al.[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | Re: Docket No. 1025, *1048* |

---

### ORDER AUTHORIZING FIRST AMERICAN TRUST, FSB TO (I) TRANSFER TRUST ASSETS TO DISTRIBUTION TRUST, (II) LIQUIDATE RELATED POLICIES AND (III) TERMINATE TRUST

Upon the motion (the "**Motion**")[2] of the Distribution Trustee for entry of an order,

pursuant to Sections 105(a), 541 and 542 of the Bankruptcy Code, authorizing First American

Trust, FSB (the "**Trustee**") to (a) transfer the assets (the "**Trust Assets**") of that certain trust (the

"**Trust**") established pursuant to certain Master Trust Agreement for Corinthian Colleges, Inc.

Deferred Compensation Plan, dated as of April 1, 2013, between Corinthian Colleges, Inc. and

the Trustee, to the Distribution Trust, (b) liquidate the four remaining corporate-owned life

insurance policies (the "**Policies**") in which the Trustee invested Trust Assets, and (c) terminate

the Trust; and it appearing that the relief requested is in the best interests of the Beneficiaries of

the Distribution Trust; and it appearing that proper and adequate notice has been given and that

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion

no further notice is required; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth therein.

2.      The Trustee is authorized to transfer the Trust Assets to the Distribution Trust in accordance with the terms of the Plan without liability to any third parties claiming an interest in the Trust Assets.

3.      The Trust is authorized to withhold from the Trust Assets being transferred to the Distribution Trust an amount sufficient to cover anticipated reasonable fees and expenses (including attorneys' fees) incurred in connection with the administration of the Trust, as well as the liquidation of the Trust Assets and the termination of the Trust. The Distribution Trustee shall have ten (10) calendar days following receipt of written support for the requested fees and expenses to serve upon the Trust any objection to the requested fees and expenses, which objection shall be in letter format specifically identifying any fees or expenses which the Distribution Trustee views as unreasonable and the basis therefor. In the absence of any such objection made in accordance with this Paragraph, the Trust may satisfy such outstanding fees and expenses from the amounts withheld from the Trust Assets. In the event that there is a dispute between the Trustee and the Distribution Trustee as to the reasonableness of requested fees or expenses, such fees and expenses may not be paid until such time as the parties reach agreement as to the amount of fees and expenses to be paid or the Court enters an order regarding the same. Any amounts withheld by the Trust in excess of the actual amount of fees and expenses incurred shall be transferred to the Distribution Trust.

4.      The Trustee is authorized to liquidate the Trust Assets and distribute the proceeds thereof to the Distribution Trust.

5.      Following the liquidation of the Trust Assets and the transfer of the Trust Assets to the Distribution Trust, the Trustee is authorized to terminate the Trust.

6.      This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated:      _____Oct 15_____, 2015
                Wilmington, Delaware

                                    _____
                                    THE HONORABLE KEVIN J. CAREY
                                    UNITED STATES BANKRUPTCY JUDGE