**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 15-10952 (KJC)<br><br>Jointly Administered<br><br>**Hearing Date: December 10, 2015 at 1:00 p.m.<br>(prevailing Eastern Time)**<br><br>**Objection Deadline:  November 27, 2015 at 4:00 p.m.<br>(prevailing Eastern Time)** |

**FINAL FEE APPLICATION OF BROWN RUDNICK LLP,
CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR PROFESSIONAL SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE
PERIOD FROM MAY 13, 2015 THROUGH SEPTEMBER 21, 2015**

| | |
|---|---|
| Name of Applicant: | Brown Rudnick LLP |
| Authorized to provide professional<br> services to: | Official Committee of Unsecured Creditors |
| Date of retention: | June 1, 2015 [Docket No. 450], *nunc pro tunc* to May 13, 2015 |
| Period for which compensation<br>and reimbursement is sought: | May 13, 2015 through September 21, 2015 |
| Total amount of compensation<br>sought as actual, reasonable and<br>necessary for applicable period: | $992,795.50[2] |

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505, SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).  The Debtors' corporate headquarters were located at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2]    Brown Rudnick has included an estimate of $10,000 relating to the preparation of this final fee application. Brown Rudnick reserves the right to amend or supplement this final fee application for any fees and costs relating to the prosecution of this final fee application.

Total amount of expense reimbursement
sought as actual, reasonable and necessary
for applicable period:                    $24,244.74

Total amount of compensation paid
as actual, reasonable and necessary
for applicable period:                    $515,116.81

Total amount of expense reimbursement
paid as actual, reasonable and necessary
for applicable period:                    $6,840.19

Total amount of unpaid fees and expenses
sought for applicable period:[3]          $495,083.24[4]

This is a: ___ interim X final application.

| Date Filed and Docket No. | Filing Period | Requested Fees | Requested Expenses | CNO Date and Docket No. | Approved Fees | Approved Expenses | Unapproved Holdback |
|---|---|---|---|---|---|---|---|
| (First) 6/25/2015 D.I. 473 | 5/13/2015 through 5/31/2015 | $112,136.50 | $114.50 | 7/20/2015 D.I. 606 | $89,709.20 | $114.50 | $22,427.30 |
| (Second) 8/3/2015 D.I. 694 | 6/1/2015 through 6/30/2015 | $198,065.50 | $1,573.28 | 8/28/2015 D.I. 904 | $158,452.41 | $1,573.28 | $39,613.09 |
| (Third) 8/24/2015 D.I. 859 | 7/1/15 through 7/31/15 | $333,694.00 | $5,152.41 | 9/16/2015 D.I. 965 | $266,955.20 | $5,152.41 | $66,738.80 |
| (Fourth) 9/25/2015 D.I. 1020 | 8/1/2015 through 8/31/2015 | $297,592.00 | $14,071.13 | 10/23/2015 D.I. 1064 | $238,073.60 | $14,071.13 | $59,518.40 |
| (Fifth) 10/27/2015 D.I. 1068 | 9/1/15 through 9/21/15 | $41,307.50 | $3,333.42 | Pending[5] | Pending | Pending | Pending |
| **TOTAL** | | **$982,795.50** | **$24,244.74** | | **$753,190.41** | **$20,911.32** | **$188,297.59** |

---

[3]   This amount includes the holdback fees for the period from May 13, 2015 through September 21, 2015 and the total amount of compensation and expenses for the months of August and September 2015.

[4]   This amount includes an estimate of $10,000 relating to the preparation of this final fee application. Brown Rudnick reserves the right to amend or supplement this final fee application for any fees and costs relating to the prosecution of this final fee application.

[5]   The objection deadline for Brown Rudnick's fifth monthly fee application is November 17, 2015.

**SUMMARY OF BROWN RUDNICK LLP**
**FINAL FEE APPLICATION**

**SUMMARY OF BILLING BY TIMEKEEPER**

**For the Period from May 13, 2015 through September 21, 2015**

| TIME AND COMPENSATION BREAKDOWN - PARTNERS | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| H. Jeffrey Schwartz | Partner; Admitted to New York Bar in 2007; Admitted to Ohio Bar in 1980; Restructuring | $1,235.00 | 436.0 | $538,460.00 |
| Bennett S. Silverberg* | Partner; Admitted to New York Bar in 2001; Restructuring | $885.00 | 177.5 | $155,406.00 |
| Ronald Rus | Partner; Admitted to California Bar in 1975; Restructuring | $880.00 | 1.5 | $1,320.00 |
| Andreas P. Andromalos | Partner; Admitted to Massachusetts Bar in 2000; Finance | $825.00 | 26.5 | $21,862.50 |
| Mary D. Bucci | Partner; Admitted to Massachusetts Bar in 2000; Finance | $825.00 | 0.4 | $330.00 |
| Vincent J. Guglielmotti | Partner; Admitted to New Jersey Bar in 2005 and New York Bar in 2006 | $785.00 | 2.1 | $1,648.50 |

| TIME AND COMPENSATION BREAKDOWN - PARTNERS | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| Lauren E. Curry | Partner; Admitted to New York Bar in 2008 and District of Columbia Bar in 2010; White Collar Defense and Government Investigations | $730.00 | 60.5 | $44,165.00 |
| **TOTAL** | | | **704.5** | **$763,192.00** |
| **PARTNER BLENDED RATE** | | | | **$1,083.31** |

\* Reflects 50% reduction to non-working travel time.

| TIME AND COMPENSATION BREAKDOWN – ASSOCIATES AND OTHER COUNSEL | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| Barbara J. Kelly | Tax Practice Group Advisor; Admitted to New York Bar in 1982 | $880.00 | 29.8 | $26,224.00 |
| Shoshana B. Kaiser | Associate; Admitted to New York Bar in 2009; Litigation | $720.00 | 0.6 | $432.00 |
| Brian P. Oldham | Associate; Admitted to Colorado Bar in 2007 and District of Columbia Bar in 2008; White Collar Defense and Government Investigations | $605.00 | 2.9 | $1,754.50 |
| Jeffrey L. Vigliotti | Associate; Admitted to Massachusetts Bar in 2009; Real Estate | $605.00 | .4 | $242.00 |
| Jacob T. Beiswenger | Associate; Admitted to New York Bar in 2013; Restructuring | $570.00 | 73.3 | $41,781.00 |
| James M. Maynor | Associate; Admitted to Florida Bar in 2013; Admission pending in New York | $570.00 | 10.8 | $6,156.00 |
| Priya F. Selvam | Associate; Admitted to Massachusetts Bar in 2012; Finance | $525.00 | 37.5 | $19,687.50 |
| Stephanie N. Bollheimer | Associate; Admitted to New Jersey Bar in 2014; Corporate - Tax | $475.00 | 45.0 | $21,375.00 |
| Joseph A. Spina | Associate; Admitted to New York Bar in 2015; Restructuring | $475.00 | 1.6 | $760.00 |

| TIME AND COMPENSATION BREAKDOWN – ASSOCIATES AND OTHER COUNSEL | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| Lara N. Burke | Associate; Admitted to Virginia Bar in 2013 and District of Columbia Bar in 2014; Restructuring | $470.00 | 81.5 | $38,305.00 |
| Tia Wallach | Associate; Admitted to Massachusetts Bar in 2013; Finance | $470.00 | 49.9 | $23,453.00 |
| Cailin M. Harris | Associate; Admitted to Massachusetts Bar in 2014; Corporate | $420.00 | 14.1 | $5,922.00 |
| **TOTAL** | | | **347.4** | **$186,092.00** |
| **ASSOCIATE BLENDED RATE** | | | | **$535.67** |

| TIME AND COMPENSATION BREAKDOWN - PARAPROFESSIONALS | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position/Numbers of Years** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| Michael A. Jackson | Paralegal for over 10 years; Restructuring | $345.00 | 7.9 | $2,725.50 |
| Elizabeth G. Hosang | Paralegal for over 20 years; Litigation | $345.00 | .1 | $34.50 |
| Carol S. Ennis | Paralegal for over 30 years; Restructuring | $340.00 | 68.2 | $23,188.00 |
| Christian M. Seitz | Paralegal for over 15 years, White Collar Litigation | $340.00 | 9.3 | $3,162.00 |
| Mary Ann Kramer | Paralegal for over 25 years, Litigation | $340.00 | 9.6 | $3,264.00 |
| Karen M. Forte | Paralegal for over 16 years, Litigation | $325.00 | 3.5 | $1,137.50 |
| **TOTAL** | | | **98.6** | **$33,511.50** |
| **GRAND TOTAL** | | | **1,150.5** | **$982,795.50** |
| **BLENDED RATE** | | | | **$854.23** |

**COMPENSATION BY PROJECT CATEGORY**

**FOR BROWN RUDNICK'S FINAL FEE APPLICATION**

**For the Period from May 13, 2015 through September 21, 2015**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 47.4 | $23,575.50 |
| Meetings and Communications with Creditors | 90.7 | $95,874.00 |
| Employment and Fee Applications | 50.8 | $22,326.00 |
| Plan and Disclosure Statement | 438.1 | $457,057.00 |
| Employee Benefits and Pensions | 1.0 | $885.00 |
| Assumption and Rejection of leases and Contracts | 1.1 | $755.50 |
| Asset Disposition | 1.4 | $924.00 |
| Relief from Stay and Adequate Protection | 57.0 | $59,461.50 |
| Non-Working Travel (Fees Reduced by 50%) | 3.8 | $1,681.50 |
| Avoidance Action Analysis | 17.5 | $14,027.00 |
| Litigation: Contested Matters and Adversary Proceedings | .3 | $265.50 |
| Claims Administration and Objections | 2.9 | $1,884.50 |
| Lien and Claim Investigation | 167.7 | $98,090.00 |
| D&O Investigation | 179.4 | $117,895.00 |
| DOE and Other Regulatory Matters | 2.1 | $1,752.00 |
| DIP Financing/Cash Collateral | 89.3 | $86,341.50 |
| **TOTAL** | **1,150.5** | **$982,795.50** |

**EXPENSE SUMMARY**

**FOR BROWN RUDNICK'S FINAL FEE APPLICATION**

**For the Period from May 13, 2015 through September 21, 2015**

| Service | Cost |
|---------|------|
| 1. Telephone (primarily out-of-pocket costs for long-distance conference calls) | $108.12 |
| 2. Photocopy (In-house) (20,185 pages × 10¢) | $2,018.50 |
| 3. Research (On-line Actual Costs) - PACER | $798.40 |
| 4. Research (On-line Actual Costs) - Lexis | $929.65 |
| 5. Research (On-line Actual Costs) - Westlaw | $4,698.46 |
| 6. Research (On-line Actual Costs) - BNA Tax & Accounting | $89.00 |
| 7. Accuroute Scans | $4.10 |
| 8. Binding | $13.86 |
| 9. Teleconferencing | $602.00 |
| 10. Messenger | $60.00 |
| 11. Court Call | $74.00 |
| 12. Travel Agent Fees | $266.00 |
| 13. Train Travel | $1,145.00 |
| 14. Taxis | $25.80 |
| 15. Certificates | $3,664.35 |
| 16. UCC / Lien Searches | $8,749.90 |
| 17. Document Retrieval | $658.40 |
| 18. Database Hosting / Internal Hosting | $339.20 |
| **TOTAL** | **$24,244.74** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.*<br><br>Debtors.[6] | Chapter 11<br><br>Case No. 15-10952 (KJC)<br><br>Jointly Administered<br><br>**Hearing Date: December 10, 2015 at 1:00 p.m.**<br>**(prevailing Eastern Time)**<br><br>**Objection Deadline:  November 27, 2015 at 4:00 p.m.**<br>**(prevailing Eastern Time)** |

**FINAL FEE APPLICATION OF BROWN RUDNICK LLP,
CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR PROFESSIONAL SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE
PERIOD FROM MAY 13, 2015 THROUGH SEPTEMBER 21, 2015**

Brown Rudnick LLP ("**Brown Rudnick**"), co-counsel for the Official Committee of Unsecured Creditors (the "**Committee**") of Corinthian Colleges, Inc., *et al*. (the "**Debtors**"), hereby submits its final fee application (the "**Final Fee Application**") for allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred for the period May 13, 2015 through September 21, 2015 (the "**Final Fee Period**").

---

[6]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505, SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).  The Debtors' corporate headquarters were located at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

## INTRODUCTION

1.      On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  Since the Petition Date, the Debtors continue to operate and manage their businesses as debtors-in-possession.

2.      On May 13, 2015, the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), pursuant to Bankruptcy Code Section 1102(a)(1), appointed five members to the Committee.  The members of the Committee are: (i) Campus Student Funding, LLC, (ii) McKinley Avenue, LLC, (iii) Lampert at 25500 Industrial Blvd., LLC, a California Limited Liability Company, (iv) Guy Q. Reynolds, and (v) Marriott Hotel Services, Inc.  Thereafter, the Committee selected Brown Rudnick LLP and The Rosner Law Group LLC to serve as its co-counsel in these Chapter 11 Cases.

3.      On June 1, 2015, the Committee filed an application to employ and retain Brown Rudnick as its counsel (the "**Retention Application**"), *nunc pro tunc* to May 13, 2015.  On June 23, 2015, the Court approved Brown Rudnick's retention as counsel to the Committee *nunc pro tunc* to May 13, 2015 [Docket No. 450] (the "**Retention Order**").

4.      On September 21, 2015 (the "**Effective Date**"), the Debtors substantially consummated the Chapter 11 plan of liquidation embodied in the Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket No. 906] (the "**Plan**").  Pursuant to Article VI.F of the Plan and paragraph 29 of the Court's August 28, 2015 order confirming the Plan [Docket No. 913] (the "**Confirmation Order**"), the deadline for Professionals (as such term is defined in the Plan) to file and serve a Fee Claim (as such term is

defined in the Plan) for services rendered before the Effective Date is the date that is 45 days after the Effective Date.

5.      Pursuant to the Confirmation Order and Plan, Brown Rudnick submits this Final Fee Application seeking final approval and allowance of compensation in the amount of $992,795.50 (which includes $10,000 of estimated attorney time in connection with the preparation of this Final Fee Application) and actual and necessary expenses in the amount of $24,244.74, incurred from during the Final Fee Period, from May 13, 2015 through the Effective Date, as detailed in the chart below.  As provided in the Retention Application, Brown Rudnick will seek payment of 100% of its allowed compensation only with the consent of the Committee.[7]

| Date Filed and Docket No. | Filing Period | Requested Fees | Requested Expenses | CNO Date and Docket No. | Approved Fees | Approved Expenses | Unapproved Holdback |
|---|---|---|---|---|---|---|---|
| (First) 6/25/2015 D.I. 473 | 5/13/2015 through 5/31/2015 | $112,136.50 | $114.50 | 7/20/2015 D.I. 606 | $89,709.20 | $114.50 | $22,427.30 |
| (Second) 8/3/2015 D.I. 694 | 6/1/2015 through 6/30/2015 | $198,065.50 | $1,573.28 | 8/28/2015 D.I. 904 | $158,452.41 | $1,573.28 | $39,613.09 |
| (Third) 8/24/2015 D.I. 859 | 7/1/15 through 7/31/15 | $333,694.00 | $5,152.41 | 9/16/2015 D.I. 965 | $266,955.20 | $5,152.41 | $66,738.80 |
| (Fourth) 9/25/2015 D.I. 1020 | 8/1/2015 through 8/31/2015 | $297,592.00 | $14,071.13 | 10/23/2015 D.I. 1064 | $238,073.60 | $14,071.13 | $59,518.40 |
| (Fifth) 10/27/2015 D.I. 1068 | 9/1/15 through 9/21/15 | $41,307.50 | $3,333.42 | Pending[8] | Pending | Pending | Pending |
| TOTAL | | $982,795.50 | $24,244.74 | | $753,190.41 | $20,911.32 | $188,297.59 |

---

[7]     Pursuant to Article XVII.S of the Plan, the Committee (notwithstanding its dissolution upon the Effective Date) remains responsible for overseeing professionals' fee applications.

[8]     The objection deadline for Brown Rudnick's fifth monthly fee application is November 17, 2015.

6.      Notice of this Final Fee Application has been provided in accordance with the Plan and Confirmation Order.  Brown Rudnick submits that no other or further notice need be provided.

7.      Professional services and disbursements for which compensation and reimbursement are sought were rendered and expended on behalf of the Committee pursuant to chapter 11 of the Bankruptcy Code.  Brown Rudnick believes it is appropriate that it be compensated for the time spent and be reimbursed for the disbursements incurred in connection with these matters.  All of the fees and disbursements sought to be paid or reimbursed in this Application were actual, necessary, and reasonable, and benefited the Debtors' estates and creditors.

8.      Brown Rudnick estimates that it will incur approximately $10,000 in fees and expenses not already billed herein for fees and expenses for which entries have not yet been made to Brown Rudnick's accounting system and for services rendered in completing the preparation and filing of this Final Fee Application.  That estimated amount is included in the aggregate amount of compensation sought to be paid in this Final Fee Application.  Brown Rudnick will account to the Debtors for this amount and if necessary remit any over-estimate to the Debtors or report any under-estimates to the Debtors.  Brown Rudnick reserves the right to amend or supplement this Final Fee Application for any fees and costs related to the prosecution of this Final Fee Application.

9.      As set forth in the Retention Application, the Committee retained Brown Rudnick as its counsel to provide the following professional services:

  i.      assisting and advising the Committee in its discussions with the Debtors and other parties in interest regarding the overall administration of these cases;

4

ii.      representing the Committee at hearings to be held before this Court and communicating with the Committee regarding the matters heard and the issues raised as well as the decisions and considerations of this Court;

iii.     assisting and advising the Committee in its examination and analysis of the conduct of the Debtors' affairs;

iv.     reviewing and analyzing pleadings, orders, schedules, and other documents filed and to be filed with this Court by interested parties in these cases; advising the Committee as to the necessity, propriety, and impact of the foregoing upon these cases; and consenting or objecting to pleadings or orders on behalf of the Committee, as appropriate;

v.      assisting the Committee in preparing such applications, motions, memoranda, proposed orders, and other pleadings as may be required in support of positions taken by the Committee, including all trial preparation as may be necessary;

vi.     conferring with the professionals retained by the Debtors and other parties in interest, as well as with such other professionals as may be selected and employed by the Committee;

vii.    coordinating the receipt and dissemination of information prepared by and received from the Debtors' professionals, as well as such information as may be received from professionals engaged by the Committee or other parties-in-interest in these cases;

viii.   participating in such examinations of the Debtors and other witnesses as may be necessary in order to analyze and determine, among other things, the Debtors' assets and financial condition, whether the Debtors have made any avoidable transfers of property, or whether causes of action exist on behalf of the Debtors' estates;

ix.     negotiating and formulating a plan of reorganization for the Debtors; and

x.      assisting the Committee generally in performing such other services as may be desirable or required for the discharge of the Committee's duties pursuant to section 1103 of the Bankruptcy Code.

## <u>REASONABLE AND NECESSARY SERVICES RENDERED</u>

10.    The following summary highlights the major areas in which Brown Rudnick rendered services to the Committee.  The full breadth of Brown Rudnick's services performed is

reflected in time records annexed to its monthly fee applications filed in these Chapter 11 Cases, which are incorporated by reference as if fully set forth herein and attached hereto.

11.     As described in more detail below, during these Chapter 11 Cases, Brown Rudnick advised the Committee on a broad range of issues.

a.          <u>Plan and Disclosure Statement (438.1 hours)</u>.  The product of these Chapter 11 Cases is the fully negotiated Plan among the Committee, the Debtors, Bank of America, N.A. ("**BoA**"), as administrative agent for the Prepetition Secured Lenders (as such term is defined in the final cash collateral order entered in these chapter 11 cases), and the Official Committee of Student Creditors.  As counsel to the Committee, Brown Rudnick vigorously represented the interests of the Committee and its constituency.  In connection with these discussions, Brown Rudnick, on behalf of the Committee, analyzed various plan feasibility issues with respect to the Plan and the assets that were ultimately transferred to the Distribution Trust (as defined in the Plan).  Through the Plan, the Debtors' remaining assets (other than those specifically transferred to a separate student trust) were transferred to the Distribution Trust, including, among other things:  (i) any and all of the Debtors' causes of action, including causes of action against the Debtors' former directors and officers and under Chapter 5 of the Bankruptcy Code (collectively, the "**Causes of Action**"); and (ii) the Distribution Trust seed money in the amount of $500,000 to fund the litigation of the Causes of Action.   After satisfaction of claims with higher priority under the Plan, the proceeds of the Distribution Trust will be available for distribution to general unsecured creditors. Absent consummation of the Plan and the creation and funding of the Distribution Trust in accordance with the Plan, the Causes of Action would likely not have been pursued and the Debtors' Chapter 11 Cases would likely have been converted or dismissed, with little or no

opportunity for general unsecured creditors to obtain a recovery based strictly on the Prepetition Secured Lenders' assertion of a security interest on all of the Debtors' assets.

b.          <u>D&O Investigation (179.4 hours)</u>.   During the Final Fee Period, Brown Rudnick reviewed and analyzed the pending causes of action asserted against the Debtors' former directors and officers and evaluated the potential claims and causes of action to be transferred to the Distribution Trust against such estate fiduciaries.   Additionally, Brown Rudnick, together with the Committee's special insurance coverage counsel, Willkie Farr & Gallagher LLP, reviewed and analyzed the Debtors' D&O insurance policies, and the available coverage related thereto, to ensure that the Distribution Trust could prosecute any such claims and that the Debtors' insurance carriers would remain available with respect to claims asserted by the Distribution Trust.

c.          <u>Lien and Claim Investigation (167.7 hours)</u>.   During the Final Fee Period, Brown Rudnick investigated:  (i) the validity, enforceability and perfection of the Prepetition Secured Lenders' purported liens on the Debtors' assets; and (ii) whether any causes of action or other litigation could be asserted against the Prepetition Secured Parties with respect to the Prepetition Secured Obligations.   The Committee ultimately concluded that the consensual liquidation of the Debtors' remaining assets pursuant to the Plan—which included the Prepetition Secured Lenders' agreement to seed the Distribution Trust with $500,000, and agreement to significantly reduce their deficiency claims by 70%—would yield general unsecured creditors a superior opportunity for a recovery than mounting an expensive, unfunded challenge to the Prepetition Secured Lenders' liens or asserting any affirmative claims.

d.          DIP Financing/Cash Collateral (89.3 hours).  During these Chapter 11 Cases, Brown Rudnick reviewed and analyzed the *Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 507 (I) Authorizing the Use of Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief*, dated May 4, 2015 [Docket No. 8] (the "**Cash Collateral Motion**"), the related interim order [Docket No. 24], and the Budget attached thereto, in order to assess the availability and preservation of estate assets for the benefit of general unsecured creditors and evaluate the feasibility of funding these Chapter 11 cases to a consensual Chapter 11 plan of liquidation.

e.          Meetings and Communications with Creditors (90.7 hours).  During the Final Fee Period, Brown Rudnick conducted extensive communications with the representatives of the Committee, advising and answering questions on the progress of information gathering and discussions with the Debtors' counsel, and held Committee meetings regarding key case issues.

f.          Relief from Stay and Adequate Protection (57.0 hours).  During the Final Fee Period, Brown Rudnick reviewed and analyzed the *Motion of the Committee of Student Creditors for an Order Applying the Automatic Stay Pursuant to 11 U.S.C. §§ 362(a) and 105(a) and Granting Related Relief*, dated June 8, 2015 [Docket No. 363] (the "**Student Committee Injunction Motion**"), including all objections and replies related thereto. Brown Rudnick engaged in significant negotiations will all major case constituencies to consensually resolve the issues underlying the Student Committee Injunction Motion, which obviated the need for the Committee to file its prepared objection.  Furthermore, Brown

Rudnick prepared for and participated in the hearing on the Student Committee Injunction Motion to ensure that the Committee's perspective was represented before the Court.

g.          <u>Employment and Fee Applications (50.8)</u>.  Upon being selected as counsel for the Committee, Brown Rudnick prepared the Retention Application.  In conjunction with preparing the Retention Application, Brown Rudnick conducted an extensive conflicts search to ensure that Brown Rudnick was "disinterested" as defined under the Bankruptcy Code.  Such services were necessary to comply with the retention requirements of the Bankruptcy Code and other pertinent rules and ensure that Brown Rudnick could properly serve as counsel to the Committee in these Chapter 11 cases.  Additionally, Brown Rudnick prepared and filed its monthly fee applications and this Final Fee Application.

h.          <u>Case Administration (47.4 hours)</u>.  During the Final Fee Period, Brown Rudnick drafted bylaws, consulted with the Committee regarding planning and strategy, and furnished timely responses to all Committee inquiries.

i.          <u>Avoidance Action Analysis (17.5 hours)</u>.  During the Final Fee Period, Brown Rudnick, together with the Committee's financial advisor, Galvin/Solmonese LLC, reviewed and analyzed all of the Debtors' schedules and statements of financial affairs to identify any potential claims and causes of action.  Such claims and causes of action were ultimately transferred to the Distribution Trust under the Plan for the benefit of general unsecured creditors.

j.          <u>Non-Working Travel</u>.  Pursuant to Local Rule 2016-2(d)(viii), Brown Rudnick has discounted this time by 50%.

12.     Brown Rudnick made disbursements to pay expenses in the amount of $24,244.74.  Detail relating to the expenses incurred during the Final Fee Period was previously provided in Brown Rudnick's monthly fee statements.

13.     Brown Rudnick does not hold a retainer in respect of its services as counsel to the Committee.

14.     In accordance with Section 504 of the Bankruptcy Code and Fed. R. Bankr. P. 2016(a), no agreement or understanding exists between Brown Rudnick and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

15.     No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Brown Rudnick.

16.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that this Application complies with that Local Rule.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

**WHEREFORE**, Brown Rudnick respectfully requests that the Court enter an Order (i) granting the Final Fee Application and authorizing final allowance of compensation in the amount of $992,795.50 (including an estimated $10,000 for attorney time related to the preparation and filing of this Final Fee Application) for professional services rendered on behalf of the Committee and reimbursement for actual and necessary expenses in the amount of $24,244.74; (ii) directing payment by the Debtors of the foregoing amounts, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: November 2, 2015
New York, New York

**BROWN RUDNICK LLP**

*/s/ H. Jeffrey Schwartz*
H. Jeffrey Schwartz, Esq. (admitted *pro hac vice*)
Bennett S. Silverberg, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone:  (212) 209-4800
jschwartz@brownrudnick.com
bsilverberg@brownrudnick.com

*Co-Counsel to the Official*
*Committee of Unsecured Creditors*