# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*¹ § | |
| § | Case No. 15-10952 (KJC) |
| § | |
| § | Jointly Administered |
| Debtors. § | **Objection Deadline: November 25, 2015 at 4:00 pm (ET)** |
| § | **Hearing Date: December 10, 2015 at 1:00 pm (ET)** |

------------------------------------------------------------

**COMBINED SECOND MONTHLY AND FINAL FEE APPLICATION
OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES FOR TAX ADVISOR
SERVICES FOR THE PERIOD MAY 4, 2015 THROUGH SEPTEMBER 21, 2015**

## SUMMARY

| Name of Applicant: | PricewaterhouseCoopers LLP ("**PwC**")² |
|---|---|
| Authorized to Provide Professional Services to: | Corinthian Colleges, Inc., *et al* ("**Debtors**") |
| Date of Retention: | Effective *nunc pro tunc* to May 4, 2015 by order signed June 29, 2015 |
| Period for which compensation and reimbursement is sought: | August 1, 2015 through September 21, 2015 (the "**Fee Period**") |
| Amount of Compensation sought as actual, reasonable and necessary: | $230,585.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $0.00 |

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

² Capitalized terms not otherwise defined herein have the meanings given to them in the applicable Motion, Order or other filing (e.g. Monthly Fee Application) defined.

| | |
|---|---|
| Final Period for which compensation and reimbursement is sought: | May 4, 2014 through September 21, 2015 (the "**Final Fee Period**") |
| Final Amount of Compensation sought as actual, reasonable and necessary: | $260,562.00 |
| Final Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $0.00 |

This is a:    X  monthly  ____  interim  X   final application.

## SUMMARY OF PREVIOUSLY FILED FEE APPLICATIONS

This is the second Monthly Fee Application, as well as its Final Fee Application filed by PwC.

| App No | App Date | Filing Period | Fees Requested | Expenses Requested | CNO Date [Docket No.] | Fees Approved (80/100%) | Expenses Approved (100%) | Fees Pending (20% Holdback) |
|---|---|---|---|---|---|---|---|---|
| 1 | 09/15/2015 [D.I. 962] | 05/04/2015-07/31/2015 | $29,976.50 | $0.00 | 10/08/2015 [D.I. 1037] | $23,981.20 | $0.00 | $5,995.30 |

The total time expended for fee application preparation is approximately 4.4 hours and the corresponding compensation requested is approximately $2,420.00.

## MONTHLY FEE PERIOD -  AUGUST/SEPTEMBER 2015

### SUMMARY BY PROJECT

| Project Category and Billing Category | Total Hours | Compensation |
|---|---|---|
| **Fixed Fee Services** | | |
| *Tax Advisor Services* | | |
| Income Tax Refund Services | 0.00 | $225,000.00 |
| **Subtotal - Hours and Compensation - Fixed Fee Services** | **0.00** | **$225,000.00** |
| **Hourly Services** | | |
| *Tax Advisor Services* | | |
| CA FTB Audit Support Services | 25.50 | $3,165.50 |
| **Subtotal - Hours and Compensation - Hourly Services** | **25.50** | **$3,165.50** |
| **Case Administration** | | |
| *Bankruptcy Requirements and Other Court Obligations* | | |
| Monthly, Interim and Final Fee Applications | 4.40 | $2,420.00 |
| **Subtotal - Hours and Compensation - Case Administration** | **4.40** | **$2,420.00** |
| **Total - Hours and Compensation Sought for Reimbursement** | **29.90** | **$230,585.50** |

## SUMMARY BY PROJECT AND PROFESSIONAL

| Project Category and Professional | Position | Rate | Hours | Total Compensation |
|---|---|---|---|---|
| **Fixed Fee Services** | | | | |
| *Tax Advisor Services* | | | | |
| Income Tax Refund Services | | | 0.00 | $225,000.00 |
| **Subtotal - Hours and Compensation - Fixed Fee Services** | | | **0.00** | **$225,000.00** |
| **Hourly Services** | | | | |
| *Tax Advisor Services* | | | | |
| Christopher A Whitney | Partner | $719 | 1.50 | $1,078.50 |
| George Yashou | Director | $488 | 2.50 | $1,220.00 |
| Nicole Rachel Rayhan | Senior Associate | $289 | 3.00 | $867.00 |
| *Subtotal - Hours and Compensation - Tax Advisor Services* | | | *7.00* | *$3,165.50* |
| **Subtotal - Hours and Compensation - Hourly Services** | | | **7.00** | **$3,165.50** |
| **Case Administration** | | | | |
| *Bankruptcy Requirements and Other Court Obligations* | | | | |
| Andrea Clark Smith | Director (Bankruptcy) | $550 | 4.40 | $2,420.00 |
| *Subtotal - Hours and Compensation - Bankruptcy Requirements and Other Court Obligations* | | | *4.40* | *$2,420.00* |
| **Subtotal - Hours and Compensation - Case Administration** | | | **4.40** | **$2,420.00** |
| **Total - Hours and Compensation** | | | **29.90** | **$230,585.50** |

## SUMMARY OF EXPENSE BY TYPE

There were no expenses incurred during the Fee Period.

## FINAL FEE PERIOD – MAY 4, 2015 THROUGH SEPTEMBER 21, 2015

### SUMMARY BY PROJECT

| Project Category and Billing Category | Hours | Total Compensation |
|---|---:|---:|
| **Fixed Fee Services** | | |
| *Tax Advisor Services* | | |
| Income Tax Refund Services | 0.00 | $225,000.00 |
| **Subtotal - Hours and Compensation - Fixed Fee Services** | **0.00** | **$225,000.00** |
| **Hourly Services** | | |
| *Tax Advisor Services* | | |
| CA FTB Audit Support Services | 90.50 | $31,344.50 |
| **Subtotal - Hours and Compensation - Hourly Services** | **90.50** | **$31,344.50** |
| **Case Administration** | | |
| *Bankruptcy Requirements and Other Court Obligations* | | |
| Employment Applications and Other Court Filings | 2.50 | $1,797.50 |
| Monthly, Interim and Final Fee Applications | 4.40 | $2,420.00 |
| **Subtotal - Hours and Compensation - Case Administration** | **6.90** | **$4,217.50** |
| **Total - Hours and Compensation Sought for Reimbursement** | **97.40** | **$260,562.00** |

### SUMMARY BY PROJECT AND PROFESSIONAL

| Project Category and Professional | Position | Rate | Hours | Total Compensation |
|---|---|---:|---:|---:|
| **Fixed Fee Services** | | | | |
| *Tax Advisor Services* | | | | |
| Income Tax Refund Services | | | 0.00 | $225,000.00 |
| **Subtotal - Hours and Compensation - Fixed Fee Services** | | | **0.00** | **$225,000.00** |
| **Hourly Services** | | | | |
| *Tax Advisor Services* | | | | |
| Robert A Garvey | Partner | $719 | 1.00 | $719.00 |
| Lance A. Wood | Partner | $719 | 1.50 | $1,078.50 |
| Christopher A Whitney | Partner | $719 | 6.50 | $4,673.50 |
| George Yashou | Director | $488 | 33.50 | $16,348.00 |
| Nicole Rachel Rayhan | Senior Associate | $289 | 28.20 | $8,149.80 |
| Nathan Andrew Fowler | Senior Associate | $289 | 1.30 | $375.70 |
| *Subtotal - Hours and Compensation - Tax Advisor Services* | | | *72.00* | *$31,344.50* |
| **Subtotal - Hours and Compensation - Hourly Services** | | | **72.00** | **$31,344.50** |

| Project Category and Professional | Position | Rate | Hours | Total Compensation |
|---|---|---|---|---|
| **Case Administration** | | | | |
| *Bankruptcy Requirements and Other Court Obligations* | | | | |
| Christopher A Whitney | Partner | $719 | 2.50 | $1,797.50 |
| Andrea Clark Smith | Director (Bankruptcy) | $550 | 4.40 | $2,420.00 |
| *Subtotal - Hours and Compensation - Bankruptcy Requirements and Other Court Obligations* | | | *6.90* | *$4,217.50* |
| **Subtotal - Hours and Compensation - Case Administration** | | | **6.90** | **$4,217.50** |
| **Total - Hours and Compensation Sought for Reimbursement** | | | **97.40** | **$260,562.00** |

## SUMMARY OF EXPENSE BY TYPE

There were no expenses incurred during the Final Fee Period.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | § |
| | § Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § |
| | § Case No. 15-10952 (KJC) |
| | § |
| | § Jointly Administered |
| Debtors. | § |

---

**COMBINED SECOND MONTHLY AND FINAL FEE APPLICATION
OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES FOR TAX ADVISOR
SERVICES FOR THE PERIOD MAY 4, 2015 THROUGH SEPTEMBER 21, 2015**

PricewaterhouseCoopers LLP ("**PwC**")[2] hereby submits this Combined *Second Monthly and Final Fee Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses for Tax Advisor Services for the Period May 4, 2015 through September 21, 2015* (the "**Application**") for (i) interim allowance and payment of compensation for tax advisory services performed and expenses incurred during the period August 1, 2015 through September 21, 2015 (the "**Fee Period**") and (ii) approval of final compensation for professional services rendered by PwC to the Debtors in connection with its tax advisory services from May 4, 2015 through September 21, 2015 (the "**Final Fee Period**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the applicable Motion, Order or other filing (e.g. Monthly Fee Application) defined.

In support of this Application, PwC respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).

## BACKGROUND

2. On the Petition Date, each of the Debtors filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), thereby commencing the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On June 2, 2015, the Debtors filed the Debtors' Motion for Authorization to (A) Assume Employment Agreements with PricewaterhouseCoopers LLP and (B) Employ and Retain PricewaterhouseCoopers LLP as Tax Advisor *Nunc Pro Tunc* to the Petition Date (the "**Retention Application**").

4. On June 29, 2015, this Court approved the retention of PwC as tax advisor to the Debtors by entering the Order Authorizing the Debtors to (A) Assume Employment Agreements with PricewaterhouseCoopers LLP and (B) Employ and Retain PricewaterhouseCoopers LLP as Tax Advisor *Nunc Pro Tunc* to the Petition Date (the "**Retention Order**").

1. On August 28, 2015, the Court confirmed the Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation. On September 22, 2015, the Debtors filed the *Notice of (I) Occurrence of Effective Date of Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation and (II) Related*

*Matters* [D.I. 1014] (the "**Notice**"). The effective date of the Debtor's Plan of Reorganization occurred on September 21, 2015 (the "**Effective Date**"). All final requests for payment of professional fee claims must be filed no later than forty-five (45) days after the Effective Date, or November 5, 2015. This Application is timely filed.

## RELIEF REQUESTED

5.  This Application has been prepared in accordance with the Bankruptcy Code, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* dated May 26, 2015 [Docket No. 2011] *(*the "**Interim Compensation Order**"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, effective May 17, 1996 (the "**UST Guidelines**", collectively with the Local Bankruptcy Rules and the Compensation Order, the "**Compensation Guidelines**").

6.  The Interim Compensation Order establishes certain procedures that each Retained Professional seeking interim allowance of its fees and expenses may file an application with the Court and serve the Monthly Fee Application to various Notice Parties, identified in the Interim Compensation Order, and the Notice Parties may object to such requests. Upon the expiration of the Objection Deadline, each Professional may file a certification of no objection or a certification of partial no objection with the Court, whichever is applicable, after which the Debtors are authorized to pay each Professional an amount equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the applicable Monthly Fee Application or (ii) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection.

    (a)    This is PwC's second Monthly Fee Application.

      (b)      On September 15, 2015, PwC submitted its first Monthly Fee Application for fees and expenses incurred from May 4, 2015 through July 31, 2015, requesting $230,585.50 in fees and $0.00 in expenses [Docket No. 962].

7.      Other than as provided in Section 504(b) of the Bankruptcy Code, PwC has not shared, or agreed to share, any compensation received with respect to the Fee Period as a result of this case with any person, firm or entity. No agreement or understanding concerning compensation prohibited by 18 U.S.C. § 155 has been made to PwC by any firm, person or entity. The sole and exclusive source of compensation shall be funds of the Debtors' estates.

8.      This is PwC's second Monthly Fee Application. PwC submits this Application for approval and allowance of interim compensation equal to 80% of the $230,585.50 for actual, reasonable and necessary professional services rendered, and reimbursement of 100% of the $0.00 for actual, reasonable and necessary expenses incurred during the Fee Period for a total request of $184,468.40 (the "**Total Compensation Amount**").

9.      PwC is filing the attached Application for compensation for professional services rendered and reimbursement of expenses made in these Chapter 11 Cases during the Fee Period. The Application contains detailed time logs describing the actual and necessary services provided by PwC during the Fee Period, as well as other detailed information required to be included in fee applications. The Application is comprised of several exhibits which are attached hereto as follows:

- <u>Exhibit A</u>, provides a summary of the hours and compensation by project;

*Hourly and Case Administration Services*

- <u>Exhibit B</u>, provides the summary of the hourly fees, including the name and position of each professional, cumulative hours worked by project, hourly billing rates for the hourly compensation, and the corresponding compensation requested; and
- <u>Exhibit C</u>, provides the daily activity descriptions for the hourly compensation, including the activity description, time and billing rates associated with each activity.

## SUMMARY OF PROFESSIOANL SERVICES RENDERED

10.   As described within the Retention Application, PwC continues to provide Tax Advisor services pursuant to the Engagement Agreements. A summary of the hours and compensation sought by type of service is shown below:

| Type of Services | Hours | Total Compensation |
|---|---|---|
| Contingent Fee (25% of $900,000 refunds) | | $225,000.00 |
| Hourly Services | 25.50 | $3,165.50 |
| Case Administration Services | 4.40 | $2,420.00 |
| **Total - Hours and Compensation Sought for Reimbursement** | **29.90** | **$230,585.50** |

### Contingent Fee Services

11.   **Income Tax Refund Services** – As a result of the additional CA FTB Audit Support Services provided by PwC and pursuant to the Engagement Agreements approved by the Court, the Debtors will be receiving several additional credits associated with the Debtors' California corporate income tax returns for the fiscal years ending June 30, 2009 through June 30, 2012. Based upon discussions with the California Auditor, the Debtors was able to utilize additional California Enterprise Zone Credits (that PwC identified under its scope of service under the Engagement Agreements) to offset additional tax, interest and penalties that would have been assessed by the state and receive a net refund. The total tax (refund and offset), interest and penalties benefit related to the additional credits identified by PwC under the Engagement Agreements is approximately between $850,000 and $900,000. Pursuant to the Engagement Agreements, PwC is eligible to be paid twenty-five (25) percent of the "tax savings" realized by the Debtors. PwC respectfully requests payment of $225,000. If the amount of the Debtors' refund changes prior to the final fee hearing, PwC will amend this Application.

### Hourly Fee Services

12.   During the Fee Period, PwC professionals performed tax advisory services relating

to the California Franchise Tax Board ("**FTB**") audit. The hourly time records of PwC, annexed hereto as <u>Exhibit B</u> and <u>Exhibit C</u>, provide a summary and daily breakdown of the time spent by each PwC time keeper.

13.     **CA FTB Audit Support Services –** During the Fee Period, PwC professionals provided State and Local Income Tax services to the Debtors by providing advice and assistance with respect to matters relating to the California FTB examination of the Debtors' Corporate Tax Returns for fiscal years ending June 30, 2009 through June 30, 2012 including assistance with various issues including responses to IDRs and communications with the FTB related to non-business income, online payroll, auditor's inquiries related to overall apportionment, sales and use tax credit, audit defense strategy and negotiating the overall scope of the FTB's examination.

### Case Administration

14.     **Monthly, Interim and Final Fee Applications** – These hours and corresponding fees represents the additional time incurred by PwC's bankruptcy retention and billing advisor to prepare the Monthly Fee Application in accordance with the Compensation Guidelines. All of these services are incremental to the normal billing procedures performed by PwC for its non-bankruptcy audit clients. During the Fee Period, PwC bankruptcy retention and billing advisor worked with the various management professionals on the engagement teams to provide guidance and technical expertise associated with the compliance with the Compensation Guidelines as well as the review and preparation of the first Monthly Fee Application.

15.     PwC is only seeking compensation for services rendered to the Debtors and their estates in connection with these Chapter 11 Cases.

### SUMMARY OF EXPENSES INCURRED

16.     Based upon a review of PwC's internal billing records, PwC professionals did not

incur any out-of-pocket expenditures during the Fee Period.

## REASONABLE AND NECESSARY SERVICES RENDERED BY PWC

17. This Application includes details of the services provided by PwC to the Debtors, including, in each instance, the identity of the professionals involved in the provision of such services, the dates of service, the time expended, and a brief description of the services sought. PwC charged and now requests those fees that are reasonable and necessary in order for PwC to perform its duties and obligations to the Debtors and customary in this marketplace for similar chapter 11 cases. The billing rates set forth in the various summaries of professionals and paraprofessionals rendering services during the Fee Period represent customary rates that are routinely billed to PwC's many clients for similar services. The compensation requested in this Application does not exceed the reasonable value of the services rendered.

## FINAL RELIEF REQUESTED BY PWC

18. By this Application, PwC seeks final approval of compensation in the amount of $260,562.00 for actual, reasonable and necessary professional services rendered and for reimbursement of $0.00 for actual, reasonable and necessary expenses incurred during the Final Fee Period. A summary of the hours and compensation sought by type of service is shown below.

| Type of Services | Hours | Fees/Expenses |
|---|---|---|
| Contingent Fee (25% of $900,000 refunds) | | $225,000.00 |
| Hourly Services | 90.50 | $31,344.50 |
| Case Administration | 6.90 | $4,217.50 |
| **Total - Hours and Compensation Sought for Reimbursement** | **97.40** | **$260,562.00** |

## REASONABLE AND NECESSARY SERVICES RENDERED BY PWC

19. This Application includes details of the services provided by PwC to the Debtors, including, in each instance, the identity of the professionals involved in the provision of such services, the dates of service, the time expended, and a brief description of the services sought. PwC charged and now requests those fees that are reasonable and necessary in order for PwC to

perform its duties and obligations to the Debtors and customary in this marketplace for similar chapter 11 cases. The billing rates set forth in the various summaries of professionals and paraprofessionals rendering services during the Fee Period represent customary rates that are routinely billed to PwC's many clients for similar services. The compensation requested in this Application does not exceed the reasonable value of the services rendered.

## REQUESTED COMPENSATION SHOULD BE ALLOWED

20.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 of the Bankruptcy Code to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a Court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including --
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)      whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field, and;
>
> (f)     whether the compensation is reasonable based on the customary

compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330.

21.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PwC is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

22.     In rendering these services, PwC made every effort to maximize the benefit to the Debtors and to work with other professionals employed in the case to avoid duplication of effort. PwC believes that the level of services rendered to achieve the results obtained for the benefit of the Debtors' estates was reasonable in light of the number and complexity of the issues involved in this case at the time the services were rendered.  PwC judiciously allocated responsibilities to minimize possible duplication of effort.

## CERTIFICATE OF COMPLIANCE AND WAIVER

23.     To the best of its knowledge, PwC believes that this Application and the description of services set forth herein of work performed are in compliance with the requirements as outlined within the Compensation Guidelines, as well as its Retention Order which granted a waiver of the information requirements relating to compensation requests set forth in Local Bankruptcy Rule 2016-2(d). To the extent that this Application does not comply in all respects with the requirements of the Compensation Guidelines, PwC believes that such deviations are not material and respectfully requests that such requirements be waived.

## NOTICE

24.     Notice of this Application has been provided to the Debtors and the Notice Parties

(as defined within the Interim Compensation Order) and PwC believe that no other or further notice need be provided.

## PRIOR REQUEST

25. No prior request for the relief sought in this Application has been made to this or any other Court.

## CONCLUSION

26. PwC respectfully submits that the Total Compensation Amount requested herein is reasonable compensation for the actual and necessary services rendered based upon the time, nature and value of such services. PwC further asserts that the costs of services rendered and expenses incurred are comparable to the cost of similar services and expenses in matters other than under the Bankruptcy Code and consistent with its Retention Application.

27. In summary, by this Application, PwC respectfully requests approval and payment by this Court (a) approving and authorizing (i) compensation for professional services rendered to Debtors during the Fee Period in the sum amount of $230,585.50; (ii) final compensation for professional services rendered to the Debtors during the Final Fee Period in the sum of $260,562.00; and (b) directing payment of all such amounts not previously paid; and (c) granting such other and further relief as is just and proper.

WHEREFORE, PwC requests that is be allowed reimbursement for its fees and expenses incurred during the Fee Period and that such fees and expenses be paid as administrative expenses of the Debtors' estates.

Dated: November 4, 2015

*Christopher A. Whitney, CPA*
Chris Whitney, Partner
PricewaterhouseCoopers LLP
601 South Figueroa Street,
Los Angeles, CA 90017
*Tax Advisors to the Debtors and Debtors-in-Possession*

# CERTIFICATION

STATE OF CALIFORNIA       )
                          )  ss:
COUNTY OF LOS ANGELES     )

Chris Whitney, hereby respectfully certifies and verifies as follows:

1. I am a Partner in the applicant firm, PricewaterhouseCoopers LLP ("**PwC**").

2. I have personally supervised many of the tax advisory services rendered by PwC to the Debtors and am familiar with all other work performed on behalf of the partners and professionals employed by PwC.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Interim Compensation Order signed on May 26, 2015, and submit that the Application substantially complies with such Rule and Order.

*Christopher A. Whitney, CPA*
Chris Whitney, Partner
PricewaterhouseCoopers LLP
601 South Figueroa Street,
Los Angeles, CA 90017



**CORINTHIAN COLLEGES, INC., et al., Case 15-10952 (KJC)**
**PricewaterhouseCoopers LLP - Tax Advisor Services**

**Hours and Compensation Submission**
**For the Period August 1, 2015 through September 21, 2015**

**Enclosure:**

PricewaterhouseCoopers LLP invoice for professional fees rendered and expenses incurred
  Fees,     $230,585.50
  Expenses,     $0.00

| **Hours and Compensation:** | **Exhibits:** |
|---|---|
| Summary by Project Category and Billing Category | A |
| *Hourly and Case Administration Services* | |
| Summary of Hours and Fees by Project and Professional | B |
| Professional Services by Project, Professional and Date | C |