## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------x
In re                                  :    Chapter 11
                                       :
Corinthian Colleges, Inc., et al.,¹    :    Case No. 15-10952 (KJC)
                                       :
              Debtors.                 :    (Jointly Administered)
                                       :
                                       :    Objection Deadline: November 27, 2015 at 4:00 p.m.
                                       :    Hearing Date: December 10, 2015 at 1:00 p.m.
-----------------------------------------------------x
```

**SECOND MONTHLY AND FINAL APPLICATION OF WILLKIE FARR & GALLAGHER LLP, AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF (I) INTERIM COMPENSATION AND INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE MONTHLY PERIOD FROM SEPTEMBER 1, 2015 THROUGH SEPTEMBER 21, 2015 AND (II) FINAL COMPENSATION AND FINAL REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE FINAL PERIOD FROM AUGUST 10, 2015 THROUGH SEPTEMBER 21, 2015**

| | |
|---|---|
| Name of Applicant: | Willkie Farr & Gallagher LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | August 26, 2015, nunc pro tunc to August 10, 2015 |
| Monthly Period for which compensation and reimbursement is sought: | September 1, 2015 through September 21, 2015 |
| Amount of Monthly Compensation sought as actual, reasonable, and necessary: | $3,773.00 |

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

Amount of Monthly Expense Reimbursement sought as actual, reasonable, and necessary:            $30.00

Final Period for which compensation and reimbursement is sought:            August 10, 2015 through September 21, 2015

Amount of Final Compensation sought as actual, reasonable and necessary:            $70,807.00

Amount of Final Expense Reimbursement sought as actual, reasonable and necessary:            $139.59

This is a: __X__ monthly ____ interim __X__ final application

Prior applications:

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | | |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Amount of Holdback |
| 9/22/15 D.I. 1013 | 8/10/15 – 8/31/15 | $67,034.00 | $109.59 | $53,627.20 | $109.59 | $13,403.80 |

### SUMMARY OF COMPENSATION BY INDIVIDUAL
### FOR THE MONTHLY APPLICATION PERIOD

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Bar Admission, Area of Expertise | Applicable Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Marc Abrams | Partner since 1990.  Joined firm as a partner in 1990.  Member of Delaware Bar since 1978 and NY Bar since 1985.  Practices in firm's Business Reorganization & Restructuring Department. | $1,275 | 0.7 | $892.50 |
| **ASSOCIATES** | | | | |
| Jeffrey B. Clancy | Joined firm as an associate in 2006.  Member of NY Bar since 2001.  Practices in firm's Corporate & Financial Services Department. | $875 | 0.9 | $787.50 |
| Christopher S. Koenig | Joined firm as an associate in 2013.  Member of Illinois Bar since 2014 and NY Bar since 2014.  Practices in firm's Business Reorganization & Restructuring Department | $565 | 2.2 | $1,243.00 |
| **LEGAL ASSISTANTS** | | | | |
| Alison R. Ambeault | Bankruptcy Practice Support Manager | $340 | 2.5 | $850.00 |
| **GRAND TOTAL** | | | **6.3** | **$3,773.00** |
| **BLENDED RATE[2]** | | **$598.89** | | |

---

[2] The blended hourly billing rate of $598.89 is derived by dividing the total fees of $3,773.00 by the total hours of 6.3.

**SUMMARY OF COMPENSATION BY INDIVIDUAL**
**FOR THE FINAL APPLICATION PERIOD**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Bar Admission, Area of Expertise | Applicable Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Marc Abrams | Partner since 1990.  Joined firm as a partner in 1990.  Member of Delaware Bar since 1978 and NY Bar since 1985.  Practices in firm's Business Reorganization & Restructuring Department. | $1,275 | 8.2 | $10,455.00 |
| **ASSOCIATES** | | | | |
| Jeffrey B. Clancy | Joined firm as an associate in 2006.  Member of NY Bar since 2001.  Practices in firm's Corporate & Financial Services Department. | $875 | 57.8 | $50,575.00 |
| Christopher S. Koenig | Joined firm as an associate in 2013.  Member of Illinois Bar since 2014 and NY Bar since 2014.  Practices in firm's Business Reorganization & Restructuring Department | $565 | 15.8 | $8,927.00 |
| **LEGAL ASSISTANTS** | | | | |
| Alison R. Ambeault | Bankruptcy Practice Support Manager | $340 | 2.5 | $850.00 |
| **GRAND TOTAL** | | | **84.3** | **$70,807.00** |
| **BLENDED RATE**[3] | | **$839.94** | | |

---

[3] The blended hourly billing rate of $839.94 is derived by dividing the total fees of $70,807.00 by the total hours of 84.3.

**SUMMARY OF COMPENSATION BY PROJECT CATEGORY
FOR THE MONTHLY APPLICATION PERIOD**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| (01)    Insurance | 1.9 | $1,352.50 |
| (02)    WF&G Retention | 0.0 | $0.00 |
| (03)    WF&G Fee Applications | 4.4 | $2,420.50 |
| **TOTALS** | **6.3** | **$3,773.00** |

### SUMMARY OF COMPENSATION BY PROJECT CATEGORY
### FOR THE FINAL APPLICATION PERIOD

| Project Category | Total Hours | Total Fees |
|---|---|---|
| (01)    Insurance | 63.3 | $55,741.50 |
| (02)    WF&G Retention | 16.6 | $12,645.00 |
| (03)    WF&G Fee Applications | 4.4 | $2,420.50 |
| **TOTALS** | **84.3** | **$70,807.00**[4] |

---

[4] In the exercise of its billing discretion, WF&G has voluntarily reduced its requested fees by $6,953.00.

## EXPENSE SUMMARY FOR THE MONTHLY APPLICATION PERIOD

| Disbursement Category | Total Costs |
|---|---|
| Telephone – Long Distance | $30.00 |
| **TOTAL** | **$30.00** |

## EXPENSE SUMMARY FOR THE FINAL APPLICATION PERIOD

| Disbursement Category | Total Costs |
| --- | --- |
| Local Transportation | $109.59 |
| Telephone – Long Distance | $30.00 |
| **TOTAL** | **$139.59** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------x
In re                                            :    Chapter 11
                                                 :
Corinthian Colleges, Inc., et al.,[1]            :    Case No. 15-10952 (KJC)
                                                 :
                            Debtors.             :    (Jointly Administered)
                                                 :
                                                 :    Objection Deadline:  November 27, 2015 at 4:00 p.m.
                                                 :    Hearing Date: December 10, 2015 at 1:00 p.m.
                                                 :
-------------------------------------------------x
```

**SECOND MONTHLY AND FINAL APPLICATION OF WILLKIE FARR &
GALLAGHER LLP, AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF
(I) INTERIM COMPENSATION AND INTERIM REIMBURSEMENT OF ALL
ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE MONTHLY
PERIOD FROM SEPTEMBER 1, 2015 THROUGH SEPTEMBER 21, 2015 AND
(II) FINAL COMPENSATION AND FINAL REIMBURSEMENT OF
ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR
THE FINAL PERIOD FROM AUGUST 10, 2015 THROUGH SEPTEMBER 21, 2015**

Willkie Farr & Gallagher LLP ("**WF&G**"), special insurance counsel to the

Official Committee of Unsecured Creditors (the "**Committee**") in the above-captioned cases,

submits this application (the "**Application**") for (i) monthly allowance of compensation for

professional services rendered by WF&G to the Committee for the period September 1, 2015

through September 21, 2015 (the "**Monthly Application Period**") and reimbursement of actual

and necessary expenses incurred by WF&G during the Monthly Application Period; and (ii) final

allowance of compensation for professional services rendered by WF&G to the Committee for

the period August 10, 2015 through September 21, 2015 (the "**Final Application Period**") and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

reimbursement of actual and necessary expenses incurred by WF&G during the Final

Application Period, under sections 330 and 331 of title 11 of the United States Code (the

"**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for

the United States Bankruptcy Court of the District of Delaware (the "**Local Rules**"), the United

States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement

of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "**U.S. Trustee**

**Guidelines**") and the Order Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals (D.I. 201) (the "**Interim Compensation**

**Procedures Order**").[2]  In support of this Application, WF&G represents as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue

in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2.      On May 4, 2015 (the "**Petition Date**"), the Debtors commenced these

cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the

"**Chapter 11 Cases**").  These Chapter 11 Cases are being jointly administered for procedural

purposes only.  No trustee or examiner has been appointed in these Chapter 11 Cases.

3.      The Committee was appointed by the Office of the United States Trustee

for the District of Delaware (the "**U.S. Trustee**") by notice dated May 13, 2015 [D.I. 100].  The

Committee selected WF&G as its special insurance counsel in these Chapter 11 Cases.

4.      On August 28, 2015, this Court entered an order [D.I. 913] confirming the

---

[2] Capitalized terms not defined herein are defined in the Interim Compensation Procedures Order.

*Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "**Plan**") [D.I. 909].  On September 21, 2015 the Plan went effective.

**WF&G'S RETENTION**

5.        The Committee selected WF&G because of its extensive experience and knowledge on insurance matters.  On August 20, 2015, the Committee filed an *Application for Entry of an Order Pursuant to Bankruptcy Code Sections 328(a) and 1103(a) Approving the Employment and Retention of Willkie Farr & Gallagher LLP as Special Insurance Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to August 10, 2015* [D.I. 791]. On August 26, 2015, this Court entered the *Order Authorizing the Employment and Retention of Willkie Farr & Gallagher LLP as Special Insurance Counsel to the Official Committee of Unsecured Creditors, Nunc Pro Tunc to August 10, 2015* [D.I. 893].

**FEE PROCEDURES ORDER**

6.        On May 26, 2015, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

7.        In particular, the Interim Compensation Procedures Order authorizes certain professionals (each a "**Professional**" and collectively, the "**Professionals**") to submit fee applications for monthly compensation and reimbursement for expenses (each a "**Monthly Fee Application**"), pursuant to the procedures specified therein.  The Interim Compensation Procedures Order provides, among other things, that if no objections are made within twenty-one (21) days after service of the Monthly Fee Application, the Debtors are authorized to pay the Professionals eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application.

3

**SUMMARY OF SERVICES RENDERED**

8.      Attached hereto as <u>Exhibit A</u> is a detailed statement of fees incurred during the Final Application Period showing the amount of $70,807.00 due for fees, of which $3,773.00 is attributed to the Monthly Application Period.  <u>Exhibit B</u> is a detailed statement of expenses incurred during the Final Application Period showing the amount of $139.59 due for reimbursement of expenses, of which $30.00 is attributed to the Monthly Application Period.

9.      The services rendered by WF&G during the Final Application Period are grouped into the categories set forth in <u>Exhibit A</u>.  The attorneys who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in the attachments hereto.

**VALUATION OF SERVICES**

10.      Attorneys of WF&G have expended a total of 6.3 hours in connection with these cases during the Monthly Application Period and 84.3 hours in connection with these cases during the Final Application Period.

11.      The amount of time spent by each of these persons providing services to the Committee for the Final Application Period is fully set forth in the detail attached hereto as <u>Exhibit A</u>.  These are WF&G's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by WF&G for the Final Application Period as special counsel to the Committee in these Chapter 11 Cases is $70,807.00.[3]

12.      WF&G believes that the time entries included in <u>Exhibit A</u> attached hereto and the expense breakdown set forth in <u>Exhibit B</u> attached hereto are in compliance with the requirements of Local Rule 2016-2.

---

[3] In the exercise of its billing discretion, WF&G has voluntarily reduced its requested fees by $6,953.00.

4

13.     WF&G has received no retainer in connection with the legal services to be rendered on behalf of the Committee.

14.     During the Final Application Period, WF&G assisted the Committee, in among other things:  (a) reviewing and analyzing the Debtors' director and officer liability insurance policies (collectively, the "**D&O Policies**"); (b) assisting the Committee's lead counsel in identifying claims to preserve against the Debtors' insurance coverage provided under the D&O Policies; (c) advising the Committee on the consequences with respect to the D&O Policies of any pending actions against the Debtors and/or any current or former director, officer or other insiders of the Debtors; and (d) preparation of WF&G's retention application and participation in the hearing on the approval of the application.

## RELIEF REQUESTED

15.     WF&G submits this Final Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it rendered as counsel for the Committee in these Chapter 11 Cases for the period from August 10, 2015 through September 21, 2015, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Committee during that same period.

16.     During the period covered by this Final Application, WF&G incurred fees in the amount of $70,807.00.  For the same period, WF&G incurred actual, reasonable and necessary expenses totaling $139.59.  As of the date of this Final Application, WF&G has received payment in the amount of $53,736.79, representing 80% of the fees and 100% of the expenses requested in WF&G's first monthly fee application.

## DISBURSEMENTS

17.     WF&G has incurred out-of-pocket disbursements during the Final Application Period in the amount of $139.59.  This disbursement sum is related to local

transportation/car service charges and CourtCall services.  It is WF&G's policy to allow attorneys, legal assistants, and secretaries to charge car service to the appropriate client after 9:00 p.m.  A detailed review of the expenses incurred for the compensation period may be found in the attachments hereto as <u>Exhibit B</u>.[4]

18.    In compliance with Rule 2016-2 of the Local Rules, WF&G represents that its rate for duplication is $.10 per page and that there is no charge for incoming or outgoing telecopier transmissions (excluding related long distance transmission charges for outgoing transmissions) and there is no surcharge for computerized research.  Also, in accordance with Local Rule 2016-2, WF&G has reduced its request for compensation for non-working travel to 50% of its normal rate.

19.    In addition, WF&G has coordinated with the Committee's other professionals to avoid duplication of efforts.

20.    No agreement or understanding exists between WF&G and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

21.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Final Application complies with that Rule.

*[The remainder of this page intentionally left blank.]*

---

[4] WF&G's standard practice is to treat expenses as having been incurred when such obligations are recorded and reflected as payable in WF&G's accounting system.

**WHEREFORE**, WF&G respectfully requests that the Court:  (a) authorize (i) allowance of compensation for professional services rendered by WF&G for the Committee during the Monthly Application Period in the amount of $3,773.00, (ii) reimbursement of actual and necessary expenses incurred by WF&G in connection with the rendition of professional services for the Committee during the Monthly Application Period in the amount of $30.00; (iii) allowance of final compensation for professional services rendered by WF&G for the Committee during the Final Application Period in the amount of $70,807.00; and (iv) reimbursement of actual and necessary expenses incurred by WF&G in connection with the rendition of professional services for the Committee during the Final Application Period in the amount of $139.09; and (b) grant such other and further relief as the Court deems just and proper.

Dated:   New York, New York
          November 5, 2015

WILLKIE FARR & GALLAGHER LLP


 /s/ Marc Abrams
Marc Abrams
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

*Special Insurance Counsel to the Committee of*
*Unsecured Creditors*

7