# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | Case No. 15-10952-KJC |
| Debtors. | **Objection Deadline: November 27, 2015 at 4:00 p.m. (ET)**<br>**Hearing Date: December 10, 2015 at 1:00 p.m. (ET)** |

## FIRST AND FINAL FEE APPLICATION OF PUBLIC COUNSEL FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF STUDENT CREDITORS FOR THE PERIOD FROM MAY 16, 2015 THROUGH SEPTEMBER 21, 2015

| | |
|---|---|
| Name of Applicant: | Public Counsel |
| Authorized to Provide Professional Services to: | Official Committee of Student Creditors |
| Date of Retention: | July 20 2015, *nunc pro tunc* May 16, 2015 |
| Period for which compensation and reimbursement is sought: | May 16, 2015 to September 21, 2015 |
| Final Amount of Compensation sought as actual, reasonable and necessary: | $147,935.50 |
| Final Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $25.59 |
| This is a(n): | ___ Monthly    ___ Interim    ✓ Final application |

This is the **first** and **final** fee application filed in this case.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425, Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Educations, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

51304114.1

## Compensation by Professional[2]
## May 16, 2015 – September 21, 2015

| Name | Description | Hours billed Per.1* | Hours billed Per.2** | Hours billed Total | Rate | Compensation Per. 1 | Compensation Per. 2 | Compensation Total |
|---|---|---|---|---|---|---|---|---|
| Mark Rosenbaum | Director of Opportunity Under Law. Joined organization in 2014. Member of CA Bar since 1974. Area of Practice: Consumer Protection and Civil Rights. | 3.5 | 1.6 | **5.1** | 925 | 3,237.50 | 1,480.00 | **4,717.50** |
| Anne Richardson | Associate Director of Opportunity Under Law. Joined organization in 2014. Member of CA Bar since 1990. Area of Practice: Consumer Protection and Civil Rights. | 76.6 | 95.7 | **172.3** | 775 | 59,365.00 | 74,167.50 | **133,532.50** |
| Maggie Bordeaux | Staff attorney. Joined organization in 2009. Member of CA Bar since 1997. Area of Practice: Bankruptcy | 17.6 | 18 | **35.6** | 690 | 12,144.00 | 12,420.00 | **24,564.00** |
| Christian Cooper | Staff attorney. Joined organization in 2011. Member of CA Bar since 2007. Area of Practice: Bankruptcy | 40.3 | 0 | **40.3** | 515 | 20,754.50 | - | **20,754.50** |
| Alisa Hartz | Staff attorney. Joined organization in 2014. Member of CA Bar since 2012. Area of Practice: Consumer Protection and Civil Rights. | 57.9 | 0 | **57.9** | 350 | 20,265.00 | - | **20,265.00** |
| Dexter Rappleye | Staff attorney. Joined organization in 2015. Member of CA Bar since 2014. Area of Practice: Consumer Protection and Civil Rights. | 220.9 | 80.7 | **301.6** | 275 | 60,747.50 | 22,192.50 | **82,940.00** |
| Natalie Klasky | Staff attorney. Joined organization in 2014. Member of CA Bar since 2014. Area of Practice: Consumer Protection. | 12.6 | 10.5 | **23.1** | 275 | 3,465.00 | 2,887.50 | **6,352.50** |
| Sally Chung | Paralegal. Joined organization in 2014. Paralegal since 2014. Area of Practice: Consumer Protection and Civil Rights. | 0.3 | 11.9 | **12.2** | 225 | 67.50 | 2,677.50 | **2,745.00** |
| Subtotal | | 429.7 | 218.4 | **648.1** | | 180,046.00 | 115,825.00 | **295,871.00** |
| Grand total (discounted 50%) | | | | | | 90,023.00 | 57,912.50 | **147,935.50** |

\* Period 1 is the First Budget Period, May 16, 2015 – July 31, 2015.
\*\* Period 2 is the Second Budget Period, August 1, 2015 – September 21, 2015.

---

[2] Information provided pursuant to Local Form 102.

51304114.1

**Compensation by Project Category**
**May 16, 2015 – September 21, 2015**

| Code | Project Category | MAY 16 - JULY 31, 2015 | | | | AUG 1 - SEP 21, 2015 | | | | TOTAL | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Budgeted | | Actual | | Budgeted | | Actual | | Budgeted | | Actual | |
| | | Hours | Fees | Hours | Fees | Hours | Fees | Hours | Fees | Hours | Fees | Hours | Fees |
| AA | Asset Analysis and Recovery | 20 | 11,000.00 | 1.7 | 467.50 | 1 | 550.00 | 0.5 | 387.50 | 21 | 11,550.00 | 2.2 | 855.00 |
| CA | Case Administration | 40 | 22,000.00 | 20.6 | 7,580.00 | 0 | - | 0 | - | 40 | 22,000.00 | 20.6 | 7,580.00 |
| CAO | Claims Administration and Objections | 40 | 22,000.00 | 38.8 | 28,741.50 | 2 | 1,100.00 | 1.5 | 1,162.50 | 42 | 23,100.00 | 40.3 | 29,904.00 |
| EFA | Employment and Fee Applications | 25 | 14,000.00 | 21.2 | 9,170.00 | 15 | 8,250.00 | 14.2 | 4,570.00 | 40 | 22,250.00 | 35.4 | 13,740.00 |
| EFAO | Employment and Fee Application Objections | 5 | 3,000.00 | 0 | - | 0 | - | 0 | - | 5 | 3,000.00 | 0 | - |
| AS | Automatic Stay Issues | 200 | 110,000.00 | 59.2 | 22,262.50 | 0 | - | 0 | - | 200 | 110,000.00 | 59.2 | 22,262.50 |
| LIT | Litigation - Miscellaneous | 100 | 55,000.00 | 10.9 | 5,947.50 | 50 | 27,500.00 | 50.3 | 31,282.50 | 150 | 82,500.00 | 61.2 | 37,230.00 |
| SSCC | Special Student Creditors' Committee Matters | 200 | 110,000.00 | 276.6 | 104,199.50 | 150 | 82,500.00 | 140.6 | 71,165.00 | 350 | 192,500.00 | 417.2 | 175,364.50 |
| LGA | Liaison with Government Actors | 10 | 5,500.00 | 3 | 2,325.00 | 10 | 5,500.00 | 6.9 | 5,347.50 | 20 | 11,000.00 | 9.9 | 7,672.50 |
| MCC | Meetings and Communications with Creditors | 10 | 5,500.00 | 0.7 | 177.50 | 0 | - | 0 | - | 10 | 5,500.00 | 0.7 | 177.50 |
| NWT | Non-working Travel | 10 | 5,500.00 | 0 | - | 10 | 5,500.00 | 1.4 | 1,085.00 | 20 | 11,000.00 | 1.4 | 1,085.00 |
| Subtotal | | 660 | 363,500.00 | 432.7 | 180,871.00 | 238 | 130,900.00 | 215.4 | 115,000.00 | 898 | 494,400.00 | 648.1 | 295,871.00 |
| **Grand Total (discounted 50%)** | | | | | 90,435.50 | | | | 57,500.00 | | | | 147,935.50 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> CORINTHIAN COLLEGES, INC., *et al.*[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 15-10952-KJC <br><br> **Objection Deadline: November 27, 2015 at 4:00 p.m. (ET)** <br> **Hearing Date: December 10, 2015 at 1:00 p.m. (ET)** |

### FIRST AND FINAL FEE APPLICATION OF PUBLIC COUNSEL FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF STUDENT CREDITORS FOR THE PERIOD FROM MAY 16, 2015 THROUGH SEPTEMBER 21, 2015

Public Counsel ("**Public Counsel**"), special counsel to the Official Committee of Student Creditors (the "**Student Committee**") in the above-captioned chapter 11 cases of Corinthian Colleges, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), hereby submits its first and final fee application (the "**Application**") for entry of an order pursuant to 11 U.S.C. §§ 330 and 331 for allowance of its compensation and reimbursement of expenses for the period from May 16, 2015 through September 21, 2015. In support of this Application, Public Counsel respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425, Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Educations, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

51304114.1

## I. JURISDICTION, VENUE AND STATUTORY PREDICATES FOR RELIEF SOUGHT

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 1103 and 330, Bankruptcy Rule 2016, and Local Rule 2016-2 and the order governing interim compensation of professionals entered in this case.

## II. BACKGROUND

2. On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**") commencing the above-captioned chapter 11 cases (the "**Cases**"). The factual background regarding the Debtors, including their business operations and the events leading to the filing of these Cases, is set forth in detail in the *Declaration of William J. Nolan In Support of Chapter 11 Petitions and First Day Motions* [Docket No. 10].

3. On May 13, 2015, the Office of the United States Trustee appointed a Committee of Unsecured Creditors in connection with the cases [Docket No. 100].

4. On May 15, 2015, the Office of the United States Trustee subsequently appointed the Student Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code [Docket No. 120]. The seven Student Committee members include: Tasha Courtright, Jessica King, Amber Thompson, Crystal Loeser, Michael Adorno-Miranda, Krystle Powell, and Brittany Ann Smith Jackl.

5. The Student Committee retained Robins Kaplan LLP as its bankruptcy counsel, Public Counsel as its special counsel, and Polsinelli as its co-counsel.

6. On July 20, 2015, this Court entered an Order (the "**Retention Order**") approving the retention of Public Counsel as special counsel to the Student Committee, *nunc pro tunc* to May 16, 2015 [Docket No. 596].

7. This Court confirmed the *Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* on August 28, 2015 (the "**Plan**") [Docket No. 913], the effective date for which occurred on September 21, 2015.

### III. FEES AND EXPENSES

8. All services for which compensation is requested by Public Counsel were performed for or on behalf of the Student Committee. Public Counsel has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application for the Compensation Period. There is no agreement or understanding between Public Counsel and any persons for the sharing of compensation to be received for services rendered in these cases.

9. Public Counsel has continuously rendered services on behalf of the Student Committee for the period from May 16, 2015 through September 21, 2015 (the "**Compensation Period**"), totaling 648.1 hours, representing 635.9 hours of professional services and 12.2 hours of paraprofessional services.

10. In the ordinary course of Public Counsel's practice, Public Counsel maintains computerized records of the time expended to render professional services required by the Student Committee as well as a record of expenses incurred while rendering professional services to the Student Committee. In accordance with Rule 2016-2(e)(iii) of the Local Rules of

Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), all copying charges are billed at no more than $0.10 per page.

11. The total sum due to Public Counsel for professional services rendered on behalf of the Student Committee for the Compensation Period is $147,935.50. Public Counsel also expended costs on behalf of the Student Committee that became due during the Compensation Period in the sum of $25.59.

12. Subject to redaction where necessary to preserve privilege, attached hereto as Exhibit A is a full and detailed statement for the Compensation Period setting forth a detailed description of the professional services rendered by each Public Counsel attorney and paraprofessional, tagged with Bankruptcy Project Codes. All items coded as "COMP" represent time billed but for which Public Counsel is not seeking compensation, in the exercise of billing judgment and to avoid duplication of effort. Attached hereto as Exhibit B is a full description of Public Counsel's Bankruptcy Project Codes. Because of the context of this bankruptcy matter, and given the limited funds available, Public Counsel has agreed for this case only to discount its hourly fees at a 50% discount from our standard hourly rates, and not to charge for any work that might be duplicative.

13. The fees charged by Public Counsel are billed in accordance with Public Counsel's existing billing rates and procedures in effect during the Compensation Period. Public Counsel obtained approval from Tasha Courtright, the Chair of the Student Committee, for the first budget, which provided for compensation in the amount of $363,500.00. Since that time, Public Counsel was in regular contact with the Student Committee regarding the work that was being performed. The final amount being sought by Public Counsel is $147,935.50; therefore, Public Counsel did not seek additional approval from the Student Committee for the second

budget.

## IV. SERVICES RENDERED

14. This Application is the first and final fee application for compensation that Public Counsel has filed with the Court in these cases. During the Compensation Period, Public Counsel provided significant professional services to the Student Committee in its efforts to maximize value to the estates' student stakeholders. Working with Robins Kaplan LLP and Polsinelli, Public Counsel (i) researched, drafted, and revised various pleadings, motions, responses and other documents and met and conferred regarding discovery requests and reviewed documents produced during the bankruptcy case; (ii) met with and advised Student Committee members; (iii) regularly responded to student creditors seeking information and guidance on the bankruptcy process, including the classwide and individual proofs of claim; (iv) communicated with governmental actors regarding issues of debt discharge, the Plan injunction, and litigation; (v) reviewed the proposed combined plan and disclosure statement; and (vi) performed all of the other professional services that are described in detail in the attached time records.

15. Public Counsel submits that the professional services it rendered on behalf of the Student Committee during this time were reasonable and necessary under the circumstances of the cases, and the services performed by Public Counsel were in the best interests of the Student Committee and other parties in interest. The compensation sought for the services as requested is commensurate with the complexity and importance of the issues involved. The professional services were performed in an efficient manner and Public Counsel took all reasonable measures to avoid duplicative work.

16. The services rendered by Public Counsel during the Compensation Period

can be grouped into categories as generally described in Exhibit C, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in Exhibit A hereto.

17. The only expenses being sought are $25.59 in telephone calls. See Exhibit E.

18. In all respects, Public Counsel's fees and expenses meet the standard for allowance under 11 U.S.C. § 330, as well as the standards that govern the review and allowance of bankruptcy professionals' fees in this circuit.

19. In compliance with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**UST Guidelines**"), Public Counsel represents as follows:

   a. Public Counsel agreed to a reduction of 50% from its customary billing rates for services provided to the Student Committee in this case. *See* Supplemental Declaration of Mark Rosenbaum, Dkt. No. 564, at Paragraph 8.
   b. The fees sought by Public Counsel in this Application are generally within the fees budgeted pursuant to the budget and staffing plans provided by Public Counsel to the Student Committee for this period. Attached as Exhibit D is Public Counsel's estimated budget and staffing plan covering the Compensation Period as approved by the Committee.
   c. No professionals from Public Counsel covered by the Application have varied their hourly rates based upon the geographical location of these cases.
   d. To the best of the undersigned's knowledge, the fees covered by this Application include approximately 1.5 hours reviewing invoices to ensure that the time entries attached to this application are properly coded to comply with the UST Guidelines.
   e. The fees covered by this Application include approximately 0.5 hours in reviewing time records to redact any privileged or other confidential

information.

20. The facts set forth in this Application are true and correct to the best of the undersigned's knowledge, information and belief.

21. The undersigned hereby attests that he has reviewed the requirements of Local Rule 2016-1 and this Application conforms to such requirements.

WHEREFORE, Public Counsel hereby requests that the Court approve the Application, pursuant to 11 U.S.C. §§ 330 and 331, granting it final compensation for professional services rendered in the amount of $147,935.50, and the sum of $25.59 for reimbursement of actual and necessary costs expended as co-counsel to the Committee for the period from May 16, 2015 through September 21, 2015.

Dated: November 5, 2015
       Los Angeles, California

**PUBLIC COUNSEL**

By: */s/ Anne Richardson*
Mark Rosenbaum, CA Bar No. 59940
Anne Richardson, CA Bar No. 151541
Alisa Hartz, CA Bar No. 285141
Dexter Rappleye, CA Bar No. 302182
**Public Counsel**
610 S. Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089
mrosenbaum@publiccounsel.org
arichardson@publichcounsel.org
ahartz@publiccounsel.org
drappleye@publiccounsel.com

SPECIAL COUNSEL FOR THE OFFICIAL COMMITTEE OF STUDENT CREDITORS

51304114.1