**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CORINTHIAN COLLEGES, INC., *et al.* ) | Case No. 15-10952 (KJC) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Hearing Date: December 10, 2015 at 1:00 p.m.** |
| ) | **Objection Deadline: December 3, 2015 at 4:00 p.m.** |

**REQUEST OF DEL PRADO PLAZA, INC. FOR ALLOWANCE OF ADMINISTRATIVE
CLAIM FOR RENTS AND FOR ORDER DIRECTING PAYMENT THEREOF**

PLAZA DEL PRADO, INC. ("Claimant") as Landlord for the lease of 1231 Cabrillo Avenue, Torrance, CA, hereby requests allowance and payment of its administrative expense claim and in support states as follow:

**BACKGROUND**

**A. Basis for Claim**

1. In January, 2000, Corinthian Colleges Inc. ("Corinthian") assumed the obligations of The Center for Entrepreneurial Studies, Inc. and became the successor in interest to a lease for the premises known as 1231 Cabrillo Avenue, Torrance, CA ("the Premises"). There followed numerous amendments to the lease. On August 1, 2014, Claimant and Corinthian entered into a fifteenth amendment, whereby Corinthian agreed to pay Monthly Minimum Rent of $15,093.08, commencing November 1, 2014 through December 31, 2015. In addition, Corinthian was to continue paying the Tenant's Share of Common Area Expenses ("CAM Charges") as provided in previous leases. *See* Declaration of Habib Naeim, submitted in support of this Request.

2. On May 4, 2015, Corinthian filed its voluntary petition for bankruptcy. Pursuant to an order entered on May 29, 2015, the Debtor rejected the Lease, effective as of May 21, 2015; see D.I. #234-1 page 4 of 4.

3

**B. Date Debt Incurred**

3.     The Debtor's liability arose from the Debtor's failure to perform their obligations under the Lease from and after the petition date, until the Debtors' rejection of the lease, effective May 21, 2015.

**C. If Court Judgment, Date Obtained**

4.     No judgment has been entered on Claimant's administrative expense priority claim as of the date this request is filed.

**D. Classification of Claim**

5.     Claimant holds an administrative expense priority claim in the amount of $12,384, entitled to administrative expense priority under 11 U.S.C. §§ 365(d)(3), 503(b), and 507(a)(2).

**E. Total Amount of Administrative Expense Claim**

6.     Claimant holds an administrative expense priority claim in the amount of $12,384, representing accrued unpaid post-petition, pre-rejection rent and charges, calculated at the rate specified in the lease, from the Petition Date to the May 21, 2015 rejection date.

**F. Credits and Setoffs**

7.     All payments on this Administrative Expense Claim Request have been credited and deducted for the purpose of making this administrative expense claim.

## ARGUMENT AND AUTHORITIES

8.     "Stub rent" is the amount due a landlord for the period of occupancy and use between the petition date and the first post-petition rent payment. In this case it refers to the term between the filing of the Debtor's petition, May 4, 2015 and the date of the Debtor's rejection of the lease, May 21, 2015. That period is eighteen (18) days.

9. The Third Circuit has adopted a "billing date" approach when deciding whether to apply Section 365(d)(3). According to Third Circuit authority, Section 365(d)(3) does not apply to stub rents when the rent is due prior to the petition date. See <u>In re Montgomery Ward Holding Corp</u>, 268 F. 3d 205 (3d Cir. 2001). The question remained whether stub rents can be allowed as administrative expense under Section 503(b). <u>In re Goody's Family Clothing Inc.</u>, 610 F. 3d 812 (3d Cir. 2010) holds that Section 503(b) does apply and that an administrative expense claim can be asserted under Section 503(b) for stub rents.

10. The Claimant admittedly bears the burden of proving that its claim represents "the actual, necessary costs and expense of preserving the estate". The Claimant is also at a disadvantage since it was not privy to the Debtor's operations during the pertinent time period. Exhibit "B" attached to the Declaration, however, indicates that the Debtor vacated the premises on May 21st. By inference, the Debtor occupied and used the premises up to that date. Likewise, the Claimant continued to provide services to the Debtor until the date it vacated the premises. The Claimant extended the right of possession to the Debtor, and provided a place of business with utility service and other attendant services billed via a CAM Charge. The Third Circuit in <u>Goody's</u> cited several similar cases, i.e., <u>Zagata Fabricators v. Superior Air Products</u>, 893 F.2d 624 (3d Cir. 1990), for the presumption that when a debtor occupies and uses the premises post-petition the landlord's administrative claim is generally equal to the fair market value of the premises.

11. Further, "[a] lessor is generally entitled to an administrative claim under section 503(b) for the fair rental value of the lessor's property actually used by the debtor". <u>In re HQ Global Holdings, Inc.</u> 282 B.R. 169 (Bankr. D. Del. 2002).

5

12. The Declaration of Habib Naeim establishes that the fair rental value of the premises was $688 per day. Mr. Naeim also established that the Debtor occupied the entire premises from the petition date May 4, 2015, until vacating on May 21, 2015. Eighteen (18) days times $688 is $12,384.

13. For all the above reasons, the Claimant requests that its claim for administrative rents in the amount of $12,384 be allowed in full and that the Debtor be directed to pay it forthwith.

14. Claimant respectfully requests that an and all notices and communications with respect to this Administrative Expense claim request be addressed to the undersigned counsel.

WHEREFORE, Claimant hereby respectfully requests entry of an order granting the Administrative Expense Claim and authorizing payment of the claim, as well as granting such other and further relief as deemed just and proper.

Dated: November 17, 2015
Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

By: */s/ Katharine L. Mayer*
Katharine L. Mayer (DE # 3758)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone (302) 984-6300
Facsimile (302) 984-6399
kmayer@mccarter.com

 *- and -*

Donald W. Sieveke, Esq.
Law Office of Donald W. Sieveke
1113 N. Spurgeon Street
Santa Ana, CA 92701
Telephone: (714) 543-8419
Email: dws4lw@pacbell.net

*Counsel for Plaza Del Prado, Inc.*