IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CORINTHIAN COLLEGES, INC., et al.,[1] | ) | Case No. 15-10952 (KJC) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | Related to Docket Nos. 913 and 1014 |
| | ) | |

**REQUEST FOR ALLOWANCE/PAYMENT
OF ADMINISTRATIVE EXPENSE CLAIM**

1.      This statement and request for allowance/payment of an administrative expense

claim under sections 503(b) and 507(a)(2) of the Bankruptcy Code (the "Nolan Administrative

Claim") is being submitted by William J. Nolan ("Nolan" or "Claimant") in compliance with that

certain "Order Confirming Debtors' Third Amended and Modified Combined Disclosure

Statement and Chapter 11 Plan of Liquidation" dated August 28, 2015 [Docket No. 913] (the

"Confirmation Order"), and that certain "Notice of (I) Occurrence of Effective Date of Debtors'

Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of

Liquidation and (II) Related Matters" dated September 22, 2015 (Docket No. 1014), pursuant to

which, *inter alia*, notice was provided and a deadline of November 20, 2105 was set for the filing

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).  The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

of requests for the payment of administrative expense claims (other than certain administrative expense claims) (such deadline set by the Confirmation Order is hereinafter referred to as the ("Admin. Claim Bar Order").

2.    By Order of this Court dated May 29, 2015 [Docket No. 235] FTI Consulting, Inc. ("FTI") was retained by the above captioned Debtors as debtors-in-possession (the "Debtors") to provide the services of Claimant as chief restructuring officer ("CRO") to the Debtors, additional personnel, and financial advisory services, *nunc pro tunc* as of the chapter 11 petition filing date ( the "FTI Retention Order").  Pursuant to the FTI Retention Order, among other things, Claimant is entitled to indemnification from the Debtors on the same terms as provided to the Debtors' other officers and directors under the Debtors' by-laws and applicable state law,  along with insurance coverage under the debtors' directors' and officers' insurance policies.  Nothing herein is intended to modify such terms, or any otherwise applicable rights, claims and remedies of FTI and Claimant, including without limitation, under the terms of the FTI Retention Order and the engagement letter approved thereunder and applicable law, all of which rights, claims and remedies are specifically reserved.  A copy of the FTI Retention Order is attached hereto as Exhibit "A"

3.    Administrative Expense Claim: Neither FTI nor Claimant were specifically excused under the terms of the Admin. Claim Bar Order from the need to comply with such order.  Accordingly, in an abundance of caution, this administrative expense claim statement is being asserted as follows[2].  Pursuant to 11 U.S.C. § 503(b), and the terms of the FTI Retention Order, Claimant asserts as an administrative expense of the Debtors and their estates a claim on

---

[2]    FTI is filing a separate request for allowance/payment of an administrative expense in order to preserve its rights and claims under the terms of the FTI Retention Order and engagement agreement authorized pursuant to such order.

account of all amounts to which he is entitled, or hereafter becomes entitled on account of his rights of indemnification in his capacity as CRO of the Debtors, and does not otherwise release or waive any rights or claims, including without limitation the right to indemnification, under the terms of the FTI Retention Order, or any rights and protections pursuant to insurance coverage under the Debtors' insurance policies, including without limitation, under directors' and officers' insurance policies.

4.      Claimant reserves the right to amend, modify and/or to supplement this Nolan Administrative Claim. Without limiting the foregoing, the filing of this Nolan Administrative Claim does not represent, and should not be construed to be (a) a waiver of any right of offset or recoupment by FTI or by Claimant; (b) a waiver of any right to the subordination, in favor of FTI or by the Claimant of indebtedness or liens held by creditors of, or holders of interests in, the Debtors; or (c) an election or remedy which waives or otherwise affects any other remedy of FTI or Claimant. Claimant asserts, and otherwise reserve, all rights, including without limitation, in connection with the foregoing and all matters relating to this Nolan Administrative Claim.

_____
William J. Nolan

*Dated:* November 20, 2015

*Address: William Nolan*
*c/o FTI Consulting, Inc.*
*214 North Tryon Street, Suite 1900*
*Charlotte, NC 28202*

EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | D.I. 55, 219, 231 |

--------------------------------------------------------

## AMENDED ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF FTI CONSULTING, INC. AS CRISIS MANAGER AND (II) DESIGNATING WILLIAM J. NOLAN AS CHIEF RESTRUCTURING OFFICER *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application, dated May 7, 2015 (the "**Application**")[2] of Corinthian Colleges, Inc. and

its above-captioned debtor affiliates, as debtors and debtors in possession (collectively, the

"**Debtors**") for an order (i) authorizing the Debtors to retain and employ FTI Consulting, Inc.

("**FTI**"), as crisis manager, and (ii) designating William J. Nolan as the Debtors' Chief

Restructuring Officer ("**CRO**") *nunc pro tunc* to the Petition Date, all as more fully described in

the Application; and the Court having jurisdiction to consider the Application and the relief

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

11876358.2

requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the

Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Application having been provided under the circumstances; and it

appearing that no other or further notice need be provided; and, if necessary, a hearing having

been held to consider the relief requested in the Application (the "**Hearing**"); and due and proper

notice of the Hearing having been provided; and the appearances of all interested parties having

been noted in the record of the Hearing; and upon the record of the Hearing, if any, and all of the

proceedings had before the Court; and upon the Nolan Declaration attached to the Application as

Exhibit A; and the Court having found that FTI is a "disinterested person" as such term is

defined under section 101(14), as supplemented by section 1107(b) of the Bankruptcy Code; and

the Court having found and determined that the relief sought in the Application is in the best

interests of the Debtors, their estates and creditors, and all parties in interest and that the legal

and factual bases set forth in the Application establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.  The Application is granted as set forth herein.

2.  The Debtors are hereby authorized to retain FTI as crisis manager and to provide

William J. Nolan to serve as CRO and certain additional Engagement Personnel to assist the

CRO *nunc pro tunc* to the Petition Date on the terms and conditions set forth in the Application

and the Engagement Letter, subject to the following terms, which apply notwithstanding

anything in the Engagement Letter or the Application or any exhibits related thereto to the

contrary:

2

(a)     FTI and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

(b)     In the event that the Debtors seek to have Engagement Personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either: (i) modifying the functions of personnel; (ii) adding new executive officers; or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c)     FTI shall file with the Court with copies to the United States Trustee ("**U.S. Trustee**") and all official committees a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

(d)     No principal, employee, or independent contractor of FTI and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

(e)     Subject to the Notice Parties' rights to object as set forth below, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, including on a weekly basis, all amounts invoiced by FTI for fees and expenses incurred in connection with FTI's retention. FTI shall file with the Court, and thereby provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10/hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. Once such reports are filed, the Notice Parties will have twenty (20) days to file an objection to such reports, and the Court will review such reports and consider such objection in the event an objection is filed. The first such report will be submitted on June 15, 2015 and will cover the period from the Petition Date through and including May 31, 2015. FTI shall not be otherwise obligated to file interim or final fee applications pursuant to sections 330 and 331 of the Bankruptcy Code.

(f)     Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end

3

fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

(g)   For a period of three years after the conclusion of the engagement, neither FTI nor any of its affiliates shall make any investments in the Debtors or the reorganized Debtors.

(h)   FTI shall disclose any and all facts that may have a bearing on whether FTI, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

(i)   The Debtors are permitted to indemnify those persons serving as corporate officers, including Mr. Nolan, on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policies. Subject to the foregoing, there shall be no indemnification to FTI or its affiliates.

3.   To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

4.   Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

5.   Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6.   The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

7.   This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2015
        Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

4