**Exhibit E**

**Certification Regarding Final Fee Application**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: § <br> § Chapter 11 <br> CORINTHIAN COLLEGES, INC., *et al.*[1] § <br> § Case No. 15-10952 (KJC) <br> § <br> § (Jointly Administered) <br> Debtors. § | |

---

**CERTIFICATION REGARDING FINAL FEE APPLICATION REQUEST OF RICHARDS, LAYTON & FINGER, P.A., CO-COUNSEL TO THE DEBTORS**

1.  I am an attorney admitted to practice in the State of Delaware and before this Court, and an associate of the law firm of Richards, Layton & Finger, P.A. ("**RL&F**"). RL&F is a Delaware law firm with an office at One Rodney Square, 920 North King Street, Wilmington, Delaware 19801.

2.  I make this certification regarding the Final Fee Application Request of RL&F (the "**Final Fee Application**") to certify to certain matters addressed in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* dated May 26, 2015 [Docket No. 201] (the "**Interim Compensation Order**").[2]

3.  Specifically, I have reviewed the Final Fee Application, including each Monthly Fee Application relating to the Final Fee Period covered by the Final Fee Application, and I

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

hereby certify that such applications comply with the Interim Compensation Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.  In addition, I hereby certify that, in accordance with the Interim Compensation Order, and in connection with preparing the Final Fee Application, RL&F has made a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**").  To that end, RL&F specifically responds to certain questions identified in the U.S. Trustee Guidelines as follows:

> Question 1:   Did RL&F agree to any variations from, or alternatives to, RL&F's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.
>
> Answer:   No.
>
> Question 2:   If the fees sought in the Final Fee Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did RL&F discuss the reasons for the variation with the client?
>
> Answer:   In connection with the *Order Approving Stipulation to Extend the Scheduled Termination Date Under the Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 507 (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief* [Docket No. 708], the fees incurred by RL&F during the course of these chapter 11 cases were discussed with the client and the client was aware that RL&F fees exceeded the fee cap set forth therein.
>
> Question 3:   Have any of the professionals included in the Final Fee Application varied their hourly rate based on geographic location of the bankruptcy case?
>
> Answer:   No.
>
> Question 4:   Does the Final Fee Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices?

2

RLF1 13378455v.1

      Answer:      The Final Fee Application includes time and fees related to reviewing or revising time records or preparing, reviewing or revising invoices in connection with the preparation of Monthly Fee Applications relating to the Final Fee Period covered by the Final Fee Application. RL&F is seeking compensation for approximately 20.5 hours and $6,200.00 in fees with respect to reviewing and revising time records with respect to the preparation of such fee applications.

Question 5:    Does the Final Fee Application include time for fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

      Answer:      No.

Question 6:    Does the Final Fee Application include any rate increases since retention in these cases:

      Answer:      The Final Fee Application does not include any rate increases since retention in these cases.

Question 7:    Did the client agree when retaining RL&F to accept all future rate increases? If not, did RL&F inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

      Answer:      The client was notified at the outset of the engagement that RL&F's hourly rates are reviewed and revised from time to time. There were no rate increases during the applicable period.

      */s/ Amanda R. Steele*
      Amanda R. Steele (No. 5530)