IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] § | |
| § | Case No. 15-10952 (KJC) |
| § | |
| § | Jointly Administered |
| Debtors.  § | **Re: Docket Nos. 968 and 1041** |

## DISTRIBUTION TRUSTEE'S LIMITED RESPONSE TO MOTION OF THE COMMONWEALTH OF MASSACHUSETTS TO DISMISS DEBTORS' OBJECTION AND RESPONSE TO DEBTORS' OBJECTION

Craig R. Jalbert, the distribution trustee (the "**Distribution Trustee**") for the distribution trust (the "**Distribution Trust**") established pursuant to the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 909] (the "**Plan**")[2], hereby files this limited response (the "**Response**") to the *Motion of the Commonwealth of Massachusetts to Dismiss Debtors' Objection and Response to Debtors' Objection (Docket No. 968)* (the "**Motion to Dismiss**"), filed by the Commonwealth of Massachusetts (the "**Commonwealth**"). In support of this Response, the Distribution Trust respectfully represents as follows:

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

[2] Capitalized terms not otherwise defined herein have the meaning given to them in the Plan or Trust Motion (as defined below).

## BACKGROUND

**A.    General Background**

1. On May 4, 2015 (the "**Petition Date**"), Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors (collectively, the "**Debtors**") each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

2. Corinthian, through acquisitions was one of the largest for-profit post-secondary education companies in the United States and Canada, offering career-oriented diploma and degree programs in diverse fields such as health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology.

**B.    The Chapter 11 Plan**

3. On August 28, 2015, the Court entered the *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 913] (the "**Confirmation Order**") confirming the Plan. The Effective Date of the Plan occurred on September 21, 2015 [Docket No. 1014].

4. The Plan provided that on the Effective Date all the remaining assets of the Debtors' estates would transfer to two trusts: (i) the Distribution Trust, for the benefit of Holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims (other than Student 507(a)(7) Deposit Claims), Allowed Prepetition Lenders Secured Claims, Allowed Other Secured Claims and Allowed General Unsecured Claims, and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims. Whereas the Distribution Trustee is empowered with the right and authority to object to all Claims filed in the chapter 11 cases, the Student Trustee is specifically charged

with the responsibility for objecting to Student Claims and/or Government Education Claims, as appropriate.  See Plan, Sections IX.F and X.F.

**C.     The Claim Objection and Motion to Dismiss**

5.      The Commonwealth filed two proofs of claim [Claim Nos. 3866 and 3867] (the "**Claims**"), which were based entirely upon the complaint (the "**Complaint**") filed by the Attorney General for the Commonwealth of Massachusetts in the *Superior Court of the Commonwealth of Massachusetts for Suffolk County, Civil Action No. 14-1093* (the "**Massachusetts AG Lawsuit**").  The Complaint alleges violations of the Massachusetts Consumer Protection Act, G.L., c.93A, § 4.  The Debtors filed an answer (the "**Answer**") to the Complaint on May 8, 2014 denying the allegations contained in the Complaint.

6.      On September 15, 2015, prior to the Effective Date of the Plan, the Debtors filed the Debtors' Objection to the Claims of the Commonwealth of Massachusetts [Docket No. 968] (the "**Claim Objection**"), citing to the Answer filed in the Massachusetts AG Lawsuit and seeking to disallow the Claims for the reasons set forth therein.  The Commonwealth filed the Motion to Dismiss on October 9, 2015, seeking to dismiss the Claim Objection.

**LIMITED RESPONSE**

7.      The Claims filed by the Commonwealth are disputed, litigation claims that were filed in unliquidated amounts.  As noted above, the Debtors filed an Answer in the Massachusetts AG Lawsuit (which was attached to the Claim Objection) and the action remains pending.  The Claim Objection filed by the Debtors simply confirms that the Claims are disputed, which are subject to a prior, pending proceeding in Massachusetts.  Indeed, the Commonwealth has indicated its intent to continue pursuing the Claims in the Massachusetts AG Lawsuit, which it may do solely with respect to Debtors (which no longer have any assets and

have been dissolved under applicable state law). The Plan, however, specifically enjoins the Commonwealth from taking any actions with regards to Estate Assets, as such assets have been transferred to either the Distribution Trust or Student Trust in the manner set forth in the Plan.

8. As noted above, the Debtors have dissolved and are no longer capable of defending themselves in the Massachusetts AG Lawsuit, but that does not mean that the Claim Objection does not have independent merit and that these disputed, unliquidated Claims should now be deemed allowed claims when the allegations at issue are clearly in dispute and the subject of a pending lawsuit.

9. In any event, if allowed, the Claims would constitute Allowed Government Education Claims (Class 5 Claims) under the terms of the Plan. Under the Plan, the Holders of Allowed Government Education Claims shall receive a pro rata share of the Student Trust Assets, as well as the right to participate in any Student Claims Benefit Program provided by the Student Trustee in accordance with the Student Trust Agreement. As such, the Distribution Trustee has no interest in seeking to liquidate the Claims before this Court, as any claim that may ultimately be liquidated and allowed would be the responsibility of the Student Trust. Likewise, the continued prosecution of the Claims Objection, if appropriate, would fall squarely within the purview of the Student Trustee.

RLF1 13446239v.1

Dated: December 3, 2015  /s/ Michael J. Merchant
     Wilmington, Delaware  Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Facsimile: 302-651-7701
Email: collins@rlf.com
       merchant@rlf.com
       steele@rlf.com

*Counsel for the Distribution Trustee*