IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                                                                  Chapter 11
CORINTHIAN COLLEGES, INC., *et al.*                       Case No. 15-10952 (KJC)

**Objections due by: January 7, 2016 at 4:00 pm**
**Hearing Date: January 12, 2016 at 2:00 pm**

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Movants CHRISTINA NEWSOM, CASEY HARWOOD, KRISHAWNA CARRANZA, ANGELICA CASAS, ELEANOR BAILEY, GWENDOLYN PAWLUCK, AND STEFANIE PELOSI, by and through their undersigned counsel, hereby seeks relief from the automatic stay to pursue claims against Corinthian Colleges, Inc. (the "Debtor") and against certain third-party non-debtors in a non-bankruptcy forum, and in support hereof state as follows:

Movants are Plaintiffs in an underlying employment discrimination action which was instituted in the Superior Court of California, County of San Bernardino, Case No. CIVRS 1208650 on November 8, 2012 (Exhibit A). Corinthian Colleges, Inc. was among the named Defendants in this Action. (Declaration of Roger E. Haag ["Haag Decl."] ¶ 2)

The above captioned bankruptcy action has stayed all proceedings against Debtor, including the above referenced State Court Action.

The underlying employment discrimination action arises out of Debtor Corinthian Colleges, Inc.'s discrimination, harassment, and wrongful termination of Movants in violation of public policy and California Government Code §12940.

A.     **VENUE AND JURISDICTION**

The Bankruptcy Court has jurisdiction in this case pursuant to §§ 28 U.S.C. 1334 and 157. This is a core proceeding within the meaning of 28 U.S.C. 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. 1408 and 1409. The basis for relief requested in this Motion is pursuant to 11 U.S.C. 362(d)(1), 11 U.S.C. 101, and Fed. R. Bank. P. 4001.4

1. **Background**

Movants are former employees of Corinthian Colleges, Inc. Prior to the Petition Date, Debtor and other third-parties subjected Movants to sexual harassment and discrimination based on their sex while they were employed in various positions at the Everest College campus in Ontario, California. Movants filed a state action against Debtor and other third-parties on November 8, 2012. (Haag Decl. ¶ 3)

The above-captioned Debtors filed for voluntary Chapter 11 Bankruptcy in Delaware on May 4, 2015 ("Petition Date"). Upon learning of the present bankruptcy proceeding, Movants filed proofs of claims on June 15, 2015 as follows: Christina Newsom, Claim No. 116, $400,000, Casey Harwood, Claim No. 118, $400,000, Krishawna Carranza, Claim No. 119, $400,000, Angelica Casas, Claim No. 120, $400,000, Eleanor Bailey, Claim No. 121, $400,000, Gwendolyn Pawluck, Claim No. 123, $250,000, and Stefanie Pelosl, Claim No. 122, $400,000. (Exhibit B) (Haag Decl. ¶ 4)

Shortly thereafter, attorneys for defendant entered into settlement negotiations. On September 4, 2015, the parties agreed to settle the entire matter for $175,000. (Haag Decl. ¶ 5) (Exhibit C).

However, attorneys for defendant have not provided counsel for Movants a copy of the settlement agreement for the parties to execute. Movant's counsel repeatedly requested a status of the settlement agreement. However, counsel for defendant stated the insurance carrier had the agreement, suggesting carrier was reviewing and/or finalizing the settlement agreement. This is further evidence that the claims are covered by an insurance policy. (Haag Decl. ¶ 6) (Exhibit D)

**B.    RELIEF REQUESTED**

Movants request that this Court lift the automatic stay so that Movants may proceed with the State Court Action litigation, order to obtain the compensation and damages they are entitled to under California law.

Movants will agree to seek only the insurance proceedings covering the underlying State Court Action. Prior to the Petition date, the Debtors purchased a fiduciary insurance

policy with policy limit of $5,00,000.00. (Exhibit E) (Haag Decl. ¶ 7) Plaintiff's claims do not exceed this aggregate amount.

It is well settled that where a Plaintiff agrees to limit any recovery solely to proceeds of the applicable insurance of the Debtor/Defendant, a Court should give due consideration to lift the automatic stay so as to permit the underlying action to proceed.

**1.      Basis for Relief Requested**

Section 362(d)(1) of the Bankruptcy Code permits this Court to modify the stay for cause.   Said section states, in pertinent part:

> (d) On request of the party in interest and after notice of a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay-
> (1) For cause, including lack of adequate protection of an interest in the property or such party in interest.

The Court conducts a fact intensive case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient causes exists to lift the stay. *In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).   The Court uses a "three prong balancing test to determine whether to lift the stay: (1) whether allowing the lawsuit to continue will cause great prejudice to the debtor; (2) whether the hardship to the creditor outweighs the hardship to the debtor if the stay is maintained; and (3) whether the creditor is likely to prevail on the merits of the civil lawsuit. Id. at 857.

**C.     FACTS ABOUT PLAINTIFF'S CONDITION AND MERITS OF LAWSUIT BASED ON THE FACTS IN COMPLAINT**

Under 11 U.S.C. 362(d)(1), a bankruptcy stay may be lifted for cause.   *In re Rexene Products Company*, 141 B.R. 574 (Bankr. D. Del. 1992).   In determining whether cause exists to modify an automatic stay, courts consider the policies underlying the stay and the competing interest of the debtor and movant.   *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (Bankr. D. Del. 1993).   Courts consider the parties' interests by reviewing (1) the

prejudice to debtor to be caused by relief from stay; (2) the balance of hardships facing the parties; and (3) the probability of success on the merits if the stay is lifted.   Id.

Three factors are considered in determining whether "cause" exists for lifting a stay under 362(d): (1) whether the issues in the case involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through bankruptcy court.   *In re Wiencko*, 99 Fed. Appx. 466, 469 (4th Cir. 2004).   The issues in this case involve only state law, so that expertise of the Bankruptcy Court is unnecessary.   The underlying issues in the Complaint filed by Movant against Debtor Corinthian Colleges, Inc. include several violations of California Government Code §12940.   California law controls the amount and validity of Movant's claims.

1. Movants are not seeking to foreclose on Debtor's property and assets of Debtor are not sought.
2. Movants are merely seeking insurance proceeds covering the underlying action.
3. The underlying action is neither connected with nor interfering with this bankruptcy proceeding.
4. Movants hold pre-petition claims against Debtor.   The term "claim" is defined in 11 U.S.C. 101(5)(A) of the Bankruptcy Code as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."   Prior to the petition date, Debtor filed a complaint in the Superior Court of California, County of San Bernardino, Case No. CIVRS 1208650 on November 8, 2012
5. Movants will be irreparably harmed without relief from the automatic stay

and would be prevented from pursuing their Complaint under California law.   Granting this motion will not reduce the funds accumulated by the Trustee or against which the creditors may make a claim.   Granting of this motion will not prejudice Debtors or its creditors but denying the motion will greatly prejudice Movants.

6.	No previous request for relief has been made in this case by Movants.

WHEREFORE, for all of the foregoing reasons, Movants respectfully request that the Court lift the automatic stay so that Movants may proceed with state court litigation in order to obtain compensation for their injuries and damages.   Additionally, Movants request such other and further relief as the Court deems just and proper.

Dated: December 9, 2015

    /S/ Vivian A. Houghton
Vivian A. Houghton, Esquire
800 N West Street, 1st Floor
Wilmington, Delaware 19801
(302) 658-0518
Attorney for Movants

/S/ Roger R. Haag
Roger E. Haag (CA SBN: 225791)
Carlin & Buchsbaum, LLP
555 East Ocean Blvd., Suite 818
Long Beach, California 90802
(562)432-8933
Roger@carlinbuchsbaum.com

Attorneys for Movants