IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] § | |
| § | Case No. 15-10952 (KJC) |
| § | |
| § | Jointly Administered |
| Debtors. § | **Re: Docket No. 1120** |

## DISTRIBUTION TRUSTEE'S LIMITED RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Craig R. Jalbert, the distribution trustee (the "**Distribution Trustee**") for the distribution trust (the "**Distribution Trust**") established pursuant to the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 909] (the "**Plan**")[2], hereby files this limited response (the "**Response**") to the *Motion for Relief from the Automatic Stay* [Docket No. 1120] (the "**Stay Relief Motion**"), filed by the Christian Newsom, Casey Harwood, Krishawna Carranza, Angelica Casas, Eleanor Bailey, Gwendolyn Pawluck and Stefanie Pelois (collectively, the "**Movants**"). In support of this Response, the Distribution Trust respectfully represents as follows:

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

[2] Capitalized terms not otherwise defined herein have the meaning given to them in the Plan or Trust Motion (as defined below).

## BACKGROUND

**A.     General Background**

1.     On May 4, 2015 (the "**Petition Date**"), Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors (collectively, the "**Debtors**") each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

2.     Corinthian, through acquisitions was one of the largest for-profit post-secondary education companies in the United States and Canada, offering career-oriented diploma and degree programs in diverse fields such as health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology.

**B.     The Chapter 11 Plan**

3.     On August 28, 2015, the Court entered the *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 913] (the "**Confirmation Order**") confirming the Plan. The Effective Date of the Plan occurred on September 21, 2015 [Docket No. 1014].

4.     The Plan provided that on the Effective Date all the remaining assets of the Debtors' estates would transfer to two trusts: (i) the Distribution Trust, for the benefit of Holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims (other than Student 507(a)(7) Deposit Claims), Allowed Prepetition Lenders Secured Claims, Allowed Other Secured Claims and Allowed General Unsecured Claims, and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims.

5.     While the Plan provided that the automatic stay would terminated as of the Effective Date (*See* Plan, Section XIII.B), the Plan and Confirmation Order each contain

provisions which preclude parties from, among other things, taking any action to enforce, attach, collect or recover in any matter against the "Estate Assets". Specifically, Section XIII.A of the Plan provides as follows:

### A. **Injunction to Protect Estate Assets**

From and after the Effective Date, all Persons and Entities who have held, hold or may hold Claims against the Debtors arising prior to the Effective Date or interests in the Debtors are permanently enjoined from taking any of the following actions against the Estates, the Distribution Trust, the Student Trust, or any of their respective property or assets (collectively, the "Estate Assets") on account of any such Claims or interests (the "Plan Injunction"): (a) commencing or continuing, in any manner or in any place, any action or other proceeding seeking to collect or to recover in any manner against the Estate Assets; (b) enforcing, attaching, collecting, or recovering in any manner against the Estate Assets any judgment, award, decree or order; (c) creating, perfecting, or enforcing any Lien or encumbrance against the Estate Assets; and (d) asserting a setoff unless such setoff was formally asserted in a timely filed proof of claim or in a pleading filed with the Bankruptcy Court prior to entry of the Confirmation Order or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors, except as otherwise set forth in Section XI.J of the Combined Plan and Disclosure Statement; provided, however, that such Persons and Entities shall not be precluded from exercising their rights pursuant to and consistent with the terms of the Combined Plan and Disclosure Statement or the Confirmation Order.

*See also* Confirmation Order, ¶ 8 (approving Plan Injunction).

### C. **The Stay Relief Motion**

6. On December 9, 2015, the Movants filed the Stay Relief Motion seeking relief from the automatic stay to pursue claims against the Debtors with respect to an underlying employment discrimination action in the Superior Court of California, County of San Bernardino, Case No. CIVRS 1208650 on November 8, 2012 (the "**State Court Action**"). The Movants state in Stay Relief Motion that they will agree to seek only the insurance proceeds covering the underlying State Court Action.

**LIMITED RESPONSE**

7.     The Distribution Trustee understands that Movants and the Debtors' insurer are negotiating a proposed settlement of the State Court Action.  The Distribution Trustee is attempting to work with the parties so that the Distribution Trustee's concerns can be addressed by any agreement and the parties can move forward with their proposed resolution.  The Distribution Trustee, however, filed this limited response to alert Movants as to the status of the automatic stay and the injunction provisions contained in the Plan.  The Distribution Trustee does not consent to any modification of the Plan Injunction.

Dated: January 8, 2016
       Wilmington, Delaware

/s/ Amanda R. Steele
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email: collins@rlf.com
       merchant@rlf.com
       steele@rlf.com

*Counsel for the Distribution Trustee*