**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., et al. [1] | Case No. 15-10952 (KJC) |
| Debtors. | Jointly Administered |
| | **Objections Deadline: March 24, 2016 at 4:00 p.m. ET**<br>**Hearing Date: March 31, 2016 at 11:00 a.m. ET** |

**THE STUDENT TRUSTEE'S (SUBSTANTIVE) FIRST OMNIBUS**
**OBJECTION TO CERTAIN CLAIMS**
**(RECLASSIFY FROM 507(a)(7) TO GENERAL UNSECURED STUDENT CLAIMS)**

Development Specialists, Inc., the Student Trustee of the CCI Student Creditors Trust, as one of the successors-in-interest to the above-captioned Debtors, (the "**Debtors**"), by and through its undersigned counsel, submits this first omnibus (substantive) objection (the "**First Objection**") to certain claims identified in detail on Exhibit 1 (the "**Disputed 507(a)(7) Claims**") to the proposed form of order (the "**Proposed Order**") on the ground that, although these claims were filed as priority claims pursuant to section 507(a)(7) of title 11 of the United States Code (the "**Bankruptcy Code**"), the claimants have not made deposits for goods and services with the Debtor that would make the claims eligible for priority status pursuant to Bankruptcy Code section 507(a)(7). Accordingly, the Disputed 507(a)(7) Claims should be

---

[1] The Debtors' bankruptcy cases are: Corinthian Schools, Inc. Case No. 15-10955 (KJC); Rhodes Colleges, Inc. Case No. 15-10957 (KJC); Florida Metropolitan University, Inc., Case No. 15-10962 (KJC); Corinthian Property Group, Inc. Case No. 15-10966 (KJC); Titan Schools, Inc. Case No. 15-10970 (KJC); Career Choices, Inc. Case No. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., Case No. 15-10961 (KJC); Ashmead Education, Inc., Case No. 15-10967(KJC); MJB Acquisition Corporation, Case No. 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975; (KJC) Pegasus Education, Inc., Case No. 15-10953 (KJC); Grand Rapids Education Center, Inc., Case No. 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., Case No. 15-10960 (KJC); CDI Education USA, Inc. Case No. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., Case No. 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, Case No. 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); and Socle Education, Inc., Case No. 15-10976 (KJC).

reclassified as general unsecured Student Claims. In support of this First Objection, the Student Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this First Objection is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a) and 502 of Bankruptcy Code. The relief requested herein is also appropriate under Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**").

## BACKGROUND

3. The factual background regarding the Debtors, including their business operations, corporate structures, and the events leading to the filing of their bankruptcy cases is set forth in detail in the Debtors' Third Amended And Modified Combined Disclosure Statement And Chapter 11 Plan of Liquidation filed with the Court on August 28, 2015 [Docket No. 909] (the "**Plan**") and is fully incorporated herein by reference.

4. On May 4, 2015 (the "**Petition Date**") each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

5. On August 28, 2015, the Court entered the Order Confirming the Debtors' Third Amended And Modified Combined Disclosure Statement And Chapter 11 Plan of Liquidation [Docket No. 913]. The Plan's Effective Date was September 21, 2015 (the "**Effective Date**").

6. The Plan approved the creation of two separate trusts: (i) the Student Trust for the benefit of Allowed Student Claims[2] and Allowed Government Education Claims; and (i) the Distribution Trust for the benefit of all Holders of Allowed Claims other than Student Claims and Government Education Claims.

7. Pursuant to Section XI. B. of the Plan and the Student Trust Agreement that was approved as part of the Plan (the "**Student Trustee Agreement**"), the CCI Student Creditors Trust, through the Student Trustee, has the authority to file objections to Claims being administered by the CCI Student Creditors Trust and this Court has subject matter jurisdiction over objections to Claims under Section XVI of the Plan.

8. The Claims being administered by the CCI Student Creditors Trust include the Student 507(a)(7) Deposit Claims which are defined in the Plan as "Claims of Students arising from the deposit prior to the Petition Date with any of the Debtors' schools by or on behalf of a Student but for which education was not provided due to the Debtors' cessation of educational programs or campus operations, which are entitled to priority treatment under section 507(a)(7) of the Bankruptcy Code."

9. As set forth in the accompanying declaration of Geoffrey L. Berman on behalf of the Student Trustee (the "**Berman Declaration**") (a copy of which is attached to this First Objection as <u>Exhibit B</u>), in accordance with the Plan, the Debtors and the Distribution Trust provided the Student Trust with the Debtors' books and records that reflect any and all deposits that were made by Students for which no educational services were provided and for which a resulting amount is owed to Students on account of Student 507(a)(7) Deposit Claims.

---

[2] Terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

10. As further set forth in the Berman Declaration, the Student Trustee, with the assistance of counsel, has thoroughly reviewed all claims filed by or on behalf of Students alleging priority status pursuant to section 507(a)(7) and related supporting documentation, if any, provided by each claimant, the Schedules filed by the Debtors on August 21, 2015 [Docket Nos. 832, 833, 834, 835, and 836] (the "**Schedules**"), the books and records that were provided to the Student Trustee by the Debtors and their professionals, and the portion of the claims register listing Student 507(a)(7) Deposit Claims provided by the Debtors' claims agent, Rust Omni.

11. 97 proofs of claims were filed by or on behalf of Students alleging Priority Claims pursuant to Bankruptcy Code section 507(a)(7). Of these Claims, the Student Trustee represents that the Debtors' books and records reflect that only 3 of the claimants had made a deposit for which no educational services had been delivered and were entitled to payment of their Student 507(a)(7) Deposit Claims.[3] Accordingly the Student Trustee represents that the remaining 94 Claims that are listed on Exhibit 1 to the Proposed Order do not qualify as priority claims pursuant to Bankruptcy Code section 507(a)(7).

## RELIEF REQUESTED

12. By this First Objection, the Student Trustee respectfully requests that this Court enter an order, in substantially the same form as the Proposed Order attached to this First Objection as Exhibit A, reclassifying the Disputed 507(a)(7) Claims as general unsecured Student Claims. The Student Trustee reserves the right to object to the Disputed 507(a)(7) Claims on any other available grounds not set forth in this First Objection.

---

[3] The Student Trustee is also undertaking a review of the Schedules to determine the full amount of Student 507(a)(7) Deposit Claims to be distributed to Students.

**BASIS FOR THE RELIEF REQUESTED**

13.     Each of the Disputed 507(a)(7) Claims was mistakenly classified as a priority claim.  As set forth in the Berman Declaration, the Debtors' records indicate that none of these claims represents a deposit that was made but for which no educational services were provided. *See* Exhibit B. Accordingly, the Claims should be reclassified as general unsecured Student Claims.

**NOTICE**

14.     Notice of the hearing on this First Objection has been provided to: (i) the Office of the United States Trustee; (ii) all holders of the Disputed 507(a)(7) Claims identified on Exhibit 1 to the Proposed Order; and (iii) all interested parties requesting notices pursuant to Bankruptcy Rule 2002.  Further, the Student Trustee has delivered a customized notice to each of the holders of Claims identified on Exhibit 1 which sets forth the claimant's name, the affected Claim number to be modified, and the reason for the modification. The custom notices will be in substantially the same form as the notice attached hereto as Exhibit C. The Student Trustee submits that, under the circumstances, no other or further notice is necessary.

**RESERVATION OF RIGHTS**

15.     By this First Objection, the Student Trustee objects to the Disputed 507(a)(7) Claims listed on Exhibit 1 for the specific reasons cited herein. The Student Trustee reserves his right to amend, modify or supplement this First Objection, and to file additional objections to any Student Claims or Governmental Education Claims (filed or not) against the Debtors' estates. Moreover, should one or more of the bases for objection stated in this First Objection be overruled, or otherwise not sustained, the Student Trustee reserves the right to object to the Disputed 507(a)(7) Claims on any other grounds.

## RESPONSES TO OBJECTIONS

16. <u>Filing and Service of Responses</u>. To contest an objection to its Claim under this First Objection, a claimant must file with the Court, and serve so that it is actually received by the undersigned counsel, a written response (the "**Response**") on or before March 24, 2016 by 4:00 pm (ET).

17. <u>Contents of Responses</u>. Every Response must contain at a minimum the following:

    a.    A caption setting forth the name of the Court, the name of the Debtor, the case number, and the title of this First Objection;

    b.    The name of the claimant and a description of the basis for the amount of the Disputed 507(a)(7) Claim;

    c.    A concise statement setting forth the reasons why the Disputed 507(a)(7) Claim should not be reclassified for the reasons set forth in the First Objection, including, but not limited to, the specific factual and legal basis upon which the claimant will rely in opposing the First Objection;

    d.    All documentation or other evidence of the Disputed 507(a)(7) Claim, to the extent not included with the Disputed 507(a)(7) Claim previously filed with the Court, upon which the claimant will rely in opposing the First Objection at the hearing;

    e.    The address(es) to which the Student Trustee must return any reply to the Response; and

    f.    The name, address, and telephone number of the person (which may be the claimant or his or her legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Disputed 507(a)(7) Claim on behalf of the claimant.

18.  <u>Timely Response Filed</u>. If a claimant fails to file and serve a timely Response, the Student Trustee will present to the Court an appropriate order affecting those Disputed 507(a)(7) Claim listed on the attached Exhibit A without further notice to the claimant or a hearing.

19.  <u>Service Address</u>. If a Response contains an address for a claimant different from that stated on the Disputed 507(a)(7) Claim, the address in the Response shall constitute the service address for future service of papers upon that claimant until the Student Trustee receives written notice from the claimant or the claimant's counsel of a changed service address.

## CERTIFICATION AND COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3007-1

20.  The undersigned has reviewed the requirements of Local Bankruptcy Rule 3007-1 and believes that this First Objection is in compliance therewith.

## CONCLUSION

21.  For the reasons set forth above, the Student Trustee concludes that the Disputed 507(a)(7) Claims should be reclassified as general unsecured Student Claims.

**WHEREFORE**, the Student Trustee respectfully requests that the Court enter an order reclassifying the Disputed 507(a)(7) Claims as general unsecured Student Claims, and granting such other and further relief as this Court deems just and proper.

Dated: March 1, 2016  
Wilmington, Delaware

**POLSINELLI PC**

  /s/ Shanti M. Katona  
Christopher A. Ward (Del. Bar No. 3877)  
Shanti M. Katona (Del. Bar No. 5352)  
222 Delaware Avenue, Suite 1101  
Wilmington, Delaware 19801  
Telephone: (302) 252-0920  
Facsimile: (302) 252-0921  
skatona@polsinelli.com

-and-

**ROBINS KAPLAN LLP**
Scott F. Gautier, Esq.
Lorie A. Ball, Esq.
2049 Century Park East, Suite 3400
Los Angeles, California 90067
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
sgautier@robinskaplan.com
lball@robinskaplan.com

*Attorneys for CCI Student Creditors Trust*