**EXHIBIT B**
**BERMAN DECLARATION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., et al. [1] | Case No. 15-10952 (KJC) |
| Debtors. | Jointly Administered |
| | Objections Deadline: March 24, 2016 at 4:00 p.m. ET<br>Hearing Date: March 31, 2016 at 11:00 a.m. ET |

**DECLARATION OF GEOFFREY L. BERMAN IN SUPPORT OF THE
STUDENT TRUSTEE'S (SUBSTANTIVE) FIRST OMNIBUS OBJECTION
TO CERTAIN CLAIMS
(RECLASSIFY FROM 507(a)(7) TO GENERAL UNSECURED STUDENT CLAIMS)**

I, Geoffrey L. Berman, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am a Senior Managing Director at Development Specialists, Inc., the Student Trustee of the CCI Student Creditors Trust that was established by the Plan filed by the above-captioned debtors (the "**Debtors**").

2. I submit this declaration (the "**Declaration**") in support of the Student Trustee's (Substantive) First Omnibus Objection To Certain Claims (Reclassify From 507(A)(7) To General Unsecured Student Claims) (the "**First Objection**").[2]

---

[1] The Debtors' bankruptcy cases are: Corinthian Schools, Inc. Case No. 15-10955 (KJC); Rhodes Colleges, Inc. Case No. 15-10957 (KJC); Florida Metropolitan University, Inc., Case No. 15-10962 (KJC); Corinthian Property Group, Inc. Case No. 15-10966 (KJC); Titan Schools, Inc. Case No. 15-10970 (KJC); Career Choices, Inc. Case No. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., Case No. 15-10961 (KJC); Ashmead Education, Inc., Case No. 15-10967(KJC); MJB Acquisition Corporation, Case No. 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975; (KJC) Pegasus Education, Inc., Case No. 15-10953 (KJC); Grand Rapids Education Center, Inc., Case No. 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., Case No. 15-10960 (KJC); CDI Education USA, Inc. Case No. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., Case No. 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, Case No. 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); and Socle Education, Inc., Case No. 15-10976 (KJC).

3.      I am authorized to submit this Declaration on behalf of the Student Trust.  Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge and belief upon my review of certain information and documents of the Debtors and discussions with counsel for the Debtors and the Student Trust.  If I were called upon to testify, I could and would, based on the foregoing, testify competently to the facts set forth herein.

4.      Pursuant to Section XI. B. of the Plan and the Student Trust Agreement that was approved as part of the Plan, the CCI Student Creditors Trust, by the Student Trustee, has the authority to file objections to Claims being administered by the CCI Student Creditors Trust and this Court has subject matter jurisdiction over objections to Claims under Section XVI of the Plan.

5.      The Claims being administered by the CCI Student Creditors Trust include the Student 507(a)(7) Deposit Claims which are defined in the Plan as "Claims of Students arising from the deposit prior to the Petition Date with any of the Debtors' school by or on behalf of a Student but for which education was not provided due to the Debtors' cessation of educational programs or campus operations, which are entitled to priority treatment under section 507(a)(7) of the Bankruptcy Code."

6.      In accordance with the Plan, the Debtors and the Distribution Trust provided the Student Trust with the Debtors' books and records that reflect the deposits made by former students for services that were never provided and, therefore, give rise to the amounts owed to Students on account of Student 507(a)(7) Deposit Claims.

7.      In evaluating the accuracy of the Disputed 507(a)(7) Claims, the Student Trustee, with the assistance of counsel has thoroughly reviewed the Disputed 507(a)(7) Claims and

---

. . . . *footnote continued from prior page*

[2] Terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Objection.

related supporting documentation, if any, provided by each claimant, the Schedules filed by the Debtors on August 21, 2015, and the Debtors' books and records that were provided to the Student Trustee, and have determined that only 3 of the filed 507(a)(7) Claims actually reflect deposits made to the Debtors for services that were not provided, and that, accordingly, none of the Disputed 507(a)(7) Claims are properly classified. Accordingly, I respectfully request that all of the Disputed 507(a)(7) Claims should be reclassified as general unsecured Student Claims.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of February, 2016

*Geoffrey L. Berman*
Geoffrey L. Berman
Senior Managing Director of the Student Trustee