IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § § | Case No. 15-10952 (KJC) |
| | § § | Jointly Administered |
| Debtors. | § § | |
| | § | **Obj. Deadline: Mar. 24, 2016 at 4:00 p.m. (ET)** |
| | § | **Hearing Date: Mar. 31, 2016 at 11:00 a.m. (ET)** |

-------------------------------------------------------------

**DISTRIBUTION TRUSTEE'S MOTION FOR
AN ORDER CLOSING CERTAIN CHAPTER 11 CASES**

Craig R. Jalbert, the distribution trustee (the "**Distribution Trustee**") for the distribution trust (the "**Distribution Trust**") established pursuant to the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 909] (the "**Plan**"),[2] hereby files this motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") closing certain of the above-captioned chapter 11 cases (the "**Subsidiary Cases**").[3] In support of this Motion, the Distribution Trustee respectfully states as follows:

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

[2] Capitalized terms not otherwise defined herein have the meaning given to them in the Plan.

[3] The Subsidiary Cases are the following cases: Corinthian Schools, Inc., Case No. 15-10955 (KJC), Rhodes Colleges, Inc., Case No. 15-10957 (KJC), Florida Metropolitan University, Inc., Case No. 15-10962 (KJC), Corinthian Property Group, Inc., Case No. 15-10966 (KJC), Titan Schools, Inc., Case No. 15-10970 (KJC), Career Choices, Inc., Case No. 15-10972 (KJC), Sequoia Education, Inc., Case No. 15-10974 (KJC),

(Continued…)

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicate for the relief sought herein is section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and paragraph 19 of the Confirmation Order (as defined below).[4]

## BACKGROUND

3. On May 4, 2015 (the "**Petition Date**"), Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated debtors (collectively, the "**Debtors**") each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

4. On August 28, 2015, the Court entered the *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 913] (the "**Confirmation Order**") confirming the Plan. The Effective Date of the Plan occurred on September 21, 2015 [Docket No. 1014].

5. Pursuant to paragraph 19 of the Confirmation Order, "[a]ll of the Chapter 11 Cases of the Debtors other than Corinthian Colleges, Inc., Case No. 15-10952 (KJC) . . . shall

---

ETON Education, Inc., Case No. 15-10961 (KJC), Ashmead Education, Inc., Case No. 15-10967 (KJC), MJB Acquisition Corporation, Case No. 15-10971 (KJC), ECAT Acquisition, Inc., Case No. 15-10975 (KJC), Pegasus Education, Inc., Case No. 15-10953 (KJC), Grand Rapids Educational Center, Inc., Case No. 15-10956 (KJC), Rhodes Business Group, Inc., Case No. 15-10959 (KJC), Everest College Phoenix, Inc., Case No. 15-10960 (KJC), CDI Education USA, Inc., Case No. 15-10963 (KJC), SP PE VII-B Heald Holdings Corp., Case No. 15-10965 (KJC), SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC), Heald Capital LLC, Case No. 15-10954 (KJC), Heald Real Estate, LLC, Case No. 15-10958 (KJC), Heald Education, LLC, Case No. 15-10964 (KJC), Heald College, LLC, Case No. 15-10969 (KJC), Quickstart Intelligence Corporation, Case No. 15-10973 (KJC), and Socle Education, Inc., Case No. 15-10976 (KJC).

[4] Pursuant to Local Rule 9013-1(f), the Distribution Trustee hereby confirms his consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

be closed upon entry of th[e] Confirmation Order." Consistent with paragraph 19 of the Confirmation Order, the Distribution Trustee requests entry of the Proposed Order closing the Subsidiary Cases.

## RELIEF REQUESTED

6. By this Motion, the Distribution Trustee requests, pursuant to section 105(a) of the Bankruptcy Code and paragraph 19 of the Confirmation Order, entry of the Proposed Order.

## BASIS FOR RELIEF REQUESTED

7. The Confirmation Order provided for the "administrative consolidation of the Debtors' estates for all purposes of the Chapter 11 Cases and the Plan." See Confirmation Order ¶ 9. In addition, the Confirmation Order provided for the closing of all of the chapter 11 cases other than Corinthian Colleges, Inc. upon entry of the Confirmation Order. Id. Accordingly, closing the Subsidiary Cases is consistent with the terms of the Confirmation Order.

8. Further, pursuant to section 105(a) of the Bankruptcy Code, a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); see also In re Combustion Eng'g, Inc., 391 F.3d 190, 236 (3d Cir. 2004) ("[Section 105(a)] has been construed to give a bankruptcy court 'broad authority' to provide equitable relief appropriate to assure the orderly conduct of reorganization proceedings.") (quoting and citing *United States v. Energy Res Co., Inc.*, 495 U.S. 545, 549 (1990)). This authority, coupled with the terms of the Confirmation Order, provides a basis for closing the Subsidiary Cases.

9. In addition to the reasons explained above, closing the Subsidiary Cases will also relieve the Court, the Office of the United States Trustee for the District of Delaware

3

(the "**U.S. Trustee**") and the Distribution Trustee from each of their administrative burdens with respect to the Subsidiary Cases. Finally, closing the Subsidiary Cases will alleviate the Distribution Trustee's obligation to pay quarterly fees under section 1930 of title 28 of the United States Code. See In re A.H. Robins Co., Inc., 219 B.R. 145, 149 (Bankr. E.D. Va. 1998) (finding that "the obligation to pay the UST fees terminates upon closure, dismissal, or conclusion of a Chapter 11 case, and will not be paid *ad infinitum*").

10. On a related note, the Court may be asked in the future to determine certain issues in connection with the settlement or allowance of claims and/or with the implementation or consummation of the Plan. For this reason, the Distribution Trustee is not seeking to close at this time the case of Corinthian Colleges, Inc. In light of the fact that this case will remain open, the Subsidiary Cases are unnecessary to the Court's retention of jurisdiction over these matters. Moreover, leaving Corinthian Colleges, Inc.'s case open at this time will provide an additional avenue for resolving any issues that may arise that relate to the Subsidiary Cases, without the need to reopen those cases.

11. Accordingly, consistent with the terms of the Confirmation Order and section 105(a) of the Bankruptcy, the Court should grant the Proposed Order closing the Subsidiary Cases.

**NOTICE**

12. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided via first class mail to: (i) the U.S. Trustee; (ii) the Student Trustee; and (iii) all other persons who have requested notice in the above-captioned chapter 11 cases pursuant to Bankruptcy Rule 2002. The Distribution Trustee submits that, under the circumstances, no other or further notice is required.

**NO PRIOR REQUEST**

13. No previous request for relief sought herein has been made to this Court or any other court.

WHEREFORE, the Distribution Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, and ordering such other and further relief as is just and proper.

Dated: March 10, 2016  
       Wilmington, Delaware

Respectfully submitted,

*/s/ Amanda R. Steele*  
Mark D. Collins (No. 2981)  
Michael J. Merchant (No. 3854)  
Marisa A. Terranova (No. 5396)  
Amanda R. Steele (No. 5530)  
RICHARDS, LAYTON & FINGER, P.A.  
920 N. King Street  
Wilmington, Delaware 19801  
Telephone: 302-651-7700  
Facsimile: 302-651-7701  
Email: collins@rlf.com  
       merchant@rlf.com  
       terranova@rlf.com  
       steele@rlf.com

Counsel for the Distribution Trustee