## **<u>EXHIBIT B</u>**

## **Stipulation of Settlement**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| FRANK ERICKSON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CORINTHIAN COLLEGES, INC., JACK P. MASSIMINO, ROBERT C. OWEN, and KENNETH S. ORD, <br><br> Defendants. | Civil No. 2:13-cv-07466-GHK-PJW |

---

**SECOND AMENDED STIPULATION OF SETTLEMENT**

This Second Amended Stipulation of Settlement (the "Stipulation") is entered into among the following Settling Parties: (i) Plaintiff Jeramey Lynch, on behalf of himself and each of the Class Members, through Lead Counsel, and (ii) the Individual Defendants (as defined below), through Defendants' Counsel.[1] The Stipulation is intended to fully, finally, and forever resolve, discharge and settle the Settled Claims, subject to the terms and conditions of this Stipulation and the approval of the Court. All capitalized terms in this Stipulation shall have the meanings specified herein.

**I.      THE LITIGATION**

**A.      Procedural History of the Litigation**

On June 20, 2013, Plaintiff Frank Erickson commenced a putative securities class action (the "Action") in the United States District Court for the Southern District of New York against Corinthian Colleges, Inc. ("Corinthian") and Jack D. Massimino, Robert C. Owen, and Kenneth

---

[1] This Stipulation supersedes the Stipulation of Settlement dated November 20, 2015, as amended on January 21, 2016.

S. Ord (the "Individual Defendants"), alleging violations of sections 10(b) and 20(a) of the

Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) & 78t(a), and SEC Rule 10b-5, 17 C.F.R.

§ 240.10b-5.

On September 6, 2013, Erickson was appointed Lead Plaintiff and Pomerantz LLP was

appointed Lead Counsel. On October 11, 2013, the Action was transferred to the United States

District Court for the Central District of California and assigned case number 2:13-cv-07466-

GHK-PJW.

On December 2, 2013, Plaintiffs filed the First Amended Complaint. On January 24,

2014, Defendants moved to dismiss, arguing, *inter alia*, that Plaintiffs had not adequately alleged

falsity, scienter, or loss causation. On April 22, 2015, the Court granted in part and denied in part

Defendants' motion to dismiss.

On May 4, 2015, Corinthian filed a voluntary petition for relief under Chapter 11 of the

Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware in

proceedings captioned *In re Corinthian Colleges, Inc. et al.*, Case No. 15-10952 (KJC) (the

"Bankruptcy Action").

On July 29, 2015, Plaintiffs and the Individual Defendants participated in mediation

before the Honorable Layn R. Phillips (Ret.). The mediation resulted in a settlement that the

Settling Parties memorialized in a Memorandum of Understanding dated August 31, 2015 and in

a Stipulation of Settlement dated November 20, 2015. Plaintiffs subsequently moved for

preliminary approval.

On December 22, 2015, the Court denied the motion for preliminary approval without

prejudice and required Lead Counsel to file a renewed motion with certain specified changes,

including a declaration from Lead Plaintiff. [Dkt. 94.] On January 21, 2016, Lead Counsel filed a

renewed motion for preliminary approval, but was unable to obtain Lead Plaintiff's signature for his declaration.

On February 16, 2016, Erickson informed Lead Counsel that he no longer wished to continue as class representative. On February 18, 2016, the Court allowed Lead Counsel 45 days to locate a new class representative and file a renewed motion for preliminary settlement approval.

On March 3, 2016, Lead Counsel informed Defendants that Plaintiff Jeramey Lynch had agreed to serve as lead plaintiff. The Settling Parties subsequently executed this Second Amended Stipulation of Settlement.

### B.  Lead Counsel's Assessment of the Claims and Benefits of Settlement

Lead Counsel believes that the claims asserted in the Action are meritorious and are supported by the evidence developed to date. Additionally, Lead Counsel has researched the applicable law and believes that any defenses Defendants raise can be refuted.

Nonetheless, Lead Counsel recognizes the expense and length of continued prosecution of the Action against Defendants through completion of discovery, trial, and appeal. Lead Counsel is also mindful of inherent problems of proof, possible defenses to the violations asserted in the Action, and practical impediments to judgment enforcement. Lead Counsel, based upon a thorough evaluation, believes that the settlement set forth in the Stipulation is fair, reasonable, and adequate and in the best interests of the Class Members and that it confers substantial benefits upon Class Members. Lead Counsel shall use its best efforts to obtain final Court approval of the Settlement and to encourage all Class Members to participate in the Settlement.

### C.  Defendants' Denials of Wrongdoing

The Individual Defendants have denied and continue to deny that they engaged in any

wrongdoing of any kind, or that they violated or breached any law, regulation, or duty owed to Plaintiffs or to any Class Members, or that they have liability as a result of any and all allegations made in the Action, or that Plaintiffs or any Class Members suffered any damage as a result of the conduct alleged in the Action.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this one, the Individual Defendants have concluded that further litigation of the Action would be protracted, burdensome, and expensive, and that it is desirable and beneficial that the claims asserted in the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

## II.  TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

### A.  Introduction

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, through their respective undersigned counsel of record, that, subject to approval of the Court under Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Parties, subject to the terms and conditions of this Stipulation.

### B.  Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.0      "Action" means *Erickson v. Corinthian Colleges, Inc. et al.*, Case No. 2:13-cv-07466-GHK-PJW in the United States District Court for the Central District of California.

1.1       "Authorized Claimant" means any Claimant whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2     "Bar Date" means five (5) days after the Settlement Hearing, or such other deadline that the Court may prescribe for the submission of Proofs of Claim.

1.3     "Bankruptcy Authorization Order" means an order by the United States Bankruptcy Court for the District of Delaware authorizing payment of the Settlement Amount. The Settling Parties shall use reasonable efforts, acting in good faith, to obtain the Bankruptcy Authorization Order.

1.4     "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.5     "Claims Administrator" means the firm of Garden City Group, LLC, which shall administer the Settlement.

1.6     "Class" means all persons who purchased or otherwise acquired Corinthian Common Stock during the Class Period. Excluded from the Class are Defendants, all current and former directors and officers of the Company during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above. Also excluded from the Class are those Persons who request exclusion from the Class in such form and manner, and within such time, as the Court shall prescribe.

1.7     "Class Member" means any Person that falls within the definition of the Class. "Class Members" means all such Persons.

1.8     "Class Period" means the period from August 23, 2010 through April 14, 2015, both dates inclusive.

1.9     "Common Stock" means the shares of common stock of Corinthian Colleges, Inc.

1.10    "Court" means the United States District Court for the Central District of California.

1.11    "Defendants" means Corinthian Colleges, Inc. and the Individual Defendants.

1.12    "Defendants' Counsel" means Munger Tolles & Olson LLP.

1.13    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.0 of the Stipulation have occurred and/or been met.

1.14    "Escrow Accounts" mean, collectively, the Notice & Administration Fund and the Settlement Fund, each of which shall be held in a name containing the caption of this Action.

1.15    "Escrow Agent" means Huntington National Bank.

1.16    "Final," with respect to this Settlement, means that (i) the Court has entered an order finally approving the Settlement in all material respects, including but not limited to certifying the Class for settlement purposes only, approving the Releases, and entering the Judgment; and (ii) the time has lapsed for the Judgment to be appealed or reviewed or, if the Judgment is appealed or reviewed, it has been affirmed in all respects and is not subject to further appeal or review. However, the Settlement and the Finality thereof are expressly not conditioned upon the Court's approval of a Fee and Expense Award or Compensatory Award, the amount of any such awards, or any appeals solely related thereto.

1.17    "Individual Defendants" means Jack D. Massimino, Robert C. Owen, and Kenneth S. Ord.

1.18    "Judgment" means the proposed judgment to be entered by the Court finally approving the Settlement, substantially in the form attached hereto as Exhibit E or in such other form as may be approved in writing by all of the Settling Parties acting through their counsel of record in the Action.

1.19    "Lead Counsel" means Pomerantz LLP.

1.20    "Lead Plaintiff" means Jeramey Lynch.

1.21    "Net Settlement Fund" means the Settlement Fund less (i) any Taxes and Tax Expenses, (ii) any Fee and Expense Award to Lead Counsel and any Compensatory Award to Lead Plaintiff approved by the Court pursuant to ¶¶ 7.0–7.5, and (iii) the amount allocated to the Notice & Administration Fund pursuant to ¶¶ 2.6–2.8.

1.22    "Notice" means the Notice Of Proposed Settlement Of Class Action, which is to be sent to Class Members substantially in the form attached as Exhibit B.

1.23    "Notice & Administration Costs" means the costs and expenses reasonably and actually incurred by, and the reasonable fees actually charged by, the Claims Administrator in connection with notice dissemination and claims administration upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Class, mailing Notice and Proof of Claim and publishing the Publication Notice (such amounts shall include, without limitation, the actual costs of publication in a national business newswire, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, processing Proof of Claim and Release forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

1.24    "Notice & Administration Fund" means an interest-bearing escrow account established by the Escrow Agent that may be used only to pay Notice & Administration Costs.

1.25    "Order of Preliminary Approval" means an order by the Court certifying the Class for settlement purposes only, preliminarily approving the Settlement, and authorizing notice thereof and related matters substantially in the form attached as Exhibit A.

1.26    "Parties" means, collectively, each of the Defendants and Lead Plaintiff on behalf of himself and each of the Class Members.

1.27    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.28    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants. Any Plan of Allocation is not part of this Stipulation and Defendants, Defendants' Counsel, and Defendants' insurance carriers shall have no responsibility or liability with respect thereto.

1.29    "Proof of Claim" means the Proof of Claim and Release to be submitted by Claimants, substantially in the form attached as Exhibit D.

1.30    "Publication Notice" means the Summary Notice of Proposed Settlement of Class Action to be published on a national business newswire, substantially in the form attached as Exhibit C.

1.31    "Released Parties" means Corinthian Colleges, Inc., the Individual Defendants, and each of Corinthian's or an Individual Defendant's past or present directors, officers, employees, partners, principals, members, insurers, co-insurers, re-insurers, controlling shareholders, attorneys, advisors, accountants, auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, estates, executors, administrators, heirs, related or affiliated entities, any entity in which Corinthian or an Individual Defendant has a controlling interest, any member of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for

the benefit of any member of an Individual Defendant's immediate family. All Released Parties (other than the Individual Defendants) are intended third-party beneficiaries of this Stipulation of Settlement.

1.32    "Releases" means the release of Settled Claims against Released Parties pursuant to ¶¶ 5.0–5.1.

1.33    "Settled Claims" means and includes any and all claims, debts, demands, controversies, obligations, losses, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims and related to or based upon the purchase or other acquisition of Corinthian Colleges, Inc. securities from August 23, 2010 through April 14, 2015, both dates inclusive, and any claims, debts, demands, controversies, obligations, losses, rights or causes of action that Lead Plaintiff, Class Members, or any of them may have against the Released Parties or any of them which involve or relate in any way to the defense of the Action or the Settlement of the Action or Lead Plaintiff's or Class Members' investment in Corinthian. However, claims to enforce the Settlement are not released.

1.34    "Settlement" means the settlement contemplated by this Stipulation.

1.35    "Settlement Amount" means the principal amount of $3,500,000.

1.36    "Settlement Fund" means an interest-bearing escrow account established by the Escrow Agent to receive the Settlement Amount.

1.37    "Unknown Claims" means and includes any and all claims that Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision to object or not to object to this Settlement. Lead Plaintiff, Class Members, and each of them may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims. Nevertheless, with respect to any and all Settled Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, waived all provisions, rights and benefits of California Civil Code § 1542 and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. California Civil Code § 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settling Parties expressly acknowledge, and the Class Members shall be deemed to have, and by operation of the Judgment shall have acknowledged, that the waiver and release of Unknown Claims constituting Settled Claims was separately bargained for and a material element of the Settlement.

1.38    "Taxes" means federal, state, local and non-U.S. income and other taxes, together with any interest, penalties, or additions to tax imposed with respect to them.

1.39    "Tax Expenses" means expenses incurred in connection with the implementation of ¶ 2.9 of the Stipulation, including reasonable expenses of tax attorneys and accountants retained by the Escrow Agent.

1.40    "The Company" means Corinthian Colleges, Inc. and any and all of its successors, subsidiaries, and affiliates, as well as any of its predecessors and their successors, subsidiaries and affiliates.

**C.**    **The Settlement**

  **a.**    **Settlement Consideration**

2.0    In consideration of the full and final settlement of the claims asserted in this Action and in consideration of the Releases pursuant to ¶¶ 5.0–5.1, the Individual Defendants shall cause the Settlement Amount to be paid by check or draft to the Escrow Agent for deposit into the Settlement Fund within twenty (20) days after both of the following conditions have been met:

  (i)    The Order of Preliminary Approval has been entered; and

  (ii)    The Bankruptcy Authorization Order has been entered.

2.1    The Individual Defendants shall not have any personal obligation to pay the Settlement Amount or any portion thereof, or any amount whatsoever. The sole payment obligation shall be as set forth in ¶ 2.0, and Defendants and Released Parties shall have no obligation to make any other or greater payment for any purposes pursuant to or related to the Settlement.

### b. The Escrow Agent

2.2     The Settlement Funds shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. Defendants, Defendants' Counsel, Defendants' insurance carriers, and Released Parties shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

### c. Handling and Disbursement of Funds by the Escrow Agent

2.3     Subject to further order and/or direction by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class as are consistent with the terms of this Stipulation. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants' Counsel and Lead Counsel.

2.4     No monies shall be disbursed from the Settlement Fund until after the Effective Date except as provided in ¶¶ 2.6–2.8 regarding the Notice & Administration Fund, ¶ 2.9 regarding Taxes, and ¶ 7.1 regarding attorneys' fees and expenses.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or refunded in accordance with the instructions to be provided by Defendants' Counsel.

**d.     Notice & Administration Fund**

2.6     Within seven (7) days after payment of the Settlement Amount into the Settlement Fund, the Escrow Agent shall establish a Notice & Administration Fund and may deposit up to $250,000 from the Settlement Fund in it. The Notice & Administration Fund may be invested and earn interest as provided for in this Stipulation, and references in this Stipulation to the Notice & Administration Fund shall include such interest.

2.7     The Notice & Administration Fund shall be used by the Escrow Agent to pay Notice & Administration Costs. If Notice & Administration Costs exceed $250,000, any such additional costs and expenses shall, subject to approval of the Court, be transferred from the Settlement Fund to the Notice & Administration Fund. Any residual monies held in the Notice & Administration Fund upon the completion of notice and claims administration for the Settlement shall be transferred to the Settlement Fund.

2.8     The Notice & Administration Fund shall not be used to pay any fees for services provided by Lead Counsel or any of its affiliates. The Escrow Agent shall maintain a record of all funds disbursed. The Released Parties shall have no obligation to pay any expenses associated with the Notice & Administration Fund or any costs of notice and administration.

**e.     Taxes**

2.9

(a)     The Parties and the Escrow Agent agree to treat the Notice & Administration Fund and Settlement Fund as "qualified settlement funds" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.9, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such

elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Notice & Administration Fund and Settlement Fund (including without limitation the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in ¶ 2.9(a)) shall be consistent with this ¶ 2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)     All Taxes and Tax Expenses relating to the income earned by the Notice & Administration Fund and Settlement Fund shall be paid out of the Settlement Fund.

(d)     Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court.

(e)     Defendants, Defendants' Counsel, Defendants' insurance carriers, Lead Plaintiff, and Lead Counsel shall have no liability or responsibility for Taxes or Tax Expenses. The Escrow Agent shall indemnify and hold each of the Defendants, Defendants' Counsel, Lead Plaintiff, and Lead Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

(f)     The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as

well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)). Neither Defendants, Defendants' Counsel, Defendants' insurance carriers, Lead Plaintiff, nor Lead Counsel are responsible therefor, nor shall they have any liability with respect thereto.

(g)     The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.9. The Escrow Agent shall timely prepare on behalf of the Individual Defendants the statement described in Treasury Regulation §1.468B-3(e) and shall provide a copy to Defendants' Counsel for review and approval.

### f.     Termination of Settlement

2.10     The Individual Defendants shall, acting collectively, have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to Lead Counsel within five (5) days of: (a) the Court's denial of Plaintiffs' motion for preliminary approval of the Settlement in any material respect without leave to amend and resubmit; (b) the Court's declining to approve this Stipulation or any material part of it without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect without leave to amend and resubmit; (d) the Bankruptcy Court's declining to enter the Bankruptcy Authorization Order in any material aspect without leave to amend and resubmit; or (e) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Fee and Expense Award, Compensatory Award, or with respect to any Plan of Allocation, shall not be considered material to this Stipulation and shall not be grounds for termination.

2.11    Plaintiffs shall have the right to terminate the Settlement and this Stipulation by providing written notice of his election to do so to Defendants' Counsel within five (5) days of: (a) the Court's denial of Plaintiffs' motion for preliminary approval of the Settlement in any material respect without leave to amend and resubmit; (b) the Court's declining to approve this Stipulation or any material part of it without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect without leave to amend and resubmit; (d) the date upon which the payment obligation of ¶ 2.0 has not been satisfied timely and in full; or (e) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Fee and Expense Award, Compensatory Award, or with respect to any Plan of Allocation, shall not be considered material to this Stipulation and shall not be grounds for termination.

2.12    If, before the Settlement Hearing, any Persons who otherwise would be members of the Class have timely filed for exclusion from the Class in accordance with the provisions of the Order for Preliminary Approval and the notice given pursuant thereto (see ¶ 4.9 below), and such Persons in the aggregate purchased or otherwise acquired a number of shares of Common Stock during the Class Period in an amount greater than the sum specified in a separate Supplemental Agreement between the Settling Parties, the Individual Defendants, acting collectively and in their sole discretion, shall have the option to terminate the Settlement and this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until a dispute arises among the Settling Parties concerning its interpretation or application. If submission of the

Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Supplemental Agreement submitted to the Court *in camera*. Copies of all requests for exclusion received and copies of all written revocations of requests for exclusion received shall be sent to counsel for the Settling Parties within a reasonable time of receipt by the Claims Administrator, and in any event not less than seven (7) days prior to the Settlement Hearing.

2.13    If the Settlement is terminated pursuant to any of the provisions of ¶¶ 2.10–2.12 or the Effective Date otherwise fails to occur, then:

(a)    The Settlement shall be canceled and terminated without prejudice, and this Stipulation shall be null and void and shall have no further force or effect;

(b)    The Settlement Amount including any interest accrued thereon, less expenses actually incurred or due and owing for the Notice & Administration Costs pursuant to ¶ 2.7 above, shall be refunded within twenty (20) days of such termination by check or wire transfer in accordance with the instructions to be provided by Defendants' Counsel; and

(c)    The Parties shall revert to their respective positions in the Action as of August 1, 2015.

**D.    Class Certification**

3.0    The Settling Parties hereby stipulate to certification of the Class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, solely for purposes of this Settlement. The certification of the Class shall be binding only with respect to the Settlement and only if the Judgment becomes Final.

**E.    Court Approval**

**a.    Preliminary Approval Order**

4.0     Promptly after execution of this Stipulation, Lead Counsel (on behalf of the Settling Parties) shall submit this Stipulation together with its Exhibits to the Court and shall request entry of an Order of Preliminary Approval (substantially in the form of Exhibit A) that will, *inter alia*, grant preliminary approval to the Settlement; certify the Class for settlement purposes only; and authorize dissemination of Notice to the Class substantially in the form of Exhibits B and C hereto, along with provision of a Proof of Claim substantially in the form of Exhibit D.

The Notice shall describe the Settlement, the proposed Plan of Allocation, the requests for a Fee and Expense Award for Lead Counsel and a Compensatory Award for Lead Plaintiff (consistent with ¶¶ 7.0–7.5), the date of the Settlement Hearing, Class Members' rights to request exclusion, object, or otherwise be heard with regard to these matters, and Class Members' opportunity to file claims upon the Settlement Fund.

Within two weeks after the Court enters an Order of Preliminary Approval, Corinthian shall provide the Claims Administrator with contact information for its transfer agent and shall authorize its transfer agent to provide the Claims Administrator with transfer records sufficient to identify Class Members.

The Stipulation of Settlement, Notice, Proof of Claim, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

Within 30 days of the Court-ordered deadline for the dissemination of notice to the Class ("Notice Date"), Lead Counsel shall certify to the Court that he has complied with the notice requirements set forth in this Stipulation and any applicable Court order.

**b.     Settlement Hearing**

4.1     Following provision of Notice to the Class Members, the Court shall hold a hearing (the "Settlement Hearing") to consider whether to approve the Settlement, approve the Plan of Allocation, and award a Fee and Expense Award and Compensatory Award.

4.2     Lead Counsel shall submit papers in support of the foregoing matters no later than twenty-eight (28) days prior to the Settlement Hearing.

4.3     Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement must do so in writing and as set forth in ¶ 4.4, and the objection must be postmarked within sixty (60) days after the Notice Date; *provided, however*, that a Class Member who submits a Request for Exclusion shall not be able to submit an objection.

4.4     The statement of objection of the Class Member shall state (i) whether the Class Member is a Class Member, (ii) which part of this Stipulation the Class Member objects to, and (iii) the specific reason(s), if any, for each such objection made by the Class Member, including any legal support the Class Member wishes to bring to the Court's attention. Such Class Member shall also provide documentation sufficient to establish all purchases, acquisitions and sales of Common Stock during the Class Period (including the number of shares and prices). Failure to provide such information and documentation shall be grounds to void the objection.

4.5     Any Class Member who fails to comply with any of the provisions of ¶¶ 4.3–4.6 shall waive and forfeit any and all rights he, she or it may otherwise have to appear separately at the Settlement Hearing and/or to object to this Stipulation, and shall be bound by all the terms of this Stipulation, and by all proceedings, orders and judgments in the Action.

4.6     Any Class Member who submits a statement of objection shall be subject to the jurisdiction of the Court and may be deposed by Lead Counsel.

4.7     Lead Counsel shall file all objections with the Court no later than fourteen (14) days before the Settlement Hearing. All papers in opposition to any objections, and in further support of the foregoing matters shall be filed by the Parties by that time as well.

4.8     At the Settlement Hearing, Lead Counsel (on behalf of the Settling Parties) shall request that the Court enter the Judgment.

**c.     Requests for Exclusion**

4.9     Any Person falling within the definition of the Class may be excluded from the Class by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion") that complies with the requirements set forth in the Order of Preliminary Approval and is postmarked no later than the Court-ordered date. All Persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment. However, a Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing, and such a Class Member shall be bound by the Stipulation and the Judgment and shall receive payments pursuant to this Stipulation (provided the Class Member also submits a valid Proof of Claim, as set forth in ¶ 6.3(i), below, prior to the Bar Date).

**F.     <u>Releases and Proofs of Claim</u>**

5.0     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as to Defendants and of any and all Settled Claims. Upon the Effective Date, Lead Plaintiff and all Class Members on behalf of themselves, their personal representatives, heirs, executors, administrators, trustees, successors and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged each and every one of the Settled Claims against the Released

Parties, whether or not any such Plaintiff or Class Member executes and delivers a Proof of Claim. Further, the Judgment will provide that, upon the Effective Date, Plaintiffs and all Class Members on behalf of themselves, their personal representatives, heirs, executors, administrators, trustees, successors and assigns, shall be deemed to have covenanted not to sue on, and shall forever be barred from suing on, instituting, prosecuting, continuing, maintaining or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Settled Claim against any of the Released Parties.

      5.1    Only those Class Members filing valid and timely Proof of Claim forms shall be entitled to participate in the Settlement and receive a distribution from the Net Settlement Fund. The Proof of Claim to be executed by Class Members shall release all Settled Claims against the Released Parties, and shall be substantially in the form contained in Exhibit D attached hereto. Such Proof of Claims shall be filed five (5) days from the date of the Settlement Hearing, unless otherwise ordered by the Court. Any Class Member who does not submit a valid and timely Request for Exclusion shall be bound by the Releases, whether or not such Class Member submits a valid and timely Proof of Claim.

### G.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

      6.0    The Claims Administrator shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The distribution checks will be drawn upon the Settlement Fund.

      6.1    Defendants, Defendants' Counsel, and Defendants' insurance carriers shall have no involvement in reviewing or challenging claims and shall have no responsibility or liability for the allocation of the Settlement Fund among the Class Members or the allocation of any Fee

and Expense Award or Compensatory Award. Any such awards shall be paid solely by the Settlement Fund.

6.2     The Settlement Fund shall be applied as follows:

(i)     To pay Taxes and Tax Expenses;

(ii)    To pay Notice & Administration Costs;

(iii)   To pay a Fee and Expense Award to Lead Counsel as provided in ¶ 7.1, to the extent allowed by the Court;

(iv)    To pay a Compensatory Award to Lead Plaintiff as provided in ¶ 7.5, to the extent allowed by the Court;

(v)     Upon final Court approval, to distribute the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, and the Court.

6.3     Upon the entry of the Judgment and thereafter, subject to ¶¶ 2.3–2.5 and in accordance with the terms of the Plan of Allocation and any order of the Court, the Net Settlement Fund shall be distributed to Authorized Claimants as follows:

(i)     Each Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit D hereto, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim or such other documents or proof as are reasonably available to the Claimant as Lead Counsel, in their discretion, may deem acceptable, no later than five (5) days prior to the Settlement Hearing, unless otherwise ordered by the Court;

(ii)    Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim by the Bar Date or who file a Proof of Claim that is rejected shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but

will in all other respects be subject to and bound by the provisions of this Stipulation (including the Releases) and the Judgment and will be barred and enjoined from bringing any action against the Released Parties concerning the Settled Claims.

6.4    No Person shall have any claim against Lead Plaintiff, Lead Counsel, Defendants, Defendants' Counsel, Defendants' insurance carriers, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

6.5    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator under the supervision of Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any *de minimis* balance that still remains in the Net Settlement Fund shall be donated to such not-for-profit organization as the Court may direct and approve.

6.6    This is not a claims-made settlement. If all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants or their insurance carriers.

6.7    The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the administration, management,

investment, allocation or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes or Tax Expenses.

6.8    Any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

### H.    Fee and Expense Award and Compensatory Award

7.0    Lead Counsel may submit an application or applications for payments to Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including the fees and expenses of experts or consultants, incurred in connection with prosecuting the Action. Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

7.1    Any award of attorneys' fees and expenses approved by the Court ("Fee and Expense Award") shall be payable to Lead Counsel from the Settlement Fund following the entry of the Court's order awarding such fees and expenses, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the joint and several obligation of all counsel who receive any award of attorneys' fees and expenses to make full refunds or repayments as described in ¶ 7.2.

7.2     If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel shall make all necessary refunds and repayments into the Settlement Fund plus interest earned thereon within ten (10) days of the date that a final order by the Court of Appeals or the Supreme Court directing such reduction or reversal no longer is subject to appeal or review, which refunds and repayments shall be distributed by the Escrow Agent to the Authorized Claimants in the manner directed in such final order.

Lead Counsel further agrees to refund and repay any Fee and Expense Award paid to Lead Counsel in the event that this Settlement does not become final; in such situation, payment of all of the Fee and Expense Award plus interest earned thereon shall be made by Lead Counsel into the Settlement Fund within ten (10) days of the date of termination pursuant to ¶¶ 2.10–2.13, and shall thereafter be distributed by the Escrow Agent pursuant to the terms of ¶ 8.3.

7.3     The procedure for and allowance or disallowance by the Court of any Fee and Expense Award or Compensatory Award are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to any Fee and Expense Award or Compensatory Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the Finality of the Judgment approving this Stipulation and the Settlement of the Action.

7.4     The Released Parties shall have no responsibility for, and no liability whatsoever with respect to:

(a)     the allocation of any attorneys' fees or costs among any counsel or to any other Person;

(b)      any payment to Lead Counsel or Lead Plaintiff and/or any other Person who receives payment from the Settlement Fund;

(c)      the allocation among Lead Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action; or

(d)      any obligation of Lead Counsel or Lead Plaintiff to make appropriate refunds or repayments to the Settlement Fund or interest earned thereon.

7.5      Lead Counsel may submit an application to the Court to authorize the payment of an award from the Settlement Fund for the time and expenses expended by Lead Plaintiff in assisting Lead Counsel in the litigation of this Action (the "Compensatory Award").  Payment of any such Compensatory Award shall be made to Lead Plaintiff within five (5) days after the Effective Date.  If the Compensatory Award is reduced or reversed on appeal, Lead Plaintiff shall make all necessary refunds and repayments into the Settlement Fund plus interest earned thereon within ten (10) days of the date that a final order by the Court of Appeals or the Supreme Court directing such reduction or reversal no longer is subject to appeal or review, which refunds and repayments shall be distributed by the Escrow Agent to the Authorized Claimants in the manner directed in such final order.

**I.**      **<u>Effect of Disapproval, Cancellation or Termination</u>**

8.0      The Effective Date of the Stipulation shall be conditioned upon the occurrence of all of the following events:

(a)      The Bankruptcy Authorization Order has been entered, and if such order is appealed or reviewed, it has been affirmed in all respects and is not subject to further appeal or review, or the time has lapsed for such order to be appealed or reviewed;

(b)      The Individual Defendants have caused the payment to be made to the Settlement Fund pursuant to ¶ 2.0;

(c)      The Settlement has not been terminated pursuant to ¶ 2.10–2.13;

(d)      the Court has entered the Judgment; and

(e)      the Judgment has become Final.

Any appeal or delay in (a) the approval of the Plan of Allocation, (b) the determination of any Fee and Expense Award, or (c) the determination of a Compensatory Award, shall not affect, alter, or delay the occurrence of the Effective Date.

8.1      Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation. The Settlement Fund shall be distributed in accordance with ¶ 6.2.

8.2      In the event that this Stipulation is not approved by the Court, or the Effective Date does not occur, then this Stipulation shall be canceled and terminated subject to ¶ 8.3 unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with this Stipulation. None of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein. Without limitation of any Party's rights against any other Party that breaches its obligations under this Stipulation, no breach by any Party of its obligations under this Stipulation shall permit any other Party to terminate this Stipulation or, after the Effective Date, affect or impair the disposition of the Action or the Releases.

8.3      Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or fails to become effective for any reason, within ten (10) days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, subject to the terms of ¶ 2.9, the Settlement Amount (including accrued interest), less any

expenses and any costs which have either been properly disbursed pursuant to ¶¶ 2.3–2.6, or are determined to be chargeable to the Settlement Fund for the notice and administration of the Settlement pursuant to ¶ 2.7, shall be refunded by the Escrow Agent in accordance with the instructions to be provided by Defendants' Counsel. Upon written request , the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, in accordance with the instructions to be provided by Defendants' Counsel.

8.4     In the event the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of August 1, 2015. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 1.0–1.40, 2.13, 7.1, 7.2, 8.3–8.5, 9.1, and 9.7, shall have no further force and effect and shall not shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, the Fee and Expense Award, or the Compensatory Award shall constitute grounds for cancellation or termination of the Stipulation.

8.5     If the Effective Date does not occur, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Notice & Administration Fund. In addition, any expenses already incurred and properly chargeable to the Notice & Administration Fund pursuant to this Stipulation at the time of such termination or

cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶ 8.3.

### J.  **Miscellaneous Provisions**

9.0     Corinthian and the Individual Defendants deny any wrongdoing whatsoever, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of, Corinthian or any Individual Defendant with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Corinthian or any Individual Defendant has asserted or could assert in the Action or any other action.

9.1     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)     shall not be offered or received against any Released Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Party with respect to the truth of any fact alleged by Plaintiff or any Class Member or the validity of any claim that has been or could have been asserted in the Action or in any other action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other action, or of any liability, negligence, fault, or wrongdoing of any Released Party; provided, however, that if this Stipulation is approved by the Court, the Released Parties may offer or refer to it to effectuate its terms, including the releases granted them hereunder;

(b)     shall not be offered or received against any Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party; and

(c)      shall not be construed against any Released Party as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

9.2      The Parties, and each of them, shall not assert or pursue any action, claim or rights that any party hereto violated any provision of Rule 11 of the Federal Rules of Civil Procedure. Further, the Parties, and each of them, will not deny in any statement made to any media representative that the Action is being settled voluntarily after consultation with competent counsel. The Parties, and each of them, and their respective counsel agree that the Action was resolved in good faith, following arm's length bargaining.

9.3      The Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation. Lead Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Order of Preliminary Approval, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.4      The Parties intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the Action as well as any disputes which could have been raised in the Action by Plaintiffs or the Class against the Released Parties, and each or any of them, on the one hand, and by the Released Parties, and each or any of them, against Plaintiffs or the Class, on the other hand. Accordingly, the Parties agree not to assert in any forum or, in any statement made to any media representative (whether or not for attribution) that the Action was

brought by Plaintiffs or defended by any the Defendants, or each or any of them, in bad faith or without a reasonable basis. The Judgment will contain a statement that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Parties further agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.5    Except as otherwise provided herein, all agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

9.6    The Settlement contemplated herein is not subject to or contingent upon confirmatory discovery or other discovery.

9.7    The Memorandum of Understanding executed by the Settling Parties shall remain confidential after this Stipulation is filed with the Court.

9.8    If this Stipulation is approved by the Court, any party or any of the Released Parties may file this Stipulation and/or Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.9    The Settling Parties agree that the Hon. Layn R. Phillips (Ret.) may file a declaration in support of any approval motions, provided that such declaration shall not disclose the confidential settlement negotiations between the Settling Parties. Nothing in this provision is

intended by any party to waive the right to protect from discovery and disclosure any information from the settlement negotiations that is so protected under applicable rules or laws.

9.10    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.11    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Stipulation.

9.12    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.13    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.14    This Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Party shall bear its own costs.

9.15    Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.16    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation all exchange signed counterparts.

9.17     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto and the Released Parties.

9.18     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

9.19     Pending final approval of the Settlement by the Court, all proceedings in this Action shall be stayed and all Class Members shall be barred and enjoined from prosecuting any of the Settled Claims against any of the Released Parties.

9.20      This Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

9.21     This Stipulation is deemed to have been prepared by counsel for all parties, as a result of arm's length negotiations among the parties. Whereas all parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

9.22     Whenever this Stipulation requires or contemplates that a Party shall or may give notice to the other, notice shall be provided by electronic mail, or next-day (excluding Saturday and Sunday) express delivery service as follows and shall be deemed effective upon such transmission or delivery to the address set forth below:

    If to Plaintiffs, then to:               Jeremy A. Lieberman
                                                   Murielle J. Steven Walsh

**POMERANTZ LLP**
600 Third Avenue 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
mjsteven@pomlaw.com

If to Individual Defendants, then to: John W. Spiegel
               Robert L. Dell Angelo
               John M. Gildersleeve
               **MUNGER TOLLES & OLSON LLP**
               355 South Grand Avenue 35th Floor
               Los Angeles, CA 90071-1560
               john.spiegel@mto.com
               robert.dellangelo@mto.com
               john.gildersleeve@mto.com

9.23 All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

9.24    The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed by their duly authorized attorneys.

Dated: April 4, 2016

POMERANTZ LLP

/s/ _____
    Jeremy A. Lieberman
    600 Third Ave., 20th Floor
    New York, NY 10016

*Attorney for Plaintiffs*


MUNGER TOLLES & OLSON LLP

/s/ _____
    John W. Spiegel
    Robert L. Dell Angelo
    John M. Gildersleeve
    **MUNGER TOLLES & OLSON LLP**
    355 South Grand Avenue 35th Floor
    Los Angeles, CA 90071-1560

*Attorneys for Defendants Jack D.*
*Massimino, Robert C. Owen, and Kenneth S.*
*Ord*

9.24 The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed by their duly authorized attorneys.

Dated: April 4, 2016

**POMERANTZ LLP**

/s/ _____

Jeremy A. Lieberman
600 Third Ave., 20th Floor
New York, NY 10016

*Attorney for Plaintiffs*

**MUNGER TOLLES & OLSON LLP**

/s/ _____

John W. Spiegel
Robert L. Dell Angelo
John M. Gildersleeve
**MUNGER TOLLES & OLSON LLP**
355 South Grand Avenue 35th Floor
Los Angeles, CA 90071-1560

*Attorneys for Defendants Jack D.
Massimino, Robert C. Owen, and Kenneth S.
Ord*

Case 15-10952-JTD   Doc 1196-3   Filed 06/07/16   Page 38 of 78

Murielle Steven Walsh (*pro hac vice*)
Jeremy A. Lieberman (*pro hac vice*)
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100

*Lead Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| FRANK ERICKSON, Individually and on Behalf of All Others Similarly Situated,<br><br>                                        Plaintiffs,<br><br>                    v.<br><br>CORINTHIAN COLLEGES, INC., JACK P. MASSIMINO, ROBERT C. OWEN and KENNETH S. ORD,<br><br>                                        Defendants. | Civil No. 2:13-cv-07466-GHK-PJW<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, an action is pending before this Court styled *Erickson v. Corinthian Colleges, Inc. et al.*, No. 2:13-cv-07466-GHK-PJW (the "Action");

WHEREAS, on May 4, 2015, Corinthian Colleges, Inc. ("Corinthian") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware in proceedings captioned *In re Corinthian Colleges, Inc. et al.*, Case No. 15-10952 (KJC) (the "Bankruptcy Action");

WHEREAS, on February 18, 2016, the Court granted Lead Counsel 45 days to locate a new class representative;

WHEREAS, Plaintiff Jeramey Lynch has moved for appointment as lead plaintiff and class representative, and he satisfies the requirements of 15 U.S.C. § 78u-4(a)(3) and Rule 23;

WHEREAS, Plaintiff Lynch and the Individual Defendants (together, the "Settling Parties") have applied under Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement of this Action, in accordance with a Second Amended Stipulation of Settlement dated April 4, 2016 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action between the Settling Parties and for dismissal of the Action against Defendants with prejudice; and

WHEREAS, the Settling Parties have complied with the Court's December 22, 2015 Order (dkt. 94);

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     Plaintiff Jeramey Lynch is hereby appointed Lead Plaintiff in place of Frank Erickson.

2.     The Court has reviewed the Stipulation and hereby preliminarily approves the Settlement set forth therein, subject to further consideration at the

Settlement Hearing. Unless otherwise defined, all terms used herein shall have the same meanings as set forth in the Stipulation.

3.     Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for purposes of settlement only, the following Class:

- All persons who purchased or otherwise acquired the common stock of Corinthian Colleges, Inc. ("Corinthian") from August 23, 2010 through April 14, 2015, both dates inclusive (the "Class Period").

Excluded from the Class are:

(a) Persons or entities who submit valid and timely requests for exclusion from the Class; and

(b) Defendants, all current and former directors and officers of Corinthian during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.

4.     A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2016, at _____ _.m., at the Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Courtroom 650, Los Angeles, CA 90012-4701, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether a Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Lead Counsel and Lead Plaintiff for their service to the Class; to hear any objections by Class Members to the Stipulation or Plan of Allocation or any award of fees and expenses to Lead Counsel or to Lead Plaintiff; and to consider such other matters as the Court may deem appropriate.

5.      The Settling Parties shall use reasonable efforts, acting in good faith, to obtain an order in the Bankruptcy Action authorizing payment of the Settlement Amount ("Bankruptcy Authorization Order"). If the Bankruptcy Authorization Order has not been entered one hundred (100) days before the Settlement Hearing, then within four (4) days thereafter, the Settling Parties shall notify the Court and move for a continuance of the Settlement Hearing and the related dates and deadlines set forth herein.

6.      Pursuant to Federal Rule of Civil Procedure 23(c), the Court appoints for settlement purposes only the firm of Garden City Group, LLC (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     The Individual Defendants shall cooperate reasonably and in good faith in providing documents and information to assist Plaintiffs in identifying Class Members;

(b)     No later than twenty-five (25) days after the entry of the Bankruptcy Authorization Order (the "Notice Date"), Lead Counsel or the Claims Administrator shall cause a copy of the Notice of Proposed Settlement of Class Action ("Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website;

(c)     By the Notice Date, the Claims Administrator shall cause the Publication Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service; and

(d)     Within thirty (30) days after the Notice Date, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.      Nominees who purchased or acquired Corinthian securities for the benefit of another Person during the Class Period shall be requested to send the Notice and Proof of Claim to such beneficial owners of Corinthian securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

8.      The form and content of the notice program described herein, and the methods set forth herein for notifying the Class of the Settlement, the application for a Fee and Expense Award for Lead Counsel and a Compensatory Award for Lead Plaintiff, and the Plan of Allocation meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

9.      All fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund as set forth in ¶¶ 2.6–2.8 of the Stipulation, and in no event shall any of the Released Parties bear any responsibility for such fees, costs, or expenses.

10.      All Class Members (except Persons who request exclusion pursuant to ¶ 13 below) shall be bound by all determinations and judgments in the Action concerning the Settlement—including but not limited to the releases provided for therein, whether favorable or unfavorable to the Class—regardless of whether such Persons seek or obtain, by any means including without limitation by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

11.     Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _____, 2016. Any Class Member who does not submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. Plaintiffs' Counsel shall not incur any liability for declining to accept any late-submitted claim.

12.     The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim; (iv) it must be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (v) it must be signed under penalty of perjury.

5

13.     Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

14.     Any Class Member may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than sixty (60) days after the Notice Date. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions and sales of Corinthian common stock between August 23, 2010 through April 14, 2015 (both dates inclusive), including the dates, the number of Corinthian securities purchased, acquired or sold, and the price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

15.     Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than seven (7) days before the Settlement Hearing.

16.     Any Class Member may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable, and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why the claims administrator's costs should not be approved, or why a Fee and Expense Award or Compensatory Award should not be granted; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the proposed

Settlement (or, if approved, the Judgment to be entered thereon), or order approving the Plan of Allocation, or any Fee and Expense Award or Compensatory Award, unless written objections and copies of any papers and briefs are mailed, with a postmark no later than sixty (60) days after the Notice Date, to:

    a. Pomerantz LLP, Jeremy A. Lieberman, 600 Third Avenue, 20th Floor, New York, NY 10016;

    b. Munger Tolles and Olson LLP, John W Spiegel, 355 South Grand Avenue 35th Floor, Los Angeles, CA 90071-1560; and

    c. United States District Court, Central District of California, Edward R. Roybal Federal Building and United States Courthouse, 255 E. Temple Street, Los Angeles, CA 90012.

17. Any member of the Class who does not make his, her, or its objection in the manner provided shall have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the Fee and Expense Award, or to the Compensatory Award, unless otherwise ordered by the Court.

18. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, or the granting of a Fee and Expense Award or Compensatory Award are required to indicate in their written objection their intention to appear at the hearing. Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

19. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

20.     All papers in support of the Settlement shall be filed and served no later than twenty-eight (28) calendar days before the Settlement Hearing, and any reply papers shall be filed and served no later than fourteen (14) calendar days before the Settlement Hearing.

21.     Lead Counsel shall file its papers in support of the Plan of Allocation, Lead Counsel's Fee and Expense Award, Lead Plaintiff's Compensatory Award, and the claims administrators' costs within thirty (30) days of the Notice Date. The Released Parties shall have no responsibility for the Plan of Allocation or any application for a Fee and Expense Award, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

22.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation and any application for a Fee and Expense Award or Compensatory Award proposed by Lead Counsel should be approved.

23.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶ 2.7 of the Stipulation.

24.     Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Parties or any other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with a proceeding to enforce the terms of the Stipulation. The

Released Parties, Lead Plaintiff, Class Members, and each of their counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

25.     All proceedings in the Action are stayed. Pending final determination of whether the Settlement should be approved, neither Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Settled Claims.

26.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the Settlement Hearing shall not be set earlier than the time and date set forth above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.


DATED: _____     _____

HON. GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**If you purchased or otherwise acquired Corinthian Colleges, Inc. ("Corinthian") common stock between August 23, 2010 and April 14, 2015 (both dates inclusive) (the "Class Period"), you could be entitled to a payment from a class-action settlement.**

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

- The Court will hold a Settlement Hearing on _____ to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide $3,500,000, plus interest earned thereon (the "Settlement Amount"), to pay claims of investors who purchased or otherwise acquired Corinthian Colleges, Inc. ("Corinthian") common stock during the Class Period.

- The Settlement represents an average recovery of $0.0427 per share of Corinthian common stock for the 82 million estimated shares that Plaintiffs allege were damaged and declined in value as a result of Defendants' alleged misconduct during the Class Period. This estimate solely reflects the average recovery per damaged share of Corinthian stock before deducting attorney fees and expenses, and is not an estimate of the actual recovery you should expect.

- To claim your share of the Settlement, you must submit a valid Proof of Claim and Release form by _____.

- Attorneys for Plaintiffs ("Lead Counsel") intend to ask the Court to award them fees of up to 30% of the Settlement Amount and reimbursement of up to $65,000 in litigation expenses. Lead Counsel have expended considerable time and effort in prosecuting this litigation on a contingent-fee basis and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel also intends to ask the Court to grant Lead Plaintiff an award not to exceed $3,000. Lead Counsel estimates that, depending on the number of class members and the number of claims filed, that claims administration may cost approximately $375,000–$450,000. Collectively, the attorneys' fees and litigation expenses, the award to Lead Plaintiff, and the costs of claims administration are estimated to average $0.0185 per damaged share of Corinthian common stock. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The average recovery, after deducting attorneys' fees and the other expenses set forth in the preceding paragraph, is approximately $0.0242 per damaged share of Corinthian common stock. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will depend on the aggregate losses of all Class Members, when you purchased and sold Corinthian common stock, and the total number of valid claims filed. See the Plan of Allocation on p. 12 below for more details.

- The Settlement resolves the lawsuit concerning whether Defendants violated the federal securities laws by allegedly issuing materially false and misleading statements. The lawsuit is

known as *Erickson v. Corinthian Colleges, Inc., et al.,* Case No. 2:13-cv-07466-GHK-PJW (the "Action"), and is pending in the United States District Court for the Central District of California. All Defendants in the Action deny the allegations in the lawsuit and deny any wrongdoing.

- Defendants and Plaintiffs disagree on liability and about how much money Plaintiffs could have recovered if they won at trial. Plaintiffs believe that, if they prevailed on all their claims and the Court accepted their theory of damages, they would have been able to collect a substantial amount of monies, before deductions for fees and expenses and assuming that the full amount of the judgment was collectable. Defendants believe that they have not engaged in any wrongdoing, committed any violation of law, or acted improperly in any way. They expressly have denied and continue to deny all charges of wrongdoing, fault or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.

- Read this notice carefully. Your legal rights will be affected whether you act or don't act. If you don't act, you may permanently forfeit your right to recover on any claim you might have.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. Proof of Claim forms must be postmarked or submitted online on or before _____. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Parties about the legal claims in this case. Requests for Exclusion must be postmarked by [sixty days after the Notice Date]. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, the request for attorneys' fees and expenses, the request for an incentive award, or the costs of claims administration. You will still be a member of the Class. Objections must be postmarked by [sixty days after the Notice Date]. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be postmarked by [sixty days after the Notice Date]. |
| **DO NOTHING** | Get no payment. Give up your rights. |

## INQUIRIES

For further information regarding the Action or this Notice or to review the Second Amended Stipulation of Settlement dated April 4, 2016 (the "Stipulation"), please visit www._____.com or contact the Claims Administrator toll-free at 1-_____.

You may also contact Lead Counsel at Pomerantz LLP, 600 Third Ave., 20th Floor, New York, NY 10016, (212) 661-1100, http://pomerantzlawfirm.com. **Please do not contact the Court or Defendants regarding this Notice**.

## BASIC INFORMATION

| 1. | **Why did I get this notice package?** |
| --- | --- |

You or someone in your family may have purchased or otherwise acquired Corinthian common stock between August 23, 2010 and April 14, 2015 (the "Class Period").

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this class-action lawsuit and about all of their options before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after objections and appeals—if any—are resolved, the Claims Administrator appointed by the Court will make the payments provided for in the Settlement.

| 2. | **What is this lawsuit about?** |
| --- | --- |

This case is known as *Erickson v. Corinthian Colleges, Inc., et al.*, Civil Action No. 2:13-cv-07466-GHK-PJW (the "Action"). The United States District Court for the Central District of California is in charge of the Action, and the case has been assigned to the Honorable George H. King. The individual representing the Class is the "Lead Plaintiff," and the company and individuals he sued and who have now settled are called the Defendants.

This Action brings claims against Corinthian Colleges, Inc. ("Corinthian" or the "Company") and three of Corinthian's former executives (the "Individual Defendants"): Jack P. Massimino, who served as Corinthian's Chairman and Chief Executive Officer; Kenneth S. Ord, who served as Corinthian's Chief Financial Officer, Chief Administrative Officer, and Executive Vice President; and Robert C. Owen, who served as Corinthian's Executive Vice President, Chief Accounting Officer, and CFO. Plaintiffs assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5.

Corinthian was a for-profit, publicly-traded education company that operated approximately 100 campuses in the United States and Canada under the Everest, Wyotech, and Heald brands. The majority of Corinthian's revenue was generated from federal education funding under Title IV. Plaintiffs allege that Defendants made false and misleading statements about Corinthian's business operations and compliance with government regulations. Specifically, Plaintiffs allege that: (1) Defendants misrepresented Corinthian's job placement statistics; (2) Defendants manipulated Corinthian's federal student loan programs to comply with federal regulations; and (3) Defendants engaged in deceptive enrollment practices. Plaintiffs allege that the Individual Defendants were aware of these misrepresentations through their positions in the Company. Finally, Plaintiff allege that a series of eight disclosures and events from May 2011 to October 2013 revealed misconduct at Corinthian to the market, causing shareholders' losses.

Defendants have denied and continue to deny that they engaged in any wrongdoing of any kind, that they violated or breached any law, regulation, or duty owed to Plaintiffs or to any Class Members, or that they have any liability as a result of the allegations in the Action.

Defendants also have denied and continue to deny that Plaintiffs or Class Members suffered any damage as a result of the conduct alleged in the Action.

The parties also disagree about how much money Plaintiffs could have recovered if they won at trial. Plaintiffs estimate that, if they prevailed on each claim alleged in the complaint[1], the potential recovery would be $60 million, which would result in an average of $0.77 for each of the 77.7 million estimated damaged shares. Defendants disagree with Plaintiffs' estimate and argue that, among other things, it is based upon an estimate of share-price inflation that improperly fails to disaggregate the effect on Corinthian's share price of factors unrelated to the alleged fraud and is premised in part on statistically insignificant share-price declines.

| 3. | **Why is this a class action?** |
|---|---|

In a class action, one or more people called plaintiffs sue on behalf of all people who have similar claims. All of the people with similar claims are referred to as a class or class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | **Why is there a settlement?** |
|---|---|

This Action has been litigated since June 2013. On May 4, 2015, Corinthian declared bankruptcy. This Action has not gone to trial, and the Court has not decided in favor of the Individual Defendants or of the Class. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation.

Lead Counsel believes that the Settlement provides the Class with a benefit now, instead of after years of further uncertain litigation, and is in the best interests of all Class Members in light of the real possibility that continued litigation could result in no recovery at all.

Defendants have denied and continue to deny each and all of the allegations made and claims brought by Plaintiffs, maintain that they have meritorious defenses, and contend that many of the factual allegations are materially inaccurate. Defendants have also denied and continue to deny, among other things, the allegations that Plaintiffs or the Class have suffered damages, that the price of Corinthian common stock was artificially inflated by reason of alleged false or misleading statements or otherwise, or that Plaintiffs or the Class were harmed by the conduct alleged. Nonetheless, Defendants have concluded that further litigation of this Action would be protracted and expensive and that the Action should be fully and finally settled under the terms and conditions of this Settlement.

The Settlement shall in no event be construed as, or deemed to be evidence of, an admission or concession by Defendants with respect to any claim of any fault or liability or wrongdoing or damage to the Class Members in this Action.

## WHO IS IN THE SETTLEMENT

---

[1] The First Amended Class Action Complaint for Violation of the Federal Securities Laws, dated December 3, 2013. Note that the First Amended Complaint defines the class period as February 1, 2011 through October 11, 2013, whereas the Settlement covers a broader Class Period of August 23, 2010 through April 14, 2015.

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

| 5. | **How do I know if I am part of the Settlement?** |
|---|---|

The Class includes all persons or entities that purchased or otherwise acquired Corinthian common stock during the period commencing August 23, 2010 through the market close on April 14, 2015, except those persons and entities that are excluded, as described below.

If one of your mutual funds own Corinthian common stock, that alone does not make you a Class Member. You are a Class Member only if you directly purchased or otherwise acquired Corinthian common stock during the Class Period. Contact your broker to see if you have made any of these purchases.

If you sold Corinthian common stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you purchased or otherwise acquired Corinthian common stock during the Class Period.

| 6. | **Are there exceptions to being included?** |
|---|---|

Yes. You are not a Class Member if you are a Defendant; a member of a Defendant's immediate family; a Defendant's legal representative, heir, predecessor, successor, or assign; a former director or officer of the Company during the Class Period; or any entity in which any Defendant has or had a controlling interest. Also, if you validly exclude yourself from the Class in accordance with the requirements set forth below, you are not a part of the Class.

| 7. | **What if I am still not sure if l am included?** |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-_____, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | **What does the Settlement provide?** |
|---|---|

In exchange for the Settlement and the release of the Settled Claims (defined below) as well as dismissal of the Action, Defendants have agreed that a payment of $3.5 million will be made on their behalf to be divided, after taxes, fees, and expenses, *pro rata* among all Class Members who send in a valid Proof of Claim form.

| 9. | **How much will my payment be?** |
|---|---|

Your share of the fund will depend on several factors, including the following: how many Class Members submit timely and valid Proof of Claim forms; the total Recognized Losses represented by the valid Proof of Claim forms that the Class Members send in; the number of shares of Corinthian common stock that you purchased or acquired during the Class Period; how much you paid for the shares; when you purchased; and if you sold your shares and for how much.

By following the instructions in the Plan of Allocation, you can calculate what is called your Recognized Loss. It is unlikely that you will get a payment for all of your Recognized Loss.

After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses. See the Plan of Allocation at p. 12 for more information.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 10. | How can I get a payment? |
|-----|--------------------------|

To qualify for a payment, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www._____.com. Read the instructions carefully, fill out the Proof of Claim form, include all the documents that the form asks for, sign it, and mail or submit it online so that it is postmarked no later than _____. The claim form may be submitted online at www._____.com.

| 11. | When would I get my payment? |
|-----|------------------------------|

The Court will hold a Settlement Hearing on _____, 2016 to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up to get a payment or to stay in the Class? |
|-----|---------------------------------------------------------------|

Unless you exclude yourself, you will remain a Class Member, and this means that, if the Settlement is approved, you will give up all "Settled Claims," including "Unknown Claims," against the "Released Parties" (as all of these terms are defined below):

- "Settled Claims" means and includes any and all claims, debts, demands, controversies, obligations, losses, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims and related to or based upon the purchase or other acquisition of Corinthian Colleges, Inc. securities from August 23, 2010 through April 14, 2015, and any claims, debts, demands, controversies, obligations, losses, rights or causes of action that Plaintiff, Class Members or any of them may have against the Released Parties or any of them which involve or relate in any way to the defense of the Action or the Settlement of the Action or Plaintiffs or Class Members' investment in Corinthian. However, claims to enforce the Settlement are not released.

- "Released Parties" means Corinthian Colleges, Inc., the Individual Defendants, and each of Corinthian Colleges, Inc.'s or an Individual Defendant's past or present directors, officers, employees, partners, principals, members, insurers, co-

insurers, re-insurers, controlling shareholders, attorneys, advisors, accountants, auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, estates, executors, administrators, heirs, related or affiliated entities, any entity in which Corinthian Colleges, Inc. or an Individual Defendant has a controlling interest, any member of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any member of an Individual Defendant's immediate family. All Released Parties (other than the Individual Defendants) are intended third-party beneficiaries of the Settlement.

- "Unknown Claims" means and includes any and all claims that Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision to object or not to object to this Settlement. Plaintiff, Class Members, and each of them may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims. Nevertheless, with respect to any and all Settled Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, waived all provisions, rights and benefits of California Civil Code § 1542 and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Settling Parties expressly acknowledge, and the Class Members shall be deemed to have, and by operation of the Judgment shall have acknowledged, that the waiver and release of Unknown Claims constituting Settled Claims was separately bargained for and a material element of the Settlement.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and you want to keep the right to sue the Defendants and the other Released Parties on your own about the legal issues in this case, then you must take steps to remove yourself from the Settlement. This is called excluding yourself—sometimes referred to as "opting out."

| 13. | **How do I get out of the proposed Settlement?** |

To exclude yourself from the Class, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Corinthian Colleges, Inc. Securities Litigation*." Your letter must include the date(s), price(s), and number(s) of all purchases, other acquisitions, and sales of Corinthian common stock during the Class Period. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than [sixty days after the Notice Date]** to:

*Corinthian Colleges, Inc. Securities Litigation*
c/o Garden City Group, LLC
Claims Administrator
P.O. Box ____
_____

If you ask to be excluded, you will not get any payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Parties in the future.

| 14. | **If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later?** |

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Parties for any and all Settled Claims. If you have a pending lawsuit against the Released Parties, speak to your lawyer in that case immediately. You must exclude yourself from this Action to continue your own lawsuit. Remember, the exclusion deadline is [sixty days after the Notice Date].

| 15. | **If I exclude myself, can I get money from the proposed Settlement?** |

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money. But you may sue or be part of a different lawsuit against the Defendants and the other Released Parties.

## THE LAWYERS REPRESENTING YOU

| 16. | **Do I have a lawyer in this case?** |

The Court ordered that the law firm of Pomerantz LLP represent the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | **How will the lawyers be paid?** |

Lead Counsel will ask the Court for an award of attorneys' fees in an amount not greater than thirty percent (30%) of the Settlement Fund and for expenses and costs in an amount not to exceed $65,000 in connection with the litigation, plus interest on such fees, costs, and expenses at the same rate earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

| 18. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can object to any aspect of the proposed Settlement, including the proposed Plan of Allocation, Lead Counsel's application for an award of fees and expenses, Lead Plaintiff's application for an incentive award, and the costs of claims administration. To do so, you must send a signed letter saying that you object to the proposed Settlement in the *Corinthian Colleges, Inc. Securities Litigation*. Make sure you:

- include your name, address, telephone number, and signature;

- identify the date(s), price(s), and number(s) of shares of Corinthian common stock that you purchased or otherwise acquired during the Class Period;

- provide a detailed statement of your objections to any matters before the Court;

- indicate whether you intend to appear at the Settlement Hearing; and

- include any documents or writings you wish the Court to consider.

Your objection must be mailed to each of the following addresses and **postmarked no later than [sixty days after the Notice Date]**:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| United States District Court Central District of California Edward R. Roybal Federal Building and United States Courthouse 255 E. Temple Street Los Angeles, CA 90012 | Jeremy A. Lieberman POMERANTZ LLP 600 Third Avenue 20th Floor New York, NY 10016 | John W. Spiegel MUNGER TOLLES & OLSON LLP 355 South Grand Avenue 35th Floor Los Angeles, CA 90071 |

| 19. | What is the difference between objecting and excluding myself? |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to.

| 20. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at___ _.m. on _____, 2016, at the at the Edward R. Roybal Federal Building and United States Courthouse, 255 E. Temple Street, Courtroom 650, Los Angeles, CA 90012, for the following: to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair,

reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether an Order and Final Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs, and expenses that should be awarded to Lead Counsel and Lead Plaintiff for their service to the Settlement Class; to hear any objections by Settlement Class Members to the Stipulation or Plan of Allocation or any award of fees and expenses to Lead Counsel or to Lead Plaintiff; and to consider such other matters as the Court may deem appropriate.

If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel. After the Settlement Hearing, the Court will decide whether to approve the Settlement.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the hearing? |
|---|---|

No. Lead Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | May I speak at the hearing? |
|---|---|

If you object to any aspect of the Settlement, you may request the Court's permission to speak at the Settlement Hearing. To do so, you must file a timely written objection (see question 18 above) and include a statement that you intend to appear at the *Corinthian Colleges, Inc. Securities Litigation* hearing. If you intend to present evidence at the hearing, your written objections must identify all witnesses you may call to testify as well as all exhibits you intend to introduce into evidence. You cannot speak at the hearing if you do not file a timely written objection. You also cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will get no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Released Parties about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| 24. | Are there more details about the proposed Settlement? |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Second Amended Stipulation of Settlement dated April 4, 2016 (the "Stipulation"). The Stipulation is the controlling document describing the proposed Settlement and its terms govern anything to the

contrary in this Notice. You can get a copy of the Stipulation and obtain answers to common questions regarding the proposed Settlement by visiting www._____.com or by contacting the Claims Administrator toll-free at 1-_____.

| 25. | **How do I get more information?** |
|-----|-----------------------------------|

For even more detailed information concerning the matters involved in this Action, see the Stipulation, the pleadings in support of the Settlement, the Orders entered by the Court, and the other papers filed in the Action, which will be posted on the settlement website _____, and which may be inspected at the United States District Court for the Central District of California, Edward R. Roybal Federal Building and United States Courthouse, 255 E. Temple Street, Los Angeles, CA 90012, during regular business hours. For a fee, all papers filed in this Action are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

The Settlement Amount of $3.5 million and any interest earned thereon shall be the "Settlement Fund." The Settlement Fund, less all taxes, approved costs, fees, and expenses (the "Net Settlement Fund") will be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants").

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors or company-specific factors unrelated to the alleged fraud. The calculations made pursuant to the Plan of Allocation are generally based upon the measure of damages set forth in Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss" calculated using the Court-approved Plan of Allocation. The Recognized Loss will be calculated for each share of Corinthian common stock purchased or otherwise acquired during the Class Period (*i.e.*, from August 23, 2010 through April 14, 2015, inclusive). The calculation of Recognized Loss will depend upon several factors, including when the shares of Corinthian common stock were purchased or otherwise acquired during the Class Period, and in what amounts, and whether those shares were sold, and if sold, when they were sold, and for what amounts.

The Recognized Loss formula (below) is not intended to estimate the amount a Class Member might have been able to recover after a trial nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Court may approve the Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan will be posted on the settlement website at www._____.com.

The following proposed Plan of Allocation reflects the assumption that the price of Corinthian common stock was artificially inflated during the Class Period. The Plan was created with the assistance of a consulting damages expert who analyzed the movement of Corinthian's common stock after the alleged corrective disclosures.

{00177356;9 }

- 11 -

The estimated alleged artificial inflation in the price of Corinthian common stock during the Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Corinthian common stock during the Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change of Corinthian common stock, net of market- and industry-wide factors, in reaction to subsequent public announcements that allegedly corrected the alleged misrepresentations.

Federal securities laws allow investors to recover for losses caused by disclosures which correct previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, shares of Corinthian common stock purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Lead Counsel have determined that such price declines occurred on the following dates: (i) June 26, 2012; (ii) January 31, 2013; (iii) June 11, 2013; (iv) July 23, 2013; (v) October 11, 2013; (vi) June 19, 2014; (vii) September 16, 2014; (viii) November 20, 2014; and (ix) April 15, 2015. Accordingly, if Corinthian common stock was sold before June 26, 2012 (the earliest corrective disclosure date), the Recognized Loss for those shares is $0.00, and any loss suffered is not compensable under the federal securities laws. Similarly, if Corinthian common stock was purchased and then sold between dates of corrective disclosures, the Recognized Loss for those shares is $0.00, and any loss suffered is not compensable under the federal securities laws.[2]

The computation of the estimated alleged artificial inflation in the price of Corinthian common stock during the Class Period also takes into account Lead Counsel's assessment of the differential litigation risk associated with the price declines after October 11, 2013. The operative complaint in this matter[3] defines the class period as February 1, 2011 through October 11, 2013, inclusive. It does not assert claims relating to the price declines after October 11, 2013, and such claims have not been litigated. Accordingly, the price-inflation figures in Table 1 reflect the assumption that only 10% of the price declines on June 19, 2014, September 16, 2014, November 20, 2014, and April 15, 2015 were due to the disclosure of information correcting an alleged misrepresentation.

| Table 1 | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation[4]** |
| August 23, 2010 | June 25, 2012 | $1.2547 |
| June 26, 2012 | January 30, 2013 | $0.8840 |
| January 31, 2013 | June 10, 2013 | $0.6477 |

---

[2] The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") has a *de minimis* impact on the calculation of Recognized Loss and is therefore not incorporated into the Plan of Allocation.

[3] The First Amended Class Action Complaint for Violation of the Federal Securities Laws, dated December 3, 2013 (the "Complaint").

[4] If the price inflation reflected in Table 1 exceeds the purchase price paid for shares of Corinthian common stock, then the price inflation shall be equal to the purchase price paid for such shares of Corinthian common stock, excluding all fees, taxes and commissions.

| June 11, 2013 | July 22, 2013 | $0.3775 |
| July 23, 2013 | October 10, 2013 | $0.1871 |
| October 11, 2013 | June 18, 2014 | $0.0613 |
| June 19, 2014 | September 15, 2014 | $0.0048 |
| September 16, 2014 | November 19, 2014 | $0.0011 |
| November 20, 2014 | April 14, 2015 | $0.0001 |
| April 15, 2015 | Thereafter | $0.0000 |

**Calculation of Recognized Loss for Corinthian Common Stock Purchases**

An Authorized Claimant's Recognized Loss per share of Corinthian common stock purchased or acquired during the Class Period will be calculated as follows:[5]

    i.    For each share of Corinthian common stock purchased/acquired during the Class Period and subsequently sold during the Class Period, the Recognized Loss shall be calculated as the amount of per-share price inflation on the date of purchase or acquisition as appears in Table 1 above, *minus* the amount of per-share price inflation on the date of sale or disposition as appears in Table 1 above. If this calculation results in a negative number, then the Recognized Loss shall be $0.

    ii.    For each share of Corinthian common stock purchased/acquired during the Class Period and still held as the close of trading on April 14, 2015 (i.e., the last day of the Class Period), the Recognized Loss shall be the amount of per-share price inflation on the date of purchase or acquisition as appears in Table 1 above.

## ADDITIONAL PLAN OF ALLOCATION PROVISIONS

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of shares of Corinthian common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of those shares of Corinthian common stock for the calculation of an Authorized Claimant's Recognized Loss, nor shall such receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of Corinthian common stock during the Class Period unless (a) the donor or decedent purchased or otherwise acquired such Corinthian common stock during the Class Period; (b) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Corinthian common stock; and (c) it is specifically so provided in the instrument of gift or assignment.

In the event that a claimant has more than one purchase/acquisition or sale of Corinthian common stock during the Class Period, all purchases/acquisitions and sales shall be matched

---

[5] Any transactions in Corinthian common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the previous regular trading session.

using a First In, First Out ("FIFO") method of accounting. Under the FIFO method, sales will be matched first against the claimant's opening holdings of Corinthian common stock on the first day of the Class Period, if any, and then will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Corinthian common stock. The date of a "short sale" is deemed to be the date of sale of Corinthian common stock. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that an Authorized Claimant has an opening short position in Corinthian common stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

Corinthian common stock is the only security eligible for recovery under the Plan of Allocation. Corinthian option contracts with Corinthian common stock as the underlying security are not securities eligible to participate in the Settlement. With respect to Corinthian common stock purchased or sold through the exercise of an option, the purchase/sale date of the Corinthian common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Defendants, Defendants' Counsel, the Released Parties, the Claims Administrator or any other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Proof of Claim form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Corinthian common stock during the Class Period (CUSIPs: 218868107) for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such securities during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and

addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Corinthian Colleges, Inc. Securities Litigation*
c/o Garden City Group, LLC
Claims Administrator
P.O. Box _____
_____
(1-_____)
www._____.com.

Dated: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO:** **All persons or entities who purchased or otherwise acquired the common stock of Corinthian Colleges, Inc. between August 23, 2010 and April 14, 2015.**

A **Settlement Hearing** shall be held before the Honorable George H. King of the Central District of California on _____, 2016 at _____ ___.m. in the Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Courtroom 650, Los Angeles, CA 90012, in the action captioned *Erickson v. Corinthian Colleges, Inc. et al.*, No. 2:13-cv-07466-GHK-PJW (the "Action"). At the Settlement Hearing, the Court will consider whether: (1) to permanently certify a class, for settlement purposes only, of all persons or entities who purchased or otherwise acquired the common stock of Corinthian Colleges, Inc. ("Corinthian") between August 23, 2010 and April 14, 2015, both dates inclusive (the "Class Period"); (2) to approve as fair, reasonable, and adequate the proposed settlement of the Action in exchange for $3.5 million; (3) to dismiss with prejudice the Action and to enter judgment releasing the Settled Claims against the Defendants and Released Parties; and (4) to approve Lead Counsel's applications for the payment of attorneys' fees and the reimbursement of costs and expenses.

If you purchased or otherwise acquired Corinthian common stock during the Class Period, **you will be bound by the Settlement** unless you send a letter stating that you "request exclusion from the Class in the *Corinthian Colleges, Inc. Securities Litigation,*" postmarked by [sixty days after the Notice Date], to: *Corinthian Colleges, Inc. Securities Litigation*, c/o Garden City Group, LLC, Claims Administrator, P.O. Box ____, _____.

If you are a Class Member and do not exclude yourself, you can object to the Settlement by filing a signed letter with the Court saying that you object to the proposed Settlement in the *Corinthian Colleges, Inc. Securities Litigation*. Your objection must be mailed to each of the following addresses and **postmarked no later than [sixty days after Notice Date]**:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| United States District Court Central District of California Edward R. Roybal Federal Building and United States Courthouse 255 E. Temple Street Los Angeles, CA 90012 | Jeremy A. Lieberman POMERANTZ LLP 600 Third Avenue 20th Floor New York, NY 10016 | John W. Spiegel MUNGER TOLLES & OLSON LLP 355 South Grand Avenue 35th Floor Los Angeles, CA 90071 |

Any objection must include: (1) your name, address, telephone number, and signature; (2) proof of ownership of Corinthian common stock and membership in the Class; (3) a detailed statement of your objections to any matters before the Court; (4) a written notice of your intention to appear at the hearing (if you intend to appear); and (5) all documents or writings you wish the Court to consider.

For copies of the complete settlement documents, please visit the Claims Administrator's website at www._____.com or contact the Claims Administrator toll-free at 1-_____.

Any questions regarding the Settlement should be directed to Lead Counsel. **Please do not contact the Court or the Clerk's Office or Defendants' Counsel regarding this Notice.**

Dated: _____          BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         CENTRAL DISTRICT OF CALIFORNIA

**Must Be
Postmarked
No Later Than
_____ __, 2016**

*Corinthian Colleges, Inc. Securities Litigation*
c/o Garden City Group, LLC
PO Box 10189
Dublin, OH 43017-3189
1-888-470-0243

Claim Number:

Control Number:

# PROOF OF CLAIM AND RELEASE

## I.   GENERAL INSTRUCTIONS

1.     You are urged to read carefully the accompanying Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice").  All capitalized terms used herein shall have the same meaning as defined in the Notice.

2.     To file a claim and recover under the Settlement of this Action, you must submit this Proof of Claim Form and Release (the "Proof of Claim").  However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Action.

**3.     You must mail your completed and signed Proof Of Claim, postmarked on or before _____, 2016, addressed to "Settlement Administrator" at:**

**Corinthian Colleges, Inc. Securities Litigation
c/o Garden City Group, LLC
PO Box 10189
Dublin, OH 43017-3189**

4.     If you are a member of the Class and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Action.

5.     If you are **not** a member of the Settlement Class, **do not** submit a Proof of Claim.

**6.**     If you need **assistance filling out this Proof of Claim, please contact the Settlement Administrator.**

## II.   INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM FORM

**Important additional information regarding the Settlement and this Proof of Claim is contained in the accompanying Notice.  Please refer to the Plan of Allocation set forth in the accompanying Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.**

1.     In order to be eligible to participate in the distribution of the Net Settlement Fund, a claimant ("Claimant") must have purchased or otherwise acquired Corinthian common stock between August 23, 2010 and April 14, 2015, both dates inclusive.

**Important** - *This form should be completed IN CAPITAL LETTERS using BLACK or DARK BLUE ballpoint/fountain pen. Characters and marks used should be similar in the style to the following:*

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z 1 2 3 4 5 6 7 0

Case 2:13-cv-07466-GHK-PJW Document 99-3 Filed 04/04/16 Page 26 of 78 Page ID #:4304
Case 15-10952-JTD Doc 1196-3 Filed 06/07/16 Page 66 of 78

2

2.      You must attach to your claim form copies of brokerage confirmations, monthly statements or other documentation of all Corinthian common stock that you purchased, acquired and sold, as well as your holdings of such stock as of August 23, 2010 and April 14, 2015, in order for your claim to be valid. If such documents are not available, a complete list of acceptable supporting documentation can be found on the Settlement Administrator's website: www._____.com.  Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

3.      If your trading activity during the Class Period exceeds 50 transactions, you must provide all purchase and sale information required in the Schedule of Transactions in an electronic file. For a copy of instructions and the parameters concerning an electronic submission, contact the Settlement Administrator by phone at: 1-888-470-0243.

4.      The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery. All claims are subject to verification and investigation. You may be requested to provide further information.

5.      All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of shares of Corinthian common stock. (Brokerage firms, banks and other nominees are requested to transmit copies of the Notice and Proof of Claim to their present or former customers who were such beneficial owners.) If shares of Corinthian common stock were owned jointly, all joint owners must complete and sign the Proof of Claim.

6.      Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (e.g., powers of attorney or currently effective letters testamentary or letters of administration) to do so.

7.      You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, or a custodial account, etc. Joint tenants, co-owners, or custodians UGMA should file a single claim. Claimants who file one or more claims (e.g., one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

8.      The date of purchase and/or sale of shares of Corinthian common stock is the "trade" date and not the "settlement" date.

9.      The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

10      The date of covering a "short sale" is deemed to be the date of purchase of Corinthian common stock; and the date of a "share sale" is deemed to be the date of sale of Corinthian common stock. Shares originally sold short will have a Recognized Loss of zero.

11.      No cash payment will be made on a claim where the potential distribution is less than ten U.S. dollars (USD$10.00).

12.      If you have any questions or need additional Proofs of Claim, contact the Settlement Administrator via the information set forth in Section II, paragraph 3, above.  You may make photocopies of this form.

Case 2:13-cv-07460-SHR-PJW   Document 99-3   Filed 04/04/16   Page 3 of 78 Page ID #:4305
Case 15-10952-JTD   Doc 1196-3   Filed 06/07/16   Page 67 of 78

3

## PART I - CLAIMANT IDENTIFICATION

**Claimant or Representative Contact Information:**

The Claims Administrator will use this information for all communications relevant to this Claim (including the check, if eligible for payment). If this information changes, you <u>MUST</u> notify the Claims Administrator in writing at the address above.

**Claimant Name(s)** (as you would like the name(s) to appear on the check, if eligible for payment):

**Street Address:**

**City:**                                                                                                          **Last 4 digits of Claimant SSN/TIN:**[1]

**State:**          **Zip Code:**          **Country (if Other than U.S.):**

**Record Owner's Name** (if different from the Claimant Name(s) listed above:):

**Daytime Telephone Number:**                              **Evening Telephone Number:**

**Email Address**   (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

**NOTICE REGARDING ELECTRONIC FILES:**  Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at **www.[INSERT HERE].com** or you may e-mail the Claims Administrator's electronic filing department at eClaim@gardencitygroup.com. Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at eClaim@gardencitygroup.com to inquire about your file and confirm it was received and acceptable.

[1]The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

**To view GCG's Privacy Notice, please visit http://www.gardencitygroup.com/privacy**

## PART II - SCHEDULE OF TRANSACTIONS IN CORINTHIAN COMMON STOCK

**A.** **BEGINNING HOLDINGS:** Number of shares of Corinthian common stock held at the close of trading on **August 23, 2010**, long or short: (Must be documented).

Shares

**B.** **PURCHASES:** Purchases of Corinthian common stock during the period **August 23, 2010** through **April 14, 2015**, inclusive (Must be documented):

| Trade Date List Chronologically (Month/Day/Year) | Number of Shares Purchased | Price Per Share | Total Purchase Price (Excluding taxes, fees, and commissions) |
|---|---|---|---|
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |

**C.** **SALES:** Sales of Corinthian common stock during the period **August 23, 2010** through **April 14, 2015**, inclusive (Must be documented).

| Trade Date List Chronologically (Month/Day/Year) | Number of Shares Sold | Price Per Share | Total Sales Price (Excluding taxes, fees, and commissions) |
|---|---|---|---|
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |

**D.** **ENDING HOLDINGS:** Number of shares of Corinthian common stock held at close of trading on **April 14, 2015,** long or short (Must be documented).

Shares

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX
IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED

## PART III - SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

By submitting this Proof of Claim Form and Release, I/we, and every Class member I/we represent, submit to the jurisdiction of the United States District Court for the Central District of California for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement (the "Stipulation"). I/We further agree to be bound by the orders of the Court, agree that this Proof of Claim Form, my/our status or the status of the Class member I/we represent as a Claimant, and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

## PART IV - RELEASE

By signing this Proof of Claim Form and Release, and in consideration of the establishment of the consideration set forth in the Settlement, as of the effective date thereof, the undersigned claimant ("Claimant"), on behalf of Claimant and Claimant's predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, and administrators, hereby fully, finally, and forever releases, relinquishes, and discharges all claims, debts, demands, controversies, obligations, losses, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, that were, could have been, or could in the future be asserted against Corinthian Colleges, Inc., Jack D. Massimino, Robert C. Owen, Kenneth S. Ord, each of their past or present directors, officers, employees, partners, principals, members, insurers, co-insurers, re-insurers, controlling shareholders, attorneys, advisors, accountants, auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, estates, executors, administrators, heirs, related or affiliated entities, any entity in which any Defendant has a controlling interest, any member of any Defendant's immediate family, and any trust of which any Defendant is the settlor or which is for the benefit of any member of any Defendant's immediate family (the "Released Parties") by Lead Plaintiff or any Class Member in any court of competent jurisdiction or any other adjudicatory tribunal related to or based upon the purchase or other acquisition of Corinthian Colleges, Inc. securities from August 23, 2010 through April 14, 2015, both dates inclusive, and any claims, debts, demands, controversies, obligations, losses, rights or causes of action that Lead Plaintiff, Class Members or any of them may have against the Released Parties or any of them which involve or relate in any way to the defense of the Action or the Settlement of the Action or Lead Plaintiff's or Class Members' investment in Corinthian (the "Settled Claims"), provided however, that Plaintiffs shall retain the right to enforce in the Court the terms of the Stipulation. With respect to any and all Settled Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542 or of any similar, comparable or equivalent law of any state or territory of the U.S. or principle of common law or foreign law. California Civil Code §1542 provides:

A **general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Settled Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

The releases set forth in the Stipulation of Settlement shall cover all claims both known and unknown, in the form mutually agreed upon by all Parties to the Stipulation of Settlement.

## PART V - REPRESENTATIONS

I/We acknowledge that I/we have read the Notice, and that pursuant thereto I/we file this claim to participate in the Settlement.

I/We hereby warrant and represent that neither I/we, nor any person I/we represent, is a Defendant (as defined in the Notice) with respect to any of the claims asserted in the Litigation, a member of the immediate family of any of the Individual Defendants, anyone excluded from the Settlement Class as it is defined in the Stipulation, or a person or entity who has requested exclusion from the Class.

I/We hereby warrant and represent that I am/we are authorized to execute and deliver this Proof of Claim Form and Release.

## PART VI - CERTIFICATION & SIGNATURE

I (We) certify that I am/we are not subject to backup withholding. **(If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence.).**

**I/We certify that I/we purchased or otherwise acquired the Corinthian common stock listed in the above schedule on or from the NYSE during the period between August 23, 2010 through April 14, 2015.**

I/We declare and affirm under penalties of perjury that the foregoing information and the documents attached hereto, including the Social Security or Taxpayer Identification Number shown on this Proof of Claim, are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim was executed this _____ day of _____, 201_  in:

_____. (Month) (Year)                          (City, State, Country)


_____                    _____
Signature of Claimant                                                      Date


_____
Print your name here


_____                    _____
Signature of Joint Claimant, if any                                      Date


_____
Print your name here


*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*


_____                    _____
Signature of person signing on behalf of Claimant          Date


_____
Print your name here


_____
Capacity of person signing on behalf of Claimant, if other than
an individual, *e.g.*, executor, president, custodian, etc.

| REMINDER CHECKLIST |
|---|

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

1. Please remember to sign the above Release and Certification (or W-8 Certification).

2. Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the Settlement Administrator's website.

3. DO NOT SEND ORIGINALS OF SECURITIES CERTIFICATES OR ANY SUPPORTING DOCUMENTS.

4. Keep copies of your completed Proof of Claim form and all documentation submitted for your records.

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.** The Claims Administrator will acknowledge receipt of your Proof of Claim by mail within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard. If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll-free at **1-888-470-0243**.

6. If your address changes or if these documents were sent to an old or incorrect address, you must send the Claims Administrator **written** notification of your new address. Otherwise, any funds allocated to your claim are subject to forfeiture.

7. **Do not use highlighter on the Proof of Claim or supporting documentation.**

8. If you have any questions or concerns regarding your Proof of Claim, please contact the Claims Administrator at the address listed below or at **1-888-470-0243** or visit **http://www._____.com/**

THIS PROOF OF CLAIM MUST BE POSTMARKED ON OR BEFORE
**_____ __, 2016** AND MUST BE MAILED TO:

*Corinthian Colleges, Inc. Securities Litigation*
**c/o Garden City Group, LLC**
**PO Box 10189**
**Dublin, OH 43017-3189**

Murielle Steven Walsh (*pro hac vice*)
Jeremy A. Lieberman (*pro hac vice*)
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100

*Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| FRANK ERICKSON, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>CORINTHIAN COLLEGES, INC., JACK P. MASSIMINO, ROBERT C. OWEN and KENNETH S. ORD,<br><br>                              Defendants. | Civil No. 2:13-cv-07466-GHK-PJW<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, 2016, on the application of the Settling Parties for approval of the Settlement set forth in the Second Amended Stipulation of Settlement dated April 4, 2016 (the "Stipulation"). This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all Class Members. Due and adequate notice having been given to the Class pursuant to the Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises, it is hereby ORDERED that:

1.     This Final Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference the definitions in the Stipulation. All capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.     Pursuant to Federal Rule of Civil Procedure 23, the Court certifies, for purposes of settlement only, the following Class:

> All persons who purchased or otherwise acquired the common stock of Corinthian Colleges, Inc. ("Corinthian") from August 23, 2010 through April 14, 2015, both dates inclusive (the "Class Period").

Excluded from the Class are:

> (a) Persons or entities who submit valid and timely requests for exclusion from the Class, as listed on Exhibit A; and
>
> (b) Defendants, all current and former directors and officers of Corinthian Colleges, Inc. during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.

3. For the purposes of settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the extent and nature of any litigation concerning the controversy already commenced by Class Members; (ii) the interests of the Class Members in individually controlling the prosecution of separate actions; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court finds the Stipulation and Settlement fair, reasonable, and adequate as to each of the Settling Parties.

5. The Stipulation and Settlement are hereby finally approved in all respects. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation.

6. The Court hereby dismisses with prejudice the Action and all claims contained therein and all of the Settled Claims as against the Released Parties, except as and to the extent provided in the Stipulation and herein.

7. Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiff, each and all of the Class Members (other than those listed on Exhibit A), and anyone claiming through or on behalf of any of them, including

but not limited to their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, remised, released, relinquished, and discharged all Settled Claims (including, without limitation, Unknown Claims) against the Released Parties—regardless of whether such Class Member executes and delivers the Proof of Claim and Release.

8.  Upon the Effective Date hereof, Lead Plaintiff, each and all of the Class Members (other than those listed on Exhibit A) and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to be, and by operation of this Judgment shall be, permanently barred and enjoined from asserting, instituting, maintaining, prosecuting, or enforcing, in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind (whether within the United States or not), any and all Settled Claims (including, without limitation, Unknown Claims) against any of the Released Parties—regardless of whether such Class Member executes and delivers the Proof of Claim and Release—as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Settled Claims against the Released Parties, Lead Plaintiff, or Lead Counsel, except for claims relating to the enforcement of the Settlement, or any confidentiality agreement to which the Settling Parties have entered or may enter into in connection with the Action.

9.  The notice given to the Class in accordance with the Notice Order was the best notice practicable under the circumstances to all Persons entitled to such notice, including the individual notice to all members of the Class who could be

identified through reasonable effort. Said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and the requirement of Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable law and rules.

10.     Separate orders shall be entered regarding the proposed Plan of Allocation and any Fee and Expense Award sought by Lead Counsel. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any Fee and Expense Award shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11.     Corinthian Colleges, Inc. and the Individual Defendants deny any wrongdoing whatsoever, and this Judgment shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Corinthian Colleges, Inc. or any Individual Defendant with respect to any claim of, any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Corinthian Colleges, Inc. or any Individual Defendant has asserted or could assert in the Action or any other action.

12.     Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Action or of the validity of any Settled Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Released Parties are or become parties;

or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties, Lead Plaintiff, Class Members, and their respective counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Judgment.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining any application for a Fee and Expense Award or Compensatory Award in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

14. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund (or any portion thereof) is returned to Defendants, then this Judgment shall be vacated and rendered null and void, in accordance with the Stipulation. In such event, all orders entered and releases

delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. The Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation without further order of the Court.

17. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____          _____

HON. GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE