## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*,[1] | Case No. 15-10952 (KJC) |
| | Jointly Administered |
| Debtors | |
| | Hearing: July 19, 2016 at 10:00 a.m. (E.T.) |
| | Obj. Deadline: June 30, 2016 at 4:00 p.m (E.T.) |

## UNITED STATES OF AMERICA'S MOTION FOR
## ORDER AUTHORIZING SET OFF OF MUTUAL PREPETITION DEBTS

The United States, on behalf of the Internal Revenue Service (IRS) and the Consumer
Financial Protection Bureau (CFPB), hereby moves pursuant to 11 U.S.C. § 553, and Local
Bankruptcy Rule 9006-1 for an order authorizing the set off of mutual prepetition debts and
states as follows:

## INTRODUCTION

1.      The United States, as a unitary creditor, requests authorization to set off a
$232,946 tax refund ("Tax Refund") owed to the Debtors against pre-petition debts owed by the
Debtors to CFPB.  The Tax Refund currently is subject to an administrative hold pursuant to
*Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 21 (1995).  The United States is entitled to a
setoff because: (1) the Tax Refund represents amounts due for tax years 2010, 2011, and 2012,

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SPPE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

prior to the petition date of May 4, 2015; and (2) the valid and enforceable offsetting obligations are held by the same parties, *i.e.*, the Debtors and the United States.

## JURISDICTION

2.      This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.  This matter constitutes a core proceeding under to 28 U.S.C. §§ 157(b)(2)(A) and (G).

## FACTUAL BACKGROUND

3.      On May 4, 2015, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.      On August 28, 2015, the Court entered the *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 913] (the "Confirmation Order") confirming the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 909] (the "Plan").  The Effective Date (as defined in the Plan) of the Plan occurred on September 21, 2015 [Docket No. 1014].

5.      The Plan preserves setoff rights, providing that:

> Rights of a setoff and recoupment of any Entity or Person are preserved for the purpose of asserting such rights as a defense to any Claims or Causes of Action of the Debtors, their Estates, or the Distribution Trustee or Student Trustee, as applicable, and regardless of whether such Entity or Person is the Holder of an Allowed Claim.

Plan, § XI.J.

6.      The Plan further provides that:

> From and after the Effective Date, all Persons and Entities who have held, hold or may hold Claims against the Debtors arising prior to the Effective Date or interests in the Debtors are permanently enjoined from taking any of the following actions against the Estates, the Distribution Trust, the Student Trust, or any of their respective property or assets (collectively, the "Estate Assets") on account of any such Claims or interests (the "Plan

> Injunction"): . . . (d) asserting a setoff *unless such setoff was formally asserted in a timely filed proof of claim or in a pleading filed with the Bankruptcy Court prior to entry of the Confirmation Order* or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors, except as otherwise set forth in Section XI.J. of the Combined Plan and Disclosure Statement; provided, however, that such Persons and Entities shall not be precluded from exercising their rights pursuant to and consistent with the terms of the Combined Plan and Disclosure Statement or the Confirmation Order.

Plan, § XIII.A (emphasis added).

7.      The United States filed an objection to confirmation of the Plan, asserting its setoff rights and preserving its rights.  *See* U.S. Obj. to Confirmation, ¶ 19, Aug, 21, 2016, Docket No. 819.

8.      For the tax years 2010, 2011, and 2012, the Debtors overpaid their income taxes in aggregate by the amount of the Tax Refund.  If the IRS were to pay the Tax Refund to the Debtors, it would make payment only to Corinthian Colleges, Inc.  *See* IRS Decl., ¶ 5.

9.      On June 25, 2015, the CFPB filed a proof of claim (no. 156) ("CFPB Proof of Claim"), asserting an unliquidated and contingent claim for $467,748,584.00 against Debtor Corinthian Colleges, Inc.  The CFPB Proof of Claim related to a complaint filed in the District Court for the Northern District of Illinois (the "District Court") in September 2014.

10.     In that action, on October 27, 2015, the District Court entered a judgment for the United States and against Corinthian Colleges, Inc. in the amount of $531,224,267.

11.     On May 18, 2016, the CFPB amended the CFPB Proof of Claim to conform to the amount of this judgment. The CFPB Proof of Claim asserts setoff rights in the Tax Refund.

**ARGUMENT**

**I.**     **The United States has a right of setoff with respect to the tax refund.**

12.     The right of setoff (also called "offset") allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding "the absurdity of making A pay B when B owes A." *Strumpf*, 516 U.S. at 18 (1995) (citation omitted).  Although claims subject to setoff are treated as a secured claim under the Bankruptcy Code, 11 U.S.C. § 506(a), the right of setoff is not a lien or security interest in another's property, but rather is a right not to part with one's own funds. *Strumpf*, 516 U.S. at 21.

13.     Like other creditors, the United States has a common law setoff right.  *United States v. Munsey Trust Co.*, 332 U.S. 234 (1947) (citing *Gratiot v. United States*, 40 U.S. 336, 370 (1841)).  This right, "which is inherent in the federal government," is broad and "exists independent of any statutory grant of authority to the executive branch." *Marre v. United States*, 117 F.3d 297, 302 (5th Cir. 1997) (quoting *United States v. Tafoya*, 803 F.2d 140 (5th Cir. 1986)).

14.     Moreover, Internal Revenue Code § 6402(d) requires the Secretary of the Treasury to offset the amount of a taxpayer's overpayment against that taxpayer's debt to another federal agency.  The Secretary must reduce the overpayment in the taxpayer's account by the amount of the taxpayer's debt to the other federal agency, pay that amount to the other federal agency, and notify the taxpayer of the setoff.  26 U.S.C. § 6402(d)(1).

15.     Section 553 of the Bankruptcy Code preserves this right in bankruptcy just as it exists outside bankruptcy, *Strumpf*, 516 U.S. at 18, neither expanding nor constricting it, *United States v. Maxwell*, 157 F.3d 1099, 1102 (7th Cir. 1998).  In other words, "the government of the United States suffers no special handicap under § 553 of the Bankruptcy Code." *Id*. at 1103.

4

16.     Accordingly, the United States has the right to set off mutual prepetition debts and claims as well as postpetition debts and claims.  *Zions First Nat'l Bank, N.A. v. Christiansen Bros. (In re Davidson Lumber Sales, Inc.)*, 66 F.3d 1560, 1569 (10th Cir. 1995); *Palm Beach County Bd. of Pub. Instr. (In re Alfar Dairy, Inc.)*, 458 F.2d 1258, 1262 (5th Cir. 1972). Furthermore, the Plan provides that "[r]ights of a setoff and recoupment of any Entity or Person are preserved for the purpose of asserting such rights as a defense to any Claims or Causes of Action of the Debtors, their Estates, or the Distribution Trustee or Student Trustee."  Plan, § XI.J.

17.     Moreover, the United States is a unitary creditor entitled to set off different agencies' claims and debts, *Maxwell*, 157 F.3d at 1102, and courts have permitted the setoff of amounts due a debtor from one agency against the claims of other United States agencies.  *See In re Semcrude, L.P.*, 399 B.R. 388, 399 n.10 (Bankr. D. Del. 2009)*; see also HAL, Inc. v. United States (In re HAL, Inc.)*, 122 F.3d 851, 854 (9th Cir. 1997); *Aetna Cas. & Surety Co. v. LTV Steel Co. (In re Chateaugay Corp.)*, 94 F.3d 772, 778 (2d Cir. 1996); *Turner v. Small Bus. Admin. (In re Turner)*, 84 F.3d 1294, 1296 (10th Cir. 1996); *In re Whimsy, Inc.*, 221 B.R. 69 (S.D.N.Y. 1998).

18.     Here, all the requirements for setoff are satisfied.  The offsetting obligations — the Tax Refund owed for tax years before the Petition Date and the United States' judgment based upon a prepetition complaint — (i) are held by the same parties in the same capacity, (ii) are valid and enforceable, and (iii) arise prepetition.  *In re Doctors of Hyde Park, Inc.*, 337 F.3d 951, 955 (7th Cir. 2003).

19.     Moreover, sections XI.J and XIII.A of the Plan preserve the United States' setoff rights, which were asserted in a pleading filed with this Court prior to confirmation of the Plan and in the CFPB Proof of Claim.

20.     Accordingly, the United States has the right to set off the Tax Refund against CFPB's claim.

**CONCLUSION**

For the foregoing reasons, the United States requests that the Court grant the United States the authority to exercise its right of setoff as to the Tax Refund.

Dated: June 9, 2016

<div style="margin-left:40%;">

Respectfully Submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

FLORENCE T. NAKAKUNI
United States Attorney

ELLEN W. SLIGHTS (DE Bar No. 2782)
Assistant United States Attorney

/s/ Danielle A. Pham
RUTH A. HARVEY
LLOYD H. RANDOLPH
JOHN R. KRESSE
DANIELLE A. PHAM
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044
Tel. (202) 307-0958
Fax (202) 514-9163
danielle.pham@usdoj.gov

Attorneys for the United States

</div>

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| _____ ) | |
| IN RE: ) | Chapter 11 |
| ) | |
| CORINTHIAN COLLEGES, INC., *et al.*, ) | Case No. 15-10952 (KJC) |
| ) | Jointly Administered |
| Debtors ) | |
| ) | Hearing: July 19, 2016 at 10:00 a.m. (E.T.) |
| ) | Obj. Deadline: June 30, 2016 at 4:00 p.m (E.T.) |
| _____ ) | |

**NOTICE OF UNITED STATES OF AMERICA'S MOTION FOR ORDER
AUTHORIZING SET OFF OF MUTUAL PREPETITION DEBTS**

PLEASE TAKE NOTICE that the United States (the "Movant") has filed the attached ***United States of America's Motion for Order Authorizing Set Off of Mutual Prepetition Debts*** (the "Motion").

PLEASE TAKE FURTHER NOTICE that any party wishing to oppose the entry of an order approving the Motion must file a written response or objection (an "Objection"), if any, to the Motion with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before June 30, 2016 at 4:00 p.m. (Eastern Time) (the "Objection Deadline").

At the same time, you must serve any such Objection on the undersigned counsel so as to be received by the Objection Deadline.

PLEASE TAKE FURTHER NOTICE THAT A HEARING ON THE MOTION WILL BE HELD ON JULY 19, 2016 AT 10:00 A.M. (EASTERN TIME) BEFORE THE HONORABLE KEVIN J. CAREY AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 N. MARKET STREET, 5TH FLOOR, COURTROOM #5, WILMINGTON, DELAWARE 19801. ONLY PARTIES WHO HAVE FILED A TIMELY OBJECTION WILL BE HEARD AT THE HEARING.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: June 9, 2016

Respectfully Submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

FLORENCE T. NAKAKUNI
United States Attorney

ELLEN W. SLIGHTS (DE Bar No. 2782)
Assistant United States Attorney
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

/s/ Danielle A. Pham
RUTH A. HARVEY
LLOYD H. RANDOLPH
JOHN R. KRESSE
DANIELLE A. PHAM
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044
Tel. (202) 307-0958
Fax (202) 514-9163
danielle.pham@usdoj.gov

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:                                ) | Chapter 11 |
|                                       ) | |
| CORINTHIAN COLLEGES, INC., et al.,[1]  ) | Case No. 15-10952 (KJC) |
|                                       ) | Jointly Administered |
| Debtors                               ) | |
|                                       ) | Hearing: July 19, 2016 at 10:00 a.m. (ET) |
| ———————————————————                   ) | Obj. Deadline: June 30, 2016 at 4:00 p.m (ET) |
| UNITED STATES OF AMERICA,             ) | |
|                                       ) | |
| Movant,                               ) | |
|                                       ) | |
| CORINTHIAN COLLEGES, INC., et al.,    ) | |
|                                       ) | |
| Respondent.                           ) | |
|                                       ) | |

## DECLARATION OF MICHAEL A. JAMES IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION FOR ORDER AUTHORIZING SET OFF OF MUTUAL PREPETITION DEBTS

I, Michael A. James, declare as follows pursuant to 28 U.S.C. § 1746:

1. My name is Michael A. James. I am over 21 years of age and am fully competent to make this declaration.

2. I provide this declaration on behalf of the Internal Revenue Service (IRS) in support of the United States of America's Motion for Order Authorizing Set Off of Mutual Prepetition Debts (the "Motion").[2]

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SPPE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

1

3. I am currently a Revenue Officer for the IRS located 1352 Marrows Road, Newark, Delaware 19711. As the Revenue Officer, my responsibilities include completing initial case reviews for bankruptcy and ensuring proofs of claims are completed. I also assist in responding to motions and objections and handling any case requiring action by the United States Attorney or Area Counsel.

4. I make this declaration based on my personal knowledge, including knowledge gained in my position at the IRS and my review of the relevant records and files.

5. For the tax years 2010, 2011, and 2012, the Debtors overpaid their income taxes in aggregate by $232,946 (the "Tax Refund"). If the IRS were to pay the Tax Refund to the Debtors, it would make payment to Corinthian Colleges, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 9, 2016, at Internal Revenue Service 1352 Marrows Rd Newark De 19711.

Michael A. James

_____
Michael A. James

---

[2] Any capitalized term not defined herein shall have the meaning ascribed to it in the Motion.

## EXHIBIT A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| CORINTHIAN COLLEGES, INC., *et al.*,[1] | ) | Case No. 15-10952 (KJC) |
| | ) | Jointly Administered |
| Debtors | ) | |
| | ) | Re: D.I. ____ |

## ORDER AUTHORIZING THE UNITED STATES'
## SET OFF OF MUTUAL PREPETITION DEBTS

Upon the motion (the "Motion") of the United States for entry of an order authorizing the set off of mutual prepetition debts; and the Court having found that it has jurisdiction over this matter, and venue is proper in this district; and it appearing that due and sufficient notice of the Motion has been given; and no other or further notice need be provided; and the Court having considered the Motion and any objections or responses thereto; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED that**

1.      The Motion is **GRANTED**.

2.      The United States is authorized to set off a $232,946 tax refund ("Tax Refund") against pre-petition debts owed by the Debtors to the Consumer Financial Protection Bureau.

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201). Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709); Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SPPE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665) and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

1

3.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.


Dated: _____, 2016
         Wilmington, Delaware         _____
                                    THE HONORABLE KEVIN J. CAREY
                                    UNITED STATES BANKRUPTCY JUDGE

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 9th day of June, 2016, I caused a true and correct copy of foregoing document to be served via electronic mail upon all parties receiving electronic notice under the Court's CM/ECF system.  I also caused the document to be served via first class mail on the following parties:

<u>Attorneys for the Distribution Trustee</u>
Craig R. Jalbert
c/o Richards, Layton and Finger
Attn: Mark D. Collins
One Rodney Square
920 North King Street
Wilmington, DE 19801

<u>Attorneys for the Student Trustee</u>
Polsinelli PC
Attn: Christopher Ward
222 Delaware Ave, Suite 1101
Wilmington, DE 19801

Robins Kaplan LLP
Attn: Scott Gautier
2049 Century Park East, Suite 3400
Los Angeles, CA 90067

<u>Office of the United States Trustee</u>
Office of the United States Trustee
Attn: Richard Schepacarter, Timothy Fox
844 King Street, Suite 2313
Lockbox 35
Wilmington, DE 19801-3519


<u>/s/ Danielle A. Pham</u>
Danielle A. Pham

1