## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re <br><br> CORINTHIAN COLLEGES, INC., et al.,[1] <br><br> Debtors. | Case No. 15-10952 (KJC) <br><br> Chapter 11 <br><br> (Jointly Administered) <br><br> **Hearing Date: July 19, 2016 at 10:00 a.m. (ET)** <br> **Objection Deadline: July 12, 2016 at 4:00 p.m. (ET)** |

### MOTION OF JACK P. MASSIMINO, EVA DESHON, BARBARA GORDON, DAVID MOORE, TERRY RAWLS, AND KAREN ROSE TO CLARIFY OR AMEND COMFORT ORDER AND, TO THE EXTENT APPLICABLE, FOR RELIEF FROM THE PLAN INJUNCTION

Jack Massimino, Eva Deshon, Barbara Gordon, David Moore, Terry Rawls, and

Karen Rose (collectively, "Movants" or the "Individual Defendants"), each a former director,

officer, and/or employee of Corinthian Colleges, Inc. ("Corinthian" or, together with its debtor-

subsidiaries and the Distribution Trustee (defined below), the "Debtors") hereby move (the

"Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, (i)

clarifying or amending the *Order Granting Motion of Current and Former Directors and*

*Officers of Corinthian Colleges, Inc., for Relief from the Automatic Stay, to the Extent*

*Applicable, to Allow Payment of Defense Costs and Other Loss Under Directors and Officers*

*Liability Insurance Policies* [D.I. 287] (the "Comfort Order") to define "D&O Policies" to

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

include that Executive and Organization Liability Insurance Policy issued by AIG to Corinthian for the period March 31, 2008 to March 31, 2009 and attached hereto as **Exhibit B** (the "2008-09 Policy"); (b) confirming that the Plan Injunction (as defined in the *Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan")) does not apply to the proceeds of the 2008-09 Policy or, in the alternative, granting immediate relief from or modifying the Plan Injunction to allow AIG to pay any covered losses of the Movants, consistent with the terms and conditions of the 2008-09 Policy.  In support of this Motion, Movants respectfully state as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, the Plan, and the *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [D.I. 913] (the "Confirmation Order").[2]  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.

3.      The statutory predicates for the relief requested herein are sections 105 and 362 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

---

[2]      "This Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, without limitation, jurisdiction to: (f) hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan, . . .  (k) decide or resolve any motions . . . arising out of, under or related to, the Chapter 11 Cases, [and] (n) enforce, interpret and determine any disputes arising in connection with any . . . orders . . . entered in connection with the Chapter 11 Cases."  Plan, Art. XVI; Confirmation Order ¶ 36.

## BACKGROUND

### A.      The Bankruptcy Proceedings and Comfort Order

4.      On May 4, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5.      On May 18, 2015, Movants, among others, filed the motion for stay relief (the "Stay Relief Motion"),[3] seeking an order that the automatic stay did not apply to Corinthian's D&O Policies or, in the alternative, relief from the automatic stay to allow Movants to receive payments from the Insurers, consistent with Movants' rights under the policies.  The Stay Relief Motion generally defined D&O Policies to mean the Debtors' directors and officers insurance policies, but also referred specifically to the D&O Policies for the periods 2010-11 and 2012-13.  *See, e.g.*, Stay Relief Motion at ¶¶ 1, 11.  Accordingly, the Stay Relief Motion can be interpreted as having only sought relief with respect to D&O Policies for those periods.

6.      On June 8, 2015, the Court entered the Comfort Order, which modified the automatic stay, to the extent applicable, "to allow the Insurers to make payments or advancements of proceeds to the Movants under the D&O Policies in accordance with the terms and conditions of the D&O Policies and this Order."  Comfort Order ¶ 9.

7.      On August 28, 2015, the Court entered the Confirmation Order.  The confirmed Plan expressly preserves Movants' rights to access the D&O Policies in accordance with the policies' terms and consistent with the Comfort Order.  *See* Plan § IX.E ("For the avoidance of doubt, individual insureds under the D&O Policies shall continue to have access to

---

[3]     *See* Motion of Current and Former Directors and Officers of Corinthian Colleges, Inc., for Relief from the Automatic Stay, to the Extent Applicable, to Allow Payment of Defense Costs and Other Loss Under Directors and Officers Liability Insurance Policies [D.I. 149].

proceeds of the D&O Policies, consistent with the [Comfort Order] . . . [and] such coverage shall remain in full force and effect for [the] benefit of such individual insureds . . . pursuant to the terms of [the D&O Policies].").  While the Confirmation Order defines D&O Policies to include all of the Debtors' directors and officers insurance policies, it does not unambiguously state that the Comfort Order encompasses all such policies.

8.     On September 22, 2015, the Plan went effective and the automatic stay imposed by section 362 of the Bankruptcy Code terminated and was replaced with the Plan Injunction.  *See* D.I. 1014; Plan § XIII.  On the same date, Craig R. Jalbert became distribution trustee (the "Distribution Trustee") for the distribution trust (the "Distribution Trust") established in accordance with the Plan.  The Distribution Trust was vested with "all of the Debtors' rights and their Estates' rights under . . . the D&O Policies . . . for the benefit of the Beneficiaries of the Distribution Trust and all of the beneficiaries of such policies."  Plan IX.E.

**B.     Movants Incur Losses Covered by the 2008-09 Policy**

9.     As noted above, the Comfort Order provides relief from the automatic stay with respect to the "D&O Policies," which (through incorporation of the definitions of the Stay Relief Motion) can be interpreted to include only Corinthian's 2010-11 and 2012-13 D&O Policies.  Since the Court entered the Comfort Order, however, Movants have incurred defenses costs in the two actions that are or may be covered by the 2008-09 Policy.

10.     *United States ex rel. Lee v. Corinthian Colleges et al.*, No. 13-55700 (9th Cir.) ("*Lee*").  This is a *qui tam* action that was filed against Corinthian, Massimino, and Moore in March of 2007.  On December 11, 2009, the United States District Court for the Central District of California dismissed the *Lee* action with prejudice.  *See* Judgment, Case No. 07-CV-01984 (C.D. Cal. Dec. 11, 2008).  At the time of the Stay Relief Motion, the *Lee* plaintiffs'

appeal of the dismissal order was pending before the Ninth Circuit and had been fully briefed on the merits. The parties subsequently engaged in further briefing and, in April of 2016, the Ninth Circuit heard oral argument on the appeal. On June 9, 2016, the Ninth Circuit affirmed the dismissal of the *Lee* action. Plaintiffs have filed a petition for rehearing *en banc*, which is currently pending.

11. To date, Movants have incurred approximately $141,272 of attorneys' fees and other costs in defending against the *Lee* action that have not been paid under the 2008-09 Policy or any other insurance policy. AIG has confirmed that these defense costs are covered losses under the 2008-09 Policy. However, AIG has stated that it is unwilling to pay these defense costs without an order from this Court authorizing such payment.

12. *United States ex rel. Marion v. Heald College*, No. 5:12-cv-02067 (N.D. Cal.) ("*Marion*"). This is a *qui tam* action that was initially filed against Debtor Heald College, LLC in April of 2012. On January 27, 2015, the plaintiff filed an amended complaint naming as additional defendants Movants Deshon, Gordon, Rawls, and Rose, who retained counsel to defend the action. On September 30, 2015, the United States District Court for the Northern District of California dismissed the *Marion* plaintiff's claims with prejudice. The *Marion* plaintiff did not appeal this decision.

13. At the time they filed the Stay Relief Motion, Movants anticipated that the matter would be covered under the 2010-11 D&O Policy. *See* Stay Relief Motion ¶¶ 30-31 (discussing *Marion* and other *qui tam* actions). However, it now appears that *Marion* will be assigned to the 2008-09 Policy. As with the *Lee* action, AIG has indicated that it will not pay any proceeds of the 2008-09 Policy for Movants' defenses costs or other covered losses in *Marion* absent an order of this Court authorizing such payment.

14.     Movants have incurred approximately $131,806 of attorneys' fees and costs in defending against the *Marion* action.

15.     There is no question as to Movants' right to reimbursement of their covered defense costs under the 2008-09 Policy.  AIG has accepted coverage of the *Lee* action under that policy, and it may do the same for *Marion*.  Moreover, like Corinthian's 2010-11 and 2012-13 D&O Policies, the 2008-09 contains an order-of-payments clause providing that coverage for Individual Defendants has priority over any potential coverage for Corinthian.  *See* Ex. B, Clause 22 (the "Order-of-Payments Clause").

16.     Before filing this Motion, Movants requested that the Distribution Trustee confirm his agreement that AIG could apply the proceeds of the 2008-09 Policy to pay Movants' losses, including defense costs, covered by that policy.  To date, the Distribution Trustee has not stated his position on the relief sought by this Motion.

## RELIEF REQUESTED

17.     By this Motion, Movants respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) clarifying or amending the Comfort Order to include the 2008-09 Policy within the definition of D&O Policies and (b) confirming that the Plan Injunction does not apply to the 2008-09 Policy or, in the alternative, granting immediate relief from or modifying the Plan Injunction to allow AIG to pay Movants' covered losses, including defense costs, consistent with the terms and conditions of the 2008-09 Policy.

## BASIS FOR RELIEF REQUESTED

18.     As noted above, the Plan expressly preserves the Movants' rights under the D&O Policies.  *See* Plan Article IX.E.  And there can be no dispute that, under the terms of the 2008-09 Policy, Movants are entitled to payment of their defense costs (and any other

covered losses) arising from *Lee* action and, potentially, the *Marion* action.  Accordingly, consistent with the terms of the Plan, the Court should enter an order confirming that the proceeds of the 2008-09 Policy may be used to pay Movants' covered losses.

19.     The Court likewise should confirm that the Plan Injunction, to the extent that it is applicable, poses no obstacle to the relief sought by this Motion.  As explained in the recently-filed *Motion for Confirmatory Order Allowing Payment of Proposed Settlement Under Directors and Officers Liability Insurance Policies* [D.I. 1196] ("Settlement Motion"), in considering whether to grant relief from a plan injunction, courts apply the same "cause" standard that governs relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code.  Just as the Court found with respect to the Settlement Motion, *see* Order Granting Settlement Motion [D.I. 1201], cause plainly exists to modify the Plan Injunction to allow payment of covered losses under the 2008-09 Policy.

20.     *First*, modifying the Plan Injunction would not cause any prejudice to the Debtors.  While the 2008-09 Policy does provide limited entity coverage, Movants are not aware of any existing claims against Corinthian that would fall within this coverage.  Even if there were such claims, under the Order-of-Payments Clause, Corinthian's right to coverage is expressly subordinate in priority to the coverage of the Movants.  *See In re MF Global Holdings Ltd.*, 469 B.R. 177, 193 (Bankr. S.D.N.Y. 2012) ("[C]ourts have given effect to priority of payment provisions in authorizing access to policies to advance defense costs to individual insureds"); *In re Laminate Kingdom, LLC*, 2008 WL 1766637, at *3 (Bankr. S.D. Fla. Mar. 13, 2008) ("[T]he estate has only a contingent, residual interest in the Policy's proceeds; and, payment of the proceeds in accordance with the 'Priority of Payments Endorsement' does not diminish the protection the Policy affords the estate, as such protection is only available after the [directors'

and officers'] Costs of Defense are paid."). Because the "owner of an insurance policy cannot obtain greater rights to the proceeds of that policy than he would have under state law by merely filing a bankruptcy petition," *In re Jones*, 179 B.R. 450, 455 (Bankr. E.D. Pa. 1995), the Order-of-Payments Clause should be given effect.

21.    Further, by clarifying or amending the Comfort Order to encompass the 2008-09 Policy, any payments under the 2008-09 Policy will be subject to the quarterly reporting requirements of that order. Thus, the Distribution Trustee will be able to monitor the use of proceeds of the 2008-09 Policy, as he has for the 2010-11 and 2012-13 policies.

22.    *Second*, absent relief from the Plan Injunction, Movants would suffer substantial prejudice. Absent relief from the Plan Injunction, Movants could be required to pay their defenses costs out of their own pockets, as they have no alternative source of insurance coverage. That would not only impose a substantial hardship on the Movants, it would deprive them of their express and undisputed contractual rights under the 2008-09 Policy.

23.    As with the Settlement Motion, the balance of equities is not a close question here. Absent relief from the Plan Injunction, Movants face significant and potentially irreparable harm, as they depend upon the 2008-09 Policy to cover their costs of defenses in *Lee* and potentially *Marion* as well. By contrast, the Debtors would not be harmed by modifying the Plan Injunction because any right they have to the proceeds of the 2008-09 Policy is subordinate in priority to the rights of the Movants.

## WAIVER OF BANKRUPTCY RULE 4001(a)(3)

24.    To the extent applicable, Movants request a waiver of the 14-day stay period set forth in Bankruptcy Rule 4001(a)(3). Specifically, Bankruptcy Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay made in accordance

with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). A decision to waive the stay is committed to the sound discretion of the bankruptcy court. *Foster v. Wynne*, 2012 WL 4458476, at *3 (W.D. Va. June 5, 2012) ("the rule does not require the bankruptcy court to find that there is 'good cause' or any other similar type of condition for waiving this default stay period"). Because Movants merely to seek to enforce their rights under the Plan and no party would be prejudiced by an order granting the relief requested herein, Movants respectfully submit that the circumstances justify a waiver of Bankruptcy Rule 4001(a)(3), if applicable.

## NOTICE

25.     Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Distribution Trustee; (iii) counsel to the Student Trustee; and (iv) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Movants submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Movants respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) clarifying or amending the Comfort Order to include the 2008-09 Policy within the definition of "D&O Policies"; (b) confirming that the Plan Injunction does not apply to the proceeds of the 2008-09 Policy or, in the alternative, granting immediate relief from or modifying the Plan Injunction to allow AIG to pay any covered losses of the Movants, consistent with the terms and conditions of the 2008-09 Policy.

Dated:  June 28, 2016
       Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Erin R. Fay*
Robert J. Dehney (No. 3578)
Curtis S. Miller (No. 4583)
Erin R. Fay (No. 5268)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsmile: (302) 658-3989
rdehney@mnat.com
cmiller@mnat.com
efay@mnat.com

*Counsel to Jack P. Massimino, Eva Deshon,*
*Barbar Gordon, David Moore, Terry Rawls, and Karen*
*Rose*

9672519.8

31153560.2