# EXHIBIT A

**Proposed Order**

31153560.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CORINTHIAN COLLEGES, INC., et al.,[1]<br><br>Debtors. | Case No. 15-10952 (KJC)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**RE: D.I. \_\_\_\_** |

### ORDER GRANTING MOTION OF JACK P. MASSIMINO, EVA DESHON, BARBARA GORDON, DAVID MOORE, TERRY RAWLS, AND KAREN ROSE TO CLARIFY OR AMEND COMFORT ORDER AND, TO THE EXTENT APPLICABLE, FOR RELIEF FROM THE PLAN INJUNCTION

Upon the motion (the "Motion")[2] of Jack P. Massimino, Eva Deshon, Barbara Gordon, David Moore, Terry Rawls, and Karen Rose (collectively, the "Movants") for entry of an order (this "Order") (a) clarifying or amending the *Order Granting Motion of Current and Former Directors and Officers of Corinthian Colleges, Inc., for Relief from the Automatic Stay, to the Extent Applicable, to Allow Payment of Defense Costs and Other Loss Under Directors and Officers Liability Insurance Policies* [D.I. 287] (the "Comfort Order") to include within the definition of "D&O Policies" that Executive and Organization Liability Insurance Policy Issued to Corinthian by AIG for the policy period March 31, 2008 to March 31, 2009 (the "2008-2009

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

[2] Capitalized terms not defined herein are defined in the Motion.

31153560.2

Policy"); (b) confirming that the Plan Injunction does not apply to the proceeds of the 2008-09 Policy or, in the alternative, granting immediate relief from or modifying the Plan Injunction to allow AIG to pay any covered losses of the Movants, consistent with the terms and conditions of the 2008-09 Policy; and the Court having found that it has jurisdiction over this matter, and venue is proper in this district; and it appearing that due and sufficient notice of the Motion has been given; and no other or further notice need be provided; and the Court having considered the Motion and any objections or responses thereto; and after due deliberation and sufficient cause appearing therefore,

    **IT IS HEREBY ORDERED** that

    1.  The Motion is GRANTED.

    2.  The Comfort Order is clarified and/or amended such that the term "D&O Policies" shall include the 2008-09 Policy.

    3.  The Plan Injunction imposed under the Plan does not apply to the proceeds of the 2008-09 Policy, or, to the extent it does apply, it is lifted and modified to allow AIG to pay Movants' covered losses under the 2008-09 Policy, consistent with the terms and conditions of the 2008-09 Policy.

    4.  Nothing in this Order modifies the terms and conditions of the 2008-09 Policy, and all parties reserve their rights thereunder.

    5.  Any payment or advancement made by AIG under the 2008-09 Policy shall not be considered property of the Debtors' estates of the Distribution Trust.

    6.  With the exception of any right of AIG to seek repayment of amounts advanced consistent with the terms of the 2008-09 Policy, any payment or advancement made by AIG under the 2008-09 Policy shall not be subject to disgorgement, avoidance, clawback, or any

other similar action, claim, or proceeding, whether legal or equitable in nature, brought by any party in interest.

7. This Order is effective immediately upon its entry, notwithstanding the potential applicability of Fed. R. Bankr. P. 4001(a)(3).

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2016
       Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE