# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CORINTHIAN COLLEGES, INC., *et al.*,[1] ) | Case No. 15-10952 (KJC) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |
| RHONDA L. GARDNER ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| CORINTHIAN COLLEGES, INC., ) | |
| ) | |
| Respondent. ) | |

## STIPULATION GRANTING RHONDA L. GARDNER RELIEF FROM THE AUTOMATIC STAY/PLAN INJUNCTION(S) TO LIQUIDATE PERSONAL INJURY CLAIM AGAINST DEBTOR CORINTHIAN COLLEGES, INC.

Craig R. Jalbert, solely in his capacity as the distribution trustee (the "Distribution Trustee") for the distribution trust (the "Distribution Trust") that was established pursuant to the Plan (as defined herein) for Corinthian Colleges, Inc. and its affiliated debtors (the "Debtors"), on the one hand, and Rhonda L. Gardner (the "Plaintiff," and together with the Distribution Trustee, the "Parties"), on the other, hereby respectfully stipulate and agree as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Education Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

## RECITALS

**WHEREAS**, on May 4, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§101-1532. On May 5, 2014, the Court entered an order jointly administering the Debtors' cases for procedural purposes.

**WHEREAS**, pre-petition, on or about October 16, 2014, Ms. Gardner (Puckett) allegedly fell on the premises of Debtor Corinthian Colleges, Inc. (the "Debtor-Defendant") at its Everest Institute (Jonesboro) campus, where she was matriculated as a nursing student. Ms. Gardner alleges that she sustained serious and permanent personal injuries to her left arm as a direct and proximate result.

**WHEREAS**, on December 16, 2014, Richard E. Stark, Esq., Ms. Gardner's personal injury attorney, notified Everest Institute and Corinthian Colleges, Inc. of the incident via their registered agent, CT Corporation.

**WHEREAS**, on January 8, 2015, Mr. Stark received a letter acknowledging that AXIS Insurance is the Commercial General Liability and Excess Liability carrier for Corinthian Colleges Incorporated and attaching the declaration pages for insurance policies numbered MNP772770-14 and MNU772789/01/2014, renewal of MNU772789/01/2013. The declaration pages also refer to underlying insurance policies issued by (i) AXIS Reinsurance Company, policy number CTP/779927/01/2014 and (ii) General Star Indemnity Company, policy number IYG418106. The Distribution Trustee does not represent or warrant that the Debtor-Defendant's liability to the Plaintiff, if any, is covered by insurance.

**WHEREAS**, on July 1, 2015, the Debtors filed the Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation, which was subsequently amended on July 24, 2015, July 27, 2015, August 25, 2015, and August 28, 2015 [Docket Nos. 520, 646, 655,

863, 906, and 909, respectively] (as amended, the "Plan"). On August 28, 2015, the Court entered the Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket No. 913] confirming the Debtor's Plan. The Plan provides for the creation of a two-trust structure: (i) the Distribution Trust, for the benefit of Holders of Allowed General Unsecured Claims (other than Student Claims and Government Education Claims); and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims.

**WHEREAS**, pursuant to the Plan: "All injunctions or stays provided for the Debtors in the Chapter 11 Cases under, *inter alia*, sections 105 or 362 of the Bankruptcy Code, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date, at which time they will terminate. The Plan Injunction shall not apply to the Debtors. In addition, given the complete liquidation of the Debtors' property pursuant to the terms of the Plan, the Debtors are not receiving a discharge pursuant to section 1141(d)(3) of the Bankruptcy Code in these Chapter 11 Cases." Plan at Art. VIII(B) (Status of Debtors Post-Effective Date).

**WHEREAS**, pursuant to the plan: "From and after the Effective Date, all Persons and Entities who have held, hold or may hold Claims against the Debtors arising prior to the Effective Date or interests in the Debtors are permanently enjoined from taking any of the following actions against the Estates, the Distribution Trust, and Student Trust, or any of their respective property or assets (collectively, the "Estate Assets") on account of any such Claims or interests (the "Plan Injunction"): (a) commencing or continuing, in any manner or in any place, any action or other proceeding seeking to collect or to recover in any manner against the Estate Assets; (b) enforcing, attaching, collecting, or recovering in any manner against the Estate Assets any judgment, award, decree or order; (c) creating, perfecting, or enforcing any Lien or

encumbrance against the Estate Assets; and (d) asserting a setoff unless such setoff was formally asserted in a timely filed proof of claim or in a pleading filed with the Bankruptcy Court prior to entry of the Confirmation Order or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors, except as otherwise set forth in Section XI.J. of the Combined Plan and Disclosure Statement; provided, however, that such Persons and Entities shall not be precluded from exercising their rights pursuant to and consistent with the terms of the Combined Plan and Disclosure Statement or the Confirmation Order." Plan at Art. VIII(A) (Injunction to Protect Estate Assets).

**WHEREAS**, on September 21, 2015, the Plan went effective. See, D.I. 1014.

**WHEREAS**, on October 13, 2015, Ms. Gardner filed a general unsecured proof of claim in the amount of $634,871.55, plus up to $2,775.00 pursuant to 11 U.S.C. § 507(a)(7), plus an unliquidated amount.

**WHEREAS**, Plaintiff Gardner seeks relief from the automatic stay and/or the injunctive provisions contained in the Plan in order to allow her (i) to initiate, in an appropriate court of competent jurisdiction other than this Court, a personal injury lawsuit against Debtor-Defendant in connection with the incident and prosecute it to judgment or other resolution (the "Personal Injury Litigation"), (ii) to fix her claim against the Debtor-Defendant, and (iii) to seek satisfaction of any judgment or other resolution obtained nominally against the Debtor-Defendant solely from the proceeds of any insurance coverage available to the Debtors that may be applicable to her claim.

**WHEREAS**, the Distribution Trustee is willing to stipulate to relief from the automatic stay and/or injunctive provisions of the Plan, including the Plan Injunction, in favor of Plaintiff Gardner for the sole purpose of allowing her to proceed nominally against the Debtor-

Defendant in the Personal Injury Litigation, with any recovery to be limited solely to the proceeds of any of the Debtors' insurance coverage applicable to her claim.

**WHEREAS**, without the need for any action on her part, Plaintiff Gardner shall have a "deemed allowed" general unsecured claim against the Debtor-Defendant in the amount of any judgment or other resolution obtained against the Debtor-Defendant by Plaintiff Gardner in the Personal Injury Litigation (the "Allowed Claim") solely for the purposes of obtaining a recovery from insurance proceeds.

**NOW THEREFORE**, subject to the approval of the Court, in order to avoid the costs, risks, and inconveniences of litigation, it is hereby stipulated and agreed as follows (the "Stipulation"):

1. The foregoing WHEREAS clauses are incorporated herein by reference.

2. The Parties hereby acknowledge and agree to relief from the automatic stay and/or injunctive provisions of the Plan being granted in favor of Plaintiff Gardner effective immediately upon entry of the Order approving this Stipulation, for the sole purpose of allowing Plaintiff Gardner to proceed with the Personal Injury Litigation nominally against the Debtor-Defendant (and not as against the Distribution Trustee or the Distribution Trust) to judgment or other resolution.

3. The Parties hereby acknowledge and agree that Plaintiff Gardner's recovery by judgment or settlement, if any, against the Debtor-Defendant shall be funded solely from the proceeds of applicable insurance, if any. For the avoidance of doubt, neither the Debtor-Defendant, the Distribution Trustee, nor the Distribution Trust shall be required to pay any amounts, including any deductible or self-insured retention amounts, relating to any

applicable insurance, except as a distribution under the Plan on an allowed general unsecured claim if necessary to enable coverage under any applicable insurance.

4. The Parties hereby acknowledge and agree that Plaintiff Gardner shall and does have the Allowed Claim solely for the purpose of obtaining the proceeds of any applicable insurance and that Ms. Gardner shall receive no distribution on account of the Allowed Claim pursuant to the Plan. Neither the Plaintiff nor any of her agents, attorneys, successors, assigns or representatives shall take any action or attempt to cause any action to be taken to collect all or any portion of any settlement or judgment obtained on account of, or in connection with, the Personal Injury Litigation from the Distribution Trustee, the Distribution Trust or the Distribution Trust Assets (as defined in the Plan), except in connection with any insurance policy that may be defined in the Plan as a Distribution Trust Asset.

5. The agreement of the Distribution Trustee to the limited relief from the Plan Injunction on the terms and conditions set forth herein shall not be deemed an agreement by the Distribution Trustee and/or the Distribution Trust to provide assistance to, or cooperate with, the Plaintiff in any way in her efforts to prosecute the Personal Injury Litigation or to secure payment from the available insurance coverage (including the payment of any deductible or self-insured retention amount), if any, on any settlement or judgment arising from the Personal Injury Litigation. However, nothing contained herein shall relieve the Distribution Trustee of any contractual obligation he or the Distribution Trust may have, if any, to cooperate with any insurer.

6. The Parties hereby acknowledge and agree that this Stipulation is entered into solely for the convenience of the Parties and neither this Stipulation nor the fact of its execution shall constitute any admission or acknowledgment of liability or wrongdoing on the

part of any of the Parties. The Parties will not offer this Stipulation or the fact of its execution into evidence in any proceeding other than a proceeding to approve or enforce this Stipulation or any of its terms.

7. Each party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation. Each of the undersigned represent and warrant that s/he is duly authorized and empowered to execute this Stipulation on behalf of his/her respective principal.

8. This Stipulation shall be governed by and shall be construed in accordance with the law of the State of Delaware, without regard to its conflict of laws provisions. This Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

9. This Stipulation constitutes the complete express agreement of the Parties hereto concerning the subject matter hereof, and no modification or amendment to this Stipulation shall be valid unless it is in writing, signed by the Parties, and approved by the Bankruptcy Court.

10. It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

11. This Stipulation may be executed in counterparts, any of which may be transmitted electronically, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Signatures affixed or transmitted electronically shall be deemed original and authentic.

12. This Stipulation is subject to approval of the Bankruptcy Court, and the Parties agree to present the Stipulation promptly to the Bankruptcy Court for approval. If the Bankruptcy Court does not approve this Stipulation, the Parties will revert to their pre-Stipulation positions, without any prejudice whatsoever from having entered into this Stipulation.

13. To the extent applicable, the 14-day stay contemplated by Fed.R.Bankr.P. 4001(a)(3) shall not apply to any of the relief set forth in, or granted by, any Order approving this Stipulation. This Stipulation shall become effective immediately upon entry by the Bankruptcy Court of an order approving the Stipulation.

| For the Distribution Trustee: | For Rhonda L. Gardner: |
|---|---|
| */s/ Michael J. Merchant*<br>By: Mark D. Collins (No. 2981)<br>Michael J. Merchant (No. 3854)<br>Amanda R. Steele (No. 5530)<br>**Richards, Layton & Finger, P.A.**<br>920 North King Street<br>Wilmington, DE 19801<br>Tel: (302) 651-7700<br><br>Dated: August 8, 2016 | */s/ E.E. Allinson III*<br>By: Elihu E. Allinson, III (No. 3476)<br>SULLIVAN · HAZELTINE · ALLINSON LLC<br>901 North Market Street, Suite 1300<br>Wilmington, DE 19801<br>Tel: (302) 428-8191<br><br>and<br><br>Richard E. Stark, Esq.<br>**Richard E. Stark, Attorney at Law**<br>6445 Powers Ferry Road, N.W., Suite 265<br>Atlanta, GA 30339<br>Tel: (770) 952-0400<br>Fax: (770) 952-3358<br><br>Dated: 8/8/16 |