**EXHIBIT A**
**PROPOSED ORDER**

A - 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., et al.[1] | Case No. 15-10952 (KJC) |
| Debtors. | Jointly Administered |
| | **Re: Docket No. ___** |

**ORDER GRANTING MOTION OF STUDENT TRUST FOR ENTRY OF AN ORDER
ESTABLISHING PROCEDURES REGARDING THE RETENTION,
ABANDONMENT, OR DISPOSAL OF STUDENT RECORDS**

Upon consideration of the Motion (the "Motion") by Development Specialists, Inc.,

solely in its capacity as Student Trustee (the "Student Trustee") of the CCI Student Creditors

Trust (the "Student Trust"),[2] and any opposition thereto, if any; and any opposition to the Motion

having been overruled, resolved, or withdrawn; and the Court finding that: (a) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter is a core

proceeding within the meaning of 28 U.S.C. §157(b)(2); (c) notice of the Motion was appropriate

under the circumstances and that no other or further notice need be given; and (d) the Court

having determined that the relief requested in the Motion is in the best interest of Students, the

Student Trust, and other parties-in-interest and that the Student Record Procedures are

---

[1] The Debtors' bankruptcy cases are: Corinthian Schools, Inc. Case No. 15-10955 (KJC); Rhodes Colleges, Inc. Case No. 15-10957 (KJC); Florida Metropolitan University, Inc., Case No. 15-10962 (KJC); Corinthian Property Group, Inc. Case No. 15-10966 (KJC); Titan Schools, Inc. Case No. 15-10970 (KJC); Career Choices, Inc. Case No. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., Case No. 15-10961 (KJC); Ashmead Education, Inc., Case No. 15-10967(KJC); MJB Acquisition Corporation, Case No. 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975; (KJC) Pegasus Education, Inc., Case No. 15-10953 (KJC); Grand Rapids Education Center, Inc. Case No. 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., Case No. 15-10960 (KJC); CDI Education USA, Inc. Case No. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., Case No. 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, Case No. 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); and Socle Education, Inc., Case No. 15-10976 (KJC).

[2] Terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

61231000.12

reasonable and appropriate and are designed to maximize the benefits to Students while preserving the assets of the Student Trust; and after due deliberation and sufficient cause appearing therefore; it is **HEREBY ORDERED** that:

1.     The Motion is granted in its entirety.

2.     The Student Record Procedures are hereby approved as follows:

(a)     A limited number of critical documents will be scanned in an identifiable and searchable format for any Student for whom the Student Trust received documents (the "Critical Documents"). The Critical Documents will be preserved electronically. Copies of the Critical Documents will be provided to Students at no charge upon request from the Student. The types of Critical Documents that will be scanned will be limited to: (i) diplomas; (ii) transcripts; (iii) student ledgers; (iv) enrollment agreements; and (v) loan documents;

(b)     For any Student that sends a written request to the Student Trust no later than 90 days after service of this Motion, the Student Trust, or its professionals, will: (i) attempt to identify all records pertaining to that Student; (ii) scan the documents for that Student; and (iii) provide that Student with electronic copies at no cost. To the extent that the number of requests from Students becomes too voluminous, such that locating and scanning the documents becomes cost-prohibitive, the Student Trust may modify or withdraw this option at its discretion;

(c)     For any non-Student that requests Student Records that are in the possession of the Student Trust, the person or entity making such request (the "Non-Student Party") must identify the Student(s) for which the Non-Student Party seeks records, and provide the Student Trust with either: (a) the consent of the Student to turn-over the requested Student Records to the Non-Student Party; or (b) a Court order granting the Non-Student Party with access to the requested Student Records. The Non-Student Party must post a deposit for the anticipated cost of locating and scanning the requested Student Records and will be required to pay all costs and fees associated with such efforts; and

(d)     All Student Records that are scanned or not requested by a Student or other entity will be destroyed.

3.     The Student Trust may expend resources of the Student Trust for the purposes of implementing the Student Record Procedures, including properly disposing of certain Student Records.

61231000.12

A - 4

4.      This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Order.

5.      The Student Trust is hereby authorized and empowered to take such steps and to perform such acts as the Student Trust deems reasonable and appropriate to implement and effectuate the terms of this Order.

Dated:    Wilmington, Delaware

_____, 2016

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

61231000.12