IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 ) ) Case No. 15-10952 (KJC) |
| CORINTHIAN COLLEGES, INC., *et al.*, | ) ) ) Jointly Administered |
| Debtors. | ) ) **Related D.I.: 1225, 1230, 1245** |

### ORDER DIRECTING TURNOVER OF CERTAIN RECORDS OF CORINTHIAN COLLEGES, INC.'S SELF-FUNDED HEALTH PLAN AND GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

Upon consideration of the *Distribution Trustee's Motion to Require Anthem Blue Cross Life and Health Insurance Company to Turn Over Certain Records of Corinthian Colleges, Inc.'s Self-Funded Health Plan* [D.I. 1225] (the "**Motion**"), filed by Craig R. Jalbert (the "**Distribution Trustee**"), the distribution trustee for the distribution trust (the "**Distribution Trust**") established pursuant to the Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation [D.I. 909], and the *Objection of Anthem Blue Cross Life and Health Insurance Company to the Distribution Trustee's Motion to Require Anthem Blue Cross Life and Health Insurance Company to Turn Over Certain Records of Corinthian Colleges, Inc.'s Self-Funded Health Plan* [D.I. 1230] (the "**Objection**") filed by Anthem Blue Cross Life and Health Insurance Company ("**Anthem**"); and upon the proceedings on the Motion and Objection held before the Court; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED that:

1.  The Motion is granted as set forth herein.

2. Anthem shall turn over to the Distribution Trust the data listed in Exhibit A to the Motion, for the fiscal years ending June 30, 2013, June 30, 2014, and June 30, 2015 to the extent not already provided, within thirty days after the date of this Order. This information shall include the provider name, provider address, provider tax ID number, and provider NPI number (collectively, the "**Provider Information**") relating to the data listed in Exhibit A to the Motion.

3. The Provider Information shall be treated as "**P/C Information**" as that term is defined in the Confidentiality Agreement dated June 1, 2016 that is attached hereto as Exhibit 1, and which is incorporated herein by reference in its entirety as if fully set forth herein (the "**Confidentiality Agreement**").

4. The Confidentiality Agreement shall govern the production and treatment of the P/C Information. In addition to the parties that already are signatories to the Confidentiality Agreement, the terms of this Order and the Confidentiality Agreement shall apply to the Distribution Trust.

5. The P/C Information shall be used solely for the Permitted Purpose (as defined in the Confidentiality Agreement) set forth in the Confidentiality Agreement, and in any related proceedings in any tribunal (the "**Disputes**"), and not for any other purpose, including any other litigation or judicial proceedings unrelated to the Permitted Purpose, or any business, competitive, governmental, commercial, or administrative purpose or function.

6. The P/C Information may be given, shown, made available to or communicated only to the following parties: (i) the Distribution Trust and the signatories to the Confidentiality Agreement, (ii) outside counsel of record for the

Distribution Trust, as well as stenographic, clerical, and legal assistant employees, and agents of those counsel whose functions require access to the P/C Information, (iii) the Court (or other adjudicatory tribunal), its officers and clerical staff in any proceeding that may result from the Disputes, subject to paragraph 9 below, (iv) court reporters, stenographers, or videographers who record depositions or other testimony in any Disputes, subject to paragraph 9 below, (v) any other professional, advisor or vendor of the Distribution Trust not identified in paragraph 4 of this Order, subject to paragraph 7, and (vi) except when the P/C Information is first exhibited at a deposition or trial to such person, any experts, witnesses, and deponents, subject to paragraph 7.

7. Before any person, professional or advisor identified in paragraph 6(v) or 6(vi) above is given access to P/C Information, such person or their representative shall be provided with a copy of the Confidentiality Agreement and shall acknowledge in a written statement, in the form provided as Exhibit 2 hereto, that he or she read the Confidentiality Agreement and agrees to be bound by the terms thereof. Such executed forms shall be retained in the files of counsel for the party who gave access to the P/C Information to the person who was provided such access.

8. The P/C Information may not be disclosed to any persons or entities that are not identified in paragraph 6. In the event that the Distribution Trust intends to disclose or is compelled by law or by compulsory legal process to disclose any P/C Information to any person or entity not identified in paragraph 6, the Distribution Trust shall, if possible, provide not less than fourteen (14) days prior written notice to Anthem before any production is made. However, in no event shall production or other disclosure be made before reasonable notice is given to Anthem.

9. Any document containing, identifying or referencing P/C Information that is submitted to or filed with the Court shall be filed under seal. P/C Information and any copies thereof, and the information contained therein that are filed with the Court or any pleadings, motions or other papers filed with the Court shall be filed under seal in a separate sealed envelope conspicuously marked "Filed Under Seal – Subject to Confidentiality Order," or with such other markings as required by the Court's rules. Where possible, only those portions of filings with the Court that disclose P/C Information shall be filed under seal.

10. Pursuant to Del. Bankr. L.R. 9018-1(c), the parties may file future documents under seal without the necessity of filing a separate motion.

11. The Court will retain jurisdiction to resolve any disputes arising under or related to this Order and to interpret and enforce the provisions of this Order.

Dated: Oct 26, 2016
Wilmington, Delaware

_____
HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE