## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Re: Docket Nos. 429, 1173 & 1243** |
| | § | **Obj. Deadline:  March 27, 2017 at 4:00 p.m. (ET)** |
| | § | **Hearing Date:  May 9, 2017 at 10:00 a.m. (ET)** |

-------------------------------------------------------------

## DISTRIBUTION TRUSTEE'S THIRD MOTION FOR AN ORDER EXTENDING THE CLAIMS OBJECTION DEADLINE THROUGH SEPTEMBER 11, 2017

Craig R. Jalbert, the distribution trustee (the "**Distribution Trustee**") for the distribution trust (the "**Distribution Trust**"), hereby requests the entry of an order, pursuant to sections 105 and 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 3007 and 9006 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") and section XI.C of the *Debtors Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 863] (the "**Plan**")[2], extending the Claims Objection Deadline one

---

[1]    The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

[2]    Capitalized terms not otherwise defined herein have the meaning given to them in the Plan.

hundred and eighty (180) days through and including September 11, 2017.[3]  In support of this

Motion, the Distribution Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§

157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue for this proceeding and Motion is proper before this Court pursuant

to 28 U.S.C. §§ 1408 and 1409.[4]

## BACKGROUND

### A.      The Chapter 11 Cases

3.      On May 4, 2015 (the "**Petition Date**"), Corinthian Colleges, Inc.

("**Corinthian**") and its affiliated debtors (collectively, the "**Debtors**") each filed a voluntary

petition with this Court for relief under chapter 11 of the Bankruptcy Code.

4.      On August 28, 2015, the Court entered the *Order Confirming Debtors'*

*Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of*

*Liquidation* [Docket No. 913] (the "**Confirmation Order**") confirming the Plan.  The Effective

Date of the Plan occurred on September 21, 2015 [Docket No. 1014].  The Plan provided that on

the Effective Date all the remaining assets of the Debtors' estates would transfer to two trusts:

(i) the Distribution Trust, for the benefit of Holders of Allowed Administrative Expense Claims,

Allowed Priority Tax Claims, Allowed Other Priority Claims (other than Student 507(a)(7)

Deposit Claims), Allowed Prepetition Lenders Secured Claims, Allowed Other Secured Claims

---

[3]      To comport with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),
the Distribution Trustee is seeking to extend the Claim Objection Bar Date through September 11, 2017, as
the one-hundred and eightieth day (September 10, 2017) would otherwise be on a Sunday.

[4]      Pursuant to Local Rule 9013-1(f), the Distribution Trustee hereby confirms his consent to the entry of a
final order by this Court in connection with this Motion if it is later determined that this Court, absent
consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States
Constitution.

and Allowed General Unsecured Claims, and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims.

**B.    The Claims Reconciliation Process**

5.    On June 18, 2015, the Court entered the *Order Pursuant to 11 U.S.C. §§ 501, 502, 503 and 1111(a), Fed. Bankr. P. 2002 and 3003(C)(3) and Del. Bankr. L.R. 2002-1(e) Establishing Bar Dates for Filing Claims and Approving Form and Manner of Notice Thereon* [Docket No. 429], which established (a) the general deadline to submit proofs of claims in these chapter 11 cases as July 20, 2015 at 5:00 p.m. (prevailing Eastern Time) and (b) the deadline for governmental units filing proofs of claim against the Debtors as November 2, 2015 at 5:00 p.m. (prevailing Eastern Time).

6.    Nearly 4,300 proofs of claim (the "**Proofs of Claim**") have been filed in these chapter 11 cases.  Since the Effective Date, the Distribution Trustee, with the assistance of his advisors and professionals, has commenced the claims reconciliation process to ascertain which Proofs of Claim may need to be disallowed, reduced and/or reclassified.

**C.    The Claims Objection Deadline**

7.    Pursuant to the Plan, the Distribution Trustee must "file and serve any objection to any [Proofs of Claim] no later than the Claims Objection Deadline; provided, however, the Claims Objection Deadline may be extended by the Bankruptcy Court from time to time upon motion and notice by the Distribution Trustee or the Student Trustee for cause." Plan § XI.C. The Plan further defines the Claims Objection Deadline as "one hundred and eighty (180) days after the Effective Date or such later date as may be approved by the Court."  Plan § II.A.26.  The original deadline to file objections to Proofs of Claim under the Plan was March 19, 2016.

8.      On March 24, 2016, the Court entered the *Order Granting Distribution Trustee's Motion for an Order Extending the Claims Objection Deadline* [Docket No. 1173], extending the Claims Objection Deadline through and including September 15, 2016.

9.      On October 3, 2016, the Court entered the *Order Granting Distribution Trustee's Second Motion for an Order Extending the Claims Objection Deadline* [Docket No. 1243], further extending the Claims Objection Deadline through and including March 14, 2017.

10.     As discussed below, the Distribution Trustee does not believe that he will have completed the claims reconciliation process by this date and hereby requests an extension of the Claims Objection Deadline pursuant to Section XI.C the Plan.

### RELIEF REQUESTED

11.     By this Motion, the Distribution Trustee hereby seeks entry of the Order pursuant to section 105(a) of the Bankruptcy Code and Section XI.C of the Plan extending the Claims Objection Deadline by one hundred and eighty (180) days, through and including September 11, 2017; provided, however, that the requested extension shall be without prejudice to the rights of the Distribution Trustee to request further extensions of the Claims Objection Deadline. By filing this Motion, the Claims Objection Deadline is extended automatically by Local Rule 9006-2 through and including the date on which the Court determines the relief requested in this Motion.[5]

### BASIS FOR RELIEF

12.     Pursuant to the terms of the Plan, an extension of Claims Objection Deadline may be granted by the Court upon the motion and notice of the Distribution Trustee for

---

[5]      Local Rule 9006-2 provides in pertinent part that "if a motion to extend time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the Fed.R.Bankr.P., the[] Local

cause.  See Plan § XI.C.  Moreover, section 105(a) of the Bankruptcy Code provides that the Court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.  11 U.S.C. § 105(a).

13.     As previously noted, almost 4,300 Proofs of Claim have been in these chapter 11 cases.  Reviewing the Proofs of Claim and determining which Proofs of Claim are legitimate (including determining the allowed amounts of such Proofs of Claim), and which Proofs of Claim are objectionable and the bases for objection thereto, is a labor intensive and time consuming process.  A thorough and accurate review of the Proofs of Claim is critically important to the fair, efficient and timely settlement of the Debtors' estates.

14.     Further, unlike a traditional debtor in possession or reorganized debtor, the Distribution Trustee did not begin administering the estates with first-hand knowledge of the claims asserted against the estates or a complete understanding of the various relationships and history associated with each of the Proofs of Claim.

15.     The Distribution Trustee has used the extension of the Claims Objection Deadline to better understand the history of the Debtors' estates and the various claims asserted in these cases. Further, the Distribution Trustee has begun analyzing the various causes of action that could be initiated for the benefit of the beneficiaries of the Distribution Trust.  These potential causes of action will likely serve as the primary source of proceeds for making any distribution to the holders of allowed general unsecured claims.  Further, the Distribution Trustee has begun to pursue these potential causes of action.  Accordingly, rather than exhausting limited estate resources on reviewing claims at this time, the Distribution Trustee believes that it may be

---

Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without necessity for the entry of a bridge order."

prudent to delay certain aspects of the claims reconciliation process until there is a clearer picture as to the magnitude of any distributions.

16.     For the reasons set forth herein, the Distribution Trustee submits that cause exists to extend the Claims Objection Deadline through and including September 11, 2017.

**Notice**

17.     No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided via first class mail to:  (i) the U.S. Trustee; (ii) the Student Trustee; and (iii) all other persons who have requested notice in the above-captioned chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Distribution Trustee submits that, under the circumstances, no other or further notice is required.

**No Prior Request**

18.     No previous request for relief sought herein has been made to this Court or any other court.

WHEREFORE, the Distribution Trustee respectfully requests that the Court enter the Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein, and ordering such other and further relief as is just and proper.

Dated: March 13, 2017
      Wilmington, Delaware

Respectfully submitted,

*/s/ Amanda R. Steele*
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email: collins@rlf.com
      merchant@rlf.com
      steele@rlf.com

Counsel for the Distribution Trustee

RLF1 17076689v.1