**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Re: D.I. ____** |

-----------------------------------------------------------------

**ORDER APPROVING TOLLING AGREEMENT AND STIPULATION BETWEEN CRAIG R. JALBERT, AS DISTRIBUTION TRUSTEE OF THE CORINTHIAN DISTRIBUTION TRUST, AND FORMER OUTSIDE DIRECTORS OF CORINTHIAN COLLEGES, INC.**

This matter coming before the Court upon the *Certification of Counsel Regarding Order Approving Tolling Agreement and Stipulation Between Craig R. Jalbert, as Distribution Trustee of the Corinthian Distribution Trust, and Former Outside Directors of Corinthian Colleges, Inc.* (the "**Certification**");[2] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the retention of jurisdiction under section XVI of the plan of liquidation [D.I. 913];

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

[2]     Capitalized terms not otherwise defined herein have the meanings given to them in the Certification.

IT IS HEREBY ORDERED THAT:

1.      The Tolling Agreement is hereby APPROVED and entered as an order of the Court.

2.      The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

Dated: _____, 2017                    _____
        Wilmington, Delaware                   THE HONORABLE KEVIN J. CAREY
                                               UNITED STATES BANKRUPTCY JUDGE

## <u>Exhibit 1</u>

**Tolling Agreement**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | **Chapter 11** |
| | **Case No. 15-10952-KJC** |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | |
| | **(Jointly Administered)** |
| Debtors. | |

## TOLLING AGREEMENT AND STIPULATION BETWEEN CRAIG R. JALBERT, AS DISTRIBUTION TRUSTEE OF THE CORINTHIAN DISTRIBUTION TRUST, AND FORMER OUTSIDE DIRECTORS OF CORINTHIAN COLLEGES, INC.

This Tolling Agreement and Stipulation (the "Stipulation") is made and entered into as of February 7, 2017 (the "Stipulation Effective Date"), by and between Craig R. Jalbert ("Distribution Trustee"), as Distribution Trustee of the Corinthian Distribution Trust (the "Distribution Trust"), on the one hand, and each of Paul R. St. Pierre, Terry O. Hartshorn, Hank Adler, Robert Lee, Alice T. Kane, John M. Dionisio, Linda Arey Skladany, Timothy J. Sullivan, Sharon P. Robinson, and Marc H. Morial (the "Outside Directors"), on the other hand, by and through their respective counsel. Each party may be referred to individually as a "Party" and all parties may be referred to

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

herein collectively as the "Parties."  This Stipulation is made with reference to the following facts:

**RECITALS**

WHEREAS, on May 4, 2015, Corinthian Colleges, Inc. ("Corinthian") and its twenty-four domestic direct and indirect subsidiaries (together with Corinthian, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, on August 28, 2015, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation (the "Plan"), which became effective on or about September 21, 2015; and

WHEREAS, the Plan provided for the establishment of the Distribution Trust to facilitate implementation of the Plan; and

WHEREAS, Corinthian (on behalf of itself and the other Debtors), Craig R. Jalbert (the Distribution Trustee), and Wilmington Trust, National Association (as Delaware Resident Trustee) entered into the Corinthian Distribution Trust Agreement made as of September 18, 2015 (the "Distribution Trust Agreement"); and

WHEREAS, on the Effective Date of the Plan, the Distribution Trust Assets (as defined in the Plan), including the Causes of Action (as defined in the Plan), were transferred to the Distribution Trust in accordance with the terms and conditions of the Plan, the Confirmation Order and the Distribution Trust Agreement; and

- 2 -

WHEREAS, pursuant to the Plan, the Confirmation Order and the Distribution Trust Agreement, the Distribution Trustee was appointed to administer the Distribution Trust, including to act as representative of the Debtors' estates pursuant to sections 1123(a)(5), (a)(7) and (b)(3)(B) of the Bankruptcy Code to retain and enforce the Causes of Action; and

WHEREAS, on approximately October 5, 2016, counsel for the Distribution Trustee sent a draft of a Complaint for Breach of Fiduciary Duty and Waste of Corporate Assets (the "Complaint") (i) to counsel for certain members of Corinthian's former management (the "Management Defendants") and (ii) to counsel for the Outside Directors (and together with Management Defendants, the "Defendants"); and

WHEREAS, the Distribution Trustee, his counsel, and Defendants' counsel participated in a two-day mediation on January 4-5, 2017 (the "Mediation"); and

WHEREAS, at the end of the Mediation, counsel for the Distribution Trustee and counsel for the Outside Directors agreed in principle to the basic terms of a settlement of the Distribution Trustee's potential claims against the Outside Directors; and

WHEREAS, counsel for the Distribution Trustee and counsel for the Outside Directors signed a Term Sheet, dated February 7, 2017, embodying the principal terms of their agreement, subject to (among other things) execution of a definitive Stipulation of Settlement with exhibits (the "Settlement Agreement") and approval by the Bankruptcy Court; and

WHEREAS, the Bankruptcy Court has scheduled a hearing to consider approval of the Settlement Agreement for April 24, 2017; and

- 3 -

WHEREAS, the Outside Directors expressly deny the wrongdoing alleged in the Complaint and do not concede any wrongdoing or liability in connection with any facts or claims that have been or could have been alleged in the Complaint; and

WHEREAS, the Distribution Trustee wishes, and the Outside Directors agree, to toll and extend any statute, statute of repose, statute of limitations, limitation or laches period, or other provision, whether jurisdictional or otherwise, that requires, mandates, or establishes any deadline for the commencement or filing of any matter, proceeding or other action by the Distribution Trust or the Distribution Trustee (collectively, "Claimants") against the Outside Directors, or any of them, thereby to preserve any rights, claims and defenses that the Claimants may have against the Outside Directors (collectively, the "Claims") as of the Stipulation Effective Date, under any legal theory or applicable law, whether asserted by claim, counterclaim, cross-claim, or otherwise, including, without limitation, the causes of action contained in the Complaint; and

WHEREAS, the Parties are willing to enter into this Stipulation to preserve all Claims, if any, that the Claimants may have against the Outside Directors as of the Stipulation Effective Date according to the terms set forth herein.

## **STIPULATION**

In consideration of the mutual promises set forth herein and in the Settlement Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1.      The recitals set forth above are incorporated herein by reference.

- 4 -

2.      Any statute, statue of repose, statute of limitations, limitation or laches period, or other provision, whether jurisdictional or otherwise, that requires, mandates, or establishes any deadline (collectively, the "Limitation Deadline") for the commencement or filing of any matter, proceeding or action by the Claimants, or either of them, against the Outside Directors, or any of them, applicable to any of the Claims, including, without limitation, sections 108 and 546 of the Bankruptcy Code, are hereby tolled and extended for the Claimants, and each of them, from the Stipulation Effective Date, through and including (i) full consummation of the Settlement Agreement (meaning that the Bankruptcy Court shall have entered the Settlement Order, the Settlement Order shall have become Final, and the Settlement Amount shall have been paid in accordance with the Settlement Agreement) or (ii) sixty (60) days after the earliest of (a) the date notice is provided by the Distribution Trust, the Outside Directors, or any of them, or any applicable insurer(s) that he, she, it or they do not approve the Settlement Agreement, (b) the date on which the Bankruptcy Court rules that the Settlement Agreement is not approved, (c) the date on which the Settlement Agreement is terminated pursuant to its terms, or (d) the date on which the Settlement Agreement otherwise becomes null and void pursuant to its terms (collectively, the "Stipulation Termination Date").  The Limitation Deadline is not tolled or extended for anyone other than the Claimants or for claims against anyone other than the Outside Directors.

3.      The Parties agree that: (a) sections 108(a) and 546 of the Bankruptcy Code and any other Limitation Deadline are not a limit on the Bankruptcy Court's

jurisdiction, and can be tolled by agreement; and (b) no Party will assert any contrary position in any matter, proceeding or action in any court of competent jurisdiction. If a court nevertheless holds that it does not have jurisdiction over any Claim because the Claim was filed after the Stipulation Effective Date, or such other date upon which any applicable Limitation Deadline would have expired but for this Stipulation, the Parties agree that: (i) the Party asserting the Claim shall nevertheless have a separate and distinct contractual right and claim against the Party subject to the Claim; and (ii) the Party subject to such Claim will have a corresponding separate and distinct contractual obligation to the Party asserting such Claim, in the amount, and for the remedies, if any, that the Party asserting such Claim would have been entitled had he, she or it asserted such Claim prior to the Stipulation Effective Date, or such other date upon which any applicable Limitation Deadline would have expired but for this Stipulation, and obtained a final and non-appealable judgment from the court in his, her or its favor, subject to all available rights, claims and defenses of each Party; *provided, however,* that the Party or Parties against whom any such Claim has been asserted shall retain all defenses, claims, cross-claims, and counterclaims as to any such Claim. The agreements contained in this paragraph and the terms of the Settlement Agreement are a material inducement to each Party to enter into this Stipulation, and are not conditioned upon approval by any court and are effective and enforceable among the Parties immediately upon execution of this Stipulation. The provisions of this paragraph shall terminate upon full consummation of the Settlement Agreement (as explained in paragraph 2(i)).

4.       Nothing in this Stipulation shall prevent the Claimants, or either of them, or any other party acting for or on his or its behalf, from filing a lawsuit with respect to any Claim against the Outside Directors, or any of them, prior to the Stipulation Termination Date; *provided, however,* that Claimants (or either of them) will not file any such suit as long as the Settlement Agreement has not been rejected by any court or has not been terminated in accordance with its terms.  So long as any Claim is filed on or prior to the Stipulation Termination Date, and would not have been barred as of the Stipulation Effective Date, the Outside Directors, and each of them, hereby waive the defense that such action is barred by the applicable Limitation Deadline.  For the avoidance of doubt, this Stipulation shall not in any manner revive, resurrect, or create any claims, rights, causes of action or suits that, as of the Stipulation Effective Date, had expired or were barred by the Bankruptcy Code or applicable nonbankruptcy law, including, without limitation, any applicable statute of limitations or repose or other rule, provision, defense or principle based upon the passage of time (including without limitation, waiver, estoppel and laches), whether statutory, contractual or otherwise, or limit in any way the assertion of any defense available as of the Stipulation Effective Date.

5.       This Stipulation shall not operate or be construed as an admission of any wrongdoing, liability, or culpability by any Party or as an admission by any Party of the existence of any claims against the other.  Neither this Stipulation nor any action taken pursuant to this Stipulation shall be offered or received in evidence or used for any purpose whatsoever, in any action or proceeding that may ensue between the Parties,

other than to refute a defense that any action brought by the Claimants, or either of them, on or prior to the Stipulation Termination Date is time barred by any applicable Limitation Deadline.

6.      The Parties each represent and warrant that: (i) each has the power and is duly authorized to enter into this Stipulation described herein and upon the terms set forth herein; and (ii) upon being duly executed and delivered, this Stipulation shall constitute a legal, valid, and binding obligation enforceable against it in accordance with this Stipulation's terms.

7.      This Stipulation shall be binding upon, and operate for the benefit of, the Parties and each of their respective successors and assigns.

8.      This Stipulation shall expire at 11:59 p.m. ET on the Stipulation Termination Date, unless renewed or extended by a written instrument signed by an authorized representative of each Party, or, to the extent only one or more of the Outside Directors agree to renew or extend, executed by such Outside Director and the Distribution Trust, prior to that date and time.

9.      This Stipulation constitutes the entire agreement by and among the Parties concerning the tolling of the Limitation Deadline, and supersedes any prior agreements or understandings whether written or oral. This Stipulation may not be amended or changed in any way except by written instrument signed by the Parties.

10.     The Parties intend that this Stipulation be binding and enforceable in accordance with its terms. Accordingly, the Parties hereby irrevocably waive any right

to contend that this Stipulation is not or might not be enforceable, agree not to assert or support any such contention, and shall be estopped from raising any such contention.

11.     The obligations of each of the Outside Directors set forth in the preceding Paragraph 10 shall be contractual (as opposed to a waiver of a procedural or statutory right).

12.     This Stipulation is not intended, nor shall it be deemed, to advance or otherwise affect any Limitation Deadline occurring after the Stipulation Termination Date.

13.     This Stipulation shall be governed by and interpreted under Delaware law without regard to any conflicts-of-laws principles.

14.     The Bankruptcy Court shall have sole and exclusive jurisdiction to interpret or resolve any disputes relating to this Stipulation.

15.     The tolling and extension of the Limitation Deadline is effective whether or not the Bankruptcy Court enters an Order approving this Stipulation.  The Parties, however, agree to submit this Stipulation to the Bankruptcy Court for its approval.

16.     This Stipulation may be signed in counterparts, including by facsimile, each of which shall be deemed an original, and all of which taken together shall constitute one and the same document.

Christopher P. Sullivan
Richard B. Allyn
James P. Menton, Jr.
**ROBINS KAPLAN LLP**
800 Boylston Street, Suite 2500
Boston, MA 02199
Telephone: (617) 267-2300
Facsimile: (617) 267-8288

Ralph C. Ferrara
Jonathan E. Richman
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Suite 600 South
Washington, D.C. 20004
Telephone: (202) 416-5820
Facsimile: (202) 416-6899

*Counsel for The Distribution Trustee*

*Counsel for the Outside Directors*

- 10 -