# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | Case No. 15-10952-KJC |
| Debtors. | Jointly Administered |
| | Re: D.I. 1352, 1344 |

## ORDER APPROVING SETTLEMENT BY AND AMONG
## DISTRIBUTION TRUST AND OUTSIDE DIRECTORS

Upon consideration of the motion (the "**Motion**") of the Distribution Trust for entry of an order (this "**Order**") approving the Settlement[2] between the Distribution Trust, on the one hand, and Paul R. St. Pierre, Terry O. Hartshorn, Hank Adler, Robert Lee, Alice T. Kane, John M. Dionisio, Linda Arey Skladany, Timothy J. Sullivan, Sharon P. Robinson, and Marc H. Morial (collectively, the "**Outside Directors**"), on the other hand, on the terms and subject to the conditions set forth in the Stipulation of Settlement and its exhibits (the "**Settlement Agreement**"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); and that the Court may enter a final order consistent with Article III of the

---

[1] The Debtors in these cases (the 'Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. Case No. 15-10955 (KJC); Rhodes Colleges, Inc. Case No. 15-10957 (KJC); Florida Metropolitan University, Inc., Case No. 15-10962 (KJC); Corinthian Property Group, Inc. Case No. 15-10966 (KJC); Titan Schools, Inc. Case No. 15-10970 (KJC); Career Choices, Inc. Case No. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., Case No. 15-10961 (KJC); Ashmead Education, Inc., Case No. 15-10967(KJC); MJB Acquisition Corporation, Case No. 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975; (KJC) Pegasus Education, Inc., Case No. 15-10953 (KJC); Grand Rapids Education Center, Inc., Case No. 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., Case No. 15-10960 (KJC); CDI Education USA, Inc. Case No. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., Case No. 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, Case No. 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); and Socle Education, Inc., Case No. 15-10976 (KJC).

[2] Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to such terms in the Motion or the Settlement Agreement, as applicable.

75783752.1

United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion and opportunity for hearing on the Motion were appropriate and no other notice needed to have been provided; and the Court having heard the statements in support of the relief requested therein at a hearing, if, any, before the Court (the "**Hearing**"); and the Court having found that approval of the Settlement Agreement and relief sought in the Order is within the sound discretion of the Court; and the Court having found that the relief requested in the Motion is fair and equitable and in the best interests of the Distribution Trust, creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED in all respects.

2. The Settlement Agreement, a copy of which is attached hereto as **Exhibit 1**, is approved pursuant to Section 105 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

3. Within five (5) business days after the Effective Date (as defined in the Settlement Agreement), the Outside Directors shall cause their insurer(s) to pay $1,000,000 to the Distribution Trust, at the direction of the Distribution Trustee.

4. The Distribution Trustee and all other Releasors are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in, or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding

2

75783752.1

(as well as a motion or complaint in intervention if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating in any way to the Released Trustee's Claims Against Outside Directors, including the claims and causes of action, or the facts and circumstances relating thereto, in the Complaint.

5. All persons are permanently enjoined from filing, commencing, or prosecuting any other lawsuit or other proceeding on behalf of, for the benefit of, or derivatively for any Releasor as to the Releasees, if such other lawsuit is based on or related in any way to the Released Trustee's Claims, including the claims and causes of action, or the facts and circumstances relating thereto, in the Complaint.

6. All Outside Directors, and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons, are permanently enjoined from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to the Directors' Mutually Released Claims or the Released Directors' Claims.

7. All persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any Releasee arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract, misrepresentation, or breach of fiduciary duty, where the Claim is or arises from a Released Trustee's Claim Against Outside Directors and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Distribution Trustee or any other Releasor, including any Claim in which a person or entity seeks to recover from any of the Releasees

*(i)* any amounts that such person or entity has or might become liable to pay to the Distribution Trustee or any other Releasor and/or *(ii)* any costs, expenses, or attorneys' fees from defending any Claim by the Distribution Trustee or any other Releasor. All such Claims against the Releasees are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions hereof are intended to preclude any liability of any of the Releasees to any person or entity for indemnification, contribution, or otherwise on any Claim that is or arises from a Released Trustee's Claim Against Outside Directors and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Distribution Trustee or any other Releasor; *provided, however*, that if the Distribution Trustee or any other Releasor obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Trustee's Claim Against Outside Directors for which such person or entity and any of the Releasees are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of *(i)* an amount that corresponds to such Releasee's or Releasees' percentage of responsibility for the loss to the Distribution Trustee or other Releasor(s) or *(ii)* the Settlement Amount.

8.  Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including any other Releasee) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract, misrepresentation, or breach of fiduciary duty, where the Claim is or arises from a Released Trustee's Claim Against Outside Directors and the alleged injury to such Releasee arises from that Releasee's alleged liability to the Distribution Trustee or any other Releasor, including any Claim in which any Releasee seeks to recover from any person or

entity (including another Releasee) *(i)* any amounts that any such Releasee has or might become liable to pay to the Distribution Trustee or any other Releasor and/or *(ii)* any costs, expenses, or attorneys' fees from defending any Claim by the Distribution Trustee or any other Releasor. All such Claims are hereby extinguished, discharged, satisfied, and unenforceable.

9. Each and every Outside Director is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other Outside Director arising under any federal, state, or foreign statutory or common-law rule, however styled, where the Claim is or arises from a Directors' Mutually Released Claim. All such Claims are hereby extinguished, discharged, satisfied, and unenforceable.

10. The Distribution Trustee is enjoined from seeking relief or collecting judgment against any person or entity in such a manner that fails to conform to the terms of this Order, including the judgment credit provision set forth in paragraph 4 of this Order.

11. Notwithstanding anything stated in this Order, if any person or entity (for purposes of this paragraph, a "**petitioner**") commences against any of the Releasees any action either *(i)* asserting a Claim that is or arises from a Released Trustee's Claim Against Outside Directors and where the alleged injury to such petitioner arises from that petitioner's alleged liability to the Distribution Trustee or any other Releasor or *(ii)* seeking contribution or indemnity for any liability or expenses incurred in connection with any such Claim, and if such action or Claim is not barred by a court pursuant to this Order or is otherwise not barred, neither this Order nor the Settlement Agreement shall bar Claims by that Releasee against (*a*) such petitioner, (*b*) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose Claims the petitioner has succeeded, and (*c*) any

person or entity that participated with any of the preceding persons or entities described in items (*a*) and (*b*) of this paragraph in connection with the assertion of the Claim brought against the Releasee(s); *provided, however,* that nothing in this Order or the Settlement Agreement shall prevent the Settling Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement.

12. If any term of this Order is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any Claim that is based upon, arises out of, or relates to any Released Trustee's Claim Against Outside Directors or any Directors' Mutually Released Claim, as applicable.

13. Notwithstanding this Order or anything else in the Settlement Agreement, nothing shall release, interfere with, limit, or bar the assertion by any Releasee of any Claim for insurance coverage under any insurance, reinsurance, or indemnity policy that potentially provides coverage respecting the conduct at issue in the Complaint or for any other Released Trustee's Claim Against Outside Directors.

14. This Order and the Settlement Agreement shall be binding on the Parties, any trustees appointed in the Chapter 11 Cases, any trustees appointed in any subsequent chapter 7 cases relating to the Debtors, and all other parties in interest in accordance with and subject to the terms of the Settlement Agreement.

15. The Distribution Trust and all other Parties to the Settlement Agreement are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion and to implement the terms of the Settlement Agreement without further notice, hearing or order of the Court.

16. The Court shall retain continuing ~~and exclusive~~ jurisdiction to hear and determine all matters arising or related to the implementation, interpretation and/or enforcement of the Settlement Agreement and this Order.

Dated: _April 24_, 2017
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

75783752.1