# EXHIBIT A

## Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Re: D.I. ____** |

-----------------------------------------------------------------

### ORDER APPROVING TOLLING AGREEMENT AND STIPULATION BETWEEN CRAIG R. JALBERT, AS DISTRIBUTION TRUSTEE OF THE CORINTHIAN DISTRIBUTION TRUST, AND FORMER MANAGEMENT OF CORINTHIAN COLLEGES, INC.

This matter coming before the Court upon the *Certification of Counsel Regarding Order Approving Tolling Agreement and Stipulation Between Craig R. Jalbert, as Distribution Trustee of the Corinthian Distribution Trust, and Former Management of Corinthian Colleges, Inc.* (the "**Certification**");[2] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the retention of jurisdiction under section XVI of the plan of liquidation [D.I. 913];

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

[2]    Capitalized terms not otherwise defined herein have the meanings given to them in the Certification.

IT IS HEREBY ORDERED THAT:

1.      The Tolling Agreement is hereby APPROVED and entered as an order of the Court.

2.      Subject to Paragraph 6 of the Tolling Agreement, this Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

Dated: _____, 2017
       Wilmington, Delaware           _____
                                       THE HONORABLE KEVIN J. CAREY
                                       UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Tolling Agreement**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 15-10952-KJC |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | |
| | **(Jointly Administered)** |
| Debtors. | |

**TOLLING AGREEMENT AND STIPULATION BETWEEN CRAIG R. JALBERT, AS
DISTRIBUTION TRUSTEE OF THE CORINTHIAN DISTRIBUTION TRUST, AND
FORMER MANAGEMENT OF CORINTHIAN COLLEGES, INC.**

This Tolling Agreement and Stipulation (the "Stipulation") is made and entered

into as of April 24, 2017 (the "Stipulation Effective Date"), by and between Craig R.

Jalbert ("Distribution Trustee"), as Distribution Trustee of the Corinthian Distribution

Trust (the "Distribution Trust"), on the one hand, and former officers of Corinthian

Colleges, Inc. Jack D. Massimino, Robert Owen, Robert D. Bosic, Beth A. Wilson, Stan A.

Mortensen, Michelle Reed Zagorski, Christian Dieckmann, Kenneth Ord, and Nicole

Carnagey (collectively, the "Former Officers"), on the other hand.  Each party may be

referred to individually as a "Party" and all parties may be referred to herein

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

collectively as the "Parties." This Stipulation is made with reference to the following facts:

## RECITALS

WHEREAS, on May 4, 2015, Corinthian Colleges, Inc. ("Corinthian") and its twenty-four domestic direct and indirect subsidiaries (together with Corinthian, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, on August 28, 2015, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation (the "Plan"), which became effective on or about September 21, 2015; and

WHEREAS, the Plan provided for the establishment of the Distribution Trust to facilitate implementation of the Plan; and

WHEREAS, Corinthian (on behalf of itself and the other Debtors), Craig R. Jalbert (the Distribution Trustee), and Wilmington Trust, National Association (as Delaware Resident Trustee) entered into the Corinthian Distribution Trust Agreement made as of September 18, 2015 (the "Distribution Trust Agreement"); and

WHEREAS, on the Effective Date of the Plan, the Distribution Trust Assets (as defined in the Plan), including the Causes of Action (as defined in the Plan), were transferred to the Distribution Trust in accordance with the terms and conditions of the Plan, the Confirmation Order and the Distribution Trust Agreement; and

34615303.1                                      - 2 -

WHEREAS, pursuant to the Plan, the Confirmation Order and the Distribution Trust Agreement, the Distribution Trustee was appointed to administer the Distribution Trust, including to act as representative of the Debtors' estates pursuant to sections 1123(a)(5), (a)(7) and (b)(3)(B) of the Bankruptcy Code to retain and enforce the Causes of Action; and

WHEREAS, on approximately October 5, 2016, counsel for the Distribution Trustee sent a draft of a Complaint for Breach of Fiduciary Duty and Waste of Corporate Assets (the "Complaint") to counsel for the Former Officers and to counsel for certain former outside directors of Corinthian; and

WHEREAS, the Parties have agreed to the basic terms of a settlement (the "Settlement") of the Distribution Trustee's potential claims against the Former Officers, subject to execution of a definitive Stipulation of Settlement with exhibits (the "Settlement Agreement") and approval of the Settlement Agreement by the Bankruptcy Court; and

WHEREAS, the Former Officers expressly deny the wrongdoing alleged in the Complaint and do not concede any wrongdoing or liability in connection with any facts or claims that have been or could have been alleged in the Complaint; and

WHEREAS, the Distribution Trustee wishes, and the Former Officers agree, to toll and extend any statute, statute of repose, statute of limitations, limitation or laches period, or other provision, whether jurisdictional or otherwise, that requires, mandates, or establishes any deadline for the commencement or filing of any matter, proceeding or other action by the Distribution Trust or the Distribution Trustee (collectively,

34615303.1                                    - 3 -

"Claimants") against the Former Officers, or any of them, thereby to preserve any rights, claims and defenses that the Claimants may have against the Former Officers (collectively, the "Claims") as of the Stipulation Effective Date, under any legal theory or applicable law, whether asserted by claim, counterclaim, cross-claim, or otherwise, including, without limitation, the causes of action contained in the Complaint; and

WHEREAS, the Parties are willing to enter into this Stipulation to preserve all Claims, if any, that the Claimants may have against the Former Officers as of the Stipulation Effective Date according to the terms set forth herein.

## STIPULATION

In consideration of the mutual promises set forth herein and the terms of the Settlement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1.      The recitals set forth above are incorporated herein by reference.

2.      Any statute, statue of repose, statute of limitations, limitation or laches period, or other provision, whether jurisdictional or otherwise, that requires, mandates, or establishes any deadline (collectively, the "Limitation Deadline") for the commencement or filing of any matter, proceeding or action by the Claimants, or either of them, against the Former Officers, or any of them, applicable to any of the Claims, including, without limitation, sections 108 and 546 of the Bankruptcy Code, are hereby tolled and extended for the Claimants, and each of them, from the Stipulation Effective Date, through and including June 30, 2017 (the "Stipulation Termination Date"). The

Limitation Deadline is not tolled or extended for anyone other than the Claimants or for claims against anyone other than the Former Officers pursuant to this Stipulation.

3.    The Parties agree that: (a) sections 108(a) and 546 of the Bankruptcy Code and any other Limitation Deadline are not a limit on the Bankruptcy Court's jurisdiction, and can be tolled by agreement; and (b) no Party will assert any contrary position in any matter, proceeding or action in any court of competent jurisdiction. If a court nevertheless holds that it does not have jurisdiction over any Claim because the Claim was filed after the Stipulation Effective Date, or such other date upon which any applicable Limitation Deadline would have expired but for this Stipulation, the Parties agree that: (i) the Party asserting the Claim shall nevertheless have a separate and distinct contractual right and claim against the Party subject to the Claim; and (ii) the Party subject to such Claim will have a corresponding separate and distinct contractual obligation to the Party asserting such Claim, in the amount, and for the remedies, if any, that the Party asserting such Claim would have been entitled had he, she or it asserted such Claim prior to the Stipulation Effective Date, or such other date upon which any applicable Limitation Deadline would have expired but for this Stipulation, and obtained a final and non-appealable judgment from the court in his, her or its favor, subject to all available rights, claims and defenses of each Party; *provided, however,* that the Party or Parties against whom any such Claim has been asserted shall retain all defenses, claims, cross-claims, and counterclaims as to any such Claim. The agreements contained in this paragraph and the terms of the Settlement are a material inducement to each Party to enter into this Stipulation, and are not conditioned upon approval by

34615303.1                                   - 5 -

any court and are effective and enforceable among the Parties immediately upon execution of this Stipulation. The provisions of this paragraph shall terminate upon full consummation of the Settlement Agreement (as explained in paragraph 2(i)).

4.    Nothing in this Stipulation shall prevent the Claimants, or either of them, or any other party acting for or on his or its behalf, from filing a lawsuit with respect to any Claim against the Former Officers, or any of them, prior to the Stipulation Termination Date. So long as any Claim is filed on or prior to the Stipulation Termination Date, and would not have been barred as of the Stipulation Effective Date, the Former Officers, and each of them, hereby waive the defense that such action is barred by the applicable Limitation Deadline. For the avoidance of doubt, this Stipulation shall not in any manner revive, resurrect, or create any claims, rights, causes of action or suits that, as of the Stipulation Effective Date, had expired or were barred by the Bankruptcy Code or applicable nonbankruptcy law or any Limitation Deadline, including, without limitation, any applicable statute of limitations or repose or other rule, provision, defense or principle based upon the passage of time (including without limitation, waiver, estoppel and laches), whether statutory, contractual or otherwise, or limit in any way the assertion of any defense available as of the Stipulation Effective Date.

5.    This Stipulation shall not operate or be construed as an admission of any wrongdoing, liability, or culpability by any Party or as an admission by any Party of the existence of any claims against the other. Neither this Stipulation nor any action taken pursuant to this Stipulation shall be offered or received in evidence or used for any

purpose whatsoever, in any action or proceeding that may ensue between the Parties, other than to refute a defense that any action brought by the Claimants, or either of them, on or prior to the Stipulation Termination Date is time barred by any applicable Limitation Deadline.

6.     This Stipulation does not constitute any admission or waiver regarding jurisdiction over the Parties, venue, the Parties' standing to bring suit, or the Bankruptcy Court's authority to enter a final judgment on any potential Claims.

7.     The Parties each represent and warrant that: (i) each has the power and is duly authorized to enter into this Stipulation described herein and upon the terms set forth herein; and (ii) upon being duly executed and delivered, this Stipulation shall constitute a legal, valid, and binding obligation enforceable against it in accordance with this Stipulation's terms.

8.     This Stipulation shall be binding upon, and operate for the benefit of, the Parties and each of their respective successors and assigns.

9.     This Stipulation shall expire at 11:59 p.m. ET on the Stipulation Termination Date, unless renewed or extended by a written instrument signed by each Party, or, to the extent only one or more of the Former Officers agree to renew or extend, executed by such Former Officer and the Distribution Trust, prior to that date and time.

10.    This Stipulation constitutes the entire agreement by and among the Parties concerning the tolling of the Limitation Deadline, and supersedes any prior agreements

or understandings whether written or oral. This Stipulation may not be amended or changed in any way except by written instrument signed by the Parties.

11.     The Parties intend that this Stipulation be binding and enforceable in accordance with its terms. Accordingly, the Parties hereby irrevocably waive any right to contend that this Stipulation is not or might not be enforceable, agree not to assert or support any such contention, and shall be estopped from raising any such contention.

12.     The obligations of each of the Former Officers set forth in the preceding Paragraph 11 shall be contractual (as opposed to a waiver of a procedural or statutory right).

13.     This Stipulation is not intended, nor shall it be deemed, to advance or otherwise affect any Limitation Deadline occurring after the Stipulation Termination Date.

14.     This Stipulation shall be governed by and interpreted under Delaware law without regard to any conflicts-of-laws principles.

15.     The Bankruptcy Court shall have sole and exclusive jurisdiction to interpret or resolve any disputes relating to this Stipulation.

16.     The tolling and extension of the Limitation Deadline is effective whether or not the Bankruptcy Court enters an Order approving this Stipulation.  The Parties, however, agree to submit this Stipulation to the Bankruptcy Court for its approval.

17.     Nothing in this Stipulation shall be construed as an admission by the Claimants, or either of them, relating to the applicability of any Limitation Deadline to

any Claim, or to the length of any limitations period that may apply, or to the applicability of any other time-related defense.

18.    This Stipulation may be signed in counterparts, including by facsimile, each of which shall be deemed an original, and all of which taken together shall constitute one and the same document.

By: _____    Date: __April 27, 2017__
      Craig R. Jalbert
      Corinthian Distribution Trustee

Approved as to Form:

_____    Date: __5/1/17__
Christopher P. Sullivan, Esq.
David Marder, Esq.
Richard B. Allyn, Esq.
James P. Menton, Jr., Esq.
Robins Kaplan LLP
Counsel to Corinthian Distribution Trustee

_____    Date: _____
Jack D. Massimino

Approved as to Form:

_____    Date: _____
John W. Spiegel, Esq.
Munger, Tolles & Olson, LLP
Counsel to Jack D. Massimino

34615303.1    - 9 -

any Claim, or to the length of any limitations period that may apply, or to the applicability of any other time-related defense.

18.    This Stipulation may be signed in counterparts, including by facsimile, each of which shall be deemed an original, and all of which taken together shall constitute one and the same document.

By: _____        Date: _____
    **Craig R. Jalbert**
    Corinthian Distribution Trustee

Approved as to Form:

_____        Date: _____
Christopher P. Sullivan, Esq.
David Marder, Esq.
Richard B. Allyn, Esq.
James P. Menton, Jr., Esq.
Robins Kaplan LLP
Counsel to Corinthian Distribution Trustee

_____        Date: 5/1/17
Jack D. Massimino

Approved as to Form:

_____        Date: _____
John W. Spiegel, Esq.
Munger, Tolles & Olson, LLP
Counsel to Jack D. Massimino

34615303.1                          -9-

any Claim, or to the length of any limitations period that may apply, or to the

applicability of any other time-related defense.

18.    This Stipulation may be signed in counterparts, including by facsimile,

each of which shall be deemed an original, and all of which taken together shall

constitute one and the same document.


By: _____        Date: _____
      Craig R. Jalbert
      Corinthian Distribution Trustee


Approved as to Form:


_____        Date: _____
Christopher P. Sullivan, Esq.
David Marder, Esq.
Richard B. Allyn, Esq.
James P. Menton, Jr., Esq.
Robins Kaplan LLP
Counsel to Corinthian Distribution Trustee


_____        Date: _2/28/17_____
Jack D. Massimino  By JWS


Approved as to Form:


_____        Date: _4/28/17_____
John W. Spiegel, Esq.
Munger, Tolles & Olson, LLP
Counsel to Jack D. Massimino


34615303.1                              - 9 -

_____                Date: 4/27/2017
Robert Owen

Approved as to Form:

_____                Date: 4/27/2017
Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen


_____                Date: _____
Robert D. Bosic


Approved as to Form:


_____                Date: _____
John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic


_____                Date: _____
Beth A. Wilson


Approved as to Form:


_____                Date: _____
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson

_____          Date: _____

**Robert Owen**


Approved as to Form:


_____          Date: _____

Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen

_ROD. B_                              Date: 4.28.17

**Robert D. Bosic**


Approved as to Form:


_____          Date: _____

John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic


_____          Date: _____

**Beth A. Wilson**


Approved as to Form:


_____          Date: _____

Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson

_____    Date: _____
Robert Owen

Approved as to Form:


_____    Date: _____
Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen


_____    Date: _____
Robert D. Bosic

Approved as to Form:

*John Hueston/lw*    Date:   5/1/17
_____
John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic


_____    Date: _____
Beth A. Wilson

Approved as to Form:


_____    Date: _____
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson


34615303.1                         - 10 -

_____    Date: _____
**Robert Owen**

Approved as to Form:


_____    Date: _____
Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen


_____    Date: _____
**Robert D. Bosic**

Approved as to Form:


_____    Date: _____
John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic


_____    Date: 4/27/2017
**Beth A. Wilson**

Approved as to Form:


_____    Date: 4/27/2017
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson

_(signature)_

Date: 4/28/17

Stan A. Mortensen

Approved as to Form:

_(signature)_

Date: 4/28/17

Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen

_____

Date: _____

Michelle Reed Zagorski

Approved as to Form:

_____

Date: _____

Daniel Bookin
O'Melveny & Myers LLP
Counsel to Michelle Reed Zagorski

_____

Date: _____

Christian Dieckmann

Approved as to Form:

_____

Date: _____

Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Christian Dieckman

_____    Date: _____
Stan A. Mortensen


Approved as to Form:


_____    Date: _____
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen


_____    Date: 4.28.17
Michelle Reed Zagorski

Approved as to Form:

_____    Date: 4/28/17
Daniel Bookin
O'Melveny & Myers LLP
Counsel to Michelle Reed Zagorski



_____    Date: _____
Christian Dieckmann


Approved as to Form:


_____    Date: _____
Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Christian Dieckman


34615303.1                        - 11 -

_____          Date: _____
**Stan A. Mortensen**


Approved as to Form:


_____          Date: _____
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen



_____          Date: _____
**Michelle Reed Zagorski**


Approved as to Form:


_____          Date: _____
Daniel Bookin
O'Melveny & Myers LLP
Counsel to Michelle Reed Zagorski


_____          Date: __5/1/17__
Christian Dieckmann


Approved as to Form:


_____          Date: _____
Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Christian Dieckman

_____ Date: _____
**Stan A. Mortensen**

Approved as to Form:

_____ Date: _____
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen

_____ Date: _____
**Michelle Reed Zagorski**

Approved as to Form:

_____ Date: _____
Daniel Bookin
O'Melveny & Myers LLP
Counsel to Michelle Reed Zagorski

_____ Date: _____
**Christian Dieckmann**

Approved as to Form:

_____ Date: 4/23/17
Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Christian Dieckman

_____    Date: _____4/27/2017_____
Kenneth Ord


Approved as to Form:

_____    Date: ___4/28/17_____
Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Kenneth Ord




_____    Date: _____
Nicole Carnagey


Approved as to Form:


_____    Date: _____
Thomas McConville
Orrick Herrington & Sutcliffe LLP
Counsel for Nicole Carnagey


34615303.1                    - 12 -

_____          Date: _____
**Kenneth Ord**


Approved as to Form:


_____          Date: _____
Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Kenneth Ord


_____          Date: 4/28/17
**Nicole Carnagey**


Approved as to Form:

_____          Date: 4/28/17
Thomas McConville
Orrick Herrington & Sutcliffe LLP
Counsel for Nicole Carnagey