# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § § | Case No. 15-10952 (KJC) |
| | § § | Jointly Administered |
| Debtors. | § § | **Re: D.I. _____** |

-------------------------------------------------------------

# ORDER ENTERING AGREED
# PROTECTIVE ORDER

This matter coming before the Court on the *Certification of Counsel Regarding Agreed Protective Order*, IT IS HEREBY ORDERED that:

1. The *Agreed Protective Order* (the "Agreement") (copy attached hereto as Exhibit 1) is entered as an order of this Court.

2. The production of privileged or work-product protected documents, electronically stored information or information, whether inadvertent or otherwise, is not a waiver of the privilege or of any other protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and (e).

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

3. This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.

Dated: May _____, 2017
       Wilmington, Delaware

                                        _____
                                        THE HONORABLE KEVIN J. CAREY
                                        UNITED STATES BANKRUPTCY JUDGE

# **Exhibit 1**

RLF1 17564539v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |

-----------------------------------------------------------

## AGREED PROTECTIVE ORDER

**WHEREAS**, on July 19, 2016, the United States Securities and Exchange Commission (the "SEC") issued a subpoena (the "Subpoena") to Craig R. Jalbert, the distribution trustee (the "Distribution Trustee", and collectively with the SEC, the "Parties") for the distribution trust (the "Distribution Trust") of the above-captioned debtors in connection with an SEC investigation (the "SEC Investigation"); and

**WHEREAS**, on August 28, 2015, the Court entered the *Order Confirming the Debtors' Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Confirmation Order") approving the *Debtors' Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan"); and

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

**WHEREAS**, among other things, the Plan established the Distribution Trust, provided for the appointment of the Distribution Trustee and provided for the transfer of all legally cognizable privileges and privileged documents and information to the Distribution Trust; and

**WHEREAS**, the Parties have engaged in discussions regarding the scope of production of documents and disclosure of information pursuant to the Subpoena, including the SEC's desire for expediency, and the Distribution Trust's limited resources and need for protection of the attorney-client privilege, attorney work-product protection and any other applicable protection, and the Distribution Trustee intends to search for and produce non-privileged documents responsive to the Subpoena and/or the Parties related discussions regarding the scope thereof, to the extent any such documents are located.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** (the "Agreement"), and, subject to an order entering this Agreement as an order of the Court (see ¶ 9 *infra*), ordered as follows:

1. Pursuant to Federal Rule of Evidence 502(d) and (e), the disclosure or production of any documents or information to the SEC by the Distribution Trustee, or by a third party with documents or information to which the Distribution Trustee has a right to assert any such privilege or protection, shall not constitute a waiver by the Distribution Trustee of attorney-client privilege, attorney work-product protection or any other applicable protections in this proceeding or any pending or subsequent state or federal proceeding, regardless of whether the Distribution Trustee's or third party's disclosure or production was inadvertent, the Distribution Trustee or third party corrected the disclosure or production, or the Distribution Trustee or third party took reasonable steps to prevent the disclosure or production.

2

2.      The Liquidating Trustee expressly reserves the right to assert attorney client privilege, attorney work-product protection or any other applicable protections in this proceeding or any pending or subsequent state, federal, or other proceeding with respect to any document or information that it discloses or produces to the SEC.

3.      If, as, and when the Distribution Trustee notifies the SEC that privileged or otherwise protected documents or information (the "Protected Information") has been disclosed or produced, the SEC shall, unless a court of competent jurisdiction rules that the information at issue is not entitled to protection, promptly set aside in a secure place any such Protected Information, including any copies or transcripts thereof, and agree to not further review or examine the Protected Information and, after a determination that the Protected Information is protected or privileged, and subject to SEC policies and Federal rules and regulations, to make best efforts to thereafter return, sequester or destroy the Protected Information.

4.      The SEC and Distribution Trustee will in good faith attempt to reach a resolution as to the privileged or protected status of the Protected Information in question.  If the Parties cannot reach a resolution, the Parties may move a court of competent jurisdiction for an order addressing the disputed information.

5.      The SEC shall keep any and all Protected Information disclosed or produced by the Distribution Trustee confidential.

6.      The SEC retains the right to challenge any assertion of the attorney-client or work-product privilege by the Distribution Trustee for reasons other than disclosure or production pursuant to this Stipulation before any court of competent jurisdiction.

7.      This Agreement shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

8. No modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

9. The Parties agree that this Agreement shall be binding upon execution, and also shall be submitted to the Court for its approval and entry as an order of the Court.

10. This Agreement may be executed in one or more counterparts, including by facsimile, each of which will be deemed an original, but all of which together constitute one and the same instruments.

[*Remainder of page intentionally blank*]

RLF1 17564539v.1

Dated: May 23, 2017
       Wilmington, Delaware

_____
Robert C. Hannan, Esq.

*Counsel to United States Securities and Exchange Commission*

_____
Mark D. Collins (No. 2981)
Marcos A. Ramos (No. 4450)
Robert C. Maddox (No. 5356)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700

*Counsel for the Distribution Trustee*