**<u>EXHIBIT A</u>**

**Proposed Order**

75795524.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Re:  D.I. ____** |

-------------------------------------------------------------

## ORDER APPROVING SECOND TOLLING AGREEMENT AND STIPULATION BETWEEN CRAIG R. JALBERT, AS DISTRIBUTION TRUSTEE OF THE CORINTHIAN DISTRIBUTION TRUST, AND FORMER MANAGEMENT OF CORINTHIAN COLLEGES, INC.

This matter coming before the Court upon the *Certification of Counsel Regarding Order Approving Second Tolling Agreement and Stipulation Between Craig R. Jalbert, as Distribution Trustee of the Corinthian Distribution Trust, and Former Management of Corinthian Colleges, Inc.* (the "**Certification**");[2] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the retention of jurisdiction under section XVI of the plan of liquidation [D.I. 913];

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

[2]    Capitalized terms not otherwise defined herein have the meanings given to them in the Certification.

IT IS HEREBY ORDERED THAT:

1.      The Second Tolling Agreement is hereby APPROVED and entered as an order of the Court.

2.      Subject to Paragraph 6 of the Second Tolling Agreement, this Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

Dated: _____, 2017
      Wilmington, Delaware                    _____
                                   THE HONORABLE KEVIN J. CAREY
                                   UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Tolling Agreement**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

CORINTHIAN COLLEGES, INC., *et al.* [1]

Debtors.

Chapter 11
Case No. 15-10952-KJC

(Jointly Administered)

### SECOND TOLLING AGREEMENT AND STIPULATION BETWEEN CRAIG R. JALBERT, AS DISTRIBUTION TRUSTEE OF THE CORINTHIAN DISTRIBUTION TRUST, AND FORMER MANAGEMENT OF CORINTHIAN COLLEGES, INC.

This Second Tolling Agreement and Stipulation (the "Second Stipulation") is made and entered into as of June 21, 2017, by and between Craig R. Jalbert ("Distribution Trustee"), as Distribution Trustee of the Corinthian Distribution Trust (the "Distribution Trust"), on the one hand, and former officers of Corinthian Colleges, Inc. Jack D. Massimino, Robert Owen, Robert D. Bosic, Beth A. Wilson, Stan A. Mortensen, Michelle Reed Zagorski, Christian Dieckmann, Kenneth Ord, and Nicole Carnagey (collectively, the "Former Officers"), on the other hand. Each party may be referred to individually as a "Party" and all parties may be referred to herein

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

collectively as the "Parties." This Second Stipulation is made with reference to the following facts:

### RECITALS

WHEREAS, on May 4, 2015, Corinthian Colleges, Inc. ("Corinthian") and its twenty-four domestic direct and indirect subsidiaries (together with Corinthian, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, on August 28, 2015, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation (the "Plan"), which became effective on or about September 21, 2015; and

WHEREAS, the Plan provided for the establishment of the Distribution Trust to facilitate implementation of the Plan; and

WHEREAS, Corinthian (on behalf of itself and the other Debtors), Craig R. Jalbert (the Distribution Trustee), and Wilmington Trust, National Association (as Delaware Resident Trustee) entered into the Corinthian Distribution Trust Agreement made as of September 18, 2015 (the "Distribution Trust Agreement"); and

WHEREAS, on the Effective Date of the Plan, the Distribution Trust Assets (as defined in the Plan), including the Causes of Action (as defined in the Plan), were transferred to the Distribution Trust in accordance with the terms and conditions of the Plan, the Confirmation Order and the Distribution Trust Agreement; and

WHEREAS, pursuant to the Plan, the Confirmation Order and the Distribution Trust Agreement, the Distribution Trustee was appointed to administer the Distribution Trust, including to act as representative of the Debtors' estates pursuant to sections 1123(a)(5), (a)(7) and (b)(3)(B) of the Bankruptcy Code to retain and enforce the Causes of Action; and

WHEREAS, on approximately October 5, 2016, counsel for the Distribution Trustee sent a draft of a Complaint for Breach of Fiduciary Duty and Waste of Corporate Assets (the "Complaint") to counsel for the Former Officers and to counsel for certain former outside directors of Corinthian; and

WHEREAS, the Parties have agreed to the basic terms of a settlement (the "Settlement") of the Distribution Trustee's potential claims against the Former Officers, subject to execution of a definitive Stipulation of Settlement with exhibits (the "Settlement Agreement") and approval of the Settlement Agreement by the Bankruptcy Court; and

WHEREAS, the Former Officers expressly deny the wrongdoing alleged in the Complaint and do not concede any wrongdoing or liability in connection with any facts or claims that have been or could have been alleged in the Complaint; and

WHEREAS, the Parties wished to toll and extend any non-expired statute, statute of repose, statute of limitations, limitation or laches period, or other provision, whether jurisdictional or otherwise, that requires, mandates, or establishes any deadline for the commencement or filing of any matter, proceeding or other action by the Distribution Trust or the Distribution Trustee (collectively, "Claimants") against the Former Officers,

or any of them, thereby to preserve any rights, claims and defenses that the Claimants

may have against the Former Officers (collectively, the "Claims") under any legal

theory or applicable law, whether asserted by claim, counterclaim, cross-claim, or

otherwise, including, without limitation, the causes of action contained in the

Complaint; and

WHEREAS, in furtherance of such wishes, the Parties entered into a Tolling

Agreement and Stipulation (the "First Stipulation")  as of April 24, 2017 (the "First

Stipulation Effective Date"), pursuant to which they agreed, among other things, that

any statute, statue of repose, statute of limitations, limitation or laches period, or other

provision, whether jurisdictional or otherwise, that requires, mandates, or establishes

any deadline (collectively, the "Limitation Deadline") for the commencement or filing

of any matter, proceeding or action by the Claimants, or either of them, against the

Former Officers, or any of them, applicable to any of the Claims, including, without

limitation, sections 108 and 546 of the Bankruptcy Code, that had not expired as of the

First Stipulation Effective Date, was tolled and extended for the Claimants, and each of

them, from April 24, 2017, through and including June 30, 2017 (the "First Stipulation

Termination Date"); and

WHEREAS on May 3, 2017, the First Stipulation was approved and entered as an

Order of the Bankruptcy Court [Docket No. 1489]; and

WHEREAS, the Parties are willing to enter into this Second Stipulation to further

preserve all Claims, if any, that the Claimants may have against the Former Officers  as

of June 30, 2017 according to the terms set forth herein.

## STIPULATION

In consideration of the mutual promises set forth herein and the terms of the Settlement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1.      The recitals set forth above are incorporated herein by reference.

2.      Any Limitation Deadline for the commencement or filing of any matter, proceeding or action by the Claimants, or either of them, against the Former Officers, or any of them, applicable to any of the Claims, including, without limitation, sections 108 and 546 of the Bankruptcy Code, are hereby tolled and extended for the Claimants, and each of them, from June 30, 2017 through and including August 31, 2017 (the "Second Stipulation Termination Date").  The Limitation Deadline is not tolled or extended for anyone other than the Claimants or for claims against anyone other than the Former Officers pursuant to this Second Stipulation.

3.      The Parties agree that: (a) sections 108(a) and 546 of the Bankruptcy Code and any other Limitation Deadline are not a limit on the Bankruptcy Court's jurisdiction, and can be tolled by agreement; and (b) no Party will assert any contrary position in any matter, proceeding or action in any court of competent jurisdiction.  If a court nevertheless holds that it does not have jurisdiction over any Claim because the Claim was filed after June 30, 2017, or such other date upon which any applicable Limitation Deadline would have expired but for this Second Stipulation, the Parties agree that:  (i) the Party asserting the Claim shall nevertheless have a separate and

distinct contractual right and claim against the Party subject to the Claim; and (ii) the

Party subject to such Claim will have a corresponding separate and distinct contractual

obligation to the Party asserting such Claim, in the amount, and for the remedies, if any,

that the Party asserting such Claim would have been entitled had he, she or it asserted

such Claim prior to June 30, 2017, or such other date upon which any applicable

Limitation Deadline would have expired but for this Second Stipulation, and obtained a

final and non-appealable judgment from the court in his, her or its favor, subject to all

available rights, claims and defenses of each Party; *provided, however,* that the Party or

Parties against whom any such Claim has been asserted shall retain all defenses, claims,

cross-claims, and counterclaims as to any such Claim.  The agreements contained in this

paragraph and the terms of the Settlement are a material inducement to each Party to

enter into this Second Stipulation, and are not conditioned upon approval by any court

and are effective and enforceable among the Parties immediately upon execution of this

Second Stipulation.

4.       Nothing in this Second Stipulation shall prevent the Claimants, or either

of them, or any other party acting for or on his or its behalf, from filing a lawsuit with

respect to any Claim against the Former Officers, or any of them, prior to the Second

Stipulation Termination Date.  So long as any Claim is filed on or prior to the Second

Stipulation Termination Date, and would not have been barred as of June 30, 2017,

the Former Officers, and each of them, hereby waive the defense that such action is

barred by the applicable Limitation Deadline.  For the avoidance of doubt, this Second

Stipulation shall not in any manner revive, resurrect, or create any claims, rights, causes

of action or suits that, as of June 30, 2017, had expired or were barred by the Bankruptcy

Code or applicable nonbankruptcy law or any Limitation Deadline, including, without

limitation, any applicable statute of limitations or repose or other rule, provision,

defense or principle based upon the passage of time (including without limitation,

waiver, estoppel and laches), whether statutory, contractual or otherwise, or limit in

any way the assertion of any defense available as of June 30, 2017.

5.      This Second Stipulation shall not operate or be construed as an admission

of any wrongdoing, liability, or culpability by any Party or as an admission by any

Party of the existence of any claims against the other.  Neither this Second Stipulation

nor any action taken pursuant to this Second Stipulation shall be offered or received in

evidence or used for any purpose whatsoever, in any action or proceeding that may

ensue between the Parties, other than to refute a defense that any action brought by the

Claimants, or either of them, on or prior to the Second Stipulation Termination Date is

time barred by any applicable Limitation Deadline.

6.      This Second Stipulation does not constitute any admission or waiver

regarding jurisdiction over the Parties, venue, the Parties' standing to bring suit, or the

Bankruptcy Court's authority to enter a final judgment on any potential Claims.

7.      The Parties each represent and warrant that: (i) each has the power and is

duly authorized to enter into this Second Stipulation described herein and upon the

terms set forth herein; and (ii) upon being duly executed and delivered, this Second

Stipulation shall constitute a legal, valid, and binding obligation enforceable against it

in accordance with this Second Stipulation's terms.

8.      This Second Stipulation shall be binding upon, and operate for the benefit of, the Parties and each of their respective successors and assigns.

9.      This Second Stipulation shall expire at 11:59 p.m. ET on the Second Stipulation Termination Date, unless renewed or extended by a written instrument signed by each Party, or, to the extent only one or more of the Former Officers agree to renew or extend, executed by such Former Officer and the Distribution Trust, prior to that date and time.

10.     The First Stipulation and Second Stipulation together constitute the entire agreement by and among the Parties concerning the tolling of the Limitations Deadline, and together supersede any prior agreements or understandings whether written or oral.  This Second Stipulation may not be amended or changed in any way except by written instrument signed by the Parties.

11.     The Parties intend that this Second Stipulation be binding and enforceable in accordance with its terms. Accordingly, the Parties hereby irrevocably waive any right to contend that this Second Stipulation is not or might not be enforceable, agree not to assert or support any such contention, and shall be estopped from raising any such contention.

12.     The obligations of each of the Former Officers set forth in the preceding Paragraph 11 shall be contractual (as opposed to a waiver of a procedural or statutory right).

13.     This Second Stipulation is not intended, nor shall it be deemed, to advance or otherwise affect any Limitation Deadline occurring after the Second Stipulation Termination Date.

14.     This Stipulation shall be governed by and interpreted under Delaware law without regard to any conflicts-of-laws principles.

15.     The Bankruptcy Court shall have sole and exclusive jurisdiction to interpret or resolve any disputes relating to this Second Stipulation.

16.     The tolling and extension of the Limitation Deadline is effective whether or not the Bankruptcy Court enters an Order approving this Second Stipulation. The Parties, however, agree to submit this Second Stipulation to the Bankruptcy Court for its approval.

17.     Nothing in this Second Stipulation shall be construed as an admission by the Claimants, or either of them, relating to the applicability of any Limitation Deadline to any Claim, or to the length of any limitations period that may apply, or to the applicability of any other time-related defense.

18.     This Second Stipulation may be signed in counterparts, including by facsimile, each of which shall be deemed an original, and all of which taken together shall constitute one and the same document.

By: _____          Date: 6/20/17 _____
    Craig R. Jalbert
    Corinthian Distribution Trustee

Approved as to Form:

_____          Date: ___6/21/17_____

Christopher P. Sullivan, Esq.
David E. Marder, Esq.
James P. Menton, Jr., Esq.
Robins Kaplan LLP
Counsel to Corinthian Distribution Trustee


_____          Date: _____

**Jack D. Massimino**


Approved as to Form:


_____          Date: _____

John W. Spiegel, Esq.
Munger, Tolles & Olson, LLP
Counsel to Jack D. Massimino


_____          Date: _____

**Robert Owen**


Approved as to Form:


_____          Date: _____

Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen


_____          Date: _____

**Robert D. Bosic**

The Parties, however, agree to submit this Second Stipulation to the Bankruptcy Court for its approval.

17.    Nothing in this Second Stipulation shall be construed as an admission by the Claimants, or either of them, relating to the applicability of any Limitation Deadline to any Claim, or to the length of any limitations period that may apply, or to the applicability of any other time-related defense.

18.    This Second Stipulation may be signed in counterparts, including by facsimile, each of which shall be deemed an original, and all of which taken together shall constitute one and the same document.

By: _____     Date: _____
    **Craig R. Jalbert**
    Corinthian Distribution Trustee

Approved as to Form:

_____     Date: _____
Christopher P. Sullivan, Esq.
David E. Marder, Esq.
James P. Menton, Jr., Esq.
Robins Kaplan LLP
Counsel to Corinthian Distribution Trustee

_____     Date: 6/19/17
Jack D. Massimino

Approved as to Form:

_____     Date: 6/21/17
John W. Spiegel, Esq.

352419791.1                                9

Approved as to Form: .

_____     Date: _____
Christopher P. Sullivan, Esq.
David E. Marder, Esq.
James P. Menton, Jr., Esq.
Robins Kaplan LLP
Counsel to Corinthian Distribution Trustee

_____     Date: _____
**Jack D. Massimino**

Approved as to Form:

_____     Date: _____
John W. Spiegel, Esq.
Munger, Tolles & Olson, LLP
Counsel to Jack D. Massimino

_____     Date: June 19, 2017
**Robert Owen**

Approved as to Form:

_____     Date: June 19, 2017
Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen

_____     Date: _____
**Robert D. Bosic**

Approved as to Form:

_____    Date: _____

Christopher P. Sullivan, Esq.
David E. Marder, Esq.
James P. Menton, Jr., Esq.
Robins Kaplan LLP
Counsel to Corinthian Distribution Trustee


_____    Date: _____

**Jack D. Massimino**


Approved as to Form:


_____    Date: _____

John W. Spiegel, Esq.
Munger, Tolles & Olson, LLP
Counsel to Jack D. Massimino


_____    Date: _____

**Robert Owen**


Approved as to Form:


_____    Date: _____

Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen


_____    Date: 6/19/17

**Robert D. Bosic**


35240979.1                              10

Approved as to Form:

_John Hueston /w_                     Date: _6/19/17_

John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic


_____      Date: _____

**Beth A. Wilson**


Approved as to Form:

_____      Date: _____

Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson


_____      Date: _____

**Stan A. Mortensen**


Approved as to Form:

_____      Date: _____

Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen


_____      Date: _____

**Michelle Reed Zagorski**


Approved as to Form:

_____      Date: _____

O'Melveny & Myers LLP
Counsel to Michelle Reed Zagorski

Approved as to Form:


_____     Date: _____
John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic


*Beth A (1/32 ~*     Date: June 16, 2017
**Beth A. Wilson**


Approved as to Form:


_____     Date: June 16, 2017
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson


_____     Date: _____
**Stan A. Mortensen**


Approved as to Form:


_____     Date: _____
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen


_____     Date: _____
**Michelle Reed Zagorski**


Approved as to Form:


_____     Date: _____
O'Melveny & Myers LLP
Counsel to Michelle Reed Zagorski


35240979.1                              11

Approved as to Form:

_____     Date: _____
John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic


_____     Date: _____
**Beth A. Wilson**


Approved as to Form:


_____     Date: _____
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson

_____     Date: _____6/20/17_____
**Stan A. Mortensen**


Approved as to Form:

_____     Date: _____6/20/2017_____
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen


_____     Date: _____
**Michelle Reed Zagorski**


Approved as to Form:


_____     Date: _____
O'Melveny & Myers LLP
Counsel to Michelle Reed Zagorski

Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen

Date: _____

_____
Michelle Reed Zagorski

Date: 6.15.17

Approved as to Form:

_____
O'Melveny & Myers LLP
Counsel to Michelle Reed Zagorski

Date: 6-15-17

**Christian Dieckmann**

Date: _____

Approved as to Form:

_____
Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Christian Dieckman

Date: _____

_____
**Kenneth Ord**

Date: _____

Approved as to Form:

_____
Bienert, Miller & Katzman, PLC
Counsel to Kenneth Ord

Date: _____

_____
**Nicole Carnagey**

Date: _____

35240979.1

11

_____          Date: 6/15/17 _____
**Christian Dieckmann**

Approved as to Form:

_____          Date: 6/15/17 _____
Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Christian Dieckman


_____          Date: _____
**Kenneth Ord**

Approved as to Form:

_____          Date: _____
Bienert, Miller & Katzman, PLC
Counsel to Kenneth Ord


_____          Date: _____
**Nicole Carnagey**

Approved as to Form:

_____          Date: _____
Thomas McConville
Orrick Herrington & Sutcliffe LLP
Counsel for Nicole Carnagey

_____          Date: _____
**Christian Dieckmann**

Approved as to Form:


_____          Date: _____
Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Christian Dieckman


_____          Date: _6_/_20_/_2017_____
**Kenneth Ord**

Approved as to Form:


_____          Date: _____
Bienert, Miller & Katzman, PLC
Counsel to Kenneth Ord


_____          Date: _____
**Nicole Carnagey**

Approved as to Form:


_____          Date: _____
Thomas McConville
Orrick Herrington & Sutcliffe LLP
Counsel for Nicole Carnagey

_____          Date: _____
**Christian Dieckmann**

Approved as to Form:


_____          Date: _____
Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Christian Dieckman



_____          Date: _____
**Kenneth Ord**

Approved as to Form:


_____          Date: _____
Bienert, Miller & Katzman, PLC
Counsel to Kenneth Ord


_____          Date: ____6/19/17_____
Nicole Carnagey

Approved as to Form:

_____          Date: ____6/19/17_____
Thomas McConville
Orrick Herrington & Sutcliffe LLP
Counsel for Nicole Carnagey