# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 15-10952 (KJC)<br><br>Jointly Administered<br><br>**Re: D.I. 1501**<br><br>Hearing Date: 7/20/17 at 1:30 p.m. (ET)<br>Obj. Deadline: 6/28/17 at 4:00 p.m. (ET) |

## PREFERENCE DEFENDANTS' LIMITED OBJECTION TO DISTRIBUTION TRUSTEE'S MOTION FOR ORDERS APPROVING STREAMLINED PROCEDURES IN PREFERENCE ACTIONS

Orange Park Commerce Center, LLLP and Orange Park Commerce Center II, LLLP (together, "Movants"), each a preference defendant in an associated adversary proceeding, object to the motion [D.I. 1501; filed 6/14/17] of Craig R. Jalbert, as Distribution Trustee (the "Trustee"), for orders approving procedures in preference actions commenced by him (the "Procedures"), and respectfully state:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

## OBJECTION[2]

### A) The Proposed Procedures Cannot be Approved because by Seeking a Waiver of both the Pretrial Conference and a Rule 26(f) Conference, They Violate the Federal Rules of Civil Procedure

1. Paragraphs 4 and 5 of the proposed orders approving the Procedures attached to the motion ("Proposed Procedures") purport to waive both the Rule 16(b) pretrial conference *and* the requirement that the parties conduct a Rule 26(f) conference at least 21 days before the pretrial conference and submit a discovery report within 14 days following the Rule 26(f) conference. The Proposed Procedures cannot be approved because the Federal Rules of Civil Procedure do not permit a waiver of both.

2. Rule 16(b)(1), made applicable by Bankruptcy Rule 7016, provides:

   ***Scheduling Order.*** [T]he [bankruptcy] judge … must issue a scheduling order:

   (A) after receiving the parties' report under Rule 26(f); or

   (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.

In other words, if Trustee's counsel does not want to hold a Rule 26(f) conference with each preference defendant, then the scheduling order required under Rule 16(b)(1) may only issued after the parties have attended a pretrial conference. And if Trustee's counsel does not want to attend a pretrial conference with each preference defendant, then it must hold a Rule 26(f) conference with each of them.

3. Movants agree that "[t]he Court has broad discretion to adopt and implement guidelines . . . which will aid in the administration of these proceedings." Motion ¶ 11. Movants

---

[2] Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, Defendants state they do not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

disagree that the Court has discretion to adopt and implement the Proposed Procedures to the extent they run afoul the Federal Rules and that "such variations are warranted to promote efficient use of estate assets and judicial resources." *Id*. ¶ 14.  In support of entry of the Proposed Procedures, the Trustee contends that,

> [s]pecifically, Federal Rules of Civil Procedure 16(a) [*sic*] . . ., as made applicable by Bankruptcy Rule 7016[,] *authorizes courts to enter orders for the purpose of*:
>
> ● expediting the disposition of the action;
> ● establishing early and continuing control so that the case will not be protracted because of lack of management;
> ● discouraging wasteful pretrial activities; and
> ● facilitating the settlement of the case.
>
> FED. R. CIV. P. 16(a).

(*emphasis* added).  This in an incorrect rendering of Rule 16.  Rule 16 provides that "*the court may order* the attorneys and any unrepresented *parties to appear for one or more pretrial conferences* for such purposes as: (1) expediting disposition of the action . . ." Fed. R. Civ. P. 16(a) (*emphasis* added).

4.    Trustee's counsel's desire to streamline preference litigation is understandable, given its fee structure, and the number of preference actions it files each year.  But it should not be granted relief not permitted by the Federal Rules of Civil Procedure.  Movants believe the Rule 26(f) conference to be a useful device for achieving prompt resolution of preference disputes without the need for estate to incur mediation fees and expenses, to the detriment of unsecured creditors, and would welcome such a conference with the Trustee.

**B) The Proposed Procedures Cannot be Approved Because They Lack Information Required by the Federal Rules of Civil Procedure**

5. Rule 16 sets forth what information a scheduling order must and may contain. The Proposed Procedures lack some of the content required by the Federal Rules. Specifically, Rule 16 provides:

> (3) *Contents of the Order*.
>
> (A) Required Contents. The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.

Fed. R. Civ. P. 16(b)(3)(A) (*emphasis* in original).

6. The Proposed Procedures fail to mention joinder of parties and amendment of pleadings, let alone set an outer deadline for doing so. They contemplate that a deadline for filing motions be set by the Court at a future date, ¶ 43, but fail to "limit the time" to do so as required by Rule 16. The Proposed Procedures, therefore, must be amended to bring them in compliance therewith.

**C) This Court Should not Limit Preference Defendants' Right to Select a Mediator under the General Order**

7. The Proposed Procedures deprive preference defendants of their right to exercise discretion in picking a mediator under this Court's *General Order re: Procedures in Adversary Proceedings*, entered April 7, 2004 (and revised July 14, 2004) (the "General Order"). The General Order provides that parties to preference actions are required to stipulate to the appointment of a mediator from the Register of Mediators and Arbitrators pursuant to Local Rule 9019-4, that the Court shall select a mediator if the parties cannot timely stipulate to the selection of a mediator. *Id*. ¶ 3.

8. Paragraphs 8 and 14 of the respective Proposed Procedures provide that during a two-week period in each of September 2017 and March 2018, preference defendants may choose

one of three mediators pre-selected by Trustee's counsel, each of whom regularly mediates preference actions commenced by said counsel in other large chapter 11 cases,[3] and if a preference defendant does not timely select one of those three mediators, "Plaintiff will assign [that adversary proceeding] to one of the Mediators from the Mediator List."

9.     The motion does not explain why it allegedly is appropriate for the Trustee's counsel to deprive preference defendants of their right to exercise their own informed decision-making in choosing a mediator. The sole contrived justification for lobotomizing professional judgment is that similar orders have been entered in other cases and the conclusory statement that because mediation is non-binding no party will be prejudiced if forced to use a mediator selected by Trustee's counsel. Motion ¶¶ 17-19.

10.    Movants do not wish to use any of the three mediators preselected by the Trustee's counsel. For one, these mediators are repeat players in large chapter 11 cases in which the Trustee's counsel was engaged to pursue preference actions (*see* note 3, *supra*) and no doubt are at least partially to credit for Trustee's counsel's firm's "high[] success[,]" Motion ¶ 18, in mass-prosecuting preference actions. Movants therefore do not believe it appropriate that they be forced to use any of Trustee's counsel's standard "backup" mediators. Further, Movants deem it inappropriate for Trustee's counsel to deprive them of their professional prerogative to choose a mediator whom they consider the best fit to get the job done.

---

[3] *See*, *e.g.*, *In re Trump Entertainment Resorts, Inc.*, No. 14-12103 (Bankr. D. Del. Nov. 18, 2016) [D.I. 2186-87] (approving 3-person mediator list, with Ian Bifferato and Mark Felger listed as two of the three mediators); *In re WP Steel Ventures LLC*, No. 12-11661 (Bankr. D. Del. Apr. 3, 2013) [D.I. 2820-2721] (approving mediator list that includes Paul Rubin and Mark Felger); *In re RS Legacy Corp.*, No. 15-10197 (Bankr. D. Del. Dec. 14, 2015) [D.I. 3675-3676) (approving mediator list that includes Mark Felger and Ian Bifferato). The other Delaware cases listed in Paragraph 18 of the motion (*Exide*, *NewPage*) likewise included Mark Felger on the court-approved pre-selected mediator list.

5

**CONCLUSION**

Trustee's counsel takes advantage of the fact preference defendants typically are discouraged from objecting to its standard form of procedures motion and order, which it uses in all bankruptcy cases filed in this district in which it has been engaged as preference counsel, given the relative cost of doing so compared to the amount at stake. Movants submit that just because Trustee's counsel is a repeat player in this Court, this does not mean its Proposed Orders should not be subject to careful scrutiny and are excused from the Federal Rules of Civil Procedure. Based on the foregoing, Movants request that the Proposed Orders be modified to the extent they violate the Federal Rules or deprive preference defendants the right afforded under the General Order.

Respectfully submitted,

Dated: June 28, 2017
       Wilmington, Delaware

KLEIN LLC

*/s/ Julia Klein*
Julia B. Klein
919 North Market Street
Suite 600
Wilmington, Delaware 19801
(302) 438-0456
klein@kleinllc.com

*Counsel for Orange Park Commerce Center, LLLP
and Orange Park Commerce Center II, LLLP*