IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 15-10952 (KJC)<br><br>(Jointly Administered) |
| Craig R. Jalbert, as Distribution Trustee of the Corinthian Distribution Trust,<br><br>Plaintiff,<br><br>vs.<br><br>Defendants Listed on Exhibit A,<br><br>Defendants. | Adv. No.: *See* Exhibit A<br><br><br><br>Re: D.I. 1501 & 1506 |

**CERTIFICATION OF COUNSEL REGARDING PLAINTIFF'S MOTION
FOR ORDERS ESTABLISHING STREAMLINED PROCEDURES GOVERNING
ADVERSARY PROCEEDINGS BROUGHT BY PLAINTIFF PURSUANT
TO 11 U.S.C. §§ 502, 547, 548, 549 AND 550 OF THE BANKRUPTCY CODE**

**NON-CONSENSUAL**

I, Scott J. Leonhardt, counsel for Craig R. Jalbert, as Distribution Trustee of the Corinthian Distribution Trust (the "Plaintiff") in the above-captioned bankruptcy case and adversary proceedings, hereby certify as follows:

1.    On June 14, 2017, Plaintiff filed the *Motion for Orders Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Plaintiff Pursuant to 11 U.S.C. §§ 502,*

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477). The Debtors' corporate headquarters is at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

*547, 548, 549 and 550 of the Bankruptcy Code* (the "Motion") [D.I. 1501].  The Motion was filed in the main bankruptcy case and approximately one hundred and ten (110) adversary proceedings.  Each adversary proceeding defendant was served with the Motion and the proposed form of orders.

2. On June 28, 2017, defendants Orange Park Commerce Center, LLLP and Orange Park Commerce Center II, LLLP (together, the "Orange Park Defendants"), in Adversary Pro. Nos, 17-50457 and 17-50456 (together, the "Orange Park Adversaries"), filed a *Limited Objection* to the Motion.  D.I. 1506 (the "Orange Park Objection").  No other objections were received.

3. Counsel to the Plaintiff thereafter attempted to resolve the Orange Park Objection. Those efforts were not successful, so Plaintiff withdrew the Motion in the Orange Park Adversaries.  Plaintiff will seek entry of a separate agreed upon scheduling order in the Orange Park Adversaries.  To that end, on July 13, 2017, Plaintiff circulated a separate proposed scheduling order to counsel for the Orange Park Defendants.  When prompted for comments to see if the scheduling order could be agreed upon and filed under certification of counsel, counsel indicated she would not provide comments until the July 20th pretrial conference.

4. Counsel to Orange Park also made the following request[2] to Plaintiff's counsel:

Please note on the hearing agenda that I will be present and prepared to address any questions the Court may have regarding my clients' objections concerning the inconsistencies of the Procedures Order with the Fed R Civ P notwithstanding the fact (if it is a fact) that your firm withdrew the Procedures Motions from my clients' APs.

5. Plaintiff revised the proposed orders[3] submitted with the Motion to remove the Orange Park Adversaries and to delete certain adversary proceedings that have been resolved and

---

[2] The request was made in an email.  However, the email has not been attached in the event counsel to Orange County takes the position it is a protected settlement communication under Rule 408 of the Federal Rules of Civil Procedure.

[3] The Motion seeks approval of two separate orders; one for adversary proceedings seeking to avoid *less than* $75,000 in transfers and the other for adversary proceedings seeking to avoid *more than* $75,000 in transfers. Orange Park Commerce Center, LLLP is part of the over $75,000 proposed order, and Orange Park Commerce Center II, LLLP is included in the under $75,000 proposed order.

closed (together, the "Revised Orders").  Copies of the Revised Orders are attached hereto as **Exhibits B and C**.  Blacklines of the Revised Orders marked against the proposed orders filed with the Motion are attached hereto as **Exhibit D and Exhibit E**.

6. **Counsel to Orange Park indicated she will still oppose the entry of the Revised Orders notwithstanding the removal of the Orange Park Defendants.**

7. The undersigned seeks entry of the Revised Orders given that ninety five (95) adversary defendants do not oppose the relief and the Orange Park Defendants, who oppose the relief, have been removed from the Revised Orders.

8. The undersigned files this Certification of Counsel so the Court, if it deems appropriate, may enter the Revised Orders prior to the hearing.  Among other things, the Revised Orders waive the requirement that ninety five (95) adversary defendants incur the costs of attending the July 20, 2017 pretrial conference.

9. The objection deadline for the Motion was June 28, 2017.  The undersigned hereby certifies that, as of the date hereof, he has received no other answers, objections or other responsive pleadings to the Motion except as stated above.

10. The undersigned further certifies that he has reviewed the Court's docket and that no answer, objection or other responsive pleading to the Motion appears thereon except as stated above.

11. The undersigned respectfully requests the Court refrain from considering the Revised Orders for twenty-four (24) hours (the close of business on July 18, 2017) to allow Orange Park Defendants to file a response.  A hard copy of this certification is being submitted to Chambers along with the Revised Orders.

Dated: July 17, 2017                                **THE ROSNER LAW GROUP LLC**

*/s/ Scott J. Leonhardt*
Scott J. Leonhardt (DE 4885)
Jason A. Gibson (DE 6091)
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
E-mail: Leonhardt@teamrosner.com

       *-and-*

Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Kara E. Casteel, Esq., MN SBN 0389115
(Admitted Pro Hac Vice)
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: (651) 406-9665
Fax: (651) 406-9676
Email: kcasteel@askllp.com

       *-and-*

Edward E. Neiger, Esq.
151 West 46th Street, 4th Fl.
New York, NY 10036
Telephone: (212) 267-7342
Fax: (212) 918-3427

*Counsel to the Plaintiff*