# klein llc

919 N. MARKET STREET
SUITE 600
WILMINGTON, DE 19801
WWW.KLEINLLC.COM

**Julia B. Klein**                                                                                (302) 438-0456
Attorney at Law                                                                                 klein@kleinllc.com

July 18, 2017

**_By E-File & by Hand_**
The Honorable Kevin J. Carey
United States Bankruptcy Court for the District of Delaware
824 N. Market Street, 5th Floor
Wilmington, DE 19801

> Re:   _Corinthian Colleges, Inc., et al._, Case No 15-10952 (KJC)
> Why Withdrawing the Procedures Motion from My Clients' Adversary
> Proceedings to Deprive them of Standing to Pursue their Objection and 95 Other
> Adversary Defendants' Decision not to Object Does Not Cure the Procedures
> Order's Provisions Violative of the Federal Rules of Civil Procedure

Dear Judge Carey:

This firm represents Orange Park Commerce Center, LLLP and Orange Park Commerce

Center II, LLLP (together, "Orange Park"), two lone adversary defendants in the CCI matter. This

letter responds to the Certification of Counsel [D.I. 1510; filed 7/17/17] regarding plaintiff's

Procedures Motion. That motion seeks entry of a Procedures Order that is, other than the exhibits

that list the various defendants, virtually identical to all other procedures orders that plaintiff's firm

ASK LLP has asked this Court to enter and, wild guess, will ask this Court to enter in the future.

Orange Park objected to the entry of the Procedures Order because there is a problem with

it: it violates the Federal Rules of Civil Procedure.

The Honorable Kevin J. Carey
Page 2

Specifically, it seeks a waiver of both the Rule 16(b) pretrial conference *and* the requirement that the parties conduct a Rule 26(f) conference at least 21 days before the pretrial conference and submit a discovery report within 14 days following the Rule 26(f) conference. Rule 16(b)(1), made applicable by Bankruptcy Rule 7016, provides:

> ***Scheduling Order.*** [T]he [bankruptcy] judge ... must issue a scheduling order:
>
> (A) after receiving the parties' report under Rule 26(f); or
>
> (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.

In other words, the Federal Rules do not permit a waiver of both the Rule 16(b) and 26(f) conferences. That one of them occur is the condition precedent for the Court's entry of the Procedures Order.

While plaintiff's counsel likely cringes at the prospect of having to pick up the phone 95 times or to make a trip to the Court for a pretrial conference in every single bankruptcy case in which it is retained to prosecute preference actions, that is a problem of its own making and should not form a basis for the relief it seeks. Section 105 also cannot provide relief here, because it does not permit the Court to re-write the Federal Rules, merely to implement them.

Deciding that no substantive response to Orange Park's objection was warranted (or to be had), plaintiff's counsel initially proposed to carve Orange Park out of the Procedures Order, then later apparently determined that it would be cleaner to withdraw the Procedures Motion from their adversaries altogether, thereby mooting the objection. To its credit, it did follow up with the undersigned after the fact to see if entry of the proposed Procedures Order was still objectionable.[1]

---

[1] In paragraph 3 of the COC, plaintiff's counsel seems to suggest that I am somehow deliberately dragging out the process of getting a consensual procedures order entered in the Orange Park adversaries.

The Honorable Kevin J. Carey
Page 3

Which it is. Mooting out the objection does not bring the Procedures Order into compliance with the Federal Rules.  And the fact that none of the other 95 preference defendants objected thereto–whether for economic reasons,[2] because they are not yet represented by counsel and unfamiliar with the Federal Rules, or simply did not care to carefully examine a Procedures Order that they have seen in substantially similar form in other bankruptcy cases–does not, either.[3]

Plaintiff's counsel in an email to me suggested that this all is a waste of Your Honor's time. I hope the Court does not see it that way.  As an officer of the same, I feel strongly about bringing to the Court's attention that an order to which it has been asked to affix its signature is inconsistent with the Federal Rules.  This is particularly so as the proposed Procedures Order likely will serve as a model for future procedures orders with which the Court will be presented.

If Your Honor has any questions, I am available at the convenience of the Court.

Respectfully,

Julia B. Klein
(DE #5198)


Cc:    Counsel of Record (via CM/ECF)

------------------------------

While this insinuation certainly fits into the overall theme of the COC, it lacks any factual basis.  Under Federal Rule 16(b)(1), reprinted above, the Court cannot enter a scheduling order until after the pretrial conference on July 20 in any event.  Because I have been busy with an appeal, expedited Chancery Court litigations and other matters more pressing than commenting on a procedures order, I simply did not perceive the need to unnecessarily divert my attention until that date.

[2]    According to Exhibit 1 to the Procedures Order, 68 of the adversaries have an amount in controversy of less than $75,000.

[3]    The COC also asserts that entry of the proposed Procedures Order (*sans* Orange Park in the caption) somehow saves 95 adversary defendants the cost of attending the July 20 pretrial conference.  This math is based on the assumption that 95 adversary defendants actually would show up at the pretrial conference–a highly unlikely scenario.