<u>Exhibit 1</u>

**Tolling Agreement**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., *et al.* [1]<br><br>Debtors. | Chapter 11<br>Case No. 15-10952-KJC<br><br>**(Jointly Administered)** |

**THIRD TOLLING AGREEMENT AND STIPULATION BETWEEN CRAIG R. JALBERT, AS DISTRIBUTION TRUSTEE OF THE CORINTHIAN DISTRIBUTION TRUST, AND FORMER MANAGEMENT OF CORINTHIAN COLLEGES, INC.**

This Third Tolling Agreement and Stipulation (the "Third Stipulation") is made and entered into as of August 11, 2017, by and between Craig R. Jalbert ("Distribution Trustee"), as Distribution Trustee of the Corinthian Distribution Trust (the "Distribution Trust"), on the one hand, and former officers of Corinthian Colleges, Inc. Jack D. Massimino, Robert Owen, Robert D. Bosic, Beth A. Wilson, Stan A. Mortensen, Michelle Reed Zagorski, Christian Dieckmann, Kenneth Ord, and Nicole Carnagey (collectively, the "Former Officers"), on the other hand. Each party may be referred to individually as a "Party" and all parties may be referred to herein collectively as the "Parties." This Third Stipulation is made with reference to the following facts:

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

75812733.1

## RECITALS

WHEREAS, on May 4, 2015, Corinthian Colleges, Inc. ("Corinthian") and its twenty-four domestic direct and indirect subsidiaries (together with Corinthian, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, on August 28, 2015, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation (the "Plan"), which became effective on or about September 21, 2015; and

WHEREAS, the Plan provided for the establishment of the Distribution Trust to facilitate implementation of the Plan; and

WHEREAS, Corinthian (on behalf of itself and the other Debtors), Craig R. Jalbert (the Distribution Trustee), and Wilmington Trust, National Association (as Delaware Resident Trustee) entered into the Corinthian Distribution Trust Agreement made as of September 18, 2015 (the "Distribution Trust Agreement"); and

WHEREAS, on the Effective Date of the Plan, the Distribution Trust Assets (as defined in the Plan), including the Causes of Action (as defined in the Plan), were transferred to the Distribution Trust in accordance with the terms and conditions of the Plan, the Confirmation Order and the Distribution Trust Agreement; and

WHEREAS, pursuant to the Plan, the Confirmation Order and the Distribution Trust Agreement, the Distribution Trustee was appointed to administer the Distribution

2

Trust, including to act as representative of the Debtors' estates pursuant to sections 1123(a)(5), (a)(7) and (b)(3)(B) of the Bankruptcy Code to retain and enforce the Causes of Action; and

WHEREAS, on approximately October 5, 2016, counsel for the Distribution Trustee sent a draft of a Complaint for Breach of Fiduciary Duty and Waste of Corporate Assets (the "Complaint") to counsel for the Former Officers and to counsel for certain former outside directors of Corinthian; and

WHEREAS, the Parties have agreed to the basic terms of a settlement (the "Settlement") of the Distribution Trustee's potential claims against the Former Officers, subject to execution of a definitive Stipulation of Settlement with exhibits (the "Settlement Agreement") and approval of the Settlement Agreement by the Bankruptcy Court; and

WHEREAS, the Former Officers expressly deny the wrongdoing alleged in the Complaint and do not concede any wrongdoing or liability in connection with any facts or claims that have been or could have been alleged in the Complaint; and

WHEREAS, the Parties wished to toll and extend any non-expired statute, statute of repose, statute of limitations, limitation or laches period, or other provision, whether jurisdictional or otherwise, that requires, mandates, or establishes any deadline for the commencement or filing of any matter, proceeding or other action by the Distribution Trust or the Distribution Trustee (collectively, "Claimants") against the Former Officers, or any of them, thereby to preserve any rights, claims and defenses that the Claimants may have against the Former Officers (collectively, the "Claims") under any legal

3

theory or applicable law, whether asserted by claim, counterclaim, cross-claim, or otherwise, including, without limitation, the causes of action contained in the Complaint; and

WHEREAS, in furtherance of such wishes, the Parties entered into a Tolling Agreement and Stipulation (the "First Stipulation") as of April 24, 2017 (the "First Stipulation Effective Date"), pursuant to which they agreed, among other things, that any statute, statue of repose, statute of limitations, limitation or laches period, or other provision, whether jurisdictional or otherwise, that requires, mandates, or establishes any deadline (collectively, the "Limitation Deadline") for the commencement or filing of any matter, proceeding or action by the Claimants, or either of them, against the Former Officers, or any of them, applicable to any of the Claims, including, without limitation, sections 108 and 546 of the Bankruptcy Code, that had not expired as of the First Stipulation Effective Date, was tolled and extended for the Claimants, and each of them, from April 24, 2017, through and including June 30, 2017 (the "First Stipulation Termination Date"); and

WHEREAS, on May 3, 2017, the First Stipulation was approved and entered as an Order of the Bankruptcy Court [Docket No. 1489]; and

WHEREAS, on June 21, 2017, the Parties entered into a Second Tolling Agreement and Stipulation (the "Second Stipulation") to further extend the Limitation Deadline through and including August 31, 2017 (the "Second Stipulation Termination Date"); and

4

WHEREAS, the Second Stipulation, effective by its terms, was submitted to the Bankruptcy Court for approval, and the Second Stipulation was approved and entered as an Order of the Bankruptcy Court on June 22, 2017 [Docket No. 1503]; and

WHEREAS, the Parties are willing to enter into this Third Stipulation to further preserve all Claims, if any, that the Claimants may have against the Former Officers as of August 31, 2017 according to the terms set forth herein.

## STIPULATION

In consideration of the mutual promises set forth herein and the terms of the Settlement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1.      The recitals set forth above are incorporated herein by reference.

2.      Any Limitation Deadline for the commencement or filing of any matter, proceeding or action by the Claimants, or either of them, against the Former Officers, or any of them, applicable to any of the Claims, including, without limitation, sections 108 and 546 of the Bankruptcy Code, are hereby tolled and extended for the Claimants, and each of them, from August 31, 2017 through and including September 15, 2017 (the "Third Stipulation Termination Date").  The Limitation Deadline is not tolled or extended for anyone other than the Claimants or for claims against anyone other than the Former Officers pursuant to this Third Stipulation.

3.      The Parties agree that: (a) sections 108(a) and 546 of the Bankruptcy Code and any other Limitation Deadline are not a limit on the Bankruptcy Court's

75812733.1

jurisdiction, and can be tolled by agreement; and (b) no Party will assert any contrary

position in any matter, proceeding or action in any court of competent jurisdiction. If a

court nevertheless holds that it does not have jurisdiction over any Claim because the

Claim was filed after August 31, 2017, or such other date upon which any applicable

Limitation Deadline would have expired but for this Third Stipulation, the Parties agree

that: (i) the Party asserting the Claim shall nevertheless have a separate and distinct

contractual right and claim against the Party subject to the Claim; and (ii) the Party

subject to such Claim will have a corresponding separate and distinct contractual

obligation to the Party asserting such Claim, in the amount, and for the remedies, if any,

that the Party asserting such Claim would have been entitled had he, she or it asserted

such Claim prior to August 31, 2017, or such other date upon which any applicable

Limitation Deadline would have expired but for this Third Stipulation, and obtained a

final and non-appealable judgment from the court in his, her or its favor, subject to all

available rights, claims and defenses of each Party; *provided, however,* that the Party or

Parties against whom any such Claim has been asserted shall retain all defenses, claims,

cross-claims, and counterclaims as to any such Claim. The agreements contained in this

paragraph and the terms of the Settlement are a material inducement to each Party to

enter into this Third Stipulation, and are not conditioned upon approval by any court

and are effective and enforceable among the Parties immediately upon execution of this

Third Stipulation.

      4.     Nothing in this Third Stipulation shall prevent the Claimants, or either of

them, or any other party acting for or on his or its behalf, from filing a lawsuit with

6

75812733.1

respect to any Claim against the Former Officers, or any of them, prior to the Third

Stipulation Termination Date. So long as any Claim is filed on or prior to the Third

Stipulation Termination Date, and would not have been barred as of August 31, 2017,

the Former Officers, and each of them, hereby waive the defense that such action is

barred by the applicable Limitation Deadline. For the avoidance of doubt, this Third

Stipulation shall not in any manner revive, resurrect, or create any claims, rights, causes

of action or suits that, as of August 31, 2017, had expired or were barred by the

Bankruptcy Code or applicable nonbankruptcy law or any Limitation Deadline,

including, without limitation, any applicable statute of limitations or repose or other

rule, provision, defense or principle based upon the passage of time (including without

limitation, waiver, estoppel and laches), whether statutory, contractual or otherwise, or

limit in any way the assertion of any defense available as of August 31, 2017.

5.      This Third Stipulation shall not operate or be construed as an admission of

any wrongdoing, liability, or culpability by any Party or as an admission by any Party

of the existence of any claims against the other. Neither this Third Stipulation nor any

action taken pursuant to this Third Stipulation shall be offered or received in evidence

or used for any purpose whatsoever, in any action or proceeding that may ensue

between the Parties, other than to refute a defense that any action brought by the

Claimants, or either of them, on or prior to the Third Stipulation Termination Date is

time barred by any applicable Limitation Deadline.

75812733.1

6.      This Third Stipulation does not constitute any admission or waiver regarding jurisdiction over the Parties, venue, the Parties' standing to bring suit, or the Bankruptcy Court's authority to enter a final judgment on any potential Claims.

7.      The Parties each represent and warrant that: (i) each has the power and is duly authorized to enter into this Third Stipulation described herein and upon the terms set forth herein; and (ii) upon being duly executed and delivered, this Third Stipulation shall constitute a legal, valid, and binding obligation enforceable against it in accordance with this Third Stipulation's terms.

8.      This Third Stipulation shall be binding upon, and operate for the benefit of, the Parties and each of their respective successors and assigns.

9.      This Third Stipulation shall expire at 11:59 p.m. ET on the Third Stipulation Termination Date, unless renewed or extended by a written instrument signed by each Party, or, to the extent only one or more of the Former Officers agree to renew or extend, executed by such Former Officer and the Distribution Trust, prior to that date and time.

10.      The First Stipulation, the Second Stipulation, and this Third Stipulation together constitute the entire agreement by and among the Parties concerning the tolling of the Limitations Deadline, and together supersede any prior agreements or understandings whether written or oral. This Third Stipulation may not be amended or changed in any way except by written instrument signed by the Parties.

11.      The Parties intend that this Third Stipulation be binding and enforceable in accordance with its terms. Accordingly, the Parties hereby irrevocably waive any

75812733.1

right to contend that this Third Stipulation is not or might not be enforceable, agree not to assert or support any such contention, and shall be estopped from raising any such contention.

12.     The obligations of each of the Former Officers set forth in the preceding Paragraph 11 shall be contractual (as opposed to a waiver of a procedural or statutory right).

13.     This Third Stipulation is not intended, nor shall it be deemed, to advance or otherwise affect any Limitation Deadline occurring after the Third Stipulation Termination Date.

14.     This Third Stipulation shall be governed by and interpreted under Delaware law without regard to any conflicts-of-laws principles.

15.     The Bankruptcy Court shall have sole and exclusive jurisdiction to interpret or resolve any disputes relating to this Third Stipulation.

16.     The tolling and extension of the Limitation Deadline is effective whether or not the Bankruptcy Court enters an Order approving this Third Stipulation.  The Parties, however, agree to submit this Third Stipulation to the Bankruptcy Court for its approval.

17.     Nothing in this Third Stipulation shall be construed as an admission by the Claimants, or either of them, relating to the applicability of any Limitation Deadline to any Claim, or to the length of any limitations period that may apply, or to the applicability of any other time-related defense.

75812733.1

18.    This Third Stipulation may be signed in counterparts, including by

facsimile, each of which shall be deemed an original, and all of which taken together

shall constitute one and the same document.

By: _____        Date: ___8/14/17_____
      Craig R. Jalbert
      Corinthian Distribution Trustee

Approved as to Form:
_____        Date: ___8/14/17_____
Christopher P. Sullivan, Esq.
David E. Marder, Esq.
James P. Menton, Jr., Esq.
Robins Kaplan LLP
Counsel to Corinthian Distribution Trustee

_____        Date: _____
Jack D. Massimino

Approved as to Form:

_____        Date: _____
John W. Spiegel, Esq.
Munger, Tolles & Olson, LLP
Counsel to Jack D. Massimino

_____        Date: _____
Robert Owen

10

Approved as to Form:

_____          Date: _____
Christopher P. Sullivan, Esq.
David E. Marder, Esq.
James P. Menton, Jr., Esq.
Robins Kaplan LLP
Counsel to Corinthian Distribution Trustee


_____          Date: ___8/8/17_____
Jack D. Massimino


Approved as to Form:

_____          Date: _____
John W. Spiegel, Esq.
Munger, Tolles & Olson, LLP
Counsel to Jack D. Massimino


_____          Date: _____
Robert Owen


Approved as to Form:

_____          Date: _____
Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen


_____          Date: _____
Robert D. Bosic


Approved as to Form:

_____          Date: _____
John Hueston
Hueston Hennigan LLP

10

75612730.1

18.    This Third Stipulation may be signed in counterparts, including by facsimile, each of which shall be deemed an original, and all of which taken together shall constitute one and the same document.

By: _____        Date: _____
    **Craig R. Jalbert**
    Corinthian Distribution Trustee

Approved as to Form:

_____        Date: _____
Christopher P. Sullivan, Esq.
David E. Marder, Esq.
James P. Menton, Jr., Esq.
Robins Kaplan LLP
Counsel to Corinthian Distribution Trustee

_____        Date: _____
**Jack D. Massimino**

Approved as to Form:

_John W. Spiegel /BM_____        Date: _8/9/17_____
John W. Spiegel, Esq.
Munger, Tolles & Olson, LLP
Counsel to Jack D. Massimino

_____        Date: _____
**Robert Owen**

10

75812733.1

18.    This Third Stipulation may be signed in counterparts, including by facsimile, each of which shall be deemed an original, and all of which taken together shall constitute one and the same document.


By: _____          Date: _____
     Craig R. Jalbert
     Corinthian Distribution Trustee


Approved as to Form:


_____              Date: _____
Christopher P. Sullivan, Esq.
David E. Marder, Esq.
James P. Menton, Jr., Esq.
Robins Kaplan LLP
Counsel to Corinthian Distribution Trustee




_____              Date: _____
Jack D. Massimino


Approved as to Form:


_____              Date: _____
John W. Spiegel, Esq.
Munger, Tolles & Olson, LLP
Counsel to Jack D. Massimino

_____              Date: ___8/10/17_____
Robert Owen

75812733.1

Approved as to Form:

_____        Date: _8/11/17_____

Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen


_____        Date: _____

**Robert D. Bosic**


Approved as to Form:


_____        Date: _____

John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic


_____        Date: _____

**Beth A. Wilson**


Approved as to Form:


_____        Date: _____

Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson


_____        Date: _____

**Stan A. Mortensen**


Approved as to Form:


_____        Date: _____

Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen

11

75812733.1

Approved as to Form:

_____          Date: _____
Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen

_____          Date: 8.7.2017
Robert D. Bosic


Approved as to Form:

_____          Date: _____
John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic


_____          Date: _____
Beth A. Wilson


Approved as to Form:

_____          Date: _____
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson


_____          Date: _____
Stan A. Mortensen


Approved as to Form:

_____          Date: _____
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen

11

Approved as to Form:

_____          Date: _____
Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen

_____          Date: _____
Robert D. Bosic

Approved as to Form:

_____          Date: 8/8/17
John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic

_____          Date: _____
Beth A. Wilson

Approved as to Form:

_____          Date: _____
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson

_____          Date: _____
Stan A. Mortensen

Approved as to Form:

_____          Date: _____
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen

11

75812733.1

Approved as to Form:

_____          Date: _____
Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen


_____          Date: _____
**Robert D. Bosic**


Approved as to Form:


_____          Date: _____
John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic


_____          Date: _____
**Beth A. Wilson**


Approved as to Form:

_____          Date: _____
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson


_____          Date: _____
**Stan A. Mortensen**


Approved as to Form:


_____          Date: _____
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen

11

75812733.1

Approved as to Form:

_____        Date: _____
Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen

_____        Date: _____
Robert D. Bosic

Approved as to Form:

_____        Date: _____
John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic

_____        Date: _____
Beth A. Wilson

Approved as to Form:

_____        Date: _____
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson

_~Stan Mortensen~/BRy_____            Date: _8/9/17_____
Stan A. Mortensen

Approved as to Form:

_~Mark Holscher~/BRy_____             Date: _8/9/17_____
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen

Approved as to Form:

_____     Date: _____
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson

_____     Date: _____
Stan A. Mortensen

Approved as to Form:

_____     Date: _____
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen               Date: 8.4.17
Michelle Reed Zagorski

Approved as to Form:
                                           Date: 8 - 7-17
O'Melveny & Myers LLP
Counsel to Michelle Reed Zagorski

_____     Date: _____
Christian Dieckmann

Approved as to Form:

_____     Date: _____
Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Christian Dieckman

11

Approved as to Form:

_____        Date: _____
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson


_____        Date: _____
Stan A. Mortensen


Approved as to Form:


_____        Date: _____
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen

_____        Date: _____
Michelle Reed Zagorski


Approved as to Form:


_____        Date: _____
O'Melveny & Myers LLP
Counsel to Michelle Reed Zagorski


_____        Date: _____8/7/17_____
Christian Dieckmann

Approved as to Form:

_____        Date: _____8/8/17_____
Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Christian Dieckman

11

75812733.1

_____          Date: _____
**Michelle Reed Zagorski**


Approved as to Form:


_____          Date: _____
O'Melveny & Myers LLP
Counsel to Michelle Reed Zagorski


_____          Date: _____
**Christian Dieckmann**


Approved as to Form:


_____          Date: _____
Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Christian Dieckman


_____          Date: ___8/8/17_____
**Kenneth Ord**


Approved as to Form:


_____          Date: _____
Bienert, Miller & Katzman, PLC
Counsel to Kenneth Ord


_____          Date: _____
**Nicole Carnagey**

12

75812733.1

_____          Date: _____
**Michelle Reed Zagorski**

Approved as to Form:

_____          Date: _____
O'Melveny & Myers LLP
Counsel to Michelle Reed Zagorski

_____          Date: _____
**Christian Dieckmann**

Approved as to Form:

_____          Date: _____
Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Christian Dieckman

_____          Date: _____
**Kenneth Ord**

Approved as to Form:

_____          Date: _____
Bienert, Miller & Katzman, PLC
Counsel to Kenneth Ord

_____          Date: _8/7/17_____
Nicole Carnagey

12

75812733.1

Approved as to Form:

_____          Date: _____8/7/17_____
Thomas McConville
Orrick Herrington & Sutcliffe LLP
Counsel for Nicole Carnagey

75812733.1

## Miscellaneous:

15-10952-KJC Corinthian Colleges, Inc.

Type: bk               Chapter: 11 v              Office: 1 (Delaware)
Assets: y              Judge: KJC
Case Flag: LEAD, CLMSAGNT, MEGA, SealedDoc(s), CONFIRMED

### U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Christopher Michael De Lillo entered on 8/15/2017 at 10:22 AM EDT and filed on 8/15/2017

**Case Name:**        Corinthian Colleges, Inc.
**Case Number:**      15-10952-KJC
**Document Number:** 1526

**Docket Text:**
Certification of Counsel *Regarding Order Approving Third Tolling Agreement and Stipulation Between Craig R. Jalbert, as Distribution Trustee of the Corinthian Distribution Trust, and Former Management of Corinthian Colleges, Inc.* Filed by Craig R. Jalbert as Distribution Trustee. (Attachments: # (1) Exhibit A) (De Lillo, Christopher)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**CCI COC.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=8/15/2017] [FileNumber=14650574-0
] [34f76ae9130a19847d126d9e76e4f6fa62c4193a837a563c23a8594909c274753a5
c32045b4fb09aa4c10fc7dc68c9f5921685fe08b3233c93e87614bcd79863]]
**Document description:**Exhibit A
**Original filename:**C:\fakepath\CCI COC Ex A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=8/15/2017] [FileNumber=14650574-1
] [298b3f0d7ff7ebc882298eb52974ad1879cfcc1f68819272b3e7fef5f95046ea691
9f0caa82c0b61ffec7dedca9ecdd07b0bafbe2d1a01b9391b6e31cbf0b3ab]]

**15-10952-KJC Notice will be electronically mailed to:**

Marc Abrams on behalf of Creditor Committee The Official Committee of Unsecured Creditors
mao@willkie.com

David G. Aelvoet on behalf of Creditor Bexar County
davida@publicans.com

Elihu Ezekiel Allinson, III on behalf of Creditor Rhonda Gardner
ZAllinson@SHA-LLC.com, ecf@williamdsullivanllc.com;KDavis@SHA-LLC.com;hcoleman@sha-llc.com

BMC Group, Inc.
jmyers@bmcgroup.com

Lorie Ann Ball on behalf of Interested Party The Official Committee of Student Creditors
lball@robinskaplan.com,