**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § § § § § § § § § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | | Case No. 15-10952 (KJC) |
| | | Jointly Administered |
| Debtors. | | |
| | | **Obj. Deadline: Sept. 19, 2017, at 4:00 p.m. (ET)** |
| | | **Hr'g Date: Sept. 26, 2017, at 1:15 p.m. (ET)** |

---

**MOTION OF DISTRIBUTION TRUST PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING SETTLEMENT BY AND AMONG DISTRIBUTION TRUST AND FORMER MANAGEMENT OF CORINTHIAN COLLEGES, INC.**

Craig R. Jalbert, the Distribution Trustee (the "**Trustee**") for the Corinthian Distribution Trust (the "**Distribution Trust**") established under the *Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [D.I. 909] (the "**Plan**"), hereby submits this motion (the "**Motion**") for entry of an order pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") approving the *Stipulation of Settlement* with Former Management of Corinthian Colleges, Inc.*,* agreed to as of September 5, 2017 (the "**Settlement**"), a copy of which is attached as **Exhibit 1** to **Exhibit A** of this Motion, by and among the Trustee and Jack Massimino, Robert Owen, Robert D. Bosic, Beth A. Wilson, Stan A. Mortensen, Michelle Reed Zagorski, Christian Dieckmann, Kenneth Ord, Nicole

---

[1] The Debtors in these cases (the "**Debtors**"), along with the last four digits of each Debtor's federal tax identification number, are: Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

75815473.2

Carnagey, Donald King, Jr., and Robert Kenyon (collectively, the "**Former Employees**", and together with the Trustee, the "**Parties**"). In support of this Motion, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Trustee prepared a draft complaint against the Former Employees, among others. The draft complaint asserts claims for breach of fiduciary duty and corporate waste against the Former Employees for their alleged wrongful conduct that caused damages to Corinthian. The Trustee sent the draft complaint to counsel for the Former Employees, among others. The Distribution Trustee and the Former Employees subsequently participated in a formal 2-day mediation that has ultimately resulted in the Settlement for which the Trustee seeks approval pursuant to the Motion. As demonstrated below, the Settlement is fair and reasonable and in the best of creditors and should be approved in that, among other benefits, it resolves potential claims against the Former Employees and allows for the recovery of a minimum of $12.25 million for creditors that might otherwise be unavailable while avoiding the time, expense and uncertainty involved in litigating such claims against the Former Employees.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). Furthermore, section XVI of the Plan and paragraph 36 of the Confirmation Order provided for the retention of jurisdiction by this Court to hear this proceeding. This is a core proceeding pursuant to 28 U.S.C. § 157(b).[2]

---

[2] Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Distribution Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

75815473.2

3. Venue for this proceeding and Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rule 9019.

## BACKGROUND

**A.    General Background**

4. On May 4, 2015, each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

5. On August 28, 2015, the Court entered an order confirming the Plan [D.I 913] (the "**Confirmation Order**"). The Plan became effective on September 21, 2015 (the "**Effective Date**").

6. The Plan provided that on the Effective Date all remaining assets of the Debtors' estates would transfer to (i) the Distribution Trust, for the benefit of Holders[3] of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims (other than Student 507(a)(7) Deposit Claims), Allowed Prepetition Lenders Secured Claims, Allowed Other Secured Claims and Allowed General Unsecured Claims, and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims. Accordingly, on the Effective Date, books and records of the Debtors in the Debtors' actual or constructive possession, custody or control (excluding the Student Books and Records) were transferred to the Distribution Trust. Included in the Distribution Trust Assets, defined in Section II.A.52 of the Plan, are any rights or interests held by the Debtors in Causes of Action, as defined in Section II.A.22 of the Plan.

---

[3] Terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

7.  Pursuant to the retained Causes of Action [D.I. 881 Exhibit A] under the Plan Supplement and the Plan, the Distribution Trust succeeded to any interests in Causes of Action against former directors and officers of the Debtors.

**B.  Claims Against Former Employees**

8.  As noted above, the Trustee prepared a draft complaint against the Former Employees, among others. The draft complaint asserts (a) the Former Employees and others harmed Corinthian by, among other things, causing or permitting it to engage in continuing and widespread violations of legal and accreditation standards concerning student recruitment and reported placement rates, and (b) these wrongful practices posed unreasonable risks to Corinthian's access to the student loan funds made available through Title IV of the Higher Education Act, the source of up to 90% of Corinthian's revenue, and inevitably led to Corinthian's catastrophic demise and collapse. In the draft complaint, the Trustee asserts claims for relief for breach of fiduciary duty (due care and loyalty) and corporate waste against the Former Employees for their alleged wrongful conduct. The Trustee seeks to recover damages from the Former Employees for their alleged breaches of fiduciary duties and waste of corporate assets based on such claims for relief. The Former Employees expressly deny the wrongdoing alleged in the draft complaint and do not concede any wrongdoing or liability.

**The Settlement**

9.  The Settlement represents an efficient resolution of the various outstanding disputes among the Parties and will allow the Parties to avoid burdensome and costly litigation while providing needed funding for the Distribution Trust.

10.  The Settlement resolves potential claims of the Distribution Trust against the Former Employees and provides for a material and expeditious recovery to the Trustee.

11. The key terms of the Settlement[4] include the following:

- The resolution of the Trustee's potential claims against the Former Employees in the amount of $12.25 million, plus potential additional amounts to the extent available to be paid under the applicable insurance policy. *See* Settlement § I.A.28, 40, 41, § II.A.

- The Trustee releases all claims that were or could have been alleged in the Trustee's draft complaint against the Former Employees. The Former Employees release all claims potentially arising from the Trustee's assertion of claims in connection with the Trustee's draft complaint against the Former Employees. *See* Settlement §§ V.A.1, V.A.2, V.A.3.

- All claims against the Former Employees arising out of the Trustee's claims against another person shall be barred; provided that Trustee agrees to reduce his claims against that other person by the greater of (i) the Former Employees' percentage of fault or (ii) the Settlement Amount. *See* Settlement § I.A.50, Exhibit A.

12. Accordingly, the Trustee submits that the Settlement is in the best interest of the Distribution Trust and all parties in interest and should, therefore, be approved.

## RELIEF REQUESTED

13. By this Motion, the Trustee seeks entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Settlement and granting certain related relief as described more fully herein.

## BASIS FOR RELIEF REQUESTED

**A. The Appropriate Standard Under Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019**

14. Section 105(a) provides, in relevant part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

15. Bankruptcy Rule 9019 provides the procedural prerequisites for approval of a settlement: "[o]n motion by the trustee and after notice and a hearing, the court may approve a

---

[4] This summary of the Settlement is subject to the full terms and conditions of the Settlement. Any inconsistency between this summary and the Settlement shall be governed by and construed consistent with the Settlement.

5

compromise or settlement." Fed. R. Bankr. P. 9019(a). Taken together, section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a) grant a bankruptcy court with the power to approve a proposed settlement when it is in the best interests of the debtor and its creditors. *See In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). The Third Circuit has emphasized that "[t]o minimize litigation and expedite the administration of a bankruptcy estate, [c]ompromises are favored in bankruptcy." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (second alteration in original) (citation omitted); *see also In re World Health Alts., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding that settlements are "generally favored in bankruptcy"). Further, the decision to accept or reject a compromise or settlement is within the sound discretion of the bankruptcy court. *In re Capmark Fin. Group, Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010); *In re Coram Healthcare Corp.*, 315 B.R. 321, 329 (Bankr. D. Del. 2004).

16.  Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." *In re Marvel Entm't Group, Inc.*, 222 B.R. at 249 (quoting *In re Louise's, Inc.*, 211 B.R. at 801). Fundamental to the process of evaluating the proposed settlement is "the need to compare the terms of the compromise with the likely rewards of litigation." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968). The court need not be convinced that the settlement is the best possible compromise in order to approve it. *In re Coram Healthcare Corp.*, 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Travelers Cas. & Sur. co. v. Future Claimants Representative*, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing *Aetna Cas. & Sur. Co. v. Jasmine, Ltd. (In re*

6

*Jasmine, Ltd.)*, 258 B.R. 119 (D.N.J. 2000)); *see also In re Coram Healthcare Corp.*, 315 B.R. at 330.

17. In considering whether a settlement falls within the range of reasonableness, courts in this district generally consider one or more of the following four factors (collectively, the "**Martin Factors**"): "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d at 393 (citing *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986)); *see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.)*, 283 F.3d 159, 165 (3d Cir. 2002); *In re eToys, Inc.*, 331 B.R. 176, 198 (Bankr. D. Del. 2005).

18. Bankruptcy courts have authority to enter bar orders that release claims for contribution by non-settling parties. *See In re Tribune Co.*, 464 B.R. 126, 176 (Bankr. D. Del. 2011) ("Bankruptcy courts have authority to enter settlement bar orders."); *see also Gerber v. MTC Elec. Techs. Co.*, 329 F.3d 297, 302-09 (2d Cir. 2003) (affirming imposition of settlement contribution bar with "capped proportionate share" formula for judgment credit); *Eichenholtz v. Brennan*, 52 F.3d 478, 483-87 (3d Cir. 1995) (affirming imposition of settlement contribution bar with proportionate share judgment reduction provision).

B. **The Settlement Is Fair, Reasonable, and in the Best Interest of Creditors Under the Martin Factors**

19. For the reasons set forth below, the Trustee respectfully submits that the Settlement more than adequately fits within the range of reasonableness necessary for approval under Bankruptcy Rule 9019. The Settlement provides a material and expeditious recovery for the Distribution Trust on its potential claims against the Former Employees, without having to initiate litigation. Further, the Former Employees agree to cooperate with the Trustee in his

prosecution of other actions. In return, the Trustee releases claims against the Former Employees and the Settlement bars certain other claims as set forth in the Settlement. An analysis of the Martin Factors supports approval of the Settlement because it is fair, reasonable, and in the interest of the estate.

20.     First, regarding the probability of success in litigation, when litigating a claim there is always the risk of an adverse result that could result in zero recovery to the Distribution Trust on behalf of Allowed Claims. By virtue of executing the Settlement, agreeing to be bound by its terms, and jointly filing this Motion, the Former Officers have agreed that their insurer(s) will provide a minimum of $12.25 million to the Trustee. This is a certain number that will provide much-needed funding to the Distribution Trust. Such funding will allow the Trustee to continue carrying out his duties, including pursuing other Causes of Action.

21.     Second, the likely difficulties in collection strongly support approving the Settlement. In any litigation, collection on a judgment is a distant and uncertain proposition. Here, the procedural posture of litigation against the Former Employees is uninitiated; therefore, any collection on the potential claims is hypothetical at best given the relative infancy of prosecuting the dispute. The expeditious recovery through the Settlement obviates any difficulties or expenses incurred in eventual collection of a judgment against the Former Employees.

22.     Third, although the nature of the potential claims against the Former Employees may not be extraordinarily complex, prosecuting claims against each of the nine Former Employees could present litigation challenges for the Trustee and its counsel. Further, litigating the potential claims against the Former Employees would necessarily require time and expenses.

The extra time and costs associated with prosecution would delay and reduce in value any eventual recovery for Allowed Claims.

23. <u>Fourth</u>, the paramount interest of creditors, which here are the Allowed Claims, is in prompt maximization of recovery on the Allowed Claims. The Settlement accomplishes precisely that. As discussed above, the Settlement preempts litigation expenses, saves indefinite delay in prosecuting the claims, and provides immediate recovery for the Distribution Trust.

24. In sum, analysis of the Martin Factors show that approval of the Settlement serves the interest of all parties in interest in these Chapter 11 Cases because it settles risky and expensive litigation at no cost to the Distribution Trust and provides further support for the Trustee in his prosecution of other claims. The Settlement is fair, reasonable, and appropriate to all parties in interest and should be approved.

**NOTICE**

25. Notice of this motion has been provided to: (i) the Office of the United States Trustee; (ii) those persons who have requested notice pursuant to Bankruptcy Rule 2002; and (iii) Ralph Ferrara and Jonathan Richman of Proskauer Rose LLP, counsel for the former outside, non-management members of Corinthian's Board of Directors. In light of the nature of the relief requested, the Trustee submits that no other or further notice is necessary or required.

**NO PRIOR REQUEST**

26. No prior request for the relief sought herein has been made by the Trustee to this or any other Court.

WHEREFORE, the Trustee respectfully requests entry of the proposed form of order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: September 5, 2017<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Christopher M. De Lillo*<br>Mark D. Collins (No. 2981)<br>Marcos A. Ramos (No. 4450)<br>Amanda R. Steele (No. 5530)<br>Christopher M. De Lillo (No. 6355)<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-651-7700<br>Facsimile: 302-651-7701<br>Email: collins@rlf.com<br>     ramos@rlf.com<br>     steele@rlf.com<br>     delillo@rlf.com<br><br>Christopher P. Sullivan<br>Richard B. Allyn<br>David E. Marder<br>James P. Menton, Jr.<br>**ROBINS KAPLAN LLP**<br>800 Boylston Street, Suite 2500<br>Boston, MA 02199<br>Telephone: (617) 267-2300<br>Facsimile: (617) 267-8288<br>Email: csullivan@robinsraplan.com<br>     rallyn@robinskaplan.com<br>     dmarder@robinskaplan.com<br>     jmenton@robinskaplan.com<br><br>Counsel for the Distribution Trustee |