## **EXHIBIT A**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC., *et al.*[1] | § | |
| | § | Case No. 15-10952 (KJC) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Re: D.I. ____** |

----------------------------------------------------------------

## ORDER APPROVING FOURTH TOLLING AGREEMENT AND STIPULATION BETWEEN CRAIG R. JALBERT, AS DISTRIBUTION TRUSTEE OF THE CORINTHIAN DISTRIBUTION TRUST, AND FORMER MANAGEMENT OF CORINTHIAN COLLEGES, INC.

This matter coming before the Court upon the *Certification of Counsel Regarding Order Approving Fourth Tolling Agreement and Stipulation Between Craig R. Jalbert, as Distribution Trustee of the Corinthian Distribution Trust, and Former Management of Corinthian Colleges, Inc.* (the "**Certification**");[2] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the retention of jurisdiction under section XVI of the plan of liquidation [D.I. 913];

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

[2]   Capitalized terms not otherwise defined herein have the meanings given to them in the Certification.

IT IS HEREBY ORDERED THAT:

1.      The Fourth Tolling Agreement is hereby APPROVED and entered as an order of the Court.

2.      Subject to Paragraph 6 of the Fourth Tolling Agreement, this Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

Dated: _____, 2017
            Wilmington, Delaware                     _____
                                                                            THE HONORABLE KEVIN J. CAREY
                                                                            UNITED STATES BANKRUPTCY JUDGE

75812744.1

## Exhibit 1

**Tolling Agreement**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | **Chapter 11**<br>**Case No. 15-10952-KJC** |
| CORINTHIAN COLLEGES, INC., *et al.* [1] | |
| Debtors. | **(Jointly Administered)** |

## FOURTH TOLLING AGREEMENT AND STIPULATION BETWEEN CRAIG R. JALBERT, AS DISTRIBUTION TRUSTEE OF THE CORINTHIAN DISTRIBUTION TRUST, AND FORMER MANAGEMENT OF CORINTHIAN COLLEGES, INC.

This Fourth Tolling Agreement and Stipulation (the "Fourth Stipulation") is made and entered into as of September 5, 2017, by and between Craig R. Jalbert ("Distribution Trustee"), as Distribution Trustee of the Corinthian Distribution Trust (the "Distribution Trust"), on the one hand, and former employees of Corinthian Colleges, Inc. Jack D. Massimino, Robert Owen, Robert D. Bosic, Beth A. Wilson, Stan A. Mortensen, Michelle Reed Zagorski, Christian Dieckmann, Kenneth Ord, and Nicole Carnagey (collectively, the "Former Employees"), on the other hand.  Each party may be referred to individually as a "Party" and all parties may be referred to herein

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are:  Corinthian Colleges, Inc. (7312), Corinthian Schools, Inc. (0525), Rhodes Colleges, Inc. (7311), Florida Metropolitan University, Inc. (7605), Corinthian Property Group, Inc. (2106), Titan Schools, Inc. (3201), Career Choices, Inc. (1425), Sequoia Education, Inc. (5739), ETON Education, Inc. (3608), Ashmead Education, Inc. (9120), MJB Acquisition Corporation (1912), ECAT Acquisition, Inc. (7789), Pegasus Education, Inc. (2336), Grand Rapids Educational Center, Inc. (2031), Rhodes Business Group, Inc. (6709), Everest College Phoenix, Inc. (6173), CDI Education USA, Inc. (0505), SP PE VII-B Heald Holdings Corp. (0115), SD III-B Heald Holdings Corp. (9707), Heald Capital LLC (6164), Heald Real Estate, LLC (4281), Heald Education, LLC (1465), Heald College, LLC (9639), QuickStart Intelligence Corporation (5665), and Socle Education, Inc. (3477).

collectively as the "Parties." This Fourth Stipulation is made with reference to the following facts:

**RECITALS**

WHEREAS, on May 4, 2015, Corinthian Colleges, Inc. ("Corinthian") and its twenty-four domestic direct and indirect subsidiaries (together with Corinthian, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, on August 28, 2015, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation (the "Plan"), which became effective on or about September 21, 2015; and

WHEREAS, the Plan provided for the establishment of the Distribution Trust to facilitate implementation of the Plan; and

WHEREAS, Corinthian (on behalf of itself and the other Debtors), Craig R. Jalbert (the Distribution Trustee), and Wilmington Trust, National Association (as Delaware Resident Trustee) entered into the Corinthian Distribution Trust Agreement made as of September 18, 2015 (the "Distribution Trust Agreement"); and

WHEREAS, on the Effective Date of the Plan, the Distribution Trust Assets (as defined in the Plan), including the Causes of Action (as defined in the Plan), were transferred to the Distribution Trust in accordance with the terms and conditions of the Plan, the Confirmation Order and the Distribution Trust Agreement; and

75812736.2

WHEREAS, pursuant to the Plan, the Confirmation Order and the Distribution Trust Agreement, the Distribution Trustee was appointed to administer the Distribution Trust, including to act as representative of the Debtors' estates pursuant to sections 1123(a)(5), (a)(7) and (b)(3)(B) of the Bankruptcy Code to retain and enforce the Causes of Action; and

WHEREAS, on approximately October 5, 2016, counsel for the Distribution Trustee sent a draft of a Complaint for Breach of Fiduciary Duty and Waste of Corporate Assets (the "Complaint") to counsel for the Former Employees and to counsel for certain former outside directors of Corinthian; and

WHEREAS, the Parties agreed to the basic terms of a settlement  (the "Settlement") of the Distribution Trustee's potential claims against the Former Employees, subject to execution of a definitive Stipulation of Settlement with exhibits (the "Settlement Agreement") and approval of the Settlement Agreement by the Bankruptcy Court; and

WHEREAS, the Former Employees expressly deny the wrongdoing alleged in the Complaint and do not concede any wrongdoing or liability in connection with any facts or claims that have been or could have been alleged in the Complaint; and

WHEREAS, the Parties wished to toll and extend any non-expired statute, statute of repose, statute of limitations, limitation or laches period, or other provision, whether jurisdictional or otherwise, that requires, mandates, or establishes any deadline for the commencement or filing of any matter, proceeding or other action by the Distribution Trust or the Distribution Trustee (collectively, "Claimants") against the Former

3

Employees, or any of them, thereby to preserve any rights, claims and defenses that the Claimants may have against the Former Employees (collectively, the "Claims") under any legal theory or applicable law, whether asserted by claim, counterclaim, cross-claim, or otherwise, including, without limitation, the causes of action contained in the Complaint; and

WHEREAS, in furtherance of such wishes, the Parties entered into a Tolling Agreement and Stipulation (the "First Stipulation") as of April 24, 2017 (the "First Stipulation Effective Date"), pursuant to which they agreed, among other things, that any statute, statue of repose, statute of limitations, limitation or laches period, or other provision, whether jurisdictional or otherwise, that requires, mandates, or establishes any deadline (collectively, the "Limitation Deadline") for the commencement or filing of any matter, proceeding or action by the Claimants, or either of them, against the Former Employees, or any of them, applicable to any of the Claims, including, without limitation, sections 108 and 546 of the Bankruptcy Code, that had not expired as of the First Stipulation Effective Date, was tolled and extended for the Claimants, and each of them, from April 24, 2017, through and including June 30, 2017 (the "First Stipulation Termination Date"); and

WHEREAS, the First Stipulation, effective by its terms, was submitted to the Bankruptcy Court for approval, and the First Stipulation was approved and entered as an Order of the Bankruptcy Court on May 3, 2017 [Docket No. 1489]; and

WHEREAS, on June 21, 2017, the Parties entered into a Second Tolling Agreement and Stipulation (the "Second Stipulation") to further extend the Limitation

4

Deadline through and including August 31, 2017 (the "Second Stipulation Termination Date"); and

WHEREAS, the Second Stipulation, effective by its terms, was submitted to the Bankruptcy Court for approval, and the Second Stipulation was approved and entered as an Order of the Bankruptcy Court on June 22, 2017 [Docket No. 1503]; and

WHEREAS, on August 11, 2017, the Parties entered into a Third Tolling Agreement and Stipulation (the "Third Stipulation") to further extend the Limitation Deadline through and including September 15, 2017 (the "Third Stipulation Termination Date"); and

WHEREAS, the Third Stipulation, effective by its terms, was submitted to the Bankruptcy Court for approval, and the Third Stipulation was approved and entered as an Order of the Bankruptcy Court on August 15, 2017 [Docket No. 1527]; and

WHEREAS, the Parties have executed the Settlement Agreement, subject to approval of the Bankruptcy Court, and the Bankruptcy Court has scheduled a hearing to consider approval thereof for September 26, 2017, at 1:15 p.m. ET; and

WHEREAS, the Parties are willing to enter into this Fourth Stipulation to preserve all Claims, if any, that the Claimants may have against the Former Employees as of September 15, 2017 according to the terms set forth herein.

## STIPULATION

In consideration of the mutual promises set forth herein and the terms of the Settlement and for other good and valuable consideration, the receipt and sufficiency of

75812736.2

which are hereby acknowledged, the Parties, intending to be legally bound, hereby

agree as follows:

1.     The recitals set forth above are incorporated herein by reference, and

terms not defined in the recitals or herein shall have the same meaning ascribed to them

in the Settlement Agreement.

2.     Any Limitation Deadline for the commencement or filing of any matter,

proceeding or action by the Claimants, or either of them, against the Former Employees,

or any of them, applicable to any of the Claims, including, without limitation, sections

108 and 546 of the Bankruptcy Code, are hereby tolled and extended for the Claimants,

and each of them, from September 15, 2017, through and including (i) partial

consummation of the Settlement Agreement (meaning that the Bankruptcy Court shall

have entered the Settlement Order, the Settlement Order shall have become Final, and

the Initial Settlement Payment shall have been paid in accordance with the Settlement

Agreement) or (ii) sixty (60) days after the earliest of (a) the date on which the

Bankruptcy Court rules that the Settlement Agreement is not approved, (b) the date on

which the Settlement Agreement is terminated pursuant to its terms, or (c) the date on

which the Settlement Agreement otherwise becomes null and void pursuant to its terms

(collectively, the "Fourth Stipulation Termination Date").  The Limitation Deadline is

not tolled or extended for anyone other than the Claimants or for claims against anyone

other than the Former Employees pursuant to this Fourth Stipulation.

3.     The Parties agree that: (a) sections 108(a) and 546 of the Bankruptcy Code

and any other Limitation Deadline are not a limit on the Bankruptcy Court's

jurisdiction, and can be tolled by agreement; and (b) no Party will assert any contrary

position in any matter, proceeding or action in any court of competent jurisdiction.  If a

court nevertheless holds that it does not have jurisdiction over any Claim because the

Claim was filed after September 15, 2017, or such other date upon which any applicable

Limitation Deadline would have expired but for this Fourth Stipulation, the Parties

agree that:  (i) the Party asserting the Claim shall nevertheless have a separate and

distinct contractual right and claim against the Party subject to the Claim; and (ii) the

Party subject to such Claim will have a corresponding separate and distinct contractual

obligation to the Party asserting such Claim, in the amount, and for the remedies, if any,

that the Party asserting such Claim would have been entitled had he, she or it asserted

such Claim prior to September 15, 2017, or such other date upon which any applicable

Limitation Deadline would have expired but for this Fourth Stipulation, and obtained a

final and non-appealable judgment from the court in his, her or its favor, subject to all

available rights, claims and defenses of each Party; *provided, however,* that the Party or

Parties against whom any such Claim has been asserted shall retain all defenses, claims,

cross-claims, and counterclaims as to any such Claim.  The agreements contained in this

paragraph and the terms of the Settlement are a material inducement to each Party to

enter into this Fourth Stipulation, and are not conditioned upon approval by any court

and are effective and enforceable among the Parties immediately upon execution of this

Fourth Stipulation.

4.      Nothing in this Fourth Stipulation shall prevent the Claimants, or either of

them, or any other party acting for or on his or its behalf, from filing a lawsuit with

respect to any Claim against the Former Employees, or any of them, prior to the Fourth Stipulation Termination Date.  So long as any Claim is filed on or prior to the Fourth Stipulation Termination Date, and would not have been barred as of September 15, 2017, the Former Employees, and each of them, hereby waive the defense that such action is barred by the applicable Limitation Deadline.  For the avoidance of doubt, this Fourth Stipulation shall not in any manner revive, resurrect, or create any claims, rights, causes of action or suits that, as of September 15, 2017, had expired or were barred by the Bankruptcy Code or applicable nonbankruptcy law or any Limitation Deadline, including, without limitation, any applicable statute of limitations or repose or other rule, provision, defense or principle based upon the passage of time (including without limitation, waiver, estoppel and laches), whether statutory, contractual or otherwise, or limit in any way the assertion of any defense available as of September 15, 2017.

5.    This Fourth Stipulation shall not operate or be construed as an admission of any wrongdoing, liability, or culpability by any Party or as an admission by any Party of the existence of any claims against the other.  Neither this Fourth Stipulation nor any action taken pursuant to this Fourth Stipulation shall be offered or received in evidence or used for any purpose whatsoever, in any action or proceeding that may ensue between the Parties, other than to refute a defense that any action brought by the Claimants, or either of them, on or prior to the Fourth Stipulation Termination Date is time barred by any applicable Limitation Deadline.

75812736.2

6.    This Fourth Stipulation does not constitute any admission or waiver regarding jurisdiction over the Parties, venue, the Parties' standing to bring suit, or the Bankruptcy Court's authority to enter a final judgment on any potential Claims.

7.    The Parties each represent and warrant that: (i) each has the power and is duly authorized to enter into this Fourth Stipulation described herein and upon the terms set forth herein; and (ii) upon being duly executed and delivered, this Fourth Stipulation shall constitute a legal, valid, and binding obligation enforceable against it in accordance with this Fourth Stipulation's terms.

8.    This Fourth Stipulation shall be binding upon, and operate for the benefit of, the Parties and each of their respective successors and assigns.

9.    This Fourth Stipulation shall expire at 11:59 p.m. ET on the Fourth Stipulation Termination Date, unless renewed or extended by a written instrument signed by each Party, or, to the extent only one or more of the Former Employees agree to renew or extend, executed by such Former Officer and the Distribution Trust, prior to that date and time.

10.    The First Stipulation, the Second Stipulation, the Third Stipulation, and this Fourth Stipulation together constitute the entire agreement by and among the Parties concerning the tolling of the Limitations Deadline, and together supersede any prior agreements or understandings whether written or oral.  This Fourth Stipulation may not be amended or changed in any way except by written instrument signed by the Parties.

11.     The Parties intend that this Fourth Stipulation be binding and enforceable in accordance with its terms. Accordingly, the Parties hereby irrevocably waive any right to contend that this Fourth Stipulation is not or might not be enforceable, agree not to assert or support any such contention, and shall be estopped from raising any such contention.

12.     The obligations of each of the Former Employees set forth in the preceding Paragraph 11 shall be contractual (as opposed to a waiver of a procedural or statutory right).

13.     This Fourth Stipulation is not intended, nor shall it be deemed, to advance or otherwise affect any Limitation Deadline occurring after the Fourth Stipulation Termination Date.

14.     This Fourth Stipulation shall be governed by and interpreted under Delaware law without regard to any conflicts-of-laws principles.

15.     The Bankruptcy Court shall have sole and exclusive jurisdiction to interpret or resolve any disputes relating to this Fourth Stipulation.

16.     The tolling and extension of the Limitation Deadline is effective whether or not the Bankruptcy Court enters an Order approving this Fourth Stipulation.  The Parties, however, agree to submit this Fourth Stipulation to the Bankruptcy Court for its approval.

17.     Nothing in this Fourth Stipulation shall be construed as an admission by the Claimants, or either of them, relating to the applicability of any Limitation Deadline

to any Claim, or to the length of any limitations period that may apply, or to the applicability of any other time-related defense.

18.    This Fourth Stipulation may be signed in counterparts, including by facsimile, each of which shall be deemed an original, and all of which taken together shall constitute one and the same document.

By: _____          Date: 8/29/17
    Craig R. Jalbert
    Corinthian Distribution Trustee


Approved as to Form:

_____               Date: 9/5/17
Christopher P. Sullivan, Esq.
David E. Marder, Esq.
James P. Menton, Jr., Esq.
Robins Kaplan LLP
Counsel to Corinthian Distribution Trustee


_____               Date: _____
Jack D. Massimino


Approved as to Form:

_____               Date: _____
John W. Spiegel, Esq.
Munger, Tolles & Olson, LLP
Counsel to Jack D. Massimino


_____               Date: _____
Robert Owen


11

75812736.2

to any Claim, or to the length of any limitations period that may apply, or to the applicability of any other time-related defense.

18.    This Fourth Stipulation may be signed in counterparts, including by facsimile, each of which shall be deemed an original, and all of which taken together shall constitute one and the same document.

By: _____    Date: _____

     Craig R. Jalbert
     Corinthian Distribution Trustee

Approved as to Form:

_____    Date: _____
Christopher P. Sullivan, Esq.
David E. Marder, Esq.
James P. Menton, Jr., Esq.
Robins Kaplan LLP
Counsel to Corinthian Distribution Trustee

_____    Date: __8/30/2017__
Jack D. Massimino

Approved as to Form:

_____    Date: __8/31/2017__
John W. Spiegel, Esq.
Munger, Tolles & Olson, LLP
Counsel to Jack D. Massimino

_____    Date: _____
Robert Owen

11

758122736.2

to any Claim, or to the length of any limitations period that may apply, or to the applicability of any other time-related defense.

18.    This Fourth Stipulation may be signed in counterparts, including by facsimile, each of which shall be deemed an original, and all of which taken together shall constitute one and the same document.

By: _____    Date: _____
        Craig R. Jalbert
        Corinthian Distribution Trustee


Approved as to Form:


_____    Date: _____
Christopher P. Sullivan, Esq.
David E. Marder, Esq.
James P. Menton, Jr., Esq.
Robins Kaplan LLP
Counsel to Corinthian Distribution Trustee


_____    Date: _____
Jack D. Massimino


Approved as to Form:


_____    Date: _____
John W. Spiegel, Esq.
Munger, Tolles & Olson, LLP
Counsel to Jack D. Massimino


_____    Date: _8/30/17_____
Robert Owen


11

Approved as to Form:

_Nick Hanna [signature]_                          Date: ___9/5/2017___
Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen


_____                          Date: _____
Robert D. Bosic


Approved as to Form:


_____                          Date: _____
John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic


_____                          Date: _____
Beth A. Wilson


Approved as to Form:


_____                          Date: _____
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson


_____                          Date: _____
Stan A. Mortensen


Approved as to Form:


_____                          Date: _____
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen

758127362

Approved as to Form:

_____    Date: _____
Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen

_____    Date: 8·29·17
Robert D. Bosic


Approved as to Form:

_____    Date: 8/31/17
John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic


_____    Date: _____
Beth A. Wilson


Approved as to Form:

_____    Date: _____
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson


_____    Date: _____
Stan A. Mortensen


Approved as to Form:

_____    Date: _____
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen

75812736.2

Approved as to Form:

_____        Date: _____
Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen


_____        Date: _____
Robert D. Bosic


Approved as to Form:


_____        Date: _____
John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic


_____        Date: _Aug. 31, 2017_____
Beth A. Wilson


Approved as to Form:


_____        Date: _____
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson


_____        Date: _____
Stan A. Mortensen


Approved as to Form:


_____        Date: _____
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen

12

758127362

Approved as to Form:

_____        Date: _____
Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen

_____        Date: _____
Robert D. Bosic

Approved as to Form:

_____        Date: _____
John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic

_____        Date: _____
Beth A. Wilson

Approved as to Form:

_____        Date: _Sept. 1, 2017_____
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson

_____        Date: _____
Stan A. Mortensen

Approved as to Form:

_____        Date: _____
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen

12

75812736.2

Approved as to Form:

_____     Date: _____
Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen

_____     Date: _____
Robert D. Bosic

Approved as to Form:

_____     Date: _____
John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic

_____     Date: _____
Beth A. Wilson

Approved as to Form:

_____     Date: _____
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson

_____     Date: _____
Stan A. Mortensen

Approved as to Form:

_____     Date: _____
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen

75812736.2

Approved as to Form:

_____          Date: _____
Nicola Hanna
Gibson Dunn & Crutcher
Counsel to Robert Owen


_____          Date: _____
**Robert D. Bosic**


Approved as to Form:


_____          Date: _____
John Hueston
Hueston Hennigan LLP
Counsel to Robert D. Bosic


_____          Date: _____
**Beth A. Wilson**


Approved as to Form:


_____          Date: _____
Janet Levine
Crowell & Moring LLP
Counsel to Beth A. Wilson


_____          Date: _____
**Stan A. Mortensen**


Approved as to Form:

*/s/ Mark Holscher/BFH*          Date: 5/31/17
Mark Holscher
Kirkland & Ellis LLP
Counsel to Stan A. Mortensen

12

_____

Michelle Reed Zagorski                    Date: 9/3/17 _____

Approved as to Form:

_____

Daniel Bookin                             Date: 9/5/17 _____
O'Melveny & Myers LLP
Counsel to Michelle Reed Zagorski

_____          Date: _____

Christian Dieckmann

Approved as to Form:

_____          Date: _____

Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Christian Dieckman

_____          Date: _____

Kenneth Ord

Approved as to Form:

_____          Date: _____

Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Kenneth Ord

13

_____    Date: _____

**Michelle Reed Zagorski**

Approved as to Form:


_____    Date: _____

Daniel Bookin
O'Melveny & Myers LLP
Counsel to Michelle Reed Zagorski


_____    Date: ____8/28/17_____

Christian Dieckmann

Approved as to Form:


_____    Date: _____

Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Christian Dieckman


_____    Date: _____

Kenneth Ord

Approved as to Form:


_____    Date: _____

Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Kenneth Ord

13

_____                    Date: _____

Michelle Reed Zagorski

Approved as to Form:

_____                    Date: _____

Daniel Bookin
O'Melveny & Myers LLP
Counsel to Michelle Reed Zagorski

_____                    Date: _____

Christian Dieckmann

Approved as to Form:

_____                    Date: _____

Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Christian Dieckman

_____                    Date: _____9/5/17_____

Kenneth Ord

Approved as to Form:

_____                    Date: _____

Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Kenneth Ord

13

_____     Date: _____
**Michelle Reed Zagorski**

Approved as to Form:

_____     Date: _____
Daniel Bookin
O'Melveny & Myers LLP
Counsel to Michelle Reed Zagorski

_____     Date: _____
**Christian Dieckmann**

Approved as to Form:

_~Ariana Seldman Hawbecker~_____     Date:  9/5/17 _____
Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Christian Dieckman

_____     Date: _____
**Kenneth Ord**

Approved as to Form:

_~Ariana Seldman Hawbecker~_____     Date:  9/5/17 _____
Thomas Bienert
Bienert, Miller & Katzman, PLC
Counsel to Kenneth Ord

75812736.2

_Nicole Carnagey_           Date: 8/29/17

Approved as to Form:

Date: 8/29/17

Thomas McConville
Orrick Herrington & Sutcliffe LLP
Counsel for Nicole Carnagey

14