```
 1
 2  UNITED STATES BANKRUPTCY COURT
 3  DISTRICT OF DELAWARE
 4  - - - - - - - - - - - - - - - - - - - - -x
 5  In the Matters of:
 6  CORINTHIAN COLLEGES, INC., et al.,        Lead Case No.
 7           Debtors.                         15-10952(KJC)
 8  - - - - - - - - - - - - - - - - - - - - -x
 9  CRAIG R. JALBERT, AS DISTRIBUTION TRUSTEE
10  OF THE CORINTHIAN DISTRIBUTION TRUST,
11           Plaintiff,                       Adv. Proc. No.
12    - against -                             17-50369(KJC)
13  DYNTEK SERVICES,
14           Defendant.
15  - - - - - - - - - - - - - - - - - - - - -x
16               United States Bankruptcy Court
17               824 North Market Street
18               Wilmington, Delaware
19               May 2, 2018
20               11:04 AM
21  B E F O R E:
22  HON. KEVIN J. CAREY
23  U.S. BANKRUPTCY JUDGE
24
25  ECR OPERATOR:  AL LUGANO
```

1
2  **Telephonic Discovery Dispute Hearing**
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  **Transcribed by:   Penina Wolicki**

```
 1
 2   A P P E A R A N C E S :
 3   THE ROSNER LAW GROUP LLC
 4        Attorneys for Plaintiff - Distribution Trustee
 5   BY:  JASON A. GIBSON, ESQ. (TELEPHONICALLY)
 6
 7
 8   KLEIN, LLC
 9        Attorneys for Defendant Dyntek Services
10   BY:  JULIA B. KLEIN, ESQ. (TELEPHONICALLY)
11
12
13   STRADLING YOCCA CARLSON & RAUTH, P.C.
14        Attorneys for Defendant Dyntek Services
15   BY:  MARIANNE S. MORTIMER, ESQ. (TELEPHONICALLY)
16
17
18
19
20
21
22
23
24
25
```

|    |                                                                  |
|----|------------------------------------------------------------------|
| 1  |                    P R O C E E D I N G S                         |
| 2  |         THE CLERK:  Court is now in session.                     |
| 3  |         THE COURT:  Good morning.  This is Judge Carey, we're    |
| 4  | on the record in adversary 17-50369.  I received -- chambers     |
| 5  | received a communication from Ms. Klein requesting a telephone   |
| 6  | conference.  I've seen the brief response from Mr. Gibson.       |
| 7  |         Let me ask first, have the parties made any resolution   |
| 8  | of their dispute?                                                |
| 9  |         MS. KLEIN:  Your Honor, this is Julia Klein of Klein,    |
| 10 | LLC, appearing on behalf of the defendant, Dyntek Services,      |
| 11 | Inc.  Thank you for taking the time for this call today.  I      |
| 12 | have Marianne Mortimer on the line with me.                      |
| 13 |         Marianne, are you there?                                 |
| 14 |         MS. MORTIMER:  I am.  Good morning, Your Honor.          |
| 15 | Marianne Mortimer of Stradling Yocca Carlson & Rauth, also for   |
| 16 | Dyntek Services, Inc., the defendant.                            |
| 17 |         THE COURT:  Good morning.                                |
| 18 |         MS. KLEIN:  And Your Honor, no, we have not been able    |
| 19 | to reach a resolution.  This has been something that's been      |
| 20 | ongoing.  But I will have Ms. Mortimer address that after we     |
| 21 | hear from the plaintiff, I guess.                                |
| 22 |         THE COURT:  Well, first I'd like to hear what it is     |
| 23 | that you want.  Tell me what you want.                           |
| 24 |         MS. KLEIN:  Marianne?                                    |
| 25 |         MS. MORTIMER:  Yes, Your Honor.  I'll start.  I'll      |

1  start.  Thank you, Your Honor.  And again, thank you for your
2  time as well.
3           So essentially, what we're seeking is plaintiff has
4  filed a motion seeking additional time to extend out the
5  discovery deadlines.  He also seeks to change the caption,
6  which we'll agree to.  And the response deadline to that motion
7  is this coming Friday.
8           The parties have mediation scheduled for the end of
9  the month for May 30th, and our request to plaintiff on
10 numerous occasions has been to extend out the response deadline
11 until after mediation has closed.
12          From our perspective, ideally, mediation may
13 ultimately resolve the underlying action, or at the very least,
14 it may streamline the issues for litigation, if this matter
15 does move forward beyond mediation.  And we've also --
16 defendant has also agreed that for purposes of mediation only,
17 we would be willing to stipulate to plaintiff's prima facie
18 cause of action so that we could streamline the issues to be
19 determined in mediation.
20          And we've proposed that as a suggestion to, in
21 response, obtain the further extension of the time to respond
22 to the motion.  But we understand from plaintiff that even that
23 is not acceptable.
24          THE COURT:  I'll hear from the plaintiff.
25          MR. GIBSON:  Thank you, Your Honor.  Jason Gibson of

1  The Rosner Law Group, counsel for plaintiff.  And thank you for
2  taking the time to speak with us this morning.
3          And first some background to the motion.  Plaintiff
4  requested the defendant stipulate as to the name change on two
5  different occasions.  When that relief could not be received by
6  consent, the motion to amend followed.
7          Pursuant to the scheduling order entered in this case,
8  an extension of the deadlines can only be amended by consent of
9  the parties or by order of the Court, which is why the motion
10 to extend was also included.
11         The parties are preparing for mediation, however, we
12 do not believe that responding to the motion to amend and to
13 extend will place a significant burden on defendants, since
14 these issues have already been discussed and these are not new
15 issues between the parties.
16         I understand that defendants now are saying that they
17 will stipulate to the adding the "Inc." to the defendant's
18 name, the point of which, is that that relief would have been
19 given consensually in March when the first request was sought.
20         We feel that the parties are not communicating in an
21 effective manner at this point.  And so we seek an extension of
22 the discovery deadlines in order to continue working and reach
23 a resolution consensually regarding the alleged deficiencies
24 that the parties believe exist within each discovery responses.
25         THE COURT:  And when is the mediation scheduled for?

1            MR. GIBSON:  May 30th, Your Honor.
2            THE COURT:  May 30th.  Well, what additional
3    information do you think you need, Mr. Gibson, between now and
4    the date of the mediation?
5            MR. GIBSON:  Plaintiff, Your Honor, sent the
6    defendants a letter identifying certain deficiencies that we
7    felt were in their discovery responses.  Some of their
8    responses stated that the questions were unclear.  Despite
9    having the instructions in the discovery to contact plaintiff
10   if something was unclear, defendants did not; they simply
11   responded.  So we sought clarification of those answers.
12           The response from defendant was that mediation is
13   closed.  You do not get a second bite of the apple,
14   essentially.  And so based on that position of defendant, we're
15   seeking to extend the deadlines.
16           As far as information prior to mediation, we've asked
17   defendant to stipulate to plaintiff's prima facie case under
18   547, which we believe that they have admitted to through their
19   discovery except for the element regarding the hypothetical
20   Chapter 7.  And that is what we're seeking.
21           I understand that plaintiff -- I'm sorry -- defendant
22   will stipulate for the purposes of mediation only, but the
23   purpose of discovery is not for mediation purposes only; it's
24   for -- if mediation is not successful for litigation and for
25   further settlement discussions.

1  And so stipulating for purposes of mediation only
2 doesn't give plaintiff the relief that it seeks and doesn't
3 utilize the discovery process as we feel that it should be --
4 is intended for.
5  MS. MORTIMER:  Your Honor, if I may respond?
6  THE COURT:  Go ahead.  Go ahead.
7  MS. MORTIMER:  So I believe -- defendant, we too, are
8 sort of unsure what it is exactly that plaintiff needs between
9 now and mediation.  And we're certainly willing to respond to
10 plaintiff's motion seeking (sic) the discovery deadline and to
11 respond in a substantive manner, after mediation is closed,
12 because we see that perhaps mediation could resolve this issue
13 altogether.
14  Plaintiff has requested for a name change, but always
15 in the context of requesting a stipulation to a number of facts
16 in its cause of action, and so that's why we've always been
17 amenable to the name change, so we can take that out of the
18 equation, I think.
19  Since our last -- just to give you some background
20 here as well, and to sort of respond to some of plaintiff's
21 counsel's comments -- since our last teleconference with this
22 Court, we have really endeavored with our client to seek out
23 the documentation and additional discovery that we had
24 initially intended to receive from plaintiff through other
25 means, without having -- ideally, having to go through third-

1  party discovery.
2           And we've been supplementing our discovery responses
3  so that plaintiff would have all the documentation that our
4  client has. And as far as we know, they do, at this point.
5  But ever since the date of the last teleconference, that's the
6  first time that plaintiff has really come forward to seek this
7  additional discovery deadline, and we've yet to really fully
8  understand what it is in addition that plaintiff is looking
9  for, other than to ask us to stipulate to their cause of
10 action, which plaintiff really has the burden to prove,
11 ultimately.
12          They have yet to respond what it is that they're
13 looking for, and our client's been supplementing. And they
14 have yet to explain why it is that they were unable to raise
15 these issues or to request additional time before the initial
16 discovery deadline. So again, we're just looking -- at this
17 point in time, we're just looking for an extension of the
18 response deadline, because ideally through mediation -- and
19 we're happy to work with the mediator going forward, and we
20 actually tried to involve the mediator to resolve this dispute
21 as well -- we hope that it will resolve the underlying action
22 and we won't need to have to respond to this motion.
23          THE COURT: So let me ask this question, and it really
24 is directed to both sides. As I understand it, there's just
25 one transfer here that's at issue. What's the complication? I

1  mean, this case has been outstanding for about a year.  What's
2  so hard about this?
3             MS. MORTIMER:  I think that's our perspective as well.
4  We see this as a straightforward action.  That's why, for
5  mediation purposes, we're willing to stipulate to the cause of
6  action so that the parties can just focus on -- essentially on
7  the defenses.
8             MR. GIBSON:  And Your Honor, Jason Gibson from The
9  Rosner Law Group; we agree that this is a straightforward,
10 single transfer preference action, which is why we feel that
11 mediation should be focused on the strength of defendant's
12 defenses rather than whether or not they receive a greater
13 percentage of what was owed to them -- would have received a
14 greater percentage in a hypothetical Chapter 7.
15            The other elements regarding 547, they've acknowledged
16 in their discovery responses, they've admitted that they're not
17 seeking a new-value defense.  So it should really just be
18 focused on their subjective, ordinary-course defense, which is
19 what we think that would be more useful in mediation and would
20 result in a more effective mediation.
21            But again, stipulating for the purposes of just
22 mediation doesn't -- isn't a useful tool in discovery.  It's
23 not what discovery is meant to; it's meant to have the parties
24 agree on the facts at issue and narrow the points that need to
25 be litigated.

1    MS. MORTIMER:  And Your Honor, if both parties agree
2  that it's fairly straightforward, then I think we're even more
3  perplexed as to what plaintiff feels he needs in further
4  discovery.
5    MR. GIBSON:  Well, respectfully, Your Honor, the
6  exhibits attached to our motion and the relief sought in the
7  motion are fairly self-explanatory.  We've identified several
8  issues that we've had in their discovery responses, and we've
9  incorporated that in the motion seeking the relief and attached
10 the discovery responses as an exhibit.  And so we think it's
11 pretty self-evident the issues that exist on plaintiff's -- at
12 least plaintiff's perceived issues, and what it is we're
13 seeking.
14   THE COURT:  All right.  So I've read the motion.  And
15 I tend to agree with the plaintiff that the responses -- well,
16 I don't want to say evasive, but maybe they come close to that.
17 That having been said, however, I don't see the point of having
18 anyone spend any more money until after mediation.
19   So I'll ask counsel to confer and submit a form of
20 order which embodies the agreement of the defendant that the
21 caption can be changed and that the response to the motion to
22 extend will be pushed out to June 15th.  And if there's no
23 resolution of the matter by then, I'd like you to schedule the
24 motion promptly for a hearing.
25   Are there any questions?

1        MR. GIBSON:  No, Your Honor.
2        MS. MORTIMER:  No, Your Honor.
3        THE COURT:  All right.
4        MS. MORTIMER:  Thank you.
5        THE COURT:  Thank you very much.  That concludes this
6  hearing.
7        MR. GIBSON:  Thank you for your time.
8        THE COURT:  Court will stand in recess.
9     (Whereupon these proceedings were concluded at 11:16 AM)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1
 2                        I N D E X
 3                         RULINGS
 4                                            Page      Line
 5   Counsel will confer and submit a form     11        19
 6   of order that defendant agrees to
 7   change of caption and motion to extend
 8   will be pushed out to June 15, when if
 9   the matter is not resolved, a hearing
10   will be scheduled on the motion.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**C E R T I F I C A T I O N**

I, Penina Wolicki, certify that the foregoing transcript is a true and accurate record of the proceedings.

*[signature: Penina Wolicki]*

May 4, 2018

_____        _____

PENINA WOLICKI (CET-569)                DATE

AAERT Certified Electronic Transcriber


eScribers, LLC

352 Seventh Avenue, Suite #604

New York, NY 10001

(973) 406-2250

operations@escribers.net

Case 15-10952-JTD    Doc 1603    Filed 05/04/18    Page 15 of 17

CORINTHIAN COLLEGES, INC., et al.
Case No. 15-10952 (KJC)                                                                              May 2, 2018

## A

**able (1)**
 4:18
**acceptable (1)**
 5:23
**acknowledged (1)**
 10:15
**action (8)**
 5:13,18;8:16;9:10,
 21;10:4,6,10
**actually (1)**
 9:20
**adding (1)**
 6:17
**addition (1)**
 9:8
**additional (5)**
 5:4;7:2;8:23;9:7,
 15
**address (1)**
 4:20
**admitted (2)**
 7:18;10:16
**adversary (1)**
 4:4
**again (3)**
 5:1;9:16;10:21
**agree (5)**
 5:6;10:9,24;11:1,
 15
**agreed (1)**
 5:16
**agreement (1)**
 11:20
**ahead (2)**
 8:6,6
**alleged (1)**
 6:23
**altogether (1)**
 8:13
**always (2)**
 8:14,16
**amenable (1)**
 8:17
**amend (2)**
 6:6,12
**amended (1)**
 6:8
**appearing (1)**
 4:10
**apple (1)**
 7:13
**attached (2)**
 11:6,9

## B

**background (2)**
 6:3;8:19
**based (1)**
 7:14
**behalf (1)**
 4:10
**beyond (1)**
 5:15
**bite (1)**
 7:13
**both (2)**
 9:24;11:1
**brief (1)**
 4:6
**burden (2)**
 6:13;9:10

## C

**call (1)**
 4:11
**can (4)**
 6:8;8:17;10:6;
 11:21
**caption (2)**
 5:5;11:21
**Carey (1)**
 4:3
**Carlson (1)**
 4:15
**case (3)**
 6:7;7:17;10:1
**cause (4)**
 5:18;8:16;9:9;10:5
**certain (1)**
 7:6
**certainly (1)**
 8:9
**chambers (1)**
 4:4
**change (4)**
 5:5;6:4;8:14,17
**changed (1)**
 11:21
**Chapter (2)**
 7:20;10:14
**clarification (1)**
 7:11
**CLERK (1)**
 4:2
**client (2)**
 8:22;9:4
**client's (1)**
 9:13
**close (1)**
 11:16
**closed (3)**
 5:11;7:13;8:11
**coming (1)**
 5:7
**comments (1)**
 8:21
**communicating (1)**
 6:20
**communication (1)**
 4:5
**complication (1)**
 9:25
**concluded (1)**
 12:9
**concludes (1)**
 12:5
**confer (1)**
 11:19
**conference (1)**
 4:6
**consensually (2)**
 6:19,23
**consent (2)**
 6:6,8
**contact (1)**
 7:9
**context (1)**
 8:15
**continue (1)**
 6:22
**counsel (2)**
 6:1;11:19
**counsel's (1)**
 8:21
**Court (16)**
 4:2,3,17,22;5:24;
 6:9,25;7:2;8:6,22;
 9:23;11:14;12:3,5,8,
 8

## D

**date (2)**
 7:4;9:5
**deadline (6)**
 5:6,10;8:10;9:7,
 16,18
**deadlines (4)**
 5:5;6:8,22;7:15
**defendant (10)**
 4:10,16;5:16;6:4;
 7:12,14,17,21;8:7;
 11:20
**defendants (4)**
 6:13,16;7:6,10
**defendant's (2)**
 6:17;10:11
**defense (2)**
 10:17,18
**defenses (2)**
 10:7,12
**deficiencies (2)**
 6:23;7:6
**Despite (1)**
 7:8
**determined (1)**
 5:19
**different (1)**
 6:5
**directed (1)**
 9:24
**discovery (20)**
 5:5;6:22,24;7:7,9,
 19,23;8:3,10,23;9:1,
 2,7,16;10:16,22,23;
 11:4,8,10
**discussed (1)**
 6:14
**discussions (1)**
 7:25
**dispute (2)**
 4:8;9:20
**documentation (2)**
 8:23;9:3
**Dyntek (2)**
 4:10,16

## E

**effective (2)**
 6:21;10:20
**element (1)**
 7:19
**elements (1)**
 10:15
**embodies (1)**
 11:20
**end (1)**
 5:8
**endeavored (1)**
 8:22
**entered (1)**
 6:7
**equation (1)**
 8:18
**essentially (3)**
 5:3;7:14;10:6
**evasive (1)**
 11:16
**even (2)**
 5:22;11:2
**exactly (1)**
 8:8
**except (1)**
 7:19
**exhibit (1)**
 11:10
**exhibits (1)**
 11:6
**exist (2)**
 6:24;11:11
**explain (1)**
 9:14
**extend (6)**
 5:4,10;6:10,13;
 7:15;11:22
**extension (4)**
 5:21;6:8,21;9:17

## F

**facie (2)**
 5:17;7:17
**facts (2)**
 8:15;10:24
**fairly (2)**
 11:2,7
**far (2)**
 7:16;9:4
**feel (3)**
 6:20;8:3;10:10
**feels (1)**
 11:3
**felt (1)**
 7:7
**filed (1)**
 5:4
**first (5)**
 4:7,22;6:3,19;9:6
**focus (1)**
 10:6
**focused (2)**
 10:11,18
**followed (1)**
 6:6
**form (1)**
 11:19
**forward (3)**
 5:15;9:6,19
**Friday (1)**
 5:7
**fully (1)**
 9:7
**further (3)**
 5:21;7:25;11:3

## G

**Gibson (11)**
 4:6;5:25,25;7:1,3,
 5;10:8,8;11:5;12:1,7
**given (1)**
 6:19
**Good (3)**
 4:3,14,17
**greater (2)**
 10:12,14
**Group (2)**
 6:1;10:9
**guess (1)**
 4:21

## H

**happy (1)**
 9:19
**hard (1)**
 10:2
**hear (3)**
 4:21,22;5:24
**hearing (2)**
 11:24;12:6
**Honor (14)**
 4:9,14,18,25;5:1,
 25;7:1,5;8:5;10:8;
 11:1,5;12:1,2
**hope (1)**
 9:21
**hypothetical (2)**
 7:19;10:14

Case 15-10952-JTD    Doc 1603    Filed 05/04/18    Page 16 of 17

CORINTHIAN COLLEGES, INC., et al.
Case No. 15-10952 (KJC)                                                                      May 2, 2018

**I**

**ideally (3)**
5:12;8:25;9:18
**identified (1)**
11:7
**identifying (1)**
7:6
**Inc (3)**
4:11,16;6:17
**included (1)**
6:10
**incorporated (1)**
11:9
**information (2)**
7:3,16
**initial (1)**
9:15
**initially (1)**
8:24
**instructions (1)**
7:9
**intended (2)**
8:4,24
**involve (1)**
9:20
**issue (3)**
8:12;9:25;10:24
**issues (8)**
5:14,18;6:14,15;
9:15;11:8,11,12

**J**

**Jason (2)**
5:25;10:8
**Judge (1)**
4:3
**Julia (1)**
4:9
**June (1)**
11:22

**K**

**Klein (6)**
4:5,9,9,9,18,24

**L**

**last (3)**
8:19,21;9:5
**Law (2)**
6:1;10:9
**least (2)**
5:13;11:12
**letter (1)**
7:6
**line (1)**
4:12
**litigated (1)**
10:25

**litigation (2)**
5:14;7:24
**LLC (1)**
4:10
**looking (4)**
9:8,13,16,17

**M**

**manner (2)**
6:21;8:11
**March (1)**
6:19
**Marianne (4)**
4:12,13,15,24
**matter (2)**
5:14;11:23
**May (6)**
5:9,12,14;7:1,2;
8:5
**maybe (1)**
11:16
**mean (1)**
10:1
**means (1)**
8:25
**meant (2)**
10:23,23
**mediation (25)**
5:8,11,12,15,16,
19;6:11,25;7:4,12,
16,22,23,24;8:1,9,11,
12;9:18;10:5,11,19,
20,22;11:18
**mediator (2)**
9:19,20
**money (1)**
11:18
**month (1)**
5:9
**more (4)**
10:19,20;11:2,18
**morning (4)**
4:3,14,17;6:2
**Mortimer (11)**
4:12,14,15,20,25;
8:5,7;10:3;11:1;
12:2,4
**motion (15)**
5:4,6,22;6:3,6,9,
12;8:10;9:22;11:6,7,
9,14,21,24
**move (1)**
5:15
**much (1)**
12:5

**N**

**name (4)**
6:4,18;8:14,17
**narrow (1)**
10:24

**need (3)**
7:3;9:22;10:24
**needs (2)**
8:8;11:3
**new (1)**
6:14
**new-value (1)**
10:17
**number (1)**
8:15
**numerous (1)**
5:10

**O**

**obtain (1)**
5:21
**occasions (2)**
5:10;6:5
**one (1)**
9:25
**ongoing (1)**
4:20
**only (5)**
5:16;6:8;7:22,23;
8:1
**order (4)**
6:7,9,22;11:20
**ordinary-course (1)**
10:18
**out (5)**
5:4,10;8:17,22;
11:22
**outstanding (1)**
10:1
**owed (1)**
10:13

**P**

**parties (10)**
4:7;5:8;6:9,11,15,
20,24;10:6,23;11:1
**party (1)**
9:1
**perceived (1)**
11:12
**percentage (2)**
10:13,14
**perhaps (1)**
8:12
**perplexed (1)**
11:3
**perspective (2)**
5:12;10:3
**place (1)**
6:13
**plaintiff (20)**
4:21;5:3,9,22,24;
6:1,3;7:5,9,21;8:2,8,
14,24;9:3,6,8,10;
11:3,15
**plaintiff's (6)**

5:17;7:17;8:10,20;
11:11,12
**point (5)**
6:18,21;9:4,17;
11:17
**points (1)**
10:24
**position (1)**
7:14
**preference (1)**
10:10
**preparing (1)**
6:11
**pretty (1)**
11:11
**prima (2)**
5:17;7:17
**prior (1)**
7:16
**proceedings (1)**
12:9
**process (1)**
8:3
**promptly (1)**
11:24
**proposed (1)**
5:20
**prove (1)**
9:10
**purpose (1)**
7:23
**purposes (6)**
5:16;7:22,23;8:1;
10:5,21
**Pursuant (1)**
6:7
**pushed (1)**
11:22

**R**

**raise (1)**
9:14
**rather (1)**
10:12
**Rauth (1)**
4:15
**reach (2)**
4:19;6:22
**read (1)**
11:14
**really (6)**
8:22;9:6,7,10,23;
10:17
**receive (2)**
8:24;10:12
**received (4)**
4:4,5;6:5;10:13
**recess (1)**
12:8
**record (1)**
4:4
**regarding (3)**

6:23;7:19;10:15
**relief (5)**
6:5,18;8:2;11:6,9
**request (3)**
5:9;6:19;9:15
**requested (2)**
6:4;8:14
**requesting (2)**
4:5;8:15
**resolution (4)**
4:7,19;6:23;11:23
**resolve (4)**
5:13;8:12;9:20,21
**respectfully (1)**
11:5
**respond (7)**
5:21;8:5,9,11,20;
9:12,22
**responded (1)**
7:11
**responding (1)**
6:12
**response (7)**
4:6;5:6,10,21;
7:12;9:18;11:21
**responses (8)**
6:24;7:7,8;9:2;
10:16;11:8,10,15
**result (1)**
10:20
**right (2)**
11:14;12:3
**Rosner (2)**
6:1;10:9

**S**

**saying (1)**
6:16
**schedule (1)**
11:23
**scheduled (2)**
5:8;6:25
**scheduling (1)**
6:7
**second (1)**
7:13
**seek (3)**
6:21;8:22;9:6
**seeking (8)**
5:3,4;7:15,20;
8:10;10:17;11:9,13
**seeks (2)**
5:5;8:2
**self-evident (1)**
11:11
**self-explanatory (1)**
11:7
**sent (1)**
7:5
**Services (2)**
4:10,16
**session (1)**

4:2
**settlement (1)**
  7:25
**several (1)**
  11:7
**sic (1)**
  8:10
**sides (1)**
  9:24
**significant (1)**
  6:13
**simply (1)**
  7:10
**single (1)**
  10:10
**sorry (1)**
  7:21
**sort (2)**
  8:8,20
**sought (3)**
  6:19;7:11;11:6
**speak (1)**
  6:2
**spend (1)**
  11:18
**stand (1)**
  12:8
**start (2)**
  4:25;5:1
**stated (1)**
  7:8
**stipulate (7)**
  5:17;6:4,17;7:17,
  22;9:9;10:5
**stipulating (2)**
  8:1;10:21
**stipulation (1)**
  8:15
**Stradling (1)**
  4:15
**straightforward (3)**
  10:4,9;11:2
**streamline (2)**
  5:14,18
**strength (1)**
  10:11
**subjective (1)**
  10:18
**submit (1)**
  11:19
**substantive (1)**
  8:11
**successful (1)**
  7:24
**suggestion (1)**
  5:20
**supplementing (2)**
  9:2,13

**T**

**teleconference (2)**
  8:21;9:5

**telephone (1)**
  4:5
**tend (1)**
  11:15
**third- (1)**
  8:25
**today (1)**
  4:11
**tool (1)**
  10:22
**transfer (2)**
  9:25;10:10
**tried (1)**
  9:20
**two (1)**
  6:4

**U**

**ultimately (2)**
  5:13;9:11
**unable (1)**
  9:14
**unclear (2)**
  7:8,10
**under (1)**
  7:17
**underlying (2)**
  5:13;9:21
**unsure (1)**
  8:8
**useful (2)**
  10:19,22
**utilize (1)**
  8:3

**W**

**What's (2)**
  9:25;10:1
**Whereupon (1)**
  12:9
**willing (3)**
  5:17;8:9;10:5
**within (1)**
  6:24
**without (1)**
  8:25
**work (1)**
  9:19
**working (1)**
  6:22

**Y**

**year (1)**
  10:1
**Yocca (1)**
  4:15

**1**

**11:16 (1)**

12:9
**15th (1)**
  11:22
**17-50369 (1)**
  4:4

**3**

**30th (3)**
  5:9;7:1,2

**5**

**547 (2)**
  7:18;10:15

**7**

**7 (2)**
  7:20;10:14