IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| CORINTHIAN COLLEGES, INC.,[1] § | |
| § | Case No. 15-10952 (KJC) |
| § | |
| Debtor. § | |
| § | |

## NOTICE OF DESTRUCTION OF BOOKS AND RECORDS STORED AT 1010 RIVERSIDE PARKWAY, WEST SACRAMENTO, CA 95605

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On May 4, 2015, each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of title 11 of the United States Code.

2. On August 28, 2015, the Court entered an order [D.I. 913] confirming the *Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [D.I. 909] (the "**Plan**"). The Plan became effective on September 21, 2015 (the "**Effective Date**").

3. The Plan provided that on the Effective Date all remaining assets of the Debtors' estates would transfer to (i) the Distribution Trust,[2] for the benefit of Holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims (other than Student 507(a)(7) Deposit Claims), Allowed Prepetition Lenders Secured Claims, Allowed Other Secured Claims and Allowed General Unsecured Claims, and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims. Accordingly, on the Effective Date, books and records of the Debtors in the Debtors' actual or constructive possession, custody or control (excluding the Student Books and Records) were transferred to the Distribution Trust.

4. Pursuant to Article XI, Section L of the Plan, the Distribution Trust is free, in its discretion, upon prior written notice to the Administrative Agent and the Student Trustee, to destroy or dispose of books and records in compliance with applicable non-bankruptcy law, without the need for any other or further court order. However, out of an abundance of caution, the Distribution Trust is hereby providing notice of its intention to destroy certain documents and records (collectively, the "**Records**") stored at a warehouse facility located at 1010 Riverside Parkway, West Sacramento, CA 95605 (the "**Property**").

---

[1] The debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is Corinthian Colleges, Inc. (7312).

[2] Terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

RLF1 19396400v.2

5. The Records are held in approximately 11,500 storage boxes. The Records include business records, corporate records, financial records, human resources records, academic program records and other documents and records. Personnel under the direction of the Distribution Trustee reviewed the inventory of the Records that was created and maintained by the Debtors. After such review, the Distribution Trustee determined based on the inventory description and/or storage date that the Records do not appear to be related to any pending litigation involving the Debtors or the Distribution Trust, including any Causes of Action retained by the Distribution Trust pursuant to the Plan. The Records also include the contents of desks and other workspaces disposed of by former employees of the Debtors when the Debtors' campuses closed in April 2015 and those Records are unindexed and unorganized as they were collected into large bins for storage when the Debtors were shutting down their operations.

6. The Student Trust was provided access to the Property and the Records and, upon information and belief, the Student Trust removed materials that the Student Trust determined were Student Books and Records. In addition, upon information and belief, the Records have been searched, and/or their contents and/or inventory descriptions considered, by the Office of the Attorney General of the State of California, in addition to the Student Trust and the Distribution Trust. No other parties have come forward to claim interest in the Records or to review them.

7. Personnel under the Distribution Trustee's direction have searched through and retrieved documents from the Property that the Distribution Trustee believed may be necessary and appropriate to retain in order to carry out the mandate of the Distribution Trust, and any such records were relocated to other storage facilities. The Distribution Trustee also has determined that retaining and/or moving the Records would be burdensome and cause the Distribution Trust to incur significant and unnecessary expense.

8. The landlord of the Property also has informed the Distribution Trustee that the Distribution Trust must vacate the Property by July 31, 2018. In order to meet this deadline, the Distribution Trustee must begin the destruction of the Records on or before June 22, 2018.

9. **Any party that wishes to review the Records before their destruction must do so at the Property before June 22, 2018. After that date the Records will be destroyed. Any party that wishes to review an inventory of the Records also may, before June 22, 2018, contact the undersigned counsel for the Distribution Trustee in order to discuss any such request.**

Dated: June 8, 2018  
      Wilmington, Delaware

*/s/ Robert C. Maddox*  
Mark D. Collins (No. 2981)  
Marcos A. Ramos (No. 4450)  
Robert C. Maddox (No. 5356)  
RICHARDS, LAYTON & FINGER, P.A.  
920 N. King Street  
Wilmington, Delaware 19801  
Telephone: 302-651-7700  
Facsimile: 302-651-7701  
Email: collins@rlf.com  
      ramos@rlf.com  
      maddox@rlf.com

Counsel for the Distribution Trustee