# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> CORINTHIAN COLLEGES, INC., et al. [1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 15-10952 (KJC) <br><br> Jointly Administered <br><br> **Objection Deadline: August 22, 2018 at 4:00 p.m. (ET)** <br> **Hearing Date: August 29, 2018 at 11:00 a.m. (ET)** |

### MOTION OF THE CCI STUDENT CREDITORS TRUSTEE TO TERMINATE THE CCI STUDENT CREDITORS TRUST

Development Specialists, Inc., solely in its capacity as Trustee (the "**Student Trustee**") under the CCI Student Creditors Trust (the "**Student Trust**"), appointed pursuant to the Debtors' *Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 909] (the "**Plan**") as confirmed by the Bankruptcy Court's order, entered on August 28, 2015 [Docket No. 913], by and through its undersigned counsel, hereby moves this Court (this "**Motion**") for entry of an order (the "**Proposed Order**"), substantially in the form of <u>Exhibit A</u> attached hereto (i) authorizing the termination of the Student Trust effective as of September 21, 2018 (the "**Termination Date**"); (ii) discharging the Student Trustee and exculpating the Student Trustee and the Managing Board and their professionals from all further actions, obligations, and duties; and (iii) authorizing the Student Trustee to take

---

[1] The Debtors' bankruptcy cases are: Corinthian Schools, Inc. Case No. 15-10955 (KJC); Rhodes Colleges, Inc. Case No. 15-10957 (KJC); Florida Metropolitan University, Inc., Case No. 15-10962 (KJC); Corinthian Property Group, Inc. Case No. 15-10966 (KJC); Titan Schools, Inc. Case No. 15-10970 (KJC); Career Choices, Inc. Case No. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., Case No. 15-10961 (KJC); Ashmead Education, Inc., Case No. 15-10967(KJC); MJB Acquisition Corporation, Case No. 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975; (KJC) Pegasus Education, Inc., Case No. 15-10953 (KJC); Grand Rapids Education Center, Inc., Case No. 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., Case No. 15-10960 (KJC); CDI Education USA, Inc. Case No. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., Case No. 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, Case No. 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); and Socle Education, Inc., Case No. 15-10976 (KJC).

64527318.6

any and all actions to effectuate the termination and orderly wind-up of the Student Trust. In support of the Motion, the Student Trustee relies upon the *Declaration of William A. Brandt, Jr., in Support of the Motion By the CCI Student Creditors Trustee to Terminate the CCI Student Creditors Trust* ("**Brandt Declaration**"), attached hereto as Exhibit B. In further support of the Motion, the Student Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested herein is 28 U.S.C. § 105(a).

## BACKGROUND

2. The factual background regarding the Debtors, including their business operations, corporate structures, and the events leading to the filing of their bankruptcy cases is set forth in detail in the Plan and is fully incorporated herein by reference.

3. On May 4, 2015 (the "**Petition Date**") each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Plan was confirmed and went effective on September 21, 2015 (the "**Effective Date**").

5. The Plan approved the creation of the Student Trust for the benefit of Allowed Student Claims[2] and Allowed Government Education Claims.

6. Pursuant to the Plan, the Student Trust was established for the benefit of hundreds of thousands of the Debtors' former students that were affected by the Debtors'

---

[2] Terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

misconduct. The Debtors and the Student Trustee entered into that certain Student Trust Agreement, dated as of September 18, 2015, governing the Student Trust (the "**Student Trust Agreement**").

7. Throughout the administration of the Student Trust, the Student Trustee has performed several vital functions, including: (i) maintaining student records; (ii) routinely communicating and meeting with the student managers and communicating with students regarding the status of legislative initiatives regarding student debt relief and developments applicable to the Debtors' cases; (iii) administering student 507(a)(7) deposit priority claims; and (iv) vigorously advocating for expansion of federal and private student debt relief including exploring any and all possibilities for relief through all appropriate legislative and regulatory channels.

8. In 2016, the Student Trustee made distributions to the beneficiaries of the Student Trust, namely former students with 507(a)(7) deposit priority claims, in the amount of $364,876.23.

9. Additionally, on November 15, 2016, the Student Trustee filed its *Motion for Entry of an Order Establishing Procedures Regarding the Retention, Abandonment, or Disposal of Student Records* [Docket No. 1255] (the "**Student Records Motion**") to ensure that the Student Trust was not burdened with preserving millions of pages of non-critical documents housed across four warehouse facilities. This Court approved the Student Records Motion on November 15, 2016 [Docket No. 1307] (the "**Records Order**").

10. With respect to preservation of critical Student Records (as defined in the Student Records Motion), the Student Trustee engaged Rust Consulting Omni Bankruptcy ("**Omni**") to review, sort, and separate the over 30,000 boxes of documents, including over approximately

100,000,000 pages of information that were abandoned by the Debtors and transferred to the CCI Student Trust upon confirmation of the Debtor's Plan. Pursuant to the Records Order, Omni collected and preserved all identifiable critical Student Records in a searchable database. The Student Trustee has and continues to make all possible efforts to respond to inquiries from former students relating to critical Student Records, and where available, has provided copies of available Student Records.

11. Lastly, immediately prior to the filing of this Motion, the Student Trust received a request for records pertaining to a particular student from the United States Department of Education (the "**DOE**"), citing regulations applicable through the Family Educational Rights and Privacy Act (the "**FERPA**"). Counsel for the Student Trustee promptly responded to this request, provided the requested documents, and informed the DOE to direct any similar future inquiries to the undersigned counsel.

12. In accordance with the Plan and the Student Trust Agreement, the Student Trustee has fulfilled its obligations in furtherance of and consistent with the purpose of the Plan.

**RELIEF REQUESTED**

13. By this Motion, the Student Trustee respectfully requests that this Court enter the Proposed Order (a) authorizing the termination of the Student Trust effective as of the Termination Date; (b) discharging the Student Trustee from all remaining duties, obligations, and liabilities under the Student Trust Agreement and the Plan, subject only to filing necessary documents to wind down the Student Trust; (c) exculpating the Student Trustee, the Managing Board, and their professionals from any obligations and liability arising from or relating to administration of the Student Trust, effective upon the filing of necessary documents to wind down the Student Trust; (d) approval of the disbursement of, after assuring all administrative costs of the Student Trustee are accounted for, all remaining cash to the Legal Services Center of

Harvard Law School; and (e) authorizing the Student Trustee to take any and all actions to effectuate the termination and orderly wind down of the Student Trust, without further notice or action by the Court or any party, effective upon entry of the Proposed Order.

## BASIS FOR RELIEF

14. The Student Trust Agreement provides for the termination of the Student Trust. Specifically, the Student Trust Agreement provides that

> [t]he Student Trust shall terminate its existence upon the occurrence of the complete liquidation, administration and distribution of its assets in accordance with the Plan and the full performance of all other duties and functions set forth in the Plan and this Student Trust Agreement. Notwithstanding the foregoing, the Student Trust shall terminate no later than the third anniversary of the Effective Date …

Student Trust Agreement § 2.1.

15. The Student Trust Agreement further provides that

> [f]or purposes of winding up the affairs of the Student Trust at its termination, the Student Trustee shall continue to act as Student Trustee until its duties have been fully discharged. After doing so, the Student Trustee, its agents, professionals and employees, if any, shall have no further duties or obligations hereunder, except as required by this Student Trust Agreement, the Plan, the Confirmation Order or applicable law concerning the termination of a trust.

Student Trust Agreement § 2.2.

16. The Student Trustee has fully discharged all of its duties. All student priority claims for deposits have been paid in full. All known Student Records have either been scanned and stored or have been destroyed pursuant to prior Orders of this Court. There are no further duties left for the Student Trustee to administer.

17. The Student Trustee has handled all distributions, returns, and refunds on behalf of the Student Trust. As detailed above, the Student Trustee has also overseen the preservation or destruction of millions of pages of documents abandoned to the Student Trust.

18. Furthermore, the Student Trust Agreement provides that

"[a]ll unclaimed payments or distributions made to any Creditor under the Plan on behalf of the Debtors, including but not limited to, unnegotiated checks or drafts, shall revert, after six months, to the Student Trustee to be redistributed pursuant to the Plan and this Student Trust Agreement, and shall be forfeited as to the affected Creditors. Any Creditor whose payment is forfeited under this provision will thereafter be treated as having a Disallowed Claim. At such time as the Student Trustee has declared and made the final distribution to allowed beneficial interests in the Student Trust, and when six months from that final distribution is made, any unclaimed funds shall be deemed forfeited by the creditor not claiming such funds. Thereafter, the Student Trustee shall be authorized to distribute any such remaining unclaimed funds to any not-for-profit tax exempt institution of the Student Trustee's choice, so long as it complies with 11 U.S.C. § 347.

Student Trust Agreement § 2.3.

19. Despite the Student Trust's best efforts, and given the recent policy changes instituted by the current administration at the federal government level, the Student Trustee believes that spending any additional Student Trust resources on efforts or initiatives related to student debt forgiveness will not yield the relief sought. Moreover, there are other not-for-profit organizations that are successfully undertaking such efforts. As such, rather than engage in parallel activities, the Student Trustee, in an exercise of its sound reasonable business judgment, after assuring all administrative costs of the Student Trustee are accounted for, is seeking authority to distribute remaining cash in the Student Trust to the Legal Services Center of Harvard Law School, to support its continuing efforts on behalf of former students of the Debtors. The Student Trustee believes that this bequest is the best means to benefit affected students riddled with student debt at the present time.

20. The limitation of liability section of the Student Trust Agreement provides that

"[t]he Student Trust shall indemnify and hold harmless each of (i) the Student Trustee, its officers and employees, (ii) the Trust Professionals, and (iii) the Managing Board and its/their heirs, legal representatives and permitted assigns (collectively, the "Indemnified Parties"), from and against and with respect to any and all liabilities,

losses, damages, claims, costs and expenses, including, but not limited to, attorneys' fees, arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the Student Trust Agreement, the Estates or the implementation or administration of the Plan, to the fullest extent permitted by law, except to the extent it is finally determined by a final and non-appealable order from a federal court with competent jurisdiction within the District of Delaware that such Indemnified Party was grossly negligent or acted in bad faith or in a manner whereby such Indemnified Party knew or should have known to be not in, or opposed to, the best interests of the Beneficiaries, or, with respect to any criminal action or proceeding, had reasonable cause to believe its conduct was unlawful. To the extent the Student Trust indemnifies and holds harmless the Indemnified Parties as provided above, the legal fees and related costs incurred by counsel to the Student Trustee in monitoring and participating in the defense of the claims giving rise to the right of indemnification shall be paid from the Student Trust Assets.

Student Trust Agreement § 5.7(a).

21. The Student Trust Agreement further provides that

[e]ach of the Indemnified Parties, whether or not acting upon the advice of counsel, shall incur no liability because of any error of law or fact, mistake of judgment or any matter or thing done or omitted under this Student Trust Agreement except, to the fullest extent permitted by law, to the extent it is finally determined by a final and non-appealable order from a federal court with competent jurisdiction within the District of Delaware that such Indemnified Party was grossly negligent or acted in bad faith or in a manner whereby such Indemnified Party knew or should have known to be not in, or opposed to, the best interests of the Beneficiaries, or, with respect to any criminal action or proceeding, such Indemnified Party had reasonable cause to believe its conduct was unlawful. Anything done or suffered in good faith by an Indemnified Party in accordance with the advice of counsel which is reasonably relied upon shall be conclusively decided in favor of such Indemnified Party against the Student Trust or other interested party.

Student Trust Agreement § 5.7(b).

22. The Student Trust Agreement provides that

[a]ny Person acting on behalf of Development Specialists, Inc. in its capacity as Student Trustee, a Trust Professional or the Managing Board shall not be liable for acts or defaults of any other person acting at any other time in any such capacity. Each Indemnified Party shall be protected and free from liability in acting upon any notice, request, consent, certificate, declaration, guarantee, affidavit or other paper or document or signature reasonably believed by it to be genuine and to have been signed by the proper party or parties or by the party or parties purporting to have signed the same.

Student Trust Agreement § 5.7(c).

23. The relief requested herein is also appropriate under section 105(a) of the Bankruptcy Code, which grants bankruptcy courts broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *See* U.S.C. § 105(a). Additionally, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

24. Finally, the Student Trust Agreement provides that

> [t]he Student Trustee shall within ninety days after the termination of the Student Trust … render a final accounting containing at least the following information:
>
> a) A description of the Student Trust Assets and their disposition;
> b) A summarized accounting in sufficient detail of all gains, losses, receipts, disbursements and other transactions in connection with the Student Trust and the Student Trust Assets during the Student Trustee's term of service, including their source and nature;
> c) Separate entries for all receipts of principal and income;
> d) The ending balance of all Student Trust Assets as of the date of the Student Trustee's accounting, including the cash balance on hand and the name and location of the depository where it is kept;
> e) All known liabilities owed by the Student Trust; and
> f) The then current Register of Allowed and Disputed Claims.
>
> The final accounting shall be filed with the Bankruptcy Court.

Student Trust Agreement § 4.7.

25. The Student Trustee intends to timely file the final accounting within 90 days of the relief requested in this Motion being approved by this Court.

26. As detailed herein, the Student Trustee has acted diligently in connection with its responsibilities with regard to the Student Trust and has discharged all responsibilities in accordance with the Plan and the Student Trust Agreement over the last three years.

27. The Student Trustee has consulted with the Managing Board and the Managing Board approves of and supports the relief requested herein.

**NOTICE**

28. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) each member of the Managing Board; and (iii) all interested parties requesting notices pursuant to Bankruptcy Rule 2002. The Student Trustee submits that, under the circumstances, no other or further notice is necessary.

29. No other or prior motion for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE**, the Student Trustee respectfully requests that the Court (i) enter the Proposed Order, the form of which is attached hereto as Exhibit A, and (ii) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: August 8, 2018<br>Wilmington, Delaware | **POLSINELLI PC**<br><br>*/s/ Shanti M. Katona*<br>Christopher A. Ward (Del. Bar No. 3877)<br>Shanti M. Katona (Del. Bar No. 5352)<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-0920<br>Facsimile: (302) 252-0921<br>cward@polsinelli.com<br>skatona@polsinelli.com<br><br>*Attorneys for CCI Student Creditors Trust* |