**Exhibit B**

**(Brandt Declaration)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., et al., [1] | Case No. 15-10952 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF WILLIAM A. BRANDT, JR., IN SUPPORT OF MOTION OF CCI STUDENT TRUSTEE TO TERMINATE THE CCI STUDENT CREDITORS TRUST

I, William A. Brandt, Jr., pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my knowledge, information, and belief:

1.     I am the Executive Chairman of Development Specialists, Inc., the Student Trustee of the CCI Student Creditors Trust that was established by the Plan filed by the above-captioned debtors (the "**Debtors**").

2.     I submit this declaration (the "**Declaration**") in support of the *Motion of the CCI Student Trustee to Terminate the CCI Student Trust* (the "**Motion**").[2]

3.     I am authorized to submit this Declaration on behalf of the Student Trust.  Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge and belief upon my review of certain information and documents of the Debtors and

---

[1]  The Debtors' bankruptcy cases are: Corinthian Schools, Inc. Case No. 15-10955 (KJC); Rhodes Colleges, Inc. Case No. 15-10957 (KJC); Florida Metropolitan University, Inc., Case No. 15-10962 (KJC); Corinthian Property Group, Inc. Case No. 15-10966 (KJC); Titan Schools, Inc. Case No. 15-10970 (KJC); Career Choices, Inc. Case No. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., Case No. 15-10961 (KJC); Ashmead Education, Inc., Case No. 15-10967(KJC); MJB Acquisition Corporation, Case No. 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975; (KJC) Pegasus Education, Inc., Case No. 15-10953 (KJC); Grand Rapids Education Center, Inc., Case No. 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., Case No. 15-10960 (KJC); CDI Education USA, Inc. Case No. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., Case No. 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, Case No. 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); and Socle Education, Inc., Case No. 15-10976 (KJC).

[2]  Terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

discussions with counsel for the Debtors and the Student Trust. If I were called upon to testify, I could and would, based on the foregoing, testify competently to the facts set forth herein.

4. On August 28, 2015, the Court confirmed the *Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 913]. The Plan's Effective Date was September 21, 2015 (the "**Effective Date**").

5. The Plan approved the creation of the Student Trust for the benefit of hundreds of thousands of the Debtors' former students that were affected by the Debtors' misconduct. The Debtors and the Student Trustee entered into that certain Student Trust Agreement, dated as of September 18, 2015, governing the Student Trust (the "**Student Trust Agreement**").

6. Throughout the performance and administration of its duties, the Student Trustee performed several vital functions, including: (i) maintaining student records; (ii) communicating with students regarding student debt relief and developments in the Debtors' cases; (iii) administering student 507(a)(7) deposit claims; and (iv) vigorously advocating for all possible avenues of expansion of federal, state, and private student debt relief, either through legislative means or through regulatory and administrative policy adjustments.

7. In 2016, the Student Trustee made distributions to the beneficiaries of the Student Trust, namely former students with 507(a)(7) deposit priority claims, in the amount of $364,876.23.

8. Additionally, the Student Trust ensured the collection and preservation of identifiable critical Student Records as ordered by this Court in the Records Order.

9. Over the last three years, the Student Trustee has made all possible efforts to respond to inquiries from former students relating to critical Student Records, and where available, has provided copies of available Student Records.

64527318.6

10.     Immediately prior to the filing of this Motion, the Student Trust received a request for records pertaining to a particular student from the United States Department of Education (the "**DOE**"), citing regulations applicable through the Family Educational Rights and Privacy Act (the "**FERPA**").   Counsel for the Student Trustee promptly responded to this request, provided the requested documents, and informed the DOE to direct any similar future inquiries to the counsel for the Student Trustee.

11.     I have on multiple occasions sought to arrange meetings with various Senators and Members of the House of Representatives, as well as with Executive Branch administrators in the DOE, these meetings to be held with the Student Managers and other students affected by the lending practices of Corinthian Colleges, Inc.   While members of DSI, acting as and for the Student Trust, participated in a variety of such meetings in Washington and other locales, our ability to organize a larger scale meeting with the Student Managers and Members of Congress and the Administration was impacted by the results of the 2016 Presidential election and the subsequent changes in the outlook of the new administration towards student debt relief, as evidenced by the new policy guidelines instituted by the DOE.   Further, while some members of Congress have and continue to press the Secretary of the DOE to look favorably on the efforts to give former Corinthian students the relief they are entitled to as a result of Corinthian's fraudulent lending activities, and the Student Trust is actively supporting those efforts, it is clear that under the current Administration's policy initiatives, the sympathies appear to have shifted from the students who were defrauded to a more benign viewpoint regarding the former for-profit institutions themselves.

12.     Given all of that, and despite the strenuous efforts made on behalf of the Trust, these recent regulatory and policy changes emanating from the federal government have all but

precluded a further opportunity for success with respect to the current efforts of the Student Trust. Consequently, the Student Trustee believes that spending any further Student Trust resources on efforts or initiatives related to student debt forgiveness is not in the best interests of the students. Rather, other not-for-profit organizations are successfully undertaking such efforts. As such, rather than engage in parallel activities, the Student Trustee, after assuring all administrative costs of the Student Trustee are accounted for, believes distributing remaining cash in the Student Trust to the Legal Services Center of Harvard Law School to support continuing efforts on behalf of former students of the Debtors is a more appropriate course of action.

13.    The Student Trustee has acted diligently in connection with its responsibilities with regard to the Student Trust and has discharged all responsibilities in accordance with the Plan and the Student Trust Agreement.

14.    As such, after consultation with the Managing Board, the Student Trustee seeks entry of an order terminating the Student Trust in accordance with Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of August, 2018

/s/ William A. Brandt, Jr.

William A. Brandt, Jr.
Executive Chairman of the Student Trustee

64527318.6