## Exhibit A

(Proposed Order)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., et al.,[1] | Case No. 15-10952 (KJC) |
| Debtors. | Jointly Administered |
| | **Re: Docket No. 1620** |

## ORDER GRANTING MOTION OF THE CCI STUDENT TRUSTEE TO TERMINATE THE CCI STUDENT CREDITORS TRUST

Upon consideration of the Student Trustee's Motion to Terminate Trust (the "**Motion**")[2] and the arguments contained therein, and any opposition thereto, if any, and the Brandt Declaration; and any opposition to the Motion having been overruled, resolved, or withdrawn; and the Court finding that: the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2); and notice of the Motion was appropriate under the circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore; it is

**HEREBY FOUND, DECREED, AND ORDERED** that:

1. The Motion is GRANTED, as set forth herein.

---

[1] The Debtors' bankruptcy cases are: Corinthian Schools, Inc. Case No. 15-10955 (KJC); Rhodes Colleges, Inc. Case No. 15-10957 (KJC); Florida Metropolitan University, Inc., Case No. 15-10962 (KJC); Corinthian Property Group, Inc. Case No. 15-10966 (KJC); Titan Schools, Inc. Case No. 15-10970 (KJC); Career Choices, Inc. Case No. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., Case No. 15-10961 (KJC); Ashmead Education, Inc., Case No. 15-10967(KJC); MJB Acquisition Corporation, Case No. 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975; (KJC) Pegasus Education, Inc., Case No. 15-10953 (KJC); Grand Rapids Education Center, Inc., Case No. 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., Case No. 15-10960 (KJC); CDI Education USA, Inc. Case No. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., Case No. 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, Case No. 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); and Socle Education, Inc., Case No. 15-10976 (KJC).

[2] All capitalized terms herein undefined shall have the meaning ascribed to them in the Motion.

64937443.2

2. The Student Trust has completed its liquidation, administration, and distribution of assets in accordance with the Plan and the full performance of all other duties and functions set forth in the Plan and the Student Trust Agreement.

3. The Student Trust shall terminate effective as of September 21, 2018.

4. The Student Trustee is discharged as Student Trustee of the Student Trust, subject only to filing the final accounting.

5. Subject only to filing the final accounting, the Student Trustee, the Managing Board, and their respective professionals are hereby exculpated from any obligations and liability arising from or relating to the administration of the Student Trust, as set forth in the Student Trust Agreement and the Plan, including but not limited to, retrieval and preservation of Student Records not otherwise abandoned by the Debtors and transferred to the CCI Student Trust upon confirmation of the Debtors' Plan.

6. The Distribution Trustee's obligation, including under § XI.L. of the Plan, to notify the Student Trustee before abandoning, destroying, or otherwise disposing of any Books and Records is terminated from and after the date of this Order becoming final, and thereafter, otherwise in accordance with the Plan, the Distribution Trustee shall be free, in its discretion, to abandon, destroy, or otherwise dispose of any Books and Records as Distribution Trust Assets.

7. The Student Trustee, the Managing Board, and their respective professionals may continue to provide information and Student Records to the United States Department of Education, upon requests pertaining to information that is relevant to the Family Educational Rights and Privacy Act. However, the Student Trustee, the Managing Board, and their respective professionals are hereby exculpated from any and all liability arising from the sharing

of such information, providing of Student Records, or responding to any inquiries of the United States Department of Education.

8. All distributions are deemed to be final.

9. After assuring all administrative costs of the Student Trustee are accounted for, the Student Trustee may distribute remaining cash in the Student Trust to the Legal Services Center of Harvard Law School to support continuing efforts on behalf of former students of the Debtors.

10. No later than December 20, 2018, the Student Trustee shall file a final accounting with this Court in accordance with the Student Trust Agreement.

11. The Student Trustee is authorized to take any and all actions to effectuate the termination, wind down, and orderly closure of the Student Trust.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2018
       Wilmington, Delaware

                                 THE HONORABLE KEVIN J. CAREY
                                 UNITED STATES BANKRUPTCY JUDGE