### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORINTHIAN COLLEGES, INC., et al. [1] | Case No. 15-10952 (KJC) |
| Debtors. | Jointly Administered |

## FINAL ACCOUNTING OF THE STUDENT TRUSTEE

Development Specialists, Inc., solely in its capacity as Trustee (the "**Student Trustee**")

under the CCI Student Creditors Trust (the "**Student Trust**"), appointed pursuant to the

Debtors' *Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of

Liquidation* [Docket No. 909] (the "**Plan**") as confirmed by the Bankruptcy Court's order,

entered on August 28, 2015 [Docket No. 913], by and through its undersigned counsel, hereby

submits its Final Accounting as required by Section 4.7 of the Student Trust, attached hereto as

Exhibit A (the "**Final Accounting**"), and respectfully states as follows:

1.     The factual background regarding the Debtors, including their business

operations, corporate structures, and the events leading to the filing of their bankruptcy cases is

set forth in detail in the Plan and is fully incorporated herein by reference.

---

[1] The Debtors' bankruptcy cases are: Corinthian Schools, Inc. Case No. 15-10955 (KJC); Rhodes Colleges, Inc. Case No. 15-10957 (KJC); Florida Metropolitan University, Inc., Case No. 15-10962 (KJC); Corinthian Property Group, Inc. Case No. 15-10966 (KJC); Titan Schools, Inc. Case No. 15-10970 (KJC); Career Choices, Inc. Case No. 15-10972 (KJC); Sequoia Education, Case No. 15-10974 (KJC); Eton Education, Inc., Case No. 15-10961 (KJC); Ashmead Education, Inc., Case No. 15-10967(KJC); MJB Acquisition Corporation, Case No. 15-10971 (KJC); ECAT Acquisition, Inc., Case No. 15-10975; (KJC) Pegasus Education, Inc., Case No. 15-10953 (KJC); Grand Rapids Education Center, Inc., Case No. 15-10956 (KJC); Rhodes Business Group, Inc., Case No. 15-10959 (KJC); Everest College Phoenix, Inc., Case No. 15-10960 (KJC); CDI Education USA, Inc. Case No. 15-10963 (KJC); SP PE VII-B Heald Holdings Corp., Case No. 15-1096 5(KJC); SD III-B Heald Holdings Corp., Case No. 15-10968 (KJC); Heald Capital LLC, Case No. 15-10954 (KJC); Heald Real Estate, LLC, Case No. 15-10958 (KJC); Heald Education, LLC, Case No. 15-10964 (KJC); Heald College, LLC, Case No. 15-10969 (KJC); Quickstart Intelligence Corporation, Case No. 15-10973 (KJC); and Socle Education, Inc., Case No. 15-10976 (KJC).

2.      On May 4, 2015 (the "**Petition Date**") each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

3.      The Plan was confirmed and went effective on September 21, 2015 (the "**Effective Date**").

4.      The Plan approved the creation of the Student Trust for the benefit of Allowed Student Claims[2] and Allowed Government Education Claims.

5.      Pursuant to the Plan, the Student Trust was established for the benefit of hundreds of thousands of the Debtors' former students that were affected by the Debtors' misconduct.  The Debtors and the Student Trustee entered into that certain Student Trust Agreement, dated as of September 18, 2015, governing the Student Trust (the "**Student Trust Agreement**").

6.      Throughout the administration of the Student Trust, the Student Trustee has performed several vital functions, including: (i) maintaining student records; (ii) routinely communicating and meeting with the student managers and communicating with students regarding the status of legislative initiatives regarding student debt relief and developments applicable to the Debtors' cases; (iii) administering student 507(a)(7) deposit priority claims; and (iv) vigorously advocating for expansion of federal and private student debt relief including exploring any and all possibilities for relief through all appropriate legislative and regulatory channels.

7.      In 2016, the Student Trustee made distributions to the beneficiaries of the Student Trust, namely former students with 507(a)(7) deposit priority claims, in the amount of $364,876.23.

---

[2] Terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

8.      Additionally, on November 15, 2016, the Student Trustee filed its *Motion for Entry of an Order Establishing Procedures Regarding the Retention, Abandonment, or Disposal of Student Records* [Docket No. 1255] (the "**Student Records Motion**") to ensure that the Student Trust was not burdened with preserving millions of pages of non-critical documents housed across four warehouse facilities.  This Court approved the Student Records Motion on November 15, 2016 [Docket No. 1307] (the "**Records Order**").

9.      With respect to preservation of critical Student Records (as defined in the Student Records Motion), the Student Trustee engaged Rust Consulting Omni Bankruptcy ("**Omni**") to review, sort, and separate the over 30,000 boxes of documents, including over approximately 100,000,000 pages of information that were abandoned by the Debtors and transferred to the CCI Student Trust upon confirmation of the Debtor's Plan.  Pursuant to the Records Order, Omni collected and preserved all identifiable critical Student Records in a searchable database.

10.      In accordance with the Plan and the Student Trust Agreement, the Student Trustee has fulfilled its obligations in furtherance of, and consistent with, the purpose of the Plan.

11.      On August 8, 2018, the Student Trustee filed the *Motion of CCI Student Creditors Trustee to Terminate the CCI Student Creditors Trust* [Docket No. 1620] (the "**Termination Motion**").

12.      On August 27, 2018, the Court entered the *Order Granting Motion of the CCI Student Trustee to Terminate the CCI Student Creditors Trust* [Docket No. 1625] (the "**Termination Order**").

13.      Pursuant to the Termination Order, the Student Trustee, after assuring all administrative costs of the Student Trustee were accounted for, disbursed all remaining cash of the Student Trust to the Legal Services Center of Harvard School.

14.     Pursuant to the Termination Order, the Student Trust terminated on September 21, 2018.  However, the Termination Order requires the Student Trustee to file a final accounting with this Court in accordance with the Student Trust Agreement.

15.     Pursuant to Section 4.7 of the Student Trust Agreement, the final accounting must contain at least the following information:

(a)     A description of the Student Trust Assets and their disposition;

(b)     A summarized accounting in sufficient detail of all gains, losses, receipts, disbursements and other transactions in connection with the Student Trust and the Student Trust Assets during the Student Trustee's term of service, including their source and nature;

(c)     Separate entries for all receipts of principal and income;

(d)     The ending balance of all Student Trust Assets as of the date of the Student Trustee's accounting, including the cash balance on hand and the name and location of the depository where it is kept;

(e)     All known liabilities owned by the Student Trust; and

(f)     The then current Register of Allowed and Disputed Claims.

16.     Attached hereto as Exhibit A is the Final Accounting, which discloses the relevant information required by Section 4.7(a) – (d) of the Student Trust Agreement.

17.     In response to Section 4.7(e) of the Student Trust Agreement, the Student Trustee knows of no known liabilities owned by the Student Trust.

18.     In response to Section 4.7(f) of the Student Trust Agreement, as referenced in paragraph 4 above, the Student Trust was created solely for the benefit of Allowed Student Claims and Allowed Government Education Claims, and is unrelated to any claims transferred and assigned to the Liquidating Trust established by the Plan.  As a result, there was never any current Register of Allowed and Disputed Claims of the Student Trust.

**WHEREFORE**, the Student Trustee respectfully submits its Final Accounting in accordance with the Termination Order and that no further action is required.

Dated: December 20, 2018
       Wilmington, Delaware

**POLSINELLI PC**

*/s/ Shanti M. Katona*
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com

-and-

**POLSINELLI LLP**

Randye B. Soref (Admitted *Pro Hac Vice*)
2049 Century Park East, Suite 2900
Los Angeles, California 90067
Telephone: (310) 203-5367
Facsimile: (310) 388-5592
rsoref@polsinelli.com

*Attorneys for CCI Student Creditors Trust*

### Exhibit A

**(Final Accounting Report)**

# Receipts and Disbursements
# Final Report

**Receipts**

| | |
|---|---:|
| Interest | 4,093.15 |
| Initial Transfer from Company Bank Accounts | 4,335,641.81 |
| **Total Receipts** | 4,339,734.96 |

**Disbursements**

| | |
|---|---:|
| Administrative | 1,313.04 |
| Committee Services | 82,000.00 |
| Contribution Per Court Order - Harvard Law Project | 93,500.00 |
| Mailing of Student Records | 93,098.55 |
| 507(a)(7) Priority Claims per Plan | 364,876.23 |
| Professional Expenses | 33,812.64 |
| Professional Fees | |
| Development Specialists Inc. | 382,078.25 |
| Donlin Recano & Co. | 6,068.77 |
| Donnelley Financial | 150.00 |
| Polsinelli, LLP | 459,105.88 |
| Public Counsel | 292,909.84 |
| Robins Kaplan | 1,096,947.75 |
| Rust Consulting - scanning of student records | 1,000,000.00 |
| Swicker and Associates | 6,973.25 |
| WARN Act Litigation - transfer to Distribution Trust | 150,000.00 |
| Storage | 274,500.76 |
| Taxes | 2,400.00 |
| **Total Disbursements** | 4,339,734.96 |

| | |
|---|---:|
| **Remaining Funds** | **0.00** |