# **EXHIBIT A**

SETTLEMENT AND RELEASE AGREEMENT

between

GUY REYNOLDS AND CHRISTINE SEYMORE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,

and

THE CORINTHIAN DISTRIBUTION TRUST,

Dated as of July 22, 2019

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement, dated as of July 22, 2019 (this "Settlement Agreement" or "Settlement"), is entered into by and between the Corinthian Distribution Trust (the "Distribution Trust"), on the one hand, and Guy Reynolds and Christine Seymore ("Plaintiffs"), on behalf of themselves and all others similarly situated (together with the Plaintiffs, the "Putative Class"), on the other hand. The Distribution Trust and the members of the Putative Class are collectively referred to herein as the "Parties" or, as to each, a "Party."

## RECITALS

WHEREAS, on May 4, 2015 ("Petition Date"), Corinthian Colleges, Inc., together with its affiliated entities (collectively, the "Debtors"), filed voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") under chapter 11 of title 11, United States Code ("Bankruptcy Code"). The filing of the chapter 11 petitions commenced the bankruptcy cases ("Cases") pending before the Bankruptcy Court and styled as *In re Corinthian Colleges, Inc., et al*, Case No. 15-10952 (Jointly Administered);

WHEREAS, on May 5, 2015, Plaintiff Guy Reynolds filed with the Bankruptcy Court a class-action adversary complaint commencing an adversary proceeding ("WARN Action") under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq*., and California Labor Code § 1400 et seq. (collectively, the "WARN Act") against Debtor Corinthian Colleges, Inc., on behalf of himself and on behalf of a class;

WHEREAS, on August 20, 2015, the Plaintiffs filed an amended complaint ("Complaint"), which *inter alia*, added Christine Seymore as a plaintiff and added as defendants debtors Heald Capital, LLC, Heald College, LLC, Heald Education, LLC, Heald Real Estate, LLC, SD III-B Heald Holdings Corp., and SP PE VII-B Heald Holdings Corp. (collectively with Corinthian Colleges, Inc., the "Debtor Defendants") who had not been named as defendants in the initial complaint. The Plaintiffs alleged that the Debtor Defendants violated the WARN Act by ordering plant closings and/or mass layoffs on or about April 26, 2015 without providing 60 days advance notice thereof. The Plaintiffs further asserted that, as a consequence of this alleged violation, the Putative Class members have a priority administrative expense claim pursuant to 11 U.S.C § 503(b)(1)(A)(ii), or alternatively priority status under 11 U.S.C. §§ 507(a)(4) and (a)(5), up to the $12,475 priority cap, with the balance, if any, being a general unsecured claim against the Debtor Defendants for damages for the value of wages and employer paid benefits, among other things, during the alleged 60 day violation period. The WARN Action is entitled *Reynolds, et al. v. Corinthian Colleges, Inc., et al.*, Adv. No. 15-50309 (Bankr. D. Del.);

WHEREAS, prior to the Petition Date, the Debtor Defendants employed certain employees, including the members of the Putative Class, in their business operations;

WHEREAS, prior to the Petition Date, the Debtor Defendants terminated certain of their employees, on or about April 26, 2015, and within 30 days of that date;

2

WHEREAS, the Debtor Defendants believe that all of the terminations made were in compliance with all applicable laws, including the WARN Act;

WHEREAS, on August 21, 2015, the Plaintiffs filed an objection to the confirmation of the Debtors' Second Amended and Modified Chapter 11 Plan of Liquidation; and

WHEREAS, the Debtor Defendants contend, among other things, that: (i) to the extent the WARN Act was implicated, they qualify as "faltering companies" pursuant to section 639.9(a) of the WARN Act regulations and section 1402.5 of the California Labor Code; and (ii) the terminations were the result of "unforeseeable business circumstances" pursuant to section 639.9(b) of the WARN Act regulations; and

WHEREAS, immediately prior to the August 26, 2015 confirmation hearing before the Bankruptcy Court (the "Confirmation Hearing"), a settlement in principle (the "Settlement") was reached by counsel for the Debtors and the Plaintiffs as a result of good faith, arm's length negotiations, the terms of which were placed on the record at the Confirmation Hearing; and

WHEREAS, on August 28, 2015, the Debtors filed the Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation (as amended on August 27, 2015) (the "Plan"), which included the material terms of the Settlement;

WHEREAS, on August 28, 2015, the Bankruptcy Court entered an Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation [D.I. 913] (the "Confirmation Order");

WHEREAS, on September 21, 2015, the Effective Date (as defined in the Plan) occurred and, as provided for in the Plan, *inter alia*, (i) the Distribution Trust and the CCI Student Trust ("Student Trust") were created, (ii) the Distribution Trust Assets vested in the Distribution Trust and the Student Trust Assets vested in the Student Trust, (iii) the Debtors dissolved in accordance with applicable law, and (iv) the Distribution Trust and the Student Trust succeeded to the Debtors' rights in connection with the WARN Action, all as more specifically set forth in the Plan;

WHEREAS, there exist significant, complex legal and factual issues regarding the application of the WARN Act to the facts and circumstances at issue and the viability of the WARN Action, including, without limitation:

- whether notices to the Debtor Defendants' employees provided proper and sufficient notice to the Putative Class members in accordance with the WARN Act;

- whether the Debtor Defendants were entitled to give fewer than 60 days' notice because of unforeseeable business circumstances;

- whether the Debtor Defendants were entitled to give fewer than 60 days' notice because the Debtors were faltering companies; and

- whether the Debtor Defendants have other defenses to the application of the WARN Act.

WHEREAS, the Parties recognize that the outcome of the WARN Action is uncertain and that the confirmation of the Plan was approved by the Bankruptcy Court in contemplation of the Settlement being finally approved in the WARN Action;

WHEREAS, the Parties acknowledge that the Distribution Trust has limited resources and that recoveries to the Putative Class members and other creditors can best be maximized by resolving the WARN Action in a consensual manner and avoiding extensive, costly and uncertain litigation;

WHEREAS, the Distribution Trust's entry into the terms of this Settlement Agreement is subject to the Bankruptcy Court's approval of the motion provided for under paragraph 1 hereof and;

WHEREAS, capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Plan.

## SETTLEMENT

NOW, THEREFORE, as material consideration and inducements to the execution of this Settlement Agreement, and in consideration of the mutual promises and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. **Settlement Filings.** The Parties shall file a joint motion in the Cases under Fed. R. Bankr. P. 9019 and 7023 for approval of the Settlement through a bifurcated hearing process ("Settlement Motion"). The Settlement Motion shall request an initial hearing at which time the Parties shall seek entry of an order of the Bankruptcy Court: (a) certifying the Putative Class for settlement purposes (as certified, the "Class"); (b) appointing the Plaintiffs as Class representatives; (c) appointing Outten & Golden LLP as counsel to the Class ("Class Counsel"); (d) approving the form and manner of notice of the formation of a class and the terms of this Settlement to potential members of the Class; and (e) preliminarily approving the Settlement. The proposed Class Counsel shall be responsible for drafting the Settlement Motion, subject to the Distribution Trust's comment and approval, and proposed Class Counsel shall be solely responsible for prosecuting the Settlement Motion for all matters relating to the proposed Class and any Class evaluation issues. The Parties shall also request a date for a fairness hearing ("Fairness Hearing"). At the Fairness Hearing, the Bankruptcy Court shall consider final approval of the Settlement. The Settlement is subject to the entry of a final order by the Bankruptcy Court approving this Settlement Agreement under Fed. R. Bankr. P. 9019 and 7023, after notice and hearing to creditors and parties in interest, in accordance with applicable law and local rules ("Settlement Order"). The Settlement Order shall be deemed final when 14 days have elapsed from the entry of the Settlement Order, with no notice of appeal filed or after the Settlement Order is finally affirmed on appeal, whichever first occurs.

2. **Class Certification.** The Distribution Trust consents to certification of the Class, as defined herein, for purposes of this settlement only, pursuant to Federal Rule of Civil Procedure 23 and Federal Rule of Bankruptcy Procedure 7023, and to designation of the Plaintiffs as the Class representatives (the "Class Representatives"). Should this Settlement

4

Agreement not be approved or consummated for any reason, the Distribution Trust reserves the right to contest certification of any proposed class in the WARN Action or any other litigation.

3. **Class Definition.** The term "Class" shall mean: all former employees of the Debtors terminated on or about April 26, 2015, in anticipation of, related to, or as the foreseeable consequence of, the mass layoffs or plant closings ordered by the Debtors on or about April 26, 2015, and within 30 days of that date, who did not receive 60 days' advance notice of such termination, who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) or employees within the meaning of Cal. Labor Code § 1400(h), who belong to one or both of the following two subclasses:

(a) Non-Subordinated Sub-Class: Employees who were terminated from the Debtors' campuses at: Concord, Fremont, Fresno, Hayward, Long Beach, Modesto, Rancho Cordova, Roseville, San Jose, and Stockton California;

(b) Subordinated Sub-Class: Members of the Non-Subordinated Sub-Class, and employees terminated from the Debtors' campuses at San Francisco, Salinas, and Milpitas, California, Portland, Oregon, Honolulu, Hawaii, and Phoenix/Mesa, Arizona

excluding all former employees that voluntarily terminated their employment and all former employees terminated for cause (each a "Class Member" and collectively "Class Members").

4. **Designation of Class Counsel.** The Distribution Trust consents to the appointment of the law firm of Outten & Golden LLP as Class Counsel.

5. **Effective Date.** The "Effective Date" of this Settlement Agreement shall be the date upon which the Settlement Order has become final. If the Effective Date does not occur, then: (a) this Settlement Agreement and the recitals contained herein shall be without force or effect, and neither the Settlement Agreement nor any of the statements contained herein shall be admissible in any proceeding; (b) neither the Settlement Motion nor any of the pleadings filed in support thereof shall be admissible in any proceeding; and (c) none of the provisions hereof shall prejudice or impair any rights, remedies or defenses of any of the Parties.

6. **The Priority Claim.**

(a) Upon the Effective Date, and consistent with the Plan, in exchange for the release by Class Members as provided herein, the Class shall be awarded an allowed priority claim pursuant to 11 U.S.C. §§ 507(a)(4) and (a)(5) in the amount of Nine Hundred Thousand Dollars ($900,000.00) against the Debtors' estates ("WARN Claim"), to be distributed in accordance with the terms set forth below and the Plan.

(b) As more fully described in section IX.C. of the Plan, the WARN Claim shall be comprised of two parts: (1) a non-subordinated Three Hundred Thousand Dollar ($300,000) allowed priority claim (the "Non-Subordinated WARN Claim"); and (2) a Six Hundred Thousand Dollar ($600,000) allowed priority claim that shall be subordinated only to Allowed Administrative Claims, Priority Tax Claims, Other Priority Claims, the Prepetition Lenders Adequate Protection Claims (as those terms are defined in the Plan) and the Non-

5

Subordinated WARN Claim for distribution purposes under the Plan (the "Subordinated WARN Claim").

(c) All distributions made by or on behalf of the Distribution Trust on account of the WARN Claim shall be referred to herein as the "WARN Claim Distributions" and the monies to be distributed pursuant to the Settlement in the aggregate shall be referred to herein as the "Settlement Fund."

(d) The $300,000 to be used for payment of the Non-Subordinated WARN Claim is being held by the Distribution Trust until distribution of those funds pursuant to this Settlement Agreement has been made to the Non-Subordinated Sub-Class, which distribution shall be made by the Distribution Trust as soon as is practicable.

(e) The Subordinated WARN Claim shall be distributed to the Subordinated Sub-Class as soon as practicable after the full $600,000 to be used for payment of the Subordinated WARN Claim is available for distribution, or if less than the full $600,000 is available for payment of that claim, as soon as a determination is made by the Distribution Trust that all of the funds that will become available for distribution for that claim, if any, are available to the Distribution Trust for such distribution.

(f) The Parties agree that the WARN Claim shall be allowed as described herein against the Debtors' estates and/or their successors in favor of the Class and distribution thereon as identical herein, in complete and total satisfaction of all claims and potential claims of the Class Members against the Debtors' estates and/or their successors under the WARN Act. The Parties further agree that, except as otherwise expressly set forth in this Settlement Agreement, any and all payments by, and obligations of, the Distribution Trust under this Settlement Agreement or the Distribution Trust and/or, Student Trust under the Plan that relate to this Settlement Agreement, including, but not limited to, the obligation to pay the Class Representative Service Payments, Class Counsel's Fees, Class Counsel's Expenses, the Distribution Trust's Fees, the Distribution Trust's expenses,[1] the Class Members' individual share of applicable employee taxes, if any, and the Distribution Trust's share of applicable employer taxes, if any, shall be payable exclusively from the Settlement Fund and prior to or concurrently with any distribution to a Class Member.

(g) Notwithstanding anything to the contrary in this Settlement Agreement, nothing herein shall prohibit the Distribution Trust from objecting to (i) any Class Member's status as a member of the Class or (ii) any claim filed by a Class Member that is not a claim under the WARN Act.

7. **Responsibilities of Class Counsel.** Class Counsel shall be responsible for the production and mailing of all notices required to be provided to the Class Members ("Class Notices"). The address of Class Counsel will be used as the return address for the Class Notices Class Counsel will respond to all inquiries of the Class arising from or related to this Settlement.

---

[1] The terms Class Representative Service Payments, Class Counsel's Fees, Class Counsel's Expenses, Distribution Trust's Fees, and Distribution Trust's expenses are defined in Paragraph 9.

6

Subject to the Distribution Trust's review and approval, Class Counsel shall be responsible for calculating the allocation of each Class Member's net share of the WARN Claim as set forth in paragraph 9(e) below.

8. **Responsibilities of the Distribution Trust**. The Distribution Trust shall be responsible for issuing payment to Class Members and handling all other aspects of the administration of the WARN Settlement, including, but not limited to:

(a) the formation of a Qualified Settlement Fund as authorized by Treasury Regulation 1.486B-1 (c) to accept, distribute, and otherwise administer the Settlement;

(b) the determination, subject to Class Counsel's review and approval, of the payroll tax and withholding amounts for each of the individual payments to each Class Member;

(c) the preparation and mailing of settlement checks to each Class Member;

(d) the withholding, paying, and reporting, as appropriate, of all payroll taxes, and preparing and mailing of all W-2s and/or 1099s; and

(e) the processing of returned settlement checks that include a forwarding address.

Class Counsel shall calculate the amount of distribution to be issued to each Class Member in accordance with the terms of this Settlement Agreement and based on the books and records provided by the Distribution Trust, provided, however, that the Distribution Trust is not representing the accuracy of any such books and records, or accepting any liability therefor, and the Class Counsel is solely responsible for determining the allocation of each Class Member's net share and the amount of payment to each such Class Member. Class Counsel shall provide the Distribution Trust with a list of their names, addresses, social security or taxpayer identification numbers, and distribution amounts for all payments due under this Settlement Agreement, including the amount due to each Class Member (the "Distribution List"). The Parties acknowledge that it is not practicable for the Distribution Trust to make any of the distributions contemplated under this Agreement until after the Distribution Trust receives the Distribution List from Class Counsel. As set forth in Paragraph 9 below, the Distribution Trust shall calculate the amount to be paid to each Class Member after deducting all applicable taxes and withholdings, and Class Counsel shall review and approve any such calculations. The Distribution Trust and Class Counsel shall make best efforts to obtain taxpayer identification numbers for the Class Members. Expenses incurred by the Distribution Trust in carrying out its responsibilities under this Settlement Agreement shall be payable from the Settlement Fund, including, but not limited to: professional fees, copies, check stock, office supplies and postage.

9. **The Allocation of the Settlement Fund and Disbursement of the Net Settlement Fund to Class Members.**

(a) Disbursement of Settlement Fund Payments. The Distribution Trust shall be responsible for the preparation and mailing of the individual settlement checks to Class Members, withholding and remitting the Class Member's individual share of applicable employee taxes, if any, and the Distribution Trust's share of applicable employer taxes, if any,

remitting Class Counsel's Fees and Expenses (defined below), and preparing all tax forms relating to the Class Member's individual share of applicable employee taxes, if any, and the Distribution Trust's share of applicable employer taxes, if any, in connection with this Settlement in accordance herewith and with any other orders of the Bankruptcy Court.  The expenses for the preparation and mailing of such settlement checks and tax forms shall be payable from the Settlement Fund.

(b)     Class Counsel's Fees and Class Counsel's Expenses.  Class Counsel is entitled to attorneys' fees ("Class Counsel's Fees") in the amount of thirty-three and one third percent (33⅓%) of the Settlement Fund, net of (a) reimbursement of documented litigation expenses (including costs associated with the production and mailing of the Class Notices) not to exceed $5,000 ("Class Counsel's Expenses"), and (b) the Class Representative Service Payments (defined below).  Class Counsel's Fees and Class Counsel's Expenses will be distributed to Class Counsel (according to instructions to be supplied by Class Counsel) contemporaneously with the distribution of proceeds from the WARN Claim to Class Members and shall be payment in full for Class Counsel's work and expenses in connection with this matter.  For the avoidance of doubt, the Parties agree that Class Counsel's Fees and Class Counsel's Expenses shall be payable solely from the Settlement Fund and from no other source.  Class Counsel shall be issued a Form 1099 by the Distribution Trust for Class Counsel's Fees and Class Counsel's Expenses.

(c)     Distribution Trust's Fee and Distribution Trust's Expenses.  The Distribution Trust is entitled to a one-time payment of Ten Thousand Dollars ($10,000) (the "Distribution Trust's Fee") as compensation for services rendered in connection with this Settlement Agreement.  The Distribution Trust's Fee will be distributed to the Distribution Trust contemporaneously with the distribution of proceeds from the WARN Claim to Class Members and shall be payment in full for the Distribution Trust's work in connection with this matter.  For the avoidance of doubt, the Parties agree that the Distribution Trust's Fee shall be payable solely from the Settlement Fund and from no other source.  As provided in Sections 8 and 9(a) of this Settlement Agreement, expenses incurred by the Distribution Trust in carrying out its responsibilities under this Settlement Agreement, including but not limited to the preparation and mailing of settlement checks and tax forms, shall be payable from the Settlement Fund, and such expenses are payable to the Distribution Trust in addition to the Distribution Trust's Fee.

(d)     Service Payments to Class Representatives.  The Class Representatives shall each receive a one-time payment of Two Thousand Dollars ($2,000) as compensation for their service in this matter ("Class Representative Service Payments").  The Distribution Trust shall distribute these payments to the Class Representatives in addition to their individualized WARN Claim Distribution from the Non-Subordinated WARN Fund and Class Counsel's Fees shall not be deducted from the Class Representative Service Payments.  For the avoidance of doubt, the Parties agree that the Class Representative Service Payments shall be payable solely from the Settlement Fund and from no other source. The Class Representative Service Payments shall be characterized as non-employee compensation to the Class Representatives and shall be reported to any applicable taxing authorities on behalf of the Class Representatives on a Form 1099 issued to the Class Representatives with their taxpayer identification numbers.

(e)     Allocation of the WARN Claim Distributions to Class Members.  The WARN Claim Distributions, after being first reduced by (i) the Class Representative Service

Payments, (ii) Class Counsel's Fees, (iii) Class Counsel's Expenses, and (iv) other fees such as the Distribution Trust's Fee or any other payments due to be paid under this Settlement or the Plan, shall be allocated to each Class Member ("Class Member's Share"), on either a pro rata basis based on the relationship that such Class Member's potential damages under the WARN Act bears to the aggregate potential damages of all Class Members under the WARN Act, or on a per capita basis, or if required by feasibility a different formula, at the discretion of Class Counsel, and shall be made directly to Class Members. No distribution will be made for Class Member's Shares of less than Twenty-Five Dollars ($25.00). Instead, any Class Member's Shares of less than Twenty-Five Dollars ($25.00) will remain in the Settlement Fund for allocation and distribution to other Class Members. Class Counsel is solely responsible for the allocation required hereunder and shall inform the Distribution Trust of the method used to calculate the Class Members' Shares.

      (f)      Taxes.

      (i)    Payments from the Settlement Fund to Class Members shall be made net of all applicable employment taxes to be withheld from such payments as determined to be due by the Distribution Trust, including, without limitation, FICA tax, Medicare tax, and federal, state and local income tax withholding. All applicable amounts (i) withheld from the Class Members, including, without limitation, the employee portion of FICA tax and federal, state and local income tax withholding, and (ii) any and all applicable employer tax contributions, including but not limited to the Distribution Trust's share of the FICA tax and any federal and state unemployment tax due, shall be reported to the Internal Revenue Service ("IRS") or other applicable taxing authorities when payment becomes due and owing and reported under the payee's name and social security number on an IRS Form W-2 and any applicable state or local tax form. For the avoidance of doubt, all applicable employer tax contributions, including but not limited to the Distribution Trust's share of the FICA tax and any federal and state unemployment tax due, if any, shall be paid out of the Settlement Fund. Verification of payment of such taxes to the appropriate taxing authorities shall be provided to Class Counsel and to counsel for the Distribution Trust in accordance with the provisions of 8(e)(ii) hereof.

      (ii)   The Distribution Trust shall prepare, file and provide copies (within 15 days of filing) of all of the foregoing to Class Counsel together with proof of payment of all necessary taxes, and prepare and shall file all returns, reports, information references, other reporting and other documents with, and remit all necessary taxes to the tax authorities in connection with the payments to be made under this Settlement so as to ensure compliance with all federal and state tax laws and related reporting requirements.

      (iii)  For the avoidance of doubt, the Distribution Trust shall not be responsible for (1) any payroll taxes or any federal, state or local income tax imposed on employees (which taxes shall be properly withheld and remitted to the applicable taxing authorities as required herein), (2) any employer tax contributions, including but not limited to the Distribution Trust's share of the FICA tax and any federal and state unemployment tax due (which taxes shall be properly withheld and remitted to the applicable taxing authorities as required herein), (3) any taxes imposed with respect to the payment of attorneys' fees to Class Counsel under this Settlement Agreement, and (4) any taxes imposed with respect to the payment of the Class Representatives Service Payment to the Class Representatives.

9

(iv) The Distribution Trust will bear no responsibility for the payment of taxes as set forth in Sub-Section (iii) above and will be held harmless from and against any and all taxes, interest, penalties, attorneys' fees and other costs imposed as a result of any failure to timely compute, prepare and file tax returns and pay taxes as required under the Settlement Agreement.

(g) <u>Tax Consequences to Class Members.</u>  Class Counsel shall prepare and the Distribution Trust shall provide each Class Member with a notice advising him or her to seek personal tax advice regarding any tax consequences of the Settlement Fund disbursement.  The Distribution Trust shall withhold the applicable state and federal wage and withholding taxes before distributing checks to Class Members.  The Distribution Trust shall then be responsible for remitting said withheld taxes to the appropriate taxing authorities.  The notice to Class Members to seek personal tax advice shall be included with each disbursement to the Class Members; provided, however, that neither the Distribution Trust or the Trustee of the Distribution Trust shall have any liability to Class Members with respect to the payment of any taxes in connection with, or the tax consequences of, the Settlement Fund distribution.

**10.     Settlement Checks.**  Within the 60 day period following the WARN Claim Distributions, upon Class Counsel's written request, including by email, the Distribution Trust shall provide Class Counsel with the names of those Class Members whose settlement checks have been (i) returned as undeliverable or (ii) remain uncashed or unnegotiated.  Upon Class Counsel's written notice of a Class Member's updated correct address for any returned settlement checks, the Distribution Trust shall, within five business days of receipt of said notice from Class Counsel, mail the returned settlement check to the Class Member at such corrected address.  Upon Class Counsel's written notice of a Class Member's need for a "stop payment" on their settlement check and reissuance, the Distribution Trust shall, within five business days of receipt of said notice from Class Counsel, stop payment on the settlement check and reissue it, as requested.  Any fees incurred by the Distribution Trust on account of such stopped payments will be paid solely from the Settlement Fund.  If there are any Settlement Funds remaining for any reason, including settlement checks which are not deposited, endorsed or negotiated within 180 days of their initial issuance, then such residual funds shall become property of the Debtors' estates, free and clear of any and all claims and interests of the Class Members, but subject to further redistribution in accordance with the Plan.

**11.     The Class Notice.**  Class Counsel shall be responsible for the preparation of the Class Notices.  Class Counsel's address will be used as the return address for the Class Notices so that any returned Class Notices will be returned to Class Counsel.  Class Counsel shall mail the Class Notices by first class mail to the Class Members no later than five business days after preliminary approval of this Settlement by the Bankruptcy Court.  The Class Notice, which includes an objection notice form, shall be in substantially the form annexed hereto as <u>Exhibit A</u> or such substantially similar form as may be approved by the Bankruptcy Court.  If a Class Notice is returned as undeliverable, then Class Counsel shall mail the Class Notice to the corrected address of the intended Class Member recipient as may be determined by Class Counsel through a search of a national database or as may otherwise be obtained by the Parties.

**12.** **Contents of the Class Notice.** The Class Notice shall contain the following information, which shall be individualized for each Class Member:

- That a Class has been certified for settlement purposes;

- That the Settlement shall become effective only if it is finally approved by the Bankruptcy Court under Fed. R. Bankr. P. 7023 and 9019;

- That, if so approved, the Settlement shall be effective as to and binding upon all Class Members that do not timely exclude themselves;

- That such Class Member has the right to opt out of the Class or object to this Settlement either in person or through counsel and be heard at the Fairness Hearing;

- That the Distribution Trust can void the Settlement Agreement if more than 10% of the Class opt out; and

- That all Released Claims (defined below) of a Class Member (other than those claims to be paid under the terms of this Settlement) shall be waived, and that no person, including the Class Member, shall be entitled to any further distribution thereon.

**13.** **Opt Out Procedures.** If any potential member of the Class timely and properly elects to opt out of the Class (an "Opt-Out Party") within 30 days from the date set forth in the Class Notice, then that claimant's rights and obligations will not be affected by this Settlement Agreement and that claimant will have the same rights and obligations as he or she would have had if the Settlement Agreement had never been executed. Any potential member of the Class who elects to opt-out shall not have an allowed claim against the Debtors' estates by reason of this Settlement Agreement and will not receive any distributions made under this Settlement. Class Counsel shall prepare a list of opt outs and provide a copy of that list to the Distribution Trust within 45 days of the date set forth in the Class Notice. The Distribution Trust reserves all rights and defenses against any such Opt-Out Party. If more than 10% of the potential Class Members opt out, then this Settlement Agreement shall be voidable by the Distribution Trust. If the Distribution Trust elects to void this Settlement Agreement, then it will seek entry of an order of the Bankruptcy Court voiding this Settlement Agreement and providing that the Parties are restored to their respective positions as if this Settlement Agreement had never been executed. Plaintiffs and Class Counsel agree that they will support the entry of such an order. Any request for Opt-Out which fails to precisely comply with the opt-out procedures shall be deemed deficient and of no force or effect. Nothing in this Settlement Agreement may be construed as causing, or relied upon by any party in asserting, an extension or tolling of any applicable time period for filing proofs of claim against the Debtors' estates.

**14.** **Objection to Settlement Procedures.** Before such date as is fixed by the Bankruptcy Court for final approval of this Settlement at the Fairness Hearing, a Class Member may object to this Settlement by sending timely written notice of such objection ("Notice of Objection") to Class Counsel and counsel to the Distribution Trust at the addresses set forth in

11

Paragraph 21(d) below, and filing such Notice of Objection with the Bankruptcy Court. Such objection shall clearly specify the relief sought and the grounds for such relief. In addition:

(a) To be effective, the Notice of Objection must be postmarked no later than the date fixed by the Bankruptcy Court. Class Counsel shall provide the Distribution Trust with copies of each Notice of Objection received from Class Members within two business days following receipt thereof.

(b) Any Class Member whose objection is sustained by the Court shall not have an allowed claim against the Debtors' estates by reason of this Settlement Agreement and shall retain his or her rights against the Debtors' estates, if any. The Distribution Trust reserves all rights against any Class Member who is excluded from this Settlement including the right to assert that such Class Member did not file a timely proof of claim in the Case.

(c) Notwithstanding anything to the contrary in this Settlement Agreement, nothing contained herein shall release or impair the rights and claims, if any, of any Class Member who is an Opt-Out Party or whose objection to the Settlement is sustained by the Court, nor shall anything contained herein affect the defenses and offsets that the Distribution Trust, the Debtors, the Debtors' estates, their respective subsidiaries, their respective affiliates, any successors or assigns thereto, or any of the present or former officers, directors, employees, agents, attorneys, consultants, stockholders or members of any thereof may have against any such rights or claims.

**15.     The Waiver and Release of any Released Claims by All Class Members if the Settlement Becomes Effective.**

(a)     **Released Claims of Class Members**. Except for the rights arising out of, provided for, or reserved in this Settlement Agreement, upon the Effective Date, the Class Members (except for Opt-Out Parties), for and on behalf of themselves, and their respective predecessors, successors, assigns, heirs, personal representative and estates (collectively, the "Releasing Parties"), do hereby fully and forever release and discharge the Debtors, the Distribution Trust, the Student Trust, and each of their respective estates, parent corporations, subsidiaries and affiliates, and each of their current and former shareholders, officers, directors, employees, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, injunctive relief, restitution, costs, expenses, attorneys' fees, penalties, interest and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties may now have or hereafter may have against the Released Parties, which relate to or are based on the WARN Act or back, notice or severance pay or benefits under any federal, state or local law or regulation arising out of the termination of the Class Members' employment by the Debtors including, but not limited to: (a) all claims asserted or that could have been asserted in the WARN Action; (b) the individual WARN Act claims; and (c) any other claims for back, notice or severance pay or benefits based on or arising out of any federal, state or local statute, ordinance or regulation; provided, however, that the following claims and/or rights shall not be released: (x) any claims for continuation of health or medical coverage, at the Class Member's expense, or at the expense of a beneficiary or

dependent of a Class Member, to the extent allegedly required by the relevant provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985; and (y) rights, if any, unrelated to Class Members' WARN Act claims, under the Debtors' 401(k) plans. The claims released hereunder are referred to herein as the "<u>Released Claims</u>." The Released Parties expressly reserve the right to object to, offset or oppose any and all claims, obligations, or causes of action, of any type, except those claims expressly allowed hereunder. On the Effective Date, in accordance with this Settlement, the Class Members agree that any claims that have been scheduled on behalf of, or filed by, a Class Representative, the Putative Class or any member thereof in the Cases, on account of any alleged violation of the WARN Act or back, notice or severance pay or benefits under any federal, state or local law or regulation, including, without limitation, the individual WARN Act claims, are disallowed in their entirety and shall be deemed expunged from the Debtors' schedules or claims register, as applicable, except to the extent provided for herein. In addition, each Releasing Party shall be deemed as of the Effective Date to have released the Plaintiffs from any and all claims whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, fixed or not, matured or unmatured, disputed or undisputed, legal or equitable, known or unknown that he or she may have against the Plaintiffs, any successors or assignees to their legal interests, or any of their present or former agents, attorneys or consultants, arising out of any Released Claims or the terms of this Settlement.

    (b)  <u>Dismissal of WARN Act Litigation</u>. Dismissal with prejudice of the WARN Action shall be executed in a form agreeable to the Parties ("<u>Dismissal</u>"). Class Counsel shall file the Dismissal with the Bankruptcy Court within seven days after the Settlement Order becomes a final order. Dismissal of the WARN Action shall not abate or limit the effectiveness of the Settlement Order, including the releases set forth herein and the terms and conditions of this Settlement.

    **16.**  **<u>No Litigation</u>.** Except as may be necessary to enforce the terms of this Settlement, the Distribution Trust, the Class Representatives, Class Counsel, the Releasing Parties, and any other person who accepts payment hereunder agree that she or he shall not commence or proceed with any action, claim, suit, proceeding or litigation on the Released Claims, or take any action inconsistent with the terms of the Settlement.

    **17.**  **<u>No Admission of Liability</u>.** This Settlement is intended to settle and dispose of the Released Claims. Nothing herein shall be construed as an admission by any Party or any of the Debtors or their estates of any facts or liability of any kind.

    **18.**  **<u>Representations and Warranties</u>.** Each Party represents and warrants that upon Bankruptcy Court approval of this Settlement and the Plan's effectiveness, it will have the legal right and authority to enter into this Settlement and the transactions and releases contemplated hereby.

    **19.**  **<u>Further Assurances</u>.** The Parties shall cooperate fully and shall execute and deliver any and all supplemental papers, documents, instruments and other assurances and shall do any and all acts that may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Settlement.

20. **RELEASE OF UNKNOWN CLAIMS.** THE CLASS REPRESENTATIVES AND CLASS MEMBERS AGREE THAT BECAUSE THE RELEASE CONTAINED IN PARAGRAPH 15 SPECIFICALLY COVERS KNOWN AND UNKNOWN CLAIMS, THE CLASS REPRESENTATIVES AND CLASS MEMBERS WAIVE ALL RIGHTS UNDER SECTION 1542 OF THE CALIFORNIA CIVIL CODE, OR UNDER ANY COMPARABLE LAW OF ANY OTHER JURISDICTION. SECTION 1542 STATES: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

21. **Miscellaneous.**

(a) <u>Continuing Jurisdiction of Bankruptcy Court</u>. The Bankruptcy Court shall have full and exclusive jurisdiction over this Settlement and any dispute or controversy arising from or related to the interpretation or enforcement of this Settlement.

(b) <u>Governing Law/Jurisdiction</u>. Except where superseded by applicable federal law, this Settlement Agreement shall be governed by the laws of the State of Delaware.

(c) <u>Governing Provisions</u>. Except as provided herein, in the event of a conflict between the Plan and this Settlement, the terms of this Settlement Agreement shall govern.

(d) <u>Notices</u>. Any notice or other communication required or permitted to be delivered under this Settlement between Class Counsel, the Distribution Trust or from any Class Member to Class Counsel, the Distribution Trust and/or the Bankruptcy Court shall be (i) in writing, (ii) delivered personally, by courier service or by certified or registered mail, first-class postage prepaid and return receipt requested, (iii) deemed to have been received on the date of delivery, and (iv) addressed as follows (or to such other address as the Party entitled to notice shall hereafter designate by a written notice filed with the Bankruptcy Court):

**If to the Distribution Trust, to:**

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
Attention:  Mark D. Collins
  Robert J. Stearn, Jr.
  Robert C. Maddox

ROBINS KAPLAN LLP
2049 Century Park East
Suite 3400
Los Angeles, CA  90067

Attention:  Scott F. Gautier

**If to Class Members or Class Counsel, to:**

OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York  10016
Attention:  Jack A. Raisner
                    René S. Roupinian

(e) <u>Non-Severability</u>.  Each of the provisions of this Settlement is a material and integral part hereof.  In the event that one or more of the provisions of this Settlement shall become invalid, illegal or unenforceable in any respect, then the entire Settlement shall be deemed null and void unless all the Parties agree otherwise.

(f) <u>Amendments</u>.  This Settlement may not be modified, amended or supplemented by the Parties except by a written agreement that the Parties have signed with any required approval of the Bankruptcy Court.

(g) <u>Integration</u>.  This Settlement contains the entire agreement among the Parties with respect to the matters covered by this Settlement, and no promise or understanding or representation made by any Party or agent, director, officer, employee or attorney of any Party that is not expressly contained in this Settlement shall be binding or valid.

(h) <u>Interpretation</u>.  This Settlement was the product of negotiations between the Parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement.

(i) <u>Headings</u>.  The headings of this Settlement are for convenience only and are not part of the Settlement and do not in any way define, limit, extend, describe or amplify the terms, provisions or scope of this Settlement and shall have no effect on its interpretation.  Where appropriate, the use of the singular shall include the plural and the use of the masculine gender shall include the feminine gender as well.

(j) <u>Signatures</u>.  Facsimile or other electronic copies of signatures on this Settlement are acceptable, and a facsimile or other electronic copy of a signature on this Settlement shall be deemed to be an original.

(k) <u>Counterparts</u>.  This Settlement may be executed in one or more counterparts, each of which together or separately shall constitute an original and which, when taken together, shall be considered one and the same binding agreement.

(l) <u>Cooperation</u>.  The Parties agree to cooperate with one another to effectuate an efficient and equitable implementation of this Settlement; provided that nothing herein shall require the Distribution Trust to breach any commitments that it may have to any other person or entity, including the purchaser of their assets and any secured lenders.

   (m)  <u>Binding Nature of Settlement</u>.  This Settlement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors, transferees, assigns, heirs and estates.

   (n)  <u>Recitals</u>.  The Recitals are hereby incorporated in full and made a part of this Settlement Agreement.

[<i>Remainder of page intentionally blank</i>]

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement as of the date first written above.

Corinthian Distribution Trust

By: _____
Name: Craig R. Jalbert
Title: Distribution Trustee


OUTTEN & GOLDEN LLP
on behalf of the Plaintiffs and Putative Class Members

By: _____
Name: Jack A. Raisner
René S. Roupinian
Title: Counsel for Plaintiffs and the Putative Class

16