# **EXHIBIT C**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., et al.,[1]<br>                Debtors. | Chapter 11<br><br>Case No. 15-10952 (JTD)<br>(Jointly Administered) |
| GUY REYNOLDS and CHRISTINE SEYMOUR, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>CORINTHIAN COLLEGES, INC.,<br><br>                Defendant. | Adversary No. 15-50309 (JTD) |

**NOTICE TO CLASS OF (I) PROPOSED SETTLEMENT OF CLASS ACTION CONCERNING WARN ACT CLAIMS; (II) CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES ONLY; (III) APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES; (IV) DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED WARN ACT SETTLEMENT; (V) RIGHT TO OBJECT TO THE SETTLEMENT AND TO APPEAR AT COURT HEARING, AND (VI) RIGHT OF CLASS MEMBERS TO OPT-OUT OF THE CLASS ACTION**

TO: All former employees of the Debtors terminated on or about April 26, 2015, in anticipation of, related to, or as the foreseeable consequence of, the mass layoffs or plant closings ordered by the Debtors on or about April 26, 2015, and within 30 days of that date, who did not receive 60 days' advance notice of such termination who have been identified as Class Members (as defined below) in this matter.

## INTRODUCTION

There is currently pending in the United States Bankruptcy Court for the District of Delaware the above-captioned adversary proceeding (the "Class Action") brought under the

---

[1] The Debtor in these cases, along with the last four digits of its federal tax identification number, is: Corinthian Colleges, Inc. (7312). Pursuant to an order of the Court dated March 30, 2016 [D.I. 1181] Corinthian Colleges Inc.'s affiliated debtors' cases were closed.

Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.*, (the "WARN Act").  The Plaintiffs listed above (the "Class Representatives") on the one hand, and representatives of the Debtors and the Corinthian Distribution Trust (the "Distribution Trust"), on the other hand, have reached a proposed settlement of the Class Action (the "Settlement") under which the benefits described below will be provided to the members of the Class.  The claims set forth in the Class Action were strongly disputed by the Debtors.  After negotiations, the parties were able to agree to the proposed Settlement in good faith, which all parties, including Class Counsel (defined below), believe is fair and reasonable under the circumstances.

This Notice constitutes notice to the Class of (a) the certification of the Class for settlement purposes only; (b) the proposed Settlement of the Class Action; (c) a description of the proposed Settlement; (d) the date of court hearing for final approval of the Settlement; (e) the right of each member of the Class to object to the Settlement, and to appear at the hearing at which the Court will consider the final approval of the Settlement; and (f) the right of Class Members to opt-out of the Class.

Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Joint Motion to approve the Settlement and the Memorandum of Law filed in support thereof.

## DESCRIPTION OF THE CLASS ACTION

On May 5, 2015, Class Representative Guy Reynolds filed with the Bankruptcy Court a class-action complaint commencing the Class Action against Debtors alleging that the Debtors violated the federal WARN Act by ordering employment terminations in connection with plant closings and/or mass layoffs on or about April 26, 2015 and thereafter, without providing sixty (60) days of advance notice thereof, and that as a consequence of this failure, the affected employees have damages in the amount of sixty (60) days' wages and benefits.  The Complaint also asserted claims under California Labor Code § 1400-1408 (the "California WARN Act"), which is substantively similar to the federal WARN Act.  On August 20, 2015, Mr. Reynolds filed an amended complaint to add Christine Seymour as a second named Plaintiff, and to add debtors Heald Capital, LLC, Heald College, LLC, Heald Education, LLC, Heald Real Estate, LLC, SD III-B Heald Holdings Corp., and SP PE VII-B Heald Holdings Corp. who had not been named as defendants in the initial complaint.

The Complaint was filed on behalf of Plaintiffs and all other persons similarly situated.  The WARN Act requires an employer having more than one hundred (100) full-time employees to give its employees working at its facilities having at least fifty (50) full-time employees at least sixty (60) calendar days' advance written notice before ordering a shutdown.  An employer may give less than sixty (60) days' written notice if it can prove that certain defenses, as enumerated in the WARN Act were applicable.  However, to avail itself of these defenses, an employer must still give as much notice as reasonably practicable and include in the notice a brief statement of the basis for less than sixty (60) days' notice.  An employer who is found liable under the WARN Act can seek reduction of damages on the grounds that it believed in good faith that it was in compliance with the WARN Act and that it had reasonable grounds for that belief or that it paid wages and benefits in lieu of notice.

On June 22, 2015, the Debtor Defendants filed an Answer to the Complaint. The Debtor Defendants believe that all of the terminations made were in compliance with all applicable laws, including the WARN Act. The Debtor Defendants contend, among other things, that: (i) to the extent the WARN Act was implicated, they qualify as "faltering companies" pursuant to section 639.9(a) of the WARN Act regulations and section 1402.5 of the California Labor Code; and (ii) the terminations were the result of "unforeseeable business circumstances" pursuant to section 639.9(b) of the WARN Act regulations.

On August 28, 2015, the Bankruptcy Court entered an Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation. On September 21, 2015, the Effective Date (as defined in the Plan) occurred and, as provided for in the Plan, *inter alia*, (i) the Corinthian Distribution Trust ("Distribution Trust") and the CCI Student Trust ("Student Trust") were created, (ii) the Distribution Trust Assets vested in the Distribution Trust and the Student Trust Assets vested in the Student Trust, (iii) the Debtors dissolved in accordance with applicable law, and (iv) the Distribution Trust and the Student Trust succeeded to the Debtors' rights in connection with the WARN Action; all as more specifically set forth in the Plan.

During the course of litigation, Class Counsel conducted informal discovery, analyzed the applicable law, had numerous discussions with the Debtors, and weighed the likelihood of success.

On _____, 2019 the Court granted class certification for settlement purposes only, defining the class as: all former employees of the Debtors terminated on or about April 26, 2015, in anticipation of, related to, or as the foreseeable consequence of, the mass layoffs or plant closings ordered by the Debtors on or about April 26, 2015, and within 30 days of that date, who did not receive 60 days' advance notice of such termination, who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) or employees within the meaning of Cal. Labor Code § 1400(h), who belong to one or both of the following two subclasses:

(a) Non-Subordinated Sub-Class: Employees who were terminated from the Debtors' campuses at: Concord, Fremont, Fresno, Hayward, Long Beach, Modesto, Rancho Cordova, Roseville, San Jose, and Stockton California;

(b) Subordinated Sub-Class: Members of the Non-Subordinated Sub-Class, and employees terminated from the Debtors' campuses at San Francisco, Salinas, and Milpitas California, Portland, Oregon, Honolulu, Hawaii, and Phoenix/Mesa, Arizona;

excluding all former employees that voluntarily terminated their employment and all former employees terminated for cause (each a "Class Member" and collectively "Class Members").

The Court also ordered that:

- Guy Reynolds and Christine Seymour be appointed as Class Representatives for the Class; and Outten & Golden LLP appointed as counsel to the Class ("Class Counsel")

- Those Class Members who do not opt-out of the Class are eligible to share in the Settlement Fund;

- Each Class Member has the right to opt out of the Class and preserve all of her/his rights, if any, against Debtors, (the "Opt-Outs");

- Each Class Member has the right to object to the Settlement Agreement, to retain counsel and be heard at the Fairness Hearing;

- The Settlement Agreement shall become effective only if it is finally approved by the Bankruptcy Court;

- The Settlement Agreement shall be effective as to all Class Members who do not opt-out of the Class and each such Class Member shall release all claims against Debtors as specified in the Settlement Agreement; and

- All released Claims of a Class Member shall be waived, and that Class Members shall not be entitled to any further distribution from Debtors on account of any released Claim.

## THE PROPOSED SETTLEMENT AGREEMENT

The following description of the proposed Settlement Agreement is only a summary. In the event of any discrepancy between this summary and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control. You may secure a copy of the complete Settlement Agreement from Class Counsel, René S. Roupinian, at the address shown for her below. The relevant terms of the Settlement may be summarized as follows:[2]

(a) Upon the Effective Date, in exchange for the release by Class Members as provided in the Settlement Agreement, the Class shall be awarded an allowed priority claim pursuant to 11 U.S.C. §§ 507(a)(4) and (a)(5) in the amount of Nine Hundred Thousand Dollars ($900,000.00) against the Debtors' estates ("WARN Claim"), to be distributed in accordance with the terms set forth below and the Debtors' Confirmation Plan (the "Plan").

(b) As more fully described in section IX.C. of the Plan, the WARN Claim shall be comprised of two parts: (1) a non-subordinated Three Hundred Thousand Dollar ($300,000) allowed priority claim (the "Non-Subordinated WARN Claim"); and (2) a

---

[2] The descriptions of the Settlement Agreement contained herein are not intended to be a full recitation of the terms of the Settlement Agreement. To the extent that any description or summary of the terms of the Settlement Agreement contained herein conflict with the terms of the Settlement Agreement, the terms of the Settlement Agreement are controlling in all respects

4

Six Hundred Thousand Dollar ($600,000) allowed priority claim that shall be subordinated only to Allowed Administrative Claims, Priority Tax Claims, Other Priority Claims, the Prepetition Lenders Adequate Protection Claims (as those terms are defined in the Plan) and the Non-Subordinated WARN Claim for distribution purposes under the Plan (the "Subordinated WARN Claim").

(c)   All distributions made by or on behalf of the Distribution Trust on account of the WARN Claim shall be referred to herein as the "WARN Claim Distributions" and the monies to be distributed pursuant to the Settlement in the aggregate shall be referred to as the "Settlement Fund."

(d)   The $300,000 to be used for payment of the Non-Subordinated WARN Claim by the Distribution Trustee.

(e)   The $600,000 payment of the Subordinated WARN Claim will be made only in the event that estate funds shall become available for the Distribution Trustee to make such a distribution.

The WARN Claim shall be allowed against Debtors in favor of the Class in complete and total satisfaction inclusive of all amounts payable in this settlement and compromise, including, without limitation, attorneys' fees and costs, the Class Representatives' service payments (as defined herein), the costs of notice and administration of the settlement and the payment of all applicable federal, state and local payroll taxes.

The Distribution Trustee shall be responsible for issuing payment to Class Members and handling all other aspects of the administration of the WARN Settlement, including, but not limited to:

(a)   the formation of a Qualified Settlement Fund to accept, distribute, and otherwise administer the Settlement;
(b)   the determination, subject to Class Counsel's review and approval, of the payroll tax and withholding amounts for each of the individual payments to each Class Member;
(c)   the preparation and mailing of settlement checks to each Class Member;
(d)   the withholding, paying, and reporting, as appropriate, of all payroll taxes, and preparing and mailing of all W-2s and/or 1099s; and
(e)   the processing of returned settlement checks that include a forwarding address.

Payments from the Settlement Fund to Class Members shall be made net of all applicable employment taxes to be withheld from such payments as determined to be due by the Distribution Trustee, including, without limitation, FICA tax, Medicare tax, and federal, state and local income tax withholding.

Before any distribution to the Class Members from the Designated Settlement Fund, the Administrator will make the following payments from the Designated Settlement Fund:

- The Class Representatives shall each receive $2,000 (the "Service

5

Payments") as payment for the services they provided to the Class in connection with the prosecution of the WARN Action;

- Class Counsel shall be entitled to reimbursement of its reasonable expenses not to exceed $5,000;

- payment of the Service Payments and reimbursement of Class Counsel's expenses, Class Counsel shall receive 33⅓% of the balance as its attorneys' fees; and

- payment of the Distribution Trust's Fee and estimated expenses incurred in carrying out its responsibilities under the Settlement Agreement.

The WARN Claim shall be allocated to each Class Member ("Class Member's Share"), on either a pro rata basis based on the relationship that such Class Member's potential damages under the WARN Act bears to the aggregate potential damages of all Class Members under the WARN Act, or on a per capita basis, or if required by feasibility a different formula, at the discretion of Class Counsel, and shall be made directly to Class Members.  No distribution will be made for Class Member's Shares of less than Twenty-Five Dollars ($25.00).

Upon Court approval of the Settlement Agreement, it shall be effective as to all Class Members who do not opt-out of the Class.

## CLASS COUNSEL'S RECOMMENDATION

Class Counsel recommends the Settlement, believing that it is fair, reasonable and adequate to the Class.  The results of a trial are uncertain and the litigation here is complex.  The WARN Action involves numerous legal issues regarding the application of the WARN Act and its statutory and other legal defenses to complex facts.

## TAXES WILL BE WITHHELD FROM DISBURSEMENTS UNDER THIS SETTLEMENT

All Class Members who receive a payment pursuant to this Settlement will receive an IRS Form W-2 with their payment.

## RELEASE OF ALL CLAIMS RELATED TO YOUR TERMINATION AND EFFECT OF APPROVAL OF SETTLEMENT AGREEMENT

Upon final approval by the Court and payment by the Debtors of amounts described above, the Settlement Agreement will result in the dismissal of the Class Action on the merits and with prejudice to all Class Members who do not opt out of the Settlement Agreement, and shall constitute a full release and discharge by each such Class Member for and on behalf of themselves, and their respective successors and assigns (collectively, the "Releasing Parties") of all claims against the Debtors, the Distribution Trust, the Student Trust and each of their respective estates, parent corporations, subsidiaries and affiliates, and each of their current and former shareholders, officers, directors, employees, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "Released Parties"), of

and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, injunctive relief, restitution, costs, expenses, attorneys' fees, penalties, interest and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties may now have or hereafter may have against the Released Parties, which relate to or are based on the WARN Act or back, notice or severance pay or benefits under any federal, state or local law or regulation arising out of the termination of the Class Members' employment by the Debtors including, but not limited to: (a) all claims asserted or that could have been asserted in the WARN Action; (b) the individual WARN Act claims; and (c) any other claims for back, notice or severance pay or benefits based on or arising out of any federal, state or local statute, ordinance or regulation; provided, however, that the following claims and/or rights shall not be released: (x) any claims for continuation of health or medical coverage, at the Class Member's expense, or at the expense of a beneficiary or dependent of a Class Member, to the extent allegedly required by the relevant provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985; and (y) rights, if any, unrelated to Class Members' WARN Act claims, under the Debtors' 401(k) plans.  The claims released hereunder are referred to herein as the "<u>Released Claims</u>."  The Released Parties expressly reserve the right to object to, offset or oppose any and all claims, obligations, or causes of action, of any type, except those claims expressly allowed hereunder.  On the Effective Date, in accordance with this Settlement, the Class Members agree that any claims that have been scheduled on behalf of, or filed by, a Class Representative, the Putative Class or any member thereof in the Cases, on account of any alleged violation of the WARN Act or back, or severance pay or benefits under any federal, state or local law or regulation, including, without limitation, the individual WARN Act claims, are disallowed in their entirety and shall be deemed expunged from the Debtors' schedules or claims register, as applicable, except to the extent provided for herein.  In addition, each Releasing Party shall be deemed as of the Effective Date to have released the Plaintiffs from any and all claims whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, fixed or not, matured or unmatured, disputed or undisputed, legal or equitable, known or unknown that he or she may have against the Plaintiffs, any successors or assignees to their legal interests, or any of their present or former agents, attorneys or consultants, arising out of any Released Claims or the terms of this Settlement.

Any individual proofs of claim filed by any Class Members that assert claims that are released by the Settlement Agreement will be deemed withdrawn and will not receive any further distribution or payment.

<b><u>HOW TO OBJECT OR OPT-OUT</u></b>

If you are satisfied with the proposed Settlement, you need to do nothing and you will receive your share of the Settlement.

If, on the other hand, you believe that the proposed Settlement is unfair or inadequate, you may object to the Settlement and/or the attorneys' fees by mailing, via certified mail return receipt requested, a written statement bearing the caption of this action (shown on the first page of this Notice) with the basis for your objection, to the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware, 19801, and by sending copies of that statement, also by certified mail return receipt requested, to: 1) René S. Roupinian, Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017; and 2) Mark D. Collins, Richards Layton & Finger, P.A., One Rodney Square, 920

North King Street, Wilmington, DE 19801. Objections must be mailed so as to be received no later than _____, 2019, and must include your name, address, and telephone number, together with a statement of whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting binding Court approval of the Settlement, including attorneys' fees, as described above.

You may also appear in person or by counsel at the final hearing described below.

**If you choose not to be bound by this Settlement and do not wish to share in any of the benefits described herein, you may opt-out of the Class by filling out the attached "Opt-Out Form," and sign and mail that form by certified mail, return receipt requested, to: Class Counsel attn: René S. Roupinian, Esq., Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, NY 10017. The form must be received no later than _____, 2019. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the Class.**

### FINAL HEARING TO APPROVE SETTLEMENT AND ATTORNEYS' FEES

The hearing for final consideration and approval of the Settlement, including attorneys' fees to Class Counsel, is scheduled to take place on _____, 2019 at _____ in Courtroom #[4] of the United States Bankruptcy Court for the District of Delaware at 824 North Market Street, 5th Floor, Wilmington, Delaware 19801. That hearing may be adjourned without further notice. If you wish to determine if the hearing is adjourned, you may contact René S. Roupinian at the address shown above.

### OTHER INFORMATION

Any questions from members of the Class concerning this Notice or the Class Action should be directed to René S. Roupinian at the address shown above. All requests for more information, including a copy of the Settlement or the moving papers filed with the court in support of the Settlement, should be sent by first-class mail to René S. Roupinian to the address indicated above or via email at rsr@outtengolden.com

While the Court has approved the sending of this Notice the Court has not taken any position as to the respective claims or defenses asserted by the parties in the Class Action.

### PLEASE DO NOT WRITE TO OR CALL THE COURT CONCERNING THIS MATTER

# **OPT-OUT FORM**

*Reynolds, et al. v. Corinthian Colleges, Inc., et al.,*
Adversary Proceeding No. 15-50309 (JTD)

I, the undersigned, have read the foregoing Class Notice and understand its contents.

I **DO NOT** want to participate in the above WARN Act Class Litigation and **DO NOT** wish to receive any benefits from or be bound by the Settlement Agreement described herein.

NAME (printed) _____   SIGNATURE _____

ADDRESS: _____

CITY, STATE and ZIP CODE: _____

DATE: _____   TELEPHONE: _____

EMAIL ADDRESS: _____

If you do NOT wish to participate, send this completed form to:
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, New York 10017

Attn: René S. Roupinian

RLF1 21730310v.1