# **EXHIBIT D**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., et al[1].<br>            Debtors. | Chapter 11<br><br>Case No. 15-10952 (JTD)<br>(Jointly Administered) |
| GUY REYNOLDS and CHRISTINE SEYMOUR, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>CORINTHIAN COLLEGES, INC.,<br><br>            Defendant. | Adversary No. 15-50309 (JTD) |

**FINAL ORDER: (A) APPROVING THE WARN SETTLEMENT UNDER FED. R. CIV. P. 23, FED. BANKR. R. 7023, AND BANKR. R. 9019; (B) APPROVING CLASS COUNSEL'S FEES AND EXPENSES; AND (C) AUTHORIZING DISTRIBUTIONS TO THE CLASS**

**UPON** the Order dated _____ __, 2019 [Dkt. No. ___] (the "Preliminary Approval Order") preliminarily approving the joint motion (the "Joint Motion") of Plaintiffs Guy Reynolds and Christine Seymour ("Plaintiffs"), together with the Corinthian Distribution Trust (the "Distribution Trust") as representatives of the Debtors in the chapter 11 bankruptcy cases jointly administered in this Court under Bankruptcy Case No. 15-10952-JTD, for an Order: 1) certifying the WARN class for settlement purposes only, including the appointment of Class Counsel and the Class Representatives; 2) preliminarily approving the Settlement Agreement pursuant to

---

[1] The Debtor in these cases, along with the last four digits of its federal tax identification number, is: Corinthian Colleges, Inc. (7312). Pursuant to an order of the Court dated March 30, 2016 [D.I. 1181] Corinthian Colleges Inc.'s affiliated debtors' cases were closed.

RLF1 21733084v.2

Bankruptcy Rules 9019 and 7023; 4) approving the form and manner of notice of the Settlement to the members of the Class; and 5) scheduling a Fairness Hearing to consider final approval of the Settlement Agreement for _____, and upon the Affidavit of Service evidencing proof of service of the notice to class members of the proposed settlement, which was filed with the Court [Dkt. No. \_\_\_]; the Court having reviewed the Joint Motion and being fully advised; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 USC § 157(b)(2); (c) notice of the Joint Motion and the hearing on the Joint Motion was sufficient under the circumstances; (d) terms not otherwise defined herein have the meanings given to them in the Joint Motion; and (e) no objections have been filed in opposition to the Joint Motion; the Court having reviewed the Terms of the Settlement Agreement; and the Court having determined that the legal and factual bases set forth in the Joint Motion establish just cause for the relief granted herein; the Court having determined that the relief sought in the Joint Motion is in the best interest of the Debtors' bankruptcy estates; and after due deliberations and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

    1.    The Joint Motion is GRANTED in its entirety;

    2.    All objections to the Joint Motion or the relief requested in the Joint Motion, if any, that have not been withdrawn, waived or settled, and all reservation of rights in such objections, if any, shall be and hereby are, OVERRULED in all respects on the merits and denied;

    3.    The Settlement Agreement is approved in all respects as being fair, reasonable, adequate to the Class Members for the following reasons:

    a.    If the Settlement is not approved, the Adversary Proceeding will likely be complicated, protracted and expensive, thereby unnecessarily depleting the Debtors'

estates and delaying and diminishing distributions to creditors, including Class Members.

b. The Class Representatives support the Settlement and Class Counsel anticipates that there will be a minimal number of objections given that the size and terms of the Settlement are favorable to Class Members.

c. The Settlement was reached after the essential facts had been thoroughly investigated by Class Counsel through informal discovery and settlement conferences between counsel for the Parties.

d. The risks of the Plaintiffs being unable to establish liability and damages were significant because of the affirmative defenses asserted by the Debtors.

e. The Settlement is well within the range of reasonableness given the uncertainty of the Plaintiffs' ability to establish liability and to recover against bankrupt debtors.

f. The Settlement Agreement was negotiated at arm's length by experienced counsel and in good faith, is fair, equitable, and in the best interests of the Parties.

4. On the Effective Date (as defined in the Settlement Agreement), the Settlement and the Settlement Agreement shall become binding upon the Parties and the Class;

5. The Class Representatives are each awarded a one-time payment of two thousand dollars ($2,000) as compensation for their service in this matter (the "Service Payments");

6. Class Counsel is awarded attorneys' fees of thirty-three and one third percent (33⅓%) of the Settlement Amount, net of (a) reimbursement of documented litigation expenses (including costs associated with the production and mailing of the Class Notices) not to exceed five thousand dollars ($5,000), and (b) the Class Representative Service Payments;

7. The Distribution Trust is entitled to a one-time payment of ten thousand dollars ($10,000) as compensation for services rendered in connection with the Settlement Agreement and the Distribution Trustee's expenses for administering the WARN Settlement, including,

without limitation, for the preparation and mailing of settlement checks and tax forms shall be paid exclusively from the Settlement Amount.

8. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the conclusions of law constitute findings of fact, they are adopted as such;

9. The entry of this Order is without prejudice to the relief granted in the Preliminary Approval Order and entry of this Order shall not serve to extend or stay the time of filing any appeal regarding any of the relief granted in the Preliminary Order;

10. The Distribution Trustee and the Distribution Trust are hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order and the Settlement Agreement; and

11. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and/or implementation of this Order;

12. This Order is effective immediately upon entry.

Dated: _____, 2019

_____
THE HONORABLE JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE