IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC., et al[2].<br>            Debtors. | Chapter 11<br><br>Case No. 15-10952 (JTD)<br>(Jointly Administered) |
| GUY REYNOLDS and CHRISTINE SEYMOUR, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>    v.<br><br>CORINTHIAN COLLEGES, INC.,<br><br>              Defendant. | Adversary No. 15-50309 (JTD)<br><br>**Re: Docket No. 1683; Adv. Docket No. 65** |

**ORDER (I) GRANTING THE JOINT MOTION, (II) CERTIFYING WARN CLASS FOR SETTLEMENT PURPOSES, (III) PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT (IV) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS, AND (V) SCHEDULING A FAIRNESS HEARING TO CONSIDER <u>FINAL APPROVAL OF THE SETTLEMENT</u>**

Upon the Joint Motion for (A) entry of an order 1) certifying the WARN Class for settlement purposes only, including the appointment of Class Counsel and the Class Representatives, 2) preliminarily approving the Settlement Agreement pursuant to Bankruptcy Rules 7023 and 9019,  3)  approving the form and manner of notice of the Settlement to the members of the Class, and 4) scheduling a Fairness Hearing to consider final approval of the Settlement Agreement, and (B) following the Fairness Hearing, entry of a final order approving

---

[2] The Debtor in these cases, along with the last four digits of its federal tax identification number, is: Corinthian Colleges, Inc. (7312).  Pursuant to an order of the Court dated March 30, 2016 [D.I. 1181] Corinthian Colleges Inc.'s affiliated debtors' cases were closed.

the Settlement Agreement and granting related relief (the "Joint Motion"),[3] submitted by Plaintiffs Guy Reynolds and Christine Seymour ("Plaintiffs") and the Corinthian Distribution Trust; and the Court having considered the Joint Motion, the statements of counsel at a hearing before the Court, if any, and any opposition thereto; and the Court having found that proper and sufficient notice of the Joint Motion has been given; that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the relief requested in the Joint Motion is appropriate to resolve the significant and complex issues raised by this litigation and to avoid the burden, uncertainty and delay, expense and distraction of litigation and that the relief requested in the Joint Motion is in the best interest of the estates and their creditors;

**IT IS HEREBY ORDERED THAT:**

1. The Joint Motion is approved as set forth herein.

2. The Class is certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, as implemented through Rule 7023 of the Federal Rules of Bankruptcy Procedure, and is defined as: all former employees of the Debtors terminated on or about April 26, 2015, in anticipation of, related to, or as the foreseeable consequence of, the mass layoffs or plant closings ordered by the Debtors on or about April 26, 2015, and within 30 days of that date, who did not receive 60 days' advance notice of such termination, who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) or employees within the meaning of Cal. Labor Code § 1400(h), who belong to one or both of the following two subclasses:

    (a)    Non-Subordinated Sub-Class: Employees who were terminated from the Debtors' campuses at: Concord, Fremont, Fresno, Hayward, Long Beach, Modesto, Rancho Cordova, Roseville, San Jose, and Stockton California;

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Joint Motion.

   (b)  Subordinated Sub-Class: Members of the Non-Subordinated Sub-Class, and employees terminated from the Debtors' campuses at San Francisco, Salinas, and Milpitas California, Portland, Oregon, Honolulu, Hawaii, and Phoenix/Mesa, Arizona;

excluding all former employees that voluntarily terminated their employment and all former employees terminated for cause (each a "<u>Class Member</u>" and collectively "<u>Class Members</u>").

   3. Plaintiffs Guy Reynolds and Christine Seymour are appointed as Class Representatives.

   4. Outten & Golden LLP is appointed Class Counsel pursuant to Fed. Civil Rule 23(c)(1)(B).

   5. The Settlement, as set forth in the Settlement and Release Agreement, is preliminarily approved, subject to final approval at the Fairness Hearing.

   6. The Class Notice is hereby approved.

   7. Notice to the Class Members by first class mail; postage prepaid, at their last known address is reasonable and the best notice practicable under the circumstances and constitutes due and sufficient notice to all potential Class Members in full compliance with the notice requirements of Fed. Civil Rule 23 and such mailing shall be made by Class Counsel within five (5) days following entry of this Order.

   8. Within five (5) days of mailing the Notice, Class Counsel shall file and service a statement under oath constituting proof of mailing.

   9. Class Members must file any objection to the proposed settlement or exercise their right to opt-out of the class no later than ten (10) days before the final Fairness Hearing.

   10. Within five (5) days after the objection and opt-out deadline has expired, Class Counsel shall file and serve a statement under oath listing the names of any class members who objected to the proposed settlement or exercised their right to opt-out of the class.

11. The final Fairness Hearing regarding the Settlement Agreement is scheduled to be held on **September 25 2019 at 11:00 a.m. prevailing Eastern Time**. The final Fairness Hearing may be continued from time to time by the Court without further notice other than the announcement of the adjourned date(s) at the final Fairness Hearing or any continued hearing.

12. This Court shall retain jurisdiction over all matters arising pursuant to or related to the relief granted by this Order.

Dated: August 20th, 2019  
Wilmington, Delaware

**JOHN T. DORSEY**  
**UNITED STATES BANKRUPTCY JUDGE**