**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: | Chapter 11 |
| Corinthian Colleges, Inc., et al., | Case No. 1:15-bk-10952-KJC |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  June 9, 2020 at 3:00 p.m. (ET)**<br>**Obj. Deadline: May 18, 2020 at 4:00 p.m. (ET)** |

## MARICOPA COUNTY TREASURER'S MOTION FOR IMMEDIATE PAYMENT OF SECURED PERSONAL PROPERTY TAXES

Maricopa County Treasurer ("MCT"), a tax lien holder, by and through its undersigned counsel, hereby moves this Court for an order directing immediate payment of the Maricopa County Treasurer's secured personal property taxes in the amount of $67,985.35, plus accrued and accruing interest, from (i) the sale proceeds pursuant to the *Order Authorizing the Debtors to Conduct De Minimis Asset Sales of $25,000 or Less Without Further Order of the Court* (the "De Minimis Asset Sales Order") (DE 23), specifically related to those sales at dockets 85, 88 and 95, and (ii) the sale proceeds pursuant to the *Order (I) Authorizing the Debtors to Conduct and Consummate Asset Sales Exceeding the Thresholds Set Forth in the De Minimis Asset Sale Order; (II) Approving Such Sales; and (III) Granting Certain Related Relief* (the "Sale Order") (DE 224), and pursuant to 11 U.S.C. § 105. This motion is supported by the following Memorandum of Points and Authorities.

ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

BY:  */s/ Peter Muthig*
      PETER MUTHIG
      Deputy County Attorney
      *Attorney for Maricopa County Treasurer*

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2    1. **MCT's Tax Liens**:

3    On January 1, 2015, the MCT tax liens for 2015 attached to the Debtors' personal

4 property located in Maricopa County, Arizona. Arizona Revised Statutes ("A.R.S.") § 42-

5 17153(C)(1). While the tax liens attached on January 1, 2015, the 2015 taxes were not

6 liquidated in amount until on or around September 1, 2015. The 2015 tax and interest due

7 as of May 1, 2020, is $67,985.35 (see table below). The 2015 tax liens are liens against

8 the property and are prior and superior to any other liens of every kind and description

9 regardless of when another lien attached. A.R.S. § 42-19106(A). Interest accrues on

10 delinquent taxes at the statutory rate of 16% per annum from the dates of delinquency

11 until paid in full. *See* 11 U.S.C. § 511 and A.R.S. § 42-18053.

| Debtor | Property Address | Parcel | 2015 Tax | 2015 Interest as of 5/1/20 | 2015 Tax + Interest as of 5/1/20 |
|---|---|---|---|---|---|
| Everest College | 10400 N. 25th Avenue, Suite 190, Phoenix, AZ | 948-64-261 | $14,604.58 | $10,125.59 | $24,730.17 |
| Everest College | 5416 E. Baseline Rd., Mesa, AZ | 990-17-377 | $2,703.10 | $1,874.10 | $4,577.20 |
| Everest College | 8160 S. Hardy Dr., Ste. 102, Tempe, AZ | 990-68-133 | $2,550.52 | $1,768.32 | $4,318.84 |
| Everest College | 8160 S. Hardy Dr., Ste. 102, Tempe, AZ | 993-08-991 | $20,291.04 | $14,068.10 | $34,359.14 |
| | | | $40,149.24 | $27,836.11 | $67,985.35 |

18    Further, the tax liens are not discharged until the taxes are paid or the title to the

19 property vests in a purchaser of the property for taxes. A.R.S. § 42-19106(B). Neither of

20 those has occurred in this case. In addition, "the tax on personal property is a debt against

21 the owner to whom the property is assessed and against the owner's successors and

22 assigns" and the taxes are collectable "from the owner and the owner's successors and

23 assigns, or any of them, for collection of the tax and costs." A.R.S. § 42-19117.

2.  **The Personal Property Taxes Must Be Paid From Sale Proceeds:**

**The De Minimis Asset Sale Order**

On May 5, 2015, the Court entered the De Minimis Asset Sale Order. The De Minimis Asset Sale Order provided that the assets would be sold free and clear of liens only to the extent permitted by 363(f) of the Bankruptcy Code (De Minimis Asset Sale Order, p. 2). Further, the De Minimis Asset Sale Order provided that "[a]ll such liens, claims, encumbrances and other interests shall attach to the proceeds of the sale to the extent the underlying security agreement provides for the continuation of such liens, claims, encumbrances and other interests, with the same validity and priority with respect to the assets." (De Minimis Asset Sale Order, p. 5).

The De Minimis asset sales relating to the personal property in Maricopa County included, at a minimum, the property in the sale Notices at dockets 85,88 and 95. The total sale proceeds generated by those sales was $36,828.00.

**The Sale Order**

In addition, the Sale Order provided for a sale free and clear of liens and provided that "[a]ll such liens, claims, encumbrances and other interests shall attach to the proceeds of the sale to the extent the underlying security agreement provides for the continuation of such liens, claims, encumbrances and other interests, with the same validity and priority with respect to the assets." (Sale Order, pp. 2-3). Pursuant to the Sale Motion (DE 41), the Debtors instructed the campus presidents in California and Arizona to "log and ship all equipment worth over $5,000 that is easily transportable to the nearer of the two Wyotech Locations to allow the Debtors additional time to properly market the assets." (Sale Motion, p. 4, item 8). The Wyotech Locations were located in Fremont and Long Beach, CA. Therefore, MCT believes any easily transportable property worth over

3

$5,000 previously located in Maricopa County was transferred to California and was then subsequently sold to Bank of America for the purchase price of $200,000 pursuant to the Sale Order. (Sale Order, Exhibit 1).

**A.R.S. §§ 42-19106 and 42-17153**

As stated above, Arizona law grants Maricopa County a valid lien on personal property that is "prior and superior to any other liens of every kind and description regardless of when another lien attached." A.R.S. § 42-19106[1]. The taxes are not discharged until the taxes and interest are paid in full. Therefore, Maricopa County held and holds a first priority lien on the sale proceeds and the 2015 taxes should be paid accordingly.

**A.R.S. § 42-18059 and 42-19107(A)**

Arizona law further provides "If the tax has not been paid on property sold at judicial sale, or sold by an executor, administrator, guardian or trustee, the person making the sale shall pay the taxes, penalties and costs from the proceeds of the sale." A.R.S. § 42-18059. Therefore, the 2015 taxes should have been paid upon sale of the personal property.

Arizona law further provides that "It is unlawful for the owner, a lienholder, a conditional vendor or any other person to knowingly sell or transfer personal property or remove it from its location until the taxes on the property are paid." A.R.S. § 42-19107(A). A violation of this statute is a Class 1 Misdemeanor.

The county is entitled to have its tax liens on the property paid from the proceeds of the sale of the property. *Brans v. City of Dallas, Texas*, 217 F.2d 640, 641 (5th

---

[1] See also A.R.S. § 42-17153.

Cir.1954).

WHEREFORE, Maricopa County respectfully requests that the Court enter an order directing immediate payment to MCT in the amount of $67,985.35 for the 2015 personal property taxes and interest currently due, plus interest accruing through the date of payment.

RESPECTFULLY SUBMITTED this 4th day of May, 2020.

ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

BY:  */s/ Peter Muthig*_____
PETER MUTHIG
Deputy County Attorney
*Attorney for Maricopa County Treasurer*

ORIGINAL of the foregoing E-FILED
this 4th day of May, 2020, with:

Clerk, United States Bankruptcy Court
District of Delaware
824 Market Street, 3rd Floor
Wilmington, DE 19801

COPY of the foregoing mailed/e-mailed,
this 4th day of May, 2020, to:

United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035
Email: USTPREGION03.WL.ECF@USDOJ.GOV

/ / /

/ / /

/ / /

5

Mark D. Collins
Michael J. Merchant
Amanda R. Steele
Robert C. Maddox
J. Zachary Noble
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Email: collins@RLF.com
Email: merchant@rlf.com
Email: steele@rlf.com
Email: maddox@rlf.com
Email: noble@rlf.com
*Attorneys for Distribution Trustee*

Timothy Jay Fox, Jr.
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, Delaware 19801
Email: timothy.fox@usdoj.gov
*Attorneys for U.S. Trustee*

H. Jeffrey Schwartz
Bennett S. Silverberg
Brown Rudnick LLP
Seven Times Square
New York, New York, 10036
Email: jschwartz@brownrudnick.com
Email: bsilverberg@brownrudnick.com
*Counsel for the Unsecured Creditors' Committee*

Frederick B. Rosner
Julia B. Klein
The Rosner Law Group LLC
824 Market Street, Suite 810
Wilmington, Delaware 19801
Email: rosner@teamrosner.com
Email: klein@teamrosner.com
*Counsel for the Unsecured Creditors' Committee*

*/s/ Marcy Delgado*

6