## Exhibit B

**Jalbert Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § § § § § § § § § § | Chapter 11 <br><br> Case No. 15-10952 (JTD) |
| CORINTHIAN COLLEGES, INC.,[1] | | |
| Debtors. | | |

-------------------------------------------------------

**DECLARATION OF CRAIG R. JALBERT IN SUPPORT OF THE DISTRIBUTION TRUSTEE'S FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN (I) DUPLICATE CLAIMS; (II) AMENDED AND SUPERSEDED CLAIMS; AND (III) INSUFFICIENT DOCUMENTATION CLAIMS**

I, Craig R. Jalbert, hereby declare under penalty of perjury:

1. I am a principal of Verdolino & Lowey, P.C. where I have worked as a restructuring professional for more than twenty years. I am a certified insolvency and restructuring advisor and am the Distribution Trustee for the Corinthian Colleges Distribution Trust (the "**Distribution Trust**"), established pursuant to the *Debtors' Third Amended and Modified Combined Disclosure Statement Chapter 11 Plan of Liquidating* [D.I. 990].

2. I submit this declaration (the "**Declaration**") in support of the *Distribution Trustee's First Omnibus (Non-Substantive) Objection to Certain (I) Duplicate Claims; (II) Amended and Superseded Claims; and (III) Insufficient Documentation Claims* (the "**Objection**"),[2] dated as of the date hereof and file contemporaneously herewith.

3. I am over the age of eighteen and am authorized by the Distribution Trust to submit this Declaration. All statements in this Declaration are based upon my personal

---

[1]  The debtors in these cases, along with the last four digits of the debtor's federal tax identification number is: Corinthian Colleges, Inc. (7312).

[2]  Capitalized terms used but not defined in this Declaration shall have the same meanings ascribed to them in the Objection.

knowledge, my review (or the review of others under my supervision) of (i) the relevant proofs of claim, (ii) the official register of claims filed in the chapter 11 case, and/or (c) the Debtors' Books and Records and other documents identified herein.  If called as a witness, I could and would competently testify to the facts set forth in this Declaration.

4. The proofs of claim subject to the Objection were carefully reviewed and analyzed in good faith using due diligence by appropriate personnel of the Distribution Trust, Omni, Verdolino & Lowey, P.C., and Richards, Layton & Finger, P.A.

### A. Duplicate Claims

5. Based upon a review and analysis of the Duplicate Claims listed on <u>Schedule 1</u> to the Proposed Order and the Claims Register, I have determined that each Duplicate Claim was filed by or on behalf of the same claimant, in the same amount and priority.  Each claim listed under the column "Duplicate Claim to be Disallowed" is duplicative of the corresponding claim listed under the column titled "Surviving Claim."  As a general practice, I have determined that the Surviving Claim should be the first filed claim, and that the disallowed and expunged claim should be the later filed Duplicate Claim.

6. My professionals and I performed an in-depth review of the proofs of claim and the Claims Register to determine whether such Duplicate Claims were in fact filed by, or on behalf of, the same claimant and on account of the same liability as the corresponding Surviving Claims.  Moreover, this review included ensuring that the Surviving Claims include those that attached the most fulsome documentation.  Therefore, after careful review, it is my belief that all of the Duplicate Claims listed under the column "Duplicate Claim to be Disallowed" are in fact duplicates of the corresponding Surviving Claims.

7. Disallowance of these redundant claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. Any disallowance or expungement of the Duplicate Claims will not prejudice any claimants or their substantive rights against the Distribution Trust because each Surviving Claim will remain on the Claims Register, subject to the Distribution Trust's ongoing rights to object to the Surviving Claims on any other applicable grounds, including other grounds set forth in the Distribution Trustee's subsequent omnibus objections.

**B. Amended and Superseded Claims**

8. Based upon my review and analysis of the Amended and Superseded Claims listed on Schedule 2 to the Proposed Order, each Amended and Superseded Claim listed under the column "Amended Claim to be Disallowed" has been amended and superseded by a subsequently filed proof of claim by the same claimant and on account of the same liability as those listed in the column labeled "Remaining Claim."

9. My professionals and I have performed an in-depth review of the proofs of claim and the Claims Register to determine which corresponding Remaining Claims were associated with each such Amended and Superseded Claim listed under the column "Amended Claim to be Disallowed." Therefore, after careful review, it is my belief that all of the Amended and Superseded Claims listed under the column "Amended Claim to be Disallowed" have in fact been amended and superseded by the corresponding Remaining Claims.

10. The relief requested in the Objection is necessary to prevent the allowance of the Amended and Superseded Claims, which by their nature have been superseded and remain on the Claims Register only as a technicality. Disallowance of these claims that have been amended and superseded will enable the Claims Register to reflect more accurately the claims asserted

against the Debtors. The claimants holding Amended and Superseded Claims will not be prejudiced by having their respective Amended and Superseded Claims disallowed and expunged because each Remaining Claim will remain on the Claims Register, subject to the Distribution Trust's ongoing rights to object to the Remaining Claims on these or any other applicable grounds, including other grounds set forth in any of the Distribution Trustee's subsequent omnibus objections.

### C. Insufficient Documentation Claims

11.  Each Insufficient Documentation Claim listed on Schedule 3 to the Proposed Order was filed without sufficient documentation to substantiate the claims asserted therein. My professionals and I have been unable to locate any documentation that would substantiate the Insufficient Documentation Claims, whether in full or in part.

12.  The basis for my determination includes, but is not limited to, the review of (i) the Debtor's Books and Records, which were maintained in the ordinary course of business by the Debtors, and do not reflect the existence of the asserted Insufficient Documentation Claims, and (ii) the proofs of claims asserting the Insufficient Documentation Claims, which provide no basis or appropriate supporting documentation on which the existence of a valid claim could be determined. Therefore, I object to the allowance of the Insufficient Documentation Claims set forth on Schedule 3 to the Proposed Order and seek entry of the Proposed Order disallowing and expunging the Insufficient Documentation Claims.

13.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

-5-

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of March, 2021.

                                                */s/ Craig Jalbert*
                                                Craig Jalbert
                                                Distribution Trustee
                                                Corinthian Colleges Distribution Trust