# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: § <br> § <br> CORINTHIAN COLLEGES, INC.¹ § <br> § <br> § <br> Debtor. § <br> § <br> ------------------------------------------------------------ | Chapter 11 <br><br> Case No. 15-10952 (JTD) <br><br> Response Deadline: Sept. 17, 2021 at 4:00 p.m. (ET) <br> Hearing Date: Oct. 5, 2021 at 11:00 a.m. (ET) |

### DISTRIBUTION TRUSTEE'S SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN (I) NO LIABILITY CLAIMS AND (II) OVERSTATED CLAIMS

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE AND/OR MODIFY CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 AND/OR SCHEDULE 2 ATTACHED TO THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN.**

Craig R. Jalbert, the distribution trustee (the "**Distribution Trustee**") for the Corinthian Colleges Distribution Trust (the "**Distribution Trust**"), in the above captioned chapter 11 case hereby files this omnibus objection (this "**Objection**") and respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") authorizing the Distribution Trustee to disallow and expunge and/or modify as applicable: (i) the no liability claims identified on Schedule 1 thereto (the "**No Liability Claims**"); and (ii) the overstated claims identified on Schedule 2

---

[1] The debtor in this case, along with the last four digits of the debtor's federal tax identification number, is: Corinthian Colleges, Inc. (7312).

RLF1 25351940v.2

thereto (the "**Overstated Claims**" and, together with the No Liability Claims, the "**Disputed Claims**"). In support of this Objection, the Distribution Trustee submits the *Declaration of Craig R. Jalbert in Support of the Distribution Trustee's Second Omnibus (Substantive) Objection to Certain (I) No Liability Claims and (II) Overstated Claims* (the "**Jalbert Declaration**"), annexed hereto as Exhibit B. In support of this Motion, the Distribution Trustee respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[2]

## BACKGROUND

3. On November 19, 2014, the Debtors entered into an asset purchase agreement with Zenith Education Group, Inc. ("**Zenith**"), a subsidiary of Education Credit Management Corp. Group, for the sale (the "**Sale**") of 56 Everest and WyoTech schools. The Sale to Zenith closed in early February of 2015.

4. On May 4, 2015 (the "**Petition Date**"), the above-captioned debtor and affiliated entities (collectively, the "**Debtors**"), filed voluntary petitions with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors managed and operated their businesses as debtors-in-possession under Bankruptcy Code sections 1107 and 1108.

---

[2] Under rule 9013-1(f) of the Local Rules, the Distribution Trustee hereby confirms its consent to the entry of a final order by this Court in connection with this Objection if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

**CLAIMS PROCESS**

5.      On June 8, 2015, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs [D.I. 290 - 359] (collectively, the "**Schedules**").  The Debtors amended their Schedules on June 15, 2015, August 21, 2015 and September 15, 2015 [D.I. 411-416, 832-837 & 944-952] .

6.      On June 18, 2015 the Court entered the *Order Pursuant to 11 U.S.C. §§ 501, 502, 503 and 1111(a), Fed. R. Bankr. P. 2002 and 3003(c)(3) and Del. Bankr. L.R. 2002-1(e) Establishing Bar Dates for Filing Claims and Approving Form and Manner of Notice Thereof* [D.I. 429] (the "**Bar Date Order**").  That same day, the Debtors filed the *Notice of Deadlines for Filing Proofs of Claim Against Debtors* [D.I. 431] (the "**Bar Date Notice**").

7.      The Bar Date Order and Bar Date Notice established, among other things: (i) July 20, 2015 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim in the Chapter 11 Cases for persons or entities (except governmental units (as that term is defined in section 101(27) of the Bankruptcy Code)), and (ii) November 2, 2015 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim in the Chapter 11 Cases.

8.      On June 23, 2015, Omni Agent Solutions (formerly Rust Consulting/Omni Bankruptcy) ("**Omni**"), the Debtors' court-appointed claims and noticing agent, mailed the Bar Date Notice to all known holders of potential claims and their counsel (if known) [D.I. 475].

9.      On July 1, 2015, the Debtors filed the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation*, which was subsequently amended on July 24, 2015, July 27, 2015, August 25, 2015, and August 28, 2015 [D.I. 520, 646, 655, 863, 906, and 909, respectively] (as amended, the "**Plan**").  On August 28, 2015, the Court entered the *Order*

*Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [D.I. 913] (the "**Confirmation Order**") confirming the Debtors' Plan.

10. The Effective Date of the Plan occurred on September 21, 2015 [D.I. 1014]. The Plan provided that on the Effective Date all the remaining assets of the Debtors' estates would transfer to two trusts: (i) the Distribution Trust, for the benefit of Holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims (other than Student 507(a)(7) Deposit Claims), Allowed Prepetition Lenders Secured Claims, Allowed Other Secured Claims and Allowed General Unsecured Claims, and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims.

11. On March 30, 2016, the Court entered the *Order Closing Certain Chapter 11 Cases* [D.I. 1181], closing the chapter 11 cases of related debtor entities, and allowed Case No. 15-10952 (JTD), Corinthian Colleges, Inc. to remain open and be the chapter 11 case through which the Debtors' consolidated estate be administered.

12. In the ordinary course of their business, the Debtors maintained books and records (the "**Books and Records**") that reflect, among other things, the Debtors' liabilities. The claims register (the "**Claims Register**"), prepared and maintained by Omni, shows that nearly 4,300 proofs of claim (the "**Proofs of Claim**") have been filed in this chapter 11 case. From and after the Effective Date, the Distribution Trustee, with the assistance of his advisors and professionals, has been analyzing the Proofs of Claim to ascertain which Proofs of Claim should be disallowed, reduced and/or reclassified. As of the date hereof, the Distribution Trustee has filed one omnibus claims objection [D.I. 1764].

**RELIEF REQUESTED**

13. By this Objection, the Distribution Trustee seeks entry of the Proposed Order, pursuant to sections 105 and 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Rule 3007-1 of the Local Rules, (i) disallowing and expunging the No Liability Claims identified on Schedule 1 to the Proposed Order and (ii) reducing the Overstated Claims identified on Schedule 2 to the Proposed Order as set forth therein.[3]

**BASIS FOR RELIEF**

14. Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *Id.* A party wishing to dispute a claim's validity must produce evidence sufficient to negate the claim's prima facie validity. *Id.* at 173-74. Once an objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 174. Ultimately, the burden of persuasion is on the claimant. *Id.*

15. As set forth in the Jalbert Declaration, and the sections that follow, the Disputed Claims should be disallowed and expunged and/or modified as requested herein.

A. **No Liability Claims**

---

[3] Local Rule 3007-1(e)(iii)(J)(2) provides that "an objection to a claim on the basis that the claim has been paid or satisfied postpetition is not a valid objection." Due to the nature of the claims and the basis for satisfaction, the Debtors believed it was necessary to object to certain of the No Liability Claims and Overstated Claims to provide the Court and all parties in interest an opportunity to review the basis for satisfaction and the evidence in support of such satisfaction. As a result, to the extent applicable, the Debtors respectfully request a waiver of Local Rule 3007-1(e)(iii)(J)(2).

16. As set forth in the Jalbert Declaration, based upon a review and analysis of the No Liability Claims listed on <u>Schedule 1</u> to the Proposed Order, the Debtor's Books and Records, and the Claims Register, the Distribution Trustee has determined that there is no amount due and owing and/or liability on account of each No Liability Claim. As stated in the Jalbert Declaration, the No Liability Claims include claims on account of various taxes that have been previously paid for which the Debtor is not liable.

17. Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery to the detriment of other creditors. Therefore, the Distribution Trustee (i) objects to the allowance of the No Liability Claims set forth on <u>Schedule 1</u> to the Proposed Order and (ii) seeks entry of the Proposed Order disallowing and expunging the No Lability Claims.

B. **Overstated Claims**

18. As set forth in the Jalbert Declaration, based upon a review and analysis of the Overstated Claims listed on <u>Schedule 2</u> to the Proposed Order, the Debtor's Books and Records, and the Claims Register, the Distribution Trustee has determined that each Overstated Claim is excessive as a result of partial satisfaction of the respective Overstated Claim, each as described under the column titled "Reason for Modification." The Distribution Trustee objects to the claimed amounts identified on <u>Schedule 2</u> to the Proposed Order as the "Original Claim Amounts" pursuant to section 502(b)(1) of the Bankruptcy Code because these amounts differ from and are greater than the amounts reflected on the Debtor's Books and Records or as otherwise set forth on Schedule 2 to the Proposed Order.

19. Therefore, the Distribution Trustee (i) objects to the allowance of the Overstated Claims on Schedule 2 to the Proposed Order in the amounts reflected as the "Original Claim

Amount" and (ii) seeks entry of the Proposed Order modifying the Overstated Claims to the amounts set forth on <u>Schedule 2</u> to the Proposed Order under the column titled "Modified Claim Amount.[4]

## RESPONSE

20.     By this Notice, the Distribution Trustee requests that any Claimant(s) disputing the Distribution Trustee's determination made as to the claims in this Objection, must file a written response with the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and serve such response on the undersigned counsel to the Distribution Trustee on or before **September 28, 2021 at 4:00 p.m. (ET)**.

21.     If a claimant fails to timely file a Response by the Response Deadline, the Distribution Trustee may present to the Court an appropriate order disallowing and expunging or reducing the Disputed Claims without further notice to the claimant or a hearing.

22.     The Distribution Trustee may file and serve a reply to any Response in accordance with the Local Rules.  The Distribution Trustee reserves the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

## SEPARATE CONTESTED MATTERS

23.     To the extent a Response is filed regarding any claim listed in this Objection and the Distribution Trustee is unable to resolve the Response, the objection by the Distribution Trustee to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

---

[4]     For the avoidance of doubt, the Distribution Trustee reserves all rights to object to the Remaining Claims on any grounds permitted under applicable law.

## RESERVATION OF RIGHTS

24. The Distribution Trustee expressly reserves the right to the fullest extent permissible under Bankruptcy Rule 3007 and Local Rule 3007-1, and hereby reserves the right to (i) file subsequent objections to any claims subject hereto on any ground; (ii) amend, modify, or supplement this Objection including, without limitation, the filing of objections to further amended or newly-filed claims; (iii) seek to expunge or reduce any claim to the extent all or a portion of such claim has been paid; and (iv) settle any claim for less than the asserted amount. Separate notice and a hearing will be provided in connection with any such additional objections. Nothing in this Objection, exhibits hereto, and/or schedules thereto shall be construed as an admission of the amount, priority, and/or status of any claim.

## COMPLIANCE WITH LOCAL RULE 3007-1

25. To the best of the Distribution Trustee's knowledge and belief, this Objection complies with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## NOTICE

26. The Distribution Trustee will provide notice of this Objection to the following parties or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) each holder of a Disputed Claim; and (iii) all other persons who have requested notice in the above-captioned chapter 11 case pursuant to Bankruptcy Rule 2002. The Distribution Trustee submits that, under the circumstances, no other or further notice is required.

## NO PREVIOUS REQUEST

27. No previous request for the relief sought herein has been made by the Distribution Trustee to this or any other court.

WHEREFORE the Distribution Trustee respectfully requests that the Court sustain the Objection and grant such other and further relief as it deems just and proper.

Dated: September 3, 2021
       Wilmington, Delaware

Respectfully submitted,

*/s/ Megan E. Kenney*
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Robert C. Maddox (No. 5356)
Megan E. Kenney (No. 6426)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Facsimile: 302-651-7701
Email: collins@rlf.com
      merchant@rlf.com
      steele@rlf.com
      maddox@rlf.com
      kenney@rlf.com

Counsel for the Distribution Trustee