**Exhibit B**

**Jalbert Declaration**

RLF1 25351940v.2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC.,[1] | § | |
| | § | Case No. 15-10952 (JTD) |
| | § | |
| | § | |
| Debtors. | § | |
| | § | |
| | § | |

-------------------------------------------------------

**DECLARATION OF CRAIG R. JALBERT IN SUPPORT OF THE DISTRIBUTION
TRUSTEE'S SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN
(I) NO LIABILITY CLAIM AND (II) OVERSTATED CLAIMS**

I, Craig R. Jalbert, hereby declare under penalty of perjury:

1.      I am a principal of Verdolino & Lowey, P.C. where I have worked as a restructuring professional for more than twenty years.  I am a certified insolvency and restructuring advisor and am the Distribution Trustee for the Corinthian Colleges Distribution Trust (the "**Distribution Trust**"), established pursuant to the *Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidating* [D.I. 990].

2.      I submit this declaration (the "**Declaration**") in support of the *Distribution Trustee's Second Omnibus (Substantive) Objection to Certain (I) No Liability Claims and (II) Overstated Claims* (the "**Objection**"),[2] dated as of the date hereof and file contemporaneously herewith.

3.      I am over the age of eighteen and am authorized by the Distribution Trust to submit this Declaration.  All statements in this Declaration are based upon my personal

---

[1]      The debtors in these cases, along with the last four digits of the debtor's federal tax identification number is:  Corinthian Colleges, Inc. (7312).

[2]      Capitalized terms used but not defined in this Declaration shall have the same meanings ascribed to them in the Objection.

knowledge, my review (or the review of others under my supervision) of (i) the relevant proofs

of claim, (ii) the official register of claims filed in the chapter 11 case, and/or (c) the Debtors'

Books and Records and other documents identified herein.  If called as a witness, I could and

would competently testify to the facts set forth in this Declaration.

4.      The proofs of claim subject to the Objection were carefully reviewed and

analyzed in good faith using due diligence by appropriate personnel of the Distribution Trust,

Omni, Verdolino & Lowey, P.C., and Richards, Layton & Finger, P.A.

**A.  No Liability Claims**

5.      Based upon a review and analysis of the Books and Records, the Claims Register,

and the No Liability Claims listed on Schedule 1 to the Proposed Order, I and my team have

determined that there is no amount due and owing and/or liability on account of the No Liability

Claims. Therefore, the Distribution Trustee objects to the allowance of the No Liability Claims

set forth on Schedule 1 to the Proposed Order and seeks entry of the Proposed Order disallowing

and expunging the No Liability Claims.

6.      The facts relevant to the No Liability Claims are as follows:

- **Claim No. 3900 (Alief Independent School District)**.  Claim number 952-3900 was filed by Alief Independent School District asserting a secured claim in the amount of $14,521.35 on account of ad valorem taxes for the year 2015. Liability for this claim was satisfied in full by Zenith in connection with the Sale via payment made on July 26, 2016.  Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the Debtor has no liability due and owing for claim number 952-3900, and such claim should be disallowed and expunged.

- **Claim No. 135 (Bexar County)**. Claim number 952-135 was filed by Bexar County asserting a secured claim in the amount of $25,968.38 on account of estimated ad valorem taxes for the year 2015. Liability for this claim was satisfied by Zenith in connection with the Sale via payment made on March 22, 2016. Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the

RLF1 25351940v.2

Debtor has no liability due and owing for claim number 952-135, and such claim should be disallowed and expunged.

- **Claim No. 176 (Clark County Treasurer)**. Claim number 176 was filed by the Clark County Treasurer asserting a priority claim in the amount of $1,697.62 on account of ad valorem taxes for the year 2015. Liability for this claim was satisfied by Zenith in connection with the Sale, and the Clark County Treasurer's online records indicate all amounts billed on account of 2015 ad valorem taxes have been paid. Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the Debtor has no liability due and owing for claim number 176, and such claim should be disallowed and expunged.

- **Claim No. 1175 (Contra Costa County-Tax Collector)**. Claim number 1175 was filed by the Contra Costa County Tax Collector asserting a secured claim in the amount of $22,551.76 on account of ad valorem taxes for the fiscal year July 1, 2015 to June 30, 2016.  Liability for this claim was satisfied by Zenith in connection with the Sale via payment on February 29, 2016. Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the Debtor has no liability due and owing for claim number 1175, and such claim should be disallowed and expunged.

- **Claim No. 4272 (County of Orange)**. Claim number 4272 was filed by the County of Orange asserting a priority claim in the amount of $158,937.65 on account of estimated ad valorem taxes for the year 2016.  The County of Orange online records indicate all amounts billed on account of 2016 ad valorem taxes have been paid. Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the Debtor has no liability due and owing for claim number 4272, and such claim should be disallowed and expunged.

- **Claim No. 4273 (County of Orange)**. Claim number 4273 was filed by the County of Orange asserting a priority claim in the amount of $15,405.96 on account of estimated ad valorem taxes for the year 2016.  The County of Orange online records indicate all amounts billed on account of 2016 ad valorem taxes have been paid. Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the Debtor has no liability due and owing for claim number 4273, and such claim should be disallowed and expunged.

- **Claim No. 4274 (County of Orange)**. Claim number 4274 was filed by the County of Orange asserting a priority claim in the amount of $21,627.64 on account of estimated ad valorem taxes for the year 2016.  The County of Orange online records indicate all amounts billed on account of 2016 ad valorem taxes have been paid. Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have

RLF1 25351940v.2

determined that the Debtor has no liability due and owing for claim number 4274, and such claim should be disallowed and expunged.

- **Claim No. 48 (Dallas County)**. Claim number 48 was filed by Dallas County asserting a secured claim in the amount of $26,431.43 on account of estimated ad valorem taxes for the year 2015. Liability for this claim was satisfied by Zenith in connection with the Sale via payment on January 19, 2016. The Dallas County online records indicate all amounts billed on account of 2015 ad valorem taxes have been paid. Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the Debtor has no liability due and owing for claim number 48, and such claim should be disallowed and expunged.

- **Claim No. 810 (Fulton County Tax)**. Claim number 810 was filed by Fulton County Tax asserting a priority claim in the amount of $16,734.96 on account of ad valorem for the year 2015. Liability for this claim was satisfied by Zenith in connection with the Sale, and the Fulton County Tax online records indicate all amounts billed on account of 2015 ad valorem taxes have been paid. Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the Debtor has no liability due and owing for claim number 810, and such claim should be disallowed and expunged.

- **Claim No. 4189 (Gwinnett County Tax)**. Claim number 4189 was filed by Gwinnett County Tax asserting a priority claim in the amount of $9,973.46 on account of ad valorem taxes for the year 2015. The Gwinnett County Tax online records indicate that no billed amounts are outstanding in relation to this claim. Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the Debtor has no liability due and owing for claim number 4189, and such claim should be disallowed and expunged.

- **Claim No. 3901 (Pierce County Budget & Finance)**. Claim number 3901 was filed by Pierce County Budget & Finance asserting a secured claim in the amount of $18,628.20 on account of ad valorem taxes for the year 2015. Liability for this claim was satisfied by Zenith in connection with the Sale via payment made June 7, 2016, and the Pierce County Budget & Finance online records indicate all amounts billed on account of 2015 ad valorem taxes have been paid. Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the Debtor has no liability due and owing for claim number 3901, and such claim should be disallowed and expunged.

- **Claim No. 3785 (Prince William County)**. Claim number 3785 was filed by Pierce County Budget & Finance asserting a secured claim in the amount of $26,345.72 on account of ad valorem taxes for the year 2015. The Prince William County online records indicate that no billed amounts are outstanding in

- 4 -

relation to this claim, and the property underlying the claim was purchased by Zenith via the Sale.  Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the Debtor has no liability due and owing for claim number 3785, and such claim should be disallowed and expunged.

- **Claim No. 4270 (Travis County)**. Claim number 4270 was filed by Travis County asserting a priority claim in the amount of $28,305.84 on account of ad valorem taxes for the year 2015.  The Travis County online records indicate that no billed amounts are outstanding in relation to this claim, and the property underlying the claim was purchased by Zenith via the Sale.  Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the Debtor has no liability due and owing for claim number 4270, and such claim should be disallowed and expunged.

- **Claim No. 268 (Washington County Assessment Taxation)**. Claim number 268 was filed by Washington County Assessment Taxation asserting a secured claim in the amount of $7,514.69 on account of ad valorem taxes for the year 2015.  Liability for this claim was satisfied by Zenith in connection with the Sale via payment made July 15, 2016, and the Washington County Assessment Taxation online records indicate all amounts billed on account of 2015 ad valorem taxes have been paid..  Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the Debtor has no liability due and owing for claim number 268, and such claim should be disallowed and expunged.

### B.  Overstated Claims

7.     Based upon a review and analysis of the Books and Records, the Claims Register, and the Overstated Claims listed on Schedule 2 to the Proposed Order, I and my team have determined that the Overstated Claims are in excess of the amount due and owing and/or liability on account of the Overstated Claims. Therefore, the Distribution Trustee objects to the allowance of the Overstated Claims on Schedule 2 to the Proposed Order in the amounts reflected as the "Original Claim Amount" and seeks entry of the Proposed Order modifying the Overstated Claims to the amounts set forth on Schedule 2 to the Proposed Order under the column titled "Modified Claim Amount."

8.     The facts relevant to the Overstated Claims are as follows:

RLF1 25351940v.2

- **Claim No. 4014 (Adams County Treasurer)**.  Claim number 4014 was filed by the Adams County Treasurer asserting a secured claim in the amount of $81,684.19 on account of estimated ad valorem taxes for the year 2015 associated with accounts P0002327, P0032878 and R0058147.  Liability for this claim related to account P0002327 was satisfied by Zenith in connection with the Sale in the amount of $13,422.07. Liability for this claim related to account R0058147 was satisfied by Corinthian Real Estate Investments, LLC in the amount of $6,838.04.  Only the amount relating to account R0058147 remains outstanding, and such amount should be updated to reflect the actual ad valorem tax amount of $59,238.40.   Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the amount of claim number 4014 should be reduced to $59,238.40.

- **Claim No. 3923 (Aldine Independent School District).** Claim number 3923 was filed by the Aldine Independent School District asserting a priority claim in the amount of $8,255.02 on account of estimated ad valorem taxes for the year 2015.  The actual amount of ad valorem taxes owed for the year 2015 is $6,876.61. Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the amount of claim number 3923 should be reduced to $6,876.61.

- **Claim No. 952-108 (County of San Bernardino).** Claim number 108 was filed by the County of San Bernardino asserting a priority claim in the amount of $85,147.39 on account of estimated ad valorem taxes for the year 2015.  The actual amount of ad valorem taxes owed for the year 2015 is $69,052.66. Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the amount of claim number 108 should be reduced to $69,052.66.

- **Claim No. 973-1958 (County of Orange)**.  Claim number 1958 was filed by the County of Orange asserting priority claim in the amount of $2,058.91 on account of ad valorem taxes for the year.  Liability for this claim was partially satisfied on September 14, 2015 in the amount of $1,671.48. Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the amount of claim number 1958 should be reduced to $387.43.

- **Claim No. 4098 (New York State Department of Taxation and Finance)**.  Claim number 4098 was filed by the New York State Department of Taxation and Finance asserting a priority claim in the amount of $8,765.26 on account of estimated sales taxes for the year 2015 and actual sales taxes for the year 2014 and a general unsecured claim for $50 on account of a penalty.  The actual amount of sales taxes owed for the year 2015 is $0.00. Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the

RLF1 25351940v.2

Books and Records, I have determined that the priority amount of claim number 4098 should be reduced to $15.26.

- **Claim No. 3738 (San Diego County Treasurer - Tax Collector).** Claim number 3738 was filed by the San Diego County Treasurer - Tax Collector asserting a secured claim in the amount of $276.54 on account of ad valorem taxes for the year 2010 and a priority claim in the amount of $616.64 on account of ad valorem taxes for the year 2015. The San Diego County Treasurer – Tax Collector online records reflect that all amounts billed on account of 2015 ad valorem taxes have been paid. Only the secured claim amount relating to ad valorem taxes for the fiscal year July 1, 2010 through June 30, 2011 remains outstanding. Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the amount of claim number 3738 should be reduced solely to the secured claim amount of $276.54.

- **Claim No. 146 (Tarrant County).** Claim number 146 was filed by the Tarrant County asserting a secured claim in the amount of $58,019.82 on account of estimated ad valorem taxes for the year 2015 associated with accounts 00013573632 and 00011507764. The San Diego County Treasurer – Tax Collector online records reflect that no amounts are due with respect to account 00013573632. Only the amount relating to account 00011507764 remains outstanding, and such amount should be updated to reflect the actual ad valorem tax amount of $30,223.58. Accordingly, based on the foregoing, my understanding of the relevant facts and law, and a review of the Books and Records, I have determined that the amount of claim number 146 should be reduced to $30,223.58.

9.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of September, 2021.


                                        /s/ Craig Jalbert
                                        Craig Jalbert
                                        Distribution Trustee
                                        Corinthian Colleges Distribution Trust