### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC.[1] | § | |
| | § | Case No. 15-10952 (JTD) |
| | § | |
| Debtor. | § | **Obj. Deadline:  Sept. 7, 2022 at 4:00 p.m. (ET)** |
| | § | **Hearing Date:  Sept. 28, 2022 at 1:00 p.m. (ET)** |

---------------------------------------------------------------

### DISTRIBUTION TRUSTEE'S FOURTEENTH MOTION FOR
### AN ORDER EXTENDING THE CLAIMS OBJECTION
### DEADLINE THROUGH MARCH 6, 2023

Craig R. Jalbert, the distribution trustee (the "**Distribution Trustee**") for the Corinthian Colleges Distribution Trust (the "**Distribution Trust**"), hereby requests the entry of an order (the "**Proposed Order**"), pursuant to Sections 105 and 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 3007 and 9006 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") and Section XI.C of the *Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 863] (the "**Plan**")[2], extending the Claims Objection Deadline approximately one hundred and eighty (180) days through and including March 6, 2023.[3]  In support of this Motion, the Distribution Trustee respectfully states as follows:

---

[1]    The debtor in this case, along with the last four digits of the debtor's federal tax identification number, is: Corinthian Colleges, Inc. (7312).

[2]    Capitalized terms not otherwise defined herein have the meaning given to them in the Plan.

[3]    To comport with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Distribution Trustee is seeking to extend the Claims Objection Bar Date through Monday March 6, 2023, as the one-hundred and eightieth day (March 4, 2023) would otherwise be on a Saturday.  Per Bankruptcy Rule 9006(a)(1)(C), when the last day of a period stated in days is a Saturday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue for this proceeding and Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.[4]

**BACKGROUND**

A.      **The Chapter 11 Case**

3.      On May 4, 2015, Corinthian Colleges, Inc. (the "**Debtor**") filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

4.      On August 28, 2015, the Court entered the *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 913] confirming the Plan.  The Effective Date of the Plan occurred on September 21, 2015 [Docket No. 1014].  The Plan provided that on the Effective Date all the remaining assets of the Debtor's estate would transfer to two trusts:  (i) the Distribution Trust, for the benefit of Holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims (other than Student 507(a)(7) Deposit Claims), Allowed Prepetition Lenders Secured Claims, Allowed Other Secured Claims and Allowed General Unsecured Claims, and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims.

---

[4]      Pursuant to Local Rule 9013-1(f), the Distribution Trustee hereby confirms his consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**B.**    **The Claims Reconciliation Process**

5.    On June 18, 2015, the Court entered the *Order Pursuant to 11 U.S.C. §§ 501, 502, 503 and 1111(a), Fed. Bankr. P. 2002 and 3003(c)(3) and Del. Bankr. L.R. 2002-1(e) Establishing Bar Dates for Filing Claims and Approving Form and Manner of Notice Thereof* [Docket No. 429], which established (a) the general deadline to submit proofs of claims in this chapter 11 case as July 20, 2015 at 5:00 p.m. (prevailing Eastern Time) and (b) the deadline for governmental units filing proofs of claim against the Debtor as November 2, 2015 at 5:00 p.m. (prevailing Eastern Time).

6.    Nearly 4,300 proofs of claim (the "**Proofs of Claim**") have been filed in this chapter 11 case.  From and after the Effective Date, the Distribution Trustee, with the assistance of his advisors and professionals, has been analyzing the Proofs of Claim to ascertain which Proofs of Claim may need to be disallowed, reduced and/or reclassified.  As of the date hereof, the Distribution Trustee has filed two omnibus objections [Docket Nos. 1764 & 1784], and the Court entered orders [Docket Nos. 1770 & 1791] sustaining such objections.

**C.**    **The Claims Objection Deadline**

7.    Pursuant to the Plan, the Distribution Trustee must "file and serve any objection to any [Proofs of Claim] no later than the Claims Objection Deadline; *provided*, *however*, the Claims Objection Deadline may be extended by the Bankruptcy Court from time to time upon motion and notice by the Distribution Trustee or the Student Trustee for cause."  Plan § XI.C.  The Plan further defines the Claims Objection Deadline as "one hundred and eighty (180) days after the Effective Date or such later date as may be approved by the Court."  Plan § II.A.26.  The original deadline to file objections to Proofs of Claim under the Plan was March 19, 2016.

8.    The Court has entered several orders extending the Claims Objection Deadline.  *See* Docket Nos. 1173, 1243, 1341, 1553, 1586, 1633, 1658, 1698, 1716, 1746, 1760,

1792.  On March 14, 2022, the Court entered the *Order Granting Distribution Trustee's Thirteenth Motion for an Order Extending the Claims Objection Deadline through September 5, 2022* [Docket No. 1808], further extending the Claims Objection Deadline through and including September 5, 2022.

        9.      On September 21, 2020, the Court entered the *Order Authorizing Extension of the Date of Dissolution of the Distribution Trust Through September 21, 2022* [Docket No. 1745], extending the date upon which the Distribution Trust shall be dissolved (the "**Dissolution Date**") through September 21, 2022.  Contemporaneously herewith, the Distribution Trustee filed the *Motion for an Order Authorizing Extension of the Date of Dissolution of the Distribution Trust Through September 21, 2023* because, as discussed therein, the Distribution Trustee does not believe that he will have completed the claims reconciliation process by the current Dissolution Date.  The Distribution Trustee hereby requests an extension of the Claims Objection Deadline pursuant to Section XI.C of the Plan.

## RELIEF REQUESTED

        10.     By this Motion, the Distribution Trustee hereby seeks entry of the Proposed Order pursuant to section 105(a) of the Bankruptcy Code and Section XI.C of the Plan extending the Claims Objection Deadline by approximately one hundred and eighty (180) days, through and including March 6, 2023, *provided*, *however*, that the requested extension shall be without prejudice to the rights of the Distribution Trustee to request further extensions of the Claims Objection Deadline.  By filing this Motion, the Claims Objection Deadline is extended automatically by Local Rule 9006-2 through and including the date on which the Court determines the relief requested in this Motion.[5]

---

[5]      Local Rule 9006-2 provides in pertinent part that "if a motion to extend time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the Fed.R.Bankr.P., the [] Local Rules or

## BASIS FOR RELIEF

11.     Pursuant to the terms of the Plan, an extension of Claims Objection Deadline may be granted by the Court upon the motion and notice of the Distribution Trustee for cause.  *See* Plan § XI.C.  Moreover, section 105(a) of the Bankruptcy Code provides that the Court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.  11 U.S.C. § 105(a).

12.     As previously noted, almost 4,300 Proofs of Claim have been filed in this chapter 11 case.  Reviewing the Proofs of Claim and determining which Proofs of Claim are legitimate (including determining the allowed amounts of such Proofs of Claim), and which Proofs of Claim are objectionable and the bases for objection thereto, is a labor intensive and time consuming process.  A thorough and accurate review of the Proofs of Claim is critically important to the fair, efficient and timely settlement of the Debtor's estate.

13.     Further, unlike a traditional debtor in possession or reorganized debtor, the Distribution Trustee did not begin administering the estate with first-hand knowledge of the claims asserted against the estate or a complete understanding of the various relationships and history associated with each of the Proofs of Claim.

14.     The Distribution Trustee has used the extensions of the Claims Objection Deadline to better understand the history of the Debtor's estate and analyze the various claims asserted in this case.  Further, the Distribution Trustee evaluated various causes of action that could be initiated for the benefit of the beneficiaries of the Distribution Trust and worked to settle those claims for the benefit of stakeholders.  *See, e.g.*, Docket Nos. 1344, 1355, 1535 & 1550.  Litigation regarding other causes of action is ongoing. In addition, the Distribution Trustee has begun to

---

Court order, the time shall automatically be extended until the Court acts on the motion, without necessity for the entry of a bridge order."

prepare, and expects to file in the coming weeks, objections to certain claims asserted in this case. Accordingly, the Distribution Trustee has been engaged in various activities, in addition to the review of claims, and the Distribution Trustee believes that additional time to complete the review of claims is necessary to ensure that any distribution is made to claims substantiated by the Debtor's books and records.

15.     For the reasons set forth herein, the Distribution Trustee submits that cause exists to extend the Claims Objection Deadline through and including March 6, 2023.

## **NOTICE**

16.     No trustee or examiner has been appointed in this chapter 11 case.  Notice of this Motion been provided via first class mail to:  (i) the U.S. Trustee; and (ii) all other persons who have requested notice in the above-captioned chapter 11 case pursuant to Bankruptcy Rule 2002.  The Distribution Trustee submits that, under the circumstances, no other or further notice is required.

RLF1 27848821v.1

WHEREFORE, the Distribution Trustee respectfully requests that the Court enter the Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein, and ordering such other and further relief as is just and proper.

Dated: August 24, 2022
          Wilmington, Delaware

Respectfully submitted,

*/s/ Emily R. Mathews*
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Robert C. Maddox (No. 5356)
Emily R. Mathews (No. 6866)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email: collins@rlf.com
          merchant@rlf.com
          steele@rlf.com
          maddox@rlf.com
          mathews@rlf.com

Counsel for the Distribution Trustee

-7-