IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC.[1]<br><br>Debtor. | § §<br>§ Chapter 11<br>§<br>§ Case No. 15-10952 (JTD)<br>§<br>§ **Obj. Deadline: Sept. 7, 2022 at 4:00 p.m. (ET)**<br>§ **Hearing Date: Sept. 28, 2022 at 1:00 p.m. (ET)** |

**MOTION FOR AN ORDER AUTHORIZING
EXTENSION OF THE DATE OF DISSOLUTION OF THE
DISTRIBUTION TRUST THROUGH SEPTEMBER 21, 2023**

Craig R. Jalbert, the distribution trustee (the "**Distribution Trustee**") for the Corinthian Colleges Distribution Trust (the "**Distribution Trust**"), hereby requests the entry of an order (the "**Proposed Order**"), pursuant to Section 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9006 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") and Section XVI of the *Debtors Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 863] (the "**Plan**"), extending the date upon which the Distribution Trust shall be dissolved (the "**Dissolution Date**"), pursuant to that certain Corinthian Distribution Trust Agreement (the **"Distribution Trust Agreement"**),[2] dated September 21, 2015, by and among (a) Corinthian Colleges, Inc., on behalf of itself and the other Debtors, (b) the Distribution Trustee, and (c) the Resident Trustee, for an additional calendar year, through and including September 21, 2023. In support of this Motion, the Distribution Trustee respectfully states as follows:

---

[1] The debtor in this case, along with the last four digits of the debtor's federal tax identification number, is: Corinthian Colleges, Inc. (7312).

[2] Capitalized terms not otherwise defined herein have the meaning given to them in the Plan or the Distribution Trust Agreement, as applicable.

RLF1 27849968v.1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue for this proceeding and Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.[3]

**BACKGROUND**

A. **The Chapter 11 Case**

3. On May 4, 2015, Corinthian Colleges, Inc. (the "**Debtor**") filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

4. On August 28, 2015, the Court entered the *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 913] (the "**Confirmation Order**") confirming the Plan. The Effective Date of the Plan occurred on September 21, 2015 [Docket No. 1014]. The Plan provided that on the Effective Date all the remaining assets of the Debtor's estate would transfer to two trusts: (i) the Distribution Trust, for the benefit of Holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims (other than Student 507(a)(7) Deposit Claims), Allowed Prepetition Lenders Secured Claims, Allowed Other Secured Claims and Allowed General Unsecured Claims, and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims.

5. Pursuant to the Distribution Trust Agreement, attached as Exhibit A to the Plan Supplement [Docket No. 767], the Distribution Trust shall be dissolved no later "than five

---

[3] Pursuant to Local Rule 9013-1(f), the Distribution Trustee hereby confirms his consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

(5) years from the Effective Date" absent entry of an order by the Court extending such date as "necessary to facilitate or complete the recovery on and liquidation of the Aggregate Trust Assets." *See* Distribution Trust Agreement, Art. X.  On September 21, 2020, the Court entered the *Order Authorizing Extension of the Date of Dissolution of the Distribution Trust Through September 21, 2022* [Docket No. 1745].  Accordingly, the current Dissolution Date is September 21, 2022.

**B.     The Distribution Trust**

6.     As set forth therein, the purpose of the Distribution Trust is "implementing the Plan on behalf of, and for the benefit of, the Distribution Trust Beneficiaries, and to serve as a mechanism for liquidating, converting to Cash and distributing the Aggregate Trust Assets for the benefit of the Distribution Trust Beneficiaries. . ." Distribution Trust Agreement § 2.5.  Pursuant to the Plan, the Distribution Trustee shall, among other things, be empowered to "object to Claims, as appropriate." Plan § IX.F. Additionally, the Distribution Trust can, subject to input from an Oversight Board, assert the Debtors' claims and causes of action and enter into settlement agreements in good faith. *See* Plan § IX.F. and XIII.D.3.  The Distribution Trust is responsible for the resolution of the (i) the Non-Subordinated WARN 507(a)(4) Claim (ii) Allowed Administrative Expense Claims, (iii) Allowed Priority Tax Claims and Allowed Other Priority Claims, (iv) Prepetition Lenders Adequate Protection Claims, (v) the Subordinated WARN 507(a)(4) Claim and (vi) Allowed General Unsecured Claims. *See* Plan § VIII.  Additionally, the Trust Agreement provides that the Distribution Trust "shall reserve, retain and enforce, sue on, settle, compromise, transfer or assign all Causes of Action, and the Oversight Board shall provide advice, instruction and direction." Distribution Trust Agreement §§ 4.2 and 7.3(a).

7.     Since the Effective Date, the Distribution Trust has successfully settled multitude of issues. The Distribution Trust reached settlements resolving potential breach of fiduciary duty and corporate waste claims against certain former officers and directors of

Corinthian Colleges, Inc., resulting in a recovery of approximately $16,838,000.00 for the Debtors' estates while avoiding the time, expense and uncertainty that would have come with litigating such matters. *See Order Approving Settlement by and Among Distribution Trust and Outside Directors* [D.I. 1355] and *Order Approving Settlement by and Among Distribution Trust and Former Management of Corinthian College, Inc.* [D.I. 1550]. Additionally, the Distribution Trust reached a settlement regarding the WARN Act class-action lawsuit that was filed on May 5, 2015. *See Final Order: (A) Approving the WARN Settlement Under Fed. R. Civ. P. 23, Fed. Bankr. R. 7023, and Bankr. R. 9019; (B) Approving Class Counsel's Fees and Expenses; and (C) Authorizing Distributions to the Class*, Adv. Case No. 15-50309 (JTD) [D.I. 1697].

8. To date the Distribution Trust has made distributions in the amount of $17,130,053.34 on account of Allowed Administrative Expense Claims, $17,171,380.54 on account of Allowed Priority Claims, and $10,561,128.00 on account of the Prepetition Lenders Adequate Protection Claims. In light of such distributions, the Distribution Trust is now in a position to consider resolving General Unsecured Claims, which previously seemed unlikely.

9. Contemporaneously herewith, the Distribution Trustee has filed the *Distribution Trustee's Fourteenth Motion for an Order Extending the Claims Objection Deadline through March 6, 2023* seeking an extension of the claims objection deadline, currently set to expire on September 5, 2022, through and including March 6, 2023. As set forth more fully therein, the Distribution Trustee believes that he will need additional time beyond September 5, 2022 to complete the claims reconciliation process.

10. Moreover, the Distribution Trustee believes that, upon the conclusion of the claims reconciliation process, sufficient[4] Aggregate Trust Assets may remain for distribution to

---

[4] Pursuant to Section IX of the Plan, "the Distribution Trustee may, without the need for a further order of the Bankruptcy Court, donate any remaining Cash to a charity to the extent that any further Distribution would

Holders of Allowed General Unsecured Claims. *See* Plan § IX.C. This once distant possibility is now a reality, in part because of the Distribution Trustee's efficient execution of its duties.

11. Accordingly, for the benefit of its beneficiaries, the Distribution Trustee hereby requests an extension of the Dissolution Date through and including September 21, 2023 pursuant to Section XVI of the Plan.

## RELIEF REQUESTED

12. By this Motion, the Distribution Trustee hereby seeks entry of the Proposed Order pursuant to section 105(a) of the Bankruptcy Code and Section XVI of the Plan extending the Dissolution Date by an additional calendar year, through and including September 21, 2023, *provided*, *however*, that the requested extension shall be without prejudice to the rights of the Distribution Trustee to request further extensions of the date of dissolution. By filing this Motion, the Dissolution Date is extended automatically by Local Rule 9006-2 through and including the date on which the Court determines the relief requested in this Motion.[5]

## BASIS FOR RELIEF

13. Pursuant to the terms of the Distribution Trust Agreement and the Plan, an extension of the Dissolution Date may be granted by the Court "upon motion made by a party in interest within the six (6) month period prior to" the Dissolution Date if such extension "is necessary to facilitate or complete the recovery on and liquidation of the Aggregate Trust Assets." Distribution Trust Agreement § X; *see also* Plan § XVI ("The Bankruptcy Court shall have jurisdiction . . . [t]o consider any amendments to or modifications of . . . the Distribution Trust

---

result in the Holders of Allowed General Unsecured Claims receiving a Distribution of less than $25 on account of their Claim."

[5] Local Rule 9006-2 provides in pertinent part that "if a motion to extend time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the Fed.R.Bankr.P., the [] Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without necessity for the entry of a bridge order."

Agreement. . ." and "[t]o ensure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Combined Plan and Disclosure Statement, the Distribution Trust Agreement and the Student Trust Agreement."). Moreover, section 105(a) of the Bankruptcy Code provides that the Court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a).

14. The Distribution Trustee will use the extension of the Dissolution Date to realize its purpose in liquidating and distributing the Aggregate Trust Assets. The Distribution Trustee will, among other things, utilize the extension of the Dissolution Date to continue to analyze the various claims asserted in this case and to pursue certain causes of action for the benefit of the beneficiaries of the Distribution Trust. Moreover, as set forth above, upon the conclusion of the claims resolution process, the Distribution Trustee will be able to determine the availability of Aggregate Trust Assets available for distribution to Holders of General Unsecured Claims. Accordingly, the Distribution Trustee believes that additional time to complete the review of claims is necessary, among other things, (i) to ensure that any distribution is made to claims substantiated by the Debtor's books and records, and (ii) to ensure the maximum distribution of Aggregate Trust Assets consistent with the purpose of the Distribution Trust.

15. For the reasons set forth herein, the Distribution Trustee submits that cause exists to extend the Dissolution Date through and including September 21, 2023.

## **NOTICE**

16. No trustee or examiner has been appointed in this chapter 11 case. Notice of this Motion has been provided via first class mail to: (i) the U.S. Trustee; and (ii) all other persons who have requested notice in the above-captioned chapter 11 case pursuant to Bankruptcy Rule 2002. The Distribution Trustee submits that, under the circumstances, no other or further notice is required.

WHEREFORE, the Distribution Trustee respectfully requests that the Court enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein, and ordering such other and further relief as is just and proper.

| | |
|---|---|
| Dated: August 24, 2022<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Emily R. Mathews*<br>Mark D. Collins (No. 2981)<br>Michael J. Merchant (No. 3854)<br>Amanda R. Steele (No. 5530)<br>Robert C. Maddox (No. 5356)<br>Emily R. Mathews (No. 6866)<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone:  302-651-7700<br>Facsimile:  302-651-7701<br>Email:  collins@rlf.com<br>         merchant@rlf.com<br>         steele@rlf.com<br>         maddox@rlf.com<br>         mathews@rlf.com<br><br>Counsel for the Distribution Trustee |