## Exhibit B

## Jalbert Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § § § § § § § § § § | Chapter 11 |
| CORINTHIAN COLLEGES, INC.,[1] | | Case No. 15-10952 (JTD) |
| Debtors. | | |

**DECLARATION OF CRAIG R. JALBERT IN SUPPORT OF THE DISTRIBUTION TRUSTEE'S FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN (I) WARN ACT CLAIMS AND (II) NO LIABILITY CLAIMS**

I, Craig R. Jalbert, hereby declare under penalty of perjury:

1.  I am a principal of Verdolino & Lowey, P.C. where I have worked as a restructuring professional for more than twenty years. I am a certified insolvency and restructuring advisor and am the Distribution Trustee for the Corinthian Colleges Distribution Trust (the "**Distribution Trust**"), established pursuant to the *Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidating* [D.I. 990].

2.  I submit this declaration (the "**Declaration**") in support of the *Distribution Trustee's Fourth Omnibus (Substantive) Objection to Certain (I) WARN Act Claims and (II) No Liability Claims* (the "**Objection**"),[2] dated as of the date hereof and file contemporaneously herewith.

3.  I am over the age of eighteen and am authorized by the Distribution Trust to submit this Declaration. All statements in this Declaration are based upon my personal knowledge, my review (or the review of others under my supervision) of (i) the relevant proofs

---

[1] The debtors in these cases, along with the last four digits of the debtor's federal tax identification number is: Corinthian Colleges, Inc. (7312).

[2] Capitalized terms used but not defined in this Declaration shall have the same meanings ascribed to them in the Objection.

of claim, (ii) the official register of claims filed in the chapter 11 case, and/or (iii) the Debtors' Books and Records and other documents identified herein. If called as a witness, I could and would competently testify to the facts set forth in this Declaration.

4. The proofs of claim subject to the Objection were carefully reviewed and analyzed in good faith using due diligence by appropriate personnel of the Distribution Trust, Omni, Verdolino & Lowey, P.C., and Richards, Layton & Finger, P.A.

**A. WARN Act Claims**

5. Based upon a review and analysis of the Books and Records, the Claims Register, and the WARN Act Claims listed on Schedule 1 to the Proposed Order, I and my team have determined that there is no amount due and owing and/or liability on account of the WARN Act Claims. My team and I have also confirmed that none of the WARN Claimants set forth on Schedule 1 opted out of the Settlement Agreement. Therefore, the Distribution Trustee objects to the allowance of the WARN Act Claims set forth on Schedule 1 to the Proposed Order and seeks entry of the Proposed Order disallowing and expunging the WARN Act Claims.

6. The facts relevant to the WARN Act Claims are as follows:

- **Claim No. 3286** (ALEJANDRO TORO): Claim number 3286 was filed by ALEJANDRO TORO asserting a priority claim for wages under 11 U.S.C. § 507(a)(4) in the amount of $7,535.84. Liability for this claim was satisfied per the WARN Settlement Agreement which was approved by the Court on September 24, 2019. Per the agreement, claims filed by Class Members are disallowed in their entirety.
- **Claim No. 3395** (ROWENA M. DATUIN): Claim number 3395 was filed by ROWENA M. DATUIN asserting a priority claim for wages under 11 U.S.C. § 507(a)(4) in the amount of $7,496.95. Liability for this claim was satisfied per the WARN Settlement Agreement which was approved by the Court on September 24, 2019. Per the agreement, claims filed by Class Members are disallowed in their entirety.
- **Claim No. 3405** (LISBET TORO ANGEL): Claim number 3405 was filed by LISBET TORO ANGEL asserting a priority claim for wages under 11 U.S.C. § 507(a)(4) in the amount of $6,665.18. Liability for this claim was satisfied per the WARN Settlement Agreement which was approved by the Court on September 24, 2019. Per the agreement, claims filed by Class Members are disallowed in their entirety.

- **Claim No. 3409** (MONIQUE GRIFFIN): Claim number 3409 was filed by MONIQUE GRIFFIN asserting a priority claim for wages under 11 U.S.C. § 507(a)(4) in the amount of $10,833.33.  Liability for this claim was satisfied per the WARN Settlement Agreement which was approved by the Court on September 24, 2019. Per the agreement, claims filed by Class Members are disallowed in their entirety.
- **Claim No. 3483** (MARIE A. BATTERSON-FLORA): Claim number 3483 was filed by MARIE A. BATTERSON-FLORA asserting a priority claim for wages under 11 U.S.C. § 507(a)(4) and for contributions to an employee benefit plan under 11 U.S.C. § 507(a)(5) in the amount of $10,368.54.  Liability for this claim was satisfied per the WARN Settlement Agreement which was approved by the Court on September 24, 2019. Per the agreement, claims filed by Class Members are disallowed in their entirety.
- **Claim No. 3629** (GEORGINA A. SHERRIFFE): Claim number 3629 was filed by GEORGINA A. SHERRIFFE asserting a priority claim for wages under 11 U.S.C. § 507(a)(4) and for contributions to an employee benefit plan under 11 U.S.C. § 507(a)(5) in the amount of $4,276.80.  Liability for this claim was satisfied per the WARN Settlement Agreement which was approved by the Court on September 24, 2019. Per the agreement, claims filed by Class Members are disallowed in their entirety.
- **Claim No. 3701** (REESHEMAH BROWN):  Claim number 3701 was filed by REESHEMAH BROWN asserting a priority claim in the amount of $6,606.20.  Liability for this claim was satisfied per the WARN Settlement Agreement which was approved by the Court on September 24, 2019. Per the agreement, claims filed by Class Members are disallowed in their entirety.
- **Claim No. 3753** (ROBERT J. BURNSIDE): Claim number 3753 was filed by ROBERT J. BURNSIDE asserting a priority claim for wages under 11 U.S.C. § 507(a)(4) in the amount of $1,465.92.  Liability for this claim was satisfied per the WARN Settlement Agreement which was approved by the Court on September 24, 2019. Per the agreement, claims filed by Class Members are disallowed in their entirety.
- **Claim No. 4281** (DAISY SAUCEDO): Claim number 4281 was filed by DAISY SAUCEDO asserting a priority claim for wages under 11 U.S.C. § 507(a)(4) in the amount of $6,675.52.  Liability for this claim was satisfied per the WARN Settlement Agreement which was approved by the Court on September 24, 2019. Per the agreement, claims filed by Class Members are disallowed in their entirety.
- **Claim No. 4282** (COREY NORWOOD): Claim number 4282 was filed by COREY NORWOOD asserting a priority claim for wages under 11 U.S.C. § 507(a)(4) in the amount of $12,782.04.  Liability for this claim was satisfied per the WARN Settlement Agreement which was approved by the Court on September 24, 2019. Per the agreement, claims filed by Class Members are disallowed in their entirety.
- **Claim No. 4283** (YANORY SILVA): Claim number 4283 was filed by YANORY SILVA asserting a priority claim for wages under 11 U.S.C. § 507(a)(4) in the amount of $10,406.04.  Liability for this claim was satisfied per the WARN Settlement Agreement which was approved by the Court on September 24, 2019. Per the agreement, claims filed by Class Members are disallowed in their entirety.
- **Claim No. 4285** (WALTER MICHAEL WELCH, JR.): Claim number 4285 was filed by WALTER MICHAEL WELCH, JR asserting a priority claim for wages under 11 U.S.C. § 507(a)(4) in the amount of $15,063.24.  Liability for this claim was satisfied per the

WARN Settlement Agreement which was approved by the Court on September 24, 2019. Per the agreement, claims filed by Class Members are disallowed in their entirety.

### B. No Liability Claims

7. Based upon a review and analysis of the Books and Records, the Claims Register, and the No Liability Claims listed on Schedule 2 to the Proposed Order, I and my team have determined that there is no amount due and owing and/or liability on account of the No Liability Claims. Although each No Liability Claim asserts a claim for wages earned prepetition, to the extent any No Liability Claim is deemed to be for future wages, liability for such claims were satisfied per the Settlement Agreement as a WARN Act Claim. Therefore, the Distribution Trustee objects to the allowance of the No Liability Claims set forth on Schedule 2 to the Proposed Order and seeks entry of the Proposed Order disallowing and expunging the No Liability Claims.

8. The facts relevant to the No Liability Claims are as follows:

- **Claim No. 3302** (VALEH DABIRI ALAEE): Claim number 3302 was filed by VALEH DABIRI ALAEE asserting a priority claim for wages under 11 U.S.C. § 507(a)(4) and for contributions to an employee benefit plan under 11 U.S.C. § 507(a)(5) in the amount of $6,094.75. It is my understanding that all prepetition amounts for wages earned prior to the Petition Date were paid either prior to the Petition Date or pursuant to the Debtors' first day motions.
- **Claim No. 3747** (CHRISTINA S. MCJIMSEY): Claim number 3747 was filed by CHRISTINA S. MCJIMSEY asserting a priority claim for wages under 11 U.S.C. § 507(a)(4) in the amount of $10,641.10. It is my understanding that all prepetition amounts for wages earned prior to the Petition Date were paid either prior to the Petition Date or pursuant to the Debtors' first day motions.

9. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

- 5 -

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of March, 2023.

>  */s/ Craig Jalbert*
> Craig Jalbert
> Distribution Trustee
> Corinthian Colleges Distribution Trust

RLF1 28528748v.1