JTD

FILED

2023 MAY 16  AM 11: 00

May 3, 2023

TO: Office of the Clerk of the United States
Bankruptcy Court for the District of Delaware
824 North Market Street
3rd Floor
Wilmington Delaware
19801
(sent via courier with signature requested)

**RESPONSE TO OBJECTION**

Carol Stanford
Former Address
1979 Swan Street
Innisfil Ontario
L9S 0B4
Canada

NEW ADDRESS
81 White Crescent
Barrie Ontario
L4N 5Z9
Canada

Cstanford0724@gmail.com

---

<u>Debtor Name</u> – Corinthian Colleges Inc et al
<u>Case No</u> – 15-10952
<u>Title of the Objection</u> – Late Filed Claims and Insufficient Documentation Claims
<u>Name of Claimant</u> – Carol Stanford
<u>Claim Number</u> 6 and 3287

<u>Description of Basis of the Amounts</u>:

Claim 3287 – Long Term Incentive Payment as contracted with Employment
Claim 6 – Unpaid Expense Report, Long Term Incentive, FY 2014 Owned Bonus payment, Employment
Standard act Notice and Severance Pay based on 9 years of service

Evidence to Support the Claims:

- Long Term incentive contract from Corinthian Colleges to Claimant
- Proof of Claim document filed on May 13 that clearly indicates basis of claim includes Long Term
  Incentive payment.
- Letters indicating that Claimant was working with Canadian Ministry of Labor to try to get
  payments made with Ontario government as per the Canadian Appointed Bankruptcy team Duff
  and Phelps who were appointed to assist the Canadian Employees re-coup lost monies.
- Proof of Claim was submitted to Duff and Phelps on March 6, 2015 outlining all of the
  outstanding monies owed including long term incentive.

- Claimant continued to work with the Employment Standards officer up to July (see email dated July 10th) where I was clearly asked to submit documents outlining my Long Term incentive payment. It was only after this date that I once again had to file a separate Proof of claim once again for the Long Term Incentive – which was already filed May 13th 2015 with official FILED date for Claim 6.

As a Canadian Employee, we had very little direction from Duff and Phelps and were only encouraged to "get what we could from Canada Ministry of Labour" first.

I also don't have access to notifications that were made in The Sacramento Bee, USA today, San Francisco Chronicle and the Los Angeles Times – nor would I attempt to see those from Canada.

This Bankruptcy has caused extreme post traumatic stress for myself and my family.
I believe my response should be acceptable on both Objections and I kindly request as such.

I am working on behalf of myself, the claimant, and as such all communication with respect to these claims or the Objection should be directed to myself:

Carol Stanford  81 White Cresent, Barrie ON Canada L4N 5Z9

I possess authority to reconcile, settle or otherwise resolve the Objection.

I appreciate your assistance in this matter

Carol Stanford

May 3, 2023

**Copies sent to via courier (signature requested):**

Richards, Layton & Finger, PA

One Rodney Square

920 North King Street

Wilmington Delaware

19801

Attn – Amanda Steele, Robert C Maddox, Emily R. Mathews

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT   DISTRICT OF DELAWARE | | | | | PROOF OF CLAIM |

**Name of Debtor & Case No:**

| | | | | | |
|---|---|---|---|---|---|
| ✗ Corinthian Colleges, Inc., et al. | 15-10952 | ETON Education, Inc. | 15-10961 | Heald College, LLC | 15-10969 |
| Pegasus Education, Inc. | 15-10953 | Florida Metropolitan University, Inc. | 15-10962 | Titan Schools, Inc. | 15-10970 |
| Heald Capital LLC | 15-10954 | CDI Education USA, Inc. | 15-10963 | MJB Acquisition Corporation | 15-10971 |
| Corinthian Schools, Inc. | 15-10955 | Heald Education, LLC | 15-10964 | Career Choices, Inc. | 15-10972 |
| Grand Rapids Educational Center, Inc. | 15-10956 | SP PE VII-B Heald Holdings Corp. | 15-10965 | QuickStart Intelligence Corporation | 15-10973 |
| Rhodes Colleges Inc. | 15-10957 | Corinthian Property Group, Inc. | 15-10966 | Sequoia Education, Inc. | 15-10974 |
| Heald Real Estate, LLC | 15-10958 | Ashmead Education, Inc. | 15-10967 | ECAT Acquisition, Inc. | 15-10975 |
| Rhodes Business Group, Inc. | 15-10959 | SD III-B Heald Holdings Corp. | 15-10968 | Socle Education, Inc. | 15-10976 |
| Everest College Phoenix, Inc. | 15-10960 | | | | |

NOTE: Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.

**FILED**

Claim No. **6**

**May 13 2015**

By Rust | Omni Claims Agent
For U.S Bankruptcy Court
District of Delaware

**COURT USE ONLY**

Name of Creditor (The person or other entity to whom the debtor owes money or property):

CAROL STANFORD

Name and address where notices should be sent:

CAROL STANFORD
1979 SWAN STREET
INNISFIL, ONTARIO
L9S 0B4
INNISFIL, ONTARIO
CANADA

Tel:   705-717-0804

Email: CSTANFORD0724@GMAIL.COM

Name and address where payment should be sent (if different from above):

☐ Check box to indicate that this claim amends a previously filed claim.

Court Claim Number:
    (If known)

Filed On:

Tel:

Email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Carefully read instructions included with this Proof of Claim before completing. In order to have your claim considered for payment and/or voting purposes, complete ALL applicable questions. The original of this Proof of Claim must be sent to: **Corinthian Colleges, Inc., c/o Rust Consulting | Omni Bankruptcy, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367**.

**1. Amount of Claim as of Date Case Filed:**                 $  108170.90

If all or part of your claim is secured, complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

| **2. Basis for Claim** | WAGES, SEVERANCE, NOTICE PAY AND LONG TERM INCENTIVE |
|---|---|
| (See instruction #2) | |

| **3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:** | **3b. Uniform Claim Identifier (optional):** |
|---|---|---|
| | (See instruction #3a) | (See instruction #3b) |

**4. Secured Claim.** *(See instruction #4)*
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges as of time case was filed included in secured claim, if any:**

$

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other

**Describe:**

**Basis for perfection:** _____

**Value of Property:** $ _____      **Amount Secured** $ _____

**Annual Interest Rate:** _____% ☐ Fixed  or  ☐ Variable
**(when case was filed)**

**Amount Unsecured** $ 108170.90

---

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries, or commissions (up to $12,475*), earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Amount entitled to priority:**

$ 108170.90

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

---

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secure, box 4 has been completed and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim.    *(See instruction #7 and definition of "redacted".)*
DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:    THESE DOCUMENTS WILL BE SENT WITH SIGNED COPIES

**8. Signature:**    *(See instruction #8)*
Check the appropriate box.

☒ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. *(See Bankruptcy Rule 3004.)*   ☐ I am a guarantor, surety, indorser, or other codebtor. *(See Bankruptcy Rule 3005.)*

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

**Print Name:** CAROL STANFORD

**Title:** _____

**Company:** _____

Address and telephone number (if different from notice address above)

1979 SWAN STREET

INNISFIL, ONTARIO L9S0B4

CANADA

CAROL STANFORD

**(Signature)**

5/13/2015

**(Date)**

Telephone number: 705-717-0804    email:  CSTANFORD0724@GMAIL.COM

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

POC0      0002

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim Form (if not already filled in)

**Court, Name of Debtor, and Case Number:**

Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**

Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002 (g).

**1. Amount of Claim as of Date Case Filed:**

State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**

State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**

State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**

Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**

If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**

Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable) and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a):**

If any portion of your claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**

An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**

Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence . You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on the delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**

The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**

A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**

A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**

A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**

A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**

A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**

An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**

Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**

Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### INFORMATION

**Acknowledgment of Filing of Claim**

To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov ) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**

Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**CAROL STANFORD**

Claim No: **6**

Case(s): **952**

Claim Amount: **$216,341.80**

1979 SWAN ST.
INNISFIL, ONTARIO, L9S 0B4
CANADA

**DATE FILED:**    5/13/2015
**BAR DATE:**    7/20/2015
**CLAIM FACE VALUE:**    $108,170.90

**CASE:**    952
**CLAIM CLASS:**    PRI
**STATUS:**
**OBJECTION:**
**PROOF OF CLAIM AMOUNT:**    $108,170.90
**IND:**
**FINAL ALLOWED AMOUNT:**

**CASE:**    952
**CLAIM CLASS:**    UNS
**STATUS:**
**OBJECTION:**
**PROOF OF CLAIM AMOUNT:**    $108,170.90
**IND:**
**FINAL ALLOWED AMOUNT:**

**PROOF OF CLAIM AMOUNT TOTAL:**    $216,341.80
**FINAL ALLOWED AMOUNT TOTAL:**



CASES

Search Claims                                                    Edit Search

| Claim Class | Proof of Claim Amount | Final Allowed Amount |
|---|---|---|
| UNSECURED | $108,170.90 | |
| PRIORITY | $153,969.76 | $0.00 |
| Total | $262,140.66 | $0.00 |
| Total Claims/Schedules | 5 | |

VIEW REPORT          EXPORT

《    VIEWING PAGE    1        OF (1)    》

**Corinthian Colleges, Inc., et al.**
Distribution Trust Website

**VIEW CASE INFO + INQUIRIES** ▼

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT   DISTRICT OF DELAWARE | | PROOF OF CLAIM |
|---|---|---|

**Name of Debtor & Case No:**

- ☑ Corinthian Colleges, Inc. 15-10952
- ☐ CDI Education USA, Inc. 15-10963
- ☐ ECAT Acquisition Inc. 15-10975
- ☐ Florida Metropolitan University, Inc. 15-10962
- ☐ Heald College, LLC 15-10969
- ☐ MJB Acquisition Corporation 15-10971
- ☐ Rhodes Business Group, Inc. 15-10959
- ☐ Sequoia Education, Inc. 15-10974
- ☐ Titan Schools, Inc. 15-10970

- ☐ Ashmead Education, Inc. 15- 10967
- ☐ Corinthian Property Group, Inc. 15-10966
- ☐ BTON Education, Inc. 15-10961
- ☐ Grand Rapids Educational Center, Inc. 15-10956
- ☐ Heald Education, LLC 15-10964
- ☐ Pegasus Education, Inc. 15-10953
- ☐ Rhodes Colleges, Inc. 15-10957
- ☐ Socle Education, Inc. 15-10976

- ☐ Career Choices, Inc. 15-10972
- ☐ Corinthian Schools, Inc. 15-10955
- ☐ Everest College Phoenix, Inc. 15-10960
- ☐ Heald Capital LLC 15-10954
- ☐ Heald Real Estate, LLC 15-10958
- ☐ QuickStart Intelligence Corporation 15-10973
- ☐ SD III-B Heald Holdings Corp. 15-10968
- ☐ SP PE VII-B Heald Holdings Corp. 15-10965

NOTE: Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.

**COURT USE ONLY**

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**CAROL STANFORD**

Name and address where notices should be sent:

NID 4700-1-S-67489        00821
CAROL STANFORD
1979 SWAN STREET
INNISFIL, ON L9S 0B2
CANADA

Your claim is scheduled as follows:
Case Number: 15-10952
Schedule: F (UNSECURED)
Nature of Claim: Long Term Incentive Plan
Claim Amount: $30,785.71

TEL: (705) 717-0804

email: CStanford0724@gmail.com

Name and address where payment should be sent (if different from above):
Name: CAROL STANFORD
Address 1: 1979 SWAN STREET
Address 2: INNISFIL, ONTARIO
Address 3: CANADA    L9S0B4
Address 4:
Address 5:

TEL: (705) 717-0804

email: ~~CStanford~~ @ CStanford0724@gmail.com

☐ Check box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed On: ___/___/___

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Carefully read instructions included with this Proof of Claim before completing. In order to have your claim considered for payment and/or voting purposes, complete ALL applicable questions. The original of this Proof of Claim must be sent to: Corinthian Colleges, Inc., c/o Rust Consulting | Omni Bankruptcy, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367 by July 20, 2015 at 5:00 pm prevailing Eastern Time or November 2, 2015 at 5:00 pm prevailing Eastern time for governmental entities.

**1. Amount of Claim as of Date Case Filed:**    $30785.71

If all or part of your claim is secured, complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim**    COMPENSATION-WAGES
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**

**3a. Debtor may have scheduled account as:**

(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**

(See instruction #3b)

**4. Secured Claim.** (See instruction #4)
☐ Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges as of time case was filed included in secured claim, if any:
$ _____ . __ __

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe: 

Basis for perfection: _____

Value of Property: $ _____
Annual Interest Rate: ____% ☐ Fixed or ☐ Variable (when case was filed).

Amount Secured $ _____ . __ __
Amount Unsecured $ _____ . __ __

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☑ Wages, salaries, or commissions (up to $12,475*), earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

Amount entitled to priority:
$ 3 0 7 8 5 . 7 1 . __

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. (See instruction #7 and definition of "redacted".)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature:** (See instruction #8)
Check the appropriate box.
☑ I am the creditor. ☐ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: CAROL STANFORD
Title:
Company:
Address and telephone number (if different from notice address above)

(Signature) C Stafard    7/17/15 (Date)

Telephone number: ____ email: ____

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

 Gmail

Carol Stanford <cstanford0724@gmail.com>

## EVEREST COLLEGES CANADA, INC.
3 messages

**Damon, June Ann (MOL)** <JuneAnn.Damon@ontario.ca>
To: "cstanford0724@gmail.com" <cstanford0724@gmail.com>

Fri, Jul 10, 2015 at 1:12 PM

Ms. Stanford:

Further to our telephone conversation:

In your claim submission, in addition to termination and/or severance pay, you are seeking bonus and/or long term incentive. It is the Trustee's position that you received all outstanding wages to which you are entitled, with the exception of termination and/or severance pay.

You indicated during our telephone conversation you are no longer pursuing the bonus portion of the complaint. I will indicate that as withdrawn on your complaint.

Kindly provide me with details of the Long Term Incentive you are seeking eg. How is earned, when is it payable, how is it calculated? etc. If this information is contained in a written contract please provide me with a copy. Provide as much DOCUMENTARY evidence as is available to you in support of your claim.

As well, you advised you have filed a proof of claim with a Trustee in Bankruptcy in the USA.; kindly provide a copy of the proof of claim together with any supporting documentation you received from that Trustee.

You should be aware that the items you are seeking may fall outside the **"wages"** definition provided in the Employment Standards Act, 2000. The definition follows:

**"wages" means**,

(a) monetary remuneration payable by an employer to an employee under the terms of an employment contract, oral or written, express or implied,

(b) any payment required to be made by an employer to an employee under this Act, and

(c) any allowances for room or board under an employment contract or prescribed allowances,

**but does not include**,

(d) tips and other gratuities,

**(e) any sums paid as gifts or bonuses that are dependent on the discretion of the employer and that are not related to hours, production or efficiency**,

(f) expenses and travelling allowances, or

(g) subject to subsections 60(3) or 62(2), employer contributions to a benefit plan and payments to which an employee is entitled from a benefit plan;

You may email or fax the documents to my attention, to reach this office **on or before July 17, 2015**. Contact details follows:

**EMAIL:** esdocuments@ontario.ca

**FAX:** 1-888-252-4684


*JUNE ANN DAMON*

*EMPLOYMENT STANDARDS OFFICER*

*PROVINCIAL OFFENCES OFFICER*

*DIRECT LINE: 647-777-5117*

*CELL: 416-859-5491*

*TOLL FREE: 1-800-340-9720*

*FAX #: 1-888-252-4684*


*This e-mail may contain PRIVILEGED and CONFIDENTIAL INFORMATION that is intended only for the use of the Addressee(s). If you are not the intended recipient of this e-mail or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately and permanently delete the e-mail, including any attachments, without making a copy. Thank you.*


*Ce courrier électronique peut contenir des informations privilégiées et confidentielles qui est destiné uniquement à l'usage du destinataire(s). Si vous n'êtes pas le destinataire de ce courrier électronique ou l'employé ou le mandataire chargé de livrer au destinataire, vous êtes par la présente avisé que toute diffusion ou reproduction de ce courrier électronique est strictement interdite. Si vous avez reçu ce courrier électronique par erreur, s'il vous plaît aviser immédiatement l'expéditeur et supprimer définitivement le courrier électronique, y compris les pièces jointes, sans en faire une copie. Je vous remercie.*

---

**Carol Stanford** <cstanford0724@gmail.com>                                                Fri, Jul 17, 2015 at 3:47 PM
To: "Damon, June Ann (MOL)" <JuneAnn.Damon@ontario.ca>, esdocuments@ontario.ca

Hi Ms Damon

Attached please find my Long Term incentive contract and my proof of claim from the US noting the unpaid amount owing.
I have filed my proof of claim with the US Bankruptcy firm but I am shocked that Duff and Plelps indicated there were no other wages owing..

If you have any questions, please do let me know

thank you

Carol Stanford
705-717-0804
[Quoted text hidden]



**6 Hutton Centre Drive, Suite 400**
**Santa Ana, CA 92707**

**Stan A. Mortensen**
Executive Vice President, General Counsel &
Corporate Secretary
Tel: (714) 825 7444
Fax: (714) 751 3605
Email: smortens@cci.edu

# MEMORANDUM

**Date:**   September 6, 2013

**To:**   Carol Stanford

**From:**   Stan A. Mortensen

**Re:**   Long Term Incentive and Retention Bonus Award

---

It is my pleasure to confirm that the Board of Directors of Corinthian Colleges, Inc. (the "Company") has approved the grant to you a Long Term Cash Incentive award subject to the terms and conditions set forth in the enclosed Long Term Cash Incentive Award Agreement (the "LTCI Agreement") and the Company's Plan. The Long Term Incentive Cash value you are receiving is set forth in your attached Agreement.

In addition to the Long Term Incentive Cash Award, you are eligible a Retention Bonus. Please refer to the enclosed Retention Bonus letter for your award value and additional terms and conditions.

Please sign and return one original of the LTCI Agreement to the attention of Sophia Rezvi and one original of the Retention Bonus letter to Chad Winer at the Company's Campus Support Center as soon as possible. **Your Long Term Incentive Cash will only be effective following receipt by the Company of one signed original of the LTCI Agreement.** Please retain one copy of the fully-executed document for your records.

Further, in connection with this grant, attached are the following documents for your information:

1. Fiscal year 2014 Long Term Incentive Statement

2. The Company's 2003 Performance Award Plan;

3. The Company's Proxy Statement for the Annual Meeting of Stockholders held on November 14, 2012; and

4. The Company's Annual Report on Form 10-K for the fiscal year ending June 30, 2013.

**PLEASE READ ALL THE ENCLOSED MATERIALS CAREFULLY.**

Should you have any questions after receiving the Grant Agreements and the other documents described above, please contact me at extension 7444.

S.A.M.



# FISCAL YEAR 2014 LONG TERM INCENTIVE (LTI) STATEMENT

**Carol Stanford**

RVP Operations-S

**Statement Date:**    September 6, 2013

## FY14 LTI GRANT SUMMARY

| Eligible Salary: | $149,100 |
|---|---|
| LTI Award (% of base salary): | 26% |
| LTI Award $ Amount | $39,139 |

| Fiscal Year 2014 LTI Grant | |
|---|---|
| Retention Cash | Performance Cash |
| $19,569 | $19,569 |

| LTI Components | Weighting | Initial Award Units/$ | Vesting Period [1] |
|---|---|---|---|
| Retention Cash | 50% | $19,569 | 1/3 vested on each anniversary date of the grant |
| Performance Cash | 50% | $19,569 | 3 year cliff vest from anniversary date of the grant. Vesting is tied to company financial performance over a cumulative 3 year period |

(1) Please refer to your personal grant agreement for details regarding eligibility and vesting requirements

## LTI VESTING SUMMARY (Granted in FY11-FY14)

| Grant Type | Unvested Units/$ | Vesting Schedule | | | |
|---|---|---|---|---|---|
| | | 2013 [2] | 2014 | 2015 | 2016 |
| Restricted Stock Units | 4,900 | 1,633 | 1,633 | 1,633 | - |
| Stock Options | - | - | - | - | - |
| Retention Cash | $54,069 | $3,333 | $34,356 | $9,856 | $6,523 |
| Performance Cash [3] | $19,569 | - | - | - | $19,569 |

[2] Retention Cash paid on August 23rd 2013
[3] The amount of actual Performance Cash vested is dependent on CCi meeting specific financial outcomes. Please refer to your grant agreement for details

### Important Notes

*Please refer to the 2003 Performance Award Plan and individual grant agreement(s) for details on the terms and conditions of your grant(s)

*For questions regarding your statement, please contact Chad Winer, Sr. Director Compensation at (714) 885-4642.



6 Hutton Centre Drive, Suite 400
Santa Ana, CA 92707-5764
*tel* 714.427.3000 *fax* 714.427.5111
www.cci.edu

September 5, 2013

Carol Stanford
1979 Swan Street
Innisfil ON, L9S 0B4

Dear Carol:

This letter sets forth the terms of your retention bonus from Corinthian Colleges, Inc. (the "Company").

You will be entitled to receive retention bonus payments in the aggregate amount of Nineteen Thousand Five Hundred Sixty Nine Dollars and No Cents ($19,569.00) (the "Aggregate Bonus Amount"), one-third of which will be delivered to you in cash on each of the three "Retention Dates" set forth below if you continue to be employed with the Company or one of its subsidiaries on the applicable Retention Date and you continue to fulfill your duties in accordance with all Company policies through that date.

| Retention Dates | Percentage of Aggregate Bonus Amount to be Paid |
|---|---|
| 9/1/2014 | 33.33% |
| 9/1/2015 | 33.33% |
| 9/1/2016 | 33.33% |

If your employment with the Company is terminated prior to the final Retention Date by the Company or one of its subsidiaries as a result of a reduction in force, a sale of the entity that employs you or the business or school that you are principally employed with, or due to the elimination of your position (and, in each case, other than for cause as described below) and you execute and deliver to the Company within twenty-one (21) days following such termination of your employment a release of claims in a form provided by the Company and you do not revoke such release within any revocation period provided under applicable law, you will be entitled to receive a pro-rata portion of the Aggregate Bonus Amount (based on the portion of the period you are employed by the Company or one of its subsidiaries between the date of this agreement and the final Retention Date) (a "Pro-rata Bonus"), minus any amounts previously paid.

You will not be entitled to receive any Bonus Amount (or any portion thereof, regardless of how long you are employed prior to any Retention Date) if your employment with the Company and its subsidiaries terminates prior to the Retention Date for any reason *other than* those described in the immediately preceding paragraph, including, without limitation, due to a termination of employment or retirement by you, due to your death or disability, or due to a termination of your employment by the Company or one of its subsidiaries for cause. For purposes of this letter agreement, "cause" will be construed broadly and will be determined by the Company in its sole discretion, and will include, without limitation, any one or more of the following: unsatisfactory performance of your duties or responsibilities, failure to follow directives of management, acts of dishonesty, breach of fiduciary duty, violation of any



6 Hutton Centre Drive, Suite 400
Santa Ana, CA 92707-5764
*tel* 714.427.3000  *fax* 714.427.5211
www.cci.edu

law, rule or regulation, violation of policy regarding confidentiality, or any breach or violation of any other rule, regulation or policy of or agreement with the Company or any of its subsidiaries.

If you become entitled to a payment of any portion of the Aggregate Bonus Amount hereunder, such amount will be paid in a cash lump sum, subject to applicable tax withholding, on or as soon as practicable after the Retention Date (and in all events within two and one-half months after that date), except that, if you become entitled to a Pro-rata Bonus as described above and you satisfy the release requirement, the pro-rata bonus will be paid to you in the month following the month in which your termination of employment occurs.

Nothing contained in this letter agreement constitutes an employment or service commitment by the Company (or any of its affiliates), affects your status as an employee at will who is subject to termination with or without cause at any time, or interferes in any way with the Company's right (or the right of its affiliates) to change your compensation or other terms of employment at any time.  This letter agreement may be amended only by a written agreement, signed by an authorized officer of the Company other than you, which expressly refers to this letter agreement.  This letter agreement contains all of the terms and conditions of your retention bonus opportunity under this letter agreement and supersedes all prior understandings and agreements, written or oral, between you and the Company with respect to your retention bonus opportunity.  The validity, interpretation, construction and performance of this agreement shall be governed by the laws of the State of California without regard to the conflicts of laws principles thereof.

If this letter accurately sets forth our understanding and agreement as to the foregoing matters, please acknowledge your agreement with the foregoing by signing the enclosed copy of this letter and returning it to the Compensation Department by September 30, 2013.  This letter agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Sincerely,

Jim Wade
SVP, Chief Human Resources Officer

Agreed to and Accepted:

By: _____
Name:  Carol Stanford

 **Everest CCI Documents Carol Stanford.pdf**
553K

**Carol Stanford** <cstanford0724@gmail.com>                                          Tue, May 2, 2023 at 9:07 PM
To: Carol Tucker <Cstanford0724@gmail.com>

Begin forwarded message:

> **From:** Carol Stanford <cstanford0724@gmail.com>
> **Date:** July 17, 2015 at 3:47:21 PM EDT
> **To:** "Damon, June Ann (MOL)" <JuneAnn.Damon@ontario.ca>, esdocuments@ontario.ca
> **Subject: Re: EVEREST COLLEGES CANADA, INC.**

[Quoted text hidden]

**Everest CCI Documents Carol Stanford.pdf**
553K

 **Gmail**

Carol Stanford <cstanford0724@gmail.com>

---

## Proof of Claim - Carol Stanford
2 messages

---

**Carol Stanford** <cstanford0724@gmail.com>                                    Fri, Mar 6, 2015 at 4:47 PM
To: everestcollege@duffandphelps.com, cstanford0724@gmail.com

Good Afternoon

Attached please find my proof of claim.

Please note:

- FY2014 Bonus calculation is approximate as given to me verbally. These amounts reside with the payroll department.

-Long Term Incentive is a contractual amount owed

-ESA is based on Failure to provide notice of termination based on 9 years of service as told to me by Ministry of Labour

-expense claim details are attached.

Thanks

Carol Stanford
(705) 717-0804

---

**2 attachments**

**DuffandPhelpsCSTANFORD.pdf**
984K

**Carol Stanford Expense February.pdf**
1682K

---

**Carol Stanford** <cstanford0724@gmail.com>                                    Tue, May 2, 2023 at 9:31 PM
To: Carol Tucker <Cstanford0724@gmail.com>


Begin forwarded message:

> **From:** Carol Stanford <cstanford0724@gmail.com>
> **Date:** March 6, 2015 at 4:47:25 PM EST
> **To:** everestcollege@duffandphelps.com, cstanford0724@gmail.com
> **Subject: Proof of Claim - Carol Stanford**


[Quoted text hidden]

---

**2 attachments**

**DuffandPhelpsCSTANFORD.pdf**
984K

**Carol Stanford Expense February.pdf**
1682K

# DUFF&PHELPS

*Bankruptcy and Insolvency Act ("Act")*

## Proof of Claim

(Section 50.1, 81.5, 81.6, Subsections 65.2(4), 81.2(1), 81.3(8), 81.4(8), 102(2), 124(2), 128(1),
and Paragraphs 51(1)(e) and 66.14(b) of the Act)

All notices or correspondence regarding this claim must be forwarded to the following address:

Creditor Name: CAROL STANFORD          Telephone: 705 717 0804
Address: 1979 SWAN ST          Fax:
INNISFIL   ON          Email: cstanford0724@gmail.com
Account No.

In the matter of the bankruptcy (or the proposal, or the receivership) of Everest Colleges *(name of debtor)* of _____ *(city and province)* and the claim of CAROL STANFORD *(name of creditor)* creditor.

I, CAROL STANFORD *(name of creditor or representative of the creditor)*, of Innisfil *(city and province)*, do hereby certify:

1. That I am a creditor of the above-named debtor (or that I am _____ *(state position or title)* of _____ *(name of creditor)*)

2. That I have knowledge of all the circumstances connected with the claim referred to below. ✓

3. That the debtor was, at the date of bankruptcy, (or the date of the receivership, or in the case of a proposal, the date of the notice of intention or of the proposal, if no notice of intention was filed), namely the 20 day of February 2015 and still is, indebted to the creditor in the sum of $172,846 as specified in the statement of account (or affidavit) attached and marked Schedule "A", after deducting any counterclaims to which the debtor is entitled. *(The attached statement of account or affidavit must specify the vouchers or other evidence in support of the claim.)*

4. *(Check and complete appropriate category.)*

   ☑ A. UNSECURED CLAIM OF $ 172,846
   *(other than as a customer contemplated by Section 262 of the Act)*
   That in respect of this debt, I do not hold any assets of the debtor as security and
   *(Check appropriate description.)*
   ☐ Regarding the amount of $ _____, I do not claim a right to a priority.
   ☐ Regarding the amount of $ _____, I claim a right to a priority under Section 136 of the Act.
   *(Set out on an attached sheet details to support priority claim.)*

   ☐ B. CLAIM OF LESSOR FOR DISCLAIMER OF A LEASE $ _____
   That I hereby make a claim under Subsection 65.2(4) of the Act, particulars of which are as follows:
   *(Give full particulars of the claim, including the calculations upon which the claim is based.)*

   ☐ C. SECURED CLAIM OF $ _____
   That in respect of this debt, I hold assets of the debtor valued at $ _____ as security, particulars of which are as follows:
   *(Give full particulars of the security, including the date on which the security was given and the value at which you assess the security, and attach a copy of the security documents.)*

   ☐ D. CLAIM BY FARMER, FISHERMAN OR AQUACULTURIST OF $ _____
   That I hereby make a claim under Subsection 81.2(1) of the Act for the unpaid amount of $ _____ *(Attach a copy of sales agreement and delivery receipts.)*

   ☐ E. CLAIM BY WAGE EARNER OF $ 172,037
   ☐ That I hereby make a claim under Subsection 81.3(8) of the Act in the amount of $ _____
   ☐ That I hereby make a claim under Subsection 81.4(8) of the Act in the amount of $ _____

   ☐ F. CLAIM BY EMPLOYEE FOR UNPAID AMOUNT REGARDING PENSION PLAN OF $ _____
   ☐ That I hereby make a claim under Subsection 81.5 of the Act in the amount of $ _____
   ☐ That I hereby make a claim under Subsection 81.6 of the Act in the amount of $ _____

   ☐ G. CLAIM AGAINST DIRECTOR $ _____
   *(To be completed when a proposal provides for the compromise of claims against directors.)*
   That I hereby make a claim under Subsection 50(13) of the Act, particulars of which are set out on the attached sheet(s). *(Give full particulars of the claim, including the calculations upon which the claim is based.)*

   ☐ H. CLAIM OF A CUSTOMER OF A BANKRUPT SECURITIES FIRM $ _____
   That I hereby make a claim as a customer for net equity as contemplated by Section 262 of the Act, particulars of which are set out on the attached sheet(s).
   *(Give full particulars of the claim, including the calculations upon which the claim is based.)*

*Bankruptcy and Insolvency Act ("Act")*

## Proof of Claim

(Section 50.1, 81.5, 81.6, Subsections 65.2(4), 81.2(1), 81.3(8), 81.4(8), 102(2), 124(2), 128(1), and Paragraphs 51(1)(e) and 66.14(b) of the Act)

5.    That, to the best of my knowledge, I am (or the above-named creditor is) (or am not or is not) related to the debtor within the meaning of Section 4 of the Act, and have (or has) (or have not or has not) dealt with the debtor in a non-arm's-length manner.

6.    That the following are the payments that I have received from, the credits that I have allowed to, and the transfers at undervalue within the meaning of Subsection 2(1) of the Act that I have been privy to or a party to with the debtor within the three months *(or, if the creditor and the debtor are related within the meaning of Section 4 of the Act or were not dealing with each other at arm's length, within the 12 months)* immediately before the date of the initial bankruptcy event within the meaning of Subsection 2(1) of the Act: *(Provide details of payments, credits and transfers at undervalue.)*

7.    (Applicable only in the case of the bankruptcy of an individual.)

☐    Whenever the trustee reviews the financial situation of a bankrupt to redetermine whether or not the bankrupt is required to make payments under Section 68 of the Act, I request to be informed, pursuant to Paragraph 68(4) of the Act, of the new fixed amount or of the fact that there is no longer surplus income.

☐    I request that a copy of the report filed by the trustee regarding the bankrupt's application for discharge pursuant to Subsection 170(1) of the Act be sent to the above address.

Dated at ____Innisfil____ , this __6__ day of ____MARCH____

Witness _____    Creditor _____

**NOTE:**    If an affidavit is attached, it must have been made before a person qualified to take affidavits.

**WARNINGS:**    A trustee may, pursuant to Subsection 128(3) of the Act, redeem a security on payment to the secured creditor of the debt or the value of the security as assessed, in a proof of security, by the secured creditor.

Subsection 201(1) of the Act provides severe penalties for making any false claim, proof, declaration or statement of account.

### DIRECTIONS FOR COMPLETION OF THIS FORM ARE ON THE REVERSE SIDE

Details of Claim

1) Expense Owing                          $ 808.94
2) Long Term Incentive                  $ 34,000 Approx
3) FY 2014 Bonus                          $ 89,000 Approx
4) Notice + Severance                    $ 49,038 Approx
   ESA Standard
   Based on 9 years         $ 172,846.
   service

### GENERAL PROXY

(Paragraphs 51(1)(e) and 66.15(3)(b) and Subsection 102(2))

In the matter of the bankruptcy) (or proposal) of _____ a bankrupt (or an insolvent)

I (or We) _____ (name of creditor), of _____ (name of city, town or village), a creditor in the above matter, hereby appoint _____, of _____, to be my (or our) general proxy in the above matter except as to the receipt of dividends, with (or without) power to appoint another general proxy in his or her place.

DATED AT _____ this _____ day of _____, _____

Witness _____    Individual Creditor OR Name of Corporate Creditor

                                       Per: _____

Witness _____    Name and Title of Signing Officer

 Gmail

**Carol Stanford <cstanford0724@gmail.com>**

---

## Proof of Claim - Carol Stanford
2 messages

---

**Carol Stanford** <cstanford0724@gmail.com>                                        Fri, Mar 6, 2015 at 4:47 PM
To: everestcollege@duffandphelps.com, cstanford0724@gmail.com

Good Afternoon

Attached please find my proof of claim.

Please note:

- FY2014 Bonus calculation is approximate as given to me verbally. These amounts reside with the payroll department.

-Long Term Incentive is a contractual amount owed

-ESA is based on Failure to provide notice of termination based on 9 years of service as told to me by Ministry of Labour

-expense claim details are attached.

Thanks

Carol Stanford
(705) 717-0804

---

**2 attachments**

📄 **DuffandPhelpsCSTANFORD.pdf**
    984K

📄 **Carol Stanford Expense February.pdf**
    1682K

---

**Carol Stanford** <cstanford0724@gmail.com>                                     Tue, May 2, 2023 at 9:31 PM
To: Carol Tucker <Cstanford0724@gmail.com>


Begin forwarded message:

> **From:** Carol Stanford <cstanford0724@gmail.com>
> **Date:** March 6, 2015 at 4:47:25 PM EST
> **To:** everestcollege@duffandphelps.com, cstanford0724@gmail.com
> **Subject: Proof of Claim - Carol Stanford**


Good Afternoon

Attached please find my proof of claim.

Please note:

- FY2014 Bonus calculation is approximate as given to me verbally. These amounts reside with the payroll department.

-Long Term Incentive is a contractual amount owed

-ESA is based on Failure to provide notice of termination based on 9 years of service as told to me by Ministry of Labour

-expense claim details are attached.

Thanks

Carol Stanford
(705) 717-0804

---

**2 attachments**

 **DuffandPhelpsCSTANFORD.pdf**
984K

 **Carol Stanford Expense February.pdf**
1682K

Corinthian Colleges, Inc.
Schedule 1 to Fifth Omnibus (Non-Substantive) Objection to Late Filed Claims

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Claim Amount[1] | Reason for Disallowance |
|---|---|---|---|---|---|---|
| 28 | CAROL STANFORD<br>1979 SWAN STREET<br>INNISFIL, ON L9S 0B2<br>CANADA | 7/21/2015 | 3287 | Corinthian Colleges, Inc. | $0.00 (S)<br>$0.00 (A)<br>$30,785.71 (P)<br>$0.00 (U)<br>$30,785.71 (T) | Claim filed after Bar Date. |
| 29 | MELISSA A SWEENEY<br>7217 CREEKWOOD COURT<br>TAMPA, FL 33615 | 9/8/2015 | 4026 | Corinthian Schools, Inc. | $0.00 (S)<br>$0.00 (A)<br>$2,810.21 (P)<br>$0.00 (U)<br>$2,810.21 (T) | Claim filed after Bar Date. |
| 30 | MELISSA SWEENEY<br>7217 CREEKWOOD COURT<br>TAMPA, FL 33615 | 9/8/2015 | 4027 | Corinthian Schools, Inc. | $0.00 (S)<br>$0.00 (A)<br>$2,810.21 (P)<br>$0.00 (U)<br>$2,810.21 (T) | Claim filed after Bar Date. |
| 31 | SILVIO TROISI<br>92 MUIRFIELD DRIVE<br>VALPARAISO IN 46385 | 7/24/2015 | 3638 | Corinthian Colleges, Inc. | $0.00 (S)<br>$0.00 (A)<br>$35,000.00 (P)<br>$0.00 (U)<br>$35,000.00 (T) | Claim filed after Bar Date. |
| 32 | TRU SPLENDOR COMMERCIAL BUILDING MAINT<br>ATTN: STEPHEN MITCHELL<br>1807 ALICE WAY.<br>SACRAMENTO, CA 95834 | 11/12/2015 | 4258 | Heald College, LLC | $0.00 (S)<br>$0.00 (A)<br>$12,475.00 (P)<br>$72,530.00 (U)<br>$85,005.00 (T) | Claim filed after Bar Date. |
| 33 | COURTNEY WHITE<br>6498 CHARTWELL DR<br>VIRGINIA BEACH, VA 23464 | 9/14/2015 | 4058 | Corinthian Colleges, Inc. | $0.00 (S)<br>$0.00 (A)<br>$12,475.00 (P)<br>$0.00 (U)<br>$12,475.00 (T) | Claim filed after Bar Date. |
| 34 | WHITE GLOVE MAINTENANCE & JANITORIAL SVC<br>ATTN: ABEL G SALAZAR<br>5064 SNOWBERRY DRIVE<br>FONTANA, CA 92336-0759 | 7/22/2015 | 3518 | Rhodes Colleges, Inc. | $0.00 (S)<br>$0.00 (A)<br>$21,600.00 (P)<br>$0.00 (U)<br>$21,600.00 (T) | Claim filed after Bar Date. |

Notes:
[1] S = Secured, A = Administrative, P = Priority, U = Unsecured, T = Total

Case 15-10952-JTD    Doc 1882-2    Filed 05/02/23    Page 15 of 16

Corinthian Colleges, Inc.
Schedule 2 to Fifth Omnibus (Non-Substantive) Objection to Claims with Insufficient Documentation

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Claim Amount[1] | Reason for Disallowance |
|---|---|---|---|---|---|---|
| 29 | CHRISTINA SALINAS 178 PELICAN LOOP PITTSBURG, CA 94565 | 7/6/2015 | 556 | Corinthian Colleges, Inc. | $0.00 (S) $0.00 (A) $11,827.20 (P) $0.00 (U) $11,827.20 (T) | Claim No. 556 does not include sufficient documentation to constitute prima facie evidence of the validity and amount of the claim, and the Debtors' books and records do not reflect any basis for the claim on behalf of this claimant. |
| 30 | DAVID SHIMKO 300 S. CARR AVE APT. 5F LAFAYETTE, CO 80026-1077 | 6/30/2015 | 371 | Corinthian Colleges, Inc. | $0.00 (S) $0.00 (A) $5,785.00 (P) $4,215.00 (U) $5,000.00 (T) | Claim No. 371 does not include sufficient documentation to constitute prima facie evidence of the validity and amount of the claim, and the Debtors' books and records do not reflect any basis for the claim on behalf of this claimant. |
| 31 | MARK C STALBIRD 1391 OAKBROOK DRIVE LARGO, FL 33770 | 7/1/2015 | 392 | Florida Metropolitan University, Inc. | $0.00 (S) $0.00 (A) $1,384.62 (P) $0.00 (U) $1,384.62 (T) | Claim No. 392 does not include sufficient documentation to constitute prima facie evidence of the validity and amount of the claim, and the Debtors' books and records do not reflect any basis for the claim on behalf of this claimant. |
| 32 | CAROL STANFORD 1979 SWAN ST. INNISFIL, ONTARIO, L9S 0B4 CANADA | 5/13/2015 | 6 | Corinthian Colleges, Inc. | $0.00 (S) $0.00 (A) $108,170.90 (P) $108,170.90 (U) $108,170.90 (T) | Claim No. 6 does not include sufficient documentation to constitute prima facie evidence of the validity and amount of the claim, and the Debtors' books and records do not reflect any basis for the claim on behalf of this claimant. |
| 33 | CHELSEA STEPHENSON 106 MYNDEN WAY NEWMARKET, ON L3X 3B7 CANADA | 7/16/2015 | 1872 | Corinthian Colleges, Inc. | $0.00 (S) $0.00 (A) $10,000.00 (P) $0.00 (U) $10,000.00 (T) | Claim No. 1872 does not include sufficient documentation to constitute prima facie evidence of the validity and amount of the claim, and the Debtors' books and records do not reflect any basis for the claim on behalf of this claimant. |
| 34 | ABDOLHOSSEIN NAVID TABRIZI 20335 PITTSFORD DR KATY, TX 77450 | 7/11/2015 | 1213 | Florida Metropolitan University, Inc. | $0.00 (S) $7,200.00 (P) $0.00 (U) $7,200.00 (T) | Claim No. 1213 does not include sufficient documentation to constitute prima facie evidence of the validity and amount of the claim, and the Debtors' books and records do not reflect any basis for the claim on behalf of this claimant. |
| 35 | KASIA WEIGEL 19357 SYLVAN AVE ESTACADA, OR 97023 | 7/13/2015 | 1370 | Corinthian Colleges, Inc. | $0.00 (S) $0.00 (A) $12,475.00 (P) $0.00 (U) $12,475.00 (T) | Claim No. 1370 does not include sufficient documentation to constitute prima facie evidence of the validity and amount of the claim, and the Debtors' books and records do not reflect any basis for the claim on behalf of this claimant. |

Notes:
[1] S = Secured; A = Administrative; P = Priority; U = Unsecured; T = Total