**Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | § |
| | § Chapter 11 |
| CORINTHIAN COLLEGES, INC.[1] | § |
| | § Case No. 15-10952 (JTD) |
| | § |
| Debtor. | § **Re: Docket Nos. 1882 & 1884** |

---

## ORDER APPROVING STIPULATION BETWEEN
## THE DISTRIBUTION TRUSTEE AND JOHN W. ANDREWS

The Court having considered the Stipulation Between The Distribution Trustee and John W. Andrews, a copy of which is attached hereto as <u>Exhibit 1</u> (the "**Stipulation**"), and the Court having determined that good cause exists for approval of the Stipulation,

IT IS HEREBY ORDERED that:

1. The Stipulation is approved in its entirety.

2. The terms of the Stipulation are incorporated in full as if set forth herein.

*[remainder of page intentionally left blank]*

---

[1] The debtor in this case, along with the last four digits of the debtor's federal tax identification number, is: Corinthian Colleges, Inc. (7312).

3. This Court retains jurisdiction over any and all matters arising from or related to the implementation or interpretation of the Stipulation or this Order.

# Exhibit 1

**Stipulation**

RLF1 29139035v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORINTHIAN COLLEGES, INC.,[1]<br><br>Debtor. | § <br>§   Chapter 11<br>§<br>§   Case No. 15-10952 (JTD)<br>§<br>§<br>§ |

-------------------------------------------------------------

**STIPULATION BETWEEN
THE DISTRIBUTION TRUSTEE AND JOHN W. ANDREWS**

This stipulation (the "**Stipulation**") is made by and between Craig R. Jalbert, as the Distribution Trustee (the "**Distribution Trustee**") of the Corinthian Distribution Trust (the "**Distribution Trust**"), and John W. Andrews ("**Claimant**," and together with the Distribution Trustee, the "**Parties**").

WHEREAS, on May 4, 2015 (the "**Petition Date**"), Corinthian Colleges, Inc. ("**Corinthian**") and its affiliated entities (collectively, the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of the Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

WHEREAS, on June 29, 2015, the Claimant filed proof of claim no. 220 asserting a priority claim in the amount of $78,714.29 (the "**Priority Claim**"). On July 6, 2015, the Claimant filed proof of claim no. 705 based on Claimant's ownership of Corinthian stock (the "**Equity Claim**"). On September 24, 2015, the Claimant filed proof of claim no. 4091 (the "**Duplicate Claim**" and with the Priority Claim and the Equity Claim, the "**Claims**"), which is a duplicate of proof of claim no. 220.

---

[1] The debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is Corinthian Colleges, Inc. (7312).

RLF1 29084895v.1

WHEREAS, on May 2, 2023, the Distribution Trustee filed the *Distribution Trustee's Fifth Omnibus (Non-Substantive) Objection to Certain (I) Late-Filed Claims; and (II) Insufficient Documentation Claims* (the "**Objection**"). Included on Schedule 1 of the Objection was the Duplicate Claim.

WHEREAS, the Parties have conferred regarding Claimant's Claims.

NOW, THEREFORE, the Distribution Trustee, by and through his undersigned counsel, and the Claimant, hereby stipulate and agree as follows:

1. The Priority Claim shall be reclassified in its entirety as an allowed general unsecured claim.

2. The Equity Claim and the Duplicate Claim shall be disallowed in their entirety.

3. The official claims register shall be updated to reflect the modifications set forth in Paragraphs 1 and 2 of this Stipulation.

4. This Stipulation may not be modified other than by a signed writing executed by both of the Parties.

5. Each of the undersigned represents that it has the full authority and legal power to execute this Stipulation.

6. This Stipulation shall not be construed as an admission of liability by the Debtors, the Distribution Trust, or the Distribution Trustee.

7. This Stipulation may be executed in counterparts and each such counterpart together with the others will constitute one and the same instrument.

8. This Stipulation constitutes the entire agreement and understanding between the Parties relating to the subject matter hereof and supersedes all previous or contemporaneous oral or written representations, understandings or agreements between the Parties.

9. The Bankruptcy Court will have exclusive jurisdiction over the subject matter of this Stipulation to resolve all disputes arising under or relating to this Stipulation, and each of the Parties hereby consents to the Bankruptcy Court's jurisdiction to resolve all disputes arising from this Stipulation.

[*Signature Page Follows*]

Dated: June 2, 2023

| | |
|---|---|
| Craig R. Jalbert, as Distribution Trustee | John W. Andrews |
| By: | By: |
| */s/ Emily R. Mathews* | */s/ John W. Andrews* |
| **RICHARDS, LAYTON & FINGER, P.A.** | John W. Andrews |
| Mark D. Collins (No. 2981) | 6881 Defiance Drive |
| Amanda R. Steele (No. 5530) | Huntington Beach, CA 92647 |
| Emily R. Mathews (No. 6866) | Telephone: (714) 791-8946 |
| One Rodney Square | Email: john.andrews@zenith.org |
| 920 North King Street | |
| Wilmington, Delaware 19801 | |
| Telephone: (302) 651-7700 | |
| Email: collins@rlf.com | |
|        steele@rlf.com | |
|        mathews@rlf.com | |

RLF1 29084895v.1