IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC.[1] | § | |
| | § | Case No. 15-10952 (JTD) |
| | § | |
| Debtor. | § | Response Deadline: Dec. 19, 2024 at 4:00 p.m. (ET) |
| | § | Hearing Date: Jan. 28, 2025 at 1:00 p.m. (ET) |

**DISTRIBUTION TRUSTEE'S ELEVENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN (I) AMENDED AND SUPERSEDED CLAIMS; (II) LATE-FILED CLAIMS; (III) DUPLICATE CLAIMS; AND (IV) EQUITY CLAIMS**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE AND/OR MODIFY CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1, SCHEDULE 2, SCHEDULE 3 AND/OR SCHEDULE 4 ATTACHED TO THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN. THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DISTRIBUTION TRUSTEE'S RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST CERTAIN CLAIMS LISTED ON SCHEDULE 1, SCHEDULE 2, SCHEDULE 3 AND SCHEDULE 4 ATTACHED TO THIS OBJECTION.**

Craig R. Jalbert, the distribution trustee (the "**Distribution Trustee**") for the Corinthian Colleges Distribution Trust (the "**Distribution Trust**"), in the above captioned chapter 11 case hereby files this omnibus objection (this "**Objection**") and respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") authorizing the Distribution Trustee to disallow and

---

[1] The debtor in this case, along with the last four digits of the debtor's federal tax identification number, is: Corinthian Colleges, Inc. (7312).

expunge or modify, as applicable: (i) the amended and superseded claims identified on <u>Schedule 1</u> thereto (the "**Amended and Superseded Claims**"), (ii) the late-filed claims identified on <u>Schedule 2</u> thereto (the "**Late-Filed Claims**"), (iii) the duplicate claims identified on <u>Schedule 3</u> (the "**Duplicate Claims**") and (iv) the equity claims identified on <u>Schedule 4</u> (the "**Equity Claim**," and together with the Amended and Superseded Claims, the Late-Filed Claims and the Duplicate Claims, the "**Disputed Claims**"). In support of this Objection, the Distribution Trustee submits the *Declaration of Craig R. Jalbert in Support of the Distribution Trustee's Eleventh Omnibus (Non-Substantive) Objection to Certain (I) Amended and Superseded Claims; (II) Late-Filed Claims; (III) Duplicate Claims; and (IV) Equity Claims* (the "**Jalbert Declaration**"), annexed hereto as **Exhibit B**. In support of this Objection, the Distribution Trustee respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[2]

## BACKGROUND

3. On May 4, 2015 (the "**Petition Date**"), the above-captioned debtor and affiliated entities (collectively, the "**Debtors**"), filed voluntary petitions with this Court for relief under

---

[2] Under rule 9013-1(f) of the Local Rules, the Distribution Trustee hereby confirms its consent to the entry of a final order by this Court in connection with this Objection if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

chapter 11 of the Bankruptcy Code. The Debtors managed and operated their businesses as debtors-in-possession under Bankruptcy Code sections 1107 and 1108.

## CLAIMS PROCESS

4. On June 8, 2015, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs [D.I. 290 - 359] (collectively, the "**Schedules**"). The Debtors amended their Schedules on June 15, 2015, August 21, 2015 and September 15, 2015 [D.I. 411-416, 832-837 & 944-952].

5. On June 18, 2015 the Court entered the *Order Pursuant to 11 U.S.C. §§ 501, 502, 503 and 1111(a), Fed. R. Bankr. P. 2002 and 3003(c)(3) and Del. Bankr. L.R. 2002-1(e) Establishing Bar Dates for Filing Claims and Approving Form and Manner of Notice Thereof* [D.I. 429] (the "**Bar Date Order**"). That same day, the Debtors filed the *Notice of Deadlines for Filing Proofs of Claim Against Debtors* [D.I. 431] (the "**Bar Date Notice**").

6. The Bar Date Order and Bar Date Notice established, among other things: (i) July 20, 2015 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim in the Chapter 11 Cases for persons or entities (except governmental units (as that term is defined in section 101(27) of the Bankruptcy Code) (the "**General Bar Date**"), and (ii) November 2, 2015 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim in the Chapter 11 Cases (the "**Governmental Bar Date**" and together with the General Bar Dates, the "**Bar Dates**").

7. On June 23, 2015, Omni Agent Solutions (formerly Rust Consulting/Omni Bankruptcy) ("**Omni**"), the Debtors' court-appointed claims and noticing agent, mailed the Bar Date Notice to all known holders of potential claims and their counsel (if known) [D.I. 475].

8. On July 1, 2015, the Debtors filed the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation*, which was subsequently amended on July 24, 2015, July 27, 2015, August 25, 2015, and August 28, 2015 [D.I. 520, 646, 655, 863, 906, and 909, respectively] (as amended, the "**Plan**"). On August 28, 2015, the Court entered the *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [D.I. 913] (the "**Confirmation Order**") confirming the Debtors' Plan.

9. The Effective Date of the Plan occurred on September 21, 2015 [D.I. 1014]. The Plan provided that on the Effective Date all the remaining assets of the Debtors' estates would transfer to two trusts: (i) the Distribution Trust, for the benefit of Holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims (other than Student 507(a)(7) Deposit Claims), Allowed Prepetition Lenders Secured Claims, Allowed Other Secured Claims and Allowed General Unsecured Claims, and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims.

10. On March 30, 2016, the Court entered the *Order Closing Certain Chapter 11 Cases* [D.I. 1181], closing the chapter 11 cases of related debtor entities, and allowed Case No. 15-10952 (JTD), Corinthian Colleges, Inc. to remain open and be the chapter 11 case through which the Debtors' consolidated estate be administered.

11. In the ordinary course of their business, the Debtors maintained books and records (the "**Books and Records**") that reflect, among other things, the Debtors' liabilities. The claims register (the "**Claims Register**"), prepared and maintained by Omni, shows that nearly 4,300 proofs of claim (the "**Proofs of Claim**") have been filed in this chapter 11 case. From and after the Effective Date, the Distribution Trustee, with the assistance of his advisors and professionals, has been analyzing the Proofs of Claim to ascertain which Proofs of Claim should be disallowed,

reduced and/or reclassified. As of the date hereof, the Distribution Trustee has filed ten omnibus claims objections [D.I. 1764, 1784, 1836, 1863, 1882, 1911, 1934, 1948, 1965 & 1989] and the Court entered orders sustaining all ten objections [D.I. 1770, 1791, 1847, 1871, 1894, 1929, 1938, 1955, 1970 & 2007].

## RELIEF REQUESTED

12. By this Objection, the Distribution Trustee seeks entry of the Proposed Order, pursuant to sections 105 and 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Rule 3007-1 of the Local Rules, disallowing and expunging, or modifying, as applicable, the (i) Amended and Superseded Claims identified on Schedule 1 to the Proposed Order, (ii) the Late-Filed Claims identified on Schedule 2 to the Proposed Order, (iii) the Duplicate Claims identified on Schedule 3 to the Proposed Order, and (iv) the Equity Claims identified on Schedule 4 to the Proposed Order.

## BASIS FOR RELIEF

13. Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *Id.* A party wishing to dispute a claim's validity must produce evidence sufficient to negate the claim's prima facie validity. *Id.* at 173-74. Once an objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 174. Ultimately, the burden of persuasion is on the claimant. *Id.*

### A. Amended and Superseded Claims

14. As set forth in the Jalbert Declaration, based upon a review and analysis of the Amended and Superseded Claims listed on <u>Schedule 1</u> to the Proposed Order, the Distribution Trustee has determined that each Amended and Superseded Claim listed under the column "Amended Claim to be Disallowed" has been amended and superseded by a subsequently filed proof of claim by the same claimant and on account of the same liability as those listed in the column labeled "Remaining Claim" (the "**Remaining Claims**").

15. The relief requested in this Objection is necessary to prevent the allowance of the Amended and Superseded Claims, which by their nature have been superseded and remain on the Claims Register only as a technicality. The Distribution Trustee should not be required to pay twice on the same obligation. Moreover, the elimination of the Amended and Superseded Claims will enable the Distribution Trustee to maintain a Claims Register that more accurately reflects the claims that have been asserted against the Distribution Trust. The claimants holding Amended and Superseded Claims will not be prejudiced by having their respective Amended and Superseded Claims disallowed and expunged because each Remaining Claim will remain on the Claims Register, subject to the Distribution Trustee's ongoing right to object to the Remaining Claims on any applicable grounds in any subsequent claim objection.

16. Therefore, the Distribution Trustee (i) objects to the allowance of the Amended and Superseded Claims set forth on <u>Schedule 1</u> and (ii) requests that such Amended and Superseded Claims listed under the column heading "Amended Claim to be Disallowed" be disallowed and expunged in their entirety.[3]

---

[3] For the avoidance of doubt, the Distribution Trustee reserves all rights to object to the Remaining Claims on any grounds permitted under applicable law.

### B. Late-Filed Claims

17. As set forth in the Jalbert Declaration, based upon a review and analysis of the Late-Filed Claims listed on Schedule 2 to the Proposed Order, the Debtors' Books and Records, and the Claims Register, the Distribution Trustee has determined that each Late-Filed Claim was filed after the applicable Bar Date. Omni provided actual notice of the Bar Dates to each of these claimants by mailing the Bar Date Notice to such claimant's mailing address in the Debtors' Books and Records, and/or the Debtors caused these claimants to receive constructive notice of the Bar Dates through the publication of the Bar Date Notice in *The Sacramento Bee*, the national edition of *USA Today*, the *San Francisco Chronicle* and the *Los Angeles Times*. *See* Docket Nos. 541-544. As a result, pursuant to the terms of the Bar Date Order, the holders of the Late-Filed Claims "shall not receive or be entitled to receive any payment of distribution of property from the Debtors or their successors or assigns with respect to such claim." *See* Bar Date Order, ¶ 11.

18. Failure to disallow the Late-Filed Claims will result in the applicable claimants receiving an unwarranted recovery to the detriment of other creditors. Accordingly, the Distribution Trustee (i) objects to the Late-Filed Claims listed on Schedule 2 to the Proposed Order and (ii) requests that such Late-Filed Claims be disallowed and expunged in their entirety.

### C. Duplicate Claims[4]

19. As set forth in the Jalbert Declaration, based upon a review and analysis of the Duplicate Claims listed on Schedule 3 to the Proposed Order, the Debtor's Books and Records, and the Claims Register, the Distribution Trustee has determined that each Duplicate Claim was

---

[4] Pursuant to Local Rule 3007-1(d)(i), an objection to duplicate claims is deemed to be on a substantive basis, however, "a claim filed against two different debtors is not a duplicate claim unless the cases have been substantively consolidated by order of the Court." Local Rule 3007-1(d)(i). The Debtors' estates in the above-captioned chapter 11 cases are consolidated for purposes of making distributions. See Confirmation Order, p. 7. Accordingly, the Distribution Trustee submits that objecting to the Duplicate Claims in this Objection is appropriate.

filed by, or on behalf of, the same claimant, in the same amount and priority, on account of the same alleged liability, more than once. The claims listed under the column "Duplicate Claim to be Disallowed" are duplicative of the corresponding claims listed under the column titled "Surviving Claim" (the "**Surviving Claims**").

20. The Distribution Trustee should not be required to pay twice on the same obligation. Disallowance of these redundant claims will enable the Claims Register to reflect more accurately the claims asserted against the Distribution Trustee. Any disallowance or expungement of the Duplicate Claims will not prejudice the relevant claimants or their substantive rights against the Distribution Trustee because each Surviving Claim will remain on the Claims Register, subject to the Distribution Trustee's ongoing right to object to the Surviving Claims on any applicable grounds in any subsequent claim objection.

21. Therefore, the Distribution Trustee (i) objects to the Duplicate Claims listed on Schedule 3 to the Proposed Order and (ii) requests that such Duplicate Claims under the column heading "Duplicate Claim to be Disallowed" be disallowed and expunged in their entirety.[5]

**D. Equity Claims**

22. As set forth in the Jalbert Declaration, based upon a review and analysis of the Equity Claims listed on Schedule 4 to the Proposed Order, the Distribution Trustee has determined that the Equity Claims were filed by shareholders based on the asserted ownership of equity securities in one of the Debtors. The Bankruptcy Code defines an "equity security" as a:

  a. share in a corporation, whether or not transferable or denominated "stock", or similar security;

  b. interest of a limited partner in a limited partnership; or

---

[5] For the avoidance of doubt, the Distribution Trustee reserves all rights to object to the Remaining Claims on any grounds permitted under applicable law.

      c. warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (A) or (B) of this paragraph.

11 U.S.C. § 101(16). Holders of equity securities, such as shares of stock, do not have "claims" under section 101(5) of the Bankruptcy Code, but rather equity interests. *See In re Insilco Techs., Inc.*, 480 F.3d 212, 218 (3d Cir. 2007) ("[An equity interest] is not a claim at all"); *In re Hedged-Invs. Assocs.*, 84 F.3d 1267, 1272 (10th Cir. 1996) ("Simply put, an equity interest is not a claim against the debtor . . . .") (quotations omitted)). The Equity Claims do not assert claims for damages, but rather assert claims based only on ownership of equity interests.[6] As set forth in the Plan, "[o]n the Effective Date, all Equity Interests (including any and all options or rights to exercise warrants or options or to otherwise acquire any Equity Interests) shall be cancelled, deemed terminated, and of no further force and effect, and the Holders of Equity Interests shall not receive or retain any Distribution or property on account of such Equity Interests." Plan, § VII(A)(7)(c).

      23. The equity interests asserted by the holders of the Equity Claims are not in fact claims against the Debtors and have been cancelled and terminated pursuant to the Plan. The elimination of the Equity Claims will enable the Distribution Trust to maintain a claims register that more accurately reflects the valid claims that have been asserted against the Debtors. Therefore, the Distribution Trustee (i) objects to the Equity Claims listed on <u>Schedule 4</u> to the Proposed Order and (ii) seeks entry of the Proposed Order disallowing the Equity Claims.

---

[6] Consistent with Local Rule 3007-1(d)(v), the Equity Claims listed on Schedule 4 to the Proposed Order merely asserts ownership of equity interests and does not allege damages associated therewith.

**RESPONSE**

24. By this Objection, the Distribution Trustee requests that any Claimant(s) disputing the Distribution Trustee's determination made as to the claims in this Objection, must file a written response (a "**Response**") with the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and serve such response on the undersigned counsel to the Distribution Trustee on or before **December 19, 2024 at 4:00 p.m. (ET)**.

25. If a claimant fails to timely file a Response by the Response Deadline, the Distribution Trustee may present to the Court an appropriate order disallowing and expunging the Disputed Claims without further notice to the claimant or a hearing.

26. The Distribution Trustee may file and serve a reply to any Response in accordance with the Local Rules. The Distribution Trustee reserves the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

**SEPARATE CONTESTED MATTERS**

27. To the extent, a Response is filed regarding any claim listed in this Objection and the Distribution Trustee is unable to resolve the Response, the objection by the Distribution Trustee to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

**RESERVATION OF RIGHTS**

28. The Distribution Trustee expressly reserves the right to the fullest extent permissible under Bankruptcy Rule 3007 and Local Rule 3007-1, and hereby reserves the right to (i) file subsequent objections to any claims subject hereto on any ground; (ii) amend, modify, or

supplement this Objection including, without limitation, the filing of objections to further amended or newly-filed claims; (iii) seek to expunge or reduce any claim to the extent all or a portion of such claim has been paid; and (iv) settle any claim for less than the asserted amount. Separate notice and a hearing will be provided in connection with any such additional objections. Nothing in this Objection, exhibits hereto, and/or schedules thereto shall be construed as an admission of the amount, priority, and/or status of any claim.

## COMPLIANCE WITH LOCAL RULE 3007-1

29.  To the best of the Distribution Trustee's knowledge and belief, this Objection complies with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## NOTICE

30.  The Distribution Trustee will provide notice of this Objection to the following parties or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) each holder of a Disputed Claim; and (iii) all other persons who have requested notice in the above-captioned chapter 11 case pursuant to Bankruptcy Rule 2002. The Distribution Trustee submits that, under the circumstances, no other or further notice is required.

## NO PREVIOUS REQUEST

31.  No previous request for the relief sought herein has been made by the Distribution Trustee to this or any other court.

WHEREFORE the Distribution Trustee respectfully requests that the Court sustain the Objection and grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: December 5, 2024<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Emily R. Mathews*<br>Mark D. Collins (No. 2981)<br>Michael J. Merchant (No. 3854)<br>Amanda R. Steele (No. 5530)<br>Robert C. Maddox (No. 5356)<br>Emily R. Mathews (No. 6866)<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-651-7700<br>Facsimile: 302-651-7701<br>Email: collins@rlf.com<br>　　　　merchant@rlf.com<br>　　　　steele@rlf.com<br>　　　　maddox@rlf.com<br>　　　　mathews@rlf.com<br><br>Counsel for the Distribution Trustee |