# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC.[1] | § | |
| | § | Case No. 15-10952 (JTD) |
| | § | |
| Debtor. | § | **Response Deadline: Dec. 19, 2024 at 4:00 p.m. (ET)** |
| | § | **Hearing Date: Jan. 28, 2025 at 1:00 p.m. (ET)** |

-------------------------------------------------------------

## DISTRIBUTION TRUSTEE'S TWELFTH
## OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN OVERSTATED CLAIMS

> **THIS OBJECTION SEEKS TO MODIFY CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> TO THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN.**

Craig R. Jalbert, the distribution trustee (the "**Distribution Trustee**") for the Corinthian Colleges Distribution Trust (the "**Distribution Trust**"), in the above captioned chapter 11 case hereby files this omnibus objection (this "**Objection**") and respectfully requests entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "**Proposed Order**"), pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") authorizing the Distribution Trustee to reduce the amount of the overstated claims identified on <u>Schedule 1</u> thereto (the "**Overstated Claims**"). In support of this Objection, the Distribution Trustee submits the *Declaration of Craig R. Jalbert in Support*

---

[1] The debtor in this case, along with the last four digits of the debtor's federal tax identification number, is: Corinthian Colleges, Inc. (7312).

*of the Distribution Trustee's Twelfth Omnibus (Substantive) Objection to Certain Overstated Claims* (the "**Jalbert Declaration**"), annexed hereto as <u>Exhibit B</u>. In support of this Motion, the Distribution Trustee respectfully states as follows:

## JURISDICTION

1.      The Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[2]

## BACKGROUND

3.      On May 4, 2015 (the "**Petition Date**"), the above-captioned debtor and affiliated entities (collectively, the "**Debtors**"), filed voluntary petitions with this Court for relief under chapter 11 of the Bankruptcy Code.   The Debtors managed and operated their businesses as debtors-in-possession under Bankruptcy Code sections 1107 and 1108.

## CLAIMS PROCESS

4.      On June 8, 2015, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs [D.I. 290 - 359] (collectively, the "**Schedules**").   The Debtors amended their Schedules on June 15, 2015, August 21, 2015 and September 15, 2015 [D.I. 411-416, 832-837 & 944-952] .

5.      On June 18, 2015 the Court entered the *Order Pursuant to 11 U.S.C. §§ 501, 502, 503 and 1111(a), Fed. R. Bankr. P. 2002 and 3003(c)(3) and Del. Bankr. L.R. 2002-1(e)*

---

[2]      Under rule 9013-1(f) of the Local Rules, the Distribution Trustee hereby confirms its consent to the entry of a final order by this Court in connection with this Objection if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

*Establishing Bar Dates for Filing Claims and Approving Form and Manner of Notice Thereof* [D.I. 429] (the "**Bar Date Order**").  That same day, the Debtors filed the *Notice of Deadlines for Filing Proofs of Claim Against Debtors* [D.I. 431] (the "**Bar Date Notice**").

6.     The Bar Date Order and Bar Date Notice established, among other things: (i) July 20, 2015 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim in the Chapter 11 Cases for persons or entities (except governmental units (as that term is defined in section 101(27) of the Bankruptcy Code)), and (ii) November 2, 2015 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim in the Chapter 11 Cases.

7.     On June 23, 2015, Omni Agent Solutions (formerly Rust Consulting/Omni Bankruptcy) ("**Omni**"), the Debtors' court-appointed claims and noticing agent, mailed the Bar Date Notice to all known holders of potential claims and their counsel (if known) [D.I. 475].

8.     On July 1, 2015, the Debtors filed the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation*, which was subsequently amended on July 24, 2015, July 27, 2015, August 25, 2015, and August 28, 2015 [D.I. 520, 646, 655, 863, 906, and 909, respectively] (as amended, the "**Plan**").  On August 28, 2015, the Court entered the *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [D.I. 913] (the "**Confirmation Order**") confirming the Debtors' Plan.

9.     The Effective Date of the Plan occurred on September 21, 2015 [D.I. 1014].  The Plan provided that on the Effective Date all the remaining assets of the Debtors' estates would transfer to two trusts:   (i) the Distribution Trust, for the benefit of Holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims (other than Student 507(a)(7) Deposit Claims), Allowed Prepetition Lenders Secured Claims,

Allowed Other Secured Claims and Allowed General Unsecured Claims, and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims (each as defined in the Plan).

10.     On March 30, 2016, the Court entered the *Order Closing Certain Chapter 11 Cases* [D.I. 1181], closing the chapter 11 cases of related debtor entities, and allowing Corinthian Colleges, Inc.'s Case No. 15-10952 (JTD) to remain open for the consolidated administration of the Debtors' estates.

11.     In the ordinary course of their business, the Debtors maintained books and records (the "**Books and Records**") that reflect, among other things, the Debtors' liabilities.  The claims register (the "**Claims Register**"), prepared and maintained by Omni, shows that nearly 4,300 proofs of claim (the "**Proofs of Claim**") have been filed in this chapter 11 case.  From and after the Effective Date, the Distribution Trustee, with the assistance of his advisors and professionals, has been analyzing the Proofs of Claim to ascertain which Proofs of Claim should be disallowed, and/or reduced.  As of the date hereof, the Distribution Trustee has filed ten omnibus claims objections [D.I. 1764, 1784, 1836, 1863, 1882, 1911, 1934, 1948, 1965 & 1989] and the Court entered orders sustaining all ten objections [D.I. 1770, 1791, 1847, 1871, 1894, 1929, 1938, 1955, 1970 & 2007].

## RELIEF REQUESTED

12.     By this Objection, the Distribution Trustee seeks entry of the Proposed Order, pursuant to sections 105 and 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Rule 3007-1 of the Local Rules, reducing the amount of the overstated claims identified on Schedule 1 to the Proposed Order.

## BASIS FOR RELIEF

4

13.    Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc*., 954 F.2d 167, 173 (3d Cir. 1992). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *Id.* A party wishing to dispute a claim's validity must produce evidence sufficient to negate the claim's prima facie validity. *Id.* at 173-74. Once an objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 174. Ultimately, the burden of persuasion is on the claimant. *Id.*

**A.  Overstated Claims**

14.    As set forth in the Jalbert Declaration, the Distribution Trustee has determined that each Overstated Claim listed on <u>Schedule 1</u> to the Proposed Order was filed in an incorrect amount that is greater than the estates' true liability. The Distribution Trustee objects to the asserted amounts identified on <u>Schedule</u> 1 to the Proposed Order under the column "Claim Amount" because these amounts differ from and are greater than the amounts reflected in the Books and Records. In evaluating the Overstated Claims, the Distribution Trustee has thoroughly reviewed the relevant Proofs of Claim, as well as the supporting documentation provided by each claimant, and has determined that the amounts reflected as the "Claim Amount" are overstated for the reasons set forth in the column labeled "Reason for Modification" on <u>Schedule 1</u> to the Proposed Order.

15.    The Overstated Claims were filed by claimants who either failed to apply or did not properly apply the section 502(b)(6) cap on lease rejection damages. Section 502(b)(6) limits the

5

claim of a lessor for damages resulting from the termination of a lease of real property to:

> (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of:
>
>> (i) the date of the filing of the petition; and
>>
>> (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus
>
> (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates.

U.S.C. § 502(b)(6).

16.     Additionally, courts in this District have held that various charges not traditionally considered rent may be subject to the cap provided by section 502(b)(6) if such charges arise from the termination of a lease.  *See, e.g.*, *In re Filene's Basement, LLC*, 2015 WL 1806347, at *11 (Bankr. D. Del. 2015) (finding an abandonment claim fell within the scope of section 502(b)(6) because a landlord would only remove the debtors furniture upon termination); *In re PPI Enters., Inc.*, 228 B.R. 339, 349 (Bankr. D. Del. 1988) (finding attorneys' fees fell within the scope of 502(b)(6)); *In re Foamex Int'l., Inc.*, 368 B.R. 383, 394 (Bankr. D. Del. 2007) (finding claims for damages based on a tenant's failure to perform maintenance and repair obligations under the lease were limited by the cap).  Indeed, the court noted in *Foamex*, "[section] 502(b)(6) was enacted to curtail exorbitant future damages claims by landlords on long-term leases to the detriment of other creditors." 368 B.R. at 394.

17.     While claims such as attorney's fees, abandonment fees, and repair costs that arise from termination are subject to the section 502(b)(6) cap, they are not included in the calculation of the cap itself because they are not "rent reserved."  *See In re PPI Enters., Inc.* 228 B.R. at 349 (finding a claim to recover attorney's fees "not properly allowable as 'rent reserved' under §

502(b)(6)"); *In re Foamex Int'l., Inc.*, 368 B.R. at 394 (finding repair and maintenance charges were not "rent reserved" as that term is used in § 502(b)(6)(A)); *See also In re Filene's Basement, LLC*, 2015 WL 1806347, at *12 (finding claim was not "rent reserved" because it was not "fixed, regular, or periodic").  Courts in this district have applied a three-part test that must be met for a lease charge to constitute "rent reserved" under § 502(b)(6)(A).  The charge must be: (1) (a) designated as "rent" or "additional rent" under the lease; or (b) provided as the tenant's/lessee's obligation in the lease; (2) related to the value of the property or the lease thereon; and (3) properly classifiable as rent because it is a fixed, regular, or periodic charge.  *In re Foamex Int'l., Inc.*, 368 B.R. at 391-98 (citing *Kuske v. McSheridan (In re McSheridan)*, 184 B.R. 91, 100 (9th Cir. B.A.P. 2007)); *see also In re Filene's Basement, LLC*, 2015 WL 1806347, at *12 (finding the application of the third element alone was sufficient to determine a claim for abandonment was not "rent reserved").

18.    Thus, charges such as abandonment costs, late fees, attorney's fees, and repair costs that arise from the termination of a lease do not affect the calculation of the cap because they are not "fixed, regular, or periodic."  *See In re PPI Enters., Inc.*, 228 B.R. at 355 (Finding landlord's rent claim, as limited by section 502(b)(6), did not include late fees or attorney's fees); *In re Foamex, Inc.*, 368 B.R. at 394 (finding allowed 502(b)(6) claim included amounts for rent and taxes, but not amounts for maintenance and repair costs); *see also In re Filene's Basement, LLC*, 2015 WL 1806347, at *12 (finding abandonment claim fell within the scope of § 502(b)(6) but was not part of "rent reserved" and, therefore, could not be included in the calculation of the 502(b)(6) claim).

19.    The Overstated Claims assert, among other things, amounts that relate to the termination of a lease.  However, each of the claims fails to apply the section 502(b)(6) statutory

7

cap on rejection damages.  According to the Books and Records, each claimant's failure to apply the cap results in their respective claim being overstated by the amount set forth in <u>Schedule 1</u> attached to the Proposed Order.  Failure to reduce these claims will result in these claimants recovering excess amounts to the detriment of other creditors.  Accordingly, these claims should be reduced as set forth on <u>Schedule 1</u> attached to the Proposed Order.

## **RESPONSE**

20.     By this Objection, the Distribution Trustee requests that any claimant(s) disputing the Distribution Trustee's determination made as to the claims in this Objection, must file a written response (a "**Response**") with the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and serve such response on the undersigned counsel to the Distribution Trustee on or before **December 19, 2024 at 4:00 p.m. (ET)**.

21.     If a claimant fails to timely file a Response by the Response Deadline, the Distribution Trustee may present to the Court an appropriate order modifying the Overstated Claims without further notice to the claimant or a hearing.

22.     The Distribution Trustee may file and serve a reply to any Response in accordance with the Local Rules.  The Distribution Trustee reserves the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

## **SEPARATE CONTESTED MATTERS**

23.     To the extent a Response is filed regarding any claim listed in this Objection and the Distribution Trustee is unable to resolve the Response, the objection by the Distribution Trustee to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## RESERVATION OF RIGHTS

24.     The Distribution Trustee expressly reserves the right to the fullest extent permissible under Bankruptcy Rule 3007 and Local Rule 3007-1, and hereby reserves the right to (i) file subsequent objections to any claims subject hereto on any ground; (ii) amend, modify, or supplement this Objection including, without limitation, the filing of objections to further amended or newly-filed claims; (iii) seek to expunge or reduce any claim to the extent all or a portion of such claim has been paid; and (iv) settle any claim for less than the asserted amount.  Separate notice and a hearing will be provided for any such additional objections.  Nothing in this Objection, exhibits hereto, and/or schedules thereto shall be construed as an admission of the amount, priority, and/or status of any claim.

## COMPLIANCE WITH LOCAL RULE 3007-1

25.     To the best of the Distribution Trustee's knowledge and belief, this Objection complies with Local Rule 3007-1.  To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## NOTICE

26.     The Distribution Trustee will provide notice of this Objection to the following parties or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) each holder of an Overstated Claim; and (iii) all other persons who have requested notice in the above-captioned chapter 11 case pursuant to Bankruptcy Rule 2002.  The Distribution Trustee submits that, under the circumstances, no other or further notice is required.

## NO PREVIOUS REQUEST

27.     No previous request for the relief sought herein has been made by the Distribution Trustee to this or any other court.

9

WHEREFORE the Distribution Trustee respectfully requests that the Court sustain the

Objection and grant such other and further relief as it deems just and proper.

Dated: December 5, 2024
      Wilmington, Delaware

Respectfully submitted,

*/s/ Emily R. Mathews*
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Robert C. Maddox (No. 5356)
Emily R. Mathews (No. 6866)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email:  collins@rlf.com
       merchant@rlf.com
       steele@rlf.com
       maddox@rlf.com
       mathews@rlf.com

Counsel for the Distribution Trustee