## Exhibit B

**Jalbert Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: § <br> § <br> CORINTHIAN COLLEGES, INC.,[1] § <br> § <br> § <br> Debtors. § <br> § <br> § | Chapter 11 <br><br> Case No. 15-10952 (JTD) |

-------------------------------------------------------

**DECLARATION OF CRAIG R. JALBERT IN SUPPORT OF**
**THE DISTRIBUTION TRUSTEE'S TWELFTH OMNIBUS**
**(SUBSTANTIVE) OBJECTION TO CERTAIN OVERSTATED CLAIMS**

I, Craig R. Jalbert, hereby declare under penalty of perjury:

1. I am a principal of Verdolino & Lowey, P.C. where I have worked as a restructuring professional for more than twenty years. I am a certified insolvency and restructuring advisor and am the Distribution Trustee for the Corinthian Colleges Distribution Trust (the "**Distribution Trust**"), established pursuant to the *Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidating* [D.I. 990].

2. I submit this declaration (the "**Declaration**") in support of the *Distribution Trustee's Twelfth Omnibus (Substantive) Objection to Certain Overstated Claims* (the "**Objection**"),[2] dated as of the date hereof and filed contemporaneously herewith.

3. I am over the age of eighteen and am authorized by the Distribution Trust to submit this Declaration. All statements in this Declaration are based upon my personal knowledge, my review (or the review of others under my supervision) of (i) the relevant proofs of claim, (ii) the official register of claims filed in the chapter 11 case, and/or (iii) the Debtors' Books and Records

---

[1] The debtor in this case, along with the last four digits of the debtor's federal tax identification number is: Corinthian Colleges, Inc. (7312).

[2] Capitalized terms used but not defined in this Declaration shall have the same meanings ascribed to them in the Objection.

and other documents identified herein. If called as a witness, I could and would competently testify to the facts set forth in this Declaration.

4. The proofs of claim subject to the Objection were carefully reviewed and analyzed in good faith using due diligence by appropriate personnel of the Distribution Trust, Omni, Verdolino & Lowey, P.C., and Richards, Layton & Finger, P.A.

**A. Overstated Claims**

5. Based upon a review and analysis of the Books and Records, the Claims Register, and the Overstated Claims listed on Schedule 1 to the Proposed Order, I and my team have determined that the Overstated Claims were filed for amounts that differ from and are greater than the amount of the estates' true liabilities. Therefore, the Overstated Claims should be reduced as set forth on Schedule 1 to the Proposed Order and the Distribution Trustee seeks entry of the Proposed Order reducing and allowing the Overstated Claims.

6. The facts relevant to the Overstated Claims are as follows:

- **Claim No. 11** (CIM Urban REIT Properties I, L.P.) Claim number 11 was filed by CIM Urban REIT Properties I, L.P., asserting a general unsecured claim for lease rejection damages in connection with a real property lease in the amount of $4,150,885.10. Based on a review of the claim and the Books and Records, the Distribution Trustee has determined that the claimant did not apply the rejection damages cap set forth in section 502(b)(6) of the Bankruptcy Code. The Distribution Trustee applied the 502(b)(6) rejection damages cap and determined the claim is overstated by $3,203,267.75. Accordingly, this claim should be reduced and allowed in the amount of $947,617.35.

- **Claim No. 3291** (Vista Sudbury Hotel Inc.): Claim number 3291 was filed by Vista Sudbury Hotel Inc., asserting a general unsecured claim for lease rejection damages in connection with a real property lease in the amount of $4,741,801.74. Based on a review of the claim and the Books and Records, the Distribution Trustee has determined that the claimant did not apply the rejection damages cap set forth in section 502(b)(6) of the Bankruptcy Code. The Distribution Trustee applied the 502(b)(6) rejection damages cap and determined the claim is overstated by $4,455,957.64. Accordingly, this claim should be reduced and allowed in the amount of $285,844.09.

- **Claim No. 3846** (Northview Properties, LLC): Claim number 3846 was filed by Northview Properties, LLC, asserting a general unsecured claim for lease rejection damages in connection with a real property lease in the amount of $1,196,663.20. Based

on a review of the claim and the Books and Records, the Distribution Trustee has determined that the claimant did not correctly apply the rejection damages cap set forth in section 502(b)(6) of the Bankruptcy Code. The Distribution Trustee applied the 502(b)(6) rejection damages cap and determined the claim is overstated by $459,294.57. Accordingly, this claim should be reduced and allowed in the amount of $737,368.63.

7. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of December, 2024.

                                      */s/ Craig R. Jalbert*
                                      Craig Jalbert
                                      Distribution Trustee
                                      Corinthian Colleges Distribution Trust