IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CORINTHIAN COLLEGES, INC.[1] | § | |
| | § | Case No. 15-10952 (JTD) |
| | § | |
| Debtor. | § | Response Deadline: January 10, 2025 at 4:00 p.m. (ET) |
| | § | Hearing Date: January 28, 2025 at 1:00 p.m. (ET) |

---

**DISTRIBUTION TRUSTEE'S THIRTEENTH OMNIBUS (NON-SUBSTANTIVE)
OBJECTION TO CERTAIN INSUFFICIENT DOCUMENTATION CLAIMS**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 ATTACHED TO THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN. THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DISTRIBUTION TRUSTEE'S RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST CERTAIN CLAIMS LISTED ON SCHEDULE 1 ATTACHED TO THIS OBJECTION.**

Craig R. Jalbert, the distribution trustee (the "**Distribution Trustee**") for the Corinthian Colleges Distribution Trust (the "**Distribution Trust**"), in the above captioned chapter 11 case hereby files this omnibus objection (this "**Objection**") and respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") authorizing the Distribution Trustee to disallow and expunge the insufficient documentation claims identified on Schedule 1 thereto (the "**Insufficient

---

[1] The debtor in this case, along with the last four digits of the debtor's federal tax identification number, is: Corinthian Colleges, Inc. (7312).

**Documentation Claims**"). In support of this Objection, the Distribution Trustee submits the *Declaration of Craig R. Jalbert in Support of the Distribution Trustee's Thirteenth Omnibus (Non-Substantive) Objection to Certain Insufficient Documentation Claims* (the "**Jalbert Declaration**"), annexed hereto as **Exhibit B**. In support of this Objection, the Distribution Trustee respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[2]

## BACKGROUND

3. On May 4, 2015 (the "**Petition Date**"), the above-captioned debtor and affiliated entities (collectively, the "**Debtors**"), filed voluntary petitions with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors managed and operated their businesses as debtors-in-possession under Bankruptcy Code sections 1107 and 1108.

## CLAIMS PROCESS

4. On June 8, 2015, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs [D.I. 290 - 359] (collectively, the "**Schedules**"). The Debtors amended their Schedules on June 15, 2015, August 21, 2015 and September 15, 2015 [D.I. 411-416, 832-837 & 944-952].

---

[2] Under rule 9013-1(f) of the Local Rules, the Distribution Trustee hereby confirms its consent to the entry of a final order by this Court in connection with this Objection if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

5.      On June 18, 2015 the Court entered the *Order Pursuant to 11 U.S.C. §§ 501, 502, 503 and 1111(a), Fed. R. Bankr. P. 2002 and 3003(c)(3) and Del. Bankr. L.R. 2002-1(e) Establishing Bar Dates for Filing Claims and Approving Form and Manner of Notice Thereof* [D.I. 429] (the "**Bar Date Order**").  That same day, the Debtors filed the *Notice of Deadlines for Filing Proofs of Claim Against Debtors* [D.I. 431] (the "**Bar Date Notice**").

6.      The Bar Date Order and Bar Date Notice established, among other things: (i) July 20, 2015 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim in the Chapter 11 Cases for persons or entities (except governmental units (as that term is defined in section 101(27) of the Bankruptcy Code) (the "**General Bar Date**"), and (ii) November 2, 2015 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim in the Chapter 11 Cases (the "**Governmental Bar Date**" and together with the General Bar Dates, the "**Bar Dates**").

7.      On June 23, 2015, Omni Agent Solutions (formerly Rust Consulting/Omni Bankruptcy) ("**Omni**"), the Debtors' court-appointed claims and noticing agent, mailed the Bar Date Notice to all known holders of potential claims and their counsel (if known) [D.I. 475].

8.      On July 1, 2015, the Debtors filed the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation*, which was subsequently amended on July 24, 2015, July 27, 2015, August 25, 2015, and August 28, 2015 [D.I. 520, 646, 655, 863, 906, and 909, respectively] (as amended, the "**Plan**").  On August 28, 2015, the Court entered the *Order Confirming Debtors' Third Amended and Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [D.I. 913] (the "**Confirmation Order**") confirming the Debtors' Plan.

9.      The Effective Date of the Plan occurred on September 21, 2015 [D.I. 1014].  The Plan provided that on the Effective Date all the remaining assets of the Debtors' estates would

transfer to two trusts: (i) the Distribution Trust, for the benefit of Holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims (other than Student 507(a)(7) Deposit Claims), Allowed Prepetition Lenders Secured Claims, Allowed Other Secured Claims and Allowed General Unsecured Claims, and (ii) the Student Trust, for the benefit of Holders of Allowed Student Claims and Government Education Claims.

10. On March 30, 2016, the Court entered the *Order Closing Certain Chapter 11 Cases* [D.I. 1181], closing the chapter 11 cases of related debtor entities, and allowed Case No. 15-10952 (JTD), Corinthian Colleges, Inc. to remain open and be the chapter 11 case through which the Debtors' consolidated estate be administered.

11. In the ordinary course of their business, the Debtors maintained books and records (the "**Books and Records**") that reflect, among other things, the Debtors' liabilities. The claims register (the "**Claims Register**"), prepared and maintained by Omni, shows that nearly 4,300 proofs of claim (the "**Proofs of Claim**") have been filed in this chapter 11 case. From and after the Effective Date, the Distribution Trustee, with the assistance of his advisors and professionals, has been analyzing the Proofs of Claim to ascertain which Proofs of Claim should be disallowed, reduced and/or reclassified. As of the date hereof, the Distribution Trustee has filed twelve omnibus claims objections [D.I. 1764, 1784, 1836, 1863, 1882, 1911, 1934, 1948, 1965, 1989, 2018 & 2019] and the Court entered orders sustaining ten such objections [D.I. 1770, 1791, 1847, 1871, 1894, 1929, 1938, 1955, 1970 & 2007].

## **RELIEF REQUESTED**

12. By this Objection, the Distribution Trustee seeks entry of the Proposed Order, pursuant to sections 105 and 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of

Bankruptcy Procedure, and Rule 3007-1 of the Local Rules, disallowing and expunging the Insufficient Documentation Claims identified on Schedule 1 to the Proposed Order.

## BASIS FOR RELIEF

13. Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *Id.* A party wishing to dispute a claim's validity must produce evidence sufficient to negate the claim's prima facie validity. *Id.* at 173-74. Once an objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 174. Ultimately, the burden of persuasion is on the claimant. *Id.*

14. As set forth in the Jalbert Declaration, based upon a review and analysis of the Insufficient Documentation Claims listed on Schedule 1 to the Proposed Order, the Distribution Trustee has determined that the Insufficient Documentation Claims lack any documentation supporting the existence and amount of the underlying claims. The Insufficient Documentation Claims are not *prima facie* valid. Pursuant to Bankruptcy Rule 3001(c), a claimant that files a proof of claim based on a writing must file an original or duplicate of the writing with the proof of claim or otherwise explain that the writing has been lost or destroyed. Only a proof of claim filed in accordance with Bankruptcy Rule 3001 constitutes *prima facie* evidence of its validity and amount.

15. Moreover, the Jalbert Declaration explains that the Distribution Trustee and its professionals have made reasonable efforts to research the Insufficient Documentation Claims in the Debtors' Books and Records, and the Distribution Trustee believes that neither the Insufficient Documentation Claims nor the Debtors' Books and Records provide *prima facie* evidence of the existence, validity and amount of such claim.

16. Failure to disallow the Insufficient Documentation Claims will result in the applicable claimants receiving unwarranted recoveries to the detriment of other creditors.

17. Therefore, the Distribution Trustee (i) objects to the allowance of the Insufficient Documentation Claims set forth on <u>Schedule 1</u> to the Proposed Order and (ii) requests entry of the Proposed Order disallowing and expunging the Insufficient Documentation Claims.[3]

## RESPONSE

18. By this Objection, the Distribution Trustee requests that any Claimant(s) disputing the Distribution Trustee's determination made as to the claims in this Objection, must file a written response (a "**Response**") with the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and serve such response on the undersigned counsel to the Distribution Trustee on or before **January 10, 2025 at 4:00 p.m. (ET)**.

19. If a claimant fails to timely file a Response by the Response Deadline, the Distribution Trustee may present to the Court an appropriate order disallowing and expunging the Insufficient Claims without further notice to the claimant or a hearing.

---

[3] To the extent that the claimant provides additional documentation with respect to the Insufficient Documentation Claim in response to this Objection, the Distribution Trustee reserves all rights to contest that such additional documentation should not be permitted and the claim should be disallowed as the claimant failed to meet its burden in a timely manner. However, to the extent that any of the additional documentation is provided and the claim is held to constitute a timely filed proof of claim that is *prima facie* valid, the Distribution Trustee reserves all rights to further object to the proof of claim on any grounds permitted under applicable law.

20. The Distribution Trustee may file and serve a reply to any Response in accordance with the Local Rules. The Distribution Trustee reserves the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

### SEPARATE CONTESTED MATTERS

21. To the extent, a Response is filed regarding any claim listed in this Objection and the Distribution Trustee is unable to resolve the Response, the objection by the Distribution Trustee to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

### RESERVATION OF RIGHTS

22. The Distribution Trustee expressly reserves the right to the fullest extent permissible under Bankruptcy Rule 3007 and Local Rule 3007-1, and hereby reserves the right to (i) file subsequent objections to any claims subject hereto on any ground; (ii) amend, modify, or supplement this Objection including, without limitation, the filing of objections to further amended or newly-filed claims; (iii) seek to expunge or reduce any claim to the extent all or a portion of such claim has been paid; and (iv) settle any claim for less than the asserted amount. Separate notice and a hearing will be provided in connection with any such additional objections. Nothing in this Objection, exhibits hereto, and/or schedules thereto shall be construed as an admission of the amount, priority, and/or status of any claim.

### COMPLIANCE WITH LOCAL RULE 3007-1

23. To the best of the Distribution Trustee's knowledge and belief, this Objection complies with Local Rule 3007-1. To the extent this Objection does not comply in all respects

with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## NOTICE

24. The Distribution Trustee will provide notice of this Objection to the following parties or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) each holder of an Insufficient Documentation Claim; and (iii) all other persons who have requested notice in the above-captioned chapter 11 case pursuant to Bankruptcy Rule 2002. The Distribution Trustee submits that, under the circumstances, no other or further notice is required.

## NO PREVIOUS REQUEST

25. No previous request for the relief sought herein has been made by the Distribution Trustee to this or any other court.

WHEREFORE the Distribution Trustee respectfully requests that the Court sustain the Objection and grant such other and further relief as it deems just and proper.

Dated: December 27, 2024
Wilmington, Delaware

Respectfully submitted,

/s/ Emily R. Mathews
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Robert C. Maddox (No. 5356)
Emily R. Mathews (No. 6866)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Facsimile: 302-651-7701
Email: collins@rlf.com
       merchant@rlf.com
       steele@rlf.com
       maddox@rlf.com
       mathews@rlf.com

Counsel for the Distribution Trustee