**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORINTHIAN COLLEGES, INC.,[1] | § § § | Case No. 15-10952 (JTD) |
| Debtors. | § § § § § | Re: D.I. \_\_\_\_ |

---

**ORDER SUSTAINING THE DISTRIBUTION TRUSTEE'S**
**FOURTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN**
**(I) WARN ACT CLAIMS AND (II) NO LIABILITY CLAIMS**

Upon the *Distribution Trustee's Fourteenth Omnibus Objection (Substantive) to Certain (I) WARN Act Claims and (II) No Liability Claims* (the "**Objection**"),[2] of Craig R. Jalbert, the distribution trustee (the "**Distribution Trustee**") for the Corinthian Colleges Distribution Trust (the "**Distribution Trust**"), pursuant to Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007, and Local Rule 3007-1; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Objection and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Objection being adequate and appropriate under the particular circumstances; and the Court having considered the Jalbert

---

[1]  The debtors in these cases, along with the last four digits of the debtor's federal tax identification number is: Corinthian Colleges, Inc. (7312).

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

Declaration and found and determined that the relief sought in the Objection is in the best interests of the Debtor's estate and creditors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Objection is sustained as provided herein.

2. Any Response to the Objection not otherwise withdrawn, resolved, or adjourned is overruled on the merits.

3. Each WARN Act Claim identified on <u>Schedule 1</u> hereto is disallowed and expunged.

4. Each No Liability Claim identified on <u>Schedule 2</u> hereto is disallowed and expunged.

5. The objection by the Distribution Trustee to the Disputed Claims, as addressed in the Objection and the schedules hereto, constitutes a separate contested matter with respect to each such claim, as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each Disputed Claim.

6. Any stay of this Order pending appeal by any holder of a Disputed Claim or any other party with an interest in such claims that are subject to this Order shall only apply to the contested matter which involves such party and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters arising from the Objection or this Order.

7. The Distribution Trust, Omni, and the Clerk of this Court are authorized to modify the official Claims Register for this chapter 11 case in compliance with the terms of this Order and to take all steps necessary or appropriate to carry out this Order.

-3-

8. Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Distribution Trust may have to enforce rights of setoff against the claimants.

9. The rights of the Distribution Trustee to: (i) file subsequent objections to any Disputed Claims on any ground, (ii) amend, modify, and/or supplement the Objection, including, without limitation, the filing of objections to further amended or newly filed claims, (iii) seek expungement or reduction of any claim to the extent all or a portion of such claim has been paid, and (iv) settle any claim for less than the asserted amount are preserved.

10. This Order is immediately effective and enforceable.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**Schedule 1**

**WARN Act Claims**

Corinthian Colleges, Inc.
Schedule 1 to Distribution Trustee's Fourteenth Omnibus (Substantive) Objection to WARN Claims

| # | Name of Claimant | Date Claim filed | Claim Number | Debtor Name | Claim Amount[1] | Reason for Disallowance |
|---|---|---|---|---|---|---|
| 1 | HARRINGTON, MICHAEL<br>20200 FOREST AVENUE APT. 1<br>CASTRO VALLEY, CA 94546 | 7/15/2015 | 1556 | Corinthian Colleges, Inc. | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>35,383,843.44 (U)<br>$35,383,843.44 (T) | Pursuant to the Settlement Agreement, the claimant, as a former employee of the Debtor who was terminated on or about April 26, 2015 due to the mass layoffs or plant closings ordered by the Debtors, is deemed to have released all claims against the Debtors based on or related to the WARN Act. |
| 2 | HARRINGTON, MICHAEL<br>20200 FOREST AVENUE APT. 1<br>CASTRO VALLEY, CA 94546 | 7/15/2015 | 1751 | Sequoia Education, Inc. | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>35,383,843.44 (U)<br>$35,383,843.44 (T) | Pursuant to the Settlement Agreement, the claimant, as a former employee of the Debtor who was terminated on or about April 26, 2015 due to the mass layoffs or plant closings ordered by the Debtors, is deemed to have released all claims against the Debtors based on or related to the WARN Act. |
| 3 | HARRINGTON, MICHAEL<br>20200 FOREST AVENUE APT. 1<br>CASTRO VALLEY, CA 94546 | 7/15/2015 | 1743 | Corinthian Schools, Inc. | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>35,383,843.44 (U)<br>$35,383,843.44 (T) | Pursuant to the Settlement Agreement, the claimant, as a former employee of the Debtor who was terminated on or about April 26, 2015 due to the mass layoffs or plant closings ordered by the Debtors, is deemed to have released all claims against the Debtors based on or related to the WARN Act. |
| 4 | SCHROEDER, GREGORY D.<br>437 STANFORD ST.<br>VACAVILLE, CA 95687 | 7/20/2015 | 3093 | Corinthian Colleges, Inc. | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) | Pursuant to the Settlement Agreement, the claimant, as a former employee of the Debtor who was terminated on or about April 26, 2015 due to the mass layoffs or plant closings ordered by the Debtors, is deemed to have released all claims against the Debtors based on or related to the WARN Act. |

Notes:
[1] S = Secured; A = Administrative; P = Priority; U = Unsecured; T = Total

**Schedule 2**

**No Liability Claims**

Corinthian Colleges, Inc.
Schedule 2 to Distribution Trustee's Fourteenth Omnibus (Substantive) Objection to No Liability Claims

| # | Name of Claimant | Date Claim filed | Claim Number | Debtor Name | Claim Amount[1] | Reason for Disallowance |
|---|---|---|---|---|---|---|
| 1 | CASSETTA, CARMELLA ANN<br>11 WHITESANDS DR.<br>NEWPORT COAST, CA 92657 | 07/09/2015 | 1000 | Corinthian Colleges, Inc. | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$520,000.00 (U)<br>$520,000.00 (T) | Upon information and belief, payroll liabilities were satisfied upon termination. |
| 2 | EDWARDS, STEPHANIE<br>C/O CHOI CAPITAL LAW PLLC<br>ATTN: BOYOON CHOI<br>520 PIKE STREET, SUITE 975<br>SEATTLE, WA 98101 | 07/10/2015 | 1068 | Corinthian Colleges, Inc. | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$421,095.10 (U)<br>$421,095.10 (T) | Claim No.1068 does not include sufficient documentation to constitute prima facie evidence of the validity and amount of the claim, and the Debtor's books and records do not reflect any basis for the claim on behalf of this claimant. |
| 3 | ESSE, KIMBERLEE LYNNE<br>S845 N. FARRIS AVE<br>FRESNO, CA 93728 | 7/18/2015 | 2312 | Corinthian Colleges, Inc. | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$476.42 (U)<br>$476.42 (T) | Upon information and belief, payroll liabilities were satisfied upon termination. |
| 4 | FORD, WAYNE & PATRICIA<br>8561 N MERIDIAN AVE<br>FRESNO, CA 93720 | 07/18/2015 | 2442 | Heald College, LLC | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$350,577.20 (U)<br>$350,577.20 (T) | Claim No.2442 does not include sufficient documentation to constitute prima facie evidence of the validity and amount of the claim, and the Debtor's books and records do not reflect any basis for the claim on behalf of this claimant. |
| 5 | IBRAHIM, IBRAHIM<br>19 DUBRICK CR<br>KITCHENER, ON N2E 4A4    CANADA | 07/08/2015 | 858 | Corinthian Colleges, Inc. | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$60,896.07 (U)<br>$60,896.07 (T) | Claim No.858 does not include sufficient documentation to constitute prima facie evidence of the validity and amount of the claim, and the Debtor's books and records do not reflect any basis for the claim on behalf of this claimant. Claim No. 858 pertains to a non-Debtor Entity and should therefore be treated as a claim in the Canadian Proceeding. |
| 6 | POTOMAC FESTIVAL, LLC<br>C/O BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC<br>7315 WISCONSIN AVENUE SUITE 800<br>WESTBETHESDA, MD 20814 | 09/24/2015 | 4096 | Corinthian Colleges, Inc. | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$778,687.73 (U)<br>$778,687.73 (T) | Claim No. 4096 was filed as a "Provisional Claim" for a Lease that was Assigned to Zenith Education Group, Inc. by way of a Lease Assignment and Assumption dated December 2, 2014. Accordingly, the Debtor has no liability with respect to claim no. 4096. |
| 7 | RYAN, MICHAEL<br>136 LORNE SCOTS DRIVE<br>MILTON, ON L9T 2Z4   CANADA | 07/01/2015 | 390 | Everest College (Canada) | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$150,000.00 (U)<br>$150,000.00 (T) | Claim No.390 does not include sufficient documentation to constitute prima facie evidence of the validity and amount of the claim, and the Debtor's books and records do not reflect any basis for the claim on behalf of this claimant. Claim No. 390 pertains to a non-Debtor Entity and should therefore be treated as a claim in the Canadian Proceeding. |
| 8 | STERLING KARAMAR PROPERTY MANAGEMENT<br>ATTN:KELLY SHINN<br>465 DAVIS DRIVE, SUITE 119 TANNERY MALL  NEWMARKET, ON L3Y 2P1   CANADA | 07/16/2015 | 1878 | Corinthian Colleges, Inc. | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$110,189.20 (U)<br>$110,189.20 (T) | Claim No.1878 pertains to Everest Colleges Canada, Inc., a non-Debtor Entity and should therefore be treated as a claim in the Canadian Proceeding. |
| 9 | WALFORD, WENDY<br>790 POTHIER RD.<br>ST. CHARLES, ON P0M 2W0   CANADA | 07/17/2015 | 2237 | Corinthian Colleges, Inc. | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$60,896.07 (U)<br>$60,896.07 (T) | Claim No.2237 does not include sufficient documentation to constitute prima facie evidence of the validity and amount of the claim, and the Debtor's books and records do not reflect any basis for the claim on behalf of this claimant. Claim No. 2237 pertains to a non-Debtor Entity and should therefore be treated as a claim in the Canadian Proceeding. |

Notes:
[1] S = Secured; A =Admin; P = Priority; U = Unsecured; T = Total

Corinthian Colleges, Inc.
Schedule 2 to Distribution Trustee's Fourteenth Omnibus (Substantive) Objection to No Liability Claims

| # | Name of Claimant | Date Claim filed | Claim Number | Debtor Name | Claim Amount[1] | Reason for Disallowance |
|---|---|---|---|---|---|---|
| 10 | WINTHROP RESOURCES CORPORATION<br>C/O BLANK ROME LLP<br>ATTN: BONNIE GLANTZ FATELL<br>1201 MARKET STREET, SUITE 800<br>WILMINGTON, DE 19801 | 07/20/2015 | 2920 | Corinthian Colleges, Inc. | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$8,481,232.64 (U)<br>$8,481,232.64 (T) | Claim No. 2920 does not include sufficient documentation to constitute prima facie evidence of the validity and amount of the claim, and the Debtor's books and records do not reflect any basis for the claim on behalf of this claimant. Further, Claim No. 2920 references a Confidential Settlement Agreement and Release dated December 31, 2014 pursuant to which all claims relating to the Lease were settled.  In addition, the Claim No. 2920 acknowledges "this claim is a contingent claim". |

Notes:
[1] S = Secured; A =Admin; P = Priority; U = Unsecured; T = Total