**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § § § § § § § § § | Chapter 11 |
| CORINTHIAN COLLEGES, INC.,[1] | | Case No. 15-10952 (JTD) |
| Debtors. | | Re: Docket No. 2026 |

---

**ORDER SUSTAINING THE DISTRIBUTION TRUSTEE'S THIRTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN INSUFFICIENT DOCUMENTATION CLAIMS**

Upon the *Distribution Trustee's Thirteenth Omnibus Objection (Non-Substantive) to Certain Insufficient Documentation Claims* (the "**Objection**"),[2] of Craig R. Jalbert, the distribution trustee (the "**Distribution Trustee**") for the Corinthian Colleges Distribution Trust (the "**Distribution Trust**"), pursuant to Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007, and Local Rule 3007-1; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Objection and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Objection being adequate and appropriate under the particular circumstances; and the Court having considered the Jalbert Declaration and found and determined that the relief sought in the Objection is in the best interests

---

[1] The debtors in these cases, along with the last four digits of the debtor's federal tax identification number is: Corinthian Colleges, Inc. (7312).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

-2-

of the Debtors' estates and creditors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Objection is sustained as provided herein.

2. Any Response to the Objection not otherwise withdrawn, resolved, or adjourned is overruled on the merits.

3. Each Insufficient Documentation Claim listed in the column titled "Amended Claim to be Disallowed" identified on Schedule 1 hereto is disallowed and expunged in its entirety.

4. The objection by the Distribution Trustee to the Insufficient Documentation Claims, as addressed in the Objection and the schedules hereto, constitutes a separate contested matter with respect to each such claim, as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each Insufficient Documentation Claim.

5. Any stay of this Order pending appeal by any holder of an Insufficient Documentation Claim or any other party with an interest in such claims that are subject to this Order shall only apply to the contested matter which involves such party and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters arising from the Objection or this Order.

6. The Distribution Trust, Omni, and the Clerk of this Court are authorized to modify the official Claims Register for this chapter 11 case in compliance with the terms of this Order and to take all steps necessary or appropriate to carry out this Order.

-3-

7. Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Distribution Trust may have to enforce rights of setoff against the claimants.

8. The rights of the Distribution Trustee to: (i) file subsequent objections to any Insufficient Documentation Claim on any ground, (ii) amend, modify, and/or supplement the Objection, including, without limitation, the filing of objections to further amended or newly filed claims, (iii) seek expungement or reduction of any claim to the extent all or a portion of such claim has been paid, and (iv) settle any claim for less than the asserted amount are preserved.

9. This Order is immediately effective and enforceable.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**Dated: January 21st, 2025**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

RLF1 32203543v.1